**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANDRE BISASOR,<br>　　　Plaintiff,<br><br>v.<br><br>CRAIG S. DONAIS; RUSSELL F.<br>HILLIARD; DONAIS LAW OFFICES,<br>PLLC; UPTON & HATFIELD, LLP;<br>and MARY K. DONAIS,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:23-CV-11313 |

**NOTICE OF REMOVAL**

**TO:**　The Honorable Judges of the United States District Court for the District of Massachusetts:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Upton & Hatfield, LLP ("Removing Defendant" or "Upton & Hatfield"), hereby gives notice of removal to this Court of the above-captioned Civil Action, originally filed in the Bristol County Superior Court, Civil Action No. 2273CV00430, on June 20, 2022. Upton & Hatfield was named via an Amended Complaint filed on May 4, 2023, and received a copy on May 11, 2023 (but has not been formally served with the Amended Complaint). In support of removal, Upton & Hatfield states as follows:

1.　　Timeliness of Removal.　This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) in that the Amended Complaint in this action was received by Upton & Hatfield on May 11, 2023. This Notice of Removal is being filed within thirty (30) days of the date on which Upton & Hatfield received a copy of the Amended Complaint (which added it as a party for the first time). All other named Defendants consent to removal.

2.　　Venue.　Venue for this lawsuit is proper in the United States District Court for the

20578341.1

District of Massachusetts pursuant to 28 U.S.C. § 1391(a).

a.    The Bristol County Superior Court in which the Civil Action is pending is located within the District of Massachusetts.  28 U.S.C. § 1441(a).

3.    State Court Documents.    Pursuant to 28 U.S.C. § 1446(a), the removing Defendant, Upton & Hatfield, has not formally been served with any process, pleadings and orders, but a copy of the Amended Complaint is attached hereto as **Exhibit 1**. A copy of the state court docket is attached as **Exhibit 2**. As of the date of this removal, the only pending motion in the state court is Plaintiff's Motion for Funds on July 10, 2023 at 3:00 P.M.

4.    Diversity of Jurisdiction. Along with federal question jurisdiction, this Court has original jurisdiction of this action under U.S.C. § 1332 and therefore this action is removable to this Court pursuant to 28 U.S.C. § 1441. Based on the allegations contained in Plaintiff's Amended Complaint, the Civil Action may be removed to this Court by Defendant on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a), as explained below.  Title 28, United States Code, § 1332(a) provides, *inter alia*, as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
> (1) Citizens of different States;
> ….

a.    The parties to this action are completely diverse. Specifically, the Plaintiff is a resident of Massachusetts. *See* Amended Complaint at ¶ 57. Defendants Craig Donais, Mary Donais, and Russell Hilliard are New Hampshire residents. *Id.* at ¶¶ 60, 72, and 78. Defendant Donais Law Offices, PLLC is a single member LLC, allegedly run by Defendant Craig Donais (a New Hampshire resident). *Id.* at ¶¶ 81-83. Undersigned counsel states and declares that the removing Defendant, Upton & Hatfield, is a New Hampshire LLP with its principal place of

2

business in New Hampshire, and that none of its partners are residents of Massachusetts.

b.    A reasonable reading of the Amended Complaint reveals that the amount in controversy exceeds $75,000 exclusive of interest and costs. The Plaintiff alleges in the Amended Complaint that his damages are more than $50,000 (to satisfy Massachusetts Superior Court jurisdiction). *See* Amended Complaint at ¶ 100. However, a full reading of the 901 paragraph, 92 page Complaint indicates the amount in controversy exceeds $75,000. Plaintiff alleges claims of defamation/libel, false light invasion of privacy, aiding and abetting defamation, tortious interference with advantageous relations, Massachusetts Civil Rights Act violations, violation of Mass. Gen. Laws Chapter 93A, intentional infliction of emotional distress, civil conspiracy, abuse of process, breach of fiduciary duty/privacy, breach of implied contract and breach of implied covenant of good faith and fair dealing, and racial harassment and retaliation in violation of Federal Civil Rights Statute, 42 U.S.C. § 1981. *See* Amended Complaint*, generally*. Furthermore, the "prayer for relief" asks for "any and all damages acceptable by law, including compensatory damages, statutory damages, punitive damages . . . and enhanced damages." *See* Amended Complaint at p. 92.  In an earlier filed lawsuit against Defendant Craig Donais, which encompasses the claims as raised in the Amended Complaint, the Plaintiff filed an affidavit with the Middlesex Superior Court estimated that his damages were $500,000. *See* Plaintiff's Affidavit Concerning Damages Amount for Craig Donais Case, Middlesex Superior Court Civil Action No. 2081CV00087, paper no. 11, filed November 12, 2020, attached as **Exhibit 3**. Here, where similar claims against Mr. Donais are alleged in the Amended Complaint, plus additional claims and more Defendants, the amount in controversy is met.

