UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANDRE BISASOR,
Plaintiff,

v.

CRAIG S. DONAIS;
RUSSELL F. HILLIARD;
DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP;
and MARY K. DONAIS,
Defendants.

Case No. 1:23-CV-11313

## NOTICE OF INTENT TO MOVE TO REMAND THIS CASE TO STATE COURT

1. I hereby provide this notice of intent to move to remand this case.

2. This case was removed from superior court yesterday. I was blindsided by the snap removal to federal court by the defendants. NB: The case was just removed yesterday. No motions have been filed by the defendants in this case whether in superior court or in this court. No answer has been filed by the defendants whether in superior court or in this court. No discovery has occurred whether in superior court or in this court. All defendants have not yet been served process. I have not yet been allowed to do e-filing as a pro se litigant in this court. However, I also have pending motions that were not ruled on in superior court prior to removal to this court including a motion to enter default against defendants Craig Donais and Russell Hilliard.

3. The Defendant has completely failed to meet its substantial burden of proving that removal is proper.

4. The plaintiff has not alleged a specific amount in controversy because the plaintiff does not have access to all of the information necessary to make such a calculation. The Defendant has failed to present evidence of the amount in controversy. Instead, Defendant has offered only an over-inclusive, irrelevant figure that is clearly not the amount that has been placed in controversy by the complaint. Defendant has failed to meet its burden, all doubts must be resolved against removal jurisdiction, and this case should be remanded to state court. Conclusory allegations as to the amount in controversy are insufficient. The amount in controversy is determined based on the allegations in the Plaintiff's complaint. Because the complaint does not allege a specific amount in damages, Defendant bears the burden of proving that it is more likely than not that the amount in controversy exceeds $75,000. Defendant's evidence is insufficient to support removal jurisdiction. Courts have consistently rejected efforts by Defendants to attempt to justify removal jurisdiction with over-inclusive figures that do not speak to damages actually sought by the complaint.

1

5. The notice of removal is untimely. Defendant disregarded the 30-day deadline to remove under § 1446(b)(2)(B).
6. The notice of removal facially fails to satisfy the statutory prerequisites.
7. The defendant evidently did not obtain the proper consent of all properly joined defendants Under 28 U.S.C. §1446(b)(2)(A) at the time of removal. NB: All defendants who have been properly joined and served must join in or consent to the removal of the action at the time of removal.
8. Because the defendants filed the oppositions in state court, they "submitted to the jurisdiction" of the state court and therefore waived their right to remove under 28 U.S.C. § 1441(a) and (b).
9. The Defendant also has the burden of showing that it has complied with the procedural requirements for removal.
10. The Defendant has failed to meet its burden to demonstrate by a preponderance of the evidence that the amount in controversy is in excess of $75,000.
11. The Defendant has stonewalled and sought to delay with unsavory litigation tactics in the superior court. This removal is not even Defendant's first attempt to avoid Massachusetts state-court jurisdiction in this matter.
12. Because "[t]he removal statutes are to be strictly construed against removal," "all doubts should be resolved in favor of remand." Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).
13. Motions to remand should be resolved before any dispositive motions are resolved.
14. I ask that this motion be resolved before any dispositive motion or act is resolved by the court.
15. I hereby preserve all rights waiving no rights whatsoever.
16. The court should remand the case to the superior court.
17. I will file my motion to remand prior to the deadline for doing so in this court.
18. This is intended to put the court on notice that a motion to remand will be filed. This is a small preview of that motion.
19. This is to also put the court on notice that this court lacks jurisdiction over this case because of the failure to adhere to requirements for proper removal. The removal is therefore defective.
20. Please take note of this notice.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

June 13, 2023

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to the defendants or their counsel in this case.

<u>/s/ Andre Bisasor</u>
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com