#38

COMMONWEALTH OF MASSACHUSETTS
BRISTOL SUPERIOR COURT
ANDRE BISASOR,
Plaintiff

v.

CRAIG S. DONAIS;
RUSSELL F. HILLIARD;
DONAIS LAW OFFICES PLLC (as amended);
UPTON AND HATFIELD LLP (as amended);
MARY K. DONAIS (as amended),
Defendants.

*RE-FILED FROM STATE COURT*

BRISTOL,SS SUPERIOR COURT
FILED

JUN 12 2023

JENNIFER A. SULLIVAN, ESQ.
CLERK / MAGISTRATE



**[EMERGENCY] RENEWED MOTION TO ENTER DEFAULT AGAINST DEFENDANT CRAIG DONAIS AND AFFIDAVIT BASED ON ADDITIONAL/NEW INFORMATION OR IN THE ALTERNATIVE**
**[EMERGENCY] MOTION FOR RECONSIDERATION OF PLAINTIFF'S MOTION FOR DEFAULT OF DEFENDANT CRAIG DONAIS AND AFFIDAVIT**

1. I, the plaintiff in the above-captioned case, hereby provide this [emergency] renewed motion to enter default against Defendant Craig Donais ("Defendant Donais" or "Donais") based on new/additional information or in the alternative, [emergency] motion for reconsideration of plaintiff's motion for default of Defendant Craig Donais.

2. This motion is filed as an emergency due to exigent circumstances that will result in significant harm or prejudice to the plaintiff if this is not reviewed urgently. As an emergency motion it is exempted from normal Rule 9A procedures as outlined in Rule 9A(d)(1) (*"A party filing an emergency motion…is excused from compliance with Paragraph (b) of this rule."*).

3. Grounds are as follows.

## I. PROCEDURAL BACKGROUND

4. On Saturday 6/18/22, I filed the complaint electronically, civil action cover sheet and affidavit of indigency. NB: It was docketed on the next business day on Monday 6/20/22.

5. On 6/21/22, the case was assigned to Track A, which is the Average track.

6. On 6/23/22, the court allowed the affidavit of indigency stating *"waived in full for filing fee, summons, service of process."*

7. On 9/19/22, I filed an affidavit of indigency/request for waiver of costs pertaining to allowance of a process server to serve process on the out of state defendants.

8. This request for waiver of costs was denied by the court stating: *"The application is DENIED with respect to the extra fees and costs indicated in the application, because I find that service can be effectuated by certified mail return receipt alone - Mass. R. Civ. P. 4. Judge: Dupuis, Hon. Renee P".*

9. On 9/19/22, as part of the request for waiver of costs, I also requested to extend time for service of process.

10. On 9/24/22, the court allowed the request stating: *"Endorsement on Request for Waiver of Costs (#6.0): ALLOWED, Treating this filing as a motion to extend time for service, allowed, 60 day extension. Judge: Dupuis, Hon. Renee P."*

11. On 11/21/22, I filed a motion to extend time for service of process[paper #9]".

12. On 11/29/22, the court allowed the request for waiver of costs stating: *"Determination regarding normal fees and costs ALLOWED by judge waived in full, pursuant to G. L. c. 261, § 27C(2), service by certified mail - plaintiff to provide to clerk, summons, complaint and addressed envelopes. Judge: Sullivan, Hon. Susan E ."*

1

13. On 1/24/23, the court allowed the request stating: *"Endorsement on Motion to extend time to serve process on defendants (#9.0): ALLOWED. Plaintiff shall provide to clerk's office completed summonses, copies of complaint and civil action cover sheet, and envelopes addressed to defendants by 2/10/2023 and the clerk's office will arrange for service by certified mail. Judge: Sullivan, Hon. Susan E."*

14. On 2/3/23, I filed EMERGENCY Motion to extend time for service of process [paper #10]".

15. On 2/3/23, the court allowed the motion stating: *"Endorsement on Motion to extend deadline provided in Court's 1-24-23 ORDER (#10.0): ALLOWED in part. Extension for service of process to April 7, 2023. Judge: Sullivan, Hon. Susan E."*

16. On 4/5/23, I filed EMERGENCY Motion to extend deadline in Court's 2/3/23 Order [paper #11]".

17. On 4/5/23, the court denied the request stating: *"Endorsement on Motion to Extend Deadline in Court's 2-3-23 Order (#11.0): DENIED; Judge: Yessayan, Hon. Raffi N".*

18. On 4/7/23, I filed EMERGENCY Motion to reconsider the plaintiff's final (Emergency) motion to extend deadline in Court's 2-3-23 ORDER [paper #12]".

