UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANDRE BISASOR,
Plaintiff,

v.

CRAIG S. DONAIS;
RUSSELL F. HILLIARD;
DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP;
and MARY K. DONAIS,
Defendants.

Case No. 1:23-CV-11313

**[RE-FILED][1] RENEWED MOTION TO ENTER DEFAULT AGAINST DEFENDANT
RUSSELL HILLIARD AND AFFIDAVIT [WITH INCORPORATED MEMORANDUM]**

1.  I, the plaintiff in the above-captioned case, hereby provide this **[re-filed] renewed motion to enter default against Defendant Russell Hilliard** (hereinafter "Defendant", "Defendant Hilliard" or "Hilliard") and affidavit (with incorporated memorandum), which was first filed in state court and was pending at the time this case was removed to federal court. See **Exhibit A** attached.
2.  Grounds are as follows.

**I. SUMMARY OF ARGUMENT**

3.  The defendant Hilliard has failed to answer or respond to the service of process of the summons and complaint served on him by the Bristol county state court sheriff of Massachusetts ("sheriff").
4.  The Massachusetts rules of procedure ("MRCP") allows for entry of default when a defendant fails to plead or otherwise defend (i.e., MRCP 55(a) states: "***Entry: When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default***.").
5.  See also screenshot of MRCP 55a below.

## (a) Entry

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

CONTACT

**Trial Court Law Libraries**

🖥 Online

Library locations and phone numbers →

Chat with a law librarian online →

---

[1] This renewed motion for default was first filed in the state court prior to the case being removed to federal court. See Exhibit A. It is thus a pending motion that was not yet ruled on in state court. This court issued an order stating that any motion in state court should be refiled in this court. I am here following that instruction. Also, I filed the actual state court filing of the **emergency renewed motion to enter default or emergency motion to reconsider motion for default against defendant Hilliard**, in this court on 6/13/23. See docket entry #12 Exhibit 3. I had hand-written the title "RE-FILED FROM STATE COURT" on the front page. But it was not docketed as a separate filing or motion but as an exhibit to another motion. This was in error. It was supposed to be filed as its own motion, but I was told by the clerk staff that because it had state court captions, it was so docketed as an exhibit, and I was also told that thus I should re-file it again with federal court captions. This is what I am now doing here.

1

6. The federal rules of procedure ("FRCP")also allows for entry of default when a defendant fails to plead or otherwise defend (i.e., FRCP 55(a) states: "***Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default***.").

7. See also screenshot of FRCP 55a below.

LII > Federal Rules of Civil Procedure > **Rule 55. Default; Default Judgment**

# Rule 55. Default; Default Judgment

(a) ENTERING A DEFAULT. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) ENTERING A DEFAULT JUDGMENT.

(1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

8. The defendant Hilliard was served process by sheriff via certified mailing on 4/14/23. He had until 20 days later to answer, by 5/4/23.

9. However, because I filed an amended complaint on 5/4/23 and served it on 5/8/23, it extended the deadline to answer/respond by 10 days, which extended deadline landed on or about 5/18/23. This is provided for in the MRCP 15(a), which states:

**(a) Amendments**
A party may amend his pleading once as a matter of course at any time before a responsive pleading is served and prior to entry of an order of dismissal or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or **within 10 days after service of the amended pleading**, whichever period may be the longer, unless the court otherwise orders.

10. See screenshot of MRCP 15(a) below.

## (a) Amendments

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served and prior to entry of an order of dismissal or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

CONTACT

**Trial Court Law Libraries**

🖳 Online
Library locations and phone numbers →
Chat with a law librarian online →
Email a reference librarian:
masslawlib@gmail.com

RELATED

11. Consequently, the defendant Hilliard has been in default, most definitely since 5/22/23 when I first filed the initial motion for default in state court. It has been about 24 days since he has been in default.

12. A defendant is in default regardless of whether a motion for default has been filed. He is in default the moment he failed to meet the deadline to answer or respond to a summons/complaint served on him.

13. See D'Angelo v. Potter, 221 F.R.D. 289 (2004) May 17, 2004, United States District Court for the District of Massachusetts · No. CIV.A.01-12227-RBC 221 F.R.D. 289, which states: For a party to be in default, the Court need not have adjudicated a default. If the defendant has been "served with the summons and do[es] not appear and answer within the required period, they are 'parties in default' for Rule 5(a) purposes. *Cutting v. Town of Allenstown,* 936 F.2d 18, 21 n. 1 (1 Cir., 1991) (citing *Varnes v. Local 91, Glass Bottle Blowers Association,* 674 F.2d 1365, 1368 n. 3 (11 Cir., 1982)). In *Vames,* the Eleventh Circuit held that "[a] court need not have adjudicated a party as being 'in default.' Thus a party failing to appear is a party 'in default for failure to appear.' " *Varnes,* 674 F.2d at 1368 n. 3 (11 Cir., 1982).

14. Moreover, the defendant has not filed a motion for extension of time to answer/respond to the summons/complaint in state court but simply allowed the deadline to lapse without entering an appearance or without filing anything in state court.

15. The state court has not granted an extension of time for the defendant to answer/response to the summons/complaint.

16. The defendant is in default and has been in default.

17. Entry of default is therefore proper pursuant to FRCP Rule 55(a).

18. Further grounds are outlined below.

## II. PROCEDURAL BACKGROUND

19. On Saturday 6/18/22, I filed the complaint electronically, civil action cover sheet and affidavit of indigency, to begin the case in the Bristol superior court of Massachusetts ("state court"). NB: It was docketed on the next business day on Monday 6/20/22.

20. On 6/21/22, the case was assigned to Track A, which is the Average track.

21. On 6/23/22, the state court allowed the affidavit of indigency stating **"waived in full for filing fee, summons, service of process."**

22. On 9/19/22, I filed an affidavit of indigency/request for waiver of costs pertaining to allowance of a process server to serve process on the out of state defendants.

23. This request for waiver of costs was denied by the state court stating: **"The application is DENIED with respect to the extra fees and costs indicated in the application, because I find that service can be effectuated by certified mail return receipt alone - Mass. R. Civ. P. 4. Judge: Dupuis, Hon. Renee P**'.

