UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANDRE BISASOR,<br>    Plaintiff,<br><br>vs.<br><br>CRAIG S. DONAIS, RUSSELL F.<br>HILLIARD, DONAIS LAW OFFICES<br>PLLC, UPTON AND HATFIELD LLP,<br>and MARY K. DONAIS,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:23-cv-11313-WGY<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS RUSSELL F. HILLIARD'S AND UPTON & HATFIELD, LLP'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER TO DISTRICT OF NEW HAMPSHIRE**

**INTRODUCTION**

This Court lacks personal jurisdiction over Defendants Russell F. Hilliard ("Hilliard") and his employer, Upton & Hatfield, LLP ("Upton & Hatfield"), as there are no contacts with the Commonwealth of Massachusetts to support jurisdiction. The majority of the events alleged in the Amended Complaint took place in New Hampshire, and five of the six parties are "at home" in New Hampshire. If the Court finds personal jurisdiction, it should nonetheless dismiss the case on the grounds that this Court is the improper venue (Fed. R. Civ. P. 12(b)(3)). The Court may also dismiss the Complaint on other grounds as raised below – under the "litigation privilege" or Mass. Gen. Laws c. 59H – as all claims arise out of Hilliard's and Upton & Hatfield's representation of co-defendant Craig Donais in prior litigation with the Plaintiff.[1] Alternatively, Hilliard and Upton & Hatfield request the Court transfer the case to the District of New Hampshire pursuant to 28 U.S.C. §1404(a).

---

[1] The Amended Complaint does not appear to allege any direct claims against Upton & Hatfield other than that it is vicariously liable for the actions of Mr. Hilliard. *See* Amended Complaint at ¶¶351-354.

Plaintiff's Amended Complaint alleges the following claims against Hilliard and Upton & Hatfield: Defamation Per Se/Libel Per Se (Count 1), Defamation/Libel of Private Citizen (Count 2), False Light Invasion of Privacy (Count 3), Aiding and Abetting Defamation (Count 4), Tortious Interference with Advantageous Relations (Count 5), Intentional Infliction of Emotional Distress (Count 8), Civil Conspiracy (Count 9), Abuse of Process (Count 10), and Racial Harassment & Retaliation in Violation of Federal Civil Rights Statute 42 U.S.C. § 1981 (Count 13). The crux of all claims against Hilliard arise from his legal representation of Donais in matters initiated by or involving the Plaintiff. *See Amended Complaint* at ¶¶ 539-554. As further detailed below, Plaintiff's general statements about Hilliard's unrelated connections to Massachusetts are insufficient to confer personal jurisdiction over him. Jurisdictional issues aside, as all Defendants are New Hampshire residents and pertinent events occurred there, this can and should be dismissed under Fed. R. Civ. P. (b)(3) or transferred to the District of New Hampshire pursuant to 28 U.S.C. §1404(a). There are several more reasons that all claims against Hilliard and Upton & Hatfield should be dismissed, including under Mass. Gen. Laws c. 59H or the "litigation privilege," as all claims arise out of Hilliard's and Upton & Hatfield's representation of co-defendant Craig Donais in prior litigation with the Plaintiff, and related protected petitioning activity.

## ARGUMENT

I.    **The Court Should Dismiss This Action Because It Lacks Personal Jurisdiction Over Mr. Hilliard and Upton & Hatfield.**

This Court lacks personal jurisdiction over Hilliard, a New Hampshire resident, and Upton & Hatfield, a New Hampshire-based law firm. Plaintiff "bears the burden to establish that specific jurisdiction exists" over the defendant. *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016). "Under this standard, the inquiry is whether [the plaintiff] has proffered evidence which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction." *Id*.

(quotation marks omitted). The Court need not "credit conclusory allegations or draw farfetched inferences." *Ticketmaster-N.Y., Inc. v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994).

Where a matter has been brought before the Court based on diversity jurisdiction, the district courts acts as "the functional equivalent of a state court sitting in the forum state." *Id.* at 204. This Court has personal jurisdiction over Hilliard and Upton & Hatfield only if Plaintiff "meet[s] the requirements of both the Massachusetts long-arm statute and the Due Process Clause of the Fourteenth Amendment." *Cossart v. United Excel Corp.*, 804 F.3d 13, 18 (1st Cir. 2015).

