UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANDRE BISASOR,
Plaintiff,

v.

CRAIG S. DONAIS;
RUSSELL F. HILLIARD;
DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP;
and MARY K. DONAIS,
Defendants.

Case No. 1:23-CV-11313

**[PARTIALLY ASSENTED TO]**
**EMERGENCY PLAINTIFF'S MOTION TO EXTEND TIME TO FILE OPPOSITIONS TO DEFENDANTS' MOTION TO DISMISS**
**AND**
**EMERGENCY MOTION TO CONTINUE THE 7/27/23HEARING**
**[WITH INCORPORATED MEMORANDUM]**

1. I, the plaintiff in the above-captioned case, hereby submit this <u>emergency</u> motion to extend time to file opposition to the motions to dismiss filed by defendants Craig Donais, Mary Donais and Donais Law Offices ("Donais defendants") filed on 6/13/23, and defendants Russell Hilliard and Upton & Hatfield (hereinafter "Hilliard Defendants") filed on 6/16/23, AND <u>emergency</u> motion to continue the 7/27/23 hearing, as follows.

2. NB: The motion to extend time is partially assented to by the defendants in the sense that they agree with an extension but only for part of the time I am requesting. The motion to continue the hearing is only partially assented to by counsel for Hilliard defendants but only by a few days, whereas counsel for the Donais defendants do not assent to moving the hearing date.

### A. REQUEST FOR EXTENSION

3. I respectfully request an extension of time to file my Oppositions to the Motions to Dismiss filed by the Defendants Craig Donais, Mary Donais, and Donais Law Offices ("Donais defendants") on 6/13/23, and Defendants Russell Hilliard and his law firm Upton & Hatfield ("Hilliard defendants") filed on 6/16/23.

4. The above-referenced documents are currently due on 6/27/23 for the Donais defendants and on 6/30/23 for the Hilliard defendants.

5. I have not requested any extensions in federal court.

6. I have received no prior extensions in federal court.

7. **I am seeking an extension of 60 days from the date of the latest current deadlines of 6/30/23, up until <u>8/30/23.</u>**

8. This extension is necessary because I am a pro se litigant and:

1

    a.   I need more time to do research on my case.

    b.   I need more time to write my document(s).

    c.   I need more time to look for an attorney to represent me.

9.  An extension of time to file an objection is warranted also on the following grounds.

    a.   I have personal, medical and other court matters that conflict with and make it extraordinarily difficult to complete oppositions in the time allotted.

    b.   I have medical issues from a major medical procedure that limit my ability to complete the required oppositions in the time allotted. For example, in the timeframe since the filing of the motions to dismiss up to the due date for oppositions, I have 5 medical appointments, and in the timeframe from now to the date of the hearing, I have 15 medical appointments including intensive procedures.

    c.   I also have other court cases that I have to tend to (including other cases involving the defendants in this case) that also stretch my time and availability during the timeframe at issue. NB: When a lawyer has other court cases affecting his time and availability, courts generally allow an extension, recognizing that lawyers are not superhuman. The same consideration should be provided to me as a self-represented litigant. Just because I am self-represented, it does not mean that I am any less impacted by dealing with more than one court case at the same time, where at times deadlines might conflict.

    d.   The defendants have been allowed leeway with benefiting from extensions of time to file their motions to dismiss, starting in state court and then benefitted from even more extra time to do so, upon removal to federal court. It would be unfair not to allow an extension of time for me in this instance.

    e.   A motion to dismiss is a dispositive motion that could be case ending. I should be allowed a full opportunity to oppose any dismissal and all grounds advanced in support thereof. There are critically important points that I need to make in my oppositions/rebuttals of defendants' motions to dismiss. A motion to dismiss is not a normal motion in general, compared to routine motions in a case. It customarily requires serious legal work to defend against, which usually warrants an extension of time for an opposition, and which is generally freely granted by the courts. It is no different in this instance. This is an extraordinary situation with two motions to dismiss with over 40 pages and an affidavit from one of the defendants. Also, these are highly technical arguments presented by the defendants in both motions to dismiss. These are not simple or rudimentary arguments. These arguments, including new arguments presented for the first time in their motions to dismiss such as the antislapp motion which I was not apprised of or conferred with prior to the filing of these motions to dismiss, require intensive legal research of legal positions asserted, and to develop the requisite counter arguments.

## B.  <u>FURTHER BASIS FOR GRANTING MOTIONS FOR CONTINUANCE AND EXTENSION OF TIME</u>

10. Further grounds for granting these motions are as follows.

11.

