## RE: 23cv11313-WGY Bisasor v. Donais et al

From:   Jennifer Gaudet (jennifer_gaudet@mad.uscourts.gov)

To:      quickquantum@aol.com; matthew_paine@mad.uscourts.gov

Date:   Tuesday, June 20, 2023 at 01:35 PM EDT

---

Good afternoon Mr. Bisasor. If you would like an extension of time to file your responses to the defendants' motions to dismiss, you should file a motion. Likewise, if you'd like your hearing to be held by video (zoom) please also file a motion and indicate whether the defendants consent or oppose to both proceed by video and for an extension to file your responses.

Matthew is on vacation this week. We will confer and get back to you on your previous email.

Jennifer

---

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Tuesday, June 20, 2023 1:29 PM
**To:** Matthew Paine <Matthew_Paine@mad.uscourts.gov>
**Cc:** Jennifer Gaudet <Jennifer_Gaudet@mad.uscourts.gov>
**Subject:** Re: 23cv11313-WGY Bisasor v. Donais et al


**CAUTION - EXTERNAL:**


Dear Matt and Jennifer:


I just saw there was a hearing set for July 27 this morning.


As mentioned before below, I needed an extension to August or later for any hearing. Also, I am in the process of seeking to confer with the other side. I plan to file a motion to extend time for opposition to motion to dismiss and a motion to continue the hearing, hopefully by tomorrow after giving time to hear from opposing counsel.


Also, I notice the scheduling order stated "in person only". Please note that I cannot attend in person because of a medical disability related to Covid and due to doctor's order. I need an reasonable accommodation to attend any hearing by virtual means. Can you assist me with this? Do I need to do a disability accommodation request? is there a disability coordinator that you can referred this to for me? or does the judge need to get involved with this?


Please let me know.

Case 1:23-cv-00374-JL-TSM Document 19-1 Filed 06/21/23 Page 2 of 7

Thanks,

Andre Bisasor


P.S. can you still please respond to my pending email below?


On Tuesday, June 20, 2023 at 11:52:29 AM EDT, Andre Bisasor <quickquantum@aol.com> wrote:


Dear Matt and Jennifer,


Did you received my email below? I don't believe I received a reply


-Andre


On Thursday, June 15, 2023 at 08:01:43 AM EDT, Andre Bisasor <quickquantum@aol.com> wrote:


Dear Matt,


Thanks much for your reply and the information provided below. I do have a couple of important follow-up points/questions, as follows:


    1) Regarding your statement that essentially indicates that the court is confused by why I want the sequence corrected, and that it does not make sense to the court as to why I would want that, I would like to clarify, if I may, as follows.


        a) First, my **re-filed motion for default** asserts, as a basis, the fact that the defendant had failed to answer the summons and complaint in state court in timely manner and that he was already in default therefore, and that he still had not answered or filed any motion to respond to my complaint even at the time I re-filed my motion for default in this court. If the motion to dismiss is sequenced before my re-filed motion tor default,

then it could make my averment (about no filing of any motion by the defendant) seem untrue, which would be misleading because they were true at the time of filing. Similarly, the strength of my position in arguing default could technically be weakened if the motion to dismiss appears to have been filed first, which appearance could be exploited by the defendant. If the motion to dismiss and motion for default is adjudicated some months later, it might not be freshly remembered by the judge that I had filed my refiled motion for default, first. I do not want to be prejudiced by the chance of that. Similarly, if there was ever any appeals from this case, I do not want the appeals court to be misled by the sequence as currently presented by the record as it is my understanding that in federal court (especially if on appeal), the smallest technicalities can matter. I am not sure that that this can be ruled out as an issue that could later be raised, in particular by the defendant. Similarly, it cannot be predicted what the defendant may do or argue later. Thus, I would like the error in the sequence to be corrected on those grounds.  [NB: As a pro se litigant, I am concerned that I have a heavier burden to prove things because I am not a lawyer and less benefit of the doubt is given to me as a pro se.].

