UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANDRE BISASOR,<br>    Plaintiff,<br><br>Vs.<br><br>CRAIG S. DONAIS, RUSSELL F. HILLIARD, DONAIS LAW OFFICES PLLC, UPTON AND HATFIELD LLP, and MARY K. DONAIS,<br>    Defendants. | DOCKET NO. 1:23-cv-11313 |

## DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SUPERIOR COURT COMPLAINT

### INTRODUCTION

NOW COME the Defendants Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC (jointly the "Donais Defendants") and oppose Plaintiff Andre Bisasor's ("Plaintiff") Motion to Amend Superior Court Complaint ("Plaintiff's Motion").[1] The Donais Defendants request that this Honorable Court deny the Plaintiff's Motion as Plaintiff has already amended his complaint once as a matter of right and his complaint is now over ninety (90) pages long.

### BACKGROUND

Through his First Amended Complaint (the "Complaint") in this action, Plaintiff asserts claims for defamation, libel, false light/invasion of privacy, tortious interference with advantageous relations, intentional infliction of emotional distress, civil conspiracy, abuse of process, violation of 42 U.S.C. §1981 against defendants Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC;

---

[1] Plaintiff has filed separate Motions to Remand, to Stay, for Default Judgment, and to Amend in this action. The Donais Defendants are opposing all of Plaintiff's motions and requesting the Court deny each for the reasons stated in their Oppositions.

1

civil rights violations, violations of M.G.L. ch. 93A, breach of fiduciary duty, breach of implied contract and breach of implied covenant of good faith and fair dealing against Craig S. Donais and Donais Law Offices PLLC; and aiding and abetting defamation against Mary K. Donais for statements and publications allegedly made by Craig S. Donais.  See Complaint.

The Plaintiff has already amended his complaint once in state court on May 4, 2023.  Exhibit A, State Court Docket, Docket Nos. 1, 14.

## ARGUMENT

### I. Plaintiff's Amending His Complaint for a Second Time After Defendants Have Moved to Dismiss Would Result in Undue Prejudice for Defendants.

The Plaintiff already has amended his complaint once as a matter of court while this matter was pending in state court, amending a 6-page, 55-paragraph complaint to be 92 pages or 901 paragraphs long.  It would be unfair to the defendants and contrary to the rules of to allow him to amend his complaint again after defendants have moved to dismiss Plaintiff's Amended Complaint on various grounds, including jurisdictional, which are dispositive of this action.

### II. The Court Should Deny Plaintiff's Motion Because Plaintiff Has Not Included Any Affidavits Or Other Evidence Of The "Further Acts" Or "Necessary Party" He Claims Exist Nor Has He Attached A Copy Of His Proposed Amended Complaint.

Plaintiff has alleged that there are new acts and a new party he seeks to add through amending his complaint, but he has not stated what those acts are or who the new defendant is. The Plaintiff has also not attached his proposed Amended Complaint to his motion.

"A party is a necessary party within the purview of Rule 19(a)(1)(A) only if, in that person's absence, the court cannot accord complete relief among existing parties.  Relief is complete when it meaningfully resolves the contested matter as between the affected parties."  Watchtower Bible & Tract Soc'y of New York, Inc. v. Municipality of San Juan, 773 F.3d 1, 13 (1st Cir. 2014).

102860215

It is proper exercise of judicial discretion to deny a motion to amend where the Plaintiff has not attached a copy of the proposed Amended Complaint to his motion. Feeney v. Correctional Medical Services, Inc., 464 F.3d 158, Ftn. 4 (1st Cir. 2006).

The Plaintiff has not put forward any facts or details concerning the alleged new acts that would enable this Court to determine if an amendment is necessary to allow for complete relief between the existing parties. Further, the Plaintiff has not named the alleged entity he seeks to join as a necessary party, he has not described why this entity was not included in the original complaint or the amended complaint, and he has not described why this entity is necessary to resolve the contested matters between the Plaintiff and the already-named defendants.

In fact, what Plaintiff has done is request the Court to grant him leave to file an amended complaint at some later date after he finds counsel to assist him. This allegation, that Plaintiff is seeking counsel, should be given no weight as Plaintiff filed this case on June 20, 2022, over a year ago, and since then has not retained counsel. As early as November 2022, the Plaintiff began claiming that he was seeking or would seek counsel, but, to date, has not retained any. Exhibit A, Docket No. 9. This Court should not grant the Plaintiff leave to file a further amended complaint at a later date when there are no facts set forth by the Plaintiff to support granting such relief.

## **CONCLUSION**

For all the foregoing reasons, Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC, respectfully request that this Court deny the Plaintiff's Motion to Amend Superior Court Complaint.

        Respectfully submitted,

        FOR THE DEFENDANTS,
        CRAIG S. DONAIS, MARY K. DONAIS
        and DONAIS LAW OFFICES PLLC
        By Their Attorneys,

        */s/ Edwin F. Landers, Jr.*
        _____
        Edwin F. Landers, Jr., BBO# 559360
        Elanders@morrisonmahoney.com
        Ian T. Donovan, BBO# 703377
        idonovan@morrisonmahoney.com
        MORRISON MAHONEY LLP
        250 Summer Street
        Boston, MA 02210
        Phone: 617-439-7500
        Fax: 617-342-4869

June 23, 2023

102860215

## CERTIFICATE OF SERVICE

I, Edwin F. Landers, attorney for the Defendants, Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC, hereby certify that I have this day served the foregoing to all counsel of record in this action by serving same via First Class U.S. mail, postage prepaid and/or electronic mail to:

| | |
|---|---|
| Andre Bisasor, Pro Se<br>679 Washington Street, Suite #8-206<br>Attleboro, MA 02703<br>quickquantum@aol.com | William Saturley, Esq.<br>Daniel R. Sonneborn, Esq.<br>Preti Flaherty Beliveau & Pachios, LLP<br>60 State Street, Suite 1100<br>Boston, MA 02109<br>wsaturley@preti.com<br>dsonneborn@preti.com |

Date:   June 23, 2023            */s/ Edwin F. Landers, Jr.*
                                 Edwin F. Landers, Jr.