UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANDRE BISASOR,<br>     Plaintiff,<br><br>Vs.<br><br>CRAIG S. DONAIS, RUSSELL F. HILLIARD, DONAIS LAW OFFICES PLLC, UPTON AND HATFIELD LLP, and MARY K. DONAIS,<br>     Defendants. | DOCKET NO. 1:23-cv-11313 |

### DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

### INTRODUCTION

NOW COME the Defendants Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC (jointly the "Donais Defendants") and oppose Plaintiff Andre Bisasor's ("Plaintiff") Motion to Remand this Case to State Court.[1] The Donais Defendants request that this Honorable Court deny the Plaintiff's Motion as there is diversity and federal subject matter jurisdiction in this action.

### BACKGROUND

Through his First Amended Complaint (the "Complaint") in this action, Plaintiff asserts claims for defamation, libel, false light/invasion of privacy, tortious interference with advantageous relations, intentional infliction of emotional distress, civil conspiracy, abuse of process, violation of 42 U.S.C. §1981 against defendants Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC; civil rights violations, violations of M.G.L. ch. 93A, breach of fiduciary duty, breach of implied contract and breach of implied covenant of good faith and fair dealing against Craig S. Donais and

---

[1] Plaintiff has filed separate Motions to Remand, to Stay, for Default Judgment, and to Amend in this action. The Donais Defendants are opposing all of Plaintiff's motions and requesting the Court deny each for the reasons stated in their Oppositions.

102860363

Donais Law Offices PLLC; and aiding and abetting defamation against Mary K. Donais for statements and publications allegedly made by Craig S. Donais.  See Complaint.  The Plaintiff is a resident of Massachusetts. Complaint ¶ 57.  Defendant Craig Donais is a resident of New Hampshire. Complaint ¶ 60.   Defendant Mary K. Donais is a resident of New Hampshire. Complaint ¶ 72. Defendant Donais Law Offices PLLC is a limited liability company with a place of business in New Hampshire. Complaint ¶ 83. Defendant Russel F. Hillard is a resident of New Hampshire. Complaint ¶ 78.  Defendant Upton & Hatfield is a business with its principal place of business in New Hampshire. Complaint ¶ 93.

Plaintiff has brought a cause of action under federal law, 42 U.S.C. § 1981. Complaint ¶ 866-885.

The amount in controversy is believed to be $500,000.00, based on the Plaintiff's representations. Exhibit A, Defendant Upton & Hatfield's Notice of Removal, hereinafter, ¶ 4(b). Attached hereto as Exhibit A is a true copy of Defendant Upton & Hatfield's Notice of Removal.

Defendant Upton & Hatfield removed this case from the Massachusetts Superior Court in Bristol County on June 9, 2023.  Exhibit A.  Removal was done within 30 days of Defendant Upton & Hatfield's receipt of the Complaint. Exhibit A, ¶ 1.  All named defendants assented to the removal. Exhibit A, ¶ 1.

## ARGUMENT

### I.     The Court Should Not Remand This Action Because Diversity Jurisdiction Exists.

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332.

2

Federal diversity jurisdiction exists where "there is complete diversity of citizenship between [the parties] and the amount in controversy exceeds $75,000.00, exclusive of interests and costs." Carrozza v. CVS Pharmacy Inc., 992 F.3d 44, 53 (1st Cir. 2021) (Where the plaintiff did not propose a clear alternative to a previous stated amount, the previously stated amount was sufficient to satisfy the amount in question element of federal diversity jurisdiction.) The "defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87-88 (2014).

Diversity in citizenship is not in question and was not raised by the Plaintiff in his Motion to Remand. All defendants reside in New Hampshire for diversity of jurisdiction purposes. The Plaintiff is a resident of Massachusetts. As such, there is complete diversity of citizenship between the Plaintiff and all defendants.

The amount in controversy is in excess of $75,000.00. Plaintiff claims in his motion that "[I] have not alleged a specific amount in controversy, because [I] [do] not have access to all of the information necessary to make a calculation." However, in another complaint, the Plaintiff alleged damages in the amount of $500,000.00 for the same actions alleged in this matter. Similar to Carrozza, a prior representation may be relied upon where, as here, the Plaintiff has not proposed a new amount of damages. The Plaintiff has also not alleged that the amount in controversy is less than $75,000.00 in an attempt to contest the defendants' allegation that the amount in controversy is in excess of $75,000.00. As such, the Court may rely upon the defendants' assertion that the amount in controversy is in excess of $75,000.00.

Therefore, for the reasons stated above, federal diversity jurisdiction exists and the Court should deny Plaintiff's Motion to Remand.

102860363

## II. The Court Should Not Remand This Action Because Federal Question Jurisdiction Exists Based On Plaintiff's Count 13 For Violation of Civil Rights Statute 42 U.S. C. § 1981.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The vast majority of cases brought under the federal question jurisdiction of the federal courts are those in which federal law creates the cause of action." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986). "[T]he propriety of federal-question jurisdiction must be assayed based on what necessarily appears in the plaintiff's statement of his own claim." Lawless v. Steward Health Care System, Inc., 894 F.3d 9, 17 (2018).

The Plaintiff has brought a claim for violation of 42 U.S.C. § 1981 in his First Amended Complaint, Count 13. Section 1981 is a law of the United States. As such, this civil action arises under the laws of the United States.

Therefore, for the reasons stated above, federal question jurisdiction exists and this Court should deny Plaintiff's Motion to Remand.

## **CONCLUSION**

For all the foregoing reasons, Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC, respectfully request that this Court deny the Plaintiff's Motion to Remand this Case to State Court.

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG S. DONAIS, MARY K. DONAIS
and DONAIS LAW OFFICES PLLC
By Their Attorneys,

*/s/ Edwin F. Landers, Jr.*

_____
Edwin F. Landers, Jr., BBO# 559360
Elanders@morrisonmahoney.com
Ian T. Donovan, BBO# 703377
idonovan@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500
Fax: 617-342-4869

5

102860363

**CERTIFICATE OF SERVICE**

       I, Edwin F. Landers, attorney for the Defendants, Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC, hereby certify that I have this day served the foregoing to all counsel of record in this action by serving same via First Class U.S. mail, postage prepaid and/or electronic mail to:

| | |
|---|---|
| Andre Bisasor, Pro Se<br>679 Washington Street, Suite #8-206<br>Attleboro, MA 02703<br>quickquantum@aol.com | William Saturley, Esq.<br>Daniel R. Sonneborn, Esq.<br>Preti Flaherty Beliveau & Pachios, LLP<br>60 State Street, Suite 1100<br>Boston, MA 02109<br>wsaturley@preti.com<br>dsonneborn@preti.com |

Date:   June 23, 2023                */s/ Edwin F. Landers, Jr.*
                                          Edwin F. Landers, Jr.

102860363