UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANDRE BISASOR, <br>     Plaintiff, <br><br> Vs. <br><br> CRAIG S. DONAIS, RUSSELL F. HILLIARD, DONAIS LAW OFFICES PLLC, UPTON AND HATFIELD LLP, and MARY K. DONAIS, <br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | DOCKET NO. 1:23-cv-11313 |

**DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY CASE DUE TO PENDENCY OF ANOTHER RELATED PROCEEDING AND APPEAL IN STATE COURT**

**INTRODUCTION**

NOW COME the Defendants Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC (jointly the "Donais Defendants") and oppose Plaintiff Andre Bisasor's ("Plaintiff") Motion to Stay Case Due to Pendency of Another Related Proceeding and Appeal in State Court ("Plaintiff's Motion").[1] The Donais Defendants request that this Honorable Court deny the Plaintiff's Motion as there is no good reason to stay this matter.

**BACKGROUND**

Through his First Amended Complaint (the "Complaint") in this action, Plaintiff asserts claims for defamation, libel, false light/invasion of privacy, tortious interference with advantageous

---

[1] Plaintiff has filed separate Motions to Remand, to Stay, for Default Judgment, and to Amend in this action. The Donais Defendants are opposing all of Plaintiff's motions and requesting the Court deny each for the reasons stated in their Oppositions.

1

relations, intentional infliction of emotional distress, civil conspiracy, abuse of process, violation of 42 U.S.C. §1981 against defendants Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC; civil rights violations, violations of M.G.L. ch. 93A, breach of fiduciary duty, breach of implied contract and breach of implied covenant of good faith and fair dealing against Craig S. Donais and Donais Law Offices PLLC; and aiding and abetting defamation against Mary K. Donais for statements and publications allegedly made by Craig S. Donais.  See Complaint.

    The Plaintiff originally brought this action against the defendants in the Superior Court of Massachusetts in Bristol County on June 20, 2022.  Exhibit A, Massachusetts State Court Docket for Andrew Bisasor v. Russell F. Hilliard, et al, Docket No. 2273CV00430.  This matter was removed to this court on June 12, 2023.  The Superior Court of Massachusetts in Bristol County considers the case disposed of as it was removed to the U.S. District Court. Exhibit A.

    More than two years prior to that filing, the Plaintiff had brought an action against Defendant Craig Donais alone in the Superior Court of Massachusetts in Middlesex on January 10, 2020. Exhibit B, Massachusetts State Court Docket for Andre Bissasor v. Craig Donais, Docket No. 2081CV00087. The Middlesex matter was dismissed on August 2, 2021. Exhibit B, Docket No. 22.  The Plaintiff filed a late Notice of Appeal on September 1, 2021.  Exhibit B, Docket No. 28.  There has been no filing in the Middlesex matter since January 2023. Exhibit B.

    The Massachusetts Appellate case has not been concluded. Exhibit C, Massachusetts State Court Docket for Andre Bissasor  v. Craig Donais, Docket No. 2021-P-0960.

    The Plaintiff also filed a claim in the New Hampshire courts against Craig Donais and twenty-one other defendants on January 3, 2020.  Exhibit D, New Hampshire State Court Docket, Docket No. 1.

**ARGUMENT**

I. **The Court Should Deny Plaintiff's Motion Because It Would Be Unfair To The Defendants To Stay This Case.**

The Plaintiff has put himself in the position of having multiple matters being litigated in different courts and it would be unfair and prejudicial to the defendants to allow the Plaintiff to stay this matter now that it has been removed to federal court.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Hewlett-Packard Co., Inc. v. Berg, 61 F.3d 101, 105 (1st Cir. 1995) (citing Landis v. North Amer. Co., 299 U.S. 248 (1936)).

The Plaintiff implies in his motion, without basis, that the Superior Court of Massachusetts in Bristol will rule on his motions to enter default against certain defendants. In fact, the Plaintiff was told to refile his pending motions in federal court, which is what the Plaintiff did. The Superior Court considers the case to be disposed of as it has been removed to this court. As such, there are no pending motions in the Superior Court of Massachusetts in Bristol that would create a risk of contradictory findings.

This implication is the Plaintiff's only stated reason that a stay would be appropriate. As it is clear from the docket that there is no potential conflict in judicial orders or findings, the Plaintiff has failed to state grounds that would warrant the granting of a stay in this action.

To the extent the Plaintiff may allege that the Middlesex case or New Hampshire case may impact this case, the Plaintiff has put himself in this position by filing 3 separate lawsuits. Any attempt by the Plaintiff to say that those earlier-filed cases are now reasons to stay this later-filed matter are

3

102860377

disingenuous. If the Plaintiff was concerned about contradictory rulings between these cases, he could have held off on filing this matter or moved to consolidate the matters himself. It would be unfair and prejudicial to the defendants to enter a stay in this matter when all defendants have filed a Motion to Dismiss which should dispose of this action.

Given the lack of grounds and the lack of potential conflict, denying the Plaintiff's Motion is in the best interests of judicial economy and the Court in exercising its inherent power to control its docket to allow this case to proceed.

## **CONCLUSION**

For all the foregoing reasons, Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC, respectfully request that this Court deny the Plaintiff's Motion to Stay Case Due to Pendency of Another Related Proceeding and Appeal in State Court.

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG S. DONAIS, MARY K. DONAIS
and DONAIS LAW OFFICES PLLC
By Their Attorneys,

*/s/ Edwin F. Landers, Jr.*

Edwin F. Landers, Jr., BBO# 559360
Elanders@morrisonmahoney.com
Ian T. Donovan, BBO# 703377
idonovan@morrisonmahoney.com
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500
Fax: 617-342-4869

102860377

## CERTIFICATE OF SERVICE

      I, Edwin F. Landers, attorney for the Defendants, Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC, hereby certify that I have this day served the foregoing to all counsel of record in this action by serving same via First Class U.S. mail, postage prepaid and/or electronic mail to:

| | |
|---|---|
| Andre Bisasor, Pro Se<br>679 Washington Street, Suite #8-206<br>Attleboro, MA 02703<br>quickquantum@aol.com | William Saturley, Esq.<br>Daniel R. Sonneborn, Esq.<br>Preti Flaherty Beliveau & Pachios, LLP<br>60 State Street, Suite 1100<br>Boston, MA 02109<br>wsaturley@preti.com<br>dsonneborn@preti.com |

Date:   June 23, 2023                */s/ Edwin F. Landers, Jr.*
                                            Edwin F. Landers, Jr.

102860377