UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANDRE BISASOR,<br>    Plaintiff,<br><br>vs.<br><br>CRAIG S. DONAIS, RUSSELL F. HILLIARD, DONAIS LAW OFFICES PLLC, UPTON AND HATFIELD LLP, and MARY K. DONAIS,<br>    Defendants. | Case No. 1:23-cv-11313-WGY |

**DEFENDANTS RUSSELL F. HILLIARD'S AND UPTON & HATFIELD, LLP'S OPPOSITION TO [EMERGENCY] MOTION TO AMEND SUPERIOR COURT COMPLAINT**[1]

NOW COME Defendants Russell F. Hilliard ("Hilliard") and Upton & Hatfield, LLP ("Upton & Hatfield") (collectively "Defendants") and submit the following Opposition to Plaintiff's [Emergency] Motion to Amend Superior Court Complaint (the "Motion"). The Motion fails to provide sufficient information regarding any proposed amendment.

I. **BACKGROUND**

Plaintiff has already amended his Complaint once – transforming a 6 page, 55 paragraph Complaint to a 92 page, 901 paragraph Amended Complaint. Plaintiff's Amended Complaint alleges the following claims against Hilliard and Upton & Hatfield: Defamation Per Se/Libel Per Se (Count 1), Defamation/Libel of Private Citizen (Count 2), False Light Invasion of Privacy (Count 3), Aiding and Abetting Defamation (Count 4), Tortious Interference with Advantageous Relations (Count 5), Intentional Infliction of Emotional Distress (Count 8), Civil Conspiracy (Count 9), Abuse

---

[1] Plaintiff did not confer with counsel for Mr. Hilliard and Upton & Hatfield prior to filing this motion, as is required by Fed. R. Civ. P. 7.1(a)(2). The Court may deny the Motion for that reason, aside from any of the arguments raised herein.

of Process (Count 10), and Racial Harassment & Retaliation in Violation of Federal Civil Rights Statute 42 U.S.C. § 1981 (Count 13).

## II.   ARGUMENT

The Plaintiff failed to attach his proposed Second Amended Complaint to the Motion. The Court may deny the Motion for that reason. *See Washington Tr. Advisors, Inc. v. Arnold*, 2023 WL 3958400, *5 (D. Mass. June 12, 2023), *citing Monroe v. Medtronic, Inc.*, 511 F. Supp. 3d 26, 40 (D. Mass. 2021) (denying motion for leave to amend because, having previously amended her complaint twice, plaintiff "failed to provide a proposed amended complaint or proffer any basis for yet another amendment") (citations omitted); *Newman v. Metro. Life Ins. Co.*, 2013 WL 951779, at *9 (D. Mass. 2013) (denying leave to amend where plaintiff "failed to provide a proposed amended complaint or articulate the basis for [her] additional claims"). [2]

Due to the Plaintiff's failure to include a proposed Second Amended Complaint or any specific details regarding what he seels to amend by way of a Second Amended Complaint, the Defendants cannot ascertain the grounds for such an amended pleading, or what he is seeking to add relative to their involvement. Moreover, as the Defendants have already filed their

---

[2] The Motion also notes additional parties may be added. The Defendants are not aware of Mr. Bisasor serving the Motion on any proposed new party as required by Local Rule 15.1(b) ("**Service on New Party.** A party moving to amend a pleading to add a new party shall serve, in the manner contemplated by Fed. R. Civ. P. 5(b), the motion to amend upon the proposed new party at least 14 days in advance of filing the motion, together with a separate document stating the date on which the motion will be filed. A motion to amend a pleading to add a new party shall be accompanied by a certificate stating that it has been served in advance on the new party as required by this rule."). Plaintiff's Motion lacks the certificate required by Local Rule 15.1(b), and if it has not been served on any parties he proposes to add, the Court may deny his Motion on those grounds. *See Washington Tr. Advisors, Inc.*, 2023 WL 3958400, *3 (D. Mass. June 12, 2023), *citing Ortiz v. Mara*, 435 F. Supp. 3d 330, 332 (D. Mass. 2020) ("Ortiz has not complied with Local Rule 15.1 and for that reason alone, his motion to amend must be denied"); *Norris v. Moroney*, 2022 WL 15523478, at *2 (D. Mass. Oct. 27, 2022) (denying pro se plaintiff's motion to add Massachusetts Parole Board as a new defendant due to noncompliance with L.R. 15.1(b)); *Stuart v. Town of Framingham*, 2018 WL 11241962, at *1-2 (D. Mass. Nov. 15, 2018) (finding motion to add party untimely under L.R. 15.1(a)); *Martins v. 3PD, Inc.*, 2013 WL 1320454, at *4 (D. Mass. Mar. 28, 2013) ("failure to comply with local rules may be an independent ground" to deny motion to amend).

responsive pleading, it would be prejudicial to them for Plaintiff to file another amended pleading, shortly after filing his First Amended Complaint.

The Defendants further adopt and incorporate additional reasons set forth in the Opposition to the Motion filed by co-Defendants Mary Donais, Craig Donais, and Donais Law Office, PLLC (doc. no. 23).

WHEREFORE, Defendants Russell F. Hilliard and Upton & Hatfield, LLP respectfully requests this Court deny Plaintiff's [Emergency] Motion to Amend Superior Court Complaint, along with any other relief the Court deems proper.

> Respectfully submitted,
> The Defendants,
> RUSSELL F. HILLIARD and
> UPTON & HATFIELD, LLP,
> By its attorneys,
>
> */s/ Daniel R. Sonneborn*
> William C. Saturley (BBO # 442800)
> wsaturley@preti.com
> Daniel R. Sonneborn (BBO # 679229)
> dsonneborn@preti.com
> Preti Flaherty Beliveau & Pachios, LLP
> 60 State Street, Suite 1100
> Boston, MA 02109
> T: (617) 226-3800

Dated: June 27, 2023

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of this document to be served via electronic filing on all counsel of record or pro se parties on June 27, 2023.

> */s/ Daniel R. Sonneborn*
> Daniel R. Sonneborn

20668595.1