UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANDRE BISASOR,<br>    Plaintiff,<br><br>vs.<br><br>CRAIG S. DONAIS, RUSSELL F.<br>HILLIARD, DONAIS LAW OFFICES<br>PLLC, UPTON AND HATFIELD LLP,<br>and MARY K. DONAIS,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:23-cv-11313-WGY<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS RUSSELL F. HILLIARD'S AND UPTON & HATFIELD, LLP'S
OPPOSITION TO PLAINTIFF'S NOTICE OF INTENT TO MOVE TO REMAND THIS
CASE TO STATE COURT**[1]

NOW COME Defendants Russell F. Hilliard ("Hilliard") and Upton & Hatfield, LLP ("Upton & Hatfield") (collectively "Defendants") and submit the following Opposition to Plaintiff's Notice of Intent to Move to Remand This Case to State Court (the "Motion"). Upton & Hatfield properly removed this matter to this Court. The Motion should be denied. [2]

I.      **BACKGROUND**

Plaintiff initially filed this lawsuit on June 20, 2022. After attempting to serve original Defendants Craig Donais and Russell Hilliard in April 2023, Plaintiff filed an Amended Complaint, adding Defendants Mary Donais, Donais Law Offices, PLLC, and removing Defendant Upton & Hatfield, LLP. This matter was removed by Upton & Hatfield on June 9, 2023 on the grounds of diversity jurisdiction and federal question jurisdiction.

---

[1] Plaintiff did not confer with counsel for Mr. Hilliard and Upton & Hatfield prior to filing this motion, as is required by Fed. R. Civ. P. 7.1(a)(2). The Court may deny the Motion for that reason, aside from any of the arguments raised herein.

[2] On June 23, 2023 Plaintiff filed a "Notice of Withdrawal of Notice of Intent to File Notice of Remand." *See* Doc. no. 25. As the Motion remains active as of the deadline to respond, this Opposition is being filed. If the Motion is withdrawn, the Defendants reserve the right to respond accordingly to any subsequent filing.

## II.    REMOVAL WAS TIMELY

Plaintiff attempted to serve the Amended Complaint on Mr. Hilliard by regular mail, which was received by Mr. Hilliard at his home address on May 11, 2023. *See* Doc. no. 16-1 at ¶ 1. While Upton & Hatfield has never been served with the Amended Complaint, using the May 11, 2023 date that Mr. Hilliard, a partner in the firm, received the Amended Complaint as the date that Upton & Hatfield received notice of the Amended Complaint, removal on June 9, 2023 was timely. *See Novak v. Bank of New York Mellon Trust Co.*, NA., 783 F.3d 910, 911 (1st Cir. 2015) (*citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)).

## III.    THE AMOUNT IN CONTROVERSY IS SATISFIED

As detailed in the Notice of Removal, Plaintiff has alleged, in a related lawsuit against Defendant Craig Donais, damages of at least $500,000.00. *See* Notice of Removal, doc. no. 1, at ¶ 4. Thus, Upton & Hatfield has shown a reasonable probability that the amount in controversy exceeds $75,000. *See Reynolds v. Would Courier Ground, Inc.*, 272 F.R.D. 284, 286 (D. Mass. 2011). Courts typically follow the following framework in determining whether there is a reasonable probability that the amount in controversy exceeds $75,000:

> First, if the jurisdictional amount is not facially apparent from the complaint, then a court need look to the notice of removal and any other materials submitted by the removing defendant. However, whether a defendant has shown a reasonable probability that the amount in controversy exceeds the jurisdictional minimum may well require analysis of what both parties have shown. Second, as part of the analysis of whether a removing defendant has met the standard of "reasonable probability," a court may consider which party has better access to the relevant information. Third, a court's analysis of the amount in controversy focuses on whether a removing defendant has shown a reasonable probability that more than the jurisdictional minimum is in controversy at the time of removal. Fourth, any doubts in the evidence should be construed in favor of remand because the court has a responsibility to police the border of federal jurisdiction. Fifth, this preliminary determination concerning whether a defendant has met its burden should be done quickly, without an extensive fact-finding inquiry. Finally, a plaintiff's likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.

