UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ANDRE BISASOR,
Plaintiff,

v.

CRAIG S. DONAIS;
RUSSELL F. HILLIARD;
DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP;
and MARY K. DONAIS,
Defendants.

Case No. 1:23-CV-11313

# **PLAINTIFF'S [EMERGENCY] MOTION TO EXTEND TIME TO FILE MOTION TO REMAND**

1. Now comes the plaintiff and asks the court to on an emergency basis allow an extension of time to file a motion to remand[1]. Grounds are as follows.

2. On Friday 6/9/23, the defendant Upton & Hatfield (who was not yet served in state court) preemptively filed a notice of removal in federal court. This was filed at around 11pm on Friday night of 6/9/23.

3. NB: Upon review of my email inbox, I found that defendant Upton & Hatfield submitted a notice of removal from state court to federal court, of this case, in the federal court's e-filing system at or around 10.54pm on late Friday night of 6/9/23. See screenshot of ECF notification provided to me by email when the defendant submitted their document.

[Screenshot of email notification:]

6/12/23, 11:31 AM — AOL Mail - Activity in Case 1:23-cv-11313 v. Donais et al

Activity in Case 1:23-cv-11313 v. Donais et al

From: ECFnotice@mad.uscourts.gov (ecfnotice@mad.uscourts.gov)
To: courtcopy@mad.uscourts.gov
Date: Friday, June 9, 2023 at 10:54 PM EDT

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

United States District Court
District of Massachusetts

**Notice of Electronic Filing**

The following transaction was entered by Sonneborn, Daniel on 6/9/2023 at 10:53 PM EDT and filed on 6/9/2023
Case Name:    v. Donais et al
Case Number:  1:23-cv-11313
Filer:        Upton & Hatfield, LLP
Document Number: 1

Docket Text:
NOTICE OF REMOVAL by Upton & Hatfield, LLP ( Filing fee: $ 402, receipt number AMADC-9898752 Fee Status: Filing Fee paid) (Attachments: # (1) Civil Cover Sheet Civil Cover Sheet, # (2) Category Form Category Form, # (3) Exhibit 1 - Amended Complaint, # (4) Exhibit 2 - State Court Docket, # (5) Exhibit 3 - Previously filed Plaintiffs Affidavit

---

[1] I previously filed a notice of intent to file a motion to remand but after it was re-titled or misnamed on the docket as a motion to remand, I filed a notice of withdrawal on 6/22/23 and thus that is moot.

1

4. However, the federal court of Massachusetts requires that an e-filed document must be made before 6pm on a day, in order for it to be filed on the same day and/or for it to be treated as filed on the same day. If it is filed after 6pm, then it is treated as filed on the next business day.
5. See screenshot below of the Combined Local Rule for the Federal District Court of Massachusetts – Rule 5.4(d).

**RULE 5.4  FILING AND SERVICE BY ELECTRONIC MEANS**

(a) **Electronic Filing Generally.** Unless exempt or otherwise ordered by the court, all pleadings and other papers submitted to the court must be filed, signed, and verified by electronic means as provided herein.

(b) **ECF Administrative Procedures.** Subject to the supervision of the court, the clerk will maintain Electronic Case Filing (ECF) Administrative Procedures, including procedures for the registration of attorneys and other authorized users and for distribution of passwords to permit electronic filing. All electronic filings must be made in accordance with the ECF Administrative Procedures. The ECF Administrative Procedures will be generally available to the public and shall be posted on the court's web site.

(c) **Service of Pleadings.** Unless exempt or otherwise ordered by the court, all pleadings and other papers must be served on other parties by electronic means. Transmission of the Notice of Electronic Filing (NEF) through the court's transmission facilities will constitute service of the filed document upon a registered ECF user.

(d) **Deadlines.** Although the ECF system is generally available 24 hours a day for electronic filing, that availability will not alter filing deadlines, whether set by rule, court order, or stipulation. All electronic transmissions of documents must be completed prior to 6:00 p.m. to be considered timely filed that day.

