UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No. 1:23-CV-11313

# [EMERGENCY/EXPEDITED] MOTION TO MODIFY PLAINTIFF'S REQUEST TO EXTEND TIME TO FILE OPPOSITIONS TO MOTION TO DISMISS

1. I hereby submit this emergency/ expedited motion to modify plaintiff's request for an extension of time to file oppositions to the motions to dismiss.

## I. Opening Statement

2. My oppositions to the motions to dismiss in this case are currently due today on Monday July 17, 2023.
3. On Friday, July 14, 2023, I filed an emergency motion requesting extension of time to file my oppositions to the motions to dismiss until Friday July 21, 2023.
4. This filing constitutes a request to modify that request as follows.

## II. Conferring Issues

5. First, it should be noted that I sought to confer with defense counsel Daniel Sonneborn ("Dan"), who I believed spoke for all defendants (based on recent events where he was the only one that had responded to several emails seeking conferring on other matters and where Ed Landers ("Ed"), counsel for the other defendants, simply stated once that he concurred with Dan, and then did not respond again to numerous emails even though I requested response from all counsel of record).
6. Dan responded on Friday morning stating that he "cannot assent at this time". I also sent an email to Dan stating that "I trust that he spoke for all defendants". However, by the time I filed the motion to extend time, Dan later stated he only spoke for the Hilliard defendants.
7. I later received Ed's objection on Friday evening and Dan's objection this morning (which was filed last night).
8. I am puzzled why Dan did not tell me on Friday morning that he objected and would file an objection, instead of simply saying "I cannot assent at this time".
9. NB: Also, I am taken aback by Ed's objection stating that I did not confer with him prior to filing, when he knows that I treated my conferring with Dan on Friday morning as conferring with all defendants, in light of recent events related to the conferring problems with this group, which I laid out in detail, long before Ed filed his objection on Friday evening, and which showed reasonable grounds for why I believed Dan was speaking for all defendants, and even though Ed eventually clarified that Dan does not speak for all defendants, Ed should have noted something that reflected this issue in his objection so that the court did not get the wrong impression by his statement.

10. So I did confer with defense counsel Dan Sonneborn who I believed spoke for all defendants. It is simply not accurate for Ed Landers to say I did not confer, without more, when he knows that I thought Dan was communicating on behalf of all defendants. See **Exhibit A.**

### III.     Modified Request for Extension

11. However, instead of quibbling about that, I am moving forward to suggest a resolution that I hope will provide an even more reasonable resolution in the eyes of the court, as follows:

12. I am willing to modify request for an extension of time to file my oppositions to the motions to dismiss,**  to only two full days until 11.59pm on Wednesday, July 19, 2023**. This cuts back on the time I am requesting, from my initial request of 4 additional days until July 21, 2023, to only two days until July 19, 2023. This is beyond more than eminently reasonable. Even though I need the 4 days initially requested, in light of the objections filed by the defendants, I am willing to try to compromise in order to increase the likelihood that my request will be granted by the court. This is only two more days. This is by Wednesday of this week, in two days. That allows 7 days (in instead of 9 days) until the hearing which is more than enough time for the defendants to review my filings in preparation for the hearing on Thursday July 27, 2023.

13. The grounds for my modified request are further, as follows.

### IV.     Plaintiff Cannot Meet The Burden Of The Compounding Deadlines

14. As noted before, I have had some challenges and unexpected issues that has set me back in my ability to get everything done by Monday July 17, 2023 (these include a combination of personal matters including medical, and other matters pertaining to other court cases that I am involved that have obstructed my time and that have hampered me ). I will be able to complete the motion to remand by July 17, 2023 but not the oppositions to the motions to dismiss which are way more complicated including antislapp claims by the defendants.

15. Defendants state that this is not enough to grant extension. I am not sure what else will. Medical challenges are a known basis for good cause to grant extension. When lawyers themselves cite medical issues for why they need a continuance or an extension, they expect courts to accommodate them. It should be no different for me as a pro se litigant. The defendants counsel evidently believe I should be treated lesser because I am not a lawyer. Similarly, when lawyers have multiple court cases that create conflicts with their time/availability, they routinely request extensions and courts give it to them. Again, it should be no different for a pro se litigant.

