UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR,
Plaintiff,

v.

CRAIG S. DONAIS;
RUSSELL F. HILLIARD;
DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP;
and MARY K. DONAIS,
Defendants.

Case No.1:23-cv-00374-JL

**EMERGENCY/EXPEDITED
FINAL MOTION TO EXTEND DEADLINE TO FILE
MOTIONS PREVIOUSLY FILED IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS
BY AN ADDITIONAL THIRTY DAYS**

1. NOW COMES the Plaintiff and respectfully requests this Court extend, by a final additional thirty days, the Procedural Order in Transferred Cases (Doc. no. 63), such that any motion previously filed and not ruled on in the United States District Court for the District of Massachusetts should be filed in this Court by October 27, 2023.

2. As grounds therefor, the Plaintiff states that he had several pending motions upon transfer to this Court, and the additional time is needed as further outlined below.

## I.   BACKGROUND

3. On 7/28/23, the court issued a procedural order for a 30 day deadline to refile motions previously filed in the MA federal court. This deadline fell on Monday 8/28/23.

4. On 8/23/23, a joint motion was filed by Defendants on behalf of the parties.

5. On 8/23/23, the court granted the extension. Consequently, the deadline currently falls on Wednesday 9/27/23.

6. Plaintiff seeks an extension until 10/27/23 to refile motions from the MA federal court.

## II.   GROUNDS

### A.   First Ground

7. The plaintiff has a family emergency that requires him to travel (long distance) on short notice concerning an elderly ailing parent, which will affect his time and availability, and impact his ability to meet the current September 27, 2023 deadline.

1

8. Therefore, the plaintiff needs to request an extension of an additional 30 days, which would be a final extension request.

### B. Second Ground

9. The extension would have the added benefit of allowing more time to arrange any meet and confer with the defendants necessary to comply with Rule 7.1 prior to the plaintiff filing any motion.

10. Similarly, should the defendants intend to file any motion, an extension would further facilitate the added benefit of allowing the defendants more time to arrange any "meet and confer" as necessary to comply with Rule 7.1. NB: As of today, the defendants have not indicated any intention to refile any motion from the MA federal court and have not reached out to the plaintiff for a "meet and confer" under Rule 7.1. If the defendants somehow subsequently indicate such intention with only 3 business days remaining before the deadline on 9/27/23, then that would be too late and would prejudice the plaintiff[1], especially in light of the recent family emergency cited above.

11. Furthermore, should the defendants intend to file any motion after this point in 3 business days or less before the deadline, the plaintiff would not be available to meet and confer as is required for the defendants to do before filing any motion.

12. In addition, the plaintiff would not be available to respond to any motions filed by the defendants (should any be filed) within 14 days thereafter, which would require the plaintiff to seek an extension of time to file any responses to any such motions filed. Therefore, it serves judicial economy and the proper administration of justice to allow a final extension under the circumstances.

13. NB: The plaintiff asks that the order of extension also apply mutually to the defendants as well.

### C. Third Ground

14. Furthermore, the plaintiff ordered a transcript of the hearing in MA federal court.
15. The plaintiff needs the transcript for possible refiling of motions in this court.
16. A transcript of the hearing has been prepared but the transcript needs to be corrected, and the plaintiff has begun to seek assistance from the MA federal court regarding transcript corrections (which evidently is not a straightforward process in federal court, as it is in state court).
17. Additional time will need to be allowed for the transcript correction process.

### D. Fourth Ground

18. No further extensions will be requested on this issue, should it be granted.

---

[1] NB: The defendants have had a history of waiting until the last minute to seek to confer and of not allowing adequate time for the plaintiff to confer, resulting in prejudice to the plaintiff. If the defendants intend to do this again here in this court, this is grounds for the court to take corrective action as necessary.

