UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____

ANDRE BISASOR,
     Plaintiff

Vs.                               CASE NO.: 1:23-CV-00374-JL

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
UPTON AND HATFIELD LLP and
MARY K. DONAIS,
     Defendants
_____

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendants, Craig Donais, Donais Law Offices PLLC and Mary K. Donais (collectively "Donais Defendants"), by and through their counsel, Morrison Mahoney LLP, respectfully submit this Memorandum of Law in Support of Motion to Dismiss Plaintiff's First Amended Complaint ("FAC"), stating as follows:

## I.    INTRODUCTION

Through his FAC, Plaintiff Andre Bisasor asserts claims for defamation, libel, false light/invasion of privacy, tortious interference with advantageous relations, intentional infliction of emotional distress, civil conspiracy, abuse of process, violation of 42 U.S.C. §1981 against the Donais Defendants; civil rights violations, violations of Massachusetts G.L. ch. 93A, breach of fiduciary duty, breach of implied contract and breach of implied covenant of good faith and fair dealing against Craig S. Donais and Donais Law Offices PLLC; and aiding and abetting defamation against Mary K. Donais for statements and publications allegedly made by Craig S. Donais ("Donais")[1].  According to the

_____
[1]Plaintiff has also sued Donais in Middlesex Superior Court, Docket No. 2081CV000087, alleging defamatory statements of the exact same type and nature, which claims were dismissed on August 2, 2021 and in New Hampshire for similar causes of action.  Plaintiff is appealing the dismissal of the Massachusetts action on a pro se ex parte appeal

FAC, such statements and publications were intended to damage Plaintiff's reputation. See FAC ¶5. Plaintiff's claims concerning alleged statements made by or on behalf of Donais concern statements made to the courts, police, or other public bodies or organizations. FAC ¶¶21, 37-39, 120, 133-134, 148, 152, 213-221, 272, 316, 319.

On 6/20/22, Plaintiff filed his original complaint in the Bristol Superior Court in Massachusetts. See Doc. 18, Transfer of State Court Record, pp. 4 and 11. On 5/4/23, Plaintiff filed his FAC. On 6/12/23, the matter was removed to the USDC in Massachusetts. On 7/27/23, the matter was transferred to this court.

Defendants deny wrongdoing. Pursuant to Fed. R. Civ. P. 12(b)(6), Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC now move that the FAC be dismissed on the grounds that (a) all statements by or on behalf of Donais are absolutely privileged, (b) Plaintiff has entirely failed to allege sufficient facts to state a cause of action against Mary Donais, (c) each count separately fails to state a cause of action, as outlined below, and (d) the FAC fails to comply with Rule 8, inasmuch as it is not a short and concise pleading. Also, to the extent that certain causes of action are based upon (in whole or in part) either (a) a 2017 telephone call between Donais and Plaintiff, (b) a March 2017 affidavit filed by Donais in another matter, or (c) Donais' 6/18/19 statements to the Manchester Police, such causes of action should be dismissed as time-barred.

## II.    <u>STANDARD OF REVIEW</u>

In ruling on a F. R. Civ. P. 12(b)(6) motion, the trial court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify

---

to the Massachusetts Appeals Court, Docket No. 2021-P-0965 ("Andre Bisassor [sic] v. Craig Donais"). Plaintiff's wife has also filed two grievances against Defendant Craig Donais with the New Hampshire Attorney Discipline Office alleging the same facts. Plaintiff and Plaintiff's wife have also filed another civil action against Defendant Craig Donais in New Hampshire in Hillsborough Superior Court North, Docket 226-2020-cv-00027.

recovery on any cognizable theory." Martin v. Applied Cellular Tech., 284 F.3d 1, 6 (1st Cir.2002).

A motion to dismiss for failure to state a claim upon which relief is proper when a complaint fails

to allege "a plausible entitlement of relief."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 550

(2007).  The allegations in the complaint must "possess enough heft to 'sho[w]' that the pleader is

entitled to relief."  Id.

> Determining whether a complaint states a plausible claim for relief, will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – that the pleader is entitled to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) (internal citations omitted).

The court need not accept as true "bald assertions" or conclusions of law.  Resolution Trust

Corp. V. Driscoll, 985 F.2d 44, 48 (1st Cir.1993) "'A pleading that offers labels and conclusions'

or a formulaic recitation of the elements of a cause of action will not do.'"  Ashcroft V. Iqbal 556

U.S. 662, citing Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555 (2007).  The motion should

be granted when, "viewed in this manner, it appears beyond a doubt that the plaintiff can prove no

set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S.

41, 45-46 (1957).  Affirmative defenses can be raised in a motion to dismiss if "facts establishing

the defense [are] . . . clear on the face of the plaintiff's pleadings" (internal quotations omitted).

Aldahonda-Rivera v. Parke Davis & Co., 882 F.2d 590, 591 (1st Cir.1989).

A federal court sitting in diversity jurisdiction is constrained to apply state substantive law.

Shay v. Walters, 702 F.3d 76, 79 (1st Cir. 2012) citing R.R. Co. v. Tompkins, 304 U.S. 64, 78

(1938).  Here, that law is the law of New Hampshire.

## III.   ALLEGATIONS IN COMPLAINT

Plaintiff alleges the following in his Complaint:

1.  On 1/9/17[2], Plaintiff and Donais spoke for about 7 minutes, wherein Donais said that he could not undertake representation of Plaintiff as he "was too busy to take on this case on short notice." (Doc. #1-3[3], ¶¶387, 431.)

2.  Plaintiff's wife complained to the ADO about statements made by Donais during a 1/18/17 court hearing. (Doc. #1-3, ¶¶230, 288.)

3.  There was an issue with a potential conflict in this matter brought by Plaintiff's wife, and Donais withdrew from representing another party on 1/23/17. (Doc. #1-3, ¶¶434-444.)

