UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR,
    Plaintiff

Vs.                                    CASE NO.: 1:23-CV-00374-JL

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
UPTON AND HATFIELD LLP and
MARY K. DONAIS,
    Defendants

**OBJECTION TO PLAINTIFF'S EMERGENCY/EXPEDITED MOTION TO EXTEND TIME TO FILE OBJECTION TO THE MOTION TO DISMISS FILED BY THE DONAIS DEFENDANTS**

Defendants, Craig Donais, Donais Law Offices PLLC and Mary K. Donais (collectively "Donais Defendants"), by and through their counsel, Morrison Mahoney LLP, respectfully submit this Objection to Plaintiff's Emergency/Expedited Motion to Extend Time to File Objection to the Motion to Dismiss filed by the Donais Defendants (Doc. 73), stating as follows:

1. On 6/20/22, Plaintiff filed his original complaint in the Bristol Superior Court in Massachusetts. (See Doc. 18, Transfer of State Court Record, pp. 4 and 11.) On 5/4/23, Plaintiff filed his First Amended Complaint. On 6/12/23, the matter was removed to the USDC in Massachusetts. On 7/27/23, the matter was transferred to this court.

2. Through his First Amended Complaint, Plaintiff asserts claims for defamation, libel, false light/invasion of privacy, tortious interference with advantageous relations, intentional infliction of emotional distress, civil conspiracy, abuse of process, violation of 42 U.S.C. §1981 against the Donais Defendants; civil rights

1

violations, violations of Massachusetts G.L. ch. 93A, breach of fiduciary duty, breach of implied contract and breach of implied covenant of good faith and fair dealing against Craig S. Donais and Donais Law Offices PLLC; and aiding and abetting defamation against Mary K. Donais for statements and publications allegedly made by Craig S. Donais.

3. The Donais Defendants deny any wrongdoing.

4. According to the docket from the Bristol Superior Court, Plaintiff filed several motions to extend time for the service of process or other deadlines. (Doc. 18 at pp. 1-10, entries dated 9/19/22, 11/21/22, 2/3/23, and 4/5/23.)

5. It has now been more than 15 months since Plaintiff filed the instant action.

6. Plaintiff has also sued Craig Donais in Middlesex Superior Court, Docket No. 2081CV000087[1], alleging defamatory statements of the exact same type and nature, which claims were dismissed on August 2, 2021 and in New Hampshire for similar causes of action. Plaintiff is appealing the dismissal of the Massachusetts action on a pro se ex parte appeal to the Massachusetts Appeals Court, Docket No. 2021-P-0960[2] ("Andre Bisassor [sic] v. Craig Donais"). Plaintiff's wife has also filed two grievances against Defendant Craig Donais with the New Hampshire Attorney Discipline Office alleging the same facts. Plaintiff and Plaintiff's wife have also filed another civil action against Defendant Craig Donais in New Hampshire in Hillsborough Superior Court North, Docket 226-2020-cv-00027[3].

---

[1] According to the docket for this action, on 7/8/21, Plaintiff filed a Motion to Extend Time to Serve Process, which was denied. On 7/16/21, he filed an Emergency Motion to Temporarily relieve or stay today's deadline to serve process until the judge returns on Monday.

[2] According to the docket for this action, on 11/9/21, Plaintiff filed a Motion to Stay. The matter has been stayed with Plaintiff having to file regular status reports regarding his efforts to obtain a complete transcript. The matter remains stayed with the Massachusetts Appeals Court, with the next status report due 10/12/23.

[3] According to the docket for this action, Plaintiff or co-Plaintiff (Plaintiff's wife, Natalie Anderson) filed Motions to extend time for service on 2/12/20, 4/23/20, 7/7/20, 9/16/20, 12/11/20, 2/12/21, 4/16/21, 5/21/21, 10/25/21, 11/24/21, and 1/6/22.

