UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Andre C. Bisasor

    v.                                                                    Civil No. 23-cv-374-JL

Craig Donais, et al.

**O R D E R**

Pro se plaintiff Andre Bisasor moves for a 45-day extension of time – until November 25, 2023 – to object to the motion to dismiss filed by defendants Craig Donais, Mary Donais, and the Donais Law Offices, PLLC (together, "Donais"). Doc. no. 73. In his motion, Bisasor asserts that an emergency with an elderly parent has required him to travel a long distance on short notice. Additionally, Bisasor states that he is waiting for a "corrected" transcript of a hearing that he requires to oppose the motion to dismiss. Donais objects, arguing that Bisasor has not provided sufficient justification for a 45-day extension and observing that Bisasor has already requested numerous motions to extend time in this case. Doc. no. 74.

The court finds good cause to grant Bisasor's motion, albeit reluctantly and only in part. See Fed. R. Civ. P. 6(b)(1) ("good cause" generally necessary to extend deadlines). Since he began this lawsuit in June 2022, Bisasor has requested additional time to comply with nearly every deadline he has faced. See doc. no. 1-4 at 3 (several motions to extend time to complete service); doc. no. 19 (motion to extend time to respond to motion to dismiss); doc. no. 39 (motion to extend time to file motion to remand); doc. no. 41 (motion to extend time to respond to motion to dismiss); doc. no. 44 (motion to extend time to amend motion); doc. no. 69 (motion to extend time to refile motions in this court). While the court is typically generous in providing pro se litigants extensions of time (and has been particularly so in this case), a party's pro se status does not exempt him from complying with procedural rules or court-imposed deadlines. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) ("[P]ro se status does not insulate a party from complying with procedural

and substantive law."); Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) ("While courts have historically loosened the reins for pro se parties . . . there is a long line of authority rejecting the notion that pro se litigants . . . are entitled to extra procedural swaddling.") (citations omitted).

Although the court is sympathetic to Bisasor's family emergency, the court does not find good cause for an extraordinary 45-day extension, particularly given the already extensive delays resulting from Bisasor's many other motions to extend time. It is Bisasor's responsibility to prosecute his case diligently, and the court must be mindful of the defendants' right to have this case move forward in a timely manner. Moreover, Bisasor was aware of the emergency that required him to travel "on short notice" at least as early as September 22, when he filed a motion to extend a different deadline on the same grounds, but he waited until October 10 – the deadline to file his response – to file the instant motion. Doc. no. 69 at 1. The court likewise does not find Bisasor's argument that he needs to wait for a "corrected" version of a transcript he already possesses to be good cause justifying a 45-day extension.

Nonetheless, considering Bisasor's family emergency, the court finds there is good cause for a 14-day extension, which is a sufficient time for Bisasor to prepare and file his response to Donais's motion to dismiss. Accordingly, Bisasor's motion (doc. no. 73) is granted, and he shall file his response to the motion to dismiss on or before **October 25, 2023**. Absent extraordinary circumstances, any further motions to extend the time to respond to Donais's motion to dismiss will be denied.

SO ORDERED.

_____
Talesha L. Saint-Marc
United States Magistrate Judge

October 11, 2023
cc: Andre C. Bissau, pro se
    Counsel of Record