UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**RENEWED AND MODIFIED <u>EMERGENCY/EXPEDITED</u> MOTION TO EXTEND TIME TO FILE OBJECTION TO THE MOTION TO DISMISS FILED BY THE DONAIS DEFENDANTS**
**OR**
**MOTION TO RECONSIDER EMERGENCY/EXPEDITED**
**MOTION TO EXTEND TIME TO FILE OBJECTION TO THE MOTION TO DISMISS FILED BY THE DONAIS DEFENDANTS**

1. I respectfully renew my request (or otherwise request reconsideration) for an extension of time to file an objection to the motion to dismiss filed by Craig Donais, Mary Donais and Donais Law Offices ("the Donais defendants")[1]. However, this request is only for an additional 21 days (which extension will be only 35 days in total when combined with the 14 days already allowed by the court).

2. This renewed motion provides new or additional grounds/factors not previously provided and seeks different relief than previously requested.

3. There are critically important facts and points that the court may not have been aware of or may have overlooked or misapprehended, that I hereby now bring to the court's attention.

4. Also, in their last filing, the Donais defendants provided to the court misleading information/statements or omissions that may have misled the court, to my prejudice. I will herein show the court these misleading statements and omissions designed to mislead the court. Once the court becomes aware of this, I believe it will impact the court's decision.

5. I hereby reserve all rights with respect to this matter and do not waive any rights regarding this matter.

6. As grounds therefor, I the Plaintiff state the following.

## I.  INTRODUCTION TO SOME REASONS TO GRANT THIS MOTION

7. The court may not be aware of certain critical facts.

8. The court may have been misled by skewed statements or omissions from the Donais defendants, designed to mislead the court.

9. The Hilliard defendants intend to file another motion to dismiss by 10-27-23.

10. I am currently traveling and will not be back home until October 26, 2023.

---

[1] NB: The other defendants (i.e., defendants Russell Hilliard and Upton & Hatfield, hereinafter together the "Hilliard defendants") have not filed a motion to dismiss as yet but they have indicate to me that they plan to do so by 10-27-23. See **Exhibit 1**.

11. I am traveling by road by car across the country which takes several days to complete. I cannot travel by airline because of medical conditions and doctor's orders.

12. Defendants refuse to confer and narrow the issues in violation of the rules and in order to inoculate themselves from having to tell  the truth and so they can engage in litigation by ambush. See **Exhibit 1.**

## II. BACKGROUND

13. On 7/28/23, the court issued a procedural order for a 30 day deadline to refile motions previously filed in the MA federal court. This deadline fell on Monday 8/28/23.

14. On 8/23/23, a joint motion was filed by the Defendants on behalf of the parties.

15. On 8/23/23, the court granted the extension until 9/27/23.

16. Subsequently, on 9-22-23, the plaintiff sought an extension until 10/27/23 to refile motions from the MA federal court.

17. The defendants did not object to the extension.

18. The court granted the extension until 10/27/23.

19. However, on 9/26/23, the Donais defendants filed a motion to dismiss, which was after the court granted the extension request, and after I indicated that I could not respond to any motion to dismiss within 14 days of the filing of such motion. Pursuant to the applicable rule, I had 14 days to file an objection, which would normally fall on or about October 10, 2023 (due to the long holiday weekend).

20. I then filed a motion to extend time to file objection to the motion to dismiss from the Donais defendants.

21. The Donais defendants filed an objection to the motion.

22. The court then granted it in part, limiting it to only 14 days until October 25, 2023, citing some of the points raised by the Donais defendants.

23. I did not have an opportunity to reply to the Donais defendants objection before the court ruled, and thus the one-sided assertions made by the Donais defendants were not able to be rebutted by me.

## III. OPENING STATEMENT

24. My opposition to the Donais defendants' motions to dismiss in this case is currently due on Wednesday October 25, 2023.

25. I am modifying my request for an extension of time to file my oppositions to the motions to dismiss, to 21 days until November 15, 2023.

26. This cuts back on the time I previously requested, from my initial request of 45 additional days, to only 21 days. This is eminently reasonable.

27. Even though I needed the 45 days initially requested, I am modifying my request to only 21 days until 11-15-23, in order to increase the likelihood that my request will be granted by the court.

28. NB: Once the Hilliard defendants file their motion to dismiss by 10-27-23, I will automatically have 14 days from 10-27-23 until 11-10-23 to file an opposition to that motion to dismiss. This request therefor will not prejudice any party.

29. This therefore is not exactly a request to reconsider but is more of a renewed request but with different or modified relief requested.

## IV. GROUNDS

### A. Impediments of travel and family emergency

30. Pursuant to the facts asserted in my 9-22-23 motion and 10-10-23 motion, I would like to inform the court more specifically that I am still in the midst of travel and will only return home by October 26, 2023. This is information that the court did not have before.

31. I had to travel by motor vehicle because I cannot travel by airflight due to medical conditions and per my doctor's orders. The travel itself takes 3 to 4 days by road. This results in a total of 7 to 8 days alone by road travel. This is critical information that the court did not have before. NB: I can provide medical documentation if necessary but I would need to do so under seal due to privacy HIPAA concerns.

32. Because I am in the midst of travelling, I am not able to focus on opposing a motion to dismiss. It would be unfair to require that I oppose a motion to dismiss while traveling and in the process of returning home.

33. Because I am literally traveling at this present time, I cannot do research and draft a proper opposition while traveling. Furthermore, I do not have my legal files, case files, research papers and other materials with me. I will be severely disadvantaged if forced to file my opposition now and to stand on the opposition as a defense to dismissal.

34. Although pro se litigants should abide by the same rules, a pro se litigant should not be treated less than a lawyer would. If any lawyer had a family emergency or a medical emergency, it would be normal to assent to such extension needed. It is not unusual for a party to request extra time to oppose a motion to dismiss (especially a lengthy and complex one such as filed by the Donais defendants). A motion to dismiss is not a routine motion. It requires significant time, effort, analysis, research and presentation and articulation of argument. This cannot be done on the side of the road while traveling.

35. [NB: I had to travel by motor vehicle because I cannot travel by airflight due to medical conditions and per my doctor's orders, which the defendants have been aware of from prior cases including medical documentation provided regarding such. The road travel, in this instance, itself takes 3 to 4 days by road. This results in a total of 7 to 8 days alone by road travel both ways. This significantly impacted my time and availability. This is one of the main reasons why I need the extra time. I am not being frivolous here.]

36. I ask the court for compassion and empathy. We all go through times of family emergency of the kind I referenced.

37. [NB: I have not shared further details about this family emergency because it involves private information of a third party family member who is not part of this case].

