UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR,
    Plaintiff

Vs.                                            CASE NO.: 1:23-CV-00374-JL

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
UPTON AND HATFIELD LLP and
MARY K. DONAIS,
    Defendants

**OBJECTION TO PLAINTIFF'S MOTION TO RECONSIDER EMERGENCY/EXPEDITED MOTION TO EXTEND TIME TO FILE OBJECTION TO THE MOTION TO DISMISS FILED BY THE DONAIS DEFENDANTS**

Defendants, Craig Donais, Donais Law Offices PLLC and Mary K. Donais (collectively "Donais Defendants"), by and through their counsel, Morrison Mahoney LLP, respectfully submit this Objection to Plaintiff's Motion to Reconsider Emergency/Expedited Motion to Extend Time to File Objection to the Motion to Dismiss filed by the Donais Defendants (Doc. 77), stating as follows:

1. On 9/26/23, the Donais Defendants filed their Motion to Dismiss (Doc. 70). On 10/10/23, Plaintiff filed his Emergency/Expedited motion to Extend time to File Objection to the Motion to Dismiss filed by the Donais Defendants. (Doc. 73.) On 10/11/23, Donais Defendants objected to this motion. (Doc. 74).

2. Also on 10/11/23, this Court issued an order on the motion, wherein this Court ruled in part as follows:

> It is Bisasor's responsibility to prosecute his case diligently, and the court must be mindful of the defendants' right to have this case move forward in a timely manner. Moreover, Bisasor was aware of the emergency that required him to travel "on short notice" at least as early as September 22,

1

> when he filed a motion to extend a different deadline on the same grounds, but he waited until October 10 – the deadline to file his response – to file the instant motion. Doc. no. 69 at 1. The court likewise does not find Bisasor's argument that he needs to wait for a "corrected" version of a transcript he already possesses to be good cause justifying a 45-day extension.
>
> Nonetheless, considering Bisasor's family emergency, the court finds there is good cause for a 14-day extension, which is a sufficient time for Bisasor to prepare and file his response to Donais's motion to dismiss. Accordingly, Bisasor's motion (doc. no. 73) is granted, and he shall file his response to the motion to dismiss on or before **October 25, 2023**. Absent extraordinary circumstances, any further motions to extend the time to respond to Donais's motion to dismiss will be denied.

(emphasis in original) (Doc. 75, p. 2).

3. Donais Defendants once again object to any extension of time to respond to their Motion to Dismiss. Donais Defendants incorporate by reference their objection to the underlying motion to extend deadline. (See Doc. 74.)

4. Briefly, as argued in Donais Defendants' prior objection, Plaintiff has filed several motions to extend various deadlines since filing his complaint in June of 2022. It has now been 16 months since Plaintiff filed the instant action. This is not the only action filed by Plaintiff against Craig Donais. Plaintiff has also sued Craig Donais in Middlesex Superior Court, Docket No. 2081CV000087, alleging defamatory statements of the exact same type and nature, which claims were dismissed on August 2, 2021 and in New Hampshire for similar causes of action. Plaintiff is appealing the dismissal of the Massachusetts action on a pro se ex parte appeal to the Massachusetts Appeals Court, Docket No. 2021-P-0960 ("Andre Bisassor [sic] v. Craig Donais"). Plaintiff's wife has also filed two grievances against Defendant Craig Donais with the New Hampshire Attorney Discipline Office alleging the same facts. Plaintiff and Plaintiff's wife have also filed another civil action against

Craig Donais in New Hampshire in Hillsborough Superior Court North, Docket 226-2020-cv-00027.

5. As previously argued, while extensions are typically a matter of courtesy, the Donais Defendants note that Plaintiff has already sought repeated extensions in this matter (related to service of process), and they do not wish to engage in another series of extensions, such as occurred in the Bristol Superior Court. The Donais Defendants object to any extension given Plaintiff's demonstrated history of seeking successive extensions. Indeed, having been given an additional two weeks, Plaintiff waited until the day before his objection was due to file a 139-paragraph Motion to Reconsider.

6. On 9/22/23, Plaintiff filed his Emergency/Expedited Final Motion to Extend Deadline to File Motions Previously Filed in the United States District Court for the District of Massachusetts by an Additional Thirty Days. (Doc. 69). In this motion, Plaintiff stated in part that he had "a family emergency that requires him to travel (long distance) on short notice concerning an elderly ailing parent." (Doc. 69, ¶ 7.)

7. Once again, Plaintiff claims to be in this midst of traveling by car for several days. (Doc. 77, ¶¶ 10-11.) In fact, he states that he is "still in the midst of travel," as stated in his prior motion on 10/10/23. (Doc. 77, ¶ 30.) He is traveling "alone by road travel." (Doc. 77, ¶ 31.) Despite traveling alone, he prepared and filed a 139-paragraph motion. (Doc. 77.)

103198521

8. Plaintiff evidently did not plan to return home until 10/26/23, yet he filed his motion to reconsider at 5:37 p.m. on 10/24/23 – nearly two weeks after the Court issued its order.

