```
 1                  UNITED STATES DISTRICT COURT

 2                  DISTRICT OF MASSACHUSETTS (Boston)

 3                            No. 1:23-cv-11313-WGY

 4

 5   ANDRE C. BISASOR,
              Plaintiff
 6

 7   vs.

 8

 9   CRAIG DONAIS, et al
              Defendants
10

11
                           *********
12

13            For Zoom Hearing Before:
              Judge William G. Young
14

15           Motion to Dismiss/Transfer

16
                  United States District Court
17                District of Massachusetts (Boston)
                  One Courthouse Way
18                Boston, Massachusetts 02210
                  Thursday, July 27, 2023
19

20                         *******

21
              REPORTER: RICHARD H. ROMANOW, RPR
22                 Official Court Reporter
                 United States District Court
23    One Courthouse Way, Room 5510, Boston, MA 02210
                   bulldog@richromanow.com
24

25
```

```
 1                   A P P E A R A N C E S

 2


 3    ANDRE C. BISASOR
         679 Washington Street, #8-206
 4       Attleboro, MA
         Email: Quickquantum@aol.com
 5       Pro Se plaintiff


 6


 7    EDWIN F. LANDERS, ESQ.
      IAN DONOVAN, ESQ.
 8       Morrison Mahoney, LLP
         250 Summer Street
 9       Boston, MA 02210
         (617) 737-8834
10       Email: Elanders@morrisonmahoney.com
         For Defendants Craig Donais, Mary Donais,
11       and the Donais Law Offices


12


13    DANIEL R. SONNEBORN, ESQ.
         Preti Flaherty Beliveau & Pachios, LLP
14       60 State Street, Suite 1100
         Boston, MA 02109
15       (617) 226-3852
         Email: Dsonneborn@preti.com
16       For Defendants Russell Hilliard and
         Upton & Hatfield, LLP

17

18

19

20

21

22

23

24

25
```

```
 1            P R O C E E D I N G S
 2            (Begins, 4:00 p.m.)
 3            THE CLERK:  Now hearing Civil Matter 23-11313,
 4   Andre Bisasor vs. Craig Donais, et al.
 5            THE COURT:  Good afternoon.  This is a hearing on
 6   the defendants' various motions and motions by the
 7   plaintiff as well, but the motion we're going to focus
 8   on is the motion to dismiss.
 9            The hearing is held on our zoom platform at your
10   request.  Our host for the hearing is Courtroom Deputy
11   Clerk, Jennifer Gaudet.  These proceedings are taken
12   down by our Official Court Reporter, Rick Romanow.  I
13   have law clerks on the line.
14            The proceedings are open to the public.  If any
15   member of the public is present, you are welcome, but I
16   remind you to keep your microphone muted and that the
17   rules of court remain in full force and effect, and that
18   is there is no taping, streaming, rebroadcast, screen
19   shots, or other transcription of these proceedings.
20            With that stated, would the parties introduce
21   themselves starting with the plaintiff, Mr. Bisasor.
22            MR. BISASOR:  Yes, your Honor.  Good to see you.
23   Thank you.  My name is Andre Bisasor, I'm the plaintiff.
24            THE COURT:  And, Mr. Bisasor, it's good to see
25   you.  And I'll say to you and counsel, I apologize for
```

```
 1   having to continue this until later in the day, but I'm
 2   prepared for argument, and it's good to see you all.
 3        For the defense?
 4        MR. LANDERS:  Good afternoon, your Honor, Ted
 5   Landers on behalf of Craig Donais, Mary Donais, and
 6   Donais Law Offices.
 7        THE COURT:  Good afternoon.
 8        MR. DONOVAN:  Good afternoon, your Honor, Ian
 9   Donovan for the same, um, Craig Donais, Mary Donais, and
10   the Donais Law Offices.
11        THE COURT:  Good afternoon.
12        MR. SONNEBORN:  And Good afternoon, your Honor,
13   Dan Sonneborn for defendants Russell Hilliard and Upton
14   & Hatfield.
15        THE COURT:  And good afternoon to you.
16        All right.  I've read all the pleadings, argument
17   will not exceed 10 minutes a side.
18        Where I want to start, Mr. Bisasor, is, um, as
19   I've looked at these papers it does seem to me that the
20   fairest thing that I might do is transfer this case to
21   the District Court in New Hampshire, and the reason I
22   say that is there are very real issues as to whether I
23   have personal jurisdiction over the people you've sued
24   here in the District of Massachusetts, and, um, where
25   there's no such issues in the District of New Hampshire
```

```
 1   and we can get on to the actual merits of the case?
 2           What do you say to my transfer -- not dismissing
 3   the case, taking no other action on the case, but
 4   transferring it to the District of New Hampshire?
 5           MR. BISASOR:  Um, your Honor -- thank you, your
 6   Honor.  I would say that, um, I believe that it may not
 7   be in the interests of justice to transfer the case to
 8   another forum in New Hampshire because, um --
 9           So I understand with the transfer there wouldn't
10   be a dismissal --
11           THE COURT:  That's right.
12           MR. BISASOR:  -- or potential statute of
13   limitations issues if --
14           THE COURT:  No.
15           MR. BISASOR:  Okay, so with the transfer there
16   will be none.  Okay.
17           The other point would be that, um, the New
18   Hampshire environment for me, your Honor, is not very
19   conducive because, first of all, I'm located in
20   Massachusetts, so if there were to be anything that I
21   would have to show for, I would have to do so in person,
22   it's not convenient for me in Massachusetts.  I do have
23   some limitations with respect to travel costs and with
24   respect to some medical issues that have prevented me
25   from being able to, um, pursue anything further in that
```

