UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**PLAINTIFF'S REPLY
PERTAINING TO THE OBJECTION TO THE
RENEWED AND MODIFIED EMERGENCY/EXPEDITED MOTION TO EXTEND TIME
TO FILE OBJECTION TO THE MOTION TO DISMISS FILED BY THE DONAIS
DEFENDANTS
OR
MOTION TO RECONSIDER EMERGENCY/EXPEDITED
MOTION TO EXTEND TIME TO FILE OBJECTION TO THE MOTION TO DISMISS
FILED BY THE DONAIS DEFENDANTS**

1. I file this reply to the defendants' objection to my motion to extend time to file objection to the Donais defendants motion to dismiss.

2. First, the Donais defendants have admitted in their objection that they knew the Hilliard defendants were going to file a motion to dismiss by 10-27-23. They say it does not matter that they knew. But it does matter, as it goes to intent to prejudice me unfairly and goes to candor with the court.

3. Moreover, they have not addressed the fact that the Hilliard defendants motion to dismiss will delay any motion to dismiss proceedings or hearings.

4. I ask the court to consider the situation. The Hilliard defendants will file a motion to dismiss on 10-27-23. I will then have to oppose that motion. I will likely need additional time to oppose what likely be another complex and lengthy motion to dismiss. The Hilliard defendants have essentially acknowledged this and have already agreed to be open to assenting to an extension of time to oppose that motion to dismiss.

5. So the court will not receive my opposition to that motion to dismiss until sometime in the future. Thereafter, there will likely be a reply by the defendants and surreply by me. Then there will be a hearing on the Hilliard defendants' motion to dismiss.

6. The court cannot rule on a motion to dismiss without a hearing. The earliest date that a motion to dismiss hearing date can be set has to be after the opposition, reply and sur-reply timelines have passed for the Hilliard defendants motion to dismiss. But there cannot be two motion to dismiss hearings. The court will likely have to set one motion to dismiss hearing for both motions to dismiss. The court cannot resolve the Donais defendants motion to dismiss earlier or quicker than the Hilliard defendants motion to dismiss. Therefore, it makes no sense to rush the filing of my opposition to the Donais defendants motion to dismiss, when doing so will not speed up the resolution of the Donais defendant motion to dismiss. This is

1

why it is critical information that has come to light that the Hilliard defendants will be filing a motion to dismiss by 10-27-23. This is why it was important that the Donais defendants to have disclosed this to the court in its 10-10-23 objection and why it shows a lack of candor with the court, in violation of the cannons of ethics, for them to hide such critical information material to the court's decision. It is also why this court, now knowing this, should not allow the defendants to get away with trying to game the court or to hide things from the court, in order to clearly hurt and prejudice me unfairly.

7. If I had asked the Hilliard defendants' counsel about this and if they had not revealed their intent, then no one would have known the wiser including the court, until they filed their motion to dismiss using the court's 9-26-23 order to extract the basis for them doing while having been silent about this, this entire time, and this would have been revealed after I would have already been forced to file my opposition to the defendants' motion to dismiss on 10-25-23. It also would give the Hilliard defendants a major advantage because they would see my opposition before having to filer their motion to dismiss. This again would be unfair and provide unfair tactical advantage to the defendants

8. Why did the Donais defendants not object to the extension of time to refile motions (which articulated the grounds of travel and family emergency) but only oppose the motion to extend time to object on the same grounds? This is tactical. They did not object to the former because they wanted to allow the Hilliard defendants to be able to file their motion to dismiss on 10-27-23. They are colluding with the Hilliard defendants to triangulate me to do me harm and damage. The court must be sensitive to the imbalance of the situation. 3 lawyers representing the Donais defendants. These are big law firm lawyers. They collectively have hundreds of years of legal knowledge and experience at these big law firms to pull on. The defendants themselves, Craig Donais, Russell Hilliard and Upton & Hatfield are lawyers. There are at least 6 or 7, or more, lawyers defending this case against me alone as the plaintiff. Their intent is to leverage the situation to crush me tactically and procedurally in order to prevent getting to the underlying merits of the case or my having my day in court. It is unfair to allow the defendants to collude to play these games. My rights must be considered and accounted for.

