UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Andre C. Bisasor

      v.                       Civil No. 23-cv-374-JL

Craig Donais, et al.

**O R D E R**

Plaintiff Andre Bisasor moves (doc. no. 77) for an additional 21 days – until November 15 – to file a response to the motion to dismiss filed by defendants Craig Donais, Mary Donais, and the Donais Law Offices (together, "Donais defendants").[1] In his 18-page motion, Bisasor asserts, as in his prior motion for additional time (doc. no. 73), that he has been unable prepare a response because he has been traveling due to a family emergency. Bisasor represents, however, that he will be home by October 26. Considering that representation and for the same reasons discussed in the court's prior order (doc. no. 75) granting in part Bisasor's first motion to extend time, the court grants Bisasor's second motion in part. See Fed. R. Civ. P. 6(b)(1). The court grants Bisasor an additional 10 days to file his response, in addition to the 28 days that Bisasor has already had to prepare and file it. Because that deadline falls on a weekend, Bisasor's response is due on or before **November 6, 2023**.

Two additional aspects of Bisasor's motion warrant brief further discussion. First, Bisasor contends that he needs an additional 21 days to respond in part because defendants Russell Hilliard and Upton & Hatfield LLP (together, the "Hilliard defendants") intend to refile their own motion to dismiss by October 27, which is the deadline set by the court for motions filed in the District of Massachusetts to be refiled. But the Donais defendants filing of their motion to dismiss before the Hilliard defendants' motion does not absolve Bisasor of his responsibility to comply with the

---

[1] The Donais defendants filed an objection (doc. no. 78) and Bisasor filed a reply (doc. no. 79). Bisasor also filed a separate "notice" of his intent to file a second motion to extend time. Doc. no. 76.

separate response deadline.  Indeed, the earlier filing of the Donais defendants' motion to dismiss should have made it easier for Bisasor to respond, because he has not been required to respond to two motions to dismiss at the same time.  Bisasor is also reminded that he is the one who brought this lawsuit.  It is his responsibility to prosecute it diligently and to manage the resulting complexities or difficulties.  Just as Bisasor is entitled to be heard, defendants are entitled to have their defenses heard expeditiously and the matter either resolved or advanced to the next stage.

Second, in his motion Bisasor appears to request additional relief beyond an extension of time.  Doc. no. 77 at 8, 15 (asserting that the motion to dismiss should be struck; that discovery should be permitted; that the complaint should be amended; and that the case should be remanded).  To the extent Bisasor requests relief beyond an extension of time, the motion is denied without prejudice.  See LR 7.1(a)(1) ("Filers shall not combine multiple motions seeking separate and distinct relief into a single filing.").

SO ORDERED.

_____
Talesha L. Saint-Marc
United States Magistrate Judge

October 25, 2023

cc: Andre C. Bisasor, pro se
    Counsel of Record