UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ANDRE BISASOR,  Plaintiff, | ) ) ) ) |
| vs. | ) ) ) |
| CRAIG S. DONAIS, RUSSELL F. HILLIARD, DONAIS LAW OFFICES PLLC, UPTON AND HATFIELD LLP, and MARY K. DONAIS,  Defendants. | ) ) ) ) ) ) ) ) |

Case No. 1:23-cv-374-JL-TSM

**MEMORANDUM IN SUPPORT OF DEFENDANTS RUSSELL F. HILLIARD'S AND UPTON & HATFIELD, LLP'S MOTION TO DISMISS**

**I.    INTRODUCTION**

The Court should dismiss all claims against Defendants Russell F. Hilliard ("Hilliard") and Upton & Hatfield, LLP ("Upton & Hatfield") pursuant to Fed. R. Civ. P. 12(b)(6), as Plaintiff's Amended Complaint fails to state a claim against them.

Each of Plaintiff's claims against Hilliard arise from Hilliard's legal representation of Craig Donais in litigated or administrative matters initiated by or involving the Plaintiff.[1] *See* Amended Complaint at ¶¶ 539-554. But the well-recognized "absolute legal privilege" bars each of those claims.

Alternatively, each of the nine counts fails on its own terms to state a claim for which relieve can be granted.

The Motion to Dismiss should be granted.[2]

---

[1] The Amended Complaint does not appear to allege any direct claims against Upton & Hatfield other than that it is vicariously liable for the actions of Mr. Hilliard. *See* Amended Complaint at ¶¶351-354.

[2] To the extent the defenses overlap, Hilliard and Upton & Hatfield adopt and incorporate the arguments set forth by the Donais Defendants in their Motion to Dismiss and Memorandum in Support, to the extent not expressly stated herein. *See* Doc. nos. 70 and 70-1.

## II.     BACKGROUND

Plaintiff's Amended Complaint takes issue with actions of the Defendants with respect to Defendant Craig Donais' decision to decline to represent Plaintiff in an unrelated matter, and further alleges that false reports were made to the police to try to intimidate and retaliate against Plaintiff. *See* Amended Complaint at ¶ 4. The lengthy Amended Complaint states throughout that the alleged damages caused by Hilliard arise out of his representation of Craig Donais in a matter regarding Bisasor. *See* Amended Complaint, generally, and specifically ¶ 77 ("Hilliard . . . is an attorney who . . . represents Craig Donais."). It is further alleged that Hilliard has represented Donais in at least three attorney discipline proceedings and ten court proceedings. *Id.* at ¶ 47.

Bisasor alleges that Mr. Donais made several false statements about him that were defamatory, damaging to his reputation, and injurious to his legal rights. *Id.* at ¶ 5. Bisasor alleges wrongdoing by Hilliard by allowing Donais to publish allegedly false statements. *Id.* at ¶¶ 29-31.

The false and defamatory statements alleged by Bisasor which can be credited to Hilliard, *id.* at ¶¶ 148-270, fall within the absolute legal privilege.

## III.    STANDARD OF REVIEW

Defendants are entitled to relief under Rule 12(b)(6) if the complaint fails to make factual allegations sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "Determining whether a complaint states a plausible claim for relief will…be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss, the court employs a two-pronged approach. *See Ocasio-Hernandez v. Fortuno-Burset*, 640 F. 3d 1, 12 (1st Cir. 2011). First, the court screens the complaint for statements "that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." *Id.* A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed. *Id.* Second, the court credits as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then determines if the claim is plausible. *Id.* The plausibility requirement "calls for enough

fact to raise a reasonable expectation that discovery will reveal evidence" of improper conduct. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The "make-or-break standard is that those allegations and inferences, taken as true, must state a plausible, not a merely conceivable, case for relief." *Sepluveda-Villarini v. Dep't of Educ.*, 628 F. 3d 25, 29 (1st Cir. 2010); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

In a diversity case such as this one, the district court applies the forum state's choice of law rules. *Aftokinito Properties, Inc. v. Millbrook Ventures, LLC*, 2010 WL 3168295, at *3 (D.N.H. Aug. 9, 2010).

