UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

### REFILED MOTION TO REMAND WITH MEMORANDUM INCORPORATED AND AFFIDAVIT

1. NOW COMES the Plaintiff and respectfully submits the within Refiled Renewed Motion for Remand, and in support thereof, state as follows.

## I. ARGUMENT

### A. Summary

2. This Court lacks subject matter jurisdiction over this case. Therefore, this action should be remanded to the Bristol Superior Court in Massachusetts.

3. The party seeking removal bears the burden of demonstrating that removal was proper. See Steele v. Ocwen Federal Bank (In re Steele), 258 B.R. 319, 321 (D.N.H. 2001).

4. Here, as discussed in the first motion to remand, removal was improper for several reasons. Consequently, this Court lacks jurisdiction over this action and thus this action should be remanded to the Bristol Superior Court in Massachusetts.

5. Moreover, even if this Court determines that it has jurisdiction over the action, remand is nevertheless appropriate under the mandatory abstention principles set forth in 28 U.S.C. §1334(c)(2) or, alternatively, the permissive abstention statute of 28 U.S.C. §§ 1447.

6. In support of his Renewed Motion for Remand, the Plaintiff rely on and refer the Court to the motion for remand that was filed with the Federal District Court of Massachusetts, which is incorporated herein by reference. See **Exhibit 2.**

### B. This Court Lacks Jurisdiction Over This Case

7. This Court lacks subject matter jurisdiction over this case. Therefore, this action should be remanded to the Bristol Superior Court in Massachusetts.

8. If this court lacks subject matter jurisdiction, however, it necessarily lacks the authority to retain this case or refer it to another federal court. *See Muratore v. Darr,* 375 F.3d 140, 147-48 (1st Cir.2004); *accord* Standing Order BK-1, *In re Referral of Title 11 Proceedings* (D.N.H. Jan. 18, 1994), *available at* http://www.nhd.usc-ourts.gov (referring cases which meet the standard for subject matter jurisdiction under section 1334(b)). This court must therefore decide for itself whether it has subject matter jurisdiction.

9. The plaintiff and the defendant do not agree on the factual allegations relevant to this issue.

10. Therefore, in order to decide this issue, an evidentiary hearing is required, and the plaintiff hereby requests such a hearing.

11. Similarly, the District Court for the Eastern District of Massachusetts should have decided whether it had subject matter jurisdiction over this case before deciding to transfer it to New Hampshire. "Transfer under § 1404(a) is possible only if venue is proper in the original forum and federal jurisdiction existed there. If subject matter jurisdiction is lacking, there is no power to do anything with the case except dismiss" or remand it. See Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, *Federal Practice & Procedure* § 3844, at 332 (2d ed.1984 & 2005 supp.).

12. The federal district court of Massachusetts therefore erred in not resolving the motion to remand prior to transferring the case to New Hampshire.

13. This court should not make or perpetuate the same error. This motion to remand must be addressed, resolved prior to addressing or resolving any other motion including any motion to dismiss.

### C. Case Precedent in This Court Support Remand

14. The Marotta Gund Budd & Dzera LLC v. Costa, 340 B.R. 661 (2006) is a case decided by the NH federal court. See **Exhibit 1** for case printout attached.

15. That case had similar features as this case, as follows: i.) It involved claims including defamation; ii.) The case was first filed in state court in another state (NY); iii.) Then it was removed to federal court in NY. iv) Then it was transferred to the NH federal court; v.) The defendants similarly had filed an antislapp claim against the plaintiff under the state antislapp statute; vi.) The plaintiff in that case had moved for remand the case to state court, in the prior federal court before transfer to NH federal court; vii.) The prior federal court did not resolve the motion to remand prior to transfer but transferred the case to NH without deciding any such motion to remand or motion to dismiss including the antislapp claim; viii.) After the case was transferred, the plaintiff in that case renewed his motion to remand to state court.

16. The NH federal court granted remand to state court in NY. The NH federal court also found that it was error for the federal court of NY to transfer the case to the NH federal court without first resolving the motion to remand.

17. **These procedural facts are very similar with the facts of this case.**

18. In this current case before this court, it involves claims of defamation. The case was first filed in state court in another state (MA). Then it was removed to federal court in MA. Then it was transferred to the NH federal court. The defendants similarly filed an antislapp claim against the plaintiff under the state antislapp statute in the MA federal court. The plaintiff in this case had moved for remand the case to state court, in the prior federal court (MA) before transfer to NH federal court. The prior federal court

2

(MA) did not resolve the motion to remand prior to transfer but transferred the case to NH without deciding any such motion to remand or motion to dismiss including the antislapp claim. After the case was transferred, the plaintiff in this case now renews his motion to remand to state court.

19. The NH federal court should likewise grant remand to state court in MA. The NH federal court should also find that it was error for the federal court of MA to transfer the case to the NH federal court without first resolving the motion to remand.

