# Exhibit 5

UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No. 1:23-CV-11313

## PLAINTIFF'S COMBINED OPPOSITION TO THE DONAIS DEFENDANT'S AND THE HILLIARD DEFENDANTS' MOTIONS TO DISMISS
## [WITH INCORPORATED MEMORANDUM]

1. I, the plaintiff in the above-captioned case, hereby OPPOSE the motions to dismiss filed by defendants Craig Donais, Mary Donais and Donais Law Offices ("Donais defendants") filed on 6/13/23 and by the defendants Russell Hilliard and Upton & Hatfield ("Hilliard defendants) on 6/16/23 (altogether "Defendants), and in support of his Opposition also files this combined incorporated Memorandum, setting forth Plaintiff's arguments and reasons why Defendants' Motions to Dismiss should be denied and this case should be allowed to proceed to discovery and to trial.

2. This opposition hereby is combined to address both motions to dismiss by the two sets of defendants (which largely repeat each other or feed off each other) and also incorporates by reference all of the factual and legal arguments found in the filings wherein I asserted these defenses, including all of the factual and legal arguments contained in the Amended Complaint and in Plaintiff's Combined Opposition to Defendants' Anti-Slapp Motions and in the attendant opposing affidavits.

## I. PRO SE STANDARD OF REVIEW

3. Because the Plaintiff is pro se, the Court has a higher standard when faced with a motion to dismiss. White v. Bloom, 621 F.2d 276 makes this point clear and states: A court faced with a motion to dismiss a pro se complaint must read the complaint's allegations expansively, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972), and take them as true for purposes of deciding whether they state a claim. Cruz v. Beto, 405 U.S. 319, 322, 92 S. Ct. 1079, 1081, 31 L. Ed. 2d 263 (1972).

4. The courts provide pro se parties wide latitude when construing their pleadings and papers. When interpreting pro se papers, the Court should use common sense to determine what relief the party desires. S.E.C. v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992). See also, United States v. Miller, 197 F.3d 644, 648 (3rd Cir. 1999) (Court has special obligation to construe pro se litigants' pleadings liberally); Poling v. K.Hovnanian Enterprises, 99 F.Supp.2d 502, 506-07 (D.N.J. 2000).

5. Courts should go to particular pains to protect pro se litigants against consequences of technical errors if injustice would otherwise result. U.S. v. Sanchez, 88 F.3d 1243 (D.C.Cir. 1996).

6. Moreover, "the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)). Thus, if this court were to entertain any motion to dismiss, the court should apply the standards of White v. Bloom. Furthermore, if there is any possible theory that would entitle the Plaintiff to relief, even one that the Plaintiff hasn't thought of, the court cannot dismiss this case.

7. Pro Se litigants are "commonly required to comply with standards less stringent than those applied to expertly trained members of the legal profession." Bates v. Jean, 745 F.2d 1146, 1150 (7th Cir. 1984). The courts recognize an "obligation . . . to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal learning." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). A pro se litigant's pleadings are [to be] held "to less stringent standards than formal pleadings drafted by lawyers. . . ." and Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); cited in Castro v. Castro v. United States, 290 F.3d 1270, 2003; see also Hughes v. Rowe, 449 U.S. 5, 9 (1980); Morello v. James, F.2d , No. 86-2106, slip op. at 1140 (2d Cir. Jan. 26, 1987); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986). (Emphasis added.) This is well established decisional law. The Pro Se

Plaintiff's complaint is not to be dismissed unless "frivolous on its face or wholly unsubstantial." Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983). A Pro Se Plaintiff is to be afforded the opportunity freely to amend. Holmes v. Goldin, 615 F.2d 83, 85 (2d Cir. 1980).

8. Courts should articulate the appropriate legal theory on which a pro se litigant's claim should rest when the litigant misunderstands the nature of his claim. This is practices is a permissible judicial intervention on behalf of pro se litigants.

9. "A Court errs if it dismisses a pro se litigant's complaint without instructions of how pleadings are deficient and how to repair pleadings." Plaskey v CIA, 953 F .2nd 25.

10. As a general rule, "leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that [s]he has a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000).

11. NB: It is an accepted principle of American jurisprudence that, due to the growth in litigation involving self-represented litigants, that courts have a responsibility to promote access to justice thus warranting reasonable flexibility by judges, consistent with the law and court rules, to ensure that all litigants are fairly heard. This principle has been upheld by various courts including the US supreme court. See Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991) ("In interpreting the complaint before us, we construe it liberally in an effort to accommodate a pro se litigant."). It should also be noted that many state supreme court decisions from other states authorize judges to handle cases involving self-represented litigants differently by, for example, affording self-represented litigants latitude and making allowances, being lenient and solicitous, or giving them every consideration. Application of the liberal pro se standard is particularly important in cases in which the plaintiff alleges a violation of his civil rights". See Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191 (2d Cir. 2008).

## II. LEGAL STANDARD OF REVIEW FOR MOTION TO DISMISS

12. When evaluating the sufficiency of a complaint pursuant to Mass. R. Civ. P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom, in the plaintiffs' favor. Nader v. Citron, 372 Mass. 96, 98 (1977). Accordingly, a plaintiff's burden is "relatively light." Gibbs Ford, Inc. v. United Truck Leasing Corp, 399 Mass. 8, 13 (1987). "All that a plaintiff need do to resist such a motion is present a complaint that does no more than sketch the bare silhouette of a cause of action." Brum v. Town of Dartmouth, 44 Mass. App. Ct. 318, 322 (1998). As a result, "dismissals on the basis of pleadings, before facts have been found, are discouraged." Gennari v. City of Revere, 23 Mass. App. Ct. 979 (1987). Massachusetts courts have often described the review of a complaint's sufficiency as "extremely lenient."

13. The motion must be decided solely based on the allegations in the Plaintiff's complaint. The court does not decide disputed issues of fact; instead, it must assume that all material facts in the plaintiff's complaint are true. Not only must the court accept the plaintiff's allegations as true, but it also must accept as true all reasonable factual inferences drawn from Plaintiff's allegations. See Kowal v. MCI Comm'ns Corp, 16 F.3d 1271, 1276 (DC. Cir 1994); Schuler v. United States, 617 F.2d 605, 608 (DC. Cir. 1979). Thus, factual allegations in briefs or memoranda of law generally may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain contradict those alleged in the complaint. Henthorn v. Dept. of Navy, 29 F.3d 682, 688. (DC. Cir. 1994).

14. In considering motions to dismiss based upon the sufficiency of the pleadings, the Court "must construe the [pleading] liberally, treating all well-pleaded facts as true and indulging all reasonable inference in favor of the [non-moving party]." Katin v. National Real Estate Information Services, Inc., 2009 WL 929554, *2 (D. Mass. Mar. 31, 2009). Under Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 559, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a motion to dismiss should be denied if the challenged pleading alleges sufficient facts to demonstrate a "plausible entitlement to relief," even if "actual proof of those facts is improbable, and a recovery is very remote and unlikely." The "plausible entitlement to relief" standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations, citing Twombly, supra, at 556. The Defendant's motion falls far short of this high standard.

15. In appraising the sufficiency of any complaint, the accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Nader v. Citron, 372 Mass. 96, 98 (1977), quoting from Conley

v. Gibson, 355 U.S. 41, 45-46 (1957). Spence v. Boston Edison Co.,390 Mass. 604 , 615 (1983). "The plaintiffs need only surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim." Bell v. Mazza, 394 Mass. 176 , 184 (1985).

16. The issue before the Court upon consideration of such a motion is not whether Plaintiff "will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." McDowell v. N. Shore-Long Island Jewish Health Sys., Inc., 839 F. Supp. 2d 562, 565 (E.D.N.Y. 2012) (citing to Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir.2001)).

17. As set forth in detail below, the Plaintiff has met this standard of review, well within the meaning of the foregoing case law, thus warranting denial of defendant's motions in their entirety.

18. Should the Court find otherwise, however, Plaintiff reserves the right to seek leave to amend pursuant to Mass. R. Civ. P. 15(a).

### III. THIS COURT SHOULD CONSIDER FACTUAL ALLEGATIONS IN PLAINTIFF'S OPPOSITION PAPERS

19. Because a pro se plaintiff's allegations must be construed liberally, it is appropriate for a court to consider factual allegations made in a pro se plaintiff's opposition memorandum, as long as the allegations are consistent with the complaint. See, e.g., Braxton v. Nichols, No. 08- CV-8568 (PGG), 2010 WL 1010001, at *1 (S.D.N.Y. Mar.18, 2010); cf. Gill v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987) (considering a pro se plaintiff's affidavit in opposition to a motion to dismiss in addition to those in the complaint).

20. Thus, the court should consider and incorporate into my complaint the factual allegations included in my opposition papers. Support for this is found in the following case law.

   a. In STEVENSON V. AMAZON.COM, INC (D. Mass. May. 13, 2016), Judge Dennis Saylor of the Massachusetts District Court stated the following: "The original complaint remains the operative complaint in this action. However, because plaintiff is proceeding pro se, the Court will deem the factual allegations in plaintiff's opposition memorandum and sur-reply to be part of the complaint for purposes of resolving defendant's motion to dismiss. Specifically, and for present purposes only, the operative complaint will be deemed to be (1) the allegations of the original complaint; (2) the factual allegations of the opposition to the motion to dismiss; and (3) the factual allegations of plaintiff's sur-reply to the motion to dismiss, all taken together."

   b. In PALMER V. SHCHEGOL (E.D.N.Y. Sep. 29, 2016), the court said the following: "Because Plaintiff's pro se status mandates a liberal reading of her papers, the facts of this case and the sufficiency of Plaintiff's pleadings are determined by reference to both Plaintiff's amended complaint and her opposition to the instant motion. See, e.g., Nielsen v. Rabin, 746 F.3d 58, 61 (2d Cir. 2014) (denial of leave to amend reversed where pro se plaintiff's complaint would state a claim for relief if it were amended to include the allegations in her opposition to defendant's motion to dismiss); Gill v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987) (considering facts in pro se plaintiff's opposition to defendants' motion to dismiss in deciding whether to affirm district court's dismissal of plaintiff's claims); Mil'chamot v. New York City Hous. Auth., No. 15-cv-108, 2016 WL 659108, at *1 n. 1 (S.D.N.Y. Feb. 16, 2016) ("because a pro se plaintiff's allegations must be construed liberally, it is appropriate to consider factual allegations made in a pro se plaintiff's opposition papers on a motion to dismiss, so long as the allegations are consistent with the complaint"); Frederick v. United Bhd. of Carpenters & Joiners of Am. (UBCJA) Local 926, No. 12-cv-2387, 2014 WL 5783045, at *1 (E.D.N.Y. Nov. 6, 2014) (deciding dismissal of pro se plaintiff's complaint by referring to the facts alleged in plaintiff's complaint and opposition)."

   c. In MELISSA ANN SHERLOCK v VINCENT STANCATO, (D. Mass 2011), the Massachusetts District Court stated the following: "As set forth in this court's Scheduling Order and Order on Defendant's Motion to Dismiss (Docket No. 12), this court deemed the plaintiff's original complaint to be amended by her "Response in Opposition to Motion to Dismiss" ("Response"). Thus, the Amended Complaint consists of both the original complaint (Docket No. 1-1) and the plaintiff's Response. (Docket No. 6)"

   d. In NIELSEN V. ELAINE A. RABIN M.D. (2d Cir. 2014), the Second Circuit Court of Appeals stated the following: "We conclude that the allegations in the complaint and the opposition brief, taken

together, sufficiently set forth the mental state element of the claim.". The court also stated that: ""Generally, leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir.2000). "A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir.2010)." The court also stated: "The plausibility standard is not akin to a probability requirement...." Id. (internal quotation marks omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)."

e. In SHULER v. BROWN 2009 UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK, the court stated: ""Generally, a court may not look outside the pleadings when reviewing a Rule 22 12(b)(6) motion to dismiss. However, the mandate to read the papers of pro se litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum." Gadson v. Goord, 96-CV-7544, 1997 WL 714878, at *1, n. 2 (S.D.N.Y. Nov. 17, 1997) (citing, inter alia, Gil v. Mooney, 824 F.2d 192, 195 [2d Cir. 1987] [considering plaintiff's response affidavit on motion to dismiss]). Stated another way, "in cases where a pro se plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside the complaint to the extent they 'are consistent with the allegations in the complaint.'" Donhauser v. Goord, 314 F. Supp.2d 119, 212 (N.D.N.Y. 2004) (considering factual allegations contained in plaintiff's opposition papers) [citations omitted], vacated in part on other grounds, 317 F. Supp.2d 160 (N.D.N.Y. 2004)."

f. In Ahmed v. Geo USA LLC; New York Southern District Court, 2014, Judge Jesse M. Furman stated the following: "In evaluating a Rule 12(b)(6) motion, the Court must accept all facts set forth in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Where, as here, the plaintiff is proceeding pro se, the complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

g. In JAMES ARMAND v. JENNIFER OSBORNE, 2011, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK, the court stated: "Where a plaintiff proceeds prose, the court must construe the pleadings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010). Application of the liberal pro se pleading standard is particularly important in cases in which the plaintiff alleges a violation of his civil rights. See Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191 (2d Cir. 2008) (citing McEachin v. McGuinnis, 357 F.3d 197, 200 (2d 3 The court has reviewed the entire Complaint and recites only those facts that are relevant to claims Plaintiff has asserted against Osborne or requests to add in his motion to amend. The court has omitted facts related to events that occurred after Plaintiff left Arthur Kill, as all claims related to those events were severed and transferred to the judicial district in which the facility the incident occurred at is located. 4 Cir. 2004)). A pro se complaint should not be dismissed without granting the plaintiff leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999). In making its determination, the court must assume all facts alleged in the complaint to be true and must construe the complaint in the light most favorable to the plaintiff. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). Where, as here, a pro se plaintiff includes factual allegations in his opposition to the motion to dismiss that were not included in the original complaint, "the court may treat the new factual assertions as an amendment to the complaint," and thereby consider the additional factual assertions without converting the motion into a motion for summary judgment. Grimes by and through Grimes v. Sobol, 832 F. Supp. 704, 708 n.5 (S.D.N.Y. 1993) (quoting Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24, 26 (2d Cir. 1988)). Here, the Plaintiff did provide additional factual allegations in his opposition to Defendant's motion to dismiss. The court has considered the factual allegations contained in Plaintiffs opposition to Defendant's motion to dismiss as amendments to the Complaint and has treated Defendant's motion to dismiss as a motion to dismiss the further amended Complaint under Fed. R. Civ. P. 12(b)(6).

