UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR,
    Plaintiff

Vs.                                        CASE NO.: 1:23-CV-00374-JL

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
UPTON AND HATFIELD LLP and
MARY K. DONAIS,
    Defendants

### DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S OBJECTION TO PLAINTIFF'S MOTION TO REMAND (DOC. 84)

Defendants, Craig Donais, Donais Law Offices PLLC and Mary K. Donais (collectively "Donais Defendants"), by and through their counsel, Morrison Mahoney LLP, request that this Honorable Court deny the Plaintiff's Motion to Remand (Doc. 84) as there is diversity and federal subject matter jurisdiction in this action.

### BACKGROUND

Through his First Amended Complaint (the "Complaint") in this action, Plaintiff asserts claims for defamation, libel, false light/invasion of privacy, tortious interference with advantageous relations, intentional infliction of emotional distress, civil conspiracy, abuse of process, violation of 42 U.S.C. §1981 against defendants Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC; civil rights violations, violations of M.G.L. ch. 93A, breach of fiduciary duty, breach of implied contract and breach of implied covenant of good faith and fair dealing against Craig S. Donais and Donais Law Offices PLLC; and aiding and abetting defamation against Mary K. Donais for statements and publications allegedly made by Craig S. Donais. See Complaint. Plaintiff is a resident of Massachusetts. Complaint ¶ 57. Defendant Craig Donais is a resident of New Hampshire.

Complaint ¶ 60. Defendant Mary K. Donais is a resident of New Hampshire. Complaint ¶ 72. Defendant Donais Law Offices PLLC is a limited liability company with a place of business in New Hampshire. Complaint ¶ 83. Defendant Russel F. Hillard is a resident of New Hampshire. Complaint ¶ 78. Defendant Upton & Hatfield is a business with its principal place of business in New Hampshire. Complaint ¶ 93.

Plaintiff has brought a cause of action under federal law, 42 U.S.C. § 1981. Complaint ¶ 866-885.

The amount in controversy is believed to be $500,000.00, based on Plaintiff's representations. Exhibit A, Defendant Upton & Hatfield's Notice of Removal, hereinafter, ¶ 4(b) and Exhibit 3 to Notice of Removal at p. 110 (Doc. 1-5). Attached hereto as Exhibit A is a true copy of Defendant Upton & Hatfield's Notice of Removal.

Defendant Upton & Hatfield removed this case from the Massachusetts Superior Court in Bristol County on June 9, 2023. Exhibit A. Removal was done within 30 days of Defendant Upton & Hatfield's receipt of the Complaint. Exhibit A, ¶ 1. All named defendants assented to the removal. Exhibit A, ¶ 1.

**ARGUMENT**

I. **The Court Should Not Remand This Action Because Diversity Jurisdiction Exists.**

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332.

Federal diversity jurisdiction exists where "there is complete diversity of citizenship between [the parties] and the amount in controversy exceeds $75,000.00, exclusive of interests and costs." Carrozza v. CVS Pharmacy Inc., 992 F.3d 44, 53 (1st Cir. 2021) (Where the plaintiff did not propose

a clear alternative to a previous stated amount, the previously stated amount was sufficient to satisfy the amount in question element of federal diversity jurisdiction.)  The "defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87-88 (2014).

Diversity in citizenship is not in question and was not raised by Plaintiff in his Motion to Remand.  All defendants reside in New Hampshire for diversity of jurisdiction purposes.  The Plaintiff is a resident of Massachusetts.  As such, there is complete diversity of citizenship between Plaintiff and all defendants.

The amount in controversy is in excess of $75,000.00.  Plaintiff claims in his motion that "[I] have not alleged a specific amount in controversy, because [I] [do] not have access to all of the information necessary to make a calculation."  However, in another complaint, Plaintiff alleged damages in the amount of $500,000.00 for the same actions alleged in this matter.  Similar to Carrozza, a prior representation may be relied upon where, as here, Plaintiff has not proposed a new amount of damages.  Plaintiff has also not alleged that the amount in controversy is less than $75,000.00 in an attempt to contest Defendants' allegation that the amount in controversy is in excess of $75,000.00.  As such, the Court may rely upon Defendants' assertion that the amount in controversy is in excess of $75,000.00.

Therefore, for the reasons stated above, federal diversity jurisdiction exists and the Court should deny Plaintiff's Motion to Remand.

> **II.    The Court Should Not Remand This Action Because Federal Question Jurisdiction Exists Based On Plaintiff's Count 13 For Violation of Civil Rights Statute 42 U.S. C. § 1981.**

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

3

"The vast majority of cases brought under the federal question jurisdiction of the federal courts are those in which federal law creates the cause of action." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986). "[T]he propriety of federal-question jurisdiction must be assayed based on what necessarily appears in the plaintiff's statement of his own claim." Lawless v. Steward Health Care System, Inc., 894 F.3d 9, 17 (2018).

The Plaintiff has brought a claim for violation of 42 U.S.C. § 1981 in his Complaint, Count 13.  Section 1981 is a law of the United States.  As such, this civil action arises under the laws of the United States.

Therefore, for the reasons stated above, federal question jurisdiction exists and this Court should deny Plaintiff's Motion to Remand.

## CONCLUSION

For all the foregoing reasons, Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC, respectfully request that this Honorable Court:

A.   Deny Plaintiff's Motion to Remand this Case to State Court; and

B.   Grant such other and further relief as is equitable and just.

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG DONAIS, DONAIS LAW OFFICES
PLLC and MARY K. DONAIS

*/s/ Linda M. Smith*

Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

103206904

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **OBJECTION** to all parties in this action by serving same via electronic mail to:

| | |
|---|---|
| Andre Bisasor, Pro Se<br>679 Washington Street, Suite #8-206<br>Attleboro, MA 02703<br>quickquantum@aol.com | William Saturley, Esq.<br>Daniel R. Sonneborn, Esq.<br>Preti Flaherty<br>60 State Street, Suite 1100<br>Boston, MA 02109<br>wsaturley@preti.com<br>dsonneborn@preti.com |

Date:   November 3, 2023                    */s/ Linda M. Smith*
                                             Linda M. Smith

103206904