UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**[EXPEDITED]**
**MOTION TO CONSOLIDATE DEADLINES FOR OPPOSITION TO MOTIONS TO DISMISS**
**AND/OR IN THE ALTERNATIVE**
**FINAL MOTION TO EXTEND TIME TO FILE OPPOSITION TO DONAIS DEFENDANTS'**
**MOTION TO DISMISS BASED ON NEW INFORMATION**

1. I, the plaintiff, hereby respectfully submit this **[expedited] motion to consolidate deadlines for opposition to motions to dismiss, and/or in the alternative final motion to extend time to file opposition to the Donais defendants' motion to dismiss**. In this motion, there is new information provided.

## I. BRIEF PROCEDURAL BACKGROUND

2. On 7/28/23, the court issued a procedural order for a 30 day deadline to refile motions previously filed in the MA federal court. This deadline fell on Monday 8/28/23.

3. On 8/23/23, a joint motion to extend time to refile motions was filed by the Defendants on behalf of the parties. On 8/23/23, the court granted the extension until 9/27/23.

4. Subsequently, on 9-22-23, I filed a motion for an extension of time of 30 days until 10/27/23 to refile motions from the MA federal court. The motion to extend time that I filed also was to apply to the defendants.

5. The defendants did not object to the extension. The court granted the extension until 10/27/23.

6. However, on 9/26/23, the Donais defendants filed a motion to dismiss, which was after the court granted the extension request, and after I indicated that I could not respond to any motion to dismiss within 14 days of the filing of such motion. Pursuant to the applicable rule, I had 14 days to file an objection, which would normally fall on or about October 10, 2023 (due to the long holiday weekend).

7. On or about 9/10/23, I then filed a motion to extend time to **file objection** to the motion to dismiss from the Donais defendants. The extension sought was for 45 days until November 21, 2023.

8. The Donais defendants filed an objection to that motion.

9. The court then granted it in part, limiting it to only 14 days until October 25, 2023, citing some of the points raised by the Donais defendants.

1

10. I did not have an opportunity to reply to the Donais defendants' objection before the court ruled, and thus the one-sided assertions made by the Donais defendants were not able to be rebutted.

11. I then filed a second motion to extend time to **file objection** to the motion to dismiss from the Donais defendants. The extension sought was for 21 days until November 15, 2023.

12. The Donais defendants filed an objection to that motion. I then filed a reply.

13. The court then granted it in part, limiting it to only 10 days until November 6, 2023.

14. The Hilliard defendants filed their motion to dismiss on 10/26/23.

15. The Hilliard defendants' motion to dismiss had a response deadline automatically set for 11/9/23.

16. I then requested an extension until 12/4/23, to which defense counsel assented.

17. The court most recently granted the extension until 12/4/23.

## II. OPENING STATEMENT

18. I am requesting that the court consolidate the deadlines for opposition to the motions to dismiss.

19. My opposition to the Hilliard defendants' motions to dismiss in this case is currently due on Monday December 4, 2023. My opposition to the Donais defendants' motions to dismiss in this case is currently due today on Monday November 6, 2023.

20. I am requesting that the court consolidate the deadlines for opposition to the pending motions to dismiss.

21. Hence, I am requesting that the deadline to file opposition to the Donais defendants' motion to dismiss to be **the same deadline** for filing opposition to the Hilliard defendants' motion to dismiss, which is 12/4/23.

22. Given that this request is for the same deadline to oppose the Hilliard defendants' motion to dismiss, this request therefor will not prejudice any party.

## III. GROUNDS FOR CONSOLIDATION

23. The Hilliard defendants filed a motion to dismiss on 10-26-23. The court granted an assented-to extension until 12/4/23. I will then oppose that motion by 12/4/23. So the court will not receive my opposition to that motion to dismiss until 12/4/23.

24. Thereafter, there will likely be a reply by the Hilliard defendants and a sur-reply by me.

25. Then there will be a hearing on the Hilliard defendants' motion to dismiss.

26. It is my understanding that the court cannot rule on a motion to dismiss without a hearing. The earliest date that a motion to dismiss hearing date can be set has to be after the opposition Hilliard defendants' motion to dismiss, and after the reply and sur-reply timelines have passed for the Hilliard defendants motion to dismiss. And it is also my understanding that there cannot be two motion to dismiss hearings. The court will likely have to set one motion to dismiss hearing for both motions to dismiss. Moreover, the court cannot resolve the Donais defendants' motion to dismiss earlier or quicker than the Hilliard defendants' motion to dismiss, especially since the Hilliard defendants have now incorporated the Donais defendants' motion to dismiss as included into their own (or at least certain aspects of it which is not made clear). Therefore, it makes no sense to rush the filing of my opposition to the Donais defendants' motion to dismiss, when doing so will not speed up the resolution of the Donais defendants' motion to dismiss.

