UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR,
    Plaintiff

Vs.                                                         CASE NO.: 1:23-CV-00374-JL

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
UPTON AND HATFIELD LLP and
MARY K. DONAIS,
    Defendants

**OBJECTION TO PLAINTIFF'S MOTION TO CONSOLIDATE DEADLINES
FOR OPPOSITION TO MOTIONS TO DISMISS AND/OR IN THE ALTERNATIVE
FINAL MOTION TO EXTEND TIME TO FILE
OPPOSITION TO DONAIS DEFENDANTS' MOTION TO DISMISS
BASED ON NEW INFORMATION (DOC. 93)**

Defendants, Craig Donais, Donais Law Offices PLLC and Mary K. Donais (collectively "Donais Defendants"), by and through their counsel, Morrison Mahoney LLP, respectfully submit this Objection to Plaintiff's [Expedited] Motion to Consolidate Deadlines for Opposition to Motions to Dismiss and/or in the Alternative Final Motion to Extend Time to File Opposition to Donais Defendants' Motion to Dismiss Based on New Information (Doc. 93), stating as follows:

1. On 9/26/23, the Donais Defendants filed their Motion to Dismiss (Doc. 70).  On 10/10/23, Plaintiff filed his Emergency/Expedited Motion to Extend Time to File Objection to the Motion to Dismiss filed by the Donais Defendants.  (Doc. 73.) On 10/11/23, Donais Defendants objected to this motion.  (Doc. 74).

1

103222124

2. On 10/11/23, this Court issued an order on the motion, wherein this Court ruled in part as follows:

> It is Bisasor's responsibility to prosecute his case diligently, and the court must be mindful of the defendants' right to have this case move forward in a timely manner. Moreover, Bisasor was aware of the emergency that required him to travel "on short notice" at least as early as September 22, when he filed a motion to extend a different deadline on the same grounds, but he waited until October 10 – the deadline to file his response – to file the instant motion. Doc. no. 69 at 1. The court likewise does not find Bisasor's argument that he needs to wait for a "corrected" version of a transcript he already possesses to be good cause justifying a 45-day extension.
>
> Nonetheless, considering Bisasor's family emergency, the court finds there is good cause for a 14-day extension, which is a sufficient time for Bisasor to prepare and file his response to Donais's motion to dismiss. Accordingly, Bisasor's motion (doc. no. 73) is granted, and he shall file his response to the motion to dismiss on or before October 25, 2023. **Absent extraordinary circumstances, any further motions to extend the time to respond to Donais's motion to dismiss will be denied**.

(emphasis in original) (Doc. 75, p. 2).

3. Plaintiff now seeks until December 4, 2023 to respond to the Donais Defendants' Motion to Dismiss. Plaintiff's Motion does not demonstrate extraordinary circumstances, and his motion should be denied.

4. This is the second motion to seek an extension since this court's October 11, 2023 Order (and his third motion overall). On October 24, 2023, Plaintiff filed a Renewed and Modified Emergency/Expedited Motion to Extend Time to File Objection to the Motion to Dismiss Filed by the Donais Defendants or Motion to Reconsider Emergency/Expedited Motion to Extend Time to File Objection to the Motion to Dismiss Filed by the Donais Defendants (Doc. 77.)

5. Donais Defendants again objected to any extension of time to respond to their Motion to Dismiss. (Doc. 78.)

6. On October 25, 2023, this court granted Plaintiff's motion in part, extending the time in which Bisasor could respond to the Donais Defendants' motion to dismiss until November 6, 2023. This court, in granting the extension, reminded Plaintiff "that he is the one who brought this lawsuit. It is his responsibility to prosecute it diligently and to manage the resulting complexities and difficulties. Just as Bisasor is entitled to be heard, defendants are entitled to have their defenses heard expeditiously and the matter either resolved or advanced to the next stage." (Doc. 80, p. 2.)

7. Donais Defendants object to Plaintiff's third motion to extend his time to respond to their motion to dismiss. Donais Defendants incorporate by reference their objections to the two prior motions referenced above. (See Doc. 74 and 77.)

8. As previously argued, Plaintiff has filed several motions to extend various deadlines since filing his complaint in June of 2022. It has now been 16 months since Plaintiff filed the instant action. *Also, this is not the only action filed by Plaintiff against Craig Donais.* Plaintiff has also sued Craig Donais in Middlesex Superior Court, Docket No. 2081CV000087, alleging defamatory statements of the exact same type and nature, which claims were dismissed on August 2, 2021 and in New Hampshire for similar causes of action. Plaintiff is appealing the dismissal of the Massachusetts action on a pro se ex parte appeal to the Massachusetts Appeals Court, Docket No. 2021-P-0960 ("Andre Bisassor [sic] v. Craig Donais"). Plaintiff's wife has also filed two grievances against Defendant Craig Donais with the New Hampshire Attorney Discipline Office alleging the same facts. Plaintiff and Plaintiff's wife have also filed another civil action

3

against Craig Donais in New Hampshire in Hillsborough Superior Court North, Docket 226-2020-cv-00027.

9. Donais Defendants continue to dispute any wrongdoing, and Craig Donais has been disputing claims made by Plaintiff and/or his wife for several years in several venues.

