UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON &
HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

## PLAINTIFF'S INITIAL OPPOSITION TO DONAIS DEFENDANTS' MOTION TO DISMISS

1.  I, the plaintiff in the above-captioned case, hereby submits this initial opposition to the motions to dismiss filed by defendants Craig Donais, Mary Donais and Donais Law Offices ("Donais defendants") filed on 9/26/23 and in support of his Opposition also files this incorporated Memorandum, setting forth Plaintiff's arguments and reasons why Defendants' Motions to Dismiss should be denied and this case should be allowed to proceed to discovery and to trial.

2.  I hereby incorporate the oppositions to the defendants' motions to dismiss filed in the MA federal court. I have also attached them here as exhibits for the court's convenience. See **Exhibit 1, 2 and 3**.

3.  This opposition hereby incorporates by reference all of the factual and legal arguments found in the filings wherein I asserted these defenses, including all of the factual and legal arguments contained in the Amended Complaint and in Plaintiff's Combined Opposition to Defendants' Motions to Dismiss and in Plaintiff's Combined Opposition to Defendants' Anti-Slapp Motions, and the supplemental oppositions and the attendant opposing affidavits filed in MA federal court.

4.  NB: I have not had adequate time to prepare this motion to dismiss. This opposition is therefore incomplete as it was prepared in a rush. Hence this is an initial opposition filed as a placeholder with the intent to subsequently file a supplement or an addendum or an amended opposition. This is to ensure that I am not prejudiced due to missing the deadline today.

5.  As grounds for this opposition, I the Plaintiff state the following.

### I.        INITIAL REBUTTAL ARGUMENTS

### A. The Antislapp Motion/Defense is Not Valid And Should Be Stricken or Ignored

6.  It is frivolous and bad faith for the defendants to assert an antislapp defense in NH federal court when NH law does not recognize antislapp as a defense and while they assert NH law applies. Since the NH federal

court presumably applies state law and because NH state law has declared that antislapp is unconstitutional, then this court cannot apply or recognize an antislapp defense under NH law. This antslapp defense therefore must be stricken.

7. It is unfair to allow the antislapp defense to stand when the MA federal court transferred the case to NH because the defendants argued that the events took place in NH and thus NH law applies.

8. It is a bait and switch for the defendants to now still assert an antslapp motion in NH after obtaining a transfer to NH.

9. It is highly unlikely that Judge Young would allow an antislapp motion in MA federal court. The defendants convinced Judge Young to transfer the case to NH but now still want to argue MA law in order to try to get an award of attorney fees. They cannot argue both NH law and MA law. It has to be one or the other.

10. In their first motion to dismiss filed in MA federal court, the Donais defendants assert antislapp defense and personal jurisdiction and forum conveniens defenses. No rule 12B motions were asserted. The Donais defendants let the MA federal court believe that the only defenses were those asserted.

11. If the MA federal court ruled on the merits, the defendants would have to stand on the defenses asserted.

12. NB: The Hilliard defendants argue NH law applies.

13. The defendants cannot assert an antislapp motion because the defendants assert that NH law applies. The defendants cannot assert both MA law and NH law.

14. The Defendants are not entitled to bring an anti-slapp motion under NH law. See also again **Exhibit 3**.

15. The Donais defendants claim in their motion to dismiss that NH law applies to this case. This assertion was used to support their contention that the case should be transferred to the NH federal district court.

16. They go on to further argue that the 93A claim asserted by me in my complaint would fall away if NH law is applied because NH law does have the MA 93A statute. This is not entirely true because NH does have an equivalent consumer protection statute so the consumer protection claim would not necessarily go away (assuming arguendo that defendants' argument that NH law applies to this case is correct). NB: Moreover, the NH consumer protection statute has less procedural requirements than that of the MA 93A law.

17. But all of this goes to a more important point. If NH law applies, then the antislapp motion must go away or fall away because NH does not have an antislapp statute. The defendant cannot have it both ways. This is a self-contradictory position and the defendants should be estopped from making it, as it contradicts their prior argument (supporting improper venue and forum conveniens), that NH law applies.

18. The defendants are not entitled to bring an antislapp motion under NH law. Therefore, the antislapp motion must be dismissed or denied.

19. So, because the defendants asserted their motion to dismiss for improper venue and forum conveniens and to transfer to NH, they effectively gave up their antislapp motion. They cannot have their cake and eat it too.

20. Similarly, Donais asserts that his statements were made in NH. Therefore, his petitioning activity would have occurred, to the extent any occurred, in the state of NH. But NH does not have an antislapp law. So Donais cannot assert antislapp claim while in NH and while under NH law. The same goes for Hilliard.

21. Moreover, Donais has asserted that Massachusetts and its court has no personal jurisdiction over him. He is also thus saying that MA law does not apply to him. Therefore, he cannot assert an antislapp claim in this case.

22. If this court has no personal jurisdiction over the defendants, then the antislapp motion must be dismissed.

23. Donais (and the other defendants) are seeking to obtain a windfall in this court, using Massachusetts law as both a shield and a sword, while also claiming this court and this state has no jurisdiction and that NH law applies in any event.

24. For these reasons, and those stated in **Exhibits 1, 2 and 3**, the Court should deny the Anti-Slapp Motion. Also, by statute, the Court may award plaintiff its reasonable fees and costs for opposing the Anti-Slapp Motion. Plaintiff requests that the Court provide plaintiff such relief.

## **B. New Defenses**

25. The Donais defendants have fundamentally transformed their motion to dismiss. It is not the same motion to dismiss.

26. New defenses and arguments were added (such as failure to state a claim, and statute of limitations defenses, etc., which by the way is not allowed to be done after the initial deadline to file a motion to dismiss passed).

27. The court gave the defendants an opportunity to refile the motion to dismiss that was filed in MA federal court, not to transform or add new defenses and arguments after the fact.

