UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Andre C. Bisasor

    v.                                                                  Civil No. 23-cv-374-JL

Craig Donais, et al.

# O R D E R

Before the court is plaintiff Andre Bisasor's motion to consolidate response deadlines for the pending motions to dismiss or to otherwise extend (doc. no. 93) the time to file a response to the motion to dismiss filed by defendants Craig Donais, Mary Donais, and the Donais Law Offices (together, "Donais defendants"). In his latest motion to extend, Bisasor requests that the Court expand his response deadline to December 4, 2023, which coincides with his deadline to respond to the motion to dismiss more recently filed by defendants Russell Hilliard and Upton & Hatfield LLP. Bisasor asserts that doing so would aid judicial economy because any hearing on the two pending motions to dismiss could be consolidated. Bisasor also filed what he characterizes as a "placeholder" response to the Donais defendants' motion to dismiss, which he asserts he will amend or supplement if he is given more time. Doc. no. 97. The Donais defendants object to providing Bisasor another extension of time.

The Donais defendants filed their motion to dismiss on September 26, with a response initially due October 10. On October 10, however, Bisasor filed his first motion (doc. no. 73) to extend, requesting a response deadline of November 25. In that motion, Bisasor represented that he had a family emergency that required him to travel to care for an elderly parent. Observing that "Bisasor has requested additional time to comply with nearly every deadline he has faced," doc. no. 75 at 1, the court "reluctantly" granted Bisasor's motion in part, giving him until October 25, 2023, to file his response. Instead, on October 24, Bisasor filed a second motion to extend,

requesting a deadline of November 15. At that time, Bisasor represented to the court that he was returning from his emergency travel and would be home by October 26. The court again reluctantly granted Bisasor's request in part, giving him a response deadline of November 6.

But again, the deadline has arrived and again Bisasor has asked for more time. Bisasor does not show good cause to extend the deadline to December 4 or to otherwise consolidate the briefing schedules on the defendants' motions to dismiss. In his 14-page motion, Bisasor asserts that he had car trouble on his return trip, so he only returned home on November 4. Although Bisasor has indicated that he has been traveling from the end of September through this week, he has nonetheless demonstrated his capability to prepare and file an extraordinary amount of paper while travelling including, among other filings, more than 30 pages (many of them single spaced) of briefing on his motions to extend time alone. See doc. no. 73 (first motion to extend time); doc. no. 76 (notice of intent to file second motion to extend time); doc. no. 77 (single-spaced 18-page second motion to extend time); doc. no. 79 (reply brief on second motion to extend); doc. no. 92 (notice of intent to file third motion to extend time); doc. no. 93 (14-page third motion to extend time). Indeed, Bisasor has now filed a 23-page "placeholder" response, further demonstrating this capability.[1]

Furthermore, contrary to Bisasor's claims, the court is not obligated to hold a hearing on a motion to dismiss. See LR 7.2(d) ("Except as otherwise provided, the court shall decide motions without oral argument."). Even if the court ultimately determines that a consolidated hearing is warranted, that alone does not justify synchronizing the two motions' briefing schedules when the

---

[1] In his "placeholder" objection, Bisasor indicates that he protectively filed the objection so that he would not be prejudiced if the court denies his motion for additional time. He asserts that the objection is "incomplete" and was "prepared in a rush" to meet the November 6 deadline. Doc. no. 97 at 1. The court thus considers Bisasor's motion to extend time notwithstanding the fact that he has now filed a response.

Donais defendants filed their motion nearly two months ago, well before the other defendants filed their own. Bisasor also suggests that additional time is necessary because he needs discovery or because the court cannot rule on the motion to dismiss before addressing his motion to amend or motion to remand. Doc. no. 93 at 12-13. These grounds do not justify affording Bisasor additional time to file his response. The order in which the court addresses other pending motions does not affect when Bisasor can capably respond to the motion to dismiss.

For good cause and in the interest of justice, however, the court will provide Bisasor a brief extension of time to supplement his "placeholder" objection (doc. no. 97). See Fed. R. Civ. P. 6(b)(1). This is the final extension the court will grant on this issue. Bisasor's response shall be filed **on or before November 10, 2023**. In this response, Bisasor shall include all arguments that he wishes the court to consider in evaluating the Donais defendants' motion to dismiss.

SO ORDERED.

_____
Talesha L. Saint-Marc
United States Magistrate Judge

November 8, 2023

cc:   Andre C. Bisasor, pro se
      Counsel of Record