UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| ANDRE BISASOR,<br>    Plaintiff,<br><br>vs.<br><br>CRAIG S. DONAIS, RUSSELL F. HILLIARD, DONAIS LAW OFFICES PLLC, UPTON AND HATFIELD LLP, and MARY K. DONAIS,<br>    Defendants. | Case No. 1:23-cv-374-JL-TSM |

### DEFENDANTS RUSSELL F. HILLIARD'S AND UPTON & HATFIELD, LLP'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND (Doc. no. 84)

NOW COME Defendants Russell F. Hilliard ("Hilliard") and Upton & Hatfield, LLP ("Upton & Hatfield") (collectively "Defendants") and submit the following Opposition to Plaintiff's Motion to Remand (the "Motion"). Upton & Hatfield properly removed this matter to the United States District Court for the District of Massachusetts before it was transferred to this Court. The Motion should be denied.

### I.   BACKGROUND

Plaintiff initially filed this lawsuit on June 20, 2022. After attempting to serve original Defendants Craig Donais and Russell Hilliard in April 2023, Plaintiff filed an Amended Complaint, adding Defendants Mary Donais, Donais Law Offices, PLLC, and Upton & Hatfield, LLP. This matter was removed by Upton & Hatfield on June 9, 2023 on the grounds of diversity jurisdiction and federal question jurisdiction. Plaintiff is a Massachusetts resident. All Defendants are New Hampshire residents (all partners of Upton & Hilliard are New Hampshire residents (*see* Doc. no. 71)). Diversity of citizenship is not in question.

20668603.2

## II.     REMOVAL WAS TIMELY

Plaintiff attempted to serve the Amended Complaint on Mr. Hilliard by regular mail, which was received by Mr. Hilliard at his home address on May 11, 2023. *See* Doc. no. 16-1 at ¶ 1. While Upton & Hatfield has never been served with a Summons or the Amended Complaint, using the May 11, 2023 date that Mr. Hilliard, a partner in the firm, received the Amended Complaint as the date that Upton & Hatfield received notice of the Amended Complaint, removal on June 9, 2023 was timely. *See Novak v. Bank of New York Mellon Trust Co.*, NA., 783 F.3d 910, 911 (1st Cir. 2015) (*citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)).

The Supreme Court has held, in looking at the triggering of the 30-day period that a party has to remove the case to Federal court after service, that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

Plaintiff's argument that Upton & Hatfield's 30-day deadline to remove this matter actually started on April 17, 2023 (the day that Mr. Hilliard was purportedly served with the original Complaint) is illogical. *See* Doc. no. 87 at ¶¶ 92-93. Upton & Hatfield was not a party to the original Complaint and was not a party prior to plaintiff's filing of his Amended Complaint on May 4, 2023. Upton & Hatfield could not have removed this matter to Federal court before it was a party.

Plaintiff admits that Upton & Hatfield was never formally served (see Doc. no. 87 at ¶ 68): "On Friday 6/9/23, the defendant Upton & Hatfield (who was not yet served in state court)

2

preemptively filed a notice of removal in federal court."). Whether Upton & Hatfield has been formally served is immaterial, as "[n]umerous federal courts have held that formal service is not required before a defendant can remove a case." *Sutler v. Redland Ins. Co.*, 2012 WL 5240124, *2 (D. Mass. Oct. 24, 2012). Mass., No. 12-10656-RWZ (Oct. 24, 2012), *citing Boyd v. Phoenix Funding Corp.,* 366 F.3d 524, 529–30 (7th Cir. 2004); *Delgado v. Shell Oil Co.,* 231 F.3d 165, 177 (5th Cir.2000) ("Generally, service of process is not an absolute prerequisite to removal."); *Middlebrooks v. Godwin Corp.,* 279 F.R.D. 8, 11–12 (D.D.C. 2011); *Watanabe v. Lankford,* 684 F.Supp.2d 1210, 1214–15 (D. Haw. 2010) (defendant's filing of a notice of removal before being served by plaintiffs did not render removal defective); *Bell v. American General Finance, Inc.,* 267 F.Supp.2d 582, 583–83 (S.D. Miss. 2003); *Arthur v. Litton Loan Serv. LP,* 249 F.Supp.2d 924, 931 (E.D.Tenn.2002) ("[S]ervice of process is not a prerequisite to the defendants exercising their right of removal under 28 U.S.C. § 1446"). Although the deadline for removal is measured from the defendant's formal receipt of the complaint, 28 U.S.C. 1446(b), nothing in the removal statute requires that a defendant be served with the complaint prior to filing a notice of removal. *Whitehurst v. Wal–Mart,* 306 F. App'x 446, 448 (11th Cir. 2008).

Here, Upton & Hatfield was not aware of the Amended Complaint until one of its attorneys (Mr. Hilliard) received a copy of it on May 11, 2023.[1] *See* Doc. no. 16-1 at ¶ 1. Neither Mr. Hilliard nor Upton & Hilliard were formally served with the Amended Complaint, but nonetheless, out of an abundance of caution, Upton & Hilliard removed this matter within the 30-day deadline that it first became aware that it was a party to this matter.

---

[1] Plaintiff's argument that the date of service on Upton & Hatfield is really the date the Amended Complaint was mailed to Hilliard should be disregarded. *See* Doc. no. 87 at §§ 143-164. Plaintiff still needed to follow the rules regarding service with respect to Upton & Hatfield. Upton & Hatfield's deadline to remove this matter began on May 11, 2023 – the date it first became aware of the Amended Complaint.

