UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No. 1:23-CV-11313

## EXPEDITED/EMERGENCY MOTION TO EXTEND THE DEADLINE TO COMPLY WITH THE CLERK'S 11/15/23 NOTICE AND ALLOW UNTIL 11/27/23 TO REFILE THE OPPOSITION TO THE DONAIS DEFENDANTS' MOTION TO DISMISS

1. I hereby move the court to extend the deadline to comply with the clerk's 11/5/23 notice and allow until 11/27/23 to refile the opposition to the Donais defendants' motion to dismiss, in light of the upcoming Thanksgiving holidays next week.

2. Grounds are as follows.

3. The clerk's office issued a notice of ECF filing error on 11/15/23, that stated the following:

   11/15/2023 NOTICE of ECF Filing Error re: 105 Memorandum in Opposition to Motion filed by Andre C. Bisasor. Document does not comply with LR 7.1. Filer shall refile and add to docket text: Replaces document no. 105. If the filing party has any questions concerning this notice, please contact the judge's case manager at 603-225-1423. Compliance Deadline set for 11/17/2023.(ko) (Entered: 11/15/2023)

4. I am not able to meet this two day deadline for the following reasons.

   a. First, I have a previously scheduled medical appointment on 11/17/23 that will make me unavailable for a good portion of the day. This will significantly impact the little time I have to begin with.

   b. Second, I have other deadlines due this week including one that I need to meet tonight.

   c. Third and most critically, two days is not adequate time to comply, to begin with. I will explicate further below.

      i. I believed that my filing on 11/13/23 discharged my obligation regarding this matter. I was surprised to receive the clerk's notice on 11/15/23.

      ii. Further, it is not clear to me whether 2 days is the standard amount of time to require compliance with filing matters or court rules .

      iii. Moreover, the deadline is right before the weekend before an upcoming major holiday period.

iv.   Also, since the clerk's notice does not state it explicitly but only references the rule in general,  I

did not know or understand exactly what compliance was required of me. So, because the clerk's

notice stated "*If the filing party has any questions concerning this notice, please contact the judge's case

manager…*", I promptly reached out to the clerk and case manager on 11/15/23 for clarification

regarding the clerk's notice, but the case manager did not reply until today. See **Exhibit 1**.

v.   Because the case manager responded today, I effectively only have one more day to comply. This

is not adequate. Typically, as a pro se plaintiff, there is very little that I can do with 1 or 2 days'

notice.

vi.   Similarly, due process requires adequate notice of any action that I am required to take in the

furtherance of my case.

vii.   Moreover, instead of stating what I failed to comply with in clear terms, when the case manager

replied today, she simply copied and pasted the text of Rule 7.1, with certain parts bolded, without

explaining exactly what was required of me. Thus, it is not clear to me all of what is required to

comply. However, the clerk instead attached a pro se guide for NH federal court of 72 pages. It

appears that the case manager is suggesting that I read the pro se guide in order to get the

clarification and answers needed. However, I need time to read through it and understand it in

order to ensure that I know how to bring the filings into compliance. Because as a pro se party, I

am not as familiar with all the rules of the NH federal court (in particular its special local rules

which are different from the normal federal rules), it is reasonable to expect that I will not be able

to instantaneously understand all of the requirements outlined in a 72 page guide or in local rules

document constituting hundreds of pages.

viii.   Although I initiated this lawsuit, I filed in state court where I fully expected to litigate under state

court rules. I did not remove it to federal court; it was the defendants that did so. I did not know

or anticipate that I would be forced to litigate in federal court. Thus, it should not be held against

me that I am not as familiar with all of the rules of federal court.

ix.  Furthermore, the Donais defendants included multiple motions seeking multiple relief in one motion including impermissibly incorporating and including a special antislapp motion within their motion to dismiss and seeking not only dismissal of the case but also allowance of the antislapp and award of attorney fees under antislapp. I thus needed space to address the antislapp motion and that is part of why ostensibly I went over any page length.  I now also need to figure out how to meet the requirements of properly opposing an antislapp motion within the confines of the current rules. It is not fair to require that I address an antislapp motion within the confines of an opposition to a pre-answer rule 12b motion to dismiss. This antislapp motion should be stricken. If the court does not do so on its own, then I may have to move to strike on these and other grounds. But I do not have time to prepare multiple motions of the like while also preparing oppositions to the motion to dismiss. This has complicated the situation. The defendants should not be allowed to violate the rules while my feet get held to the fire. If I am required to refile my opposition, then the defendants should be required to refile their motion to dismiss, separating their motion to dismiss from their antislapp motion. NB: They also failed to include any affidavit or oath taking for statements made in the antislapp motion as required by the statute.

