UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

## PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(E)(1) AND BASED ON PRIOR STATE COURT APPROVAL OF INDIGENCY

1. I hereby request the appointment of counsel by the court, as follows.

2. I commenced this action in Massachusetts state court as a pro se plaintiff. I was granted indigency status in state court. The case was removed to the Massachusetts federal court on 6/12/23.

3. The case was then removed to the NH federal court on 7/27/23.

4. I had fully expected to litigate this case in state court where I filed it. I did not ask for this case to be litigated in federal court, where the rules are different and more formal than in state court. The defendants removed the case to federal court and this has placed me at a major disadvantage. I was required to get familiar not only with the federal court rules but also the local rules of MA federal court, encompassing hundreds of pages.

5. By transferring the case to NH federal court, it has effectively changed the rules again. Now, I have to become familiar with the local rules of NH district court. This is not easy to do for those who are not lawyers.

6. I am not a lawyer and I am not familiar with the NH federal court rules or practice. I have a major learning curve to overcome, which takes lawyers 3 years of law school to learn and even more years after that.

7. Moreover, reading the rules and knowing how to interpret the rules are two different things. Moreover, there are certain customs of practice that only those that have practiced in this court will know. I cannot know any of this including any unstated pitfalls until I go through it by trial and error but with the risk that I am prejudiced for any mistakes I may make. This sets me for failure and for systemic unfairness.

8. I am also unable to keep up with the tight timelines required for filings. I have medical issues and conditions and disabilities (recognized under the ADA) that impair my ability to meet the timelines required by the court. Without a lawyer, I will be prejudiced for failure to keep up with these timelines and I anticipate that I will be

castigated for not following the rules or not meeting the court's timelines were that to occur going forward. See court order on 11/17/23. See also my motion for disability accommodation filed today.

9.  Therefore, I need a lawyer to represent me in order to ensure I do not run afoul of any rules or court orders and to ensure I do not forfeit any of my rights or entitlement to relief and to compensate for my disabilities.

10. However, I am unable to afford an attorney and I am unable to find an attorney to represent me. I have been unsuccessful in finding an attorney that would represent me whether by contingency or an any basis. Several attorneys that I sought to represent me have conflicted out because of conflicts with the various defendants who are well-connected and powerful members of the legal community of NH. NB: Several judges in NH state court have had to recuse themselves for similar conflicts. NH is thus not a favorable legal environment for me as a pro se non lawyer as an African American, as an indigent, and as an outsider to the state and because of the incestuous networks of the defendants in this case.

11. Furthermore, in MA state court, I applied for indigency status and was granted such on more than one occasion, as noted before.

12. This serves as evidence that I am entitled to appointment of counsel in this court because the affidavit of indigency filed in and allowed in state court proves that I am indigent and thus unable to employ counsel.

13. This court has authority to appoint counsel pro bono pursuant to 28 U.S.C. § 1915(e)(1). Specifically, Section 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to afford counsel."

14. Thus, 28 USC 1915(e)(1) states that a federal court "may request an attorney to represent any person unable to afford counsel." The US Supreme Court has said that this provision does not give a court the authority to "appoint" counsel, but rather can only ask an attorney to serve willingly. Mallard v. United States District Court, 490 U.S. 296 (1989). This provides discretionary authority for appointing counsel "in such circumstances as the court may deem just." The court has "extremely broad" discretion to appoint counsel.

15. Also, the federal court of MA website states:

    "Pro Bono Representation: If you cannot afford an attorney, you may make a written motion asking the court to appoint an attorney for you. Use the same heading that you used on your COMPLAINT, but entitle the document "Motion for Appointment of Counsel." In your motion, provide the court with your financial status, your attempts, if any, to find a lawyer, and any other information which would be helpful to the court in determining whether a lawyer should be appointed for you. The Court is not required to

appoint an attorney, but may request an attorney who has indicated a willingness to accept such cases on a pro bono basis to represent you. See Title 28 U.S.C. § 1915(e)(1)."

16. I notified the MA federal court and the defendants of my intent to file a motion to appoint counsel but the case got transferred before I was able to file it in that court. Hence, I am filing it now in this court.

17. Accordingly, I respectfully request that the court grant this motion or such further relief as is reasonable and just. If the court requires more information, I ask the court to let me know. Alternatively, I request a hearing on this motion. I also request that such hearing be held *in camera* in order to maintain privacy interests recognized by the Supreme Judicial Court of Massachusetts and applicable to the affidavits of indigency that I filed in state court, which are impounded.

18. I ask that this motion be construed liberally. I also ask that the motion be ruled on by the district court judge assigned to this case.

19. I ask the court to stay all proceedings including any pending deadlines until this matter is resolved.

20. I did not have time to seek concurrence from the defendants on this motion because of the short timeline involved and the deadline that is due today. But it should be noted that I did previously seek concurrence on this motion in MA federal court and was not able to obtain it at the time (the defendants did not oppose or assent at the time to the best of my recollection.).

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY**

Respectfully submitted,
Andre Bisasor
/s/andre bisasor
679 Washington Street, Suite # 8206
Attleboro, MA 02703

Date: November 20, 2023

**CERTIFICATE OF SERVICE**
I hereby certify that the foregoing was or will be served to the parties in this case via the court's electronic filing/service system.
/s/andre bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703

3