UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

## MOTION TO DECLARE CHOICE OF LAW AND TO INSTRUCT THE PARTIES TO SEPARATELY BRIEF THIS MATTER

1. COMES NOW the Plaintiff, and respectfully requests that the court declare and order what law is applicable to this case and to instruct the parties to separately brief this matter to aid the court in its resolution. Grounds are as follows.

2. The court looks to the conflict of laws rules "to determine which state's laws will be controlling." Mountain Fuel Supply v. Reliance Ins. Co., 933 F.2d 882, 887-888 (10th Cir. 1991). See also Ferrell v. Allstate Ins. Co., 2008-NMSC-042, applying the Restatement (Second) of Conflict of Laws (1971).

3. First, the court must determine whether the substantive laws of Massachusetts and New Hampshire differ on the issues before it. See Liew v. Official Receiver and Liquidator, 685 F.2d 1192, 1196 (9th Cir.1982); Marsh, 805 F. Supp. at 1496. Second, if the laws do differ, then the court must determine what interest, if any, the competing jurisdictions have in the application of their respective laws. Liew, 685 F.2d at 1196; Marsh, 805 F. Supp. at 1496; Hurtado, 11 Cal. 3d at 581. "If only one jurisdiction has a legitimate interest in the application of its rule of decision, there is a false conflict and the law of the interested jurisdiction is applied." McGhee, 871 F.2d at 1422. On the other hand, if more than one jurisdiction has a legitimate interest, "the court must move to the third stage of the analysis, which focuses on the comparative impairment of the interested jurisdictions. At this stage, the court seeks to identify and apply the law of the state whose interest

would be the more impaired if its law were not applied." Id. (citation and quotation marks omitted); see also Abogados, 223 F.3d at 934.

4.   I am a citizen of Massachusetts and have been during all times relevant to this case.

5.   Some of the defendants are citizens of New Hampshire. The complaint and related filings in this cases disputes[1] that all of the defendants are citizens of New Hampshire including whether all the partners of Upton Hatfield are citizens of New Hampshire). There needs to be discovery on this issue. This is also relevant to the plaintiff's motion to remand.

6.   The defendants have not provided sufficient[2] information in their motions to dismiss for the Court to determine which jurisdiction's law applies to the claims in this case.

7.   The defendants make single sentences conclusory statements regarding these factors but cite very little or no legal authority supporting those statements.

8.   For example, Defendants do not identify the "last act necessary to complete the injury" or the location of the last act. Defendants simply makes the conclusory statement that New Hampshire law applies or that all acts occurred in New Hampshire. Without knowing the location of the last act necessary to complete the injury, the Court cannot determine which jurisdiction's law applies to the alleged torts in this case.

9.   The Court should not act as a party's attorney and make the party's arguments for them. See Mitchell v. City of Moore, 218 F.3d 1190, 1199 (10th Cir. 2000); Northington v. Jackson, 973 F.2d 1518, 1521 (10th Cir. 1992) ("the court should not assume the role of advocate"). Doing so would result in the Court abandoning its neutrality and becoming an advocate in the adversarial process.

---

[1] Defendants cannot use a motion to dismiss to dispute facts.

[2] NB: Defendants have failed to meet the initial burden of presenting evidence in their motion to dismiss to show that NH law must apply. See Justice v. Crown Cork and Seal Co., Inc., 527 F.3d 1080, 1085 (10th Cir. 2008).

See Mitchell v. City of Moore, 218 F.3d at 1199. The court should, therefore, that the parties file separate memorandum regarding the choice of law.

10. I don't concede that it is undoubted that NH law will govern the issues.

11. I have alleged in my complaint that certain statements by the Donais defendants were made in MA as well as in NH. I also alleged that my reputation was harmed in MA and in NH and I suffered injury in MA and in NH. Hence, the controversy occurred in MA as well as in NH and there are facts that occurred in MA as well as NH.  It should be noted that in fact some of the documents relating to the alleged false statements are in MA.

12. Presumably, NH does not have jurisdiction over the MA state law claims. Moreover, if the court remands the case to state court, then presumably MA law will apply.

13. Yet the defendants have asserted an antislapp motion within their motion to dismiss, premised on the application of MA law while also at the same time asserting that NH applies. This is contradictory.

14. I cannot properly oppose the motion to dismiss without knowing which law applies or when the defendants are taking contradictory positions on the issue within their said motion, when it suits their argument and depending on which argument they are making. Similarly, given the page limits, I cannot effectively address choice of law issues while also addressing all of the substantive issues in the motion to dismiss including the antislapp motion. Also, given the page limits, I cannot address the motion to dismiss under MA law and then also address it under NH law. There is simply no space to do so and I am not a skilled lawyer who knows to make precise arguments concisely in this tight context.

15. The burden should not be on me alone to establish choice of law while the defendants get to offer one sentence in their motion to dismiss.

16. This is a major issue that need to be resolved before I can file my opposition to the motion to dismiss. There are other procedural and substantive issues that need to be resolved before this case can proceed. Consequently, I also ask the court to stay deadlines to oppose the motion to dismiss, until this matter is resolved. See **accompanying motion to stay the deadlines to oppose the motion to dismiss filed today**.

17. Because I am filing this in a rush, I am not able to provide further treatment but plan to do so if the court recognizes that this issue needs to be addressed.

18. I did not have time to seek concurrence from the defendants on this motion because of the short timeline involved and the deadline that is due today.

19. I ask that this motion be referred to the district court judge for expedited ruling.

20. Please grant the relief requested or other relief deemed just and proper.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

November 20, 2023

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675