# Exhibit 1

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS (Boston)

No. 1:23-cv-11313-WGY

ANDRE C. BISASOR,
          Plaintiff

vs.

CRAIG DONAIS, et al
          Defendants

*********

For Zoom Hearing Before:
Judge William G. Young

Motion to Dismiss/Transfer

United States District Court
District of Massachusetts (Boston)
One Courthouse Way
Boston, Massachusetts 02210
Thursday, July 27, 2023

********

REPORTER: RICHARD H. ROMANOW, RPR
Official Court Reporter
United States District Court
One Courthouse Way, Room 5510, Boston, MA 02210
bulldog@richromanow.com

                      A  P  P  E  A  R  A  N  C  E  S


ANDRE C. BISASOR
    679 Washington Street, #8-206
    Attleboro, MA
    Email: Quickquantum@aol.com
    Pro Se plaintiff


EDWIN F. LANDERS, ESQ.
IAN DONOVAN, ESQ.
    Morrison Mahoney, LLP
    250 Summer Street
    Boston, MA 02210
    (617) 737-8834
    Email: Elanders@morrisonmahoney.com
    For Defendants Craig Donais, Mary Donais,
    and the Donais Law Offices


DANIEL R. SONNEBORN, ESQ.
    Preti Flaherty Beliveau & Pachios, LLP
    60 State Street, Suite 1100
    Boston, MA 02109
    (617) 226-3852
    Email: Dsonneborn@preti.com
    For Defendants Russell Hilliard and
    Upton & Hatfield, LLP

P R O C E E D I N G S

(Begins, 4:00 p.m.)

THE CLERK:  Now hearing Civil Matter 23-11313, Andre Bisasor vs. Craig Donais, et al.

THE COURT:  Good afternoon.  This is a hearing on the defendants' various motions and motions by the plaintiff as well, but the motion we're going to focus on is the motion to dismiss.

The hearing is held on our zoom platform at your request.  Our host for the hearing is Courtroom Deputy Clerk, Jennifer Gaudet.  These proceedings are taken down by our Official Court Reporter, Rick Romanow.  I have law clerks on the line.

The proceedings are open to the public.  If any member of the public is present, you are welcome, but I remind you to keep your microphone muted and that the rules of court remain in full force and effect, and that is there is no taping, streaming, rebroadcast, screen shots, or other transcription of these proceedings.

With that stated, would the parties introduce themselves starting with the plaintiff, Mr. Bisasor.

MR. BISASOR:  Yes, your Honor.  Good to see you. Thank you.  My name is Andre Bisasor, I'm the plaintiff.

THE COURT:  And, Mr. Bisasor, it's good to see you.  And I'll say to you and counsel, I apologize for

having to continue this until later in the day, but I'm prepared for argument, and it's good to see you all.

For the defense?

MR. LANDERS: Good afternoon, your Honor, Ted Landers on behalf of Craig Donais, Mary Donais, and Donais Law Offices.

THE COURT: Good afternoon.

MR. DONOVAN: Good afternoon, your Honor, Ian Donovan for the same, um, Craig Donais, Mary Donais, and the Donais Law Offices.

THE COURT: Good afternoon.

MR. SONNEBORN: And Good afternoon, your Honor, Dan Sonneborn for defendants Russell Hilliard and Upton & Hatfield.

THE COURT: And good afternoon to you.

All right. I've read all the pleadings, argument will not exceed 10 minutes a side.

Where I want to start, Mr. Bisasor, is, um, as I've looked at these papers it does seem to me that the fairest thing that I might do is transfer this case to the District Court in New Hampshire, and the reason I say that is there are very real issues as to whether I have personal jurisdiction over the people you've sued here in the District of Massachusetts, and, um, where there's no such issues in the District of New Hampshire

and we can get on to the actual merits of the case?

What do you say to my transfer -- not dismissing the case, taking no other action on the case, but transferring it to the District of New Hampshire?

MR. BISASOR:  Um, your Honor -- thank you, your Honor.  I would say that, um, I believe that it may not be in the interests of justice to transfer the case to another forum in New Hampshire because, um --

So I understand with the transfer there wouldn't be a dismissal --

THE COURT:  That's right.

MR. BISASOR:  -- or potential statute of limitations issues if --

THE COURT:  No.

MR. BISASOR:  Okay, so with the transfer there will be none.  Okay.

The other point would be that, um, the New Hampshire environment for me, your Honor, is not very conducive because, first of all, I'm located in Massachusetts, so if there were to be anything that I would have to show for, I would have to do so in person, it's not convenient for me in Massachusetts.  I do have some limitations with respect to travel costs and with respect to some medical issues that have prevented me from being able to, um, pursue anything further in that

case, even though I did start some things there. Because of covid and a number of other things, I have not been able to really do that.  That would be one issue.

THE COURT:  They would say the same thing, the difficulty of coming here to Massachusetts.  But my issue is more fundamental, I don't know that I have personal jurisdiction over them here?

Now contrary, which is where that court sits, that's an hour away.  Um, it seems to me I would best secure everybody's rights if I took no other action beyond sending the case up to New Hampshire?

MR. BISASOR:  Okay, your Honor.  So in terms of the question of the jurisdiction, I would just point out that, um, there are a number of acts that took place in Massachusetts, um, by the -- by the defendants, there have been contacts with respect to this particular matter and the matters related to it.  Beyond that, in terms of general jurisdiction, um, I would say that with respect to the Donais defendants, they have had substantial contacts here, Donais has a law practice --

THE COURT:  Wait.  Wait.  Wait.  Wait a minute. Wait a minute.  Now you're arguing the substance of the motion.

MR. BISASOR:  Yes, your Honor.

THE COURT:  Right, and I'll hear you on the substance of the motion, but if I hear you on the substance of the motion, it's not going to be transferred, you'll either win, in which case I will decide I have personal jurisdiction over these defendants, or you'll lose, in which case I will decide I do not have personal jurisdiction over these defendants, and then I will dismiss the case, not on the merits, but I will dismiss it.

Here if I transfer it, you're not injured at all. The judge in New Hampshire will just take responsibility for the case and at least as I understand the law they've got no claim that personal jurisdiction doesn't extend to them in New Hampshire, as a matter of fact I'm going to ask them before we finish.

So doesn't it make sense to transfer it?

MR. BISASOR:  Um, based on what you're saying, your Honor, I could see myself open to that point.  Um --

THE COURT:  All right, let's turn to the defendants.

We're not going to sandbag anyone here.  If I transfer this now to the United States District Court for the District of New Hampshire, and I'm asking you on the record, defense counsel, no one's going to claim

lack of jurisdiction, personal jurisdiction over your person before that court, is that correct?

MR. LANDERS:  Your Honor, on behalf of the Donais defendants, that's correct.

MR. SONNEBORN:  Yes, on behalf of Mr. Hilliard and his firm, that is correct.

THE COURT:  Very well.  And that is the fairest thing to do.

This case is ordered transferred under 28 United States Code, Section 1404(a), from this court to the United States District Court for the District of New Hampshire, and the Court takes no action on any other pending motion, that the case is transferred to that court.  Thank you all very much.

We'll stand in recess.

(Ends, 4:10 p.m.)

C E R T I F I C A T E


        I, RICHARD H. ROMANOW, OFFICIAL COURT REPORTER,

do hereby certify that the foregoing record is a true

and accurate transcription of my stenographic notes

before Judge William G. Young, on Thursday, July 27,

2023, to the best of my skill and ability.




/s/ Richard H. Romanow 09-05-23
_____
RICHARD H. ROMANOW    Date