UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

## PLAINTIFF'S EMERGENCY/EXPEDITED MOTION TO EXCEED PAGE LIMIT FOR SUPPLEMENTAL OPPOSITION TO THE DONAIS DEFENDANTS' SECOND MOTION TO DISMISS

1. I the plaintiff hereby move the court to exceed the page limit for my supplemental opposition to the Donais defendants' second pre-answer motion to dismiss, and respectfully move for leave to file a 50-page memorandum in the supplemental opposition to the second motion to dismiss which is currently due today by the court 11/17/23 order. As grounds for this motion, I the plaintiff state the following:

2. The page limit is 25 pages for my supplemental opposition to motion to dismiss.

3. I anticipate needing an additional 25 pages to complete the opposition memorandum totaling 50 pages. The reasons for anticipating this need includes the nature and complexity of the case.

4. This is a modest request.

5. It should be further noted that my supplemental opposition filed on 11/13/23 (which I am required re-file by today) contains approx. 79 pages, including signature page, certificate of service and several screenshots included in the document and including a major section in the middle dedicated to addressing the antislapp motion buried within the defendants rule 12b motion to dismiss[1]. It will require substantial reworking to be able to refile that document.

---

[1] It was not my understanding at the time that the supplemental opposition, as an additional filing after the initial opposition, and as ordered by the court on 11/8/23, had any page limits, especially with the instruction to "include all arguments". This was how I interpreted it at the time but evidently was a misunderstanding on my part. I am now filing this motion to exceed page limits in order to address that error in my understanding.

1

6. To cut 79 pages down to 25 pages is a really difficult task. More importantly, cutting out that much of my arguments will serve to harm me in the presentation of my defense against dismissal.

7. Given the stakes involved, especially with the anti-slapp motion, and my pro se status[2] (as well as my medical situation/disabilities), I ask that the court allow me an accommodation of excess pages to adequately defend myself and to be able to assert and preserve all my arguments needed to properly defend myself. NB: Lawyers routinely seek leave to file excess pages of 40 or 50 pages and they are routinely granted. Therefore, my request is not an unreasonable request.

8. There are critically important points of facts and/or law need to be brought to the court's attention, but the complexity of the issues, and the importance of the facts presented in the Donais defendants' second motion to dismiss, necessitates an explanation in excess of the allotted 25 pages.

9. This is warranted given the complexity of the legal issues involved in this action and the significance of the issues that are addressed. This case involves multiple claims against multiple defendants and requires analysis of many issues. My supplemental opposition to the Donais defendants' second motion to dismiss must address various alleged federal law defenses and state law defenses including new unpermitted rule 12B defenses, affirmative defenses and an improper complex antislapp motion.

10. It will benefit this court in its decision making authority to be fully apprised of the complete and thorough arguments in this matter so that justice may be served. Moreover, the stakes are high given that the Donais defendants are seeking dismissal with prejudice as well as an award of attorney fees.

---

[2] Another consideration for this motion relates to my pro se status and that the courts should allow some consideration of that. I am not able to easily meet all of the requirements of the court due to not being trained as a lawyer or trained to write like a lawyer. It takes tremendous effort for me as a non-lawyer to try to meet these requirements. I also have medical conditions which impede my ability to meet certain requirements and which subject is currently pending before the court in a filing I made today. I need accommodation to assist me to do so.

11. This point has to do with the fact that I am opposing a major multi-defendant motion to dismiss in a major complex multiclaim case, and where the stakes involve possible automatic attorney fees under the antislapp statute if I lose the motion, and also dismissal with prejudice if I lose the motion. The defendants have multiple lawyers from 2 big downtown law firms in New England, working against me as the sole pro se plaintiff in this case. If attorney fees are automatically awarded, it will likely be astronomical and I will be bankrupted.

12. As such, I also need to develop the factual record, without discovery from defendants at this juncture, in order to address the factually-intensive matters requiring the court's consideration, particularly in the antislapp motion.

13. While I will make every effort to condense and streamline the arguments in the supplemental opposition to the Donais defendants' second motion to dismiss, I respectfully submit that a memorandum of 50 pages is necessary to fully set out the rebuttal to dismissal.

