UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

# PLAINTIFF'S MOTION FOR HEARING ON THE DEFENDANTS' MOTIONS TO DISMISS

1. I the plaintiff hereby move for a hearing on the defendants' pending motions to dismiss. Grounds are below.

2. In support of this motion, I state the following.

3. Rule 12 (i) states:

   "**Hearing** Before Trial. **If a party so moves**, any defense listed in Rule 12(b)(1)–(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) **must be heard and decided** before trial unless the court orders a deferral until trial."

4. Pursuant to the above rule, I hereby so move for hearing on the pending motions to dismiss.

5. The text of the above rule indicates that a motion to dismiss must be heard "if a party so moves". The heading makes clear that the term "heard" refers to a "hearing" i.e. "hearing before trial".

6. Similarly, the use of the terms "heard" and "decided" shows that "hearing" is separate from "deciding" and so the term "heard" cannot be construed simply as another way of saying "decided". Thus, "heard" and "decided" are two separate and distinct things, meaning thereby that "heard" implies an actual "hearing" on a motion to dismiss and not simply "issuing a ruling" on a motion to dismiss.

7. Because I have moved for a hearing on the pending motions to dismiss, then a hearing must be held before deciding the motion to dismiss in accordance with the plain meaning of the rule.

8. I will be significantly prejudiced if the court decides the motions to dismiss without any hearing.

9. Furthermore, local rule 7.1(d) states:

1

> "(d) Oral Argument. Except as otherwise provided, the court shall decide motions without oral argument. The court may allow oral argument after consideration of a written statement by a party outlining the reasons why oral argument may provide assistance to the court. Unless otherwise ordered, each side's argument shall be limited to fifteen (15) minutes."

10. This local rule is a general reference to motions in general (not specifically to the motion to dismiss). The phrase "except as otherwise provided" indicates that there are exceptions to the court having discretion to hold a hearing or not. The exceptions include a motion to dismiss and a motion for summary judgment. Because these are dispositive motions, it would be unfair to dispose of them without a hearing.

11. The exception for a motion to dismiss is underscored by Rule 12(i) that states that **if a party so moves, the motion to dismiss must be heard before being decided**. This is an exception as otherwise provided.

12. Similarly, it is my understanding that this court session (under Judge Joseph LaPlante) customarily holds hearings on dispositive motions, as part of the normal course of action. It would be a departure from that normal course of action for the court to now for the first time abandon the practice of scheduling a hearing on a motion to dismiss.

13. Given the stakes involved, especially with the anti-slapp motion, and my pro se status (as well as my medical situation/disabilities), it is also proper to hold a hearing so that I can have any adequate opportunity to defend myself and to be able to assert and preserve all my arguments needed to properly defend myself..

14. There are critically important points of facts and/or law need to be brought to the court's attention, but the complexity of the issues, and the importance of the facts presented in the Donais defendants' second motion to dismiss, necessitates a hearing before the court.

15. This is warranted given the complexity of the legal issues involved in this action and the significance of the issues that are addressed. This case involves multiple claims against multiple defendants and requires analysis of many issues. My supplemental opposition to the Donais

defendants' second motion to dismiss must address various alleged federal law defenses and state law defenses including new unpermitted rule 12B defenses, affirmative defenses and an improper complex antislapp motion.

16. A hearing will benefit this court in its decision making authority to be fully apprised of the complete and thorough arguments in this matter so that justice may be served. Moreover, the stakes are high given that the Donais defendants are seeking dismissal with prejudice as well as an award of attorney fees.

17. I ask that this motion be construed liberally. I also ask that the motion be ruled on by the district court judge assigned to this case.

18. I did not have time to seek concurrence from the defendants on this motion because of the short timeline involved and the deadline that is due today. But it should be noted that I did previously seek concurrence on this motion in MA federal court and was not able to obtain it at the time (the defendants did not oppose or assent at the time to the best of my recollection.).

19. The plaintiff requests that the court provides the relief requested.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

November 20, 2023

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675

3