UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No. 1:23-CV-11313

**EMERGENCY/EXPEDITED
PLAINTIFF'S MOTION TO STRIKE THE DONAIS DEFENDANTS' ANSTISLAPP MOTION**

1. I the plaintiff move this court to strike Donais defendants' motion seeking dismissal of this case pursuant to Massachusetts' anti-SLAPP law, (hereinafter the "anti-SLAPP motion"), as procedurally improper.

2. This is being filed as an emergency/expedited motion because the court has ordered a deadline for Monday 11/20/23 to file my oppositions to the motion to dismiss and thus I need to know if the antislapp motion will be stricken from the motion to dismiss so I can know what to include in my opposition.

3. I would ask the court to act on this motion right away so I can know how to proceed. Otherwise, the court should stay the deadline for filing the opposition until the court resolves this motion.

4. Should the Court deny this motion to strike, I intend to file a substantive factual response to the Donais defendants' antislapp motion. I also have sought and/or will seek leave to pursue discovery, as provided for in the antiSLAPP statute cited by Donais defendants.

5. I have not completed this filing. This is a protective filing so that it cannot be said that I did not comply with a court order.

6. I need to include dealing with the substance of the Donais' antislapp motion. I have only addressed the procedural aspects of the antislapp motion as grounds to strike. An example of a procedural aspect is the fact that the Donais defendants' antislapp motion is procedurally flawed, as it was

1

not supported by an affidavit. An example of a substantive aspect is the fact that the anti-SLAPP statute does not apply to litigation communications which constitute criminal acts, as a matter of law. Similarly, another example of a substantive opposing argument is that an antislapp motion will ordinarily not be sustained as to a professional negligence or breach of fiduciary duty claim, since the gravamen of the lawsuit is not the attorney's petitioning or litigation activity per se, but rather the attorney's decisions, actions or omissions which resulted in the petitioning or litigation activity.

7. So I need to be able to address the substance of opposing the antislapp motion either in an enlarged 50 page motion based on my motion to exceed page limits, if granted, or in a separate opposition addressing the substance and not simply the procedural aspects of the antislapp motion.

8. I also need to file an accompanying affidavit to support the opposition to the antislapp motion.

9. According to the statute, the court shall consider pleadings and supporting and opposing affidavits stating the facts" and may permit additional discovery upon a motion for good cause.

10. So I need an opportunity to file opposing affidavits stating the facts. I also need to obtain limited discovery in order to properly oppose the antislapp motion. This is the correct procedure under the MA antislapp statute.

11. Thus, the court also must view the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party.

12. NB: When it comes to an anti-slapp motion, the stakes are high for the non-moving party because of the automatic award of fees if the special motion is granted.

13. As point of note, I also understand that even if this court rules in my favor to strike the antislapp motion, it still is important to preserve the record just in case of an appeal. This is critical because if discovery is ordered, and later the movant wins an appeal, I could be automatically stuck with

the movant's cost of discovery. It is therefore prudent for me to secure the record from now and it is not unreasonable for me to be concerned about this, which comes from my reading of several cases related to anti-slapp motions in the state of Massachusetts.

14. In light of the foregoing, it is evident that good cause exists therefore to grant this request.

15. The court should allow the case to proceed on the merits and allow me to have my day in court to prove my case.

16. In support of this motion to strike the antislapp motion, I have attached a memorandum of law to this motion, as **the first attachment** to this motion.

17. Because this relates to a dispositive motion, it is thus to be treated as a dispositive motion itself and concurrence can be assumed to not be necessary or to not be forthcoming. In any event, I did not have time to seek concurrence from the defendants on this motion because of the short timeline involved and the deadline that is due today.

18. I ask the court to rule urgently on this motion so I can know right away if this motion is granted.

19. If the court does not rule on this motion right away, then I ask that the deadline for refiling my supplemental opposition to the defendants' motion to dismiss be stayed until the resolution of this motion.

20. I cannot refile my supplemental opposition to the motion to dismiss if I do not know if the antislapp motion will be stricken. This is an eminently reasonable point.

21. Similarly, if the court does strike the antislapp motion, I will need an opportunity to refashion my supplemental opposition and thus I ask for a reasonable time thereafter to do so, subject to the other pending motions that are filed concurrently with this motion or in conjunction with this motion.

22. I will not know how to proceed with my supplementary opposition until I hear from the court on this motion or unless the motion is fully resolved.

23. Thus, I ask that the deadline for refiling my supplemental opposition to the defendants' motion to dismiss be stayed or extended beyond today's deadline.

24. I ask that this motion be referred to the district court judge for expedited ruling.

25. If the court denies the motion, I would like to preserve my right to appeal immediately to the first circuit and ask the court to provide me the instructions necessary for appealing right away or the opportunity to appeal right away. Otherwise, I ask the court to stay the proceedings until the first circuit disposes of such appeal, should an appeal be necessary.

26. NB: Please grant a pro se liberal construction to this pleading in accordance with the attendant US supreme court rulings and other supporting case law as well as pursuant to the dictates of modern socially responsible and conscientious jurisprudence.

27. I also reserve the right to further state my defenses or rebuttals against dismissal in a sur-reply to any reply by the Donais defendants, and further in any opposition to the Hilliard defendants' motion to dismiss when that is filed by 12/4/23 (especially since the Hilliard defendants have asserted that they are incorporating by reference certain defenses from the Donias defendants' motion to dismiss).

28. I hereby also incorporate the oppositions to the defendants' motions to dismiss filed in the MA federal court. This opposition incorporates by reference, as if fully stated herein, all of the factual and legal arguments found in the filings wherein I asserted defenses against dismissal, including all of the factual and legal arguments contained in the Plaintiff's Initial Opposition to the Donais Defendants' Motion to Dismiss filed in this court, the Amended Complaint filed in state court, and in Plaintiff's Combined Opposition to Defendants' Motions to Dismiss and in Plaintiff's Combined Opposition to Defendants' Anti-Slapp Motions[1], and the supplemental opposition and

---

[1] NB: I refute the assertion of the facts stated in the Donais defendants' filings including in particular those that pertain to or is relevant to the antislapp motion. I refer to what is stated in my filings in this regard as correct and true as under oath. To the extent the statements by the Donais defendants in their filings are not supported by any affidavit of their asserted

the attendant opposing affidavits filed in MA federal court as well as the supplemental opposition and related filings including motions to strike filed in this court.

29. I oppose the Donais defendants' antislapp and the motion to dismiss in its entirety and all its arguments, reasoning, claims, considerations, suggestions, insinuations, pleadings, statements, conclusions and requests and relief sought. I oppose and defend against the motion to dismiss attacks upon my complaint in full and completely

30. WHEREFORE, I hereby humbly request this Honorable Court grant my request and/or other relief that the Court deems just and proper as follows:

   a. Strike the Anti-Slapp Motion to Dismiss in its entirety.
   b. Award me any fees and costs incurred in seeking to strike this Motion.
   c. In the alternative, I ask that the court:
   d. Allow me to have a hearing on this motion.
   e. Allow me the opportunity to take limited discovery as permitted by statute.
   f. Allow me to have an evidentiary hearing to show why limited discovery is needed, as permitted by the Antislapp statute.
   g. Grant other relief deemed just and proper.

Respectfully submitted,
Andre Bisasor
/s/andre bisasor
679 Washington Street, Suite # 8206
Attleboro, MA 02703

Date: November 20, 2023

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was or will be served to the parties in this case via the court's electronic filing/service system.

/s/andre bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703

---

facts, these should be stricken or otherwise ignored by the court on this basis, and if necessary, I request that they be stricken by the court.