UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**[REFILED]**
**PLAINTIFF'S [PARTIAL] SUPPLEMENTAL OPPOSITION TO DONAIS DEFENDANTS' SECOND PRE-ANSWER MOTION TO DISMISS**

1. I, the plaintiff in the above-captioned case, hereby submit this partial **supplemental** opposition to the second pre-answer preliminary motion to dismiss filed by defendants Craig Donais, Mary Donais and Donais Law Offices ("Donais defendants") filed on 9/26/23.

2. I also have filed attached to this motion a memorandum of law with accompanying exhibits setting forth plaintiff's facts and an incorporated memorandum setting forth plaintiff's arguments and reasons why the Donais defendants' second motions to dismiss should be denied and why this case should be allowed to proceed to discovery and to trial.

3. I oppose the Donais defendants' motion to dismiss in its entirety and all its arguments, reasoning, claims, considerations, suggestions, insinuations, pleadings, statements, conclusions and requests and relief sought. I oppose and defend against the motion to dismiss attacks upon my complaint in full and completely.

4. The Donais Defendants' second motion to dismiss must be viewed as presented for an improper purpose, such as to cause unnecessary delay or needless increase in the cost of the litigation.

5. The bottom line is that there are too many factual disputes in this case for the case to be resolved on a motion to dismiss.

6. The Donais defendants engaged in numerous instances of mischaracterizing the complaint and the allegations made therein.

7.  The Donais defendants also include information that is outside of the pleadings. For example, they deny wrongdoing and they assert that Officer Linstad is a police officer in NH.

8.  The Donais defendants' second motion to dismiss effectively call upon the judge in this case to be an advocate for the defendants by essentially asking the judge to figure out their vague insinuations. But the judge in this case cannot be an advocate for the defendants.

9.  Evidence is needed to resolve this motion to dismiss. This also requires an evidentiary hearing.

10. Applicability of law/choice of law must also be resolved first. The plaintiff finds it difficult to oppose the motion to dismiss when the Donais defendants have tried to "have their cake and eat it too" by arguing both MA law applies to the case (for application of antislapp) and that NH law applies to the case at the same time. The antislapp motion should be stricken because both MA and NH law cannot apply at the same time as being the law of this case.

11. Dismissal of the claims against the Donais Defendants is not warranted. The complained of wrongdoing is not absolutely privileged. Plaintiff's claims asserted in this case are not time barred including those arose prior to 6/20/19. The claims relating to breach of contract, based upon the 1/9/17 telephone conversation and subsequent conduct of Donais, are not time-barred.

12. It should be noted in closing, that the Donais defendants have tacitly conceded that the plaintiff has stated factually valid claims and did not contest the facial plausibility of the plaintiff's allegations in MA federal court. Once I pointed this out to the MA federal court, the Donais defendants have now suggested a timid catchall blanket denial of wrongdoing without denying any of the factual allegations. To the extent the defendants have tried to dispute the allegations, this is not allowed in a motion to dismiss.

13. According to the second motion to dismiss, the basis for dismissal is that the claims asserted against the Donais defendants, which are identical to the claims he previously moved to dismiss

without asserting these new defenses in MA federal court, now suddenly fail to meet the requirements of F.R.C.P. 8(a).

14. The Donais Defendants' arguments have no legal merit, should have been made a long time ago, and are interposed solely for the purpose of delay. Each of my claims are viable and adequately pleaded.

15. Moreover, the Donais defendants' motion to dismiss should be denied because the case should be remanded to state court.

16. For all of the above reasons, I respectfully request that Donais defendant's second motion to dismiss be denied.

17. If, however, for some reason, the court concludes that the current allegations in the complaint are not sufficient, then I respectfully request that rather than granting the second motion to dismiss, the court give me leave to amend the complaint. Under F.R.C.P. Rule 15, leave to amend is to be "freely given," and at this relatively early stage in the proceedings, there is absolutely no prejudice to any defendant from such an order. NB: It should be noted that there is a pending motion to amend the complaint, in any event.

18. Customarily, it is allowable to grant one or more attempts to refile the complaint in order to demonstrate that the pleading problem is only an issue of drafting, not complete inability to allege sufficient facts.

19. If the court is inclined to grant all or part of Donais Defendants' motion, the appropriate remedy for failure to state a claim is not dismissal, but leave to amend.

20. If the court is still not inclined to grant any of the above requests, I would request the court grant a hearing on this matter before rendering its decision. I hereby still preserve all rights to a trial by jury.

21. Therefore, I urge this court to deny Donais Defendants' motion and get to the heart of the matter, namely, his illegal and unethical conduct as outlined in the complaint and in my opposition papers.

