UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**[REFILED]**
**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO THE DONAIS DEFENDANTS' MOTION TO DISMISS**

1. I, the plaintiff in the above-captioned case, hereby submit this memorandum in support of the supplemental opposition to the second motion to dismiss filed by defendants Craig Donais, Mary Donais and Donais Law Offices ("Donais defendants"), setting forth plaintiff's arguments and reasons why the Donais defendants' second motions to dismiss should be denied and why this case should be allowed to proceed to discovery and to trial.

## I.  SUMMARY

2. The Donais Defendants' motion fails for several reasons.

3. The Donais Defendants' suggestion that Plaintiff's claims are time barred is flatly wrong and dispute the clearly stated facts in the complaint. ignores the District's tolls on statutes of limitations during the Covid-19 pandemic.

4. The Donais Defendants' argument that Plaintiff fails to state a claim lacks merit as it wholesale ignores this Court's well settled jurisprudence on the liberal construction of pro se pleadings while also completely misreading the case law to suggest that there is, effectively, a heightened pleading standard that somehow applies here.

5. The Donais Defendants' Anti-SLAPP argument fails because not only have they failed to make a prima facie case with their evidence-less motion, and because the assertions therein do not fall within the ambit of the Anti-SLAPP statute.

6. The Donais Defendants' failed to comply with time requirements for filing an anti-slapp motion. This failure is not merely a technical mis-step, but rather goes to the core of why the motion fails under Anti-SLAPP.

## II. FURTHER REBUTTAL TO FAILURE TO STATE A CLAIM DEFENSE

### A. Legal Standard Governing Motions to Dismiss for Failure to State a Claim

7.  A court considering a Rule 12(b)(6) motion must "construe the complaint in the light most favorable to the plaintiff by taking the facts alleged in the complaint as true." Pietrangelo v. Wilmer Cutler Pickering Hale & Dorr, LLP,68 A.3d 697, 709 (D.C.2013). "[A] defendant raising a 12(b)(6) defense cannot assert any facts which do not appear on the face of the complaint itself." Carey v. Edgewood Mgmt. Corp.,754 A.2d 951, 954 (D.C.2000).

8.  A court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni* 31 F.3d 813, 813 (9th Cir. 1994) (citing *Buckey v. Los Angeles,* 957 F.2d 652, 654 (9th Cir.1992)); *see Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Parks Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995); *W. Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981).

9.  "The federal rules require only a `short and plain statement of the claim showing that the pleader is entitled to relief.'" *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 248 (9th Cir. 1997) (quoting Fed.R.Civ.P. 8(a)).

10. "The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim." *Id.* at 249 (quotation marks omitted).

11. "All that is required are sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block,* 932 F.2d 795, 798 (9th Cir.1991) (citing *Conley,* 355 U.S. at 47, 78 S. Ct. 99; 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1202 (2d ed.1990)).

12. Indeed, though "`it may appear on the face of the pleadings that a recovery is very remote and unlikely[,] ... that is not the test.'" *Gilligan,* 108 F.3d at 249 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).

13. "`The issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Id.*

14. Finally, it is well established that pro se complaints, "however inartfully pleaded[,] are held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe,* 449 U.S. 5, 9,101 S. Ct. 173, 66 L. Ed.

2d 163 (1980) (quotation marks omitted); *see Ortez v. Wash. County,* 88 F.3d 804, 807 (9th Cir.1996) ("Because Ortez is a pro se litigant, we must construe liberally his inartful pleadingf.]") (citation omitted).

15. "In civil rights cases where the plaintiff appears pro se, the court must construe the pleading liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't,* 839 F.2d 621, 623 (9th Cir.1988); *see Morrison v. Hall,* 261 F.3d 896, 899 n. 2 (9th Cir.2001) (citing *Karim-Panahi* 839 F.2d at 623; *Haines v. Kerner,* 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)); *Frost v. Symington,* 197 F.3d 348, 352 (9th Cir.1999) (citing *Karim-Panahi* 839 F.2d at 623).

16. When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson,* 84 F.3d 1213, 1217 (9th Cir.1996); *see Miree v. DeKalb County,* 433 U.S. 25, 27 n. 2, 97 S. Ct. 2490, 53 L. Ed. 2d 557 (1977).

17. In addition, the district court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.,* 37 F.3d 517, 521 (9th Cir.1994), *cert, denied,* 515 U.S. 1173, 115 S. Ct. 2640, 132 L. Ed. 2d 878 (1995) (citations omitted).

18. At this stage of the litigation, the district court must resolve any ambiguities in the plaintiffs favor. *See Int'l Audiotext Network, Inc. v. AT & T Co.,* 62 F.3d 69, 72 (2d Cir.1995); *see also Smith,* 84 F.3d at 1217; *Miree,* 433 U.S. at 27 n. 2, 97 S. Ct. 2490.; *Federal Civil Procedure Before Trial* § 9:212.1c, at 9-55.

### III. DISMISSAL UNDER RULE 8 SHOULD BE DENIED

19. The pleading standard Rule 8 announces does not require "detailed factual allegations". See Potomac Development v. District of Columbia D.C, 28 A.3d 531 (D.C. 2011)(Defendant's "heightened pleading standard" is misplaced and failed.). Even if a heightened pleading was required in this case, I provided very specific factual allegations to support my claims.

20. This pleading well exceeds the "unadorned the defendant harmed me" threshold and thus is sufficient to state a claim. Even if some defect existed in my pro se complaint, pro se litigants are not held to strict pleading standards. See Moore v. Agency for Intern. Development, 994 F.2d 874, 876 (D.C. Cir. 1993) ("Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service

of process and pleadings."); See *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se complaints held to "less stringent standards than formal pleadings drafted by lawyers").

21. Thus, even if the Donais defendants quibble with the technical form of Plaintiff's pleading, it still adequately states a claim and should not be dismissed under Rule 12(b)(6).

22. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) (emphasis added).

23. The Supreme Court has long characterized the "short and plain" pleading standard under Fed.R.Civ.P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F.Supp.2d at 212, n.20 (citing Supreme Court case).

