# Exhibit 5

UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No. 1:23-CV-11313

### EMERGENCY/EXPEDITED
### PLAINTIFF'S MOTION TO STRIKE THE DONAIS DEFENDANTS' ANSTISLAPP MOTION

1.  I the plaintiff move this court to strike Donais defendants' motion seeking dismissal of this case pursuant to Massachusetts' anti-SLAPP law, (hereinafter the "anti-SLAPP motion"), as procedurally improper.

2.  This is being filed as an emergency/expedited motion because the court has ordered a deadline for Monday 11/20/23 to file my oppositions to the motion to dismiss and thus I need to know if the antislapp motion will be stricken from the motion to dismiss so I can know what to include in my opposition.

3.  I would ask the court to act on this motion right away so I can know how to proceed. Otherwise, the court should stay the deadline for filing the opposition until the court resolves this motion.

4.  Should the Court deny this motion to strike, I intend to file a substantive factual response to the Donais defendants' antislapp motion. I also have sought and/or will seek leave to pursue discovery, as provided for in the antiSLAPP statute cited by Donais defendants.

5.  I have not completed this filing. This is a protective filing so that it cannot be said that I did not comply with a court order.

6.  I need to include dealing with the substance of the Donais' antislapp motion. I have only addressed the procedural aspects of the antislapp motion as grounds to strike. An example of a procedural aspect is the fact that the Donais defendants' antislapp motion is procedurally flawed, as it was

not supported by an affidavit. An example of a substantive aspect is the fact that the anti-SLAPP statute does not apply to litigation communications which constitute criminal acts, as a matter of law. Similarly, another example of a substantive opposing argument is that an antislapp motion will ordinarily not be sustained as to a professional negligence or breach of fiduciary duty claim, since the gravamen of the lawsuit is not the attorney's petitioning or litigation activity per se, but rather the attorney's decisions, actions or omissions which resulted in the petitioning or litigation activity.

7. So I need to be able to address the substance of opposing the antislapp motion either in an enlarged 50 page motion based on my motion to exceed page limits, if granted, or in a separate opposition addressing the substance and not simply the procedural aspects of the antislapp motion.

8. I also need to file an accompanying affidavit to support the opposition to the antislapp motion.

9. According to the statute, the court shall consider pleadings and supporting and opposing affidavits stating the facts" and may permit additional discovery upon a motion for good cause.

10. So I need an opportunity to file opposing affidavits stating the facts. I also need to obtain limited discovery in order to properly oppose the antislapp motion. This is the correct procedure under the MA antislapp statute.

11. Thus, the court also must view the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party.

12. NB: When it comes to an anti-slapp motion, the stakes are high for the non-moving party because of the automatic award of fees if the special motion is granted.

13. As point of note, I also understand that even if this court rules in my favor to strike the antislapp motion, it still is important to preserve the record just in case of an appeal. This is critical because if discovery is ordered, and later the movant wins an appeal, I could be automatically stuck with

the movant's cost of discovery. It is therefore prudent for me to secure the record from now and it is not unreasonable for me to be concerned about this, which comes from my reading of several cases related to anti-slapp motions in the state of Massachusetts.

14. In light of the foregoing, it is evident that good cause exists therefore to grant this request.

15. The court should allow the case to proceed on the merits and allow me to have my day in court to prove my case.

16. In support of this motion to strike the antislapp motion, I have attached a memorandum of law to this motion, as **the first attachment** to this motion.

17. Because this relates to a dispositive motion, it is thus to be treated as a dispositive motion itself and concurrence can be assumed to not be necessary or to not be forthcoming. In any event, I did not have time to seek concurrence from the defendants on this motion because of the short timeline involved and the deadline that is due today.

18. I ask the court to rule urgently on this motion so I can know right away if this motion is granted.

19. If the court does not rule on this motion right away, then I ask that the deadline for refiling my supplemental opposition to the defendants' motion to dismiss be stayed until the resolution of this motion.

20. I cannot refile my supplemental opposition to the motion to dismiss if I do not know if the antislapp motion will be stricken. This is an eminently reasonable point.

21. Similarly, if the court does strike the antislapp motion, I will need an opportunity to refashion my supplemental opposition and thus I ask for a reasonable time thereafter to do so, subject to the other pending motions that are filed concurrently with this motion or in conjunction with this motion.

22. I will not know how to proceed with my supplementary opposition until I hear from the court on this motion or unless the motion is fully resolved.

23. Thus, I ask that the deadline for refiling my supplemental opposition to the defendants' motion to dismiss be stayed or extended beyond today's deadline.

