# Exhibit 6

UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No. 1:23-CV-11313

**EMERGENCY/EXPEDITED**
**PLAINTIFF'S MOTION TO STRIKE THE NEW UNPERMITTED DEFENSES IN**
**THE DONAIS DEFENDANTS' SECOND PRE-ANSWER MOTION TO DISMISS**

1. COMES NOW the Plaintiff, and respectfully requests that the court strike the new unpermitted defenses in the Donais defendants' second preliminary pre-answer motion to dismiss.

2. In support of this motion to strike, I have attached a memorandum of law to this motion, as **the first attachment** to this motion [which is 25 pages as it relates to a dispositive motion].

3. Because this relates to a dispositive motion, it is thus to be treated as a dispositive motion itself and concurrence can be assumed to not be necessary or to not be forthcoming. In any event, I did not have time to seek concurrence from the defendants on this motion because of the short timeline involved and the deadline that is due today.

4. I ask the court to rule urgently on this motion so I can know right away if this motion is granted.

5. If the court does not rule on this motion right away, then I ask that the deadline for refiling my supplemental opposition to the defendants' motion to dismiss be stayed until the resolution of this motion.

6. I cannot refile my supplemental opposition to the motion to dismiss if I do not know if the new defenses in the second motion to dismiss will be stricken. This is an eminently reasonable point.

7. Similarly, if the court does strike the new defenses in the second motion to dismiss, I will need an opportunity to refashion my supplemental opposition without reference to the new defenses and

thus I ask for a reasonable time thereafter to do so, subject to the other pending motions that are filed concurrently with this motion or in conjunction with this motion.

8.  I will not know how to proceed with my supplementary opposition until I hear from the court on this motion or unless the motion is fully resolved.

9.  Thus, I ask that the deadline for refiling my supplemental opposition to the defendants' motion to dismiss be stayed or extended beyond today's deadline.

10. I ask that this motion be referred to the district court judge for expedited ruling.

11. If the court denies the motion, I would like to preserve my right to appeal immediately to the first circuit  and ask the court to provide me the instructions necessary for appealing right away or the opportunity to appeal right away. Otherwise, I ask the court to stay the proceedings until the first circuit disposes of such appeal, should an appeal be necessary.

12. Please grant the relief requested or other relief deemed just and proper.

13. NB: Please grant a pro se liberal construction to this pleading in accordance with the attendant US supreme court rulings and other supporting case law as well as pursuant to the dictates of modern socially responsible and conscientious jurisprudence.

14. WHEREFORE, I hereby humbly request this Honorable Court:

    a)  Strike this improper second successive pre-answer motion to dismiss with unpermitted newly asserted  defenses filed by the Donais defendants.
    b)  Grant a pro se liberal construction to this pleading.
    c)  Grant any other relief that the Court deems just and proper.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675

UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No. 1:23-CV-11313

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF EMERGENCY/EXPEDITED PLAINTIFF'S MOTION TO STRIKE THE NEW UNPERMITTED DEFENSES IN THE DONAIS DEFENDANTS' SECOND PRE-ANSWER MOTION TO DISMISS

1. I the Plaintiff hereby respectfully submit this memorandum in support of my motion to strike the new unpermitted defenses in the Donais defendants' second preliminary pre-answer motion to dismiss [which is 25 pages as it relates to a dispositive motion]. Grounds are below.

## I. NEW DEFENSES ARE EITHER IMPROPER OR WAIVED/FORECLOSED
### A. Background

2. I filed this action in Bristol Superior Court of the state of Massachusetts alleging various claims, including defamation, interference with contract relations, breach of contract, etc., against Craig Donais and Russell Hilliard. I then amended the complaint once, before service of process and before the defendants entered an appearance or filed any documents in state court.

3. After I served process on the defendants, the defendants removed the case to the United States District Court for the District of Massachusetts (MA federal court).

4. The Donais defendants then filed a motion to dismiss asserting Rule 12(b)defenses that the MA federal court lacked personal jurisdiction and that the MA federal court was an improper venue (moving to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3)) as well as incorporating an anti-slapp motion and footnoting a vague reference to spousal disqualification (hereinafter "first motion to dismiss"). The first motion to dismiss by the Donais defendants stated the following:

> NOW COME Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC (the "Donais Defendants"), by their attorneys, and hereby request that this Honorable Court dismiss all claims

against them pursuant to Fed. R. Civ. P. 12(b)(2), Fed. R. Civ. P. 12(b)(3), Forum Non Conveniens, and anti-SLAAP or, in the alternative, transfer this matter to the District of New Hampshire. In support of this motion, the Donais Defendants rely upon their Memorandum in Support of this Motion to Dismiss or, in the alternative, to Transfer to the District of New Hampshire, filed herewith. WHEREFORE, Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC request that this Honorable Court dismiss all claims against them, or, in the alternative, transfer this matter to the District of New Hampshire.

5. Similarly, the memorandum accompanying the first motion to dismiss stated the following (on

page 3):

Plaintiff's claims concerning alleged statements made by the defendants concern statements made to the courts, police, or other public bodies or organizations involved in petitioning activity. Complaint ¶¶ 21, 37-39, 120, 133-134, 152, 213-221, 272, 316, 319. Pursuant to Fed. R. Civ. P. 12(b)(2), Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC now move that the Complaint be dismissed on the grounds that the Donais Defendants are not subject to the personal jurisdiction of this Court. In the alternative, they now move that the Complaint be dismissed for improper venue under Fed. R. Civ. P. 12(b)(3). In the alternative, they now move that the complaint be dismissed for forum non conveniens. In the alternative, they now move that the Complaint be dismissed pursuant to Mass. Gen. Laws c. 59H. In the alternative, pursuant to 28 U.S.C. §1404(a), Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC request that this action be transferred to the District of New Hampshire.

