UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON &
HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S RULING ON 11/8/23**

1. I hereby provide this objection to the 11/8/23 ruling by the magistrate judge, pursuant to 28

   U.S.C. § 636(b)(1) and Local Rule 7.1(e)(1) and (2).

2. On 11/8/23, the clerk entered an order from the magistrate judge on the docket stating:

   > 11/08/2023 - 99 - ORDER re 93 Emergency MOTION to Extend Time to [EXPEDITED]
   > MOTION TO CONSOLIDATE DEADLINES FOR OPPOSITION TO MOTIONS TO DISMISS
   > AND/OR IN THE ALTERNATIVE FINAL MOTION TO EXTEND TIME TO FILE
   > OPPOSITION TO DONAIS DEFENDANTS MOTION TO DISMISS BASED ON NEW
   > INFORMATION: For good cause and in the interest of justice, the court will provide Bisasor a brief
   > extension of time to supplement his placeholder objection (doc. no. 97). See Fed. R. Civ. P. 6(b)(1).
   > This is the final extension the court will grant on this issue. Bisasor's response shall be filed on or
   > before November 10, 2023. In this response, Bisasor shall include all arguments that he wishes the
   > court to consider in evaluating the Donais defendants' motion to dismiss. So Ordered by US Magistrate
   > Judge Talesha L. Saint-Marc. (ko) (Entered: 11/08/2023)

3. This docket entry was accompanied by a written order by the magistrate judge in an attached

   document as follows:

   > O R D E R Before the court is plaintiff Andre Bisasor's motion to consolidate response deadlines for
   > the pending motions to dismiss or to otherwise extend (doc. no. 93) the time to file a response to the
   > motion to dismiss filed by defendants Craig Donais, Mary Donais, and the Donais Law Offices
   > (together, "Donais defendants"). In his latest motion to extend, Bisasor requests that the Court expand
   > his response deadline to December 4, 2023, which coincides with his deadline to respond to the motion
   > to dismiss more recently filed by defendants Russell Hilliard and Upton & Hatfield LLP. Bisasor asserts
   > that doing so would aid judicial economy because any hearing on the two pending motions to dismiss
   > could be consolidated. Bisasor also filed what he characterizes as a "placeholder" response to the
   > Donais defendants' motion to dismiss, which he asserts he will amend or supplement if he is given
   > more time. Doc. no. 97. The Donais defendants object to providing Bisasor another extension of time.
   > The Donais defendants filed their motion to dismiss on September 26, with a response initially due
   > October 10. On October 10, however, Bisasor filed his first motion (doc. no. 73) to extend, requesting
   > a response deadline of November 25. In that motion, Bisasor represented that he had a family
   > emergency that required him to travel to care for an elderly parent. Observing that "Bisasor has
   > requested additional time to comply with nearly every deadline he has faced," doc. no. 75 at 1, the court
   > "reluctantly" granted Bisasor's motion in part, giving him until October 25, 2023, to file his response.
   > Instead, on October 24, Bisasor filed a second motion to extend, requesting a deadline of November
   > 15. At that time, Bisasor represented to the court that he was returning from his emergency travel and
   > would be home by October 26. The court again reluctantly granted Bisasor's request in part, giving

