UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____

ANDRE BISASOR,
     Plaintiff

Vs.                               CASE NO.: 1:23-CV-00374-JL

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
UPTON AND HATFIELD LLP and
MARY K. DONAIS,
     Defendants

_____

### DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S OBJECTION TO EMERGENCY/EXPEDITED PLAINTIFF'S MOTION TO STRIKE THE NEW UNPERMITTED DEFENSES IN THE DONAIS DEFENDANTS' SECOND PRE-ANSWER MOTION TO DISMISS (DOC. 113)

### INTRODUCTION

NOW COME the Defendants Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC (jointly the "Donais Defendants") and object to Plaintiff Andre Bisasor's ("Plaintiff") Emergency/Expedited Motion to Strike The New Unpermitted Defenses in the Donais Defendants' Second Pre-Answer Motion to Dismiss (Doc. 113). In Plaintiff's Motion, he seeks to strike the Donais Defendants' Motion to Dismiss, filed on 9/26/23. (Doc. 70.) The Donais Defendants object.

### PROCEDURAL HISTORY

On 6/20/22, Plaintiff filed his original complaint in the Bristol Superior Court in Massachusetts. (Doc. 18, Transfer of State Court Record, pp. 4 and 11.) On 5/4/23, Plaintiff filed his FAC. (Doc. 18, p. 6.) On 6/12/23, the matter was removed to the USDC in Massachusetts. On 6/13/23, the Donais Defendants timely filed its Motion to Dismiss or in the Alternative to Transfer to District of New Hampshire as its initial responsive pleading. (Doc. 7 and 8.) That same day, Plaintiff filed a Motion to Stay, a Renewed Motion for Entry of Default against Craig Donais and two other motions. (Doc. 9, 10, 11, 12.) On 7/27/23, the USDC, District of Massachusetts conducted a hearing on all pending motions, to include the Donais Defendants'

1

initial Motion to Dismiss, after which the matter was transferred to the USDC, District of New Hampshire; the Court further indicated that "[n]o action is taken on any pending motion." (Docket Entry 59.) (see also transcript of 7/27/23 hearing at Doc. 113-2.) On 7/27/23, the matter was transferred to this court.

After transfer to New Hampshire, on 8/23/23, the parties jointly moved to extend the deadline in which to refile motions in this court until 9/27/23. (Doc. 67.) Therein, the parties noted that "the additional time will allow the Parties to fully consider whether new or additional issues should be addressed or modified given the transfer to this Court." (Doc. 67, p. 1.) On 9/22/23, Plaintiff filed an Emergency/Expedited Final Motion to Extend Deadline to File Motions Previously Filed in the United States District Court for the District of Massachusetts by an Additional Thirty Days. (Doc. 69.) The Court granted this motion. On 9/26/23, the Donais Defendants filed their motion to dismiss. (Doc. 70.) Therein, the Donais Defendants move to dismiss Plaintiff's FAC pursuant to Fed. R. Civ. P. 12(b)(6), on the grounds that (a) all statements by or on behalf of Donais are absolutely privileged, (b) Plaintiff has entirely failed to allege sufficient facts to state a cause of action against Mary Donais, (c) each count otherwise separately fails to state a cause of action, and (d) the FAC fails to comply with Rule 8, inasmuch as it is not a short and concise pleading[1]. Also, to the extent that certain causes of action are based upon (in whole or in part) either (a) a 2017 telephone call between Donais and Plaintiff, (b) a March 2017 affidavit filed by Donais in another matter, or (c) Donais' 6/18/19 statements to the Manchester Police, such causes of action should be dismissed as time-barred.

Plaintiff then sought several extensions to file his objection to the Donais Defendants' Motion to Dismiss. (Docs. 77, 93, 101.) On 11/13/23, Plaintiff filed his objection to the Donais Defendants' Motion to Dismiss. (Doc. 105.) On 11/15/23, the Court struck this objection as it did not comply with LR 7.1 (presumably because the objection was 79 pages). On 11/16/23, Plaintiff

---

[1]Plaintiff contends that the Donais Defendants' Rule 8 argument is new. It is not, although the rule itself was not referenced. See Doc. 8, fn 1.

103254797

sought a further extension to comply with the court's order to refile his objection.  (Doc. 106.)  On 11/20/23, Plaintiff filed 12 documents, including the instant motion.  (Docs. 107-118.)

## ARGUMENT

At the outset, the Donais Defendants note that while Plaintiff has moved to strike the motion to dismiss, according to his request for relief, Plaintiff also argues that the motion "should be denied under Fed. R. Civ. P. 12(g)."  (Doc. 113-1, ¶ 28.)  He further moved separately to strike the Motion to Dismiss on other grounds (Doc. 117), moved for briefing on what law applies (Doc. 112) and objected to the Motion to Dismiss (Doc. 118).  Plaintiff, essentially, has failed to comply with L.R. 7.1, inasmuch as he simply broke apart his 79-page objection into several motions and an objection, which together total more than 72 pages.   Nonetheless, the Donais Defendants address issues raised in this Motion to Strike.

