UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR,
    Plaintiff

Vs.                                                CASE NO.: 1:23-CV-00374-JL

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
UPTON AND HATFIELD LLP and
MARY K. DONAIS,
    Defendants

**<u>DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S OBJECTION TO EMERGENCY/EXPEDITED PLAINTIFF'S MOTION TO STRIKE THE ANTISLAPP MOTION FILED BY THE DONAIS DEFENDANTS (DOC. 117)</u>**

**INTRODUCTION**

NOW COME the Defendants Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC (jointly the "Donais Defendants") and object to Plaintiff Andre Bisasor's ("Plaintiff") Emergency/Expedited Motion to Strike the Antislapp Motion filed by the Donais Defendants (Doc. 117). In Plaintiff's Motion, he asks this Court to strike the Donais Defendants' Motion to Dismiss "in its entirety" "as procedurally improper." (Doc. 117, p 5 and ¶ 1.) Alternatively, he requests an evidentiary hearing and limited discovery. (Doc. 117, p. 5.) The Donais Defendants object.

**PROCEDURAL HISTORY**

On 6/20/22, Plaintiff filed his original complaint in the Bristol Superior Court in Massachusetts. (Doc. 18, Transfer of State Court Record, pp. 4 and 11.) On 5/4/23, Plaintiff filed his FAC. (Doc. 18, p. 6.) On 6/12/23, the matter was removed to the USDC in Massachusetts. On 6/13/23, the Donais Defendants timely filed their Motion to Dismiss or in the Alternative to Transfer to District of New Hampshire as their initial responsive pleading. (Doc. 7 and 8.) Therein, along with other reasons, the Donais Defendants sought dismissal of Plaintiff's FAC under the Massachusetts Anti-SLAPP statute. (Doc. 8, pp. 13-17.) On 7/27/23, the USDC, District

1

of Massachusetts conducted a hearing on all pending motions, to include the Donais Defendants' initial Motion to Dismiss, after which the matter was transferred to the USDC, District of New Hampshire; the Court further indicated that "[n]o action is taken on any pending motion." (Docket Entry 59.)  On 7/27/23, the matter was transferred to this court.

After transfer to New Hampshire, on 8/23/23, the parties jointly moved to extend the deadline in which to refile motions in this court until 9/27/23. (Doc. 67.)  On 9/26/23, the Donais Defendants filed their motion to dismiss. (Doc. 70.)  Therein, the Donais Defendants moved to dismiss Plaintiff's FAC pursuant to Fed. R. Civ. P. 12(b)(6), on various grounds.  The Donais Defendants also sought to dismiss the FAC under the Anti-SLAPP statute. (Doc. 70-1, pp. 14-18.)

Plaintiff then sought several extensions to file his objection to the Donais Defendants' Motion to Dismiss. (Docs. 77, 93, 101.)  On 11/13/23, Plaintiff filed his objection to the Donais Defendants' Motion to Dismiss. (Doc. 105.)  On 11/15/23, the Court struck this objection as it did not comply with LR 7.1 (presumably because the objection was 79 pages).  On 11/16/23, Plaintiff sought a further extension to comply with the court's order to refile his objection. (Doc. 106.)  On 11/20/23, Plaintiff filed 12 documents, including the instant motion. (Docs. 107-118.)

**ARGUMENT**

The Donais Defendants note, as they did in other objections filed to Plaintiff's various 11/20/23 motions, that while Plaintiff has moved to strike the Anti-SLAPP motion to dismiss, he further moved separately to strike the entire Motion to Dismiss on other grounds (Doc. 113), moved for briefing on what law applies (Doc. 112), and objected to the Motion to Dismiss (Doc. 118).  Plaintiff, essentially, has failed to comply with L.R. 7.1, inasmuch as he simply broke apart his 79-page objection into several motions and an objection, which together total more than 72 pages.  Nonetheless, the Donais Defendants address issues raised in this Motion to Strike.

I. **Donais Defendants' Motion to Dismiss Does Not Violate L.R. 2.3(h)**

Plaintiff requests that this Court strike the motion to dismiss in accordance with LR 2.3(h), claiming it is inappropriately filed in this Court. This rule relates to "Format and Quality Control," and does not provide a basis to strike the motion.

II. **Since Plaintiff Claims That Massachusetts Law Controls and to the Extent He Makes State Law Claims Under Massachusetts Law, the Donais Defendants Properly Moved to Dismiss Such Claims Under the Massachusetts Anti-SLAPP Statute.**

Plaintiff evidently contends that Massachusetts law entirely applies to his non-federal causes of action, based upon his objection to the Donais Defendants' motion to dismiss. (Doc. 118.) However, only the propriety of Plaintiff's filing his original action in Massachusetts should implicate Massachusetts laws, such as the Massachusetts Anti-SLAPP statute.

