UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR,
    Plaintiff

Vs.                                                        CASE NO.: 1:23-CV-00374-JL

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC, UPTON AND
HATFIELD LLP and MARY K. DONAIS,
    Defendants

**REPLY TO [REFILED] PLAINTIFF'S [PARTIAL]
SUPPLEMENTAL OPPOSITION TO DONAIS DEFENDANTS' SECOND PRE-
ANSWER MOTION TO DISMISS (DOC. 118)**

Pursuant to L.R. 7.1(e), Defendants, Craig Donais, Donais Law Offices PLLC and Mary K. Donais ("Donais Defendants"), respectfully submit this Reply to Plaintiff's [Refiled] Plaintiff's [Partial] Supplemental Opposition To Donais Defendants' Second Pre-Answer Motion To Dismiss (Doc. 118), stating as follows:

**REBUTTAL ARGUMENT**

**I.    NEW HAMPSHIRE LAW CONTROLS STATE LAW CLAIMS**

In his objection, Plaintiff raises a question about the choice of law. (Doc. 118, ¶ 10.) Donais Defendants disagree that he must have a decision on the choice of law before he opposes the Motion to Dismiss. Nonetheless, they address it herein. Based upon his opposition, Plaintiff evidently takes the position that his state law claims are entirely governed by Massachusetts law. Donais Defendants disagree. Here, the substantive consideration of the state law claims are governed by the substantive law of New Hampshire.

Briefly, a federal court sitting in diversity jurisdiction is constrained to apply state substantive law. Shay v. Walters, 702 F.3d 76, 79 (1st Cir. 2012) citing R.R. Co. v. Tompkins,

1

103248327

304 U.S. 64, 78 (1938).  Similarly, where there is subject matter jurisdiction based upon a federal question and a federal court exercises supplemental jurisdiction over state law claims, "it is obliged to apply federal procedural law and state substantive law." (citation omitted)  Perry v. Blum, 629 F.3d 1, 8 (1st Cir. 2010); Lawless v. Steward Health Care Sys., LLC, 894 F.3d 9, 21 (1st Cir. 2018)  In his First Amended Complaint ("FAC", Plaintiff alleges 13 counts.  Only Count 13 presents a federal question.  The remaining claims are state law claims.  A federal court will apply the conflict-of-laws rules of the state in which it sits.   Bi-Rite Enters., Inc. v. Bruce Miner Co., 757 F.2d 440, 442 (1st Cir. 1985) (citing Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)); see also Reicher v. Berkshire Life Ins. Co. of Am., 360 F.3d 1, 4 (1st Cir. 2004) (applying identical rule in diversity case). As the forum state, New Hampshire's choice of law doctrine applies to determine the controversy.  Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941), Keeton v Hustler Magazine, Inc., 131 N.H. 6, 13 (1988).  Once applied, it is clear that New Hampshire law controls.

Specifically, if the law is substantive, the court determines whether the laws of the states are actually in conflict, and if so, the court determines which state's law to apply by balancing: (1) the predictability of results; (2) the maintenance of reasonable orderliness and good relationships among the states in the federal system; (3) simplification of the judicial task; (4) the advancement of the governmental interest of the forum; and (5) the court's preference for what it regards as the sounder rule of law. Keeton at 14, (citing LaBounty v. American Ins. Co., 122 N.H. 738, 741 (1982); Ferren v. Gen. Motors Corp. Delco Battery Div., 137 N.H. 423, 425 (1993); Clark v. Clark, 107 N.H. 351, 353-55, (1966)).  Depending on the type of case, some factors will be more relevant than others.  Lessard v. Clarke, 143 N.H. 555, 556 (1999).

### A.    EXISTENCE OF ACTUAL CONFLICT

#### 1.    Defamation/Aiding and Abetting Defamation (Counts 1, 2 and 4)

The laws of New Hampshire and Massachusetts related to defamation are similar. Compare Moss V. Camp Pemigewassett, Inc., 312 F.3d 507 (1st Cir. 2002) (applying New Hampshire law) and Noonan v. Staples, 556 F.3d 20 (1st Cir.2009) (applying Massachusetts law); Stanton v. 2 Metro Corp., 438 F.3d 119, 124 (1st Cir.2006) (citing White v. Blue Cross & Blue Shield of Mass., Inc., 809 N.E.2d 1034, 1036 (Mass.2004)). There is no conflict.

