UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**PLAINTIFF'S NOTICE OF INTENT TO FILE A REPLY OR TO FILE MOTION FOR LEAVE TO FILE A REPLY TO THE DONAIS DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO STRIKE THE NEW UNPERMITTED DEFENSES**

1. I hereby provide this notice of my intent to file a reply or a motion for leave to file a reply to **DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S OBJECTION TO EMERGENCY/EXPEDITED PLAINTIFF'S MOTION TO STRIKE THE NEW UNPERMITTED DEFENSES IN THE DONAIS DEFENDANTS' SECOND PRE-ANSWER MOTION TO DISMISS (DOC. 113)**, pursuant to local rule 7.1(e)(1) & (2).

2. As a quick preview, it should be noted, parenthetically, that such reply is necessary because the Donais defendants have made either false or misleading statements in their objection and/or have mischaracterized my pleadings/filings or the relief sought, as well as mischaracterized the procedural history of this case as well as the situation with pending prior cases in state court. Moreover, though the Donais defendants have admitted that their filing with new defenses is in fact improper under Rule 12g and 12h (which they had no choice to do because it is a clear violation of the rules), they are still brazenly seeking to obtain a free pass for this clear violation, pushing the court to "just hurry up already" and dismiss this case (fairness, due process and my rights be damned), or they are actively lobbying the court to allow them to exploit loopholes in order to excuse their not blatant and intentional failure/ violation of the rules, while also seeking to stringently apply the rules to me, in a blatant shameless attempt to encourage one-sided favoritism, special treatment and unfairness by this court. This cries out for reply and I intend to lay out careful reasons why the Donais defendants' objection should be ignored or treated with a proverbial "grain of salt".

3. NB: The Donais defendants are further seeking to 'milk' every drop of what they perceive is a winning tactic, which is to keep repeating, in an almost mindless drone-like fashion, my recent emergency travel situation and attendant requests for extension, and to do so over and over again in every filing they make going forward (whether it is relevant or not) in order to try to prejudice me with the court, even when it is clear that I have

complied with every deadline set by the court and even when it was to my hurt or disadvantage to do so but I did it. I have not missed any deadlines and I have clearly made every effort to diligently prosecute this case even under difficult and tight circumstances, but the Donais defendants are nevertheless, without any conscience, trying to use my tragic family circumstance to try to bludgeon me over and over again even when it is not relevant and it is gratuitous. Yet, I intend to show that such is not only unwarranted but that the Donais defendants have been disingenuous and in fact they are the ones seeking to delay discovery and answering in this case and thus delay the case going to the merits, which is why they persisted in filing an antislapp in this NH court where antislapp does not apply and where they themselves argue that NH law applies substantively in this case, and which is why they filed an illicit second pre-answer motion to dismiss instead of an answer in this court. [NB: It should be noted that this is a pattern. They also moved to dismiss in the NH state court case but the state court denied their motion to dismiss (and attendant motion for reconsideration) as essentially unfair and frivolous but yet they filed an immediate interlocutory appeal to the NH supreme court trying to say that Judge Amy Messer got it wrong and trying to tie up the case on appeal, in order to avoid answer and to prevent the case moving to discovery, which they desperately want to avoid because they know that I have told the truth about Craig Donais and that Craig Donais is guilty of lying and racism against me and because they don't want to create another perjury or attorney dishonesty misconduct event under oath  (NB: my wife's first attorney misconduct complaint in NH against him was treated as simply untimely by the ADO without addressing the merits). They also did not move to dismiss on failure to state a claim grounds or on statute of limitation grounds or on privilege grounds. They only moved to dismiss on insufficiency of service of process grounds, which was frivolous grab at straws and the NH state court summarily and strongly denied that unfair and frivolous motion to dismiss, and which they too filed two motions to dismiss trying once again to get a second bite at the apple but still even then did not assert new defenses of failure to state a claim or statute of limitations or privilege. They thus waived those defenses in NH state court. They now want a do over in federal court even though they had a chance to assert those defenses in MA federal court when they removed it there. Now they want another bite at the apple again, while violating the rules and violating my rights, and while not even giving me a heads up that they would do this

