UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**[CORRECTED]**[1]

**PLAINTIFF'S NOTICE OF INTENT TO FILE A REPLY OR TO FILE MOTION FOR LEAVE TO FILE A REPLY TO THE DONAIS DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO STRIKE THE NEW UNPERMITTED DEFENSES**

1. I hereby provide this notice of my intent to file a reply or a motion for leave to file a reply to **DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S OBJECTION TO EMERGENCY/EXPEDITED PLAINTIFF'S MOTION TO STRIKE THE NEW UNPERMITTED DEFENSES IN THE DONAIS DEFENDANTS' SECOND PRE-ANSWER MOTION TO DISMISS (DOC. 113)**, pursuant to local rule 7.1(e)(1) & (2).

2. As a quick preview, it should be noted, parenthetically, that such reply is necessary because the Donais defendants have made either false or misleading statements in their objection and/or have mischaracterized my pleadings/filings or the relief sought, as well as mischaracterized the procedural history of this case as well as the situation with pending prior cases in state court.

3. Moreover, though the Donais defendants have **admitted that their filing with new defenses is in fact improper** under Rule 12g and 12h (which they had no choice to do because it is a clear violation of the rules), they are still brazenly seeking to obtain a free pass for this clear violation, pushing the court to "just hurry up already" and dismiss this case (fairness, due process and my rights be damned), or they are actively lobbying the court to allow them to exploit loopholes in order to excuse their blatant and intentional failure/ violation of the rules, while also seeking to stringently apply the rules to me, in a blatant shameless attempt to encourage one-sided favoritism, special treatment and unfairness by this court. This cries out for reply and I intend to lay out the careful reasons why the Donais defendants' objection should be ignored or treated with a proverbial "grain of salt".

---

[1] This filing includes a quick correction of certain errors in the first version including but not limited to typos, missing words, grammatical, syntactical errors and other scrivener errors discovered after filing.

1

4. The Donais defendants seem to gloat at the sense that the court required that I refile my supplemental opposition for not adhering to the rules (suggesting it was effectively stricken due to going over page length) while they now expect the court to give them a free pass for violating rule 12h and 12g and while they balk at the prospects that the court should require them to conform to the rules by requiring that they refile those new defenses, after they file their answer (which is essentially what I requested in my motion). Fair is fair. If my opposition was effectively stricken for nonconformity to formatting rules of page length, then how much more should the court strike the defendants new defenses for violating more substantive procedural rules such as rule 12g and 12h.

5. NB: The Donais defendants are further seeking to 'milk' every drop of what they perceive is a winning tactic, which is to keep repeating, in an almost mindless drone-like fashion, my recent emergency family travel situation and attendant requests for extension, and to do so over and over again in every filing they make going forward (whether it is relevant or not) in order to try to prejudice me with the court, even when it is clear that I have complied with every deadline set by the court and even when it was to my hurt or disadvantage to do so but I did it in any event, not letting any deadline pass so as to avoid that being used against me[2]. I have not missed any deadlines and I have clearly made every effort to diligently prosecute this case even under difficult and tight circumstances, but the Donais defendants are nevertheless, without any conscience, trying to use my tragic family circumstance to try to bludgeon me over and over again even when it is not relevant and it is gratuitous. Yet, I intend to show that the above is not only unwarranted, gratuitous and specious, but that the Donais defendants have been disingenuous and in fact they are the ones seeking to delay discovery and answering in this case and thus delay the case going to the merits, which is why they persisted in filing an antislapp in this NH court where antislapp does not apply (and where they themselves argue that NH law applies substantively in this case), and which is why they filed an illicit second pre-answer motion to dismiss instead of an answer in this court, in order to interpose delay[3].

---

[2] Now, ironically, the defendants are trying to use the fact that I have met every deadline against me. So I am damned if I do and damned if I don't.

[3] The defendants and their counsel are skilled at psychological framing, suggestion, and stereotyping. They have tried to set the mental framing of this court to unfairly stigmatize and stereotype me as one seeking only to delay but this is not true, and is an attempt at defection from their attempt to delay answering and providing discovery and getting to real merits of the case. Their pushing back on

