UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR,
    Plaintiff

Vs.                                      CASE NO.: 1:23-CV-00374-JL

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
UPTON AND HATFIELD LLP and
MARY K. DONAIS,
    Defendants

## DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S OBJECTION TO PLAINTIFF'S MOTION FOR HEARING ON THE PLAINTIFF'S MOTION FOR LIMITED DISCOVERY ON THE DONAIS DEFENDANTS' ANTISPLAPP MOTION AS REQUIRED BY THE ANTISLAPP STATUTE (DOC. 115)

NOW COME the Defendants Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC (jointly the "Donais Defendants") and object to Plaintiff Andre Bisasor's ("Plaintiff") Motion for Hearing on the Plaintiff's Motion for Limited Discovery on the Donais Defendants' Anti-SLAPP Motion as Required by the Anti-SLAPP Statute (Doc. 115). The Donais Defendants assert that no hearing is warranted, as follows.

Plaintiff is incorrect that a hearing is automatically held on a motion to conduct discovery under the Massachusetts Anti-SLAPP statute. M.G.L. c. 231, § 59H provides in part that "[a]ll discovery proceedings shall be stayed upon the filing of the special motion under this section; provided, however, that the court, on motion and after a hearing and for good cause shown, may order that specified discovery be conducted. The stay of discovery shall remain in effect until notice of entry of the order ruling on the special motion." Here, Plaintiff has not specified the discovery he seeks nor has he demonstrated good cause in his filings, which would warrant a hearing. "Because discovery at this stage generally is inconsistent with the expedited procedural protections established by the Anti-SLAPP statute, judges should be parsimonious in permitting it." Blanchard v. Steward

1

Carney Hospital, Inc., 83 Mass, 200, 212 (2019); Amato v. Perlera, 99 Mass. App. Ct. 1125, at *1 (2021).

Next, to the extent that Plaintiff seeks a stay of the deadline to refile his objection to the Donais Defendants' Motion to Dismiss (Doc. 115, ¶ 17), such a request is moot. On 11/20/23, Plaintiff refiled his objection. (See Doc. 118.) On 11/27/23, the Donais Defendants filed their reply to this objection. (Doc. 124.)

Wherefore, the Donais Defendants request that this Court deny Plaintiff's Motion for Hearing on the Plaintiff's Motion for Limited Discovery on the Donais Defendants' Anti-SLAPP Motion as Required by the Anti-SLAPP Statute.

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG DONAIS, DONAIS LAW OFFICES
PLLC and MARY K. DONAIS

*/s/ Linda M. Smith*

_____
Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

103259749

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **OBJECTION** to all parties in this action by serving same via electronic mail to:

| | |
|---|---|
| Andre Bisasor, Pro Se<br>679 Washington Street, Suite #8-206<br>Attleboro, MA 02703<br>quickquantum@aol.com | William Saturley, Esq.<br>Daniel R. Sonneborn, Esq.<br>Preti Flaherty<br>60 State Street, Suite 1100<br>Boston, MA 02109<br>wsaturley@preti.com<br>dsonneborn@preti.com |

Date:   November 29, 2023          */s/ Linda M. Smith*
                                                            Linda M. Smith

103259749