UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**[EMERGENCY]**
**NOTICE OF CLARIFICATION AND NOTE REGARDING STAY ON THE PROCEEDINGS**
**UNTIL AFTER DECISION ON MOTION TO AMEND COMPLAINT**

1. I hereby submit this notice and/or note of clarification to the court.

2. NB: I am not sure exactly what to call this filing but I simply want to bring to the court's attention three items from the case management hearing yesterday; in particular, this is to clarify three important items that were raised or discussed in the 11/30/23 case management conference/hearing, as further outlined below.

## I. Review & Summary of Main Court Actions In The Case Management Hearing on 11/30/23

3. During the hearing, the court took the certain actions (this is by no means an exhaustive treatment but simply a summary of the main points as I understood them), with a core focus on case management issues pertaining to the three[1] main dispositive motions that are pending including the motion to amend the complaint, the motion to remand, and the motions to dismiss. These include but are not limited to the following:

4. The court indicated it would deny without prejudice the pending motion to amend the complaint by the plaintiff, but provide an opportunity for the plaintiff to refile it with the attached proposed amended complaint. The court then set a deadline for 1/18/23 for the plaintiff to file the renewed motion to amend the complaint with proposed amended complaint.

---

[1] NB: The other remaining pending motions were not the focus of this hearing/conference. I assume the other pending motions were not focused on due to the time limits/constraints of this particular hearing, though there was a brief reference/mention of some of them. Also, I assume that in sorting out the case management issues regarding the 3 main motions, it may have been inferred or implied that some of the others may be somewhat resolved as well.

5.   The court also reiterated that the plaintiff's reply to the defendants' objection to the motion to remand is due on 12/11/23 and, upon my request, indicated that I may file a motion for jurisdictional discovery on the motion to remand, along with any such above-noted reply, by 12/11/23.

6.   The court also indicated further that it would stay any further remaining briefing die with respects to the motions to dismiss until after a decision on renewed motion to amend the complaint.

7.   Upon the request of the defendants, the court stated that it would also stay all further motions of any kind, until after a decision on the motion to amend the complaint (this apparently was so as to provide a moratorium of sorts, on any further motion practice in the meantime that could bog things down or that would unnecessarily expend judicial resources and the resources of the parties). NB: After the issue was first raised by the defendants and upon being asked by the court if I had any further motions to file, I noted to the court that, yes, I had other motions to file including but not limited to a motion to stay this case due to the prior pending state court cases and this was a very important and heavy motion to address certain critical procedural issues with this case, but after further statement by the court, I would hold off on filing this motion and other motions(a specific separate motion for discovery on the antislapp motion with an affidavit as mentioned in the hearing) until after the decision on the motion to amend the complaint.

8.   Further, upon its own review of the pending matters and after I raised the issue of the plaintiff's replies to the various Donais defendants' objections due on or about 12/4/23 and after suggesting to the court that they should also be stayed in light of the stay on the other items mentioned, the court stated it would review the remaining pending motions to determine if other items, including any replies from the plaintiff, should be stayed as well.

9.   As far as I can recall, the court noted that regarding the disability accommodation motion and the need for time with respect to the deadlines of the court, etc., the court will be accommodating regarding this issue but is not inclined to issue an overall order of time, but the court will at this point allow me to file motions as needed on a case-by-case basis, but I should endeavor to confer with the defendants on

those, or something to that effect. Regarding the issue of confidentiality, the court stated that if there

was a confidential hearing to occur later, the defendants would need to be included and so it would not

be confidential where they are concerned.

10. Regarding my pending overall motion to stay, the court indicated it would bring that motion into the

overall stay orders outlined above and would do so now or something to that effect.

11. I think that covers it for the most part though I may have missed a few items.

## II. First Clarification

12. I had indicated to the court that I would need an opportunity to reply to the various objections filed by

the Donais defendants on 11/27/23 and 11/29/23 to certain other motions I filed concurrently or in

conjunction with the opposition to the motions to dismiss.

13. These include: the motion to strike new unpermitted defenses, the motion to strike the antislapp motion,

the motion to declare choice of law, the motion for hearing on limited discovery pertaining to the

antislapp motion, the motion for hearing on the motions to dismiss, the motion for disability

accommodation, etc. These are motions that the defendant has filed an objection and for which a reply

or motion to reply is due on 12/4/23 (and two of them I think are due two days after that on 12/6/23).

