UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**PLAINTIFF'S REPLY
TO THE HILLIARD DEFENDANTS' OBJECTION
TO THE PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

1. I, the plaintiff Andre Bisasor, respectfully submit this reply to the objection filed by Russell Hilliard and Upton & Hatfield ("Hilliard defendants) to the plaintiff's motion to remand to state court, as follows.

2. NB: This reply incorporates by reference, as if fully stated herein, all of the factual and legal arguments found in the filings related to remand, including those contained in the Plaintiff's Motion to Remand filed in this court and filed in the MA federal court, which was re-filed in this court. I incorporate all arguments and authorities contained in these Motions to Remand as if fully rewritten herein.

## I. FURTHER REVIEW OF LEGAL STANDARDS

3. A defendant or defendants wishing to remove an action from a state court to a federal court must comply with certain procedural requirements. See 28 U.S.C. § 1446. Well-grounded precedent dictates that the removing defendant bears the burden of proving that removal is proper, and the Court is to resolve all doubts against removal. See Laughlin, 50 F.3d at 873; Fajen, 683 F.2d at 333. The Dunn-Edwards court opined that a written notice requirement removes any doubt that "removal was properly accomplished." 728 F.Supp. 2d at 1276 (footnote omitted). Without such a requirement, "courts ignore [the presumption against removal] and inject uncertainty into an otherwise clear rule." Id The burden is on the defendants to establish removal was proper. "Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome." De La Rosa v. Reliable, Inc., 113 F. Supp. 3d 1135, 1155 (D.N.M. 2015) (supporting citations omitted).

4. Because of this presumption, the removing defendants must demonstrate removal was proper by a preponderance of evidence. See Dollens v. Wells Fargo Bank, N.A., No. 11-CV-00532 JEC/RHS, 2011 WL 13277775, at *1 (D.N.M. Dec. 15, 2011), quoting McShares, Inc. v. Barry, 979 F. Supp. at 1342 ("The

1

removing party has the burden to show that removal was properly accomplished."); see also, Vasquez v. Americano U.S.A., LLC, 536 F. Supp. 2d 1253, 1257 (D.N.M. 2008); Harvey v. Ute Indian Trib of Uintah & Ouray Reservation, No. 2:13-CV-00862, 2014 WL 2967468, at *2 (D. Utah July 1, 2014); Chavez v. Kincaid, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998) ("Defendant, as the party asserting jurisdiction, has the burden of proving all jurisdictional facts and of establishing a right to removal."); De La Rosa at 1155 (D.N.M. 2015), quoting McPhail v. Deere & Co., 529 F.3d at 953 ("The defendant seeking removal must establish that federal court jurisdiction is proper 'by a preponderance of the evidence.'").

5. The removing defendant signs the notice of removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, see 28 U.S.C. § 1446(a), which provides that the attorney signing the notice "certifies that . . . the factual contentions [therein] have evidentiary support . . . ." Fed. R. Civ. P. 11(b).  Such certification puts the signing attorney at risk for "sanctions for making false averments . . . ." Tresco, 727 F. Supp. 2d at 1249 (discussing Proctor, 584 F.3d at 1225). There may be Rule 11 consequences resulting from a defendant's statements made in bad faith or based on falsehoods.

6. A defendant may remove a civil action from state to federal court if the action "satisfies the requirements for original federal jurisdiction . . . ." Padilla v. Am. Modern Home Ins. Co., 282 F. Supp. 3d 1234, 1250 (D.N.M. 2017) (citing 28 U.S.C. § 1441(a); Huffman v. Saul Holdings LP, 194 F.3d 1072, 1076 (10th Cir. 1999)). A defendant must file the notice of removal "within thirty days after receipt by the defendant of a copy of a pleading or other paper from which it may first be ascertained that the case is one which is removable." Zambrano v. N.M. Corr. Dep't, 256 F. Supp. 3d 1179, 1181 (D.N.M. 2017) (citing 28 U.S.C. § 1446(b)(1)).

7. Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome." Id. at 1182 (citing Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995), abrogated on other grounds by Dart Cherokee Basin Op. Co. LLC v. Owens, 574 U.S. 81 (2014)). "All doubts are to be resolved against removal." Id. (quoting Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982)). The removing defendant bears the burden of establishing subject-matter jurisdiction. Id

## II.  SUMMARY OF POINTS

8. The record before the Court makes clear that remand is warranted. Mills vy. Allegiance Healthcare Corp., 178 F. Supp.2d 1, 5 (D. Mass. 2001)(Saris, J.) (quoting Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 207 (2d Cir. 2001)).

9. The defendants have not responded to or addressed most of the points, facts and arguments made in my motion to remand filings and the attendant supporting documents and exhibits. This is a tacit concession to these points, facts and arguments.

## III. THE DEFENDANTS REASONABLY KNEW OR SHOULD HAVE KNOWN THAT THE DAMAGES ARE NOT ESTABLISHED BECAUSE OF THE STATE COURT'S RULING ON THE ISSUE OF JURISDICTIONAL DAMAGES

10. The defendants reasonably knew or should have known that the damages are not established because of the state court's ruling on the issue of jurisdictional damages in Middlesex Superior Court of Massachusetts.

11. See also Kuxhausen, 707 F.3d at 1140 (explaining that "defendants need not make extrapolations or engage in guesswork; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining Claudia Apolinar, et al. v. Polymer80, Inc. removability'") (quoting Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 206 (2d Cir. 2001)).

12. This is not a case involving severe injuries where damages are apparent if not stated in the complaint.

13. "In cases involving severe injuries, especially those requiring surgery, courts have found it facially apparent from the complaint that the amount in controversy was satisfied." Hammarlund v. C.R. Bard, Inc., CV 15-5506 SVW (JEMx), 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015); see also Fjelstad v. Vitamin Shoppe Indus. LLC, CV 20-7323 ODW (AFMx), 2021 WL 364638, at *4 (C.D. Cal. Feb. 3, 2021) (finding removal untimely where plaintiff's complaint "identifies the nature and severity of her alleged injuries, stating that she sustained third-degree burns to her breast, chest, and torso").

## IV. SPECIFIC RESPONSES TO DEFENDANTS' OBJECTION TO MOTION TO REMAND

14. The Hilliard defendants' objection states: "*Diversity of citizenship is not in question.*"

    a. This is not correct. I have challenged diversity of citizenship.

15. The Hilliard defendants' objection states: "*Plaintiff attempted to serve the Amended Complaint on Mr. Hilliard by regular mail, which was received by Mr. Hilliard at his home address on May 11, 2023. See Doc. no. 16-1 at ¶ 1.*"

    a. This is disputed. This is false on several levels. See also screenshot of sheriff email affidavit below.



16. See also **Exhibit 1**. This shows further contravening evidence from the Bristol sheriff of MA.

17. The Hilliard defendants' objection states: "*While Upton & Hatfield has never been served with a Summons or the Amended Complaint, using the May 11, 2023 date that Mr. Hilliard, a partner in the firm, received the Amended Complaint as the date that Upton & Hatfield received notice of the Amended Complaint, removal on June 9, 2023 was timely.*"

    a. It should be noted that Upton & Hatfield was subsequently served with summons and the amended complaint. So it is not correct to state that Upton & Hatfield has never been served.

    b. Upton & Hatfield wants to have it both ways. They want to say that they are using the May 11, 2023 date (the date that Hilliard, a partner in the firm, purportedly first received the Amended Complaint) as the date that Upton & Hatfield received notice of the Amended Complaint. Yet, they want to deny that the date that Hilliard received the original complaint was effective as a date of notice of the original complaint to Upton & Hatfield. This is a contradictory self-serving position to take.

    c. Similarly, they want to say that they are using the date that Hilliard, a partner in the firm, purportedly first received the Amended Complaint as the date that Upton & Hatfield received notice of the Amended Complaint, but then they also want to deny that the date that the Summons and Amended Complaint was mailed to them (May 8, 2023) constitutes service effective upon mailing under the Massachusetts statute.

