UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**PLAINTIFF'S REPLY TO THE DONAIS DEFENDANTS' OBJECTION TO THE PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

1. I, the plaintiff, respectfully submit[1] this reply to the objection filed by Craig Donais, Mary Donais and Donais Law Offices ("Donais defendants) to the plaintiff's motion to remand to state court, as follows.

2. NB: This reply incorporates by reference, as if fully stated herein, all of the factual and legal arguments found in the plaintiff's filings related to remand, including those contained in the plaintiff's motions to remand filed in this court (Doc.# 84), as well as the motion to remand filed in the MA federal court, which was re-filed in this court (as Doc.# 87) on or about 10-27-23 and 10-30-23, and the attendant exhibits for the motion to remand filed separately due to file size, as Doc.#88).

3. I thus incorporate all arguments and authorities contained in these Motions to Remand as if fully rewritten herein.

4. I also hereby incorporate the facts, arguments and authorities contained in my Reply to the Objection of the Hilliard Defendants to the Motion to Remand as well as my Motion to Allow Jurisdictional Discovery Pertaining to Remand, with Memorandum in Support[2], that were also concurrently filed on this same date.

5. I hereby further respond to or rebut the Donais' defendants objection more specifically as outlined below.

[1] NB: I had trouble filing this document using the e-filing system. The system did not allow me to proceed with filing and I kept getting an error message. For proof of this error, see **Exhibit 1** attached for a declaration of technical failure of the ECF system. Please note that I have already notified the court of this problem and attempted to file by email on a protective basis but due to file size only one of the documents went through by email. In any event, by operation of the local court rules, a technical error/failure with the e-filing system automatically extends the deadline to the next business day by 12 noon. Hence, I am filing this again after several attempts to do so.

[2] See also **Exhibit 4** for re-filed motion to remand, with memorandum incorporated, that was first filed in MA federal court and re-filed in this court on or about 10-30-23,and see the attendant exhibits for motion to remand filed separately due to file size.

6. The Donais defendants' objection states*: "Defendant Donais Law Offices PLLC is a limited liability company with a place of business in New Hampshire. Complaint ¶ 83."*

   a. Although the Donais defendants stated that the place of business for Donais Law Offices is New Hampshire, it is not clear exactly where Donais Law Offices operates as a place of business.

   b. In a document to the Attorney Discipline Office (ADO), Craig Donais avers that he has a place of business for his law practice in Massachusetts.

   c. If Donais Law Offices has a place of business in Massachusetts, then its citizenship is in question.

   d. This is contravening evidence that Craig Donais' place of business or operating activities are located in Massachusetts. See **Exhibit 2.**

   e. Discovery is needed to determine exactly the corporate setup for his law office operations. NB: Craig Donais evidently has had shadowy setups for businesses that he owns in Massachusetts with someone else placed in the front of the business, obscuring his ownership and involvement in said Massachusetts business [discovery is needed on this]. See **Exhibit 3** referencing ownership of a Massachusetts business named Bon Courage LLC, but which business registration of said business appears to obscure Craig Donais' involvement as owner of the business.

   f. This further goes to whether Craig Donais's law business is hiding or obscuring is operations in Massachusetts. Discovery is needed to clarify the location and operations of Donais Law Offices.

   g. Thus, discovery is also needed to confirm the members, managers, investors, owners and/or employees of the law business of Donais Law Offices. I simply should not be required to take the defendants' word for it; neither should the court, given the dubious nature of the representations made by the Donais defendants regarding their operating activities.

   h. In addition to the above, there is further information demonstrating the need for further jurisdictional discovery in this matter as it relates to the Donais defendants.

7. The Donais defendants' objection states: *"Defendant Upton & Hatfield is a business with its principal place of business in New Hampshire. Complaint ¶ 93."*

a. Here, they say nothing about the partners of the business of Upton & Hatfield. The Upton & Hatfield law business is a partnership. The citizenship of the partners of Upton & Hatfield determines the citizenship of the law business.

b. The silence here regarding the partners of Upton & Hatfield is instructive [discovery is needed on this].

c. NB: It should be noted that Upton & Hatfield appears to have more than one location of its business throughout New England.

