# Exhibit 2



March 24, 2016

Janet F. DeVito, Esq.
General Counsel
NH Attorney Disciplinary Office
4 Chenell Drive, Suite 102
Concord, NH 03301

RE:   Donais, Craig S. advs. Attorney Disciplinary Office - #16-012

Dear General Counsel DeVito:

I am in receipt of your letter dated March 17, 2016.

It is somewhat difficult to respond to your referral, as the referral requests that I comment on a Court Order and a hearing transcript from Connecticut, without citing specific issues of concern raised by Connecticut Bar Counsel or from the Attorney Disciplinary Office. The referral references "probable attorney misconduct which occurred in Connecticut." Having never practiced in Connecticut[1], it is unclear what is alleged, other than in the context of my pursuit of a New Hampshire case involving collateral issues associated with the Connecticut litigation. As such, if my understanding of the allegations are accurate, this should be reviewed not in the context of a Connecticut ethics issue, but rather, a New Hampshire issue as to whether I had a *bona fide* basis to pursue action on behalf of a New Hampshire client in the manner I did. Based on the record, I believe that you should dismiss the referral.

In preparing this response, it became apparent to me that my response necessarily implicates the representation of my client, Aftokinito Properties, Inc. As such, I believe that these materials are subject to privilege as either attorney work product, or alternatively, attorney-client privileged communication. I recognize that I could posit such a response in relation to much of this letter, but I do not want my response to be seen as evasive and aloof. As such, I have provided my client with a draft of this letter, and the identified exhibits for review. To the extent any of the exhibits would otherwise be subject to privilege, my client has authorized my disclosure to the Attorney Discipline Office solely for purposes of your review and evaluation of the Connecticut referral.

I will attempt to identify what I perceive as potential issues, in part based on my discussion with James L. Kruse, Deputy General Counsel on March 21, 2016. Jim identified three key areas of concern:

---

[1] In the interest of full disclosure, I am also admitted to practice in Connecticut, Bar #414541, but have never filed an appearance in any cases, or stepped into any Connecticut courthouse since admission in November 1997 until October 5, 2015. I am also admitted in Massachusetts, MA BBO #634112, since 1996, and have practiced down there as a small portion of my practice.

444 Willow Street • Manchester, N.H. 03103-6217 • T: (603) 624-7100 • www.DonaisLaw.com