# Exhibit 5

UNITED STATES DISTRICT COURT - DISTRICT OF MASSACHUSETTS

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No. 1:23-CV-11313

## SUPPLEMENT TO PLAINTIFF'S OPPOSITIONS TO DEFENDANTS' MOTIONS TO DISMISS

1. I, the plaintiff in this case, hereby submit this supplement to plaintiff's oppositions to the defendants' motions to dismiss and oppositions to the defendants' incorporated antislapp motions within their motions to dismiss.
2. Since the filing of the oppositions, there is new information that has come to light that are relevant to the matters before this court.
3. NB: I refute the facts stated in defendants' pleadings and filings that pertain to or is relevant to the antislapp motion. I further refute and deny that what Hilliard has stated in his affidavit is true and correct, and refer to what is stated further in my filings in this regard. To the extent the statements by Donais and Hilliard in their pleadings are not supported by any affidavit of their asserted facts, they should be stricken or otherwise ignored by the court, and if necessary, I request that they be stricken.
4. In support of this supplement, I further state the following.

### DONAIS DEFENDANTS' PERSONAL JURISDICTION IS MET
#### Donais Actively Practices Law in MA

5. Craig Donais is admitted to practice in several Massachusetts courts including state courts and federal court.
6. He is also admitted to practice in Massachusetts federal district court.
7. He is also admitted to practice in the first circuit court of appeals located in Massachusetts.
8. He has further admitted to the NH Attorney Discipline Office, in an attorney discipline complaint matter in 2017 that was referred by a Connecticut superior court judge, that he has part of his active practice in MA. See **Exhibit 1**. This proves that Donais has made material misrepresentation in his pleadings to this court when he stated in his motion to dismiss that he only has a license in MA and essentially stated that he does nothing more in MA in terms of his practice.
9. This also proves personal jurisdiction for Craig Donais.

#### Donais Has Many Clients in MA and Donais Regularly Appears in MA Courts

10. Donais has many clients in MA.
11. Some examples of Donais' clients in MA are found in **Exhibit 2.**
12. Donais regularly appears in MA courts.
13. Some examples of Donais' cases in MA are found in **Exhibit 3.**

#### Donais Was Born and Raised in MA

14. Donais was born and raised in MA. He grew up in MA.
15. He went to lower school, middle school, high school in MA. See **Exhibit 4**.
16. He then went to college in MA.
17. Then he went to law school in MA.
18. He obtained a real estate license in MA and sold real estate in MA.
19. He has family that was born and raised in MA. His parents were born and raised in MA. Donais is part of at least 2 or 3 generations of Donais' in MA.
20. His family has lived in and still lives in MA.
21. He visits family regularly in MA.
22. He travels regularly to MA for events, entertainment, recreation, retail shopping, dining, and a host of other social and leisure activities in MA. See **Exhibit 5**.
23. Donais is a true and blue 'son' of Massachusetts, born and bred and home grown in MA.
24. On information and belief based on information on the web, he is also a red sox fan and attends red sox events.

25. On information and belief based on information on the web, he actively keeps in touch with and participates in his college alumni activities in MA and law school alumni activities in MA.

26. This is by no means the background of someone who is a stranger to MA and it would not be unfair to have him defend in MA courts.

27. All of this is based on public information on the web.

28. Donais went to North Attleboro High School.

29. Donais went sacred heart Attleboro School.

30. Donais' family base is in Attleboro.

31. Donais attends or attended Sacred Heart Church in Attleboro.

32. Donais attended events in 2017 in MA related to his brother Mark Donais.

33. Donais father was born in Attleboro MA and lived there 35 years. Donais family members were born and grew up and were raised in Attleboro MA, his ancestry line spans more than one generation specifically in and from Attleboro MA. This is the same town that lawsuit was filed in originally in Bristol county MA.

34. Donais' mother still lives in MA. He regularly visits family in MA.

35. Donais was born in MA. Donais grew up in MA. Donais is originally from MA. His family is here in MA. MA was his home state for most of his life. He benefitted from the protections and laws of MA for most of his life. He continues to use and benefit from MA laws and protections to this day.

36. Donais regularly visits family here in MA currently.

37. Donais also maintains alumni group contacts/involvement with Suffolk Law School and University of Massachusetts.

38. Bon Courage LLC is a business located in MA with principal Craig Donais. Thus, Donais has owned and operated businesses here. NB: Donais has apparently employed a sophisticated setup of hiding his name as principal, using someone else name as manager or agent. This is ripe for discovery.

39. So, at or around the time of the events in 2017, Donais was or had been operating businesses in MA, it was a real estate business located at 205 High Street, Newburyport, MA 01950.

40. Donais is listed on the web as a real estate manager and real estate agent in MA.

41. If these do not establish personal jurisdiction, then I am not sure what will.

## Donais Owns or Operates Businesses in MA

42. Based on information found on the web, Craig Donais is listed as principal for a Massachusetts business named Bon Courage LLC, which is a real estate company that buys and sells real estate. See **Exhibit 4**.

43. It appears that Donais has taken steps to try to hide his name from this LLC, having someone else name as manager and registered agent.

44. This raise concerns that Donais has done this with other businesses in MA but has endeavored to hide his name from the registration of the business. Discovery is needed here. My ability as a pro se to conduct pre-litigation discovery is limited. I need discovery to address these questions.

## Donais Has A Real Estate License from MA to Sell Real Estate in MA

45. Donais is listed on the web as having obtained a real estate license to sell real estate in MA.

46. Donais is listed on the web as owning or having owned a real estate company in MA.

47. Donais also has a law license in MA.

48. The above represents a significant amount of business interest, activity and intent to do business in MA.

49. The above represents significant business ties with MA.

50. He has held interest in Massachusetts real property, he has transacted business in MA, he has contracted to supply services or things in Massachusetts. See G. L. c. 223A, § 3(a), (b), (e), he has injured plaintiff in MA, and § 3(d) of c. 223A provides that out-of-State acts can in some circumstances confer jurisdiction, e.g., where the tortious act caused injury in Massachusetts. Donais engaged in a "persistent course of conduct" in this State, which meets the prerequisite to personal jurisdiction under § 3(d).

51. These minimum contacts with [the State] such that [jurisdiction] does not offend 'traditional notions of fair play and substantial justice.' " Droukas v. Divers Training Academy, Inc., 375 Mass. at 152, quoting from International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

### Donais Has Taken Out Malpractice Insurance for His Law Practice in MA.

52. Donais is subject to personal jurisdiction in MA by virtue of his practice of law in MA which is evidenced by him taking out malpractice insurance on his practice in MA. Why else take out malpractice insurance in MA if he did not foresee that he could be sued in MA?  See **Exhibit 6.**

53. His MA clients could sue him in this state and if any did, he could not say that there was no personal jurisdiction. Also, he is benefitting from the laws that pertain to malpractice protection in MA.

54. He retired his license in Connecticut but kept and maintained and renewed his license in MA. See again **Exhibit 1**.

55. MA does not require attorneys to have malpractice insurance. So Donais went out of his way to apply for and obtain malpractice insurance in MA.

56. Lawyer malpractice insurance policies run from year to year. The fine print of such policies generally say in effect that if the lawyer has any reason to believe he might have committed any malpractice during the previous year, or any reason to believe a claim might be brought against him, he must tell his insurer about it when he fills out his renewal application.

### Donais Currently Uses the Internet To Advertise to MA Residents and Attract MA Clients

57. Donais is currently using the internet to advertise that he represents clients in MA.

58. When I originally reached to Donais in 2017 to assist with a (Hilton) hotel matter, it was because he was licensed both in MA and NH and was advertising his services to residents of both states.

59. It should be noted that Donais actually submitted pleadings to a court stating that I was an MA resident and had a MA domicile, at the time in 2017.  Thus, he knew I was a MA resident, with a MA domicile/address.

60. When Donais entered into a contract (implied) with me in 2017 and triggered a fiduciary duty to me, I was a MA resident. In 2017, he had called me in MA to my MA phone number to solicit business from me.

### Donais Has Had Several Contacts with MA Related To The Claims in This Case

61. It should be noted that a single contact by an out-of-state defendant with a forum state can support specific jurisdiction, depending on the nature, quality, and circumstances of the contact.

62. In addition to general jurisdiction, I further have alleged specific contact by Donais related to the claims in this case.

63. For example, Donais' secret off the record contacts with MA Middlesex superior court clerk staff in order to plot to harm me outside of the judicial context is sufficient to establish specific jurisdiction.

64. Donais also voluntarily appeared at least three times simply as an "observer" in the MA court case at issue, and di so in 2020 and 2021.

65. Donais also engaged in private settlement negotiations of that MA case for over a year in 2021, and even offered a stipulation filing for me to sign to settle the case, but then withdrew it at the last minute.

66. These are more than sufficient to show specific jurisdiction, relatedness and purposeful availment.

67. Therefore, this case includes Donais' acts in MA acts.

68. In this instance, it is possible that two places have jurisdiction. In such instance, it is up to the plaintiff to choose the forum to prosecute his case. I have done so in this case electing MA as the forum of choice.

### Donais has Waived Personal Jurisdiction

69. Utilizing a court waives ability to deny personal jurisdiction.

70. The personal jurisdiction defense has been waived through litigation on the merits and is a fact-specific inquiry.

71. Assertion of the anti-slapp by Donais is an attempt by the defendant to actually litigate the case on the merits. Also, in doing so, he has waived personal jurisdiction by invoking a MA only statute that can only apply in MA and not in NH.

72. Moreover, active participation in litigation causes both the plaintiff and court "to have a reasonable expectation that it would defend the suit on the merits."  Donais asserted in state court in this case the intent to proceed on the merits in state court. See state court record in particular Donais' opposition to motion to default Donais.

73. The Massachusetts Supreme Judicial Court has ruled that a party can waive its challenge to personal jurisdiction by actively engaging in litigation after it timely asserts the defense in a responsive pleading. Am. Int'l Ins. Co. v. Robert Seuffer GmbH & Co. KG, No. 11418 (Mass., decided May 14, 2014) ("We conclude that, where a party raises the defense of lack of personal jurisdiction in a responsive pleading, the party's

subsequent conduct may in some circumstances result in a forfeiture of that defense. The determination whether a party's conduct will cause it to forfeit the right to contest the court's jurisdiction is fact specific and must be made on a case-by-case basis." ).

## Donais Regularly Visits MA/Frequently Travels to MA

74. Donais regularly visits and frequently travels to MA to visit family, engage in recreational activities, shopping, social events, alumni activities, as well as for work-related activities.

75. Any person who uses MA roads regularly consents to MA court jurisdiction.

76. For example, if Donais got into an accident while frequently using MA roads, would be subject to MA jurisdiction. Because any person who drives into Massachusetts would consent to local courts for any accidents occurring in the state, then Donais has consented to MA jurisdiction by virtue of his regular use of MA roads.

## HILLIARD DEFENDANTS' PERSONAL JURISDICTION
### Personal Jurisdiction for Upton & Hatfield

77. Upton & Hatfield has several partners that practice in MA.

78. Upton & Hatfield has many clients in MA.

79. Upton & Hatfield appears in numerous courts in MA through its partners and lawyers.

80. Upton & Hatfield thus has systemic continuous contacts with MA.

81. Upton & Hatfield has contacts with MA through its partner Hilliard.

82. Upton & Hatfield has contacts with MA in direct relation with this case through its partner Hilliard.

83. Upton & Hatfield partner Michael McGrath has had several appearances in MA courts.  He is a partner who currently sits on the MA board of bar of overseers. This is purposeful persistent continuous conduct in MA.

84. Upton & Hatfield partner Tim Sullivan has had several appearances in MA courts.

85. Minimum contacts are thus achieved through its partners.

86. Minimum contacts are achieved through Hilliard's contacts with MA.

87. Minimum contacts are achieved through its MA clients and MA client work and MA client representations in MA.

88. Upton & Hatfield participates in numerous events and conferences in MA to promote and solicit business in MA or to recruit employees. For example, Upton & Hatfield partner Heather Burns is an active member or participant in the MA trial academy for lawyers. Heather Burns, partner, spoke at the MA academy of trials attorneys in 2016 in MA. See **Exhibit 7**.

89. Specific personal jurisdiction exists where activity within the forum state is "continuous and systematic", persistent conduct.

90. As discussed by the Fifth Circuit, the United States Supreme Court has "embrace[d] the significance of a principal-agent relationship to the specific-jurisdiction analysis." In re Chinese-Manufactured Drywall Prods. Liab. Litig., 753 F.3d 521, 531-32 (5th Cir.2014) (citing Daimler AG v. Bauman, 134 S.Ct. 746 (2014)). Our Supreme Court recognized, in Bauman, that "a corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there…." In re Chinese-Manufactured Drywall Prods. Liab. Litig., 753 F.3d at 531 (quoting Bauman at 759 n. 13). Furthermore, where an agent carries on business at the behest of the principal, there is no basis for distinguishing between the business activities of the agent and the business activities of the principal. See In re Hydroxycut Mktg. & Sales Practices Litig., 810 F.Supp.2d 1100, 1117-1118 (S.D. Cal. 2011) (examining the difference between a true holding company and an agency relationship); see also, Bellomo v. Pennsylvania Life Co., 488 F.Supp. 744, 746 (S.D.N.Y. 1980). As this Court has noted: "[t]he key question is not whether an agency relationship technically exists under state law, but whether a sufficient relationship exists to attribute the agent's acts to the principal under the Due Process Clause." New Eng. College v. Drew Univ., 2009 U.S. Dist. LEXIS 98813, 2009 D.N.H. 158, *12 (Oct. 23, 2009) (citing Jet Wine & Spirits, Inc. v. Bacardi & Co., Ltd., 298 F.3d 1, 7 (1st Cir. 2002)).

