UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff, v. CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

## [CORRECTED] PLAINTIFF'S REPLY TO THE HILLIARD DEFENDANTS' OBJECTION TO THE PLAINTIFF'S MOTION TO REMAND TO STATE COURT

1.  I submit this [corrected[1]] reply to the objection (hereinafter "the objection") filed by Russell Hilliard and Upton & Hatfield ("Hilliard defendants") to plaintiff's motion to remand to state court, as follows[2].

## I. FURTHER REVIEW OF LEGAL STANDARDS

2.  A defendant or defendants wishing to remove an action from a state court to a federal court must comply with certain procedural requirements. See 28 U.S.C. § 1446. "Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). Because of this presumption, the removing defendants must demonstrate removal was proper by a preponderance of evidence. See Dollens v. Wells Fargo Bank, N.A. (D.N.M. Dec. 15, 2011), quoting McShares, Inc. v. Barry, 979 F. Supp. at 1342 ("The removing party has the burden to show that removal was properly accomplished."); Chavez v. Kincaid, 15 F. Supp. 2d 1118, 1119 (D.N.M. 1998) ("Defendant, as the party asserting jurisdiction, has the burden of proving all jurisdictional facts and of establishing a right to removal."); De La Rosa at 1155 (D.N.M. 2015), quoting McPhail v. Deere & Co., 529 F.3d at 953 ("The defendant seeking removal must establish that federal court jurisdiction is proper 'by a preponderance of the evidence.'"). A defendant may remove a civil action from state to federal court if the action "satisfies the requirements for original federal jurisdiction" Padilla v. Am. Modern Home Ins. Co., 282 F. Supp. 3d 1234, 1250 (D.N.M. 2017) (citing 28 U.S.C. § 1441(a); Huffman v. Saul Holdings LP, 194 F.3d 1072, 1076 (10th Cir. 1999)). A defendant must file the notice of removal "within thirty days after receipt by the defendant of a copy of a pleading or other

---

[1] This is to correct certain errors in the first version including missing words, typos, and grammatical, syntactical errors, and other cleanup, etc. I also received notice from the clerk that exhibits should generally be separated. Hence, I corrected that here also.

[2] NB: This reply incorporates by reference, as if fully stated herein, all factual and legal arguments found in my filings related to remand, including those contained in my motions to remand filed in this court (Doc.# 84), as well as the motion to remand filed in the MA federal court, which was re-filed in this court (as Doc.# 87) on or about 10-27-23 and 10-30-23, and the attendant exhibits for the motion to remand filed separately due to file size, as Doc.#88. I also hereby incorporate my Reply to the Donais Defendants Objection to the Motion to Remand as well as my Motion for Jurisdictional Discovery Pertaining to Remand, with Memorandum in Support, that were concurrently filed on the same date.

paper from which it may first be ascertained that the case is one which is removable." *Zambrano v. N.M. Corr. Dep't*, 256 F. Supp. 3d 1179, 1181 (D.N.M. 2017) (citing 28 U.S.C. § 1446(b)(1)).

3.  "All doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)). The removing defendant bears the burden of establishing subject-matter jurisdiction[3].

## II. THE DEFENDANTS REASONABLY KNEW OR SHOULD HAVE KNOWN THAT THE DAMAGES ARE NOT ESTABLISHED AS LIKELY ABOVE $75,000 BECAUSE OF THE STATE COURT'S RULING ON THE ISSUE OF JURISDICTIONAL DAMAGES

4.  The defendants reasonably knew or should have known that the damages are not established as likely to be above $75,000 because of the state court's ruling on the issue of jurisdictional damages in Middlesex Superior Court of Massachusetts. *See Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136 (9th Cir. 2013)(explaining that "defendants need not make extrapolations or engage in guesswork; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability'") (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)).

