# EXHIBIT 5

**Case Printout of
Gaus v. Miles, Inc., 980 F.2d 564 (1992)**

per day — see our terms of use for details. Sign up for an account to use our API or apply for unlimited research scholar access.

# Gaus v. Miles, Inc., 980 F.2d 564 (1992)

Nov. 23, 1992 · United States Court of Appeals for the Ninth Circuit · No. 91-16385

980 F.2d 564

Case outline: Majority — Per Curiam

Other formats: PDF, API

Citing cases: 355 cases cite to this case

View citation history in trends

Other databases:

**COURTLISTENER**

Frank D. GAUS, Plaintiff-Appellant,

*v.*

MILES, INC., an Indiana Corporation, Defendant-Appellee

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 1992 [*].

### ATTORNEYS

*565 Robert E. Dickey, Clark & Dickey, Reno, Nev., for plaintiff-appellant.

Victor A. Perry, Perry & Spann, Reno, Nev., for defendant-appellee.

Colo., for defendant-appellees.

Before GOODWIN, FARRIS, and PREGERSON, Circuit Judges.

**HEAD MATTER FOOTNOTES**

* The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4.

# Opinion

Author: PER CURIAM:

Frank D. Gaus appeals the district court's grant of summary judgment in favor of Mobay Corporation.[1] Gaus alleged breach of contract, intentional interference with contractual relationships, and intentional interference with prospective economic advantage.- We vacate the judgment for lack of subject matter jurisdiction and remand to the district court with instructions to remand to the state court.

FACTS

On May 25, 1990, Gaus filed this action against Mobay Corporation in the Second Judicial District Court of the State of Nevada. Gaus sought damages "in excess of $10,000." On July 13, 1990, Mobay Corporation removed the action to the United States District Court for the District of Nevada, relying on 28 U.S.C. §§ 1332 and 1441(a), and alleging that "the matter in current controversy ... exceeds the sum of $50,000."

Concerned that the district court lacked subject matter jurisdiction, we issued the following order on October 26, 1992:

566

*566 It appears that there is a jurisdictional defect in that the appellant alleged damages in excess of $10,000. The parties are directed to file simultaneous supplemental memoranda, not to exceed 5 pages, as to why the case should not be dismissed for lack of subject matter jurisdiction. The memoranda shall be filed by November 5, 1992.

demand for a specific amount above $10,000. Gaus alleges that the actual damages sought are "in the millions of dollars." Gaus fails to point to any pleading which supports this allegation other than the Appendix to his Summary Judgment Reply Brief. Mobay states only that Gaus's alleged damages may be a procedural error.

DISCUSSION

1. *Amount in Controversy Requirement Increased*

On November 19, 1988, pursuant to the Judicial Improvements and Access to Justice Act, Pub.L. No. 100-702, 102 Stat. 4642 (1988), Congress increased the "amount in controversy" provision of 28 U.S.C. § 1332 from $10,000 to $50,000. The relevant portion of the act provides:

> SEC. 201 AMOUNT IN CONTROVERSY IN DIVERSITY CASES
>
> (a) Increase in Amount in Controversy to $50,000 — Subsections (a) and (b) of section 1332 are each amended by striking out "$10,000" and inserting in lieu thereof "'$50,000".
>
> (b) Effective Date — The amendments made by this section shall apply to any civil action commenced on or after the 180th day after the enactment of this title.

The "date of enactment" for section 201 was November 19, 1988. The "effective date" was therefore May 18, 1989.

Gaus's complaint, filed May 25, 1990, alleges damages "in excess of $10,000." The effective date of the $50,000 "amount in controversy" requirement was May 18, 1989.

2. *Removal Statute Strictly Construed*

We strictly construe the removal statute against removal jurisdiction. *Boggs v. Lewis,* 863 F.2d 662, 663 (9th Cir.1988); *Takeda v. Northwestern Nat'l Life Ins. Co.,* 765 F.2d 815, 818 (9th Cir.1985). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979).

Supreme Court has drawn a sharp distinction between original jurisdiction and removal jurisdiction:

> [I]n cases brought in the federal court ... [i]t must appear to a legal certainty that the [plaintiffs] claim is really for less than the jurisdictional amount to justify dismissal.... A different situation is presented in the case of a suit instituted in a state court and thence removed. There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.

*St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288-290, 58 S.Ct. 586, 590-591, 82 L.Ed. 845 (1938).

The "strong presumption" against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper. *Nishimoto v. Federman-Bachrach & Assocs.,* 903 F.2d 709, 712 n. 3 (9th Cir.1990); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir.1988). Normally, this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. *See St. Paul,* 303 U.S. at 288-89, 58 S.Ct. at 590; *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.,* 802 F.2d 362, 363 (9th Cir.1986).

If it is *unclear* what amount of damages the plaintiff has sought, as is true here with regard to Gaus's claim, which is governed by Nevada Rule of Civil Proce *567 dure 8(a), then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount. *Garza v. Bettcher Indus., Inc.,* 752 F.Supp. 753, 763 (E.D.Mich.1990). This principle was announced in *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936):

> The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, *and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.*

cise of jurisdiction. Instead, Mobay simply alleges that "the matter in current controversy ... exceeds the sum of $50,000." This allegation, although attempting to recite some "magical incantation," neither overcomes the "strong presumption" against removal jurisdiction, nor satisfies Mobay's burden of setting forth, in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds $50,000. *See Garza,* 752 F.Supp. at 763 (holding that defendant's bald recitation that "the amount in controversy exceeds $50,000," without the defendant identifying any specific factual allegations or provisions in the complaint which might support that proposition, should provoke *sua sponte* remand).

The judgment is VACATED. The case is REMANDED to the district court with instructions to REMAND to the state court.

1 . The parties filed a stipulation to change the name of the appellee Mobay Corporation to "Miles, Inc., an Indiana Corporation" in order to reflect a corporate merger. The motion was granted.

terms
privacy
accessibility

**Caselaw**
Search
API
Trends
Bulk Data
By Jurisdiction
Fetch PDFs

**Gallery**
CAP Labs
Research
Coursework
Fun Stuff
Community Apps
Our Apps
Community Tutorials

**Docs**
About CAP
Docs Overview
API
Bulk Data
Search

https://cite.case.law/f2d/980/564/    5/6

Site text is licensed CC BY-SA 4.0. Source code is MIT licensed. Harvard asserts no copyright in caselaw retrieved from this site. ©2023 The President and Fellows of Harvard University.