UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR,
    Plaintiff

Vs.                                          CASE NO.: 1:23-CV-00374-JL

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
UPTON AND HATFIELD LLP and
MARY K. DONAIS,
    Defendants

### DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR LIMITED JURISDICTIONAL DISCOVERY PERTAINING TO THE PLAINTIFF'S MOTION TO REMAND TO STATE COURT (DOC. 137)

### INTRODUCTION

The Defendants Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC (jointly the "Donais Defendants") object to Plaintiff Andre Bisasor's ("Plaintiff") Motion for Limited Jurisdictional Discovery Pertaining to the Plaintiff's Motion to Remand to State Court (Doc. 137). The Donais Defendants request that this Honorable Court deny the Plaintiff's Motion as they do not contest that this court has personal jurisdiction over them, and there is no need for jurisdictional discovery.

### BACKGROUND

On 6/20/22, Plaintiff filed his original complaint in the Bristol Superior Court in Massachusetts. (Doc. 18, Transfer of State Court Record, pp. 4 and 11.) On 5/4/23, Plaintiff filed his First Amended Complaint ("FAC"). (Doc. 18, p. 6.) Through his FAC, Plaintiff asserts claims for defamation, libel, false light/invasion of privacy, tortious interference with advantageous relations, intentional infliction of emotional distress, civil conspiracy, abuse of process, violation of 42 U.S.C.

1

§1981 against defendants Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC; civil rights violations, violations of M.G.L. ch. 93A, breach of fiduciary duty, breach of implied contract and breach of implied covenant of good faith and fair dealing against Craig S. Donais and Donais Law Offices PLLC; and aiding and abetting defamation against Mary K. Donais for statements and publications allegedly made by Craig S. Donais.  See FAC.

On 6/12/23, the matter was removed to the USDC in Massachusetts.  On 6/13/23, the Donais Defendants timely filed their Motion to Dismiss or in the Alternative to Transfer to District of New Hampshire as their initial responsive pleading.  (Doc. 7 and 8.)

On 7/27/23, the USDC District of Massachusetts (Young, J.) conducted a hearing on all pending motions, which included Defendants' motions to dismiss, which argued, in part, that Massachusetts lacked jurisdiction over Defendants.  (Doc. 8, pp. 4-11.)  Judge Young, before hearing argument, stated that after reviewing the pending motions

> it does seem to me that the fairest thing I might do is transfer this case to the District Court in New Hampshire, and the reason I say that is there are very real issues as to whether I have personal jurisdiction over the people you've sued here in the District of Massachusetts, and um, where there's no such issues in the District of New Hampshire and we can get on to the actual merits of the case?

(Doc. 78-1, pp. 4-5.)

Mr. Bisasor began to argue jurisdiction, at which point the Court confirmed that neither the Donais Defendants nor Mr. Hilliard and his firm would assert a lack of personal jurisdiction in the District of New Hampshire.  (Doc. 78-1, pp. 7-8).  The matter was then transferred to this Court.

In the instant motion, Plaintiff claims that jurisdictional discovery is needed before his motion to remand can be resolved (Doc. 137, ¶ 13.)  However, Plaintiff agreed to the transfer to New Hampshire.  Plaintiff seeks, through this motion, to reopen the Massachusetts personal jurisdiction issue which he abandoned on 7/27/23.  As such and as jurisdictional discovery is not

2

103300242

needed with respect to any claim of a defect in the removal process, the Donais Defendants state that jurisdictional discovery is not needed[1].

### ARGUMENT

**A.  Since none of the Defendants Contest Jurisdiction in this Court, Plaintiff's Request for Jurisdictional Discovery is Unwarranted**

As noted above, all defendants clearly advised the Court during the hearing on 7/27/23 that once transferred to New Hampshire, no defendant would claim a lack of personal jurisdiction in New Hampshire.  (Doc. 78-1, pp. 7-8.)  Thus, there is no personal jurisdictional issue in this court which requires discovery.

