UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ANDRE BISASOR, <br>　　　Plaintiff, <br><br>vs. <br><br>CRAIG S. DONAIS, RUSSELL F. <br>HILLIARD, DONAIS LAW OFFICES <br>PLLC, UPTON AND HATFIELD LLP, <br>and MARY K. DONAIS, <br>　　　Defendants. | Case No. 1:23-cv-374-JL-TSM |

## DEFENDANTS RUSSELL F. HILLIARD'S AND UPTON & HATFIELD, LLP'S OPPOSITION TO PLAINTIFF'S MOTION FOR LIMITED JURISIDICTIONAL DISCOVERY PERTAINING TO THE PLAINTIFF'S MOTION TO REMAND TO STATE COURT (Doc. no. 137)

NOW COME Defendants Russell F. Hilliard ("Hilliard") and Upton & Hatfield, LLP ("Upton & Hatfield") (collectively "Defendants") and submit the following Opposition to Plaintiff's Motion for Limited Jurisdictional Discovery Pertaining to the Plaintiff's Motion to Remand to State Court (the "Motion"). Jurisdictional discovery is not necessary to rule on Plaintiff's Motion to Remand. Upton & Hatfield properly removed this matter to the United States District Court for the District of Massachusetts before it was transferred to this Court. The Motion should be denied.

## I.　　BACKGROUND

Plaintiff initially filed this lawsuit on June 20, 2022. After attempting to serve original Defendants Craig Donais and Russell Hilliard in April 2023, Plaintiff later filed an Amended Complaint, adding Defendants Mary Donais, Donais Law Offices, PLLC, and Upton & Hatfield, LLP. This matter was removed by Upton & Hatfield on June 9, 2023 on the grounds of diversity jurisdiction and federal question jurisdiction. Plaintiff is a Massachusetts resident. All Defendants

are New Hampshire residents (all partners of Upton & Hilliard are New Hampshire residents (*see* Local Rule 7.1.1 Diversity Disclosure Statement Doc. no. 71)).

## II.   **ARGUMENT**

### A.  The Defendants are not Challenging Personal Jurisdiction.

"Under First Circuit law, if defendants move to dismiss for lack of personal jurisdiction, plaintiffs may be entitled to a 'modicum of jurisdictional discovery' to establish facts that demonstrate why jurisdiction may properly be exercised over defendants." *Nordica USA Corp. v. Ole Sorensen*, 475 F. Supp. 2d 128, 133–34 (D.N.H. 2007) (emphasis added), quoting *Negron–Torres v. Verizon Commc'ns. Inc.,* 478 F.3d 19, 27 (1st Cir.2007). While the Defendants are seeking dismissal of the Amended Complaint on other grounds, their Motion to Dismiss does not raise personal jurisdiction as a defense. *See* Doc. nos. 81 and 81-1. Prior to transfer to this district, the Defendants confirmed to Judge William Young of the United States District Court for the District of Massachusetts that they would not claim a lack of personal jurisdiction in New Hampshire. *See* Doc. 78-1, pp. 7-8. There are no personal jurisdictional issues in this court requiring jurisdictional discovery.

### B.  Jurisdictional Discovery is not Needed or Likely to be Useful.

This Court has broad discretion whether to allow jurisdictional discovery. *U.S. v. Swiss Am. Bank Ltd.,* 274 F.3d 610, 625 (1st Cir.2001) (explaining the district court's broad discretion).

A motion for jurisdictional discovery must be "timely and properly supported," must proffer a "colorable claim" for jurisdiction, and must "present facts to the court which show why jurisdiction would be found if discovery were permitted." *Nordica USA Corp. v. Ole Sorensen*, 475 F.Supp.2d 128, 134 (D.N.H. 2007), citing *U.S. v. Swiss Am. Bank Ltd.*, 274 F.3d at 625-626. Plaintiff must specify the type of evidence he thinks he will find and provide detailed descriptions

of any "'additional pertinent avenues of inquiry' that [they] hope[ ] to pursue." *Id.* (quoting *Whittaker Corp. v. United Aircraft Corp.,* 482 F.2d 1079, 1086 (1st Cir.1973)). "Finally, even when a plaintiff has been diligent and has properly supported a colorable claim for jurisdiction, the district court may still conclude that discovery is not required and be within its discretion in denying the request." *Nordica USA Corp. v. Ole Sorensen*, 475 F.Supp.2d 128, 134 (D.N.H. 2007), citing *U.S. v. Swiss Am. Bank Ltd.*, 274 F.3d at 625-626.

