UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**PLAINTIFF'S REPLY OR MOTION FOR LEAVE TO FILE A REPLY TO DONAIS DEFENDANTS' OBJECTION TO THE MOTION FOR LIMITED JURISDICTIONAL DISCOVERY PERTAINING TO THE MOTION TO REMAND TO STATE COURT**

1. I hereby provide this reply or a motion for leave to file a reply to the Donais defendants objection to the motion for limited jurisdictional discovery pertaining to the motion to remand to state court (hereinafter "Objection") pursuant to local rule 7.1(e)(1) & (2). Grounds are below.

**I. GROUNDS FOR THIS MOTION**

2. Rule 7.1 explicitly authorizes the filing of a reply or a motion for permission to file a reply within 7 days of the date of an objection filed. Thus, I am filing this reply or motion for permission to file a reply within 7 days of the date of the objection filed on 12-21-23. NB: I presume this relates to a dispositive filing.

3. This reply is necessary because the Donais defendants made misleading statements in their objection and/or have mischaracterized my pleadings. Moreover, the objection includes assertions that are incorrect or erroneous. The Donais defendants also make blanket conclusory assertions without facts, specifics, or support, and without addressing the clear, substantive, substantial arguments as well as the overwhelming facts and detailed exhibits provided in support of my motion.

4. They have not addressed the specific assertions I made regarding timing of receipt of the multiple mailings of service of process documents sent by the Bristol county sheriff to the defendants. They have not addressed the specific assertions I made regarding the damages amount. They have not addressed the specific assertions I made regarding the diversity of citizenship. They barely addressed the issues related to the citizenship of the Donais defendants, but the little they do say about this was done without affidavit but via general references by the lawyers. At this point, the Donais defendants have made no statement themselves in this case. No affidavit has ever been offered by the Donais defendants.

5. Most represented parties are required to prove their points and facts with support, facts, and careful reasoning. Evidently, the Donais defendants feel they are entitled to special treatment and special deference,

1

and apparently believe that they do not have to work hard to persuade the court of anything, like most participants in the legal system. No other represented party behaves like this, to my knowledge. In a merit system of law, it is the careful persuasion and marshalling of facts and well-reasoned arguments that is supposed to win the day. There should not be an elite special hierarchy in the legal system that is afforded special weight or gravitas to their words. Thus, the Donais defendants' objection should be ignored for that reason alone. This should not be countenanced by the court.

6. I need an opportunity to address these assertions made in the objection as well as the new issues raised therein and to cite points of authorities that refute or undermine the assertions in the objection. I believe this reply will further clarify issues for the court's determination of my motion for jurisdictional discovery.

7. As preview of the reply, further points to be made in the reply are below.

## II.  SPECIFIC LINE-BY-LINE REBUTTAL TO OBJECTION

8. My specific responses to the Objection are as follows.

9. First, the Donais defendants misrepresented my pleadings by saying that *"Plaintiff seeks, through this motion, to reopen the Massachusetts personal jurisdiction issue which he abandoned on 7/27/23"*.

    a. Thus, I did not seek to reopen the personal jurisdictional issue in this court. I am seeking remand discovery.

10. The Objection further states:

    *"Since none of the Defendants Contest Jurisdiction in this Court, Plaintiff's Request for Jurisdictional Discovery is Unwarranted. As noted above, all defendants clearly advised the Court during the hearing on 7/27/23 that once transferred to New Hampshire, no defendant would claim a lack of personal jurisdiction in New Hampshire. (Doc. 78-1, pp. 7-8.) Thus, there is no personal jurisdictional issue in this court which requires discovery."*

    a. I never said discovery is needed for personal jurisdiction. Again, I am seeking remand discovery.

    b. It should be noted that the cases referenced in the objection (including Nordica USA Corp. v. Ole Sorensen, 475 F.Supp.2d 128, 134 (D.N.H. 2007) are not on point with respect to remand discovery because these, instead, relate to personal jurisdiction. In these cases, the burden is on the plaintiff to prove jurisdiction when it relates to personal jurisdiction in the context of scrutiny regarding whether the plaintiff properly filed a case in the right state or court. Here, the opposite is true where the defendants removed the case to federal court and the burden is on the defendants to prove jurisdiction

2

to survive a motion to remand. The burden is on the defendants to prove jurisdiction in this instance. In this instance, I am asserting that this court does not have removal jurisdiction which is the opposite of trying to prove that a court has personal jurisdiction.

11. The Objection states:

    *"As such and as jurisdictional discovery is not needed with respect to any claim of a defect in the removal process, the Donais Defendants state that jurisdictional discovery is not needed. Furthermore, even when a plaintiff has been diligent and has properly supported a colorable claim for jurisdiction, the district court may still conclude that discovery is not required and be within its direction in denying the request."*

    a. This is a conclusory statement. This is also circular reasoning. It assumes a premise as a conclusion and assumes a conclusion that is supposed to be first proven true.

    b. The defendants have not addressed the specifics of my assertions regarding the defects in the removal process, which forms a key portion of my argument for discovery.

    c. The defendants are attacking discovery for personal jurisdiction but this constitutes a 'straw man' logical fallacy as I am not arguing for personal jurisdiction discovery. I only referenced personal jurisdiction discovery by way of analogy (to compare the criteria for remand discovery to that for personal jurisdiction), but not for the substance. I've diligently presented a case for remand discovery.

    d. Discovery is needed to resolve disputed diversity, disputed damage and disputed timeliness of removal.

