UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**PLAINTIFF'S REPLY OR MOTION FOR LEAVE TO FILE A REPLY TO THE HILLIARD DEFENDANTS' OBJECTION TO THE MOTION FOR LIMITED JURISDICTIONAL DISCOVERY PERTAINING TO THE MOTION TO REMAND TO STATE COURT**

1. I hereby provide this reply or a motion for leave to file a reply to the Hilliard defendants' objection to the motion for limited jurisdictional discovery pertaining to the motion to remand to state court (hereinafter "Objection") pursuant to local rule 7.1(e)(1) & (2). Grounds are below.

### I. GROUNDS FOR THIS MOTION
### A. Overview

2. Rule 7.1 explicitly authorizes the filing of a reply or a motion for permission to file a reply within 7 days of the date of an objection filed. Thus, I am filing this reply or motion for permission to file a reply within 7 days of the date of the objection filed on 12-26-23. NB: I presume this relates to a dispositive filing.

3. This reply is necessary because the objection includes assertions that are incorrect or erroneous. The Hilliard defendants also make blanket conclusory assertions without facts, specifics, or support.

4. They have not addressed the specific assertions I made regarding timing of receipt of the multiple mailings of service of process documents sent by the Bristol county sheriff to the defendants. They have not addressed the specific assertions I made regarding the damages amount. They have not addressed the specific assertions I made regarding the diversity of citizenship. They barely addressed the issues related to the citizenship of the defendants, but the little they do say about this was done without affidavit but via general references by lawyers.

5. I need an opportunity to address these assertions made in the objection as well as the new issues raised therein and to cite points of authorities that refute or undermine the assertions in the objection. I believe this reply will further clarify issues for the court's determination of my motion for jurisdictional discovery.

### B. Key Argument

6. The removal statute, 28 U.S.C. § 1446(b), mandates that a notice of removal "shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

1

7. Under 28 U.S.C. § 1447(c), a court may remand an action to state court based upon any defect in the removal procedure, including an untimely filed notice of removal.

8. No order is necessary to complete removal of a case from state to federal court. It is accomplished merely by the defendant filing a verified petition stating the facts which entitle him to removal, together with a copy of all process, pleadings and orders served on him in the action, and a bond for costs. 28 U.S.C. § 1446; 14 Wright, Miller and Cooper, Federal Practice and Procedure § 3730, p. 715. The propriety of the removal may be tested in federal court by a motion to remand, and remand is required if at any time before final judgment it appears that the case was improvidently removed. 28 U.S.C. § 1447(c).

9. Furthermore, federal litigants cannot stipulate around statutory time periods established by Congress. Harris Corp., 97 F.Supp.2d at 1151. Nor may federal courts enlarge statutory periods based on "good cause" under Fed.R.Civ.P. 6(b). Id. "Thus, section 1446(b)'s mandatory removal period cannot be enlarged by court order, stipulation of the parties, or otherwise." Id.

10. The removing party bears the burden of persuasion, and any substantial doubts as to the propriety of the removal should be resolved against federal jurisdiction. Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir.1998).

11. Removal statutes are to be strictly construed against removal and in favor of remand. Shamrock Oil Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); Martropico Compania Naviera S. A. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara (Pertamina), 428 F.Supp. 1035, 1037 (S.D.N.Y.1977); Mielke v. Allstate Ins. Co., 472 F.Supp. 851, 853 (E.D.Mich.1979). The burden of establishing jurisdiction rests upon the party seeking to invoke it. Carson v. Dunham, 121 U.S. 421, 425, 7 S.Ct. 1030, 1031, 30 L.Ed. 992 (1887); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Gaitor v. Peninsular & Occidental Steamship Co., 287 F.2d 252, 253 (5th Cir. 1961).

12. This Court is empowered to act only if the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs ...." 28 U.S.C. § 1332(a). If the requisite amount is not in controversy, then the case must be remanded.

13. In this case, the defendants assert that the thirty day time period starts counting from when they received the Amended Complaint on May 11, 2023. According to this timeline used by the defendants, the thirty-day time period ended on Friday, June 9, 2023, but only before 6pm under local rules of the Massachusetts federal court. Upton & Hatfield filed its Notice of Removal on at or around 11pm on June 9, 2023, which made the effective date of filing of the notice of removal to be Monday, June 12, 2023. Based on Fed.R.Civ.P. 6(a)(1), Saturdays, Sundays, and legal holidays are excluded if they fall on the last day of the period so that the period continues to run until the end of the next business day. Thus, Upton& Hatfield's filing of removal was effectively one day late.  See also Johnson v. USAA Casualty Insurance, 900 F. Supp. 2d 1310 (2012).

