UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR,
    Plaintiff

Vs.                                                    CASE NO.: 1:23-CV-00374-JL

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
UPTON AND HATFIELD LLP and
MARY K. DONAIS,
    Defendants

## CRAIG DONAIS, MARY DONAIS AND DONAIS LAW OFFICES PLLC'S MOTION FOR LEAVE OF COURT TO REVIEW SEALED DOCUMENTS PURSUANT TO L.R. 83.12(B)(2)

Defendants, Craig Donais, Donais Law Offices PLLC and Mary K. Donais (collectively "Donais Defendants"), by and through their counsel, Morrison Mahoney LLP, hereby move this court for leave to review sealed documents filed by Plaintiff. In support of their motion, the Donais Defendants state the following:

1. On 9/26/23, the Donais Defendants filed their Motion to Dismiss (Doc. 70). On 10/10/23, Plaintiff filed his Emergency/Expedited Motion to Extend Time to File Objection to the Motion to Dismiss filed by the Donais Defendants. (Doc. 73.) On 10/11/23, the Donais Defendants objected to this motion. (Doc. 74).

2. On 10/11/23, this Court issued an order on the motion, wherein this Court ruled in part as follows:

   It is Bisasor's responsibility to prosecute his case diligently, and the court must be mindful of the defendants' right to have this case move forward in a timely manner. [ ] Nonetheless, considering Bisasor's family

1

103413427

emergency, the court finds there is good cause for a 14-day extension, which is a sufficient time for Bisasor to prepare and file his response to Donais's motion to dismiss. Accordingly, Bisasor's motion (doc. no. 73) is granted, and he shall file his response to the motion to dismiss on or before October 25, 2023. **Absent extraordinary circumstances, any further motions to extend the time to respond to Donais's motion to dismiss will be denied**.

(emphasis in original) (Doc. 75, p. 2).

3. Plaintiff then sought further extensions of time to respond to the Motion to Dismiss. (Doc. 77, 93.) On November 8, 2023, this court granted a further extension until November 10, 2023 to supplemental his "placeholder objection" to the Motion to Dismiss.

4. On November 16, 2023, Plaintiff filed yet another motion, in part seeking to refile his opposition to the Donais Defendants' Motion to Dismiss. (Doc. 106.) The next day, this Court, allowed Plaintiff until November 20, 2023 to file a new objection that complied with local rules.

5. On November 20, 2023, Plaintiff filed 12 documents, to include an Emergency Motion to Stay Emergency/Expedited Plaintiff's Motion to Stay the Deadline for Refiling the Supplemental Opposition to the Donais Defendants' Motion to Dismiss until the Accompanying Pending Motions filed Today are Resolved.

6. On November 30, 2023, this Court conducted a case management conference. The next day, the Court noted that:

> On November 30, 2023, the court held a case management conference. During the conference, the court addressed several pending motions and its intended approach in ruling on them. As discussed during the conference, plaintiff Andre Bisasor's motion to amend his complaint (doc. no. 83) is denied without prejudice to being refiled in a manner that complies with the court's local rules, e.g., LR 15.1, on or before January 18, 2024. **The court granted Bisasor's request for the January 18 deadline because of his assurance that it gives him sufficient time**

2

> **given all his circumstances and the other deadlines he faces in this and other cases**. As such, no further extensions will be provided. Because an accepted amended complaint would moot the pending motions to dismiss (doc. nos. 70, 81), LR 15.1(c), further briefing on defendants' motions to dismiss and Bisasor's related motions to "declare choice of law" and to strike (doc. nos. 112, 113, 117) is stayed pending further order of the court. Bisasor's reply with respect to the motion to remand (doc. no. 84) is due on or before December 11, and Bisasor shall comply with the page limits set forth in LR 7.1(e)(1). With Bisasor's agreement, there will be no extensions to that deadline. Additionally, the parties agreed that given the court's focus on Bisasor's motion to remand and his forthcoming motion to amend, no further motions will be filed except, to the extent necessary, a motion for jurisdictional discovery related to the pending motion to remand, which is due on or before December 11.
>
> The court addressed Bisasor's motion to clarify (doc. no. 82) during the conference, so that motion is granted in that the court explained the matter to Bisasor. The motion is otherwise denied. Bisasor's motion for reasonable accommodation (doc. no. 109) is denied without prejudice. The accommodation Bisasor identified in the hearing, a standing extension of the court's filing deadlines, is not appropriate, but the court will consider reasonable extensions on a case-by-case basis when circumstances warrant, as it has done throughout this matter. Bisasor's motion to exceed the page limits (doc. no. 114) for his objection to the Donais defendants' motion to dismiss is denied as stated on the record. Bisasor's motion to stay briefing deadlines (doc. no. 111) is granted to the extent stated in this order and otherwise denied. Bisasor's motion to confirm the time allotted and agenda for the case management conference (doc. no. 131) is denied as moot.

(emphasis added).

