# APPEALS COURT
## Single Justice
## Case Docket

---

**ANDRE BISASOR vs. MARGARET C. ANDREWS (AS AMENDED) & others**
THIS CASE CONTAINS IMPOUNDED MATERIAL OR PID
**2020-J-0015**

---

## CASE HEADER

| | |
|---|---|
| Case Status | Active: Open |
| Status Date | 02/14/2024 |
| Nature | Indigency appeal 261/27D |
| Entry Date | 01/08/2020 |
| Pet Role Below | Plaintiff |
| Single Justice | Blake, J. |
| Brief Status | |
| Brief Due | |
| Case Type | Civil |
| Lower Ct Number | 1484CV03606 |
| Lower Court | Suffolk Superior Court |
| Lower Court Judge | Douglas H. Wilkins, J. |

## INVOLVED PARTY / ATTORNEY APPEARANCE

**Andre Bisasor**
Pro Se Plaintiff/Petitioner

**Margaret C. Andrews (as amended)**
Defendant/Respondent
- John P. Coakley, Esquire
- William Mekrut, Esquire

**Krishan Arora**
Defendant/Respondent
- Joseph P. Dever, Esquire
- Theresa Finn Dever, Esquire

**Shirley R. Greene**
Defendant/Respondent
- John P. Coakley, Esquire
- William Mekrut, Esquire

**Philip Harding**
Defendant/Respondent
- Joseph P. Dever, Esquire
- Theresa Finn Dever, Esquire

**Harvard Extension School**
Defendant/Respondent
- John P. Coakley, Esquire
- William Mekrut, Esquire

**Harvard**
Defendant/Respondent
- John P. Coakley, Esquire
- William Mekrut, Esquire

**Huntington Lambert**
Defendant/Respondent
- John P. Coakley, Esquire
- William Mekrut, Esquire

**Robert H. Neugeboren**
Defendant/Respondent
- John P. Coakley, Esquire
- William Mekrut, Esquire

**Ashley Pollock**
Defendant/Respondent
- Joseph P. Dever, Esquire
- Theresa Finn Dever, Esquire

**President and Fellows of Harvard College**
Defendant/Respondent
- John P. Coakley, Esquire
- William Mekrut, Esquire
- Genevieve Aguilar Reardon, Esquire - Withdrawn
- Stephen David Coppolo, Esquire

**Michael Shinagel**
Defendant/Respondent
- John P. Coakley, Esquire
- William Mekrut, Esquire

**Ken Vedaa**
Defendant/Respondent

## DOCKET ENTRIES

| Entry Date | Paper | Entry Text |
|---|---|---|
| 01/08/2020 | #1 | Appeal entered pursuant to M.G.L.c. 261, § 27(D) with attachments. |
| 01/13/2020 | #2 | Motion to Stay Appeals Case filed by Andre Bisasor. |

