STATE OF NEW HAMPSHIRE - SUPREME COURT

Case No. 2022-0609

Natalie Anderson, et al.

v.

Hilton Hotels Worldwide, et al.

**MOTION FOR RECONSIDERATION OF THE ORDER DENYING THE RECUSAL OF JUSTICE JAMES BASSETT**

1. I hereby submit this motion for reconsideration of the order denying the recusal of Justice James Bassett as entered by the single justice James Bassett himself.

2. On January 22, 2024, Justice James Basset issued the following order:

> Andre Bisasor has requested that I recuse myself from further participation in this case. Through his motion to recuse, Andre Bisasor alleges that my act(s) of recusing myself from certain prior appeals necessitates my disqualification from this case. Rule 2.11 of the Code of Judicial Conduct (Supreme Court Rule 38) provides: "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned . . . ." Whether an appearance of impropriety exists is determined under an objective standard, i.e., would a reasonable person, not the judge himself, question the impartiality of the court. Snow's Case, 140 N.H. 618, 624 (1996). The test for the appearance of partiality is an objective one, that is, whether an objective, disinterested observer, fully informed of the facts, would entertain significant doubt that justice would be done in this case. Taylor-Boren v. Issac, 143 N.H. 261, 268 (1998); see also In the Matter of Tapply & Zukatis, 162 N.H. 285, 297 (2011). I conclude that my recusal from the appeals referenced by Andre Bisasor is unrelated to any person, party, or interest involved in the instant appeal, and that Attorney Craig Donais's participation in the current case does not create a conflict for me. Therefore, a reasonable person, fully informed of these facts, including my prior recusals from different cases, would not question my impartiality in this case. I affirm that I have no bias in this case and will decide it on the facts and the law. Accordingly, I have a responsibility to hear and decide this case. See Rule 2.7 of the Code of Judicial Conduct (Rule 38). The motion to recuse is denied. This order is entered by Justice Bassett pursuant to Rule 21A

3. Justice Bassett did not address any of the substantive issues raised in the motion to recuse. He simply gave a blanket denial of a conflict, without any specifics. He did not address the clear conflict in recusing himself from several other cases where Craig Donais was the only (evident) common factor but not recusing himself from this case where Craig Donais is involved. It simply strains credulity to expect that such a simple non-specific blanket denial will alleviate any or all legitimate concerns, not only regarding a conflict, but also of the appearance of a conflict. Transparence and integrity demands better. Ultimately, the justices of this court are public servants and are accountable to the public, and are not themselves above the rule of law and the attendant accountability mechanisms to ensure confidence in the courts and the legal system.

4. Justice Bassett should explain why he was recused in these other cases and why the same factor does not apply here. This is only fair and right. I cannot imagine any reason why this cannot be done.

5. I ask that the full court review this motion and rule thereupon, in accordance with the court rules.

6. I hereby humbly request this Court grant my request and/or other relief that the court deems just and proper.

Respectfully submitted,

_____

**ANDRE BISASOR**
679 Washington Street, Suite # 8—206,
Attleboro, MA 02703
E: quickquantum@aol.com
T: 781-492-5675

Dated: February 1, 2024

## CERTIFICATE OF SERVICE

This filing is/will be served to all parties of record in the trial court, via this court's e-filing system.

/s/Andre Bisasor
Andre Bisasor