UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**PLAINTIFF'S NOTICE OF INTENT TO FILE RESPONSE TO CRAIG DONAIS, MARY DONAIS AND DONAIS LAW OFFICES PLLC'S MOTION FOR LEAVE OF COURT TO REVIEW SEALED DOCUMENTS PURSUANT TO L.R. 83.12(B)(2)**

1. I hereby provide this notice of my intent to file a response to **DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S MOTION FOR LEAVE OF COURT TO REVIEW SEALED DOCUMENTS PURSUANT TO L.R. 83.12(B)(2),** which I am filing in order to preserve my rights and to give the court notice of the bad faith nature of the filing by the Donais defendants and that I intend to refute or show the misleading or bad faith nature of such.
2. As a quick preview, it should be noted that the Donais defendants have made either false or misleading statements in their objection and/or have mischaracterized the procedural history of this case as well as the situation with pending prior cases in state court.
3. First, the defendants violated the rule of seeking concurrence. The rule only excuses dispositive motions. The motion is thus improper. Second, the Donais defendants are trying to inflame the court and introduce foreign matters out of context in bad faith. They are not involved in that case. For example, the defendants included the docket of an MA appeals court case that was stayed for years because of Covid. It only recently resumed after a long stay. Given the surprise of the lifting of the stay, the court had deadlines immediately coming due. That court also set a hearing on 1-19-24. I thus had to get the court acquainted with the issues pertaining to me and thus had to seek accommodation to cancel or postpone the hearing on 1-19-24. That is the filing I made in that court that the defendants appear to refer to. But the defendants know that I was seeking accommodation/extension in that court because the docket states so. So why would the defendants to style that as though I am engaging in substantive litigation and filings in that case. To suggest that is misleading. The defendants are hoping the court does not pay attention and that it will succeed in confusing or misleading the court.
4. Third, in the 11-30-23 hearing as well as in other prior filings, I told the court I have other litigation matters that I have to deal with, all of which impacts my ability to meet timelines when multiple court deadlines all converge around the same timeframe. By the Donais defendants providing copies of dockets of other cases, it does not add anything to the knowledge of the court. The court is well aware that I have other court cases pending.
5. Fourth, it is obvious that I would need to inform the other courts of my special circumstance requiring accommodation/extension since if I did not do so, those courts would not know what is happening and why I have not met certain deadlines in those courts, which would be to my prejudice. It should be noted that the appeals court in particular reviewed the same confidential information, which those other courts granted. So the Massachusetts appeals court judges that looked at the same information that this court looked at, granted accommodation and sealed the case from other parties in those appeal cases.
6. The Donais defendants intentionally left out the docket of the Donais MA appeals court case (2021-P-0960) because it would not suit them. Instead they attached an MA appeals court docket that did not involve the Donais defendants whatsoever. Why do this? Why not attach the docket of the MA appeals court case that they are actually involved in that showed that I requested accommodation/extension there? Because that case docket shows something that they evidently want to hide from this court.
7. Here, that MA appeals court stated that: "**ORDER: The appellant's request contained in his request for reasonable accommodation filed on 1/30/24, for an enlargement of time until 3/11/24, to file a status report as detailed in this court's order of 12/7/23, is allowed. No further enlargements should be anticipated. The appellant is to note that his request for reasonable accommodation is kept**

**confidential. Other parties are not allowed access to the request. The request is only shared with other court personnel if necessary for the accommodation. (Blake, J.) \*Notice**".

8. See screenshot of docket below.

| | |
|---|---|
| 01/08/2024 | RE#35: The appellant is granted an enlargement of time until 1/24/24 to file a status report as detailed in this court's order of 12/7/23. *Notice |
| 01/30/2024 | Request for Reasonable Accommodation filed by Andre Bissasor has been received by the court and referred to the ADAC. |
| 02/01/2024 | <u>ORDER</u>: The appellant's request contained in his request for reasonable accommodation filed on 1/30/24, for an enlargement of time until 3/11/24, to file a status report as detailed in this court's order of 12/7/23, is allowed. No further enlargements should be anticipated. The appellant is to note that his request for reasonable accommodation is kept confidential. Other parties are not allowed access to the request. The request is only shared with other court personnel if necessary for the accommodation. (Blake, J.) *Notice |

As of 02/01/2024 3:15pm                                                                                          Top ▲

