UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**EMERGENCY MOTION TO CLARIFY**

1. I hereby seek clarification from the court as follows.
2. On 3-1-24, I filed a **Plaintiff's Emergency Motion to Seal [Level II],** which is document/filing #151.
3. The court's 3-6-24 order was issued stating: **"ENDORSED ORDER allowing in part and denying in part [151] Plaintiff's Emergency Motion to Seal [Level II]. Because the motion to seal contains no confidential or sensitive information, the plaintiff's request to seal it (Doc. No. 151) is hereby denied. While the motion for reconsideration does contain some confidential material, much of that motion consists of argument that includes no sensitive or confidential information. Consequently, there is no basis for withholding the entire motion from the defendants or removing it from the public docket. Mr. Bisasor is directed to file a new version of that motion with redactions to remove only confidential/sensitive information, and to serve the defendants with a copy of the redacted motion, by Thursday, March 7, 2024."**
4. When I today asked the case clerk whether the filing #151 **(Plaintiff's Emergency Motion to Seal [Level II]),** was public, the clerk responded that it was public based on the court's order of 3-6-24.[1]
5. But the court's 3/6/24 order did not say that filing #151 is a public document. It simply stated that the motion to seal 'the motion to seal' document is denied. It also said that the motion to seal was granted in part and denied in part. The only thing the order said should be put on the docket was my redacted filing of the motion for reconsideration, and that was something to be made public when I myself re-file it, as instructed by the court. Nowhere did the court's order instruct that the motion to seal itself be unsealed or made public.
6. Hence, the court's 3-6-24 order did not instruct the clerk to make anything public including the denied motion to seal the motion to seal document. If that was the case, then docs # 148 and 149 would be implied to also be made public too or shared with other parties because they were denied, as moot. But yet it is my understanding from the clerk that docs #148 and 149 are not made public or shared with other parties because those documents "were filed as sealed Level II, and the court's order did not direct the documents be made public or otherwise direct the clerk's office to change the seal level, and thus they remain sealed at Level II". A similar kind of logic should apply to the filing #151 in that it should remain sealed at level II, until or unless the reconsideration period has passed or otherwise until any reconsideration or objection has been resolved.
7. And so, the court's order was careful not to make anything public that was filed.
8. Moreover, the court explicitly further stated in its 3-6-24 order that: **"While the motion for reconsideration does contain some confidential material, much of that motion consists of argument that includes no sensitive or confidential information. Consequently, there is no basis for withholding the entire motion from the defendants or removing it from the public docket. Mr. Bisasor is directed to file a new version of that motion with redactions to remove only confidential/sensitive information, and to serve the defendants with a copy of the redacted motion, by Thursday, March 7, 2024."**
9. Thus, the only way the filings I made are to be made public is via my re-filing it as a redacted version. No originally filed documents are to be made public by the clerk.
10. Hence, I believe the case clerk may have misinterpreted or misapplied the strict instructions of the court's order and has gone beyond what the court's order actually states.

---

[1] The clerk office has further stated that I should file this motion seeking clarification from the court on these issues. But it is a burden to me to have file more or unnecessary motions at this point, while I am seeking an extension of time to file the amended complaint. Moreover, I should not have to file a motion for something that should not require a motion. Moreover, the matter is urgent and filing a motion on this issue may cause delay in correcting a clear error that is a harm to me and that contradicts the court rules. The clerk office should have been able to correct a clerk error, without having to have a motion filed. But I was required to do so now by the clerk office, which is a further harm to me. NB: I am writing this in a rush so it may contain grammatical errors, etc.