20578341.1

5.  <u>Federal Question Jurisdiction</u>. Even if diversity jurisdiction did not exist, based on the allegations in the Amended Complaint, this Court has federal question jurisdiction over the claims alleged in the Civil Action, rendering it removable to this District Court pursuant to 28 U.S.C. §§1331 and 1441. This is so, given that Plaintiff alleges a claim of "Racial Harassment & Retaliation in Violation of Federal Civil Rights Statute 42 U.S.C. § 1981," arising under federal law. *See* Amended Complaint, ¶¶ 866-885.

6.  After the filing of this Notice of Removal with this Court, (a) written notice of the filing of this Notice will be given by the attorneys for Upton & Hatfield to Plaintiff and counsel for Defendants Craig Donais, Mary Donais, and Donais Law Offices, PLLC, (b) a certified copy of this Notice of Removal will be filed with the clerk of the Bristol County Superior Court, and (c) certified copies of all pleadings on file in said Bristol County Superior Court will be filed with this Court within twenty-eight (28) days.  *See* L.R. 81.1(a).

7.  Removing Defendant understands its obligation to file an answer or to present other defenses or objections available under Federal Rules of Civil Procedure within seven (7) days after the filing of this Notice of Removal, unless some later date applies.  *See* Fed. R. Civ. P. 81(c)(2)(C).

8.  By filing this Notice of Removal, Removing Defendant is not making a general appearance, and do not waive their right to raise any defense or grounds for dismissal pursuant to Fed. R. Civ. P. 12, or otherwise.

9.  Removing Defendant has good and sufficient defenses to Plaintiff's claims in this Civil Action.

10.  The Removing Defendant has not been served with any other pleadings, orders, or materials regarding this matter.

20578341.1

11.     No previous application for the relief sought herein has been made to this or any other court.

## CONCLUSION

For the foregoing reasons, Upton & Hatfield, LLP respectfully requests that the United States District Court for the District of Massachusetts accept this Notice of Removal, that it assume jurisdiction over this lawsuit, and that it issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

Respectfully submitted,
**The Defendant,**
**UPTON & HATFIELD, LLC**
By its attorneys,


*/s/ Daniel R. Sonneborn*
William C. Saturley, BBO #442800
wsaturley@preti.com
Daniel R. Sonneborn, BBO #679229
dsonneborn@preti.com
Preti Flaherty Beliveau & Pachios LLP
60 State Street, Suite 1100
Boston, MA 02109
(p) (617) 226-3800
(f) (617) 226-3801

Dated:  June 9, 2023

5

## CERTIFICATE OF SERVICE

I, Daniel R. Sonneborn, counsel for Removing Defendant, Upton & Hatfield, LLP, do hereby certify that on this 9th day of June, 2023, I caused true and correct copies of the foregoing *Notice of Removal* to be served upon counsel of record for all parties through the Court's CM/ECF system, and not all non-registered participants by e-mail, and first-class mail (next business day), postage prepaid, addressed as follows:

| | |
|---|---|
| Andre Bisasor<br>679 Washington Street<br>Suite #8-206<br>Attleboro, MA 02703<br>quickquantum@aol.com | Edwin F. Landers, Jr.<br>Morrison Mahoney, LLP<br>250 Summer Street<br>Boston, MA 02210<br>(617) 439-7583<br>elanders@morrisonmahoney.com |

*/s/ Daniel R. Sonneborn*
Daniel R. Sonneborn

6

20578341.1