19. On 4/7/23, the court allowed the request stating: *"Endorsement on Motion to Reconsider the Plaintiff's Final (Emergency) Motion to Extend Deadline in Court's 2-3-23 Order (#12.0): ALLOWED; Motion Allowed, to the extent that the plaintiff shall deliver all documents in accordance with the Court's previous Order to the clerk's office by 4/14/23. Judge: Yessayan, Hon. Raffi N".*

20. On 4/14/23, I delivered the materials to the clerk's office as instructed by the court. I also filed a document showing that the clerk's office received the materials, via a filing docketed as: *"General correspondence regarding Instructions for Service by Sheriff Via Certified Mail. [paper #13]".*

21. On 5/4/23, I filed an amended complaint with the court.

22. On 5/8/23, Defendant Donais was also served process via the New-Bedford Bristol County Sheriff ("sheriff") with the amended complaint. This is shown by the sheriff's return of service filed on 5/15/23. The sheriff's return of service contains a signed affidavit by the deputy sheriff.

23. On 5/22/23, I filed a motion for default, which was 14 days after service of process of the amended complaint.

24. On 5/23/23, the defendants filed an opposition to my motion for default.

25. On 5/23/23, I filed a notice of intent to file a reply to the opposition to motion for default. On 6/2/23, without allowing the normal 10 days for me to reply to the defendants' opposition since the opposition was filed directly with the court thus abridging my right to reply, the court (J. Yessayan) entered an order denying the motion for default without stating the actual reasons for denial, other than a general vague reference to "reasons stated in the opposition" as follows: *"Endorsement on Motion for Default of Defendant Craig Donais (#21.0): DENIED as for the reasons stated in the opposition. Judge: Yessayan, Hon. Raffi N."*

## II. FACTS REGARDING SERVICE OF PROCESS
### A. Service of Process of Original Complaint

26. On 11/29/22, the court (J. Sullivan) issued an order, allowing my request for waiver of costs stating:

> "Determination regarding normal fees and costs ALLOWED by judge waived in full, pursuant to G. L. c. 261, § 27C(2). service by certified mail - plaintiff to provide to clerk, summons, complaint and addressed envelopes. Judge: Sullivan, Hon. Susan E."

27. This was the order whereby the court determined that service of process shall be effectuated by certified mail after providing summons and complaint to the clerk. This order trumped any other method of service because it was a bona fide order from the court.

28. On 1/24/23, the court (J. Sullivan) issued an order stating:

2

"Endorsement on Motion to extend time to serve process on defendants (#9.0): ALLOWED; Plaintiff shall provide to clerk's office completed summonses, copies of complaint and civil action cover sheet, and envelopes addressed to defendants by 2/10/2023 and the clerk's office will arrange for service by certified mail. Judge: Sullivan, Hon. Susan E.

29. The court (J. Yessayan) then further extended that deadline until 4/14/23.

30. On 4/14/23, I provided the requisite materials to the clerk's office, as instructed by the court.

*31.* However, instead of the clerk's office effecting the actual certified mailing to the out of state defendants, I was told by the clerk of court (Jennifer Sullivan) that the clerk office would mail the package to the sheriff for certified mailing to be actually effectuated by the sheriff, and that this was what was meant by the statement in the court's 1/24/23 order that *"the clerk's office will arrange for service by certified mail."*

32. Because I realized that this would result in a gap in time before the package would reach the sheriff's office and because I wanted to avoid that gap[1], I offered to assist the clerk's office in getting the entire package to the sheriff, on the same day, for certified mailing, by hand-carrying it down to the sheriff's office which was only a minute or two drive away, and the clerk agreed.

33. So, I did hand-deliver the package down to the sheriff's office that same day, which was only a minute or two drive away.