24. On 9/19/22, as part of the request for waiver of costs, I also requested to extend time for service of process.

25. On 9/24/22, the state court allowed the request stating: **"Endorsement on Request for Waiver of Costs (#6.0): ALLOWED, Treating this filing as a motion to extend time for service, allowed, 60 day extension. Judge: Dupuis, Hon. Renee P."**

26. On 11/21/22, I filed a motion to extend time for service of process[paper #9]".

27. On 11/29/22, the state court allowed the request for waiver of costs stating: **"Determination regarding normal fees and costs ALLOWED by judge waived in full , pursuant to G. L. c. 261, § 27C(2). service by certified mail - plaintiff to provide to clerk, summons, complaint and addressed envelopes. Judge: Sullivan, Hon. Susan E       ."**

28. On 1/24/23, the state court allowed the request stating: **"Endorsement on Motion to extend time to serve process on defendants (#9.0): ALLOWED. Plaintiff shall provide to clerk's office completed summonses, copies of complaint and civil action cover sheet, and envelopes addressed to defendants by 2/10/2023 and the clerk's office will arrange for service by certified mail. Judge: Sullivan, Hon. Susan E."**

29. On 2/3/23, I filed EMERGENCY Motion to extend time for service of process [paper #10]".

30. On 2/3/23, the state court allowed the motion stating: **"Endorsement on Motion to extend deadline provided in Court's 1-24-23 ORDER (#10.0): ALLOWED in part. Extension for service of process to April 7, 2023. Judge: Sullivan, Hon. Susan E."**

31. On 4/5/23, I filed EMERGENCY Motion to extend deadline in Court's 2/3/23 Order [paper #11]".

32. On 4/5/23, the state court denied the request stating: **"Endorsement on Motion to Extend Deadline in Court's 2-3-23 Order (#11.0): DENIED; Judge: Yessayan, Hon. Raffi N".**

33. On 4/7/23, I filed EMERGENCY Motion to reconsider the plaintiff's final (Emergency) motion to extend deadline in Court's 2-3-23 ORDER [paper #12]".

34. On 4/7/23, the state court allowed the request stating: **"Endorsement on Motion to Reconsider the Plaintiff's Final (Emergency) Motion to Extend Deadline in Court's 2-3-23 Order (#12.0): ALLOWED; Motion Allowed, to the extent that the plaintiff shall deliver all documents in accordance with the Court's previous Order to the clerk's office by 4/14/23. Judge: Yessayan, Hon. Raffi N".**

35. On 4/14/23, I delivered the materials to the clerk's office as instructed by the state court. I also filed a document showing that the clerk's office received the materials, via a filing docketed as: **"General correspondence regarding Instructions for Service by Sheriff Via Certified Mail. [paper #13]".**

36. On 5/4/23, I filed an amended complaint with the state court.

37. On 5/8/23, Defendant Hilliard was also served process via the New-Bedford Bristol County Sheriff ("sheriff") with the amended complaint. This is shown by the sheriff's return of service filed on 5/15/23. The sheriff's return of service contains a signed affidavit by the deputy sheriff.

38. On 5/22/23, I filed a motion for default, which was 14 days after service of process of the amended complaint.

39. On 5/23/23, the defendants filed an opposition to my motion for default.

40. On 5/23/23, I filed a notice of intent to file a reply to the opposition to motion for default. On 6/2/23, without allowing the normal 10 days for me to reply to the defendants' opposition since the opposition was filed directly with the state court thus abridging my right to reply, the state court (J. Yessayan) entered an order denying the motion for default without stating the actual reasons for denial, other than a general vague reference to "reasons stated in the opposition" as follows: **"Endorsement on Motion for Default of Defendant Russell Hilliard (#21.0): DENIED as for the reasons stated in the opposition. Judge: Yessayan, Hon. Raffi N."**

### III. FACTS REGARDING SERVICE OF PROCESS
### A. Service of Process of Original Complaint

41. On 11/29/22, the state court (J. Sullivan) issued an order, allowing my request for waiver of costs stating:

> "Determination regarding normal fees and costs ALLOWED by judge waived in full , pursuant to G. L. c. 261, § 27C(2). service by certified mail - plaintiff to provide to clerk, summons, complaint and addressed envelopes. Judge: Sullivan, Hon. Susan E."

42. This was the order whereby the state court determined that service of process shall be effectuated by certified mail after providing summons and complaint to the clerk. This order trumped any other method of service because it was a bona fide order from the state court.

43. On 1/24/23, the court (J. Sullivan) issued an order stating:

> "Endorsement on Motion to extend time to serve process on defendants (#9.0): ALLOWED; Plaintiff shall provide to clerk's office completed summonses, copies of complaint and civil action cover sheet, and envelopes addressed to defendants by 2/10/2023 and the clerk's office will arrange for service by certified mail. Judge: Sullivan, Hon. Susan E.

44. The state court (J. Yessayan) then further extended that deadline until 4/14/23.

45. On 4/14/23, I provided the requisite materials to the clerk's office, as instructed by the state court.

46. However, instead of the clerk's office effecting the actual certified mailing to the out of state defendants, I was told by the clerk of state court (Jennifer Sullivan) that the clerk office would mail the package to the sheriff for certified mailing to be actually effectuated by the sheriff, and that this was what was meant by the statement in the state court's 1/24/23 order that **"the clerk's office will arrange for service by certified mail."**

47. Because I realized that this would result in a gap in time before the package would reach the sheriff's office and because I wanted to avoid that gap[2], I offered to assist the clerk's office in getting the entire package to the sheriff, on the same day, for certified mailing, by hand-carrying it down to the sheriff's office which was only a minute or two drive away, and the clerk agreed.

48. So, I hand-delivered the package down to the sheriff's office that same day, which was only a minute or two drive away.

49. Upon receiving the hand-delivered package, the sheriff then prepared the mailings and mailed them certified with return receipt confirmation (as well as by first class mail which is part of the sheriff's procedure for mailing certified mail for service of process) to the two original defendants (Craig Donais and Russell Hilliard) on the same day of 4/14/23.

50. Therefore, on 4/14/23, Defendant Hilliard was served process via sheriff, with the original summons and original complaint. This is shown by the sheriff's return of service filed on 5/15/23. The sheriff's return of service contains a signed affidavit by the deputy sheriff, affirming service of process was effectuated by certified mail on 4/14/23. The sheriff's affidavit also affirms that the certified mailing was done with return receipt requested.