### A. The Massachusetts Long-Arm Statute Fails to Confer Personal Jurisdiction Over Hilliard and Upton & Hatfield.

"The Massachusetts long-arm statute enumerates eight specific grounds on which a nonresident defendant may be subjected to personal jurisdiction by a court of the Commonwealth." *SCVNGR, Inc. v. Punchh, Inc.*, 478 Mass. 324, 329 (Mass. 2017) (citing Mass. Gen. Laws ch. 223A, § 3). A Massachusetts court may exercise personal jurisdiction over a nonresident "when some basis for jurisdiction enumerated in the statute has been established." *Good Hope Indus., Inc. v. Ryder Scott Co.,* 378 Mass. 1, 6 (1979). "A plaintiff has the burden of establishing facts to show that the ground relied on under [M.G.L. c. 223A] § 3 is present." *Tatro v. Manor Care, Inc.,* 416 Mass. 763, 767 (1994). In addition, "[i]f the literal requirements of the statute are satisfied, it also must be established that the exercise of jurisdiction under State law [is] consistent with basic due process requirements mandated by the United States Constitution." *Id.* (quotation marks omitted). Plaintiff's Amended Complaint fails to justify this Court exercising personal jurisdiction over Hilliard and Upton & Hatfield.

The long-arm statute lists eight potential grounds for the exercise of personal jurisdiction:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

(a) transacting any business in this commonwealth;

(b) contracting to supply services or things in this commonwealth;

(c) causing tortious injury by an act or omission in this commonwealth;

(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth;

(e) having an interest in, using or possessing real property in this commonwealth;

(f) contracting to insure any person, property or risk located within this commonwealth at the time of contracting;

(g) maintaining a domicile in this commonwealth while a party to a personal or marital relationship out of which arises a claim for divorce, alimony, property settlement, parentage of a child, child support or child custody; or the commission of any act giving rise to such a claim; or

(h) having been subject to the exercise of personal jurisdiction of a court of the commonwealth which has resulted in an order of alimony, custody, child support or property settlement, notwithstanding the subsequent departure of one of the original parties from the commonwealth, if the action involves modification of such order or orders and the moving party resides in the commonwealth, or if the action involves enforcement of such order notwithstanding the domicile of the moving party.

Mass. Gen. Laws ch. 223A, § 3. The last four grounds are inapplicable here—Hilliard and Upton & Hatfield have no interest in real property in Massachusetts (e), have not contracted to insure anyone or anything in Massachusetts (f), have no domicile in Massachusetts (g), and are not subject to an alimony or child support order (h)—and do not warrant further discussion. That leaves subsections (a)–(d).

4

**1. Hilliard and Upton & Hatfield have neither transacted business (§ 3(a)) nor contracted to provide services (§ 3(b)) in Massachusetts related to the claims.**

To establish personal jurisdiction under Section 3(a), Bisasor must demonstrate that Hilliard and Upton & Hatfield transacted business in Massachusetts and his claims arise out of that transaction. *Id.*; *Good Hope Indus.*, *Inc. v. Ryder Scott Co.,* 389 N.E.2d 76, 82 n.17 (Mass. 1979). "The 'transacting business' test under section 3(a) is designed to identify deliberate, as distinguished from fortuitous, contacts with the forum by the nonresident party, with a view to determining whether the possible need to invoke the benefits and protections of the forum's laws was reasonably foreseeable...." *Lyle Richards Int'l, Ltd. v. Ashworth, Inc.*, 132 F.3d 111, 112-13 (1st Cir. 1997) (internal citations and alterations omitted) (quoting *Good Hope Indus.*, 389 N.E.2d at 82)). The transacting business test focuses on "whether the defendant attempted to participate in the commonwealth's economic life." *Roy v. FedEx Ground Package Sys., Inc*., No. 3:17-CV-30116-KAR, 2018 WL 2324092, at *5 (D. Mass. May 22, 2018).