12. I also have medical issues/schedule that require continuance and an extension of time. I have medical appointments in July that conflict with the 7/27/23 hearing date (as well as several dates in July and early August). (NB: I recently completed a major medical procedure, and I am still in post-procedure/recovery management stage with multiple appointments that limit my time and availability).

13. I also have other litigation matters that I am involved in, that limit my time and availability.

14. I need a continuance of the hearing and an extension of time to oppose motions to dismiss, most importantly, because there are two motions to dismiss that I have to respond to, not just one. Moreover, the two motions to dismiss are complex. There are over 40 pages of motions to dismiss with the Donais defendants and the Hilliard defendants. This is not a routine motion. It is a dispositive motion. Motions to dismiss are routinely understood by parties and courts to reasonably be in need of extension of time, even for many lawyers, but especially for a pro se plaintiff in federal court.

15. The motions to dismiss include anti-slapp motions which are very tricky burdensome motions that carry very complex and serious ramifications that is not easy for a pro se plaintiff to properly and fully understand without legal assistance or without adequate time to research the issues and case law. This case was just removed to federal court. I was blindsided and given no warning about this removal. Also, I was blindsided and given no prior indication that an anti-slapp motion would be included, until the day the motion was filed (in the case of the Donais defendants) or until after the motion was filed (in the case of the Hilliard defendants). Without adequate prior notice or an opportunity to confer to narrow issues before these motions were filed by the defendants, I have been prejudiced and now require a proper opportunity to prepare a proper defense against these burdensome antislapp motions.

16. I also thus need to conduct limited discovery pursuant to the anti-slapp statute, which the statute authorizes. I also need to conduct limited discovery pertaining to personal jurisdiction, which the defendants have raised as a key issue in the motions to dismiss. On both counts, these require some level of fact inquiry in order to address the requirements of these motions that go beyond the traditional corners of responding to a complaint. These are highly technical legal maneuvers, for which most lawyers would need an extension of time beyond 14 days to respond, much less for a pro se litigant. Because I am entitled to some limited discovery, then it serves little purpose to have a hearing on the motions to dismiss prior to completion of such limited discovery as per statute.

17. Furthermore, there are at least 4 or more defendants lawyers working on this case from two major downtown Boston law firms, with legal assistants assisting them, plus the two lawyer defendants and an entire law firm defendant. I am pro se. On my side, there is only me. No one else. I have no help or no legal assistant or paralegal or legal associate or legal secretaries or law colleagues to help me. I do not have a law office. On top of that I am dealing with health challenges. If there is any situation that warrants a little grace from the court, it is this situation. A continuance and an extension are thus warranted/justified.

18. In state court, the defendants requested 30 days extension until 6/13/23 to respond to the complaint. This was on top of having been served the complaint since 4/14/23. If the defendants, with multiple established lawyers with sophisticated legal teams behind them, needed 60 days to respond to the complaint and to file their motions to dismiss, then it is not unreasonable that I as a pro se non lawyer would need at least as much time, if not more than was needed by the defendants to file their motions to dismiss.

19. Similarly, given the substance and depth and breadth of my first amended complaint (spanning 92 pages including screenshots/exhibits incorporated therein), time is needed to address the over 40 pages of points and arguments made by the defendants in their motions to dismiss, as it relates to the first amended complaint. This is particularly true when it comes to the antislapp motions because I understand that I would need to go through the entire amended complaint to demonstrate my defenses to the antislapp motions. This takes additional time, effort and research beyond that needed for responding to a traditional motion to dismiss.

20. I also thus need time to complete my oppositions before any hearing occurs. I also need a lawyer to assist me, and I need time to seek and obtain counsel. NB: I will also be asking this court to appoint counsel.

21. The crux of the matter is that the defendants' motions to dismiss are long and complex. The time allotted is not enough time to properly oppose these dispositive motions. Moreover, motions to dismiss typically allow for extensions of time to oppose. I should not be prejudiced nor treated in a disparate subpar manner with respect to the allowance of courts to parties to have ample time to respond to motions to dismiss. As a pro se plaintiff, if anything, some leeway and flexibility should normally be allowed, in accordance with the principle of allowing increased access to justice by members of the public.

22. It is only right to let my voice be heard fully and this includes having a fair unimpeded opportunity to respond to the defendants' motions to dismiss. Presumably, it would also serve judicial economy for the court to see my opposition arguments in writing in advance of any hearing.