b) Second, my **motion to amend the complaint** seeks to amend the complaint and my filing that first before any motion to dismiss is relevant to the fact that because I filed my motion to amend the complaint first, then that should be considered first before any adjudication of a motion to dismiss based on the prior complaint.

c) Third, the **defenses** made by defendant in their **motion to dismiss** could be used by the defendant to try to undermine the motions that appear to be filed after, when they were filed before the motion to dismiss. I do not want the motion to dismiss to set the agenda in this case because it appears to be filed before my motions. Again, if there was ever any appeals from this case, I do not want the appeals court to be misled by the sequence as currently presented by the record. It is my understanding that in federal court, the smallest technicalities can matter. There is no way that this can be ruled out as an issue that could later be raised, in particular by the defendant. It cannot be predicted what the defendant may do or argue later. Thus, I would like the error in the sequence to be corrected on those grounds.

2) Regarding whether the record can be re-ordered, it was my understanding that the court record can be corrected if there is an error (i.e. that, under court rules, clerk entry errors are correctable in general). See Federal Rules of Civil Procedure Rule 60(a) which states: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in...other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave".  I believe these

rules provide for the ability of the clerk to correct the record whether by motion or by its own action if it detects such error in the record. [See also Federal Rules of Appellate Procedure Rule 10(e ) which states: "Correction or Modification of the Record. (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly."].

I therefore thought that the sequence of filings can be corrected if in error or is not correct.  For example, I can't imagine that if there was an sequence error that resulted in clear harm to a party, such as in "race to the courthouse" situations (see https://definitions.uslegal.com/r/race-to-the-courthouse/), that there is simply no way to correct the sequence error.  If you are saying that the docket/record cannot be re-ordered or re-sequenced at all, then at the very least can it be noted on the docket entry the time of filing of my documents was at 4.16pm and the time of the filing of the motion to dismiss was at 5.13pm?

Please note that I am not so hung up on the actual re-ordering as much, but more interested in ensuring that it is clear on the docket that my filings were made first, so that if anything related to the timing/sequence ever comes up or is ever raised by the defendants later, then the record is clear so that I don't have to jump through hoops to prove this, especially after some time has passed from now when memories might fade.

3) Regarding the notation on the motion to remand, please note that Entry #11 was not an "intent to remand". It was a "notice of intent to move to remand". That wording might seem like "pro se gibberish", but I would like to clarify why I did that. In state superior court, a **notice of intent to file a motion** is routinely used or required, in particular because of how motions are required to be submitted under superior court "Rule 9A" which requires the movant to first serve a motion to the opposing party (but not initially filed in court) and then to opposing party has 10 days to serve an opposition back to the moving party (not to the court directly) and then moving party files the motion and opposition directly with the court but only after the time has passed for service of an opposition on the moving party. This creates a need for the moving party to sometimes inform the court that a rule 9A motion is under way, via a notice of intent to file a motion, so that the moving party is not inadvertently prejudiced because the court may not be aware that service of a motion has been made on the opposing party and is simply waiting the 10 days for an opposition to be served. This occurs often with a motion to dismiss where a defendant needs to let the court know that he/she has not missed the deadline to file an answer to a summons/complaint but instead has served a motion to dismiss on the plaintiff and is waiting for opposition.  I realize that this is totally different than in federal court. As a pro se non-lawyer, I am not as familiar with motion practice in federal court, so I thought that a notice of intent to file a motion is also done in this court and so I filed a notice of intent to move to remand so that this court does not think that there would not be any jurisdictional challenge to the removal and to ensure that any deadlines for hearing take into account the 30 day timeline for filing a motion to remand.  Are you saying that the federal court does not ever recognize a "notice of intent to file a motion"?