20668603.1

*Huston v. FLS Language Centres*, 18 F. Supp. 3d 17, 21 (D. Mass. 2014), *quoting Reynolds*, 272 F.R.D. at 286 (internal quotations and alterations omitted) (collecting First Circuit cases).

Here, neither the Complaint nor Amended Complaint states a specific amount that Plaintiff is seeking. Thus, the Court may consider extrinsic evidence submitted by the parties. *Reynolds,* 272 F.R.D. at 286. As detailed in the Notice of Removal, Plaintiff's 901 paragraph, 92 page Amended Complaint alleges claims of defamation/libel, false light invasion of privacy, aiding and abetting defamation, tortious interference with advantageous relations, Massachusetts Civil Rights Act violations, violation of Mass. Gen. Laws Chapter 93A, intentional infliction of emotional distress, civil conspiracy, abuse of process, breach of fiduciary duty/privacy, breach of implied contract and breach of implied covenant of good faith and fair dealing, and racial harassment and retaliation in violation of Federal Civil Rights Statute, 42 U.S.C. § 1981. *See* Amended Complaint*, generally*. Furthermore, the "prayer for relief" asks for "any and all damages acceptable by law, including compensatory damages, statutory damages, punitive damages . . . and enhanced damages." *See* Amended Complaint at p. 92. Given Plaintiff's prior lawsuit against Mr. Donais arising out of the same nucleus of facts – in which he claimed damages of $500,000 – Plaintiff cannot now argue that his claims do not exceed $75,000. And Plaintiff does not make such an argument in his Motion, other than stating, without any support, that Defendant failed to meet its burden. *See* Motion at ¶ 10. Given his prior damages claims of $500,000, and the additional allegations raised in Amended Complaint, the removing Defendant has met its burden of showing the amount in controversy exceeds $75,000.[3]

---

[3] Upton & Hatfield also notes that Plaintiff states – without any support – that not all Defendants consented to removal. *See* Motion at ¶ 7. As detailed in the Notice of Removal, and reiterated in the Mary Donais', Craig Donais', and Donais Law Office, PLLC's Opposition to the Motion, they all consented to removal, as did Russell Hilliard. *See* doc. nos. 1 and 26.

20668603.1

## IV.     <u>FEDERAL QUESTION JURISDICTION ALSO EXISTS</u>

Count 13 of the Amended Complaint alleges a claim arising under Federal law – 42 U.S.C. § 1981. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because Count 13 of the Amended Complaint arises under Federal law, this separate valid basis for removal also defeats Plaintiff's attempts to remand this matter to state court.

The Defendants further adopt and incorporate additional reasons set forth in the Opposition to the Motion filed by co-Defendants Mary Donais, Craig Donais, and Donais Law Office, PLLC (doc. no. 26).

WHEREFORE, Defendants Russell F. Hilliard and Upton & Hatfield, LLP respectfully request this Court deny Plaintiff's Motion to Remand, along with any other relief the Court deems proper.

> Respectfully submitted,
> The Defendants,
> RUSSELL F. HILLIARD and
> UPTON & HATFIELD, LLP,
> By its attorneys,
>
> */s/ Daniel R. Sonneborn*
> William C. Saturley (BBO # 442800)
> wsaturley@preti.com
> Daniel R. Sonneborn (BBO # 679229)
> dsonneborn@preti.com
> Preti Flaherty Beliveau & Pachios, LLP
> 60 State Street, Suite 1100
> Boston, MA 02109
> T: (617) 226-3800

Dated: June 27, 2023

---

Upton & Hatfield was never served, nor did anyone appear on its behalf, in state court prior to removal. Plaintiff's argument that it submitted to state court jurisdiction, and thus cannot remove this matter, is without merit. *See* Motion at ¶ 10.

20668603.1

5

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of this document to be served via electronic filing on all counsel of record or pro se parties on June 27, 2023.

/s/ *Daniel R. Sonneborn*
Daniel R. Sonneborn

20668603.1