(e) **Civil Case Opening Documents.** All ECF filers registered in this district must file civil case opening documents, such as a complaint (or petition or notice of removal), civil action cover sheet, or category sheet, electronically. Cases which include sealed or *ex parte*

6. This is further confirmed, when taken with the Federal Rules of Civil Procedure, which states as follows. See screenshot below of the Federal Rules of Civil Procedure – Rule 6 (a)(1)(A-C)

**Rule 6. Computing and Extending Time; Time for Motion Papers**

(a) COMPUTING TIME. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.

(1) *Period Stated in Days or a Longer Unit.* When the period is stated in days or a longer unit of time:
(A) exclude the day of the event that triggers the period;
(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

13    FEDERAL RULES OF CIVIL PROCEDURE    Rule 6

(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

2

7. Therefore, the notice of filing of notice of removal submitted by defendant Upton & Hatfield on 6/9/23 should not be treated as filed in federal court until Monday 6/12/23. It thus could not have been properly filed in this court prior to 6/12/23.
8. Therefore, this court should not treat a notice of filing of notice of removal to federal court as having been filed on a date prior to 6pm on the date of the filing of a notice of removal to federal court.
9. Hence, this court should treat any notice of filing of notice of removal to federal court, as having been filed on 6/12/23, not 6/9/23.
10. Thus, removal to the federal court could not have beeen effectuated, or valid, prior to Monday 6/12/23.
11. See screenshot of the federal rules governing the timing of notice of filing of removal in the state court (see 28 U.S.C. § 1446 (d)/Section 1446 - Procedure for removal of civil actions) below.



12. Also, the state court received the notice of removal filing on Monday 6/12/23 and effected the removal to federal court on Monday 6/12/23 and closed the state court case on Monday 6/12/23.
13. According to the local rule 5.4, it states that anything filed after 6pm is treated as filed the next business day. Since the notice of removal was filed at around 11pm on 6/9/23, this should mean that 6/9/23 should not be counted as the date of removal. Also, the state court did not effect removal until 6/12/23 so the state court did not transfer the case until 6/12/23.
14. Because of the above, I believed that I had 30 days from 6/12/23 to file a motion to remand, which would land on Wednesday of next week on 7/12/23.
15. I would like thus to clarify that the date that this case was effectively removed was Monday 6/12/23. Although the defendant filed a notice of removal on Friday 6/9/23, it was done at about 11pm, long after the 6pm cutoff for it to count for the same day. Therefore, it would count for the next business day which was Monday 6/12/23. I need to confirm what date to start counting the 30 days for me to file a motion for remand, i.e., 30 days from Friday 6/9/23 to Sunday 7/9/23 (which bumps over to Monday 7/10/23), or 30 days from Monday 6/12/23 to Wednesday 7/12/23.
16. So, given the confusion of the circumstances, and in order to be on the safe side, I am filing this motion to extend time to file a motion to remand, after seeking clarification from the clerk office.
17. I am asking for a modest extension until July 17, 2023 (instead of July 12, 2023), which is the same date that my oppositions to the motions to dismiss are due.
18. Because I was just advised to file a motion to extend time, I literally have no time to confer with the defendants. This is being filed as an emergency because if I am wrong about the 6/12/23 start date for removal, then the deadline for remand is Monday 7/10/23. (i.e. if 6/9/23 is the date of removal, then 30 days would land on 7/9/23 but that is a Sunday. So in that case, would the deadline bump to Monday 7/10/23).
19. Hence, the need for this emergency motion.

20. Accordingly, I respectfully request that the Court allow this emergency motion.

Respectfully submitted,<br>
Andre Bisasor<br>
/s/andre bisasor<br>
679 Washington Street, Suite # 8206<br>
Attleboro, MA 02703

Date: July 7, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was or will be served to the parties in this case via the court's electronic filing/service system.

/s/andre bisasor<br>
Andre Bisasor<br>
679 Washington Street, Suite # 8-206<br>
Attleboro, MA 02703

# EXHIBIT 1