16. I currently have 6 other court cases that I am involved with, one of which is in the process of settling (via mediation) but with a tight deadline to negotiate the settlement paperwork, and including an appeal in state court, involving Donais, with deadlines all around the same timeframe. With these other court cases, I have had crushing deadlines that were foisted on me because of filings made by the other side or by orders of the courts. These have created time conflicts that stretch my ability to keep on top of everything at the same time.

17. I also have had several medical appointments including intensive medical testing procedures at a hospital to address significant health challenges including excruciating pain that has hampered my ability to work, requiring treatment/medication. As I said, I can provide further details under seal if the court needs more than my word.

18. I aver to this court that I tried to meet the deadlines due to today but am just not physically able to.
19. I am not superhuman. There is no way I will be able to meet the deadline today. I have a motion to remand due today. I have two oppositions to two motions to dismiss due today. This includes to oppositions to two antislapp motions as well. This is too burdensome for me as a pro se plaintiff. I am not a lawyer. I do not have a law office or legal assistants. I do not get paid for any of this. I have to work and make a living. I have family obligations and personal matters and medical challenges. I hereby implore the court for reasonable relief.
20. I can still meet the deadline for the motion to remand today. But I cannot meet the deadline today for the oppositions to the motions to dismiss. This is not a false alarm. I simply will be physically unable to do it.
21. Furthermore, without an extension, I will not have a meaningful opportunity to be heard through my pleadings.
22. Defense counsel knows that the less time I have, the greater chance that I will falter in being able to defeat their motions. Their opposition to my motion to extend time is therefore tactical, designed to prejudice my ability to defend my meritorious claims against dismissal. I promise this court that I have truly meritorious arguments backed up with facts and evidence that will defeat the defendants motions to dismiss including their antislapp motions. I just need an adequate time and opportunity to do so.
23. NB: I also need time as the complaint is 92 pages including exhibits and screenshots and I need to incorporate the complaint references into my oppositions in order to show why the defendants' argument are refuted.
24. Please keep in mind that I did not want to litigate in federal court. I did not ask to litigate in federal court. If I was in state court, I would not have these issues because the timelines in state court are more flexible, particularly in relation to seeking extensions of time or setting/continuing hearings dates.

### V.      **Defendants Oppose My Request Because They Want Time To File Replies Which Are Not Allowed**

25. The defendants state, as a ground for their opposition, that they want to have time to submit replies to my oppositions. But this is not fair. The defendants are not allowed to file replies without leave of court. Replies in this instance will prejudice me because I will have no time to review or digest two replies by the two sets of defendants, prior to the hearing on July 27, 2023. The defendants apparently want to box me in, and then give themselves leeway to reply. The defendants want their cake and eat it too. In fact, I offered the defendants a possible resolution where they would assent to my request for extension in exchange for my assent to a reply but with my reserving the right to file a sur-reply. They did not agree.
26. The court should not allow any reply as I will not have an opportunity to sur-reply. It would not be fair to allow defendants to reply. The rules do not allow them to reply. If they have a reply, they can do at the hearing.
27. I do not agree with filing of any replies. They want their cake and eat it too.
28. They want to block me from a modest extension request, but allow themselves to reply, given themselves all advantage over me as the pro se plaintiff.
29. They want lengthy extensions for themselves to file their motions to dismiss (which extension they sought in state court prior to removal) but they now they block a 4 day extension and now a measly 2 days extension for

me. This is not reasonable and is not consistent with the rules of conduct where counsel is not supposed to unreasonably withhold assent to reasonable requests by the opposing party.

## VI. Further Points on Modified Request

30. My modified request is more than reasonable. 2 days is an extremely brief time. It will pass in the squint of an eye. The defendants will have a week left before the hearing to review. No defendant will be prejudiced by an extra 2 days extension.