### E. Fifth Ground

19. It is in the interest of justice and equity that the extension be allowed

### III. CONCLUSION

20. This request is not intended to delay or prejudice the Court or any party.
21. The plaintiff reached out to the defendants for assent and they have not assented nor have they objected. NB: They have not stated whether they may or may not file any response. See **Exhibit 1** for email chain so that the court can see the communication with the defendants.
22. Given that time is of the essence, the plaintiff asks that the court issue an expedited order so that the plaintiff can know how to proceed in advance of the 9/27/23 deadline.
23. This is a reasonable request under the circumstances.
24. In the alternative, if the court prefers, the plaintiff would settle for an extension of 20 days (or any other time), if that better pleases the court. This is preferable rather than an outright denial of the motion.
25. WHEREFORE, the Plaintiff respectfully request that this Court extend the deadline to file motions that were pending in state court by thirty days (from September 27, 2023 to October 27, 2023), along with any other relief the Court deems proper.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

September 22, 2023

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

# **<u>EXHIBIT 1</u>**

## Re: Assent or Joint Request for Further Extension

From: Andre Bisasor (quickquantum@aol.com)

To: dsonneborn@preti.com

Cc: elanders@morrisonmahoney.com; lsmith@morrisonmahoney.com

Date: Friday, September 22, 2023 at 02:44 PM EDT

Dan and Linda,

Because time is of the essence, I would like to know your position on if you intend to file an objection or not, and if so, what are the grounds, so that I can give the court a heads up. Also, if you plan to wait 14 days to respond, then that will prejudice me because the deadline is in 5 days. I need to hear from the court in time before 9/27. So can you let me know the answer to my question?

Andre

> On Friday, September 22, 2023 at 02:29:04 PM EDT, Sonneborn, Daniel R. <dsonneborn@preti.com> wrote:
>
> Andre,
>
> Our position remains the same. I will review anything that is filed and respond accordingly.
>
> Thanks,
> Dan
>
> **Daniel R. Sonneborn**
> Director
> 617.226.3852 Tel
> dsonneborn@preti.com
> Bio | LinkedIn | Twitter | preti.com
>
> PretiFlaherty
> 60 State Street
> Suite 1100
> Boston, MA 02109
>
>
> On Sep 22, 2023, at 1:46 PM, Andre Bisasor <quickquantum@aol.com> wrote:
>
>
> **Note:** *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***
>
> Linda,
>
> By the way, I would clarify something. You stated below that "Further, you requested the first 30-day extension, and we agreed so long as it was mutual." I am not sure if you are saying you did not need or want the first extension and that you simply went along. Is that what you are trying to say?
>
> Either way, although you may have had "agreed as long it was mutual", please recall that Attorney Dan Sonneborn actively wanted and sought an extension and even drafted the joint motion for extension and submitted it to the court.

Also, can you please let me the answer to my question below regarding whether you intend to file an opposition if I file a motion or if you simply will not provide assent but won't file an opposition, leaving it up to the court.

Dan, can you please respond to these emails as well, including the prior request to reconsider etc., which I don't believe you responded to, as well as the questions in this email as noted above?

Thanks,
Andre

On Friday, September 22, 2023 at 12:46:07 PM EDT, Andre Bisasor <quickquantum@aol.com> wrote:

If filed a motion, would actually oppose or just simply not agree to assent and leave it to the court?

-Andre

On Friday, September 22, 2023 at 12:36:13 PM EDT, Smith, Linda <lsmith@morrisonmahoney.com> wrote:

Again, I replaced Attorney Donovan. Attorney Ed Landers and I both represent Craig Donias, Mary Donais and Donais Law Offices PLLC.

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Friday, September 22, 2023 12:24 PM
**To:** Daniel R. Sonneborn <dsonneborn@preti.com>; Landers, Edwin <ELanders@morrisonmahoney.com>; Smith, Linda <LSmith@morrisonmahoney.com>
**Subject:** Re: Assent or Joint Request for Further Extension

> **External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.**

Just to be clear, Ed and Ian are no longer counsel on this case?