4.  Two months after this 1/18/17 hearing, Donais submitted a notarized affidavit to the Nashua District Court on 3/16/17 indicating that Plaintiff had accused Donais of racism during the 1/9/17 call. (Doc. #1-3, ¶¶229, 288, 415-416, 446.)

5.  On 6/11/19, Donais made a report to the police. (Doc. #1-3, ¶225.)

6.  In 6/2019, Donais exchanged emails with Officer Nate Linstad[4] about "a potential client who I declined who has filed an action against me, but now claims that they have a recording of my conversation with them," asking "Can I file a police report on this, and start a process to determine whether this is worthy of prosecution?" (Doc. #1-3, ¶229.)

7.  On 6/18/19, Donais told Officer Dan Whelan of the Manchester Police Department in a recorded interview that "I would also not put it past them that they actually fabricated a recording, and claims that it was part of a conversation that they had with me" and "candidly, I wouldn't put it past them to have a recording and to have altered or doctored, the recording, because their grasp on reality is very tenuous." (Doc. #1-3, ¶¶34, 148-150, 237, 239, 300 (with heading regarding "police video recording on 6-18-19").)

8.  In June 2019, Donais told the police that Plaintiff "challenged my declination, at which point I told him my practice does not include racial discrimination cases, and even if I did, I would need [to] perform a check for conflicts before undertaking representation. Upon hearing this, Andre became upset and asserted that Attorney O'Brien had represented to him that I would take his case. This was very strange since I had made the exact opposite statement to Attorney O'Brien. I recall repeatedly telling Andre that I was not interested in the case, that the timeline was unworkable, and that representation in discrimination cases was not within my practice. He noted that I did real estate work, and questioned why I was declining to represent him such that he intimated I was discriminating against him which I immediately denied since it was not true. I then ended our telephone call." (Doc. #1-3, ¶159.)

---

[2] Plaintiff does not seek recovery for statements made in 2017. (Doc. #1-3, ¶282.)

[3] The FAC was filed in state court. On 6/20/23, the State Court record was filed with the USDC as Doc. 18. The FAC also is located in Document 18, beginning at page 40.

[4] Although not alleged in the FAC, Officer Linstad is a member of the Manchester NH Police Department.

9.  Plaintiff alleges that the statements from 2017 were republished on 7/9/19 to the Attorney Discipline Office ("ADO").  (Doc. #1-3, ¶282)

10. Also, on 1/6/20, Donais submitted a document to the ADO that republished his allegedly false statements to the police from 2019 and his 2017 affidavit.  (Doc. #1-3, ¶283.)

11. Plaintiff contends that Donais engaged in reckless speculation based upon a "vague non-specific sentence in a letter to the ADO from plaintiff's wife, that stated as follows:  '(Note: There is also a recording that the plaintiff would like to share with the Discipline Office to prove the dishonesty of Mr. Donais.)'". (Doc. #1-3, ¶223.)

12. Plaintiff alleges that statements made by co-defendant Russell Hilliard on behalf of Donais before the ADO on 7/2/20 and 7/31/20 were false; specifically, that plaintiff bugged Donais 's office.  (Doc. #1-3, ¶¶222-223, 272, 276, 279, 284-285.)

13. In August 2020, Donais made false statements and accusations claiming that the plaintiff was a violent criminal and a dangerous criminal threat.  (Doc. #1-3, ¶¶36, 151.)

14. In 2021, Donais told court staff that Plaintiff had not done something that he had done, i.e., service of process and comments about a settlement.  (Doc. #1-3, ¶¶37, 152.)

15. In 2021, Donais made false statements to a Middlesex Superior Court Judge about service of process.  (Doc. #1-3, ¶¶319-320.)

16. Plaintiff also alleges other improprieties related to various filings in court actions in 2022. (e.g., Doc. #1-3, ¶¶478-482.)

17. Plaintiff alleges that co-defendant Mary Donais "assists [her husband] with his law practice/law business" and "encouraged, knew of, and assisted [her husband] with his defamatory emails to the police about the plaintiff."  (Doc. #1-3, ¶¶73, 697, 804.)

## IV.   LEGAL ARGUMENT

### A.  THE FAC IS IN PART TIME-BARRED

#### 1.  To The Extent Plaintiff Relies On Any Act Prior To 6/20/19, Plaintiff's Claims Are Time-Barred

In Massachusetts, the statute of limitations is three years on most of Plaintiff's claims, to include the IIED claims.  M.G.L. c. 260, §§ 2A, 4; Pagliuca v. City of Boston, 35 Mass. App. Ct. 820, 822-823 (1994).  As noted below, Counts 7 and 13 are subject to a four-year statute of limitations under Massachusetts law. M.G.L. c. 260, § 5A;  Jones v. R.R. Donnelley & Sons Co.,

541 U.S. 369, 382 (2004).  Plaintiff's claims under Massachusetts law are time-barred, and no exception applies to save his claims.  <u>Lijoi v. Massachusetts Bay Transportation Authority</u>, 28 Mass. App. Ct. 926, 928 (1990) (holding the statute of limitations begins to run "when a modicum of knowledge supplants ignorance in the mind of the claimant, or may be reasonably imputed to" him).  Since Plaintiff had a "modicum of knowledge" at all times regarding his claims, there is no tolling of the statute of limitations under Massachusetts law.  <u>Id</u>.

The result is the same under New Hampshire law.  In New Hampshire, a "cause of action arises, thereby triggering the running of the three-year statute, once all the elements necessary for such a claim are present."  <u>Therrien v. Sullivan</u>, 153 N.H. 211, 213, (2006); see also RSA 508:4, I.  When a suit is initiated more than three years after the act or omission alleged to constitute the wrongdoing, Plaintiff must prove "that an exception applies to toll the statute of limitations such that his [ ] claim would be timely filed."  <u>Furbush v. McKittrick</u>, 149 N.H. 426, (2003).  No such exception exists here.  Plaintiff filed his complaint on 6/20/22.  To the extent that Plaintiff makes claims related to acts prior to 6/20/19 (to include statements made by Donais to the Manchester Police Department on 6/18/19 and earlier), such claims are time-barred.