103171088

7. Since this matter was removed to the United States District Court, Plaintiff has filed additional motions to extend time for varying matters. (See Doc. 19, 39, 41, 44, and 69.)

The 6/21/23 Motion (Doc. 19.)

8. On 6/21/23, Plaintiff filed an Emergency Motion to Extend Time to File Oppositions to Defendants' Motion to Dismiss and Emergency Motion to Continue the 7/27/23 Hearing. Therein, he sought an extension of time of 60 days in which to respond to the motions to dismiss filed in the United States District Court, District of Massachusetts as he need additional time to (a) do research, (b) write his document, and (c) locate an attorney to represent him. (Doc. 19, ¶¶ 7-8.)

9. He also alleged "personal, medical and other court matters that conflict and make it extraordinarily difficult to complete oppositions in the time allotted." (Doc. 19, ¶ 9.a.); Plaintiff also alleged on 6/21/23 that he needed time to address the anti-slapp arguments in the motions to dismiss. (Doc. 19, ¶ 15.)

The 7/7/23 Motion (Doc. 39)

10. On 7/7/23, Plaintiff filed his Emergency Motion to Extend Time to File Motion to Remand. (Doc. 39.) Therein, he sought additional time to file a Motion for Remand, seeking five additional days to file the motion.

The 7/14/23 Motion (Doc. 41)

11. On 7/14/23, Plaintiff filed his Emergency Motion to Extend Time to File Oppositions to Motion to Dismiss. (Doc. 41.) Therein, he again requested an extension of time until 7/21/23 to file his oppositions to the then-filed Motions to Dismiss. (Doc. 41, ¶ 4.)

103171088

The 7/17/23 Motion (Doc. 44)

12. On 7/17/23, Plaintiff filed his Emergency/Expedited motion to Modify Plaintiff's Request to Extend Time to File Oppositions to Motion to Dismiss. (Doc. 44.) Therein, he acknowledged that his oppositions were due that day, and Plaintiff further stated that he was "willing to modify [his] request for an extension of time to file my oppositions to the motions to dismiss, to only two full days until 11:59 pm on Wednesday, July 19, 2023." (bold and underline deleted) (Doc. 44, ¶¶ 2-4, 12.)

13. He sought the additional time as "a combination of personal matters including medical, and other matters pertaining to other court cases that I am involved that have obstructed my time and that have hampered me," "[m]edical challenges are a known basis for good cause to grant extension," and he "currently [has] 6 other court cases." (Doc. 44, ¶¶ 14-16.) He requested additional time to respond to the allegations that his complaint should be dismissed under the Massachusetts anti-slapp statute.

The 9/22/23 Motion (Doc. 69).

14. On 9/22/23, Plaintiff filed his Emergency/Expedited Final Motion to Extend Deadline to File Motions Previously Filed in the United States District Court for the District of Massachusetts by an Additional Thirty Days. (Doc. 69). In this motion, Plaintiff provides four reasons for the requested extension:

   a. he had "a family emergency that requires him to travel (long distance) on short notice concerning an elderly ailing parent." (Doc. 69, ¶ 7.)

    b. the extension would allow him time to confer with Defendants and to respond to any motions filed by Defendants (Doc. 69, ¶¶ 9-13.)

    c. he needs to correct an already prepared transcript from a hearing in the Massachusetts Federal Court (Doc. 69, ¶¶ 15-17.)

    d. "No further extensions will be requested on this issue, should it be granted." (Doc. 69, ¶ 18.)

15. Plaintiff provided no specifics about his travel plans or a timetable regarding the supposed correction to a court transcript.

The 10/10/23 Motion (Doc. 73).