38. Just imagine if the court were going through this and had to travel. The court could not be expected to do research on the case and rule on the case under such conditions. Similarly, it is unfair to expect me to oppose a motion to dismiss while having to travel and having to deal with a family emergency. Moreover, the time I expected to return (as of 9-22-23) has been delayed due to the nature of the circumstances of the family emergency. So I won't be home until October 26, 2023. I need time to return home, and gather my thoughts and do the research necessary to oppose the motion to dismiss.

39. [NB: I also have tons of personal and work responsibilities to catch up on once I return home. I had to leave on short notice and had to request accommodation from all sources of responsibility that I have. I also have other court cases that I had to seek extensions for, which were granted. ].

40. I cannot just write an opposition off the top of my head. I cannot just spontaneously draft an opposition. I need proper time, opportunity and head space to be able to do so. I need a reasonable amount of time to address this matter of the motion to dismiss. 21 days is reasonable. It lands on November 15, 2023. This is a modest request under the circumstances.

41. As noted before, I have had some challenges and unexpected issues that has set me back in my ability to get everything done by the deadline.

42. Furthermore, I have several motions to refile by October 27, 2023 including a motion to remand. I will be able to complete the refiling of the motions by October 27, 2023 (but not the opposition to the motion to dismiss) as that is all I will have time to do during the time that the opposition is due.

43. I aver to this court that I tried to meet the deadline due but am just not physically able to. I am not superhuman. There is no way I will be able to meet the deadline by October 25, 2023. This is too burdensome for me as a pro se plaintiff. I am not a lawyer. I do not have a law office or legal assistants. I hereby implore the court for reasonable relief.

44. It is too much of a herculean task. I fear, given the stakes involved (including the antislapp that carry automatic attorney fees if awarded), I will be severely prejudiced. Simply from a structural systemic standpoint, I simply will not have enough time to properly or effectively attempt to defend my case against dismissal, etc. I will be behind the "eight ball" from the outset.

45. I can still meet the deadline for the refiling of motions due by October 27, 2023. But I cannot meet the deadline of October 25, 2023 for the opposition to the motion to dismiss. This is not a false alarm. I simply will be physically unable to do it. Furthermore, without an extension, I will not have a meaningful opportunity to be heard through my pleadings. Defense counsel knows that the less time I have, the greater chance that I will falter in being able to defeat their motion. Their opposition to my motion to extend time

is therefore tactical, designed to prejudice my ability to defend my meritorious claims against dismissal. I promise this court that I have truly meritorious arguments backed up with facts and evidence that will defeat the defendant's motions to dismiss. I just need an adequate time and opportunity to do so. NB: I also need time as the complaint is 92 pages including exhibits and screenshots and I need to incorporate the complaint references into my oppositions in order to show why the defendants' arguments are refuted. Please keep in mind that I did not want to litigate in federal court. I did not ask to litigate in federal court. If I was in state court, I would not have these issues including because the timelines in state court are more flexible, particularly in relation to seeking extensions of time.

### B. Hilliard Defendants' Motion to Dismiss

46. Moreover, it is noteworthy that the Hilliard defendants intend to file a motion to dismiss by October 27, 2023. See **Exhibit 1.**

47. This puts me in the difficult position of having to respond to the Donais defendants' motion to dismiss and then thereafter respond again to Hilliard's motion to dismiss. This is unfair and puts me in a disadvantageous position.

48. Prior to filing their objection to the 10-10-23 motion to extend time, the Donais defendants knew that the court granted the extension for refiling motions until 10-27-23. Why would the Donais defendants persist in filing a motion to dismiss on 9-26-23, knowing that it would require an opposition by 10-10-23? Because they knew it would give me less time to respond while dealing with travel and my emergency, and thus prejudice my ability to properly defend against a motion to dismiss during a vulnerable time. This is gamesmanship and oppressive tactics especially since they knew the Hilliard defendants were going to wait until 10-27-23 to file their motion to dismiss. The Donais defendants rushed to file their motion to dismiss after the court already granted my 9-22-23 motion to extend time to refile motions which included extension for the defendants as well. [NB: If the court intends to prevent the Hilliard defendants from filing a motion to dismiss, then that should be made clear.]

49. Moreover, the defendants were implicitly given more time to file a motion to dismiss by 10-27-23. The Hilliard defendants are using that extension of time for themselves. The court evidently is not aware of this fact that the Hilliard defendants are using that extension of time for themselves and that they plan to file a motion to dismiss by 10-27-23. This is new information that the court did not have before and should now be aware of.

50. On information and belief, the Donais defendants knew that the Hilliard defendants intended to file a later motion to dismiss by 10-27-23 but did not disclose it to the court when they filed their objection to the motion to extend time on 10-10-23, citing the need for speedy resolution. This is a material omission that is misleading because if the court knew that the Hilliard defendants intended to file a motion to dismiss by

10-27-23, then the court would not necessarily have felt constrained to shorten the time for me to oppose the Donais defendants' motion to dismiss, since that would not have sped things up since another motion to dismiss would be forthcoming 30 days later.

51. It is also unfair that I be required to file an objection to one motion to dismiss before the deadline to file another motion to dismiss passes.

52. At a minimum, I should be allowed to file a motion to dismiss at the same time that is required for the Hilliard defendants motion to dismiss.

53. Moreover, there will have to be time allowed for reply and sur-reply and then a hearing on the motions to dismiss. So this extension request will not delay the proceedings in any unwarranted way. It will not prejudice the defendants in any way. The only party that will be prejudiced will be me, if it is not allowed. The time pressure will only squeeze me for time during a vulnerable time that I cannot focus or concentrate on opposing the motion to dismiss or do so effectively.

54. I should get as much time to file my oppositions as allowed for the parties to refile motions from MA federal court. It is illogical to give me less time than what the court allowed for refiling motions for the parties. The court's 10-11-23 order thus conflicts, to some extent, with that the court's 9-26-23 order. NB: In my 9-22-23 motion, I stated the following:

> "The extension would have the added benefit of allowing more time to arrange any meet and confer with the defendants necessary to comply with Rule 7.1 prior to the plaintiff filing any motion. 10. Similarly, should the defendants intend to file any motion, an extension would further facilitate the added benefit of allowing the defendants more time to arrange any "meet and confer" as necessary to comply with Rule 7.1. NB: As of today, the defendants have not indicated any intention to refile any motion from the MA federal court and have not reached out to the plaintiff for a "meet and confer" under Rule 7.1. If the defendants somehow subsequently indicate such intention with only 3 business days remaining before the deadline on 9/27/23, then that would be too late and would prejudice the plaintiff1 , especially in light of the recent family emergency cited above. 11. **Furthermore, should the defendants intend to file any motion after this point in 3 business days or less before the deadline, the plaintiff would not be available to meet and confer as is required for the defendants to do before filing any motion. 12. In addition, the plaintiff would not be available to respond to any motions filed by the defendants (should any be filed) within 14 days thereafter, which would require the plaintiff to seek an extension of time to file any responses to any such motions filed**. Therefore, it serves judicial economy and the proper administration of justice to allow a final extension under the circumstances. 13. NB: The plaintiff asks that the order of extension also apply mutually to the defendants as well."