9. Plaintiff also claims that the intention of Co-Defendants to also file a motion to dismiss somehow warrants an extension. It does not. Plaintiff claims that it is "unfair that [he] be required to file an objection to one motion to dismiss before the deadline to file another motion to dismiss passes." (Doc. 77, ¶ 51.) There is no legal basis for this, and Donais Defendants have no input into the actions of co-defendants. Donais Defendants, thus, are not required to defer action in this matter until others act.

10. Next, Plaintiff claims that because there are additional grounds in the refiled motion to dismiss, the motion to dismiss is misleading and he requires more time. (Doc. 77, ¶ 58.) This argument (1) was not raised in his original motion to extend and (2) is flawed.

11. Previously, Donais Defendants filed a motion to dismiss disputing jurisdiction and raising additional issues, to include the applicability of the Massachusetts Anti-Slapp statute. On 7/27/23, after a hearing on the motions to dismiss, this matter was transferred to New Hampshire. (Doc. 60.)

12. The refiling of Motions to Dismiss necessarily contemplates new arguments where the prior motions primarily were focused on jurisdictional arguments. Moreover, there is nothing precluding Donais Defendants from moving to dismiss on any grounds at any time unless an argument has been waived. Donais Defendants have

not raised any new arguments that are waivable. In any event, Donais Defendants have not waived any argument[1].

13. Plaintiff also contends that supposed dishonest statements by the Donais Defendants warrant an extension of time. (Doc. 77, ¶ 85.) Plaintiff bases this contention on statements made by the Donais Defendants in their Motion to Dismiss (although the motion is not cited) in support of dismissal of this action on statute of limitations grounds. This is not a ground upon which an extension should be granted. The Donais Defendants will address any substantive arguments made by Plaintiff in objection to their statute of limitations argument once Plaintiff timely objects to their Motion to Dismiss. Plaintiff's arguing against the Donais' Defendants' statute of limitations argument in the context of his seeking a further extension on the time period to object reflects that Plaintiff is prepared to file his objection to the Motion to Dismiss and should do so now.

14. Inasmuch as Plaintiff argues that Donais Defendants should not reference prior events in other cases, Donais Defendant state that the prior cases referenced in their original objection and above to Plaintiff's Motion to Extend referenced cases which Plaintiff and/or his wife filed against Craig Donais. (See Doc. 74, ¶¶ 6, 22.) Donais Defendants continue to dispute any wrongdoing, and Craig Donais has been disputing claims made by Plaintiff and/or his wife for several years in several venues.

---

[1] During the hearing in Massachusetts, Donais Defendants did not waive any defenses. The court only asked that Donais Defendants confirm that they would not challenge this court's jurisdiction if the action were transferred. There was never a statement that Donais Defendants "will not argue MA law." (Doc. 77, ¶ 74.) See Transcript from the 7/27/23 hearing, a copy of which is attached hereto as Exhibit A.

15. Plaintiff also seeks discovery related to his intended motion for remand and motion to amend complaint. (Doc. 77, ¶¶ 117-118.) Respectfully, this request is improper in the context of his Motion to Reconsider this court's 10/11/23 ruling. Moreover, Donais Defendants object to any amended complaint while their motion to dismiss is pending.

16. Plaintiff also argues that Donais Defendants have delayed this action, in part, as they removed this matter to Federal Court. (Doc. 77, ¶ 102.) Plaintiff's argument is factually incorrect, as the Donais Defendants did not remove this case to Federal Court. The co-defendants did.

17. Donais Defendants again state, as it did in their original objection, that this is one of several actions by Plaintiff against Craig Donais and others. As noted above, there are actions pending in the Massachusetts Appeals Court and in the Superior Court of New Hampshire. There are also several related actions pending before the Supreme Court of New Hampshire. The instant action has been pending since June of 2022. The Donais Defendants deny all wrongdoing, and they rightfully would like to move forward in this matter.

18. Plaintiff's ongoing references to emergent travel, which evidently has resulted in his having to travel since 9/22/23 (Doc. 69, ¶ 7) until the present (Doc. 77, ¶¶ 10-11, 30-31) do not justify his requested extension. Also, neither the actions of co-defendants nor plaintiff's intention to file several motions justify his requested extension. For these reasons and for reasons stated above, Plaintiff's motion should be denied.

103198521

Wherefore Craig Donais, Mary K. Donais and Donais Law Offices PLLC respectfully request that this Honorable Court:

A. Deny Plaintiff's Motion to Reconsider Emergency/Expedited Motion to Extend Time to File Objection to the Motion to Dismiss Filed by the Donais Defendants; and

B. Grant such other and further relief as is equitable and just.

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG DONAIS,
DONAIS LAW OFFICES PLLC and
MARY K. DONAIS

*/s/ Linda M. Smith*
Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **OBJECTION** to all parties in this action by serving same via First Class U.S. mail, postage prepaid and/or electronic mail to:

Andre Bisasor, Pro Se
679 Washington Street, Suite #8-206
Attleboro, MA 02703

William Saturley, Esq.
Daniel R. Sonneborn, Esq.
Preti Flaherty
60 State Street, Suite 1100
Boston, MA 02109
wsaturley@preti.com
dsonneborn@preti.com

Date:   October 25, 2023

*/s/ Linda M. Smith*
Linda M. Smith