1    case, even though I did start some things there.
2    Because of covid and a number of other things, I have
3    not been able to really do that.  That would be one
4    issue.
5         THE COURT:  They would say the same thing, the
6    difficulty of coming here to Massachusetts.  But my
7    issue is more fundamental, I don't know that I have
8    personal jurisdiction over them here?
9         Now contrary, which is where that court sits,
10   that's an hour away.  Um, it seems to me I would best
11   secure everybody's rights if I took no other action
12   beyond sending the case up to New Hampshire?
13        MR. BISASOR:  Okay, your Honor.  So in terms of
14   the question of the jurisdiction, I would just point out
15   that, um, there are a number of acts that took place in
16   Massachusetts, um, by the -- by the defendants, there
17   have been contacts with respect to this particular
18   matter and the matters related to it.  Beyond that, in
19   terms of general jurisdiction, um, I would say that with
20   respect to the Donais defendants, they have had
21   substantial contacts here, Donais has a law practice --
22        THE COURT:  Wait.  Wait.  Wait.  Wait a minute.
23   Wait a minute.  Now you're arguing the substance of the
24   motion.
25        MR. BISASOR:  Yes, your Honor.

```
 1          THE COURT:  Right, and I'll hear you on the
 2   substance of the motion, but if I hear you on the
 3   substance of the motion, it's not going to be
 4   transferred, you'll either win, in which case I will
 5   decide I have personal jurisdiction over these
 6   defendants, or you'll lose, in which case I will decide
 7   I do not have personal jurisdiction over these
 8   defendants, and then I will dismiss the case, not on the
 9   merits, but I will dismiss it.
10          Here if I transfer it, you're not injured at all.
11   The judge in New Hampshire will just take responsibility
12   for the case and at least as I understand the law
13   they've got no claim that personal jurisdiction doesn't
14   extend to them in New Hampshire, as a matter of fact I'm
15   going to ask them before we finish.
16          So doesn't it make sense to transfer it?
17          MR. BISASOR:  Um, based on what you're saying,
18   your Honor, I could see myself open to that point.  Um
19   --
20          THE COURT:  All right, let's turn to the
21   defendants.
22          We're not going to sandbag anyone here.  If I
23   transfer this now to the United States District Court
24   for the District of New Hampshire, and I'm asking you on
25   the record, defense counsel, no one's going to claim
```

```
 1    lack of jurisdiction, personal jurisdiction over your
 2    person before that court, is that correct?
 3           MR. LANDERS:  Your Honor, on behalf of the Donais
 4    defendants, that's correct.
 5           MR. SONNEBORN:  Yes, on behalf of Mr. Hilliard and
 6    his firm, that is correct.
 7           THE COURT:  Very well.  And that is the fairest
 8    thing to do.
 9           This case is ordered transferred under 28 United
10    States Code, Section 1404(a), from this court to the
11    United States District Court for the District of New
12    Hampshire, and the Court takes no action on any other
13    pending motion, that the case is transferred to that
14    court.  Thank you all very much.
15           We'll stand in recess.
16           (Ends, 4:10 p.m.)
17
18
19
20
21
22
23
24
25
```

C E R T I F I C A T E

I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER, do hereby certify that the foregoing record is a true and accurate transcription of my stenographic notes before Judge William G. Young, on Thursday, July 27, 2023, to the best of my skill and ability.

/s/ Richard H. Romanow 09-05-23
_____
RICHARD H. ROMANOW    Date