9. I should not be penalized for filing one lawsuit with several defendants. Otherwise, it would be encouraging plaintiffs to file separate lawsuits against individual defendants in order to avoid being prejudiced by the tactics of defendants who collude but then act as though they are separate.

10. The Donais defendants have regurgitated much of their 10-10-23 objection while the Donais defendants have ignored several points and facts (that I raised in my motion) in their present objection.
    a. The defendants have not addressed their own actions that cause delays or their own request for extensions. See **Exhibit 1**.

      b. The defendants dodged the point about 6/18/29 being on a Saturday. This shows the intent to deceive the court and a refusal to be honest. I will have to spend time dealing with numerous such examples that I cannot do quickly or in a rush.

      c. I don't have my case materials with me. They have dodged this point.

      d. I have not prepared an opposition. I would have to do it while traveling. This would be a handicap that will deprive me of due process and equal rights in this court.

11. The defendants do not dispute that I am traveling or in the process of returning home. Instead, the defendants are arguing I should just do it while I am travelling even while it takes 3 to 4 days to travel back home in Massachusetts. NB: I am currently further delayed while on the way home in order to file the motion to extend time yesterday and to address this objection today and await the court's ruling today.

12. I can write a motion to extend time fairly quickly. I can file refiled motions by 10-27-23 when I return home. But I cannot file a proper opposition by today. It is unfair to treat these as the same.

13. I am telling the truth. I will not be able to file an opposition today. Any opposition I file will be incomplete and flimsy and devoid of any meaningful opportunity to be heard through my pleadings. NB: Does the court want me to prove that I am traveling? I can provide proof if necessary.

14. The Donais defendants are intent on prejudicing me. I am damned if I do and damned if I don't. If I do not file my request or communicate with the court, they will ay I did not seek extension or did so late. If I file an extension, they say that if I can file an extension, I can file an opposition. I cannot win no matter what I do. The defendants want me boxed in, between a rock and hard place, with traps set at every turn. This is not what a fair legal system should be about. The courts are supposed to protect victims of injustice and discrimination from further badgering, oppressive tactics, and scandalizing in order to penalize me for seeking justice in a court of law.

15. They want to squelch my voice. They do not want me to be heard.

16. How will it hurt the defendants for me to file my opposition at a later time? It won't cause a motion to dismiss hearing to occur quicker. So they clearly are being belligerent and vexatious to prejudice me and hurt me. It serves no purpose to want to deny me time to oppose the motion to dismiss.

17. It is an attempt to be punitive. I have done nothing wrong. I have not violated any court orders. I have not missed any deadlines. I have been diligent to come to the court before a deadline expires. I have the right to seek extensions according to the rules. The defendants avail themselves of seeking extensions when it suits them.

18. They reference my wife's case, and other cases in NH or MA, that are not procedurally related to this case. These are not relevant to the issue before the court but they lumped that in for no reason but to try to inflame the court. They have not explained the procedural history of those cases or what led to those cases

being filed and why this case was separately filed [If the court reads my complaint and my oppositions in MA federal court, the court will see the reasons why those case were previously filed but I don't have time here to go into detail except to say that the MA Middlesex superior court case, which was filed in end of 2019 or early 2020, and is on appeal was dismissed because Donais lied to the court about not receiving of service of process by certified mail and is on appeal for a 1-88 dismissal for lack of service of process and that the NH superior court case was filed in January 2020 is on appeal by Donais after he lost a motion to dismiss, in order to delay the resolution of the case. They filed an appeal in that case to hold up that case from resolution. Yet they want to use that case in case to argue for speedy resolution. This is disingenuousness at its worst.). This is again lifting things out of context, to skew the record and to try to wrongly prejudice the court against me.