IV.  **ARGUMENT**

   A. **The Absolute Legal Privilege Protects Hilliard and Upton & Hatfield from any Claims and for any Statements Hilliard made Related to Prior Proceedings in which he Represented Craig Donais Against Bisasor.**

The Amended Complaint states throughout its lengthy allegations that the alleged damages caused by Hilliard arise out of his prior representation of Craig Donais in a matter regarding Bisasor. *See* Amended Complaint, generally, and specifically ¶ 77 ("Hilliard . . . is an attorney who . . . represents Craig Donais."). Even if the allegations in the Amended Complaint are true (which Hilliard and Upton & Hatfield deny), the absolute legal privilege precludes Bisasor's causes of action against Hilliard and his firm, Upton & Hatfield.

"It is well-settled in New Hampshire that 'certain communications are absolutely privileged and therefore immune from civil suit.'" *Lath v. Manchester, NH*, 2018 DNH 013 (D.N.H. 2018) (Apr. 9, 2018), quoting *Pickering v. Frink*, 123 N.H. 326, 328 119 (1983). *See also McGranahan v. Dahar*, 119 N.H. 758, 762-63 (1979). An absolute privilege is "tantamount to an immunity" and "not conditioned on the actor's good faith." *Id*. "Because an absolute privilege bars an injured party from recovering any recompense, it 'must be reserved for those situations where

3

the public interest is so vital and apparent that it mandates complete freedom of expression without inquiry into a defendant's motives.'" *McGranahan*, 119 N.H. at 762, quoting *Supry v. Bolduc*, 112 N.H. 274, 276 (1972).

Statements made in the course of judicial proceedings are one class of communications that are absolutely privileged from liability in civil actions, if the statements are pertinent or relevant to the proceedings. *McGranahan*, 119 N.H. at 763. Whether a statement is "pertinent or relevant" is a matter of law and can be decided at this stage. *Id.* at 766.

"A statement is presumed relevant unless the person allegedly [injured] demonstrates that it was so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety." *Id.* at 766 (quotation omitted); *Provencher*, 142 N.H. at 853 (parallel citations omitted). "The requirement of pertinence eliminates protection for statements made needlessly and wholly in bad faith." *McGranahan*, 119 N.H. at 763 (applying privilege to statements made in petition for interpleader). The party seeking to defeat the legal privilege bears the burden of rebutting the presumption of relevancy and "[a]ll doubts are to be resolved in favor of pertinency or relevancy." *McGranahan*, 119 N.H. at 766 (citations omitted). If statements are made regarding potential criminal charges, but no criminal charges are brought as a result of the statements, "the harm suffered by the person thus accused is minimal" and the potential harm to a person's reputation is outweighed by the substantial interest of society in encouraging citizens to report suspected criminal activity." *Id.* at 768.

The First Circuit, in interpreting *McGranahan*, held that the privilege provides "very broad protection" and extends "to any civil claim arising from statements made in the course of a judicial proceeding." *Hugel v. Milberg, Weiss, Bershad, Hynes & Lerach, LLP*, 175 F.3d 14, 16-17 (1999). The First Circuit approvingly wrote that "it is clear that the Supreme Court of New Hampshire

views the privilege to extend to any civil claim arising from statements made in the course of a judicial proceeding." *Id.* at 17.

The absolute privilege is not limited to statements made in a courtroom or in pleadings. It also extends "to both formal and informal complaints and statements to a prosecuting authority as part of the initial steps in a judicial proceeding, and as such [are] entitled to absolute immunity from an action for defamation." *McGranahan*, 119 N.H. at 770. Similarly, "[t]he same absolute immunity or privilege applies to statements made to the city or county attorney or those investigating a suspected crime." *Id.* citing *Vogel v. Gruaz*, 110 U.S. 311 (1884); *Bergman v. Hupy*, 64 Wis.2d 747 (1974). *See also Doyle v. YMCA of New Hampshire*, 2023 DNH 107 (D.N.H. 2023) (August 23, 2023).

The scope of the privilege includes statements made before suit is brought. "[P]ertinent pre-litigation communications between a witness and a litigant or attorney are absolutely privileged from civil liability if litigation was contemplated in good faith and under serious consideration by the witness, counsel, or possible party to the proceeding at the time of the communication." *Provencher v. Buzzell-Plourde Associates*, 142 N.H. 848, 855, 711 A.2d 251, 256 (1998) (citations omitted).