### D. Assuming, Arguendo, This Court Finds It Has Jurisdiction, Mandatory Abstention Applies; The Mandatory Abstention Doctrine Supports Remand

20. Courts in the First Circuit apply the same analysis for determining whether the statutory provisions for mandatory abstention are satisfied. See Garland & Lachance Construction Co., Inc. v. City of Keene, 144 B.R. 586, 588 (D.N.H. 1991). NB: Mandatory abstention doctrine applies to removed cases.

21. The Plaintiff is asking the Court to abstain and subsequently remand the action to the Bristol Country Superior Court of the Commonwealth of Massachusetts.

22. For the reasons set forth in the first motion for remand (see again **Exhibit 2)**, mandatory abstention is satisfied.

23. Accordingly, if this Court determines jurisdiction exists, this action should be remanded to the Bristol Country Superior Court of the Commonwealth of Massachusetts.

### E. In The Event The Court Determines Mandatory Abstention Does Not Apply, The Court Should Exercise Permissive Abstention And Remand This Action

24. If this Court determines that mandatory abstention does not apply, the Court nonetheless should remand this action to the Bristol Country Superior Court of the Commonwealth of Massachusetts under the so-called permissive abstention statute.

25. Concerns of judicial economy do not weigh against abstention. The state court is positioned to more efficiently adjudicate this case in conjunction with the potential consolidation with other currently pending and related state court cases in Massachusetts. If this Court retains this action, it is more difficult to justly and fairly address the pending state court actions. Thus, the goal of judicial economy will not be served by retaining this case in federal court.

### F. Prior State Court Proceedings Support Remand

26. There is another state superior court proceeding in Middlesex Superior Court of Massachusetts that is related to this case that was pending prior to removal to federal court. There is also an appeal pending on the related proceeding, in the Massachusetts state appeals court that was pending prior to removal. The related matters are closely tied to the issues of this case. NB: The defendants have cited these Massachusetts state cases.

27. There are important rights that must be resolved before this case can proceed.

28. There might be the need to consolidate these cases, or otherwise the plaintiff should be allowed an opportunity to have the state court matters proceed, in lieu of this proceeding in this court.
29. The plaintiff believes the intention of the removal to federal court by the defendants is to frustrate and prejudice these proceedings in state court.
30. This supports remand for equitable reasons.
31. See **Exhibit 3** for motion related to this issue.

### G. Further Equitable Basis For Remand

32. The defendants made false statements to the court in order to get this case into federal court.
33. The case should be remanded for equitable reasons on this basis.
34. See also further equitable grounds in the first motion to remand. See again **Exhibit 2.**

### H. The Amendments To the Complaint Will Support Remand

35. The plaintiff intends to amend the complaint. The plaintiff has a pending motion to amend the complaint that was filed in MA federal court but was not resolved. See **Exhibit 4**. This must be resolved before any motion to dismiss can be resolved. The plaintiff intends to refile the motion to amend the complaint that was filed in MA federal court. The MA federal court did not deny the motion but left it pending for hearing because there was evidently merit in the plaintiff's seeking to amend the complaint. This is especially true here where the defendants have attacked the form of the complaint that was filed in state court.
36. The plaintiff intends to amend the complaint, including to add a necessary party, which will eliminate diversity jurisdiction, and require remand.
37. The oppositions to the defendants' motions to dismiss that I filed in MA federal court, which will be re-filed in this court with my oppositions in this court, already further support remand on these grounds.
38. NB: The Plaintiff provided additional factual allegations in his opposition to Defendants' motions to dismiss filed in MA federal court, and intends to refile and re-assert them in this court by the relevant deadline. Under the established case law and precedent in federal court, the court can consider factual allegations contained in Plaintiffs opposition to Defendant's motion to dismiss as amendments to the Complaint. In order to construe the Plaintiffs pleadings liberally, all additional factual allegations from Plaintiffs opposition to Defendants' motions to dismiss are to be considered as part of the Complaint for the purposes of reviewing Plaintiffs motion to amend, including any new defendants and causes of actions added. Se **Exhibit 5**, **6** and **7**.
39. Support for this is found in the following case law.
    a. In STEVENSON V. AMAZON.COM, INC (D. Mass. May. 13, 2016), Judge Dennis Saylor of the Massachusetts District Court stated the following: "The original complaint remains the

operative complaint in this action. However, because plaintiff is proceeding pro se, the Court will deem the factual allegations in plaintiff's opposition memorandum and sur-reply to be part of the complaint for purposes of resolving defendant's motion to dismiss. Specifically, and for present purposes only, the operative complaint will be deemed to be (1) the allegations of the original complaint; (2) the factual allegations of the opposition to the motion to dismiss; and (3) the factual allegations of plaintiff's sur-reply to the motion to dismiss, all taken together."