Plaintiffs memorandum in support of his motion to amend also includes some additional factual allegations, which do not pertain to Defendant Osborne and the motion to dismiss and which the court has only considered in relation to Plaintiffs motion to amend the Complaint. In order to construe the Plaintiffs pleadings liberally, all additional factual allegations from Plaintiffs opposition to Defendant's motion to dismiss have been considered as part of the Complaint for the purposes of reviewing Plaintiffs motion to amend, which focuses on adding new defendants and causes of actions. For purposes of the motion to dismiss, the court has considered additional factual allegations relevant to Plaintiffs claims against Osborne.

## IV. STATEMENT OF FACTS RELEVANT TO PERSONAL JURISDICTION

21. On June 18, 2022, the plaintiff brought this action of "), for defamation, tortious interference with advantageous relations, violations of the Massachusetts civil rights act, violations of 93A consumer protection act, civil conspiracy, intentional infliction of emotional distress, malicious prosecution, and abuse of process.

22. On May 4, 2023, the plaintiff amended the complaint.

23. This case is about holding lawyers accountable for defamation, and about sophisticated race discrimination by exploiting racism against two African Americans (including falsely saying that I accused him of race discrimination because simply he declined to represent me in a case which is patently false), and then going to the police to make false reports and to try to use the police to intimidate and retaliate against said African Americans (when said African Americans tried to hold him legally accountable for these false accusations and attempts at intimidation), thereby putting their lives in danger from police by making a false police report and falsely suggesting that they are dangerous criminals and more. The plaintiff will prove these allegations. In light of the defendants' malicious attempt to involve law enforcement against African Americans, this is a critically important case in this day of racial justice reckoning and in the aftermath of the death of George Floyd.

## V. ARGUMENT
### A. Defendant Has Failed To Demonstrate That This Case Should Be Dismissed

24. Defendant's motion is based on arguments relating to lack of personal jurisdiction, improper venue, spousal disqualification and antislapp.

25. Because Defendant has not otherwise shown that Plaintiff's complaint fails on these grounds, Defendant's motion must be denied.

26. All facts stated in the complaint are to be assumed true for purposes of a motion to dismiss.

27. At the pleading level, having set forth the fundamental basis for a cause of action, Plaintiff has easily met its burden of stating a claim for relief.

28. A motion to dismiss is properly denied if further discovery would yield material evidence or material facts in the movant's exclusive knowledge which would allow them to proceed with their claim. See, Rochester Linoleum and Carpet Center, Inc. v. Cassin, 61 A.D.3d 1201 (3d Dep't 2009). Discovery has not yet began. All defendants have not yet been served. No defendant has yet provided an Answer to the complaint. It is at an early stage of the proceedings.

29. Plaintiff's complaint is adequately pleaded and states a claim upon which relief may be granted.

30. Because Defendant has not otherwise shown that Plaintiff's complaint fails on these grounds, no dismissal should enter.

31. The Massachusetts Superior Court has jurisdiction over this action pursuant to its laws and the amount in controversy exceeds $50,000, exclusive of interest and costs, in an amount to be determined at trial.

32. This court has both general and specific personal jurisdiction over the Defendants because the Defendants have conducted and continues to conduct substantial business in the state of Massachusetts.

33. This court has specific personal jurisdiction arising from Defendants' decision to conduct business in Massachusetts.

34. The Defendants have sufficient minimum contacts with this state and sufficiently avails themselves to the markets of this state to render the exercise of jurisdiction by this court reasonable.

35. Venue is proper in this court because Defendants conduct business within this state as outlined above.

## B. Personal Jurisdiction of Defendant Craig S. Donais

36. Defendant Craig S. Donais ("Mr. Donais" or "Donais") is an attorney who is admitted to practice in the state of Massachusetts. He is a white male. On information and belief, he is of age 52. He is also a republican and ran for local political office as a republican candidate.

37. Donais attended University of Massachusetts at Amherst in Amherst, Massachusetts and then he attended law school at Suffolk University Law School in Massachusetts. On information and belief, he maintains contacts and involvement with his Massachusetts alma mater through alumni groups.

38. Donais lived in Massachusetts (MA) for many years including in Attleboro, Chelmsford, and Rehoboth MA before moving to NH, where his current address is 39 Buzzell Street, Manchester NH 03104 (which, according to land records, is a property he owns with his wife Mary Donais). Donais has lived at least at 3 different Massachusetts addresses[1] including in Attleboro, Chelmsford and Rehoboth, Massachusetts, before moving to New Hampshire. On information and belief, he owns multiple properties, including residential and business properties in NH. It is unclear if he currently owns property in Massachusetts.

39. On information and belief, he has family members that live in Massachusetts and that own property in Massachusetts. On information and belief, Donais also travels often to Massachusetts to visit family.

40. Donais is admitted to practice in MA and has a current law license in MA and is currently a member of the bar of this state. Donais was admitted to the Mass. Bar on December 18, 1996, and has continued to be admitted since then until the present day. His Board of Bar Overseers Number is 634112.

41. Donais frequently appears voluntarily in courts in Massachusetts. Donais thus conducts business in MA. Donais is admitted to practice in MA and NH. He comes to Massachusetts courts to represent clients or to intervene or enter appearance as an interest party. In fact, he has appeared voluntarily in Bristol superior court before. Donais' frequent appearance in the courts of Massachusetts and representing/counseling clients in Massachusetts, indicates that he conducts substantial business in the State of Massachusetts and that he has sufficient minimum contacts with this State and sufficiently avails himself to the markets of this State to render the exercise of jurisdiction by this court reasonable.

42. Certain of the acts alleged by Donais took place with Donais actually making himself appear in Massachusetts to commit those acts. Other acts were committed over the phone while the plaintiff was domiciled in Massachusetts. And other further acts were committed by Donais with the intent to affect a Massachusetts audience or Massachusetts citizens and further to impact plaintiff's reputation and credibility in the state of Massachusetts. In addition, several of the statements and actions of Donais, as alleged herein, were intended to reach a broad audience in the New England region including but not limited to Massachusetts

43. On information and belief, Donais also frequently travels often to Massachusetts to attend events, for recreation, to shop at retail stores, or to visit family and friends. He has family that lives in and owns property in Massachusetts.

44. He should not be surprised to be required to answer suit in a Massachusetts court, in which he has appeared, defended and prosecuted many cases before. It does not violate any traditional notions of fair play for him to be required to answer suit in a Massachusetts court.

45. Donais is an attorney that represented hotel defendants in a previous court proceeding with plaintiff and his spouse. Donais submitted a false affidavit to the court and committed perjury to that court. He also engaged in defamation of the plaintiff resulting in significant emotional distress for the plaintiff.

46. Donais has engaged in multiple instances of dishonesty, deceptive, or misleading conduct including misrepresentation and even perjury. Donais submitted false statements and fabricated statements about the plaintiff to other persons and those false statements harmed the plaintiff. He also engaged in defamation of the plaintiff resulting in tortious interference with contractual relations and significant emotional distress for the plaintiff.

47. At all times relevant to this case, the acts and statements by Donais occurred, culminated, or continued into the years 2019, 2020 and 2021 and even into 2022.

---

[1] These Massachusetts addresses include: 109 Donald Tennant Circle, North Attleboro, Massachusetts, 02760, and 15 Warren Avenue, Chelmsford, Massachusetts, 01824, as well as 126 Tremont St, Rehoboth, MA 02769-2821.

48. At all times relevant to this case, the plaintiff was a Massachusetts citizen, and my domicile was Massachusetts.

49. At all times relevant to this case, Donais was admitted to the Massachusetts bar, was admitted to practice law in Massachusetts, engaged or was engaged in the practice of law in Massachusetts, appeared in the courts of Massachusetts, had more than minimum contacts with the state of Massachusetts, had intentionally availed himself of the benefits and privileges of the state of Massachusetts. The statements defamed the plaintiff who has a Massachusetts domicile, and such domicile was known to the defendants.

50. Donais made statements to the police that were directed at the plaintiff in Massachusetts while the plaintiff was a Massachusetts citizen. He fully expected and encouraged the police to contact the plaintiff in Massachusetts, to look to contact the plaintiff at a Massachusetts location or to call the plaintiff at a Massachusetts phone number. Donais knew that the plaintiff was a Massachusetts citizen, that plaintiff had a Massachusetts domicile, and he and/or his lawyer had been sending the plaintiff/plaintiff's wife mail at a Massachusetts mailing address. The effect of what Donais was saying was intended to reach the plaintiff in Massachusetts. Donais' goal, at least initially, was to intimidate and prevent plaintiff from being a witness in plaintiff's wife's attorney misconduct complaint case filed against him and to prevent the plaintiff from providing proof of his wrongdoing. It was a scare tactic.

51. This court has both general and/or specific personal jurisdiction arising from Donais' decision to conduct business in Massachusetts. There should be no surprise to him that the long-arm statute would reach him.

### C. Personal Jurisdiction of Defendant Mary K. Donais

52. Defendant Mary K. Donais ("Ms. Donais") is the wife of Craig Donais. She is a white female. On information and belief, he is of age 53.

53. Ms. Donais attended University of Massachusetts at Amherst in Amherst, Massachusetts and completed graduate school there, in Massachusetts.

54. Ms. Donais lived in Massachusetts (MA) for many years including in Amherst and Chelmsford MA,[2] where she lived before moving to NH where her current address is at 39 Buzzell Street, Manchester NH 03104 (which, according to land records, is a property she owns with her husband Craig Donais). On information and belief, she owns multiple properties, in NH. It is unclear if she currently owns property in Massachusetts.

55. On information and belief, Ms. Donais also assists Mr. Donais with his law practice/law business at Donais Law Offices.

56. Through involvement with Donais Law Offices, Ms. Donais has substantial contacts with the state of Massachusetts sufficient to render the exercise of jurisdiction by this court reasonable.

57. On information and belief, Ms. Donais also frequently travels often to Massachusetts for work-related matters, to attend events, for recreation, to shop at retail stores, or to visit family and friends. She thus regularly avails herself of the highways, amenities, benefits and protections of this state. The plaintiff can furnish further proof of this if necessary.

58. This court has both general and/or specific personal jurisdiction arising from Ms. Donais' contacts with Massachusetts.

### D. Personal Jurisdiction of Defendant Donais Law Offices PLLC

59. Defendant Donais Law Offices PLLC ("Donais Law Offices" or "law office") is a law firm that is owned and managed by Donais. On information and belief, Defendant Donais Law Offices PLLC is the corporate "alter ego" of Craig Donais.

60. Donais is the sole member and manager of this corporate entity as well as the registered agent for this corporate entity.

61. Donais Law Offices has its location at 95 Market Street, Manchester NH, 03104, and which has another location that was the only address for this law office for many years, at 441 Willow Street, Manchester NH, 03103, which is a property that Craig Donais owns via a single member LLC.

62. Donais Law Offices conducts substantial business in the State of Massachusetts and has sufficient minimum contacts with this State and sufficiently avails itself to the markets of this State to render the exercise of jurisdiction by this court reasonable.

63. This court has specific personal jurisdiction arising from its decision to conduct business in Massachusetts.

---

[2] On information and belief, these addresses include: 13 Berkshire Ter, Amherst, MA 01002-1301, and 12 Hallock St Apt 4, Amherst, MA 01002-2052 as well as 15 Warren Ave, Chelmsford, MA 01824-3008.

64. Donais Law Offices is responsible for the conduct of its attorney Craig Donais.

65. Donais operates through and using his law office. The acts perpetrated by Donais occur through the operation of his law office. Donais and his law office are, for all intents and purposes, the same.

66. On information and belief, Donais is employed by his law office.

67. Donais Law Offices is vicariously liable for the acts of Craig Donais under a theory of respondeat superior where an employer will be responsible for the actions of its employee taken within the scope of employment.

68. NB: The Massachusetts Bar has Donais listed as carrying malpractice insurance that covers him for his practice of law in Massachusetts. See screenshot below.