27. It is therefore equitable to allow the same deadline for both motions to dismiss.

28. It facilitates alignment of scheduling for replies or sur-replies and any attendant hearing.

29. It allows me to address the incorporation of Donais defendants' motion with or within the Hilliard defendant's motion. The defendants have effectively combined their motions to dismiss. I should be allowed to combine my opposition to the motions to dismiss[1]. NB: I plan to prepare a combined opposition as I did in the MA federal court.

30. It would also serve judicial economy to have one hearing on the motions to dismiss. If there is one hearing on the motions to dismiss, then this motion should be allowed. NB: I filed a motion seeking clarification on whether the court will provide one hearing on the motions to dismiss. The court has not acted upon that motion as yet. The answer to that motion will further clarify the grounds for this motion. If the court answers that there will be one hearing on the motions to dismiss, then that will further support the bases for granting this motion.

31. It is only fair or reasonable that I can file my opposition to both motions to dismiss on the same deadline.

---

[1] NB: The federal court of MA made sure to set the same deadline to oppose the defendant's motion to dismiss to be the same deadline for both, because both motions to dismiss were going to be heard together in one motion to dismiss hearing. This is exactly how it was done in MA federal court. There is no reason why it should not be done the same way here. I therefore also combined my oppositions to the defendants' motions to dismiss in MA federal court.

32. There is no benefit to the court to separate the deadlines for oppositions to the motions to dismiss. There is no benefit to the defendants to separate the deadlines for oppositions to the motions to dismiss. There is no logical reasons to separate the deadlines for oppositions to the motions to dismiss. An opposition to the motions to dismiss filed earlier will not achieve an earlier dismissal if that is what the Donais defendants are hoping for.

33. NB: The Hilliard defendants have assented to the extension of time for me to oppose their motion to dismiss. This by itself shows that the court should consolidate the deadline to oppose both motions to dismiss, since the court will have to await the opposition to the Hilliard defendants motion to dismiss before being able to make any ruling on the motions to dismiss.

## IV. FURTHER GROUNDS FOR FURTHER EXTENSION IN THE ALTERNATIVE

### A. Update Regarding Travel

34. I would like to inform the court that I just returned home late on 11/4/23.

35. I had car trouble on the way back home that resulted in further delays returning home. NB: If the court wants I can proved evidence of this if necessary. The bottom line is that I am averring to the court that I only returned home on 11/4/23.

36. NB: In my prior motion to extend time, I alerted the court that I expected to return home by 10/26/23. However, I thereafter mentioned that 10/26/23 would no longer be feasible because I had to delay my travel in order to file the motions at the time.

37. I then, on 10/30/23, in the context of filing the re-filed motions and the errors/problems with the filing system, I indicated/alluded to the court that I still was traveling and was not home as yet.

38. So, I did not in fact reach home on 10/26/23, which was a premise of the court's last order extending the deadline to 11/6/23.

39. This is new updated information for the court.

40. Because I did not in fact arrive home on 10/276/23, then the factors that allowed that extension should now be adjusted in light of this new updated information.

41. Consequently, I was not able to prepare my opposition to the Donais defendants' motion to dismiss while returning home. I could not do the research and draft a proper opposition while traveling. Furthermore, As mentioned previously, I did not have my legal files, case files, research papers and other materials with me while traveling. I will be severely disadvantaged if forced to file my opposition now and to stand on the opposition as a defense to dismissal.

42. NB: In my prior motion, I had requested an extension until 11/15/23. If the court had granted that time as originally asked, I would not have needed to request this extension despite the additional delay in my returning home.

### B. New Information Regarding Defendants' Motions to Dismiss

43. The Hilliard defendants are using the Donais defendants' motion to be included in their own. This is new information the court evidently did not have at the time of the last ruling.

44. The Hilliard defendants are also arguing NH law in their motion to dismiss. But the Donais defendants are arguing MA law.

45. I therefore have to address conflicting law arguments from the defendants, in the opposition to their motions to dismiss. This has made my task that much harder.

46. This supports the need for consolidation of the deadlines and/or extra time to oppose the Donais defendants' motion to dismiss.