10. Thus, while extensions are typically a matter of courtesy, the Donais Defendants wish to move forward in this matter. Plaintiff has already sought repeated extensions in this matter (related to service of process), and they do not wish to engage in another series of extensions, such as occurred in the Bristol Superior Court. Yet that is precisely what Plaintiff seeks. He proposes responding to the Donais Defendants' motion to dismiss 70 days after it was filed through this third motion to extend. The Donais Defendants again object to any extension given Plaintiff's demonstrated history of seeking successive extensions. Plaintiff already has been granted two additional extensions. Despite the last extension and his supposed failure to return home until November 4, 2023, Plaintiff waited until the day his objection was due to file another motion seeking an extension – this time a 14-page motion with 92 paragraphs.

11. On September 22, 2023, Plaintiff filed his Emergency/Expedited Final Motion to Extend Deadline to File Motions Previously Filed in the United States District Court for the District of Massachusetts by an Additional Thirty Days. (Doc. 69). In this motion, Plaintiff stated in part that he had "a family emergency that requires him to travel (long distance) on short notice concerning an elderly ailing parent." (Doc. 69, ¶ 7.) Next, Plaintiff claimed to be in this midst of traveling

4

by car for several days. (Doc. 77, ¶¶ 10-11.) In fact, he stated that he was "still in the midst of travel," as stated in his prior motion on October 10, 2023. (Doc. 77, ¶ 30.) He was traveling "alone by road travel." (Doc. 77, ¶ 31.) Despite traveling alone, he prepared and filed a 139-paragraph motion. (Doc. 77.) He purportedly was schedule to arrive home on October 26, 2023.

12. As grounds for the instant motion – filed on the date upon which his response to the Donais Defendants' Motion to Dismiss was due – he now states that he did not arrive home on October 26, 2023 due to car trouble. (Doc. 93, pp. 4-5.) Thus, in all three motions to extend, Plaintiff relies in part on the fact that he has been traveling or has needed to travel from September 22, 2023 until November 4, 2023.

13. Plaintiff also claims that arguments made by the Co-Defendants warrant "consolidation of the deadlines," i.e., an extension of time to respond to the Donais Defendants' Motion to Dismiss. This makes no sense, and consolidation of deadlines is not necessary. Quite the opposite. If, as Plaintiff alleges, the Donais Defendants and Co-Defendants have made different arguments, then he must separately respond to each. There is no reason to sync the two deadlines. Plaintiff may focus on the arguments by each set of defendants individually rather than be burdened with having to simultaneously research differing arguments to respond on the same day.

14. There is no reasonable basis to consolidate the deadlines. Plaintiff's baseless and legally unsupportable claim that he should be allowed to respond to both motions to dismiss at the same time is nothing but a further attempt to delay responding to

103222124

      the Donais Defendants' Motion to Dismiss.  Plaintiff has been engaging in delay tactics in this action since the case was first filed more than 16 months ago.

15. Donais Defendants filed their motion to dismiss on September 26, 2023, nearly six weeks ago.  Plaintiff, through this motion, seeks an additional four weeks to respond.  Thus, Plaintiff is seeking a total of 70 days to respond to a motion to dismiss.

16. Plaintiff in the instant motion also recycles arguments previously made in his prior motions.  For example, he claims in the instant motion that Donais Defendants have made dishonest statements" in their motion to dismiss, (Doc. 93, ¶ 80), where previously he claimed that the motion to dismiss is misleading and he requires more time.  (Doc. 77, ¶ 58.)  This argument remains flawed, as explained in prior objections.

17. Plaintiff's references to the need for discovery, his issue with the transcript, desire to amend the complaint, and his pending motion for remand also do not serve as grounds to grant the instant motion, again as outlined in prior objections.

18. Again, the refiling of Motions to Dismiss necessarily contemplates new arguments where the prior motions primarily were focused on jurisdictional arguments.  Moreover, there is nothing precluding Donais Defendants from moving to dismiss on any grounds at any time unless an argument has been waived.  Donais Defendants have not raised any new arguments that are waivable.  In any event, Donais Defendants have not waived any argument.  His renewed claim that new defenses warrant an extension also is insufficient.

19. Donais Defendants again state, as they did in their prior objections, that this is one of several actions by Plaintiff against Craig Donais and others. As noted above, there are actions pending in the Massachusetts Appeals Court and in the Superior Court of New Hampshire. There are also several related actions pending before the Supreme Court of New Hampshire. The instant action has been pending since June of 2022. The Donais Defendants deny all wrongdoing, and they rightfully would like to move forward in this matter. Also, as Plaintiff has not demonstrated extraordinary circumstances warranting an extension of an additional four weeks to respond to the Donais Defendants' Motion to Dismiss, the instant motion should be denied.

Wherefore Craig Donais, Mary K. Donais and Donais Law Offices PLLC respectfully request that this Honorable Court:

A. Deny Plaintiff's [Expedited] Motion to Consolidate Deadlines for Opposition to Motions to Dismiss and/or in the Alternative Final Motion to Extend Time to File Opposition to Donais Defendants' Motion to Dismiss Based on New Information (Doc. 93); and

B. Grant such other and further relief as is equitable and just.

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG DONAIS,
DONAIS LAW OFFICES PLLC and
MARY K. DONAIS

By Their Attorneys,

*/s/ Linda M. Smith*

Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **OBJECTION** to all parties in this action by serving same via First Class U.S. mail, postage prepaid and/or electronic mail to:

Andre Bisasor, Pro Se
679 Washington Street, Suite #8-206
Attleboro, MA 02703

William Saturley, Esq.
Daniel R. Sonneborn, Esq.
Preti Flaherty
60 State Street, Suite 1100
Boston, MA 02109
wsaturley@preti.com
dsonneborn@preti.com

Date:   November 6, 2023

*/s/ Linda M. Smith*
Linda M. Smith

103222124