28. There was nothing preventing the defendant from asserting statute of limitations defenses or failure to state a claim defenses in the MA federal court.

29. Moreover, it is the defendants who requested the case be transferred to NH. But the defendants also included new defenses that were not included before. This is the first time that these defenses have been introduced. There was a time limit to filing a motion to dismiss or answer in state court and then in MA federal court upon removal. No additional time to add new defenses exists in the rules or case law. Once that time has passed, there cannot be new defenses added. The defendants must stand on the initial rule 12B defenses or other defenses asserted in its first motion to dismiss, as the initial deadline for such filing of defenses in a motion to dismiss has long passed during the MA federal court activities. The defendants are trying to abuse the system.

30. The Donais defendants cannot get a second bite at the apple with new defenses. It is not allowed under the law. This would be to try to exploit or create a loophole in the system. Fair is fair. New defenses cannot be added after the first motion to dismiss was filed.

31. By filing a second motion to dismiss with new defenses that were not previously asserted, the Donais defendants have violated the rules and the law. Their motion to dismiss must be stricken. The new defenses must be stricken. Otherwise, the second motion to dismiss should be converted to a motion for judgment on the pleadings, which requires discovery before any disposition of the motion can be done. They have violated the rules and are trying to get away with it.

## C. Donais Defendants Did Not Deny The Facts of This Case

32. Donais defendants did not deny the facts of this case in MA federal court.

33. Now they make blanket conclusory denials about wrongdoing but have not denied the facts.

34. This is telling. It is evident that they have tiptoed around this issue with blanket wording that avoids the bottom line or crux of the matter.

### D. Transcript

35. The defendants moved for dismissal in MA federal court arguing that the court does not have jurisdiction over them because the events took place in NH. See **Exhibit 6 and 7**.

36. The MA federal court judge stated in the MA federal court motion to dismiss hearing that the defendants are not to argue for jurisdiction dismissal once the case is transferred and the defendants agreed.

37. Similarly, the corrected transcript will show that the motion filed by the Donais defendants is violative of the MA federal court's order. NB: I hereby incorporate by reference my motions to extend time to refile motions and to file oppositions to the motions to dismiss filed in this court.

38. The defendants are not allowed to argue MA law and thus the cannot argue antislapp defense under MA law because the federal court MA judge, in the motion to dismiss hearing, asked them to confirm that that will not argue MA jurisdiction if the case is transferred to NH, and they agreed and the MA federal court transferred the case with the understanding that they will not argue MA law but yet the Donais defendants have argued MA law in their new motion to dismiss in NH, even though they have averred that MA has no jurisdiction over the case because the events occurred primarily in NH. They cannot have it both ways.

39. The transcript as it stands mangles the words of the judge and the parties, which tends to obscure this key point. This is critical to my opposition to the motion to dismiss. This is why I need the corrected transcript for this opposition. Even if the defendants disagree with the legal argument, I must still be allowed to obtain the correct transcript which buttresses or proves my point. The transcript shows that the motion to dismiss by the Donais defendants is illicit, violative of a court order and of the rules. NB: I ask the court to grant pro se liberal construction to my writing. The new motion to dismiss by the Donais defendants argue MA law while also citing NH law in a confusing way.

40. Similarly, there are other pending issues to be addressed now including a motion seeking amendment of the complaint and a motion for default, as well as my request for limited discovery pursuant to antislapp statute, and for remand discovery issues etc., all of which I requested previously in my opposition in MA federal

court. It should be noted further that there are also some other items that need to be brought to the attention of the court. These items include a request for appointment of pro bono counsel, a request to transfer of sealed files from state court which has not been transferred as yet, a motion to correct the record (regarding the fact that my motion to amend and motion for default were filed first before the motions to dismiss) and a motion for sanctions against the defendants including for making intentional material false statements to the court, and motion to stay decision on motions to dismiss in order to obtain limited discovery.

### E. Misleading Statements and Omissions by Donais Defendants

41. It should be noted that certain dishonest statements were made in the motion to dismiss by the Donais defendants. For example, they claim that the 6/18/19 comments by Craig Donais are time barred because I filed my complaint on 6/20/22, based on arguing a 3 year timeline for statute of limitations. But they lied to this court. First, I filed the complaint electronically in state court on 6/18/22 which was on a Saturday. The state court did not docket it until 6/20/22 because of the weekend. Second, because 6/18/22 fell on a Saturday, the deadline fell to the next business day of 6/20/22. Either way, the 6/18/19 comments would not be time barred. The defendants know this but they lied blatantly to this court in order to mislead this court in order to win at all costs, ethics and honesty be damned.

42. Similarly, they also fail to indicate that the statute of limitations for breach of contract is 6 years but instead give the court the impression that my claims are time barred because they were filed 5 years later. The Donais Defendants thus misled the court.

43. None of the Donais defendants' assertions regarding statute of limitations is correct. NB: I took great pains to preemptively address these points in my complaint, which debunks the defendants contentions in their motion to dismiss. Please carefully read my complaint in detail for more information which is incorporated herein.

44. There are numerous examples of such dishonest, false and misleading statements by the defendants. I intend to elaborate on this in my supplement to or amendment of this opposition.

### F. Discovery

45. I need discovery pertaining to a motion to remand as well as pertaining to the antislapp defense/claim filed by the defendants. This was both requested in MA federal court and is pending. This must be addressed before any motion to dismiss can be resolved.

46. First, there are critical facts that need to be resolved in order for the motion to remand to be resolved.

47. Discovery is appropriate prior to a determination on a motion for remand. (See Abrego Abrego v. Dow Chem. Co. (9th Cir. 2006) 443 F.3d 676, 691 [concluding that district court had not abused its discretion in denying defendant's request for jurisdictional discovery].) To the extent it may be helpful in proving that, e.g., complete diversity does not exist, the court should allow an opportunity to take discovery.