3

### III. THE AMOUNT IN CONTROVERSY IS SATISFIED

As detailed in the Notice of Removal, Plaintiff has alleged, in a related lawsuit against Defendant Craig Donais, damages of at least $500,000.00. *See* Notice of Removal, Doc. no. 1, at ¶ 4. Thus, Upton & Hatfield has shown a reasonable probability that the amount in controversy exceeds $75,000. *Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214 (D.N.H. 2004), provides the standard for determining whether the jurisdictional amount has been met when the complaint does not put any number on the plaintiff's claimed damages. Under those circumstances, "removal is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Evans*, 326 F. Supp. 2d at 220 (D.N.H. 2004) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). Where the amount in controversy is not facially apparent from the complaint, the Court may consider documents outside the complaint. *Id.* The inquiry should not focus on the probable success of the claims "but rather on whether to anyone familiar with the applicable law the claim could objectively have been viewed as worth the jurisdictional minimum." *Id.* at 221 (quoting *Jimenez Puig v. Avis Rent-A-Car Sys.*, 574 F.2d 37, 40 (1st Cir. 1978) (internal quotation marks and alterations omitted)). The focus is on the causes of action pleaded and the types of damages claimed, not the estimates proffered by the plaintiff. *Id.* at 221-22.

Here, the legal and factual allegations, coupled with undisputed facts about the Plaintiff, establish that his claims could be worth more than $75,000. *See* Doc. no. 1, Notice of Removal. Plaintiff fails to address the legal and factual circumstances in his Motion to Remand.
Here, neither the Complaint nor Amended Complaint state a specific amount that Plaintiff is seeking. Thus, the Court may consider extrinsic evidence submitted by the parties. *Evans*, 326 F. Supp. 2d at 220 (D.N.H. 2004) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)). As detailed in the Notice of Removal, Plaintiff's 901 paragraph, 92 page Amended

4

20668603.2

Complaint alleges claims of defamation/libel, false light invasion of privacy, aiding and abetting defamation, tortious interference with advantageous relations, Massachusetts Civil Rights Act violations, violation of Mass. Gen. Laws Chapter 93A, intentional infliction of emotional distress, civil conspiracy, abuse of process, breach of fiduciary duty/privacy, breach of implied contract and breach of implied covenant of good faith and fair dealing, and racial harassment and retaliation in violation of Federal Civil Rights Statute, 42 U.S.C. § 1981. *See* Amended Complaint, *generally*. Furthermore, the "prayer for relief" asks for "any and all damages acceptable by law, including compensatory damages, statutory damages, punitive damages . . . and enhanced damages." *See* Amended Complaint at p. 92. Given Plaintiff's prior lawsuit against Mr. Donais arising out of the same nucleus of facts – in which he claimed damages of $500,000 – Plaintiff cannot now argue that his claims do not exceed $75,000. The removing Defendant has met its burden of showing the amount in controversy exceeds $75,000.[2] Defendants, of course, deny that they harmed the Plaintiff, but the amount-in-controversy inquiry does not focus on the Plaintiff's likelihood of success. *Evans*, 326 F. Supp. 2d at 221.

Because the Plaintiff is a citizen of a different state than each of the Defendants, and because the amount in controversy exceeds $75,000, the Court has subject-matter jurisdiction over this matter, and Defendants respectfully request that the Court deny Plaintiff's Motion to Remand.

### IV. FEDERAL QUESTION JURISDICTION ALSO EXISTS

Count 13 of the Amended Complaint alleges a claim arising under Federal law – 42 U.S.C. § 1981. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Because Count 13 of the

---

[2] Upton & Hatfield also notes that Plaintiff states – without any support – that not all Defendants consented to removal. *See* Doc. no. 87 at ¶ 7. As detailed in the Notice of Removal, and reiterated in the Mary Donais', Craig Donais', and Donais Law Office, PLLC's Opposition to the Motion to Remand, they all consented to removal, as did Russell Hilliard. *See* doc. nos. 1 and 90.

Amended Complaint arises under Federal law, this separate valid basis for removal also defeats Plaintiff's attempts to remand this matter to state court.

## V.     THE COURT HAS SUBJECT MATTER JURISDICTION

Plaintiff cites several bankruptcy cases in the Motion to Remand (*Marotta Gund Budd & Dzera, LLC v. Costa*, 340 B.R. 661 (D.N.H. 2006), and *Garland & Lachance Construction Co., Inc. v. City of Keene*, 144 B.R. 586 (D.N.H. 1991)) to assert that this Court lacks subject matter jurisdiction due to the "mandatory abstention doctrine" or in the alternative, asks the Court to exercise "permissive abstention." *See* Doc. no. 84 at pp. 2-3. The abstention doctrines cited by Plaintiff are principles of bankruptcy law and are not applicable here.

## VI.    CONCLUSION

This matter was timely removed to the United States District Court for the District of Massachusetts before it was transferred to this Court. Both diversity jurisdiction and federal question jurisdiction exist. The Motion to Remand should be denied.

WHEREFORE, Defendants Russell F. Hilliard and Upton & Hatfield, LLP respectfully request this Court deny Plaintiff's Motion to Remand, along with any other relief the Court deems proper.

Respectfully submitted,

The Defendants,
RUSSELL F. HILLIARD and
UPTON & HATFIELD, LLP,

By their attorneys,

Dated: November 9, 2023

*/s/ Daniel R. Sonneborn*
William C. Saturley, NH Bar #2256
wsaturley@preti.com
Daniel R. Sonneborn, NH Bar #20947
dsonneborn@preti.com
Preti Flaherty Beliveau & Pachios, PLLP

6

20668603.2

P.O. Box 1318<br>
57 North Main Street<br>
Concord, NH 03302-1318<br>
T: (603) 410-1500

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of this document to be served via electronic filing on all counsel of record or pro se parties on November 9, 2023.

/s/ <i>Daniel R. Sonneborn</i><br>
Daniel R. Sonneborn

20668603.2