x.  Moreover, it should be noted that I interpreted the court's 11/8/23 order to "include all arguments" in an expansive manner, in that when I filed my supplemental opposition, I was supposed to include all arguments. How can I include all arguments without writing all the arguments?

xi.  See court's 11/8/23 order:

> 1/08/2023   99   ORDER re 93 Emergency MOTION to Extend Time to [EXPEDITED] MOTION TO CONSOLIDATE DEADLINES FOR OPPOSITION TO MOTIONS TO DISMISS AND/OR IN THE ALTERNATIVE FINAL MOTION TO EXTEND TIME TO FILE OPPOSITION TO DONAIS DEFENDANTS MOTION TO DISMISS BASED ON NEW INFORMATION: For good cause and in the interest of justice, the court will provide Bisasor a brief extension of time to supplement his placeholder objection (doc. no. 97). See Fed. R. Civ. P. 6(b)(1). This is the final extension the court will grant on this issue. Bisasor's response shall be filed on or before November 10, 2023. **In this response, Bisasor shall include all arguments that he wishes the court to consider in evaluating the Donais defendants' motion to dismiss**. So Ordered by US Magistrate Judge Talesha L. Saint-Marc. (ko) (Entered: 11/08/2023)

xii.   If the pages are strictly limited, then I cannot include all arguments. That is how I understood the court's 11/8/23 order.

xiii.   Moreover, the supplemental opposition is an additional filing. The local rules appear not to provide a page limit for supplemental oppositions.

xiv.   I state that all of the above supports this motion.

5.  Because the case manager stated in her reply that "*If you are requesting additional time to file your pleading, you will need to file a motion seeking such relief.*", then I am now filing this motion seeking the same.

6.  However, because of the crushing timeline due tomorrow, I did not have time to seek concurrence from the defendants before filing this motion. Although I do not know if the defendants will oppose or not, I would ask the court to rule on this fairly straightforward administrative matter without awaiting a response from the defendants. I could not have filed this motion any earlier because I just heard from the case manager today and the notice was issued yesterday, with a deadline in 2 days by tomorrow.

7.  Moreover, in the past, the clerk has essentially indicated that I should not always expect to receive a ruling on the same day I file a motion. Because of this, I now have to drop everything to rush to prepare and file this motion quickly today, so as to give a chance to hear back from the court by today or tomorrow before the deadline in the clerk's notice expires. I ask the court to rule on this motion expeditiously because I need to know in adequate of advance of the deadline whether it is granted, and hopefully before I have to head out to my medical appointments tomorrow. I do not want to be prejudiced by not knowing if the court granted the motion. Given the time needed to read the pro se guide for answers as to what all I actually need to do to comply and the time needed to rework the filings in order to refile, there is no way I can get that done by tomorrow.

8.  NB: I am not superhuman and it is unreasonable to expect anyone, much less a pro se party, to get that done in 2 days right before the weekend. Not only do I need more than 2 days' notice because I am not a trained lawyer (who is trained and practiced in these matters), but I also have to make a living and work outside of litigating this case (versus a lawyer who does this for work) and I have ongoing work, family, medical and other obligations that make it impossible to drop everything I am doing at the dop of a hat or

4

that I have planned or scheduled, in order to find time in the work day to immediately or urgently file things in court or otherwise to do so with only 2 days' notice for more complex tasks such as reworking/refiling a supplemental opposition to a motion to dismiss.

9. Due process requires adequate notice and 2 day's notice is not adequate and arguably violates due process.

10. I ask until 11/27/23 to comply, which is the Monday immediately after the Thanksgiving holidays next week.

11. This is relatively modest request under the circumstances. It relates to a routine administrative request regarding a relatively minor change to a deadline in a clerk's notice of compliance. I should hope that any effort by anyone to make this into a murder case with vigorous opposition should be deemed unnecessary and in any event, should not be countenanced by the court on such a relatively small matter in the larger scheme of things and in the context of a major upcoming holiday[1] where most everyone will not be engaging litigation next week any way.

12. I request that the court provides the relief requested or other relief deemed right, just or proper.

Respectfully submitted,
Andre Bisasor
/s/andre bisasor
679 Washington Street, Suite # 8206
Attleboro, MA 02703

Date: November 16, 2023

---

[1] It is my understanding that it is customary for courts to take into consideration the intervention of major holiday periods like Christmas and Thanksgiving when granting deadline related requests.