14. Given the numerous issues to be addressed, I respectfully submit that my memorandum will assist the court in resolving this potentially dispositive motion in this important case.

15. It should be noted that the defendants have had the plaintiff's opposition papers of more than 50 pages combined, since July 2023, and have had the opportunity to fine tune their claims based on my prior opposition filings when they filed the first motion to dismiss and then even more so upon filing their second motion to dismiss in this court. My having 50 pages to refile my supplemental opposition will not prejudice the defendants in any way.

16. Please keep in mind also that the complaint is 92 pages. I need to go through the 92 page complaint and demonstrate where I have adequately pled the claims in order to effectively rebut the defendants' arguments for dismissal.

17. The defendants also filed also filed two previous motions to dismiss in MA federal court before, which require that I include those in my analysis, especially when addressing issues of waiver,

forfeiture, and the improper defenses asserted in the second motion to dismiss. I also have to compare what was not included in the first motion or what was included but now omitted from the second motion.

18. Similarly, I filed three opposition documents in MA federal court, without strict limitations on page limits, and now I have to incorporate many of the arguments I made in MA federal court into the opposition in this court, especially with respect to the antislapp motion. The change in rules and customs of the NH federal court is working to prejudice my coming from the MA federal court into this court. In other words, I should have been able to file the same number of pages that I filed in the MA federal court, especially if since these motions to dismiss and oppositions thereto are essentially being re-filed in this court. But I find myself having to now cut back on what I stated in my opposition papers in MA federal court simply because the court has changed. This is also grounds for an allowance to address this asymmetry in the situation. I trust I am making sense. Please construe my words liberally here.

19. Also, pro se pleadings are supposed to be treated in a less strict manner. Pro se pleadings are required to be treated less stringently[3]. So this further supports this motion. I am not asking for unlimited pages. I am asking for a number of pages that will allow me to be meaningfully heard through my opposition papers.

20. I also seek to preserve issues for reconsideration or appeal as may be necessary and if I have to cut arguments because of page limits, then I will be prejudiced.

21. For the foregoing reasons, I respectfully request that this court allow my motion for leave to exceed the page limit.

---

[3] The Donais defendants' second motion to dismiss does not contain **accompanied affidavits showing facts not in the record.** It also combined **multiple and distinct relief into a single filing,** i.e., the antislapp motion, award of attorney fees under anstislapp, etc. But the court has not applied so far stringent standards on the defendants' pleadings.

22. I ask the court to rule urgently on this motion so I can know right away if this motion is granted.

23. If the court does not rule on this motion right away, then I ask that the deadline for refiling my supplemental opposition to the defendants' motion to dismiss be stayed until the resolution of this motion.

24. I cannot refile my supplemental opposition to the motion to dismiss if I do not know if the motion for excess pages is granted. This is an eminently reasonable point.

25. Similarly, I will not know how to proceed with my supplementary opposition until I hear from the court on this motion or unless the motion is fully resolved.

26. Thus, I ask that the deadline for refiling my supplemental opposition to the defendants' motion to dismiss be stayed or extended beyond today's deadline.

27. I ask that this motion be referred to the district court judge for expedited ruling.

28. If the court denies the motion, I would like to preserve my right to appeal immediately to the first circuit and ask the court to provide me the instructions necessary for appealing right away or the opportunity to appeal right away. Otherwise, I ask the court to stay the proceedings until the first circuit disposes of such appeal, should an appeal be necessary.

29. Because I am filing this in a rush, I am not able to provide further treatment but plan to do so if allowed to do so.

30. I did not have time to seek concurrence from the defendants on this motion because of the short timeline involved and the deadline that is due today.

31. Please grant the relief requested or other relief deemed just and proper.

32. NB: Please grant a pro se liberal construction to this pleading in accordance with the attendant US supreme court rulings and other supporting case law as well as pursuant to the dictates of modern socially responsible and conscientious jurisprudence.

33. Please grant the relief requested or other relief deemed just and proper.

Respectfully submitted,<br>
/s/Andre Bisasor<br>
Plaintiff Andre Bisasor

November 20, 2023

## CERTIFICATE OF SERVICE

This filing is served to all parties of record via the e-filing system.

/s/Andre Bisasor<br>
Andre Bisasor