22. NB: I also reserve the right to further state my defenses or rebuttals against dismissal in a sur-reply to any reply by the Donais defendants, and further in any opposition to the Hilliard defendants' motion to dismiss when that is filed by 12/4/23 (especially since the Hilliard defendants have asserted that they are incorporating by reference certain defenses from the Donias defendants' motion to dismiss).

23. I hereby also incorporate the oppositions to the defendants' motions to dismiss filed in the MA federal court. This opposition incorporates by reference, as if fully stated herein, all of the factual and legal arguments found in the filings wherein I asserted defenses against dismissal, including all of the factual and legal arguments contained in the Plaintiff's Initial Opposition to the Donais Defendants' Motion to Dismiss filed in this court, the Amended Complaint filed in state court, and in Plaintiff's Combined Opposition to Defendants' Motions to Dismiss and in Plaintiff's Combined Opposition to Defendants' Anti-Slapp Motions[1], and the supplemental opposition and the attendant opposing affidavits filed in MA federal court.

24. I hereby incorporate the facts of the amended complaint into this document and I hereby plead that the statements of fact made in the amended complaint, as well as in this supplemental opposition to the second motion to dismiss, are true and correct to the best of my knowledge are hereby verified under oath.

25. I ask the court to carefully read my complaint as well as the initial opposition to the Donais defendant's motion to dismiss filed in this court and the oppositions to the motions to dismiss

---

[1] NB: I refute the assertion of the facts stated in the Donais defendants' filings including in particular those that pertain to or is relevant to the antislapp motion. I refer to what is stated in my filings in this regard as correct and true as under oath. To the extent the statements by the Donais defendants in their filings are not supported by any affidavit of their asserted facts, these should be stricken or otherwise ignored by the court on this basis, and if necessary, I request that they be stricken by the court.

filed in MA federal court attached thereto (as Exhibits 1, 2 and 3), in the initial opposition to the

motion to dismiss filed in this court.

26. Please read carefully also the attachments to this motion including the memorandum of law as the

first attachment as well as the Exhibits 1 through 9, as follows:

    a) Exhibit 1 – E-Filing Receipt in State Court.
    b) Exhibit 2 – 2022 Calendar.
    c) Exhibit 3 – MA Rule of Procedure 6.
    d) Exhibit 4 – Plaintiff's Motion To Declare Choice of Law.
    e) Exhibit 5 - Plaintiff's Motion to Strike AntiSlapp Motion in the Donais Defendants'
       Second Motion to Dismiss.
    f) Exhibit 6 - Plaintiff's Motion to Strike New Unpermitted Defenses In The Donais
       Defendants' Second Pre-Answer Motion to Dismiss.
    g) Exhibit 7 - Plaintiff's Combined Opposition to Defendants' Anti-Slapp Motions filed
       in MA Federal Court.
    h) Exhibit 8 - Plaintiff's Combined Opposition to Defendants' Motions to Dismiss filed
       in MA Federal Court.
    i) Exhibit 9 – Plaintiff's Supplemental Opposition filed in MA Federal Court.

27. Accordingly, I the plaintiff respectfully request that the Court deny the Donais defendants' second

motion to dismiss in its entirety or grant reasonable discovery in interests of justice.

28. NB: Please grant a pro se liberal construction to this pleading in accordance with the attendant

US supreme court rulings and other supporting case law as well as pursuant to the dictates of

modern socially responsible and conscientious jurisprudence.

29. WHEREFORE, I hereby humbly request this Honorable Court:

    a) Deny this improper second successive pre-answer motion to dismiss with unpermitted
       newly asserted  defenses filed by the Donais defendants, including the frivolous anti-
       slapp motion to dismiss also improperly incorporated therein, in its entirety.
    b) Award me any fees and costs incurred in opposing this improper second successive pre-
       answer motion to dismiss and/or in opposing the improper frivolous antislapp motion.

30. In aid of granting the above or otherwise in the alternative, I ask that the court:

    a) Grant a hearing on the second motion to dismiss filed by the Donais defendants and on
       my opposition papers thereto.
    b) Consolidate and schedule one hearing on the motions to dismiss by various defendants.
    c) Allow me the opportunity to take limited discovery as permitted by statute.
    d) Allow me to have an evidentiary hearing to show why limited discovery is needed, as
       permitted by the rules, supported by case law and mandated by the antislapp statute.

e) Allow amendment of the complaint and/or set a definite timeline to amend the complaint, or otherwise take note of any amendment of the complaint filed as a matter of right in federal court.

f) Resolve the motion to remand to state court prior to deciding the motion to dismiss.

g) Default the Donais defendants (or otherwise deny their second motion to dismiss) as a sanction for seeking to mislead the court.

h) Grant a pro se liberal construction to this pleading.

i) Grant any other relief that the Court deems just and proper.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY**

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

November 20, 2023

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675