24. Further, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed.R.Civ.P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F.Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

25. The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F.Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini*, 629 F.Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases).

26. Rather than turn on the *conceivability* of an actionable claim, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74.

27. While this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965.

28. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

29. As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining

whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense....[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not show[n]-that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted].

30. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

31. However, "in a *Pro Se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F.Supp.2d 289, 295 (N.D.N.Y. 2007) (Sharpe, M.J.) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).

32. The Second Circuit has opined that the court is obligated to "'make reasonable allowances to protect *Pro Se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

33. As a result, *Twombly* and *Iqbal* notwithstanding, the court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." *Weixel v. Bd. of Educ.*, 287 F.3d 139, 146 (2d Cir. 2002).

34. Moreover, a *Pro Se* plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint-to the extent those papers are consistent with the allegations in the complaint. *Stegemann v. United States*, 9:21-CV-0949 (MAD/ML), 15-19 (N.D.N.Y. Mar. 27, 2023)

## IV. STATUTE OF LIMITATIONS AFFIRMATIVE DEFENSES SHOULD BE DENIED
### A. Statute of limitations Defense is Meritless

35. This case was filed on Saturday, June 18, 2022. The events relevant to the claims for which the plaintiff seeks recovery (for claims that carry a 3-year statute of limitations) occurred in June 2019, 2020, in 2021

and 2022. At all times relevant to the claims and damages of this case, there were less than 3 years that elapsed between these events and the filing of the complaint in state court.

36. NB: The actual statute of limitations deadline (for claims that carry a 3-year statute of limitations) would be 3 years plus 106 days based on the tolling created by the SJC during the Covid emergency in 2020. See Shaw's Supermarkets, Inc. v. Melendez, 488 Mass. 338 (2021) (holding that its 2020 COVID-19 statute of limitations tolling order tolled the statute of limitations for all civil actions, not just those actions for which the limitations period would have expired during the tolling period).

37. Hence, all cases that had events starting between March 17, 2017, and June 30, 2020, are allowed automatically to an additional 106 days to the statute of limitations deadline, making it in this instance, Monday, October 3, 2023. But I do not need necessarily to avail himself of this additional time period in order for his complaint to be deemed timely.

**B. Misleading Statements and Omissions Concerning Statute of Limitations Defense**

38. It should be noted that certain dishonest statements were made in the second motion to dismiss by the Donais defendants. For example, they claim that the 6/18/19 comments by Craig Donais are time barred because I filed my complaint on 6/20/22, based on arguing a 3 year timeline for statute of limitations. But they lied to this court. First, I filed the complaint electronically in state court on 6/18/22 which was on a Saturday.  See **Exhibit 1** for e-filing receipt for complaint filed in state court.

39. The state court did not docket it until 6/20/22 because of the weekend. See **Exhibit 2** for 2022 calendar.

40. Second, because 6/18/22 fell on a Saturday, the deadline fell to the next business day of 6/20/22. See Massachusetts Rules of Civil Procedure 6(a) which states: "***The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the*** <u>***next day which is not a Saturday, a Sunday, or a legal holida***</u>***y***."

41. See also **Exhibit 3** for Massachusetts Rules of Civil Procedure 6(a) taken from Mass.gov website:

42. Either way, the 6/18/19 comments/activities by Donais or the Donais defendants would not be time barred. The Donais defendants know this but they lied blatantly to this court in order to mislead this court in order to win at all costs, ethics and honesty be damned.

43. Similarly, they also fail to indicate that the statute of limitations for breach of contract is 6 years but instead give the court the impression that my claims are time barred because they were filed 5 years later. The Donais Defendants thus misled the court.

44. None of the Donais defendants' assertions regarding statute of limitations is correct. NB: I took great pains to preemptively address these points in my complaint, which at the outset preemptively debunks the Donais defendants' contentions in their second motion to dismiss. Please carefully read my complaint in detail for more information, which is incorporated herein.

### 3. Tolling of Statute of Limitations.

#### *i. Covid Tolling*

45. The actual statute of limitations deadline (for claims that carry a 3-year statute of limitations) would be 3 years plus 106 days based on the tolling created by the SJC during the Covid emergency in 2020.

46. See Shaw's Supermarkets, Inc. v. Melendez, 488 Mass. 338 (2021) (holding that its 2020 COVID-19 statute of limitations tolling order tolled the statute of limitations for all civil actions, not just those actions for which the limitations period would have expired during the tolling period).

47. In this case, this covid tolling would bring the June 2019 events squarely and amply within the statute of limitations for 3 year limitation claims.

#### *ii. Discovery Rule and Equitable Tolling:*

48. I did not discover the 2019 and 2020 acts of Donais until summer of 2020 and the fall of 2020.

49. Moreover, Donais took active steps to prevent me from finding out about these events in order to prevent me from discovering these acts. This includes making false statements to mislead me about these events.

50. NB: If the defendants contributed to the plaintiff's missing the deadline, the defendants are estopped from using that as a basis to find fault with plaintiff. The rationale is as follows: if there is an obstruction to plaintiff by the defendants that prevents plaintiff from meeting a court deadline, then fundamental fairness and due process would suggest that plaintiff should not be penalized for the delay caused by the defendants. There are three legal principles or doctrines that illustrate the basis for this:

a) Equitable Tolling: Equitable tolling is a means by which a deadline can be delayed when the circumstances of common fairness and equity demand. Tolling is not a permanent release from the deadline. It is a stopping of the clock in the interest of equity. When equity no longer demands it, the running of the clock continues. This principle states that administrative parties should avoid per se standards that are way too rigid when it comes to deadlines or statute of limitations if there are extenuating circumstances. A "petitioner" is "entitled to equitable tolling" if there are circumstances that stood in his way" and prevented timely action.

b) Equitable Estoppel: Equitable estoppel comes into play if the administrative party has taken active steps to prevent the petitioner from meeting the deadline or statute of limitations." Equitable estoppel "springs from basic considerations of fairness.

c) Contra Non Valentem: The doctrine of contra non valentem is Latin for "a prescription does not run against one who is unable to act". This is a legal principle that shows that the statute of limitations is not applicable, or a prescriptive period does not begin to run, against a petitioner where (1) some legal cause prevented petitioner's timely action, (2) some condition associated with the process prevented the petitioner from acting, (3) the counterparty prevented the petitioner from acting.