24. I ask that this motion be referred to the district court judge for expedited ruling.

25. If the court denies the motion, I would like to preserve my right to appeal immediately to the first circuit and ask the court to provide me the instructions necessary for appealing right away or the opportunity to appeal right away. Otherwise, I ask the court to stay the proceedings until the first circuit disposes of such appeal, should an appeal be necessary.

26. NB: Please grant a pro se liberal construction to this pleading in accordance with the attendant US supreme court rulings and other supporting case law as well as pursuant to the dictates of modern socially responsible and conscientious jurisprudence.

27. I also reserve the right to further state my defenses or rebuttals against dismissal in a sur-reply to any reply by the Donais defendants, and further in any opposition to the Hilliard defendants' motion to dismiss when that is filed by 12/4/23 (especially since the Hilliard defendants have asserted that they are incorporating by reference certain defenses from the Donias defendants' motion to dismiss).

28. I hereby also incorporate the oppositions to the defendants' motions to dismiss filed in the MA federal court. This opposition incorporates by reference, as if fully stated herein, all of the factual and legal arguments found in the filings wherein I asserted defenses against dismissal, including all of the factual and legal arguments contained in the Plaintiff's Initial Opposition to the Donais Defendants' Motion to Dismiss filed in this court, the Amended Complaint filed in state court, and in Plaintiff's Combined Opposition to Defendants' Motions to Dismiss and in Plaintiff's Combined Opposition to Defendants' Anti-Slapp Motions[1], and the supplemental opposition and

---

[1] NB: I refute the assertion of the facts stated in the Donais defendants' filings including in particular those that pertain to or is relevant to the antislapp motion. I refer to what is stated in my filings in this regard as correct and true as under oath. To the extent the statements by the Donais defendants in their filings are not supported by any affidavit of their asserted

the attendant opposing affidavits filed in MA federal court as well as the supplemental opposition and related filings including motions to strike filed in this court.

29. I oppose the Donais defendants' antislapp and the motion to dismiss in its entirety and all its arguments, reasoning, claims, considerations, suggestions, insinuations, pleadings, statements, conclusions and requests and relief sought.  I oppose and defend against the motion to dismiss attacks upon my complaint in full and completely

30. WHEREFORE, I hereby humbly request this Honorable Court grant my request and/or other relief that the Court deems just and proper as follows:

    a.  Strike the Anti-Slapp Motion to Dismiss in its entirety.
    b.  Award me any fees and costs incurred in seeking to strike this Motion.
    c.  In the alternative, I ask that the court:
    d.  Allow me to have a hearing on this motion.
    e.  Allow me the opportunity to take limited discovery as permitted by statute.
    f.  Allow me to have an evidentiary hearing to show why limited discovery is needed, as permitted by the Antislapp statute.
    g.  Grant other relief deemed just and proper.

Respectfully submitted,
Andre Bisasor
/s/andre bisasor
679 Washington Street, Suite # 8206
Attleboro, MA 02703

Date: November 20, 2023

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was or will be served to the parties in this case via the court's electronic filing/service system.

/s/andre bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703

---

facts, these should be stricken or otherwise ignored by the court on this basis, and if necessary, I request that they be stricken by the court.

UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No. 1:23-CV-11313

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF THE EMERGENCY/EXPEDITED
PLAINTIFF'S MOTION TO STRIKE THE ANSTISLAPP MOTION FILED BY THE
DONAIS DEFENDANTS**

1. I the plaintiff submit this memorandum in support of my motion to strike Donais defendants' antislapp motion seeking dismissal of this case pursuant to Massachusetts' anti-SLAPP law, (hereinafter the "anti-SLAPP motion").

2. In support of this motion to strike, I the plaintiff state as follows:

**I. DEFENDANTS' ANTI-SLAPP MOTION IS IMPROPERLY/INAPPROPRIATELY
FILED IN THIS COURT**

3. L.R. Rule 2.3(h) of the supplemental rules states: *"The court may, upon motion of a party or upon its own motion, strike any erroneously or inappropriately filed document."*

4. The Donais defendants' antislapp motion is inappropriately filed in this court.

5. The Donais defendants' antislapp motion is thus procedurally flawed and procedurally improper which be more laid out below.

**II. DEFENDANTS' ANTI-SLAPP MOTION APPLYING MASSACHUSETTS'
PROCEDURAL LAW HAS NO PLACE IN THIS COURT**

6. I filed this action in state court seeking damages for various claims against the defendants, including among other things, defamation.

7. The defendants improperly removed the case to the MA federal court, and then sought and obtained a transfer to the NH federal court.

8. The Donais defendants argue that MA procedural anti-SLAPP law applies this case.

9. To do so results in (1) a stay of discovery in this court and (2) a change in the summary judgment standard in this court.