6. The MA federal court had a hearing on the first motion to dismiss and did not address whether it

had or lacked personal jurisdiction over the defendants, but instead transferred the case to this

court, in the District of New Hampshire, which the MA federal court believed was the "fairest

thing to do" as it relates to all parties (See Order, July 27, 2023, Docket No. 60 and see **Exhibit 1**

for uncorrected court transcript of that hearing.) The MA federal court also stated that there would

be no "statute of limitations" issue upon transferring to the NH federal court. See again **Exhibit**

**1** for uncorrected court transcript of that hearing.

7. NB: This indicates or suggests that the MA federal court understood that the defendants were

waiving the statute of limitations defense. This will be explicated further later on in this document.

8. Upon arrival in NH, the NH federal court instructed the parties to refile any motions that were

pending in MA federal court no later than by 9/27/23. But, instead of filing any answer, the

Donais defendants, on 9/26/23, filed a second motion to dismiss, this time asserting for the first

time that I had failed to state a claim for which relief could be granted and asserting new affirmative

defenses of statute of limitations, absolute litigation privilege, and an additional Rule 8(c) defense

of failure to conform the complaint (filed in state court) to Federal Rule 8(c), while also reasserting/reincorporating an anti-slapp motion and while also vaguely referencing a spousal disqualification defense. The second motion to dismiss jettisoned the prior asserted defenses of lack of personal jurisdiction, improper venue, forum conveniens, or transfer. This presumably is because the defendants prevailed to a certain extent in convincing the MA federal court that the fairest thing to do was to transfer the case to NH federal court and so the defendants already used and effectively prevailed on these arguments (at the least the argument to transfer) in the first motion to dismiss in MA federal court.

9.  By doing so, and by leaving out the new defenses from their first motion to dismiss, they misled the MA federal court that they were willing to move forward on the actual merits of the case (meaning moving forward on the substance of the case). By not asserting a failure to state a claim, or statute of limitations or absolute privilege defense, in their first motion to dismiss in MA federal court, the MA federal court was led to believe that all of the motion to dismiss defenses (serving as impediments to moving to the actual merits) would be disposed of upon transfer to NH federal court since they all dealt with venue or jurisdiction and since any defense under MA law such as the antislapp motion would be eliminated upon transfer to the NH federal court. This is why the MA federal court indicated that "it would be the fairest thing to do", that no party would be "injured at all", and that the case could proceed on to the "actual merits". If the MA federal court had received any prior failure to state a claim defenses or statute of limitations or litigation privilege defenses, from the Donais defendants, it may have proceeded to address those arguments instead of effectuating a transfer.

10. The initial uncorrected transcript of the 7/27/23 hearing in MA federal court states, as follows:

    COURT: All right. I've read all the pleadings, argument will not exceed 10 minutes a side. Where I want to start, Mr. Bisasor, is, um, as I've looked at these papers it does seem to me that **the fairest thing that I might do is transfer this case to the District Court in New Hampshire**, and the reason I say that is there are very real issues as to whether I have personal

jurisdiction over the people you've sued here in the District of Massachusetts, and, um, where there's no such issues in the District of New Hampshire and **we can get on to the actual merits of the case**?  What do you say to my transfer -- not dismissing the case, taking no other action on the case, but transferring it to the District of New Hampshire?

MR. BISASOR: Um, your Honor -- thank you, your Honor. I would say that, um, I believe that it may not be in the interests of justice to transfer the case to another forum in New Hampshire because, um –
So I understand with the transfer there wouldn't be a dismissal –

THE COURT: That's right.
MR. BISASOR: -- or **potential statute of limitations issues** if --
THE COURT: No.
MR. BISASOR: Okay, so with the transfer there will be none. Okay.

11. NB: The correct version of the transcript of the 7/27/23 hearing in MA federal court should/will show that the MA federal judge explicitly stated that there would be no statute of limitations issue if the case is transferred (to which I am currently seeking corrections to the transcript in MA federal court). These corrections would highlight the MA federal court's intention to prohibit the defendants from asserting unfair statute of limitations defenses upon transfer. Based on what the MA federal judge actually said in the 7/27/23 hearing, it is my contention that the MA federal judge did not intend to allow the defendants to "sandbag" me (which is a term actually used by the MA federal judge in the 7/27/23 hearing) with unfair defenses after transfer was ordered. The MA federal judge appeared to be sensitive to this issue which is why he made the effort to try to clarify on the record that the defendants should not try to "sandbag" me after transfer (i.e. meaning using tricks and unfairness, and unfairly exploiting the transfer to assert unfair defenses to harm the plaintiff, etc.).

## B. Second Motion to Dismiss By Donais Defendants Is Fundamentally Different From The First

12. Upon filing their second motion to dismiss on 9/26/23 (hereinafter "second motion to dismiss"), the Donais defendants have fundamentally transformed their first motion to dismiss into a whole

new second motion to dismiss with wholly new defenses not previously asserted. It is not the same motion to dismiss.

13. New defenses and arguments were added (such as failure to state a claim, and statute of limitations and absolute privilege defenses, etc., which are not allowed to be done after the initial deadline to file a motion to dismiss passed after removal from state court).

14. This court gave the defendants an opportunity to refile the motions to dismiss that was filed in MA federal court, not to transform or add new defenses and arguments after the fact.

15. There was nothing preventing the Donais defendants from asserting statute of limitations and absolute privilege defenses or failure to state a claim defenses in the MA federal court.

**C. The New Affirmative Defenses are Improper and Untimely and Should be Denied**

16. Motions under Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b); see also Elvig v. Calvin Presbyterian Church, 375 F.3d 951, 954 (9th Cir. 2004).

17. As the Ninth Circuit has noted, "[a] fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived." American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1106 (9th Cir. 2000).

18. The Donais Defendants filed a first motion to dismiss on June 13, 2023 asserting only personal jurisdiction, improper venue, and forum conveniens/transfer defenses, and incorporating an anti-slapp motion within the motion to dismiss (which is also improper to do because an antislapp motion is a special motion that must be separately filed as it carries certain unique and peculiar features which conflict with a rule 12b motion to dismiss).

19. Furthermore, seeking further new relief under Fed. R. Civ. P. 12(b)(6), by now adding statute of limitations and absolute privilege defenses, is foreclosed. The assertion of affirmative defenses such as statute of limitations and privilege are foreclosed.