him a response deadline of November 6. But again, the deadline has arrived and again Bisasor has asked for more time. Bisasor does not show good cause to extend the deadline to December 4 or to otherwise consolidate the briefing schedules on the defendants' motions to dismiss. In his 14-page motion, Bisasor asserts that he had car trouble on his return trip, so he only returned home on November 4. Although Bisasor has indicated that he has been traveling from the end of September through this week, he has nonetheless demonstrated his capability to prepare and file an extraordinary amount of paper while travelling including, among other filings, more than 30 pages (many of them single spaced) of briefing on his motions to extend time alone. See doc. no. 73 (first motion to extend time); doc. no. 76 (notice of intent to file second motion to extend time); doc. no. 77 (single-spaced 18-page second motion to extend time); doc. no. 79 (reply brief on second motion to extend); doc. no. 92 (notice of intent to file third motion to extend time); doc. no. 93 (14-page third motion to extend time). Indeed, Bisasor has now filed a 23-page "placeholder" response, further demonstrating this capability. Furthermore, contrary to Bisasor's claims, the court is not obligated to hold a hearing on a motion to dismiss. See LR 7.2(d) ("Except as otherwise provided, the court shall decide motions without oral argument."). Even if the court ultimately determines that a consolidated hearing is warranted, that alone does not justify synchronizing the two motions' briefing schedules when the Donais defendants filed their motion nearly two months ago, well before the other defendants filed their own. Bisasor also suggests that additional time is necessary because he needs discovery or because the court cannot rule on the motion to dismiss before addressing his motion to amend or motion to remand. Doc. no. 93 at 12-13. These grounds do not justify affording Bisasor additional time to file his response. The order in which the court addresses other pending motions does not affect when Bisasor can capably respond to the motion to dismiss. For good cause and in the interest of justice, however, the court will provide Bisasor a brief extension of time to supplement his "placeholder" objection (doc. no. 97). See Fed. R. Civ. P. 6(b)(1). This is the final extension the court will grant on this issue. Bisasor's response shall be filed on or before November 10, 2023. In this response, Bisasor shall include all arguments that he wishes the court to consider in evaluating the Donais defendants' motion to dismiss.

## **LEGAL STANDARD**

4.  Pursuant to statute, the court's standard of review for a magistrate judge's report and recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

5.  I here provide an explanation of why the magistrate judge's reasons for rejecting the arguments were wrong.

6.  NB: I am writing this in a rush so I have not been able to properly proofread this document. I may not have crossed every "t" or dotted every "i". I ask for a liberal construction to this pleading and to construe my words in a light most favorable and to grant the benefit of the doubt where reasonable.

## **OBJECTIONS**

### **A. Plaintiff Showed Good Cause to Consolidate The Briefing Schedules And Hearing**

7.  The magistrate judge erred in stating:

    "**Bisasor does not show good cause to extend the deadline to December 4 or to otherwise consolidate the briefing schedules on the defendants' motions to dismiss.**"

8.  I had asked the magistrate judge to consolidate the deadlines for the oppositions to the motions to dismiss to be 12/4/23. The magistrate judge denied that request and instead the court's 11/8/23 order instructed that I file my supplemental opposition within 2 days by Friday 11/10/23, which bumped over Monday 11/13/23[1].

9.  I still do not understand why the magistrate judge denied that reasonable request given that the Hilliard defendants has incorporated by reference the Donais defendants' motion to dismiss into their motion to dismiss, which effectively already consolidates the motions to dismiss.

10. Moreover, the Hilliard defendants filed a motion to dismiss on 10-26-23. The court granted an assented-to extension until 12/4/23.  I will then oppose that motion by 12/4/23. So the court will not receive my opposition to that motion to dismiss until 12/4/23.

11. Thereafter, there will likely be a reply by the Hilliard defendants and a sur-reply by me.

12. Then there will be a hearing on the Hilliard defendants' motion to dismiss.

13. It is my understanding that the court cannot rule on a motion to dismiss without a hearing. The earliest date that a motion to dismiss hearing date can be set has to be after the opposition Hilliard defendants' motion to dismiss, and after the reply and sur-reply timelines have passed for the Hilliard defendants motion to dismiss. And it is also my understanding that there will likely not be two motion to dismiss hearings. The court will likely have to set one motion to dismiss hearing for both motions to dismiss. Moreover, the court cannot resolve the Donais defendants' motion

---

[1] The deadline for this supplemental opposition to the Donais defendants' second motion to dismiss, was to be 11/10/23, but 11/10/23 was a federal holiday and the court was closed, bumping the deadline to the next business day on 11/13/23.

to dismiss earlier or quicker than the Hilliard defendants' motion to dismiss, especially since the Hilliard defendants have incorporated the Donais defendants' motion to dismiss as included into their own (or at least certain aspects of it which is not made clear). Therefore, it makes no sense to rush the filing of my opposition to the Donais defendants' motion to dismiss, when doing so will not speed up the resolution of the Donais defendants' motion to dismiss.