## I.  Other than Personal Jurisdiction, the Donais Defendants Waived No Defenses During the 7/27/23 Hearing.

Plaintiff has mischaracterized the results of the hearing in the Massachusetts Federal Court on 7/27/23[2].  The Donais Defendants state that the transcript speaks for itself.  (See Doc. 113-2.) Briefly, though, Plaintiff argues that Defendants waived the statute of limitations defense during the 7/27/23 hearing.  They did not.  A review of the transcript makes clear that while the Court mentioned the statute of limitations, at no time did the Donais Defendants waive any statute of limitations defense they may have.   While the Court did not expound upon its response to Plaintiff's question about the statute of limitations, no doubt in the context it was discussed – whether the court would act on the pending motions to dismiss after indicating that there was a

---

[2]Plaintiff also makes improper and incorrect assertions about the Donais Defendants, e.g., that in June of 2023, the Donais Defendants "saw no deficiency in the claims set forth in the Amended Complaint".  (Doc. 113-1, ¶ 29.)

103254797

"very real issue[] as to whether [the Court has] personal jurisdiction over the people [Plaintiff has] sued [] in the District of Massachusetts"  (Doc. 113-2, pp. 5-6) or transfer this matter to New Hampshire – the Court wished to convey that if the matter was transferred (rather than dismissed), then the filing date for statute of limitations purposes would be the original filing date and not the date upon which the matter was transferred to New Hampshire.  The Court never asked if any defendant waived a statute of limitations defense.  The Court only asked if the defendants waived personal jurisdiction.  (Doc. 113-2, pp. 8-9.)

At the conclusion of the hearing, the Court noted that the matter would be transferred and that the Court would take no action on any pending motion.  (Doc. 113-2, p. 9.)

II.    **Plaintiff's Claim that the Donais Defendants May Not Move to Dismiss For Failure To State A Claim In Support of His Motion to Strike Motion to Dismiss Is Wrong**

Similarly, Plaintiff's contention that claims under Rule 12(b)(6) "are foreclosed" (Doc. 113-1, ¶ 19) is wrong.  See Hickey v. MetroWest Medical Center, 193 Fed. Appx. 4, *5 (1st Cir. 2006) ("Although the [] motion to dismiss was the second motion to dismiss filed by the [defendant], Rule 12 (h) provides exceptions to waiver for the defense of failure to state a claim, see Fed.R.Civ.P. 12(h)(2)".  Hickey v. MetroWest Medical Center, 193- Fed. Appx. 4, 5 (Fir. Cir. 2006).  Plaintiff relies upon Fed. R. Civ. P. 12(g).  This rule applies to Fed. R. Civ. P. 12(b)(6) 2 – 5 defenses.  Here, Defendants have moved under Fed. R. Civ. P. 12(b)(6).  Such claims are specifically preserved in accordance with 12(h)(2).  Moreover, the Donais Defendants are not interposing defenses in a piecemeal fashion, much less for the purposes of delay.  (Doc. 113-1, ¶ 33.)  After service of the complaint, the Donais Defendants engaged in motion practice focused on, but not limited to, jurisdictional issues.  Once the case was transferred, the parties jointly moved this court to extend the time to refile motions until 9/27/23.  In that motion, the parties indicated

that the "the additional time will allow the Parties to fully consider whether **new or additional issues** should be addressed or modified given the transfer to this Court." (emphasis added) (Doc. 67, p. 1.). The Donais Defendants raised substantive issues in their refiled motion to dismiss, now that jurisdiction has been addressed.

Plaintiff also relies in part upon Stoffels ex rel., SBC Concession Plan v. SBC Communications, Inc., 430 F.Supp. 2d 642 (WD Texas 2006). Stoffels does not assist plaintiff, even if it were controlling. In Stoffels, the Court noted that "Rule 12(g) appears to bar successive 12(b)(6) motions, but Rule 12(h) preserves the defense of failure to state a claim so that it can be raised in a later motion." Stoffels, 430 F. Supp. 2d at 647. Further, "despite the weight of the authority, allowing consideration of a second 12(b)(6) motion to dismiss is not an entirely uncommon practice. Wright and Miller note that 'in a limited number of cases the district has exercised its discretion to permit a second preliminary motion to present a Rule 12(b)(6) defense, although it was technically improper to do so.' 5C Wright & Miller Fed. Pract & Proc. § 1385." Stoffels, 430 F.Supp. 2d at 648. Here, this court should deny the motion to strike as "defendants' motion [is] not filed for the purpose of delay and that adjudication of the instant motion will narrow the scope of this matter, greatly expediting resolution of the case." Id., citing Donnelli v. Peters Securities Co., 2002 WL 2003217, *4 (D.Ill 2002). Further, "there are no dilatory effects created by considering the [Rule 12(b)(6)] defense[s] at this stage. Indeed, Professor Moore notes that because *Rule 12(b)(6) defense is so basic that it cannot be waived, the court might properly entertain a second motion if it were convinced it was not interposed for delay and that addressing it would expedite disposition of the case on the merits*." (emphasis added.) Id. at 649, citing 5C Wright & Miller Fed. Pract & Proc. § 1392. See also Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 387-388 (Fir.Cir. 2001). In Silva, the First Circuit Court of Appeals noted that under

12(h)(2) that a motion to dismiss based upon a forum selection clause could be raised "at any time in proceedings before disposition on the merits." Here, this is precisely what the defendants seek.