The First Circuit has held Anti-SLAPP statutes do not conflict with Federal Rule of Civil Procedure 12(b)(6), and that the Erie doctrine does not preclude such Motions to Dismiss from being brought in federal court. Godin v. Schencks, 629 F.3d 79, 86 (1st Cir. 2010). When a state's Anti-SLAPP statute "requires a court to consider whether the defendant's conduct had a reasonable basis in fact or law, and whether that conduct caused actual injury, Fed.R.Civ.P. 56 cannot be said to control those issues." Id. at 89. The Godin Court further held that "[d]eclining to apply [the Anti-SLAPP statute] in federal court would thus result in an inequitable administration of justice between a defense asserted in state court and the same defense asserted in federal court." Id. at 92. Subsequent rulings from the First Circuit have confirmed that this holding applies to Massachusetts' Anti-SLAPP statute. See, e.g., Steinmetz v. Coyle & Caron, Inc., 862 F.3d 128 (1st Cir. 2017).

Plaintiff's Motion to Strike should be denied.

3

### III.    The Motion to Dismiss Should Not Be Stricken Due to Plaintiff's Claim That the Motion To Dismiss is Unsupported By Affidavit

M.G.L. c. 231, §59H provides in part as follows:

In any case, except a case brought pursuant to section 11I1/2 of chapter 12, in which a party asserts that the civil claims, counterclaims, or cross claims against said party are based on said party's exercise of its right of petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss. The court shall advance any such special motion so that it may be heard and determined as expeditiously as possible. The court shall grant such special motion, unless the party against whom such special motion is made shows that: (1) the moving party's exercise of its right to petition was devoid of any reasonable factual support or any arguable basis in law and (2) the moving party's acts caused actual injury to the responding party. In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

An affidavit is permitted, but not required. This Court may evaluate the Donais Defendants' claims under this statute based upon the allegations in the complaint. The lack of affidavit does not provide a grounds upon which this court should strike the Motion to Dismiss[1].

### IV.    Plaintiff's Antislapp Motion is not Untimely.

M.G.L. c. 231, §59H provides in part that an Anti-SLAPP motion to dismiss "***may*** be filed within sixty days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper." (emphasis added.) The use of the word "may" rather than "shall" indicates that the 60-day period referenced in the statute is not mandatory[2]. Moreover, the Donais Defendants first filed their Anti-SLAPP motion on 6/13/23. (Docs. 7 and 8.) They refiled their

---

[1] Plaintiff argues that the motion "should be denied" and that the Donais Defendants failed to put forth facts to enable this court to determine the "merits" of the Anti-SLAPP motion in his Motion to Strike. (Doc. 117-1, ¶¶ 25, 30-31.) To the extent Plaintiff seeks a denial of the Donais Defendants' motion to dismiss, his motion violates L.R. 7.1, inasmuch as he filed a separate 26-page objection to the Motion to Dismiss. (Doc. 118-1.)

[2] Donais Defendants dispute that they were served on 4/14/23. (Doc. 117-1, ¶¶ 92, 96.) Plaintiff's FAC was not filed until 5/4/23. (Doc. 18, p. 6.) Moreover, Mary Donais and Donais Law offices PLLC were not served until sometime after 6/12/23. (Doc. 18, p. 9.) In any event, the date of service is irrelevant to the analysis as argued infra.

103257315

motion on 9/26/23. The Donais Defendants' Anti-SLAPP Motion to Dismiss should not be stricken as untimely.

      **V.**     **Plaintiff Should Not Be Granted Leave "to File a Substantive Factual Response" Should His Motion Be Denied.**

Finally, Plaintiff states that should his motion be denied, he "intend(s) to file a substantive factual response to the Donais defendants' antislapp motion." (Doc. 117, ¶ 5.) Plaintiff's timeline to object to the Donais Defendants' Motion to Dismiss has passed, and he provided no grounds upon which he should be permitted to file a third objection. (See Doc. 97 and 118.)

To the extent Plaintiff requests an "opportunity to refashion" his supplemental opposition, such a request should be denied. (Doc. 117, ¶ 21.) The Donais Defendants refiled their motion to dismiss. The grounds upon which they seek dismissal under the Anti-SLAPP statute are virtually identical to their motion to dismiss filed in USDC/District of Massachusetts. (Compare Doc. 70-1, pp. 14-18 with Doc. 8, pp. 13-17.) No good cause exists for permitting Plaintiff further time to respond to the Donais' Defendants' Motion to Dismiss, given that he has been on notice of the Donais Defendants' intention to seek dismissal under the Anti-SLAPP statute since 6/13/23, more than five months ago.

## CONCLUSION

For all the foregoing reasons, Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC, respectfully request:

    A.     that this Court deny the Plaintiff's Motion to Strike; and

    B.     Grant such other and further relief as is equitable and just.

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG DONAIS, DONAIS LAW OFFICES
PLLC and MARY K. DONAIS

*/s/ Linda M. Smith*

_____
Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **OBJECTION** to all parties in this action by serving same via electronic mail to:

Andre Bisasor, Pro Se
679 Washington Street, Suite #8-206
Attleboro, MA 02703
quickquantum@aol.com

William Saturley, Esq.
Daniel R. Sonneborn, Esq.
Preti Flaherty
60 State Street, Suite 1100
Boston, MA 02109
wsaturley@preti.com
dsonneborn@preti.com

Date:   November 27, 2023            */s/ Linda M. Smith*
                                      Linda M. Smith

103257315