#### 2.    False light / invasion of privacy (Count 3)

Under the laws of Massachusetts, to constitute an invasion of privacy, the invasion must be both unreasonable and serious or substantial. Dasey v. Anderson, 304 F.3d 148, 154 (1st Cir. 2002). An essential element of the right to privacy requires that the information disseminated must be "private." Branyan v. Sw. Airlines Co., 105 F. Supp. 3d 120, 126 (D. Mass. 2015) ("in order to qualify for protection under the statute, the disclosed facts must be of a highly personal or intimate nature.").

Donais Defendants contend that New Hampshire law controls, and dismissal is warranted as argued in its motion. (Doc. 70-1, pp. 12-13.) Should Massachusetts law apply, dismissal is also warranted, since Massachusetts does not recognize a false light/invasion of privacy cause of action. Dasey v. Anderson, 304 F.3d 148, 154 (1st Cir. 2002); Ayash v. Dana-Farber Cancer Inst., 443 Mass. 367, 382, fn 16 (2005) ("We have not adopted an interpretation of G.L. c. 214, § 1B, that would give rise to claim of false light invasion of privacy claim").

#### 3.    Tortious interference with advantageous relations (Count 5)

The laws of New Hampshire and Massachusetts related to tortious interference with advantageous relations are identical. Compare Adcom Prod., Inc. v. Konica Bus. Machines USA,

3

Inc., 41 Mass. App. Ct. 101, 104 (1996) and Chemawa Country Golf, Inc. v. Wnuk, 9 Mass. App. Ct. 506, 510 (1980) (plaintiff's damages cannot be speculative or conjectural losses.) with Tessier v. Rockefeller, 162 N.H. 324, 337 (2011).

### 4. Intentional Infliction of Emotional Distress (Count 8)

The elements of IIED are similar in both states. See Morancy v. Morancy, 134 N.H. 493, 496 (1991); Brodeur v. Claremont Sch. District, 626 F.Supp.2d 195, 226 (2009) citing Moss v. Camp Pemigewassett, Inc., 312 F.3d 503, 511 (1st Cir. 2002) with Sena v. Commonwealth, 417 Mass. 250, 265 (1994); Polay v. McMahon, 468 Mass. 379, 385 (2014); Foley v. Polaroid Corp., 400 Mass. 82, 99 (1987); Beecy v. Puccirelli, 387 Mass. 589, 596 (1982) (conduct in question might be reprehensible but could not be characterized as extreme and outrageous); and Richey v. American Auto. Ass'n, Inc., 380 Mass. 835, 839 (1980).

There is one notable difference. Under New Hampshire law, a claim of defamation cannot give rise to a separate action for IIED. Moss, 312 F.3d at 510-511. While Massachusetts does not explicitly preclude a separate action, when the "claims are based on the same underlying conduct," the result is the same. Butcher v. University of Massachusetts, 483 Mass. 742, 757 (2019). "Were it otherwise, a plaintiff could make an end-run around the First Amendment by camouflaging a defamation claim as a different tort." Id. at 747. Since, as the New Hampshire Supreme Court has found, defamation "includes emotional distress as one of the damages," the sounder rule of law precludes a plaintiff from maintaining concurrently causes of action for both defamation and the infliction of emotional distress. DeMeo v. Goodall, 640 F.Supp. 1115, 1116 (1986), citing Chagnon v. Union Leader Corp., 103 N.H. 426, 442 (1961).

### 5. Civil Conspiracy (Count 9)

The laws of New Hampshire and Massachusetts related to civil conspiracy are similar. Compare Gutierrez v. Mass. Bay Transp. Auth., 437 Mass. 396, 415 (2002); Kyte v. Philip Morris Inc., 408 Mass. 162, 168 (1990); Kurker v. Hill, 44 Mass. App. Ct. 184, 188-89 (1998); and Stock v. Fife, 13 Mass. App. Ct. 75, 82 n. 10 (conspiracy is "reserved for application to facts which manifest a common plan to commit a tortious act where the participants know of the plan and its purpose *and take affirmative steps* to encourage the achievement of the result" (emphasis added)) with Jay Edward, Inc. v. Baker, 130 N.H. 41, 47 (1987).

### 6. Abuse of Process (Count 10)

Again, the laws in both states are similar.  Generally, one must show that a person used legal process against a party to "accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed." Beecy v. Pucciarelli, 387 Mass. 589, 596 (1982) (citations omitted); compare Tessier, 162 N.H. at 335. In both states, Plaintiff must show *misuse of process*. Vittands v. Sudduth, 49 Mass.App.Ct. 401, 406 (2000); New England Backflow, Inc. v. Gagne, 172 N.H. 655, 672 (2019).  Process in this context means causing papers to be issued by a court to bring a party or property within its jurisdiction. Vittands at fn 9. As argued in their motion to dismiss, no process issued.  Thus, under either state's law, Plaintiff's claim should be dismissed.