neither in MA federal court or in this court prior to blindsiding me with these new defenses. If I had known that this is what they intended to do, I would have not objected to the transfer to this court. Similarly, I knew they intended to asset antislapp in this court, I would have also objected to transfer since it would have been better to defend against an antislapp motion with a Massachusetts court that is more used to dealing with this kind of motion (I could find no case where an MA antislapp motion was asserted or ruled upon in NH federal court at any time ever in the past). The Donais defendants conveniently leave all of the above out to mislead this court about the situation with prior state court cases. They also misleadingly insinuate that the MA state court has res judicata effect when that case was only dismissed under 1-88 for failure to serve process (which was because Donais lied that he did not receive service under the long arm statute even though he did) and where the dismissal without prejudice and has no preclusive effect and which is on appeal, and will likely be reopened because of the likelihood of success on appeal. They continue with their mischaracterizations of the past including events in state court and MA federal court to try to hang those misstatements over my head for the rest of this case, and they intend to keep trying to stigmatize me unfairly in order to abridge my rights going forward including the right to have due process, the right to be meaningfully heard, the right to have things done in the right sequence and the right to not rush to dismissal without affording every opportunity to defend against dismissal or the right to have my pleadings construed liberally as a pro se. They want the court to flush all my rights down the toilet so that they can rig the game and to get the court to rush the process and rush to judgment to declare that "they win", so that they can also penalize me for standing up for my rights in court to hold the defendants accountable for wrongdoing, and to try to saddle me with attorney fees to bankrupt me via the illicit use of antislapp in this court, and to try to obtain res judicata effects on prior pending cases that precede this case in state court. This is why they are rushing. They want to swing a quick rushed windfall to prejudice me in an unfair way even though I have a valid meritorious strong case and strong meritorious defense against dismissal but which require proper due process to be heard including obtaining discovery and a hearing before any decision on a motion to dismiss.

4. Similarly, the defendants meretriciously reference a statement in a motion to extend time that they filed in court that said, "**the additional time will allow the Parties to fully consider whether new or additional**

3

**issues should be addressed or modified given the transfer to this Court"**. But new or additional issues could simply have been new issues under NH law versus MA law given the transfer. It does not mean new defenses that were not permitted under rule 12 h or 12 g would now be permitted. They cannot use that ambiguous reference in their motion seeking extension of time, to bind this court to having agreed beforehand that the defendants could simply violate the rules with impunity. I would have objected to that motion if I knew that was how they intended to trick me and the court regarding the meaning of that motion to extend time. This is a sleight of hand tricky logic that the defendants have a penchant for and for which this court should watch out for. They will make bad faith or disingenuous arguments or arguments that have no basis in fact or law, and ask the court to simply swallow it uncritically as if the court is not sharp enough to discern such abusive arguments.

5. Also, the defendants speak out of both sides of their mouth, arguing that to allow them to violate the rules would not prejudice me (which is a self-serving argument) and that to allow them to do so would not create dilatory effects, while at the same time arguing that dilatory effects are created by me because I have asked for time to address these new defenses. They cannot have it both ways. The fact that I have beseeched this court to allow me time to properly respond shows that I have already been prejudiced. I have also been prejudiced in several other ways which the defendants avoid addressing.

6. The defendants further say that "it is nonsensical that this court should strike the motion to dismiss, require the Donais Defendants to answer and raise all of the defenses in its answer, and then re-file a Rule 12(c) motion." No, it is not nonsensical for the court to follow the rules. Again, the defendants are clamoring for special treatment and a free pass like rich spoiled privileged children that expect to get everything they want and expect to win all the time because they are special and expect to deserve to win even unfairly and even if it means trampling upon the rights of others.

7. The defendants further state "where the parties are still at a pre-answer stage without having commenced discovery and the Donais Defendants timely refiled their Motion to Dismiss, Plaintiff cannot demonstrate prejudice". But this is circular reasoning. The case is not simply *at a pre-answer stage without having commenced discovery*. The case went through a motion to dismiss briefing and hearing in MA federal court and there was an

expectation, upon transfer, that the defendants would file an answer in NH federal court and proceed to discovery and the merits as indicated by Judge Young in the 7/27/23 hearing (see uncorrected transcript previously referenced in prior filings). They have intentionally tried to keep the case at the pre-answer stage by not filing an answer when that was required but instead blatantly violated the rules (rule 12h and 12g) in order to get new unpermitted improper defenses asserted in a second illicit motion to dismiss. They also have stalled the case from automatic disclosures required under the federal rules by engaging in improper maneuvers including but not limited to filing an illicit antislapp motion in NH federal court while arguing that NH law applies to the case even though they know antislapp cannot apply under NH law.

8. Furthermore, the defendants want the court to allow them a free pass to refashion their defenses asserted in MA federal court with new unpermitted defenses after transfer, while holding me to have to stand on the same complaint filed in state court with no amendment after service of the complaint in state court and with no amendment after removal to federal court and no amendment after transfer to NH, and while lobbying the court to deny any amendment of the complaint. They also want to bar me as well as from having any opportunity to have the court first address whether the new unpermitted defenses and antislapp was improper and should be stricken, before I am required to offer my final opposition to the motion to dismiss. They want everything for their side but nothing for my side. They don't want to play fair and let the best case or argument win. They want to rig the game with trap doors, and pitfalls for me, tying my hands behind my back while taking a victory lap as though they would have won fair and square. This kind of approach and mentality is unconscionable.

9. I intend to properly refute, rebut, and show the dishonest statements of the Donais defendants in my reply.

10. I ask the court to await this reply or motion pursuant to Local Rule 7.1(e)(1) or (2) or otherwise until sometime after the upcoming case management conference has taken place.

Respectfully submitted,
/s/Andre Bisasor
November 28, 2023                                                                                                              Plaintiff Andre Bisasor

### CERTIFICATE OF SERVICE
This filing is served to all parties of record via the e-filing system.

/s/Andre Bisasor
Andre Bisasor