6. It should be noted that this is a pattern. They also moved to dismiss in the NH superior state court case but the state court denied their motion to dismiss (and attendant motion for reconsideration) as essentially unfair and frivolous but yet they filed an immediate interlocutory appeal to the NH supreme court trying to say that Judge Amy Messer got it wrong and trying to tie up the case on appeal[4], in order to avoid answer and to prevent the case moving to discovery, which they desperately want to avoid because they know that I have told the truth about Craig Donais and that Craig Donais is guilty of lying and racism against me and because they don't want to create another perjury or attorney dishonesty misconduct event under oath (NB: my wife's first attorney misconduct complaint in NH against him was treated as simply untimely by the ADO without addressing the merits). They also did not move to dismiss on 'failure to state a claim' grounds or on statute of limitation grounds or on privilege grounds. They only moved to dismiss on 'insufficiency of service of process' grounds, which was a frivolous grab at straws (because I timely served process before the court ordered deadline), and the NH state court summarily and strongly denied that unfair and frivolous motion to dismiss. There again they also filed two motions to dismiss trying once again to get a second bite at the apple before answering (which also was illicit and a violation of NH state court rules), but still even then they did not assert new defenses of failure to state a claim or statute of limitations or privilege. They thus waived those defenses in NH state court. Once the case comes back from interlocutory appeal, which will likely be denied because there is no grounds to overrule Judge Amy Messer's sound ruling and especially not on an interlocutory basis, the case will immediately proceed to answer and discovery. There is no further pre-answer motion to dismiss that can be filed in the NH superior court case[5] (please listen here carefully to what I am saying and see the pattern of wanting to skirt answer and discovery). They now want a do over in federal court even though they had a chance to assert those defenses in MA federal court when they removed it there. Now they want another

---

filing an answer or on providing limited discovery is further evidence of this. I have showed up for every hearing. I have not missed any deadlines in any venue for this case including from state court. The defendants are the ones that missed a deadline and that includes the deadline to answer in state court and for which I filed a motion to default and for which they had to oppose and to after the fact seek extensions to file an answer, which was granted after missing the deadline. Yet they still have not filed an answer since state court at any time.

[4] That state court case currently remains tied up on appeal at the NH supreme court.

[5] This is another reason why this court should not entertain dismissal in this case **because the prior pending state court case in NH has already survived dismissal in the NH superior state court**. It would be unfair to allow the defendants to obtain a dismissal here when they could not obtain a dismissal in state court on the merits.

bite at the apple again, while violating the rules and violating my rights, and while not even giving me a heads up that they would do this, neither in MA federal court nor in this court prior to blindsiding me with these new defenses. If I had known that this is what they intended to do, I would have vigorously objected to the transfer to this court. Similarly, if I knew they intended to assert antislapp in this court, I would have further vigorously objected to transfer to this court since it would have been better to defend against an antislapp motion in a Massachusetts court, that is more used to dealing with this kind of motion (I could find no case where an MA antislapp motion was asserted or ruled upon in NH federal court at any time ever in the past, which is telling). The Donais defendants conveniently leave out all of the above in order to try to mislead this court about the situation with prior state court cases. And there is more which I will address in my reply. Similarly, they also misleadingly insinuate that the MA state court has res judicata effect and that I am trying to skirt it (or something to that effect) when that case was only dismissed under 1-88 for failure to serve process (which was because Craig Donais lied that he did not receive service under the long arm statute even though he did) and where the dismissal was without prejudice and has no preclusive effect and which is on appeal, and will likely be reopened because of the likelihood of success on appeal. They continue with their mischaracterizations of the past including events in state court and in MA federal court, to try to hang those misstatements over my head for the rest of this case, and they intend to keep trying to stigmatize me unfairly in order to abridge my rights going forward, including but not limited to the right to have due process, the right to be meaningfully heard, the right to have things done in the right sequence and the right to not rush to dismissal without affording every opportunity to defend against dismissal or the right to have my pleadings construed liberally as a pro se or to afford pro se accommodation in accordance with recognized due process concerns. They want the court to "flush" all my rights "down the toilet" in draconian manner (or in a NH insider's club fashion) so that they can "rig the game" and to get the court to rush the process and rush to judgment to declare that "they win", so that they can also penalize me for standing up for my rights in court to hold the defendants accountable for wrongdoing, and to try to saddle me with attorney fees to bankrupt me via the illicit use of antislapp in this court, and to try to anachronistically obtain res judicata effects (retroactively) on prior pending cases that precede this case in state court, which is not right. This is why they

are rushing. They want to swing a quick rushed windfall to prejudice me in an unfair way even though I have a valid meritorious strong case and strong meritorious defenses against dismissal but which require proper due process to be heard including obtaining discovery and a hearing before any decision on a motion to dismiss as well as having the court address procedural items that were pending in MA federal court before any motion to dismiss was filed or otherwise that should precede resolution of any motion to dismiss.