14. So I would like to clarify that I would prefer that the court not rule on those motions until I had a chance

to reply. However, because the deadline to reply to some of the above motions lands on Monday

12/4/23, which is on Monday (one business day from today), then there is conundrum in that if I file

replies then the need for stay may be moot but if I don't file replies, then the deadline may pass before

I hear back from the court on whether those will be included in the stay. [NB: I also have that need for

time to file these replies pursuant to the disability accommodations issue raised in the hearing].

15. Hence, I would clarify that I would like an opportunity to reply to the objections to these motions, where

objections were made, especially if there is a chance that there will be a denial or a ruling not in my favor.

But if these will be granted or otherwise even denied without prejudice where feasible, to be able to refile

them later, the I would be okay to have those ruled on now without awaiting a reply/motion to reply.

16. However, with that said, it seems better and more consistent to add these to the stay, so that there is no confusion or unintended consequences as further outlined below.

### III. Second Clarification

17. The second thing I would like to clarify is as follows.

18. It would be more consistent with the principle of the above stay orders to simply apply the stay to these motions as well. This is for two reasons:

    a. All of these motions directly or otherwise indirectly relate to or affects the briefing on the motions to dismiss. In fact, these motions, except the disability motion, were attached as exhibits to the supplemental opposition to the motion to dismiss. Moreover, as further example, the defendants cross-wired the response to the motion to declare choice of law with their reply to the supplemental objection to the motion to dismiss but then also filed an objection to the motion to declare choice of law. This further intertwines these motions with any further briefing on the motion to dismiss. It would be confusing to break these apart to rule on some without allowing me to reply first but then that would pull me back into further briefing on the motion to dismiss matter. I just don't see any way around staying these motions also.

    b. Moreover, it is possible that the defendants may want to file for sur-reply.

    c. Similarly, any decision by the court on any of these motions could generate further motions for reconsideration, which would lead to further objections and replies, etc.

    d. Similarly, if I file a motion to reply to these motions, then this may invite further objection to from the defendants, etc.

    e. This again would run counter to principle of the stay, which is to halt all motion practice and briefing for now, especially where the defendants have asked that I not file any more motions. I assume this also means any motion for reconsideration, etc.

19. Hence, all of the above replies/further briefing on these motions should be stayed.

20. The motion for choice of law should be included in the stay. Any reply will be intertwined with further briefing on the motion to dismiss.

21. The motion to strike new unpermitted defenses should be stayed. Any reply will be directly related to further briefing on the motion to dismiss.

22. The motion to strike anti-slapp motion should be stayed. Any reply will be directly related to further briefing on the motion to dismiss.

23. The motions for hearing on anti-slapp discovery should be stayed. Any reply will be directly related to further briefing on the motion to dismiss.

24. The motions for hearing on the motions to dismiss should be stayed. Any reply will be directly related to further briefing on the motion to dismiss.

25. The motion for disability accommodation should also be stayed or treated in accordance with the discussion in the hearing.

26. All motion practice and related briefing should be stayed, except as related to the motion for remand as originally mentioned above.

27. The motion for appointment of counsel and the motion to exceed page limit are the only pending motions that has not been objected to by the defendants. But even these might be best to include the stay so as to be consistent across the board, with the only thing remaining being the reply to the motion to remand and the motion for jurisdictional discovery on the motion to remand as referenced above.

28. The motion to stay the deadline for the motions to dismiss should be ruled on now in accordance with the actions stated in the case management conference.

29. I hope I am making sense. Please forgive me if I have been inartful or imprecise in any way.

### **IV. Third Clarification**

30. I hope the court can let me know if the replies due on Monday 12/4/23 will be stayed, by today if possible so that I can have advance notice of this before the deadline.

31. Also, I have two heavy duty first circuit filings for another matte due on 12/4/23, which I mentioned in the hearing, and which I also mentioned were extended from 11/20/23 (which was the same day the supplemental opposition to the motion to dismiss was due) because I had to prioritize the supplemental opposition to the motion to dismiss and I had to thus ask the first circuit for a brief reasonable extension until Monday 12/4/23 and I cannot ask for another extension on this[2]. So I need to focus on those today and over the weekend for Monday.

32. I am attaching the first circuit order as **<u>Exhibit 1</u>**. This is another grounds for including the replies due on 12/4/23 into the overall stay.