18. The Hilliard defendants' objection states: "*The Supreme Court has held, in looking at the triggering of the 30-day period that a party has to remove the case to Federal court after service, that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process. Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service. Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347–48 (1999).*"

    a. The 30 day removal clock was triggered by the simultaneous service of the summons and complaint.

    b. At no point did I send the complaint or the amended complaint to any of the defendants unattended by any formal service in this case.

19. The Hilliard defendants' objection states: "*Plaintiff's argument that Upton & Hatfield's 30-day deadline to remove this matter actually started on April 17, 2023 (the day that Mr. Hilliard was purportedly served with the original Complaint) is illogical. See Doc. no. 87 at ¶¶ 92-93.*"

    a. Hilliard was served both with summons and complaint. Hilliard cannot have it both ways. They needed to remove to federal court starting 30 days from April 14, 2023 (when service was completed with the summons and original complaint) or otherwise 30 days from May 8, 2023 (when service was completed with the summons and amended complaint). In either case, removal on June 12, 2023 was untimely.

20. The Hilliard defendants' objection states: "*Upton & Hatfield was not a party to the original Complaint and was not a party prior to plaintiff's filing of his Amended Complaint on May 4, 2023. Upton & Hatfield could not have removed this matter to Federal court before it was a party.*"

    a. It should be noted Upton & Hatfield knew that it represented Craig Donais through the representation by its partner Russell Hilliard. Upton & Hatfield was technically a party because of Russell Hilliard. This is based on the partnership structure of Upton & Hatfield.

21. The Hilliard defendants' objection states: *"Here, Upton & Hatfield was not aware of the Amended Complaint until one of its attorneys (Mr. Hilliard) received a copy of it on May 11, 2023. Neither Mr. Hilliard nor Upton & Hilliard were formally served with the Amended Complaint, but nonetheless, out of an abundance of caution, Upton & Hilliard removed this matter within the 30-day deadline that it first became aware that it was a party to this matter."*

    a. This is not true. Hilliard was formally served with the Amended Complaint by certified mail by the court through the sheriff's office on May 8, 2023. This is proven by the receipt from the post office and the affidavit of the Bristol county sheriff of MA. Further discovery is needed to establish beyond all doubt the fact that Hilliard defendants are not being honest here.

22. The Hilliard defendants' objection states: *"1 Plaintiff's argument that the date of service on Upton & Hatfield is really the date the Amended Complaint was mailed to Hilliard should be disregarded. See Doc. no. 87 at §§ 143-164."*

    a. It should not be disregarded as explained above and in the re-filed motion to remand.

23. The Hilliard defendants' objection states: *"Plaintiff still needed to follow the rules regarding service with respect to Upton & Hatfield. Upton & Hatfield's deadline to remove this matter began on May 11, 2023 – the date it first became aware of the Amended Complaint."*

    a. The defendants admit that "Upton & Hatfield's deadline to remove this matter began on May 11, 2023 – the date it first became aware of the Amended Complaint."

    b. Both were formally served.

24. The Hilliard defendants' objection states: *"As detailed in the Notice of Removal, Plaintiff has alleged, in a related lawsuit against Defendant Craig Donais, damages of at least $500,000.00. See Notice of Removal, Doc. no. 1, at ¶ 4."*

    a. This is misleading. I did not merely allege damages of $500,00 in a related lawsuit. [see brief history of the MA case]. The defendants dispute the damages in this case. Discovery is needed so that the defendants don't play a game of charades now but later argue that there are no damages. This invokes the principle of estoppel. If the defendants prevail in establishing that the damages are over $75,000, it cannot later controvert that damages are less than $75,000. This would turn the integrity of this

process on its head. The defendants are in position of information which will help to establish the amount of damages. Hence, the defendants should be subject to discovery given their position and their intent to prevail on this position, by challenging the idea that the damages in this is less than or could be less than $75,000.

25. The Hilliard defendants' objection states: *"Thus, Upton & Hatfield has shown a reasonable probability that the amount in controversy exceeds $75,000."*

    a. I dispute this assertion. Upton & Hatfield has not shown a reasonable probability that the amount in controversy exceeds $75,000, as explained in this document and in the motions to remand.