8. The Donais defendants' objection states: *"The amount in controversy is believed to be $500,000.00, based on Plaintiff's representations. Exhibit A, Defendant Upton & Hatfield's Notice of Removal, hereinafter, ¶ 4(b) and Exhibit 3 to Notice of Removal at p. 110 (Doc. 1-5)."*

a. This is not correct. This is a misconstruing of my statements. I have not "represented" flatly that the amount in controversy is $500,000. As explained in my re-filed motion to remand, the removing defendant referenced an affidavit of damages that I was required to file in the Middlesex superior court pertaining to a jurisdictional amount issue raised by the superior court. This affidavit was filed to demonstrate that my damages was above $50,000. It was not intended to demonstrate actual damages. It was a threshold matter where I just needed to demonstrate that at a minimum, there was a likelihood that damages would be $50,000 or more. The representations and calculations presented therein was based on working from a certain assumption back down to establishing probability of the minimum damages necessary to remain superior court. For example, in the preface, I stated that I initially pled in the civil action cover sheet that the damages was at least $25,000. But because the minimum jurisdiction amount was changed at the time I filed that complaint in Middlesex superior court in or around early 2020, and I was not aware of the change, I put $25,000 instead $50,000 as the minimum amount of damages. It was because of this why the superior court sua sponte ordered a jurisdictional amount hearing, prior to service of process on the defendant. See screenshot below:

**PREFACE**

4. First, it should be noted that, as a pro se plaintiff, I was not aware that the minimum procedural amount for damages was changed from $25,000 to $50,000 for superior court cases. This change was made effective only as of January 1, 2020. I filed this case on 1-9-20. I had no idea of this change at the time I filed this case. If I had known, I would have amended the complaint/civil cover sheet to indicate that damages exceeded $50,00. This is a simple error that can be fixed upon amendment of the complaint and/or civil cover sheet. NB: I submitted an amended civil cover sheet, attached to my response on 2-4-20.

b. Thus, the defendants here misused the affidavit of damages above that they attached to their notice of removal (as the last exhibit). I was only stating that there was more than $50,000. See screenshot below.

**DAMAGES WILL EXCEED $50,000**

18. I have pled claims for defamation, interference with contractual relations, intentional misrepresentation and intentional infliction of emotional distress and abuse of process and aiding/abetting in discrimination and retaliation based on race. There are adequate damages in this case more than $50,000.

c. The various numbers thrown about, including reference to estimations of $500,000, was my pro se attempt to build the threshold argument for a minimum of $50,000 and were to be used as a thinking model or if/then scenario illustration or mathematical demonstration, and not a conclusive declaration of known damages. See screenshot below.

- TOTAL ESTIMATED DAMAGES: $500,000

104. NB: Even if the above estimate of my damages is off-base by 50%, this would still mean estimated damages of $250,000. In fact, if the above estimate of my damages is off-base by 75%, this would still mean estimated damages of $125,000. My estimate would have to be wrong by as much as 95% in order for the damages to fall below $50,000. This would not be reasonable by any measure.

105. At this stage of the proceeding, the court cannot assess liability or chances of defendant liability being found. The court must assume that the defendant will be found liable for the claims. The court cannot investigate the facts as if it were making a summary judgment decision. The court cannot assess the sufficiency of the stated claims, to survive a motion to dismiss. The court cannot weight credibility or the truth value of any statements or the likelihood of prevailing on the claims. The court can only inquire as to whether there is any reasonable possibility that the claims, if found in my favor, could result in any jury awarding me more than $50,000 in damages. The court is required to give deference to the plaintiff's stated damages claimed. Only discovery and a trial on damages can ascertain the damages with certainty. Also, it is up to a jury to determine damages especially on the tort claims such as defamation.

d. Moreover, the judge in that case (i.e., Judge Christopher Barry Smith who also is a regional administrative justice) stated that based on the information provided, he was skeptical there was more than $50,000 in damages due to a lack of clarity as to whether the defamatory statements were widespread, but he thinks I met the burden that it would be at least $50,000. See screenshot of Judge Barry-Smith's order on jurisdictional amount to remain in superior court.