91. The defendants should show the citizenship of each partner. Blanket statements are not acceptable.

92. The defendants analysis regarding personal jurisdiction over corporations does not apply in this case because Upton & Hatfield is a partnership.

### Personal Jurisdiction for Hilliard

93. Hilliard solicits business in MA.

94. Hilliard solicits clients in MA.

95.   He has obtained significant revenue from MA clients and from appearing in MA courts for 5 years at a time. He has maintained a continuous systemic persistent presence in MA cases for several years straight without break at a time.

96.   His litigation activity in MA spans a timeframe including in 1993 and up to 2018 and further into 2020, 2021, 2022. These are not involuntary random fortuitous or short-lived contacts in and with MA.

97.   Hilliard appeared in a case voluntarily providing affidavits and testimony in a MA case. See Devitri et al v. Cronen, et al. Civil Action No. 17-11842-PBS in 2017.

98.   Hilliard appeared in several other MA cases spanning several years. See **Exhibit 8**.

99.   He was involved in another case in MA superior court in 2022. See **Exhibit 9**.

100.   He has several pro hac vice appearances in MA in federal bankruptcy court, federal district court and in state superior courts.

101.   Hilliard also engaged in communications with me about the Middlesex superior court case. See **Exhibit 10**.

102.   Hilliard then appeared in the Middlesex superior court case on November 13, 2020.

103.   He cannot have his cake and eat it too.

104.   He purposefully and intentionally went out of his way to show up for a hearing in Middlesex superior court.

105.   Hilliard single contact with my Middlesex court case in 2020 is sufficient to meet the related aspect of specific jurisdiction.

106.   Hilliard contacts with settlement of my MA case against Donais is sufficient to meet the related aspect of specific jurisdiction.

107.   If a suit is based on only one contact in the forum state then it can still meet the connection or relatedness test. It is not required that every contact alleged in the complaint must arise from the forum state in order to meet specific jurisdiction.

108.   However, general personal jurisdiction exists where activity within the forum state is "continuous and systematic", persistent conduct.

109.   Hilliard, in signing the pro hac vice form in MA cases in federal court, he has to agree to being subject to MA jurisdiction for discipline and subject to MA rules of professional conduct and to the SJC and to the MA bar.

110.   He did so at 5 or more times.

111.   He also appeared as an expert witness in MA case and submitted affidavit to a federal court case in MA in 2017.

112.   Why has Hilliard representing people and entities in MA, appearing in MA cases if he does not want to be subject to MA court jurisdiction?

113.   To do it once or twice is one thing. To do it several times exemplifies intent to make a habit of it and to avail oneself of the benefits of practicing in MA, even as pro hac vice, and he then cannot turn around and say there is no minimum contacts.

## Hilliard Contacts With MA or MA cases

114.   Hilliard had contact with the Middlesex superior court in November 2020.

115.   He was negotiating to settle cases in both NH and in MA.

116.   The act of withdrawing from such settlement negotiations meant he was involved at some point.

117.   He and Donais later evidently saw an opportunity to seek a dismissal after withdrawing from settlement, by lying to the court saying that I lied to the court about "imminence of settlement" (which is not true), and to misuse the settlement so he withdrew in bad faith seeking a windfall instead. He and Donais effectively decided to prosecute the case instead of settling, and then he appealed to the NH supreme court to tie up the case after the NH superior court denied his frivolous motion to dismiss, and he has delayed the case.  He and Donais has friends/connections on the NH supreme court.

## Personal Jurisdiction Has Been Waived By Hilliard

118.   Noncompliance/obstructing the court leads to waiver. Hilliard obstructed service by sheriff. Hilliard lied in affidavit. This is a waiver. The court has the right to hold Hilliard accountable for fraud on the court.

119.   Hilliard's perjury to the court constitutes a waiver of personal jurisdiction. It was conduct subsequent to asserting personal jurisdiction defense in state court.

120.   The personal jurisdiction defense has been waived through litigation on the merits and is a fact-specific inquiry. Assertion of the anti-slapp is an attempt by the defendant to actually litigate the case on the merits.

121.    Active participation in the litigation caused both the plaintiff and court "to have a reasonable expectation that it would defend the suit on the merits."

122.    The Massachusetts Supreme Judicial Court has ruled that a party can waive its challenge to personal jurisdiction by actively engaging in litigation after it timely asserts the defense in a responsive pleading. Am. Int'l Ins. Co. v. Robert Seuffer GmbH & Co. KG, No. 11418 (Mass., decided May 14, 2014) ("We conclude that, where a party raises the defense of lack of personal jurisdiction in a responsive pleading, the party's subsequent conduct may in some circumstances result in a forfeiture of that defense. The determination whether a party's conduct will cause it to forfeit the right to contest the court's jurisdiction is fact specific and must be made on a case-by-case basis." ).

## PLAINTIFF HAS MADE PRIMA FACIE SHOWING OF PERSONAL JURISDICTION

### Craig Donais

123.    Donais has held himself out to the public as a lawyer practicing in Massachusetts via websites such as lawyer.com. Donais is directly responsible for promoting and selling his legal services to Massachusetts clients since 1996, and is thus subject to personal jurisdiction based on his own conduct and actions.

124.    In his motion, Donais represents to this Court that it has no ties to, or presence in, MA. But Donais previously represented to the New Hampshire Attorney Discipline Office (ADO), in attorney discipline complaint matter referred by a judge, in 2017, that he has an active law practice in MA. Donais' bald assertions that he is not present in MA are untruthful, at best.

125.    Donais has purposefully subject himself to and availed himself of the benefits of MA' courts and laws as counsel, filing civil action for damages against other defendants in Worcester, Middlesex and Bristol county superior courts, for example, and others.  Given that Donais purposefully availed himself of the benefits and protections of this state's laws and civil justice system—specifically related to his practice of law representing clients in this state—it is unreasonable for Donais to now urge this Court to find that it would be somehow unfair or unforeseeable for him to be a party in a MA court, which court was the very same court where he has appeared in as a lawyer representing clients and engaging in the practice of law. Donais is admitted to the Massachusetts bar which requires renewal every year including pay dues and signing paperwork as well as taking continuing legal education credits to maintain his admission. Donais is also admitted to this federal court which requires paying a fee, and application to be admitted to federal court. He is admitted to the first circuit.

126.    Particularly in light of his litigation history, Donais' jurisdictional defense rings hollow and should be rejected outright. Accordingly, Plaintiffs respectfully submit that Donais' Motion to Dismiss should be denied because he has waived personal jurisdiction.

127.    In assessing personal jurisdiction, a district court must decide whether contacts between the defendant and the forum are sufficient to satisfy the long arm statute and to comport with the Fourteenth Amendment's Due Process clause. See e.g., GT Solar, Inc. v. Goi, 2009 D.N.H. 156, *25 (D.N.H. Oct. 17, 2009).

128.    While the plaintiff bears the burden of establishing that the court has personal jurisdiction over a defendant, "[o]nly a prima facie showing is necessary to carry this burden where, as here, the defendant has challenged personal jurisdiction through a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure." Foss Mfg Co., LLC v. S Group Auto., LLC, C.A. 08-246-JL, 2009 U.S. Dist. LEXIS 26121, at *3 (D.N.H. Mar. 27, 2009) (citing Daynard v. Ness, Motley, Loadholt, Richardson, & Poole, P.A., 290 F.3d 42, 51 (1st Cir. 2002)). When considering whether a plaintiff has made a prima facie showing, a district court accepts the plaintiff's pleadings and evidence "as true (whether or not disputed) and construe[s] them in the light most congenial to the plaintiff's jurisdictional claim." Mass. Sch. Of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998). See also, Foster-Miller, Inc. v. Babcock v. Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995). Facts proffered by defendant are considered, but only to the extent they are not disputed. Mass. Sch. Of Law at Andover, Inc., 142 F.3d at 34.

129.    NB: The prima facie standard is necessary where, as here, jurisdictional facts are intertwined with the merits. See Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).  Also, "a court considering a motion to dismiss on personal jurisdiction grounds may properly consider documents attached to an opposition, even if they contain hearsay, so long as the evidence 'bears circumstantial indicia of reliability.'" Presby Patent Trust v. Infiltrator Sys., 2015 U.S. Dist. LEXIS 715672, 2015 D.N.H. 111 (D.N.H. 2015)(quoting Akro Corp. v. Luker, 45 F.3d 1541, 1546-47 (Fed. Cir. 1995)).

130.    Massachusetts' law allow personal jurisdiction in cases, such as this, where the defendant committed a tortious act resulting in an injury in the forum state, where the out-of-state defendant solicits business from, or

conducts business in, the forum state, or where the cause of action otherwise arises in the forum state. Furthermore, most states' long arm statutes provide that the conduct giving rise to jurisdiction can be committed by or through an agent.

131.    It is well settled that principles of personal jurisdiction are founded on traditional notions of "fair play and substantial justice" and the primary inquiry is whether the defendant had minimum contacts with the forum. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 464 (1985). In assessing the "minimum contacts" necessary to give rise to personal jurisdiction, the First Circuit looks at three factors: (1) relatedness, (2) purposeful availment, and (3) reasonableness. See Negron-Torres v. Verizon Commc'ns, Inc., 478 F.3d 19, 24 (1st Cir. 2007). In a tort action, like the claims in this case, courts look at whether the defendant's conduct caused the Plaintiffs' injuries. See e.g. Mass. Sch. of Law, 142 F.3d at *21-22. Our Supreme Court has consistently rejected the notion that the absence of physical presence can defeat personal jurisdiction because "it is an escapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications." Burger King Corp., 471 U.S. at 476. Thus, the relevant question is not necessarily whether Donais is physically present in the forum, but whether he directed his conduct there—either directly, or indirectly." See id.

132.    Plaintiffs' well-pled allegations in the complaint, as well as Plaintiffs' oppositions and supplement, clearly establish a prima facie showing of personal jurisdiction. In examining the factors, it is evident that: (1) Plaintiffs' claims plainly arise out of Defendants' contacts with the forum state—namely Defendants directed sales of their legal services to the forum state, where Plaintiff was injured such that Donais is liable directly as an attorney based on his actions and/or actions of his agent or co-conspirator; (2) Donais purposefully availed himself of the benefits of the forum state by benefitting from sales of services there, and by engaging in legal action in various courts throughout this state; and (3) asserting personal jurisdiction over Donais would be reasonable in light of the fact that Defendants are represented by the counsel with home office in Boston, such that any supposed burden seems quite low, the forum state has an interest in adjudicating their injured citizens' claims, Plaintiff has a strong interest in obtaining convenient relief by way of this case in this forum state similarly, this Court has an interest in the most effective resolution.

133.    NB: The reasonableness inquiry turns on an examination of the following "Gestalt factors": (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies. See, e.g., Adelson v. Hananel, 510 F.3d 43 (1st Cir. 2007).

134.    For purposes of this motion to dismiss, Plaintiff's pleadings must be taken as true, and must be construed most strongly in favor of the plaintiff. See Mass. Sch. Of Law at Andover, Inc., 142 F.3d at 34. Aside from the factual averments of the Complaint, publicly-available documents further demonstrate that Donais holds out his law services to Massachusetts.  See, legal  advertisement, attached to Affidavit as Exhibit 2. While Plaintiff is not required to prove his factual allegations at this stage of these proceedings, the facts nonetheless demonstrate that the assertions of "fact" in the Declaration filed in support of Donais/Hilliard motion are inaccurate, at best.19 At a minimum, a factual dispute exists regarding statements made by Hilliard, and statements made Upton & Hatfield regarding their citizenship.

135.    Furthermore, as Defendants' affidavits and factual averments are heartily disputed by Plaintiff, it need not be considered. See, e.g., Mass. Sch. Of Law at Andover, Inc., 142 F.3d at 34.

136.    Donais defense counsel's representations to this Court flatly contradicts prove or provable facts provided or asserted by plaintiff.

137.    The publicly-available information provides more than sufficient evidence to support personal jurisdiction over Donais.

## Donais Law Office

138.    Donais is "the same as" Donais Law Office and that Donais "does business as" Donais Law Office. The law provides that an attorney law office, such as Donais, may be subject to personal jurisdiction based on the contacts of its principal, Donais here, under alternative theories, which also form the basis of liability including agency and alter ego. Donais has not contradicted this basis for liability of Donais' law office. The contacts of its principal should be imputed to Donais Law Office and Donais Law Office should be held to answer for the claims asserted by the plaintiffs in this case.

139.    Furthermore, Donais' actions should be imputed to Donais Law Offices because it is merely the alter-ego or instrumentality of Donais.