5.  Here, reasonable intelligence applied to the state court case would have caused reasonable review and note of the state court judge's ruling on jurisdictional damages, which is a similar issue to the issue of jurisdictional damages with respect to removal and remand in this court. The defendants evidently ignored, in bad faith, the state court judge's ruling on jurisdictional damages and instead latched onto an amorphous reference to $500,000 in a statement of damages (which reference was not in the complaint in that case and the cover sheet stated only as exceeding $25,000[4]) and used it out of context ignoring everything else surrounding that reference that shows that the $500,000 was not indicative of a true amount of damages.

6.  Moreover, reasonable intelligence would have ascertained that the claims and facts at issue are not, on its face, indicative of $500,000 in damages and to latch onto that reference, wresting it out of context, was not in good faith nor in accord with reasonable intelligence. For example, this is not a case involving severe

---

[3] The removing defendant signs the notice of removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, *see* 28 U.S.C. § 1446(a), which provides that the attorney signing the notice "certifies that . . . the factual contentions [therein] have evidentiary support . . . ." Fed. R. Civ. P. 11(b).  Such certification puts the signing attorney at risk for "sanctions for making false averments . . . ." *Tresco*, 727 F. Supp. 2d at 1249 (discussing *Proctor*, 584 F.3d at 1225). Thus, there may be Rule 11 consequences resulting from a defendant's statements made in bad faith or based on falsehoods.

[4] This was so telling of an issue that the state court ordered the case should be dismissed for lack of jurisdictional amount in superior court, and I had to file a motion for hearing on damages in order to prevent dismissal in superior court.

physical injuries where damages are apparent if not stated in the complaint. "In cases involving severe injuries, especially those requiring surgery, courts have found it facially apparent from the complaint that the amount in controversy was satisfied." Hammarlund v. C.R. Bard, Inc., CV 15-5506 SVW (JEMx), 2015 WL 5826780, at *2 (C.D. Cal. Oct. 2, 2015); see also Fjelstad v. Vitamin Shoppe Indus. LLC, CV 20-7323 ODW (AFMx), 2021 WL 364638, at *4 (C.D. Cal. Feb. 3, 2021) (finding removal untimely where plaintiff's complaint "identifies the nature and severity of her alleged injuries…"). Here, there was no such physical damages indicated in my complaint nor any other damages that are akin to such severe injuries. This should have given the defendants pause before rushing headlong to promulgate reference to $500,000 in damages from the prior state court case and apply it to this case.

7. When the damages amount is in doubt in a removal, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. See Gaus, 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). "[T]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court." Gaus v. Miles, Inc., 980 F.2d 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. "If it is unclear what amount of damages the plaintiff has sought,…then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." Gaus, 980 F.2d at 566-67. Removal jurisdiction cannot be based on conclusory allegations by the removing defendant. Abrego Abrego, 443 F.3d at 685; see also Gaus, 980 F.2d at 567. "The defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

8. The removing defendant is required to provide "summary-judgment-type-evidence" as to the amount in controversy. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). Here, the defendants have not provide any "summary-judgment-type-evidence" as to the damages amount in controversy in this case.

9. Similarly, because the statement referenced by defendants was made before the initial filing of the complaint in this case, then it cannot qualify as an "other paper". An "other paper" cannot logically precede the

complaint filed in this case. See *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) ("since all the other neighboring statutory terms, "an amended pleading, motion, [or] order," cannot logically precede the initial pleading, we have held that "other paper" does not embrace "any document received prior to receipt of the initial pleading." *Id.* at 885–86"). Thus, they have not carried their burden.

### III. SPECIFIC RESPONSES TO DEFENDANTS' OBJECTION TO MOTION TO REMAND

10. I hereby further respond to or rebut the objection more specifically as outlined below.

11. The objection states: "*Diversity of citizenship is not in question.*" This is not correct. I have challenged diversity of citizenship. Diversity is therefore in question. This statement is therefore false or otherwise misleading.