**B.  To the extent Plaintiff seeks jurisdictional discovery based upon a claim of lack of subject matter jurisdiction, discovery is not needed based upon the facts as alleged in Plaintiff's FAC and his filings in other matters.**

"It is within the trial court's discretion whether or not to grant a plaintiff's motion for jurisdictional discovery." Nordica USA Corp. v. Ole Sorensen, 475 F.Supp.2d 128, 134 (D.N.H. 2007).  In Nordica, this Court described its discretionary power and the factors it considers in ruling on a motion for jurisdictional discovery:

> The motion must be timely and properly supported, must proffer a colorable claim for jurisdiction, and must present facts to the court which show why jurisdiction would be found if discovery were permitted . . . Plaintiffs must specify the type of evidence they think they will find and provide detailed descriptions of any additional pertinent avenues of inquiry that they hope to pursue.  Failure to allege specific contacts, relevant to establishing personal jurisdiction, in a jurisdictional discovery request can be fatal to the request.

---

[1] In his filings, Plaintiff states that since the Donais Defendants said, in response to his inquiry about concurrence to this motion that jurisdictional discovery was not needed "from them," this somehow means that the Donais Defendants agree that such discovery is needed from the co-defendants. (See 137-1, ¶ 11 and p. 28)  It does not.  The Donais Defendants answered for themselves only.  To be clear, the Donais Defendants state that no jurisdictional discovery is needed from any of the defendants in this matter.

103300242

Id. (internal citations and quotations omitted). Furthermore, "even when a plaintiff has been diligent and has properly supported a colorable claim for jurisdiction, the district court may still conclude that discovery is not required and be within its direction in denying the request." Id. (internal citations omitted).

Plaintiff contends that jurisdictional discovery is needed due to the "scope and content" of the notice of removal and oppositions to his motion to remand and because "the defendants failed to meet the removal prerequisites." (Doc. 137, ¶¶ 2, 13.) In their objection to Plaintiff's motion to remand (Doc. 90), the Donais Defendants argued that (a) diversity exists, (b) the amount in controversy exceeds $75,000, and (c) Count 13 of Plaintiff's FAC raises a federal question. None of these arguments raises a need for jurisdictional discovery.

Plaintiff appears to suggest that the Donais Defendants may be citizens of Massachusetts and that this somehow is relevant to his motion to remand. This argument is based upon his own conclusory statements, and do not make a colorable claim for personal jurisdiction over the Donais Defendants (or any other defendant) in Massachusetts. "The 'colorable' . . . standard for obtaining jurisdictional discovery requires some showing that discovery is needed or likely to be useful." U.S. v. Swiss American Bank, Ltd., 274 F.3d 610, 636 (1st Cir. 2001). Here, Plaintiff has failed to show any need for jurisdictional discovery, or how said discovery is likely to be useful. Other jurisdictions have refused to allow plaintiffs to pursue jurisdictional discovery when the plaintiffs fail to set forth adequate jurisdictional facts in their pleadings. Johnson v. TheHuffingtonpost.com, Inc., 21 F.4th 314, 326 (5th Cir. 2021) (affirming denial of request for jurisdictional discovery and noting that courts "will not authorize a 'jurisdictional fishing expedition' based on a plaintiff's general averments that more discovery will prove . . . jurisdiction") (internal quotations and citations omitted).