Plaintiff appears to believe that jurisdictional discovery is required to determine (i) the amount in controversy (Doc. no. 137-1 at ¶¶ 66-80); (ii) whether complete diversity of citizenship exists (Doc. no. 137-1 at ¶¶ 81-92); and (iii) whether removal was timely (Doc. no. 137-1 at ¶¶ 93-132).

Plaintiff has already addressed the issues by which he seeks jurisdictional discovery in his Motion to Remand and Replies. *See* Doc. nos. 87, 135-138. Hilliard and Upton and Hatfield opposed the motion to remand, and (i) pointed out where Plaintiff has already admitted his claims exceed $75,000; (ii) noted complete diversity of citizenship of the parties; and (iii) provided support for timely removal by Upton & Hatfield upon it becoming aware it was added as a party by way of the Amended Complaint. *See* Doc. nos. 1 and 104. Moreover, Plaintiff's claims also raise federal question issues, giving this Court jurisdiction regardless of whether diversity jurisdiction exists. *Id.*

Here, Plaintiff has not shown that "[jurisdictional] discovery is needed or likely to be useful," how such discovery would proffer a "colorable claim" for jurisdiction, or how such discovery would "present facts to the court which show why jurisdiction would be found if discovery were permitted." *Nordica USA Corp. v. Ole Sorensen*, 475 F.Supp.2d 128, 134 (D.N.H. 2007), citing *U.S. v. Swiss Am. Bank Ltd.*, 274 F.3d at 625-626, 636.

i.      *Amount in Controversy.*

Jurisdictional discovery is not needed to determine whether the amount in controversy exceeds $75,000. Where Plaintiff has challenged whether the amount in controversy is met, "the court must determine, by a preponderance of the evidence, whether the jurisdictional amount is satisfied." *Pyzik v. Omni Mount Washington LLC*, 2019 WL 13225778, No. 19-CV-59-JD (D.N.H. Apr. 10, 2019), citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)). For purposes of making that finding, "both sides submit proof" pertaining to the jurisdictional amount. Id. at 554. The Defendants have submitted evidence suggesting the amount in controversy for removal purposes has been met based on Plaintiff's prior statements to the courts. *See* Doc. nos. 1 and 104. If Plaintiff has any additional evidence regarding his damages, he should have included it in the Motion to Remand or Replies that he filed. There is no need for jurisdictional discovery with respect to his alleged damages.

ii.     *Diversity of Citizenship.*

The Defendants filed a Diversity Disclosure Statement with this Court, indicating all partners of Upton & Hatfield, LLP are New Hampshire residents. *See* Doc. no. 71. This was also asserted in the Notice of Removal and Opposition to Motion to Remand. *See* Doc. nos. 1 and 104. Plaintiff's beliefs regarding other activities of Upton & Hatfield partners in Massachusetts do not refute that all partners are New Hampshire residents and do not defeat diversity of citizenship.

iii.    *Timeliness of Removal.*

Likewise, Plaintiff's arguments regarding when Upton & Hatfield's time to remove this matter have already been addressed in the Notice of Removal, Motion to Remand, Oppositions, and Replies. *See* Doc. nos. 1, 87, 104, 135-138. Such an argument is not appropriate for jurisdictional discovery.

### III.    <u>CONCLUSION</u>

Plaintiff has not, and cannot, show that discovery on any of the issues regarding removal are "needed or likely to be useful" or how such discovery would proffer a "colorable claim" for jurisdiction or "present facts to the court which show why jurisdiction would be found if discovery were permitted. The Motion should be denied.

WHEREFORE, Defendants Russell F. Hilliard and Upton & Hatfield, LLP respectfully request this Court deny Plaintiff's Motion for Limited Jurisdictional Discovery Pertaining to the Plaintiff's Motion to Remand to State Court, along with any other relief the Court deems proper.

Respectfully submitted,

The Defendants,
RUSSELL F. HILLIARD and
UPTON & HATFIELD, LLP,

By their attorneys,

Dated: December 26, 2023        */s/ Daniel R. Sonneborn*_____
William C. Saturley, NH Bar #2256
wsaturley@preti.com
Daniel R. Sonneborn, NH Bar #20947
dsonneborn@preti.com
Preti Flaherty Beliveau & Pachios, PLLP
P.O. Box 1318
57 North Main Street
Concord, NH 03302-1318
T: (603) 410-1500

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true copy of this document to be served via electronic filing on all counsel of record or pro se parties on December 26, 2023.

/s/ *Daniel R. Sonneborn*
Daniel R. Sonneborn