12. The Objection states:

    *"In their objection to Plaintiff's motion to remand (Doc. 90), the Donais Defendants argued that (a) diversity exists, (b) the amount in controversy exceeds $75,000, and (c) Count 13 of Plaintiff's FAC raises a federal question. None of these arguments raises a need for jurisdictional discovery."*

    a. This is a conclusory statement without proof, evidence, or support. The Donais defendants evidently expect the court to just take their word as law.

    b. I have disputed and hereby reiterate that I dispute that diversity exists and that the amount in controversy is established as exceeding $75,000. The fact that the defendants dispute my assertions (regarding these jurisdictional issues relating to remand) proves that jurisdictional discovery is needed for remand.

    c. I also dispute that removal was timely and therefore proper. These arguments raise a need for jurisdictional discovery.

13. The Objection states:

*"Plaintiff appears to suggest that the Donais Defendants may be citizens of Massachusetts and that this somehow is relevant to his motion to remand. This argument is based upon his own conclusory statements, and do not make a colorable claim for personal jurisdiction over the Donais Defendants (or any other defendant) in Massachusetts. "The 'colorable' . . . standard for obtaining jurisdictional discovery requires some showing that discovery is needed or likely to be useful." U.S. v. Swiss American Bank, Ltd., 274 F.3d 610, 636 (1st Cir. 2001). Here, Plaintiff has failed to show any need for jurisdictional discovery, or how said discovery is likely to be useful. Other jurisdictions have refused to allow plaintiffs to pursue jurisdictional discovery when the plaintiffs fail to set forth adequate jurisdictional facts in their pleadings. Johnson v. TheHuffingtonpost.com, Inc., 21 F.4th 314, 326 (5th Cir. 2021) (affirming denial of request for jurisdictional discovery and noting that courts "will not authorize a 'jurisdictional fishing expedition' based on a plaintiff's general averments that more discovery will prove . . . jurisdiction") (internal quotations and citations omitted)."*

   a. All of this wrongheadedly pertains to personal jurisdiction, which I am not arguing for. Yet, contrary the assertions in the objection, if Donais is a citizen of MA, it goes to the issue of diversity jurisdiction, not to personal jurisdiction in this instance (even though this would also establish personal jurisdiction).

   b. Discovery will be useful in this instance because it will establish whether there is any information that would undermine or negate diversity jurisdiction.

   c. The same goes for the damages amount and the timing of removal issues.

14. The Objection states:

*"As argued in their original motion to dismiss, the Donais Defendants have no significant contacts with Massachusetts other than Craig S. Donais' being admitted to the Bar in Massachusetts. FAC ¶ 582. Craig S. Donais is an attorney licensed to practice law in the State of New Hampshire and the Commonwealth of Massachusetts, and his practice, Donais Law Offices PLLC, is located in New Hampshire. FAC ¶¶ 66, 83. Plaintiff tries to characterize Craig S. Donais as having significant contacts to Massachusetts, but all he alleges is that Craig S. Donais travels to Massachusetts to visit family or take part in recreational activities and is admitted to practice law in Massachusetts; all of his other allegations go toward information more than 20 years out of date or concerning Craig S. Donais' family and not himself. FAC ¶¶ 58-69. Plaintiff similarly tries to characterize Mary K. Donais as having significant contacts to Massachusetts, but he alleges even less regarding her, namely that she used to live in Massachusetts and still travels there for family and recreational activities. FAC ¶¶ 70-76. Plaintiff finally tries to characterize Donais Law Offices, PLLC as having significant contacts with Massachusetts despite its being located in New Hampshire and organized under New Hampshire laws."*

   a. The defendants offer no affidavit to support any of these factual averments.

   b. It should be noted that, contrary to the defendants' assertions, Donais Law Offices, Craig Donais and/or Mary Donais do have significant contacts with Massachusetts. This is undisputable.

   c. For example, Donais' malpractice insurance is registered in MA, not in NH (see my complaint). This warrants further investigation regarding where Donais/Donais Law Offices hold real property, hold business office locations, and whether are there other alter egos or other entities that are hidden but are parent entities or subsidiary entities (given the lengths to which Donais has gone to obscure the true relationships, and operations of his businesses), as well as who are the owners, investors, partners, employees of the business or businesses. This firmly establishes the need for limited discovery.