14. Also, in the present case, the complaint did not disclose whether the requisite amount was in controversy. As a matter of law, the court cannot consider the allegations in the petition for removal if the complaint did not disclose the amount in controversy. See Bonnell v. Seaboard Air Line Railroad Co., 202 F.Supp. 53 (N.D.Fla.1962). The allegations in a petition for removal, if not contradicted by the complaint or a motion to remand, are sufficient to establish federal jurisdiction. But if the plaintiff denies the allegations of the petition of removal, by a motion to remand, a factual determination is necessary. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178 (1936). In such instance, the burden of proof lay on the party seeking to invoke the court's jurisdiction. If allegations of jurisdictional facts necessary for removal are challenged by a plaintiff in any appropriate manner, a defendant must support them by competent proof. Only in this way may the practice of the District Courts be harmonized with the true intent of the statute which clothes them with adequate authority and imposes upon them a correlative duty. Id. See also Winters Govern. Sec. Corp. v. Cedar Point, 446 F.Supp. 1123, 1127 (S.D.Fla.1978).  Thus, the district court has an obligation to make a factual inquiry into the removability of a case once the issue has been contested by a timely motion to remand. See also Wright v. Continental Cas. Co., 456 F.Supp. 1075 (M.D.Fla.1978).

15. In the present case, the complaint did not disclose whether the requisite amount was in controversy. The defendant removed, however, and alleged that more than $75,000 was at issue. Thus, the petition for removal alleged that the jurisdictional amount was in controversy. That fact has been placed in dispute by plaintiffs' motion to remand. In its opposition to the motion to remand, the defendants note that the plaintiff has alleged

various torts and punitive damages — however, neither of these facts standing alone provides any factual basis for concluding that the requisite amount is in controversy.

16. The defendants also cite as an "other paper" a filing in another case from 4 years ago in 2020 in another separate state court, and from it wrongly wrests out of context an overinclusive figure of $500,000. But this filing was not made in this case nor in relation to this case, and does not qualify as an "other paper" under §1446(b). See Bonnell v. Seaboard Air Line Railroad Co., 202 F.Supp. 53 (N.D.Fla.1962), ("The court concluded that the case was not removable as initially filed since it was not shown that the requisite jurisdictional amount existed, that the demand letter did not qualify as "other paper" under § 1446(b)."). See also Rollwitz v. Burlington Northern Railroad, 507 F. Supp. 582 (1981). NB: If a demand letter prior to suit does not qualify as an "other paper" then the filing from a prior suit from 4 years ago certainly does not qualify as an "other paper". Yet, even so, that figure does not represent the plaintiff's declaration of damages in this case, especially since in that prior case, the superior court judge ruled that the damages barely met the $50,000 jurisdictional amount, thus eliminating any reliance on the $500,000 figure that is now being wrongly cited by the defendants for use in this case 4 years later in a separate lawsuit. Moreover, this figure is not shown to be correct by the defendants (which must be proven by the defendants with summary-judgment type evidence, and which burden of proof lies with the defendants) nor has it been shown to be a correct assessment of damages based on the face of the current complaint in this case.

17. There is no other evidence of either the specific type or extent of the injuries involved.

18. Consequently the defendant has failed to carry the burden of establishing that this Court has jurisdiction. The defendant cannot, by unsupported and contested averment, unilaterally invest this Court with jurisdiction; the case must be remanded to state court.

19. If the plaintiff should later amend the complaint to seek more than the requisite amount or if it is ascertained through discovery that the requisite amount is in controversy, the thirty-day period for seeking removal would begin again. 28 U.S.C. § 1446(b).

20. Plaintiffs in civil actions have the option of avoiding a federal forum. "If ... [the Plaintiff] does not desire to try his case in the Federal court he may resort to the expedient of suing for less than the jurisdictional amount,

and though he would be justly entitled to more, the defendant cannot remove." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. at 294; see also, Wright & Miller § 3725, pp. 662-63. This right would be totally abrogated were the court to allow the unsupported allegation in a petition for removal to control the issue of removal when the complaint is silent. A factual inquiry is necessary. Thus jurisdictional discovery is necessary.