7. Plaintiff has not filed his Motion to Amend his Complaint and proposed Amended Complaint, by January 18, 2024 or since that time.

8. On January 30, 2024, this court "reset deadline" for amended pleadings to February 20, 2024. The Donais Defendants were not advised as to why this deadline was reset. While the Donais Defendants continue to oppose any extensions, they elected to wait until February 20, 2024, given the court's January 30, 2024 entry.

103413427

9. On February 15, 2024, Plaintiff filed two documents under seal. (Doc. 145 and 146.) Neither document is available for the Donais Defendants to review through Pacer. However, based upon the documents, this court entered a further order on February 16, 2024. Based upon the title of Doc. 145, it appears that there may have been a First Emergency Motion to Extend Deadline that also was not provided to the Donais Defendants. The substance of the order evidently is sealed, per the order and as it does not appear on the docket.

10. Since the order impacts this matter going forward, the Donais Defendants now move this court for leave of court to review the sealed documents.

11. It has now been 19 months since Plaintiff filed the instant action and more than five months since the Donais Defendants filed their motion to dismiss. The Donais Defendants again advise the court that this is not the only action filed by Plaintiff against Craig Donais. Plaintiff has also sued Craig Donais in Middlesex Superior Court, Docket No. 2081CV000087, alleging defamatory statements of the exact same type and nature, which claims were dismissed on August 2, 2021 and in New Hampshire for similar causes of action. Plaintiff is appealing the dismissal of the Massachusetts action on a pro se ex parte appeal to the Massachusetts Appeals Court, Docket No. 2021-P-0960 ("Andre Bisassor [sic] v. Craig Donais"). This matter remains pending. Plaintiff's wife has also filed two grievances against Defendant Craig Donais with the New Hampshire Attorney Discipline Office alleging the same facts. Plaintiff and Plaintiff's wife have also filed another civil action against Craig Donais in New Hampshire in Hillsborough Superior Court North, Docket 226-2020-cv-00027.

103413427

12. The Donais Defendants continue to dispute any wrongdoing, and Craig Donais has been disputing claims made by Plaintiff and/or his wife for several years in several venues.

13. The Donais Defendants wish to move forward in this matter, and they cannot do so when Plaintiff files sealed motions without providing a copy of same to them, or even a redacted motion.

14. The Donais Defendants further note that while Plaintiff did not meet his deadline of January 18, 2024 in this case, the next day, January 19, 2024, he filed four documents in another matter pending before the Massachusetts Appeals Court. (See docket summary for MAP No. 2020-J-0015, attached hereto as Exhibit A.) Upon information and belief, on January 10, 2024, Plaintiff also filed a Motion for Permission to Reply to Intervenor's Objection to Motion to Revoke Intervenor Status in the matter of Andre Bisasor v. Brian Moushegian, et al, New Hampshire Supreme Court No. 2023-0520.  On January 25, 2024, he also filed Plaintiff's Brief Memo Regarding Transcript From Related Case in the Moushegian appeal. On February 1, 2024, he filed two motions with the New Hampshire Supreme Court in New Hampshire Supreme Court No. 2022-0349 (attached hereto as Exhibit B) and one motion in New Hampshire Supreme Court No. 2022-0609 (attached hereto as Exhibit C).

15. It is unclear why he was able to file documents in other cases, but he was unable to meet his commitment to this Court in this matter after already receiving numerous extensions.

103413427

16. Consequently, the Donais Defendants seek leave of court to review any documents filed under seal by Plaintiff, to include Doc. 145 and 146. The Donais Defendants filed their motion to dismiss on September 26, 2023 and this case is now more than a year and a half old. Plaintiff now is filing motions without serving defendants, leaving the Donais Defendants without information to dispute Plaintiff's contentions. This is unfair, and Donais Defendant should be permitted an opportunity to review Plaintiff's filings.

17. Given the nature of relief sought, the Donais Defendants did not seek concurrence from Plaintiff. See Local Rule 7.1(c)

Wherefore Craig Donais, Mary K. Donais and Donais Law Offices PLLC respectfully request that this Honorable Court:

A. Grant leave of court permitting the Donais Defendants, through counsel, an opportunity to review any documents filed under seal by Plaintiff, to include Docs. 145 and 146; and

B. Grant such other and further relief as is equitable and just.

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG DONAIS,
DONAIS LAW OFFICES PLLC and
MARY K. DONAIS

*/s/ Linda M. Smith*
Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

6

103413427

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **MOTION** to all parties in this action by serving same via First Class U.S. mail, postage prepaid and/or electronic mail to:

Andre Bisasor, Pro Se  
679 Washington Street, Suite #8-206  
Attleboro, MA 02703

William Saturley, Esq.  
Daniel R. Sonneborn, Esq.  
Preti Flaherty  
60 State Street, Suite 1100  
Boston, MA 02109  
wsaturley@preti.com  
dsonneborn@preti.com

Date:   February 29, 2024

*/s/ Linda M. Smith*  
Linda M. Smith

103413427