| | | |
|---|---|---|
| 01/15/2020 | | RE#2: The plaintiff's motion to stay is allowed in part. Appellate proceedings are stayed to 2/4/20. As the plaintiff seeks a transcript of the proceedings on 12/12/19, the procedures under Mass. R.A.P. 8 and Trial Court Administrative Order 19-1 should be followed. By 2/4/20, the plaintiff must have either filed the transcript order form with the Office of Transcription Services and the clerk of the Superior Court or have filed in the Superior Court a motion for payment of the transcript costs by the Commonwealth. A status report is due on or before 2/4/20 regarding production of the transcript and is to include a copy of the transcript order form filed with the Office of Transcription Services and the clerk of the Superior Court and any copy of a motion for payment of the transcript costs by the Commonwealth. The plaintiff may renew his request to file a memorandum after the filing of the transcript. (Agnes, J.) *Notice/Attest/Wilkins,J |
| 02/04/2020 | #3 | Status report filed by Andre Bisasor. |
| 02/05/2020 | | RE#3: Appellate proceedings stayed to 02/19/20. On or before 02/19/20 the plaintiff shall file the transcript or a status report addressing the production of the transcript. The plaintiff is granted leave to file a memorandum of law not to exceed 10 pages with the transcript. (Agnes, J.) *Notice/Attest/Wilkins, J. |
| 02/19/2020 | #4 | Status report filed by Andre Bisasor. |
| 02/20/2020 | | RE#4: Appellate proceedings stayed to 03/02/2020. On or before 03/02/2020 the plaintiff shall file the transcript or a status report addressing the production of the transcript. (Agnes, J.) *Notice/Attest/Wilkins, J. |
| 03/03/2020 | #5 | Status report filed by Andre Bisasor. |
| 03/03/2020 | | RE#5: Appellate proceedings stayed to 03/10/2020. Status report due then concerning the corrected transcript. (Agnes, J.). *Notice/Attest/Wilkins, J. |
| 03/11/2020 | #6 | Status report filed by Andre Bisasor. |
| 03/12/2020 | | RE#6: The plaintiff is granted leave to file, with the corrected transcript and memorandum of law not to exceed 10 pages that I have already permitted, a record appendix that contains materials that are in the record. The plaintiff may file any document impounded by statute, court rule, or order of the Superior Court in a separate appendix volume clearly designated as impounded and with a copy of any court order of impoundment. To the extent that this status report requests impoundment of any document that is not already impounded, it is denied without prejudice to renewal in the first instance in the Superior Court. The plaintiff is to file the corrected transcript, memorandum of law, and any appendix volume(s) on or before 3/17/2020. (Agnes, J.). *Notice/Attest/Wilkins, J. |
| 03/16/2020 | #7 | Status report filed by Andre Bisasor. |
| 03/17/2020 | | RE#7: Appellate proceedings stayed to 03/31/2020. On or before 03/31/2020 the plaintiff is to electronically file a status report concerning efforts to obtain copies of the court records he seeks for use in the record appendix. The plaintiff is encouraged to not visit the Superior Court in person at this time and instead contact the Superior Court clerk's office by telephone to determine the best way to remotely request the records. In making the request, the plaintiff is to be clear in what records are sought and identify them by the Superior Court docket reference numbers. The Superior Court clerk is encouraged to provide the records expeditiously and in a manner that the clerk deems most appropriate considering the recent orders from the Supreme Judicial Court, Chief Justice of the Trial Court, and Superior Court concerning COVID-19. The request that the Superior Court reassemble and retransmit the record is denied. (Agnes, J.) *Notice/Attest/Wilkins, J. |
| 04/01/2020 | #8 | Status report filed by Andre Bisasor. |
| 04/02/2020 | | RE#8: The time for complying with the Court's 03/17/2020 order is extended to 05/08/2020. (Agnes, J.) *Notice |
| 04/15/2020 | | ORDER: Due to the evolving COVID-19 (coronavirus) pandemic and its effect on court operations, the mailing of paper notices for litigants that do not have an email address in our case management system may be delayed. This includes notices of the court's decisions. However, as provided in the April 1, 2020, Supreme Judicial Court Order regarding court operations under the exigent circumstances created by the COVID-19 (coronavirus) pandemic, the deadlines for filing a Rule 27 motion for reconsideration or modification of decision and a Rule 27.1 application for further appellate review are extended to 14 days and 21 days, respectively, after May 4, 2020, if such deadline would otherwise fall prior to that date. *Notice |
| 05/08/2020 | #9 | Status report filed by Andre Bisasor. |
| 05/19/2020 | | RE#9: The deadline is extended to 6/1/2020. See Guidelines Regarding Extension of Due Dates and Other COVID-19 Internal Operating Procedures (Revised April 28, 2020). The request for further enlargement is denied without prejudice to renewal on or after 6/1/2020. *Notice. |
| 06/03/2020 | #10 | Status report filed by Andre Bisasor. |
| 06/04/2020 | | RE#10: The deadline for Appellant to file documents as detailed in this Court's orders of 3/12/20 and 3/17/20 is extended to 7/6/2020. *Notice. |
| 07/07/2020 | #11 | Status report filed by Andre Bisasor. |
| 07/07/2020 | | RE#11: The deadline for Appellant to file documents as detailed in this Court's orders of 3/12/20 and 3/17/20 is extended to 8/31/2020. No further enlargement should be anticipated. *Notice. |
| 09/01/2020 | #12 | Status report filed by Andre Bisasor. |
| 09/02/2020 | #13 | Status report filed by Andre Bisasor. |