9. This is deceptive conduct. They intentionally tried to hide or obscure from this court the fact that this MA appeals court case (that they are involved in) allowed the filing to be sealed and barred them from seeing the files, just like this court has done.
10. Thus, other courts have sealed the information from the Donais defendants. That court came to the same conclusion as this court. Hence, there is no basis to undo the sealing. The fact that they hid this from the court proves this point that they know there is no basis for unsealing.
11. The malicious intent of the defendants is clear. If they ever become aware of the protected information, they will exploit it to the maximum. They will publish it in every and any forum they can in order to harass, badger, burden, annoy and scandalize the plaintiff, under the guise of attaching documents filed in litigation. These defendants have no honor or decorum. These are extremely contentious and vexatious defendants. They cannot be trusted with the protected sensitive information.
12. Contrary to the Donais defendants' assertion or insinuation, I received no extensions on the motion to amend the complaint. The first deadline the court set was January 18, 2024 in the 11-30-23 hearing. Thereafter, I asked for an extension on January 17, 2024 and the court allowed it to February 20, 2024. I then on February 15, 2024 requested a final extension until April 1, 2024. There were no extensions on this motion to amend the complaint prior to that. It was incorrect for the Donais defendants to state or insinuate or imply that I received extensions on this motion prior to that. The defendants are conflating the extensions on opposing the motion to dismiss in the fall of 2023 (due to the travel emergency to Florida that I had then). Yet, I met all the court's deadlines for filing opposition to the motion to dismiss in the Fall of 2023. There is no extension on the motion to dismiss. This current deadline for the motion to amend the complaint involves a different issue, not opposing the motion to dismiss. The Donais defendants are intentionally trying to mix apples and oranges in order to grasp at straws.
13. NB: It should be noted that in the 11-30-23 hearing, it was clearly established that the defendants cannot use the out of state travel emergency situation from the Fall of 2023, to forever prohibit me from seeking extensions in the future. This was established both in the hearing and in the court's 12-1-23 order, which order stated that I have the right to seek accommodation or extensions on a cases by case basis and that the court will accommodate as is necessary it has done in the past or something to that effect. It was also established in light of the then pending motion for reasonable accommodations where the court, rather than issuing a standing order for that, invited me to return to the court as necessary on a case by case basis to seek accommodation. But the defendants are violating that finding in bad faith by acting as though the court never said that.
14. The defendants are evidently trying to second guess the court in this instance. But the rules governing the sealing of confidential documents empower the court to make determinations on level II sealing requests without review from the defendants. I followed the rules very carefully and did so in good faith with the reliance that the court would adhere to the rules of sealing. It was clear that I would only submit the protected sensitive filings if it would not be shared with anyone including the other parties. The court looked at the matter and appropriately determined that sealing was required or proper.
15. The speculative assertions by defendants do not contradict anything that such sealing was based on.
16. All the defendants have really shown is that that I requested similar accommodations by other courts around the same timeframe, which only makes sense that I would do that. There is no puzzle to that.

17. Moreover, the 3 filings they attached as Exhibit B and C relate to two NH supreme court appeals (one of which was initiated by Donais and have been stayed indefinitely by the NH supreme court pending recusal issues that resulted in 2 justices being recused so far and two others pending). Exhibit B and C also show only a basic one page filings that were routine simple filings that required no thought or effort. In fact all 3 filings in Exhibit B and C were duplicates of each other (almost verbatim) and this wording was taken from filings made last year in said appeals. This does not warrant any legitimate basis to seek to unseal the filings here and the defendants know that. This is in bad faith. I clearly have to address matters in other courts as they come up. If I do not file anything, even a simple thing, my rights will be prejudiced. Those appeals do not have any briefing scheduled or due any time soon. In fact, the two NH supreme court cases referred to are stayed indefinitely. One other appeal is on hold awaiting transcript and will be later briefed some time later this year but not anytime soon or in the next few months. None of that will affect the current deadlines that this court has set now. Thus those appeals are irrelevant to the issue here. Moreover, no one said I cannot file a simple filing. They create a straw man to shoot it down and to manipulate it to create a false contradiction or false narrative. I trust the court can see through this ploy.
18. Filing a simple one or 2 page filing in another court to request accommodation or to keep up with minimal things to preserve rights does not prove anything. I have not filed any briefing or substantive filings in any case since the initial January 18, 2024 deadline set by this court.
19. I provided proof to this court of the need for sealing and accommodation/extension, and the proof was sufficient not only for this court but also other courts. Again, the MA appeals court judge in two cases granted sealing and accommodation on the same grounds as this court did. The defendants tried to hide this from the court in bad faith.
20. I intend to properly refute statements of the Donais defendants in my response. I am writing this in a rush to give a quick preview but I need the full time under the rules to respond properly and I am unable to give this proper treatment at this point.
21. I ask the court to await my response pursuant to Local Rule 7.1(e)(1) or (2).

Respectfully submitted,
/s/Andre Bisasor

March 1, 2024                                    Plaintiff Andre Bisasor

**CERTIFICATE OF SERVICE**

This filing is served to all parties of record via the e-filing system.

/s/Andre Bisasor
Andre Bisasor