11. This is further evidenced by the fact that, initially, it was not placed on the docket when the initial order was generated by the clerk's office at around 9am yesterday. But then another entry was subsequently generated at 10.44am yesterday, apparently making it public.
12. Not only has the clerk office gone beyond the court's order but the clerk office has apparently contradicted or violated the applicable court rule.
13. The applicable court rule states as follows: **LR 83.12(d) Filing Procedures. The filings will be accepted provisionally under seal, subject to the court's subsequent ruling on the motion. If the court denies the motion to seal, any materials submitted under provisional seal will be stricken from the court's docket and returned to the movant.**
14. Thus, the simple denial of a motion seeking to seal a document does not make that document automatically public. It is a harm to me, to publish a document that was provisionally under seal when filed, because it was subsequently denied sealing by the court, especially where I contend that there is private information in it.
15. The rules clearly state that the filer must be protected, if a document is denied sealing, by not publishing that document, or otherwise by returning it to the filer.
16. NB: A motion to seal often has to state the confidential issues in the underlying document itself that is sought to be sealed. Thus, by automatically unsealing the motion to seal upon its denial, it could reveal private information in the underlying document sought to be sealed. This could cause irreparable harm because by immediately unsealing the motion to seal, it ostensibly would reveal the private information already in it. This seems to contradict the plain intent of the court rule. Moreover, the court rule did not make any distinction between a motion or document sought to be sealed and the motion to seal that is also sought to be sealed (i.e., "If the court denies the motion to seal, any materials submitted under provisional seal will be stricken from the court's docket and returned to the movant.").
17. Thus, any document sought to be sealed, and which is then denied sealing, must be provided the same failsafe procedure for protection upon denial, including instructing the filer to re-file it as a redacted version (as the court did with doc #150) or otherwise returning it to the filer.
18. In this instance, the motion to seal was granted in part and denied part. Because of this, it should not be made public. Moreover, if it is to be made public, the filer should be given notice in advance, so that the filer may seek reconsideration, objection or even appeal if necessary, prior to it being made public.
19. Based on this, the denied motion to seal should not be placed on the docket or made public, especially without the filer having a chance to object or seek reconsideration, particularly in instances where the court may have overlooked something.
20. Furthermore, this is a matter of correct court procedure. The rules require that any filing that is denied sealing must not be automatically published.  Thus, the filing # 151 should not be placed on the docket. In this instance, the docket entries are fine to be placed on the docket but not the denied motion to seal itself since it was a document that was requested to be sealed but denied sealing. I should be able to rely on the court adhering to the rules. This should be corrected immediately.
21. Thus, as a matter of procedure, I would like to ask the court to clarify the following:
    a. If a motion to seal is requested to be sealed but the request for sealing is denied, then does that motion to seal (that is requested to be sealed), becomes published to the other side or to the public upon denial, without prior notice or chance to object, seek reconsideration or appeal? In other words, will it or should it become published automatically because sealing of it was denied?  or does the motion to seal become effectively returned upon denial, especially without any opportunity to redact or to object, etc.?
    b. I do not want the motion to seal to be published. But if they are to be published, is there a timeline to keep it sealed provisionally, while I can seek reconsideration or provide an objection or even appeal if necessary? In other words, if a filer intends to seek reconsideration of a denied motion to seal a document, does the court keep that document sealed provisionally until after the reconsideration or objection period has passed? If not, then would that not that reparably injure a filer if there is a chance that the denial could be reversed or modified upon reconsideration, objection or appeal?
    c. If a motion to reconsider the sealing of the motion to seal [151] is filed, will that trigger a resealing of the motion to seal [#151] until reconsideration is resolved?

22. In the alternative, because it is my view that the updated motion to seal does contain private information, I am willing to refile it with redactions. Did the court intend that I submit a redacted version of updated motion to seal [#151] as well, in addition to the motion to reconsider [#150]?
23. Please note that I intend to file the redacted version of the amended motion for reconsideration [#150] by today's date as instructed by the court.[2] I assume I do not need to re-file the attachments but only the motion.
24. Please grant a pro se liberal construction to this motion to clarify. Please also rule on this expeditiously.
25. WHEREFORE, I respectfully request that this Court clarifies the above items or grant any other relief the Court deems proper.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675
Email: quickquantum@aol.com

March 7, 2024

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, Suite # 8-206
Attleboro, MA 02703
T: 781-492-5675

---

[2] Also, in light of the fact that the relevant deadline at issue is next week Tuesday, I am concerned about the court's delay in ruling expeditiously on the motion for reconsideration of the deadline to file the amended complaint, that I filed 7 days ago. There are now only 3 business days left before the deadline. I ask the court to rule right away on the motion to reconsider the deadline.