34. Upon receiving the hand-delivered package, the sheriff then prepared the mailings and mailed them certified with return receipt confirmation (as well as by first class mail which is part of the sheriff's procedure for mailing certified mail for service of process) to the two original defendants (Craig Donais and Russell Hilliard) on the same day of 4/14/23.

35. Therefore, on 4/14/23, Defendant Donais was served process via sheriff, with the original summons and original complaint. This is shown by the sheriff's return of service filed on 5/15/23. The sheriff's return of service contains a signed affidavit by the deputy sheriff, affirming service of process was effectuated by certified mail on 4/14/23. The sheriff's affidavit also affirms that the certified mailing was done with return receipt requested. NB: The sheriff's office also specifically told me verbally that they did effectuate a certified mailing with return receipt.

36. NB: I was told by the sheriff that the return of service (for the original summons and original complaint) was filed by hand by the sheriff with this court on 5/15/23. On that same day, I also had called the clerk's office and they confirmed that they received it and that it would be docketed in the normal course, which was docketed by the next day 5/16/23.

37. It is therefore an indisputable fact that the original summons and original complaint was served, via certified mail, with tracking and return receipt requested, on Defendant Donais, by the Bristol county sheriff, on 4/14/23. NB: It is also an indisputable fact that the original summons and the original complaint was served, via first class mailing, on Defendant Donais, by the sheriff, on 4/14/23.

### B. Service of Process of Amended Complaint

38. I also then subsequently amended the complaint and filed it with the court on 5/4/23. NB: At the time of the filing of the amended complaint, on 5/4/23, there had been no responsive pleading served or filed by the defendants. There still to this day has been no responsive pleading filed by the defendants. See screenshot below of the court docket taken at 8.30am on 5/16/23.

---

[1] Although the court did not say that mailing must be done by or before 4/14/23 but that only delivery of the materials to the clerk's office must be done by me by 4/14/23, I still wanted to get the mailing done on the same day and thus err on the side of caution, by assisting the clerk's office with transferring the package to the sheriff's office.

3



39. Therefore, on 5/4/23, I filed an amended complaint with the court.

40. On 5/8/23, Defendant Donais was also served process via sheriff with the amended complaint.

41. The sheriff's return of service contains a signed affidavit by the deputy sheriff, affirming service of process of the amended complaint was effectuated by certified mail on 5/8/23. The sheriff's affidavit also affirms that the certified mailing was done with return receipt requested. NB: The sheriff's office also specifically told me that they did effectuate a certified mailing with return receipt.

42. Donais was served at two addresses, i.e., at his home address in Portsmouth NH and at his work address at Upton & Hatfield in Portsmouth NH. This is shown by the sheriff's return of service filed on 5/15/23[2]. NB: One of the returns of service was filed but not docketed by the clerk's office. When I contacted the sheriff about this, she contacted the clerk's office about certain missing returns, and it was discovered that the clerk's office made an error in not docketing all of the returns of service filed by the Sheriff on 5/15/23. This was corrected on 6/9/23 where the docket shows now the missing further returns of service filed by the sheriff on 5/15/23. This is critical information that was not present in my first motion to default Defendant Craig Donais as it goes the claim of Donais that he was not served process or that the sheriff did not include a signed receipt. Fortunately, the sheriff, smartly, also sent the service of process to Donais using first class mail (along with certified mail return receipt requested) which was not returned to the sheriff and further showing that Donais receives mail at the address listed on the summons.

43. It is therefore an indisputable fact that the amended complaint was served, via certified mail, with tracking and return receipt requested, on Defendant Donais, by the Bristol county sheriff, on 5/8/23. It is also an indisputable fact that the amended complaint was served, via first class mailing, on Defendant Donais, by the sheriff, on 5/8/23.

### Facts Regarding Defendants' Receipt of Service of Process

44. Donais states that he received the summons and the complaint on April 17, 2023, and the amended complaint on May 11, 2023.

45. Donais thus received service of process of the original complaint and the amended complaint, despite his bad faith attempt to invoke bad faith technicalities to defeat the validity of service. The purpose of the service of process was effectuated.

---

[2] NB: I was told by the sheriff that the return of service (for the amended complaint) was filed by hand by the sheriff with this court on 5/15/23. On that same day, I also had called the clerk's office and they confirmed that they received it and that it would be docketed in the normal course, which was docketed by the next day 5/16/23.