51. See screenshot below of Sheriff's affidavit filed in state court showing service of process of the summons and original complaint by certified mailing and first class mailing by the sheriff to Hilliard's home address on 4/14/23. See also state court docket (entry #16) and state court record.

> Bristol, SS
>
> I, Victoria A. Morales, Deputy Sheriff, in and for the County of Bristol, Commonwealth of Massachusetts, do hereby certify and return that on April 14, 2023 in compliance with MGL Chapter 223A section 6 subsection 3 I served the within named defendant, Russell F Hilliard, with a true attested copy of the within Summons and Complaint and Demand For Jury Trial, Civil Action Cover Sheet, Civil Tracking Order and Allowed Motion To Extend Time to Serve Process on Defendants by mailing both first class mail and certified mail return receipt requested to 579 Sagamore Avenue – Unit 9, Portsmouth, NH 03801-5567.
>
> Victoria A. Morales
> Deputy Sheriff

---

[2] Although the state court did not say that mailing must be done by or before 4/14/23 but that only delivery of the materials to the state court clerk's office must be done by me by 4/14/23, I still wanted to get the mailing done on the same day and thus err on the side of caution, by assisting the state court clerk's office with transferring the package to the sheriff's office.

52. See screenshot below of Sheriff's affidavit filed in state court showing service of process of the summons and original complaint by certified mailing return receipt requested and by first class mailing by the sheriff to Hilliard's work address on 4/14/23. See also state court docket (entry #16.1) and state court record.



Bristol, SS

I, Victoria A. Morales, Deputy Sheriff, in and for the County of Bristol, Commonwealth of Massachusetts, do hereby certify and return that on April 14, 2023 in compliance with MGL Chapter 223A section 6 subsection 3 I served the within named defendant, Russell F Hilliard, with a true attested copy of the within Summons and Complaint and Demand For Jury Trial, Civil Action Cover Sheet, Civil Tracking Order and Allowed Motion To Extend Time to Serve Process on Defendants by mailing both first class mail and certified mail return receipt requested to 159 Middle Street, Portsmouth, NH 03801.

Victoria A. Morales
Deputy Sheriff

53. NB: The sheriff's office also specifically told me verbally that they did effectuate a certified mailing with return receipt.

54. NB: I was told by the sheriff that the return of service (for the original summons and original complaint) was filed by hand by the sheriff with the state court on 5/15/23. On that same day, I also had called the state court clerk's office and they confirmed that they received it and that it would be docketed in the normal course, which was docketed by the next day 5/16/23.

55. It is therefore an indisputable fact that the original summons and original complaint was served, via certified mail, with tracking and return receipt requested, on Defendant Hilliard, by the Bristol county sheriff, on 4/14/23. NB: It is also an indisputable fact that the original summons and the original complaint was served, via first class mailing, on Defendant Hilliard, by the sheriff, on 4/14/23.

### B. Service of Process of Amended Complaint

56. I also then subsequently amended the complaint and filed it with the state court on 5/4/23. NB: At the time of the filing of the amended complaint, on 5/4/23, there had been no responsive pleading served or filed by the defendant. There still to this day has been no responsive pleading filed by the defendant.

57. Therefore, on 5/4/23, I filed an amended complaint with the state court.

58. On 5/8/23, Defendant Hilliard was also served process via sheriff with the amended complaint.

59. The sheriff's return of service contains a signed affidavit by the deputy sheriff, affirming service of process of the amended complaint was effectuated by certified mail on 5/8/23. The sheriff's affidavit also affirms that the certified mailing was done with return receipt requested.

60. See screenshot below of Sheriff's affidavit filed in state court showing service of process of the summons and original complaint by certified mailing return receipt requested and by first class mailing by the sheriff to Hilliard's home address on 5/8/23. See also state court docket (entry #18) and state court record.

Bristol, SS

I, Victoria A. Morales, Deputy Sheriff, in and for the County of Bristol, Commonwealth of Massachusetts, do hereby certify and return that on May 8, 2023 in compliance with MGL Chapter 223A section 6 subsection 3 I served the within named defendant, Russell F Hilliard, with a true attested copy of the within Summons and First Amended Complaint, Civil Action Cover Sheet and Plaintiff's Emergency Motion To Reconsider The Plaintiff's Final (Emergency) Motion To Extend Deadline in Court's 2-3-23 Order by mailing both first class mail and certified mail return receipt requested to 579 Sagamore Avenue – Unit 9, Portsmouth, NH 03801-5567.



Victoria A. Morales
Deputy Sheriff

61. See screenshot below of Sheriff's affidavit filed in state court showing service of process of the summons and original complaint by certified mailing return receipt requested and by first class mailing by the sheriff to Hilliard's work address on 5/8/23. See also state court docket (entry #18.1) and state court record.

Bristol, SS

I, Victoria A. Morales, Deputy Sheriff, in and for the County of Bristol, Commonwealth of Massachusetts, do hereby certify and return that on May 8, 2023 in compliance with MGL Chapter 223A section 6 subsection 3 I served the within named defendant, Russell F Hilliard, with a true attested copy of the within Summons and First Amended Complaint, Civil Action Cover Sheet and Plaintiff's Emergency Motion To Reconsider The Plaintiff's Final (Emergency) Motion To Extend Deadline in Court's 2-3-23 Order by mailing both first class mail and certified mail return receipt requested to 159 Middle Street, Portsmouth, NH 03801.