As detailed in the Amended Complaint, Hilliard is a New Hampshire attorney and Upton & Hatfield is a New Hampshire-based law firm. Bisasor attempts to confer jurisdiction by noting that Hilliard has appeared in Massachusetts courts *pro hac vice* in matters unrelated to anything to do with Bisasor. Such argument fails to confer jurisdiction under section 3(a) because none of the appearances were connected to Bisasor's causes of action. *See Massachusetts School of Law at Andover v. American Bar Ass'n*, 959 F. Supp. 36 (D. Mass. 1997) (jurisdiction does not exist under sections 3(a) and 3(c) of the Massachusetts Long-Arm Statute where defendants had no contacts with Massachusetts that were connected with plaintiff's causes of action). Hilliard last appeared *pro hac vice* in Massachusetts courts in a matter that concluded in 2018 and was unrelated to Mr. Bisasor.

*See* Exhibit 1, Declaration of Russell F. Hilliard. He has not appeared on behalf of Mr. Donais in Massachusetts and all of his communications with Mr. Bisasor have been regarding matters brought by him against Mr. Donais in New Hampshire. *Id.*

Bisasor fails to establish that Hilliard and Upton & Hatfield have contacts with Massachusetts sufficient to support personal jurisdiction under M.G.L. c. 223A, § 3(a) or (b).

### 2. Hilliard and Upton & Hatfield have not caused tortious injury by an act or omission in Massachusetts (§ 3(c)).

Bisasor has not alleged that Hilliard or Upton & Hatfield committed any act or omission in Massachusetts that gave rise to his alleged injuries. Any actions taken in other matters in Massachusetts were not connected to Bisasor and cannot be a basis to confer personal jurisdiction under section 3(c). *Id.*

### 3. Hilliard and Upton & Hatfield do not regularly do or solicit business in Massachusetts (§ 3(d)).

That leaves the possibility that Hilliard "caus[ed] tortious injury in [Massachusetts] by an act or omission outside [Massachusetts] if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in [Massachusetts]." That is not the case here. The Amended Complaint notes that Hilliard is not a licensed attorney in Massachusetts and has only appeared *pro hac vice* a handful of times. *See* Exhibit 1, Declaration of Russell F. Hilliard. As such, this is not enough to satisfy the burden of proving that Hilliard (and as a result of being vicariously liable, Upton & Hatfield) regularly conduct or engage in business in Massachusetts. *See Cunningham v. Ardrox, Inc.*, 40 Mass. App. Ct. 279, 282 (1996) ("While manifestations, effects,

and consequences of an out-of-State injury may be experienced in Massachusetts, they do not constitute 'injury in this commonwealth' within the meaning of §3(d).").

Because there is no personal jurisdiction under the long-arm statute, the Court's analysis need go no further. *See Morrill v. Tong*, 390 Mass. 120, 133, 453 N.E.2d 1221 (1983) (having concluded that the long-arm statute does not provide a basis for personal jurisdiction, "we need not inquire into the constitutional constraints on the exercise of jurisdiction under the statute."). However, as detailed *infra*, the Due Process Clause of the U.S. Constitution also prevents a finding of personal jurisdiction.

### B. Exercise of personal jurisdiction over Hilliard and Upton & Hatfield would violate due process.

Even if the requirements of the long-arm statute were met, the exercise of personal jurisdiction in this case would violate the Due Process Clause of the U.S. Constitution. Due process requires that the defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). Bisasor bears the burden of establishing the minimum contacts necessary to support a district court's jurisdiction, and cannot simply rest on the bare allegations in his complaint. *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008).

There are two types of personal jurisdiction: general, or all-purpose jurisdiction, and specific, or case-linked jurisdiction. *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011). General jurisdiction permits jurisdiction over a defendant even when the claims at issue do not arise from or relate to activity in that forum. *Burger King Corp. v. Rudzewicz*, 471

U.S. 462, 473 n.15 (1985). Specific jurisdiction "is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Id.*

There is no basis for general jurisdiction over Hilliard and Upton & Hatfield in Massachusetts, as general jurisdiction over a defendant requires that "their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 564 U.S. at 919 (quoting *Int'l Shoe Co.*, 326 U.S. at 317). Plaintiff has not suggested that Hilliard or Upton & Hatfield have continuous and systematic ties to Massachusetts that are sufficient to render them essentially at home here. Plaintiff admits Hilliard is not a Massachusetts resident (Amended Complaint ¶ 78). The scant allegations tying Hilliard to Massachusetts, which if credited boil down to appearing *pro hac vice* in unrelated matters, graduating from law school in Massachusetts, and allegedly unrelated conduct (Amended Complaint ¶¶ 122-128), are not "substantial" and "continuous and systematic" within that state to justify general personal jurisdiction.