23. Similarly, since 30 days (from removal) are allowed for me to file a motion to remand, then 30 days out from the date of removal is about mid-July 2023, and then if 14 days are allowed for any opposition by defendants, it means the end July/beginning of August. I would need time to review any opposition to remand prior to any hearing. Also, the hearing should cover or include any motion to remand because a motion to remand takes precedence before any dispositive motion can be resolved.

24. Also, there needs to be time to allow service of process on the remaining unserved defendant, Upton & Hatfield. The deadline to serve process is August 2, 2023, based on the time remaining (out of a total of 90 days) from the date of filing of the amended complaint in state court on May 4, 2023.  Then time needs to be allowed for the unserved defendant to be served process and for response or answer to the service of process.

25. I also plan to ask the court for the following:

   a.  Motion to appoint counsel where I will be asking the court to appoint pro bono counsel to assist me in this case.

   b.  Motion to seal impounded filings that were pending in state court to re-file in federal court. This pertains to the fact that there are impounded filings in state court that were not ruled on in state court prior to removal. This need to be re-filed in this court but because they were impounded in state court they need to be sealed/impounded in this court. I will simply be asking for permission to have those sealed/impounded in this court. NB: These motions relate to allowing waiver of costs of litigation in state court and will impact my ability to litigate in federal court.

   c.  Motion to obtain service of process on remaining defendant on Upton & Hatfield under the federal court rules of service of process because the case was removed to federal court prior to service of process being effectuated on the defendant Upton & Hatfield.

   d.  Motion for special or limited discovery pursuant to anti-slapp statute and for the limited issue of personal jurisdiction.

   e.  Motion to clarify or to replace notice of intent with motion for remand and to extend time to file motion for remand.

   f.  NB: These will be filed shortly after completion of the conferring process with the defendants.

26. For all these reasons, it seems proper to wait until all of these things have played out before a hearing occurs.

27. **Therefore, given that I am seeking 60 days extension of time to oppose the motion to dismiss until 8/30/23, then <u>I am asking the court to schedule a hearing thereafter sometime in September 2023 as the court's calendar permits</u> (except the first 10 days of September 2023 inclusive of the labor day holidays which also includes pre-planned activities for my wedding anniversary).**

   **C.  <u>EMERGENCY GROUNDS FOR MOTION TO EXTEND TIME TO FILE OPPOSITIONS</u>**

28. It should be noted that the way how the calendar fell around the recent holiday and the timing of the filing of the motions to dismiss on Tuesday 6/13/23 and Friday 6/16/23  with the intervening long holiday weekend until Tuesday 6/20/23 and with the time needed to seek to confer with the defendants on this motion, I am now just getting the opportunity to file this motion to extend time one day after coming back from the long holiday weekend.

29. The deadline for filing an opposition to the Donais defendants' motion to dismiss is 6/27/23.

30. The deadline for filing an opposition to the Hilliard defendants' motion to dismiss is 6/30/23.

31. Given the above, I am filing this motion as an emergency as time is of the essence since there are only 6 days left before the deadline expires for filing an opposition to the Donais defendants' motion to dismiss.

32. I also brought this to the attention of the session clerk, who indicated that after conferring, I should let the court know of the defendants' position.

33. I am seeking an extension of time of 60 days until 8/30/23 to file oppositions to both motions to dismiss.

### D.  **EMERGENCY GROUNDS FOR MOTION TO CONTINUE HEARING**

34. Similarly, the court issued an electronic order of scheduling of a hearing on the motions to dismiss on 7/27/23.

35. I also had previously indicated to the session clerk and docket clerk that I would need a continuance of any hearing if set in July and they told me to file a motion to continue and there would be an accommodation regarding dates of hearing. See Exhibit 1.

36. I was going to seek the continuance in a separate motion but in order to obtain the extension of time that I am seeking, I need to also move from now to continue the hearing. This became apparent during the conferring process with the defendants where counsel for the Hilliard defendants assented to an extension until 7/17/23 because the hearing date was set for 7/27/27. See Exhibit 2 for email chain with counsel for Hilliard defendants. NB: Counsel for the Donais defendants assented to an extension until 7/7/23. See Exhibit 3 for email chain with counsel for Donais defendants.

### E.  **CONCLUSION**

37. Accordingly, Plaintiff respectfully requests that the Court grant Plaintiff's motion or such further relief as is reasonable and just.

Respectfully submitted,
Andre Bisasor
/s/andre bisasor
679 Washington Street, Suite # 8206
Attleboro, MA 02703

Date: June 21, 2023

### **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was or will be served to the parties in this case via the court's electronic filing/service system.

/s/andre bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703