Thus, the notice of intent to move to remand, that I filed, is not intended to be my complete motion. I said as much in that filing, that I will be filing an actual "motion to remand within the timeline to do so". So, I plan to file a motion to remand with more detail and evidence of my

points. I need 30 days to do so properly. I did that notice of intent in one day after the case was removed. That is not adequate time to develop my arguments for remand. I thus reserve the right to file my proper motion for remand and to do within the allowed 30 day deadline. Consequently, how do I ensure that I can file motion to remand in 30 days? Do I need to withdraw my notice of intent to remand? or should I do it as an amendment to the notice of intent? Please advise

4) Regarding the date of hearing, I would like to request that the hearing be set either in late August or later. The reasons are as follows:

      a) I have less medical conflicts in August, versus in July where I have more medical conflicts (NB: I recently completed a major medical procedure and am in post-procedure/recovery management stage) and I really would like to avoid having to file a motion to continue if it can be avoided (I do not want to file motions if it can be avoided).

      b) Also, if 30 days are allowed for me to file a motion to remand, then 30 days out from the date of removal is about mid-July 2023, and then if 14 days are allowed for any opposition, it means the end July/beginning of August. Then, if I am allowed to file a reply to an opposition (NB: In state court, replies are automatically allowed to be filed as a matter of right, but I am not sure if I am allowed to file a reply to an opposition in federal court. Please confirm), then time should be allowed for that.

      c) Similarly, I will be seeking an extension of time of 30 days to oppose the motion to dismiss, which means by around mid-August, if granted.

      d) Also, there needs to be time to allow service of process on the remaining unserved defendant. The deadline to serve process is August 2, 2023 based on the time remaining (out of a total of 90 days) from the date of filing of the amended complaint in state court on May 4, 2023. Then time needs to be allowed for the unserved defendant to



answer the service of process, which probably means either end of August or sometime in September.

For all these reasons, it seems procedurally proper to wait until all of these things have played out before a hearing occurs. I trust I am making sense.

Lastly, I realize that email might be a less than ideal way to try to articulate the nuance of these items (and please remember that I had initially called Jennifer and I requested, by voicemail and by subsequent email, to have a callback but she requested that I send her an email to explain my questions/issues), so if it is simpler to call me back on the above, please let me know or call me at 781-492-5675.

I look forward to your reply or call.

Sincerely,

Andre Bisasor

On Wednesday, June 14, 2023 at 02:38:28 PM EDT, Matthew Paine <matthew_paine@mad.uscourts.gov> wrote:

Good Afternoon Mr. Bisasor,

In response to your several emails throughout today, the Court is totally confused as to why you want the order sequence of the docket changed. What you are asking makes no sense to the Court. This is a brand-new notice of removal action filed on June 9, 2023. The Court has not even received the official certified state court record from the Superior Court. No hearings have been set as of this afternoon. Rearranging the docket and order of filings cannot be done. Your motion and counsel's motion to dismiss were filed on the same day, the time does not matter as Jennifer pointed out earlier, because both pleadings were filed the same day.

Once Jennifer sets the motion to dismiss for a hearing, if you have a conflict with the date and time, you can file a motion to continue that motion hearing. In your motion to continue, you can propose dates that you are available to the Court. The Court will try to accommodate any proposed dates you state in your motion to continue.

The defendant's motion to dismiss ECF No. 7, you currently have 14-days from June 13, 2023, to respond to the motion to dismiss. If you need additional time as you mentioned in your emails, you can file a motion for extension of time to respond to the motion to dismiss.

If defendant Upton & Hatfield who was not served prior to the case being removed, please submit a letter to the Court, asking that a summons from the District of Massachusetts be issued for the defendant who was not served prior to the case being remove. This is a standard procedure and happens quite often in removal cases where one or all of the defendants may not get serve prior to removal to the Federal Court.

ECF No. 11, there is not such filing as an "intent to remand".  The Judge therefore treated your "intent" as a motion to remand with incorporated memorandum.  That is why the Court docket your "intent' as a motion to remand.

ECF No. 12, only the renewed motion for default as to Craig Donais and Affidavit was docketed as all the other pleadings, the 3 exhibits, had State Superior Court headers and state court date stamps place on them.  When you refile a motion from State Court, you need to change the header to our Court header.  I will have the Judge review ECF No. 12 and make any changes after his review.

Thank you,

Matt

Matt Paine
Docket Clerk
Hon. William G. Young
United States District Court
District of Massachusetts
John Joseph Moakley - U.S. Courthouse
Matthew_Paine@mad.uscourts.gov
(617)-748-9157

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.