31. I have not slacked off in this case but have shown diligence in prosecuting this case both in state court and federal court. This is not an attempt at unreasonable delay. I am doing the best I can as a pro se non lawyer.

32. Also, the defendants opposed my earlier request for continuance of the July 27th hearing. They cannot now want to use the short time to the hearing as a reason to grant them to reply while blocking me from a short extension, in order so they can reply.

33. I as a pro se plaintiff did not ask to litigate in federal court. I am here asking for a just a little leeway, not much.

34. The defendants simply don't want me to be able to present my best case. It would be unfair to deprive me of every opportunity to present my best case especially where an award of attorney fees are at stake with the antislapp motions. An award of attorney fees in this case would literally bankrupt me given that I was granted indigency status by the state court and given that there are two big law firms involved with at least 4 or more seasoned attorneys on the case, along with associates and paralegals assisting them on the case. The attorney fees would be astronomical. This is causing me a lot of emotional distress. I do have valid defenses to refute the antislapp motions. I just need a little more time to submit them to the court.

35. The anti-slapp motions carry very complex and serious ramifications that is not easy for a pro se plaintiff to properly deal with it without adequate time to prepare, to research the issues and case law.

36. It is also now difficult to obtain an attorney to represent me in federal court because of the complexities and vagaries of federal court practice, compared to state court practice. I am at a disadvantage in federal court because of this as well as for the fact that I am not as familiar with federal court rules and law.

## VII. Separate Opposition to Antislapp Motion Will Not Prejudice Defendants

37. Ed states in his opposition on Friday evening that the defendants will be prejudiced if I am allowed to file a separate opposition to the antislapp motion. This cannot be because state court procedure requires that defendants file a separate motion called a special motion to dismiss separate from a regular motion to dismiss under Rule 12, etc. It is actually the norm for separate opposition to be filed to an anti-slapp motion. It is the defendants that have strayed from the norm or have violated proper procedure and practice.

38. Ed further states in his opposition on Friday evening that the defendants complied with the federal rules, in opposing my request to submit a separate opposition to the antislapp motions. But this is not correct. They did not follow correct procedure for an antislapp motion. The federal rules of procedure do not apply to the antislapp motion. The state-based anti-slapp statute governs. (NB: If the federal rules applied, then the antislapp motion could not be heard in federal court as they violated Rule 12 and Rule 56 of the federal rules.).

The state-based procedure requires that the defendants should have filed a separate motion as a special motion to dismiss, apart from their Rule 12 motion to dismiss. They did not do so. They included the antislapp motion within their motion to dismiss, which is confusing and creates procedural issues in doing so. [NB: Because the defendants included an antislapp claim, in the body of their motions to dismiss (in addition to other defenses of personal jurisdiction and improper venue under Rule 12B, or other defenses such as litigation privilege and spousal disqualification), it has created complications because the antislapp is its own "beast" so to speak, with a separate statute and rule governing it.]. They also did not provide an affidavit that addressed the antislapp claims, which violates procedure as there is no basis to treat any claims by the defendants in their antislaspp motion as true or correct.

39. NB: This supports my request to be able to separately address the antislapp motion in a separate opposition.

40. However, given that I have shortened my request for extension until only 2 days, I am not asking for an extension on only the antislapp opposition. I am still seeking to extend time to 2 days on my entire oppositions to the motions to dismiss including the antislapp motions.

### VIII.  Conclusion

41. I have sought to confer with the defendants twice now by email (including one email on which the court clerk was copied) but I have not yet received a reply to my modified request. See **Exhibit B.**

42. This is an emergency/expedited motion because today is the deadline at 6pm and time is of the utmost importance. Also, the defendants, on or about Friday morning, asked the clerk to hold off on presenting this motion to the judge until Monday, which ate at the already narrow time involved.

43. I ask the court to please issue an order as soon as possible so that I can know how to proceed for the rest of today and to please allow me a little grace in order to meet the deadline by extending the deadline by only 2 days, so that I am not barred from filing my oppositions to the motions to dismiss altogether.