-Andre

On Friday, September 22, 2023 at 12:21:00 PM EDT, Smith, Linda <lsmith@morrisonmahoney.com> wrote:

As indicated in our filings, I have replaced Attorney Donovan, and Ed Landers and I now both represent Craig Donias, Mary Donais and Donais Law Offices PLLC.

Further, you requested the first 30-day extension, and we agreed so long as it was mutual. In any event, we cannot agree to a further extension, as previously indicated.

Regards,

Linda

**Linda Smith**
Partner

MORRISON MAHONEY LLP
650 Elm Street, Suite 201
Manchester, NH 03101
T (603) 518-1971 | F (603) 622-3466
LSmith@morrisonmahoney.com | www.morrisonmahoney.com

Connecticut | Massachusetts | New Hampshire | New Jersey | New York | Rhode Island | United Kingdom

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmissions, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

---

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Friday, September 22, 2023 11:37 AM
**To:** Daniel R. Sonneborn <dsonneborn@preti.com>; Landers, Edwin <ELanders@morrisonmahoney.com>; Smith, Linda <LSmith@morrisonmahoney.com>
**Subject:** Re: Assent or Joint Request for Further Extension

> **External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.**

Linda,

I am not sure if you are taking over for Edwin or not.

But the issue should not necessarily be what your clients agree. You as counsel (or as insurance counsel) should determine whether to reasonably withhold assent, or not, to reasonable requests for scheduling and administrative matters, especially given the contentious dynamics with your clients. Counsel should drive these decisions, and you have an ethical duty to not unreasonably withhold assent to reasonable requests, especially in NH where there is supposed to be a reputation of a collegial bar. Although I am not a lawyer, I should not be treated any less than if I was a member of the NH bar.

I ask that you reconsider as my request is not unreasonable and you benefitted and wanted a 30 day extension at first as well. I am not a lawyer or a law office with a team of lawyers and assistants, but you are and yet you needed 30 days extension. Yet, I need a final extension given some emergency matters. In the alternative, would 20 days extension be more amendable?

Andre

On Friday, September 22, 2023 at 11:28:45 AM EDT, Smith, Linda <lsmith@morrisonmahoney.com> wrote:

Mr. Bisasor,

Unfortunately, at this time our clients cannot agree to any further extensions. It is coming up on 60 days since the matter was transferred and the action should move forward, including keeping in place the current deadline to file Motions.

Regards,

Linda Smith

**Linda Smith**
Partner

MORRISON MAHONEY LLP
650 Elm Street, Suite 201
Manchester, NH 03101
T (603) 518-1971 | F (603) 622-3466
LSmith@morrisonmahoney.com | www.morrisonmahoney.com

Connecticut | Massachusetts | New Hampshire | New Jersey | New York | Rhode Island | United Kingdom

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmissions, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Friday, September 22, 2023 8:21 AM
**To:** Daniel R. Sonneborn <dsonneborn@preti.com>; Landers, Edwin <ELanders@morrisonmahoney.com>; Smith, Linda <LSmith@morrisonmahoney.com>
**Subject:** Assent or Joint Request for Further Extension

> **External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.**

Dear Dan and Edwin,

I wanted to bring to your attention a need to further extend the Sept 27 deadline for potentially re-filing motions from the MA federal court. I have a family emergency that requires me to travel (long distance) on short notice concerning an elderly ailing parent, which will affect my time and availability, and impact my ability to meet the current Sept 27 deadline. Therefore, I need to request an extension of an additional 30 days, which would be a final extension request. The extension would have the added benefit of allowing a little more time to arrange any meet and confer necessary to comply with Rule 7.1. I assume that you may also benefit from having a further extension on your end as well.

Please let me know if you would be amenable to assenting to or joining in on a brief motion for a further and final extension on this matter.

Thanks,

Andre Bisasor

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.