## 2. As Some Claims Depend Upon A Contract Or Other Consumer Relationship Between The Donais Defendants And Plaintiff, Such Claims Are Entirely Time-Barred

With respect to Counts 6 (Massachusetts Consumer Rights violation), 7 (M.G.L. c. 93A violation), 11 (breach of fiduciary duty) and 13 (violation of 42 USC §1981), each is time-barred in its entirety.  Count 11 is subject to a three-year statute as outlined above.  Counts 6, 7 and 13 are subject to a four-year statute of limitations. M.G.L. c. 260, § 5A;  <u>Jones v. R.R. Donnelley & Sons Co.</u>, 541 U.S. 369, 382 (2004).  As argued infra, none of these counts states a cause of action for which relief may be granted.  Additionally, all four are entirely time-barred, as the events upon

which each count is based – involving a potential consumer transaction, potential attorney/client relationship and/or potential contract between Donais and Plaintiff – all occurred in 2017. Specifically, on 1/9/17, Plaintiff and Donais spoke about potential representation. Later in 2017, Donais submitted an affidavit about this communication to the Nashua District Court in another matter. Plaintiff does not, and cannot, allege any other events that form the basis of these claims. Any claims based upon the events of 2017 are time-barred, as Plaintiff filed his complaint on 6/20/22, more than five years later.

## B. THE COMPLAINED OF STATEMENTS ARE ABSOLUTELY PRIVILEGED

Statements made in the course of judicial proceedings are *absolutely* privileged from civil actions. McGranahan v. Dahar, 119 N.H. 758, 763 (1979). Specifically:

> statements made in the course of judicial proceedings are absolutely privileged from civil actions, provided they are pertinent to the subject of the proceeding. . . . The rule reflects a determination that the potential harm to an individual is far outweighed by the need to encourage participants in litigation, parties, attorneys, and witnesses, to speak freely in the course of judicial proceedings. This rule does not assume that all persons who participate in judicial proceedings are free from malice. Rather, it reflects a determination that the need to protect honest participants from vexatious litigation to vindicate themselves is so important that the law will not risk subjecting them to defamation suits merely in order that the occasional malicious participant may be penalized in damages. (internal citations omitted).

McGranahan at 763. The question of pertinence or relevance is one of law, which can properly be decided on the pleadings on a motion to dismiss. McGranahan at 766. A statement "is presumed relevant unless [Plaintiff] demonstrates that it was 'so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety.'" McGranahan at 766.

The First Circuit, citing McGranahan with approval, opined that the privilege provides "very broad protection" and extends "to any civil claim arising from statements made in the course

7

of a judicial proceeding." Hugel v. Milberg, Weiss, Bershad, Hynes & Lerach, LLP, 175 F.3d 14, 16-17 (1999).  In Hugel, plaintiff sued four law firms claiming defamation in connection with statements made in a complaint.  The First Circuit stated that "it clear that the Supreme Court of New Hampshire views the privilege to extend to any civil claim arising from statements made in the course of a judicial proceeding." Hugel, 175 F.3d at 17.

The absolute privilege extends to statements made during attorney disciplinary proceedings, McGranahan at 763, and applies even though the challenged statements were not made in a courtroom. Provencher v. Buzzell-Plourde Associates, 142 N.H. 848, 854 (1998) citing Bruce v. Byrne-Stevens & Associates Eng., 113 Wash. 2d 123, 776 P.2d 666, 673 (Wash. 1989) (the "privilege or immunity is not limited to what a person may say under oath while on the witness stand.  It extends to statements or communications in connection with a judicial proceeding.")  In Provencher, defendants testified as expert witnesses regarding the value of the plaintiff's property at an eminent domain hearing.  Plaintiff subsequently brought an action against defendants, alleging that defendants gave inaccurate appraisals while testifying.  Defendants moved to dismiss on the basis of immunity. Provencher at 850.  The New Hampshire Supreme Court concluded that certain communications are absolutely privileged and therefore immune from civil suit and affirmed the lower court's dismissal of plaintiff's complaint.

A plain reading of Plaintiff's complaint demonstrates that his claims stem from Donais' role as a litigant or respondent in various civil matters before various courts and before the ADO. As in McGranahan, there "is little question here of pertinency." McGranahan at 765.  Plaintiff's post-6/20/19 allegations against Donais Defendants rest upon Donais' actions as they related to the various court actions, attorney discipline proceedings and other judicial proceedings, all of which were initiated by either Plaintiff or his wife. The allegations about the supposed conduct of

Donais are plainly pertinent and relevant to the underlying matters referenced in the FAC.  The statements include the following:  (a) a 6/18/19 report to the police about the possibility of a wiretap violation and Donais' opinion that "I wouldn't put it past them to have a recording and to have altered or doctored, the recording, because their grasp on reality is very tenuous"; (b) a 6/2019 email with the police about a "potential criminal issue" (see Doc. 1-3, ¶229), (c) a republishing to the ADO of a March, 2017 affidavit wherein Donais, according to Plaintiff, falsely accuses him of racism during their January, 2017 telephone call in connection with a grievance filed against Donais by Plaintiff's wife, (d) an August, 2020 report to police, and (e) various statements to court staff and judges and various filings regarding service of process, settlement and other matters related to the various court actions.  All are plainly pertinent to the disciplinary proceedings and/or the various court actions filed by Plaintiff.  There is an absolute litigation privilege that precludes liability based upon such actions[5].  All acts taken or statements made in connection with Donais' status as a litigant or respondent are absolutely privileged. See also Lath v. Oak Brook Condominium Owners' Association, 2018 WL 566825 *4.