16. On 10/10/23, Plaintiff filed the instant motion. (Doc. 73.) Therein, he seeks an extension until 11/25/23 – an additional 45 days - in which to file his objection to the Donais Defendants' Motion to Dismiss (Doc. 70, filed on 9/26/23). As grounds therefore, he contends that:

    a. His family emergency "required him to travel (long distance) on short notice," impacting his ability to meet the 14-day timeline to file an objection. (Doc. 73, ¶ 10.) Plaintiff further states that while drafting his motion he was "in the midst of travel." (Doc. 73, ¶ 22.)

    b. Plaintiff "is not available to respond within 14 days" and it is implied that an extension was granted via his prior motion (Doc. 73, ¶¶ 13-15.)

    c. He again contends he needs to correct an already-prepared transcript form the Massachusetts Federal Court. (Doc. 73, ¶¶ 16-19.)

    d. "It is in the interest of justice and equity that the extension be allowed." (Doc. 73, ¶ 20.)

17. While extensions are typically a matter of courtesy, the Donais Defendants note that Plaintiff has already sought repeated extensions in this matter (related to service of process), and they do not wish to engage in another series of extensions, such as occurred in the Bristol Superior Court.  It appears that Plaintiff only served the complaint when the court finally denied his 4/5/23 motion to extend. (Doc. 18, p. 5.)  The Donais Defendants object to any extension given Plaintiff's demonstrated history of seeking successive extensions.

18. The Donais Defendants further address each of Plaintiff's alleged reasons for seeking the extension.

19. First, since Plaintiff moved for an extension on 9/22/23 due to unexpected travel occasioned by a sick family member and that he was again traveling on 10/10/23 in the "midst" of drafting the instant motion, presumably he has not returned home.

20. Next, while Plaintiff claims he could not respond for 14 days, Plaintiff has failed to demonstrate why he requires an additional 45 days to respond to the Donais Defendants' motion to dismiss.  The Donais Defendants note that in their Motion to Dismiss, they in part argue that the Massachusetts anti-slapp statute precludes his suit.  This argument was raised in the prior motions to dismiss filed in Massachusetts, and Plaintiff already sought additional time to address these arguments.  Presumably, he already began his research into issues raised by the Donais Defendants in June of this year.

21. Plaintiff argues he needs to correct a transcript of a proceeding in Massachusetts as grounds for his request for an extension.  However, (a) he provides no timetable for this (and the Donais Defendants note that the action pending before the

103171088

Massachusetts Appeals Court, referenced above, has been stayed since November of 2021 awaiting a transcript from Plaintiff, see FN 2 infra) and (b) a transcript of any hearing in Massachusetts is not required in order to respond to the Donais Defendants' Motion to Dismiss nor does Plaintiff indicate why it is needed.

22. As for justice and equity, this is one of several actions by Plaintiff against Craig Donais and others. As noted above, there is an action pending in the Massachusetts Appeals Court and in the Superior Court of New Hampshire. This particular action has been pending since June of 2022. Again, the Donais Defendants deny all wrongdoing, and they would like to move forward in this matter.

23. Plaintiff's ongoing vague references to emergent travel and an already-prepared but in need of correction transcript from a Massachusetts hearing do not justify his requested extension. Plaintiff's motion should be denied.

Wherefore Craig Donais, Mary K. Donais and Donais Law Offices PLLC respectfully request that this Honorable Court:

A. Deny Plaintiff's Emergency/Expedited Motion to Extend Time to File Objection to the Motion to Dismiss Filed by the Donais Defendants; and

B. Grant such other and further relief as is equitable and just.

103171088

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG DONAIS,
DONAIS LAW OFFICES PLLC and
MARY K. DONAIS

By Their Attorneys,

*/s/ Linda M. Smith*

Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **OBJECTION** to all parties in this action by serving same via the Court'sF filing system:

Andre Bisasor, Pro Se
679 Washington Street, Suite #8-206
Attleboro, MA 02703

William Saturley, Esq.
Daniel R. Sonneborn, Esq.
Preti Flaherty
60 State Street, Suite 1100
Boston, MA 02109
wsaturley@preti.com
dsonneborn@preti.com

Date:   October 11, 2023

*/s/ Linda M. Smith*
Linda M. Smith

103171088