55. Therefore, when the court approved the 9-22-23 motion, it was implied that the court would allow any request for extension of time to oppose any motion to dismiss filed by 9-27-23.

56. NB: The defendants refused to give me any heads up that they intended to refile a motion to dismiss even after I filed the 9-22-23 motion as cited above. They blindsided me with a 9-26-23 motion to dismiss, which further shows their intent was to prejudice me.

57. Therefore, the court should not have allowed lesser time to oppose the motions to dismiss than was allowed to refile motions. This is contradictory. If the court accepted my averments in my 9-22-23 motion to extend time to refile motions, then it should have accepted them for purposes of allowing at least the same time to oppose the motions to dismiss, not less time.

### C. New Defenses

58. It is also noteworthy that the Donais defendants did not disclose to the court that its motion to dismiss is different from the one filed in the MA federal court. The Donais defendants have fundamentally transformed their motion to dismiss. It is not the same motion to dismiss. New defenses and arguments were added (such as failure to state a claim, and statute of limitations defenses, etc., which by the way is not allowed to be done after the initial deadline to file a motion to dismiss passed). The court gave the defendants an opportunity to refile the motion to dismiss that was filed in MA federal court, not to transform or add new defenses and arguments after the fact. It was misleading to give the court the impression that it was essentially the same motion to dismiss that had previously been filed and thus I needed no additional time to address it. This is both unfair and misleading.

59. Moreover, it is the defendants who requested the case be transferred to NH. I was ready to address the case on the merits in MA. But the transfer to NH has created new issues of law that I had not researched or was not prepared for. The defendants also included new defenses that were not included before. This is the first time that these defenses have been introduced. It is not fair to require that I must expeditiously oppose this motion and new defenses, or else forfeit my rights.

60. Moreover, since the court granted an extension to 10/27/23 to refile motions, then at a minimum the court should not provide a shorter time to oppose the motion to dismiss. Yet, the court here granted less time than was requested for the refiling of motions. Refiling of motions is less difficult than it is to oppose a new dispositive motion with new defenses.

61. There was a time limit to filing a motion to dismiss or answer in state court and then in MA federal court upon removal. No additional time to add new defenses exists in the rules or case law. Once that time has passed, there cannot be new defenses added. The defendants must stand on the initial rule 12B defenses or other defenses asserted in its first motion to dismiss, as the initial deadline for such filing of defenses in a motion to dismiss has long passed during the MA federal court activities. The defendants are trying to abuse the system.

62. The case has a complicated procedural posture because of the transfer to NH federal court and the pending motions from MA federal court.

63. The Donais defendants cannot get a second bite at the apple with new defenses. It is not allowed under the law. This would be try to exploit or create a loophole in the system. Fair is fair. New defenses cannot be added after the first motion to dismiss was filed.

64. By filing a second motion to dismiss with new defenses that were not previously asserted, the Donais defendants have violated the rules and the law. Their motion to dismiss must be stricken. The new defenses must be stricken. Otherwise, the second motion to dismiss should be converted to a motion for judgment on the pleadings, which requires discovery before any disposition of the motion can be done. They have violated the rules and are trying to get away with it. If I have less time, they are hoping that I will be less able to effectively discover, show or prove these things.

65. I need time to explicate and prove these issues. I cannot do it off the top of my head spontaneously, as I am doing here with this motion to extend time.

66. The Hilliard defendants get 60 days more time to file their motion to dismiss. But I get less time than the defendants have to prepare a motion to dismiss.

67. NB: The Hilliard defendants have indicated that they are open to an extension of time for me to oppose their motion to dismiss once filed. See **Exhibit 1.** This by itself shows that the court should be open to allowing time to oppose both motions to dismiss, since the court will have to await the opposition to the Hilliard defendants motion to dismiss.

68. It should be evident that the Donais defendants are trying to game the court and get the court to engage in unfair conduct towards me.

69. The fact the Donais defendants knew that the Hilliard defendants were going to file another motion to dismiss by 10-27-23 and hid this from the court, it shows the disingenuous nature of their actions.

70. They simply want to hurt me and block me from effectively defending myself.

71. If their motion to dismiss was a quick simple motion that would be a different thing. But it is not. It is a complex lengthy 28 page motion.

72. Their opposition is not about the time itself. They care about getting the advantage. They don't want a fair fight. They want me to fight with two hands tied behind my back while blindfolded. There is no other logical conclusion that can be drawn.

73. If they respond to this motion, they will dodge and obfuscate responding head on to these points, other than perhaps blanket denials, which is hallmark of slippery lawyers.

### D. Transcript

74. Similarly, the corrected transcript is needed because the corrected transcript will show that the motion filed by the Donais defendants is violative of the MA federal court's order. The defendants are not allowed to argue MA law because the federal court MA judge, in the motion to dismiss hearing, asked them to confirm

that that will not argue MA jurisdiction if the case is transferred to NH, and they agreed and the MA court transferred the case with the understanding that they will not argue MA law but yet the donais defendants have argued MA law in their new motion to dismiss in NH, even though they have averred that MA has no jurisdiction over the case because the events occurred primarily in NH. They cannot have it both ways.  The transcript as it stands mangles the words of the judge and the parties, which tends to obscure this key point. This is critical to my opposition to the motion to dismiss. I need the corrected transcript for my motion to dismiss. Even if the defendants disagree with the legal argument, I must still be allowed to obtain the correct transcript which buttresses or proves my point. That is why time is needed for the transcript so that I can prove these points showing that the motion to dismiss by the Donais defendants is illicit, violative of a court order and of the rules. NB: I could not have gone into detail before as I had to write my last motion in a rush while traveling. I am writing this while traveling while in the process of returning home so my words might be not as clear or precise and I don't have time for proofreading. I ask the court to grant pro se liberal construction to my writing.

### E. Pro Se Considerations

75. Please keep in mind that I am not a lawyer nor a law office. I have challenges as an older citizen that are normal for older citizens to have. I am not a lawyer by profession. I have work, family, personal issues, obligations and responsibilities that prevent me from treating this case like a full time job. The defendants have big law firms behind and even so, they still have needed extensions of time in this case. I also have to work 10 times as hard to research, and try to understand the case law or legal issues and arguments including complex or nuanced arguments by the defendants.

76. I should be given every opportunity to properly and fully present my case.

77. I have not slacked off in this case but have shown diligence in prosecuting this case both in state court and federal court. I have missed any deadlines and I have not missed any hearings but showed for every hearing. This is not an attempt at unreasonable delay. I am doing the best I can as a pro se non lawyer.