19. So, based on the logic of the defendants, if I were in a car accident in the future, they are saying it would be fair to say no more extensions ever because of something in 2022. What if I had a child that was sick and in the hospital, would it be fair to say no extensions ever? The defendants want to get the court to ignore the current situation by piling on with things that are more prejudicial than probative.

20. They say in the objection that my argument is flawed but they do not say how is it flawed; just a blanket conclusory allegation. They are using their legal skill to advance meretricious arguments.

21. The defendants appear to have attached the initial uncorrected transcript but that transcript does not show the communications with the MA federal court and my attempts to get the transcript corrected. See **Exhibit 2**. I have diligently sough to get the transcript corrected right up until the time that I had the family emergency. The last thing I was told by the MA federal court clerk is that I will need to file a motion to the MA federal court seeking corrections to the transcript. Once I can complete such a motion explaining the errors and the grounds for correction, then the MA federal court will have to rule on it, and only then will a corrected transcript be done. This is why I need time to obtain the corrected transcript.

22. Contrary to the twisted or incorrect assertions of the Donais defendants in their present objection (of which there are several), I did not say I had planned to return home on 10-26-23 from the first time I filed a motion to extend time to refile motions on 9-22-23. In fact, I stated in my 10-24-23 motion that I had delays in returning home due to the nature of the circumstances, and that now my current plan was to return by 10-26-23. Because I am traveling by car, that plan is fluid because of the nature of road travel cross country over several days (it is not like airline travel with a definite arrive time). At this juncture, I will now likely not be home until 10-27-23 given the disruption in my traveling in having to deal with this while traveling. The defendants' counsel evidently think of me as less than human. They have no empathy, compassion or sympathy as one human being to another. They evidently see me as one to be lashed and flogged under harsh conditions of a hard taskmaster. They use or insinuate these antagonistic vexatious

4

attacks which is unwarranted and unbecoming. They want to go in for the kill while I am in a vulnerable position. There is no honor, decorum or statesmanship in their conduct as officers of the court. This is "Rambo litigation" which courts frown upon. I hope the court sees this for what it is.

23. This is why the public is fed up with lawyers and the justice system.

Respectfully submitted,<br>
/s/ Andre Bisasor<br>
Andre Bisasor<br>
679 Washington Street, Suite # 8-206<br>
Attleboro, MA 02703<br>
T: 781-492-5675<br>
Email: quickquantum@aol.com

October 25, 2023

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor<br>
Andre Bisasor<br>
679 Washington Street, Suite # 8-206<br>
Attleboro, MA 02703<br>
T: 781-492-5675<br>
Email: quickquantum@aol.com

# **EXHIBIT 1**

25.

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                            SUPERIOR COURT
                                                        CIVIL ACTION NO. 2273CV00430A

|  |  |
|---|---|
| ANDRE BISASOR,<br> Plaintiff,<br><br>v.<br><br>CRAIG S. DONAIS, RUSSELL F.<br>HILLIARD, DONAIS LAW OFFICES<br>PLLC, UPTON AND HATFIELD LLP, and<br>MARY K. DONAIS,<br> Defendants. | BRISTOL,SS SUPERIOR COURT<br>FILED<br>MAY 2 3 2023<br>JENNIFER A. SULLIVAN, ESQ.<br>CLERK / MAGISTRATE |

## DEFENDANT CRAIG S. DONAIS' OPPOSTION TO
## PLAINTIFF'S MOTION FOR DEFAULT

Defendant Craig S. Donais ("Donais") hereby respectfully requests that this Court deny Plaintiff's Motion for Default of Defendant Craig Donais ("Plaintiff's Motion").[1] As grounds, Donais states the following:

1. Plaintiff initially filed this lawsuit on June 20, 2022 (over 11 months ago). Since that time, Plaintiff moved no less than five times to extend the time period in which he could serve the Complaint. *See* Docket Nos. 6, 9, 10, 11, and 12.