The absolute privilege also extends to statements made in disciplinary board hearings. *See Reenstierna v. Currier*, 873 F.3d 359 (1st Cir. 2017) (applying absolute litigation privilege in claim against witness testifying at disciplinary board hearing before the New Hampshire Real Estate Appraisal Board and affirming dismissal of claims for violation of New Hampshire's Consumer Protection Act, defamation, and tortious interference with the appraiser's advantageous business relations).

21088961.2

Hilliard and Upton & Hatfield's only involvement with Bisasor is through their representation of Mr. Donais in matters involving Bisasor. Where, as here, it is indisputable that the alleged slanderous, libelous, and defamatory statements were made during or incidental to legal proceedings arising from that representation (including an attorney discipline proceeding), and Bisasor's cause of action seeks to hold the speaker (Hilliard) liable for defamation and other injuries related to said statements, those statements are protected by the absolute legal privilege. The privilege protects Hilliard and Upton & Hatfield from the exact type of claims Bisasor has filed against them. Bisasor's claims against Hilliard (and his employer, Upton & Hatfield) must all be dismissed.

### B. Separately, each Count Alleged by Plaintiff Fails to State a Claim Upon Which Relief may be Granted.

Plaintiff's Amended Complaint alleges the following claims against Hilliard and Upton & Hatfield: Defamation Per Se/Libel Per Se (Count 1), Defamation/Libel of Private Citizen (Count 2), False Light Invasion of Privacy (Count 3), Aiding and Abetting Defamation (Count 4), Tortious Interference with Advantageous Relations (Count 5), Intentional Infliction of Emotional Distress (Count 8), Civil Conspiracy (Count 9), Abuse of Process (Count 10), and Racial Harassment & Retaliation in Violation of Federal Civil Rights Statute 42 U.S.C. § 1981 (Count 13). None of the claims can survive scrutiny; they all fail to state a claim upon which relief can be granted.

#### 1. Count 1 (Defamation Per Se/Libel Per Se) and Count 2 (Defamation/Libel of Private Citizen)

"To establish defamation, there must be evidence that a defendant failed to exercise reasonable care in publishing, without a valid privilege, a false and defamatory statement of fact about the plaintiff to a third party." *See Independent Mechanical Contractors v. Gordon T. Burke & Sons*, 138 N.H. 110, 118 (1993). To succeed, Plaintiff must prove that Hilliard published a false

6

or defamatory statement of fact to a third-party who understood the defamatory meaning of the statement. *Moss v. Camp Pemigewasset, Inc.*, 312 F.3d 507 (1st Cir. 2002). "A given statement is defamatory if 'it tends to so harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.'" *Faigin v. Kelly*, 978 F. Supp. 420, 424 (D.N.H. 1997) citing *Restatement (Second) of Torts* § 558. Additionally, the allegedly defamatory words "must be read in the context of the publication taken as a whole." *Duchesnaye v. Munro Enterprises, Inc.*, 125 N.H. 244, 249 (1984), citing *Morrissette v. Cowette*, 122 N.H. 732 (1982). Substantial truth is an absolute defense to defamation. *Thomas v. Tel Publ'g Co.*, 155 N.H. 314, 355 (2007). "In the law of defamation, truth is defined as substantial truth, as it is not necessary that every detail be accurate. In other words, literal truth is not required so long as the imputation is substantially true as to the justify the gist or sting of the remark." *Id.* at 335.

A claim for libel per se must allege written words which directly or indirectly charge a person with a crime, tend to injure his reputation in another way, or exposes him to public hatred, contempt or ridicule, if not published with excuse or justification. *Chagnon v. Union Leader Corporation*, 103 N.H. 426, 434 (1961) citing *Richardson v. Thorpe*, 73 N.H. 532, 534; *Restatement, Torts*, §§ 559, 569. While special damages need not be alleged or proved, they must be demonstrated. *Chagnon*, 103 N.H. at 441. Plaintiff must prove that that the statements published about him were defamatory as "reasonably understood by the readers … and also the extent of the damage which they caused." *Id.* at 436.

Any alleged defamatory or libelous statements by Hilliard are protected by the absolute privilege, as detailed above. Even if the privilege did not apply, Bisasor does not adequately state a claim upon which relief may be granted for Counts 1 and 2 of the Amended Complaint. Simply alleging that Hilliard allowed Donais to publish allegedly false statements is not enough. *See*

21088961.2

Amended Complaint at ¶¶ 29-31. The summaries of false and defamatory statements alleged by Bisasor that can be credited to Hilliard lack details to support a claim under Rule 12(b)(6). *Id.* at ¶¶ 148-270. Counts 1 and 2 should be dismissed.