b. In PALMER V. SHCHEGOL (E.D.N.Y. Sep. 29, 2016), the court said the following: "Because Plaintiff's pro se status mandates a liberal reading of her papers, the facts of this case and the sufficiency of Plaintiff's pleadings are determined by reference to both Plaintiff's amended complaint and her opposition to the instant motion. See, e.g., Nielsen v. Rabin, 746 F.3d 58, 61 (2d Cir. 2014) (denial of leave to amend reversed where pro se plaintiff's complaint would state a claim for relief if it were amended to include the allegations in her opposition to defendant's motion to dismiss); Gill v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987) (considering facts in pro se plaintiff's opposition to defendants' motion to dismiss in deciding whether to affirm district court's dismissal of plaintiff's claims); Mil'chamot v. New York City Hous. Auth., No. 15-cv-108, 2016 WL 659108, at *1 n. 1 (S.D.N.Y. Feb. 16, 2016) ("because a pro se plaintiff's allegations must be construed liberally, it is appropriate to consider factual allegations made in a pro se plaintiff's opposition papers on a motion to dismiss, so long as the allegations are consistent with the complaint"); Frederick v. United Bhd. of Carpenters & Joiners of Am. (UBCJA) Local 926, No. 12-cv-2387, 2014 WL 5783045, at *1 (E.D.N.Y. Nov. 6, 2014) (deciding dismissal of pro se plaintiff's complaint by referring to the facts alleged in plaintiff's complaint and opposition)."

c. In MELISSA ANN SHERLOCK v VINCENT STANCATO, (D. Mass 2011), the Massachusetts District Court stated the following: "As set forth in this court's Scheduling Order and Order on Defendant's Motion to Dismiss (Docket No. 12), this court deemed the plaintiff's original complaint to be amended by her "Response in Opposition to Motion to Dismiss" ("Response"). Thus, the Amended Complaint consists of both the original complaint (Docket No. 1-1) and the plaintiff's Response. (Docket No. 6)"

d. In NIELSEN V. ELAINE A. RABIN M.D. (2d Cir. 2014), the Second Circuit Court of Appeals stated the following: "We conclude that the allegations in the complaint and the opposition brief, taken together, sufficiently set forth the mental state element of the claim.". The court also stated that: ""Generally, leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir.2000). "A pro se complaint should not be dismissed

without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir.2010)." The court also stated: "The plausibility standard is not akin to a probability requirement...." Id. (internal quotation marks omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)."

e. In SHULER v. BROWN 2009 UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK, the court stated: ""Generally, a court may not look outside the pleadings when reviewing a Rule 22 12(b)(6) motion to dismiss. However, the mandate to read the papers of pro se litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum." Gadson v. Goord, 96-CV-7544, 1997 WL 714878, at *1, n. 2 (S.D.N.Y. Nov. 17, 1997) (citing, inter alia, Gil v. Mooney, 824 F.2d 192, 195 [2d Cir. 1987] [considering plaintiff's response affidavit on motion to dismiss]). Stated another way, "in cases where a pro se plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside the complaint to the extent they 'are consistent with the allegations in the complaint.'" Donhauser v. Goord, 314 F. Supp.2d 119, 212 (N.D.N.Y. 2004) (considering factual allegations contained in plaintiff's opposition papers) [citations omitted], vacated in part on other grounds, 317 F. Supp.2d 160 (N.D.N.Y. 2004)."

f. In Ahmed v. Geo USA LLC; New York Southern District Court, 2014, Judge Jesse M. Furman stated the following: "In evaluating a Rule 12(b)(6) motion, the Court must accept all facts set forth in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Where, as here, the plaintiff is proceeding pro se, the complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

g. In JAMES ARMAND v. JENNIFER OSBORNE, 2011, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK, the court stated: "Where a plaintiff proceeds prose, the court must construe the pleadings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010). Application of the liberal pro se pleading standard is particularly important in cases in which the plaintiff alleges a violation of his civil rights. See Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191 (2d Cir. 2008) (citing McEachin v. McGuinnis, 357 F.3d 197, 200 (2d 3 The court has reviewed the entire Complaint and recites only those facts that are relevant to claims Plaintiff has asserted against

Osborne or requests to add in his motion to amend. The court has omitted facts related to events that occurred after Plaintiff left Arthur Kill, as all claims related to those events were severed and transferred to the judicial district in which the facility the incident occurred at is located. 4 Cir. 2004)). A pro se complaint should not be dismissed without granting the plaintiff leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999). In making its determination, the court must assume all facts alleged in the complaint to be true and must construe the complaint in the light most favorable to the plaintiff. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). Where, as here, a pro se plaintiff includes factual allegations in his opposition to the motion to dismiss that were not included in the original complaint, "the court may treat the new factual assertions as an amendment to the complaint," and thereby consider the additional factual assertions without converting the motion into a motion for summary judgment. Grimes by and through Grimes v. Sobol, 832 F. Supp. 704, 708 n.5 (S.D.N.Y. 1993) (quoting Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24, 26 (2d Cir. 1988)).