69. For insurance purposes, it is not clear if Defendant Donais and Defendant Donais Law Offices are covered by the same malpractice insurance coverage or other insurance coverage. Only discovery will address this point. It is not clear if Donais is a personal guaranty for the debts of his law office business, or vice versa.

70. Therefore, in light of all of the above, the plaintiff believes it is prudent that both Defendant Donais and Defendant Donais Law Offices are named as defendants in this lawsuit.

## VI. DEFENDANT'S PERSONAL JURISDICTION ARGUMENT FAILS

71. Defendant has moved to dismiss the complaint for lack of personal jurisdiction. For the reasons discussed below, the motion to dismiss on these grounds should be denied.

72. The Plaintiff contends that he has sufficiently alleged a basis for personal jurisdiction over defendant.

### A. Summary of Personal Jurisdiction Argument

73. Donais has waived personal jurisdiction.

74. Donais removed this case to federal court and pleaded that the damages are $500,000.

75. Donais pleaded no facts with specificity to challenge personal jurisdiction and has filed no affidavit.

76. Donais has met his burden to challenge personal jurisdiction based on the preponderance of the evidence stated in the amended complaint.

77. It would be unfair to allow Donais to escape personal jurisdiction given all of his contacts and activity and business in Massachusetts.

78. A dismissal based on personal jurisdiction would be harsh and draconian given the impact it would have on some of the facts and claims that are now pass the statute of limitations.

79. Donais practices law in Massachusetts

80. Donais even has a small law office/practice that he maintains in Massachusetts.

### B. Overview of Law Pertaining to Personal Jurisdiction

81. District Court may exercise two types of personal jurisdiction over a defendant: general and specific jurisdiction. Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 9 (1st Cir. 2009).

82. General jurisdiction broadly subjects the defendant to suit in the forum on all matters, including those unrelated to the defendant's contacts with the forum. Daimler AG v. Bauman, 571 U.S. 117, 128 (2011); BlueTarp Fin., Inc. v. Matrix Constr. Co., 709 F.3d 72, 79 (1st Cir. 2013).

83. Specific jurisdiction depends on "an affiliation[n] between the forum and the underlying controversy."

Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 918 (2011).

84. In this case, the Plaintiff met his burden of establishing either general or specific personal jurisdiction over the Donais defendants.

85. Personal jurisdiction can be either "general" or "specific." "Specific" personal jurisdiction is when the Defendant's alleged actions relate directly to the state of MA. For example, if a NH resident allegedly got into a car accident with a MA resident in MA, the Massachusetts resident could sue in MA.

86. "General" personal jurisdiction arises based not on the specific facts/occurrences of the lawsuit, but rather on unrelated, continuous ties to Massachusetts. For example, Donais can be sued in Massachusetts because he works in Massachusetts and does business in Massachusetts, and therefore has continuous ties to the state.

87. Donais is subject to the court's jurisdiction because he performed services in Massachusetts and engaged in activities in Massachusetts that are the basis of the lawsuit; and Donais had an ongoing business relationship with clients in this state; and he caused damage or harm in the state; etc. There are several reasons why Donais is subject to the Massachusetts courts' jurisdiction.

88. Donais has frequently come to Massachusetts and the lawsuit did arise out of some of his activities in Massachusetts.

89. Defendant has filed an Appearance and other responsive pleading with the Court and thus they have waived their right to object to personal jurisdiction. Defendant filed an opposition to default in state court without a special appearance. A motion to dismiss objecting to personal jurisdiction should have been filed before any other document is filed with the court.

90. MA and NH are neighboring states. They are part of the sister new england states. Donais frequently travels to MA. Hilliard frequently travels to MA. There is no inconvenience. Upton represents numerous MA clients. Upton regularly appears in MA courts. Partner have lied in MA. Craig used to live in MA. He has family in MA. It cannot be said to be inconvenient for him.

### C. General Principles For Determining Personal Jurisdiction

91. The plaintiff bears the burden of showing that a court has personal jurisdiction over a defendant. Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50 (1st Cir. 2002). A trial court faced with a motion to dismiss under Rule 12(b)(2) may choose among several methods for determining whether the plaintiff has met its burden: the "prima facie" standard, the "preponderance-of-the-evidence" standard, or the "likelihood" standard. Id. at 50-51; Foster-Miller, Inc., v. Babcock & Wilcox Can., 46 F.3d 138, 145-47 (1st Cir. 1995); Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675-78 (1st Cir. 1992). Where, as here, a motion to dismiss for lack of personal jurisdiction is to be considered without first holding an evidentiary hearing, the prima facie standard governs its determination. United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001). This standard is the "most conventional" of the methods for determining personal jurisdiction. Daynard, 290 F.3d at 51 (quoting Foster-Miller, 46 F.3d at 145). In conducting a prima facie analysis, the court is required to take specific facts affirmatively alleged by the plaintiff as true (whether or not disputed), construing them in the light most favorable to the plaintiff. Ticketmaster-New York v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994). Although the court will construe the facts in the light most favorable to the plaintiff in a motion to dismiss, the plaintiff still has the burden of demonstrating the jurisdictional requirement. See Swiss Am. Bank, 274 F.3d at 618. The exercise of personal jurisdiction over a defendant must be both authorized by statute and consistent with the due process requirements of the United States Constitution. See, e.g., Nowak v. Tak How Invs., Ltd., 94 F.3d 708, 712 (1st Cir. 1996); Intech, Inc., v. Triple "C" Marine Salvage, Inc., 444 Mass. 122, 125 (2005); Good Hope Indus., Inc. v. Ryder Scott, Co., 378 Mass. 1, 5-6 (1979). Furthermore, a trial court may exercise authority over a defendant by virtue of either general or specific jurisdiction. Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities. General jurisdiction exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state.

### D. Principles for Determining Specific Jurisdiction

92. In Massachusetts, a court can assert specific personal jurisdiction over an out-of-state defendant based on the Massachusetts long-arm statute and as long as the exercise of jurisdiction is consistent with the due process requirements of the United States Constitution. U.S.S. Yachts, Inc. v. Ocean Yachts, Inc., 894 F. 2d 9, 11 (1st

Cir. 1990). The Massachusetts Supreme Judicial Court has consistently interpreted the long-arm statute to extend to the limits allowed by the United States Constitution. See "Automatic" Sprinkler Corp. of Am. v. Seneca Foods Corp., 361 Mass. 441, 443 (1972); accord Tatro v. Manor Care, Inc., 416 Mass. 763, 771 (1994). The Court may exercise personal jurisdiction consistent with the Due Process clause only if it finds that defendant has maintained "minimum contacts" with the state "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

93. Specific jurisdiction, which is the basis for personal jurisdiction in this case, "exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities, such as when the litigation itself is founded directly on those activities." Mass. School of Law, 142 F.3d at 34. Further, "for the extension of personal jurisdiction to survive constitutional scrutiny, a claim must 'arise out of, or be related to, the defendant's in-forum activities.'" Ticketmaster-New York, 26 F.3d at 206.

94. The minimum-contacts analysis has three steps—relatedness, purposeful availment, and reasonableness: First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable. Neelon v. Krueger, 2013 WL 2384318 at *5 (D. Mass. May 29, 2013) (quoting Adelson v. Hananel, 510 F.3d 43, 49 (1st Cir. 2007)).

### E. Defendant Donais' Conduct Has Met Minimum Contact Threshold

95. The record will show that the statutory grounds for the assertion of personal jurisdiction can and has been satisfied regarding Mr. Donais.

96. Mr. Donais attended law school in Massachusetts. On information and belief, he continues to conduct activities with his alma mater through alumni group activities in Massachusetts and has been actively engaged with such activities for several years by coming to Massachusetts on regular basis.

97. Mr. Donais frequently travels to Massachusetts, spending nights there.

98. He has transacted business there through his purchase of goods and services, through his purchase of lodging and through his being a patron of local hangout spots, eateries and other places of business on a regular basis. See screenshot of pictures of Mr. Donais in Massachusetts confirming his travels for a concert in Foxborough and stating his regular practice of shopping at stores in Foxborough. See **Exhibit 1.**



99. Mr. Donais' attempt to characterize his contacts with this Commonwealth as below "minimal" is false. For example, he actively conducts his law business in Massachusetts, regularly meeting with clients and representing Massachusetts clients. This conduct is not by any means fortuitous or transient. ==See screenshot of Donais' own words used in a document explaining his business in Massachusetts.==

100.   General Laws c. 223A, §3, as amended through St.1993, c. 460, §86, provides in pertinent part: "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's:

a. **Transacting any business in this commonwealth:** Mr. Donais has transacted business in this commonwealth on many fronts: 1) purchase of goods and services in Massachusetts on a regular basis; 2) providing services in and to Massachusetts clients.

b. **Contracting to supply services or things in this commonwealth:** Mr. Donais agreed to supply services to clients in MA. In 2017, Donais entered into a prospective attorney-client relationship with the Plaintiff who is a MA citizen.

c. **Causing tortious injury by an act or omission in this commonwealth:** The injuries to Plaintiff have occurred while plaintiff lived in Massachusetts and is a citizen of Massachusetts.

d. **Causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct…in this commonwealth:** Mr. Donais has caused tortious injury by an act or omission outside this commonwealth when he engaged in persistent conduct in this commonwealth. Some of his tortious comments were directed to a Massachusetts audience. Mr. Donais' tortious acts caused injury in Massachusetts and he also engaged in a "persistent course of conduct" in this State directing his vitriol, his obsession, his harassment, his hostile and threatening behavior, and defamatory acts towards Mr. Bisasor consistently over a period of at least 3 years or more.

101.  Mr. Donais provides no facts about his contacts with MA. He simply in blanket and conclusory fashion deny his contacts meet the minimum threshold. Discovery is needed to obtain further information that he is in sole possession of.

102.  Mr. Donais admits that he is admitted to practice law in MA since 1996 (for 27 years). Mr. Donais has had frequent visits physically to the state for years, consisting of regular contacts physically with and in this Commonwealth. Also, during those years, he engaged in injurious conduct towards Mr. Bisasor. This hardly reaches below the minimum contacts threshold. This is in addition to the consistent and regular contacts and interactions he has had with this state and with residents/organizations in this state via telephone, email and the web.

### F. Further Analysis Under the Minimum Contacts Criteria Support Jurisdiction

103.  The improper actions undertaken by Defendant Donais undoubtedly caused injury to Plaintiff when he purposefully reached into Massachusetts to make contact with other residents in order to cast aspersions on Plaintiff. Without a doubt, the conduct alleged and described in the Complaint clearly satisfies all three prongs for finding personal jurisdiction. First, it is indisputable that Defendant possesses the requisite "minimum contacts" with the Commonwealth because this litigation arises directly out of and relates to Defendant's activities in Massachusetts. Defendant's repeated acts of contacting or interacting with residents of Massachusetts are precisely the activity that gave rise to the causes of action in this lawsuit. Second, it is clear that Defendant purposefully availed himself of the privilege of conducting activities/business in Massachusetts.

104.  Numerous courts have held that mail or electronic communications with persons in the forum State to be sufficient to establish that a defendant availed itself of the privilege of doing business in that state, even when the defendant is not physically present.

105.  Indeed, the Supreme Court has stated:

> Jurisdiction . . . may not be avoided merely because the defendant did not physically enter the forum State. Although territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern life that a substantial amount of interaction can be transacted by mail, email, by web and wire communications across state lines, thus obviating the need for physical presence within a State in which interaction is conducted. So long as an actor's efforts are "purposefully directed" toward residents of another State, courts have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).

106.  It strains credulity to think that Mr. Donais was in no way availing himself of a privilege to conduct affairs in Massachusetts and that he would not have expected that he could be hauled into court here as a result of him reaching into Massachusetts to make contact with Massachusetts citizens/organizations. The claims asserted in this action clearly relate to or arise out of Mr. Donais' conduct in Massachusetts or with Massachusetts residents as described above.