47. Because the Hilliard defendants have included the Donais defendants' motion to dismiss in their own motion to dismiss, this supports my request to consolidate the deadlines.

48. NB: It should be noted that the Donais defendants gave the court the impression[2] that the Donais defendants and the Hilliard defendants were operating separately, and this was offered as a ground for why their failure or

---

[2] The court should be reminded that prior to filing their objection to the 10-10-23 motion to extend time, the Donais defendants knew that the court granted the extension for refiling motions until 10-27-23. Because they knew it would give me less time to respond while dealing with travel and my emergency, and thus prejudice my ability to properly defend against a motion to dismiss during a vulnerable time. This was gamesmanship and oppressive tactics especially since they knew the Hilliard defendants were going to wait until 10-27-23 to file their motion to dismiss. The Donais defendants rushed to file their motion to dismiss after the court already granted my 9-22-23 motion to extend time to refile motions which included extension for the defendants as well. The Donais defendants knew that the Hilliard defendants intended to file a later motion to dismiss by 10-27-23 but did not disclose it to the court when they filed their objection to the motion to extend time on 10-10-23, citing the need for speedy resolution. This is a material omission that was misleading because if the court knew that the Hilliard defendants intended to file a motion to dismiss by 10-27-23, then the court would not necessarily have

5

refusal to inform the court of a material omission (that the Donais defendants knew that the Hilliard defendants intended to file a later motion to dismiss by 10-27-23 but did not disclose it to the court, when they filed their objection to the motion to extend time on 10-10-23, citing the need for speedy resolution) was not relevant. Yet now that the Hilliard defendants filed their motion to dismiss, it reveals a connection that is material, relevant and inescapable.

49. Furthermore, it is only common sense and common logic that the defendants are collaborating behind the scenes and coordinating their motions and responses. It would be unheard of for there to be no common defense or common interest collaboration/communication between the defendants (especially since Hilliard is Donais' lawyer in related matters).

50. I should be allowed to file a motion to dismiss at the same time that is required for the Hilliard defendants motion to dismiss.

51. Moreover, there will have to be time allowed for reply and sur-reply and then a hearing on the motions to dismiss. So this request will not delay the proceedings in any unwarranted way. It will not prejudice the defendants in any way.

### C. New Defenses

52. The Donais defendants have fundamentally transformed their motion to dismiss. It is not the same motion to dismiss. New defenses and arguments were added (such as failure to state a claim, and statute of limitations defenses, etc., which by the way is not allowed to be done after the initial deadline to file a motion to dismiss passed). The court gave the defendants an opportunity to refile the motion to dismiss that was filed in MA federal court, not to transform or add new defenses and arguments after the fact.

53. Moreover, it is the defendants who requested the case be transferred to NH. I was ready to address the case on the merits in MA. But the transfer to NH has created new issues of law that I had not researched or was not prepared for. The defendants also included new defenses that were not included before. This is the first time that these defenses have been introduced.

---

felt constrained to shorten the time for me to oppose the Donais defendants' motion to dismiss, since that would not have speed things up since another motion to dismiss would be forthcoming 30 days later.

54. If their motions to dismiss was a quick simple motion that would be a different thing. But it is not. It is a complex lengthy 28 page motion.

55. The case has a complicated procedural posture because of the transfer to NH federal court and the pending motions from MA federal court.

56. The court stated in last ruling on extension of time that it is my responsibility to manage complexity of the case. While I accept that point, it is also true that with new complexity not before contemplated, there should be an accommodation of time to address such complexity. I am not abdicating my responsibility. I am simply seeking a reasonable accommodation to address or discharge my responsibilities in this case.

57. This issue involves a dispositive or potentially case-ending motion to dismiss. Managing the complexity of a case in general is not the same thing as needing time to oppose a complex confusing tricky dishonest potentially case-ending motion to dismiss.