48. I hereby ask the court to defer decision on the motion to dismiss, as necessary, to allow discovery on the remand issues including the date of receipt of the summons and complaint by the defendants as well as the citizenship of the partners of the Upton & Hatfield firm.

49. Whenever a plaintiff demonstrates that remand allegations can be supplemented through discovery, the law is well-settled that a plaintiff has the right to conduct discovery.

50. "A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." El-Fadl v. Central Bank of Jordan, 75 F.3d 668, 676 (D.C. Cir. 1996); see also GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1351 (D.C. Cir. 2000); Edmond v. United States Postal Serv. Gen. Counsel, 949 F.2d 415, 425 (D.C. Cir. 1991); Crane v. Carr, 814 F.2d 758, 760 (D.C. Cir. 1987). See also Edmond, 949 F.2d at 425 (holding that, given the plaintiff's specific allegations, "it [w]as an abuse of discretion to deny jurisdictional discovery . . . ."); Crane, 814 F.2d at 760 (vacating, in part, the lower court's decision, because the plaintiff's "case was dismissed with no opportunity for discovery on the issue of personal jurisdiction"). In this case, there is a jurisdictional issue raised. In personal jurisdiction challenges, discovery is proper when facing a motion to dismiss that includes a jurisdictional challenge.

51. Jurisdictional discovery is warranted because the record currently before the court is plainly inadequate.

52. Plaintiff has a "good faith belief that . . . discovery will enable [it] to show that the court has…jurisdiction over the defendant." Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC, 148 F.3d 1080, 1090 (D.C. Cir. 1998).

53. As described below, through jurisdictional discovery, I the plaintiff can supplement the existing factual basis supporting the need for remand to state court.

54. This discovery should elicit further information about the above issues.

55. Similarly, there are also important factual issues regarding citizenship of the law firm and other facts related to the contacts that Donais and Hilliard have with MA.

56. The defendants cannot challenge or dispute these factual issues in a motion to dismiss or ask the court to resolve them in a motion to dismiss, without any discovery or summary judgment procedure.

57. These are critical issues to resolve before the court can look at the larger questions of this case.

58. Similarly, because the antislapp defense involves a summary judgment type of procedure, then some discovery is required as part of resolving the antislapp defense. Also, the antislapp statute allows specifically for limited discovery.

59. I request, in the interests of judicial equity, that the court permits an opportunity to take limited discovery in order to properly defend against the expanded nature of the defendants' motions to dismiss.

60. Consequently, by necessity, I also therefore request that discovery be allowed, without which I believe I would be deprived of proper due process, and of my right to a fair opportunity for a fair trial/proceeding.

61. I am only seeking very limited discovery. The court can narrowly tailor discovery to the proper limits.

62. I simply ask for the minimum necessary discovery to defend my case against the defendants' assertion and use of disputed facts outside of the complaint. I am also seeking limited discovery to establish any necessary facts that go to the arguments raised implicitly or explicitly by the defendants in this case. This also goes to the issue of the defacto conversion to a motion for judgment on the pleadings due to the fact that the defendants filed two motions to dismiss, the second one containing new rule 12B defenses that were not asserted in the first motion.

63. Limited discovery is appropriate in this case, in order to gather necessary information to support my claims and ensure a fair and just resolution of this case.

64. Limited discovery is in the interest of justice, as it will ensure a fair and thorough examination of the relevant facts, and contribute to the just resolution of this case.

65. If the court is inclined to rule in the defendants' favor in all aspects, at this motion to dismiss stage, without any discovery, then that would be unfair.

### G. Amendment of Complaint

66. Federal Rule of Civil Procedure 15 provides that "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).

67. In this case, defendants have not filed answers. They have only filed motions to dismiss.

68. Moreover, I filed my motion to amend the complaint in MA federal court before the defendants filed their motions to dismiss in MA federal court. See **Exhibit 4**.

69. Technically, according to the federal rules, I still have the right to amend the complaint once as a matter of course in federal court.

70. I also promptly filed a motion to amend the complaint on June 13, 2023, the day after the case was removed to MA federal court. The MA federal court did not act on this motion and thus it is still pending in this court after transfer. There was no undue delay in my seeking to amend the complaint.

71. There will be no prejudice to the defendants because they also amended their motion to dismiss recently due to the transfer to this court.

72. Here, my first motion to amend filed in MA federal court was timely because the MA federal court had not yet entered a scheduling order setting a deadline for filing motions to amend. Further, I acted within a reasonable time after defendants removed the case to MA federal court.

73. Similarly, the state court did not grant leave to amend the complaint because I did not seek leave of court because I amended the complaint prior to service of process on the defendants. I thus have the right to amend the complaint once as a matter of right in federal court after removal and before filing of a responsive pleading, which has not yet occurred in federal court.

74. I thus intend to amend the complaint. I have a pending motion to amend the complaint that was filed in MA federal court but was not resolved. This must be resolved before any motion to dismiss can be resolved.

75. I have refiled the motion to amend the complaint that was filed in MA federal court. The MA federal court did not deny the motion but left it pending for hearing because there was evidently merit in my seeking to amend the complaint. This is especially true here where the Donais defendants have attacked the form of the complaint that was filed in state court.

76. The defendants attack the portions of the complaint that deal with personal jurisdiction. Yet that was included because the complaint was filed in MA state court and I anticipated a personal jurisdiction challenge. Yet the defendants still want to deny me the opportunity to amend the complaint given that the case was removed to federal court and now transferred to NH. The defendants want the court to force me to stand on a complaint filed in MA state court, before it was served and before any removal to federal court occurred. The sections in my complaint dedicated to personal jurisdiction are thus moot because of the transfer and I should be allowed the chance to amend the complaint and/or at least to supplement the complaint based on the fact that the case is, first, now in federal court and second is now transferred to NH. It would be unfair to allow the defendants to amend their motions to dismiss in this court because the case is now in NH federal court but then deny me the same opportunity to amend the complaint now that the case is in NH federal court. This is the kind of unfair self-serving biased approach that counsel for the Donais defendants has shown a penchant for.