# **EXHIBIT 1**

# RE: Questions Regarding Clerk's Order Today

From: Kellie Otis (kellie_otis@nhd.uscourts.gov)

To:    quickquantum@aol.com

Cc:    jadean_barthelmes@nhd.uscourts.gov

Date:  Thursday, November 16, 2023 at 08:16 AM EST

Good Morning Mr. Bisasor,

The Memorandum in Opposition re [70] Motion to Dismiss for Failure to State a Claim, Plaintiff's Supplemental Opposition to Donais Defendants' Motion to Dismiss and Plaintiff's Supplemental Opposition to Donais Defendant's Incorporated Antislapp Motion [All Combined] with memorandum and affidavit incorporated (doc. no. 105) does not comply with the below local rules.

LR 7.1 Motions
(a) Form.
**(1) Title and Content.** All motions must contain the word "motion" in the title. Filers shall not combine multiple motions seeking separate and distinct relief into a single filing. Separate motions must be filed. **Objections to pending motions and affirmative motions for relief shall not be combined in one filing.**
**(2) Memorandum and Supporting Documents. Every motion and objection shall be accompanied by a memorandum with citations to supporting authorities or a statement explaining why a memorandum is unnecessary. Every motion and objection which require consideration of facts not in the record shall be accompanied by affidavits or other documents showing those facts.**
**(3) Length of Memorandum. Except by prior leave of the court, no memorandum in support of, or in opposition to,** a nondispositive motion shall exceed fifteen (15) pages and no memorandum in support of, or in opposition to, **a dispositive motion shall exceed twenty-five (25) pages.**

The opposition references attached exhibits that were not attached. See the below AP rule.
AP 2.5 Attachments/Non-Trial Exhibits
**(a) Submitted with Main Document as Separate Attachments. Each exhibit or attachment to a main document shall be electronically filed as a separate attachment to a motion or pleading ("main document"), shall be individually numbered/lettered, and shall be followed by a short description of the document in the "description" field, which shall not exceed five (5) words.** If attachments include more than one exhibit, the Filing User need not submit a separate table of contents or index as otherwise required by LR 5.1(a)(2) as the documents will be separately hyperlinked and indexed in the ECF system.

In addition, please comply with LR 5.1(a) regarding double spaced pleadings.
LR 5.1 Format and Service of Filings
**(a) Size and Format. Filings shall be** on 8 1/2 x 11 inch paper of good quality; be plainly typewritten, printed, or prepared by a clearly legible duplication process in a font size no smaller than ten (10) characters per inch or, if a proportionately spaced font is used, no less than twelve (12) point; have no less than one (1) inch margins; be consecutively numbered in the bottom center of each page; and be **double spaced except for quoted material.** Footnotes shall be used sparingly.

If you are requesting additional time to file your pleading, you will need to file a motion seeking such relief. I have also attached a copy of the Court's Local Rules and Pro Se Guide for your convenience.

Thank you,

Kellie Otis, Deputy Clerk/Case Manager
US District Court for District of NH
55 Pleasant Street, Rm 110
Concord, NH 03301
(603) 225-1473
Kellie_otis@nhd.uscourts.gov

---

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Wednesday, November 15, 2023 4:41 PM
**To:** Dan Lynch <Daniel_Lynch@nhd.uscourts.gov>
**Cc:** Kellie Otis <Kellie_Otis@nhd.uscourts.gov>; Jadean Barthelmes <Jadean_Barthelmes@nhd.uscourts.gov>
**Subject:** Re: Questions Regarding Clerk's Order Today

**CAUTION - EXTERNAL:**

Is it possible I can hear back today since this is time sensitive?

-Andre

On Wednesday, November 15, 2023 at 02:21:38 PM EST, Dan Lynch <daniel_lynch@nhd.uscourts.gov> wrote:

This is a question that can be addressed to the case manager, which you have done.  I will allow her to answer.

_____

Daniel J. Lynch

Clerk of Court

United States District Court

District of New Hampshire

603-225-1477

---

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Wednesday, November 15, 2023 2:10 PM
**To:** Dan Lynch <Daniel_Lynch@nhd.uscourts.gov>
**Cc:** Kellie Otis <Kellie_Otis@nhd.uscourts.gov>; Jadean Barthelmes <Jadean_Barthelmes@nhd.uscourts.gov>
**Subject:** Questions Regarding Clerk's Order Today

**CAUTION - EXTERNAL:**

Dear Clerk Lynch,

I just saw a notice from the clerk stating that I need to refile document 105 because it did not comply with 7.1 and that I had until 11/17 (2 days) to do so. It also stated that I should contact the clerk if I had any questions.

I have two questions:

1) What did I not comply with regarding 7.1? Is it the page length?

2) If I need more time to refile (especially if the above is based on page length) then may I have until next week, 11/22/23, to refile?

Thanks,

Andre Bisasor

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

 Local Rules 2022.pdf
1.1MB

 Pro Se Guide.pdf
441.3kB