### *iii. Further Note On Statute of Limitations For All Claims*

51. Beyond that, principles of continuing violations, discovery rule, equitable tolling, equitable estoppel, applies to toll anything that could be touched by a time limit issue. Beyond that, I have plead that other defamatory events by Donais took place subsequent to 2017, in 2019, 2020 and 2021.

52. Anything that took place in 2019, 2020 and 2021 would not be subject at all to any time limit challenge.

53. Furthermore, any statute of limitations applicable to defamation, intentional and reckless infliction of emotional distress, and other torts listed in this complaint is tolled.

54. A 4 year limitations apply to discrimination under Section 1981, MERA, 93A, and 6 years apply to breach of contract and all torts sounding in contract.

55. The statute of limitations issue cannot be resolved in a motion to dismiss and should be denied.

56. Moreover, once allowed to amend, the statute of limitations issue can be further straightened out.

### V. ABSOLUTE PRIVILEGE AFFIRMATIVE DEFENSE SHOULD BE DENIED
### A. Absolute Litigation Privilege Does Not Apply and This Defense is Meritless

57. Although this new defense is improper and untimely, I hereby preserve my rights by stating the following, protectively, at a minimum, so that I am not completely prejudiced.

58. First, the absolute litigation privilege is an affirmative defense. It is something that should be asserted in an answer after conceding the facts or validity of the facts. It is not a defense asserted under rule 12b. It is not

an antecedent defense that operates prior to looking at facts pertaining to the causes of action of the complaint itself.

59. It should be noted that the Donais defendants did not assert the absolute litigation privilege in their first motion to dismiss. This was a tacit concession or admission that the statements alleged to be defamatory or wrongful are not protected by absolute litigation privilege and that the statements are false and are not properly connected to any judicial proceeding. Otherwise, they would have asserted that defense in the first motion to dismiss.

60. A party claiming the privilege must have "serious[ly] consider[ed]" litigation "in good faith." Mack v. Wells Fargo Bank, N.A., 88 Mass. App. Ct. 664, 667 (2015), quoting Sriberg v.Raymond, 370 Mass. 105, 109 (1976). Consequently, the party asserting the privilege "must do more than speculate about the possibility of a judicial proceeding in the future." Harmon Law Offices, P.C. v. Attorney Gen., 83 Mass. App. Ct. 830, 838 (2013).

61. The litigation privilege protects an attorney's statements made while "engaged in his function as an attorney," both during and prior to litigation. Mack, 88 Mass. App. Ct. at 669, quoting Sriberg, 370 Mass. at 109.

62. The absolute litigation privilege does not apply when the individual claiming the privilege "was neither 'a party, counsel [n]or witness in the institution of, or during the course of, [that] judicial proceeding' when [the individual] engaged in the conduct complained of." Mack, supra at 668, quoting Sriberg, supra at 108. Moreover, the privilege does not "encompass attorneys' conduct in counselling and assisting their clients in business matters generally." Mack, supra at 667, quoting Kurker v. Hill, 44 Mass. App. Ct. 184, 192 (1998).

63. The party asserting the absolute litigation privilege bears the burden of showing that a particular communication is privileged. Mack, 88 Mass. App. Ct. at 668.

64. A judge determines whether the litigation privilege applies "on a case-by-case basis, after a fact-specific analysis, with a proper consideration of the balance between a plaintiff's right to seek legal redress for injuries suffered and the public policy supporting the application of such a strong protection from the burdens of litigation." Fisher, 69 Mass. App. Ct. at 365-366.

65. In order for the absolute litigation privilege to apply, the key inquiry is "whether a proceeding is sufficiently judicial or quasi judicial in nature." Id. at 366.

66. A proceeding which included "the right to counsel, the right to present evidence, the right to cross-examine adverse witnesses, and the threat of perjury," constitutes a "quasi judicial" proceeding. Id. at 369.

67. In the Fisher case in MA, the court determined that "the State police trial board possesses the authority and provides the procedural protections that differentiate a quasi judicial board from one that merely performs an administrative function." Id. See Visnick v. Caulfield, 73 Mass. App. Ct. 809, 813 (2009) (holding that statements made in letter regarding intention to file complaint with Equal Employment Opportunity Commission covered by litigation privilege because such proceedings are "sufficiently judicial in nature").

68. As to both Donais' responses to the ADO complaint and his statements to the police, the Donais defendants have not met their burden to show that the absolute litigation privilege bars plaintiff's claims against Donais. See Harmon Law Offices, P.C., 83 Mass. App. Ct. at 838.

69. Accordingly, it is error to apply the absolute litigation privilege in this case.

### B. Absolute Litigation Privilege Does Not Apply to Donais' ADO Proceedings

70. In the absence of litigation, the absolute litigation privilege is unavailable. See Mack, 88 Mass. App. Ct. at 667.

71. Donais failed to submit sufficient facts or other information to reasonably conclude that the ADO proceedings were "judicial or quasi-judicial in nature," thus triggering the absolute litigation privilege. Fisher, 69 Mass. App. Ct. at 366.

72. The  responses to the ADO by Donais did not have to be and were not filed under the penalty of perjury with this agency. The Fisher case demonstrates that more is required in order to deem an administrative proceeding as judicial or quasi-judicial, namely, the presentation of evidence, cross-examination of adverse witnesses, and a decision by an impartial decision maker. See id. at 369.

73. The instant case, thus, is easily distinguishable from Fisher, where it was held that the judge erred in determining that a State police trial board hearing, conducted under State police rules and regulations, was not a proceeding sufficiently judicial or quasi-judicial in nature to apply the litigation privilege. Id. at 367-

369. There, the Fisher court held that a State police trial board hearing is "'a formal administrative proceeding,' . . . which, as the Supreme Judicial Court has noted, 'appears analogous to a military court martial board.'" Id. at 367, quoting Burns v. Commonwealth, 430 Mass. 444, 448 n.6, (1999).