10. The Donais defendants' anti-SLAPP motion should be rejected out-of-hand for two equally dispositive reasons: a) it seeks to apply a MA procedural rule in a NH court case, and b) it does not meet the terms of the MA statute, even if it had any proper application in this Court.

11. The procedural mechanisms of the antislapp law which the Donais defendants seek to import do not have any basis in NH procedural law.

12. NH courts apply NH procedural law, even when they apply substantive law of another state. Kissinger v. Am. Family Mut. Ins. Co., 563 S.W.3d 765, 775 (Mo. App. W.D. 2018) ("Regardless of which state's law governs the substantive issues involved in this case, ... procedural questions are determined by the state law where the action is brought.") (quoting Williams v. Silvola, 234 S.W.3d 396, 399 (Mo. App. W.D. 2007)).

13. Accordingly, the Donais defendants' anti-SLAPP motion to apply Massachusetts' procedural law has no place in this court, and the Court should strike Donais defendants' anti-SLAPP motion.

14. Independent of the procedural nature of Massachusetts' anti-SLAPP law, this law expressly recognizes that an early resolution via an anti-SLAPP motion to strike is not proper in defamation cases where discovery is inherently necessary to determine key factual issues.

15. Accordingly, the Donais defendants' request for dismissal before discovery is improper under the very MA procedures they invoke, just as a pre-discovery dismissal would be improper under MA or NH summary judgment standards as well.

### III. DEFENDANTS' ANTI-SLAPP MOTION VIOLATES MASSACHUSETTS STATE-BASED PROCEDURE PURSUANT TO THE ANTI-SLAPP STATUTE

16. Donias defendant's anti-slapp motion violates Massachusetts state-based procedure pursuant to the anti-slapp statute.

17. The anti-slapp statute requires that a movant brings a special motion to dismiss within 60 days of service of the complaint. This conflicts with the normal rules of procedure where a motion to dismiss must be brought within 20 days of service of the complaint.

18. By combining the antislapp motion into a regular motion to dismiss, it creates a problem of attempting to extend the time for a motion to dismiss to be brought (automatically without court permission and potentially creates an end-run around such rules of the court), when this was not intended by the anti-slapp statute.

19. Because the Donais defendants' anti-slapp motion is combined into their motion to dismiss as a count or section of the larger motion to dismiss, it violates the statute and procedure. This constitutes a procedural defect.

20. The Donais defendants' antislapp motion is also not labeled a special motion to dismiss and this also constitutes a procedural defect. MA state-based procedure requires that defendants file a separate motion called a "special motion to dismiss" separate from a regular motion to dismiss under Rule 12, etc. The Donais defendants have strayed from the norm or have violated proper state-based procedure and practice for an antislapp motion.

21. If the federal rules of procedure do not strictly apply to the antislapp motion, then the state-based anti-slapp statute procedure governs. (NB: If the federal rules strictly applied, then the antislapp motion could not be heard in federal court as it would violate Rule 12 and Rule 56 of the federal rules.). The MA state-based procedure requires that the Donais defendants should have filed a separate motion as a special motion to dismiss, apart from their Rule 12 motion to dismiss. They did not do so. They included the antislapp motion within their Rule 12 motion to dismiss, which creates procedural issues in doing so and it has created complications because the antislapp is its own "beast" so to speak, with a separate statute and rule governing it.

22. Hence, this motion should be stricken statutorily on those grounds simply for not meeting the requirements of the antislapp statute.

## IV. THE COURT SHOULD DENY DEFENDANS' ANTISLAPP MOTION BECAUSE THE DONAIS DEFENDANTS HAVE NOT INCLUDED ANY AFFIDAVITS OR OTHER EVIDENCE TO SUPPORT THEIR ANTISLAPP MOTION

23. The Donais defendants' anti-slapp motion does not have an affidavit and this constitutes a procedural defect.

24. The Donais defendants' antislapp motion is procedurally flawed, as it was not supported by an affidavit.

25. Hence, this motion should be denied statutorily on those grounds simply for not meeting the requirements of the statute.

26. The Donais defendants did not provide an affidavit that addressed the antislapp claims, which violates procedure as there is no basis to treat any claims by the Donais defendants in their antislaspp motion as true or correct.

27. The Donais defendants have asserted no facts showing anything that supports their contention that Craig Donais was engaged in petitioning activity or that his petitioning activity had factual or reasonable basis or that my motives were to chill petitioning activity.