20. The Federal Rules clearly require a defendant to answer or otherwise respond within 21 days after being served with a summons and complaint or otherwise within 7 days after removal to federal court.

21. Rule 12(a)(4)(A) provides that the filing of a Rule 12 motion, including a Rule 12(b) motion to dismiss, automatically extends a defendant's time to answer the complaint until fourteen days after notice of the court's resolution of the motion (unless the court sets a different date).

22. NB: In this instance, the defendants did not file an answer or response to the summons and complaint in state court and they let the deadline for doing so pass without requesting an extension from the state court or providing an explanation to the state court. Thereafter, the defendants were in default and thus I filed motions to default the defendants in state court. The defendants then opposed default which was the first time they filed anything in state court including an appearance. It is only then that the defendants untimely sought extension from the state court to file an answer or response to the complaint in state court. Then instead of answering or responding to the complaint in state court, about a month after missing the deadline to answer or respond, the defendants removed the case to MA federal court. Putting aside the issue of the default in state court, the defendants had, upon removal, 7 days to file a motion to dismiss in federal court in order to not be in default again in MA federal court. This point is critical. This 7 day deadline controlled the timeliness of any defenses that could be asserted in a motion to dismiss, instead of an answer, in federal court. Once this 7 day deadline passed on June 16, 2023, the defendants could not thereafter continue to file multiple successive pre-answer motions to dismiss.

23. Hence, the Donais defendants' second successive pre-answer motion to dismiss should be rejected as it is untimely and fails to comply with the requirements of Fed. R. Civ. P. 12(b). NB: The Donais defendants have waxed eloquent to this court arguments about following the rules and holding pro se parties to the rules. Therefore, they must abide by the same standard of being held to the rules. The Donais defendants should not be given special treatment and special passes for violating the rules, while expecting and asking this court to hold the plaintiff's "feet to the fire" when it comes to the rules. Here, the Donais defendants are represented by  a big New England law firm with offices in both MA and NH and by seasoned and experienced counsel. When they chose to file their first motion to dismiss on 6/13/23 in MA federal court without asserting failure to state a claim, statute of limitations and absolute privilege defenses, they knew exactly what they were doing and they knew they had one opportunity to assert such defenses in a pre-answer motion to dismiss. The Donais defendants therefore knowingly chose to forego and thus relinquish their chance to assert these defenses in a pre-answer motion to dismiss. They knew that the rules preclude them from filing successive Rule 12(b) motions to dismiss. Therefore, they did this intentionally at the time they chose not to assert these defenses in MA federal court, and they did this because they knew that the MA federal court would likely not transfer the case to NH federal court if they asserted these defenses. Instead they relied almost exclusively on arguments that MA did not have jurisdiction and on arguments for why the case should be transferred to NH. They did this also for another reason: they knew that these new defenses (of statute of limitations, absolute privilege and failure to state claim) were not valid under the circumstances of this, and to assert them would be to assert bogus defenses in violation of the rules of professional conduct. However, when I pointed out to the MA federal court (in my opposition papers) that the Donais defendants did not assert a failure to state a claim defense or any other such defense, and that this meant that the claims were valid, it was only then, after transfer, that the Donais defendants reacted

to that by now asserting these defenses in NH, knowing that it is too late to do so or otherwise knowing that they are not permitted to do so, at least at this stage.

24. The bottom line here is that because their Rule 12(b) motion to dismiss is their second, and successive Rule 12(b) motions to dismiss are not permitted except to raise a subject matter jurisdiction defense, the court must deny the motion to dismiss. See Minnesota Federal Court ruling (*East Coast Test Prep LLC v. Allnurses. com, Inc., 167 F. Supp. 3d 1018 - Dist. Court, Minnesota, 2018 Civil No. 15-3705 (JRT/JSM) filed 09/19/16*), which is directly on point as case law and is attached as **Exhibit 2.**

## II. NEW DEFENSES ARE INTERPOSED TO DELAY PROGRESS IN THIS CASE

25. The Donais defendants filed a motion to dismiss on 6/12/23 in MA federal court ("first motion to dismiss"). The defendants waited until 9/26/23 to raise new defenses in a second motion to dismiss in this court. This represents approximately 4 months of delay including after a motion to dismiss hearing in MA federal court and then a transfer to this court. These defenses are waived due to unreasonable delay.

26. The Donais Defendants' motivation is evidently to derail this litigation, contrary to the MA federal court's statement indicating that proceedings should continue to proceed to the "actual merits".

27. The Donais Defendants simply should not be able to make, at this time, any arguments regarding pleading deficiencies that they could and should have made several months ago in their first motion to dismiss.

28. Donais Defendants' motion should be denied under Fed. R. Civ. P. 12(g) as an untimely, successive motion to dismiss, intended merely to delay these proceedings.

29. In June 2023, the Donais Defendants, represented by the same counsel, saw no deficiency in the claims set forth in the Amended Complaint first filed in state court and removed to MA federal

court, and filed a Rule 12(b)(6) motion citing only improper venue, personal jurisdiction, transfer, spousal disqualification and antislapp defenses.

30. At no time did the Donais Defendants cite or raise a defense of statute of limitations, failure to state a claim or privilege in their first motion to dismiss. See first motion to dismiss filed in MA federal court.

31. The current Amended Complaint that the Donais defendants' moved to dismiss a second time on 9/26/23 is based on the same causes of action and asserted the same claims that was in MA federal court as is now in NH federal court.

32. In their second motion, the Donais Defendants attempt to backtrack by newly objecting to claims they previously found sufficient. If the MA federal court action was still pending, the Donais Defendants would be barred from filing an additional pre-answer motion to dismiss on grounds that were previously available. The Donais Defendants should not be permitted to continue this pattern.

33. Rule 12(g) contemplates that defendants will advance "every available Rule 12 defense and objection he may have that is assertable by motion." Moore v. Ford Motor Co., No. 92 C 1130, 1994 U.S. Dist. LEXIS 652, *5-6 (N.D. Ill. Jan. 26, 1994); see also U.S. Fidelity & Guaranty Co. v. Jepsen, No. 90 C 6931, 1991 U.S. Dist. LEXIS 16818, *6 (N.D. Ill. Nov. 1, 1991) ("The purpose of Rule 12(b)(6) is to prevent litigants from interposing defenses in a piecemeal fashion for purposes of delay.").