14. It is therefore equitable to consolidate the deadlines for both motions to dismiss.

15. It facilitates alignment of scheduling for replies or sur-replies and any attendant hearing.

16. It allows me to address the incorporation of Donais defendants' motion with or within the Hilliard defendant's motion. The defendants have effectively combined their motions to dismiss. I should be allowed to combine my opposition to the motions to dismiss[2].

17. It would also serve judicial economy to have one hearing on the motions to dismiss. If there is one hearing on the motions to dismiss, then this motion should be allowed.

18. NB: I filed a motion seeking clarification on whether the court will provide one hearing on the motions to dismiss. The magistrate judge has not acted upon that motion, as yet. The answer to that motion will further clarify the grounds for this motion. If the court answers that there will be one hearing on the motions to dismiss, then that will further support the bases for granting this motion.

19. There is no benefit to the court to separate the deadlines for oppositions to the motions to dismiss. There is no benefit to the defendants to separate the deadlines for oppositions to the motions to dismiss. There is no logical reasons to separate the deadlines for oppositions to the motions to

---

[2] NB: The federal court of MA made sure to set the same deadline to oppose the defendant's motion to dismiss to be the same deadline for both, because both motions to dismiss were going to be heard together in one motion to dismiss hearing. This is exactly how it was done in MA federal court. There is no reason why it should not be done the same way here. I therefore also combined my oppositions to the defendants' motions to dismiss in MA federal court.

dismiss. An opposition to the motions to dismiss filed earlier will not achieve an earlier dismissal if that is what the Donais defendants are hoping for.

20. NB: The Hilliard defendants have assented to the extension of time for me to oppose their motion to dismiss. This by itself shows that the court should consolidate the deadline to oppose both motions to dismiss, since the court will have to await the opposition to the Hilliard defendants motion to dismiss before being able to make any ruling on the motions to dismiss.

21. The bottom line is that to hold two hearings is duplicative. It goes to efficiency to have one hearing and to hear both motions to dismiss during the same hearing.

22. In light of the above, I am requesting that the court consolidate the hearings on the pending motions to dismiss into one hearing. Hence, I am requesting that the deadlines to file oppositions to the defendants' motion to dismiss be consolidated. This is eminently logical and reasonable and undergirded by good cause. To resist this logic would be to simply elevate form over substance.

### B. Plaintiff's Ability To File Motions To Extend Time Is Not Reflective of Ability to File Opposition to a Major Complex Motion to Dismiss with AntiSlapp Included

23. The magistrate judge erred in stating:

> **Although Bisasor has indicated that he has been traveling from the end of September through this week, he has nonetheless demonstrated his capability to prepare and file an extraordinary amount of paper while travelling including, among other filings, more than 30 pages (many of them single spaced) of briefing on his motions to extend time alone. See doc. no. 73 (first motion to extend time); doc. no. 76 (notice of intent to file second motion to extend time); doc. no. 77 (single-spaced 18-page second motion to extend time); doc. no. 79 (reply brief on second motion to extend); doc. no. 92 (notice of intent to file third motion to extend time); doc. no. 93 (14-page third motion to extend time). Indeed, Bisasor has now filed a 23-page "placeholder" response, further demonstrating this capability**

24. My ability to file motions to extend time is not reflective of my ability to file opposition to a major complex motion to dismiss, with antislapp motion included, while in the midst of travels and dealing and with a family emergency.

25. I would like to point out, parenthetically, that I find it unwarranted to try to count paragraph numbers and try to use it as an indictment against my request or that it portrays ability to meet a deadline.