Plaintiff next relies upon <u>Leyse v. Bank of America National Association</u>, 804 F.3d 316 (3rd Cir. 2015). There, the court found that while the claim of error with respect to successive motions to dismiss was "valid, [] it does not warrant reversal. The rules impose restrictions on the filing of successive motions to dismiss. This 'consolidation rule' is intended to 'eliminate unnecessary delay at the pleading stage' by encouraging 'the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense' simultaneously rather than 'interposing these defenses and objections in piecemeal fashion.' [citation omitted]" <u>Leyse</u> at 320. There, so long as the district court accepted "all of the allegations in the complaint as true, the result is the same (under 12(b)(6)) as if the defendant had filed an answer admitting these allegations and then filed a Rule 12(c) motion for judgment on the pleadings, which Rule 12(h)(2)(B) expressly permits." <u>Leyse</u> at 321.

The same is true here, defendants initially filed a motion challenging jurisdiction in Massachusetts. With the case properly transferred to New Hampshire, its second pre-answer motion to dismiss raised all available 12(b)(6) grounds. The Donais Defendants have not proceeded in a piecemeal fashion. Further, it is nonsensical that this court should strike the motion to dismiss, require the Donais Defendants to answer and raise all of the defenses in its answer, and then re-file a Rule 12(c) motion.

### III. <u>Plaintiff's Claim that Supposedly Untimely-Raised Affirmative Defenses Warrant the Striking of the Motion to Dismiss is Without Merit.</u>

Plaintiff relies on <u>Burton v. Ghosh</u>, 961 F.3d 960 (7th Cir. 2020) to support his contention that an affirmative defense raised in the instant motion to dismiss is improper. (Doc. 113-1, ¶¶ 86, 88.) Leaving aside that <u>Burton</u> is not controlling, this case does not assist Plaintiff. "Affirmative

defense[s] that [are] not raised in defendant's first answer [are] not necessarily untimely and forfeited.  Only when the defense is asserted later than it should have been do prejudice and the district judge's discretion become relevant."  <u>Burton</u> 961 F.3d at 965.  Thus, this court in the exercise of discretion may consider affirmative defenses even though untimely[3].  However, if a "delay prejudices (i.e., significantly harms) the plaintiff, it is forfeited and normally may not be considered by the court.  [citation omitted]  By 'prejudice,' we do not mean whether the defense will succeed on the merits and cause the plaintiff to lose.  We mean unfair prejudice, meaning that the late assertion of the defense causes some unfairness independent of the potential merits of the defense."  <u>Burton</u> at 966.  Notably, in <u>Burton</u>, the defendant attempted to assert a defense of res judicata 7 years into the lawsuit and after discovery had closed with a pending summary judgment deadline looming.  <u>Id</u>. at 962.  Such is not the case here.

Here, Plaintiff contends undue prejudice and that he has been blindsided.  (Doc. 113-1, ¶¶ 89, 93.)  But given the stage of this litigation, where the parties are still at a pre-answer stage without having commenced discovery and the Donais Defendants timely refiled their Motion to Dismiss, Plaintiff cannot demonstrate prejudice, and the Donais Defendants' Motion to Dismiss should not be stricken.

### IV.  Plaintiff Should Not Be Given the Opportunity to "Refashion" his Objection.

To the extent Plaintiff requests an "opportunity to refashion" his opposition, such a request should be denied.  (Doc. 113, ¶ 7.)  The Donais Defendants refiled their motion to dismiss.  The Rule 12(b)(6) grounds upon which they seek dismissal are relatively straightforward, e.g., statute of limitations and the application of a privilege.  Plaintiff has not demonstrated a need to once again refile his objection.

---

[3] The Donais Defendants dispute that any defense raised in their Motion to Dismiss is untimely.

103254797

## CONCLUSION

For all the foregoing reasons, Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC, respectfully request:

A.      that this Court deny the Plaintiff's Motion to Strike; and

B.      Grant such other and further relief as is equitable and just.

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG DONAIS, DONAIS LAW OFFICES
PLLC and MARY K. DONAIS

*/s/ Linda M. Smith*

Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **OBJECTION** to all parties in this action by serving same via electronic mail to:

Andre Bisasor, Pro Se
679 Washington Street, Suite #8-206
Attleboro, MA 02703
quickquantum@aol.com

William Saturley, Esq.
Daniel R. Sonneborn, Esq.
Preti Flaherty
60 State Street, Suite 1100
Boston, MA 02109
wsaturley@preti.com
dsonneborn@preti.com

Date:   November 27, 2023

*/s/ Linda M. Smith*
Linda M. Smith

8

103254797