### 7. Breach of Fiduciary Duty (Count 11)

The laws of New Hampshire and Massachusetts related to breach of fiduciary duty are similar.  Compare Hanover Ins. Co. v. Sutton, 46 Mass. App. Ct. 153, 164 n. 18 (1999) with Brzica v. Trustees of Dartmouth College, 147 N.H. 443, 447 (2002) (quoting Lash v. Cheshire County Savings Bank, 124 N.H. 435, 438 (1984).

5

103248327

### 8. Breach of Implied Covenant of Good Faith and Fair Dealing (Count 12)

There is no conflict between New Hampshire and Massachusetts in Count 12. Under the laws of both states, Plaintiff must show a contract and common objectives of the contract (neither of which Plaintiff has alleged or could prove). See <u>Crellin Technologies, Inc. v. Equipmentlease Corp.</u>, 18 F.3d 1, 10 (1st Cir. 1994) and <u>Ayash v. Dana–Farber Cancer Inst.</u>, 443 Mass. 367, 385, cert. denied sub nom. <u>Globe Newspaper Co. v. Ayash</u>, 546 U.S. 927 (2005) and <u>DeVries v. St. Paul Fire and Marine Ins. Co.</u>, 716 F.2d 939, 941-944 (1st Cir. 1983).

### 9. Litigation Privilege

As outlined in Donais Defendants' Motion to Dismiss, the application of the litigation privilege is similar under both Massachusetts and New Hampshire law. (Doc. 70-1, fn. 5.) In both jurisdictions, the privilege extends beyond the courtroom. "[T]he key inquiry is "whether a proceeding is sufficiently judicial or quasi judicial in nature." (citation omitted) We have held that a proceeding which included "the right to counsel, the right to present evidence, the right to cross-examine adverse witnesses, and the threat of perjury," constituted a "quasi judicial" proceeding. (citation omitted) <u>Patriot Group, LLC v. Edmands</u>, 96 Mass. App. Ct. 478, 485 (2019); <u>Hungerford v. Jones</u>, 988 F. Supp. 22, 27 (1997).

In both New Hampshire (as argued in Donais Defendants' motion to dismiss) and Massachusetts, the absolute litigation privilege broadly protects not just statements, but also conduct or actions undertaken as part of or in connection with the litigation process. <u>Bassichis v. Flores</u>, 490 Mass. 143, 157 (2022); <u>Mack v. Wells Fargo Bank, N.A.</u>, 88 Mass. App. Ct. 664, 669 (2015) (absolute litigation privilege precluded claims against an attorney for "statements and actions" in communicating with a borrower concerning his intention to foreclose upon the borrower which occurred after being notified of the borrower's intention to file suit.). Also, like

...

New Hampshire law (as argued in the Donais Defendants' MTD), Massachusetts law on absolute litigation privilege provides that the privilege extends to disciplinary proceedings. Fisher v. Lint, 69 Mass.App.Ct. 360, 366-367 (2007) (case involving disciplinary proceedings against a state trooper).

### B. ANALYSIS OF CONFLICTS OF LAW

#### 1. Predictability of Results

This factor typically "relates primarily to consensual transactions, in which it is important that parties be able to know in advance what law will govern a transaction so that they can plan it accordingly." Lessard at 556-557. Here, Donais spoke with Plaintiff on 1/9/17 from his office in New Hampshire about a potential claim against a business in New Hampshire. Donais later spoke with the Manchester Police Department. Donais communicated with the Attorney Discipline Office in New Hampshire to respond to a grievance made by Plaintiff's wife. To the extent events occurred in Massachusetts, they are subject to a litigation privilege and were occasioned by Plaintiff's having brought suit against Donais in Massachusetts. This factor favors application of New Hampshire law.

#### 2. Maintenance of reasonable orderliness and good relationships among the states in the federal system

This factor "requires no more 'than that a court apply the law of no state which does not have substantial connection with the total facts and with the particular issue being litigated.' (citation omitted)". Lessard at 557; LaBounty at 742. Again, the purportedly wrongful activity took place primarily in New Hampshire, and New Hampshire has a substantial connection to the litigation. To the extent that any complained of conduct occurred in Massachusetts, again it was occasioned solely by Plaintiff's decision to institute suit in Massachusetts. This factor favors application of New Hampshire law.