7. Similarly, the defendants meretriciously reference a statement in a motion to extend time that they filed in court that said, "*the additional time will allow the Parties to fully consider whether new or additional issues should be addressed or modified given the transfer to this Court*". But new or additional issues could simply have been new issues under NH law versus MA law given the transfer. It does not mean new defenses that were not permitted under rule 12 h or 12 g would now be permitted. They cannot use that vague ambiguous reference in their motion seeking extension of time, to bind this court to having agreed beforehand that the defendants could simply violate the rules with impunity. I would have objected to that motion if I knew that was how they intended to trick me and the court regarding the meaning of that motion to extend time. This is a sleight of hand tricky logic that the defendants have a penchant for and for which this court should watch out for. They will make bad faith or disingenuous arguments or arguments that have no basis in fact or law, and ask the court to simply swallow it uncritically as if the court is not sharp enough to discern such abusive arguments.

8. Also, the defendants speak out of both sides of their mouth, arguing that to allow them to violate the rules would not prejudice me (which is a self-serving argument) and that to allow them to do so would not create dilatory effects, while at the same time arguing that dilatory effects are created by me because I have asked for time to address these new defenses. **They cannot have it both ways**. The fact that I have beseeched this court to allow me time to properly respond shows that I have already been prejudiced. I have also been prejudiced in several other ways which the defendants avoid addressing.

9. The defendants further say that *"it is nonsensical that this court should strike the motion to dismiss, require the Donais Defendants to answer and raise all of the defenses in its answer, and then re-file a Rule 12(c) motion."* No, it is not nonsensical for the court to follow the rules. Again, the defendants are clamoring for special treatment and a free pass like rich spoiled privileged children that expect to get everything they want and expect to win all the time because

5

they are special and expect to deserve to win even unfairly and even if it means trampling upon the rights of others. Moreover, there is a substantive tangible effect from requiring that the defendants file an answer at this stage in accordance with the rules because both the court and I will see if the defendants dispute facts or not, which will further prove that I have a meritorious case that should go to a trial on the merits and on based on technicalities over substance. Once the court sees the answer, the defendants will not be able to hide behind vague blanket statements in a pre-answer motion to dismiss (such as the defendants deny any wrongdoing, etc.).

10. The defendants further state "*where the parties are still at a pre-answer stage without having commenced discovery and the Donais Defendants timely refiled their Motion to Dismiss, Plaintiff cannot demonstrate prejudice*". But this is **circular reasoning**. The case is not simply *at a pre-answer stage without having commenced discovery.* The case went through a motion to dismiss briefing and hearing in MA federal court and there was an expectation, upon transfer, that the defendants would file an answer in NH federal court and proceed to discovery and the merits as indicated by Judge William Young in the 7/27/23 hearing (see uncorrected transcript previously referenced in prior filings). They have intentionally tried to keep the case at the pre-answer stage by not filing an answer when that was required here and now, but instead blatantly violated the rules (rule 12h and 12g) in order to file a second motion to dismiss to get new unpermitted improper defenses asserted in a second illicit motion to dismiss. They also have stalled the case from automatic disclosures required under the federal rules by engaging in improper maneuvers including but not limited to filing an illicit antislapp motion in NH federal court while arguing that NH law applies to the case even though they know antislapp cannot apply under NH law.

11. Furthermore, the Donais defendants want the court to allow them a free pass to refashion without limitation their defenses asserted in MA federal court, with new unpermitted improper defenses after transfer to this court, while trying to hold/force me to have to stand on the same one complaint filed in state court prior to service, with no amendment after service of the complaint in state court and with no amendment after removal to federal court and no amendment after transfer to NH, and while lobbying the court to deny any amendment of the complaint in this court after transfer while they can amend their defenses after transfer but without seeking leave of court to do so and without affording me an opportunity to object or to demonstrate prejudice.

They also want to bar me as well as from having any opportunity to have the court first address whether the new unpermitted defenses and antislapp was improper and should be stricken, before I am required to offer my final opposition to the motion to dismiss. They want everything for their side but nothing for my side. They want an uneven playing field. They don't want to play fair and they evidently don't want to simply let the best case or best argument win the day. They want to rig the game with trap doors, and pitfalls for me, tying my hands behind my back and also nitpicking and attacking me with ad hominems and mischaracterizations seeking to change the subject to me, and then seeking to take a victory lap with a stacked undeserved win as though they would have won fair and square. This kind of approach and mentality is unconscionable.

12. Also, I have and can further demonstrate prejudice and will do so further in my reply.

13. I intend to properly and carefully refute, rebut, and show the dishonest statements of the Donais defendants in my reply.

14. I ask the court to await this reply or motion pursuant to Local Rule 7.1(e)(1) or (2) or otherwise until sometime after the upcoming case management conference has taken place.

Respectfully submitted,
/s/Andre Bisasor

November 28, 2023                                                               Plaintiff Andre Bisasor

**CERTIFICATE OF SERVICE**
This filing is served to all parties of record via the e-filing system.

/s/Andre Bisasor
Andre Bisasor