### <u>V. Conclusion</u>

33. I hope the court can let me know if the replies due on Monday 12/4/23 will be stayed, by today if possible so that I can have advance notice of this before the deadline.

34. Accordingly, I respectfully request that the Court take note of this notice of clarification.

Respectfully submitted,
<u>/s/Andre Bisasor</u>
Plaintiff Andre Bisasor

December 1, 2023

### CERTIFICATE OF SERVICE

This filing is served to all parties of record via the e-filing system.

<u>/s/Andre Bisasor</u>
Andre Bisasor

---

[2] NB: The defendants are aware of this as they have filed to be intervenors in that case, and which is being objected to as improper.

# EXHIBIT 1

## 23-1765 Anderson, et al v. Donovan, et al "Clerk Order"

From: ca01noticedocketactivity@ca1.uscourts.gov

To: quickquantum@aol.com

Date: Monday, November 27, 2023 at 09:48 AM EST

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

**United States Court of Appeals for the First Circuit**

**Notice of Docket Activity**

The following transaction was entered on 11/27/2023 at 9:44:33 AM Eastern Standard Time and filed on 11/27/2023

| | |
|---|---|
| **Case Name:** | Anderson, et al v. Donovan, et al |
| **Case Number:** | 23-1765 |
| **Document(s):** | Document(s) |

**Docket Text:**
ORDER granting motion to extend time to file show cause response filed by Appellants Andre C. Bisasor and Natalie Anderson. Show cause response due **December 4, 2023**; No further extension of this deadline should be expected. [23-1765] (AL)

**Notice will be electronically mailed to:**

Andre C. Bisasor
Russell F. Hilliard

**Notice will not be electronically mailed to:**

Natalie Anderson
Ste 8-206
679 Washington St
Attleboro, MA 02703

John M. Formella
NH Attorney General's Office
33 Capitol St
Concord, NH 03301-6397

The following document(s) are associated with this transaction:
**Document Description:** Order
**Original Filename:** /opt/ACECF/live/forms/AntoniaLopezBlanco_231765_6605819_OrdExtShowCauseResp_121.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104935054 [Date=11/27/2023] [FileNumber=6605819-0]
[2b47ee5bd356fa965d9d45ece34feb514c5672357cf32690b3567bb82ad38100da6ce5057c73fe834ca1a73e2b5fe1af5e
5c4c472d3da9dc65fba9f37f45639b]]
**Recipients:**

- Natalie Anderson
- Andre C. Bisasor

- John M. Formella
- Russell F. Hilliard

## 23-1765 Anderson, et al v. Donovan, et al "Clerk Order"

| | |
|---|---|
| From: | ca01noticedocketactivity@ca1.uscourts.gov |
| To: | quickquantum@aol.com |
| Date: | Monday, November 27, 2023 at 09:54 AM EST |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

**United States Court of Appeals for the First Circuit**

**Notice of Docket Activity**

The following transaction was entered on 11/27/2023 at 9:51:25 AM Eastern Standard Time and filed on 11/27/2023

| | |
|---|---|
| **Case Name:** | Anderson, et al v. Donovan, et al |
| **Case Number:** | 23-1765 |
| **Document(s):** | Document(s) |

**Docket Text:**
ORDER granting motion to extend time to file response filed by Appellants Andre C. Bisasor and Natalie Anderson. Response to motion for leave to intervene due **December 4, 2023** for Appellants Andre C. Bisasor and Natalie Anderson. No further extension of this deadline should be expected. [23-1765] (AL)

**Notice will be electronically mailed to:**

Andre C. Bisasor
Russell F. Hilliard

**Notice will not be electronically mailed to:**

Natalie Anderson
Ste 8-206
679 Washington St
Attleboro, MA 02703

John M. Formella
NH Attorney General's Office
33 Capitol St
Concord, NH 03301-6397

The following document(s) are associated with this transaction:
**Document Description:** Order
**Original Filename:** /opt/ACECF/live/forms/AntoniaLopezBlanco_231765_6605822_OrdExtResp_119.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1104935054 [Date=11/27/2023] [FileNumber=6605822-0]
[2f0f31842af2480d8d933c5a822881b307b4cf28f1278284b3393a1da6147ad54472bcfbf94970d14ea5d33d4013d04a37e
9dba83e5db1f6050328acad0dd7eb]]
**Recipients:**

- Natalie Anderson
- Andre C. Bisasor

- John M. Formella
- Russell F. Hilliard