26. The Hilliard defendants' objection states: *"The focus is on the causes of action pleaded and the types of damages claimed, not the estimates proffered by the plaintiff. Id. at 221- 22".*

    a. So defendants contradict themselves. First they state that the alleged $500,000 reference in the 2020 filing demonstrates the amount in controversy in this case but then they turn around and state that "the focus is on the causes of action pleaded and the types of damages claimed, <u>not the estimates proffered by the plaintiff</u>." Here, if the estimates proffered by the plaintiff is not dispositive of the issue, then the defendants cannot use that so-called reference as a basis to prove the amount in controversy in this case.

27. The Hilliard defendants' objection states: *"Here, the legal and factual allegations, coupled with undisputed facts about the Plaintiff, establish that his claims could be worth more than $75,000. See Doc. no. 1, Notice of Removal."*

    a. I dispute this assertion. Contrary to the defendants' assertion, the legal and factual allegations establish that my claims could be worth more than $75,000.

28. The Hilliard defendants' objection states: *"Plaintiff fails to address the legal and factual circumstances in his Motion to Remand. Here, neither the Complaint nor Amended Complaint state a specific amount that Plaintiff is seeking."*

    a. I did state the legal and factual circumstances. Because the question of widespread publicity is not established, then the question of whether damages could exceed $75,000 is far from established. Based on the complaint, the factual and legal circumstances militate in favor of damages that are less

7

than $75,000. Juries are not quick to award damages based on limited publicity of defamation claims. Some juries have awarded damages of $1. This is far from established as more than $75,000.

29. The Hilliard defendants' objection states: *"Thus, the Court may consider extrinsic evidence submitted by the parties. Evans, 326 F Supp. 2d at 220 (D.N.H. 2004) (quoting Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001))."*

    a. The court may not consider a filing from 2020 in another case wherein the reasonable expectation of damages was established as barely surpassing the $50,000 threshold by the judge in that case.

    b. The court may not consider the 2020 filing in another case when the complaint in this case is adequate to determine that the damages are likely to be less than $75,000.

    c. The court may not consider the 2020 filing from the MA state court case if this court will also not consider that such case should take precedence over this case.

30. The Hilliard defendants' objection states: *"Furthermore, the "prayer for relief" asks for "any and all damages acceptable by law, including compensatory damages, statutory damages, punitive damages . . . and enhanced damages." See Amended Complaint at p. 92. Given Plaintiff's prior lawsuit against Mr. Donais arising out of the same nucleus of facts – in which he claimed damages of $500,000 – Plaintiff cannot now argue that his claims do not exceed $75,000. The removing Defendant has met its burden of showing the amount in controversy exceeds $75,000. Defendants, of course, deny that they harmed the Plaintiff, but the amount-in-controversy inquiry does not focus on the Plaintiff's likelihood of success. Evans, 326 F. Supp. 2d at 221."*

    a. None of the above proves that the damages are above $75,000. This constitutes conclusory allegations that are not sufficient to prove removal was proper. The underlying damages go to defamation and emotional damages. It is facially apparent or a fait accompli that such damages must be above $75,000. The defendants have not carried their burden.

    b. Contrary to the defendants' assertion, I can certainly state, as I have done elsewhere, that the damages are not likely to exceed $75,000 and I offer as support for this the Massachusetts Middlesex Superior Court judge's ruling on jurisdictional damages as being likely only to be barely or scarcely above $50,000.

31. The Hilliard defendants' objection states: *"Amended Complaint arises under Federal law, this separate valid basis for removal also defeats Plaintiff's attempts to remand this matter to state court."*

    a. Federal claim jurisdiction is not established if upon amending the complaint, the sole federal claim is eliminated.

    b. This case was removed from MA state superior court on 6/12/23. I was blindsided by the snap removal to federal court by the defendants. Given that this matter is before the federal court, I need an opportunity to amend my complaint in federal court. Similarly, there are additional acts by the defendants that have occurred since the filing of the complaint in superior court, that I need to bring to the attention of the federal court. This includes further acts that show acts of further interference with advantageous relations, acts that show conspiracy to commit torts, and acts designed to violate my civil rights. This information was not available prior to filing of complaint in superior court. I also intend to add a defendant as a necessary party and to remove the sole federal claim. The federal court freely allows complaints to be amended at least once in the federal court.