11/19/2020 Endorsement on Submission of Affidavit Concerning Damages Amount for Craig Donais Case (#11.0): Other action taken
See order on page 14:

Because plaintiff identified damages of $25,000 on his civil action cover sheet, after notice a hearing was held on 11/13/2020 concerning whether plaintiff satisfied the jurisdictional amount requirements of Superior Court. Although I am skeptical of the damages explanations advanced by plaintiff in his affidavit and at hearing, given the limited circulation of the allegedly defamatory statements at issue, at this juncture, I am restrained to accept as true the complaint's allegations and not assess deeply the merits of the case. Given the uncertainty inherent in gauging the value of reputational harm and defamation damages, plaintiff has alleged facts that conceivably could result in jurisdictional amount being satisfied. For these reasons, the case will remain in Superior Court.

e. The removing defendant has therefore failed to present evidence of the amount in controversy. Instead, the removing defendant has offered only an over-inclusive, irrelevant figure that is clearly not the amount that has been placed in controversy by the complaint. Courts have consistently rejected efforts by Defendants to attempt to justify removal jurisdiction with over-inclusive figures that do not speak to damages actually sought by the complaint. The removing defendant's over-inclusive figure is insufficient under either a legal certainty or preponderance standard of review. Similarly, the removing defendant here has presented evidence of a figure that "does not address the claims as pled in Plaintiff's complaint."

f. I hereby aver that $500,000 is not a correct assessment of the damages. A judge in MA Middlesex Superior Court said that he was barely convinced that the damages went above $50,000 [discovery is needed on the amount of damages].

9. The Donais defendants' objection states: *"Defendant Upton & Hatfield removed this case from the Massachusetts Superior Court in Bristol County on June 9, 2023. Exhibit A."*

a. This is not entirely correct. They removed the case after 6pm on June 9, 2023, which bumps it over to the next business day on Monday June 12, 2023. See re-filed motion to remand.

b. The notice of removal was filed at or around 11pm on Friday, June 9, 2023 in Massachusetts federal court. According to the local rules of Massachusetts federal court, any filing made after 6pm has a date of filing as the next business day. The federal rules puts that over to Monday June 12, 2023.

Therefore, by any measure, the removal notice filing by Upton & Hatfield was made after 30 days of their receiving the summons and amended complaint. The defendant Upton & Hatfield claims that it received the summons and amended complaint on May 11, 2023. Therefore, Upton & Hatfield was required to file the removal no later than June 9, 2023 before 6pm (not after 6pm), even by their own permissive calculation of the 30 day removal clock. In every scenario, the removal is untimely.

10. The Donais defendants' objection states: *"Removal was done within 30 days of Defendant Upton & Hatfield's receipt of the Complaint. Exhibit A, ¶ 1."*

   a. As outlined above and elsewhere, removal was not done within 30 days of receipt of the complaint [discovery is needed on this to establish this issue once and for all].

   b. See also my re-filed motion to remand as well as my motion for limited jurisdictional discovery with memorandum and exhibits, filed concurrently with this reply.

   c. It is critical that the court carefully analyze my arguments regarding timing calculations because removal should be strictly and narrowly construed, and the time required for removal cannot be extended. The defendants have not addressed any timing calculations whatsoever, which is telling.