140.    Donais' motion should be denied on its face based on one or all of the following: (1) waiver, (2) direct liability for conduct (3) Donais' statements is contradicted by his other representation that he has a law practice in MA; and/or (4) the contacts imputed to him

141.    While facts proffered by defendant are considered, they are considered only to the extent they are not disputed. Mass. Sch. Of Law at Andover, Inc., 142 F.3d at 34. Here, Hilliard's affidavit is, at best, disputed fact.

142.    Donais has purchased malpractice liability insurance covering him in MA as shown on the Mass Bar website. This further indicates jurisdiction over Donais as the purchase of liability protection for his law practice in MA suggests purposeful availment of the protections of his practice in this state. NB: This purchase of liability insurance also covers Donais law office evidences Donais law office' assumption of Donais' liabilities, but also Donais' alter ego liability (and, consequently, alter ego jurisdiction). Najran Co. for Gen. Contracting and Trading v. Fleetwood Enterprises, Inc., 659 F.Supp. 1081, 1088-92 (S.D.Ga. 1986) (Factors relevant to parent's alter ego liability for subsidiary include whether the parent provides insurance coverage to subsidiary and whether same policy covers parent and subsidiary).

143.    Similarly, if an agent is an alter-ego of its principal, then the principal can be subject to jurisdiction based on the agent' contacts. As observed in Patin v. Thoroughbred Power Boats, Inc., "federal courts have consistently acknowledged that it is compatible with due process for a court to exercise personal jurisdiction over…a corporation that would not ordinarily be subject to personal jurisdiction in that court if the…corporation is an alter ego that would be subject to personal jurisdiction in that court." 294 F.3d 640, 653 (5th Cir.2003)." In re Lyondell Chemical Co., the court recognized as follows:

> Under the federal law governing the exercise of in personam jurisdiction, if…one corporation [is] the alter ego of another, the Court may 'pierce the corporate veil' jurisdictionally and attribute 'contacts' accordingly. It is well established that exercise of personal jurisdiction over an alter ego corporation does not offend due process…. [A] plaintiff demonstrates that an entity is the alter ego of another entity for jurisdictional purposes when one entity "exerts greater than normal control" over the other or one entity is merely an empty shell. A plaintiff need not show that the allegedly "sham" corporate structure laid out in a complaint was used for an evil purpose, but must demonstrate that "it would be unfair under the circumstances not to disregard the corporate form."

144.    See also Southern New England Tel. Co. v. Global NAPs, Inc., 624 F.3d 123, 139 (2d Cir.2010) ("Under federal common law,…[the plaintiff] need only demonstrate that it would be unfair under the circumstances to disregard the corporate form" to establish alter ego jurisdiction).

145.    Finally, "it should be noted that the alter ego test for attribution of contacts personal jurisdiction, is less stringent than that for liability."Stuart v. Spademan, 772 F.2d 1185, 1198, (5th Cir. Tex. Oct. 7, 1985). See also, Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir.1981).

146.    The facts available to Plaintiff demonstrate that Donais law office is, at best, an agent and alter ego of Donais.

147.    It is not clear if Donais Law Office exists only nominally at this point, as Donais has taken up an affiliation with another firm recently. See, e.g., Avanti Hearth Prods., LLC v. Janifast, Inc., 2010 WL 3081371, *5 (W.D.N.C.2010) ("Such a dismissal [for personal jurisdiction] may perpetrate the injustice of allowing [the defendant corporation] to limit its potential liability by claiming insolvency and/or by moving its assets to one of its alleged alter egos…. Alter ego theory aims to prevent such injustices…."); MSA Prods., Inc. v. Nifty Home Prods., Inc., 2014 WL 197881, *3 (D.N.J.2014) ("hallmarks" of abuse of corporate form include "undercapitalization of the subsidiary rendering it judgment-proof."); Southern New England Tel. Co., supra at 139 (pleading "improper use of corporate form" is "easily satisfied by the allegation that [the parent] structures [its subsidiaries] such that those companies that incur the liabilities are also those without assets to satisfy them.").

148.    As with the alter ego analysis, "[a] core concern in … personal jurisdiction cases is fairness." Bristol Myers Squibb Co. v. Sup. Ct. of CA, et al, 582 U.S. ___ (2017) (Sotomayor, J., dissenting). It would be patently unfair to dismiss given the facts supporting alter-ego jurisdiction. Accordingly, Donais law office' Motion should be denied because it is subject to personal jurisdiction based on the imputed contacts of its alter ego Donais.

149.    Discovery is Necessary

150.    Donais' Motion should be denied because Plaintiff has made a prima facie showing of personal jurisdiction. If the Court does not deny the motion to dismiss, however, the fact-intensive issues regarding personal jurisdiction should only be decided after Plaintiffs have had the opportunity to discover all relevant facts bearing on these issues, as this motion to dismiss, necessarily entails a number of fact-specific and fact-

intensive inquiries, which requires discovery be conducted before any decision. As a result, Plaintiff is/has simultaneously moved, in the alternative, for leave to conduct discovery limited to personal jurisdiction. NB: Pursuant to Local Rule 7.1(a), Plaintiff is also filing a Motion for Leave to Conduct Discovery Limited to Personal Jurisdiction as a separate pleading with a separate memorandum.

## Mary Donais

151.  Mary Donais works with and assists Craig Donais in his law practice and, on information and belief, is either an employee or agent or principal of Donais Law Office. Discovery will flesh this out further.

152.  The acts of Donais and Donais law office are imputed to Mary Donais and vice versa. All allegations made in this complaint about Craig Donais therefore applies to Mary Donais.

153.  As stated before, Mary Donais also regularly travels to MA and avails herself of the benefits and protections of MA including for work activities for Donais/Donais law office.

## ANTISLAPP MOTION

### Complaint Alleges Non-Petitioning Activities Throughout All Claims and So Antislapp Cannot Apply

154.  The defamation claim is based on clear non-petitioning activities as well as petitioning activities.

155.  The defamation claim cannot be subject to antislapp dismissal.

### Anti-Slapp does Not Apply To Legal Malpractice Claims

156.  My complaint alleges legal practice as the core basis from which almost all claims springs forth from.

157.  Donais committed legal practice against me in several ways as noted below.

158.  Donais failed to disclose a conflict to me and failed to seek consent to waive the conflict before representing the opposing party in the same case he entered in a contract (implied) or fiduciary duty with me on. Donais failed to get a waiver of the conflict from me.

159.  Donais also failed to protect my client confidentiality and misused client confidential conversation as an opportunity to make fraudulent misrepresentations about said conversation to others.

160.  Donais divulged client confidential information protected by attorney-client privilege to the police. Donais' statements to the police did not require or necessitate divulging this client confidential information, which again was misused as an opportunity to make fraudulent misrepresentations about said conversation to others.

161.  Donais engaged in a breach duty of loyalty to plaintiff regarding communications to police in 2019.

162.  Donais violated rules of professional conduct regarding conflict of interest and regarding client confidentiality.

163.  This constitutes both breach of contract and breach of fiduciary duty as an attorney. This is also essentially legal malpractice.

164.  An antislapp motion will ordinarily not be sustained as to a professional negligence or breach of fiduciary duty claim, since the gravamen of the lawsuit is not the attorney's petitioning or litigation activity per se, but rather the attorney's decisions, actions or omissions which resulted in the petitioning or litigation activity. See Freeman v. Schack, 154 Cal.App.4th 719 (Distr. 1, 2007) (Attorney sued by clients for allegedly switching sides in the middle of antitrust litigation could not prevail on special motion to strike where causes of action for negligence and breach of fiduciary duty were not within the scope of Anti-SLAPP protections.). See also Hylton v. Frank E. Rogozienski, Inc., 177 Cal.App.4th 1264 (Distr. 4, 2009) (Attorney defendant filed special motion against former client's professional negligence claim on the basis that the claim arose from attorney's petitioning activity. The special motion was denied on the basis that the gravamen of the client's claim was for attorney's negligence in client's representation, not the petitioning activity itself.).

165.  Hilliard aided and abetted Donais in breach duty of loyalty to plaintiff regarding communications to police in 2019.

### Waiver of Personal Jurisdiction

166.  By seeking anti-slapp motion, the defendants waived personal jurisdiction. This is seeking affirmative relief. They cannot seek affirmative relief of MA state while contending there is no personal jurisdiction.

167.  Antislapp is an attempt to adjudicate on the merits of the case. It invokes summary judgment procedure.

168.  Antislapp must be resolved first, so personal jurisdiction is waived before the court can get to personal jurisdiction. The defendants should have

169.  A defendant assert antislapp under the laws of MA while asserting MA has no jurisdiction. This is a fundamental contradiction.

### Recent Supreme Court Case Refutes Applicability of Antislapp in Federal Court

170.    A recent US supreme court case in 2019 establishes that the antislapp does not apply in federal court. See Yagman v. Colello, 139 S.Ct. 823 (2019).

171.    It should be noted that the first circuit issued an opinion in 2010 (Godin v. Schencks, 629 F.3d 79, 1st Cir. 2010) stating that the Maine antislapp statute can apply in federal court.

172.    Later, in 2016, Judge Denise Casper applied this to the MA antislapp statute. See Steinmetz v. Coyle & Caron, Inc. , No. 15-cv-13594-DJC, 2016 WL 4074135 (D. Mass. July 29, 2016).

173.    That case appealed to the First Circuit Court of Appeals in 2017. See Steinmetz v. Coyle & Caron, Inc., 862 F. 3d 128 - Court of Appeals, 1st Circuit 2017. However, the First Circuit did not reach a decision but kicked it back to the MA supreme judicial court, stating that "as there is no controlling precedent from the SJC on this determinative question of state law, we certify it for resolution by that court." NB: It is not clear whether there has been any resolution by the First Circuit on this issue thereafter.

174.    Since then, however, this US supreme court Yagman v. Colello decision came down in 2019 and arguably supersedes both Judge Casper's 2017 opinion and the First Circuit's 2010 opinion as well as any subsequent holding by any other court.

175.    This US supreme court opinion is relevant to this case as it arguably supersedes the above.

176.    The US supreme court essentially ruled that the federal rules of procedure effectively "answers the same question" as the MA antislapp statute and therefore the federal rules of procedure preempts or trumps the MA antislapp statute.

177.    Similarly, the requirement that affidavits be provided with the antislapp papers defeats federal rule 11.

178.    These points deserve closer scrutiny in light of the recent US supreme court case.

179.    Furthermore, the Massachusetts anti-SLAPP statue violates the critical right to a jury trial.

180.    As this very court has also noted in the past, the antislapp statute may not be "constitutional when tested against the Seventh Amendment," and it may " impinge on the parties' Seventh Amendment right to a jury trial, inasmuch as it would require this Court to make factual findings and credibility determinations that the Constitution reserves to a properly constituted jury of the people" and that "such findings are reserved to the fact-finder and, absent the parties' waiver of their right to a trial by jury, are not properly within the Court's domain" and that "ironically, the procedural devices upon which the common anti-SLAPP statutory model relies is one that excludes those very citizens from participation, frequently placing juror fact-finding in the hands of trial judges". See Hi-Tech Pharm., Inc. v. Cohen, 208 F. Supp. 3d 350, D. Mass 2016.

181.    Specifically, the court should not have to weigh the credibility of the parties' respective affidavits, to "impose some sort of rough justice based on affidavits — those 'Potemkin Village[s] of today's litigation landscape … all lawyer-painted façade and no interior architecture", as this court has stated in the past. Hi-Tech Pharm., Inc. v. Cohen, 208 F. Supp. 3d 350, D. Mass 2016.

182.    Because the Massachusetts anti-SLAPP statute is not intended to allow for the dismissal of meritorious claims, I ask the court to revisit this issue more closely in light of the recent Yagman US supreme court case.

### Anti-slapp Does Not Apply to Allegations of Criminal Conduct

183.    Donais' alleged criminal conduct includes perjury, witness tampering, hate crime based on race/racial stereotyping, criminal libel, submitting a false police report, falsification by affidavit, etc.

184.    The antislapp does not apply to alleged criminal conduct.

185.    These allegations are interwoven throughout the complaint and are also intertwined with other non-petitioning activity.

186.    Therefore, the antislapp cannot apply in this case.

### NH Statements Are Not Subject to AntiSlapp Statute

187.    Statements that are alleged to be petitioning activity took place in NH. This is conceded by defendants.

188.    Thus the statements in NH are not subject to antislapp law or protection because NH does not have an antislapp law.

### Antislapp Does Not Apply to Commercial Speech

189.    Hilliard's acts of reaching out unsolicited to the firms or organizations of lawyers that I was working with, in order to create conflicts resulting in termination of legal assistance to me by said lawyers on account of Hilliard's contacts with their firms, represents intentional inference with contractual relations or advantageous

relations. This also represents commercial speech because it ostensibly involved attempts at recruitment or solicitation. This is not protected by the antislapp statute.

190.   See Kostura v. Judge, 627 S.W.3d 380 (Tex.App.Amarillo 2021)(After terminating partner, law firm sent letters to clients announcing the termination. Partner sued law firm for defamation and related causes of action for sending the letter. On appeal, the law firm's special motion was granted on the basis that the letter was in the nature of commercial speech which was not within the scope of the Texas Citizen's Participation Act.).