12. The objection further states:

> "*Plaintiff attempted to serve the Amended Complaint on Mr. Hilliard by regular mail, which was received by Mr. Hilliard at his home address on May 11, 2023…Plaintiff's argument that the date of service on Upton & Hatfield is really the date the Amended Complaint was mailed to Hilliard should be disregarded…Plaintiff still needed to follow the rules regarding service with respect to Upton & Hatfield. Upton & Hatfield's deadline to remove this matter began on May 11, 2023 – the date it first became aware of the Amended Complaint.*"

a.  This is disputed and is false on several levels. See screenshot of sheriff email below and **Exhibit 1**.



b.  This shows further contravening evidence from the Bristol sheriff of MA, including that none of the first class mailings, including of the summons and complaint (mailed in April 2023) and of the summons and amended complaint (mailed in May 2023), were returned to the sheriff, which means therefore that Hilliard received the first class mailing of the summons and original complaint mailed to his home in April 2023, as well as the first class mailing of the summons and amended complaint mailed

to his home in May 2023. It also means that Upton & Hatfield also received the first class mailing of the summons and original complaint mailed to its address in April 2023, as well as the first class mailing of the summons and amended complaint mailed to its address in May 2023 (both of which mailings were addressed to both Upton & Hatfield and Russell Hilliard). This means that it is false for Upton & Hatfield and Hilliard to state that the first time they received the summons and complaint in this case was in May 2023. They both received the summons and complaint in April 2023 by first class mail.

c.  This is addition to the fact that the tracking receipt information included with the sheriff's returns (regarding the summons and amended complaint mailed on 5-8-23) show that Hilliard received the certified mailing with return receipt requested and then refused service sending it back as "unclaimed". Thus, Hilliard upon receiving the service of process of certified mailing from the sheriff, decided to try to evade service by refusing to sign the receipt and by sending it back as "unclaimed".  This was a dishonest act by Hilliard in an attempt to fraudulently claim to the state court that he was not served and/or that there was no signed receipt as a basis to challenge the validity of service. Fortunately, the sheriff, smartly, also sent the service of process to Hilliard using first class mail (along with certified mail return receipt requested) which was not returned to the sheriff and further showing that Hilliard receives mail at the address listed on the summons. I also ensured that service of process was made to Hilliard's workplace so that he could not claim to have not received service at both his home address and his work address. With respect to both addresses, the sheriff included first class mailing as well, in addition to the certified mailing. This means that a total of 4 pieces of mail containing the summons and complaint was mailed by the sheriff to Hilliard. NB: It is standard practice that if certified mailing is done by sheriff, it is backed up by first class mail in order to prevent a recipient being served from claiming he did not receive any notice at all of the served summons and complaint. It also protects against unscrupulous recipients, who willfully refuse to sign for or accept certified mailing in order to evade service of process, which is what evidently occurred in this case. It is especially unbecoming (and dishonest) of a lawyer to try to evade service by refusing certified mailing from a sheriff. It is thus

indisputable that the amended complaint was served, via certified mail, with tracking and return receipt requested, on Hilliard, by the Bristol county sheriff, on 5-8-23. See also **Exhibit 2.**

d.  Hence, contrary to the defendants' assertions, my argument that the date of service on Upton & Hatfield counts as the date the Amended Complaint was mailed to Hilliard should not be disregarded (as explained above and in the re-filed motion to remand). This is a carefully presented argument and should be properly considered by the court, and to casually ask the court to disregard it is improper.

13. The objection further states:

*"While Upton & Hatfield has never been served with a Summons or the Amended Complaint, using the May 11, 2023 date that Mr. Hilliard, a partner in the firm, received the Amended Complaint as the date that Upton & Hatfield received notice of the Amended Complaint, removal on June 9, 2023 was timely. Plaintiff's argument that Upton & Hatfield's 30-day deadline to remove this matter actually started on April 17, 2023 (the day that Mr. Hilliard was purportedly served with the original Complaint) is illogical."*

a.  First, it should be noted that Upton & Hatfield was subsequently served with summons and the amended complaint. So, it is not correct to state that Upton & Hatfield has never been served.