4

As argued in their original motion to dismiss, the Donais Defendants have no significant contacts with Massachusetts other than Craig S. Donais' being admitted to the Bar in Massachusetts. FAC ¶ 58[2]. Craig S. Donais is an attorney licensed to practice law in the State of New Hampshire and the Commonwealth of Massachusetts, and his practice, Donais Law Offices PLLC, is located in New Hampshire. FAC ¶¶ 66, 83. Plaintiff tries to characterize Craig S. Donais as having significant contacts to Massachusetts, but all he alleges is that Craig S. Donais travels to Massachusetts to visit family or take part in recreational activities and is admitted to practice law in Massachusetts; all of his other allegations go toward information more than 20 years out of date or concerning Craig S. Donais' family and not himself. FAC ¶¶ 58-69. Plaintiff similarly tries to characterize Mary K. Donais as having significant contacts to Massachusetts, but he alleges even less regarding her, namely that she used to live in Massachusetts and still travels there for family and recreational activities. FAC ¶¶ 70-76. Plaintiff finally tries to characterize Donais Law Offices, PLLC as having significant contacts with Massachusetts despite its being located in New Hampshire and organized under New Hampshire laws. FAC ¶¶ 81-92. See also Doc. 137-1, p. 32, which clearly lists a Manchester, New Hampshire address.

In his motion, Plaintiff makes conclusory statements about the Donais Defendants, and in particular the Donais Law Offices, in attempts to manufacture a factual question, and then contends he needs discovery regarding the ownership of the law practice and another entity not a party to this case[3]. (Doc. 137-1, ¶ 44.) Accordingly, because Plaintiff has failed to set forth a colorable case

---

[2] See FAC, beginning on p. 40 of Doc. 18.

[3] The Donais Defendants state that there is no need for jurisdictional discovery. Briefly, though, by way of an offer of proof, Craig Donais was and always has been the only member of Donais Law Offices, PLLC. His practice never owned, rented or otherwise occupied space in Massachusetts. Craig Donais has never been an owner or member of Bon Courage LLC, but as reflected in the online state records, was the registered agent. He was reported erroneously

103300242

...

for the existence of personal jurisdiction in Massachusetts, his request for jurisdictional discovery should be denied. See also the personal jurisdiction arguments previously advanced by the Donais Defendants at Doc. 8, pp. 4-11, which are incorporated herein by reference.

Also, the Donais Defendants note that Plaintiff's domicile is unclear. When Craig Donais spoke with Plaintiff in 2017, he claimed he resided in New Hampshire. In his FAC, he states only that he "is an individual located in the state of Massachusetts," which is his alleged domicile. (FAC, ¶ 57.) In the required Civil Action Cover Sheet (Doc. 18, p 17), he provided an address of 679 Washington Street, #8-206, Attleboro, MA. A quick google search reveals that this is a UPS Store and clearly not Plaintiff's residence. (See Exhibit 1, attached hereto.)

Moreover, to the extent Plaintiff alleges defects in the removal procedure, e.g., the 30-day rule, this is not subject to jurisdictional discovery. Plaintiff's motion should be denied.

## **CONCLUSION**

For all the foregoing reasons, Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC, respectfully request that this Court deny the Plaintiff's Motion for Limited Jurisdictional Discovery Pertaining to the Plaintiff's Motion to Remand to State Court.

---

as the manager. Moreover, this corporation was administratively dissolved on 8/3/2009, more than a decade before Plaintiff filed his complaint in this matter.

6

103300242

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG S. DONAIS, MARY K. DONAIS
and DONAIS LAW OFFICES PLLC
By Their Attorneys,

*/s/ Edwin F. Landers, Jr.*
_____
Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

**CERTIFICATE OF SERVICE**

I, Edwin F. Landers, attorney for the Defendants, Craig S. Donais, Mary K. Donais, and Donais Law Offices PLLC, hereby certify that I have this day served the foregoing to all counsel of record in this action by serving same via First Class U.S. mail, postage prepaid and/or electronic mail to:

| | |
|---|---|
| Andre Bisasor, Pro Se<br>679 Washington Street, Suite #8-206<br>Attleboro, MA 02703<br>quickquantum@aol.com | William Saturley, Esq.<br>Daniel R. Sonneborn, Esq.<br>Preti Flaherty Beliveau & Pachios, LLP<br>60 State Street, Suite 1100<br>Boston, MA 02109<br>wsaturley@preti.com<br>dsonneborn@preti.com |

Date:   December 21, 2023        */s/ Edwin F. Landers, Jr.*
                                 Edwin F. Landers, Jr.

7

103300242