15. The Objection states:

*"In his motion, Plaintiff makes conclusory statements about the Donais Defendants, and in particular the Donais Law Offices, in attempts to manufacture a factual question, and then contends he needs discovery regarding the ownership of the law practice and another entity not a party to this case 3. The Donais Defendants state that there is no need for jurisdictional discovery. Briefly, though, by way of an offer of proof, Craig Donais was and always has been the only member of Donais Law Offices, PLLC. His practice never owned, rented or otherwise occupied space in Massachusetts. Craig Donais has never been an owner or member of Bon Courage LLC, but as reflected in the online state records, was the registered agent. He was reported erroneously as the manager. Moreover, this corporation was administratively dissolved on 8/3/2009, more than a decade before Plaintiff filed his complaint in this matter."*

    a. On the contrary, I did not make conclusory statements. I provided a document as an exhibit to my motion showing Donais in his own words saying that he maintains a practice "down there" in MA. He did not say that he simply has a law license in MA or that he is admitted to practice in MA. He stated he has or maintains a practice down there in MA. The sentence structure indicates or alludes to a physical presence. This is grounds for further investigation. Unfortunately, Craig Donais is in possession of this information and evidently wants to 'play hide the ball'. I do not trust anything that Craig Donais says. This case is ultimately about the dishonesty of Craig Donais, etc. Neither this court nor myself should be required to take his word on faith. This is not a manufactured issue, contrary to the suggestion of the defendants. This is directly derived from Craig Donais' own words from a document that he has fought hard to prevent me from seeing. Craig Donais' statement about having a bifurcation of his practice in MA (i.e., that he has a small portion of his practice down there) shows the possibility of having an office location in MA or having partners in MA.

    b. Similarly, the Donais defendants, in an act of brazen self-contradiction, assert "*briefly, though, by way of an offer of proof*", which is an attempt to offer facts, without an affidavit, and attempt to dispute facts that I introduced/established via a motion and via documents attached thereto. Here, the defendants are attempting to testify via their lawyers in an objection without an affidavit. This is absolutely amazing if not ridiculous. This further proves the need for discovery. The contest over the locations of the law practice as well as the ownership of Bon Courage LLC further shows the need for discovery.

16. The Objection states: "

*Also, the Donais Defendants note that Plaintiff's domicile is unclear. When Craig Donais spoke with Plaintiff in 2017, he claimed he resided in New Hampshire. In his FAC, he states only that he "is an individual located in the state of Massachusetts," which is his alleged domicile. In the required Civil Action Cover Sheet (Doc. 18, p 17), he provided an address of 679 Washington Street, #8-206, Attleboro, MA. A quick google search reveals that this is a UPS Store and clearly not Plaintiff's residence. (See Exhibit 1, attached)"*

    a. Here, the defendants reference my mailing address, which is a valid address, and which reference is gratuitous and unnecessary and is evidently intended to distract the court with irrelevant distractions.

5

What is the purpose of this reference? Are they asserting that I live in NH? If so, that would destroy diversity. It makes no sense to introduce this point except to distract the court from the defendants' failure to address the majority of the critical arguments and points raised in my motion for discovery.

17. The Objection states: *"Moreover, to the extent Plaintiff alleges defects in the removal procedure, e.g., the 30-day rule, this is not subject to jurisdictional discovery."*

    a. This is conclusory and without evidence or support. It cannot be accepted by the court. There is no affidavit attached. These factual averments intended to contradict my asserted facts are not valid and unacceptable. This objection is a classic example of a bad faith exercise is misdirection and misrepresentations of fact and law. The defendants do not address the facts head on. They ignore all of the assertions regarding the timing for removal or the damages issue. Ostensibly, they know they cannot defend the point so they make blanket assertions without evidence or affidavit.

    b. The defendants cannot have it both ways. They want to insert facts outside of the complaint, including disputed facts, unverified facts, untested facts but yet they don't want any discovery regarding those facts. That is what is known as a rigged game. I cannot win as the plaintiff in a such game, no matter how meritorious my claims are because the defendants can marshal outside facts to enlarge the playing field to include facts and issues advantageous to themselves while at the same time precluding, foreclosing, and limiting what I can do as a plaintiff to my disadvantage.

    c. I have laid out the case showing discovery is absolutely required.

### III. CONCLUSION

18. I hereby provide this reply or motion pursuant to Local Rule 7.1(e)(1) or (2). I have refuted and/or rebutted the statements of the Donais defendants. I have thus made a colorable claim for specific jurisdictional discovery pertaining to remand issues. In light of the preponderance of evidence and careful reasoning in my motion, I ask the court to afford it the proper weight and merit in deciding this motion.

19. Given that this motion relates to a dispositive issue, it is assumed that concurrence is not necessary.

20. WHEREFORE, accordingly, I respectfully request that the Court allow the motion for jurisdictional discovery pertaining to remand or other relief deemed just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/Andre Bisasor |
| December 28, 2023 | Plaintiff Andre Bisasor |

## CERTIFICATE OF SERVICE

This filing is served to all parties of record via the e-filing system.

/s/Andre Bisasor
Andre Bisasor