21. Once the question of the amount in controversy has been placed in issue by the allegations of a timely petition for removal and consequent motion to remand that the court must undertake to make an independent evaluation of the value of the suit. No purpose is served by requiring the court, to speculate as to the amount in controversy when that amount can be ascertained within a reasonable time through normal discovery procedures.[1]

22. See **Exhibit 1** for printout of Rollwitz v. Burlington Northern Railroad, 507 F. Supp. 582 (1981) which case is on point to illustrate the issues in this matter.

### B. Examples of How Jurisdictional Discovery is Likely to Be Useful

23. The following are some examples of questions that are unanswered, or unresolved or that involved disputed issues of fact that are relevant to whether the court has removal jurisdiction over this case.

    a. Did Upton receive the first class mail from Bristol sheriff containing original complaint? If so, when?
    b. Did Upton receive the first class mail from Bristol sheriff containing the amended complaint? If so, when?
    c. Did Upton refuse any mail from the Bristol sheriff?
    d. Did Hilliard receive the first class mail from Bristol sheriff containing original complaint? If so, when?
    e. Did Hilliard receive the first class mail from Bristol sheriff containing the amended complaint? If so, when?
    f. Did Hilliard refuse any mail from the Bristol sheriff?

24. These questions go to establishing when the removing defendants received service documents of the summons and complaint. This is critical to establishing jurisdiction.

25. I have asserted that the date of service of process of the summons and original complaint on Hilliard is 4-14-23, and the date of service of process of the summons and amended complaint on Hilliard is 5-8-23. I have asserted that he received both the original complaint and the amended complaint by first class mail and by certified mail.

---

[1] If the amount in controversy does not appear upon filing of the original complaint, the thirty-day period commences to run anew upon the receipt by the defendant of some subsequently filed pleading or other paper from which the defendant can first ascertain the case is removable. 28 U.S.C. § 1446(b). The defendants thus will not be harmed because if it is shown later that the damages is more than $75,000, it can then remove at that time.

26. The Hilliard defendants disputes the sworn statements of the sheriff and the evidence from the United States post office, both of which show that Hilliard received the summons and complaint via certified mail and via first class mail and that the date of service of process was on 4-14-23 for the summons and original complaint, and on 5-8-23 for the summons and amended complaint. How will the court resolves this? How will the court know for certain the relevant dates that service of process was made? Will the court simply take Hilliard's word for it, without more? Will the court simply presume that the sheriff is lying? Or that the US post office tracking receipts are wrong?

27. The statements of the Hilliard defendants need to be tested via the engine of truth namely discovery under oath. Truth seeking questions need to be asked of the Hilliard defendants to see if they affirm their answers, change their answers, provide new answers, or admit to making false or misleading statements before.

28. If the court cannot establish the date it received the summons and complaint, then how can the court establish jurisdiction?   For example, if Hilliard received the summons and amended complaint via first class mail on 5-9-23 or 5-10-23 then their removal was untimely. Hilliard needs to provide tested verified testimony regarding this. Similarly, if Hilliard received the amended complaint via certified mail but directed his condominium home staff to send it back to the Bristol sheriff's office, then this proves not only service of process but an attempt to obstruct the fair administration of justice. Also, if Hilliard has committed perjury in order to deceive the court in order to create jurisdiction for removal, then it further goes to the equitable grounds for remand. The very integrity of the court and of these proceedings are at stake. The court cannot ignore this issue.

29. Moreover, this issue of timeliness trumps any question of diversity jurisdiction or federal question jurisdiction. Untimeliness stops this case in tracks. If the defendants filed their removal untimely, then this court has no choice but to remand this case. This court can ignore untimeliness. This court cannot waive untimeliness.  This court most important task at this juncture, before it does anything else, is to determine whether the removal was timely and to do so definitively and conclusively. This court cannot make guesses or speculate about the facts or issues pertaining to timeliness. This court cannot rely on the statements of lawyers in pleadings. This court cannot rely on untested, uncrossed unverified one-sided affidavits. The court cannot treat the defendants statements as true, without discovery. The court cannot resolve disputed facts, without discovery.

30. Under 28 U.S.C. § 1447(c), the Court may remand an action to state court based upon any defect in the removal procedure, including an untimely filed notice of removal. See 28 U.S.C. § 1447(c); In re The Uniroyal Goodrich Tire Co., 104 F.3d 322, 324 (11th Cir.1997); Wilson v. General Motors, 888 F.2d 779, 781 n. 1 (11th Cir.1989).