| | | |
|---|---|---|
| 09/02/2020 | | RE#12 & 13. The time for complying with the Court's orders of 03/12/2020 and 03/17/2020 is extended to 10/09/2020 to give the Superior Court Clerk's Office the necessary time to retrieve the documents sought by the plaintiff. According to the plaintiff in his 03/12/2020 status report at p. 3, and his 03/17/2020 status report at p. 1, n. 3, copies of the documents he seeks include the following: 1) plaintiff's 11/05/2019 affidavit of indigency and request for waiver of costs with the court's 11/06/2019 endorsement (Paper #344); 2) plaintiff's 11/12/2019 affidavit of indigency and request for waiver of costs with the court's 11/14/2019 endorsement (Paper #345); 3) plaintiff's 11/21/2019 notice of appeal (Paper #348); 4) the court's two endorsements on Paper #348, both entered 12/20/2020, the first dated 11/25/19 and the second dated 12/12/2020; and 5) plaintiff's 12/27/2020 notice of appeal (Paper #353). *Notice/attest |
| 10/13/2020 | #14 | Status report filed by Andre Bisasor. |
| 10/16/2020 | | RE#14: The time for complying with the Court's orders of 03/12/2020 and 03/17/2020 is extended to 11/09/2020 to give the Superior Court Clerk's Office the necessary time to retrieve the documents sought by the plaintiff as specified in this court's 09/02/2020 action on Papers #12 & 13. *Notice/attest. |
| 11/12/2020 | #15 | Status report filed by Andre Bisasor. |
| 11/12/2020 | | RE#15: The time for complying with the Court's orders of 03/12/2020 and 03/17/2020 is extended to 1/04/2021. *Notice/attest. |
| 01/08/2021 | #16 | Status report filed by Andre Bisasor. |
| 01/11/2021 | #17 | Exhibit A to Paper #16 (IMPOUNDED) received from Andre Bisasor. |
| 01/11/2021 | | RE#16: The time for complying with the Court's orders of 03/12/2020 and 03/17/2020 is extended to 2/12/2021. Notice/attest |
| 02/22/2021 | #18 | Status report filed by Andre Bisasor. |
| 03/04/2021 | | RE#18: The time for complying with the Court's orders of 03/12/2020 and 03/17/2020 is extended to 04/12/2021 to enable staff at the trial court to obtain the final document sought by the plaintiff as identified in this court's 09/02/2020 action on papers #12 & 13 (plaintiff's 11/12/2019 affidavit of indigency and request for waiver (with attached exhibits), paper #345). Notice/attest. |
| 04/19/2021 | #19 | Status report filed by Andre Bisasor. |
| 05/05/2021 | #20 | Copy of Paper #345 on Lower Court Docket (IMPOUNDED), received from Suffolk Superior Court. |
| 05/05/2021 | | ORDER (RE#19): It has come to the court's attention that the trial court mailed #345 including the exhibits attached thereto (docketed here as #20) to the appellant on 2/4/21. A copy of #345 including the exhibits attached thereto is emailed to the plaintiff with notice of this order. As #345 including the exhibits attached thereto was the last document that the plaintiff needed in order to comply with the 3/12/20 order, the stay of appellate proceedings is vacated. On or before 5/19/21, the plaintiff shall comply with the 3/12/20 order by filing, with the corrected transcript and memorandum of law not to exceed 10 pages (leave given in the 2/5/20 order), a record appendix that contains materials that are in the record. The plaintiff may file any document impounded by statute, court rule, or order of the Superior Court in a separate appendix volume clearly designated as impounded and with a copy of any court order of impoundment. Failure to comply with this order may result in the dismissal of this appeal. Notice/attest. |
| 05/05/2021 | | Copy of paper #20 to Andre Bisasor. |
| 05/05/2021 | | ORDER(RE:#19) (Revised): <br><br> It has come to the court's attention that the trial court mailed #345 (affidavit of indigency including the exhibits attached thereto) (docketed here as #20) to the appellant on 2/4/21. A copy of #345 including the exhibits attached thereto is emailed to the plaintiff with notice of this order. As #345 including the exhibits attached thereto was the last document that the plaintiff needed in order to comply with the 3/12/20 order, the stay of appellate proceedings is vacated. On or before 5/19/21, the plaintiff shall comply with the 3/12/20 order by filing, with the corrected transcript and memorandum of law not to exceed 10 pages (leave given in the 2/5/20 order), a record appendix that contains materials that are in the record. The plaintiff may file any document impounded by statute, court rule, or order of the Superior Court in a separate appendix volume clearly designated as impounded and with a copy of any court order of impoundment. Failure to comply with this order may result in the dismissal of this appeal. (Sullivan, J.). Notice/attest. |
| 05/17/2021 | #21 | Response to Court Order dated 05/05/2021, filed by Andre Bisasor. |
| 05/18/2021 | | <u>ORDER RE#21</u>: In light of Mr. Bisasor's assertion that the copy of the affidavit of indigency forwarded to this court (#20) does not contain the correct exhibits/attachments and the trial court's and Mr. Bisasor's continuing efforts to determine the correct exhibits/attachments, [the time for complying with the Court's orders of 03/12/2020 and 03/17/2020 is extended to 06/18/2021 to enable staff at the trial court to obtain the final document sought by the plaintiff as identified in this court's 09/02/2020 action on papers #12 & 13 (plaintiff's 11/12/2019 affidavit of indigency and request for waiver (with attached exhibits), paper #345).] (Sullivan, J.). Notice/attest |
| 06/21/2021 | | Copy of papers #7 - #16, #18, and #19 to counsel on this date. |
| 06/24/2021 | #22 | Status report (IMPOUNDED) filed by Andre Bisasor. |
| 07/27/2021 | | RE#22: The plaintiff is granted to 08/24/2021 (the requested 60 days from the date he filed this motion) to obtain the remaining documents he seeks from the trial court and comply with the court's orders of 03/20/2020 and 03/17/2020. Notice/attest |
| 08/30/2021 | #23 | Status report (IMPOUNDED) filed by Andre Bisasor. |