4

### III. THE LAW

46. Rule 4 of the Massachusetts Rules of Civil Procedure ("MRCP") pertains to "process" and service of process of Massachusetts lawsuits.

#### A. Rule 4(e) - Personal Service Outside the Commonwealth

47. Rule 4e pertaining to "personal service outside the Commonwealth" states the following:

(e) Same: Personal service outside the Commonwealth: When any statute or law of the Commonwealth authorizes service of process outside the Commonwealth, the service shall be made by delivering a copy of the summons and of the complaint: (1) in any appropriate manner prescribed in subdivision (d) of this Rule; or (2) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction; or (3) by any form of mail addressed to the person to be served and requiring a signed receipt; or (4) as directed by the appropriate foreign authority in response to a letter rogatory; or (5) as directed by order of the court.

48. See also screenshot below of Rule 4e:



## (e) Same: Personal service outside the Commonwealth

When any statute or law of the Commonwealth authorizes service of process outside the Commonwealth, the service shall be made by delivering a copy of the summons and of the complaint: (1) in any appropriate manner prescribed in subdivision (d) of this Rule; or (2) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction; or (3) by any form of mail addressed to the person to be served and requiring a signed receipt; or (4) as directed by the appropriate foreign authority in response to a letter rogatory; or (5) as directed by order of the court.

49. See also screenshot below of Rule 4e:

50. Rule 4(e)(3) states that "*service shall be made by delivering a copy of the summons and of the complaint: by any form of mail addressed to the person to be served and requiring a signed receipt; or (4) as directed by the appropriate foreign authority in response to a letter rogatory; or (5) as directed by order of the court.*"

51. This shows that if the court orders that service be effectuated in a certain way, then it is valid for purposes of rule 4(e).

52. This court ordered that service be effectuated by certified mail to be arranged by the clerk's office. The court did not order that service of process include a signed receipt nor did it order that the return of service include a signed receipt. The court's order for service to be accomplished via only certified mail is sufficient and valid as an order of this court and is consistent with Rule 4e.

53. Therefore, the defendants cannot challenge service of process by certified mail without inclusion of a signed receipt because the court only ordered service of process by certified mail to be arranged by the clerk's office.

54. The service of process in this instance was made in accordance with Rule 4 and in accordance with the orders of this court.

55. NB: I had asked the court to provide for a process server to serve these out of state defendants. I wanted a process server because I knew that these defendants would try to avoid or skirt service of process. However, the court saw fit to minimize the cost of serving process by ordering that it be accomplished by certified mail only, as an alternative to incurring the cost of a process server to serve process out of state in New Hampshire. I should not be penalized as an indigent plaintiff because the court did not want to incur the cost of such a process server. I as an indigent plaintiff should be able

to rely on the court's order for service of process in this case and since the court ordered service of process by certified mail only in this case, then the defendants cannot be heard to challenge that court ordered service of process as effectuated in accordance with the orders of this court. That would not be fair or right. Moreover, the defendants challenge is a challenge to this court's inherent authority to issue orders that are effective and binding.

### B. Rule 4(f) - Return

56. MRCP Rule 4f (pertaining to "Return") further states the following:

(f) Return: The person serving the process shall make proof of service thereof in writing to the court promptly and in any event within the time during which the person served must respond to the process. If service is made by a person other than a sheriff, deputy sheriff, or special sheriff, he shall make affidavit thereof. Proof of service outside the Commonwealth may be made by affidavit of the individual who made the service or in the manner prescribed by the law of the Commonwealth, or the law of the place in which the service is made for proof of service in an action in any of its courts of general jurisdiction. When service is made by mail, proof of service shall include a receipt signed by the addressee or such other evidence of personal delivery to the addressee as may be satisfactory to the court. Failure to make proof of service does not affect the validity of the service.

57. See also screenshot below of Rule 4f:



58. The Reporter's notes on MRCP Rule 4f (pertaining to "Return") states the following:

Rule 4(f) requires direct filing by the server. It should be emphasized that any delay by the process server does not bar the plaintiff. See Peeples v. Ramspacher, 29 F. Supp. 632, 633 (E.D.S.C.1939).