Victoria A. Morales
Deputy Sheriff

62. NB: The sheriff's office also specifically told me that they did effectuate a certified mailing with return receipt.

63. Hilliard was served at two addresses, i.e., at his home address in Portsmouth NH and at his work address at Upton & Hatfield in Portsmouth NH. This is shown by the sheriff's return of service filed on 5/15/23[3]. NB: One of the returns of service was filed but not docketed by the state court clerk's office. When I contacted the sheriff about this, they contacted the state court clerk's office about certain missing returns, and it was discovered that the state court clerk's office made an error in not docketing all of the returns of service filed by the Sheriff on 5/15/23. This was corrected on 6/9/23 where the docket shows now the missing further returns of service filed by the sheriff on 5/15/23. This is critical information that was not present in my first motion to default Defendant Russell Hilliard, as it goes the

---

[3] NB: I was told by the sheriff that the return of service (for the amended complaint) was filed by hand by the sheriff with the state court on 5/15/23. On that same day, I also had called the state court clerk's office and they confirmed that they received it and that it would be docketed in the normal course, which was docketed by the next day 5/16/23.

claim of Hilliard that he was not served process or that the sheriff did not include a signed receipt. The tracking receipt information included with the sheriff's returns show that Hilliard received the certified mailing with return receipt requested and then refused service sending it back as "unclaimed". Thus, Hilliard upon receiving the service of process of mailing from the sheriff, decided to try to evade service by refusing to sign the receipt and by sending it back as "unclaimed". This was a dishonest act by Hilliard in an attempt to fraudulently claim to the state court that he was not served and/or that there was no signed receipt as a basis to challenge the validity of service. Fortunately, the sheriff, smartly, also sent the service of process to Hilliard using first class mail (along with certified mail return receipt requested) which was not returned to the sheriff and further showing that Hilliard receives mail at the address listed on the summons. I also ensured that service of process was made to Hilliard's workplace so that he could not claim to have not received service at both his home address and his work address. With respect to both addresses, the sheriff included first class mailing as well, in addition to the certified mailing. This means that a total of 4 pieces of mail containing the summons and complaint was mailed by the sheriff to Hilliard. NB: It is standard practice that if certified mailing is done by the sheriff, it is backed up by first class mailing in order to prevent a situation where a recipient being served could claim he did not receive any notice at all of the served summons and complaint. It also protects against unscrupulous recipients, who willfully refuse to sign for or accept certified mailing in order to evade service of process, which is what evidently occurred in this case. NB: It is especially unbecoming of a lawyer to try to evade service by refusing certified mailing from a sheriff. If a lawyer receives certified mailing from a sheriff, that lawyer must know that it is official state court business and should not reject such mailings from a sheriff or a court. Such conduct is not only unbecoming but also dishonest, especially as a lawyer who is supposed to be an officer of the court and is bound by the rules of professional conduct.

64. It is therefore an indisputable fact that the amended complaint was served, via certified mail, with tracking and return receipt requested, on Defendant Hilliard, by the Bristol county sheriff, on 5/8/23.

65. It is also an indisputable fact that the amended complaint was served, via first class mailing, on Defendant Hilliard, by the sheriff, on 5/8/23.

## Facts Regarding Defendants' Receipt of Service of Process

66. Hilliard states that he received the summons and the complaint on April 17, 2023, and the amended complaint on May 11, 2023.

67. Hilliard thus received service of process of the original complaint and the amended complaint, despite his bad faith attempt to invoke bad faith technicalities to defeat the validity of service. The purpose of the service of process was thus effectuated.

## IV. THE LAW

68. Rule 4 of the Massachusetts Rules of Civil Procedure ("MRCP") pertains to "process" and service of process of Massachusetts lawsuits.

### A. Rule 4(e) - Personal Service Outside the Commonwealth

69. Rule 4e pertaining to "personal service outside the Commonwealth" states the following:

(e) Same: Personal service outside the Commonwealth: When any statute or law of the Commonwealth authorizes service of process outside the Commonwealth, the service shall be made by delivering a copy of the summons and of the complaint: (1) in any appropriate manner prescribed in subdivision (d) of this Rule; or (2) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction; or (3) by any form of mail addressed to the person to be served and requiring a signed receipt; or (4) as directed by the appropriate foreign authority in response to a letter rogatory; or (5) as directed by order of the court.

70. See also screenshot below of Rule 4e:

(e) Same: Personal service outside the Commonwealth     **Table of Contents**

## (e) Same: Personal service outside the Commonwealth

When any statute or law of the Commonwealth authorizes service of process outside the Commonwealth, the service shall be made by delivering a copy of the summons and of the complaint: (1) in any appropriate manner prescribed in subdivision (d) of this Rule; or (2) in the manner prescribed by the law of the place in which the service is made for service in that place in an action in any of its courts of general jurisdiction; or (3) by any form of mail addressed to the person to be served and requiring a signed receipt; or (4) as directed by the appropriate foreign authority in response to a letter rogatory; or (5) as directed by order of the court.

71. I would like to highlight the fact that Rule 4(e)(3) states that "*service shall be made by delivering a copy of the summons and of the complaint:   by any form of mail addressed to the person to be served and requiring a signed receipt; or (4) as directed by the appropriate foreign authority in response to a letter rogatory; or* **(5) as directed by order of the court**."

72. This shows that if the state court orders that service be effectuated in a certain way, then it is valid for purposes of rule 4(e).

73. The state court ordered that service be effectuated by certified mail to be arranged by the state court clerk's office. The state court did not order that service of process include a signed receipt nor did it order that the return of service include a signed receipt. The state court's order for service to be accomplished via only certified mail is sufficient and valid as an order of the state court and is consistent with Rule 4e.

74. Therefore, the defendants cannot challenge service of process by certified mail, that did not include a signed receipt, because the state court only ordered service of process by certified mail to be arranged by the state court clerk's office.

75. The service of process in this instance was made in accordance with Rule 4 and in accordance with the orders of the state court.

76. NB: I had asked the state court to provide for a process server to serve the out of state defendants via the state's indigency cost statute. I wanted a process server because I knew that these defendants would try to avoid or skirt service of process. However, the state court saw fit to minimize the cost of serving process by ordering that it be accomplished by certified mail only, as an alternative to incurring the cost of a process server to serve process out of state in New Hampshire. I should not be penalized as an indigent plaintiff in state court because the state court did not want to incur the cost of such a process server. I as an indigent plaintiff should be able to rely on the state court's order for service of process in this case and since the state court ordered service of process by certified mail only in this case, then the defendants cannot be heard to challenge that state court ordered service of process, as was effectuated in accordance with the orders of the state court. That would not be fair or right. Moreover, the defendant's challenge is a challenge to the state court's inherent authority to issue orders that are effective, valid, and binding.