Nor is there a basis for the exercise of specific jurisdiction. This Court may only exercise specific personal jurisdiction over Hilliard and Upton & Hatfield consistent with due process if (a) the claims underlying the litigation directly arise out of, or relate to, their Massachusetts activities; (b) they purposefully availed themselves of the privilege of conducting activities in Massachusetts, thereby invoking the benefits and protections of Massachusetts' laws and making its presence before a Massachusetts court foreseeable; and (c) the exercise of jurisdiction is reasonable in that it comports with fair play and substantial justice. *See Phillips,* 530 F.3d at 27. These requirements are not met.

8

**1. The Purposeful Availment Requirement is not met.**

Hilliard and Upton & Hatfield have not purposefully availed themselves of the privilege of conducting activities in Massachusetts. The two cornerstones of the "purposeful availment" requirement are foreseeability and voluntariness. *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 207-208 (1st Cir. 1994). "The function of the purposeful availment requirement is to assure that jurisdiction is not premised solely upon a defendant's random, isolated, or fortuitous contacts with the state." *Sawtelle v. Farrell*, 70 F.3d 1381, 1391 (1st Cir. 1995) (citations and internal quotations omitted). There is no specific jurisdiction over Hilliard and Upton & Hatfield because there is no "demonstrable nexus between [the] plaintiff's claims and [the] defendant's forum-based activities, such as when the litigation itself is founded directly on those activities. *Mass. Sch. of Law at Andover, Inc.*, 142 F.3d at 24 (internal citations omitted). "The evidence produced to support specific jurisdiction must show that the cause of action either arises directly out of, or is related to, the defendant's forum-based contacts." *Harlow v. Children's Hosp.*, 432 F.3d 50, 60-61 (1st Cir. 2005). As such, this "requires a showing of a material connection" and that "the defendant's [Massachusetts-based] conduct must form an 'important or [at least] material element of proof' in the plaintiff's case." *Id.*, quoting *United Elec. Radio, and Mach. Workers of Am. v. 163 Pleasant St. Corp.* 960 F.2d 1080, 1089 (1st Cir. 1992).

Plaintiff cannot satisfy this showing as to the first element. There are no allegations that any of Hilliard's conduct in Massachusetts relate to any of the claims advanced against him by Plaintiff. The general claims in the Amended Complaint are that Hilliard may have appeared *pro hac vice* in other matters in Massachusetts, graduated from law school in Massachusetts (Hilliard received an L.L.M. from Boston University but received his law degree from a school outside the Commonwealth of Massachusetts (Exhibit 1, Declaration of Russell F. Hilliard), and other alleged unrelated conduct (Amended Complaint ¶¶ 122-128). The alleged actions of Hilliard (and Upton & Hatfield) that harmed Plaintiff substantially took place in New Hampshire and are unrelated to any of

his Massachusetts-based contacts. Therefore, there is no specific jurisdiction for this matter in Massachusetts.