44. Accordingly, I respectfully request that the Court allow this emergency/expedited motion.

Respectfully submitted,<br>
Andre Bisasor<br>
/s/andre bisasor<br>
679 Washington Street, Suite # 8206<br>
Attleboro, MA 02703

Date: July 17, 2023

### CERTIFICATE OF SERVICE

I hereby certify the foregoing was/will be served to the parties in this case via the e-filing system.

/s/andre bisasor<br>
Andre Bisasor<br>
679 Washington Street, Suite # 8-206<br>
Attleboro, MA 02703

# Exhibit A

Exhibit A

## Re: Urgent request for assent

From: Sonneborn, Daniel R. (dsonneborn@preti.com)
To: quickquantum@aol.com
Cc: elanders@morrisonmahoney.com
Date: Friday, July 14, 2023 at 03:07 PM EDT

Mr. Bisasor,

I am tied up at present and have some personal matters as well today. I will likely file today or over the weekend.

Dan

**Daniel R. Sonneborn**
Director
617.226.3852 Tel
dsonneborn@preti.com
Bio | LinkedIn | Twitter | preti.com

PretiFlaherty
60 State Street
Suite 1100
Boston, MA 02109

> On Jul 14, 2023, at 2:57 PM, Andre Bisasor <quickquantum@aol.com> wrote:
>
> **Note:** *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***
>
> Dan, it is almost 3pm. I have several questions asked below. Can you please answer?
>
> Can you also let me know when you plan to file something?
>
> Andre
>
> On Friday, July 14, 2023 at 02:28:27 PM EDT, Andre Bisasor <quickquantum@aol.com> wrote:
>
> Dan, Also, why did not you tell me that you would file an opposition when I first conferred with you this morning at 9.25am? Why did you simply say that "you cannot assent at this time"?
>
> Andre
>
> On Friday, July 14, 2023 at 02:17:02 PM EDT, Andre Bisasor <quickquantum@aol.com> wrote:
>
> Dan
>
> Do you expect to file this afternoon. What is the basis for your opposition? I already noted your response in my motion.

Andre

On Friday, July 14, 2023 at 02:15:36 PM EDT, Andre Bisasor <quickquantum@aol.com> wrote:

Dan,

Your recollection is not correct. Ed was not responsive last week. My emails were directed to all counsel of record. Ed just simply did not respond to most of my emails. Check the record again.

Andre

On Friday, July 14, 2023 at 02:13:36 PM EDT, Sonneborn, Daniel R. <dsonneborn@preti.com> wrote:

Mr. Bisasor,

I expect to file but have several other items to address this afternoon. Also, I only speak for my clients and my recollection from last week was you and I were going back and forth over items pertaining to my clients and our position. I cannot speak for the other defendants but Ed has always been responsive when emails between all of us have gone around.

Thanks,

Dan

**Daniel R. Sonneborn**
Director
Preti Flaherty

---

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Friday, July 14, 2023 1:57 PM
**To:** Sonneborn, Daniel R. <DSonneborn@preti.com>
**Cc:** Edwin Landers <elanders@morrisonmahoney.com>
**Subject:** Re: Urgent request for assent

**Note:** *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***

---

Dan,

As an FYI, I figured it was possible you checked in with Ed before responding to me because last week Ed did not respond to most of my conferring emails regarding the motion items I listed, and only you responded. There was one email from Ed at the beginning where he said he basically concurs with what you said and then I never heard back from him again, despite my several attempts to elicit replies from you. Again, only you responded after that. Are you

saying that also last week, you did not speak for Ed and that Ed essentially just neglected to respond himself to all my emails?

Andre

On Friday, July 14, 2023 at 11:18:42 AM EDT, Sonneborn, Daniel R. <dsonneborn@preti.com> wrote:

I can only speak for Mr. Hilliard and Upton & Hatfield.