The privilege also extends to any statements Donais made to the police.  McGranahan v. Dahar, at 769.  The absolute privilege applies even if the statement was not made in good faith. Hungerford v. Jones, 988 F. Supp. 22, 27 (1997) (therapist's statements to police about plaintiff's daughter's recovery of memories of sexual assault absolutely privileged, and malice in making the statements does not deprive therapist of privilege).   In Hungerford, the plaintiff brought a defamation claim against his daughter's therapist for statements she made to the police and to the

---

[5]Donais Defendants take the position that New Hampshire law applies to substantive, as opposed to procedural, issues in this action.  To the extent that Plaintiff argues Massachusetts law applies, to include with respect to statements and filings in courts in Massachusetts, the result is the same.  Bassichis v. Flores, 490 Mass. 143, 157 (2022) (the absolute litigation privilege broadly protects not just statements, but also conduct or actions undertaken as part of or in connection with the litigation process).

prosecutor.  In dismissing the defamation claim, the <u>Hungerford</u> court noted that the "only limitation on the protection of the privilege provided by <u>McGranahan</u> requires that the statements be 'pertinent to the subject matter of the proceeding [and] the privilege does not require good faith or even an absence of malice in making the statements."  <u>Hungerford,</u> at 27.

Where, as here, no criminal charges are brought as a result of the statements, "the harm suffered by the person thus accused is minimal" and the potential harm to a person's reputation is outweighed by the substantial interest of society in encouraging citizens to report suspected criminal activity."  <u>McGranahan,</u> at 768.  The rule reflects a determination that the potential harm to an individual is far outweighed by the need to encourage participants in litigation, parties, attorneys, and witnesses, to speak freely in the course of judicial proceedings.  "Except in extreme cases, for which malicious prosecution or abuse of process are adequate remedies, a person wrongfully accused of a crime must bear that risk, lest those who suspect wrongful activity be intimidated from speaking about it to the proper authorities for fear of becoming embroiled themselves in the hazards of interminable litigation."  <u>McGranahan</u> at 769.  Plaintiff's FAC must be dismissed as the Donais Defendants enjoy an absolute privilege related to the complained of conduct.

### C.   FOR THE REASONS ABOVE AND AS OUTLINED BELOW, EACH COUNT ALLEGED BY PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED

#### 1.   <u>Count 1 Defamation per se/libel per se and Count 2 Defamation/libel of private citizen</u>

To establish a cause of action for defamation, Plaintiff must prove that the Donais Defendants published a false or defamatory statement of fact about Plaintiff to a third party who understood its defamatory meaning.  <u>Moss v. Camp Pemigewassett, Inc.</u>, 312 F.3d 507 (1st Cir. 2002).  "A given statement is defamatory if 'it tends to so harm the reputation of another as to

lower him in the estimation of the community or to deter third persons from associating or dealing with him.' [citation omitted]". <u>Faigin v. Kelly</u>, 978 F. Supp. 420, 424 (1997).  Also, the allegedly defamatory words "must be read in the context of the publication taken as a whole." <u>Duchesnaye v. Munro Enterprises, Inc.</u>, 125 N.H. 244, 249 (1984), citing <u>Morrissette v. Cowette</u>, 122 N.H. 732 (1982).  A statement of opinion may be defamatory only if it may be reasonably understood to imply the existence of the defamatory fact as the basis for the opinion.  Substantial truth is an absolute defense to defamation.  <u>Thomas v. Tel. Publ'g Co.</u>, 155 N.H. 314, 335 (2007).  The literal truth of a statement is not required so long as the imputation is substantially true so as to justify the gist or sting of the remark.  <u>Thomas</u> at 335.

Libel per se involves any written words which directly or indirectly charge a person with a crime, tend to injure his reputation in another way, or exposes him to public hatred, contempt or ridicule; if such words are published without excuse or justification, then one may maintain an action for libel without either alleging or proving special damages.  <u>Chagnon v. Union Leader Corporation</u>, 103 N.H. 426, 434 (1961) citing <u>Richardson v. Thorpe</u>, 73 N.H. 532, 534; Restatement, Torts, §§ 559, 569.  Damages must still be demonstrated, though.  <u>Chagnon</u> at 441. It is Plaintiff's burden to prove that the statements published about him were defamatory as "reasonably understood by the readers … and also the extent of the damage which they caused. [citations omitted]" <u>Chagnon</u> at 436.

Here, Plaintiff has not alleged ***any*** statement by either Mary Donais or Donais Law Offices PLLC – either before or after 6/20/19.  This count as against each defendant should be dismissed.

Should this court disagree that Donais' statements as alleged by Plaintiff are absolutely privileged, Plaintiff should be precluded from proceeding on any claim related to statements made prior to 6/20/19, since his original Complaint was filed on 6/20/22.

11

## 2. **Count 3 False light invasion privacy**

New Hampshire law recognizes that the tort of invasion of privacy "is not one tort, but a complex of four." Hamberger v. Eastman, 106 N.H. 107,110 (1964).  Those four "include: (1) intrusion upon the plaintiff's physical and mental solitude or seclusion; (2) public disclosure of private facts; (3) publicity which places the plaintiff in a false light in the public eye; [and] (4) appropriation . . . of the plaintiff's name or likeness. Id.  Each is "distinct, and based upon different [legal] elements." Hamberger, 106 N.H. at 110.   Again, there are no allegations whatsoever that either Mary Donais or Donais Law Offices PLLC committed any acts that would support such a cause of action.  Count 3 against each should be dismissed.

As against Donais, Plaintiff alleges that he "accused [Plaintiff] of making a recording and that the recording was illegal." (FAC, ¶676.)  Based upon the allegations in the complaint, Plaintiff appears to make a claim under the third prong.  (FAC, ¶¶670-675.)  As argued above, all statements are absolutely privileged and are time-barred (as to statements prior to 6/20/19).   Additionally, Plaintiff has failed to state a claim under this count, as publicity of a fact is required (assuming that the New Hampshire Supreme Court would recognize such a cause of action).   Lewis v. Abramson, ___ F. Supp 3d ___, *7 (2023) (5/9/23 2023 WL 33220009; 2023 DNH 046), citing in part Howard v. Antilla, 294 F.3d 244, 248 (1st Cir. 2002).   "Publicity" differs from "publication." Restatement (Second) of Torts § 652D, comment a (1977).  While 'publication' involves 'any communication by the defendant to a third person,' "[p]ublicity ... means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Karch v. BayBank FSB, 147 N.H. 525, 535 (2002);  Lovejoy v. Linehan, 161 N.H. 483, 486 (2011).