78. NB: There are 3 defendants (the Donais defendants) who represented by two lawyers of a law firm (and they filed one motion to dismiss together), and another 2 defendants (the Hilliard defendants) who are represented by another two lawyers of another law firm (and they will be filing a separate motion to dismiss together). Because there are multiple defendants and multiple defendant lawyers, I am already at a significant disadvantage. As a pro se non-lawyer, I am not trained to present like a lawyer and so I may not be able to meet the high standard of precise lawyering required in federal court, where I have to be on point and highly efficient in the presentation of my legal arguments.

79. I as a pro se plaintiff did not ask to litigate in federal court. I am here asking for a just a little leeway, not much. The defendants simply don't want me to be able to present my best case. It would be unfair to

deprive me of a proper and full opportunity to present my best case especially where an award of attorney fees are at stake with the antislapp motion. An award of attorney fees in this case would literally bankrupt me given that I was granted indigency status by the state court and given that there are big law firms involved with at least 4 or more seasoned attorneys on the case, along with associates and paralegals assisting them on the case. The attorney fees would be astronomical, which is a source of a lot of emotional distress for me.

80. I just need a little more time to submit my opposition to the court. The new motion to dismiss by the Donais defendants carry very complex ramifications, as they argue MA law while also citing NH law in a confusing way. It is not easy for a pro se plaintiff to properly deal with it without adequate time to prepare, to research the issues and case law. It is also now difficult to obtain an attorney to represent me in federal court because of the complexities and vagaries of federal court practice, compared to state court practice. I am at a disadvantage in federal court because of this as well as for the fact that I am not as familiar with federal court rules.

81. Similarly, there are other pending issues to be addressed now including a motion seeking amendment of the complaint and a motion for default, as well as my request for limited discovery pursuant to antislapp statute, and for remand discovery issues etc., all of which I requested previously in my opposition in MA federal court. It should be noted further that there are also some other items that need to be brought to the attention of the court. These items include a request for appointment of pro bono counsel, a request to transfer of sealed files from state court which has not been transferred as yet, a motion to correct the record (regarding the fact that my motion to amend and motion for default were filed first before the motions to dismiss) and a motion for sanctions against the defendants including for making intentional material false statements to the court, and motion to stay decision on motions to dismiss in order to obtain limited discovery. I will need to bring these to the attention of the court in my refiling of motions and/or in my opposition to the motion to dismiss.

82. I am asking for a little leeway here. I am asking to be allowed adequate time to prepare my opposition/rebuttal. Otherwise, I will be setup to fail. The defendants know this. They are counting on this court being harsh with me so that I cannot effectively oppose their illegitimate motion to dismiss.

83. I ask the court to step back and ask whether it is absolutely necessary to take a harsh hand against me to prevent me the time I need to oppose a complex and tricky motion to dismiss by the Donais defendants.

84. I am not asking for indefinite time but a specific reasonable time commensurate with the circumstances.

### F. Misleading Statements and Omissions by Donais Defendants

85. It should be noted that my task of opposing the motion to dismiss is made much more difficult because certain dishonest statements were made in motion to dismiss by the Donais defendants. For example, they

claim that the 6/18/19 comments by Craig Donais are time barred because I filed my complaint on 6/20/22, based on arguing a 3 year timeline for statute of limitations. But they lied to this court. First, I filed the complaint electronically in state court on 6/18/22 which was on a Saturday. The state court did not docket it until 6/20/22 because of the weekend. Second, because 6/18/22 fell on a Saturday, the deadline fell to the next business day of 6/20/22. Either way, the 6/18/19 comments would not be time barred. The defendants know this but they lied blatantly to this court in order to mislead this court in order to win at all costs, ethics and honesty be damned.

86. Similarly, they also fail to indicate that the statute of limitations for breach of contract is 6 years but instead give the court the impression that my claims are time barred because they were filed 5 years later.

87. I hereby ask the court to take note of when the defendants respond and note that they will not honestly correct these false statements but they will dodge and run from it because they will refuse to be honest (as shown by their approach in **Exhibit 1**).

88. There are numerous examples of such dishonest, false and misleading statements by the defendants. I need time to explicate and carefully expose these false statements which require additional work because the defendants have engage in this dishonest conduct in a crafty manner. This alone warrants additional time to oppose the motion to dismiss.

89. The Donais Defendants thus misled the court. The Court did not have this information before. When the defendants filed their objection on 10/10/23, the court ruled the next morning, thus I had no time to reply to correct these misrepresentations. I also was in the middle of traveling and dealing with my family emergency out of state.

90. The Donais defendants evidently schemed to file their illicit motion to dismiss on 9/26/23, all the while knowing that the Hilliard defendants were going to require a 30 day extension of time to file their motion to dismiss by 10-27-23.

91. The federal court of MA made sure to set the same deadline to oppose the defendant's motion to dismiss to be the same deadline because both motions to dismiss will be heard together in one motion to dismiss hearing. Here, the defendants have sought to throw things out of order, with the sole goal of prejudicing me and forcing me to oppose when I am in a vulnerable time of travel concerning a family emergency.

92. It should be noted that I have worried whether I can get a fair hearing in NH. Donais and Hilliard and their lawyers are favored insiders of the NH legal community. I did not want this case to be heard in NH. That is one reason why I filed in MA because of fear of a stacked deck in NH courts.

93. I ask the court to step and ask whether it is absolutely necessary to take a harsh hand against me to allow me the time I need to oppose a complex and tricky motion to dismiss.

94. The defendants have engaged in direct attacks upon me with this court or otherwise engaged in innuendo with the conclusion or implication that I am unworthy, that I am to be treated like a pariah, like persona non grata. This is part of a dog whistle designed to dehumanize me and treat me lesser, as inferior, as not to be trusted, or respected or treated with humanity or dignity. These powerful people are misusing their privilege and power to try to oppress me. They don't want a fair fight.

95. Also, the defendants want to relitigate issues from other cases by cherry picking things out of context and twisting as proof the texts to assert false or flawed conclusions

96. The defendants attempt to recount various cases that have nothing to do with this case reflects an attempt to negatively influence this court against me to obtain case advantage.

97. They know I do not have the time to properly defend or respond or to expose the misleading and skewed nature of their references.

98. For example, the extension of time to serve process in state superior court was due to the state court own problem of trying to figure out how to apply the indigency waiver to the cost of serving process on out of state defendants. This was not my fault. Moreover, the defendants were not involved in the case until they were served. They knew of the case but let it sit there when they could have removed it to federal court. They also could have waved service but they did not. They wanted to wait to see if I would make the state court's deadline for service of process.

99. Similarly, the defendants mislead this court by referencing a NH superior court case but not mentioning that the defendants had agreed to engage in settlement negotiations for over a year and then withdrew at the last minute forcing the case into litigation. They could have settled this case a long time ago but wanted a protracted legal battle instead while seeking unwarranted windfalls through seeking quick dismissals, while avoiding the actual merits of whether Donais told lies on me, etc.