2. On May 4, 2023, Plaintiff filed an Amended Complaint, adding new causes of action and new defendants (Donais Law Offices PLLC; Upton and Hatfield, LLP; and Mary K. Donais). *See* Docket No. 14.

---

[1] Donais intends to move to dismiss the Amended Complaint against him for this Court's lack of personal jurisdiction over him and, therefore, does not waive any defenses, including, but not limited to, a lack of personal jurisdiction, by filing this Opposition. Last week, counsel for Donais communicated with Plaintiff to confer in an effort to narrow the issues with respect to Donais' moving to dismiss the Amended Complaint.

102746760

3. Plaintiff filed a purported return of service of the Amended Complaint for Donais on May 15, 2023. *See* Docket No. 17. However, the "return of service" is a copy of an envelope with a mailing date of May 8, 2023, not a service date of May 8, 2023.

4. Bisasor appears to have attempted to serve Donais – a New Hampshire resident – under the procedure set forth in Mass. R. Civ. P. 4(e)(3) ("When any statute or law of the Commonwealth authorizes service of process outside the Commonwealth, the service shall be made by delivering a copy of the summons and of the complaint: (3) by any form of mail addressed to the person to be served and **requiring a signed receipt**.") (emphasis added).

5. The "return of service" at Docket No. 17 does not contain any signed receipt, as required by Mass. R. Civ. P. 4(e)(3). Accordingly, the return of service is not sufficient to support the entry of a default.[2] Plaintiff's Motion for Entry of Default also has not been served on Donais.

6. To the extent that the Court deems Donais to have been served with the Amended Complaint and enters Plaintiff's Motion for Default, Donais moves pursuant to Mass. R. Civ. P. 55(c) for an Order (1) setting aside any Mass. R. Civ. P. 55(a) entry of default entered against him; (2) permitting Donais to appear; and (3) extending the deadline for Donais to file a responsive pleading to June 13, 2023. As grounds, Donais reiterates the above facts and states that he has meritorious defenses; his counsel conferred with Plaintiff and advised him of Donais' intent and grounds to move to dismiss the Amended Complaint; there will be no substantial prejudice to any of the non-defaulted parties by the allowance of the instant motion; and courts universally favor trials on the merits.

---

[2] Donais also notes that the return of service for the original Complaint likewise does not contain a "signed receipt" and, therefore, since the return of service of the Complaint is insufficient, the 10-day period cited by Plaintiff under Mass. R. Civ. P. 15 for responding to an Amended Complaint does not apply for purposes of the entry of any default. *See* Docket No. 15.

2

102746760

WHEREFORE, Donais respectfully asks this Court to deny Plaintiff's Motion for Default against Donais; and to the extent a default may be entered, moves the court for an order pursuant to Mass. R. Civ. P. 55(c) setting aside any entry of default against him, permitting Donais to appear, and extending the responsive pleading deadline to June 13, 2023, along with any other relief the Court deems just and appropriate.

Respectfully submitted,

The Defendant,

CRAIG S. DONAIS,

By its Attorneys,

/s/ Edwin F. Landers, Jr.
Edwin F. Landers, Jr., BBO# 559360
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7583
elanders@morrisonmahoney.com

May 23, 2023

3

102746760

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served by electronic mail and first-class mail, postage prepaid, on May 23, 2023, upon:

Andre Bisasor.
679 Washington Street
Suite #8206
Attleboro, MA 02110
quickquantum@aol.com

William C. Saturley, Esq.
Daniel R. Sonneborn, Esq.
Preti Flaherty Beliveau & Pachios, LLP
60 State Street, Suite 1100
Boston, MA 0109
wsaturley@preti.com
dsonneborn@preti.com

*/s/ Edwin F. Landers, Jr.*
Edwin F. Landers, Jr.