### 2. Count 3 (False Light Invasion of Privacy)

The claim for false light invasion of privacy is directed at all Defendants, but only reference alleged wrongdoing by co-defendant Craig Donais. The tort of invasion of privacy "is not one tort, but a complex of four." *Hamberger v. Eastman*, 106 N.H. 107, 110 (1964). The complex of four includes: "(1) intrusion upon the plaintiff's physical and mental solitude or seclusion; (2) public disclosure of private facts; (3) publicity which places the plaintiff in a false light in the public eye; [and] (4) appropriation . . . of the plaintiff's name or likeness." *Id.* Each is "distinct, and based upon different [legal] elements." *Id.* As there are no allegations that Hilliard or his firm committed any acts that would support this claim, it should be dismissed.

### 3. Count 4 (Aiding and Abetting Defamation)

The claim for aiding and abetting defamation should be dismissed because such a claim is not recognized by New Hampshire Courts. *See Archdiocese of San Salvador v. FM International, LLC*, 2006 DNH 102, at *23-34 (D.N.H. Sept. 7, 2006). Even if this sort of claim were recognized, the allegations against Hilliard (and by extension, Upton & Hatfield) fail to state a claim.

Bisasor alleges that Hilliard had an "active role" in publication of false statements to police in August 2020 because, based solely on Bisasor's belief, he *may* have "drafted, reviewed, offered revisions or edits" to an email on which Hilliard was subsequently copied. There are no substantive allegations regarding the specific role Hilliard *might* have played to make the email defamatory. Because the claim is not recognized by New Hampshire courts, and even if it were, Plaintiff fails to state a claim, Count 4 should be dismissed.

### 4. Count 5 (Tortious Interference with Advantageous Relations)

To properly state a claim for tortious interference with advantageous relations, Bisasor needs to allege "(1) an economic relationship with a third party; (2) the defendant knew of this relationship; (3) the defendant *intentionally* and *improperly* interfered with this relationship; and (4) the plaintiff was damaged by such interference." *Tessier v. Rockefeller*, 162 N.H. 324, 337 (2011) (emphasis in original), citing *Hughes v. N.H. Div. of Aeronautics*, 152 N.H. 30, 40–41 (2005). And more specifically,

> One who intentionally and improperly interferes with the performance of a contract ... between another and a third person by inducing or otherwise *causing the third person not to perform the contract,* is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract. Thus, where contractual obligations were performed, there can be no claim for tortious interference with contractual relations.

*Tessier*, 162 N.H at 337 (emphasis in original). Bisasor does not allege any contract with a third-party with which Hilliard allegedly interfered. Rather, he merely indicates he has a "good working relationship" with an unnamed chief of police and an "affiliation" with the NAACP, and that Hilliard aided and abetted Donais's statements to the police. *See* Amended Complaint at ¶¶ 706-721. Bisasor fails to allege sufficient facts of an interference with a business/contractual relationship – let alone intentional and improper interference – to support a claim. Count 5 should be dismissed.

### 5. Count 8 (Intentional Infliction of Emotional Distress)

In *Morancy v. Morancy*, 134 N.H. 493, 495-96 (1991), the New Hampshire Supreme Court adopted the definition of intentional infliction of emotional distress contained in the Restatement of Torts § 46: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." While the tort is recognized in New

9

21088961.2

Hampshire, it is not recognized where the underlying claim sounds in defamation. *Provencher v. CVS Pharmacy*, 145 F.3d 5, 12 (1st Cir. 1998), citing *DeMeo v. Goodall*, 640 F.Supp. 1115, 1116 (D.N.H. 1986). Any damages for emotional harm may be recovered in the defamation claim. *Moss v. Camp Pemigewasset, Inc.*, 312 F.3d 503, 510-511 (1st Cir. 2002), citing *DeMeo*, 640 F.Supp. at 1116.

Bisasor admits that all of his claims (which include the intentional infliction of emotional distress claim) "flow from, or combine together from, the facts, acts and statements that give rise to the defamation claims." *See* Amended Complaint at ¶¶41-42. As such, Count 8 should be dismissed.