## II. FURTHER POINTS

40. The plaintiff needs discovery pertaining to this motion to remand (as well as pertaining to the antislapp defense/claim filed by the defendants). This must be addressed before any motion to dismiss can be resolved.
41. This court does not have jurisdiction over this case because the defendants failed to meet the removal prerequisites.
42. This case should be remanded because the court does not have jurisdiction, as outlined in the previously filed motion to remand that was pending in the MA federal court prior to transfer to this court.
43. Hence, the remand issues must be addressed first before any motion to dismiss is addressed.
44. The MA federal court should have addressed the remand issue before transferring to the NH federal court. Because of this, this is a major procedural issue that must be taken up and addressed before any motion to dismiss is heard. This includes the fact that there should be limited discovery pertaining to remand issues allowed. There should also be a separate hearing on remand prior to any hearing on the motion to dismiss.
45. It is well established that a motion to remand, because of potential jurisdictional issues, must be sequentially resolved and addressed first before the substance or merits of the case can be addressed. Given this, the court should not rush to put forward an accelerated timeline for the motion to dismiss when a number of procedural issues and motions pending precedes the motion to dismiss.

## II. REQUEST FOR ORAL ARGUMENT/HEARING

46. Due to the complex legal and factual assertions involved, the Plaintiff requests that the Court schedule oral argument/hearing on his Re-filed/Renewed Motion for Remand.

47. Furthermore, the case has a complicated procedural posture because of the transfer to NH federal court and the pending motions from MA federal court, this further supports the need for oral argument and hearing.

48. The Plaintiff also requests some limited discovery and an evidentiary hearing, under oath, to address the factual disputes regarding the remand issues.

## III. CONCURRENCE

49. The plaintiff previously conferred with the defendants' counsel regarding remand and did not obtain concurrence. Since this is a re-filed motion to remand, seeking the same relief, it is inferred that Defendants' counsel still does not concur with this motion or to the relief requested herein.

50. Nonetheless, even though it was not necessary in light of the above, the plaintiff, still in the abundance of caution, reached out once again to defendants' counsel regarding concurrence but has not received a reply at this point in time.

## IV. CONCLUSION

51. A memorandum of law is incorporated with this motion and via the first motion to remand, in support of this motion. See the first motion to remand that was previously filed in the Federal Court of Massachusetts, and transferred to this Court (see again **Exhibit 2)**. NB: Exhibit 2 is to be treated as part of the memorandum of law and affidavit in support of this refiled motion to remand.

52. Please grant a pro se liberal construction to my writings.

53. For the foregoing reasons, the plaintiff respectfully requests that the United States District Court for the District of New Hampshire decline jurisdiction over this lawsuit, and that it issues an order of remand to the state court.

## V. PRAYER

54. WHEREFORE, for the reasons set forth herein and in the first motion to remand, the Plaintiff requests this Honorable Court:

    a. Schedule a hearing for oral argument and/or an evidentiary hearing;
    b. Determine that it does not have jurisdiction over this action.
    c. Grant this Renewed Motion for Remand;

d. Remand this action back to the Bristol Superior Court in Massachusetts or, to the extent necessary, transfer this action back to the United States District Court for the Eastern District of Massachusetts with guidance to remand the action to the Bristol Country Superior Court of the Commonwealth of Massachusetts;

e. Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Remand, and remand the case to the Bristol Superior Court.

f. The Court should immediately remand this case to state court and award attorneys' fees to Plaintiff.

g. The plaintiff in the alternative requests discovery related to remand to establish the citizenship of all of the partners of Upton & Hatfield and to establish if the defendants received the original complaint on April 7, 2023. These are critically important issues that must be resolved in order to determine whether this court has jurisdiction over this case.

h. Also, since the claims in the case include both federal-question claims and state law claims, if the court finds it has jurisdiction over this case or that there is no procedural defect, then the plaintiff requests that this court exercise abstention over the state law claims that are best resolved in state court, and/or that the non-federal claims be severed and remanded. (§ 1441(c);

i. and Grant such other relief as may be just and proper.

Respectfully submitted,<br>
Andre Bisasor<br>
/s/andre bisasor<br>
679 Washington Street, Suite # 8206<br>
Attleboro, MA 02703

Dated: October 27, 2023

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was or will be served to the parties in this case via the court's electronic filing/service system.

/s/andre bisasor<br>
Andre Bisasor<br>
679 Washington Street, Suite # 8-206<br>
Attleboro, MA 02703