107.  The exercise of personal jurisdiction is also supported by an analysis of the **"Gestalt" factors.**

a. **Relatedness:** The "relatedness" inquiry for tort claims focuses on whether the defendant's in-forum conduct caused the injury or gave rise to the cause of action. Here, plaintiff contends that he has suffered injuries to his professional reputation and standing in Massachusetts as a result of defendant's actions. Plaintiff has clearly alleged that his claims arise out of defendant's conduct, and thus has satisfied the "relatedness" requirement.

b. **Purposeful Availment**: In the context of this case, the focus of the "purposeful availment" inquiry is whether it "can be fairly inferred that the defendant intended the brunt of the injury to be felt" in the forum state. Hugel, 886 F.2d at 5. Here, plaintiff alleges that the conduct of Defendant Donais was "aimed" at Massachusetts, and was intended to injure plaintiff in Massachusetts. Mr. Donais coming into MA to interfere in a proceeding in which he was not formal party to tell lies to a MA judge to harm the plaintiff, where he also was not a witness nor counsel, were acts of "purposeful availment." Those acts were intended for a Massachusetts audience. Mr. Donais attempted to lie to the police and to get the police to contact plaintiff at his MA phone number or his MA address were acts of purposeful availment and certainly gives rise to a fair inference that Defendant Donais  knew or should have known that the allegations would have a negative impact on plaintiff's reputation and business prospects—harm that would be felt principally in Massachusetts. It also supports a reasonable inference that Defendant intended this effect. That inference is further supported by an e-mail from Mr. Donais to the police indicating his intent to continue to harass Mr. Bisasor in Massachusetts. Taking these statements in the light most favorable to the plaintiff, they can fairly be inferred as demonstrating an intent to impugn plaintiff's reputation and business prospects in Massachusetts, where plaintiff resided and conducted academic, social and business activities. When construed in the light most favorable to the plaintiff, the facts as pleaded are sufficient to support the allegation that Defendant Donais intended for his actions to cause injury to plaintiff in Massachusetts. Accordingly, plaintiff has sustained his burden of demonstrating the "purposeful availment" requirement.

c. **Reasonableness**: Even if plaintiff has demonstrated that both the "relatedness" and "purposeful availment" requirements have been met, the court's exercise of jurisdiction must also "comport with fair play and substantial justice." U.S.S. Yachts, 894 F.2d at 11. The Supreme Court has identified five "gestalt factors" that bear upon the fairness of subjecting nonresidents to this Court's jurisdiction. Sawtelle v. Farrell, 70 F.3d 1381, 1394 (1st Cir. 1995). These factors are as follows: (a) the defendant's burden of appearing in the forum; (b) the forum state's interest in adjudicating the dispute; (c) the plaintiff's interest in obtaining convenient and effective relief; (d) the judicial system's interest in obtaining the most effective resolution to the controversy; and (e) the common interest of all sovereigns in promoting substantive due process.

d. **Defendant's Burden:** Defending in a foreign jurisdiction almost always presents some measure of inconvenience. Thus, the First Circuit has required a defendant seeking relief from a court's exercise of jurisdiction based on this factor to demonstrate "a special or unusual burden." Sawtelle, 70 F.3d at 1395. Yet, here, the defendant claims no such burden, and the Court should note that Massachusetts is not an especially burdensome location for litigation for a NH-based defendant such as Mr. Donais, who practices law in MA.

e. **Forum State's Interest**: The First Circuit has indicated that "[t]he purpose of [this] inquiry is not to compare the forum's interest to that of some other jurisdiction, but to determine the extent to which the forum has an interest." Foster-Miller, 46 F.3d at 151. Here, a Massachusetts resident alleges that he has been the victim of defamation and other intentional torts that have caused him injury within the Commonwealth. A state "generally has a manifest interest in providing its resident with a convenient forum for redressing injuries inflicted by out of state actors. Burger King Corp. v. Rudzewicz, 471 U.S. 463, 573 (1985). Thus, Massachusetts has a clear interest in the outcome of this dispute. Moreover, Defendant has offered nothing to establish that a trial court elsewhere would be better able to do so, either for the Plaintiff or for the judicial system itself. See Women, Action & The Media Corp. v. Women In The Arts & Media Coalition, Inc., No. 13-10089-RWZ, 2013 U.S. Dist. LEXIS 97550, at *10 (D. Mass. July 12, 2013). This factor cuts in favor of a finding of personal jurisdiction.

f. **Plaintiff's Interest in Convenient Relief**: It is well-settled that "a plaintiff's choice of forum must be accorded a degree of deference with respect to the issue of its own convenience." Sawtelle, 70 F.3d at

1395. It is unquestionably more convenient for plaintiff, a Massachusetts resident, to litigate his claims in his home state. This factor cuts in favor of a finding of personal jurisdiction.

    g. **Judicial System's Interest in Effective Resolution**: Given the current circumstances, it would be a "potentially crushing burden" were plaintiff be required to pursue this action in NH. This indicates that Massachusetts is the best forum for effective resolution of his claim. Plaintiff also contends that any court hearing this action would have to apply Massachusetts law, as the injury occurred in the Commonwealth. Moreover, proceedings have already commenced here in MA, first in superior court and now in this court (due to removal) and thus they can be effectively resolved here. Thus, this factor cuts in favor of a finding of personal jurisdiction.

    h. **The Common Interest of All Sovereigns**: This factor is neutral and Defendant offers nothing of substance to counter the facts identified by Plaintiff.

108.     Lastly, in terms of notice of suit and other jurisdictional requirements, Mr. Donais was served the summons and original complaint on April 14, 2023 by certified mail (return receipt requested) and first class mail by the sheriff of Bristol County of New Bedford MA to both his home address and work address, and Mr. Donais was also served an amended complaint on May 8, 2023 by certified mail (return receipt requested) and first class mail by the sheriff of Bristol County of New Bedford MA to both his home address and work address. Mr. Donais has publicly (as well in his pleadings) acknowledged service of the summons and complaint and thus there is no issue with notice or service of this lawsuit as a prerequisite to invoke personal jurisdiction under Massachusetts Rules of Civil Procedure.

109.     Therefore, all jurisdictional prerequisites have been met regarding Massachusetts long-arm statute as well as concerning the initiation of this action involving Mr. Donais.

110.     Under these circumstances, Defendant Donais is not entitled to dismissal as a matter of law for lack of personal jurisdiction.

111.     NB: Once personal jurisdiction is met for Donais, then it meets judicial economy to keep the case in Massachusetts, otherwise the case would have to be split for Donais here in MA and other defendants in NH. This is not consistent with judicial economy, judicial efficiency and common sense jurisprudence.

## G. Further on Personal Jurisdiction

112.     The court views jurisdictional facts in the light most favorable to the plaintiff, but need not "credit conclusory allegations or draw farfetched inferences." Workgroup Tech. Corp. v. MGM Grand Hotel, LLC, 246 F. Supp.2d 102, 108 (D. Mass. 2003) (citations omitted); see Cepeda v. Kass, 62 Mass. App. Ct .732, 738 (2004).

113.     To determine whether personal jurisdiction exists, the court must consider: (1) whether "the assertion of jurisdiction authorized by statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution? Jurisdiction is permissible only when both questions draw affirmative responses." Good Hope Indus., Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6 (1979).

## H. The Long Arm Statute

114.     Under Section 3(a) of the Massachusetts Long-Arm statute "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's... transacting any business in this commonwealth." G.L. c. 233A, § 3(a). For jurisdiction to attach to a defendant under § 3(a), the facts must show that: (1) the defendant transacted any business in Massachusetts; and (2) the cause of action arose from that business. See Good Hope Indus., Inc., 378 Mass. at 6-7.

115.     The first requirement of Section 3(a) is interpreted broadly. Heins v. Wilhelm Loh Wetzlar Optical Mach. GmbH & Co. KG., 26 Mass. App. Ct. 14, 17 (1988). The phrase "transacting any business" thus encompasses "any purposeful act in Massachusetts, whether commercial or personal...." Good Hope Indus. Inc., 378 Mass. at 8; Ross v. Ross, 371 Mass. 439, 441 (1976). This requirement is "designed to identify deliberate, in contrast to fortuitous contacts with the forum by non- residents." Id. The second requirement for personal jurisdiction under § 3(a) requires the court to conduct a "but for" analysis and consider whether the plaintiff's claim "was made possible by, or lies in the wake of, the transaction of business in the forum State." Tatro v. Manor Care, Inc., 416 Mass. 763, 770-771 (1994).

116.     Here, Donais argues that the requirements of §3(a) have not been met because he is a resident of NH and has had only limited contact with Massachusetts. Donais' limited physical presence in Massachusetts, however, is not dispositive of the question of whether he transacted business in the state. See Good Hope Indus., Inc.,, 378 Mass at 11 (defendant need not be physically present in Massachusetts in order to transact business in the state).

117.     Donais has been a permanent resident of Massachusetts for years. He went to undergraduate college at University of Massachusetts Amherst for 4 years. Then he attended Suffolk University Law School for 3 years. That's at least 7 years he lived in MA. He obtained his law license to practice in MA and has engaged clients in MA for decades. Although he may not currently reside in MA today, he continues to practice law in MA and to regularly visit Massachusetts. Compare Callahan v. Harvest Bd. Int'l, 138 F. Supp. 2d 147, 159 (D. Mass. 2001) (website that did not mention ties between company and Massachusetts nor solicit Massachusetts residents insufficient to confer jurisdiction over out-of-state company).

118.     Donais statement about plaintiff concerned the Massachusetts activities of a Massachusetts resident. It is clear that "but for" Donais' activities, the alleged injuries to plaintiff's reputation and emotional well-being would not have occurred. See Tatro, 416 Mass. at 771-772. Taken together, Donais' activities indicate that he transacted business within the broadly construed meaning of §3(a). Accordingly, the requirements of the Massachusetts long-arm statute have been satisfied.

## I. Due Process

119.     Plaintiff must also establish that the exercise of jurisdiction would not violate the basic requirements of due process. This requires plaintiff to prove that defendants had "some minimum contact with the Commonwealth which resulted from an affirmative, intentional act of the defendant, such that it is fair and reasonable to require the defendant to come into the State to defendant the action." Good Hope Indus., Inc., 378 Mass. at 7. To establish that a defendant had the requisite minimum contacts, a plaintiff must demonstrate that: (1) the defendant purposely availed himself of the privilege of conducting activities in Massachusetts; and (2) the plaintiff's claim arises from, or relates to, the defendant's activities within the state. Tatro, 416 Mass. at 772.

120.     Here, Donais' contacts with Massachusetts were not isolated or fortuitous, but deliberate. Donais purposely engaged in business activity that required him to visit Massachusetts regularly over the course of many years, and to participate in other activities in MA.

121.     Similarly, even while Donais was at home in NH, he deliberately engaged in appearing via zoom various court hearings and interacted with judges when he was not a party to any of the proceedings.  See transcript of court hearing in Middlesex superior court with Judge Camile Sarrouf, in 2021.

122.     In light of these deliberate and voluntary contacts with Massachusetts, it should not be a surprise to Donais that plaintiff filed suit against him in Massachusetts. For these reasons, the court should find that Donais had the requisite minimum contacts with the state of Massachusetts.

123.     In addition to establishing minimum contacts, plaintiff has shown that jurisdiction over Donais does not offend traditional notions of fair play and substantial justice, and that jurisdiction is reasonable, "taking into account such factors as the burden on the defendant of litigating in the plaintiff's chosen forum, the forum State's interest in adjudicating the dispute, and the plaintiff's interest in obtaining relief." Tatro, 416 Mass. at 773.  Plaintiff has made the requisite showing.

124.     The burden to appear is not a controlling factor in this case. See Heins v. Wilhelm Loh Wetzlar Optical Machinery GMBH & Co. KG., 26 Mass. App. Ct. 14, 26 (1988). "[S]taging a defense in a foreign jurisdiction is almost always inconvenient and/or costly." Callahan, 138 F. Supp. 2d at 162, quoting Prizker v. Yari, 42 F.3d 53, 64 (1st Cir. 1994). Consequently, "[t]his factor is only meaningful where a defendant can demonstrate some kind of special or unusual burden." Id.

125.     Donais offers no affidavit to indicate that he would be unduly burdened by having to defend this suit in Massachusetts. Hilliard's affidavit does not offer any indication that he would be unduly burdened by having to defend this suit in Massachusetts.

126.     The remaining considerations germane to the present analysis persuade the court that the exercise of jurisdiction over Donais in Massachusetts does not offend traditional notions of fair play and substantial justice. See Tatro, 416 Mass. at 773.

127. Massachusetts has an interest in the outcome of the present dispute, which concerns. a Massachusetts resident who alleges that an out-of-state actor committed an intentional act that caused him injury within the Commonwealth. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985) ("A State generally has a manifest interest in providing its residents with a convenient forum for redressing injuries inflicted by out-of-state actors.") (quotation omitted). Moreover, as a Massachusetts resident, Bisasor has an interest in litigating in the state to obtain convenient and effective relief.

## VII. FURTHER ON GENERAL JURISDICTION OVER THE DONAIS DEFENDANTS

128. "[G]eneral jurisdiction requires affiliations that are 'continuous and systematic.'" Daimler, 571 U.S. at 132 n. 11 (quoting Goodyear, 596 U.S. at 919); Costa, 2021 WL 2338963 at *4.

129. "In determining whether a non-resident defendant is subject to its jurisdiction, a federal court exercising diversity jurisdiction is the functional equivalent of a state court sitting in the forum state." Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995).

130. Thus, to establish personal jurisdiction over a defendant, a plaintiff must satisfy the requirements of the Massachusetts long-arm statute and the Due Process Clause of the Fourteenth Amendment. KPM Analytics N. Am. Corp. v. Blue Sun Scientific, LLC, 2021 WL 2982866, at *7 (D. Mass. July 15, 2021). This is a two-step analysis. Id.

131. The Massachusetts long-arm statute, Mass. Gen. L. ch. 223A, § 3, provides a list of eight contacts with the State which can provide a basis for personal jurisdiction.

132. In this instance, the plaintiff relies on Section 3(a): "transacting any business in this commonwealth."

133. The plaintiff also satisfies the "relatedness" prong of the due process analysis, which means the plaintiff likewise satisfies the requirements of the Massachusetts long-arm statute.

134. "Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities." United States v. Swiss Am. Bank, Ltd., 274 F.3d 610, 618 (1st Cir. 2001).

135. Importantly, a court can exercise specific jurisdiction when the plaintiff's claim "arises out of" or is "related to" defendant's contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 8 (1984).