**D. The Defendants Have Sought/Received Multiple Extensions of Time To Prepare and File Their Motions to Dismiss**

58. The court should keep in mind that the defendants have had prior extensions[3] to prepare their motions to dismiss.

59. In state court, the defendants had until May 18, 2023 to file their answer or motion to dismiss. They both missed the deadline for that and so I filed motions for default in state court (which I filed again in federal court). Then the defendants opposed the default and then requested another almost 30 days to file their answer or motion to dismiss in state court. They then removed the case to MA federal court[4] and obtained another 7 days to file the motion to dismiss due to the removal rules in federal court. They then filed their motions to

---

[3] The defendants have asked for multiple extensions of time themselves when it suited them. For example, Attorney Ed Landers came to me in state court seeking more time to file an answer or response to the complaint in state court. He then also asked the state court for more than a month extension to file an answer or response. Then after being granted extensions by the state court, on the eve of the deadline for them to answer or respond, he removes the case to MA federal court. This reset the timelines for resolving the case because of the removal to MA federal court. If the Donais defendants were so concerned about speedy resolution of the merits, they would kept their promise to the state court judge that they intended to file their answer in state court by the extended deadline allowed by the state court judge. These actions by the Donais defendants contributed to delays in resolving the case. Then while in federal court of MA, they asked the federal court MA judge to transfer the case to NH, knowing that this would again cause delays in the resolution on the merits. And then after the case was transferred to NH federal court, they again asked this court for a 30 day extension to refile motions from MA federal court. If the Donais defendants were genuinely interested in speedy resolution of the merits, they would not have asked for these extensions or undertaken these maneuvers designed to delay the case.

[4] The removal to MA federal court thus further caused delays. Then they removed the case to NH federal court further causing delays, and after removing to NH, they sought extensions to re-file motions, and they did not refile their motion; instead they filed a new motion with new defenses (thus fundamentally transforming their motion to dismiss) and thus it is not the same motion to dismiss filed in MA federal court.

dismiss in MA federal court and also sought transfer to federal court of NH. After they obtained a transfer to this court, the defendants filed a motion to extend time to re-file their motions to dismiss by another 30 days. [NB: That time does not count for me because I still did not have any new motion to dismiss to oppose at the time]. Then when I filed for an extension of time to refile motions, the defendants did not object, and thereby benefitted from another 30 days extension of time.

60. Thus, the Hilliard defendants in particular got another 60 days extension of time to prepare and file their motion to dismiss in this court. I have an extension of only 25 days to oppose the motion to dismiss by the Hilliard defendants. I thus get less time than the Hilliard defendants have had to prepare their motion to dismiss.

61. If the court allows this motion to consolidate the deadlines for opposing the motions to dismiss, I will then have a total extension of about 54 days to oppose the Donais defendants' motion to dismiss, which is about the same time that the Hilliard defendants had to prepare their motion to dismiss in this court alone (which also incorporates the Donais defendants' motion to dismiss), and which is about the same time (or less time) that the Donais defendants have had to prepare their motion to dismiss when counting the total extensions they have had throughout the case, to do so.

62. Although the court noted in its last ruling on 10-25-23 that I have had 28 days to respond to the Donais defendants' motion to dismiss thus far, it should be noted that all of time was while I was away travelling. This time should not be held against me tightly.

63. The additional time I request is not unreasonable. Many cases, involving represented parties, have extensions of 30 to 60 days for oppositions to motions to dismiss allowed, depending on the circumstances, the procedural issues and/or complexity of issues in the case. This is not unusual or unheard of. What would be unusual is to treat this case differently simply because I am pro se and not a lawyer (especially since the defendants have been allowed at least 60 days to prepare their motions to dismiss).

64. It would not be fair to allow the defendants 60 days to prepare their motions to dismiss (even though nly one of them used that entire extension of time) and then cut back on the time I am allowed to oppose their motions to dismiss especially where they are effectively combined or intertwined by the defendants.

### E. Transcript

65. I still need the corrected transcript from MA federal court. As I have now returned home, I hope to obtain the corrected transcript once the matter is resolved by motion in the MA federal court.

66. NB: As stated before, the corrected transcript is needed because the corrected transcript will show that the motion filed by the Donais defendants is violative of the MA federal court's order. The defendants are not allowed to argue MA law because the federal court MA judge, in the motion to dismiss hearing, asked them to confirm that that will not argue MA jurisdiction if the case is transferred to NH, and they agreed and the MA court transferred the case with the understanding that they will not argue MA law but yet the Donais defendants have argued MA law in their new motion to dismiss in NH, even though they have averred that MA has no jurisdiction over the case because the events occurred primarily in NH. They cannot have it both ways. The transcript as it stands mangles the words of the judge and the parties, which tends to obscure this key point. This is critical to my opposition to the motion to dismiss. I need the corrected transcript for my motion to dismiss. Even if the defendants disagree with the legal argument, I must still be allowed to obtain the correct transcript which buttresses or proves my point. That is why time is needed for the transcript so that I can prove these points showing that the motion to dismiss by the Donais defendants is illicit, violative of a court order and of the rules.