77. NB: This case was removed from MA state superior court on 6/12/23. I was blindsided by the snap removal to federal court by the defendants. Given that this matter is now before the federal court, I need an opportunity to amend my complaint in federal court. Similarly, there are additional acts by the defendants that have occurred since the filing of the complaint in superior court, that I need to bring to the attention

of the federal court. This includes further acts that show acts of further interference with advantageous relations, acts that show conspiracy to commit torts, and acts designed to violate my civil rights. This information was not available prior to filing of complaint in superior court. I also intend to add a defendant as a necessary party and to remove the sole federal claim.

78. The federal court freely allows complaints to be amended at least once in the federal court.

79. There is no bar to allowing amendments to a complaint once removed to federal court. See Freemanan v. Bee Mach. Co., 319 U.S. 448 (1943)(If the federal court has jurisdiction of the removed cause and if the amendment to the complaint could have been made had the suit originated in the federal court, the fact that the federal court acquired jurisdiction by removal does not deprive it of power to allow the amendment.).

80. I am not as familiar with all of the rules and standards of the federal court. As this court is aware, litigating this case in federal court is an entirely different matter than litigating in state court. As a pro se plaintiff, I may not be able to plead my claims like a lawyer would. I thus need help to do so. But first I need an opportunity to do so. So I ask the court to allow me to do so.

81. I hereby preserve all rights waiving no rights whatsoever.

82. I could be significantly prejudiced without allowance of an amendment to the complaint.

### H. Remand

83. This court does not have jurisdiction over this case because the defendants failed to meet the removal prerequisites. This case should be remanded because the court does not have jurisdiction, as outlined in my previously filed motion to remand that was pending in the MA federal court prior to transfer to this court. See **Exhibit 5.**

84. Hence, the remand issues must be addressed first before any motion to dismiss is addressed.

85. The MA federal court should have addressed the remand issue before transferring to the NH federal court. Because of this, this is a major procedural issue that must be taken up and addressed before any motion to dismiss is heard. This includes the fact that there should be limited discovery pertaining to remand issues allowed. There should also be a separate hearing on remand prior to any hearing on the motion to dismiss.

86. The defendants have attempted to, by filing the motion to dismiss on 9/26/23, reorder the sequence of the issues that were pending in MA federal court. Either way, it is well established that a motion to remand, because of potential jurisdictional issues, must be sequentially resolved and addressed first before the substance or merits of the case can be addressed. Given this, the court should not rush to put forward an accelerated timeline for the motion to dismiss when a number of procedural issues and motions pending precedes the motion to dismiss. Because of the inherent cumbersome nature of a federal court transfer, the defendants have attempted to confuse the court regarding the procedural posture of the case by trying to get the court to lose sight of the fact that there are several procedural issues that must be addressed before any motion to dismiss can be heard.

## II. THE MOTION TO DISMISS SHOULD BE DENIED BECAUSE OF THE PENDENCY OF ANOTHER RELATED PROCEEDING AND APPEAL IN MA STATE COURT

87. The court should enter a stay on this proceeding due to pendency of another related proceeding and an appeal in state court, (which existed prior to the case being removed to this court).

88. There is another proceeding related to this case that was pending prior to removal.

89. There is also an appeal pending on related proceeding, in the state appeals court that was pending prior to removal.

90. The related matters are closely tied to the issues of this case. There are important rights that must be resolved before this case can proceed. For example, there might be the need to consolidate cases into this court or otherwise I should be allowed an opportunity to have the state court matters proceed, in lieu of this proceeding in this court.

91. I believe the intention of this removal is to frustrate and prejudice these proceedings in state court. NB: In their various filings concerning my motion to extend time to oppose the motion to dismiss, the Donais defendants persisted in highlighting these pending state court matters and their importance as per the claims in this case. This actually supports my contention that these state court matters should take precedence over this case and that a stay on this case is proper.

92. A stay on this case would allow for those related matters in state court to be resolved so that this court does not issue orders that are in conflict with those matters.

93. NB:  I also have moved to remand this case. I also have pending motions that were not ruled on in superior court prior to removal to this court including a motion to enter default against defendants.

### III.  PRO SE STANDARD OF REVIEW

94. Because the Plaintiff is pro se, the Court has a higher standard when faced with a motion to dismiss. White v. Bloom, 621 F.2d 276 makes this point clear and states: A court faced with a motion to dismiss a pro se complaint must read the complaint's allegations expansively, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972), and take them as true for purposes of deciding whether they state a claim. Cruz v. Beto, 405 U.S. 319, 322, 92 S. Ct. 1079, 1081, 31 L. Ed. 2d 263 (1972).

95. The courts provide pro se parties wide latitude when construing their pleadings and papers. When interpreting pro se papers, the Court should use common sense to determine what relief the party desires. S.E.C. v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992). See also, United States v. Miller, 197 F.3d 644, 648 (3rd Cir. 1999) (Court has special obligation to construe pro se litigants' pleadings liberally); Poling v. K.Hovnanian Enterprises, 99 F.Supp.2d 502, 506-07 (D.N.J. 2000).

96. Courts should go to particular pains to protect pro se litigants against consequences of technical errors if injustice would otherwise result. U.S. v. Sanchez, 88 F.3d 1243 (D.C.Cir. 1996).

97. Moreover, "the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)). Thus, if this court were to entertain any motion to dismiss, the court should apply the standards of White v. Bloom. Furthermore, if there is any possible theory that would entitle the Plaintiff to relief, even one that the Plaintiff hasn't thought of, the court cannot dismiss this case.