74. The Fisher court further stated:

> "[T]he State police trial board possesses the authority and provides the procedural protections that differentiates a quasi judicial board from one that merely performs an administrative function. The safeguards built into the hearing process serve to reduce the need for tort actions to control injurious statements or testimony. . . . The procedural due process protections featured at trial board hearings, including the right to counsel, the right to present evidence, the right to cross-examine adverse witnesses, and the threat of perjury, also serve to enhance the reliability of the evidence to be assessed by impartial decision-makers." Fisher, supra at 369.

75. Unlike the State police trial board hearings that was deemed quasi-judicial in Fisher, Donais failed to present any basis to support a conclusion that the ADO claims are resolved through a judicial or quasi-judicial proceeding. No authority -- statutory, regulatory, case law, or otherwise – is presented that suggests that the ADO proceedings provide for the presentation of evidence by plaintiff, cross-examination of witnesses by plaintiff, etc.

76. Rather, ADO complaints in NH are resolved as part of the agency's administrative functions. See Fisher, 69 Mass. App. Ct. at 369 (outlining "procedural protections that differentiate a quasi judicial board from one that merely performs an administrative function").

77. Donais therefore failed to meet his burden to show that the ADO proceedings are judicial or quasi-judicial in nature.

78. Given the lack of a judicial or quasi-judicial proceeding, Donais cannot invoke the litigation privilege as a bar to plaintiff's claims with respect to statements pertaining to the ADO proceedings. See Harmon Law Offices, P.C., 83 Mass. App. Ct. at 838 ("even assuming that the requested documents constitute statements or communications, they do not relate to . . . contemplated or instituted [judicial or quasi judicial proceedings]").

79. Also, the plaintiff has not invoked any court proceeding as a basis for claims or to recover. In none of these court proceedings has the plaintiff alleged statements were made as a basis for defamation or any other claim.  Donais cannot claim litigation privilege for any of that.

80. The ADO in NH, like the IRS or SEC is not a proper adjudication forum, as it is special in character different from a judicial proceeding and is more administrative than judicial.

81. Thus, litigation privilege does not apply. If it does apply, it is only a qualified privilege subject to factfinding and false statements with malice voids any privilege.

82. NB: Similarly, it is not petitioning but if it is treated as petitioning, it is false or sham petitioning devoid of facts or truth.

### C. Absolute Litigation Privilege Does Not Apply to Donais' Police Statements

83. Similarly, the statements to the police cannot provide a basis for an absolute litigation privilege defense.

84. For example, when Donais sent the defamatory email to the police in the fall of 2020, there was no proceeding. Any potential or possible criminal complaint was closed.

85. Plaintiff's allegations, accepted as true, "'plausibly suggest[]' . . . an entitlement to relief" (citation omitted). Iannacchino, 451 Mass. at 636. The complaint sufficiently alleges that Donais defamed plaintiff subjecting plaintiff to hatred, contempt, ridicule, and obloquy because they inaccurately portray plaintiff-- all of which is false.

86. My claim that Donais was defaming me with Mary Donais knowledge and/or assistance, like other conditions of mind, can be "averred generally." Id. at 849, citing Mass. R. Civ. P. 9 (b), 365 Mass. 751 (1974).

87. Therefore, I alleged facts, which, if proved, would entitle me to relief against Craig Donais, Mary Donais and Donais Law Office, as well as for conspiring with Donais to defame me. See Iannacchino, 451 Mass. at 636.

### D. No Reasonable Factual Support To Go To The Police Shows Absolute Litigation Privilege Does Not Apply

88. Donais could have waited until he had enough basis to go to the police regarding any purported illegal recording. But Donais knew he lied in his 2017 affidavit and that's why he got nervous about being found out by the ADO (once the ADO complaint came to his attention in 2019) and so he offered a preemptive strike by going to the police shortly thereafter (in 2019), alleging that any recording if discovered, was fabricated. This shows that Donais was lying because it shows a guilty mind, as it made no sense for Donais

to go as far as to imagine that a recording would show that he was lying and that the only explanation is that it is fabricated or doctored. If he was telling the truth, then he should fully expect that any recording would back up his version. His actions and statements reveals a guilty mind. It is for a factfinder (i.e. the jury in this instance) to determine whether this fact shows that Donais was lying or that he had a guilty mind in concocting this further defamation of the plaintiff.

89. Similarly, the lie in the 2017 affidavit and to the police was excessive and went beyond the scope of the matter before the court, which was the disqualification of Donais' former co-counsel Karl Terrell. Donais went outside of the scope of what was relevant to the proceeding. Thus, his statements are not related to the proceeding and thus not protected by litigation privilege. If it was petitioning activity. it is sham petitioning because it was untrue and devoid of any basis.

### E. Presence of Real Injury Absolute Litigation Privilege Does Not Apply

90. Furthermore, general damages are presumed in a defamation action. This is sufficient to constitute harm.

91. Donais' statements had caused damage to me. Defendants concede this by asserting that the damages in this case are $500,000 and/or that the court should accept $500,000 in damages. Defendants have not refuted this amount of damages. By removing to federal court, the defendants are also conceding that a minimum the damages are $75,000.

92. Also, I was injured in that I could not return to NH because of Donais' defamatory statements about me to the police resulting in a department-wide police watch implemented by the police to be on the lookout for me because of Donais' lie that I was going to physically harm him, his wife and children, and thus he damaged my ability to work in NH with the police or with the NAACP in NH, or engage in any social or community relations in NH through or with them or otherwise. I was put in fear of my life because of a false police report by Donais intended to get me caught up in a heightened encounter with NH police.

93. Furthermore, the reputational effects harmed me in NH and MA. For example, the NAACP is regional organization which includes the new England region. The harm in NH was also in MA.