28. A blanket conclusory declaration that all defendants' activity was petitioning activity is plainly false but also not valid. The Donais defendants do not even address the clear and plain factual and legal arguments made directly in the amended complaint itself showing that, for example, there were claims for breach of contract, breach of fiduciary duty and interference with contract relations, none of which had to do with his statements but all of which had to do with Craig Donais' acts and conduct in intentionally engaging in a conflict of interest in violation of the rules of professional conduct and in breach of his fiduciary duty to me. These were acts that Craig Donais

did which were found to be wrong acts by another state court and resulted in his disqualification due to this conflict of interest.

29. There is no affidavit by the Donais defendants that challenges any of that or even addresses any of that. This is a tacit admission that they know that the antislapp motion is frivolous, otherwise they would address this most glaringly fatal point in the anti-slapp motions.

30. The Donais defendants have not put forward any facts or details concerning the antislapp motions that would enable this court to determine the merits of the antislapp motion.

31. This court should not grant the anti-slapp motions when there are no facts set forth to support granting such relief.

## V. DEFENDANTS' ANTI-SLAPP MOTION VIOLATES FEDERAL PROCEDURE

32. Defendants' anti-slapp motion violates federal rules of procedure.

33. Some federal courts in Massachusetts have held that the anti-SLAPP statute is a procedural rule that is inapplicable in federal court. See, e.g.,. Stuborn Ltd. P'ship v. Bernstein, 245 F. Supp. 2d 312, 316 (D. Mass. 2003).

34. When applied in federal court, the statute violates my due-process rights. The anti-SLAPP statute is not just a test of factual sufficiency for a limited set of claims; most notably, it includes a discovery stay until the motion is resolved. In Metabolife International, Inc. v. Wornick, the Ninth Circuit concluded that the stay directly conflicts with Rule 56(d). In Anderson v. Liberty Lobby, Inc., the Court interpreted Rule 56(d)—at that time codified as Rule 56(f)—to require that "summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." Finding a direct conflict with the anti-SLAPP statute's "good cause" requirement, Metabolife quoted with approval a district court decision stating: "Section 425.16 limits discovery and makes further discovery an exception, rather

than the rule. Rule 56 does not limit discovery. On the contrary, it ensures that adequate discovery will occur before summary judgment is considered."

35. Many commentators have interpreted Metabolife as holding that the anti-SLAPP discovery stay can never apply in federal court, and the Ninth Circuit seems to agree.

36. Assuming that the anti-SLAPP statute's discovery stay does not apply in federal court, as Judge Kozinski observed, "the federal court special motion is a far different (and tamer) animal than its state-court cousin" because it no longer provides "defendants a quick and painless exit from the litigation."

37. If the district court does not allow discovery then that would violate my rights under federal procedure 12 and 56.

38. Hence, this motion should be denied on those grounds for not meeting the requirements of the statute.

## VI. DEFENDANTS' ANTI-SLAPP MOTION VIOLATES FEDERAL RIGHT TO JURY

39. The Donais defendants' anti-slapp motion violates my federal right to jury.

40. When applied in federal court, the antislapp statute violates my due-process rights and right to a jury.

41. In a line of cases, beginning in Beacon Theatres, Inc. v. Westover, several federal courts have held that, after the Federal Rules of Civil Procedure merged courts of law and equity, a jury trial must take precedence over equitable proceedings to protect the right against issue or claim preclusion.

42. Similarly, it can be argued that the "substance" of the Seventh Amendment largely protected a party's right to have a jury conduct any fact-finding. Facts should be decided by a jury.

43. The antislapp statute should not apply in federal court, not simply or only because it is not merely procedural but also because it violates my right to have facts tried by a jury.

44. Similarly, because the antislapp statute carries with it an automatic award of attorney fees as punishment against a plaintiff, then it should be decided by jury.

45. Moreover, NH state courts find that the antislapp statute violated the right to a jury.

46. In an advisory opinion, the New Hampshire Supreme Court has stated that a proposed anti-SLAPP law then being considered by the New Hampshire Legislature would be unconstitutional because it would deny a litigant the right to a jury trial on disputed issues of fact. The New Hampshire court said:

> Unlike [summary judgment motions] wherein the court does not resolve the merits of a disputed factual claim, the procedure in the proposed bill requires the trial court to do exactly that . . . [because] the trial court that hears the special motion to strike is required to weigh the pleadings and the affidavits on both sides and adjudicate a factual dispute. Because a plaintiff otherwise entitled to a jury trial has a right to have all factual issues resolved by a jury . . . the procedure in the proposed bill violates part I, article 20 [of the New Hampshire Constitution].
>
> Opinion of the Justices, 641 A.2d at 1015 (N.H. 1994) (citation omitted).