34. Rule 12(g) thus bars a party from filing a successive motion to dismiss to assert a defense or objection he could have raised, but failed to raise, in a previous Rule 12 motion. Stoffels v. SBC Communs., Inc., 430 F. Supp. 2d 642, 647 (W.D. Tex. 2006).

35. "Generally, courts have denied defendants' attempts to file multiple pre-answer motions to dismiss, finding such motions contravene the purpose of Rule 12(g): to prevent litigants from

interposing defenses in a piecemeal fashion and eliminate unnecessary delay at the pleading stage."
Donnelli v. Peters Secs. Co., L.P., No. 02 C 0691, 2002 U.S. Dist. LEXIS 16305, *10 (N.D. Ill.
Aug. 28, 2002) (citing cases).

36. Rule 12(g) applies in cases where, as here, the motion to dismiss is filed in response to a refiled or
amended Complaint. For example, the defendant in U.S. Fidelity, after initially defaulting, moved
to dismiss the plaintiff's amended Complaint under Rule 12(b)(6). The motion was granted in part
and denied in part. When the plaintiff filed its second amended Complaint, the defendant, after
again initially defaulting, filed a motion to dismiss the second amended Complaint under Rule
12(b)(6). Finding that the second motion to dismiss contained arguments made and considered by
the court in the first motion, or that could have been made but were not, the court denied the
motion on this basis under Rule 12(g). The court noted that the purpose of Rule 12(b)(6) is "to
prevent litigants from interposing defenses in a piecemeal fashion for purposes of delay," and
found that the defendant's second motion to dismiss was "simply another delaying tactic" in its
pattern of delay. U.S. Fidelity, 1994 U.S. Dist. LEXIS 16818 at *6. As in U.S. Fidelity, the second
motion to dismiss, in this instance, consists of arguments that could have made in the first motion,
but did not.

37. Fed. R. Civ. P. 12(h)(2) preserves the defense of failure to state a claim only for pleadings under
Fed. R. Civ. P. 7(a) or motions for judgment on the pleadings, and does not apply to motions to
dismiss. See U.S. Fidelity, 1991 U.S. Dist. LEXIS 16818 at *4 n.2 ("Rule 12(h)(2) is inapplicable
to motions to dismiss."); Stoffels, 430 F. Supp. 2d at 647 ("A review of the relevant authorities
confirms that Rule 12(g) normally bars successive pre-answer motions to dismiss. Professors
Wright and Miller state that the ban against successive pre-answer motions extends to the three
'substantial defenses' listed in 12(h)(2), including failure to state a claim upon which relief can be
granted under Rule 12(b)(6). 'The right to raise these defenses by preliminary motion is lost when

the defendant neglects to consolidate them in his initial motion.'") (quoting 5C Charles Wright & Arthur Miller, Federal Practice and Procedure § 1385 at pp. 727-729 (1990)).

38. The Donais Defendants simply should not be able to make, at this time, any arguments regarding pleading deficiencies they could and should have made several months ago. See Moore, 1994 U.S. Dist. LEXIS 652 at *5-6 ("Clearly, in their first motion to dismiss, the Defendants could have objected on the grounds that Plaintiff's fraud and consumer fraud counts failed to state a claim on which relief could be granted, but for unknown reasons, they did not. To allow the Defendants to assert, in their second motion to dismiss the same counts, arguments which could and should have been introduced in the first motion to dismiss would contravene the purpose of Rule 12(g). Accordingly, the Defendants' Motion to Dismiss Counts V and VI is denied.").

39. Every case faced by Donais has been met with delay tactics preventing an adjudication on the merits and seeking successive improper motions to dismiss, trying to tie up the case from moving forward to discovery. Motions to dismiss filed for delay are thus prohibited.

40. Donais knows that he is guilty of wrongdoing and that facts asserted in the complaint are true and that he has lied or been dishonest and this he is desperate to block any discovery which will reveal his dishonesty or which will require that he perjure himself in order to maintain his denials. The allegations in the complaint are serious and this court should be keen to find out if the defendants are going to even deny the facts via discovery. It would be a major scandal and blemish on the legal system if Donais is shown to have lied and have engaged in malicious racism against me. This is the kind of thing that must be rooted out in order to eradicate racism in the system and society. By trying everything to avoid discovery, Donais is trying to avoid exposure and accountability. This is Donais' only goal. Donais' lawyers also know that Donais is guilty. As insurance counsel, his current lawyers know that Donais is guilty. But they now have a perverted incentive to hide the truth and to be less than honest with this court because I have asserted a new claim against

the insurers in that they have failed or refused to offer prompt settlement upon knowing that liability is reasonably clear. This issue was raised in my opposition papers filed in MA federal court, which also explains why the Donais lawyers did not assert a failure to state a claim defense in MA federal court because they did not know that I was intending to add the insurer as a defendant because of the above noted failure. Once I disclosed that in my opposition papers, the Donais defendants and their lawyers may have felt they had no choice but to assert improper defenses that were waived in order to try to get out of this problem. This is why they are now violating the rules. This is because they don't care that they are flagrantly and blatantly violating the rules because they would rather take the risk of being chided for violating the rules instead of leaving grounds that support my claim against the insurers out there.

### III. THE DONAIS DEFENDANTS' RULE 12(B) FAILURE-TO-STATE-A-CLAIM DEFENSE IS IMPROPER AND SHOULD BE DENIED

#### A. Donais Defendants Should Have Stated Any Failure-to-State-a-Claim Defense In First Motion

41. The Donais defendants' failure-to-state-a-claim defense was available to it at the time it filed its first motion to dismiss in the MA federal court. Thus, the current arguments of the Donais defendants made in their second motion to dismiss could have been raised in their first motion to dismiss. See 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1388 (3d ed. 2004) ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading.").