26. First, it is overly pedantic to resort to counting pages (or paragraphs as defendants like to do. I tend to separate simple one line sentences into separate paragraphs in order to highlight each point, rather group them into larger paragraphs and so this is not indicative of anything especially the time it takes to write something).

27. Second, requesting extension of time is a way more simpler task and takes considerably less time and effort, than responding to a complex motion to dismiss.

28. Therefore, this kind of reasoning is also erroneous, and a non-sequitur.

29. Fourth, this puts me into a trap. If I do not file anything seeking relief before a deadline, it will be used against and I will be damaged. If I file something seeking relief by way of extension, then it is used against me to say "see I do not need an extension". This is a draconian approach that seeks to set traps for the plaintiff. It is thus unfair.

30. I commenced this action in Massachusetts state court as a pro se plaintiff. I was granted indigency status in state court. The case was removed to the Massachusetts federal court on 6/12/23. The case was then removed to the NH federal court on 7/27/23. I had fully expected to litigate this case in state court where I filed it. I did not ask for this case to be litigated in federal court, where the rules are different and more formal than in state court. The defendants removed the case to federal court and this has placed me at a major disadvantage. I was required to get familiar not only with the federal court rules but also the local rules of MA federal court, encompassing hundreds of pages. By transferring the case to NH federal court, it has effectively changed the rules again. Now, I have to become familiar with the local rules of NH district court. This is not easy to do for those who are not lawyers..

## C. A Hearing Is Required /It is Unfair To Not Hold A Motion to Dismiss Hearing

31. The magistrate judge erred in stating:

> **Furthermore, contrary to Bisasor's claims, the court is not obligated to hold a hearing on a motion to dismiss. See LR 7.2(d) ("Except as otherwise provided, the court shall decide motions without oral argument.").**

32. Contrary to the magistrate judge's comment above, a hearing in this instance is required for two reasons.

**33. A hearing is required pursuant to Rule 12(i) because I moved for a hearing on the motion to dismiss.**

34. Rule 12 (i) states:

> "**Hearing** Before Trial. **If a party so moves**, any defense listed in Rule 12(b)(1)–(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) **must be heard and decided** before trial unless the court orders a deferral until trial."

35. Pursuant to the above rule, I hereby so move for hearing on the pending motions to dismiss.

36. The text of the above rule indicates that a motion to dismiss must be heard "if a party so moves". The heading makes clear that the term "heard" refers to a "hearing" i.e. "hearing before trial".

37. Similarly, the use of the terms "heard" and "decided" shows that "hearing" is separate from "deciding" and so the term "heard" cannot be construed simply as another way of saying "decided". Thus, "heard" and "decided" are two separate and distinct things, meaning thereby that "heard" implies an actual "hearing" on a motion to dismiss and not simply "issuing a ruling" on a motion to dismiss.

38. Because I have moved for a hearing on the pending motions to dismiss, then a hearing must be held before deciding the motion to dismiss in accordance with the plain meaning of the rule.

39. I will be significantly prejudiced if the court decides the motions to dismiss without any hearing.

40. Furthermore, local rule 7.1(d) states:

> "(d) Oral Argument. Except as otherwise provided, the court shall decide motions without oral argument. The court may allow oral argument after consideration of a written statement by a party

outlining the reasons why oral argument may provide assistance to the court. Unless otherwise ordered, each side's argument shall be limited to fifteen (15) minutes."

41. This local rule is a general reference to motions in general (not specifically to the motion to dismiss). The phrase "except as otherwise provided" indicates that there are exceptions to the court having discretion to hold a hearing or not. The exceptions include a motion to dismiss and a motion for summary judgment. Because these are dispositive motions, it would be unfair to dispose of them without a hearing.

42. The exception for a motion to dismiss is underscored by Rule 12(i) that states that **if a party so moves, the motion to dismiss must be heard before being decided**. This is an exception as otherwise provided.