### 3. Simplification of the Judicial Task

If New Hampshire law applies, then the judicial task with respect to Counts 6 and 7 is simple – each count should be dismissed, as each is grounded in Massachusetts law. If Massachusetts law applies, for the reasons stated in the Donais Defendants' Motion to Dismiss (Doc. 70 and 70-1), Counts 6 and 7 (and other counts) should be dismissed for the reasons stated therein. The remaining counts "present issues regularly decided by [the] courts in tort suits," and this factor has "little weight in this case." LaBounty at 743.

### 4. Advancement of Governmental Interest of the Forum State

The only connection with Massachusetts is that Plaintiff and/or his wife brought other actions against Donais in Massachusetts. Plaintiff also previously brought suit in New Hampshire. (Doc. 118-1, ¶ 146.) He also filed the instant action in Massachusetts, and later added Mary Donais and the Donais Law Offices PLLC (a New Hampshire resident and entity) as defendants. As alleged, Plaintiff consulted with a New Hampshire attorney at his office in New Hampshire about a potential suit against a New Hampshire business. His claims all flow from this initial encounter. Thus, applying this factor, New Hampshire law should control.

### 5. Court's Preference for What it Regards as the Sounder Rule of Law

As argued above, where different, the law of New Hampshire has the sounder rule of law. Thus, in balancing all five factors, New Hampshire law should control the claims of Plaintiff.

## II.   NO DEFENSE HAS BEEN WAIVED OR FORFEITED

For reasons outlined in their objection to Plaintiff's Motion to Strike Unpermitted Second Motion to Dismiss, filed contemporaneously with this reply, other than personal jurisdiction, the Donais Defendants have not waived or forfeited any defense.

### III. DONAIS DEFENDANTS' MOTION TO DISMISS IS OTHERWISE PROPER

Plaintiff also argues that his claim "for events in 2017 cannot be dismissed with prejudice because I have prior pending cases that assert claims from 2017, which were filed within the statute of limitations [and] the breach of fiduciary duty claims and breach of contract claims stemming from acts in 2017 are still pending in MA state court [and] there are similar claims in a NH superior court that are pending." (Doc. 118-1, ¶¶ 145-146, 156.) This court should preclude Plaintiff from litigating any cause of action stemming from the acts of 2017 for the reasons stated in Donais Defendants' Motion to Dismiss. To the extent Plaintiff intends to relitigate actions brought in state court, he may run afoul of the Rooker-Feldman doctrine, which mandates that federal courts lack jurisdiction over cases brought by parties who have lost in state court and subsequently complain of an injury caused by the state court judgment. Klimmowicz v. Deutche Bank National Trust Company, 907 F.3d 61, 64-65 (1st Cir. 2018). The doctrine seeks to prevent litigants, such as the Plaintiff, who may be disappointed with decisions rendered in state court, from seeking "a happier result in a federal forum." See id.

### IV. ANY AMENDMENT WOULD BE FUTILE

Plaintiff should not be given an opportunity to further amend his complaint, as any proposed amendment would be futile. As argued in the Donais Defendants' Motion to Dismiss, Plaintiff's claims (other than potentially the January, 2017 communications) stem entirely from Donais' role as a litigant or respondent in various civil matters before various courts and before the Attorney Discipline Office of New Hampshire. All acts taken or statements made in connection with any dealings between Donais and Plaintiff were in connection with Donais' status as a litigant or respondent and are absolutely privileged. McGranahan v. Dahar, 119 N.H. 758 (1979); Hungerford v. Jones, 988 F. Supp. 22, 27 (1st Cir. 1997). While, generally, the

9

amendment of pleadings is liberally granted, the amendment in this case would be futile. Polansky v. Wrenn, 2013 WL 1165158 at *4 (D.N.H.), citing to Mueller Co. v. U.S. Pipe & Foundry Co., 351 F.Supp.2d 1, 2 (D.N.H.2005) (motions to supplement and to amend may be denied on the basis of futility.)

  Wherefore, the Donais Defendants request that this Court grant their Motion to Dismiss.

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG DONAIS,
DONAIS LAW OFFICES PLLC and
MARY K. DONAIS

By Their Attorneys,

*/s/ Linda M. Smith*

Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **REPLY** to all parties in this action by serving same via First Class U.S. mail, postage prepaid and/or electronic mail to:

Andre Bisasor, Pro Se
679 Washington Street, Suite #8-206
Attleboro, MA 02703

William Saturley, Esq.
Daniel R. Sonneborn, Esq.
Preti Flaherty
60 State Street, Suite 1100
Boston, MA 02109
wsaturley@preti.com
dsonneborn@preti.com

Date: November 27, 2023    */s/ Linda M. Smith*
               Linda M. Smith

103248327