    c. Even assuming arguendo that there is federal claim jurisdiction, this does not mean that the removal was timely or that all removal prerequisites have been met.

    d. Furthermore, even if assuming arguendo that there is federal claim jurisdiction, this does not mean that there is diversity jurisdiction. Without diversity jurisdiction, there are several implications for this case even if the case is not remanded.

    e. The defendants have not addressed the majority of facts, points and arguments that show that the defendants did not meet the removal prerequisites and thus the court has no subject matter jurisdiction even with the presence of the sole federal claim. A case that is not timely removed must be remanded even if removal would otherwise be proper if it was timely removed.

32. The Hilliard defendants' objection states: *"Plaintiff cites several bankruptcy cases in the Motion to Remand (Marotta Gund Budd & Dzera, LLC v. Costa, 340 B.R. 661 (D.N.H. 2006), and Garland & Lachance Construction Co., Inc. v. City of Keene, 144 B.R. 586 (D.N.H. 1991)) to assert that this Court lacks subject matter jurisdiction due to the*

9

*"mandatory abstention doctrine" or in the alternative, asks the Court to exercise "permissive abstention." See Doc. no. 84 at pp. 2-3. The abstention doctrines cited by Plaintiff are principles of bankruptcy law and are not applicable here."*

   a. This case that I cited is on point in numerous ways. The Hilliard defendants ignore all of the points of commonality about the case with this case, which is telling. The issue before this court in the Marotta case was not a bankruptcy issue. The issue had to do with remand to state court. The defendants are trying to obscure or distract the court's attention from the relevant parallel reasoning that applies to that case and this case, and that the outcome should be the same.

   b. Furthermore, contrary to the defendants' assertion, this court has discretion to decline supplemental jurisdiction over the majority state law claims in this case where only one federal claim here in this case could form a basis for federal jurisdiction.

33. The Hilliard defendants' objection states: *"This matter was timely removed to the United States District Court for the District of Massachusetts before it was transferred to this Court. Both diversity jurisdiction and federal question jurisdiction exist. The Motion to Remand should be denied."*

   a. Diversity jurisdiction does not exist in this case and is otherwise challenged in this case.

   b. The Donais defendants do not challenge the need for discovery on the Hilliard defendants. See **Exhibit 2**.

   c. The defendants cannot rely upon my general damage claims in the complaint and [their] conclusory allegations as to the value of those claims, but must provide specific factual details establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.

   d. A removing defendant's simple say-so will not suffice to demonstrate that a case meets the jurisdictional threshold, see, e.g., Gaus, 980 F.2d at 567.

### V. CONCLUSION

34. See also **Exhibit 3** for the refiled motion to remand from MA federal court.

35. For all the foregoing reasons, I respectfully request that this Honorable Court grant the Plaintiff's Motion to Remand this Case to State Court; and Grant such other and further relief as is equitable and just.

Respectfully submitted,
/s/andre bisasor
Andre Bisasor
679 Washington Street, Suite # 8206
Attleboro, MA 02703

Dated: December 11, 2023

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served to the parties in this case via the court's electronic filing system.

/s/andre bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703

## Civil Action# 2273CV00430

From: Vikki Morales (vikkimorales@bcso-ma.org)

To: quickquantum@aol.com

Date: Thursday, July 27, 2023 at 02:07 PM EDT

Good Afternoon,

    Per our conversation yesterday, July 26, 2023, please accept this email as formal notification in the matter of Andre Bisasor vs Russell Hilliard, et al (Docket No. 2273CV00430) that as of today, July 27, 2023 none of the first class mailings done in this case have be returned to me. As referenced in my original returns of service, each defendant was served both certified mail return receipt and first class mail in both service of the original summons and complaint and the Summons and amended Complaint. At this time, you are in possession of the 3 original unclaimed certified mailings in your case.