11. The Donais defendants' objection states: *"I. The Court Should Not Remand This Action Because Diversity Jurisdiction Exists. Diversity in citizenship is not in question and was not raised by Plaintiff in his Motion to Remand. All defendants reside in New Hampshire for diversity of jurisdiction purposes. The Plaintiff is a resident of Massachusetts. As such, there is complete diversity of citizenship between Plaintiff and all defendants."*

   a. This is not correct. I do not concede this at all. Moreover, contrary to the defendants' assertion, diversity in citizenship is in question and was raised by me in my refiled Motion to Remand. I literally said the opposite of what the defendants assert here and this is shown on page 27 of my re-filed motion to remand, as follows:

> "III. DIVERSITY JURISDICTION IS NOT CLEARLY MET
> 254. Diversity jurisdiction exists only where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The citizenships of all defendants must be different from the citizenships of all plaintiffs. Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir. 1990).

> 255. On information and belief, Upton & Hatfield has partners/members who reside or own property in Massachusetts. Therefore, on information and belief, some partners/members of the firm may be citizens of Massachusetts, and therefore there is or might not be complete diversity. According to information found on the internet:"

b. Hence, the defendants here have made a false statement. The court should take note of these instances of false or misleading statements made by the defendants.

c. Furthermore, discovery is needed for the citizenship of all partners of Upton & Hatfield, at the time of the events relevant to the complaint. NB: On information and belief, Upton & Hatfield may have had partners leave or retire since the events of the complaint. This is not determinative of the citizenship of the partners or the business, at the time of the complaint. Discovery is needed regarding the exact snapshot of who the partners of the firm were at the time of the complaint and what the citizenship is of all partners at the time of the complaint (not what it is now). If any of the partners of Upton & Hatfield were citizens or residents of MA, at the time of the complaint, then that goes to the question of diversity of citizenship.

12. The Donais defendants' objection states: *"The amount in controversy is in excess of $75,000.00. Plaintiff claims in his motion that "[I] have not alleged a specific amount in controversy, because [I] [do] not have access to all of the information necessary to make a calculation."*

   a. Here, the defendants admit that I have not alleged more than $75,000 in damages.

   b. NB: They use the MA Middlesex superior court complaint here to establish jurisdiction but don't want that case to take precedence and priority over this case.

   c. The amount in controversy is not in excess of $75,000.00.

   d. It is not facially apparent from the complaint that the amount in controversy is in excess of $75,000.00.

   e. In fact, to the contrary, it is facially apparent from the complaint that the amount in controversy is not in excess of $75,000.00, based on the information presented in the complaint.

13. The Donais defendants' objection states: *"However, in another complaint, Plaintiff alleged damages in the amount of $500,000.00 for the same actions alleged in this matter. Similar to Carrozza, a prior representation may be relied upon*

*where, as here, Plaintiff has not proposed a new amount of damages. Plaintiff has also not alleged that the amount in controversy is less than $75,000.00 in an attempt to contest Defendants' allegation that the amount in controversy is in excess of $75,000.00. As such, the Court may rely upon Defendants' assertion that the amount in controversy is in excess of $75,000.00. Therefore, for the reasons stated above, federal diversity jurisdiction exists and the Court should deny Plaintiff's Motion to Remand."*

a. This is not correct. I have previously stated or indicated that I do not know what the exact damages are at this juncture (including because the defendants have critical information in their sole custody and control that they have not disclosed to me), but I have also stated that based on the MA Middlesex superior court judge's ruling, I do not believe the damages are above $75,000. See re-filed motion for remand for text of MA judge's ruling.

b. In this instance, the removing defendant's evidence is insufficient to support removal jurisdiction.

c. I did not allege a specific amount in controversy because I do not have access to all of the information necessary to make such a calculation. Hence, in the complaint, I did not state the amount of damages because I do not know the exact amount of damages. I only know it is likely to be over $50,000. I will need a damages expert to assist me with determining damages.

d. However, the defendants can point to no reference in the complaint itself to damages above $50,000 or $75,000.