### A Valid contract defeats the antislapp

191.   I had a valid implied attorney client relationship with Donais and a valid implied contract. This is additional grounds that invalidates application of the antislapp law.

192.   See M.A. Mills, P.C. v. Kotts, 640 S.W.3d 323 (Tex.App.Distr. 14, 2022)(Attorney sued client for failing to honor business management agreement, and client filed a special motion asserting its rights to free association (or, rather, disassociation in this case). The special motion was denied because, although attorney's complaint did relate to the right of association, the contract was valid and attorney could make a prima facie case as why he should recover.).

### Reasons Why I Could Not or Did Not File Suit to Chill Petitioning

193.   I initially filed suit against Donais for the similar claims in January 2020 both in MA and NH.

194.   I brought these suits before any purported or alleged petitioning activity by Donais in June 2019 and August 2020.

195.   Donais' communications with the police in June 2019 were not disclosed to me until around the summer of 2020.

196.   Donais' communications with the police in August 2020 were not disclosed to me until around October of 2020.

197.   These events did not occur at the time I first brought suit against Donais seeking damages for defamation and breach of fiduciary duty.

198.   The events of July and August 2020 did not occur at the time I filed suit in early 2020.

199.   Those claims could not have been brought to chill petitioning

200.   It should be noted that the NH superior court case filed in January 2020 involved 21 defendants including the Hilton Hotels defendants and Craig Donais as a (lesser) individual but related defendant. The claims against the Hilton Hotel defendants survived a motion to dismiss and prevailed in a preliminary injunction hearing, resulting in the Hilton Hotels suggesting mediation. This case was this established as meritorious. The claims, after some hiccups in the settlement process, and after re-filing the case in January 2020, were later fully settled by all (20) defendants except Donais, who backed out of the settlement at the last minute before the signing of the settlement agreement. Donais then sought to instigate the resurrection of the Hilton case in NH superior court as the only remaining defendant and immediately sought dismissal. The NH superior court soundly denied Donais motion to dismiss, twice, including a motion to reconsider. Donais, not to daunted, then sought appeal to the NH supreme court and the case has been stayed there for the past year or so because of a conflict of interest by at least 4 NH supreme court justices, out of 5, due to the connections that Donais has with the NH supreme court. This goes to the venue and transfer issue as well because of Donais and Hilliard's pervasive connections in NH and NH courts requiring recusal of at least 3 or 4 other superior court judges thus far. I cannot obtain a fair trial in that environment of pervasive conflicts in a small legal community of NH. Similarly, almost all the lawyers in NH that I contacted were conflicted out because of Donais and Hilliard.

201.   Similarly, the concurrently filed MA Middlesex superior court case in January 2020, was first stalled because of Covid in 2020 and then in 2021, was subject to the shenanigans of off the record interference by Donais with clerk staff and later was dismissed for lack of service of process to Donais (i.e., statutory 1-88 dismissal without prejudice and not on the merits), which Donais has lied about, even though he did receive service. The matter has been on appeal with the MA appeals court and has been stayed as well due to an issue with incorrect transcripts needing to be revised but there has been delays by the transcriber in revising/correcting them). However, it is anticipated that the appeal will be resolved soon. If the appeals court vacates the dismissal, then the case will resume in the Middlesex superior court with some of the same claims in this case. This will mean that there could end up being conflicting orders between this court and the state court. This is why I asked this court to stay this case until resolution of the state court appeal.

202.   Because of these appeals on both the NH superior court case, which has been stayed for some time, and because the Middlesex superior court is on appeal, then I had to file another case in MA superior court in June

2022, in order to preserve the statute of limitations of the events that occurred in June 2019 and August 2020. I simply added the events of 2019 and 2020 as continuing acts of the defendants. Because I could not have brought the initial claims to chill petitioning activity that I did not even know about, then provides clear proof that this case could not have been brought to chill petitioning activity.

203.    It should be noted I also filed a police complaint, prosecuted an ADO complaint in NH, filed a bar complaint in MA, filed appeals in both NH and MA,  filed a public records suit, and civil suits, all in attempt to get at the truth and prove that Donais damaged and injured me.

204.    NB: Judge Barry-Smith of the Middlesex superior court in November 2020, in a jurisdiction amount hearing to remain in superior court, found that defamation claims were valid and could yield damages above $50,000.  This is further evidence that my claims are valid, meritorious and caused me injury for which I seek to recover and is not brought to chill petitioning.

205.    NH found no dismissal; MA found merit to stay in superior court;

206.    It should be noted also that Judge Paul Moore of the NH Nashua circuit court found that Donais should be disqualified for engaging in a conflict of interest which is evidence that my breach of fiduciary and breach of contract claims are valid, meritorious and caused me injury.

207.    The original Hilton Hotels case settled which shows merit to my claims. Donais has argued failure to state a claim in his motion to dismiss which is a tacit admission to the validity to my claims and he also engaged in settlement negotiations for over 1 year on these claims, which again shows validity and merit as Donais would engage in such settlement negotiations if he believed there was no merit to my claims.

208.    All of this goes to showing no intent or motive to chill ay purported petitioning.

### Purported Petitioning Activity Was a Sham for Defamation, Intimidation/Harassment and Breach of Loyalty and thus Any Purported Petitioning is Devoid of Reasonable Factual Support

209.    Defamation claim is intertwined with petitioning and non-petitioning

210.    Donais did not do any affidavit for his motion to dismiss Why? This failure shows that any petitioning is devoid of factual support.

211.    Hilliard's affidavit deals only with personal jurisdiction. But he lies in it about only receiving first class mail on May 11, 2023 for service of process for the amended complaint only. His affidavit is impeached and should be disregarded by the court. He not only lies but give misleading information about his contacts with MA.

212.     Hilliard was petitioning activity  for Donais. Hilliard was not petitioning himself.

### Litigation Privilege Activity Should Not Be Conflated With Petitioning Activity

213.    Defendants conflate arguments for litigation privilege with arguments for petitioning activity. Something could be subject to litigation privilege but not be petitioning activity. Simply making a statement in connection with a litigation does not make it petitioning activity. If called as a witness or defending a suit, that is not petitioning. Petitioning must be initiated by a party.

### Courts Must Be Cautious With Granting Antislapp Motions

214.    The Massachusetts Supreme Judicial Court recently expressed the following concern with the anti-SLAPP statute and case law:

> "Although originally drafted with a particular purpose in mind -- that is, the prevention of lawsuits used by developers to punish and dissuade those objecting to their projects in the permitting process -- the anti-SLAPP statute's broadly drafted provisions, particularly its wide-ranging definition of petitioning activity, have led to a significant expansion of its application. The ever increasing complexity of the anti-SLAPP case law has also made resolution of these cases difficult and time consuming. We recognize that this case law may require further reconsideration and simplification to ensure that the statutory purposes of the anti-SLAPP statute are accomplished and the orderly resolution of these cases is not disrupted." (Citations omitted.) Exxon Mobil Corp., 489 Mass. at 728 n.5.

215.    Furthermore, we have difficulty reconciling the admonition that a judge should be cautious in ending a party's petitioning activity at the early stage of a litigation with a standard that places the burden of proof on the nonmoving party, requires the judge to be fairly assured that the burden is met, and leaves this determination to judicial "discretion" after considering each claim "holistically in light of the litigation." Blanchard II, 483 Mass. at 203-205, 207, 210. In other contexts, dismissing a case at an early stage of the litigation requires a far more exacting burden on the moving party and, typically, requires that we view allegations or evidence in the light most

favorable to the nonmoving party. See, e.g., Dunn v. Genzyme Corp., 486 Mass. 713, 717 (2021) (in context of motion to dismiss, court must accept facts asserted in complaint as true and draw all reasonable inferences in plaintiff's favor); Casseus v. Eastern Bus Co., 478 Mass. 786, 792 (2018) (summary judgment standard is "whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law" [citation omitted]). See note 14, supra.

216.    The donais' communications to the police, to the MA court, and in the private settlement negotiation of the MA case cannot constitute the basis for application of the antislapp law.

217.    Similarly, Hilliard's assisting with Donais' communications to the police, and assisting in the private settlement negotiation of the MA case cannot constitute the basis for application of the antislapp law. And Hilliard's assertion of non-representation of Donais in the MA case cannot form the basis of antislapp assertion.

218.    Both Donais and Hilliard conveniently leaves out communications by Donais and Hilliard to other attorneys, to family, to friends, etc., all of which do not constitute petitioning activity cannot constitute the basis for application of the antislapp law.

## FURTHER ARGUMENTS
### Litigation Privilege Does Not Apply

219.    First, the litigation privilege is an affirmative defense. It is something that is asserted in an answer after conceding the facts or validity of the facts. It is not a defense asserted under rule 12b. It is not an antecedent defense that operates prior to looking at facts pertaining to the causes of action of the complaint itself.

220.    The key case that addresses this defense is Patriot Group, LLC v. Edmands, 96 Mass. App. Ct. 478, 484–485 (2019). See attached.

221.    It should be noted that the Donais defendants do not assert the litigation privilege. This is a tacit concession or admission that the statements alleged to be defamatory or wrongful are not protected by litigation privilege and that the statements are false and are not properly connected to any judicial proceeding.

222.    It is only Hilliard that asserts the litigation privilege based on him purportedly representing Donais. However, the assertion of litigation privilege by Hilliard fails on several fronts.

223.    The litigation privilege, which concerns non-evidentiary areas, basically is a defense to suit. See Mass. G. Evid. Art. V(h)(1) (2019). Where it applies, "[w]ritten or oral communications made by a party, witness, or attorney prior to, in the institution of, or during and as a part of a judicial proceeding involving said party, witness, or attorney are absolutely privileged even if uttered maliciously or in bad faith." Id. at 93. Such "[s]tatements made in the course of a judicial proceeding that pertain to that proceeding are . . . absolutely privileged and cannot support [civil liability]." Correlas v. Viveiros, 410 Mass. 314, 319 (1991).

224.    A party claiming the privilege must have "serious[ly] consider[ed]" litigation "in good faith." Mack v. Wells Fargo Bank, N.A., 88 Mass. App. Ct. 664, 667 (2015), quoting Sriberg v.Raymond, 370 Mass. 105, 109 (1976). Consequently, the party asserting the privilege "must do more than speculate about the possibility of a judicial proceeding in the future." Harmon Law Offices, P.C. v. Attorney Gen., 83 Mass. App. Ct. 830, 838 (2013).

225.    The litigation privilege protects an attorney's statements made while "engaged in his function as an attorney," both during and prior to litigation. Mack, 88 Mass. App. Ct. at 669, quoting Sriberg, 370 Mass. at 109.

226.    The litigation privilege does not apply when the individual claiming the privilege "was neither 'a party, counsel [n]or witness in the institution of, or during the course of, [that] judicial proceeding' when [the individual] engaged in the conduct complained of." Mack, supra at 668, quoting Sriberg, supra at 108. Moreover, the privilege does not "encompass attorneys' conduct in counselling and assisting their clients in business matters generally." Mack, supra at 667, quoting Kurker v. Hill, 44 Mass. App. Ct. 184, 192 (1998).

227.    The party asserting the litigation privilege bears the burden of showing that a particular communication is privileged. Mack, 88 Mass. App. Ct. at 668. A judge determines whether the litigation privilege applies "on a case-by-case basis, after a fact-specific analysis, with a proper consideration of the balance between a plaintiff's right to seek legal redress for injuries suffered and the public policy supporting the application of such a strong protection from the burdens of litigation." Fisher, 69 Mass. App. Ct. at 365-366.

228.    In order for the litigation privilege to apply, the key inquiry is "whether a proceeding is sufficiently judicial or quasi judicial in nature." Id. at 366.

229.    A proceeding which included "the right to counsel, the right to present evidence, the right to cross-examine adverse witnesses, and the threat of perjury," constituted a "quasi judicial" proceeding. Id. at 369.

230.    In Fisher, we determined that "the State police trial board possesses the authority and provides the procedural protections that differentiate a quasi judicial board from one that merely performs an

administrative function." Id. See Visnick v. Caulfield, 73 Mass. App. Ct. 809, 813 (2009) (holding that statements made in letter regarding intention to file complaint with Equal Employment Opportunity Commission covered by litigation privilege because such proceedings are "sufficiently judicial in nature").

231.    As to both Donais' responses to the ADO complaint and his statements to the police, Hilliard has not met his burden to show that the litigation privilege bars plaintiff's claims against Hilliard. See Harmon Law Offices, P.C., 83 Mass. App. Ct. at 838.

232.    Accordingly, it is error to apply the litigation privilege in this case.  If there is no litigation privilege for Hilliard, there can be no petitioning activity by Hilliard.

### Donais' ADO Proceedings

233.    In the absence of any litigation (or even a suggestion that one seriously was considered in good faith by Hilliard), the litigation privilege is unavailable. See Mack, 88 Mass. App. Ct. at 667.

234.    Hilliard failed to submit sufficient facts or other information reasonably conclude that the ADO proceedings were "judicial or quasi-judicial in nature," thus triggering the absolute litigation privilege. Fisher, 69 Mass. App. Ct. at 366.