b.  Second, Upton & Hatfield wants to have it both ways. They want to say that they are using the 5-11-23 date (the date that Hilliard, a partner in the firm, purportedly first received the Amended Complaint) as the date that Upton & Hatfield received notice of the Amended Complaint. Yet, they want to deny that the date that Hilliard received the original complaint was effective as a date of notice of the original complaint to Upton & Hatfield. This is a contradictory self-serving position to take.

c.  Similarly, they want to say that they are using the date that Hilliard purportedly first received the Amended Complaint as the date that Upton & Hatfield received notice of the Amended Complaint, but then they also want to deny that the date that the Summons and Amended Complaint was mailed to them (5-8-23) constitutes service complete upon mailing under Massachusetts law. See **Exhibit 3**.

d.  Further, contrary to the objection, the 30 day removal clock was triggered by the simultaneous service of the summons and complaint. At no point did I send the complaint or the amended complaint to any of the defendants <u>unattended by any formal service in this case</u>. In every instance, a summons accompanied the original complaint or the amended complaint as shown in the sheriff's affidavit.

e.  Also, further contrary to the defendants' assertion, this matter was not timely removed. A notice of removal generally must "be filed within 30 days after the receipt by the defendant . . . of a copy of the

initial pleading . . . or within 30 days after the service of summons upon the defendant . . . whichever period is shorter." 28 U.S.C. § 1446(b)(1). See U.S. Bank Nat'l Ass'n v. Berkowska, No. 3:12-cv-597 (JBA), 2013 WL 12303038, at *1 (D. Conn. Jan. 3, 2013) ("[T]he statutory time limit is mandatory and…federal courts rigorously enforce the statute's thirty-day filing requirement." See id. Here, defendant's notice of removal is wanting. The failure to remove by at least 5-17-23 alone proves the point.  Defendants' tortured attempt to avoid the 30-day time-bar based on the assertion that they only received the complaint on 5-11-23 is unavailing. And their entire theory of jurisdiction rests on the falsehood that Russell Hilliard never received any summons and complaint prior to 5-11-23 —a falsehood that, even if true, would not establish jurisdiction. Similarly, it is the defendants' fault for filing the removal after 6pm on 6-9-23. Why did they wait until the last minute, in fact until after the last minute, to file their notice of removal? They knew of this case for over a year since the filing of the complaint in Bristol superior court. They were late in filing an answer or a response to the complaint in state court. In fact, they missed the deadline for filing answer or response to the complaint. After I filed a motion for default in state court, the defendants filed an opposition to default and requested an extension to file their late answer or response. The state court denied the default. Then the defendants waited until the just before the expiration of the extension they requested to file answer or response in state court, to file their notice of removal to federal court. There is no excuse for waiting so long to remove, after waiting so long to file a response to the complaint. This issue is one of their own making and the court should not allow them any leeway, since removal is to be construed tightly.

f.   Similarly, my argument about Upton & Hatfield's 30-day deadline to remove is not "illogical". Hilliard was served both with summons and complaint. Hilliard cannot have it both ways. They needed to remove to federal court starting 30 days from 4-14-23 (when service was completed with the summons and original complaint) or otherwise 30 days from 5-8-23 (when service was completed with the summons and amended complaint). Either way, the removal effected on 6-12-23 was untimely.

14. The objection also states:

*"Upton & Hatfield was not a party to the original Complaint and was not a party prior to plaintiff's filing of his Amended Complaint on May 4, 2023. Upton & Hatfield could not have removed this matter to Federal court before it was a party. Here, Upton & Hatfield was not aware of the Amended Complaint until one of its attorneys (Mr. Hilliard) received a copy of it on May 11, 2023. Neither Mr. Hilliard nor Upton & Hilliard were formally served with the Amended Complaint, but nonetheless, out of an abundance of caution, Upton & Hilliard removed this matter within the 30-day deadline that it first became aware that it was a party to this matter."*

a. It should be noted that Upton & Hatfield knew that it represented Craig Donais through the representation by its partner Russell Hilliard. Upton & Hatfield was technically a party because of Russell Hilliard. This is based on the partnership structure of Upton & Hatfield.