31. 28 U.S.C. § 1446(b) mandates that a notice of removal "shall be filed within thirty days" after defendant first receives notice of the action. See 28 U.S.C. § 1446(b). "Federal courts rigorously enforce the statute's thirty-day filing requirement." Somlyo, 932 F.2d at 1046.

32. Federal litigants cannot stipulate to ignore statutory time periods established by Congress. Moreover, federal courts may not use Fed.R.Civ.P. 6(b) to enlarge statutory time periods. See 1 Moore's Federal Practice § 6.06(l)(a) (3d ed.2000). Thus, section 1446(b)'s mandatory removal period cannot be enlarged by court order, stipulation of the parties, or otherwise. See Nicola Products, 682 F.Supp. at 173; Transport Indemnity Co. v. Financial Trust Co., 339 F.Supp. 405, 407 (C.D.Cal.1972). A plaintiff may, however, waive its right to object to removal on timeliness grounds. See Weeks v. Fidelity and Casualty Company of New York, 218 F.2d 503, 504 (5th Cir.1955) (failure to timely file notice of removal "may be waived, or objection to such failure may be precluded by estoppel.").

### III.  FURTHER REBUTTAL TO OBJECTION

#### A. Personal Jurisdiction Discovery Is Not Being Raised By Plaintiff

33. Contrary to the defendants' assertions in the Objection, I did not seek to raise personal jurisdictional as a basis for jurisdictional discovery in this court. I never said discovery is needed for personal jurisdiction. I am seeking remand discovery.

34. The defendants state that "*Plaintiff has already addressed the issues by which he seeks jurisdictional discovery in his Motion to Remand and Replies*". But the standard here for my motion seeking jurisdictional discovery regarding remand issues is not whether I have proven remand is required but only whether I have shown that jurisdictional discovery pertaining to remand is warranted. The motion to remand and my replies go towards demonstrating that the court should remand the case. If the court deems the motion to remand sufficient to rule in my favor and grant remand, then only in that instance, would discovery not be necessary. But if the court is in any way

not inclined to grant remand, then the court must resolve any disputed or unresolved issues by allowing jurisdictional discovery.

35. The defendants are either conflating the standard or inflating the standard impermissibly.

36. The defendants statement that *"Here, Plaintiff has not shown that "[jurisdictional] discovery is needed or likely to be useful," how such discovery would proffer a "colorable claim" for jurisdiction, or how such discovery would "present facts to the court which show why jurisdiction would be found if discovery were permitted.""*, applies to a plaintiff seeking to establish personal jurisdiction in federal court. I am not seeking to establish personal jurisdiction in this court so this entire statement by the defendants and the attendant case references are inapposite.

37. It should be noted that the cases referenced in the objection (including Nordica USA Corp. v. Ole Sorensen, 475 F.Supp.2d 128, 134 (D.N.H. 2007) are not on point with respect to remand discovery because these, instead, relate to personal jurisdiction. In these cases, the burden is on the plaintiff to prove jurisdiction when it relates to personal jurisdiction in the context of scrutiny regarding whether the plaintiff properly filed a case in the right state or court. Here, the opposite is true where the defendants removed the case to federal court and the burden is on the defendants to prove jurisdiction to survive a motion to remand. The burden is on the defendants to prove jurisdiction in this instance. In this instance, I am asserting that this court does not have removal jurisdiction which is the opposite of trying to prove that a court has personal jurisdiction.

### B. Amount in Controversy

38. The defendants state that "both sides submit proof" pertaining to the jurisdictional amount. The Defendants have not submitted adequate evidence proving that the damages amount has been met. The standard is not that Defendants should submit evidence that merely or barely "suggests" the amount in controversy for removal purposes has been met. Similarly, their wrong-headed reference to my so-called prior statements in another state court case is not adequate evidence. In fact, I am not even required to submit evidence that my damages are less than $75,0000. That is the burden and job of the defendants. If the defendants had any actual evidence regarding my damages, they are the ones that should have included it in their notice of removal or opposition documents. Here, the defendants, in their opposition to this motion, had another chance to provide

evidence but failed to provide such evidence. This shows the need for jurisdictional discovery with respect to my damages.

39. The defendants are required to prove jurisdiction by the preponderance of evidence. They clearly have not provided a preponderance of anything except blanket statements devoid of actual proof or evidence.