| | | |
|---|---|---|
| 09/02/2021 | | RE#23: The plaintiff/appellant in this appeal pursuant to G. L. c. 261, § 27D, has filed a document entitled status report. However, no status report was due. Furthermore, the plaintiff requests "allowing another 90 days [to file his 10 page memorandum and appendix] or any time frame the court thinks best; or, in the alternative, . . . to simply order the lower court to copy these documents and send them to me by a certain set time/date, that this court deems proper." That request is denied.<br><br>In addition, to the extent the plaintiff is challenging the judge's order permitting the plaintiff to file his exhibits, but not his other filings, via electronic media, I note that it is unclear which documents are relevant to this appeal. If the plaintiff still intends to file a 10 page memorandum in support of his appeal, he must do so no later than 09/10/2021 and (2) to the extent that the plaintiff contends documents other than those transferred to this court by the Superior Court clerk's office are relevant to the limited issue before this court, he shall provide a detailed list of those documents including the paper number assigned by the Superior Court with a brief description of their relevance. The list shall be filed contemporaneously with the 10 page memorandum, or if no memorandum is filed, no later than 09/10/2021. Failure to comply with this order, including the deadlines set forth herein, will result in this appeal being decided on the record in 20-J-15 as it presently stands. So ordered. (Vuono, J.). *Notice/Attest/Wilkins, J. |
| 09/10/2021 | #24 | Motion to reconsider (IMPOUNDED) filed by Andre Bisasor. |
| 09/14/2021 | | RE#24: Pursuant to Andre Bisasor's request, no action will be taken on the within. Notice |
| 09/14/2021 | #25 | Motion to reconsider (IMPOUNDED) filed by Andre Bisasor. |
| 10/27/2022 | #26 | Other motion for misc relief (Notice of Withdrawal) filed for President and Fellows of Harvard College by Attorney William Mekrut. |
| 02/02/2023 | #27 | Other motion for misc relief (Request for Status by Defendant) filed for President and Fellows of Harvard College by Attorney William Mekrut. |
| 11/03/2023 | | ORDER (RE#25): Denied. Pursuant to the 9/2/21 order, this appeal will be decided on the record as it presently stands. (Blake, J.) *Notice |
| 11/03/2023 | | ORDER (RE#1): This matter came before the single justice pursuant to G. L. c. 261, § 27D. The plaintiff appeals from the 12/20/2019 post-judgment order denying his request to file "papers with the court, either to be printed at the court or to be filed by CD." After review of the record, including the plaintiff's filings and the judge's findings, I discern no abuse of discretion or clear error of law in the Superior Court judge's order. Accordingly, the 12/20/2019 order entered by the Superior Court is affirmed. (Blake, J.). *Notice/Attest |
| 11/10/2023 | #28 | Other motion for misc relief (Motion for Clarification) filed by Andre Bisasor. |
| 11/21/2023 | #29 | ORDER RE#28: The decision of the single justice affirming the trial court's order pursuant to G. L. c. 261, § 27D, is final and not subject to further review. Singer v. Rosenkranz, 453 Mass. 1012, 1012 (2009); Hunt v. Appeals Court, 444 Mass. 460, 463, n. 2 (2005). However, the plaintiff may file a motion to reconsider my 11/3/23 orders on or before 12/5/23. There will be no enlargements. (Blake, J.) |