59. See also screenshot below of the reporter's notes on Rule 4f:

6

 

**Reporter's notes**

Rule 4(e) controls out-of-state service. It embodies the procedure set out in the long-arm statute (G.L. c. 223A, §§ 5-7 ), which in turn relied heavily upon Federal Rule 4(i) (a section omitted, therefore, from these rules). Rule 4(e) is largely self- explanatory and is flexible enough, when read with Rule 4(d)(1) and (2) and G.L. c. 223, § 37; c. 223A, §§ 1-3, to cover most order-of-notice situations. See also c. 227, § 7.

Rule 4(f) requires direct filing by the server. It should be emphasized that any delay by the process server does not bar the plaintiff. See Peeples v. Ramspacher, 29 F. Supp. 632, 633 (E.D.S.C.1939).

60. Similarly, court case referenced in the reporter's notes (Peeples v. Ramspacher, 29 F. Supp. 632, 633 (E.D.S.C.1939)) states the following:

> The filing of the return receipt and affidavit of compliance are equivalent to affidavit of personal service in ordinary procedure. The use of the word "forthwith", even in the absence of a comma in the provisional clause, must be construed as having relation only to the forwarding by registered mail to the defendant, whether by the director or by the plaintiff. If forwarded by the director, he (the director) is required to deliver the return registry receipt to the plaintiff on request. Actual service having been made upon the director, neither delay in return of the registry receipt, nor delay in delivery of the registry receipt to the plaintiff upon request, by the 636*636 director, if the forwarding was done by him, need delay the filing of the summons and complaint with the clerk of court.

61. The sheriff's office included an affidavit in the return of service showing that return receipt was requested.

62. The lack of inclusion of a receipt with returns of service by the sheriff, does not invalidate service, as shown by the rules.

63. Even if the sheriff did not do a return receipt requested, it still does not invalidate service, especially where the defendant, as here, sough to evade service by refusing to sign the receipt and by sending it back as "unclaimed."

64. Moreover, the court was the one who effected service on the defendant, through the sheriff.

65. Therefore, for the court to invalidate service that was delivered by certified mailing to the defendant via the clerk office and the sheriff, due to a minor technicality of a receipt not being included, would mean that the court would invalidate its own effort to effect service, meaning that the court would be ruling against itself.

66. Furthermore, the defendant forgets that the court issued an order on 1-24-23 outlining how service was to be made, which stated:

> "Plaintiff shall provide to clerk's office completed summonses, copies of complaint and civil action cover sheet, and envelopes addressed to defendants by 2/10/2023 and the clerk's office will arrange for service by **certified mail**."

67. This court order set the terms and grounds for service of process, which stated it must be done by certified mail (and nothing else).

68. Service as ordered by the court is effective on its face.

69. Either way, the defendants acknowledges receipt of the mailing, which is what the service of process was intended to effectuate. NB: The intent of service of process is to ultimately ensure that the defendants receives notice of the lawsuit.

70. However, because service of process was ordered by the court and effected by the court, the service of process is valid.

7

71. It should be remembered that I initially sought to use a process server to serve process on the out of state defendants, but the court denied that request. NB: I sough to use a process server through the court in order to avoid this kind of problem because I knew that the defendants are shifty and disingenuous and seek to play games with service/service of process, and are bent on making disingenuous and frivolous bad faith arguments to skirt justice.

72. The court ordered service of process to be done in a particular manner (by certified mail as arranged by the clerk's office). Service was effectuated according to the court's order pertaining to service of process in this case. Service of process is therefore valid and not defective.

## IV. DEFENDANTS INTENTIONALLY FLOUTED THE RESPONSE DEADLINE

73. The instructions on the court summons state the following:

> You are being sued. The plaintiff named above has started a lawsuit against you. A copy of the plaintiff's complaint filed against you is attached to this summons and the original complaint has been filed in the Bristol Superior Court.
>
> You must respond to this lawsuit in writing in 20 days. If you do not respond, the court may decide the case against you and award the plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the plaintiff.

Commonwealth of Massachusetts

BRISTOL, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _2273 CV 00430_

ANDRE BISASOR , PLAINTIFF(S),

BRISTOL SS SUPERIOR COURT
FILED

v.