### B. Rule 4(f) - Return

77. Massachusetts Rules of Civil Procedure MRCP Rule 4f (pertaining to "Return") further states the following:

(f) Return: The person serving the process shall make proof of service thereof in writing to the court promptly and in any event within the time during which the person served must respond to the process. If service is made by a person other than a sheriff, deputy sheriff, or special sheriff, he shall make affidavit thereof. Proof of service outside the Commonwealth may be made by affidavit of the individual who made the service or in

9

the manner prescribed by the law of the Commonwealth, or the law of the place in which the service is made for proof of service in an action in any of its courts of general jurisdiction. When service is made by mail, proof of service shall include a receipt signed by the addressee or such other evidence of personal delivery to the addressee as may be satisfactory to the court. Failure to make proof of service does not affect the validity of the service.

78. See also screenshot below of Rule 4f:



79. The state court reporter's notes on MRCP Rule 4f (pertaining to "Return") states the following:

Rule 4(f) requires direct filing by the server. It should be emphasized that any delay by the process server does not bar the plaintiff. See Peeples v. Ramspacher, 29 F. Supp. 632, 633 (E.D.S.C.1939).

80. See also screenshot below of the reporter's notes on Rule 4f:



81. Similarly, the court case referenced in the reporter's notes (Peeples v. Ramspacher, 29 F. Supp. 632, 633 (E.D.S.C.1939)) states the following:

The filing of the return receipt and affidavit of compliance are equivalent to affidavit of personal service in ordinary procedure. The use of the word "forthwith", even in the absence of a comma in the provisional clause, must be construed as having relation only to the forwarding by registered mail to the defendant, whether by the director or by the plaintiff. If forwarded by the director, he (the director) is required to deliver the return registry receipt to the plaintiff on request. Actual service having been made upon the director, neither delay in return of the registry receipt, nor delay in delivery of the registry receipt to the plaintiff upon request, by the 636*636 director, if the forwarding was done by him, need delay the filing of the summons and complaint with the clerk of court.

82. The sheriff's office included an affidavit in the return of service showing that return receipt was requested.

83. The lack of inclusion of a receipt with returns of service by the sheriff does not invalidate service, as shown by the rules.

84. Even if the sheriff did not do a return receipt requested, it still does not invalidate service, especially where the defendant, as here, sought to evade service by refusing to sign the receipt and by sending it back as "unclaimed."

85. Moreover, the state court was the one who effected service on the defendant, through the sheriff.

86. Therefore, for the state court to invalidate service that was delivered by certified mailing to the defendant via the state court clerk office and the sheriff, due to a minor technicality of a receipt not being included in the return of service, would mean that the state court would invalidate its own effort to effect service, meaning that the state court would be ruling against itself.

87. Furthermore, the defendant forgets that the state court issued an order on 1-24-23 outlining how service was to be made, which stated:

> "Plaintiff shall provide to clerk's office completed summonses, copies of complaint and civil action cover sheet, and envelopes addressed to defendants by 2/10/2023 and the clerk's office will arrange for service by **certified mail**."

88. This state court order set the terms and grounds for service of process, which stated it must be done by certified mail (and nothing else).

89. Service as ordered by the state court is effective on its face.

90. Either way, the defendant acknowledges receipt of the mailing, which is what the service of process was intended to effectuate. NB: The intent of service of process is to ultimately ensure that the defendant receives notice of the lawsuit.

91. See Erickson v. Niles Co., 123 F.R.D. 2 (1988) Dec. 28, 1988 · United States District Court for the District of Massachusetts · No. 87-1279-S 123 F.R.D. 2, which states:

> "In its moving papers the defendant admits that it received the complaint, the summons and Form 18A, and that it forwarded them all to its insurance company, which apparently ignored them. In my opinion this case is controlled by *Morse v. Elmira Country Club,* 752 F.2d 35 (2d Cir.1984) and *Lee v. Carlson,* 645 F.Supp. 1430 (S.D.N.Y.1986) *aff'd* 812 F.2d 712 (2d Cir.1987). These cases hold that failure to comply with the requirements of Fed.R.Civ.P. 4(c)(2)(C)(ii) does not vitiate service where the defendant concedes that it received the complaint and summons. The provisions of the rule calling for the return of Form 18A and for alternative means of service if the defendant does not return Form 18A are for the purpose of establishing proof of service. Failure to comply with these provisions is cured by an admission that in fact the complaint and the summons were received."

92. Moreover, because service of process was ordered by the state court and effected by the state court, the service of process is valid.

93. It should be remembered that I initially sought to use a process server to serve process on the out of state defendant, but the state court denied that request. NB: I sought to use a process server through the state court in order to avoid this kind of problem because I knew that the defendants are shifty and disingenuous and seek to play games with service/service of process, and are bent on making disingenuous and frivolous bad faith arguments to skirt justice.

94. The defendant, who is a lawyer, has violated the rules of the state court and the rules of professional conduct by seeking to evade service and seeking to impede the fair administration of justice. In this instance, it appears that he wants to criticize the sheriff and the state court for how they effectuated service of process in this instance.

95. The state court ordered service of process to be done in a particular manner (by certified mail as arranged by the state court clerk's office). Service was effectuated according to the state court's order pertaining to service of process in the case. Service of process is therefore valid and not defective.

## V. DEFENDANTS INTENTIONALLY FLOUTED THE RESPONSE DEADLINE

96. The instructions on the state court summons state the following:

> You are being sued. The plaintiff named above has started a lawsuit against you. A copy of the plaintiff's complaint filed against you is attached to this summons and the original complaint has been filed in the Bristol Superior Court.

> You must respond to this lawsuit in writing in 20 days. If you do not respond, the court may decide the case against you and award the plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the plaintiff.

**Commonwealth of Massachusetts**

BRISTOL, ss.                     TRIAL COURT OF THE COMMONWEALTH
                                 SUPERIOR COURT DEPARTMENT
                                 CIVIL DOCKET NO. 2273 CV 00 430

ANDRE BISASOR , PLAINTIFF(S),                    BRISTOL,SS SUPERIOR COURT
                                                         FILED
v.
RUSSELL HILLIARD +
CRAIG DONAIS , DEFENDANT(S)                         MAY 15 2023

                         SUMMONS                 JENNIFER A. SULLIVAN, ESQ.
                                                   CLERK / MAGISTRATE

THIS SUMMONS IS DIRECTED TO RUSSELL HILLIARD . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Bristol Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1.  **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

97. The above does not give free license for the defendant to sit on his hands and not be diligent in preparing an answer or response and in meeting the applicable deadline as stated and ordered in the state court summons.