### 2. The Relatedness Requirement is not met.

Because Hilliard and Upton & Hatfield have had no material contacts with Massachusetts, the relatedness analysis follows the same logic: the claims against Hilliard and Upton & Hatfield do not arise out of or relate to their contacts with Massachusetts, because there are no such material contacts. *See Callahan v. Harvest Bd. Int'l, Inc.,* 138 F. Supp. 2d 147, 160 (D. Mass. 2001) (quoting *Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 290 (1st Cir. 1999)) ("'[T]he action must directly arise out of the specific contacts between the defendant and the forum state.'"). Hilliard has not availed himself of the privilege of conducting activities within Massachusetts to invoke the benefits and protections of its laws. Hilliard is not licensed to practice law in Massachusetts. *See* Exhibit 1, Declaration of Russell F. Hilliard. Instead, Plaintiff attempts to justify jurisdiction based on his appearance in matters *pro hac vice*, and those appearances are overstated. *Id.* Courts have routinely rejected arguments that a license to practice law in a state automatically confers jurisdiction in that state, and as such, the same logic should apply when an attorney is not licensed in the state but appears *pro hac vice* in matters unrelated to the claims of Plaintiff. *See Eastboro Found. Charitable Trust v. Penzer*, 950 F. Supp. 2d 648, 655-56 (S.D.N.Y 2013), citing *Mangia Media Inc. v. Univ. Pipeline, Inc., 846 F. Supp. 2d 319, 323 (E.D.N.Y. 2012)* ("Plaintiff cites no authority for the broad exercise of general jurisdiction over each and every member of the Bar of this State."); *Lans v. Adduci Mastriani & Schaumberg L.L.P., 786 F. Supp. 2d 240, 284 n.29 (D.D.C. 2011)* ("[I]t has been widely held that membership in a state Bar does not have any impact on the jurisdictional analysis." (collecting cases)); *Worthington v. Small, 46*

*F. Supp. 2d 1126, 1134 (D. Kan. 1999)* ("In short, other than maintaining his Kansas law license, defendant has had very few contacts with Kansas in recent years. These limited contacts are not sufficiently 'continuous and systematic' to enable this court to exercise general jurisdiction over defendant.").

### 3. The Reasonableness Requirement is not met.

Finally, exercise of personal jurisdiction is not reasonable in this case. Whether this Court's exercise of jurisdiction would be reasonable depends on the following factors:

(1)    the defendant's burden of appearing [in the forum state],

(2)    the forum state's interest in adjudicating the dispute,

(3)    the plaintiff's interest in obtaining convenient and effective relief,

(4)    the judicial system's interest in obtaining the most effective resolution of the controversy, and

(5)    the common interest of all sovereigns in promoting substantive social policies.

*Roy*, 2018 WL 2324092, at \*10; *see also Baskin-Robbins Franchising, LLC v. Alpenrose Dairy, Inc.,* 825 F.3d 28, 40 (1st Cir. 2016). The court's "appraisal of these factors operates on a sliding scale: 'the weaker the plaintiff's showing on the first two prongs (relatedness and purposeful availment), the less a defendant need show in terms of unreasonableness to defeat jurisdiction.'" *Baskin-Robbins*, 825 F.3d at 40 (quoting *Ticketmaster*, 26 F.3d at 210. Hilliard's and Upton & Hatfield's showing on purposeful availment and relatedness is decisive, so the reasonableness factors are of secondary importance.

That said, the exercise of personal jurisdiction over Hilliard and Upton & Hatfield would be unreasonable and would not comport with basic notions of fair play and substantial justice. It would impose a substantial burden on them to have to defend litigation in Massachusetts despite

11

none of the facts giving rise to the alleged injuries caused by them occurring them. While Plaintiff is a Massachusetts resident, given that appears to be the only tie to Massachusetts, Massachusetts should not have a particular interest in adjudicating this dispute. Nor does Bisasor's interest in obtaining convenient and effective relief against Hilliard, or the judicial system's interest in obtaining the most effective resolution of the controversy, require that it do so in Massachusetts. And the interest of the relevant sovereigns in promoting substantive social policies would be best served by deciding this dispute in a New Hampshire court, not one in Massachusetts.

## II.     This Action Should Be Dismissed Pursuant To Fed. R. Civ. P. 12(b)(3) For Improper Venue

Co-Defendants Craig Donais, Mary Donais, and Donais Law Offices advance an identical argument that Hilliard and Upton & Hatfield can make regarding improper venue, and as such that argument is incorporated herein to the extent not directly stated. *See* Doc. no. 8 at pp. 11-12. The Court looks to the entire sequence of events, not just a single "triggering event" to determine if venue is proper. *Clinton-Brown v. Hardick*, 2021 WL 1427635 *4 (D. Mass. April 15, 2021); *quoting Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001). Here, because all defendants reside in New Hampshire (plus most witnesses), and the bulk of the voluminous allegations relate to New Hampshire, venue is proper there and not in Massachusetts. As such, dismissal under Fed. R. Civ. P. 12(b)(3) is appropriate.