**Daniel R. Sonneborn**
Director
617.226.3852 Tel
dsonneborn@preti.com
Bio | LinkedIn | Twitter | preti.com

PretiFlaherty
60 State Street
Suite 1100
Boston, MA 02109

> On Jul 14, 2023, at 10:55 AM, Andre Bisasor <quickquantum@aol.com> wrote:
>
> **Note:** *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***
>
> ---
>
> I trust that speaks for all defendants?
>
> -Andre
>
> On Friday, July 14, 2023 at 10:53:39 AM EDT, Sonneborn, Daniel R. <dsonneborn@preti.com> wrote:
>
> Mr. Bisasor,
>
> Given the July 27 hearing date and prior extension, I cannot assent at this time.
>
> Thanks,
>
> Dan

**Daniel R. Sonneborn**
Director
617.226.3852 Tel
dsonneborn@preti.com
Bio | LinkedIn | Twitter | preti.com

PretiFlaherty
60 State Street
Suite 1100
Boston, MA 02109

> On Jul 14, 2023, at 9:25 AM, Andre Bisasor <quickquantum@aol.com> wrote:
>
> **Note:** *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***
>
> Dan,
>
> I have something that has come up and this requires that I seek your assent to the following.
>
> I need an additional 4 days to file my opposition to the motion to dismiss from Monday July 17, 2023, until Friday July 21, 2023.
>
> Would have any problem with that?
>
> Andre

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

# **EXHIBIT B**

# **EXHIBIT B**

# Re: Request for assent to modified request for extension | Bisasor v Donais, et. al - Case # 1:23-cv-11313-WGY

From:  Andre Bisasor (quickquantum@aol.com)

To:    dsonneborn@preti.com; elanders@morrisonmahoney.com; wsaturley@preti.com; idonovan@morrisonmahoney.com

Date:  Monday, July 17, 2023 at 08:38 AM EDT

Dear All,

Could you all please respond to my email below before 9am?

Thanks
Andre

> On Monday, July 17, 2023 at 06:41:19 AM EDT, Andre Bisasor <quickquantum@aol.com> wrote:
>
> Dear Dan, Ed, Ian, William,
>
> I received Dan's objection this morning (which was filed late last night) and again I am puzzled why Dan did not tell me on Friday morning that he objected and would file an objection, instead of simply saying "I cannot assent at this time".  Also, I am taken aback by Ed's objection stating that I did not confer with him prior to filing, when he knows that I treated my conferring with Dan on Friday morning as conferring with all defendants, in light of recent events related to the conferring problems with this group, which I laid out in detail, long before Ed filed his objection on Friday evening., and which showed reasonable grounds for I believed Dan was speaking for all defendants, and even though Ed eventually clarified that Dan does not speak for all defendants, Ed should have noted something that reflected this issue in his objection so that the court did not get the wrong impression by his statement.
>
> However, rather than quibbling about that at this point, I am moving forward to suggest a resolution that I hope you all will find reasonable, as follows:  I am willing to modify request for an extension of time to file my oppositions to the motions to dismiss, **to only two days until 11.59pm on Wednesday, July 19, 2023**. This cuts back on the time I am requesting, from my initial request of 4 additional days until July 21, 2023, to only two days until July 19, 2023. This is beyond more than eminently reasonable. Even though I need the 4 days initially requested, in light of your objection filed, I am willing to try to compromise in order to obtain your assent and increase the likelihood that my request will be granted by the court.  This is only two measly more days. This is by Wednesday of this week, in two days. You will have all of Thursday and Friday of this week to review the oppositions in addition to most all of next week until the hearing on Thursday July 27, 2023. That allows 7 days until the hearing which is more than enough time to review my filings in preparation for the hearing.
>
> Will you assent to this?
>
> I hope to file a modified request to the court this morning so your speedy response is appreciated.
>
> Please let me know as soon a possible this morning as time is of the essence.
>
> NB: I am copying the court clerk so that everyone is on the same page.

7/17/23, 8:58 AM AOL Mail - Re: Request for assent to modified request for extension | Bisasor v Donals, et, al - Case # 1:23-cv-11313-WGY

Case 1:23-cv-00374-JL-TSM Document 44 Filed 07/17/23 Page 14 of 14

Sincerely,
Andre Bisasor