"Under § 652E of the Restatement (Second) of Torts, a defendant is liable for false light invasion of privacy if (1) the defendant 'gives *publicity* to a matter concerning [the plaintiff] that places [the plaintiff] before the public in a false light,' (2) that false light 'would be highly offensive to a reasonable person,' and (3) the defendant 'had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.'" "[I]t is essential ... that the matter published concerning the plaintiff is not true." Id. at cmt. A. Thus, "the false light tort parallels the substantial truth rules that govern defamation." Smolla, Law of Defamation § 10:23 (2d ed. 2023).)  Lewis at *7.  As the FAC fails to support an inference that any fact was publicized, i.e. communicated to the public at large, Plaintiff has not stated a cause of action for invasion of privacy.  Count 3 should be dismissed.

### 3.   Count 4 Aiding and abetting defamation

The New Hampshire Supreme Court has never recognized a claim for "aiding and abetting" breach of fiduciary duty, fraud, or similar intentional tort claims. Archdiocese of San Salvador v. FM International, LLC, Civil No. 05-cv-237-JD, Opinion No. 2006 DNH 102, at *23-24 (D.N.H. Sep. 7, 2006).  Even if this Court concludes that the New Hampshire Supreme Court would recognize this cause of action, Count 4 should still be dismissed because it fails to allege a cognizable cause of action as a matter of law.

Plaintiff alleges that Mary Donais "encouraged, knew of, and assisted [her husband] with his defamatory emails to the police about the plaintiff." (Doc. 1-3,  697).  There are no other facts alleged as to Mary Donais' acts (on this or any other claim).   Plaintiff provides no substantive information, other than to label Donais' wife an aider and abettor to his supposed wrongful conduct.  This is insufficient to state a cause of action for aiding and abetting defamation.  Count 4 should be dismissed.

## 4. <u>Count 5 Tortious interference with advantageous relations</u>

In New Hampshire,

> "One who intentionally and improperly interferes with the performance of a contract ... between another and a third person by inducing or otherwise *causing the third person not to perform the contract,* is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract. Thus, where contractual obligations were performed, there can be no claim for tortious interference with contractual relations.

(internal citations and quotations omitted; emphasis in original.)  <u>Tessier v. Rockefeller</u>, 162 N.H. 324, 337 (2011).  To establish liability, Plaintiff must allege (1) an economic relationship with a third party; (2) the defendant knew of this relationship; (3) the defendant *intentionally* and *improperly* interfered with this relationship; and (4) the plaintiff was damaged by such interference." (emphasis in original)  <u>Id.</u>, citing <u>Hughes v. N.H. Div. of Aeronautics</u>, 152 N.H. 30, 40–41, 871 A.2d 18 (2005).

Plaintiff does not allege a contract with a third party.  Rather, he has "good working relationship" with the chief of police from an unnamed police department, an affiliation with NAACP, to include working with the Manchester NAACP, an agreement from unnamed "police" to collaborate on community events, and that Donais communicated with the "police."  (FAC, ¶¶706-719, 755.)  This is not enough.  Plaintiff's failure to identify the third party, a contract with a third party, Donais' knowledge of a contract with a third party and/or the third party's lack of performance under the contract renders his claim insufficient to establish an entitlement to relief upon a theory of tortious interference with advantageous relations.  Count 5 should be dismissed.

## 5. <u>Count 6 Massachusetts Consumer Rights Violation and Count 7 – Massachusetts G. L. 93A Violation</u>

To the extent that there was a consumer relationship between Donais and Plaintiff, it (a) occurred in 2017 and thus is time-barred, and (b) occurred in New Hampshire, such that the

Massachusetts Consumer Rights laws and G.L. 93A are inapplicable.  Moreover, such claims are

subject to dismissal under Massachusetts' anti-SLAPP statute.  Specifically, a party who asserts

that a civil claim against it is based on its exercise of its "right of petition" under the United States

or Massachusetts constitution may bring a special motion to dismiss under Massachusetts' anti-

SLAPP statute.  See M.G.L. c. 231, § 59 H.  The Massachusetts legislature enacted anti-SLAPP

legislation in response to the "disturbing increase in lawsuits brought primarily to chill the valid

exercise of the constitutional rights of freedom of speech and petition for the redress of

grievances." Duracraft Corp. v. Holmes Prod. Corp., 427 Mass. 156, 161 (1998).  The anti-SLAPP

statute is "designed to deter lawsuits filed to intimidate citizens from legitimately petitioning the

government for redress of grievances and to provide a mechanism for the prompt dismissal of such

lawsuits before the petitioning party has been forced to incur significant costs of defense."  Plante

v. Wylie, 63 Mass. App. Ct. 151, 156 - 57 (2005), citing Duracraft, 427 Mass. at 161.

        The anti-SLAPP statute provides that:

> The court shall grant such special motion, unless the party against
> whom such special motion is made shows that: (1) the moving
> party's exercise of its right to petition was devoid of any reasonable
> factual support or any arguable basis in law and (2) the moving
> party's acts caused actual injury to the responding party.

G.L. c. 231, § 59H.  In making its determination, the court shall consider the pleadings and

supporting and opposing affidavits stating the facts upon which the liability or defense is based.

Id.  A party's "right to petition" includes any statement or activity "reasonably likely to encourage

consideration or review of an issue by a legislative, executive, or judicial body or any other

governmental proceeding" and "any other statement falling within constitutional protection of the

right to petition government."  Id.