100. They also asked for multiple extensions themselves when it suited them.

101. If they were so keen on speedy disposition, why ask for several extensions of time?

102. They removed the case to federal court which further caused delays. They removed the case to NH further causing delays. And after removing to NH, they sought extensions to re-file motions. And they did not refile their motion; instead they filed a new motion with new defenses.

103. The court may not have had an opportunity to review the record in detail so the defendants are counting on the court being confused by the record from state court and MA federal court. Without my input, the court may not be able to discern the nuances of the record. I implore this court not to take defendants assertions as fact or as true without looking closely at the record or without hearing from the plaintiff.

104. The court mat have been misled by the defendants machinations into thinking that it is easy for me to oppose the defendants motion to dismiss because I opposed their motion to dismiss in MA federal court.

But this is deceptive logic. The defendants have fundamentally transformed their motion to dismiss. It is not the same motion to dismiss filed in MA federal court.

105.    Pro se litigants should be allowed the necessary accommodation to have meaningful access to the courts and to effectively prosecute their cases and should be allowed the same accommodation and courtesy that big shot downtown lawyers are afforded all the time.

106.    The defendants evidently wants the court to treat me like a child or treated like an inmate or treated harshly or punitively, when lawyers and represented persons would not be so treated.

107.    The court should be sensitive to these points. This case is a civil rights case based on race. I should be given every opportunity to present my case to address this racism civil rights case. This is what the courts are for. If the public loses confidence that they can reasonably bring their grievances to a court of law and that they will be treated fairly, the fabric of society will disintegrate.

108.    Given the attempts of the defendants to attack me, I feel it important to state that I am an upstanding member of the community. I serve disadvantaged youth and minorities in the greater new England communities.. I served as a leader for the Manchester NH NAACP.  I teach bible to my local church and in various settings. I am a civil rights advocate and conflict resolution professional. I am also a minister of the gospel. The defendants are trying to imply that I am not to be treated with respect or due regard, or that I am some illegitimate person, or one who frivolously asks for extensions. This is unfair and is an attempt to besmirch me with the court.

109.    I ask the court to recognize my humanity. I am a black man with a family trying to get justice in a court of law in America.  This is a case about race and racism, about privilege and power, about the little guy seeking to hold the powerful, the connected, and the wealthy, accountable for wrongdoing. This is a David against Goliath case.

110.    But I cannot afford a lawyer or find one to represent me. This is especially difficult in federal court of New Hampshire, where numerous lawyers have conflicted out because of Donais or Hilliard's connections in the NH legal community.

111.    I thus have to represent myself. I thus have no buffer. So I am exposed to the disadvantage of being attacked or judged in the events and conduct of litigation instead of focusing on the underlying merits, whereas the defendants have lawyers that protect them from such exposure and disadvantage. Clever defense lawyers use the events in litigation to badger the pro se litigants and prejudice them with the court. Here, the defendants are attempting to use every litigation whether this one or outside of it, to prejudice me.

112.    What if I looked up the conduct of the lawyers and defendants in every case they ever had and use that to show to this court how many times they asked for extensions or needed leeway because of a mistake by

a secretary or needed to go on vacation or had multiple caseloads, etc., in order to argue they should never get any extension for any reason forever for the rest of their lives? Could I bring that into this court and into any case to argue that they should never get an extension ever again in the future in any case? This is what the defendants have done in this instance. It should not be countenanced by this court. Prior events in other cases have no relevance in this case and especially not to routine procedural or administrative matters in this case.

113.    They did not try it in MA court but they feel comfortable and familiar in NH, evidently confident the courts will be biased in their favor.

114.    It should be noted that Attorney Linda Smith, who wrote the last pleading for the Donais defendants in which in engaged in a number attacks upon me, was not part of the case in MA. She was not there when any of the events she references happened in MA. If I were to not assume the worst, it is conceivable that she therefore either does not understand these events or does not have the proper context for them, and so inadvertently misused them out of context. Otherwise, she intentionally misled the court. Either way, the court cannot countenance any false, misleading statements or misrepresentations.

115.    For example, she omits the fact that her colleague Attorney Ed Landers came to me in state court seeking more time to file an answer or response to the complaint in state court. He then also asked the state court for more than a month extension to file an answer or response. Then after being granted extensions by the state court, on the eve of the deadline for them to answer or respond, he removes the case to federal court. This reset the timelines for resolving the case because of the removal to federal court. If the Donais defendants were so concerned about speedy resolution of the merits, they would kept their promise to the state court judge that they intended to file their answer in start court by the extended deadline allowed by the state court judge. These actions by the Donais defendants contributed to delays in resolving the case.

116.    Then while in federal court of MA, they asked the federal court MA judge to transfer the case to NH, knowing that this would again cause delays in the resolution on the merits. And then after the case was transferred to NH federal court, they again asked this court for a 30 day extension to refile motions from MA federal court. If the Donais defendants were genuinely interested in speedy resolution of the merits, they would not have asked for these extensions or undertaken these maneuvers designed to delay the case. The guiding principle for the defendants is mot speedy resolution but tactical advantage for themselves and calculations designed to prejudice me or place me in a disadvantage. I ask the court to really hear what I am saying here.

## G. Discovery

117.   I need discovery pertaining to a motion to remand as well as pertaining to the antislapp defense/claim filed by the defendants. This was requested in MA federal court and is pending. This must be addressed before any motion to dismiss can be resolved.

118.   I also need to amend the complaint. I have a pending motion to amend the complaint that was filed in MA federal court but was not resolved. This must be resolved before any motion to dismiss can be resolved. I intend to refile the motion to amend the complaint that was filed in MA federal court. The MA federal court did not deny the motion but left it pending for hearing because there was evidently merit in my seeking to amend the complaint. This is especially true here where the Donais defendants have attacked the form of the complaint that was filed in state court. This further supports my request for an extension of time because these issues will need to be incorporated into the opposition and these motions will need to be filed before my opposition is filed.

## H. Remand

119.   This court does not have jurisdiction over this case because the defendants failed to meet the removal prerequisites.

120.   This case should be remanded because the court does not have jurisdiction, as outlined in my previously filed motion to remand that was pending in the MA federal court prior to transfer to this court.

121.   Hence, the remand issues must be addressed first before any motion to dismiss is addressed.

122.   This is another reason why the court should not have set the deadline for opposing the motion to dismiss to be earlier than refiling the motions pending from MA federal court which includes a pending motion to remand to state court.

123.   The MA federal court should have addressed the remand issue before transferring to the NH federal court. Because of this, this is a major procedural issue that must be taken up and addressed before any motion to dismiss is heard. This includes the fact that there should be limited discovery pertaining to remand issues allowed. There should also be a separate hearing on remand prior to any hearing on the motion to dismiss.