4

102746760

# Exhibit 2

10/25/23, 11:36 AM
Case 1:23-cv-00374-JL-TSM Document 70 Filed 11/25/23 Page 12 of 18
AOL Mail - RE: Request for transcript | 1:23-cv-11313-WGY Bisasor v. Donais et al

RE: Request for transcript | 1:23-cv-11313-WGY Bisasor v. Donais et al

From: Jennifer Gaudet (jennifer_gaudet@mad.uscourts.gov)

To: quickquantum@aol.com; bulldog@richromanow.com

Date: Monday, September 18, 2023 at 09:49 AM CDT

Good morning. I would suggest filing a motion for the Court's consideration.

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Monday, September 18, 2023 10:47 AM
**To:** bulldog@richromanow.com; Jennifer Gaudet <Jennifer_Gaudet@mad.uscourts.gov>
**Subject:** Re: Request for transcript | 1:23-cv-11313-WGY Bisasor v. Donais et al

**CAUTION - EXTERNAL:**

Jennifer

Could you assist me with getting answers to the below i.e. what's the process for getting transcription corrections done in federal court? I haven't received any from the court reporter.

Otherwise is there a court administrator i should contact about this issue?

Thx

Andre

On Wednesday, September 13, 2023 at 11:52:46 AM EDT, Andre Bisasor <quickquantum@aol.com> wrote:

Jennifer,

I reached out to the court reporter for help on this matter but he has not provided any information to help. Please see the email chain below.

-Andre

On Wednesday, September 13, 2023 at 11:46:05 AM EDT, Jennifer Gaudet <jennifer_gaudet@mad.uscourts.gov> wrote:

Good afternoon. The court reporter is the person that can help. He is cc'd on this email so hopefully he will be reminded of your request.

Get Outlook for iOS

---

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Wednesday, September 13, 2023 11:03:15 AM
**To:** bulldog@richromanow.com <bulldog@richromanow.com>; Jennifer Gaudet <Jennifer_Gaudet@mad.uscourts.gov>
**Subject:** Re: Request for transcript | 1:23-cv-11313-WGY Bisasor v. Donais et al

**CAUTION - EXTERNAL:**

Dear Jennifer,

Can you please assist me with the below request for information on how to initiate corrections of a transcript produced by the court or court transcriber? I tried getting clarification from the court transcriber but was unable to obtain the necessary information.

Otherwise, if there is someone else that I should direct my question to about this, please let me know

Sincerely,

Andre Bisasor

On Wednesday, September 13, 2023 at 10:59:13 AM EDT, Andre Bisasor <quickquantum@aol.com> wrote:

Dear Rick.

In state court, which I have done before, errata sheets are or can be used to correct errors in transcripts. So I am not clear on your reference to state court below.

Also, just to be clear, I was not asking to buy the audio, so I am not sure why that was emphasized in your response.

It sounds like the bottom line is that you are telling me that there is not a way for me to initiate a correction of a transcript directly with your office.

I just wanted to know if there was a simple process that you could inform me of. It sounds like there is not, as far as you stated thus far.

I will then address the matter further beyond your office.

Sincerely,

Andre Bisasor

On Wednesday, September 13, 2023 at 10:48:38 AM EDT, Richard Romanow <bulldog@richromanow.com> wrote:

The errata sheet is for depositions, not court proceedings, state or federal.

In the Federal system nobody is entitled to the backup recordings, they are NOT for sale under any circumstances. It is our work product.

As far as making motions for revisions to transcripts, that is indeed legal advice.