### 6. Count 9 (Civil Conspiracy)

New Hampshire courts define civil conspiracy as "a combination of two or more persons by concerted action to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful by unlawful means." *Moore v. Mortgage Electronic Registrations Systems, Inc., et al.*, 2012 DNH 021, *51 (D.N.H. January 27, 2012), quoting *Jay Edwards, Inc. v. Baker*, 130 N.H. 41, 47 (1987), quoting 15A *C.J.S. Conspiracy* § 1(1), at 596 (1967). The elements of a cause of action for civil conspiracy are "(1) two or more persons (including corporations); (2) an object to be accomplished (i.e. an unlawful object to be achieved by lawful or unlawful means or a lawful object to be achieved by unlawful means); (3) an agreement on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." *Id.*

Bisasor alleges "implication" to support his civil conspiracy claims, but also notes that Donais may have acted alone. *See* Amended Complaint at ¶¶ 803, 805. This Court has rejected implied civil conspiracy claims. *Moore v. Mortgage Electronic Registrations Systems, Inc., et al.*,

2012 DNH 021, *51 (D.N.H. January 27, 2012). These conclusory allegations are insufficient under Rule 12. Count 9 should be dismissed.

### 7. Count 10 (Abuse of Process)

Bisasor has not – and cannot – sufficiently allege a claim for abuse of process. In order to do so, he must allege and prove the following: "(1) a person used (2) legal process, whether criminal or civil, (3) against the party (4) primarily to accomplish a purpose for which it is not designed and (5) caused harm to the party (6) by the abuse of process." *Long v. Long*, 136 N.H. 25, 29 (1992). "In order for a party to commit an abuse of process, some court authority or jurisdiction must be used." *Tessier*, 162 N.H. at 335, citing *Long*, 136 N.H. at 30 ("process is some activity of procedure involving the exercise of, or depending upon the existence of, judicial authority."). "An action for abuse of process is concerned with the improper use of process after it has been issued." *Id.* "The gravamen of the misconduct for which [liability for abuse of process] is imposed is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings . . . . The subsequent misuse of the process, though properly obtained, constitutes the misconduct for which the liability is imposed." *Id.*

Here, Bisasor has not, and cannot, allege an abuse of process because no court authority or jurisdiction has been initiated or issued, much less improperly used after it was issued. Count 10 should be dismissed.

### 8. Racial Harassment & Retaliation in Violation of Federal Civil Rights Statute 42 U.S.C. § 1981 (Count 13)

Bisasor cannot maintain a claim for violation of 42 U.S.C. § 1981 against Hilliard or Upton & Hatfield. 42 U.S.C. § 1981 prohibits race discrimination in the making and enforcing of contracts. *See McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273, 295 (1976) (Section 1981 was intended to "proscribe discrimination in the making or enforcement of contracts against, or in

favor of, any race."). While the Supreme Court held in *Runyon v. McCrary,* 427 U.S. 160 (1976), that Section 1981 regulated private conduct as well as governmental action, a § 1981 claim requires the making or enforcing of a contract, and the complaint "must initially identify an impaired 'contractual relationship' § 1981(b), under which the plaintiff has rights." *Holder v. Gienapp*, 2007 WL 952039 (D.N.H. 2007) (internal citations omitted). Bisasor has not alleged that he had any contractual relationship with Hilliard or Upton & Hatfield. Count 13 should be dismissed.

## V. CONCLUSION

As detailed above, the Court should either dismiss this matter (1) due to the absolute privilege afforded Hilliard and Upton & Hatfield as counsel for Craig Donais, or in the alternative, (2) because Plaintiff has failed to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

The Defendants,
RUSSELL F. HILLIARD and
UPTON & HATFIELD, LLP,

By their attorneys,

Dated: October 26, 2023          */s/ Daniel R. Sonneborn*
William C. Saturley, NH Bar #2256
wsaturley@preti.com
Daniel R. Sonneborn, NH Bar #20947
dsonneborn@preti.com
Preti Flaherty Beliveau & Pachios, PLLP
P.O. Box 1318
57 North Main Street
Concord, NH 03302-1318
T: (603) 410-1500

21088961.2

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true copy of this document to be served via electronic filing on all counsel of record or pro se parties on October 26, 2023.

/s/ *Daniel R. Sonneborn*
Daniel R. Sonneborn

21088961.2