136. When specific jurisdiction is asserted, the First Circuit has developed a three-prong test for analyzing the due process considerations: first, the claim underlying the litigation should relate to the defendant's forum-state activities; second, the defendant's in-state contacts should represent a purposeful availment of the privilege of conducting activities in the forum state; and third, the exercise of jurisdiction should, in light of the "Gestalt" factors, be reasonable. United Elec. Radio Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir. 1992); see also Daynard, 290 F.3d at 60.

137. In this case, the Plaintiff satisfies this standard.

### A. Some of the Allegations in Plaintiff's Lawsuit Does Arise Out of or Relate to Donais' Contact With Massachusetts

138. In terms of the relatedness requirement of specific jurisdiction, the claims of the underlying the litigation should generally relate to the defendant's in-state activities. United Elec., 960 F.2d at 1089.

139. To be clear, the Amended Complaint alleges that Donais "conducts business in Massachusetts."

140. There is a connection or link between some of the forum related activity by Donais and the Plaintiff's causes of action.

141. Given the above, there are grounds for specific jurisdiction over Donais in Massachusetts.

### B. It is Foreseeable That Donais Would Be Subject to Jurisdiction in Massachusetts

142. "In determining whether the purposeful availment condition is satisfied, [the] key focal points are the voluntariness of the defendants' relevant Massachusetts contacts and the foreseeability of the defendants falling subject to Massachusetts's jurisdiction." Copia Comms., LLC v. AMResorts, L.P., 812 F.3d 1, 5 (1st Cir. 2016).

143. The two factors to consider are "voluntariness" and "foreseeability." Id. The requirement of "voluntariness" "depends upon the extent to which the defendants voluntarily took action that made it foreseeable they might be required to defend themselves in court in [the forum state]." PFIP, LLC v. Planet Fitness Enter., Inc., 2004 WL 2538489, at *7 (D.N.H. Nov. 10, 2004).

144.   The issue of foreseeability "ensures that a defendant will not be hailed into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or due to the "unilateral acts of another or a third person." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

145.   Because Donais conducts business in Massachusetts, it is foreseeable that Donais would be subject to jurisdiction in Massachusetts. Moreover, there are well-pleaded allegations in the Amended Complaint that Donais' law work and law business/employment involved the Commonwealth of Massachusetts.

146.   Given this backdrop, it is foreseeable that Donais could be called on to defend against a lawsuit brought in the Commonwealth of Massachusetts. Thus, the Plaintiff can meet his burden of establishing purposeful availment in this case.

### C. Exercising Specific Jurisdiction Over Donais in This Case Would Be Fair or Reasonable

147.   It is worth noting that exercising specific personal jurisdiction over Donais would be fair or reasonable in this instance. The third prong of the specific personal jurisdiction assessment asks whether a defendant has "engaged in any purposeful activity related to the forum that would make the existence of jurisdiction fair, just, or reasonable." United Elec., 960 F.2d at 1089. To make this assessment, courts in the First Circuit look to the "Gestalt" factors, which "put into sharper perspective the reasonableness and fundamental fairness of exercising jurisdiction in particular situations." Pritzker v. Yari, 42 F.3d 53, 64 (1st Cir. 1994). The five factors to consider are:

148.   Here, the forum has interest in adjudicating the Plaintiff's claims against Donais and there is a reasonable basis to permit the Plaintiff to pursue claims against Donais in Massachusetts.

149.   Importantly, the Amended Complaint seeks damages for harm or injury that occurred in Massachusetts. KPM Analytics, 2021 WL 2983866 at *12 (noting that a forum state would have interest in asserting jurisdiction over a defendant who causes tortious injury within its borders). In fact, the Complaint alleges illegal conduct within the Commonwealth of Massachusetts. Thus, the forum state has interest in adjudicating the Plaintiff's claims against Donais.

150.   After weighing the implicated factors, it would be reasonable or fair to find personal jurisdiction over Donais in this matter.

151.   Based on the foregoing, Defendants' Motion to Dismiss pursuant to Mass. R. Civ. P. 12(b)(2) should be DENIED.

### VIII. SPECIFIC REBUTTAL OF MOTION TO DISMISS

152.   Footnote 1 of the Donais Defendants motion to dismiss states: "*Plaintiff's Complaint, consisting of 901 single-spaced, reduced-font paragraphs over 92 pages with reduced margins, is prolix and, for that reason alone, subject to dismissal.*"

a.   The defendants forgets or ignores the fact that the complaint was filed in state court, not in federal court. The defendant removed it to federal court, so he cannot now after the fact try to apply more rigid standards that are not relevant to state court pleadings. The rules of procedure governing initial pleadings are not rigid in state court. The state court rules of procedure (MRCP Rule 8) reflect that the primary function of pleadings is not to formulate the precise issues for trial but rather to give fair notice of the claims and defenses of the parties, and that particularized pleadings merely result in wasted time and effort, because the claimed defects are matters of form which are subsequently corrected by amendment. Therefore it is clear that the rules envisions that correcting inadequacies in a complaint are best done by amendment. The rules of procedure shows that counsel should have made a motion for a more definitive statement. A motion to dismiss is improper where the core issue is vagueness or conclusions of law lacking adequate factual detail. Moreover, Rule 8(e)(2) permits a party to state as many separate claims or defenses as he has, regardless of consistency and whether based on legal or equitable grounds, and also permits a party to set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. Because Rule 8(e)(2) permits the plaintiff to set forth two or more statements of a claim in one count, this means that allegations in one count can be read into the allegations of another count A party's right under Rule 8(e)(2) to state claims based upon inconsistent remedies does not alter Massachusetts practice, see G.L. c. 231, § 7 (Sixth) (providing that a plaintiff shall not be required

16

to elect between causes of action where the remedies are inconsistent). By Rule 8(e)(2) , the pleader is entitled to state "as many separate claims . . . as he has regardless of consistency and whether based on legal or equitable grounds.".

b. Similarly, counsel fails to consider that this is not a typical simple lawsuit with one defendant and one plaintiff. This is a complex lawsuit with multiple defendants including both a major law firm entity. There are multiple parties and time and space is needed to lay out the claims against these multiple parties. Also, there are multiple claims alleged and some are alternate theories of claims. Further, the courts have favored resolution of all disputes between the parties in a single litigation. This is "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." Carteret, supra, at 38, citing Southern Construction Co. v. Pickard, 371 U.S. 57, 60, 83 S.Ct. 108, 110,9 L.Ed.2d 31 (1962). The principles of judicial economy and efficiency embodied in the Rules of Civil Procedure, also support resolution of all issues in one proceeding rather than through multiple, protracted litigation. The case involves multiple parties and multiple claims. Plaintiff cannot be hand-tied to defendants presumptions of short and plain statements, when many issues have been consolidated into one complaint. Plaintiff could have done separate complaints for the defendants. However, an amended complaint will allow for a more streamlined and definitive statement in federal court. Furthermore, in many instances the acts of one individual defendant is a reflection of the acts of the other defendants because of the relationships and the organizational dynamics involved. In many cases, these persons make decisions together as a group or at the very least in consultation with each other and they keep each other in the loop on what they are doing. Discovery is needed to dig deeper into the interplay of influence within these team dynamics. Inasmuch that Plaintiff has alleged that the defendants are working together and making decisions together, there are some acts done singularly and a second amended complaint will seek to articulate more clearly the specific acts of each individual defendant. Plaintiff has not failed to meet his burden of pleading as the defendant here suggests. Rule 8a clearly outlines the burden of pleading and it is much lighter and flexible than what the defendant suggests (i.e. he appears to be relying on the stricter standard applied by the federal civil rules of procedure and not the less stringent standard applied by the Massachusetts rules of civil procedure). Similarly, this does not in and of itself warrant dismissal of all claims or parties given the generous reading of pleadings afforded pro *se* filings such as the plaintiff's. The purpose of Rule 8 is to give parties  "fair notice of what [his] claims are and the grounds upon which [they rest]." Id.  Construed generously, the Amended Complaint provides the requisite notice. Accordingly, it is appropriate to review the Amended Complaint on its merits under Mass. R. Civ. P. 12(b)(6).

153. Page 1 of the Donais Defendants motion to dismiss states: "*Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC (the "Donais Defendants") have no significant contacts with the Commonwealth of Massachusetts other than Craig S. Donais' being admitted to the Bar in Massachusetts. Complaint ¶ 58.*"
   a. This is not true. Donais has significant contacts in and with Massachusetts.
   b. It is a manifest falsehood that Donais only contact is that of being admitted to the Bar in Massachusetts.
   c. See Exhibit – ADO document.
   d. Donais has had significant contacts in and with Massachusetts.
   e. See Exhibit – court cases.

154. Page 1 of the Donais Defendants motion to dismiss states "*Craig S. Donais is an attorney licensed to practice law in the State of New Hampshire and the Commonwealth of Massachusetts, and his practice, Donais Law Offices PLLC, is located <u>in</u> New Hampshire. Complaint ¶¶66, 83.*"
   a. This is not true.
   b. His practice also occurs in Massachusetts

155.    Page 1 of the Donais Defendants motion to dismiss states: "*Plaintiff tries to characterize Craig S. Donais as having significant contacts to Massachusetts, but all he alleges is that Craig S. Donais travels through Massachusetts to visit family or take part in recreational activities and is admitted to practice law in Massachusetts; all of his other allegations go toward information more than 20 years out of date or concerning Craig S. Donais's family and not himself. Complaint ¶ 58-69.*"

    a. This is misleading. It intentionally distorts what I have pled in the amended complaint. The focus of my statements about Donais' contacts with MA center for the most part on his activities as a lawyer. Not that he simply is admitted to practice in MA but does not actually practice here in MA. To try to insinuate that this is what I said in the complaint is intentionally false, misleading and obfuscates the truth. I have also pled that Donais himself as an individual has traveled to MA to conduct activities that was intended to injure me in MA and did injure me in MA.

    b. His regular travels to MA are also relevant. I allege he travels for family and recreation but also for work. If that was not clear, that is made clear here.

    c. Here, Donais admits all of the allegations asserted in the complaint but claims were from 20 years ago.

    d. He admits the statements about his family in MA.

    e. He cannot dispute facts in a motion to dismiss.

    f. Also, it should be noted that this lawsuit covers acts that reach back 6 years under a breach of contract theory. Therefore, the analysis of Donais' acts cannot be limited to only what is currently as of today. It must be based on what was current as of 6 or more years ago. In or around 6 years ago Donais was practicing law in MA, doing business in MA, appearing in courts in MA,  he was traveling regularly to MA.

    g. NB: Timeframe of this suite goes back 6 years. Hilliard got involved in 2019. He was still appearing in MA courts in 2018, 4.5 years ago.

156.    Page 1 of the Donais Defendants motion to dismiss states: "*Plaintiff similarly tries to characterize Mary K. Donais as having significant contacts to Massachusetts, but he alleges even less regarding her, namely that she used to live in Massachusetts and still travels there for family and recreational activities. Complaint ¶ 70-76.*"

    a. I also allege that she assists Donais with his law office/law work which includes his law work in Massachusetts. The acts ascribed to Donais and his law office are also ascribed to her.

    b. Her regular travels to MA are also relevant. I allege she travels for family and recreation but also for work. If that was not clear, that is made clear here,

157.    Page 1 of the Donais Defendants motion to dismiss states: "*Plaintiff finally tries to characterize Donais Law Offices, PLLC as having significant contacts with Massachusetts despite its being located in New Hampshire and organized under New Hampshire laws. Complaint ¶¶ 81-92.*"

    a. This is a disingenuous point.

    b. For purposes of this complaint, Donais' acts are the acts of his law office which includes his acts in Massachusetts.

158.    Page 1 of the Donais Defendants motion to dismiss states: "*Plaintiff admits that Craig S. Donais and Mary K. Donais live in New Hampshire and that Donais Law Offices, PLLC is located in New Hampshire. Complaint ¶¶ 83, 105, 60, and 72.*"

    a. The fact that Craig S. Donais and Mary K. Donais live in New Hampshire and that Donais Law Offices, PLLC is located in New Hampshire is not dispositive of whether there is personal jurisdiction.

159.    Page 1 of the Donais Defendants motion to dismiss states: "*Plaintiff states that having appeared as an attorney for others in Massachusetts cases, Craig S. Donais should expect to be personally subject to the jurisdiction of Massachusetts courts. Complaint ⸗109-111.*"

    a. Here, he does not dispute that he appeared as an attorney for others in Massachusetts case.