### F. Pro Se Considerations

67. Pro se litigants should be allowed the necessary accommodation to have meaningful access to the courts and to effectively prosecute their cases and should be allowed the same accommodation and courtesy that big shot downtown lawyers are afforded all the time.

68. Multi-defendant litigation requires accommodation for a sole plaintiff. This accommodation usually occurs when plaintiffs are represented by counsel. It should be the same for a pro se plaintiff.

69. This accommodation requires that the court balance the equities in such a way that prevents the multiple defendants from badgering, oppressing or abusing the sole plaintiff.

70. NB: I have noticed an occurrence in several courts where although pro se plaintiffs are told they are expected to abide by the same rules, they are often treated more harshly than those represented by counsel. If a lawyer

representing a plaintiff made this same request, not only would it be agreed to by the defendants, but it would likely be allowed by the court. Also, as much as the court reminds me of the obligation to manage the case complexity and difficulties, I hope that the court can likewise remind the defendants of their responsibility to be collegial and not be unnecessarily uncooperative or combative and that they are to treat me as they would any other opposing lawyer in the NH bar and not lesser because I am pro se.

71. The defendants here are playing a strategic game. They leverage and collude their strategies and they seek to benefit from each other's efforts or moves when it suits them but then they seek to separate themselves when convenient. They should be estopped from asserting separation regarding their motions to dismiss since it has now been made clear that they two motions to dismiss are connected or intertwined.

72. I should be given every opportunity to properly and fully present my case.

73. I have not slacked off in this case but have shown diligence in prosecuting this case both in state court and federal court. I have not missed any deadlines and I have not missed any hearings but showed up for every hearing. This is not an attempt at unreasonable delay. I am doing the best I can as a pro se non lawyer.

74. NB: There are 3 defendants (the Donais defendants) who are represented by two lawyers of a big law firm (and they filed one motion to dismiss together), and another 2 defendants (the Hilliard defendants) who are represented by another two lawyers of another big law firm (and they filed a separate motion to dismiss together). Because there are multiple defendants and multiple defendant lawyers, I am already at a significant disadvantage.

75. I as a pro se plaintiff did not ask to litigate in federal court. It would be unfair to deprive me of a proper and full opportunity to present my best case especially where an award of attorney fees are at stake with the antislapp motion. An award of attorney fees in this case would literally bankrupt me given that I was granted indigency status by the state court and given that there are big law firms involved with at least 4 or more seasoned attorneys on the case, along with associates and paralegals assisting them on the case. The attorney fees would be astronomical, which is a source of a lot of emotional distress for me.

76. The new motion to dismiss by the Donais defendants carry very complex ramifications, as they argue MA law while also citing NH law in a confusing way. It is not easy for a pro se plaintiff to properly deal with it without

10

adequate time to prepare, to research the issues and case law. It is also now difficult to obtain an attorney to represent me in federal court because of the complexities and vagaries of federal court practice, compared to state court practice. I am at a disadvantage in federal court because of this as well as for the fact that I am not as familiar with federal court rules.

77. Similarly, there are other pending issues to be addressed including a motion seeking amendment of the complaint and a motion for default, as well as my request for limited discovery pursuant to antislapp statute, and for remand discovery issues etc., all of which I requested previously in my opposition in MA federal court. It should be noted further that there are also some other items that need to be brought to the attention of the court. These items include a request for appointment of pro bono counsel, a request to transfer of sealed files from state court which has not been transferred as yet, a motion to correct the record (regarding the fact that my motion to amend and motion for default were filed first before the motions to dismiss) and a motion for sanctions against the defendants including for making intentional material false statements to the court, and motion to stay decision on motions to dismiss in order to obtain limited discovery. I intend to further bring these to the attention of the court in my opposition to the motion to dismiss.

78. I am asking to be allowed adequate time to prepare my opposition/rebuttal to a complex and tricky motion to dismiss by the Donais defendants.

79. I am not asking for indefinite time but a specific reasonable time commensurate with the circumstances.

### G. Misleading Statements and Omissions by Donais Defendants

80. It should be noted that my task of opposing the Donais defendants' motion to dismiss is made much more difficult because certain dishonest statements were made in the motion to dismiss by the Donais defendants.