98. Pro Se litigants are "commonly required to comply with standards less stringent than those applied to expertly trained members of the legal profession." Bates v. Jean, 745 F.2d 1146, 1150 (7th Cir. 1984). The courts recognize an "obligation . . . to make reasonable allowances to protect pro se litigants from

inadvertent forfeiture of important rights because of their lack of legal learning." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). A pro se litigant's pleadings are [to be] held "to less stringent standards than formal pleadings drafted by lawyers. . . ." and Regardless of the deficiencies in their pleadings, pro se litigants are entitled to the opportunity to submit evidence in support of their claims. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); cited in Castro v. Castro v. United States, 290 F.3d 1270, 2003; see also Hughes v. Rowe, 449 U.S. 5, 9 (1980); Morello v. James, F.2d , No. 86-2106, slip op. at 1140 (2d Cir. Jan. 26, 1987); Washington v. James, 782 F.2d 1134, 1138 (2d Cir. 1986). (Emphasis added.) This is well established decisional law. The Pro Se Plaintiff's complaint is not to be dismissed unless "frivolous on its face or wholly unsubstantial." Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983). A Pro Se Plaintiff is to be afforded the opportunity freely to amend. Holmes v. Goldin, 615 F.2d 83, 85 (2d Cir. 1980).

99. Courts should articulate the appropriate legal theory on which a pro se litigant's claim should rest when the litigant misunderstands the nature of his claim. This is practices is a permissible judicial intervention on behalf of pro se litigants.

100. "A Court errs if it dismisses a pro se litigant's complaint without instructions of how pleadings are deficient and how to repair pleadings." Plaskey v CIA, 953 F .2nd 25.

101. As a general rule, "leave to amend should be freely given, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that [s]he has a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000).

102. NB: It is an accepted principle of American jurisprudence that, due to the growth in litigation involving self-represented litigants, that courts have a responsibility to promote access to justice thus warranting reasonable flexibility by judges, consistent with the law and court rules, to ensure that all litigants are fairly heard. This principle has been upheld by various courts including the US supreme court. See Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991) ("In interpreting the complaint before us, we construe it liberally in an effort to accommodate a pro se litigant."). It should also be noted that many state supreme court decisions from other states authorize judges to handle cases involving self-represented litigants differently by, for example, affording self-represented litigants latitude and making allowances, being lenient

and solicitous, or giving them every consideration. Application of the liberal pro se standard is particularly important in cases in which the plaintiff alleges a violation of his civil rights". See Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191 (2d Cir. 2008).

## IV. LEGAL STANDARD OF REVIEW FOR MOTION TO DISMISS

103.     When evaluating the sufficiency of a complaint pursuant to Mass. R. Civ. P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom, in the plaintiffs' favor. Nader v. Citron, 372 Mass. 96, 98 (1977). Accordingly, a plaintiff's burden is "relatively light." Gibbs Ford, Inc. v. United Truck Leasing Corp, 399 Mass. 8, 13 (1987). "All that a plaintiff need do to resist such a motion is present a complaint that does no more than sketch the bare silhouette of a cause of action." Brum v. Town of Dartmouth, 44 Mass. App. Ct. 318, 322 (1998). As a result, "dismissals on the basis of pleadings, before facts have been found, are discouraged." Gennari v. City of Revere, 23 Mass. App. Ct. 979 (1987). Massachusetts courts have often described the review of a complaint's sufficiency as "extremely lenient."

104.     The motion must be decided solely based on the allegations in the Plaintiff's complaint. The court does not decide disputed issues of fact; instead, it must assume that all material facts in the plaintiff's complaint are true. Not only must the court accept the plaintiff's allegations as true, but it also must accept as true all reasonable factual inferences drawn from Plaintiff's allegations. See Kowal v. MCI Comm'ns Corp, 16 F.3d 1271, 1276 (DC. Cir 1994); Schuler v. United States, 617 F.2d 605, 608 (DC. Cir. 1979). Thus, factual allegations in briefs or memoranda of law generally may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain contradict those alleged in the complaint. Henthorn v. Dept. of Navy, 29 F.3d 682, 688. (DC. Cir. 1994).

105.     In considering motions to dismiss based upon the sufficiency of the pleadings, the Court "must construe the [pleading] liberally, treating all well-pleaded facts as true and indulging all reasonable inference in favor of the [non-moving party]." Katin v. National Real Estate Information Services, Inc., 2009 WL 929554, *2 (D. Mass. Mar. 31, 2009). Under Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 559, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), a motion to dismiss should be denied if the challenged pleading alleges sufficient facts

to demonstrate a "plausible entitlement to relief," even if "actual proof of those facts is improbable, and a recovery is very remote and unlikely." The "plausible entitlement to relief" standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the allegations, citing Twombly, supra, at 556. The Defendant's motion falls far short of this high standard.

106.    In appraising the sufficiency of any complaint, the accepted rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Nader v. Citron, 372 Mass. 96, 98 (1977), quoting from Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Spence v. Boston Edison Co.,390 Mass. 604 , 615 (1983). "The plaintiffs need only surmount a minimal hurdle to survive a motion to dismiss for failure to state a claim." Bell v. Mazza, 394 Mass. 176 , 184 (1985).

107.    The issue before the Court upon consideration of such a motion is not whether Plaintiff "will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." McDowell v. N. Shore-Long Island Jewish Health Sys., Inc., 839 F. Supp. 2d 562, 565 (E.D.N.Y. 2012) (citing to Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir.2001)).

108.    The Plaintiff has met this standard of review, well within the meaning of the foregoing case law, thus warranting denial of defendant's motion in its entirety.

109.    Should the Court find otherwise, however, Plaintiff reserves the right to seek leave to amend pursuant to Fed. R. Civ. P. 15(a).