94. Similarly, the statements to the clerks in MA harmed me in MA and damages me in my future dealings with those clerks. These off record ex parte communications in secret with the clerk staff was done unofficially

and outside of the judicial context. He exploited his contacts and connection with court staff to engage in secret off the record attempts to coordinate and conspire to harm my case administratively, outside of formal judicial interaction, while he was not a party and not entered appearance on the case and not served as a party in the case. This is not legitimate petitioning activity. And it is not subject to litigation privilege. NB: Discovery is needed to reveal the extent and full circumstances of this secret relationship and contacts with clerk staff and the facts regarding any off the record statements and conversations outside of the formal judicial context.

95. But even assuming arguendo that this is petitioning activity (which I don't concede that it), it is void because the improper nature of it, and there is no petitioning activity because the defamation claim and related claims in this case are inextricably intertwined with clear non-petitioning activity by Donais including breach of contract, breach of fiduciary duty, and statements to non-governmental persons such as family members, spouse and children, etc.

### F. Absolute Litigation Privilege Does Not Apply to Donais' Communications to MA Middlesex Superior Court Clerk Staff and Judge

96. Communications to court clerk staff in MA by Donais was not based on pleadings or statements during a proceeding. These communications were made by Donais to clerk staff, off the record and outside of any proceedings, in order to secretly affect things administratively, not judicially.

97. Here are examples of Donais contacts with the MA Middlesex Superior Court clerk staff and judge.

    a) Donais (and Hilliard) voluntarily appeared in the MA case on November 11, 2020 for a jurisdiction amount hearing, claiming to purportedly "observe".

    b) Donais secretly contacted a clerk staff in February 2021 off the record and tried to, off the record, coordinate dismissal with a clerk staff. This resulted in removal and transfer of the clerk staff when this misconduct was discovered by the supervisor of the clerk staff.

    c) Donais again secretly contacted a clerk staff in July 2022 and tried again to coordinate dismissal with a clerk staff by lying to a clerk staff that there was no settlement in order to try to trigger

dismissal via off the record communication outside of any proceeding and while he was not a party to the case, not served process in the case and having not entered appearance in the case.

d)   Donais appeared in a court hearing in MA Middlesex superior court voluntarily hanging out in the court before the judge in MA in 2021 when there was no hearing scheduled for my MA case, evidently seeking to establish off the record contact and connection with the judge in the MA Middlesex superior court case.  This is questionable if not unethical conduct at best.

e)   Donais later appeared on November 30, 2021 in my MA Middlesex superior court case but not as a party served and without entering any appearance on the case, and waited until the hearing was off the record to lie to the judge and to influence the judge as a non-served party and without entering appearance in the case.

## VI. REBUTTAL TO SPOUSAL DISQUALIFICATION ARGUMENT

98. Spousal disqualification is not applicable to the situation.

99. My allegations includes acts by Mary Donais constituting conspiracy, aiding and abetting Craig Donais.

100.    My allegations also include that Mary Donais was working for and working with Craig Donais in a business or work assistance capacity, and working for Donais Law Office, as an employee or agent of Donais Law Office.

101.    Moreover there are non-testimonial acts by Mary Donais that are at issue.

102.    Similarly, there are statements Mary Donais made to other people such as her family members and adult son (note: spousal disqualification does not apply to communications with children or other family members) that are at issue in this case. These include statements defaming the plaintiff suggesting that he is a criminal, and is going to do physical harm to their family members. These statements are not protected nor privileged in any way and do not constitute petitioning activity.

103.    Also, there are statements to Hilliard that are at issue as well. If Mary Donais was present for any communication between Hilliard and Craig Donais or between Hilliard, Craig Donais and her other family members or anyone else (thus waiving any potential claims of privilege whether spousal or attorney-client), then such communications would be relevant to this case.

104.     Furthermore, written communications between a husband and wife are not subject to spousal protection. Also, there are statements made by Mary Donais on social media including Facebook that are at issue in this case. Such statements are public and are not subject to any privilege.

105.     Without discovery, it is premature to argue spousal disqualification as that would, at a minimum, be putting the cart before the horse, so to speak.

106.     Moreover, assuming arguendo that Mary Donais may not testify about oral conversations that she had with Craig Donais, she can however testify to what she observed or what she heard with Craig Donais speaking to others. She may testify about documents she wrote to him or that he wrote to her, or that both of them wrote to others.

107.     The Donais defendants assert that any allegations based on any communications between husband and wife, then testimony for those communications will be blocked and so they can't form the basis for any claim.

108.     But Donais defendants ignore the fact that I'm not seeking testimony necessarily or only, but I'm providing circumstantial evidence of what can be shown to must have happened or be inferred to have happened, even without testimony from her.  If certain testimony of oral conversations between husband and wife is not being sought, then the spousal disqualification would not apply.

109.     Moreover, spousal disqualification would not apply to non-testimonial acts. The claims against Ms. Donais are not simply based on testimonial facts. They're based on non-testimonial facts and also on circumstantial evidence that support or go to those claims.

110.     Defamatory statements to family members are not privileged. Allegations of criminality, violent criminal intent to do physical harm to family members, of having mental illness/disease, of felony bugging of an office, are all defamatory per se and are not protected by privilege of any kind. The plaintiff alleges that both Craig and Mary Donais have engaged in this conduct via telling their family members such defamatory statements, and are thus both liable for such conduct.

111.    NB: Donais cannot use his wife as both a sword and a shield. He invoked her into this case himself to use her to stoke escalated concern by the police against me. He cannot then use her to protect himself from discovery of non-testimonial acts and evidence.

112.    It should also be noted that the Donais defendants contradict themselves. They say that any statement by Mary Donais would be subject to antislapp protection. But then they complain that I have not ascribed any statements to Mary Donais. This contradiction undermines their antislapp motion.

113.    Otherwise, I have alleged conspiracy based on acts of Mary Donais in conspiring to damage my relationship with the police.

114.    Therefore, the conspiracy claim cannot be subject to antislapp.

115.    To the extent that I alleged that Mary Donais conspired with her husband to defame me, that conspiratorial act is not necessarily based on statements but based on the planning and orchestration of events that entailed the conspiracy and the carrying out of the conspiracy. Both Mary Donais and Craig Donais plotted together to harm me.