47. See also Opinion of the Justices (SLAPP Suit Procedure) 138 N.H. 445, 451, 641 A.2d 1012 (1994) ("A solution [to SLAPP suits] cannot strengthen the constitutional rights of one group of citizens by infringing upon the rights of another group.").

48. Many other courts have recognized and addressed the problems with "fact-finding" within anti-SLAPP cases.  The Washington Supreme Court held that its state's anti-SLAPP statute, which required a trial court to make factual determinations involving the merits of a litigant's claim, without a trial violated the right to trial by jury and was therefore invalid. The right to trial by jury is inviolate under the state constitution. Wash. Const, art. I, § 21.

49. "The right to have factual questions decided by the jury is crucial to the right to trial by jury." State v. Montgomery. 163Wn.2d 577, 590, 183 P.3d 267 (2008) (citing Sofiev. Fibreboard Corp.. 112Wn.2d 636, 656, 771 P.2d 711, 780 P.2d 260 (1989)).

50. "'Wherever possible, it is the duty of this court to construe a statute so as to uphold its constitutionality.'" In re Pers. Restraint of Matteson. 142 Wn.2d 298, 307, 12 P.3d 585 (2000)

(internal quotation marks omitted) (quoting Addleman v. Bd. of Prison Terms &Paroles, 107 Wn.2d503, 510, 730 P.2d 1377 (1Q8R^; accord Lummi Indian Nation v. State, 170Wn.2d247, 264,241 P^3d 1220(2010).

51. This issue has not been addressed by the federal court of this district in Massachusetts. It has not been addressed either by the first circuit.

52. Although Judge Denise Casper in the MA federal court applied the first circuit ruling on the Maine antislapp statute to the Massachusetts antislapp statute as it pertains to whether the MA statute is substantive law and thus conflicts with federal rules 12 and 56, she never addressed the federal right to a jury issue. She only addressed that she believed that the MA antislapp statute did not violate the federal rules of procedure 12 and 56, finding that the MA statute was substantive law and not merely procedural. NB: A finding that the statute was merely procedural would bar the statute from being applied in federal court in MA because it would violate federal court procedures.

53. Yet, the federal right to a jury argument goes beyond whether the MA statute is substantive state law or merely procedural. The federal right to a jury is a fundamental substantive right that should be guaranteed to every litigant in federal court who seeks to have their cases heard by a jury.

54. Because the MA statute applied in federal court does not allow for a jury to hear and decide facts, it violates my federal right to a jury, especially given that I specifically asserted a jury demand both in my original complaint and my amended complaint.

55. Hence, this motion should be stricken on those and other such procedural grounds for not meeting or comporting with the requirements of the right to a jury.

56. NB: To the extent this court takes a position on this issue that finds that the application of the statute in federal court does not violate my right to a jury, then it may be ripe for appeal to the first circuit.

## VII. DEFENDANTS ARE NOT ENTITLED TO ASSERT ANTI-SLAPP UNDER NH LAW

57. The Donais defendants claim in their motion to dismiss that NH law applies to this case, even though it is filed in MA. This assertion was used to support their contention that the case should be transferred to the NH federal district court.

58. They go on to further argue that the Massachusetts-based 93A claim asserted by me in my complaint would fall away if NH law is applied because NH law does not have the 93A statute. This is not entirely true because NH does have an equivalent consumer protection statute so the consumer protection claim would not necessarily go away (assuming arguendo that defendants' argument that NH law applies to this case is correct, which I don't concede is correct).

59. But all of this goes to a more important point. If NH law applies, then the MA antislapp motion must go away or fall away because NH does not have an antislapp statute. The defendants cannot have it both ways. This is a self-contradictory position and the defendants should be estopped from making it, as it contradicts their prior argument (supporting improper venue and forum conveniens), that NH law applies.

60. The defendants are not entitled to bring an antislapp motion under NH law. Therefore, the antislapp motion must be dismissed or denied.

61. So, either defendants give up their motion to dismiss for improper venue and forum conveniens and to transfer to NH, or they give up their antislapp motion. They cannot have their cake and eat it too.

62. Similarly, Craig Donais asserts that his statements were made in NH. Therefore, his petitioning activity would have occurred, to the extent any occurred, in the state of NH. But NH does not have an antislapp law. So Craig Donais cannot assert antislapp claim while in NH and while under NH law. The same goes for Hilliard.

63. Moreover, Craig Donais has asserted that Massachusetts and its court has no personal jurisdiction over him. He is also thus saying that MA law does not apply to him. Therefore, he cannot assert an antislapp claim in this case.

64. If Massachusetts or its courts have no personal jurisdiction over the defendants, then the antislapp motion must be stricken here in NH federal court.