42. Therefore Rule 12(g)(2) applies, and unless the Donais defendants can avail themselves of an exception, its successive Rule 12 motion is improper. There are two relevant exceptions, but neither applies here. First, a party may, after filing one Rule 12 motion, file a Rule 12(c) motion for judgment on the pleadings to raise defenses of "[f]ailure to state a claim upon which relief can be granted," "[failure] to join a person required by Rule 19(b)," and "[failure] to state a legal

defense to a claim." Fed. R. Civ. P. 12(h)(2). But a motion for judgment on the pleadings is only available "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). Here the pleadings have not yet closed, so the first exception does not apply. Second, even if a party has already filed one Rule 12 motion, he or she may file an additional Rule 12(b) motion to dismiss to assert a subject-matter-jurisdiction defense. Fed. R. Civ. P. 12(h)(3). But the Donais defendants do not raise a subject-matter-jurisdiction defense. Since neither of these exceptions apply, the court may not consider the Donais defendants' second motion to dismiss.

43. Although the Donais defendants may not have completely waived their right to raise its failure-to-state-a-claim defense, they have forfeited their opportunity to raise that defense in the context of a Rule 12 motion (other than one for judgment on the pleadings). Rule 12(g)(2) bans all successive Rule 12 motions raising previously available defenses unless the successive motion fits into one of the two categories described above – certain motions for judgment on the pleadings, and motions to dismiss based on subject matter jurisdiction. Rule 12(h)(1) states that a party waives a number of defenses if those defenses are not raised in an earlier Rule 12 motion, but the rule specifically excepts the failure-to-state-a-claim defense (along with a few others).

44. Together, these two rules indicate that a party who files a Rule 12 motion without raising a failure-to-state-a-claim defense gives up their opportunity to raise that defense prior to the closing of the pleadings, but retains the right to present the defense later – the defense has not been waived – in a pleading, a Rule 12 motion for judgment on the pleadings, or at trial. Fed. R. Civ. P. 12(h)(2).

45. Adherence to Rule 12's formalities is not some kind of annoyance that can be whimsically jettisoned. The court must still follow the rule's dictates. A district court errs if it considers an improper successive Rule 12 motion, and it is also **error** for a district court to construe a successive and improper Rule 12 motion as a motion for judgment on the pleadings if the pleadings have not yet closed. Leyse v. Bank of Am. Nat'l Ass'n, 804 F.3d 316, 321 (3d Cir. 2015) (finding that the

13

district court erred when it considered a successive pre-answer motion to dismiss for failure to state a claim); see also Albers v. Bd. of Cty. Comm'rs of Jefferson Cty., 771 F.3d 697, 703 (10thCir. 2014) (suggesting the same); English v. Dyke, 23 F.3d 1086, 1090-91 (6th Cir. 1994) (suggesting the same).

46. A district court may not ignore the ban on improper successive Rule 12 motions. The Third Circuit addressed this matter at some length in Leyse: "We emphasize that district courts should enforce Rule 12(g)(2) even if their failure to do so is not a ground for reversal."

47. Litigants and federal courts are all better off when parties consolidate their defenses in one motion.

48. For example, at the time the Donais defendants filed their first motion to dismiss in MA federal court, where the Donais defendants asserted only its personal jurisdiction, improper venue and transfer defenses, the Donais defendants had no reason to know that it would succeed on those defenses or arguments; it was of course within the realm of possibility that the MA federal court could have not transferred the case to NH federal court, or it could have ruled on the first motion to dismiss finding that it did have personal jurisdiction over the case, and if it did find that it had personal jurisdiction, and if the Donais defendants also asserted its failure-to-state-a-claim defense, the MA federal court could have dealt with the failure-to-state-a-claim issues that are now before this Court right at that time, possibly saving the parties nearly 6 months of motion to dismiss litigation.

49. The point is that based on the information available at the time the first motion to dismiss was filed, the consolidation of all available defenses would have best served principles of efficiency and judicial economy.

50. The court should therefore deny the Donais defendants' second motion to dismiss, but permit the Donais defendants to refile the new failure to state a claim defense in a Rule 12(c) motion for judgment on the pleadings after the pleadings have closed.

51. This approach will shoehorn the Donais defendants' motion into the Rule 12(h)(2) exception to the ban on successive Rule 12 motions, and will alter little of the substance of the defense because the Donais defendants will be permitted to raise its failure to state a claim defense in the context of the motion for judgment on the pleadings. Also, the standard of review in a motion for judgment on the pleadings is the same as that in a Rule 12(b)(6) motion to dismiss. NanoMech, Inc. v. Suresh, 777 F.3d 1020, 1023 (8th Cir. 2015).

52. The court must therefore deny this motion to dismiss in accordance with Rule 12(h)(2).

53. As outlined above, the court should have no discretion in the matter as this is dictated by the rules of procedure and the court is bound by the rules of procedure. I should not be expected to defend against defenses that are outlawed by the rules of procedure.

54. NB: The court should pay careful attention to the reply of the Donais defendants to this argument, if there is one. The counsel for the Donais defendants is honor bound and duty bound to not offer a frivolous defense. Counsel is bound to follow the rules of procedure and is bound to be honest and fair under the rules of professional conduct. Counsel is required to admit to the court that they are not permitted to file a new rule 12b failure to state a claim defense in a second motion to dismiss but only in a rule 12c motion for judgment on the pleadings. If they obscure or dodge this point, it goes to the honor and integrity of defense counsel.

### B. Improper Assertion of Rule 12(b) Defenses in Second Successive Preliminary Motion to Dismiss

55. A defendant is required to serve an answer on plaintiff within "20 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). [A defendant waiving service is allowed a response time of 60 days (90 days if defendant was addressed outside any federal judicial district). Fed. R. Civ. P. 12(a)(1)(A(ii)].

56. Instead of answering within that 20-day period, a defendant may choose to make a preliminary Rule 12(b) motion to dismiss. Should a defendant choose that course of defense, and the motion

prove unsuccessful, defendant is allowed 10 days after service of the court's unfavorable decision on the motion to answer. Fed. R. Civ. P. 12(a)(4)(A).