43. Similarly, it is my understanding that this court session (under Judge Joseph LaPlante) customarily holds hearings on dispositive motions, as part of the normal course of action. It would be a departure from that normal course of action for the court to now for the first time abandon the practice of scheduling a hearing on a motion to dismiss.

44. Given the stakes involved, especially with the anti-slapp motion, and my pro se status (as well as my medical situation/disabilities), it is also proper to hold a hearing so that I can have any adequate opportunity to defend myself and to be able to assert and preserve all my arguments needed to properly defend myself..

45. There are critically important points of facts and/or law need to be brought to the court's attention, but the complexity of the issues, and the importance of the facts presented in the Donais defendants' second motion to dismiss, necessitates a hearing before the court.

46. This is warranted given the complexity of the legal issues involved in this action and the significance of the issues that are addressed. This case involves multiple claims against multiple defendants and requires analysis of many issues. My supplemental opposition to the Donais defendants' second motion to dismiss must address various alleged federal law defenses and state

law defenses including new unpermitted rule 12B defenses, affirmative defenses and an improper complex antislapp motion.

47. A hearing will benefit this court in its decision making authority to be fully apprised of the complete and thorough arguments in this matter so that justice may be served. Moreover, the stakes are high given that the Donais defendants are seeking dismissal with prejudice as well as an award of attorney fees.

**48. Second, a hearing is also required pursuant to the Massachusetts AntiSlapp Statute.**

49. The Mass. General Laws c.231 § 59H (The AntiSlapp statute) states "…the court, on motion and after a hearing and for good cause shown, may order that specified discovery be conducted."

50. Because the Donais defendants have asserted an antislapp motion within the second motion to dismiss, and because I have moved1 for limited discovery regarding the antislapp motion and pursuant to the antislapp statute, then I am entitled by right to a hearing on the motion for discovery, prior to any ruling on the Donais defendants' anstilapp motion itself and therefore prior to any ruling on the Donais defendants' second motion to dismiss in total.

### D. The Comment About The Magistrate Judge's "Reluctance" Is Unwarranted And Unnecessary Stigmatizes the Plaintiff Schedules And Hearing

51. The magistrate judge erred in stating:

> Observing that **"Bisasor has requested additional time to comply with nearly every deadline he has faced,"** doc. no. 75 at 1, the court **"reluctantly"** granted Bisasor's motion in part, giving him until October 25, 2023, to file his response. Instead, on October 24, Bisasor filed a second motion to extend, requesting a deadline of November 15. At that time, Bisasor represented to the court that he was returning from his emergency travel and would be home by October 26. The court again reluctantly granted Bisasor's request in part, giving him a response deadline of November 6. But again, the deadline has arrived and again Bisasor has asked for more time.

52. NB: I am concerned that the magistrate judge has portrayed a bent mind against me and this case and that I will be unable to obtain a fair hearing with the magistrate judge. I believe the magistrate judge has displayed bias in this case so far. This is a nuanced point, in that it will require some teasing out, but I do have reasonable grounds for that concern. I do not want my motives to be

unwarrantedly questioned. Stating that the court was reluctant unnecessarily inserts skepticism in a way that potentially stigmatizes the plaintiff. If the magistrate judge accepted my averment that I was traveling and had to deal with a family emergency, then it was unwarranted to then comment about "reluctance". For example, I had offered to provide proof of my travels if needed. If the magistrate judge had any doubt, then that should have been resolved with taking me up on my offer to provide evidence that I was travelling. But once the magistrate judge accepted that I was travelling, then it was gratuitous to now assert that extension was granted reluctantly. If someone has a death in the family or an ailing family member, that is good cause in and of itself regardless of what has occurred before.