Thank you


Victoria A Morales
Coordinator – Civil Process Division
Bristol County Sheriff's Office
108 Court Street
P.O. Box 8928
New Bedford, MA 02740
Tel# 508-992-6631
Fax# 508-991-6016

# Exhibit 2

## RE: inquiry per motion for jurisdictional discovery pertaining to remand

From:   Sonneborn, Daniel R. (dsonneborn@preti.com)

To:     quickquantum@aol.com; elanders@morrisonmahoney.com; lsmith@morrisonmahoney.com

Date:   Monday, December 11, 2023 at 04:49 PM EST

Andre,

I do not believe it is necessary to conduct jurisdictional discovery as to the Hilliard defendants.

Dan

**Daniel R. Sonneborn**
Director
Preti**Flaherty**

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Monday, December 11, 2023 4:39 PM
**To:** Landers, Edwin <elanders@morrisonmahoney.com>; Smith, Linda <lsmith@morrisonmahoney.com>; Sonneborn, Daniel R. <DSonneborn@preti.com>
**Subject:** Re: inquiry per motion for jurisdictional discovery pertaining to remand

**Note:** *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***

Dan,

to be clear and so there is no misunderstanding, the donais defendants stated below that they do not think jurisdictional discovery is needed from the Donais defendants. They have not taken a position on whether it is needed from the Hilliard defendants. I understand from your reply below that you agree it is not needed from the donais defendants, i.e., given the way it is worded. But it is not clear if you think it is needed from the Hilliard defendants, I ask this also in light of the fact that the Hilliard defendants are the ones who effected removal and given the dispute over when the service documents were received by Hilliard and given my challenge to the diversity of the partners/member of the Upton & Hatfield law firm.

Can you please specifically reply to clarify this?

Andre

On Monday, December 11, 2023 at 04:17:22 PM EST, Sonneborn, Daniel R. <dsonneborn@preti.com> wrote:

Andre,

I do not agree that it is needed and thus do not concur either. Thanks.

Dan

**Daniel R. Sonneborn**
Director
617.226.3852 Tel

dsonneborn@preti.com
Bio | LinkedIn | Twitter | preti.com

PretiFlaherty
60 State Street
Suite 1100
Boston, MA 02109

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Monday, December 11, 2023 4:15 PM
**To:** Landers, Edwin <elanders@morrisonmahoney.com>; Smith, Linda <LSmith@morrisonmahoney.com>
**Cc:** Sonneborn, Daniel R. <DSonneborn@preti.com>
**Subject:** Re: inquiry per motion for jurisdictional discovery pertaining to remand

**Note:** *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***

Dan, could you please reply to my email?

Thanks,
Andre

On Monday, December 11, 2023 at 03:37:39 PM EST, Smith, Linda <lsmith@morrisonmahoney.com> wrote:

The Donais Defendants do not agree that jurisdictional discovery is needed from them. To the extent you plan to file a motion seeking jurisdictional discovery from the Donais Defendants, the Donais Defendants do not concur.

Linda Smith
Partner

MORRISON MAHONEY LLP
650 Elm Street, Suite 201
Manchester, NH  03101
T (603) 518-1971 | F (603) 622-3466
LSmith@morrisonmahoney.com | www.morrisonmahoney.com

Connecticut | Massachusetts | New Hampshire | New Jersey | New York | Rhode Island | United Kingdom

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmissions, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Monday, December 11, 2023 1:03 PM
**To:** Smith, Linda <LSmith@morrisonmahoney.com>; Landers, Edwin <ELanders@morrisonmahoney.com>

**Cc:** Daniel R. Sonneborn <dsonneborn@preti.com>
**Subject:** Re: inquiry per motion for jurisdictional discovery pertaining to remand

---

**External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.**

---

<u>*correction:*</u>

Dear All,

Based on prior indications in **one** place or form or another, I believe you have stated or signaled **(or otherwise I believe it can be inferred)** that you do not concur with any motion for jurisdictional discovery pertaining to remand. If I am incorrect, please let me know.

Thanks,

Andre Bisasor

On Monday, December 11, 2023 at 01:01:07 PM EST, Andre Bisasor <quickquantum@aol.com> wrote:

Dear All,

Based on prior indications in place or form or another, I believe you have stated or signaled that you do not concur with any motion for jurisdictional discovery pertaining to remand. If I am incorrect, please let me know.

Thanks,

Andre Bisasor

---

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have

received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.