e. In this instance, the removing defendant scavenged all the way back to 2020 (3 years ago) to a different case to try to dredge up a document that was not filed in this case nor referenced in this case by the plaintiff. The removing defendant is trying to apply something from a prior matter to this case. The problem is that document did not and does not represent my current understanding of the case that I filed in Bristol superior court as it related to damages. That document filed in Middlesex superior court in 2020 did not have the benefit of my having had a hearing with a judge to help guide my thinking about the damages. The hearing with Judge Barry-Smith was enlightening and somewhat opened my eyes to how a court would likely look on the damages issues. Prior to that, as a pro se, I really had no real clue about that. So after the hearing and after the judge's ruling,

I was constrained to think differently about the damages and I realized more than ever that I needed the help of an expert to do so, which I thought I would be able to attain at some point in the case. The removing defendants therefore cannot take a 3-year old document about damages from another case in another court prior to a hearing on damages, then use that to force that into this case from Bristol superior court now removed to federal court. It was a stretch for them to do that.

f. It appears that only the defendants in this case, at this time, has information to establish the extent of the amount of damages. For example, only the defendants know how many times it disseminated defamatory material or information and how widespread the defamation has been disseminated. Without this information, I cannot determine the proper amount of damages.

14. The Donais defendants' objection states: *"II. The Court Should Not Remand This Action Because Federal Question Jurisdiction Exists Based On Plaintiff's Count 13 For Violation of Civil Rights Statute 42 U.S. C. § 1981. Therefore, for the reasons stated above, federal question jurisdiction exists and this Court should deny Plaintiff's Motion to Remand."*

a. Federal claim jurisdiction is not established if upon amending the complaint, the sole federal claim is eliminated (which I intend to do).

b. This case was removed from MA state superior court. I was blindsided by the snap removal to federal court by the defendants. Given that this matter was removed to the federal court, I need an opportunity to amend my complaint in federal court. Similarly, there are additional acts by the defendants that have occurred since the filing of the complaint in superior court, that I need to bring to the attention of the federal court. This information was not available prior to filing of complaint in superior court. I also intend to add a defendant as a necessary party and to remove the sole federal claim. The federal court freely allows complaints to be amended at least once in the federal court.

c. Even assuming arguendo that there is federal claim jurisdiction that could effectuate proper removal and jurisdiction of this court (which I do not concede), this does not mean that the removal was timely or that all removal prerequisites have been met. In fact, I contend that removal was untimely

and that all removal prerequisites were not met, as outlined in my re-filed motion for remand. Therefore, federal claim jurisdiction cannot lie and is defeated.

d. Furthermore, even if assuming arguendo that there is federal claim jurisdiction, this does not mean that there is diversity jurisdiction. Without diversity jurisdiction, there are several implications for this case even if the case is not remanded, including further whether the argument that Massachusetts antislapp law can be applied to a case that is only a federal claim jurisdiction case and not based on diversity jurisdiction. It is important that this issue of diversity jurisdiction be resolved even if the case is not ultimately remanded to state court.

e. The defendants have not addressed the majority of facts, points and arguments that show that the defendants did not meet the removal prerequisites and thus that the court has no subject matter jurisdiction even with the presence of a sole federal claim. A case that is not timely removed must be remanded even if removal would otherwise be proper if it was timely removed.

15. The Donais defendants' objection states: *"A. Deny Plaintiff's Motion to Remand this Case to State Court; and B. Grant such other and further relief as is equitable and just."*

a. The motion to remand should not be denied but granted.

**CONCLUSION**

16. For all the foregoing reasons[3], I respectfully request that this court grant the plaintiff's motion to remand this case to state court; and grant such other and further relief as is equitable and just.

Respectfully submitted,
/s/andre bisasor
Andre Bisasor
679 Washington Street, Suite # 8206
Attleboro, MA 02703

Dated: December 11, 2023

**CERTIFICATE OF SERVICE**

I certify that the foregoing was served to the parties in this case via the court's electronic filing system.

/s/andre bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703

[3] See also **Exhibit 5** for additional supporting information in the 7-27-23 supplemental filing in MA federal court.