235.    The  responses to the ADO did not have to be and were not filed under the penalty of perjury with this agency. However, the Fisher case requires more in order to deem an administrative proceeding as judicial or quasi judicial, namely, the presentation of evidence, cross-examination of adverse witnesses, and a decision by an impartial decision maker. See id. at 369. The instant case, thus, is easily distinguishable from Fisher, where it was held that the judge erred in determining that a State police trial board hearing, conducted under State police rules and regulations, was not a proceeding sufficiently judicial or quasi judicial in nature to apply the litigation privilege. Id. at 367-369. There, the Fisher court held that a State police trial board hearing is "'a formal administrative proceeding,' . . . which, as the Supreme Judicial Court has noted, 'appears analogous to a military court martial board.'" Id. at 367, quoting Burns v. Commonwealth, 430 Mass. 444, 448 n.6, (1999). We stated in Fisher:

236.    "[T]he State police trial board possesses the authority and provides the procedural protections that differentiates a quasi judicial board from one that merely performs an administrative function. The safeguards built into the hearing process serve to reduce the need for tort actions to control injurious statements or testimony. . . . The procedural due process protections featured at trial board hearings, including the right to counsel, the right to present evidence, the right to cross-examine adverse witnesses, and the threat of perjury, also serve to enhance the reliability of the evidence to be assessed by impartial decision-makers." Fisher, supra at 369.

237.    Unlike the State police trial board hearings that deemed quasi judicial in Fisher, Hilliard failed to present any basis to support a conclusion that the ADO claims are resolved through a judicial or quasi judicial proceeding. No authority -- statutory, regulatory, case law, or otherwise – is presented that suggests that that the ADO proceedings provide for the presentation of evidence by plaintiff, cross-examination of witnesses by plaintiff, etc. Rather, ADO complaints are resolved as part of the agency's administrative functions. See Fisher, 69 Mass. App. Ct. at 369 (outlining "procedural protections that differentiate a quasi judicial board from one that merely performs an administrative function"). Hilliard therefore failed to meet his burden to show that the ADO proceedings are judicial or quasi judicial in nature. Given the lack of a judicial or quasi-judicial proceeding, Hilliard cannot invoke the litigation privilege as a bar to plaintiff's claims. See Harmon Law Offices, P.C., 83 Mass. App. Ct. at 838 ("even assuming that the requested documents constitute statements or communications, they do not relate to . . . contemplated or instituted [judicial or quasi judicial proceedings]").

238.    Also, the plaintiff has not invoked any court proceeding in which Hilliard represented Donais as a basis for claims or to recover. In none of these court proceedings has the plaintiff alleged statements were made as a basis for defamation or any other claim.  Hilliard cannot claim litigation privilege for any of that. For the MA court case, Hilliard cannot have it both ways. He avers that he did represent Donais in any MA court matter. The only court matter that plaintiff has alleged a claim is pertaining only to the MA Middlesex superior court case. Hilliard says he did not represent Donais in that case. So which is it?

239.    Although Hilliard did not represent Donais in the MA court matter, Hilliard appeared with Donais in that court matter and communicated with plaintiff about that court matter in terms of receiving notice for hearings etc. Just like in Patriot case, Hilliard involved himself in a court matter where he did not officially represent Donais, he was involved as a friend or colleague or mentor of some kind.

240.    The ADO in NH, like the IRS or SEC is not a proper adjudication forum, as it is special in character different from a judicial proceeding and is more administrative than judicial. Thus, litigation privilege does not

apply. If it does apply, it is only a qualified privilege subject to factfinding and false statements with malice voids any privilege. Similarly, it is not petitioning but if it is treated as petitioning, it is false or sham petitioning devoid of facts or truth.

### Donais police statements

241.    Similarly, the statements to the police cannot provide a basis for Hilliard's litigation privilege defense.

242.    When Donais and Hilliard sent the email to the police, there was no proceeding. Any potential or possible criminal complaint was closed. Hilliard did not announce that he was counsel or tell the police he was counsel. Similarly, plaintiff alleges that Hilliard engaged in this conduct as a friend, colleague or mentor, nor as attorney representing Donais.

243.    When Hilliard assisted with the defamatory email to the police, he was not "engaged in his function as an attorney" with respect to any proceedings, and, thus, that cannot trigger the litigation privilege as to plaintiff's defamation claims against Hilliard. Mack, 88 Mass. App. Ct. at 669, quoting Sriberg, 370 Mass. at 109 ("it is undisputed that the statements and actions about which the plaintiff complaints were 'made by an attorney engaged in his function as an attorney . . . in the institution or conduct of litigation or in . . . communications preliminary to litigation'").

244.    Hilliard aided and abetted Donais in defaming plaintiff. Donais committed the relevant tort, Hilliard knew Donais was committing the tort, and Hilliard actively participated in or substantially assisted in Donais' commission of the tort. See Go-Best Assets Ltd. v. Citizens Bank of Mass., 463 Mass. 50, 64 (2012). Hilliard also engaged in a civil conspiracy with Donais to defame Plaintiff, where Hilliard "knew that the conduct of [Donais] . . . constituted" defamation and "substantially assisted [Donais] in or encouraged that conduct." Baker, 91 Mass. App. Ct. at 847-848.

245.    "[a]n allegation that [clients had] acted under the legal advice of the [their attorneys], without more, is insufficient to give rise to a claim that [the] attorney[s are] responsible to third persons for the. . . acts of [their] clients." Id. at 848, quoting Spinner v. Nutt, 417 Mass. 549, 556 (1994).

246.    Plaintiff's allegations, accepted as true, "'plausibly suggest[]' . . . an entitlement to relief" (citation omitted). Iannacchino, 451 Mass. at 636. As to the aiding and abetting claim, the complaint sufficiently alleges that Donais defamed plaintiff subjecting plaintiff to hatred, contempt, ridicule, and obloquy because they inaccurately portray plaintiff-- all of which is false. The complaint sufficiently alleges that Hilliard knew about the defamatory statements, or knew that Donais was defaming Plaintiff. Further, the complaint sufficiently alleges that Hilliard "substantially assisted" Donais' conduct by defaming plaintiff in statements to the police and to the ADO. See Go-Best Assets Ltd, 463 Mass. at 64.

247.    Similarly, Plaintiff alleges that Hilliard knew that Donais defamed plaintiff, and "substantially assisted" Donais with the email to the police, and by implicitly attesting to the accuracy of Donais' defamatory statements about plaintiff to the police. Baker, 91 Mass. App. Ct. at 848.

248.    Plaintiff's claim that Donais was defaming Hilliard with Hilliard's "knowledge, like other conditions of mind, can be averred generally." Id. at 849, citing Mass. R. Civ. P. 9 (b), 365 Mass. 751 (1974).

249.    Therefore, Plaintiff alleged facts, which, if proved, would entitle plaintiff to relief against Hilliard for aiding and abetting Donais' defamation of Plaintiff, as well as for conspiring with Donais to defame plaintiff. See Iannacchino, 451 Mass. at 636.

### No reasonable factual support to go to the police

250.    Donais could have waited until he had enough basis to go to the police regarding any purported illegal recording. But Donais knew he lied in the affidavit and that's why he got nervous about being found out by the ADO and so offered a preemptive strike at the recording about it being fabricated, showing he was lying.

251.    Similarly, the lie in the affidavit and to the police was excessive and went beyond the scope of the matter before the court, which was the disqualification of Donais' former co-counsel Karl Terrell. Donais went outside of the scope of what was relevant to the proceeding. Thus, his statements are not related to the proceeding and thus not protected by litigation privilege. If it was petitioning activity, it is sham petitioning because it was untrue and devoid of any basis.

### Injury

252.    Furthermore, general damages are presumed in a defamation action. This is sufficient to constitute harm.

253.    Donais' statements had caused damage to me. Defendants concede this by asserting that the damages in this case are $500,000 and/or that the court should accept $500,000 in damages. Defendants have not refuted this amount of damages. By removing to federal court, the defendants are also conceding that a minimum the damages are $75,000.

254.    Also, I was injured in that I could not return to NH because of Donais' defamatory statements about me to the police resulting in a department-wide police watch implemented by the police to be on the lookout for me because of Donais' lie that I was going to physically hark him, his wife and children, and thus he damaged my ability to work in NH with the police or with the NAACP in NH, or engage in any social or community relations in NH through or with them or otherwise. I was put in fear of my life because of a false police report by Donais intended to get me caught up in a heightened encounter with NH police.

255.    Furthermore, the reputational effects harmed me in MA. For example, the NAACP is regional organization which includes the new England region. The harm in NH was also in MA.

256.    Similarly, the statements to the clerks in MA harmed me in MA and damages me in my future dealings with those clerks. These off record ex parte communications in secret with the clerk staff was done unofficially and outside of the judicial context. He exploited his contacts and connection with court staff to engage in secret off the record attempts to coordinate and conspire to harm my case administratively, outside of formal judicial interaction, while he was not a party and not entered appearance on the case and not served as a party in the case. This is not legitimate petitioning activity. And it is subject to litigation privilege. NB: Discovery is needed to reveal the extent and full circumstances of this secret relationship and contacts with clerk staff and the facts regarding any off the record statements and conversations outside of the formal judicial context.

257.    But even assuming arguendo that this is petitioning activity (which I don't concede that it), it is void because the improper nature of it, and there is no petitioning activity because the defamation claim and related claims in this case are inextricably intertwined with clear non-petitioning activity by Donais including breach of contract, breach of fiduciary duty, and statements to non-governmental persons such has family members, spouse and children, etc.

### Donais' Communications to MA Middlesex Superior Court Clerk Staff and Judge

258.    Communications to court clerk staff in MA by Donais was not based on pleadings or statements during a proceeding.

259.    These communications were made by Donais to clerk staff, off the record and outside of any proceedings, in order to secretly affect things administratively, not judicially.

260.    Here are examples of Donais contacts with the MA Middlesex Superior Court clerk staff and judge.

261.    Donais (and Hilliard) voluntarily appeared in the MA case on November 11, 2020 for a jurisdiction amount hearing, claiming to purportedly "observe".

262.    Donais secretly contacted a clerk staff in February 2021 off the record and tried to, off the record, coordinate dismissal with a clerk staff. This resulted in removal and transfer of the clerk staff when this misconduct was discovered by the supervisor of the clerk staff.

263.    Donais again secretly contacted a clerk staff in July 2022 and tried again to coordinate dismissal with a clerk staff by lying to a clerk staff that there was no settlement in order to try to trigger dismissal via off the record communication outside of any proceeding and while he was not a party to the case, not served process in the case and having not entered appearance in the case.

264.    Donais appeared in a court hearing in MA voluntarily hanging out in the court before the judge in MA in 2021 when there was no hearing scheduled for my MA case, evidently seeking to establish off the record contact and connection with the judge in the MA case.  This is questionable if not unethical conduct at best.

265.    Donais later appeared on November 30, 2021 in my MA case but not as a party served and without entering any appearance on the case, and waited until the hearing was off the record to lie to the judge and to influence the judge as a non-served party and without entering appearance in the case.

### Other Points

266.    It should be noted that, in the original and final analysis, I was/am the one petitioning government and Donais is the one who seeking to shut me and my wife up from petitioning the ADO and the courts. He sought to hurt me and my wife in our petitioning government in the original hotel case. All of his actions subsequently was him trying to SLAPP me and my wife.

267.    Since Hilliard's purported petitioning is based on Donais' purported petitioning, the denial of Donais' anti-slapp motion, should mean the denial of Hilliard's antislapp motion. Also, Hilliard's antislapp motion is not based on all of the purported petitioning activity of Donais. For example, Hilliard asserts that he did and does not represent Donais in any court proceedings in MA.  But the MA court matter is the only court matter that I have based any claim that I have pled on. Therefore, Hilliard cannot assert antislapp based on that. Similarly, it should

be noted that any reference made to any other court proceeding in NH was not made as a basis for any claim or to recover but was by way of background information and I explicitly in my complaint that I do not seek to recover for said information.

268.    Furthermore, to the extent Hilliard's antislapp is based on his statements made to the ADO for and with Donais, I have already shown that the ADO proceeding is not a proper adjudicatory forum and is not a judicial proceeding. Also, there was no true petitioning activity that could have occurred since Donais did not initiate the ADO complaint against himself. Any statement made was only based on a response to allegations made against him.

269.    It should be noted that both defendants buried their antislapp motion to avoid the problem of their asserting affirmative relief in a separate motion which could waiver personal jurisdiction and to obfuscate the personal jurisdiction waiver issue.

270.    Also, the defendants cannot plead antislapp in the alternative. It cannot be an afterthought. The goal is to speed up the assessment of that assertion first.

271.    Conversely, if the court finds there is NH law that applies to this case or that there is improper venue because of NH events, then it cannot apply antislapp in this case.

## Spousal Disqualification

272.    Spousal disqualification is not applicable to the situation.

273.    My allegations includes acts by Mary Donais constituting conspiracy, aiding and abetting Craig Donais.

274.    My allegations also include that Mary Donais was working for and working with Craig Donais in a business or work assistance capacity, and working for Donais Law Office, as an employee or agent of Donais Law Office.