b. It is manifestly not true to state that *"Neither Mr. Hilliard nor Upton & Hilliard were formally served with the Amended Complaint"*. Hilliard was formally served with amended complaint by certified mail by the court via sheriff on 5-8-23. This is proven by the receipt from the post office and the Bristol sheriff affidavit. Discovery is needed to establish beyond all doubt the defendants are not honest here. See **Exhibit 4.**

15. The objection further states:

*"As detailed in the Notice of Removal, Plaintiff has alleged, in a related lawsuit against Defendant Craig Donais, damages of at least $500,000.00…Thus, Upton & Hatfield has shown a reasonable probability that the amount in controversy exceeds $75,000. The focus is on the causes of action pleaded and the types of damages claimed, not the estimates proffered by the plaintiff. Id. at 221- 22".*

a. This is misleading. I did not merely allege damages of $500,000 in a related lawsuit. Moreover, given the current dispute over damages amount, discovery is needed so that the defendants don't play a 'game of charades' now, but later argue that there are no or little damages. This invokes the principle of estoppel. If the defendants prevail in establishing that the damages are over $75,000, they cannot later controvert that damages are less than $75,000 (which would turn the integrity of this process on its head). The defendants are in a position of possessing information which will help to establish the amount of damages. Hence, the defendants should be subject to discovery given their position in challenging the idea that the damages in this case is less than or could be less than $75,000.

b. Also, Upton & Hatfield has not shown any probability that damages exceeds $75,000, as explained above and in the motions to remand. Further, the defendants contradict themselves. First, they state that the $500,000 reference in the 2020 state court filing in a prior case demonstrates damages in this case, but then turn and state that "*the focus is on the causes of action pleaded and the types of damages claimed, not*

*the estimates proffered by the plaintiff.*"  If estimates proffered by me are not dispositive of the issue, then

defendants cannot use the $500,000 reference in a prior case, as a basis for damages in this case.[5]

16. The objection further states:

*"Here, the legal and factual allegations, coupled with undisputed facts about the Plaintiff, establish that his claims could be worth more than $75,000…Plaintiff fails to address the legal and factual circumstances in his Motion to Remand. Here, neither the Complaint nor Amended Complaint state a specific amount that Plaintiff is seeking. Thus, the Court may consider extrinsic evidence submitted…."*

   a.  Contrary to defendants' assertion, the legal and factual allegations in my complaint establish that my

   claims are not likely worth more than $75,000. Because widespread publicity is not established (as

   indicated by state court judge), then whether damages could exceed $75,000 is far from established.

   Based on the complaint, the factual and legal circumstances militate in favor of damages less than

   $75,000. Juries are not quick to award damages based on limited publicity of defamation (in some cases

   awarding only $1). Further, defendants cannot rely on general damage claims in the complaint and

   [their] conclusory allegations as to the value of those claims, but must prove factual details establishing

   by a preponderance of evidence that damages exceeds $75,000. A removing defendant's simple say-so

   will not suffice to demonstrate that a case meets the jurisdictional threshold, see Gaus, 980 F.2d at 567.

   b.  Similarly, the court may not consider a statement from 2020 in another [state court] case where the

   expectation of damages was established as barely surpassing the $50,000 threshold by the judge in that

   case. The court may also not consider the 2020 state court statement in another case when the

   complaint in this case is adequate to determine that the damages are likely to be less than $75,000.

17. The objection further states:

*"Furthermore, the "prayer for relief" asks for "any and all damages acceptable by law, including compensatory damages, statutory damages, punitive damages…and enhanced damages."…Given Plaintiff's prior lawsuit against Mr. Donais arising out of the same nucleus of facts – in which he claimed damages of $500,000 – Plaintiff cannot now argue that his claims do not exceed $75,000."*

   a.  None of the above proves that damages are above $75,000. These are conclusory allegations that are

   insufficient to prove removal was proper. The damages in the complaint go to defamation and

   emotional damages. It is not facially apparent that such damages must be above $75,000. The