## C. Diversity of Citizenship

40. The Defendants' Diversity Disclosure Statement indicating all partners of Upton & Hatfield, LLP are New Hampshire residents is not proof. It is a statement by lawyers. It is not under oath.

41. Similarly, the Defendants' Notice of Removal and Opposition to Motion to Remand do not constitute proof or evidence. These are not under oath or affirmed by affidavit.

42. The defendants themselves need to be examined under oath in order for any statement by their lawyers to be treated as evidence. Moreover, the rules require that any asserted fact must be supported by affidavit, otherwise it is to be stricken or ignored by the court.

43. Contrary to the defendants' assertion, this is not about the Plaintiff's beliefs regarding other activities of Upton & Hatfield partners in Massachusetts. I have provided references to contradictory information on the internet that legitimately disputes that all partners are New Hampshire residents. Moreover, I am not required to prove it here. That is what discovery is for. My task is to raise the issue sufficiently enough to warrant the possibility that relevant evidence could be ascertained that could support remand and undermine the court's jurisdiction.

## D. Timeliness of Removal

44. The defendants have not addressed the specifics of my assertions regarding the defects in the removal process including timeliness, which forms a key portion of my argument for discovery.

45. It is conclusory and logically fallacious foe the defendant to assert that *"Plaintiff has not, and cannot, show that discovery on any of the issues regarding removal are "needed or likely to be useful" or how such discovery would proffer a "colorable claim" for jurisdiction or "present facts to the court which show why jurisdiction would be found if discovery were permitted"*. It is erroneous to declare in bald terms that I cannot show discovery is needed or likely to be useful. This is a conclusory statement without proof, evidence, or support. The Donais defendants evidently expect the court to just take their word as law.

46. The defendants are attacking discovery for personal jurisdiction but this constitutes a 'straw man' logical fallacy as I am not arguing for personal jurisdiction discovery. I only referenced personal jurisdiction discovery by way of analogy (to compare the criteria for remand discovery to that for personal jurisdiction), but not for the substance. I've diligently presented a case for remand discovery.

47. Discovery is needed to resolve disputed diversity, disputed damages, and disputed timeliness of removal.

48. I have disputed and hereby reiterate that I dispute that diversity exists and that the amount in controversy is established as exceeding $75,000. The fact that the defendants dispute my assertions (regarding these jurisdictional issues relating to remand) proves that jurisdictional discovery is needed for remand. I also dispute that removal was timely and therefore proper. These arguments raise a need for jurisdictional discovery.

### IV. CONCLUSION

49. The Objection largely asserts conclusory statements without evidence or support. It cannot be accepted by the court. There is no affidavit attached. These factual averments intended to contradict my asserted facts are not valid and unacceptable. This objection is a classic example of a bad faith exercise is misdirection and misrepresentations of fact and law. The defendants do not address the facts head on. They ignore all of the assertions regarding the timing for removal or the damages issue. Ostensibly, they know they cannot defend the point so they make blanket assertions without evidence or affidavit.

50. The defendants cannot have it both ways. They want to insert facts outside of the complaint, including disputed facts, unverified facts, untested facts but yet they don't want any discovery regarding those facts. That is what is known as a rigged game. I cannot win as the plaintiff in a such game, no matter how meritorious my claims are because the defendants can marshal outside facts to enlarge the playing field to include facts and issues advantageous to themselves while at the same time precluding, foreclosing, and limiting what I can do as a plaintiff to my disadvantage.

51. I have laid out the case showing discovery is absolutely required.

52. I hereby provide this reply or motion pursuant to Local Rule 7.1(e)(1) or (2). I have refuted and/or rebutted the statements of the Donais defendants. I have thus made a colorable claim for specific jurisdictional discovery

10

pertaining to remand issues. In light of the preponderance of evidence and careful reasoning in my motion, I ask the court to afford it the proper weight and merit in deciding this motion.

53. Given that this motion relates to a dispositive issue, it is assumed that concurrence is not necessary.

54. WHEREFORE, accordingly, I respectfully request that the Court allow this reply or this motion for permission to file a reply, or otherwise allow the motion for jurisdictional discovery pertaining to remand or other relief deemed just and proper.

Respectfully submitted,
/s/Andre Bisasor
January 2, 2023　　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff Andre Bisasor

## CERTIFICATE OF SERVICE

This filing is served to all parties of record via the e-filing system.

/s/Andre Bisasor
Andre Bisasor