| 11/29/2023 | #30 | Request for copy of case file and extension to file Motion for Reconsideration filed by Andre Bisasor. |
| 11/29/2023 | #31 | Affidavit of indigency (IMPOUNDED) filed for Andre Bisasor by Attorney . |
| 11/29/2023 | #32 | Amended #30 filed by Andre Bisasor. |
| 12/05/2023 | #33 | Expedited/emergency motion for disability accommodations and for impounded hearing (IMPOUNDED) filed by Andre Bisasor. |
| 12/05/2023 | #34 | Notice of appeal filed by Andre Bisasor. |
| 12/05/2023 | #35 | Emergency/expedited motion to stay proceedings due to various motions filed by Andre Bisasor. |
| 12/06/2023 | | ORDER: The 11/3/23 entry RE#1, is corrected to remove the inclusion of "proposed" which was inadvertent. Notice |
| 12/06/2023 | | ORDER (RE#30): As the plaintiff refiled this motion as #32, no action will be taken on the within. (Blake, J.) Notice |
| 12/06/2023 | | ORDER (RE#32): The plaintiff's request for a copy of the "Appeals Court case file" is denied as copies of the documents relevant to the limited issue before this court were provided to the plaintiff by the trial court and this court. See 5/5/21 order RE#19 (Revised). Regarding the plaintiff's request for an enlargement of time to file a motion to reconsider the 11/3/23 orders, see order RE#33 issued this date. Any other requests for relief not specifically addressed in this order are denied. (Blake, J.) Notice |
| 12/06/2023 | | ORDER (RE#31): No action needed. See order RE#32. (Blake, J.) Notice |
| 12/06/2023 | | ORDER (RE#33): The plaintiff has filed a motion requesting an extension of the deadline contained in my 11/9/22 order RE#28 and for the first time, references a disability and the American with Disability Act. This motion is denied without prejudice to renewal on or before 12/15/23, accompanied by the motion to reconsider the 11/3/23 orders. To the extent the plaintiff's current motion includes a reference to a disability, the plaintiff may consult with the Court's materials on the Americans with Disability Act accessibility, available at https://www.mass.gov/ada-accessibility-at-the-courts. A copy of the Request for Reasonable Accommodation form is sent to the appellant with this notice. The appellant is advised that while the court makes reasonable accommodations for litigants, the court may not fundamentally alter the appeals process, which requires the prompt filing of a motion to reconsider without undue delay. (Blake, J.) Notice |
| 12/06/2023 | | RE#35: See orders RE##30-33. (Blake, J.) Notice |
| 12/15/2023 | #36 | Affidavit of indigency (IMPOUNDED) filed for Andre Bisasor by Attorney . |
| 12/15/2023 | | ORDER (RE#36): The deadline of 12/15/23 established in the 12/06/23 order re#33, is stayed pending review of the within. A new deadline will be set after an order on the within is entered. (Blake, J.) *Notice |
| 12/18/2023 | | Request for Reasonable Accommodation (medical documentation to support an ADA accommodation) received from Andre Bisasor and forwarded to ADA Coordinator. |