RUSSELL HILLIARD +
CRAIG DONAIS , DEFENDANT(S)

MAY 15 2023

SUMMONS

JENNIFER A. SULLIVAN, ESQ:
CLERK/MAGISTRATE

THIS SUMMONS IS DIRECTED TO _RUSSELL HILLIARD_ . (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Bristol Superior Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1. You must respond to this lawsuit in writing within 20 days. If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. If you need more time to respond, you may request an extension of time in writing from the Court.

74. The above does not give free license for the defendants to sit on their hands and not be diligent in preparing answer or response and meeting the applicable deadline as stated and ordered in the court summons.

75. There is no grounds for the defendants to flout the deadline to answer the complaint or respond.

76. The case law in Massachusetts is very clear on this: "A party may not flout the twenty-day filing deadline of Mass.R.Civ.P. 12(a)(1)." See Cicchese v. Tape Time Corp., 28 Mass. App. Ct. 72, 75 (1989). See also Kenney v. Rust, 17 Mass. App. Ct. 699, 703 (1984)."

77. The time had expired for the defendants to respond.

78. I will be prejudiced if they are allowed to flout the rules with impunity.

79. If the shoe were on the other foot, they would require the court to dismiss my case if I had missed the court's deadline regarding the court's instructions for effectuating service of process. The defendants must be held to the same standard as the plaintiff would be.

80. Moreover, the defendants had actual notice of this lawsuit from over a year ago, though it had not been yet formally served on them. In fact, the defendants in or around June of 2022 cited my filings in Bristol

8

superior court in another court case. The defendants have been keeping track of this case via the online court docket for Bristol superior court for about year. They had more than adequate time to prepare a response for this lawsuit. There is simply no excuse.

81. I expended the necessary time and effort to ensure I met the court's deadline for service of process. I then filed an amended complaint just before on the deadline for them to respond to the original summons and complaint, and served it the same day, which gave them an additional 10 days to prepare a response. The defendants themselves are lawyers. They, more than anyone, knew or should have known the importance of a timely response to summons for a lawsuit. They intentionally and willfully flouted the deadline to respond, taking this honorable court for granted. This should not be countenanced by this court.

## V. DEFENDANTS DID NOT ASK FOR AN EXTENSION

82. Donais has known this lawsuit since June 2022. They sat on this information for a year, and neglected to prepare a defense in response.

83. The defendants did not reach out or sought to confer with me. This is even though I had inquired who Donais's lawyer was.

84. The defendant did not enter an appearance and ask the court for an extension prior to the deadline expiring. The defendant did not either ask me. The first I heard from the defendant is after he filed this opposition today. This is not acceptable. The rules are not a suggestion and the time requirements to respond to a summons and complaint is not an opinion or a joke. It is to be adhered to. The defendant by his own admission failed to meet the deadline.

85. The specious hyper-technical arguments offered by the defendant are unavailing and, in any event, do even attempt to explain the neglect in filing a timely response, even though they admit that the received the summons and complaint and amended complaint in a timely manner. There is simply no excuse for missing the deadline to defend, answer or respond to the service of process.

86. The defendants should be held to the rules, same as I would be if the shoes were on the other foot.

87. The defendants used the service of the complaint to give themselves extra time. But now they want to disavow the service of the amended complaint. If they don't acknowledge the amended complaint, then why did not respond by 5-4-23, 20 days after service of the original complaint and summons.

88. The court should not allow them an extra 30 days or any additional time. They had this a year now. they were served since 4-14-23. They sat on the summons and complaint for over a month. They got additional time from the served of the amended complaint.

89. The defendants cannot use an opposition to request extensions.

90. The defendants still have not filed any answer or response to the complaint or amended complaint to this day which is over 20 days late.

91. Default is therefore proper in accordance with Rule 55(a).

## VI. PATTERN OF BAD FAITH

92. The defendants have done this before. This is a pattern of bad faith and flouting the rules and deception by the defendants. This is shown in the very amended complaint that I filed in this court on 5/4/23.