98. There is no grounds for the defendant to flout the deadline to answer the complaint or respond.

99. The case law in Massachusetts is very clear on this: "A party may not flout the twenty-day filing deadline of Mass.R.Civ.P. 12(a)(1)." See Cicchese v. Tape Time Corp., 28 Mass. App. Ct. 72, 75 (1989). See also Kenney v. Rust, 17 Mass. App. Ct. 699, 703 (1984)."

100.    The time had expired for the defendant to respond.

101.    I will be prejudiced if he is allowed to flout the rules with impunity.

102.    If the shoe were on the other foot, he would require the state court to dismiss my case if I had missed the state court's deadline regarding the state court's instructions for effectuating service of process. The defendant must be held to the same standard as the plaintiff would be.

103.    Moreover, the defendant had actual notice of this lawsuit from over a year ago, though it had not been yet formally served on him. In fact, the defendant, in or around June of 2022, cited my filings in Bristol superior court in another state court case. The defendant has been keeping track of this state court case via the online state court docket for Bristol superior court for about year. He had more than adequate time to prepare a response for this lawsuit. There is simply no excuse.

104.    I expended the necessary time and effort to ensure I met the state court's deadline for service of process. I then filed an amended complaint just before or on the deadline for him to respond to the original summons and complaint, and served it the same day, which gave him an additional 10 days to prepare a response.  The defendant himself is lawyer. He is also represented by counsel. He, more than anyone, knew or should have known the importance of a timely response to summons for a lawsuit. He

12

intentionally and willfully flouted the deadline to respond, taking the state court for granted. He did not even give a reason for missing the deadline to answer/respond. He simply flouted and disregarded the deadline to answer/respond. This kind of contumacious conduct is unacceptable and should not be rewarded by this court.

105.    See Mach v. Florida Casino Cruise, Inc., 187 F.R.D. 15 (1999) June 8, 1999, United States District Court for the District of Massachusetts, No. Civ.A. 98-11977-PBS 187 F.R.D. 15, which states:

> "Several factors militate in favor of the conclusion that default was willful. First, even if Florida Casino had been correct that the service of plaintiffs' Second Amended Complaint was not proper, it never attempts to explain — or even address — its failure to respond to plaintiffs' First Amended Complaint. Second, there is no evidence that Florida Casino did not receive the Second Amended Complaint. Third, by admitting proper service of the First Amended Complaint, defendant admits that it had notice of both the TRO and the hearing on plaintiffs' motion for preliminary injunction on November 10, 1998, at which it did not appear. Fourth, defendant defaulted in the Florida actions. Accordingly, the facts support an inference of willful default by defendant."

106.    The defendant's inordinate delay should not be countenanced by this court.

107.    The defendant was therefore already in default by 5/22/23, which was more than 10 days (14 days) after the amended complaint was served on the defendant on 5/8/23.

## VI. DEFENDANTS DID NOT ASK FOR AN EXTENSION

108.    Hilliard has known of this lawsuit since June 2022. He sat on this information for about a year, and neglected to prepare a defense in response.

109.    The defendant did not reach out to me, nor sought to confer with me. This is even though I had inquired who Hilliard's lawyer was, with another defendant.

110.    The defendant did not enter an appearance in state court and ask the state court for an extension prior to the deadline to answer/respond becoming expired. The defendant did not ask me either. The first I heard from the defendant, or his counsel, was on 5/23/23, after he filed this opposition to my initial 5/22/23 motion for default. This is not acceptable. The rules are not a suggestion and the time requirements to respond to a summons and complaint is not an opinion or a joke. It is to be adhered to. The defendant, by his own admission, failed to meet the deadline to answer/respond.

111.    The specious hyper-technical arguments offered by the defendant are unavailing and, in any event, do even attempt to explain the neglect in filing a timely response, even though he admits that he received the summons and complaint (and amended complaint) from the sheriff, in a timely manner. There is simply no excuse for missing the deadline to answer or respond to the service of process.

112.    The defendant should be held to the rules, same as I would be if the shoes were on the other foot.

113.    The defendant used the service of the amended complaint to give himself extra time of 10 days (since his answer would have been due on 5/4/23 due to the original complaint being served on him on 4/14/23 (which was 20 days earlier). But now he wants to disavow the service of the amended complaint as being invalid (in pure bad faith). Yet, if he doesn't acknowledge the amended complaint as validly served, then why did he not respond to the original complaint by 5-4-23, which was 20 days after service of the original complaint and summons? He ither never intended to respond to the original summons at all and thus would be in default, or he used the service of the amended complaint to buy himself extra time to respond, of 10 days more than the initial 20 days required. Either way, he is in default as of 5/22/23. My motion for default filed in state court on 5/22/23 correctly captured the fact that the defendant was in default and is in default. The initial motion for default should have been allowed initially by the state court.

114.    This court should not allow the defendant further extra time to file an answer or response to the summons and complaint. He had this a year now. He was initially served process with summons and original complaint since 4-14-23. The defendant sat on the summons and original complaint for over a month. The defendant then got additional time from the served amended complaint.

115.    The defendants cannot use an opposition to request extensions.

116.    The defendants still have not filed any answer or response to the complaint or amended complaint to this day whether in state court or in this court, which is over 20 days late and thus he has been in default for over 20 days (about 24 days).

117.    Default is therefore proper in accordance with Rule 55(a). This court should not let the defendant off the hook because he is a lawyer. If anything, this court should look on the fact that he is a lawyer (and an experienced one at that) as an aggravating factor in deciding this renewed motion to enter default. The defendant should then be required to file a motion to remove default and explain to this court why he failed to meet the deadline to answer/respond. This should be done in a hearing before this court, where this court, based on First Circuit guidance, can ascertain whether the default was willful; whether setting it aside would prejudice the plaintiff; whether there is a meritorious defense presented; the nature of the defendant's explanation for the default; the good faith of the parties; the amount of money involved; and the timing of the motion [to set aside entry of default].