## III.    The Litigation Privilege Protects Hilliard and Upton & Hatfield From any Claims and for any Statements Hilliard made related to Prior Proceedings in which he Represented Craig Donais Against Bisasor.

12

The Amended Complaint states throughout its lengthy allegations that the alleged damages caused by Hilliard arise out of his prior representation of Craig Donais in matter regarding Bisasor. *See Amended Complaint*, generally, and specifically ¶ 77 ("Hilliard . . . is an attorney who . . . represents Craig Donais."). Even if the damages allegations are true (which Hilliard and Upton & Hatfield deny), the litigation privilege precludes Bisasor's causes of action against Hilliard and his firm, Upton & Hatfield.

The litigation privilege generally precludes civil liability based on statements by counsel "preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of the judicial proceeding" that relate to that proceeding. *Sriberg v. Raymond*, 370 Mass. 105, 108-109 (1976) (emphasis added). When the privilege applies, its protections are absolute. *See Correllas v. Viveiros*, 410 Mass. 314, 320 (1991). The absolute litigation privilege is based on "[t]he public policy of permitting attorneys complete freedom of expression and candor in communications in their efforts to secure justice for their clients." *Sriberg*, 370 Mass. at 108; *see also Mack v. Wells Fargo Bank, N.A.*, 88 Mass. App. Ct. 664, 667-668 (2015); *Sullivan v. Birmingham*, 11 Mass. App. Ct. 359, 361 (1981), *quoting from* Restatement (Second) of Torts § 586, comment a (1977) ("The privilege stated in this Section is based upon a public policy of securing to attorneys as officers of the court the utmost freedom in their efforts to secure justice for their clients"), and § 587, Comment a (1977) ("The privilege stated in this Section is based upon the public interest in according to all men the utmost freedom of access to the courts of justice for the settlement of their private disputes"). "At its core the litigation privilege is intended to protect participants in judicial proceedings from actions for defamation based on 'statements' they

made preliminary to or during the proceedings. *Gillette Co. v. Provost*, 91 Mass. App. Ct. 133, 140–41 (2017), *citing Sriberg*, 370 Mass. at 108-109. "A non-defamation claim can be barred by the privilege, but only if, like a defamation claim, it seeks to hold a speaker liable for the content of 'statements' made in contemplation of or during litigation." *Gillete Co.*, 91 Mass. App. Ct. at 142, *citing Correllas*, 410 Mass. at 324. If the statements were "relevant or pertinent to the judicial proceedings" then "the absolute privilege which attaches to those statements protects the maker from any civil liability thereon." *Mack v. Wells Fargo Bank, N.A.*, 88 Mass. App. Ct. 664, 669 (2015), *quoting Robert L. Sullivan, D.D.S., P.C. v. Birmingham,* 11 Mass.App.Ct. 359, 362 (1981) and *Doe v. Nutter, McClennen & Fish,* 41 Mass.App.Ct. 137, 140 (1996).

"Whether or not an absolute privilege applies is determined on a case-by-case basis, after a fact specific analysis." *Giuffrida,* 73 Mass. App. Ct. at 242, *citing Correllas,* 410 Mass. at 323. Where, as here, it is indisputable that the alleged slanderous, libelous, and defamatory statements were made during or incidental to legal proceeding, and Bisasor's cause of action seeks to hold the speaker (Hilliard) liable for defamation and other injuries related to said statements, such statements are protected by the absolute litigation privilege. Moreover, where "the proceeding itself is in good faith, statements pertaining to it are absolutely privileged 'even if uttered with malice or in bad faith.'" *See Correllas,* 410 Mass. at 319.

The litigation privilege protects Hilliard and Upton & Hatfield from the exact type of claims Bisasor has filed against them. Bisasor's claims against Hilliard (and his employer, Upton & Hatfield) must all be dismissed.