The anti-SLAPP statute protects defendants from lawsuits that are filed based on the defendants' activities directly related to ongoing litigation, and also encompasses behavior that is not directly related to or necessary for the actual petitioning activity, and contemplates a wide variety of causes of action.  See Fabre v. Walton, 436 Mass. 517 (2002) (application for abuse protection order is petitioning activity, rendering subsequent complaint subject to dismissal); Powell v. Stevens, 69 Mass. App. Ct. 87, n. 6 (2007) (counterclaim alleging improper filing of memorandum of lis pendens could have been dismissed under the anti-SLAPP statute, as "litigation that put title to the property at issue plainly constituted petitioning activity"); compare Adams v. Whitman, 62 Mass. App. Ct. 850 (2005) (anti-SLAPP statute precluded abuse of process counterclaim by corporation against plaintiffs who were claiming corporation negligently installed septic system); Donovan, supra, 50 Mass. App. Ct. at 595 (anti-SLAPP statute precluded lawsuit based on complaints made to regulatory agencies, helicopter fly-over, angry epithets, and agreement among neighbors to fund legal battle).

The party moving for dismissal under the anti-SLAPP statute must make a threshold showing that the claims against him are based solely on protected petitioning activities and that the claims have no substantial basis other than, or in addition to, the petitioning activities. Donovan v. Gardner, 50 Mass. App. Ct. 595, 598–99 (2000).  The special movant's threshold burden contains three parts: (1) the special movant must establish that its complained-of conduct is petitioning; (2) the special movant must establish that the activity is its own petitioning activity; and (3) the special movant must demonstrate that the nonmoving party's claims are solely based on its petitioning activity. See Blanchard v. Steward Carney Hospital, Inc., 477 Mass. 141, 153, n. 19 (2017).

Once the moving party makes that showing, the burden shifts to the nonmoving party to prove, by a preponderance of the evidence, that "(1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party." Duracraft, supra, 427 Mass. at 167-68. On the basis of the pleadings and affidavits, a plaintiff must show that no reasonable person could conclude that the petitioning activity was supported in fact or in law, and the plaintiff suffered actual injury as a result. Id.; Keegan v. Pellerin, 76 Mass. App. Ct., 186, 190 (2010).

If the nonmoving party cannot make this showing, the nonmoving party may still prevail by establishing that the underlying suit was "not brought primarily to chill the special movant's legitimate exercise of its right to petition." Blanchard, supra, 477 Mass. at 159. This alternate special motion defense requires the nonmoving party to establish, "such that the motion judge may conclude with fair assurance, that its primary motivating goal in bringing its claim, viewed in its entirety, was 'not to interfere with and burden defendants' ... petition rights, but to seek damages for the personal harm to [it] from [the] defendants' alleged ... [legally transgressive] acts.'" Id. p. 160 citing Sandholm v. Kuecker, 2012 IL 111443, ¶ 57. The motion judge, applying this standard "in the exercise of sound discretion, is to assess the totality of the circumstances pertinent to the nonmoving party's asserted primary purpose in bringing its claim." Blanchard, at 160.

Plaintiff's lawsuit is based on statements he claims Donais made to a variety of parties, including the Manchester, New Hampshire police, the New Hampshire ADO, and the court.[6] Donais made these statements as attempts to assert his right to petition the government and protect

---

[6] To the extent the Plaintiff alleges any comments or discussions between Defendant Craig Donais and Defendant Mary Donais, such statements are privileged spousal communications and cannot serve as the basis for a defamation or libel claim. see Commonwealth v. Garcia, 476 Mass. 822 (2017); see Gallaher v. Goldstein, 402 Mass. 457 (1988); see Green v. Cosby, 160 F. Supp. 3d 341 (D. Mass. 2016). See also, Key Bank of Maine v. Latshaw, 137 N.H. 665, 672 (1993).

himself and his family.  These petitioning activities are the basis for Plaintiff's FAC against Defendants.

As such, applying Massachusetts law to the procedural aspect of Plaintiff's filing suit in Massachusetts, Plaintiff's FAC should be dismissed under Mass. Gen. Laws c. 59H with costs and attorney's fees being awarded to Defendants.

### 6.  <u>Count 8 Intentional Infliction of Emotional Distress</u>

"New Hampshire law does not recognize a cause of action for wrongful infliction of emotional distress where the factual predicate sounds in defamation." <u>Provencher v. CVS Pharmacy</u>, 145 F.3d 5, 12 (1st Cir. 1998), citing <u>DeMeo v. Goodall</u>, 640 F.Supp. 1115, 1116 (D.N.H. 1986).  Thus, emotional distress that results from harm to reputation and good name caused by the publication of defamatory statements cannot give rise to a separate action for intentional infliction of emotional distress.  Rather, mental and emotional harm resulting from damage to reputation may be compensated in the form of damages for emotional distress in the defamation action.  <u>Moss v. Camp Pemigewassett, Inc.</u>, 312 F.3d 503, 510-511 (1st Cir. 2002), citing <u>DeMeo</u> at 1116.

Therefore, as in <u>Moss</u>, the IIED claim here can only be demonstrated through evidence of emotional distress purportedly caused by the Donais Defendants that is distinct from the emotional distress Plaintiff claims was caused by the allegedly defamatory statements upon which Plaintiff brought claims for libel and libel per se.  Here, Plaintiff states that all of his additional claims, including his IIED claim "flow from, or combine together from, the facts, acts and statements that give rise to the defamation claims."  (FAC, ¶¶41-42.)  Dismissal of Count 8 is warranted.

### 7.  <u>Count 9 Civil Conspiracy</u>

In New Hampshire, "[a] civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful by unlawful means." <u>Jay Edwards, Inc. v. Baker</u>, 130 N.H. 41, 47 (1987) (quotation omitted).  "Its essential elements are: (1) two or more persons (including corporations); (2) an object to be accomplished (i.e., an unlawful object to be achieved by lawful or unlawful means or a lawful object to be achieved by unlawful means); (3) an agreement on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof."  <u>Id</u>.  If a plaintiff's complaint includes "[r]eferences to conspiracy and conspiratorial conduct" but those references "are mere legal assertions, unsupported by factual content," then "the plaintiff's pleadings stand bare of those essential facts that would give rise to any cognizable legal cause of action" and "do not meet the applicable test, which requires that a plaintiff's pleadings, on their face, assert a cause of action if the claim is to survive a motion to dismiss." <u>Id</u>. at 47-48. *See also* <u>Censabella v. Town of Weare,</u> 2017 WL 3917154 *3-4 (DNH 2017).