124.   The defendants are trying to jump ahead to the front of the line by jumping the gun to file the motion to dismiss on 9/26/23, thus in so doing they are trying to reorder the sequence of the issues that were pending in MA federal court. Either way, it is well established that a motion to remand, because of potential jurisdictional issues, must be sequentially resolved and addressed first before the substance or merits of the case can be addressed. Given this, the court should not rush to put forward an accelerated timeline for the motion to dismiss when a number of procedural issues and motions pending precedes the motion to dismiss.

125.    Because of the inherent cumbersome nature of a federal court transfer, the defendants are also trying to confuse the court regarding the procedural posture of the case by trying to get the court to lose sight of the fact that there are several procedural issues that must be addressed before any motion to dismiss can be heard.

## I. Clarification Concerning Court's 10-11-23 Order

126.    The court stated the following in its 10-11-23 order.

> "Since he began this lawsuit in June 2022, Bisasor has requested additional time to comply with nearly every deadline he has faced. See doc. no. 1-4 at 3 (several motions to extend time to complete service); doc. no. 19 (motion to extend time to respond to motion to dismiss); doc. no. 39 (motion to extend time to file motion to remand); doc. no. 41 (motion to extend time to respond to motion to dismiss); doc. no. 44 (motion to extend time to amend motion); doc. no. 69 (motion to extend time to refile motions in this court). While the court is typically generous in providing pro se litigants extensions of time (and has been particularly so in this case), a party's pro se status does not exempt him from complying with procedural rules or court-imposed deadlines. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) ("[P]ro se status does not insulate a party from complying with procedural Case 1:23-cv-00374-JL-TSM Document 75 Filed 10/11/23 Page 1 of 2 2 and substantive law."); Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce, 20 F.3d 503, 506 (1st Cir. 1994) ("While courts have historically loosened the reins for pro se parties . . . there is a long line of authority rejecting the notion that pro se litigants . . . are entitled to extra procedural swaddling.") (citations omitted). Although the court is sympathetic to Bisasor's family emergency, the court does not find good cause for an extraordinary 45-day extension, particularly given the already extensive delays resulting from Bisasor's many other motions to extend time. It is Bisasor's responsibility to prosecute his case diligently, and the court must be mindful of the defendants' right to have this case move forward in a timely manner. Moreover, Bisasor was aware of the emergency that required him to travel "on short notice" at least as early as September 22, when he filed a motion to extend a different deadline on the same grounds, but he waited until October 10 – the deadline to file his response – to file the instant motion. Doc. no. 69 at 1. The court likewise does not find Bisasor's argument that he needs to wait for a "corrected" version of a transcript he already possesses to be good cause justifying a 45-day extension."

127.    The court as a new court, far removed from the events and circumstances, evidently may have gotten a skewed impression, aided by the Donais defendants' skewed misleading and cherry-picked assertions in their objection to my last motion to extend time.

128.    For example, the court evidently misapprehends the service of process issue in MA state court because it does not have the appropriate context from state court. The state court had to extend time for service because it had a procedural conundrum to solve, which is how to effectuate a MA state-based indigent costs waiver for service of process on out of state defendants. This was an issue of first impression for the Bristol superior court. I could not effect service of process on out of state defendants if the state of MA was unable to pay for it because it could not use MA sheriffs to serve out of state defendants by hand. They thus had to fashion a special remedy to address this issue, which took time and several attempts to resolve. This was

not my fault or doing, unless I am to be blamed for needing an indigent cost waiver to effect service of process in the first instance.

129.    I also had major surgery for a portion of the relevant timeframe, which I provided documentation for and which the defendants are aware of. As an older citizen, it is not unusual for such issues to come up. I should not be blamed or stigmatized or penalized for being an indigent or older citizen.

130.    Similarly, the motion to remand extension in MA federal court was due to the fact that the defendants filed their removal after the 6pm deadline on a Friday evening, which created ambiguity to as when the 30 days for remand starts counting. I brought this to the clerk's attention, and the clerk said to request an extension of time. Without this context, the court has the wrong impression. This is the problem with lifting prooftexts out of context paint someone in the light most unfavorable as the Donais defendants have done.

131.    Furthermore, this case has changed courts 3 times over 2 years all by the defendants doing. Without considering that context, it is easy to attach stigma to the events of the case. Litigating in state court is different from litigating in federal court, especially for a pro se plaintiff. Litigating in MA federal court is different from litigating in NH federal court. These changes in courts or venue carry with it unusual procedural and rule changes that resets the litigation for me as a pro se litigant. It is not fair to hold these things against me.

132.    Regarding the present motion, I waited until October 10, 2023 to file the motion to extend time because I was in the middle of traveling and dealing with my family emergency, which I already told the court of and which court already allowed my motion on those grounds. I was not able to file sooner because I stretched thin dealing with travel and my emergency. I cannot be blamed for that when I already told the court about that. It is the Donais defendants that sought to exploit the situation by still filing their motion to dismiss knowing that it would disrupt me in my travels and dealing with my family emergency. Moreover, I assumed that the court would allow the motion to extend because it was implicit in the motion already granted.

133.    I can understand how a court could take things in a light most negative without hearing my rebuttal. This is why I have provided this renewed motion to give more information that the court was not aware of.

## V. CONCLUSION

134.    This request is not intended to delay or prejudice the Court or any party.

135.    This is a reasonable request under the circumstances.

136.    Given that time is of the essence, I ask that the court issue an expedited order so that I can know how to proceed in advance of the deadline tomorrow, if possible.

137.    I ask the court to please issue an order as soon as possible so that I can know how to proceed and to please allow me a little grace in order to meet the deadline, so that I am not barred from filing my opposition to the Donais defendants' motion to dismiss altogether.

138.    Accordingly, I respectfully request that the Court allow this emergency/expedited motion.

139.    I attempted in good faith to obtain concurrence from the defendants. See **Exhibit 1** for email communications with the defendants about this motion.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

October 24, 2023

**CERTIFICATE OF SERVICE**
I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

# EXHIBIT 1

## Re: Case No.1:23-cv-00374-JL | Renew or reconsider extension of time to respond to Motion to Dismiss

From: Andre Bisasor (quickquantum@aol.com)

To:     dsonneborn@preti.com

Cc:     elanders@morrisonmahoney.com; lsmith@morrisonmahoney.com

Date:    Tuesday, October 24, 2023 at 04:04 PM CDT

---

Dan,

I am not sure what you disagreed with. All I said was "By remaining silent about your intentions, the court likely thinks that the Donais defendants' motion to dismiss was the only motion to dismiss that was going to be filed." What about that do you disagree with? It is a fair and correct statement.

You also did not answer my question "Do you intend to also add new defenses including rule 12B defenses that were not present in the first motion to dismiss?"