Rick Romanow, U.S. District Court Reporter, Boston, J. Young

On 9/13/2023 10:38 AM, Andre Bisasor wrote:

10/25/23, 11:36 AM
AOL Mail - RE: Request for transcript | 1:23-cv-11313-WGY Bisasor v. Donais et al
Case 1:23-cv-00374-JL-TSM Document 78 Filed 10/25/23 Page 15 of 18

Dear Rick,

To just to clarify, I am not seeking advice on legal matters. I am asking a procedural/administrative question i.e., I am asking if there is a process for correcting errors for a transcript produced by your office. For example, state courts allow an errata sheet to be submitted to the transcriber or court for suggested corrections, and then the transcriber will review the audio to determine if the suggested errata corrections are warranted, and if so then enter the corrections for a revised transcript which is subsequently produced. Is there some equivalent process for transcript corrections in this court? Otherwise, should I direct my simple procedural/administrative question about this to someone else? If so, please let me know who that is (i.e., would that be the clerk, or the judge or someone in the administrative office of the federal court?).

Thanks you for your kind assistance with this matter.

Andre Bisasor

On Wednesday, September 13, 2023 at 10:24:53 AM EDT, Richard Romanow <bulldog@richromanow.com> wrote:

I cannot advise you on legal matters. I certify, on the last page, that I have produced the transcript to the best of my abilities.

Rick Romanow, U.S. District Court Reporter, Boston, J. Young

On 9/13/2023 10:19 AM, Andre Bisasor wrote:

> Dear Rick,
>
> This confirms that I received the below.
>
> I do have a question regarding possible corrections. If there is a need for any corrections, how is that done or how do I go about seeking that, if I have suggested (minor) corrections? and is there a deadline for that?
>
> -Andre
>
> On Tuesday, September 5, 2023 at 01:01:24 PM EDT, Richard Romanow <bulldog@richromanow.com> wrote:

I've attached the transcript and invoice, in pdf, to this e-mail and it will be filed on PACER forthwith. Please acknowledge receipt.

I've been out the last 3 weeks on vacation so I couldn't respond to your e-mails.

Thanks,

Rick Romanow, U.S. District Court Reporter, Boston, J. Young

On 9/3/2023 3:46 PM, Andre Bisasor wrote:

> Dear Jennifer,
>
> I reached out to Richard twice regarding the transcript since August 22 and 23. It has been about 12 days and I have not heard back. Could you ensure that he receives my message and request?
>
> Thx
> Andre Bisasor
>
> On Wednesday, August 23, 2023 at 04:11:41 PM EDT, Andre Bisasor <quickquantum@aol.com> wrote:
>
>
> Hello Richard,
>
> Just wanted to confirm that you received my email below. Could you please confirm?
>
> -Andre
>
>
> On Tuesday, August 22, 2023 at 01:49:07 PM EDT, Andre Bisasor <quickquantum@aol.com> wrote:
>
>
> Dear Richard,
>
> I have a request for the transcript of the 7/27/23 hearing in MA federal court with Judge Young. Can you please assist me?
>
> Thanks,

Andre

----- Forwarded Message -----

**From:** Jennifer Gaudet <jennifer_gaudet@mad.uscourts.gov>

**To:** Andre Bisasor <quickquantum@aol.com>

**Sent:** Tuesday, August 22, 2023 at 10:45:50 AM EDT

**Subject:** RE: Request for transcript | 1:23-cv-11313-WGY Bisasor v. Donais et al

Good morning Mr. Bisasor. You should request a copy of the transcript from Judge Young's court reporter. His name is Richard Romanow and can be reached by email only at: bulldog@richromanow.com

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Monday, August 21, 2023 5:27 PM
**To:** Jennifer Gaudet <Jennifer_Gaudet@mad.uscourts.gov>
**Subject:** Request for transcript | 1:23-cv-11313-WGY Bisasor v. Donais et al

**CAUTION - EXTERNAL:**

Dear Jennifer,

If I have a request for the transcript of the 7/27/23 hearing in MA federal court with Judge Young, do I direct that request to this court or to the NH federal court where the case transferred? and how can I obtain a transcript?

Sincerely,

Andre Bisasor

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.**

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.