160.    Page 1 of the Donais Defendants motion to dismiss states: "*Plaintiff's claims concerning alleged statements made*

*by the defendants concern statements made to the courts, police, or other public bodies or organizations involved in petitioning activity.".*

   a.  I allege that he made statements to family. This includes his wife and his sons. These are not government or public bodies. This is not petitioning activity and it is not protected activity under GL 59H.

   b.  I also allege that he made statements to other lawyers outside of any proceeding or not for any proceeding but to interfere with my obtaining or maintaining representation. These are not government or public bodies. This is not petitioning activity and it is not protected activity under GL 59H.

   c.  Furthermore, statements to police are not petitioning if it is based on false information.

   d.  Also, I allege activity and conduct that have nothing to do with speech. I allege breach of contract, breach of fiduciary duty and violations of the rules of professional conduct regarding conflict of interest. These are not government or public bodies. This is not petitioning activity and it is not protected activity under GL 59H.

   e.  I allege he made statements to my lawyer that were false. These are not government or public bodies. This is not petitioning activity and it is not protected activity under GL 59H.

   f.  I allege he suborned perjury from witnesses and committed fraud. These are not government or public bodies. This is not petitioning activity and it is not protected activity under GL 59H.

   g.  I allege he committed fraudulent misrepresentation with respect to a settlement. These are not government or public bodies. This is not petitioning activity and it is not protected activity under GL 59H.

   h.  NB: The defendant move for dismissal on multiple grounds. But what is conspicuously missing is the grounds for dismissal being failure to state a claim or the lack of or insufficient facial plausibility of the causes of action. This implies that the defendant tacitly concedes that allegations concerning the causes of action against Donais being plausible or plausibly valid.

   i.  Plaintiff asserts jurisdiction pursuant to M.G.L. c. 223A, §3 which confers, in relevant part, personal jurisdiction "over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's (a) transacting any business in this commonwealth...(c) causing tortious injury by an act or omission here; (d) causing tortious injury by an act outside the commonwealth if it regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered." M.G.L. c. 223A, §3.

   j.  Plaintiff's allegations concerning personal jurisdiction does meet the required standard, as the Donais Defendants did cause tortious injury in the Commonwealth, and did cause tortious injury by act outside the Commonwealth while regularly doing business in the Commonwealth, and at least some of the Plaintiff's causes of action does arise out of business the Donais Defendants transacted in Massachusetts.

161.   Donais Defendants motion to dismiss states: "*Plaintiff goes so far as to say that traveling to see family or take part in recreational activities in the Commonwealth should subject the defendants to the Court's jurisdiction, a blatantly false assertion.*"

   a.  This is not false.

162.   Donais Defendants motion to dismiss states: "*In "Automatic" Sprinkler Corp. of America v. Seneca Foods Corp., 361 Mass. 441 (1972), the Massachusetts Supreme Judicial Court "held that there were insufficient contacts to assert jurisdiction under G.L. c. 223A, §3(a), where the defendant's only contacts with the Commonwealth consisted of the affirmance of a contract and the making of partial payments pursuant to the contract through the mails." Droukas, 375 Mass. at 153 (citing "Automatic" Sprinkler, 361 Mass. at 444). Indeed, in Droukas, the defendant, which had advertised in the Commonwealth, had telephone communications with the Massachusetts plaintiff, corresponded by mail with the Massachusetts plaintiff, and shipped goods in the form of engines to the Massachusetts plaintiff, was found to have inadequate contacts with the Commonwealth to warrant a finding of personal jurisdiction under the long-arm statute. Similarly, in P.I.E. Nationwide, Inc. v. New England Tech Air, Inc., 751 F. Supp. 316, 318 (D. Mass 1990), this Court held that a single shipment from Maine to Massachusetts did not constitute transaction of business within Massachusetts for purposes of the Massachusetts long-arm statute.*"

a. These cases are inapposite. The case here does not involve a single instance of doing services or business in MA, and it does not involve Donais simply having a telephone conversation with, corresponding with, or shipping goods to, a Massachusetts resident.

b. The Donais Defendants maintain a law practice in Massachusetts even if they do not maintain a physical law office within the Commonwealth.

c. Craig S. Donais, Mary K. Donais, and/or Donais Law Offices PLLC have had the contacts with Massachusetts sufficient for jurisdiction.

d. M.G.L. c. 223A, §§3(a) and 3(c) authorizes the necessary statutory jurisdiction over the Donais Defendants, because they have transacted business in the Commonwealth with sufficient contacts or caused tortious injury by an act or omission in Massachusetts.

e. Jurisdiction does exist under sections 3(a) and 3(c) of the Massachusetts Long-Arm Statute where defendants had contacts with Massachusetts that were connected with plaintiff's causes of action.

f. Subsection 3(d) provides that a person may be subject to jurisdiction in Massachusetts for acts or omissions outside of Massachusetts that cause tortious injury here but only if "he regularly does or solicits business or engages in any other persistent course of conduct" in Massachusetts. See M.G.L. c. 223A, §3(d).

g. Here, Donais regularly does business in MA, regularly solicits business in MA and from MA residents/clients.

h. Donais also regularly engages in persistent conduct in MA including family activities, recreation activities, shopping activities and work activities in MA, and spending time appearing in court hearings in MA.

163. Donais Defendants motion to dismiss states: *"Here, Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC have not regularly conducted or engaged in business in Massachusetts. see Cunningham v. Ardrox, Inc., 40 Mass. App. Ct. 279, 282 (1996) ("While manifestations, effects, and consequences of an out-of-State injury may be experienced in Massachusetts, they do not constitute `injury in this commonwealth' within the meaning of §3(d).")."*

a. This is false. Defendant and his counsel is lying to the court.

164. Page 1 of the Donais Defendants motion to dismiss states: *"For these reasons, the Court should find that M.G.L. c. 223A, §3 does not authorize the necessary statutory jurisdiction over Craig S. Donais, Mary K. Donais, and/or Donais Law Offices PLLC in this action and, therefore, dismiss the Complaint as against Craig S. Donais, Mary K. Donais, and/or Donais Law Offices PLLC. See Hood v. American M.A.N. Corp., 20 Mass. App. Ct. 937, 939 (1985) (holding that plaintiff has burden of demonstrating that the case fits one or another of provisions of Massachusetts long-arm statute); Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 6 (1979) ("Although presented with jurisdictional facts sufficient to survive due process scrutiny, a judge [is] required to decline to exercise jurisdiction if the plaintiff [is] unable to satisfy at least one of the statutory prerequisites [of M.G.L. c. 223A, §3].")."*

a. I have presented the court with jurisdictional facts sufficient to survive due process scrutiny and I have been able to satisfy at least one of the statutory prerequisites. I have demonstrates that the case fits one or another of the provisions of the MA long arm statute.

b. Court transcript with Sarrouf in 2021

c. Settlement in 2021.

d. Investigating me in 2021

e. Getting police connections to call me in MA and to seek out my address in MA

165. Donais Defendants motion to dismiss states: *"For example, in Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 212 (1st Cir. 1994), the First Circuit Court of Appeals held that considering the totality of the circumstances, the burden of appearance in a Massachusetts forum by a California lawyer in a defamation action was so onerous that it rendered the exercise of personal jurisdiction over the lawyer unreasonable and contrary to fundamental fairness. The court found significant that the lawyer's sole contact to Massachusetts was his alleged defamatory comment during an unsolicited telephone interview with a staff reporter for a Massachusetts newspaper. See Ticketmaster-New York, 26 F.3d at 212."*

a. This is not the case here. In fact the opposite is true. Donais has an active practice in MA.

166.    Donais Defendants motion to dismiss states: "*Similarly, many courts have held that merely holding a professional license for a jurisdiction does not create personal jurisdiction over the professional. See Eastboro Foundation Charitable Trust v. Penzer, 950 F. Supp. 2d 648 (S.D.N.Y. 2013) (merely holding a license to practice law in New York did not create personal jurisdiction over the attorney defendant); see Executive Law Group, Inc. v. Executive Law Group PL, 2014 WL 12577090 (C.D. Cal. 2014) (mere membership in the California bar does not establish personal jurisdiction over an attorney); see Katz v. Katz, 310 N.J. Super. 25 (Superior Ct. of NJ, Appellate Div. 1998) (license to practice law in the state did not create personal jurisdiction in a matter totally unrelated to the license); Statek Corp. v. Curdert Bros. LLP, 2018 WL 834227 (D. Conn. 2018) (lack of physical presence in the state and minimal income derived from Connecticut residents did not allow for establishing personal jurisdiction over an attorney); Estate of Logan by and Through Logan v. Busch, 574 F. Supp. 3d 660 (W.D. Missouri 2021) (membership in a state Bar is not enough to establish personal jurisdiction); see Robertsson v. Misetic, 116 N.E.3d 205 (App. Ct. Ill. 2018) (membership in a state Bar is not enough to establish personal jurisdiction).*"

    a.  I never alleges that merely holding a professional license for a jurisdiction creates personal jurisdiction over the professional nor did I allege that merely having membership in a state Bar is enough to establish personal jurisdiction. These are straw man arguments. What I allege is that holding a license, maintaining a license in MA along with the active and regular practice of law in MA with MA clients and appearing in MA courts, creates jurisdiction

    b.  Donais has a physical presence in the state through his active law practice in MA and derives substantial enough income from MA residents. This allows for establishing personal jurisdiction over an attorney in MA.

    c.  Such solicited and persistent activity by Craig S. Donais does constitute purposeful availment by the Donais Defendants of the benefits and privileges of Massachusetts' laws such that they should reasonably anticipate being haled into court in Massachusetts.

    d.  The court has general jurisdiction over Donais.

    e.  He purposefully engaged in significant contact with MA. Because the minimum contacts threshold has been more than met, general personal jurisdiction is established. Specific jurisdiction need not be established.

167.    Donais Defendants motion to dismiss states: "*The Donais Defendants' only contact with Massachusetts is that Craig S. Donais is admitted to the bar in Massachusetts, which contact is not related to Plaintiff's claims. Such an unsolicited, isolated activity by Craig S. Donais does not constitute purposeful availment by the Donais Defendants of the benefits and privileges of Massachusetts' laws such that they should reasonably anticipate being haled into court in Massachusetts.*"

    a.  This is false.

168.    Donais Defendants motion to dismiss states: "*Moreover, given the obvious lack of minimum contacts of the Donais Defendants with Massachusetts, the burden of their appearance in the present case, like that of the California lawyer in Ticketmaster-New York, is so onerous as to render the exercise of personal jurisdiction over the Donais Defendants unreasonable and contrary to fundamental fairness.*"

    a.  The defendants removed this case to federal court. 99% of the litigation will be conducted through e-filing and zoom appearances.

    b.  Counsel for the defendants hold a principal office in Boston MA near the federal court.

    c.  Donais travels regularly to MA and conducts business in MA. He appears in court hearings that he is not even a party to, as "an observer". He has demonstrated voluntary interest abnd willingness to appear in MA courts.

    d.  He has represented clients in MA courts.

    e.  It is preposterous for Donais to suggest that appearance in this case would be onerous or burdensome. It is just not true and does not pass the proverbial "smell test" or "laugh test" so to speak.

    f.  It is reasonable for the court to exercise jurisdiction

169.    Donais Defendants motion to dismiss states: "*Proper consideration of these factors results in the conclusion that personal jurisdiction should not be exercised over the Donais Defendants here. First, litigating this action in Massachusetts would impose a substantial burden on the Donais Defendants because they have virtually no contacts with Massachusetts.*"

    a.  Again this is not true.

b. Dismissal for personal jurisdiction would be improper because statute of limitations issues. The defendant should not be rewarded with totally blocking my ability to refile by obtaining dismissal.

## IX. IMPROPER VENUE

170. Dismissal for venue would be improper because statute of limitations issues. The defendant should not be rewarded with totally blocking my ability to refile by obtaining dismissal.

171. Venue is proper because personal jurisdiction is proper.

172. Massachusetts and New Hampshire are neighboring states which share a local economy for the New England region.

173. Massachusetts, the much larger state, has coming into it from New Hampshire many NH residents. It is not burdensome for Donais or Hilliard to defend in this venue.

174. Similarly, on information and belief, Upton & Hatfield has partners/members who reside or own property in Massachusetts. Therefore, on information and belief, some partners/members of the firm may be citizens of Massachusetts. According to information found on the internet:

a. Michael S. McGrath is a partner of the firm who regularly practices in "All Massachusetts State Courts" and "Massachusetts Federal District Court" and is currently sits on the Massachusetts Board of Bar Overseers (from 1997 – Present). He attended the evening division of New England School of Law while working as a paralegal at a general civil litigation firm and a trusts and estates firm in the Greater Boston area. During law school, Michael also served as an editor on Law Review, was a judicial honors intern with the Massachusetts Superior Clerk, and graduated cum laude in 2012. He is admitted to practice in Massachusetts and New Hampshire.

b. Jeanne Saffan, a partner, is admitted to practice in Massachusetts, New Hampshire, and New York and graduated Cum Laude from Suffolk University Law School in 2003.

c. Brooke L. Shilo, after college, worked for several years at the Harvard Stem Cell Institute and Massachusetts General Hospital.

d. Timothy J. Sullivan, a partner, began his legal career at a law firm in Chelmsford, Massachusetts where he represented individuals, municipalities, and businesses. Tim is admitted to practice in Massachusetts and New Hampshire in both state and federal courts.

e. Madeline K. Osbon, prior to joining Upton & Hatfield, was a legal extern at an employment and business litigation firm in Cambridge, Massachusetts, and also worked as an extern with the General Counsel of the Worcester Red Sox.

f. There are several more lawyers who have ties, affiliations to Massachusetts and/or actively practice in Massachusetts. NB: By the way this goes to the personal jurisdiction issue but that will be dealt with in a separate opposition filing later this week.

g. This shows that several of the lawyers at Upton & Hatfield have significant ties to Massachusetts, actively practice law in Massachusetts and/or lived in Massachusetts. It appears from these facts that Upton & Hatfield may have partners/lawyers who are citizens of Massachusetts. Neither the court nor I should be required to take their word for it especially since the removing defendant has already submitted false or perjurious statements to the court.

175. NB: Limited liability companies and partnerships are considered citizens of the states in which their members or partners are citizens. In larger LLCs or partnerships, this can be a large number of states, which often precludes removal on the basis of diversity jurisdiction.