81. Also, in their opposing extension of time, the Donais defendants have gratuitously sought to relitigate issues from other cases by cherry picking things out of context and twisting prooftexts to assert false or flawed conclusions. The Donais defendants have also attempted to recount various cases that have nothing to do with the issue before the court and this reflects an attempt to negatively influence this court against me to obtain case advantage.

82. NB: Most recently in their oppositions to extension of time, the Donais defendants assert that they did not remove the case to federal court. But yet they assented to it, otherwise there would be no removal. Hence, their prior assent represents the collusion and collaboration among the defendants and this is the same as if the Donais defendants removed the case itself. This is the kind of disingenuous games and misleading hairsplitting that I have to deal with.

83. Similarly, the Donais defendants, in their oppositions to extension of time, also say they did not seek extension of time to refile motions that was filed by the Hilliard defendants and that it was the Hilliard defendants. But again they assented to it. They misleadingly leave that information out to mislead the court, as if they did not assent to it.

## H. Discovery

84. I need discovery pertaining to a motion to remand as well as pertaining to the antislapp defense/claim filed by the defendants. This was requested in MA federal court and is pending. This must be addressed before any motion to dismiss can be resolved.

## I. Amendment of Complaint

85. I also need to amend the complaint. I have a pending motion to amend the complaint that was filed in MA federal court but was not resolved. This must be resolved before any motion to dismiss can be resolved. I intend to refile the motion to amend the complaint that was filed in MA federal court. The MA federal court did not deny the motion but left it pending for hearing because there was evidently merit in my seeking to amend the complaint. This is especially true here where the Donais defendants have attacked the form of the complaint that was filed in state court. This further supports my request for an extension of time because these issues will need to be incorporated into the opposition. NB: I am not asking the court to rule on these separate issues via this motion. This is simply for information and context purposes.

## J. Remand

86. This court does not have jurisdiction over this case because the defendants failed to meet the removal prerequisites. Hence, the remand issues must be addressed first before any motion to dismiss is addressed.

87. The MA federal court should have addressed the remand issue before transferring to the NH federal court. Because of this, this is a major procedural issue that must be taken up and addressed before any motion to dismiss is heard. This includes the fact that there should be limited discovery pertaining to remand issues allowed. There should also be a separate hearing on remand prior to any hearing on the motion to dismiss.

88. The defendants have attempted to, by filing the motion to dismiss on 9/26/23, reorder the sequence of the issues that were pending in MA federal court. Either way, it is well established that a motion to remand, because of potential jurisdictional issues, must be sequentially resolved and addressed first before the substance or merits of the case can be addressed. Given this, the court should not rush to put forward an accelerated timeline for the motion to dismiss when a number of procedural issues and motions pending precedes the motion to dismiss. Because of the inherent cumbersome nature of a federal court transfer, the defendants have attempted to confuse the court regarding the procedural posture of the case by trying to get the court to lose sight of the fact that there are several procedural issues that must be addressed before any motion to dismiss can be heard. [NB: I am not asking the court to rule on these separate issues via this motion. This is simply for information and context purposes.]

89. Furthermore, this case has changed courts 3 times over about a year and a half, all by the defendants doing. Litigating in state court is different from litigating in federal court, especially for a pro se plaintiff. Litigating in MA federal court is different from litigating in NH federal court. These changes in courts or venue carry with it unusual procedural and rule changes that resets the litigation for me as a pro se litigant.

## V. CONCLUSION

90. This request is reasonable under the circumstances and is not intended to delay or prejudice any party.

91. In the alternative, if the court is inclined to deny the request to consolidate the deadlines for opposing the motions to dismiss or the request to extend the deadline for opposing Donais defendants' motion to dismiss to be the same deadline for the Hilliard defendants' motion to dismiss, then I in the alternative request that the court allow at least an extension of at least 7 more days to oppose the Donais defendants' motion to dismiss given that I just returned home.

92. If the court grants this motion (and now that I have returned home), then this will be the final request for extension regarding opposing the motions to dismiss.

93. Accordingly, I respectfully request that the Court allow this emergency/expedited motion.

94. Given that time is of the essence, I ask that the court issue an expedited order so that I can know how to proceed in advance of the expiration of the deadline today.

95. I attempted in good faith to obtain concurrence from the defendants but did not obtain it.

Respectfully submitted,<br>
/s/Andre Bisasor<br>
Plaintiff Andre Bisasor

November 6, 2023

**CERTIFICATE OF SERVICE**

This filing is served to all parties of record via the e-filing system.

/s/Andre Bisasor<br>
Andre Bisasor