## V. THIS COURT SHOULD CONSIDER FACTUAL ALLEGATIONS IN PLAINTIFF'S OPPOSITION PAPERS

110.    Because a pro se plaintiff's allegations must be construed liberally, it is appropriate for a court to consider factual allegations made in a pro se plaintiff's opposition memorandum, as long as the allegations are consistent with the complaint. See, e.g., Braxton v. Nichols, No. 08- CV-8568 (PGG), 2010 WL 1010001, at *1 (S.D.N.Y. Mar.18, 2010); cf. Gill v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987) (considering a pro se plaintiff's affidavit in opposition to a motion to dismiss in addition to those in the complaint).

111.    Thus, the court should consider and incorporate into my complaint the factual allegations included in

my opposition papers. Support for this is found in the following case law.

    a.  In STEVENSON V. AMAZON.COM, INC (D. Mass. May. 13, 2016), Judge Dennis Saylor of the
Massachusetts District Court stated the following: "The original complaint remains the operative
complaint in this action. However, because plaintiff is proceeding pro se, the Court will deem the
factual allegations in plaintiff's opposition memorandum and sur-reply to be part of the complaint
for purposes of resolving defendant's motion to dismiss. Specifically, and for present purposes only,
the operative complaint will be deemed to be (1) the allegations of the original complaint; (2) the
factual allegations of the opposition to the motion to dismiss; and (3) the factual allegations of
plaintiff's sur-reply to the motion to dismiss, all taken together."

    b.  In PALMER V. SHCHEGOL (E.D.N.Y. Sep. 29, 2016), the court said the following: "Because
Plaintiff's pro se status mandates a liberal reading of her papers, the facts of this case and the
sufficiency of Plaintiff's pleadings are determined by reference to both Plaintiff's amended
complaint and her opposition to the instant motion. See, e.g., Nielsen v. Rabin, 746 F.3d 58, 61 (2d
Cir. 2014) (denial of leave to amend reversed where pro se plaintiff's complaint would state a claim
for relief if it were amended to include the allegations in her opposition to defendant's motion to
dismiss); Gill v. Mooney, 824 F.2d 192, 195 (2d Cir. 1987) (considering facts in pro se plaintiff's
opposition to defendants' motion to dismiss in deciding whether to affirm district court's dismissal
of plaintiff's claims); Mil'chamot v. New York City Hous. Auth., No. 15-cv-108, 2016 WL 659108,
at *1 n. 1 (S.D.N.Y. Feb. 16, 2016) ("because a pro se plaintiff's allegations must be construed
liberally, it is appropriate to consider factual allegations made in a pro se plaintiff's opposition papers
on a motion to dismiss, so long as the allegations are consistent with the complaint"); Frederick v.
United Bhd. of Carpenters & Joiners of Am. (UBCJA) Local 926, No. 12-cv-2387, 2014 WL
5783045, at *1 (E.D.N.Y. Nov. 6, 2014) (deciding dismissal of pro se plaintiff's complaint by
referring to the facts alleged in plaintiff's complaint and opposition)."

    c.  In MELISSA ANN SHERLOCK v VINCENT STANCATO, (D. Mass 2011), the Massachusetts
District Court stated the following: "As set forth in this court's Scheduling Order and Order on
Defendant's Motion to Dismiss (Docket No. 12), this court deemed the plaintiff's original
complaint to be amended by her "Response in Opposition to Motion to Dismiss" ("Response").
Thus, the Amended Complaint consists of both the original complaint (Docket No. 1-1) and the
plaintiff's Response. (Docket No. 6)"

    d.  In NIELSEN V. ELAINE A. RABIN M.D. (2d Cir. 2014), the Second Circuit Court of Appeals
stated the following: "We conclude that the allegations in the complaint and the opposition brief,
taken together, sufficiently set forth the mental state element of the claim.". The court also stated
that: ""Generally, leave to amend should be freely given, and a pro se litigant in particular should
be afforded every reasonable opportunity to demonstrate that he has a valid claim." Matima v. Celli,
228 F.3d 68, 81 (2d Cir.2000). "A pro se complaint should not be dismissed without the Court
granting leave to amend at least once when a liberal reading of the complaint gives any indication
that a valid claim might be stated." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir.2010)." The court
also stated: "The plausibility standard is not akin to a probability requirement...." Id. (internal
quotation marks omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge
that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely."
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)."

    e.  In SHULER v. BROWN 2009 UNITED STATES DISTRICT COURT NORTHERN DISTRICT
OF NEW YORK, the court stated: ""Generally, a court may not look outside the pleadings when
reviewing a Rule 22 12(b)(6) motion to dismiss. However, the mandate to read the papers of pro se
litigants generously makes it appropriate to consider plaintiff's additional materials, such as his
opposition memorandum." Gadson v. Goord, 96-CV-7544, 1997 WL 714878, at *1, n. 2 (S.D.N.Y.
Nov. 17, 1997) (citing, inter alia, Gil v. Mooney, 824 F.2d 192, 195 [2d Cir. 1987] [considering

plaintiff's response affidavit on motion to dismiss]). Stated another way, "in cases where a pro se plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside the complaint to the extent they 'are consistent with the allegations in the complaint.'" Donhauser v. Goord, 314 F. Supp.2d 119, 212 (N.D.N.Y. 2004) (considering factual allegations contained in plaintiff's opposition papers) [citations omitted], vacated in part on other grounds, 317 F. Supp.2d 160 (N.D.N.Y. 2004)."