## VII. SPECIFIC REBUTTAL TO DONAIS DEFENDANTS' MOTION TO DISMISS

116.    I further dispute the following assertions by Donais defendants. I have already state that I have not asserted in this case any cause of action based on the "*March 2017 affidavit filed by Donais in another matter*". That cause of action is preserved in that other matter. My causes of action based on Donais' 6/18/19 statements to the Manchester NH police are not time barred. My causes of action based on Donais' 6/11/19 statements to the Manchester NH police are not time barred.

117.    It should be noted that the Donais defendants, on page 1 of the second motion to dismiss, make reference to two other pending prior cases in MA and NH state court. This goes to staying this case. It is not clear why the defendants are citing my wife's grievance with the ADO but it is not entirely true that they allege "the same facts." The defendants dispute facts in the complaint or add to facts in the complaint, and under no circumstances can the defendants fail to introduce new facts without providing an affidavit.

118.    Contrary to the Donais defendants' assertions in their second motion to dismiss on page 3, I have alleged plausible entitlement of relief for the claims asserted in my complaint. The allegations in the

complaint must possess enough heft to show that the pleader is entitled to relief. It is evident that it appears beyond a doubt that I can prove no set of facts in support of my claim which would entitle me to relief. The Defendants are in control and possession of critical discovery, which once revealed will further buttress my claims and allegations.

119.    Contrary to the Donais defendants' assertions in their second motion to dismiss, I have not asserted bald assertions" or conclusions of law nor have I offered  "labels and conclusions' or a formulaic recitation of the elements of a cause of action". I have offered granular detail spelling out facts and circumstances showing more than the required "heft" for a well-pled complaint. Although it is not done with lawyerly precision as I am pro se, I have taken great pains to avoid any challenge that "there is not enough facts". However, to the extent that my pleading is less than artful or complete, then I need an opportunity to amend any so-called deficiencies of the complaint.

120.    For example, the Donais defendants allege the following as indications of insufficient detail or facts.

- "Since Plaintiff has not alleged – nor could he – that any legal process issued against him or that legal process was misused, dismissal of this count is warranted". Page 21 of the second motion to dismiss.
- "Count 12 fails as Plaintiff does not allege a contract, nor could he, between any Donais Defendant and Plaintiff." Page 22 of the second motion to dismiss.
- "Plaintiff provides no substantive information, other than to label Donais' wife an aider and abettor to his supposed wrongful conduct. This is insufficient to state a cause of action for aiding and abetting defamation. Count 4 should be dismissed." Page 13 of the second motion to dismiss.
- "Plaintiff's failure to identify the third party, a contract with a third party, Donais' knowledge of a contract with a third party and/or the third party's lack of performance under the contract renders his claim insufficient to establish an entitlement to relief upon a theory of tortious interference with advantageous relations. Count 5 should be dismissed." Page 13 of the second motion to dismiss.

121.    The remedy here is to amend the complaint.

122.    Contrary to Donais defendants' assertions on page 4 of the second motion to dismiss, there is no diversity jurisdiction in this case.

123.    Contrary to Donais defendants' assertions on page 4 of the second motion to dismiss (Affirmative defenses can be raised in a motion to dismiss if "facts establishing the defense [are] . . . clear on the face of the plaintiff's pleadings"), affirmative defenses cannot be raised in a second successive pre-answer motion to dismiss. Statute of limitations and privilege are affirmative defenses and it was clear that they could raise

them in the first motion to dismiss. Failure to state a claim is not an affirmative defense but is a rule 12b defense which cannot be raised in a second successive pre-answer motion to dismiss. I should not be forced to defend against affirmative defenses in an opposition to a motion to dismiss.

124.    It should be noted that the Donais defendants assert "A federal court sitting in diversity jurisdiction is constrained to apply state substantive law".  But there is no diversity jurisdiction in this case. The damages in this case are not shown to be $75,000.

125.    It should be noted that the Donais defendants also assert "Here, that law is the law of New Hampshire." Donais here asserts that NH law applies to this case.

126.    It should be noted that the Donais defendants assert in footnote 2 of the second motion to dismiss that "*2 Plaintiff does not seek recovery for statements made in 2017. (Doc. #1-3, ¶282.)*". I thus already stated in the complaint that I am not seeking recovery for statements in 2017. So, it is improper to seek dismissal based on claims that I am not seeking recovery for. The motion to dismiss should be denied on those grounds. Moreover, the Donais defendants cannot assert statute limitations defense for the first time in a second motion to dismiss.

127.    It should be noted that the Donais defendants assert in footnote 4 of the second motion to dismiss that "*4Although not alleged in the FAC, Officer Linstad is a member of the Manchester NH Police Department.*" The defendants cannot supply new facts in a motion to dismiss.

128.    Contrary to the Donais defendants' assertions in their second motion to dismiss in paragraph 10, on page 5, ("*Also, on 1/6/20, Donais submitted a document to the ADO that republished his allegedly false statements to the police from 2019 and his 2017 affidavit. (Doc. #1-3, ¶283.)*".), it was not just by submission of a document but also by orally speaking, and he also elaborated further than what was in the documents.

129.    It should be noted that the Donais defendants' summary of my allegations in the complaint (in paragraphs 9 through 17) of the second motion to dismiss is a twisted and misleading representation of the facts pled in the complaint. Also, there are major key omissions in the above.

130.    Contrary to the Donais defendants' assertions in their second motion to dismiss on page 5 (" Plaintiff's claims under Massachusetts law are time-barred, and no exception applies to save his claims....Since

Plaintiff had a "modicum of knowledge" at all times regarding his claims, there is no tolling of the statute of limitations under Massachusetts law. Id), these are false. The claims are not time-barred. Also, there is tolling due to Covid and the Covid orders of the Supreme Judicial Court. I also had no modicum of knowledge at all times regarding my claims since the defendants actively concealed and lied about some of the claims, as explained earlier in this document and thus there is tolling of statute of limitations. I had no knowledge of certain acts until Fall 2020. Other acts took place in 2021.