65. Craig Donais (and the other defendants) are seeking to obtain a windfall in this court, using Massachusetts law as both a shield and a sword, while also claiming the MA federal court and the state of MA has no jurisdiction and that NH law applies in any event.

## VIII. FEDERAL QUESTION CLAIM DEFEATS THE ANTISLAPP STATUTE

66. The presence of the federal question claim in this case nullifies or defeats the antislapp statute.

67. The antislapp motion can only apply only in diversity cases, not in federal question cases.

68. The defendants have asserted both a diversity basis and federal question basis for jurisdiction.

69. I have shown in my motion to remand that diversity jurisdiction does not exist for this case. That leaves only the federal question (that is, of course, if the court finds that there are no procedural defects or bar to subject matter jurisdiction as articulated in my motion to remand).

70. A federal question implicates federal law.

71. A diversity case implicates the federal court sitting in the place of a state court dealing with state law.

72. But if there is no diversity, then the federal court has no grounds to apply state law procedure in the adjudication of a federal law question.

73. This case is based only on federal question jurisdiction as there is no diversity jurisdiction in that damages are not above $75,000 or has not been shown to be above $75,000. Thus, there is no diversity jurisdiction. Thus, the court cannot apply state law but must apply federal law. But there is no federal antislapp law. This is on top of the fact that NH has no antislapp law either. Either

way, no matter what, this antislapp motion is improper and not permitted. It this should be stricken as such.

### IX. AN ANTI-SLAPP ACTION IS A COUNTERCLAIM AND THUS CANNOT BE ASSERTED IN A MOTION TO DISMISS IN FEDERAL COURT

74. The anti-SLAPP suit statute was intended to encourage participation in public interest matters and avoid the chilling of such participation through "abuse of the judicial process."

75. But in reality the anti-slapp motion is also a counteraction against the non-moving party, who brought a lawsuit (against the moving party bringing the antislapp motion) in retaliation for petitioning activity by the moving party, and is essentially an action alleging an abuse of process or wrongdoing committed by the non-moving party who brought the lawsuit.

76. Therefore, I am being accused of abuse of judicial process by the defendants. In filing the antislapp motion, Craif Donais/ the Donais defendants are saying that "I abused the judicial process", instead of simply saying that "I have no case". These are accusations that I sought to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances and that I sought to deter a citizen from exercising their right to petition or to punish them for doing so or to intimidate an opponent's exercise of petitioning rights. These are all elements of a counterclaim of wrongdoing. Thus, an Anti-SLAPP action is essentially an abuse of process tort claim. It is purportedly "based on Donais' petitioning activity" because he supposedly believes that the activity of my filing a lawsuit against him is itself an illegitimate abuse of process. His anti-slapp motion is also an injunction against me and this is evidenced by the fact that the motion carries with it an automatic stay on all discovery and prevents me from obtaining any discovery against the defendant that could help me prove my case, unless specifically ordered by a court. The anti-slapp action involves procedures, legal arguments and pleadings that have nothing to do with Donais defending against my actual claims. The things I would have to do to defend against an abuse of process claim, I now have to do to defend against an anti-slapp action.

77. So, I am required to defend myself against these charges, spending time and resources to prove that I did not commit the wrongdoing of abuse of process and that my claims are not retaliations intended to stop free speech before a government body.

78. Furthermore, there is a burden-shifting mechanism contained within the anti-slapp statute which essentially puts me in a defensive posture and the concomitant automatic award of attorney fees and costs creates recovery on a claim. If none of this makes the anti-slapp action a claim or counterclaim (however much it might be in disguise) then I don't know what will. (See Halmar Robicon Group, Inc. v. Toshiba Int'l Corp., 127 Fed. Appx. 501, 503 (Fed. Cir. 2005) (automatic stay [operates] as against actions in which debtor is in defensive posture) emphasis supplied.)).

79. Moreover, by way of analogy with bankruptcy law, in Koolik v. Markowitz, the court held that:

    "[S]ince a defendant who is awarded judgment on a counterclaim is no less a judgment creditor than is a plaintiff who is awarded judgment on a claim asserted in the complaint, we construe the term 'action or proceeding'... to include any pleading that asserts a claim on which relief is sought. In this way, the Second Circuit held that an answer that asserts a counterclaim against a plaintiff that becomes a bankruptcy debtor is an "action or proceeding against the debtor" within the meaning of 11 U.S.C. section 362(a)(1), regardless of whether the plaintiff initiated the lawsuit."

80. Please note that Koolik v Markowitz states that the definition of a counterclaim is any pleading that asserts a claim on which relief is sought and this by definition is an action or proceeding against the debtor.