57. The seven challenges that Federal Rule 12(b) specifically allows to be made by preliminary motion are the following:

–(1) lack of subject-matter jurisdiction;
–(2) lack of personal jurisdiction;
–(3) improper venue;
–(4) insufficient process;
–(5) insufficient service of process;
–(6) failure to state a claim upon which relief can be granted; and
–(7) failure to join a party under Rule 19.

58. A defendant wishing to raise any one of these seven challenges has two options.

a)   Option one is to raise any and all of the defenses in the answer. "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). The answer is the responsive pleading required to the complaint. Fed. R. Civ. P. 7(a).

b)   Option two is to raise any and all of these defenses in a preliminary motion, one made before the answer is pleaded. "But a party may assert the following defenses by motion: [listing the seven defenses]. A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). The party may join all motions under Rule 12 into a single motion. Fed. R. Civ. P. 12(g)(1).

c)   Those are the only two options. A defendant who brings a preliminary motion to dismiss that asserts fewer than all of the defenses and later attempts to assert an additional Rule 12(b) defense for the first time in the answer will in most instances[1] waive it.

---

[1] Rule 12(h) provides exceptions to waiver for the defense of failure to state a claim, see Fed.R.Civ.P. 12(h)(2), whereby it can be asserted only in a Rule 12c motion for judgment on the pleadings after pleadings have closed, and lack of subject matter jurisdiction at any time, see Fed.R.Civ.P. 12(h)(3).

59. Similarly, a defendant cannot make successive preliminary motions to dismiss; one is the quota allowed:

> Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion. Fed. R. Civ. P. 12(g)(2).

60. The reason the rules limit defendant to one preliminary motion is that it is the efficient method to dispose of all of the preliminary, threshold or jurisdictional motions. Without that limitation, defendants could delay the proceeding for a long time by doling out the successive motions one after the other. For example, a defendant could move to dismiss for insufficient service of process; following denial of that motion, defendant could move to dismiss for improper venue. The string could continue through multiple preliminary motions.

61. All of the seven grounds for dismissal found in Federal Rule 12(b) are threshold issues that can and should be disposed of before the parties and the court proceed to the work of deciding the merits of the case. By requiring defendants to assert these defenses early–in a preliminary motion– the rules prevent defendants from laying in the weeds and springing such successive grounds for dismissal on a plaintiff later should progress in the litigation not be favorable to the defendants.

### C. Waiver of Rule 12(b) Defenses By Waiting To Assert Them In Second Successive Preliminary Motion to Dismiss

62. While Fed. R. Civ. P. 12(g)(2) requires a defendant who makes a preliminary motion under Rule 12 to consolidate all of its Rule 12(b) defenses into that motion, the enforcement provision is found in Fed. R. Civ. P. 12(h):

> (1) When Some Are Waived. A party waives any defense listed in Rule 12(b)(2)-(5) by:
>   (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
>   (B) failing to either:
>       (i) make it by motion under this rule; or
>       (ii) include it in a responsive pleading or in an amendment allowed by rule 15(a)(1) as a matter of course.
> (2) When to Raise Others. Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:
>   (A) in any pleading allowed or ordered under Rule 7(a);
>   (**B) by a motion under Rule 12(c)**; or

(C) at trial.

(3) Lack of Subject-Matter Jurisdiction. If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

Fed. R. Civ. P. 12(h).

63. These defenses must be consolidated into any preliminary motion brought under rule 12 [Fed. R. Civ. P. 12(g)(2)]. Failure of defendant to assert one or more of these defenses in one of the preceding manners results in waiver of the defense(s).

64. This procedurally-based argument, as referenced in Fed.R.Civ.P. 12(g), provides that a defense is waived if not included in any first motion filed under Rule 12.

65. The Donais defendants had previously raised an insufficient service of process defense in their opposition to default in both state court and in MA federal court.  The Donais defendants then thereafter moved to dismiss for personal jurisdiction, improper venue and transfer but then excluded insufficient service of process from the first motion to dismiss (though it was asserted in bad faith in their opposition to default in order to try to improperly sway the state court and MA federal court to not default them because they had an insufficient service of process defense, which in fact was a frivolous bad faith defense and which the bad faith and frivolous nature of such defense is proven by the fact the Donais defendants jettisoned that defense once they actually filed their first motion to dismiss).

66. It is clear that the Rule 12(b) of lack of personal jurisdiction, improper venue, insufficient process and insufficient service of process are forever waived at this juncture. For example, if Donais asserted an insufficient process defense in its second motion to dismiss, it would be clear that such defense was waived.

67. Therefore, at the very least, the assertion of a defense of failure to state a claim in a second motion to dismiss under Rule 12(b) is improper and prohibited.

68. The court therefore has no choice but to deny the motion to dismiss for failure to state a claim for which relief can be granted.

69. Aside from the antislapp motion[2], this leaves the affirmative defenses of statute of limitations and absolute litigation privilege. (NB: The Donais defendants did not assert any defense of a qualified litigation privilege, but only an absolute privilege which shall be addressed in the next section).

## IV. NEWLY ASSERTED AFFIRMATIVE DEFENSES ARE UNTIMELY AND/OR WAIVED

70. The federal rules generally require parties to respond to allegations made against them. Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

71. The federal rules also establish time limits for filing a responsive pleading for defendants "who did not answer before removal." Fed. R. Civ. P. 81(c)(2).

72. Under the federal rules, a defendant has 7 days to file any pleadings that may be required. Fed. R. Civ. P. 81(c)(2).

## A. Statute of Limitations Affirmative Defense Is Untimely And/or Waived

73. A statute of limitations defense is an affirmative defense. It is waived if not asserted in a first motion to dismiss if it was available to be asserted in the first motion to dismiss.

74. The statute of limitations defenses are waived due to unreasonable delay. It is also waived by operation of the rules of procedure.

75. Similarly, this affirmative defense of statute of limitations should not be pled in a motion to dismiss unless it is apparent on the face of the complaint. But the statute of limitations defense offered by the Donais defendants in their second motion to dismiss is not apparent on the face of the record. The defendants cannot dispute facts in the complaint. But the defendants are trying to use their second illicit motion to dismiss to dispute facts asserted in the complaint. The court must assume as true the facts asserted in the complaint.