53. I simply want a level playing field and to be meaningfully heard and to be treated with respect and dignity as a human being, and as an African-American, despite having little or no resources, connections or insider privileges and despite being an outsider to this state (all of which are traditionally recognized as creating disadvantages in the court system). I simply do not want to have the defendants' rights or perspective to be placed above mine or prioritized as more important than mine. I do not want to be treated harshly or as or as inferior because I am pro se and because I did not get to go to law school. I do not want my pleadings to be construed against me or to be construed in a light least favorable to me. I do not want to be treated with unnecessary skepticism or disdain, or for reasonable benefit of the doubt to not be reasonably afforded to me. I simply want a fair judge, with no penchant or predetermination for the defendants or to be able only to see through the eyes of the defendants or only able to put themselves in the shoes of the defendants, but I want a judge who can also fairly and conscientiously put themselves in my shoes as an indigent pro se nonlawyer who is an older citizen and has certain ongoing health challenges and other challenges that befuddle those who do not make a living practicing law i.e. regular people who are not lawyers. I want an equal playing field and I do not want my feet held to the fire on

certain things while the defendants are given a free pass on said things, with a relaxed standard for

the defendants but a tight stringent standard placed upon me and where I am chided for everything

but nothing is ever said to the defendants about their conduct or not adhering to the rules, etc.

### E. The Comment About The Magistrate Judge's "Reluctance" Is Unwarranted And Unnecessary Stigmatizes the Plaintiff Schedules And Hearing

54. The magistrate judge erred in stating:

> **Bisasor also suggests that additional time is necessary because he needs discovery or because the court cannot rule on the motion to dismiss before addressing his motion to amend or motion to remand. Doc. no. 93 at 12-13. These grounds do not justify affording Bisasor additional time to file his response. The order in which the court addresses other pending motions does not affect when Bisasor can capably respond to the motion to dismiss.**

55. I assert that the need for discovery is important in determining response to a motion to dismiss.

If discovery is proper, then there should be no ruling on a motion to dismiss. This is particularly

true where an antislapp motion has been asserted, which requires limited discovery to be heard in

a hearing and decided prior to any ruling on the antislapp motion. Holding a hearing on thr need

for discovery in light of the antislapp motion is not discretionary. To find otherwise is error.

Therefore, it is relevant to the question of consolidation of deadlines and hearings.

### F. The Two Day's Notice Violates Due Process

56. The magistrate judge erred in stating:

> **For good cause and in the interest of justice, however, the court will provide Bisasor a brief extension of time to supplement his "placeholder" objection (doc. no. 97). See Fed. R. Civ. P. 6(b)(1). This is the final extension the court will grant on this issue. Bisasor's response shall be filed on or before November 10, 2023. In this response, Bisasor shall include all arguments that he wishes the court to consider in evaluating the Donais defendants' motion to dismiss.**

57. Here, the magistrate judge gave 2 day's notice. Due process requires adequate notice and 2 day's

notice is not adequate and arguably violates due process.

58. Ostensibly, it should be self-evident that it is not eminently reasonable to give a pro se party two

fay's notice. Not only do I need more than 2 days' notice because I am not a trained lawyer (who

is trained and practiced in these matters), but I also have to make a living and work outside of

litigating this case (versus a lawyer who does this for work) and I have ongoing work, family, medical and other obligations that make it impossible to drop everything I am doing at the dop of a hat or that I have planned or scheduled, in order to find time in the work day to immediately or urgently file things in court or otherwise to do so with only 2 days' notice for more complex tasks such as reworking/refiling a supplemental opposition to a motion to dismiss.

59. Because time is running out, I will need to stop there. But I hope to supplement this further as necessary.

## **<u>CONCLUSION</u>**

60. For the foregoing reasons, I respectfully object to the Magistrate Judge's ruling. Similarly, the court should revisit the request to consolidate deadlines for briefing and hearing should be granted.

Respectfully submitted,<br>
<u>/s/Andre Bisasor</u><br>
Plaintiff Andre Bisasor

November 22, 2023

### **CERTIFICATE OF SERVICE**

This filing is served to all parties of record via the e-filing system.

/s/Andre Bisasor<br>
Andre Bisasor