275.    Moreover there are non-testimonial acts by Mary Donais that are at issue.

276.    Similarly there are statements Mary Donais made to other people such as her family members and adult son (note: spousal disqualification does not apply to communications with children or other family members) that are at issue in this case. These include statements defaming the plaintiff suggesting that he is a criminal, and is going to do physical harm to their family members. These statements are not protected nor privileged in any way and do not constitute petitioning activity.

277.    Also, there are statements to Hilliard that are at issue as well. If Mary Donais was present for any communication between Hilliard and Craig Donais or between Hilliard, Craig Donais and her other family members or anyone else (thus waiving any potential claims of privilege whether spousal or attorney-client), then such communications would be relevant to this case.

278.    Furthermore, written communications between a husband and wife are not subject to spousal protection. Also, there are statements made by Mary Donais on social media including Facebook that are at issue in this case.

279.    Without discovery, it is premature to argue spousal disqualification as that would, at a minimum, be putting the cart before the horse, so to speak.

280.    Mary Donais may not testify about oral conversations that she had with Craig Donais but she can testify to what she observed or what she heard with him speaking to others. She may testify about documents she wrote to him or that he wrote to her, or that both of them wrote to others.

281.    The defendants assert that any allegations based on any communications between husband and wife, then testimony for those communications will be blocked and so they can't form the basis for any claim.

282.    But defendants ignore the fact that I'm not seeking testimony necessarily or only, but I'm providing circumstantial evidence of what can be shown to must have happened or be inferred to have happened, even without testimony from her.  If certain testimony of oral conversations between husband and wife is not being sought, then the spousal disqualification would not apply.

283.    Moreover, spousal disqualification would not apply to non-testimonial acts. The claims against Ms. Donais are not simply based on testimonial facts. They're based on non-testimonial facts and also on circumstantial evidence that support or go to those claims.

284.    Defamatory statements to family members are not privileged. Allegations of criminality, violent criminal intent to do physical harm to family members, of having mental illness/disease, of felony bugging of an office, are all defamatory per se and are not protected by privilege of any kind. The plaintiff alleges that both Craig and Mary Donais have engaged in this conduct via telling their family members such defamatory statements, and are thus both liable for such conduct.

285.    The plaintiff alleges that Donais and Hilliard interfered with contractual or advantageous relations by sabotaging or trying to create conflicts with attorneys who the plaintiff had relations with, by initiating conduct towards these attorneys in order to artificially create conflicts so that the plaintiff would have no representation or legal assistance.  The plaintiff alleges that Mary Donais aided and abetted these acts by planning, coordinating, conspiring to do these acts with Donais and Hilliard.

286.    The plaintiff alleges that Mary Donais assisted Donais/ Donais law office with the breach of contract and breach of loyalty/fiduciary duty when Donais engaged in a conflict of interest. So, Mary Donais assisted in the act of the breach of contract/breach of fiduciary duty or aided and abetted the breach of contract/breach of fiduciary duty, where Mary Donais knew about the contract/duty and assisted Donais in the breach, causing injury to the plaintiff.

287.    NB: Donais cannot use his wife as both a sword and a shield. He invoked her into this case himself to use her to stoke escalated concern by the police against me. He cannot then use her to protect himself from discovery of non-testimonial acts and evidence.

## CONCLUSION

288.    Based on the foregoing, Plaintiff is entitled to all remedies available pursuant to M.G.L c. 93A, including, actual damages, double or treble damages, attorneys' fees and other reasonable costs.

289.    Clearly, amendment would not be futile. The Court, therefore, should allow amendment of plaintiff's complaint.

290.    The plaintiff requests that the court provides the relief requested herein as well as in the amended complaint previously filed (see attached).

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY**

Respectfully submitted,<br>
Andre Bisasor<br>
/s/andre bisasor<br>
679 Washington Street, Suite # 8206<br>
Attleboro, MA 02703

Date: July 27, 2023

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was or will be served to the parties in this case via the court's electronic filing/service system.

/s/andre bisasor<br>
Andre Bisasor<br>
679 Washington Street, Suite # 8-206<br>
Attleboro, MA 02703

# Exhibit 1

**Exhibit 4**



DONAIS
PLLC
LAW OFFICES
ATTORNEYS AT LAW

March 24, 2016

Janet F. DeVito, Esq.
General Counsel
NH Attorney Disciplinary Office
4 Chenell Drive, Suite 102
Concord, NH 03301

RE:     Donais, Craig S. advs. Attorney Disciplinary Office - #16-012

Dear General Counsel DeVito:

I am in receipt of your letter dated March 17, 2016.

It is somewhat difficult to respond to your referral, as the referral requests that I comment on a Court Order and a hearing transcript from Connecticut, without citing specific issues of concern raised by Connecticut Bar Counsel or from the Attorney Disciplinary Office. The referral references "probable attorney misconduct which occurred in Connecticut." Having never practiced in Connecticut[1], it is unclear what is alleged, other than in the context of my pursuit of a New Hampshire case involving collateral issues associated with the Connecticut litigation. As such, if my understanding of the allegations are accurate, this should be reviewed not in the context of a Connecticut ethics issue, but rather, a New Hampshire issue as to whether I had a *bona fide* basis to pursue action on behalf of a New Hampshire client in the manner I did. Based on the record, I believe that you should dismiss the referral.

In preparing this response, it became apparent to me that my response necessarily implicates the representation of my client, Aftokinito Properties, Inc. As such, I believe that these materials are subject to privilege as either attorney work product, or alternatively, attorney-client privileged communication. I recognize that I could posit such a response in relation to much of this letter, but I do not want my response to be seen as evasive and aloof. As such, I have provided my client with a draft of this letter, and the identified exhibits for review. To the extent any of the exhibits would otherwise be subject to privilege, my client has authorized my disclosure to the Attorney Discipline Office solely for purposes of your review and evaluation of the Connecticut referral.

I will attempt to identify what I perceive as potential issues, in part based on my discussion with James L. Kruse, Deputy General Counsel on March 21, 2016. Jim identified three key areas of concern:

---

[1] In the interest of full disclosure, I am also admitted to practice in Connecticut, Bar #414541, but have never filed an appearance in any cases, or stepped into any Connecticut courthouse since admission in November 1997 until October 5, 2015. I am also admitted in Massachusetts, MA BBO #634112, since 1996, and have practiced down there as a small portion of my practice.

# Exhibit 2

# Exhibit 3

## 1373CV00245 Professional Building Systems, Inc. vs. MTM Modular Homes, LLC et al



- Case Type:
- Contract / Business Cases
- Case Status:
- Open
- File Date
- 03/18/2013
- DCM Track:
- F - Fast Track
- Initiating Action:
- Goods Sold and Delivered
- Status Date:
- 11/21/2014
- Case Judge:
- 
- Next Event:
- 

| All Information | Party | Judgment | Event | Tickler | Docket | Disposition |



### Party Information

**Professional Building Systems, Inc.**
- Plaintiff

| Alias | Party Attorney |
|-------|----------------|
|       | Attorney |
|       | Donais, Esq., Craig S |
|       | Bar Code |
|       | 634112 |
|       | Address |
|       | Wadleigh, Starr and Peters, PLLC |
|       | 95 Market St |
|       | Manchester, NH  03101 |
|       | Phone Number |
|       | (603)669-4140 |

More Party Information

**MTM Modular Homes, LLC**
- Defendant

| Alias | Party Attorney |
|-------|----------------|

More Party Information

**Hayes, Terrence J.**
- Defendant

| Alias | Party Attorney |
|-------|----------------|

More Party Information

**Season Realty, LLC**
- Defendant

| Alias | Party Attorney |
|-------|----------------|

More Party Information

### Judgments

| Date | Type | Method | For | Against |
|------|------|--------|-----|---------|
| 10/08/2014 | Separate and Final Judgment 54(b) | After Judicial Finding | Season Realty, LLC | Professional Building Systems, Inc. |

## 0785CV01603 Gill MD v Sint Eustatius School of Medicine NV et al



- Case Type:
- Contract / Business Cases
- Case Status:
- Closed
- File Date
- 08/16/2007
- DCM Track:
- F - Fast Track
- Initiating Action:
- Other Contract Action
- Status Date:
- 08/16/2007
- Case Judge:

- Next Event:

| All Information | Party | Event | Tickler | Docket | Disposition |
|---|---|---|---|---|---|

### Party Information

**David H Gill MD**
- Plaintiff

| Alias | Party Attorney |
|---|---|
| | • Attorney<br>• Donais, Esq., Craig S<br>• Bar Code<br>• 634112<br>• Address<br>• Wadleigh, Starr and Peters, PLLC<br>95 Market St<br>Manchester, NH 03101<br>• Phone Number<br>• (603)669-4140 |

More Party Information

**Sint Eustatius School of Medicine NV**
- Defendant

| Alias | Party Attorney |
|---|---|
| | |

More Party Information

**International Educational Management Corporation**
- Defendant

| Alias | Party Attorney |
|---|---|
| | |

More Party Information

**Sint Eustatius Real Estate Holdings Company LLC**
- Defendant

| Alias | Party Attorney |
|---|---|
| | |

More Party Information

**Knopf, Michael I**
- Defendant

| Alias | Party Attorney |
|---|---|
| | • Attorney<br>• Ciavarra, Esq., Louis M<br>• Bar Code<br>• 546481<br>• Address<br>• Bowditch and Dewey, LLP<br>311 Main St<br>PO Box 15156<br>Worcester, MA 01615-0156<br>• Phone Number<br>• (508)926-3408 |

## 0781CV01422 Precision Drilling & Blasting, LLC v Oneworld Site Development Corp.



- Case Type:
- Administrative Civil Actions
- Case Status:
- Closed
- File Date
- 04/17/2007
- DCM Track:
- X - Accelerated
- Initiating Action:
- Other Administrative Action
- Status Date:
- 04/17/2007
- Case Judge:
-
- Next Event:
-

| All Information | Party | Subsequent Action/Subject | Event | Docket | Disposition |



### Party Information

**Precision Drilling & Blasting, LLC**
- Plaintiff

| Alias | Party Attorney |
|---|---|
| | Attorney |
| | Donais, Esq., Craig S |
| | Bar Code |
| | 634112 |
| | Address |
| | Wadleigh, Starr and Peters, PLLC |
| | 95 Market St |
| | Manchester, NH 03101 |
| | Phone Number |
| | (603)669-4140 |
| | Attorney |
| | Lee, Esq., Brian |
| | Bar Code |
| | 645865 |
| | Address |
| | Attorney Brian T. Lee |
| | 51 West Union St |
| | Goffstown, NH 03045 |
| | Phone Number |
| | (603)858-3500 |

**More Party Information**

**Oneworld Site Development Corp.**
- Defendant

| Alias | Party Attorney |
|---|---|
| | Attorney |
| | Brooks, Esq., Steven Joel |
| | Bar Code |
| | 059140 |
| | Address |
| | Brooks and DeRensis, P.C. |
| | 260 Franklin St |
| | Suite 700 |
| | Boston, MA 02110 |
| | Phone Number |
| | (857)259-5200 |
| | Attorney |
| | Gould, Esq., Jan Marie |
| | Bar Code |
| | 651536 |
| | Address |
| | 53 Ledgewood Drive |
| | Readfield, ME 04355 |

# Exhibit 4

LOGIN

# Craig Donais

## Found 3 people in New Hampshire, Massachusetts and 3 other states

View contact information: phones, addresses, emails and networks. Check places of employment, work history, resumes and CV, social media profiles, photos and videos, business records, skilled experts, arrest records and publications ...

**View more**

Sponsored by Truthfinder

Background Report for Craig Donais                                                      SEARCH REPORT

Search for:    📞 Phones    📍 Addresses    ✉ Emails    👤 Social Media    ⚓ Residences    👥 Family members    🗂 Property records
              🚗 Lawsuits & Arrests    📋 Criminal records...

## Craig Donais    Age 52 / Oct 1970

📍 Manchester, NH

**ALSO KNOWN AS**

Craig S Donais

**RELATED TO**

Gregory Lawrence, 51    Gilbert Gonzalez, 69    Magdalena Gonzalez, 73    Rachel Gonzalez, 53    Marc Donais

**HAS LIVED IN**

Manchester, NH    Fairfax, VA    Chelmsford, MA    North Attleboro, MA    Gaithersburg, MD    Rehoboth, MA

View Profile

## Craig Donais    Deceased

📍 Lake Stevens, WA

**ALSO KNOWN AS**

Craig F Donais

**HAS LIVED IN**

Lake Stevens, WA    Seattle, WA

View Profile

## Craig Donais

📍 39 Buzzell St, Manchester, NH 03104

**RELATED TO**

Veronica Valenzuela, 51    Francisco Gonzalez, 29    Lazaro Gonzalez    Alfonso Gonzalez, 80    Claudia Gonzalez, 57

**HAS LIVED IN**

Manchester, NH    East Wakefield, NH    E Wakefield, NH

**PHONE NUMBER**

(603) 647-2767    view more

View Profile

Public record search with BeenVerified

Public Records for Craig Donais                                                      SEARCH REPORT

LOGIN

Data provided by Radaris

We found 3 people in 5 states named Craig Donais living in the US. The state with the most residents by this name is New Hampshire, followed by Massachusetts and Maryland. Public records for Craig Donais, 52 years old. Possible relatives for Craig Donais include Rachel Gonzalez, Marc Donais, Gilbert Gonzalez and several others. An associated email address for Craig Donais is cdon***@cox.net. A phone number associated with this person is (603) 647-2767, and we have 2 other possible phone numbers in the same local area codes 603 and 978.