---

[5] See also Reynolds v. World Courier Ground, Inc., 272 F.R.D. 284, 287 (D. Mass. 2011) ("Notably absent from Defendant's arguments, however, is any specification or affirmative evidence of the amount in controversy. Beyond reciting the categories of damages that Plaintiff is seeking, Defendant's lone support for its contention that Plaintiff's damage would exceed the jurisdictional minimum is a vague hypothetical and pointing to Plaintiff's work-related expenses"… Unfortunately, Defendant leaves any calculation to the imagination… Moreover, the information necessary to determine the amount in controversy should be readily available to Defendant. The fact that Defendant declined to offer any such evidence suggests that this evidence may not support jurisdiction".).

defendants have not carried their burden. And, contrary to defendants' assertion, I can and do certainly state, as done elsewhere, that damages are not likely to exceed $75,000 and I offer as support the state court judge's ruling on jurisdictional damages as likely only to be scarcely above $50,000.

18. The objection further states: *"Amended Complaint arises under Federal law, this separate valid basis for removal also defeats Plaintiff's attempts to remand this matter to state court."*

   a. Federal jurisdiction is not established, if upon amending the complaint, the sole federal claim is eliminated (which I intend to do). The federal court freely allows complaints to be amended at least once in federal court. I intend to add a defendant as a necessary party and to remove the federal claim.

   b. Even assuming arguendo that there is federal question jurisdiction, this does not mean that removal was timely or that all removal prerequisites have been met. The defendants have not addressed the majority of facts, points, and arguments that show the defendants did not meet removal prerequisites, even with the presence of the sole federal claim (which is telling as a tacit concession). A case that is not timely removed must be remanded even if removal would otherwise be proper if timely removed. Further, even assuming arguendo there is federal question jurisdiction (which I do not concede), this does not mean there is diversity jurisdiction (without which, there are several implications for this case).

19. The objection further states:

   *"Plaintiff cites several bankruptcy cases in the Motion to Remand…to assert that this Court lacks subject matter jurisdiction due to the "mandatory abstention doctrine" or in the alternative, asks the Court to exercise "permissive abstention."…The abstention doctrines cited…are principles of bankruptcy law and are not applicable here."*

   a. First, I did not use the Marotta Gund Budd & Dzera, LLC v. Costa case to assert mandatory or permissive abstention. This is a mischaracterization of my filing. Similarly, the case is not a "bankruptcy case" but a NH federal court case. Also, the Marotta case that I cited is on point in numerous ways. The defendants ignore all points of commonality about that case with this case, which is telling. The issue before the court in the Marotta case was not a bankruptcy issue but had to do with remand to state court. Defendants are trying to obscure or distract the court's attention from the relevant parallel reasoning that applies to that case and this case, and that the outcome [remand] should be the same.

   b. Also, contrary to defendants' assertion regarding abstention, this court has discretion to decline supplemental jurisdiction over the majority state law claims where one federal claim could form a basis

for federal jurisdiction. I contend that abstention principles counsel against the exercise of jurisdiction in this case, even if the court would otherwise have jurisdiction over this action[6].

## IV. CONCLUSION

20. For all the foregoing reasons, I respectfully request that this Honorable Court grant the Plaintiff's Motion to Remand this Case to State Court; and Grant such other and further relief as is equitable and just.

Respectfully submitted,
/s/andre bisasor
Andre Bisasor
679 Washington Street, Suite # 8206
Dated: December 13, 2023                                        Attleboro, MA 02703

## CERTIFICATE OF SERVICE

I certify that the foregoing was served to the parties in this case via the court's electronic filing system.

/s/andre bisasor
Andre Bisasor

---

[6] See Lawless v. Steward Health Care Sys., LLC, 894 F.3d 9 (2018)(Where, as here, the only federal claim has vanished before trial and the remaining state-law claim raises a knotty and unresolved question of state law, dismissal without prejudice typically will be a prudent option. See Houlton Citizens' Coal. v. Town of Houlton, 175 F.3d 178, 192 (1st Cir. 1999).).