| Date | Entry |
|---|---|
| 01/08/2024 | Request for Reasonable Accommodation forwarded to ADA Coordinator (inadvertently not entered on 12/18/23). Notice |
| 01/09/2024 | Notice to counsel for virtual hearing before Blake, J. on 01/16/2024 at 10:00AM via Zoom. Plaintiff should be prepared to list the paper numbers of the documents in this matter that he needs to be copied. A copy of the docket is sent to the plaintiff with this notice |
| 01/12/2024 | ORDER: The plaintiff has emailed the Clerk's Office a request to continue the Zoom hearing scheduled for Tuesday, January 16, 2024 at 10:00AM, until the end of January. The request is allowed, in part. The hearing will be rescheduled to Friday, January 19, 2024 at 10:00AM. No further continuances will be allowed. (Blake, J.). Notice |
| 01/12/2024 | Notice to counsel for virtual hearing before Blake, J. on 01/19/2024 at 10:00AM via Zoom. |
| 01/16/2024 #37 | Affidavit of indigency (IMPOUNDED) filed for Andre Bisasor by Attorney . |
| 01/18/2024 #38 | NOTICE: The subject matter of the virtual hearing scheduled for 01/19/2023 at 10:00AM via Zoom is the plaintiff's request contained in #36 for a waiver of costs for a copy of the case file pursuant to G.L. c. 261, § 27A-C. Accordingly, other parties may appear but are not permitted to participate. |
| 01/18/2024 #39 | ORDER RE#37: The plaintiff's request to cancel or reschedule the virtual hearing scheduled for tomorrow, 1/19/24 at 10:00AM via zoom is denied. Any remaining requests for relief contained in the within affidavit of indigency will be addressed at the hearing. (Blake, J.) Notice |
| 01/19/2024 | ORDER: The hearing scheduled for today is cancelled. Further order to issue. (Blake, J.) *Notice |
| 01/19/2024 #40 | Motion for Accommodation (IMPOUNDED) filed by Andre Bisasor. |
| 01/19/2024 | Memo: Forwarded to ADA Coordinator this date. |
| 01/19/2024 #41 | Motion to Recuse Justice Blake (IMPOUNDED) filed by Andre Bisasor. |
| 01/19/2024 #42 | Notice of appeal filed by Andre Bisasor. |
| 01/19/2024 #43 | Motion to Stay Pending Rulings on Motions (IMPOUNDED) filed by Andre Bisasor. |
| 01/19/2024 | ORDER RE#41: The plaintiff has filed a motion to recuse me from this case. The familiar standard for recusal is as follows: " Faced, then, with a question of [her] capacity to rule fairly, the judge was to consult first [her] own emotions and conscience. If [s] he passed the internal test of freedom from disabling prejudice, [s] he must next attempt an objective appraisal of whether this was "a proceeding in which [her] impartiality might reasonably be questioned." Lena v. Commonwealth, 369 Mass. 571, 575 (1976). I have conducted this analysis. Moreover, there is no allegation that I relied on an extrajudicial source of any information that would warrant my recusal. See Commonwealth v. Dane Entertainment Services, Inc., 18 Mass. App. Ct. 446, 450 (1984) (information acquired through judicial role as opposed to extrajudicial source weighs heavily in favor of decision not to disqualify). See also Erickson v. Commonwealth, 462 Mass. 1006, 1007 (2012) (no showing judge "was biased . . . or that [her] ruling was influenced by any considerations other than the law"). I have carefully considered the plaintiff's motion as well as my "emotions and conscience" as required, and I conclude that I harbor no bias, that I can rule impartially, and that my impartiality cannot reasonably be questioned. Lena, 369 Mass. at 575. Therefore, the motion to recuse is denied. (Blake, J.) Notice |