## VII. SPECIFIC RESPONSE

93. Paragraph 1 of Defendant Donais's opposition to default states: *"Plaintiff initially filed this lawsuit on June 20, 2022 (over 11 months ago). Since that time, Plaintiff moved no less than five times to extend the time period in which he could serve the Complaint. See Docket at File Ref. Nbrs. 6, 9, 10, 11, and 12."*

    a. The court reasonably granted extensions including with regard to the challenges with serving process to out of state defendants under the indigency waiver.

    b. The case was filed on 6/18/22. Initial deadline was 90 days due on or about 9/20/22. The first motion to extend time to serve process was filed on or about 9/19/22 pursuant to the indigency

9

laws of this state which supersedes the normal considerations regarding how service of process is to be made and how it is to be paid for.

   c. The court took time to figure out how to effectuate service of process to out of state defendants under the indigency law. This resulted in two more motions seeking compliance with the indigency laws, which were allowed and which clarified that service of process was being ordered by the court to be effectuated by only certified mail to be arranged by the clerk's office.

   d. The third request was made pursuant to medical necessity due to a major procedure requiring several months of recovery, which was allowed.

   e. The fourth request to extend time was denied.

   f. The fifth request was a motion to reconsider the fourth request, due to a lack of clarity as to the court's instruction regarding the date of delivery of materials to the clerk's office versus the deadline to serve process. This request was granted by one week and clarified that the court's instruction was only regarding the date of delivery of materials to the clerk's office, which was not the deadline to serve process.

   g. NB: None of the above (in which the defendant recounts the number of extensions to the deadline for service of process) is relevant to deadline for defendants to respond to the service of process that the defendant received. This is nothing but an attempt to deflect from the defendant's failure to meet the response deadline, for which he has offered no excusable neglect.

94. Paragraphs 1 and 2 of Defendant Donais's opposition to default states: *"On May 4, 2023, Plaintiff filed an Amended Complaint, adding new causes of action and new defendants (Donais Law Offices, PLLC; Upton and Hatfield, LLP; and Mary K. Donais). Plaintiff filed a purported return of service for the Amended Complaint for Mr. Donais on May 15, 2023. See Docket at File Ref. Nbr. 18 and Exhibit A hereto. However, the "return of service" is a copy of an envelope with a mailing date of May 8, 2023, not a service date of May 8, 2023."*

   h. Contrary to the defendant's assertion, I did not file the return of service for the Amended Complaint for Mr. Donais on May 15, 2023. The sheriff's office did.

   i. The defendants have misstated the law. According to the rules, service is complete upon mailing.

   j. See MCRP 5(b)which states: "Service by mail is complete upon mailing."

   k. Thus, the defendants have intentionally misstated the rule and the law.

   l. This is done intentionally to try to get over on this court.

   m. The defendants and their lawyers know the rules of procedure, but they evidently intentionally twist and torture the rule to try to get this court to turn a blind eye to their utter willful failure to respond by the deadline.

95. Footnote 1 of Defendant Donais's opposition to default states: *"Mr. Donais intends to challenge this Court's jurisdiction over him and does not waive any defenses, including but not limited to personal jurisdiction, by filing this document."*

   n. Mr. Donais cannot challenge personal jurisdiction after the deadline to respond, and after he is in default. The time to do that was before or by the deadline. By their own admission, the defendant failed to comply with the response deadline. The defendant is in default and default should properly enter. If they want to move to remove default, the procedure for doing so must be followed as prescribed by rule.

   o. Mr. Donais waived personal jurisdiction when he failed to respond by the deadline.

96. Paragraph 3 of Defendant Donais's opposition to default states: *"Bisasor appears to have attempted to serve Mr. Donais – a New Hampshire resident– under the procedure set forth in Mass. R. Civ. P. 4(e)(3) ("When any statute or law of the Commonwealth authorizes service of process outside the Commonwealth, the service shall be made by delivering a copy of the summons and of the complaint: (3) by any form of mail addressed to the person to be served and requiring a signed receipt.") (emphasis added)."*

   p. This is not correct.

   q. I did not attempt "to serve Mr. Donais – a New Hampshire resident– under the procedure set forth in Mass. R. Civ. P. 4(e)(3)". It was the court through the sheriff that served Mr. Donais.

  r. Second, the service of process was made according to the court's 1-24-23 order.