118.    This court should treat this as a very serious mater, as serious as this court would treat a motion to dismiss. Moreover, this motion should take precedence before any possible subsequent motion to dismiss is heard or adjudicated, were one to be filed by the defendant at some point.

## VII. PATTERN OF BAD FAITH ATTEMPT TO EVADE SERVICE OF PROCESS

119.    It should be noted that the defendants have done this kind of thing before, in particular defendant Donais, in cahoots with Hilliard. This is a pattern of bad faith and of flouting the rules regarding the duty to not evade service of process, or to not make bad faith disingenuous or misleading arguments to a court in order to skirt justice, by the defendants. This is shown in the very amended complaint that I filed in state court on 5/4/23.

120.    The refusal of service is bad faith.

121.    The evasion of service is bad faith.

122.    Using the refusal and evasion of service to try to defeat service is more bad faith. It is also disingenuous and violates the rules of candor to the court.

## VIII. SPECIFIC RESPONSE TO DEFENDANT'S INITIAL OPPOSITION TO INITIAL MOTION FOR DEFAULT IN STATE COURT

123.    The defendant filed an opposition to my motion for default in the state court prior to the filing of the renewed motion for default in state court (which was pending at the time of removal). There has been no opposition yet filed to the renewed motion for default (that was pending in state court prior to removal) whether in state court or in this court.

124.    My response to that initial opposition to my first motion to default in state court is outlined below, in order this court have further context and background to the developments in state court leading up to the re-filing of a renewed motion for default in this court. See below.

125.    Paragraph 1 of Defendant Hilliard's initial state court opposition to my initial state court motion for default states: *"Plaintiff initially filed this lawsuit on June 20, 2022 (over 11 months ago). Since that time, Plaintiff moved no less than five times to extend the time period in which he could serve the Complaint. See Docket at File Ref. Nbrs. 6, 9, 10, 11, and 12."*

    a.    The state court reasonably granted extensions including with regard to the challenges with serving process to out of state defendants under the indigency waiver.

    b.    The case was filed on 6/18/22. Initial deadline was 90 days due on or about 9/20/22. The first motion to extend time to serve process was filed on or about 9/19/22 pursuant to the indigency

laws of the state which supersedes the normal considerations regarding how service of process is to be made and how it is to be paid for.

c. The state court took time to figure out how to effectuate service of process to out of state defendants under the indigency law. This resulted in two more motions seeking compliance with the indigency laws, which were allowed, and which clarified that service of process was being ordered by the state court to be effectuated by only certified mail to be arranged by the state court clerk's office.

d. The third request was made pursuant to medical necessity due to a major procedure requiring several months of recovery, which was allowed.

e. The fourth request to extend time was denied and the fifth request was a motion to reconsider the fourth request, due to a lack of clarity as to the state court's instruction regarding the date of delivery of materials to the state court clerk's office versus the deadline to serve process. This request was granted by one week and clarified that the state court's instruction was only regarding the date of delivery of materials to the state court clerk's office, which was not the deadline to serve process.

f. NB: None of the above (in which the defendant recounts the number of extensions to the deadline for service of process in state court) is relevant to deadline for the defendant to respond to the service of process that the defendant received. This is nothing but an attempt to deflect from the defendant's failure to meet the response deadline, for which he has offered no excusable neglect.

126.   Paragraphs 1 and 2 of Defendant Hilliard's initial state court opposition to my initial state court motion for default states: *"On May 4, 2023, Plaintiff filed an Amended Complaint, adding new causes of action and new defendants (Donais Law Offices, PLLC; Upton and Hatfield, LLP; and Mary K. Donais). Plaintiff filed a purported return of service for the Amended Complaint for Mr. Hilliard on May 15, 2023. See Docket at File Ref. Nbr. 18 and Exhibit A hereto. However, the "return of service" is a copy of an envelope with a mailing date of May 8, 2023, not a service date of May 8, 2023."*

g. Contrary to the defendant's assertion, I did not file the return of service for the Amended Complaint for Mr. Hilliard on May 15, 2023. The sheriff's office did.

h. The defendant has misstated the law. According to the rules, service is complete upon mailing. See MCRP 5(b) which states: "Service by mail is complete upon mailing."

i. Thus, the defendant has intentionally misstated the rule and the law.

j. This is done intentionally to try to "get over" on the state court.

k. The defendant and his counsel know the state court rules of procedure, but they evidently seek to intentionally twist and torture the rule to try to get the state court to turn a blind eye to their utter willful failure to respond by the deadline to answer/respond.

127.   Footnote 1 of Defendant Hilliard's initial state court opposition to my initial state court motion for default states: *"Mr. Hilliard intends to challenge this Court's jurisdiction over him and does not waive any defenses, including but not limited to personal jurisdiction, by filing this document."*

l.  Hilliard cannot challenge personal jurisdiction after the deadline to answer/respond, and after he is in default. The time to do that was before or by the deadline to answer/respond. By their own admission, the defendant failed to comply with the answer/response deadline. The defendant is in default and default should properly enter. If they want to move to remove default, the procedure for doing so must be followed as prescribed by rule.

m. Also, Hilliard has effectively waived personal jurisdiction when he failed to answer/respond by the deadline.

128.   Paragraph 3 of Defendant Hilliard's initial state court opposition to my initial state court motion for default states: *"Bisasor appears to have attempted to serve Mr. Hilliard – a New Hampshire resident– under the procedure set forth in Mass. R. Civ. P. 4(e)(3) ("When any statute or law of the Commonwealth authorizes service of*

*process outside the Commonwealth, the service shall be made by delivering a copy of the summons and of the complaint: (3) by any form of mail addressed to the person to be served and requiring a signed receipt.") (emphasis added)."*

    n. This is not correct.

    o. I did not attempt *"to serve Hilliard – a New Hampshire resident– under the procedure set forth in Mass. R. Civ. P. 4(e)(3)".* It was the state court through the sheriff that served Hilliard.

    p. Also, the service of process was made according to the state court's 1-24-23 order.