14

**IV.**     **Alternatively This Action Should be Dismissed Pursuant to Mass. Gen. Laws Ch. 59H**

Co-Defendant Craig Donais seeks to dismiss Plaintiff's claims against him pursuant to the Massachusetts anti-SLAPP statute, M.G.L. c. 59H. Donais argument is adopted in its entirety and incorporated herein. *See* Doc. no. 8 at pp. 13-17. In short, if Donais was engaged in petitioning activity for the events in the Alleged Complaint, so was Hilliard as his attorney, and thus dismissal is appropriate. The threshold showing that the claims against him are based solely on protected petitioning activities and that the claims have no substantial basis other than, or in addition to, the petitioning activities is met. *Donovan v. Gardner*, 50 Mass. App. Ct. 595, 598–99 (2000). Bisasor cannot sustain his burden to prove this Amended Complaint is filed in violation of the anti-SLAPP statute.

The alleged injurious statements made by Hilliard were made in the course of his representation of Donais and in furtherance of his right to petition the government. The facts as laid out in the Amended Complaint support a finding that these petitioning activities are the basis for Plaintiff's Amended Complaint against Hilliard and Upton & Hatfield. As such, Plaintiff's Amended Complaint should be dismissed under Mass. Gen. Laws c. 59H with costs and attorney's fees being awarded to Hilliard and Upton & Hatfield.

**V.**     **This Matter Should be Transferred to the United States District Court for the District of New Hampshire Pursuant to 28 U.S.C. § 1404(a).**

If this matter is not dismissed for any of the reasons stated above, it should be transferred to the United States District Court for the District of New Hampshire. A federal district court may "[f]or the convenience of parties and witnesses . . . transfer any civil action to any other district or division where it might have been brought . . ." 28 U.S.C. § 1404(a). A federal district

court has broad discretion in granting a request for transfer. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947).[2] As with the venue argument, *supra, see Section II,* co-Defendants Craig Donais, Mary Donais, and Donais Law Offices advance an identical argument that Hilliard and Upton & Hatfield can make regarding transfer, and as such that argument is incorporated herein to the extent not directly stated. *See* Doc. no. 8 at pp. 17-20. "When considering a motion to transfer under 28 U.S.C. § 1404(a), a court weighs private interest and public interest factors." *Bowen v. eLanes New Hampshire Holdings, LLC*, 166 F.Supp.3d 104, 107 (D. Mass. 2015) (transferring case from Massachusetts to New Hampshire), citing *Friends of Animals v. Phifer*, 2015 WL 1943898, at * 2 (D. Mass. Apr. 29, 2015) (Mastroianni, J.). *See also Steward Org. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988); *Van Duesen v. Barrack*, 376 U.S. 612, 616 (1964) (in order to satisfy the requirements of § 1404(a), the moving party must show that (1) venue is proper in the district in which the case would be transferred and (2) considerations of convenience or the interests of justice weigh in favor of transfer). "The decision to transfer a case to a more convenient forum pursuant to §1404(a) is a matter within the discretion of the district court." *Princess House, Inc. v. Lindsey*, 136 F.R.D. 16, 18 (D. Mass. 1991). "The First Circuit has enumerated a partial list of factors to consider in deciding a §1404(a) motion, including "'the

---

[2] Defendants do not seek to dismiss this matter on the grounds of *forum non conveniens*, but believe a motion to transfer is more appropriate, as "the common law doctrine of *forum non conveniens*, differs from transfer pursuant to § 1404(a), which allows a case to proceed, albeit in a different forum." *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955). The common law doctrine of *forum non conveniens* no longer applies in federal court, except where the alternative forum is abroad or is a state or territorial court. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). "For the federal court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." *Id.*; *see also Atlantic Marine Const. Co. v. U.S. Dist. Ct. for the W. Dist. of Texas*, 134 S. Ct. 568, 580 (2013) ("Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system").

convenience of the parties and witnesses, the order in which jurisdiction was obtained by the district court, the availability of documents, and the possibilities of consolidation.'" *Wellons v. Numerica Savings Bank, FSB*, 749 F. Supp. 336, 337 (D. Mass. 1990) (quoting *Cianbro Corp. v. Curran-Lavoie*, 814 F.2d 711 (1st Cir. 1987)).