Plaintiff contends, evidently, that Donais conspired with his attorney and his wife to engage "in conspiring to defame the plaintiff."  (FAC ,¶¶803-804.)  Plaintiff alleges no overt act by Mary Donais or Donais Law Offices PLLC[7], such that Plaintiff's allegation of civil conspiracy must fail.  Such conclusory allegations and surmise cannot substitute for sufficient facts, "are not entitled to the assumption of truth," and warrant dismissal of civil conspiracy claims. <u>Censabella</u>, 2017 WL 3917154 *4 (citing <u>Maldonado v. Fontanes</u>, 568 F.3d 263, 268 (1ˢᵗ Cir. 2009)).  Notably, Plaintiff also alleges that Donais *may have* acted "alone."  (FAC ,¶803.)

---

[7]Also, "a corporation cannot conspire with its agents" and therefore "a corporation cannot aid and abet violations of the fiduciary duties [its agents] owed to [the plaintiff]." <u>Legacy Global Sports, LP v. St. Pierre</u> 2020 WL 2027401, at *2.

### 8.  **Count 10 Abuse of Process**

Plaintiff must allege and prove the following "elements:  (1) a person used (2) legal process, whether criminal or civil, (3) against the party (4) primarily to accomplish a purpose for which it is not designed and (5) caused harm to the party (6) by the abuse of process.'  [citations omitted]. In order for a party to commit an abuse of process, *some court authority or jurisdiction* must be used."  (emphasis added.) <u>Tessier</u>, 162 N.H. at  335.  "Moreover, an action for abuse of process is concerned with the improper use of process <u>after</u> it has been issued.  Thus, liability is not imposed for the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings.  Rather liability is imposed for the subsequent misuse of process after it has been properly obtained."  (emphasis in original; internal citations omitted).  <u>New England Backflow, Inc. v. Gagne</u>, 172 N.H. 655, 672 (2019).  Further "[t]here is no liability where a party has done nothing more than carry out the process to its authorized conclusion, even though with ulterior intentions."  <u>Id</u>. at 673.  Since Plaintiff has not alleged – nor could he – that any legal process issued against him or that legal process was misused, dismissal of this count is warranted.

### 9.  **Count 11 Breach of Fiduciary Duty**

Under New Hampshire law, "[a] fiduciary relationship has been defined as a comprehensive term and exists wherever influence has been acquired and abused or confidence has been reposed and betrayed." <u>Brzica v. Trustees of Dartmouth College</u>, 147 N.H. 443, 447 (2002) (quoting <u>Lash v. Cheshire County Savings Bank</u>, 124 N.H. 435, 438 (1984)). Plaintiff alleges that Donais violated an "ethical and fiduciary" obligation to avoid conflicting representation and by discussing a potential client with the police.  (FAC ,¶¶826, 830-830-840.) To the extent Plaintiff bases his contention on his short telephone conversation in 2017, any such fiduciary obligation is time-barred.

Also, Donais never represented Plaintiff.  Plaintiff does not allege that Donais or his law practice represented him[8].  Thus, Donais never *owed a duty* to Plaintiff, and there was no fiduciary relationship.  In addition to being time-barred and any statement upon which the claim is made being absolutely privileged, Plaintiff fails to allege sufficient facts against Defendants to state a claim of breach of fiduciary duty upon which relief may be granted.  Count 11 should be dismissed.

**10.  Breach of implied contract and breach of implied covenant of good faith and fair dealing**

Count 12 fails as Plaintiff does not allege a contract, nor could he, between any Donais Defendant and Plaintiff.  He evidently alleges an "implied" contract (FAC, ¶855) and "a prospective attorney client relationship with Donais." (FAC, ¶853.)  He then contends that Donais and his law practice, under this prospective relationship, breached the implied covenant of good faith and fair dealing.  Plaintiff's FAC read as a whole demonstrates that there was no attorney-client relationship and that Donais never undertook representation of Plaintiff.  This was made clear to Plaintiff when Donais filed an affidavit in March of 2017 related to his brief conversation with Plaintiff.  There was no contract, so there can be no breach of contract.

Also, to prevail on a claim of a breach of the implied covenant, Plaintiff must allege facts to support a finding that the Donais Defendants acted in a manner that was inconsistent with the parties' agreed-upon common purpose and expectations and that the Plaintiff was harmed by the allegedly breaching party's conduct.  DeVries v. St. Paul Fire and Marine Insurance Co., 716 F.2d 939, 941-944 (1st Cir. 1983); Livingston v. 18 Mile Point Drive, Ltd., 158 N.H. 619, 645 (2009).  Here, *there was never an agreed-upon common purpose and/or expectation nor has one*

---

[8] Plaintiff does call himself a "former client" in one paragraph, but otherwise refers to himself as a "prospective client."

*been alleged*.  Moreover, to the extent the initial call to Donais is at all actionable, it occurred on 1/9/17, more than five years before Plaintiff filed suit.  Count 12 should be dismissed.