Once you file your motion, I will let you know how much time would be needed.

Andre

On Tuesday, October 24, 2023 at 11:45:28 AM CDT, Sonneborn, Daniel R. <dsonneborn@preti.com> wrote:

Andre,

The Court granted additional time to file motions and any motion will be filed within that timeframe. I do not need to respond to the Donais' motion so the deadline does not impact my clients. If forced to choose, I would side with the deadline already extended by the Court. I disagree with your other comments about my intentions towards the Court. Once my motion is filed, if you feel the need to request an extension to respond, please let me know what you are seeking.

Thank you,

Dan

**Daniel R. Sonneborn**
Director
Preti Flaherty

---

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Tuesday, October 24, 2023 11:55 AM
**To:** Sonneborn, Daniel R. <DSonneborn@preti.com>
**Cc:** Landers, Edwin <elanders@morrisonmahoney.com>; Smith, Linda <lsmith@morrisonmahoney.com>
**Subject:** Re: Case No.1:23-cv-00374-JL | Renew or reconsider extension of time to respond to Motion to Dismiss

---

<u>Note:</u> **\*\*\* This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.\*\*\***

---

Dan,

It sounds like you are saying that it is okay for you to take 30 extra days to prepare your motion to dismiss and file it by 10-27-23, but I should be required to oppose the Donais defendants motion to dismiss before you are even required to file your motion to dismiss.

By remaining silent about your intentions, the court likely thinks that the Donais defendants' motion to dismiss was the only motion to dismiss that was going to be filed.  Do you think it is fair that this was kept from the court?

Also, I presume you will be filing a lengthy motion to dismiss. Do you intend to also add new defenses including rule 12B defenses that were not present in the first motion to dismiss?  Will you agree to my having additional time to oppose your motion to dismiss once you file it?

Andre

On Monday, October 23, 2023 at 03:29:59 PM CDT, Sonneborn, Daniel R. <dsonneborn@preti.com> wrote:

Andre,

The request was only for a motion as to the Donais defendants so I do not believe I need to weigh in, but that being said, would join their position.

Thanks,

Dan

**Daniel R. Sonneborn**
Director
617.226.3852 Tel
dsonneborn@preti.com
Bio | LinkedIn | Twitter | preti.com

PretiFlaherty
60 State Street
Suite 1100
Boston, MA 02109

On Oct 23, 2023, at 3:59 PM, Andre Bisasor <quickquantum@aol.com> wrote:

**Note: *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.****

Dan, I am waiting on your reply to my original email as well.

Case 1:23-cv-00374-JL   Document 77   Filed 10/31/23   Page 22 of 26

Andre

**From:** Smith, Linda <lsmith@morrisonmahoney.com>
**To:** Andre Bisasor <quickquantum@aol.com>
**Cc:** Sonneborn, Daniel R. <dsonneborn@preti.com>; Landers, Edwin <elanders@morrisonmahoney.com>
**Sent:** Monday, October 23, 2023 at 04:57:16 PM CDT
**Subject:** Case No.1:23-cv-00374-JL | Renew or reconsider extension of time to respond to Motion to Dismiss

Andre,

Again, we disagree with your statements.  Again, we will respond accordingly to any motion you elect to file.

On Monday, October 23, 2023 at 02:57:06 PM CDT, Andre Bisasor <quickquantum@aol.com> wrote:

Linda,

I am not intending to litigate by email. I am conferring regarding my motion and issues to be narrowed therein. You made a comment and I am seeking clarification. The court rules require conferring. By calling it litigating, instead of conferring, and by refusing to narrow the issues directly, it will be construed as bad faith, or a dodge and as a tacit admission. The answer to the question of whether you knew that the Hilliard defendants intended to file a later motion to dismiss prior to filing your objection to the motion to extend time is not something to hide. It is a simple fact question, which I intend to raise to the court's attention, and for which I infer that you did know prior to filing but did not disclose it to the court.   It appears that you clearly intend to either further mislead the court as you have done in your filings or to engage in surprise and ambush tactics, which is unethical.

Andre

On Monday, October 23, 2023 at 01:48:33 PM CDT, Smith, Linda <lsmith@morrisonmahoney.com> wrote:

We do not intend to litigate your request for a further extension via email.  We do not assent to your motion, and we will respond accordingly to any motion you may file.

Regards,

Linda Smith

**Linda Smith**
Partner

MORRISON MAHONEY LLP
650 Elm Street, Suite 201
Manchester, NH  03101

10/24/23, 4:34 PM     AOL Mail - Re: Case No.1:23-cv-00374-JL | Renew or reconsider extension of time to respond to Motion to Dismiss

Case 1:23-cv-00374-JL   Document 77   Filed 10/24/23   Page 23 of 26

T (603) 518-1971 | F (603) 622-3466
LSmith@morrisonmahoney.com | www.morrisonmahoney.com

Connecticut | Massachusetts | New Hampshire | New Jersey | New York | Rhode Island | United Kingdom

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmissions, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Monday, October 23, 2023 2:40 PM
**To:** Daniel R. Sonneborn <dsonneborn@preti.com>; Landers, Edwin <ELanders@morrisonmahoney.com>; Smith, Linda <LSmith@morrisonmahoney.com>
**Subject:** Re: Case No.1:23-cv-00374-JL | Renew or reconsider extension of time to respond to Motion to Dismiss

---

**External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.**

---

Dear Linda,

Did the Donais defendants know that the Hilliard defendants intended to file a later motion to dismiss but did not disclose it to the court when they filed their objection to the motion to extend time?

Can you please reply to this question? This is an important point to be disclosed as it is material to the issue at hand.

Can you also tell me what you disagree with?

Andre

On Monday, October 23, 2023 at 01:31:17 PM CDT, Smith, Linda <lsmith@morrisonmahoney.com> wrote:

Our clients do not assent to a motion for an extension of time. We disagree with your statements below, and we will respond accordingly to any motion for an extension you may file.

Regards,

Linda Smith

**Linda Smith**
Partner

MORRISON MAHONEY LLP
650 Elm Street, Suite 201
Manchester, NH  03101
T (603) 518-1971 | F (603) 622-3466
LSmith@morrisonmahoney.com | www.morrisonmahoney.com

Connecticut | Massachusetts | New Hampshire | New Jersey | New York | Rhode Island | United Kingdom

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmissions, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

---

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Monday, October 23, 2023 1:37 PM
**To:** Daniel R. Sonneborn <dsonneborn@preti.com>; Landers, Edwin <ELanders@morrisonmahoney.com>; Smith, Linda <LSmith@morrisonmahoney.com>
**Subject:** RE: Case No.1:23-cv-00374-JL | Renew or reconsider extension of time to respond to Motion to Dismiss

> **External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.**

---

Dear All,

I intend to renew my request for extension of time to oppose the Donais defendants motion to dismiss. This time I will be seeking 21 days until November 15, 2023. This brings the total time to 35 days extension when combined with the 14 days already granted by the court.