176. It should also be noted that Upton & Hatfield has numerous clients in Massachusetts. A careful review of the NH secretary of state website reveals that Upton & Hatfield has many Massachusetts clients including businesses located in Massachusetts. This implies active and persistent solicitation of business from Massachusetts citizens and active representation of Massachusetts citizens in Massachusetts by Upton & Hatfield. When this is combined with the fact that many of Upton & Hatfield's partners are licensed in MA, admitted to the bar in MA, actively practice law in MA, a different picture of Upton & Hatfield forum-state

activities start to more fully emerge. Again, discovery is needed to drill further into this area ripe for establishing personal jurisdiction.

## X. PLAINTIFF REQUESTS DISCOVERY ON PERSONAL JURISDICTION AND IMPROPER VENUE ISSUES

177.    Discovery is needed to further attest to whether any of these lawyers live in or own property or businesses in Massachusetts.

178.    Jurisdictional discovery is appropriate prior to a determination on a motion for remand. (See Abrego Abrego v. Dow Chem. Co. (9th Cir. 2006) 443 F.3d 676, 691 [concluding that district court had not abused its discretion in denying defendant's request for jurisdictional discovery].) To the extent it may be helpful in proving that, e.g., complete diversity does not exist, the court should allow an opportunity to take discovery.

179.    The plaintiff asks the court to defer decision on the motion to dismiss, as necessary, to allow discovery on the issue of the citizenship of the partners of the Upton & Hatfield firm.

180.    Whenever a defendant raises lack of jurisdiction as a defense and the plaintiff demonstrates that its jurisdictional allegations can be supplemented through discovery, the law is well-settled that a plaintiff has the right to conduct jurisdictional discovery.

181.    "A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." El-Fadl v. Central Bank of Jordan, 75 F.3d 668, 676 (D.C. Cir. 1996); see also GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1351 (D.C. Cir. 2000); Edmond v. United States Postal Serv. Gen. Counsel, 949 F.2d 415, 425 (D.C. Cir. 1991); Crane v. Carr, 814 F.2d 758, 760 (D.C. Cir. 1987). See also Edmond, 949 F.2d at 425 (holding that, given the plaintiff's specific allegations, "it [w]as an abuse of discretion to deny jurisdictional discovery . . . ."); Crane, 814 F.2d at 760 (vacating, in part, the lower court's decision, because the plaintiff's "case was dismissed with no opportunity for discovery on the issue of personal jurisdiction").

182.    In this case, there is a jurisdictional issue raised. In personal jurisdiction challenges, discovery is proper when facing a motion to dismiss that includes a jurisdictional challenge.

183.    Jurisdictional discovery is warranted because the record currently before the court is plainly inadequate.

184.    Plaintiff has a "good faith belief that . . . discovery will enable [it] to show that the court has…jurisdiction over the defendant." Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC, 148 F.3d 1080, 1090 (D.C. Cir. 1998).

185.    As described below, through jurisdictional discovery, the plaintiff can supplement the existing factual basis supporting the court's exercise of personal jurisdiction over this case.

186.    This discovery should elicit further information about the above issues.

187.    Similarly, there are also important factual issues regarding citizenship of the law firm and other facts related to the contacts that Donais and Hilliard have with MA.

188.    The defendants cannot challenge or dispute these factual issues in a motion to dismiss or ask the court to resolve them in a motion to dismiss, without any discovery or summary judgment procedure.

189.    These are critical issues to resolve before the court can look at the larger questions of this case.

## XI. THE COURT SHOULD NOT TRANSFER TO NEW HAMPSHIRE

190.    It is not in the interest of substantial justice that this action be heard in another forum, and should not be dismissed in whole or in part.

191.    NH is not a suitable alternative forum. A transfer of this case to NH is not convenient or practical. It would be very inconvenient for me as the lone pro se plaintiff. I simply will not be able to afford travel to NH to litigate this case. The court should take into account that I was granted indigency status by the superior court. This indicates that it will be a financial burden on me to change forums to one out of state.

192.    It also redounds to judicial economy for this court to retain this in case in MA. If Donais has to stay because of personal jurisdiction is found, then Hilliard should stay as well. It would make no practical sense to

split the case with Donais in MA and Hilliard in NH. Similarly, if the court finds personal jurisdiction over Upton & Hatfield then Hilliard should stay as well.

193. The case also should not transfer because I can't find counsel in NH. There are too many conflicts because Donais and Hilliard are well-connected and influential in NH. Several judges including superior court and supreme court judges have had to recuse because of Donais and/or Hilliard.

194. Statements by the defendants were made in MA as well. For example, Donais made defamatory statements in MA as well. Hence, the controversy occurred in MA equally as well.

195. I dispute that it undoubted that NH law will govern the issues.

196. I also alleged that my reputation was harmed in MA and I suffered injury in MA.

197. Donais cannot use a motion to dismiss to dispute facts.

198. All documents are in electronic form including any court records. In today's electronic information age, documents can be accessed from anywhere. Defendant's argument about documents in NH require transfer or dismissal is meretricious and disingenuous. That notwithstanding, it should be noted that in fact some of the documents relating to the alleged false statements are in MA.

199. A federal court may transfer a case to another venue when it is more convenient for the parties and witnesses and in the interest of justice. Two key factors are: "the familiarity of the forum with the law that will govern the case; and [] the avoidance of unnecessary problems of conflict of laws or application of foreign law." Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008). The federal transfer statute essentially codifies the doctrine of forum non conveniens with respect to a transfer between different federal district courts.

200. A decision to transfer venue under section 1404(a) should be based on considerations of convenience rather than the possibility of prejudice resulting from a change in the law. In determining whether the Massachusetts district court would be bound by Pennsylvania's conflict rules, the Supreme Court pursued three lines of analysis. First, the legislative history of section 1404(a) showed that the statute's purpose was to promote convenience. Congress designed section 1404(a) to be "a federal judicial housekeeping measure,' not a vehicle for effecting changes in applicable substantive law. Second, the possibility of a change of law could turn the transfer device into a "forum shopping instrument."" Finally, because of the policies underlying Erie R.R. v. Tompkins, "the 'accident' of federal diversity jurisdiction [should] not enable a party to utilize a transfer to achieve a result in federal court which could not have been achieved in the courts of the State where the action was filed. The court will continue presiding over the case and apply the non-forum state's law. Willis v. Green Bay & W.R. Co., 326 U.S. 549 (1946). The court also may grant a plaintiff leave to amend to reassert her claims under the non-forum state's laws. See, e.g., Cicero v. Liberty Mut. Ins. Co., No. 15-CV-076, 2016 WL 6571235, at *2 (M.D. Fla. Jan. 7, 2016).

201. NH does not have jurisdiction over the MA state law claims. Facts occurred in MA as well as NH. NH is not convenient.

202. Dismissal would be improper because statute of limitations issues. The defendant should not be rewarded with totally blocking my ability to refile by obtaining dismissal.

## XII. THE MOTION TO DISMISS SHOULD BE DENIED BECAUSE THE PLAINTIFF'S INTENDS TO AMEND THE COMPLAINT IN FEDERAL COURT

203. The plaintiff intends to amend the complaint in federal court.

204. This case was removed from superior court on 6/12/23. I was blindsided by the snap removal to federal court by the defendants. Given that this matter is now before the federal court, I need an opportunity to amend my complaint in federal court. Similarly, there are additional acts by the defendants that have occurred since the filing of the complaint in superior court, that I need to bring to the attention of the federal court. This includes further acts that show acts of further interference with advantageous relations, acts that show conspiracy to commit torts, and acts designed to violate my civil rights. This information was not available prior to filing of complaint in superior court. I also intend to add a defendant as a necessary party.

205. The federal court freely allows complaints to be amended at least once in the federal court.

206. There is no bar to allowing amendments to a complaint once removed to federal court. See Freemanan v. Bee Mach. Co., 319 U.S. 448 (1943)(If the federal court has jurisdiction of the removed cause and if the

amendment to the complaint could have been made had the suit originated in the federal court, the fact that the federal court acquired jurisdiction by removal does not deprive it of power to allow the amendment.).

207. I am not as familiar with all of the rules and standards of the federal court. As this court is aware, litigating this case in federal court is an entirely different matter than litigating in state court. As a pro se plaintiff, I may not be able to plead my claims like a lawyer would. I thus need help to do so. But first I need an opportunity to do so. So I ask the court to allow me to do so.

208. I hereby preserve all rights waiving no rights whatsoever.

209. I could be significantly prejudiced without allowance of an amendment to the complaint.

## XIII. THE MOTION TO DISMISS SHOULD BE DENIED BECAUSE OF THE PENDENCY OF ANOTHER RELATED PROCEEDING AND APPEAL IN STATE COURT

210. The court enters a stay on this proceeding due to pendency of another related proceeding and an appeal in state court, (which existed prior to the case being removed to this court).

211. There is another proceeding related to this case that was pending prior to removal.

212. There is also an appeal pending on related proceeding, in the state appeals court that was pending prior to removal.

213. The related matters are closely tied to the issues of this case. There are important rights that must be resolved before this case can proceed. For example, there might be the need to consolidate cases into this court or otherwise I should be allowed an opportunity to have the state court matters proceed, in lieu of this proceeding in this court.

214. I believe the intention of this removal is to frustrate and prejudice these proceedings in state court.

215. I also intend to move to remand this case.

216. However, I also have pending motions that were not ruled on in superior court prior to removal to this court including a motion to enter default against defendants Craig Donais and Russell Hilliard.

217. A stay on this case would allow for those related matters in state court to be resolved so that this court does not issue orders that are in conflict with those matters.

## XIV. SPECIAL SECTION ADDRESSING LITIGATION PRIVILEGE IN HILLIARD DEFENDANTS' MOTION TO DISMISS

218. Unfortunately, attorneys sometimes partake in their clients' malfeasance. When they do, it is proper to hold them accountable. Here, defendants Russell Hilliard and his firm Upton & Hatfield, LLP ("Defendants") knowingly assisted Criag Donais ("Donais") with maliciously defaming Plaintiff and his spouse.

219. As described in the Complaint, Hilliard facilitated Donais' criminal libel which devastated the plaintiff's business, his reputation, and innocent people's lives.

220. By their Motion to Dismiss, the Hilliard Defendants are not challenging the well-pled allegations of plaintiff's defamation claim. Rather, they assert litigation privilege. As explained below, however, the Hilliard Defendants' privilege defense is a fact-intensive inquiry and does not apply.

221. Plaintiff alleges that Upton & Hatfield LLP is liable through the conduct of its partner Russell Hilliard. Defendants do not challenge plaintiff's basis for holding the law firm liable.

222. Here where the "speech" in question **– communication and documents sent to the police** --was not in good faith or under serious consideration. *Striberg v. Raymond*, **370** Mass. 105 (1976) (explaining the limits of the litigation privilege under Massachusetts law). Rather, the purpose of the communication was to defame the plaintiff and to intimidate and harass the plaintiff and his wife. As such, the privilege does not apply**, the** Motion to dismiss should be denied.

223. The plaintiff's aiding and abetting defamation and conspiracy claims are well-pled concerning two elements: "knowledge" (state of mind) and "substantial assistance." "State of mind," however, need only be "averred generally" under Mass. R. Civ. P. 9(b), which the Complaint does. "Substantial assistance" is well-pled based on the following allegations: (a) Hilliard drafted an email for Donais to use as part of his defamation campaign; (b) Hilliard encouraged Donais to use and disseminate the letter to intimidate plaintiff.; and (c) Hilliard has vouched for Donais. (Amended Complaint). In short, the Complaint is not merely "formulaic" or "speculative" regarding its accomplice theories of Hilliard's liability (i.e., aiding and abetting, conspiracy) - -

indeed, the opposite is true. For these reasons and as explained below, the Court should deny Defendants' Motion.

224. Donais and Hilliard conspired to send the email to the police to intimidate and harass the plaintiff and his wife. In short, the Complaint alleges that neither Donais nor Hilliard had a bona fide belief in the email's accusations (which they knew were false) or that future litigation was seriously considered.

225. Donais, with Hilliard's blessing, used the email to defame the plaintiff, which included direct attacks on the plaintiff and his wife.. Hilliard expressly encouraged and allowed Donais to use the emailer as part of his scheme, which was not otherwise publicly available. When the plaintiff raised issues concerning the legality of Donais' conduct, Hilliard vouched for Donais in a variety of forums. Indeed, the only attorney that Donais has ever identified as assisting him with his accusations is Hilliard, who supported Donais' efforts to intimidate and harass plaintiff.

226. Defendants do not challenge the adequacy of Plaintiff's defamation claim. Rather, as explained above, they tacitly concede its adequacy by asserting an affirmative defense at the pleading stage. See Nason Homes, LLC v. Billy's Constr., Inc., 2014 U.S. Dist. LEXIS 70604, *10 (M.D. Tenn. May 20, 2014) ("Defendants Mace Homes and Mace do not challenge the plausibility of Plaintiff's actual allegations. [Their] affirmative defense would more appropriately be presented on a motion for summary judgment.") As explained below, the litigation privilege does not apply to or bar plaintiff's defamation claim. Plaintiff's aiding and abetting and conspiracy claims, moreover, are well-pled and should be sustained. The Motion, therefore, should be denied.