f.   In Ahmed v. Geo USA LLC; New York Southern District Court, 2014, Judge Jesse M. Furman stated the following: "In evaluating a Rule 12(b)(6) motion, the Court must accept all facts set forth in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Where, as here, the plaintiff is proceeding pro se, the complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

g.   In JAMES ARMAND v. JENNIFER OSBORNE, 2011, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK, the court stated: "Where a plaintiff proceeds prose, the court must construe the pleadings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010). Application of the liberal pro se pleading standard is particularly important in cases in which the plaintiff alleges a violation of his civil rights. See Sealed Plaintiff v. Sealed Defendant # 1, 537 F.3d 185, 191 (2d Cir. 2008) (citing McEachin v. McGuinnis, 357 F.3d 197, 200 (2d 3 The court has reviewed the entire Complaint and recites only those facts that are relevant to claims Plaintiff has asserted against Osborne or requests to add in his motion to amend. The court has omitted facts related to events that occurred after Plaintiff left Arthur Kill, as all claims related to those events were severed and transferred to the judicial district in which the facility the incident occurred at is located. 4 Cir. 2004)). A pro se complaint should not be dismissed without granting the plaintiff leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999). In making its determination, the court must assume all facts alleged in the complaint to be true and must construe the complaint in the light most favorable to the plaintiff. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). Where, as here, a pro se plaintiff includes factual allegations in his opposition to the motion to dismiss that were not included in the original complaint, "the court may treat the new factual assertions as an amendment to the complaint," and thereby consider the additional factual assertions without converting the motion into a motion for summary judgment. Grimes by and through Grimes v. Sobol, 832 F. Supp. 704, 708 n.5 (S.D.N.Y. 1993) (quoting Fonte v. Bd. of Managers of Cont'l Towers Condo., 848 F.2d 24, 26 (2d Cir. 1988)). Here, the Plaintiff did provide additional factual allegations in his opposition to Defendant's motion to dismiss. The court has considered the factual allegations contained in Plaintiffs opposition to Defendant's motion to dismiss as amendments to the Complaint and has treated Defendant's motion to dismiss as a motion to dismiss the further amended Complaint under Fed. R. Civ. P. 12(b)(6). Plaintiffs memorandum in support of his motion to amend also includes some additional factual allegations, which do not pertain to Defendant Osborne and the motion to dismiss and which the court has only considered in relation to Plaintiffs motion to amend the Complaint. In order to construe the Plaintiffs pleadings liberally, all additional factual allegations from Plaintiffs opposition to Defendant's motion to dismiss have been considered as part of the Complaint for the purposes of reviewing Plaintiffs motion to amend, which focuses on adding new defendants and causes of actions. For purposes of the motion to dismiss, the court has considered additional factual allegations relevant to Plaintiffs claims against Osborne.

## VI. FURTHER ARGUMENT

### A. Defendants Have Failed To Demonstrate That This Case Should Be Dismissed

112.    Defendant's motion to dismiss is based on arguments relating to failure to state a claim, statute of limitations and non-compliance with Rule 8(a).

113.    All facts stated in the complaint are to be assumed true for purposes of a motion to dismiss.

114.    At the pleading level, having set forth the fundamental basis for a cause of action, Plaintiff has easily met its burden of stating a claim for relief.

115.    A motion to dismiss is properly denied if further discovery would yield material evidence or material facts in the movant's exclusive knowledge which would allow them to proceed with their claim. See, Rochester Linoleum and Carpet Center, Inc. v. Cassin, 61 A.D.3d 1201 (3d Dep't 2009). Discovery has not yet began. No defendant has yet provided an Answer to the complaint. It is at an extremely early stage of the proceedings.

116.    Plaintiff's complaint is adequately pleaded and states a claim upon which relief may be granted. As a result, dismissal for failure to state a claim is inappropriate.

117.    Because Defendant has not otherwise shown that Plaintiff's complaint fails on these grounds, Defendant's motion must be denied.

### B. The Complaint Should Not Be Dismissed Under Rule 8

118.    Under Rule 8, if a plaintiff fairly notifies the defendant of the nature of the plaintiff's claim and the grounds on which he relies, the action should not be dismissed because it does so through what might be termed "conclusions of law." See Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957).

119.    In Conley v. Gibson (1957), it states:

> "The respondents also argue that the complaint failed to set forth specific facts to support its general allegations of discrimination and that its dismissal is therefore proper. The decisive answer to this is that the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim"[8] that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures 48*48 established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.[9] Following the simple guide of Rule 8 (f) that "all pleadings shall be so construed as to do substantial justice," we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be

19

decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. Cf. Maty v. Grasselli Chemical Co., 303 U. S. 197."

120.    This rule shows that a motion to dismiss is improper where the core issue is vagueness or conclusions of law lacking adequate factual detail.

121.    Therefore it is clear that Rule 8 envisions that correcting inadequacies in a complaint are best done by amendment.

122.    The Rule allow for an amendment. Every plaintiff is allowed that, especially where failure to state a claim based on vagueness etc. is being propounded.

123.    If the defendants are arguing that they want more clarity from the complaint, they should have asked for a more definitive statement but rather than do that they want to convert a request for a more definitive statement into a motion to dismiss and then deny me the opportunity to amend the complaint to make it more clear and more definitive.

124.    They have not argued insufficiency of process.. They have not now argued personal jurisdiction or subject matter jurisdiction, they have not now argued wrong forum. They have now instead argued failure to state a claim and that complaint is not short and plain. These arguments are precisely the arguments that a leave to amend is typically based on, because these arguments are correctable and curable by as simple amendment.

125.    The case involves multiple parties and multiple claims. Plaintiff cannot be hand-tied to defendants presumptions of short and plain statements, when many issues have been consolidated into one complaint. Plaintiff could have done separate complaints for the defendants. However, an amended complaint will allow for a more streamlined statement.

### C. Attacks on Length of the Complaint

126.    Defense Counsel takes a shot at Plaintiff by characterizing the complaint as long or prolix. Yet counsel fails to consider that this is not a typical simple lawsuit with one defendant and one plaintiff.

127.    This is a complex lawsuit with multiple defendants including several individual defendants and two law firm corporate entities.

128.   There are multiple parties and time and space is needed to lay out the claims against these multiple parties. Also, there are multiple claims alleged and some are alternate theories of claims.

129.   The courts have favored resolution of all disputes between the parties in a single litigation. This is "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." Carteret, supra, at 38, citing Southern Construction Co. v. Pickard, 371 U.S. 57, 60, 83 S.Ct. 108, 110,9 L.Ed.2d 31 (1962).