131.    Similarly, breach of contract claims carry 6 year statute of limitations. Breach of contract is not a speech claim and is not subject to privilege or antislapp defenses.

132.    It is presumptuous and conclusory (and false) for defendants to assert that my claims under Massachusetts law are time-barred, and no exception applies to save his claims. The same goes for presumptuous and incorrect assertions as it relates to no tolling under NH law.

133.    I vigorously dispute such assertions and conclusory statements by the defendants on page 5 of the second motion to dismiss.

134.    Similarly, it is also false for the Donais defendants to assert on page 5 of the second motion to dismiss that "*No such exception exists here. Plaintiff filed his complaint on 6/20/22. To the extent that Plaintiff makes claims related to acts prior to 6/20/19 (to include statements made by Donais to the Manchester Police Department on 6/18/19 and earlier), such claims are time-barred.*" I filed my complaint on 6/18/19. Under both MA and NH law, the 3 years statute of limitations is still preserved. Under MA law, there was also covid tolling.  There is also equitable tolling due to the discovery rule. The 4 year limitations for section 1981 cover any and all of the events from 2022 back to 2018. Similarly, the effects and obligations of under the contract continued into 2019 and 2020. The claims are also based on continuing acts into 2019 and 2020 and the repetition of these acts in 2019 and 2020.

135.    It is also false for the Donais defendants to assert on page 6 of their second motion to dismiss that "*Plaintiff does not, and cannot, allege any other events that form the basis of these claims*." Plaintiff does allege other events that form the basis of the claims. This is also an attempt to dispute facts in the complaint which cannot be done in a motion to dismiss. It is also an attempt to introduce new facts, which cannot be done

in a motion to dismiss. Assertions that "plaintiff cannot allege any other events that form the basis of these claims" should be ignored or stricken as invalid and violative of the rules governing motions to dismiss.

136.    Further, the assertions by the Donais defendants that "Any claims based upon the events of 2017 are time-barred, as Plaintiff filed his complaint on 6/20/22, more than five years later", are false. This is also an attempt to dispute the facts in the complaint. I clearly averred in my complaint that I filed the complaint in state court on 6/18/22. I also clearly averred in my complaint that 6/18/22 fell on a Saturday.

137.    I also had 6 years to file claims of breach of contract. I had 4 years to file claims under section 1981 and 93A violations.

138.    Statements made in the course of an ADO proceedings cannot be unnecessarily or unreasonably published. If so, the communication is no longer privileged. See Dolan, 477 N.E.2d at 201; Sullivan, 416 N.E.2d at 530. Donais unnecessarily published the matter to the police.

139.    The assertions by the Donais defendants on page 6 are not applicable.  I am not suing for statements made by a lawyer in a complaint or a pleading in court. I am suing for statements made to the police and to the ADO and to his family members. Furthermore, no privilege applies to statements made to his family members. Therefore, the motion to dismiss this claim on this ground must be denied. Only a conditional privilege applies to statements made to the police. A conditional privilege applies to statements made to the ADO i.e. "as long as made in good faith", and intended to apply to complainants and witnesses, not responding attorneys. There are also exceptions to the privilege as applied to statements to court staff. Statements made when one is not a party to a case are not privileged. Same for statements to a judge when one is not a party to the case. Similarly, in this case, the statements pertaining to allegations that I accused Donais of racism were not pertinent to the proceedings at hand. There was no reason to make that allegation.

140.    It is false for the Donais defendants to assert that "*plain reading of Plaintiff's complaint demonstrates that his claims stem from Donais' role as a litigant or respondent in various civil matters before various courts and before the ADO*". Donais' role in making false statements to the police was not as a respondent to anything. He did that on his own and initiated that on his own. The motion to dismiss must be denied on this basis since the

statements made to the police in June 2019 was not as a respondent in a proceeding, was unsolicited, is not absolutely privileged and at most is conditionally privileged, which privilege is subject to malice test and cannot be resolved on a motion to dismiss. The defendants entirely leave out the totally unsolicited acts of Donais making further false statements to the police in the fall of 2020. The statements to the police, which form a good portion of my claims against Donais, are not subject to dismissal on a motion to dismiss. NB: This defense was not raised in the first motion to dismiss, which is telling.

141.   It is also false for the Donais defendants to assert that "*All acts taken or statements made in connection with Donais' status as a litigant or respondent are absolutely privileged*".

142.   It is also false for the Donais defendants to assert, on page 12, that "*Here, Plaintiff has not alleged any statement by either Mary Donais or Donais Law Offices PLLC – either before or after 6/20/19. This count as against each defendant should be dismissed.*" Here, the Donais defendants engage in a sleight of hand. They makes a comment about Mary Donais and Donais Law offices but then they draw a conclusion for Donais himself as well.

143.   The Donais defendants contradict themselves. They first argue that 93A is not applicable because the events occurred in NH. Then they argue that that antislapp statute should apply even though the events occurred in NH. They are trying a fast one and insults the intelligence of the court as though the court is not sharp enough to spot that contradiction. I did not say it occurred in NH.

144.   Contrary to the assertions of the Donais defendants, the following is true:

     a) Comments made to their adult children are not privileged.
     b) Comments made to police unsolicited are not privileged.
     c) Comments not related to judicial proceedings are not privileged.
     d) Comments made to a court staff or judge when one is not a party to a case is not privileged.
     e) Comments made about a settlement is not privileged.
     f) Comments made in bad faith to the ADO are not privileged.
     g) Comments made to Dave Akridge are not privileged.
     h) Comments made to Robert Obrien are not privileged.
     i) Comments made to law firm in NH are not privileged.
     j) Comments made to destroy my relationship with the police are not privileged.
     k) Comments made to destroy my relationship with attorneys are not privileged.
     l) Comments made to court staff to influence court staff against me are not privileged.
     m) Acts of failing to settle claims are not privileged.
     n) Acts of breaching fiduciary duty are not privileged.
     o) Acts that took place between Donais and myself are not privileged.