81. Even if, assuming arguendo, the anti-slapp motion could be parsed out to NOT technically be a counterclaim (on which I disagree), then it is without dispute that the anti-slapp motion is an "action or proceeding against a [plaintiff]", and thus still a counterclaim.

82. Ironically, this anti-slapp motion is itself a SLAPP suit/action against me intended to deter me from my petitioning activity. By any means his anti-slapp claim is frivolous and intended to harass me and deter me and increase the cost and burden of litigation for me. It was as strategic decision for the defendants to use the statute's automatic stay on discovery to prevent me from gaining discovery from them. Thus, the defendants have misused this statute. Nonetheless by seeking to

do this, the defendants have accused me of wrongdoing and falsely so. They have twisted the purpose of the statute on its head to do exactly to me what the statute was intended to stop. I, as a person of little means and resources, could in no way be the perpetrator of a SLAPP action (which is intended for very narrow circumstances which do not apply to me or this case).

83. In applying the procedural mechanisms of the statute, the defendants are effectively allowed to significantly interrupt my ability to pursue all of my claims and to stay discovery on all my claims until or unless the court denies the antislapp motion.

84. Please note that many courts across the nation are finding that anti-slapp motions are being used in the exactly the same way that SLAP lawsuits are used…to delay litigation, and discovery, and tie up resources of the Plaintiff with frivolous use of the anti-slapp motion. The anti-slapp motion has become a paradoxical form of vexatious litigation where the anti-SLAPP action is used as an effective counteraction against a plaintiff's use of judicial processes themselves, by accusing the plaintiff of an affirmative act of wrongdoing, namely intimidating or punishing an opponent. The defendants' purpose in using this motion is to use it as a counterclaim or a counteraction.

85. By electing to file an action under this special statute, the defendants knowingly and purposefully are seeking to collect, assess and recover a claim with a monetary award against me. [NB: An award of attorney fees in this case would literally bankrupt me given that I was granted indigency status by the state court and given that there are two big law firms involved with at least 4 or more seasoned attorneys on the case, along with associates and paralegals assisting them on the case. The attorney fees would be astronomical.].

86. According to this statute, a money award is awarded automatically to the anti-slapp filer in order to deter the party who brought the legal action from bringing similar future retaliatory lawsuits. The attorney's fees award is designed to reimburse the costs of defending an improper legal action. This is not a contract-based award of prevailing party attorney fees. It is an automatic statutory

award of fees in the act itself of filing the motion. The fees would not be awarded for conduct I engaged in prior filing suit. It would be awarded because I am being accused of wrongdoing in purportedly bringing an improper legal action. Defendants have asserted that I engaged in retaliation or I sought to muzzle his free speech or that I have sought to engage in some kind of wrongful purpose against him. And no matter how frivolous the motion may be, I now have to defend against the merits of defendants' charges of wrongdoing that have nothing to do with my claim against him.

87. According to the legal dictionary, a claim is defined as: *"1) v. to make a demand for money, for property, or for enforcement of a right provided by law. 2) n. the making of a demand (assert a claim) for money due, for property, for damages or for enforcement of a right." A counterclaim is defined as "A claim by a defendant opposing the claim of the plaintiff and seeking some relief from the plaintiff for the defendant."* (See http://legal-dictionary.thefreedictionary.com/claim).  Mr. Donais in his anti-slapp action has made a legal assertion and demand for money (which makes it a legal claim) and he has used it in the context of opposing my claim against him and he is seeking relief against me as the plaintiff.  This clearly meets the criteria for being a claim/counterclaim.

88. Craig Donais/the Donais defendants are attempting to put me in a defensive posture to answer charges of wrongdoing and abuse of process and to collect payment of an automatic money judgment attorney fees and costs. Please note that an automatic award of money under the Massachusetts anti-slapp statute is a different thing than a sanction under Rule 11 (i.e. a Rule 11 sanction is discretionary and need not be a money award).

89. The defendant is not allowed to assert a counterclaim in a motion to dismiss in federal court. As such, it violates the federal rules of procedure in a significant way. Consequently, the antislapp motion should be denied on procedural grounds because it is essentially a counterclaim demanding

an automatic award of money in a motion to dismiss, without discovery, without a jury and without summary judgment procedure applied.

90. NB: Craig Donais and the Donais defendants cannot assert a counterclaim in a motion to dismiss. I believe this may be an issue of first impression for the court.