---

[2] NB: As stated previously in my initial opposition to the motion to dismiss, the anti-slapp motion must be denied because it is procedurally improper to assert such a motion under NH law

76. Here the below the complaint states the following (in paragraphs 886 – 888):

> NB: Otherwise, even without this tolling, **the deadline would have been Monday, June 20, 2022 given that June 18, 2022 fell on a Saturday and thus according to the rules, the deadline would bump over to the next business day of Monday June 20, 2022,** which is when my e-filed complaint was docketed by the court, after **I had e-filed it on Saturday, June 18, 2022** and of which there is proof of it being electronically filed on June 18, 2022. Since the core events alleged started on or about June 18, 2019, or otherwise in or around June 2019, then either way the plaintiff is covered regarding any statute of limitations issue for this complaint for claims that carry a 3-year statute of limitations. **It should be noted however that given that the plaintiff e-filed his complaint on Saturday, June 18, 2022,** then the actual time period for which the plaintiff can seek recovery for claims that carry a 3-year statute of limitations, goes back 106 days to March 4, 2022. Therefore, for any events that occurred between March 4, 2022, and June 18, 2022, the plaintiff can recover damages for, under a three-year statute of limitation.

77. The Donais defendants cannot dispute that I e-filed my complaint on 6/18/22 in a motion to dismiss. Similarly, the defendants cannot dispute that 6/18/22 falls on a Saturday. Therefore the Donais defendants' statute of limitations defense is frivolous, bad faith and should be ignored or stricken. It is also false, misleading and an attempt to be less than candid with court, to confuse the court and is thus also sanctionable.

### B. Absolute Privilege Defense is Improper

78. Federal Rules of Civil Procedure 8(c), 12, and 15 prescribe the processes for raising affirmative defenses and addressing untimely affirmative defenses.

79. Rule 8(c) states in relevant part: "In response to a pleading, a party must affirmatively state any avoidance or affirmative defense (including ... statute of limitations)."

80. The proper way to seek a dismissal based on an affirmative defense under most circumstances is not to move to dismiss under Rule 12(b)(6) for failure to state a claim. Rather, the defendant should answer and then move under Rule 12(c) for judgment on the pleadings. Carr v. Tillery , 591 F.3d 909, 913 (7th Cir. 2010), citing Forty One News, Inc. v. County of Lake , 491 F.3d 662, 664 (7th Cir. 2007), and McCready v. eBay, Inc. , 453 F.3d 882, 892 n.2 (7th Cir. 2006) ; see also Amy St. Eve & Michael A. Zuckerman, The Forgotten Pleading , 7 Fed. Cts. L. Rev. 152, 172 (2013).

81. Failure to follow this process may "deprive[ ] the opposing party of precisely the notice that would enable it to dispute the crucial issues of the case on equal terms." Harris v. Secretary, U.S. Dep't of Veterans Affairs , 126 F.3d 339, 343 (D.C. Cir. 1997) ; see also Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation , 402 U.S. 313, 350, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971) (purpose of Rule 8(c) is to give opposing party notice of affirmative defense and opportunity to contest it).

82. Courts have carved out a narrow and pragmatic exception if the availability of a defense is apparent in the plaintiff's complaint itself. E.g., Muhammad v. Oliver , 547 F.3d 874, 878 (7th Cir. 2008) ; see also Charles Alan Wright & Arthur R. Miller, et al. , 5B Federal Practice & Procedure § 1357 (3d ed. 2019). But such exception does not apply here. The Donais defendants had already filed an earlier motion to dismiss, and there are factual disputes regarding the timeliness of the defense, and the defense depends on evidence outside the pleadings. See again Burton v. Ghosh, 961 F.3d 960, 964-65 (7th Cir. 2020).

## C. Absolute Privilege Defense is Untimely And Waived

83. The Donais defendants had a restricted amount of time to file their motion to dismiss, including all affirmative defenses, by June 16, 2023 in MA federal court, which was 7 days after they removed the case to MA federal court.

84. An affirmative defense is waived when it has been knowingly relinquished and forfeited and when the defendant has failed to preserve the defense by pleading it. Reed , 915 F.3d at 478, citing Wood v. Milyard , 566 U.S. 463, 470 & n.4, 132 S.Ct. 1826, 182 L.Ed.2d 733 (2012). See also Burton v. Ghosh, 961 F.3d 960, 965 (7th Cir. 2020).

85. Yet, in the second motion to dismiss, the Donais defendants raised the absolute privilege defense for the first time, approx. 4 months after they filed their first motion to dismiss. NB: An absolute

privilege defense is an affirmative defense. It is waived if not asserted in a first motion to dismiss if it was available to be asserted in the first motion to dismiss.

86. The Donais defendants reasonably knew of the availability of this affirmative defense at the time of the first motion to dismiss. Thus, raising that defense through a later motion to dismiss should be considered untimely. See Burton v. Ghosh, 961 F.3d 960, 966 (7th Cir. 2020) ("But if the defense is untimely and the delay prejudices (i.e., significantly harms) the plaintiff, it is forfeited and normally may not be considered by the court.").

87. This late assertion of this defense significantly harms me as the plaintiff. This defense is being presented "at the eleventh hour, without excuse and without adequate notice to the plaintiff." No reason for the late presentation of the defense is made, and no excuse can be justified because the Donais defendants had the same information as they had then regarding the complaint. The complaint has not changed (at least not as yet unless an amended complaint is allowed). They simply chose not to assert it in the first motion to dismiss. In failing to do so, they waived it and forfeited it. In the alternative, they can only assert it in an answer or in a rule 12c motion after pleadings have closed.

88. There has been undue delay in asserting this defense and there will be undue prejudice to the plaintiff as the opposing party. See Burton v. Ghosh, 961 F.3d 960, 965 (7th Cir. 2020)(By "prejudice," we do not mean whether the defense will succeed on the merits and cause the plaintiff to lose. We mean unfair prejudice, meaning that the late assertion of the defense causes some unfairness independent of the potential merits of the defense. For example, in Reed v. Columbia St. Mary's Hospital , we held that a plaintiff was prejudiced by an untimely defense first raised at summary judgment, based on information that had always been in the defendant's control…).