ADS by Google

ORU ONLINE

Doctor of Strategic Leadership
Learn More. Click Here.

## Mentions about a name: Craig Donais

### Craig Donais - Lawyer (3 documents found)



## CRAIG DONAIS WORK HISTORY AND CAREER RECORDS

## License Records

**Craig** S **Donais**

Licenses:
License #: *130452* - Expired
Issued Date:  Jul 23, 1992
Expiration Date:  Oct 13, 1994
Type: *Salesperson*

## CRAIG DONAIS RESUMES AND CV

## Resumes

### Lawyer

Location:
Mountain View, CA

Industry:
Financial Services

Work history:
**Citibank India**
Lawyer

### Partner

Location:
39 Buzzell St, Manchester, NH 03104

Industry:
Law Practice

Work history:
**Donais Law Offices, PLLC - Manchester, New Hampshire**
Attorney *since Sep 2009*

**St. Mary's Bank - Manchester, New Hampshire**
Supervisory Committee *since Apr 2011*

**Daniel Webster Council, Boy Scouts of America - Manchester, New Hampshire**
Council Commissioner *since Apr 2001*

Education:

Case 1:23-cv-00374-JL-TSM   Document 136-5   Filed 12/12/23   Page 30 of 64

Bachelors, Bachelor of Arts, Economics, Political Science *1988 - 1992*
**North Attleboro High School**

Skills:
Civil Litigation, Litigation, Commercial Litigation, Appeals, Courts, Corporate Law, Estate Planning, Trusts, Wills, Employment Law, Real Estate, Legal Assistance, Legal Research, Nonprofits, Legal...
Languages:
English
Certifications:
Rule 170 Certified Mediator
Rule 170-A Arbitrator
Nh Judicial Branch, Office of Mediation & Arbitration

## CRAIG DONAIS PHONE NUMBERS & HOME ADDRESSES

| Name | Address | Phone |
|------|---------|-------|
| **Craig Donais**, age 52 | 39 Buzzell St, Manchester, NH 03104 | (603) 289-**** |
| **Craig Donais** | 15 Warren Ave, Chelmsford, MA 01824 | (978) 256-8370 |
| **Craig Donais** | Manchester, NH | (603) 647-2767 |
| **Craig J Donais** | 24 Story Dr, Gaithersburg, MD 20878 | |

## SKILLED EXPERTS AND PROFESSIONALS

| | |
|---|---|
| Construction | Real Estate Manager |
| Real Estate Sales Agent | Team Member |

## CRAIG DONAIS PLACES OF EMPLOYMENT

| Name / Title | Company / Classification | Phones & Addresses |
|--------------|-------------------------|--------------------|
| **Craig Donais**<br>Attorney | Getman, Stacey, Schulthess & Steere, P A<br>Legal Services Office | 1838 Elm St, Manchester, NH 03104<br>3 Executive Park Dr, Manchester, NH 03110<br>(603) 634-4300<br>Website: http://www.gss-lawyers.com |
| **Craig Donais**<br>Managing Attorney | Donais Law Offices, PLLC<br>Attorney - Family · Lawyers-Litigation · Lawyers-Estate Planning · Attorney-Wills | 444 Willow Street, Manchester, NH 03103<br>(603) 624-7100<br>Website: http://www.donaislaw.com |
| **Craig Donais**<br>Principal | Donais Bostock<br>Legal Services Office | 15 High St, Manchester, NH 03101 |
| **Craig Donais**<br>Principal | Bon Courage LLC<br>Business Services at Non-Commercial Site | 205 High Street, Newburyport, MA 01950 |

## CRAIG DONAIS BUSINESS & ORGANIZATION RECORDS

| Name / Title | Company / Classification | Phones & Addresses |
|--------------|-------------------------|--------------------|
| **Craig Donais**<br>Managing<br>Attorney | Donais Law Offices, PLLC<br>Attorney - Family. Lawyers-Litigation. Lawyers-Estate Planning. Attorney-Wills. Trust & Probate. Lawyers – Business Law. Attorney- Real Estate | 444 Willow St, Manchester, NH 03103<br>(603) 624-7100 |

## CRAIG DONAIS PHOTOS AND VIDEOS

# Youtube

Rig Tour With Jon **Donais** Of Anthrax

LOGIN



Duration:
31 Mar, 2020

Channel:
Sweetwater

Nick Bowcott meets up with Jon **Donais** from Anthrax for an in-depth tour of his guitar rig. #Sweetwater #Anthrax.

Private Gear Tour: Shadows Fall's Jon **Donais**



Duration:
4m 35s

Published:
31 Mar, 2010

Channel:
Guitar World

Shadows Fall guitarist Jon **Donais** shows off his gear of choice. For more videos, gear demos and the girls of Guitar World check...

Teched 2010 - Interview With Don **Donais**, Mct And Community Author



Duration:
2m 37s

Published:
31 Mar, 2011

Channel:
MicrosoftILearning

Jeff Hora (Community Manager, Microsoft Learning) interviews Don **Donais**, MCT and Community Courseware Author, at TechEd...

Guru Padma **Donais**



Duration:
5m 20s

Published:
31 Mar, 2010

Channel:
Richard Bassett

MARIJO 'GURU PADMA' **DONAIS** Internationally known Psychic, Astrologer, Medium, Civic Activist and Humanitarian Born,...

**Craig Donais**.mov



Duration:
1m 10s

Published:
31 Mar, 2012

Channel:
MakeAWishNH

Week 1



Duration:
2m 6s

Published:
31 Mar, 2014

Channel:
dameion **donais**

via YouTube Capture.

Boot Camp- Where To Go??



Duration:
57s

Published:
31 Mar, 2017

Channel:
Jeremy **Donais**

Fpe-Tv Forbidden Guitar Shred



Duration:
1m 7s

Published:
31 Mar, 2012

**Craig** Locicero and Steve Smyth of Forbidden laying down the shred!

LOGIN



| | Duration: |
| --- | --- |
| | 6m 10s |
| | Published: |
| | 31 Mar, 2013 |
| | Channel: |
| | Jean-Martin **Donais** |

Miann An **Donais**



Duration:
4m 30s
Published:
31 Mar, 2016
Channel:
FilmG

View 7 more

---

## **CRAIG DONAIS** SOCIAL MEDIA PROFILES

## Facebook



Shauna Ostler

Friends:
Gordon Brickey, Hank Russell, Nikki McHaffie, Tom Queen

Shaun White The Red Ribbon Army **Craig** Ferguson Ernie **Donais** and Family Fund Rock music Country music Punk rock Rockabilly Psychobilly ...

## Googleplus



Craig Donais

## Classmates

### North Attleboro High School, North Attleboro, Massachusetts (Ma)

Graduates:
Michael Stephens (1968-1972), Dotty Fothergill, **Craig** Bourdon (1980-1984), **Craig Donais** (1983-1988)

### Craig Donais

School:
Saint Mary Sacred Heart School North Attleboro, MA, 1975-1984
Community:
Michele Edgar, Jason Heywood, Lynn Mercier, Lisa Corvese, Kathy Lee, Daniel Drotts, Barbara Culp, Kathy Lee, Mark Creegan, John Petti

### Suffolk University - Law, Boston, Massachusetts (Ma)

Graduates:
Laurie Yeshulas (2000-2003), Barbara Kendall (1986-1989), Jane Hicks (1999-2003), **Craig Donais** (1993-1996), Kelley McCormick (1992-1996)

# Exhibit 5

# facebook

 



# Mary Kate Donais

171 friends

Add Friend     Message

## Intro

💼  Worked at **Saint Anselm College**

🎓  Studied at **Bucknell University**

🎓  Went to **Loomis Chaffee School**

🏠  Lives in **Manchester, New Hampshire**

📍  From **Manchester, Connecticut**

❤️  Married

# facebook

 

## Friends

171 friends

See all friends





**Aidan Donais**



**Alysa Goldman Pasqua**

**Michael Pasqua**



**Roy Behlke**



**Kathy Hale**



**Gi Li**



**Jen Domaszewski- MacNeil**



**Valerie Haftel**



**Garrett Donais**

Privacy · Terms · Advertising · Ad Choices ▪ · Cookies · More · Meta © 2023

## Posts

Filt

facebook












 





 



**Mary Kate Donais**
October 23, 2018 · 🌐

60th anniversary celebration for the Society for Applied Spectroscopy!  Missing you Anna

Mary Kate Donais | Facebook

**facebook** 🔍  

👍 7

| Like | Comment | Share |

Write a comment...



 **Mary Kate Donais** is with **Julie Donais St Lawrence** and **Greg St Lawrence**.
October 7, 2018 · 🌐                                                                          • • •

Birthday party for our niece, Natalia. Lots of punk and sparkle!!



# facebook



👍 6                                                                          2

| Like | Comment | Share |

View more comments

**Julie Donais St Lawrence**
Punk isn't too far off though...

Like   Reply   4y

Write a comment...

**Mary Kate Donais** is with **Garrett Donais**.
September 29, 2018 · 🌐

Such a happy young man ...fried shrimp from The Shack!  Great way to start the weekend!!



# facebook



👍 22                                                                          1

| 👍 Like | 💬 Comment | ↪ Share |

**Alison Papalia**
I know that shack!

Like   Reply   4y   👍

 Write a comment…

**Mary Kate Donais** is with **Garrett Donais**.
August 27, 2018 · 🌐

First for Garrett (high school senior) was last week. First day for Aidan (7th grade) is today.
Time flies!!



Mary Kate Donais | Facebook

# facebook



**Mary Kate Donais**    ···

View more comments

**Roy Behlke**
Your Papa is very proud of you!👍🏻

Like    Reply    4y

Write a comment...

**Mary Kate Donais** is 📅 attending **Kenny Chesney: Trip Around the Sun Tour** at Gillette Stadium.    ···

August 25, 2018 · Foxborough · 🌐

Waiting on Brothers Osborne.



SAT, AUG 25, 2018
**Kenny Chesney: Trip Around the Sun Tour**
Foxborough
Music · 17,112 people                                    ▢ Interested

👍❤️ 7

▢ Like            ▢ Comment            ▢ Share

Mary Kate Donais | Facebook

# facebook

**Mary Kate Donais**
August 25, 2018 · 🌐

With my sweetie at Chesney concert. Our end-of-the-summer tradition.



👍❤️ 34                                                                4

Like            Comment            Share

View more comments

**Valerie Haftel**
Hi Muk!!!



# facebook

**Mary Kate Donais** checked in to **Bass Pro Shops**.

August 25, 2018 · Foxborough · 🌐

First stop of the day. Waiting for tailgating lots to open before Countryfest.

OUTDOOR EQUIPMENT STORE
**Bass Pro Shops**
Mway has been here

👍❤️ 8

Like          Comment          Share

Write a comment…

**Mary Kate Donais** updated her profile picture.

November 30, 2014 · 🌐

facebook



👍 2

Share

# Exhibit 6

# Exhibit 7

# Exhibit 8

An official website of the United States government.    Here's how you know. ⌄

Log in to PACER Systems →|



## Party Search Results

**Search Criteria:** Party Search; Last Name: [hilliard]; First Name: [russell];
Middle Name: [f.]
**Result Count:** 193 (4 pages)
**Current Page:** 1

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 3:1992ap16680 |
| Case Title | Whitaker and P.k. Lindsay Company Inc. |
| Court | Florida Middle Bankruptcy Court |
| Date Filed | |
| Date Closec | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:2021cv06470 |
| Case Title | WHITE v. COOK INCORPORATED et al |
| Court | Indiana Southern District Court |
| Date Filed | |
| Date Closec | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:2014ml02570 |
| Case Title | IN RE: COOK MEDICAL INC. |
| Court | Indiana Southern District Court |
| Date Filed | |
| Date Closec | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1989bk10895 |
| Case Title | Concord Woods North Realty Trust |
| Court | Massachusetts Bankruptcy Court |
| Date Filed | |
| Date Closec | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1993ap01605 |
| Case Title | Lawrence Savings Bank and Samra |
| Court | Massachusetts Bankruptcy Court |
| Date Filed | |
| Date Closec | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1993bk15216 |

| | |
|---|---|
| Case Title | Edmund G. Samra |
| Court | Massachusetts Bankruptcy Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1989ap01415 |
| Case Title | Ransco Company, Inc. and Concord Woods North Realty Trust |
| Court | Massachusetts Bankruptcy Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:2015cv11663 |
| Case Title | Niedermeier v. Duckett et al |
| Court | Massachusetts District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | HILLIARD, RUSSELL F. (aty) |
| Case Number | 2:2000cv00084 |
| Case Title | SCHIAVI v. COLEMAN, et al |
| Court | Maine District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | HILLIARD, RUSSELL F. (aty) |
| Case Number | 2:2002cv00134 |
| Case Title | PRIME TANNING CO v. CURTIDOS TEMOLA |
| Court | Maine District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | HILLIARD, RUSSELL F. (aty) |
| Case Number | 2:2017cv00030 |
| Case Title | ALPS PROPERTY & CASUALTY INSURANCE COMPANY v. PERRY et al |
| Court | Maine District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1989bk10531 |
| Case Title | Patrick John Milcendeau |
| Court | New Hampshire Bankruptcy Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
|---|---|
| Case Number | 1:1990bk10205 |
| Case Title | Armand L. Pageot and Cecile A. Pageot |
| Court | New Hampshire Bankruptcy Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
|---|---|
| Case Number | 1:1991bk13584 |
| Case Title | Anthony E. Riccio and Cheryl M. Riccio |
| Court | New Hampshire Bankruptcy Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
|---|---|
| Case Number | 1:1993bk12570 |
| Case Title | Frederick Victor Chaput and Shari Lyn Chaput |
| Court | New Hampshire Bankruptcy Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
|---|---|
| Case Number | 1:1994bk10740 |
| Case Title | William G. Howard |
| Court | New Hampshire Bankruptcy Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
|---|---|
| Case Number | 1:1998bk13361 |
| Case Title | Elite Laundry, Inc. |
| Court | New Hampshire Bankruptcy Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
|---|---|
| Case Number | 1:2000ap01062 |
| Case Title | Pearson and Gannon |
| Court | New Hampshire Bankruptcy Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
|---|---|
| Case Number | 1:2001bk13475 |
| Case Title | O.D. Hopkins Associates, Inc. |
| Court | New Hampshire Bankruptcy Court |

| | |
|---|---|
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:2005cr00048 |
| Case Title | USA v. Bowie - Willard D. Bowie |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:2005cr00107 |
| Case Title | USA v. Lagerstedt - Robert D. Lagerstedt |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:2020cv01010 |
| Case Title | Stewart v. Boston Scientific Corporation |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:2000cv00421 |
| Case Title | USCOC of NH RSA 2 v. Hopkinton |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:2000cv00430 |
| Case Title | EnergyNorth Nat Gas v. Lloyds Underwriters, et al |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:2000cv00451 |
| Case Title | Empire Fire & Marine v. Acadia Insurance Co |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1989cv00304 |

| | |
|---|---|
| Case Title | Ransco Company, Inc. v. Mason, et al |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1989cv00461 |
| Case Title | CP Holdings, Inc., et al v. Goldberg-Zoino, et al |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1989cv00562 |
| Case Title | Ransco Company, Inc., et al v. FDIC, et al |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1989cv00520 |
| Case Title | Townsend, et al v. Bernson |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1990cv00167 |
| Case Title | Hancock v. Earnhardt Textile |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1990cv00260 |
| Case Title | Hamberger, et al v. Munsey & Brazil, et al |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1990cv00480 |
| Case Title | Birch Brothers v. Earnhardt Textile |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1990cv00498 |
| Case Title | USA v. Alky Enterprises |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1990cv00562 |
| Case Title | Hansen v. Lamontagne |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1991cv00050 |
| Case Title | UNX, Incorporated v. Craig Supply Co., et al |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1991cv00106 |
| Case Title | Barrows, et al v. First Northern Co-Op, et al |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1991cv00139 |
| Case Title | Manchester Housing v. Underwriters Allianc |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:2001cv00007 |
| Case Title | Lady Ester Lingerie v. Wooden Soldier Ltd |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| | |
|---|---|
| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1991cv00267 |
| Case Title | Earnhardt Textile v. Facemate PL/GF, Inc. |
| Court | New Hampshire District Court |

| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1991cv00683 |
| Case Title | Lewis v. Preferred Mutual Ins |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:2001cv00044 |
| Case Title | USA v. GMRI, Inc., et al |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1991cv00525 |
| Case Title | Meeks v. FDIC, et al |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1992cv00053 |
| Case Title | Union Mutual Fire v. Hatch, et al |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:2001cv00122 |
| Case Title | MCSi, Inc. v. Gilmartin, et al |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1992cv00486 |
| Case Title | USA v. Exxon Corporation, et al |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
| Case Number | 1:1992cv00279 |

| Case Title | Clearbrook Home Assn v. Village of Loon Mtn, et al |
|---|---|
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
|---|---|
| Case Number | 1:1992cv00297 |
| Case Title | Machos v. Goff Chevrolet Inc, et al |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
|---|---|
| Case Number | 1:1992cv00338 |
| Case Title | Steren, et al v. Orthopedic Services |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
|---|---|
| Case Number | 1:1993cv00190 |
| Case Title | Ricupero v. Mancini, et al |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
|---|---|
| Case Number | 1:1993cv00233 |
| Case Title | Ricupero v. Mancini, et al |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
|---|---|
| Case Number | 1:1993cv00241 |
| Case Title | Gill v. Franklin Pierce Law, et al |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
|---|---|
| Case Number | 1:1993cv00354 |
| Case Title | Sawyer v. Mental Health Dir, et al |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
|---|---|
| Case Number | 1:1993cv00375 |
| Case Title | Pinard v. Sweetland |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

| Party Name | Hilliard, Russell F. (aty) |
|---|---|
| Case Number | 1:1993cv00407 |
| Case Title | E.G. Skin Care, Inc. v. Grady Franchising Co, et al |
| Court | New Hampshire District Court |
| Date Filed | |
| Date Closed | |

**PACER Service Center**                          04/10/2023 18:52:57

| User | hermeneutics |
|---|---|
| Client Code | |
| Description | All Court Types Party Search<br>All Courts; Name hilliard, russell f.; All Courts; Page: 1 |
| Billable Pages | 1 ($0.10) |

PACER FAQ                    Privacy & Security                    Contact Us

This site is maintained by the Administrative Office of
the U.S. Courts on behalf of the Federal Judiciary.

**PACER Service Center**
(800) 676-6856
pacer@psc.uscourts.gov

# Exhibit 9

"russell f. hilliard"

All selected (26)

Track New Cases

Advanced Search ⌄

# trellis

Filter By:                                    Clear Filters

## Practice Area

Filter by Practice Area

☐ Commercial (1)

## Entry Type

Filter by Entry_type

☐ Complaint,Petition (1)
☐ Motion-Secondary (1)
☐ Party Discovery (1)

## Judge

Filter by Judge Name

☐ 14 Rodriguez, Carlos Augusto (3)
☐ Doll, Amy J. (1)
☐ Vito M Destefano (1)

## County

Filter by County

☐ Broward County, FL (3)
☐ Suffolk County, MA (2)
☐ Big Stone County, MN (1)
☐ Nassau County, NY (1)

1-7 of 7 results                            Sort By   Most Relevant



### Motion to Appear Pro Hac Vice - VERIFIED MOTION FOR ADMISSION TO APPEAR PR...

UPTON & HATFIELD, LLP Date: March 3, 2017 By: — /s/ Russell F. Hilliard Russell F. Hilliard NHBA #1159 159 Middle Street Portsmouth, New Hampshire 03801 (603) 436-7046 rhilliard@uptonhatfield.com STATE OF NEW HAMPSHIRE COUNTY OF ROCKINGHAM I, Russell F. Hilliard, do hereby swear or affirm under penalty of perjury that I am the Movant in the above-styled matter; that I have read the foregoing Motion and know the contents thereof, and the contents are true of my own knowledge and belief. /s/ Russell F.

| CASE NAME | Gilberto Mosquera, et al Plain... | COUNTY | Broward County, FL |
| CASE # | (Subscribe to View) | FILED DATE | Mar 03, 2017 |
| CASE FILED | Jan 17, 2017 | TYPE | Neg - Negligence Other |
| CASE STATUS | Disposed | JUDGE | 14 Rodriguez, Carlos Augusto |



### Order - GRANTING VERIFIED MOTION FOR ADMISSION TO APPEAR PRO HAC NCE PURSU...

Russell F. Hilliard, Esquire, may appear and participate in this action on behalf of INEX Risk Services of Florida, LLC. DONE AND ORDERED in Chambers at Broward County, Fjéyiéa, this _QXQ\_ day of March, 2017. (Carlos Augusto Rodriguez Circuit Court Judge

| CASE NAME | Gilberto Mosquera, et al Plain... | COUNTY | Broward County, FL |
| CASE # | (Subscribe to View) | FILED DATE | Mar 22, 2017 |
| CASE FILED | Jan 17, 2017 | TYPE | Neg - Negligence Other |
| CASE STATUS | Disposed | JUDGE | 14 Rodriguez, Carlos Augusto |

### AFFIDAVIT OR AFFIRMATION IN SUPPORT OF MOTION (Motion #047) - Affidavit of...

NOLIN Sullivan County Association ABA Delegate RUSSELL F. HILLIARD STATE OF NEVI HAMPSHIRE Portsmollth ExccutiYe Staff kannine L McCoy Executive DirecIOr The foregoing ins=rument was acknowledged before me Denice M. DeStefano this jJ .:..., day offu-j:- )77 2011 by

Emily J.

| | | | |
|---|---|---|---|
| CASE NAME | Qbe Insurance Corp, Traveler... | COUNTY | Nassau County, NY |
| CASE # | (Subscribe to View) | FILED DATE | Nov 02, 2011 |
| CASE STATUS | Disposed | TYPE | Commercial |
| | | JUDGE | Hon. Vito M Destefano |



## Complaint electronically filed. (deposition)

/s/ Russell F. Hilliard  Russell F.

| | | | |
|---|---|---|---|
| CASE NAME | In the Matter of: Town Of Sal... | COUNTY | Suffolk County, MA |
| CASE # | (Subscribe to View) | FILED DATE | Mar 27, 2023 |
| CASE FILED | Mar 27, 2023 | TYPE | Foreign Discovery Proceeding |
| CASE STATUS | 03/27/2023 | | |



## Motion to Appear Telephonically - Party: Defendant Inex Risk Services of F...

Beavens (FL Bar No. 569011) 10 Centre Street PO Box 1090 Concord, NH 03302-1090 (603) 224-7791 -and- Russell F.

| | | | |
|---|---|---|---|
| CASE NAME | Gilberto Mosquera, et al Plain... | COUNTY | Broward County, FL |
| CASE # | (Subscribe to View) | FILED DATE | Jul 10, 2017 |
| CASE FILED | Jan 17, 2017 | TYPE | Neg - Negligence Other |
| CASE STATUS | Disposed | JUDGE | 14 Rodriguez, Carlos Augusto |



## Complaint electronically filed.

F.

| | | | |
|---|---|---|---|
| CASE NAME | In the Matter of: Fire House B... | COUNTY | Suffolk County, MA |
| CASE # | (Subscribe to View) | FILED DATE | Aug 04, 2022 |
| CASE FILED | Aug 04, 2022 | TYPE | Foreign Discovery Proceeding |
| CASE STATUS | 08/04/2022 | | |



## Affidavit-Other

Upton 8L Hatfield, LLP, of Portsmouth on the joint (Russell F. Hilliard briefand defendants Alan Johnson orally), for and William Satutley. Wadleigh, Starr & Peters, PLLC, of Manchester (Jeffrey H.

| | | | |
|---|---|---|---|
| CASE NAME | In the Matter of the Phyllis I. S... | COUNTY | Big Stone County, MN |
| CASE # | (Subscribe to View) | FILED DATE | Feb 27, 2018 |

CASE FILED   May 26, 2017       TYPE     Trust

                                JUDGE    Doll, Amy J.

# For full print and download access, please subscribe at https://www.trellis.law/.



**Company**

Home

About us

Contact us

Pricing

**Resources**

Blog

Support & FAQ

Request Demo

Motion Type Dictionary

**Features**

Smart Search

Judge Analytics

Motions & Issues

State Rules

State Coverage

Verdict Search

Daily Filing Report

Court Comparison

Trellis API

# Exhibit 10

# RE: Notice of hearing

From: Russell F. Hilliard (rhilliard@uptonhatfield.com)

To: quickquantum@aol.com

Cc: rhilliard@uptonhatfield.com

Date: Thursday, November 12, 2020 at 06:41 AM EST

The Massachusetts civil complaint has not been served, nor has notice of the damages hearing as required by the Court.

We are aware of the scheduled hearing from the public docket.

Russell F. Hilliard, Esq.
Upton & Hatfield, LLP
159 Middle Street
Portsmouth, NH 03801
Tel: 603-436-7046
Fax: 603-369-4645
rhilliard@uptonhatfield.com
www.uptonhatfield.com

---

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Wednesday, November 11, 2020 12:00 AM
**To:** Russell F. Hilliard <rhilliard@uptonhatfield.com>
**Subject:** Re: Notice of hearing

P.S. It is a hearing on damages amount to proceeding superior court. I am the plaintiff.

-----Original Message-----
From: Andre Bisasor <quickquantum@aol.com>
To: rhilliard@uptonhatfield.com <rhilliard@uptonhatfield.com>
Sent: Tue, Nov 10, 2020 11:58 pm
Subject: Notice of hearing

Mr. Hilliard,

I want to confirm that your client Craig Donais received notice of the hearing in the middlesex superior court for case #2081CV00087 for November 13, 2020.

Sincerely
Andre Bisasor