| 01/19/2024 | ORDER: On 1/8/2020, the plaintiff's appeal pursuant to G.L. c. 261, §27(D), entered in this court. After many delays, on 11/3/2023, I entered an order affirming the 12/20/2019 trial court post-judgment order denying his request to file "papers with the court, either to be printed at the court or to be filed by CD." The plaintiff requested and received extensions of time to file a motion for reconsideration. On 12/15/2023, the plaintiff filed a request for waiver of the cost of a "full copy of the case file," that he states he needs in order to prepare the motion for reconsideration. In response, I scheduled a hearing pursuant to G.L. c. 261, §27(A-D), in an attempt to ascertain which documents besides the assembly of record (#1) and trial court #345 (docketed in this matter on 5/5/2021 as #20), the plaintiff asserts are part of the record in this appeal pursuant to G.L. c. 261, §27(D). At the plaintiff's request, the hearing was rescheduled to 1/19/2024. On 1/16/2024, the plaintiff's second request to reschedule the hearing was denied. Today, the plaintiff requested a further continuance of the hearing or that the hearing be cancelled asserting that he needs a "full copy of the case file." Although it is unclear how the plaintiff defines a "full copy of the case file," something I had hoped to understand at a hearing, I have determined that the case file contains the record on appeal (##1 & 20) and many motions, status reports and responses filed by the plaintiff. Although it appears that the plaintiff has previously received these materials, as a one time accommodation, the plaintiff's request for a "full copy of the case file" as defined herein is allowed. A CD of all the filings in this case will be sent to the plaintiff. Taking into consideration the plaintiff's request for an accommodation pursuant to the ADA, the plaintiff's request for an extension of time to file his motion for reconsideration is allowed to 2/16/2024. There will be no further enlargements. The "ADA does not require the Judiciary to take any action that would fundamentally alter the nature of its services, programs, or activities." See Adjartey v. Central Division of the Housing Court Dept, 481 Mass. 830, 849 (2019). To the extent that future hearings are scheduled, the plaintiff's request to be heard at 2:00PM, as a reasonable accommodation is allowed. As the docket reflects, all affidavits of indigency and medical documentation filed by the plaintiff are impounded. All other requests for relief are denied. (Blake, J.) Notice |
| 01/19/2024 | ORDER RE#43: Denied as moot. (Blake, J.) Notice |
| 01/19/2024 | Memo: CD containing PDFs of Entire Case File mailed to Plaintiff this date with an Updated Docket Sheet. |
| 02/08/2024 | "Request for Reasonable Accommodation" (IMPOUNDED) filed by Andre Bisasor has been received by the court and referred to the ADAC. |
| 02/14/2024 | ORDER: Taking into consideration the plaintiff's request for an accommodation pursuant to the ADA, and the plaintiff's representation that this will be his last request for an extension of time, the plaintiff's request for an extension of time to file his motion for reconsideration is allowed to 3/18/24. There will be no further enlargements. (Blake, J.) *Notice |

As of 02/14/2024 9:15am