97. Paragraph 4 of Defendant Donais's opposition to default states: *"The "return of service" attached as Exhibit A does not contain any signed receipt, as required by Mass. R. Civ. P. 4(e)(3). Accordingly, Mr. Donais has not been served with the Amended Complaint.2 Plaintiff's Motion for Entry of Default also has not been served on Mr. Donais."*

  s. The service of the motion for default was served by mail on Mr. Donais[3]. But even if it were not, it is not required for entry of default. I did not hear from the defendant until after I filed the motion for default. This suggests that he received the motion for default. Otherwise, how did he know to oppose it?

98. Footnote 2 of Defendant Donais's opposition to default states: *"Mr. Donais also notes that the return of service for the original Complaint likewise does not contain a "signed receipt" and as such, because the Complaint has not been served on Mr. Donais as required by the Rules of Civil Procedure, the 10-day period cited by Mr. Bisasor in Mass. R. Civ. P. 15 for responding to an Amended Complaint does not apply. See Docket at File Ref. Nbr. 16 and Exhibit B hereto."*

  t. The complaint has been served by the Sheriff.

99. Paragraph 5 of Defendant Donais's opposition to default states: *"To the extent that the Court deems Mr. Donais to have been served with the Complaint and enters Plaintiff's Motion for Default, Mr. Donais moves pursuant to Mass. R. Civ. P. 55(c) for an order (1) setting aside any Mass. R. Civ. P. 55(a) entry of default entered against him; (2) permitting Mr. Donais to appear; and (3) extending the deadline for Mr. Donais to file a responsive pleading to June 13, 2023. As grounds, Mr. Donais reiterates the above facts and states that he has meritorious defenses; there will be no substantial prejudice to any of the non-defaulted parties by the allowance of the instant motion; and courts universally favor trials on the merits. WHEREFORE, Mr. Donais respectfully asks this Court to deny Plaintiff's Motion for Default against Mr. Donais; and to the extent a default may be entered, moves the court for an order pursuant to Mass. R. Civ. P. 55(c) setting aside any entry of default against him, permitting Mr. Donais to appear, and extending the responsive pleading deadline to June 13, 2023, along with any other relief the Court deems appropriate."*

  u. The defendant cannot move to remove a default in an opposition. It must be filed separately as a motion, allowing me a proper opportunity to respond under rule 9A. This violates Rule 9A and must not be countenanced by this court.

  v. This is totally improper and shows a total disregard for the rules.

  w. The defendant cannot move to remove a default before it is entered. This is totally improper.

  x. The defendant can only oppose the default and if one is entered then seek to remove the default with the attendant hearing required.

  y. I must be given the opportunity to argue against removal of default at a hearing as required. The defendant would like to seduce this court into violating its own rules. This is not proper.

  z. Similarly, the defendant cannot move for an extension of time to file a response in an opposition to a motion to enter default. He must do so separately as a motion under rule 9A so that I can have a proper chance to oppose under Rule 9A. This is totally improper and shows a total disregard of the rules.

  aa. The defendant should have presented his defenses in a timely response. Even now, there has been no response. There has been no valid or proper motion for an extension of the deadline.

  bb. Any defenses he has can be presented at a hearing on removing the default and/or on a default judgment hearing.

  cc. Courts favor timely response to a summons and complaint. Courts routinely default defendants for failure to respond timely. In this case, it was also willful and not inadvertent. There was no mistake or misfortune involved in their failure to timely respond. There was no excusable

---

[3] The motion for default was also served by email on May 23, 2023, once I received the contact information for defense counsel.

neglect. If there was, they would have stated it in their opposition. But they did not because there is none.

dd. The request to extend the deadline after the fact to June 13, 2023, is unreasonable and would prejudice me. There are also possible statute of limitations implications that could harm me if the deadline is so extended. The court should extend the deadline and hold the defendants accountable.

ee. The amended complaint lays out a series of acts where the defendant has flouted the rules and tried to game the system. They have been contumacious and defiant of court authority and rules. They have lied to other courts in an endeavor to avoid service. Here, they are doing it again. This is now a pattern of conduct that must stop. Enough is enough.

## VIII. CONCLUSION

100.     WHEREFORE, I the plaintiff respectfully request that this Court grant the motion for default, or such further relief as is reasonable and just.

## SIGNED UNDER PAINS AND PENALTIES OF PERJURY

Respectfully submitted,
Andre Bisasor
/s/andre bisasor
679 Washington Street, Suite # 8206
Attleboro, MA 02703

Date: June 11, 2023

12