129.     Paragraph 4 of Defendant Hilliard's initial state court opposition to my initial state court motion for default states: *"The "return of service" attached as Exhibit A does not contain any signed receipt, as required by Mass. R. Civ. P. 4(e)(3). Accordingly, Mr. Hilliard has not been served with the Amended Complaint.2 Plaintiff's Motion for Entry of Default also has not been served on Mr. Hilliard."*

    q. The service of the motion for default was served by mail on Hilliard[4]. But even if it were not, it is not required for a motion for entry of default. I did not hear from the defendant until after I filed the motion for default. This suggests that he received the motion for default. Otherwise, how did he know to oppose it?

130.     Footnote 2 of Defendant Hilliard's initial state court opposition to my initial state court motion for default states: *"Mr. Hilliard also notes that the return of service for the original Complaint likewise does not contain a "signed receipt" and as such, because the Complaint has not been served on Mr. Hilliard as required by the Rules of Civil Procedure, the 10-day period cited by Mr. Bisasor in Mass. R. Civ. P. 15 for responding to an Amended Complaint does not apply. See Docket at File Ref. Nbr. 16 and Exhibit B hereto."*

    r. This has been addressed previously.

    s. The summons and original complaint was served by the sheriff. It was served pursuant to the state court's direction and order. Service of the complaint is thus valid.

    t. The lack of inclusion of a signed receipt in the sheriff's return of service does not vitiate the validity of service especially where the defendant has admitted that he received the summons and complaint.

    u. As demonstrated by the evidence outlined in this document, this statement by the defendant above is a completely bad faith frivolous argument and warrants sanctions under Rule 11.

131.     Paragraph 5 of Defendant Hilliard's initial state court opposition to my initial state court motion for default states: *"To the extent that the Court deems Mr. Hilliard to have been served with the Complaint and enters Plaintiff's Motion for Default, Mr. Hilliard moves pursuant to Mass. R. Civ. P. 55(c) for an order (1) setting aside any Mass. R. Civ. P. 55(a) entry of default entered against him; (2) permitting Mr. Hilliard to appear; and (3) extending the deadline for Mr. Hilliard to file a responsive pleading to June 13, 2023. As grounds, Mr. Hilliard reiterates the above facts and states that he has meritorious defenses; there will be no substantial prejudice to any of the non-defaulted parties by the allowance of the instant motion; and courts universally favor trials on the merits. WHEREFORE, Mr. Hilliard respectfully asks this Court to deny Plaintiff's Motion for Default against Mr. Hilliard; and to the extent a default may be entered, moves the court for an order pursuant to Mass. R. Civ. P. 55(c) setting aside any entry of default against him, permitting Mr. Hilliard to appear, and extending the responsive pleading deadline to June 13, 2023, along with any other relief the Court deems appropriate."*

    v. The defendant cannot move to remove a default in an opposition. It must be filed separately as a motion, allowing me a proper opportunity to respond under rule 9A in state court. This violated Rule 9A of the state court procedure, and must not be countenanced by this court.

    w. This is totally improper and shows a total disregard for the rules.

    x. The defendant cannot move to remove a default before it is entered. This is totally improper.

    y. The defendant can only oppose the entry of default and if one is entered, then seek to remove the default with the attendant hearing required.

---

[4] The motion for default was also served by email on May 23, 2023, once I received the contact information for defense counsel.

z.   I must be given the opportunity to argue against removal of default at a hearing as required. The defendant was intent on trying to seduce the state court into violating its own rules. This is not proper.

aa.  Similarly, the defendant cannot move for an extension of time to file a response in an opposition to a motion to enter default. He must do so separately as a motion under rule 9A so that I can have a proper chance to oppose under Rule 9A. This is totally improper and shows a total disregard of the rules.

bb.  The defendant should have presented his defenses in a timely response. Even now, there has been no response. Also, there has been no valid or proper motion for an extension of the deadline.

cc.  Any defenses he has can be presented at a hearing on removing the default and/or in a default judgment hearing.

dd.  Courts favor timely response to a summons and complaint. Courts routinely default defendants for failure to respond timely. In this case, it was also willful and not inadvertent. There was no mistake or misfortune involved in the failure to timely respond. There was no excusable neglect. If there was, he would have stated it in the initial opposition. But he did not, because there is none.

ee.  The request to extend the deadline after the fact is unreasonable and would prejudice me. There are also possible statute of limitations implications that could harm me if the deadline is so extended. The court should not extend the deadline and thus hold the defendant accountable.

ff.  The amended complaint lays out a series of acts where the defendant has flouted the rules and tried to game the system. The defendant has been contumacious and defiant of state court authority and rules. Defendant Donais, in cahoots with Hilliard, has lied to other courts in an endeavor to avoid service. Here, they are doing it again. This is now a pattern of conduct that must stop. Enough is enough.

## IX. REQUEST FOR ORAL ARGUMENT AND HEARING

gg.  I hereby request oral argument and a hearing on this motion. I believe a hearing is important to further establish the grounds for default. I also request that this motion be heard and adjudicated prior to any response or motion of the defendant Hilliard to the summons and complaint should he file one at some point later (including any possible motion to dismiss if one is subsequently filed). This motion should take precedence over any subsequent response or motion by the defendant Hilliard.

## X. CONCLUSION

132.    WHEREFORE, I the plaintiff respectfully request that this Court grant this re-filed renewed motion for default (that was also pending in state court before removal), or such further relief as is reasonable and just.

**SIGNED UNDER PAINS AND PENALTIES OF PERJURY**

Respectfully submitted,
Andre Bisasor
/s/andre bisasor
679 Washington Street, Suite # 8206
Attleboro, MA 02703

Date: June 15, 2023

17

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing was/will be served upon all parties/counsel of record.

_____/s/ andre bisasor__
ANDRE BISASOR
679 Washington Street, Suite # 8—206,
Attleboro, MA 02703

**<u>CERTIFICATION OF NOTICE TO DEFENDANT OF RE-FILED MOTION</u>**

The defendant already received notice of this issue in state court and received a copy of the renewed motion to enter default against defendant Hilliard filed in state court, prior to removal. The renewed motion to enter default against defendant Hilliard was first filed in state court prior to removal and is now being re-filed in this court, pursuant to this court's instructions. Because it is being re-filed in this court, it is presumed that conference is not required for the re-filing of this motion that was already filed in state court prior to removal.

_____/s/ andre bisasor__
ANDRE BISASOR
679 Washington Street, Suite # 8—206,
Attleboro, MA 02703