As discussed below, all factors weigh in favor of transfer to the District of New Hampshire, which is where the majority of acts alleged in the Amended Complaint occurred, all Defendants reside, and where most material fact witnesses reside. As Co-Defendants note, this matter could have been brought in the District of New Hampshire and venue is proper there, as all Defendants are residents of New Hampshire or organized under its laws. *See* Doc. no. 8 at p. 18.

The Amended Complaint shows that the cause of action arose in New Hampshire, which supports transfer. *See Wellons*, 749 F. Supp. at 337 (fact that New Hampshire was state where cause of action arose held to argue strongly for transferring case from Massachusetts to New Hampshire). Hilliard's actions, as woven throughout the Complaint and allegedly caused injury to Plaintiff, occurred in New Hampshire. *See Amended Complaint*, generally.

New Hampshire law should apply to state law claims given that the alleged harm occurred in New Hampshire, which is a factor that weighs heavily in favor of transfer. *Wolens*, 749 F. Supp. at 337. Plaintiff alleges harm to his reputation in New Hampshire, where the alleged statements were made. *See Amended Complaint* at ¶ 897. New Hampshire law will determine whether said statements were defamatory. Available documents and witnesses related to the alleged defamatory statements are also in New Hampshire, which support transfer. *Wellons*, 749 F. Supp. at 337 (noting that availability of documents is a factor to be considered in determining whether to transfer an

17

action); *Bowen*, 166 F.Supp.3d at 108-109, quoting *Ondis*, 480 F.Supp.2d at 437 (quoting *Brandt Point Corp. v. Poetzch*, 671 F.Supp. 2, 3 (D. Mass. 1987) (internal quotation mark omitted and alteration in original) ("the convenience of witnesses is "[p]robably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer.").

The fact that Plaintiff resides in Massachusetts does not overcome the substantial factors that weigh in favor of transfer to the District of New Hampshire. A New Hampshire jury should decide this matter where nearly all events giving rise to Plaintiff's alleged damages occurred there. There is no substantive connection between Plaintiff's claims and Massachusetts, and thus Massachusetts has no public interest in Plaintiff's allegations. *See*, *e.g.*, Bowen, 166 F.Supp.3d at 109 ("a Massachusetts jury will have little to no interest in adjudicating a dispute between a Vermont citizen and a New Hampshire entity where the alleged conduct occurred entirely in New Hampshire"), *citing Atari v. Utd. Parcel Service, Inc.*, 211 F. Supp. 2d 360, 365 (D. Mass. 2002) (despite plaintiff being a Massachusetts resident, the state where injury occurred has "a clear interest in trying and resolving the case in a local forum, and fairness suggests that jury duty should fall on [its] citizens") (case transferred from Massachusetts to New Jersey); *Rivera-Carmona v. Am. Airlines*, 639 F.Supp.2d 194, 198 (D.P.R. 2009) ("it would be a burden to impose jury duty upon the people of [Massachusetts] when they have no relation to the litigation"). This Court should transfer Plaintiff's action to the United States District Court for the District of New Hampshire.

## CONCLUSION

Because the Court lacks personal jurisdiction over both Defendants, and because their actions as alleged are protected by the litigation privilege and as petitioning activities, this Court should

dismiss this matter. Alternatively, the Court should transfer the matter to the United States District

Court for the District of New Hampshire.

<div style="margin-left: 40%;">

Respectfully submitted,
The Defendants,
RUSSELL F. HILLIARD and
UPTON & HATFIELD, LLP,
By their attorneys,

*/s/ Daniel R. Sonneborn*
William C. Saturley (BBO # 442800)
wsaturley@preti.com
Daniel R. Sonneborn (BBO # 679229)
dsonneborn@preti.com
Preti Flaherty Beliveau & Pachios, LLP
60 State Street, Suite 1100
Boston, MA 02109
T: (617) 226-3800

</div>

Dated: June 16, 2023

<div style="text-align: center;">

**CERTIFICATE OF SERVICE**

</div>

I hereby certify that I caused a true copy of this document to be served via electronic filing on all counsel of record or pro se parties on June 16, 2023.

<div style="margin-left: 40%;">

/s/ *Daniel R. Sonneborn*
Daniel R. Sonneborn

</div>