### 11. <u>Count 13 Racial Harassment and Violation of Federal Civil Rights</u>

In Count 13, Plaintiff alleges that the Donais Defendants violated 42 U.S.C. § 1981.  Such claims are subject to a 4-year statute of limitations.  <u>Jones v. R.R. Donnelley & Sons Co.</u>, 541 U.S. 369, 382 (2004) (§ 1981 claims are governed by the federal "catch-all" four-year statute of limitations).  A § 1981 claim requires the making or enforcing of a contract, and the complaint "must initially identify an impaired 'contractual relationship' § 1981(b), under which the plaintiff has rights."  (internal citations omitted)  <u>Holder v. Gienapp</u>, 2007 WL 952039, *2.  See also <u>Domino's Pizza, Inc. v. McDonald</u>, 546 U.S. 470, 479-480 (2006).  Here, there was no contract. To the extent Plaintiff argues that his attempt to retain Donais as counsel satisfies the contract requirement of § 1981, the claim is time-barred.  The communication about possible representation occurred on 1/9/17, more than five years before Plaintiff filed his suit on 6/20/22.  Count 13 should be dismissed.

### D.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH FEDERAL RULES OF PLEADING

F. R. Civ. P. Rule 8(a) defines the content and structure of an acceptable pleading.  "A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . ."  F. R. Civ. P. 8(a).  The purpose behind Rule 8(a) is to "afford the opposing party fair notice of the claims asserted against him and the grounds on which those claims rest."  <u>Rodriguez v. Doral Mortgage Corp.</u>, 57 F.3d 1168, 1172 (1st Cir. 1995). Plaintiff's FAC totals 92 pages and contains 13 counts for relief pled in more than 900 paragraphs against five defendants.  Plaintiff "details minutiae" that has "little to no bearing on the core of the claims" alleged.  <u>Carney v. Town of Weare</u>, 2016 WL 320128 * 4.  For example, Plaintiff begins

22

to outline the "Parties" in section II of his complaint, utilizing 42 paragraphs over more than three single-spaced pages; he then provides a "Jurisdiction and Venue" section, utilizing 48 paragraphs over nearly five single-spaced pages.  (e.g., Doc. #1-3, ¶¶57-99; ¶¶100-147, respectively.)  Some paragraphs are nearly a page long.  (e.g., Doc. #1-3, ¶¶132, 232.)  Given the prolix and repetitive narrative of events, Plaintiff's FAC should be dismissed.  Here, Defendants "already [have had to expend] considerable time and expense" preparing this motion to dismiss as well as a prior motion to dismiss in the USDC, District of Massachusetts matter.  Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1993).

The Court has the inherent power to strike the complaint as unduly prolix and onerous, and it should do so.  See also Kalika v. Boston & Main Corporation, USDC Civil Action no. 15-14043-GAO (Plaintiff's 131 page and 130 exhibit "overlong"  complaint "utterly fails to comply with [ ] 8(a)"  and is stricken per Order dated 4/21/16); Kuehl v. Federal Deposit Ins. Corp., 8 F.3d 905, 906 (lst Cir. 1993), (Court of Appeals affirmed the dismissal under Rule 41(b) of a 43-page amended complaint containing 36 counts pled against 30 defendants in violation of Rule 8(a)); Jackson v. Polaroid. 181 F.3d 79, 1999 WL 525956 (1st Cir. 1999) (unpublished) (affirming district court' s dismissal of Plaintiff' s 180-page second amended complaint containing more than 350 paragraphs and more than 80 counts); Kueter v. Rancourt, 89 F.3d 823 (1st Cir. 1996) (affirming Magistrate Judge's dismissal of Plaintiff's 100-page second amended complaint); Goldstein v. Harvard University, 74 F.3d 1224 (1st Cir. 1996) (affirming district court order dismissing Plaintiff's 258-page complaint); Greg Beech Logistics LLC v. Skanska USA Bdg., Inc., 2014 WL 4656503, 5 (D. Mass., August 5, 2014) (over 122-page, 456-paragraph complaint incorporating an affidavit with 248 pages of exhibits stricken); United States ex rel. LeBlanc v. Raytheon Co., 1995 WL 352987, 2 (D. Mass. May 15, 1992) (205-page complaint containing 678

paragraphs and attaching 54 exhibits dismissed);  <u>Martin v. Hunt</u>, 28 F.R.D. 35 (D. Mass. 1961) (complaint with exhibits consisting of 47 pages and 77 paragraphs dismissed).  Plaintiff's FAC should be dismissed as it fails to comply with F.R.Civ. P. Rule 8(a).

## V. <u>CONCLUSION</u>

Dismissal of all claims against the Donais Defendants is warranted as the complained of wrongdoing is absolutely privileged, as outlined in section IV.B above.  Plaintiff's claims that arose prior to 6/20/19 are time-barred, e.g., claims based upon the 1/9/17 telephone conversation, the March 2017 affidavit and pre-6/20/19 statements made to the Manchester Police Department. All claims against Mary Donais should be dismissed as Plaintiff has failed to allege sufficient facts under any of his claims to establish a cause of action upon which relief may be granted.  Also, each claim fails to state a cause of action upon which relief may be granted, as outlined in section IV.C above.   Finally, Plaintiff's FAC also violates F.R.Civ.P. Rule 8(a) as argued above. Plaintiff's claims against Defendants should be dismissed.

Wherefore Defendants respectfully request that this Honorable Court:

A.    Dismiss all claims against Craig S. Donais, Donais Law Offices PLLC and Mary K. Donais with prejudice;

B.    Award attorneys' fees and costs to Craig S. Donais, Donais Law Offices PLLC and Mary K. Donais pursuant to M.G.L. c. 231, § 59 H; and

C.    Grant such other and further relief as is equitable and just.

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG DONAIS,
DONAIS LAW OFFICES PLLC and
MARY K. DONAIS

By Their Attorneys,

*/s/ Linda M. Smith*

_____
Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** to all parties in this action by serving same via First Class U.S. mail, postage prepaid and/or electronic mail to:

Andre Bisasor, Pro Se
679 Washington Street, Suite #8-206
Attleboro, MA 02703

William Saturley, Esq.
Daniel R. Sonneborn, Esq.
Preti Flaherty
60 State Street, Suite 1100
Boston, MA 02109
wsaturley@preti.com
dsonneborn@preti.com

Date:   September 26, 2023

*/s/ Linda M. Smith*
Linda M. Smith