I am still traveling. I will not be back home until October 26, 2023. I am unable to oppose the motion to dismiss while traveling.  NB: I am traveling by road and it will take me several days to complete travel home. I will literally be on the road while the deadline is expiring.

Also, given that the Hilliard defendants intend to file a motion to dismiss by 10-27-23, it is not unreasonable to allow this extension.

Here are some further points in support of my request:

10/24/23, 4:34 PM                    AOL Mail - Re: Case No.1:23-cv-00374-JL | Renew or reconsider extension of time to respond to Motion to Dismiss

Case 1:23-cv-00374-JL    Document 73    Filed 10/30/23    Page 25 of 26

1.    I am in the midst of travelling and am not able to focus on opposing a motion to dismiss. It would be unfair to require that I oppose a motion to dismiss while traveling and in the process of returning home. Although pro se litigants should abide by the same rules, a pro se litigant should not be treated less than a lawyer would. If any lawyer had a family emergency or a medical emergency, it would be normal to assent to such extension needed. It is not unusual for a party to request extra time to oppose a motion to dismiss (especially a lengthy and complex one such as filed by the Donais defendants). A motion to dismiss is not a routine motion. It requires significant time, effort, analysis, research and presentation and articulation of argument. This cannot be done on the side of the road while traveling. [NB: I had to travel by motor vehicle because I cannot travel by airflight due to medical conditions and per my doctor's orders, which the defendants have been aware of from prior cases including medical documentation provided regarding such. The road travel, in this instance, itself takes 3 to 4 days by road. This results in a total of 7 to 8 days alone by road travel both ways. This significantly impacted my time and availability. This is one of the main reasons why I need the extra time. I am not being frivolous here.] I ask you to have some compassion and empathy. We all go through times of family emergency of the kind I referenced.[NB: I have not shared further details about this family emergency because it involves private information of a third party family member who is not part of this case].  Just imagine if you were going through this and had to travel.  It is unfair to expect me to oppose a motion to dismiss while having to travel and having to deal with a family emergency. Moreover, the time I expected to return has been delayed due to the nature of the circumstances. So I won't be home until October 26, 2023. I need time to return home, and gather my thoughts and do the research necessary to oppose. [NB: I also have tons of personal and work responsibilities to catch up on once I return home. I had to leave on short notice and had to request accommodation from all sources of responsibility that I have. I also have other court cases that I had to seek extensions for, which were granted. ]. I cannot just write an opposition off the top of my head. I cannot just spontaneously draft an opposition. I need proper time, opportunity and head space to be able to do so. I need a reasonable amount of time to address this matter of the motion to dismiss. 21 days is reasonable. It lands on November 15, 2023. This is a modest request under the circumstances.

2.    Moreover, it is noteworthy that the Hilliard defendants intend to file a motion to dismiss by October 27, 2023. This puts me in the difficult position of having to respond to the Donais defendants' motion to dismiss and then thereafter respond again to Hilliard's motion to dismiss. This is unfair and puts me in a disadvantageous position. Prior to filing their objection to the motion to extend time, the Donais defendants knew that the court granted the extension for refiling motions until 10-27-23. Why would the Donais defendants persist in filing a motion to dismiss on 9-26-23, knowing that it would require an opposition by 10-10-23? Because they knew it would give me less time to respond and thus prejudice my ability to properly defend against a motion to dismiss? Moreover, the defendants were implicitly given more time to file a motion to dismiss by 10-27-23. The Hilliard defendants are using that extension of time for themselves. The court evidently is not aware of this fact. This is new information that the court should be aware of. Did the Donais defendants know that the Hilliard defendants intended to file a later motion to dismiss but did not disclose it to the court when they filed their objection to the motion to extend time? If so, this is a material omission that would potentially be misleading. It is also unfair that I be required to file an objection to one motion to dismiss before the deadline to file another motion to dismiss passes. At a minimum, I should be allowed to file a motion to dismiss at the same time that is required for the Hilliard defendants motion to dismiss. Moreover, there will have to be time allowed for reply and sur-reply and then a hearing on the motions to dismiss,. So this extension will not delay the proceedings in any unwarranted way. It will not prejudice the defendants in any way. The only party that will be prejudiced will be me. The time pressure will only squeeze me for time during a vulnerable time that I cannot focus or concentrate on opposing the motion to dismiss or do so effectively.

3.    It is also noteworthy that the Donais defendants did not disclose to the court that its motion to dismiss is different from the one filed in the MA federal court. The Donais defendants have fundamentally transformed their motion to dismiss. It is not the same motion to dismiss. New defenses and arguments were added (such as failure to state a claim, and statute of limitations defenses, etc., which by the way is not allowed to be done after the initial deadline to file a motion to dismiss passed). The court gave you an opportunity to refile the motion to dismiss that was filed in MA federal court, not to transform or add new defenses and arguments after the fact. It was misleading to give the court the impression that it was essentially the same motion to dismiss that had previously been filed

and thus I needed no additional time to address it. This is both unfair and misleading. Moreover, it is the defendants who requested the case be transferred to NH. I was ready to address the case in MA. But the transfer to NH has created new issues of law that I had not researched or prepared for. The defendants also included new defenses that were not included before. It is not fair to require that I must expeditiously oppose this motion or else forfeit my rights.

4. Please keep in mind that I am not a lawyer nor a law office. I have challenges as an older citizen that are normal for older citizens to have. I am not a lawyer by profession. I have work, family, personal issues, obligations and responsibilities that prevent me from treating this case like a full time job. You have big law firms behind and even so, you still have needed extensions of time in this case. I also have to work 10 times as hard to research, and try to understand the case law or legal issues and arguments including complex or nuanced arguments by the defendants.  I should be given every opportunity to properly and fully present my case.

45     Lastly, the corrected transcript is needed because the corrected transcript will show that the motion filed by the Donais defendants is violative of the MA federal court's order. You are not allowed to argue MA law because the federal court asked you to confirm that you will not argue MA jurisdiction and you agreed and the MA court transferred the case with the understanding that you will not argue MA law but yet you have argued MA law in your new motion to dismiss in NH.  The transcript as it stands mangles the words of the judge and the parties, which tends to obscure the point. This is critical to my opposition to the motion to dismiss. I need the corrected transcript for my motion to dismiss. Even if you disagree with the legal argument, I must still be allowed to obtain the correct transcript which buttresses or proves my point. That is why time is needed for the transcript. NB: I could not have gone into detail before as I had to write my last motion in a rush while traveling.

In light of the above, I ask for your assent.

I look forward to your speedy reply as I intend to file something with the court as soon as possible.

Andre Bisasor

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.