### A. The Litigation Privilege Does Not Bar The Defamation Claim

227. The Hilliard Defendants assert that Plaintiff's defamation claim is barred by the litigation privilege. The privilege, however, applies to communications "preliminary to proposed judicial proceedings," "contemplated in good faith and under serious consideration." Striberg, 370 Mass. at 109 (application of the privilege "...is subject to the provisions that such proceeding is not to be employed as a shield of immunity for defamation where there is not serious consideration of suit."); Restatement (Second) of Torts §586 at Comment e, 248 (1976). Litigation privilege, moreover, is determined on an individualized basis, after a fact- specific analysis. See Giuffrida v. High Country Investor, Inc., 73 Mass. App. Ct. 225, 242 (2008).

228. NB: There was no suit seriously contemplated when the email was sent or when Donais went to interview with the police.

229. ("Whether or not an absolute privilege applies to such communications is determined on a case-by- case basis, after a fact-specific analysis."). Whether "contemplation" of a future proceeding is in "good faith" and under "serious consideration" are questions of fact for the jury. Id.; Meltzer v. Grant, 193 F. Supp. 2d 373, 377 (D. Mass. Mar. 28, 2002):

230. As to communications preliminary to a proposed judicial proceeding the rule [of absolute privilege] stated in this Section applies only when the communication has some relation to a proceeding that is contemplated in good faith and under serious consideration. The bare possibility that the proceeding might be instituted is not to be used as a cloak to provide immunity for defamation when the possibility is not seriously considered.

231. In Meltzer, the jury found that the defendants were not contemplating future litigation in good faith, and therefore the litigation privilege did not apply.

232. "No one (including Donais and Hilliard) has proffered any evidence substantiating these allegations of bugging his office or fabricating recordings with a fake voice attributed to Donais, which is grounded in pure fiction and no judicial proceeding ever occurred.

233. Donais and Hilliard cannot provide a single salient detail about these allegations.

234. Regardless, claims made to these investigative agencies of the police or the ADO are not judicial proceedings. See Restat 2d of Torts, § 586 (2nd 1979) (d. Judicial proceedings include all proceedings before an officer or other tribunal exercising a judicial function, on which see § 585, Comments c and f. As indicated there, an arbitration proceeding may be included.). Cf. Visnick v. Caulfield, 73 Mass. App. Ct. 809, 813 (2009) (EEOC and MCAD perform judicial functions).

235. The allegations were a stalking-horse for Donais' defamation which Hilliard knowingly assisted; and

236. The Complaint's allegations also create a strong inference that Donais and Hilliard made the groundless allegations for an ulterior purpose (to intimidate plaintiff) and, therefore, the privilege does not apply. See also Beecy v. Pucciarelli, 387 Mass. 589, 592-94 (1982) (attorney who knowingly agrees to bring a groundless suit

is not protected by the litigation privilege); see also Section B. infra. In sum, litigation privilege does not shield Hilliard because (a) the offending speech was "preliminary" to proposed judicial proceedings and, because it was a work of pure fiction, (b) was not contemplated in good faith or under serious consideration. See Striberg, 370 Mass. at 109; Meltzer, 193 F. Supp. 2d at 377.

### B. Email to Police Is Outside the Scope of The Litigation Privilege

237.    The litigation privilege's scope covers communications "in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding." Restatement (Second) of Torts §586 (1976); Kipp v. Kueker, 7 Mass. App. Ct. 206, 211 (Mass. App. Ct. 1979) (citing Restatement with approval and reversing dismissal of complaint based on litigation privilege).

238.    Yet, Defendants nowhere explain how the emails and communications at issue "pertains" or relates to any proposed judicial proceeding. Defendants cannot merely juxtapose two allegations and conclude that the two are sufficiently related for litigation privilege purposes. (Id.). Defendants' ipse dixit, however, does not substitute for proof to justify the litigation privilege. See Day v. Kekorian, 72 Mass. App. Ct. 1, 8 (2008) ("the record does not clearly show when Kerkorian first made the relevant statements, the purpose for which they were made, or Kerkorian's expectation when he made them. Each of those uncertainties is important."); (decrying conclusory allegations).

239.    Additionally, Plaintiff avers that the communications were widely distributed, allegations which also removes these communications and documents from the privilege's ambit. See Dolan v. Von Zweck, 19 Mass. App. Ct. 1032, 1033 (1985) ("Nothing in this record shows any conduct with respect to Dr. Von Zweck's letter which went outside the scope of the absolute privilege, as, for example, excessive distribution of the letter.") (emphasis added). Indeed, Donais used Hilliard to send these emails and "provide advice in furtherance of the defamation. As demonstrated above, the Court should not apply the litigation privilege to bar Plaintiff's defamation claim.

### C. The Aiding/Abetting Claim and Conspiracy Claim Not Barred By Litigation Privilege

240.    NB: As explained above, Defendants do not challenge the well-pled defamation allegations.

241.    The claims are also out of scope for assertion of the litigation privilege, as also established in the amended complaint.

242.    Aiding and abetting a tort -- here defamation - - requires: (1) underlying defamation, (2) defendants' knowledge of the defamation, and (3) defendants' active participation in, substantial assistance to, or encouragement of the defamation. See Spinner v. Nutt, 417 Mass. 549, 556 (1994) (applying aiding and abetting elements in the breach of fiduciary duty context); Restatement (Second) of Torts § 876 (1979) (illustrating that encouragement (exhortation) qualifies as substantial assistance; Kurker v. Hill, 44 Mass. App. Ct. 184, 192 (1998) (litigation privilege is limited to conduct in actual litigation, but not assistance generally); Harmon Law Offices P.C. v. Attorney General, 83 Mass. App. Ct. 830 (2013) (same; rejecting application of litigation privilege). Courts also apply a "low bar" to substantial assistance allegations at the pleading stage. See, e.g., Fiorillo v. Winiker, 85 F. Supp. 3d 565, 576 (D. Mass. 2015) (denying motion to dismiss where the plaintiff alleged that the defendant

243.    The complaint provides more than general averments of knowledge, which is all the pleading rules require. See Mass. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally."); Feldman v. Aspen Tech., Inc., 2007 Mass. Super. LEXIS 118, *26 (Mass. Super. Ct. Feb. 26, 2007) ("the allegation that Aspen knowingly overstated its revenue by improperly accounting for license transactions by recording them on a sell-in or up-front basis rather than a sell-through or consignment basis is specific enough to comply with Rule 9(b).").

244.    Hilliard "knew" that the contents of the email to the police were false.

245.    Hilliard advised Donais regarding his defamation and vouched for Donais' malfeasance. In short, the Complaint adequately pleads "knowledge" of the defamation.

246.    Hilliard is the only attorney Donais has ever identified as advising him regarding the false allegations against the plaintiff; (b) Hilliard sent the email to the police;

247.    In short, the allegations about Hilliard's role/assistance are based on specifically pleaded facts.

248.    The complaint alleges facts (including reasonable inferences derived therefrom) which demonstrate substantial assistance: Hilliard drafted, or assisted in drafting the email to the police, a work of pure fiction

designed solely to inflict harm on Plaintiff's reputation, and/or advised Donais to send the email to the police; and has effectively vouched for the validity of Donais' defamation to a critical third party, which allowed the defamation to continue and to spread department-wide in police force.

249.    Viewed in the light most favorable to Plaintiff, these straightforward allegations sufficiently plead that Hilliard substantially assisted Donais' tortious conduct. See Johnson v. City of Shelby, 135 S. Ct. 346, 347 (2014) (complaints should not be dismissed which "simply, concisely, and directly" allege the "events that" "entitle[] them to [relief].").

250.    Plaintiff does not contend that Donais ignored Hilliard's advice -- but rather Hilliard agreed to (and did) -- assist in the defamation. Put differently, Plaintiff's liability theory is not that Hilliard had a duty to plaintiff to stop Donais; rather, Hilliard directly participated in, encouraged and facilitated Donais' malfeasance. In sum, Hilliard crossed an accountability threshold.

251.    As to Plaintiff's civil conspiracy claim, the Complaint pleads that element. Regardless, conspiracy requires (a) a common design or agreement between two or more people to commit a wrongful act and (b) some tortious act done in furtherance of the agreement. See Finlay v. Fischbach & Moore, 1998 Mass. Super. LEXIS 558, *17 (Mass. Super. Ct. Aug. 26, 1998); Aetna Casualty Surety Company v. P&B Autobody, 43 F.3d 1546, 1564 (1st Cir. 1994); see also Restatement (Second) of Torts, 876 (1977).

252.    Plaintiff's complaint alleges these elements, namely that Hilliard and Donais entered into an agreement to defame Plaintiff and acts of defamation - - tortious conduct - - followed thereafter which Hilliard assisted.

### D. Counsel for the Hilliard Defendants Did Not Confer With Plaintiff Regarding The Motion to Dismiss Pursuant to Rule 7.1.

253.    "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Fed. R. Civ. P. 7.1(a)(2).

254.    Counsel for the Hilliard defendants did not confer at all with the plaintiff before filing their motion to dismiss. This was a flagrant violation of the rule 7.1.

255.    Therefore, the court should deny defendants' motion to dismiss for failing to comply with the Federal Rules of Civil Procedure.

## XV. ADDITIONAL POINTS

256.    I allege the following either on personal knowledge or on information and belief.

257.    I allege that Mary Donais actively assists Craig Donais with his law business and law practice including activities in MA. Therefore, it is alleged that Mary Donais fully aids, abets and conspires with Craig Donais in his acts and conduct at issue in the complaint. Hence, the acts of Craig Donais are imputed to Mary Donais, and vice versa.

258.    Similarly, I allege that Donais Law Office PLLC is the alter ego of Craig Donais. Hence, the acts of Craig Donais are imputed to Donais Law Office PLLC and vice versa.

259.    I also allege that Craig Donais and Mary Donais has engaged in defaming me to their family members including to their sons, and to each other and to other family in MA as well. Discovery will reveal the extent of the defamation and how widespread it is.

260.    None of the above is directed at any public body or government. All defamatory acts are directed at private persons, as part of the defamatory scheme and campaign of Craig Donais and Mary Donais.

261.    Also, all of the counts that apply to Craig Donais are imputed to Mary Donais and Donais Law PLLC.

262.    Similarly, I also allege that both Donais and Hilliard engaged in fraudulent misrepresentations to me as it pertains to inducing me to agree to allow them to be involved in a global settlement negotiation with Hilton defendants, for which their intent was only to sabotage the settlement for the other defendants, and that they lied to me and deceived me into fake negotiation offers, which were reneged on and withdrawn at the last minute for no reason, right as the settlement paperwork was about to be finalized and signed by 20 other defendants. Again, this has nothing to do with any petitioning activity as the conduct was directed towards me.

263.    I hereby allege that the Donais defendants are represented by insurance counsel for Donais' malpractice insurance and that the Hilliard defendants are represented by insurance counsel in this case. I also allege that the insurance carriers know that the liability of the defendants is clear but yet they have refused to offer prompt settlement as required under Section 176D. This fact is supported by the fact that the defendants have not challenged the complaint on the basis of failure to state a claim. This is a tacit admission of the factual validity

of my claims. I have asked counsel for the defendants for the name of the insurance carrier several times and they refuse. I told them I intend to add insurance carriers as a defendants to this case, they still refuse and obstruct. I offered to engage in settlement with insurance carrier and insurance counsel. They refuse. I asked defense counsel to confirm that they are insurance counsel. They refuse. The conduct above is a violation of Section 176D. On information and belief, the insurance carriers are citizens of MA and thus addition of them to the caser would destroy diversity. Without a name, I have been obstructed in adding them as a defendant. Thus I hereby seek permission from the court to add them a Company Doe 1 and 2, in the meantime until discovery or a court order can be had.

264.     I also allege that the defamation claims, the MCRA claims, aiding/abetting and conspiracy claims, 93A claims, breach of contract and breach of fiduciary duty claims are one continuous string of events designed together to injure, retaliate, undermine, intimidate me. The Defamation claims flows out of the breach of contract and fiduciary duty/legal malpractice claim which is the genesis of this whole story, which is at core a story about a lawyer who turned against his vulnerable client and embarked on a campaign to damage and teach him a lesson using his legal skills and connection to try to crush him.

## XVI. CONCLUSION

265.     It should be noted in closing, once again, that the defendants have tacitly conceded that the plaintiff has stated factually valid claims and do not contest the facial plausibility of the plaintiff allegations.

266.     I hereby incorporate the facts of the amended complaint into this document and I hereby plead that the statements of fact made in the amended complaint (as well as herein) are true and correct to the best of my knowledge are hereby verified under oath.

267.     NB: Please grant a pro se liberal construction to this pleading.

268.     Accordingly, the plaintiff respectfully requests that the Court deny the defendants' motion to dismiss in their entirety or grant reasonable discovery in interests of justice.

269.     WHEREFORE, for the foregoing reasons, Defendants' Motion to Dismiss should be denied

### SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY

Respectfully submitted,
Andre Bisasor
/s/andre bisasor

679 Washington Street, Suite # 8206
Attleboro, MA 02703

Date: July 19, 2023

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was or will be served to the parties in this case via the court's electronic filing/service system.

/s/andre bisasor
Andre Bisasor

679 Washington Street, Suite # 8-206
Attleboro, MA 0270

29