130.   The principles of judicial economy and efficiency embodied in the Rules of Civil Procedure, also support resolution of all issues in one proceeding rather than through multiple, protracted litigation.

131.   The case involves multiple parties and multiple claims. Plaintiff cannot be hand-tied to defendants presumptions of short and plain statements, when many issues have been consolidated into one complaint. Plaintiff could have done separate complaints for the defendants. However, an amended complaint will allow for a more streamlined and definitive statement.

132.   Plaintiff has not failed to meet his burden of pleading as the defendant here suggests. Rule 8a clearly outlines the burden of pleading and it is much lighter and flexible than what the defendant suggests.

133.   Because I have not amended the complaint in federal court and because the defendants have not filed a responsive pleading, then I have the right to amend once as a matter of course in federal court.

134.   The defendants have gotten the chance to amend their motion to dismiss in this court but yet they want to deny me the opportunity to amend the complaint in this court or the prior court. This is not fair or right.

### D. Plaintiff Has Not Failed to State A Claim For which Relief Can Be Granted

135.   All pleadings shall be construed as to do substantial justice. BURT VS. CITY OF NEW YORK, 2Cir., (1946) 156 F.2d 791

136.   Court should not dismiss a complaint in which the plaintiff has a legal basis for a claim but has made a technical error that renders the complaint invalid. In such a case, courts allow the petitioner to amend the complaint.

137.   All of the counts are supported by a valid claim, with the elements of the claim spelled out in each case.

138.   No "complaint" should be dismissed if that complaint is supported by a valid claim.

139. "A complaint will not be dismissed for failure to state a claim, even though inartistically drawn and lacking in allegations of essential facts, it cannot be said that under no circumstances will the party be able to recover." JOHN EDWARD CROCKARD VS. PUBLISHERS, SATURDAY EVENING POST MAGAZINE OF PHILADELPHIA, PA (1956) Fr Serv 29, 19 F.R.D. 511, DCED Pa 19 (1958).

140. For example, when it comes to defamation, unless it appears "'beyond doubt" that a plaintiff will be unable to prove a set of facts that would support a finding that the defendant's statements were defamatory, a motion to dismiss must be denied.

141. Accordingly, Massachusetts law is settled that a defamation claim should not be dismissed unless there is no way that the statement complained of could reasonably be understood to discredit the plaintiff in the minds of a considerable and respectable portion of the community. See Poland v. Post Pub. Co., 330 Mass. 701, 704 (1953). Applying this standard, taking all reasonable inferences in the Plaintiffs' favor, it cannot be said that it appears "beyond doubt" that the Plaintiffs can prove no set of facts in support of their claim which would entitle them to relief.

142. To state a claim for defamation, a Plaintiff must allege that "the defendant was at fault for the publication of a false statement regarding the plaintiff, capable of damaging the plaintiff's reputation in the community, which either caused economic loss or is actionable without proof of economic loss." White v. Blue Cross & Blue Shield pf Mass, Inc., 442 Mass. 64, 66 (2004); Draghetti v. Chmielewski, 416 Mass. 808, 812 (1994) ("Defamation involves the unprivileged publication to a third party of a false statement concerning another that exposes its subject to ridicule or contempt"). The Complaint sufficiently alleges each of the aforementioned elements.

143. A publication is defamatory when it tends to injure one's reputation in the community and expose him to hatred, ridicule, and contempt. Brauer v. The Globe Newspaper Co., 351 Mass. 53, 55-56 (1966), (question is whether communication is capable discrediting plaintiffs in the minds of any considerable, respectable class of the community). "Words which cast aspersions upon a businessman's or business corporation's honesty, credit or business character may be actionable." Ricciardi v. Latif, 3 Mass. App. Ct.

714, 714-15 (1975) (falsely stating that plaintiff refused to pay for defendant's products was capable of a defamatory meaning).

144.     In considering the totality of a publication, courts must consider not only the words themselves, but the inferences which might be drawn by a considerable and respectable segment of the community. Mabardi v. Boston Herald-Traveler Corp, 347 Mass. 411, 413 (1964) ("it is not required that there be direct and explicit language tending to discredit the plaintiff ... Words, pictures or signs, singly or in combination, understood as mankind in general would understand them, conveying such an imputation render the publication libelous"); Thayer v. Worcester Post Co., 284 Mass. 160, 162 (1993) ("An insinuation may be as actionable as a direct statement"). Similarly, courts have recognized that words, even when not actionable in themselves, may imply the existence of undisclosed defamatory facts.

**VII. CONCLUSION**

145.     Dismissal of the claims against the Donais Defendants is not warranted. The complained of wrongdoing is not absolutely privileged. Plaintiff's claims that arose prior to 6/20/19 are not time-barred. The claims based upon the 1/9/17 telephone conversation are not time-barred.

146.     I ask the court to carefully read my complaint as well as the oppositions to the motions to dismiss filed in MA federal court which are attached as **Exhibits 1, 2 and 3**.

147.     It should be noted in closing, that the defendants have tacitly conceded that the plaintiff has stated factually valid claims and did not contest the facial plausibility of the plaintiff's allegations in MA federal court. Once I pointed this out to the MA federal court, the defendants have suggested a timid catchall blanket denial of wrongdoing without denying any of the factual allegations. To the extent the defendants have tried to dispute the allegations, this is not allowed in a motion to dismiss.

148.     I hereby incorporate the facts of the amended complaint into this document and I hereby plead that the statements of knowledge made in the amended complaint (as well as herein) are true and correct to the best of my knowledge are hereby verified under oath.

149.     NB: Please grant a pro se liberal construction to this pleading.

150.     Accordingly, the plaintiff respectfully requests that the Court deny the defendants' motion to dismiss in their entirety or grant reasonable discovery in interests of justice.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY**

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

November 6, 2023

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com