145.    Contrary to the assertions of the Donais defendants, my claims for events in 2017 cannot be dismissed with prejudice because I have prior pending cases that assert claims from 2017, which were filed within the statute of limitations for those claims. This court would infringe on Massachusetts authority over that case to try to set a precedent on claims that are pending elsewhere, when the 2017 claims are not actually before this court (only by way of background and not by assertion of claim for recovery). Similarly, the breach of fiduciary duty claims and breach of contract claims stemming from acts in 2017 are still pending in a MA state court.

146.    Similarly, there are similar claims in a NH superior court that are pending. If this court grant dismissal, then the Donais defendants would seek dismissal of the prior filed and pending claims in state court, claiming res judicata.

147.    This court cannot dismiss claims that were not brought in this case. The claims for 2017 acts are preserved and protected from dismissal because they were never brought in this court.

148.    Defamation claims for events in 2017 are preserved for adjudication in prior filed cases in state court.

149.    The Donais defendants are trying to trick and confuse the court. They misuse court rulings where they are not intended to be used, in order to swing authority over other courts to try to prejudice the plaintiff. This should not be countenanced by this court.

150.    The statement "nor could he" as asserted in the second motion to dismiss is an attempt to dispute facts that cannot be disputed in a motion to dismiss. The most that is permitted is to state that I did not allege a contract. But, yet, to state that is also false. I did state that there was a contract.

151.    NB: The events I am suing for flow out of Donais prospective representation of me. This is why there is a prohibition against conflict of interest representations. Donais should never have represented the hotel defendants. Now he confuses the issue by making it sound as though his statements were made in representing another client, when his statements were made with respect to my being a client of Donais. His statements to the police bear this out. He told the police "a former client". He told the police about his

representation of me. His statements were not made as a litigant.  There is no statement made by Donais as a litigant for which I am suing him. Therefore, the privilege protecting litigants does not apply.

152.    Donais owed a duty to me. There was a fiduciary relationship. I was a prospective client. I was engaged as a prospective client. I was given legal advice. I shared confidential information. A prospective attorney client relationship was formed. This is what a judge found (Judge Paul Moore in Nashua district court in NH). This is why Donais withdrew as attorney in that case.

153.    Donais prospectively represented me. I stated this several times in the complaint. The Donais defendants are attempting to dispute facts in the complaint.  This is not permitted.

154.    Contrary to the Donais defendants' assertions in their second motion to dismiss on page 22, there was an attorney-client relationship and Donais did take effective representation of me at the outset (at least as a prospective representation). Donais agreed to take prospective representation in accordance with Rule 1.18 of the NH rules of professional conduct. Donais contacted me. Donais gave me legal advice. Though Donais eventually later stated that he was busy, he said he would love to help. He left open follow-up on the matter and a review of pleadings informally.

155.    The Donais Defendants are trying again to dispute facts. They have not introduced any affidavit and so cannot use that to dispute the allegations in the complaint. This is not permitted at the motion to dismiss stage.

156.    Craig Donais' false self-serving affidavit filed 3 months later in 2017, after the events in January 2017, cannot be the basis to determine whether a client relationship was formed. There was a contract that was formed in January 2017 and there was a breach of contract that occurred with respect thereto.

- He breached the contract when he divulged to the police confidential information.
- He breached the contract when he lied to me about the reasons he was not able to file appearance.
- He breached the contract when he took on representation of an opposing party.
- He breached the contract when he failed to disclose to me the attempt to take on representation of the opposing party.
- He breached the contract in failing to notify me of the intent to take on representation of the opposing party.
- He breached the contract in writing an affidavit disclosing unnecessary detail about the confidential conversation with me and in lying about what was said in that conversation, and republishing that excessively to other people.

157.    Craig Donais acted in a manner inconsistent with the parties expectations and I was harmed by that breach. I expected Craig Donais to not represent the opposing party. I expected Craig Donais to notify me of his intent to represent the opposing party. I expected Craig Donais to not divulge unnecessary details about the conversation to anyone.

158.    The Donais defendants are attempting to dispute facts in the complaint. This is not permitted. They cannot assert there was never "an agreed upon purpose", because, on the contrary, there was such.

159.    Contrary to the Donais defendants' assertions in their second motion to dismiss on page 22, I did allege in the complaint that I was a client of Donais. Ironically, the Donais defendants admit that in their second motion to dismiss in footnote 8. The Donais defendants dispute that I allege that I was a client but they cannot dispute facts in the complaint. To be clear, I did allege that I was a client of Donais.  I did allege that a contract was formed. I allege Donais gave me legal advice. I allege Donais invited me to share confidential information. I allege I shared confidential information. All of this was done in the context of a conversation where I expected that an attorney client relationship was formed and where I expected attorney client privilege to be attached thereto.

160.    Again, contrary to the assertions of the Donais defendants, there was a contract. The Donais defendants cannot dispute facts in the complaint at this stage.

161.    Contrary to the Donais defendants' assertions in their second motion to dismiss on page 23, the contract requirements of section 1981 are not only satisfied in the making of a contract but also in the enforcement of a contract.  I need not only allege that section 1981 was violated in the formation of the attorney client relationship, but I can also allege that subsequent acts violated the contract requirements of section 1981, and I did so in the complaint. Moreover, the acts of breaching the contract by divulging confidential information to the police was motivated by racism and thus the conversations with the police in 2019 and 2020, qualify for a claim under section 1981.

162.    The court must hold a hearing on this motion to dismiss because the Donais defendants have invoked the antislapp motion and the antislapp statute mandates a hearing before deciding any antislapp motion.

## VIII. CONCLUSION

163.    Accordingly, I the plaintiff respectfully request that the Court deny the Donais defendants' second

motion to dismiss in their entirety or grant reasonable discovery in interests of justice.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY**

Respectfully submitted,

/s/ Andre Bisasor

Andre Bisasor

679 Washington Street, Suite # 8-206

Attleboro, MA 02703

T: 781-492-5675

Email: quickquantum@aol.com

November 20, 2023

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor

Andre Bisasor

679 Washington Street, Suite # 8-206

Attleboro, MA 02703

T: 781-492-5675