## X. THE DEFENDANT'S ANTI-SLAPP MOTION IS UNTIMELY

91. The Defendants' anti-slapp motion is untimely. It is not filed within 60 days after service of the complaint.

92. The defendants brought the anti-slapp motion more than 60 days after being served with the complaint. I served the complaint on April 14, 2023 and the defendants filed the anti-slapp motion on September 26, 2023, which is about 5 months after being served with the complaint.

93. Even though the case was transferred to NH, the defendants were required to seek permission for late filing under the MA statute. NH does not recognize an antislapp law, and so upon transfer, the defendants were required to get special permission to file the antislapp motion and to file it after 60 days after service of the complaint.

94. As such, it is especially important that the "anti-slapp motion to dismiss" that is permitted be filed on time.

95. Hence, the Donais defendants' antislapp motion should be stricken statutorily on those grounds simply for untimeliness and not meeting the requirements of the statute.

96. The defendants are barred from bringing this motion under the plain language of the statute. The plain text of the statute states that he has 60 days after service of the claim to file a special motion to dismiss. The Complaint in this case was filed on 6/18/22 and served on 4/14/23.  Therefore, the motion should be stricken because the defendants have failed to abide by the filing requirements of the statute.

15

97. At no point in time did the defendants ask the court or the plaintiff for an extension of the statutory deadline for this motion. The defendants never notified me that they intended to file an antislapp motion in NH. The filing of this motion came as a complete surprise to me as the plaintiff.

98. Courts have taken such filing requirements for an anti-slapp motion seriously.  In Blumenthal v. Drudge, the court ruled defendant Drudge's special motion to dismiss under the California anti-SLAPP statute to be procedurally defaulted because it was filed well after the 60-day deadline provided in the statute. See Blumenthal v. Drudge, Civ.A. 97-1968(PLF), 2001 WL 587860 (D.D.C. Feb. 13, 2001). The court ruled that "[a]lthough the statute states that the special motion 'may' be filed within 60 days and not that it 'must' be filed within that time, [that provision] has been interpreted by both federal and state courts to require filing within 60 days of the complaint or amended complaint unless otherwise permitted by the court in its discretion." Id. at *2. The court saw no reason to exercise its discretion and permit filing out of time. It reasoned, among other things, that the "requirement that the motion to strike be filed soon after the filing of the complaint best serves the purpose of the Anti-SLAPP statute—to provide for the early dismissal of meritless First Amendment-chilling lawsuits."

99. Here, as in Drudge, Defendants have plainly violated the statute and, if the statute is effective and applicable, their motion is procedurally defaulted.

## XI. LIMITED DISCOVERY UNDER THE STATUTE IS REQUIRED

100.    According to the statute, the court shall consider pleadings and supporting and opposing affidavits stating the facts" and may permit additional discovery upon a motion for good cause.

101.    Similarly, when considering a motion to strike under the anti-SLAPP statute, the court should apply a summary judgment-like analysis to determine whether the plaintiff has shown, by clear and convincing evidence, a probability of prevailing on the merits.

102.    Thus, when deciding whether the moving party has shown, by a preponderance of the evidence, that the claim was based on an action involving public participation and petition, the court also must view the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Mountain Park. 125 Wn.2d at 341: Gerbosi. 193 Cal.App.4th at 444.

103.    NB: When it comes to an anti-slapp motion, the stakes are high for the non-moving party because of the automatic award of fees if the special motion is granted.

104.    As point of note, I also understand that even if this court rules in my favor, it still is important to preserve the record just in case of an appeal. This is critical because if discovery is ordered, and later the movant wins an appeal, I could be automatically stuck with the movant's cost of discovery. It is therefore prudent for me to secure the record from now and it is not unreasonable for me to be concerned about this, which comes from my reading of several cases related to anti-slapp motions.

## XII. CONCLUSION

105.    I have expended considerable time, effort and resources seeking time to strike this improper antislapp action.

106.    Should the court deny my motion to strike, I will seek leave to file a substantive factual response to Defendants' anti-SLAPP motion. Also, because the defendants have asserted an antislapp motion, and because I have moved for limited discovery pursuant to the antislapp statute, then I am entitled by right to a hearing on the motion for discovery, prior to any ruling on the antislapp motion itself.

107.    In order for the court to not hold a hearing on limited discovery, the court must sua sponte beforehand strike the antislapp motion. Otherwise, if the antislapp motion is not stricken from now, then I must be allowed a hearing on the motion for limited discovery.

108.    WHEREFORE, I the plaintiff respectfully request that this Court grant this motion:

a. Strike Defendants' anti-SLAPP motion and deny the relief requested therein;
b. Award me any reasonable costs and attorneys' fees incurred with respect to having to file this motion to strike;
c. Enter any further relief the Court deems just and proper.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

November 20, 2023

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675

18