89. I have been blindsided by the raising of this defense for the first time by the Donais defendants in their second motion to dismiss. I had already prepared and filed oppositions to the first motion

to dismiss in MA federal court. And I did not vigorously contest the transfer to NH under the understanding that new defenses could not be raised in a new motion to dismiss. For example, Judge William Young stated that there would be no statute of limitations issue after transfer to NH.

90. The failure to raise this defense in the first motion to dismiss "did not wipe the slate clean and render irrelevant the previous failure to raise it". Burton v. Ghosh, 961 F.3d 960, 968 (7th Cir. 2020). The defense is forfeited and the untimely assertion of the defense prejudices the plaintiff.

91. On this record, allowing defendants' late defense would be "an abuse of discretion even under the liberal standard of Rule 15(a)(2)." Burton v. Ghosh, 961 F.3d 960, 969 (7th Cir. 2020).

92. In Burton v. Ghosh, 961 F.3d 960, 970-71 (7th Cir. 2020), the court stated the following:

> Burton was further prejudiced by defendants' improper raising of res judicata in a late motion to dismiss. The events here show why presenting affirmative defenses in a motion to dismiss can be so troublesome. It allows a defendant to ambush a plaintiff, distorting the process contemplated by the Rules and impairing plaintiff's ability to confront untimely defenses. Ghosh and Wexford filed their Rule 12(b)(6) motion after discovery had concluded and with a summary judgment deadline looming. Burton's attorneys were expecting to address the merits of the case, not an untimely res judicata defense brought years into the litigation. They had limited time to respond to an unexpected motion that required them not only to address the defense on its merits but also to search years of litigation history to determine whether the defense had been waived or forfeited.

> This procedural tactic thus gave defendants the benefit of an amended pleading without having to address in their motion whether amendment was appropriate. Defendants said nothing in the motion about Rule 8(c), the timing of affirmative defenses, or the standard for amendment. They first addressed the core issue—the propriety of the amendment—only in their reply, after Burton correctly pointed out that the motion to dismiss put the cart before the horse. And even when they got there, defendants argued in reply, when it was too late for plaintiff to be heard on the issue, that the district court was required by case law to allow the new defense.

> These tactics blindsided plaintiff. He had to both rebut the substantive defense and bring to the court's attention the procedural issue that should have required its own motion for leave to amend from defendants. And because defendants did not raise the core issue until their reply, plaintiff was unable to respond as effectively as if the issue of amendment had been raised properly. The procedural errors created by defendants' improper motion to dismiss unfairly prejudiced Burton's ability both to contest the merits of the res judicata defense and to encourage the district court to exercise its discretion to forbid amendment of the answer. This is the kind of procedural prejudice that led us to reverse in Venters , 123 F.3d at 968. Cf. Jackson , 213 F.3d at 393 (plaintiff was not prejudiced when district court permitted defendant to amend answer because the court required defendant to request leave to amend, required defendant to brief the motion separately, and gave plaintiff opportunity for additional discovery to oppose motion).

93. This tracks similarly in this case. I am being further prejudiced by the Donais defendants' improper raising of the statute of limitations, absolute privilege and failure to claim defenses in a late or second motion to dismiss.

94.  Moreover, these affirmative defenses should not be presented in a motion to dismiss in the first place because it allows the defendants to ambush a plaintiff, distorting the process contemplated by the Rules and impairing plaintiff's ability to confront untimely defenses.

95. The Donais defendants filed their second Rule 12(b)(6) motion, after the first motion to dismiss had been filed in MA federal court, and after a motion to dismiss hearing took place therein, and after transfer to this court, and while the plaintiff was traveling during a vulnerable time where the Donais defendants pressured me to address the merits of an untimely defense in a second motion to dismiss. NB: This explains the time squeeze drumbeat of a strategy of the Donais defendants in blocking every request I made for time to address these new defenses, because the less time I had the more chance there would be that I would be unable to point out the illicit and improper nature of these new defenses[3]. I thus had limited time to respond to an unexpected motion to dismiss that required me not only to address the new defenses on its merits but also spend time trying to determine whether the new defenses was improper and/or had been waived or forfeited.

96. This procedural tactic thus gave the Donais defendants the benefit of an amended defense pleading without having to address in a motion whether amendment was appropriate. The Donais defendants said nothing in any motion about their obligation to comply with Rule 8(c), or about the timing of these new affirmative defenses, or the standard required for seeking amendment of their first motion to dismiss. This second motion to dismiss with newly asserted defenses put the cart before the horse here.

---

[3] NB: The Donais defendants argue, in their oppositions to my motions to extend time to object to their motion to dismiss, that the district court is required to accept the new defenses asserted in the second motion to dismiss and that the case must be dismissed.

97. These tactics have blindsided the plaintiff. I have to both rebut these substance of these new defenses and bring to the court's attention the procedural issue that should have required its own motion for leave to amend the first motion to dismiss to include new never before asserted rule 12b and affirmative defenses from the Donais defendants. The Donais defendants are trying to game the system and get away with proverbial "murder".

98. The procedural errors created by the Donais defendants' improper second motion to dismiss unfairly prejudices my ability both to contest the merits of these new defenses and to properly argue to the district court that amendment of the motion to dismiss at this stage in a second motion to dismiss is forbidden. This is the kind of procedural prejudice that led the court to reverse in Venters , 123 F.3d at 968. Cf. Jackson, 213 F.3d at 393 (plaintiff was not prejudiced when district court permitted defendant to amend answer because the court required defendant to request leave to amend, required defendant to brief the motion separately, and gave plaintiff opportunity for additional discovery to oppose motion). I have received no such procedural protections in this instance and as a result I have been severely prejudiced.

## V. CONCLUSION

99. WHEREFORE, accordingly, I the plaintiff respectfully request that the Court strike the new defenses in the Donais defendants' second motion to dismiss, or other relief the court deems reasonable, just, and proper.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703

November 20, 2023

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor