UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

***CONFIDENTIAL AND FILED UNDER LEVEL II SEAL***
[FOR THE JUDGE'S EYES ONLY]

………………………………………

AMENDED/CORRECTED
[CONFIDENTIAL] PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION OF
THE [CONFIDENTIAL] SECOND/FINAL PLAINTIFF'S EMERGENCY MOTION TO
EXTEND DEADLINE TO FILE MOTION TO AMEND COMPLAINT [WITH AMENDED
COMPLAINT]

1. I, the plaintiff, hereby submit this amended/corrected[1] confidential[2] emergency motion for reconsideration of the plaintiff's confidential request for ████████████████████████████████ an extension to file a motion to amend the complaint with amended complaint, until April 1, 2024, as it pertains to the court's January 17, 2024 order setting a deadline of February 20, 2024 and also I request reconsideration of the court's February 15, 2024 order that set the new deadline file the motion to amend the complaint with amended complaint to March 12, 2024 instead of April 1, 2024 as requested.

2. Grounds are as follows.

## A. SUMMARY OF SOME KEY POINTS

3. On January 17, 2024, I previously requested an extension of the deadline to file a motion to amend the complaint with amended complaint. The request was granted by the court and the court set the extended deadline to February 20, 2024.

4. On February 15, 2024, I also requested ██████████████████ an extension of the deadline to file a motion to amend the complaint with amended complaint until April 1, 2024. The request was granted in part by the court on the same date and the court set the extended deadline to March 12, 2024.

---

[1] This amended/corrected version is submitted because I discovered several errors in the first version including grammatical, typo, syntactical errors, missing words and sentences and other scrivener errors that need to be corrected, as well as certain missing exhibits that I am now attaching as one file because of limitations on my email account in how it can send multiple attachments and also certain attendant file size issues which require compression software adjustment. Please use this version.

████████████████████████████████████████████████████

5.  I am now requesting reconsideration of the request ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to
    allow the deadline for filing to be set as April 1. 2024, as was originally requested in my 2-15-24 motion.

6.  I requested until April 1, 2024 to complete the filing required. The court instead granted until March 12,
    2024. I need the time that I requested. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
    ▮▮▮▮▮▮▮▮▮▮▮▮

7.  

8.  On a separate note, the court has pending before it my motion to remand and motion for jurisdictional
    discovery pertaining to remand. In the late fall of 2023, the court indicated that this motion for remand
    should be resolved before any motion to amend the complaint or any motion to dismiss, etc. The current
    deadline set by the court (of March 12, 2024) will cause a conflation of issues where the motion to remand
    is pending at the same time as the motion to amend the complaint. But if the court does not have
    jurisdiction over the case, then it should not be requiring a motion to amend complaint in any event.

9.  NB: Moreover, it should be remembered that in the late fall of 2023, by way of motion, I had asked the
    court to appoint counsel due to indigency previously found in state court but the court has not ruled on
    that motion. That motion lays out the grounds for why if counsel was appointed, it would ease the burden
    of litigation and would reduce the need for accommodations or extensions.

### B. GROUNDS FOR RECONSIDERATION

10. On February 15, 2024, the court issued the following Level I sealed order:



11.

12. In addition, the court went further to state

13. Similarly, the court must also balance my right to have the motion to remand and the attendant jurisdictional issue resolved first before the court entertains balancing the interests of the defendants in moving forward the litigation. This includes resolving the discovery issue pertaining to jurisdictional remand first, before moving forward with other motions or issues. For example, if the court finds that it has no removal jurisdiction over the case because the statutory prerequisites were not timely met for removal or that there are other equitable grounds for remand, then the court should not allow the plaintiff to have to go through the process of amending the complaint in a case in which remand is proper or required. Similarly, if the court finds that jurisdictional discovery is proper, then the court will have to set a timeline for conducting discovery. This will invariably collide with the timeline for filing the motion to amend the complaint and the responses and replies that will likely be attendant to that. And if the amendment of the complaint is granted, there will likely be a new motion to dismiss filed by the defendants, which will then trigger new oppositions and replies, all of which again will likely occur at a time when jurisdictional discovery is being conducted. The court has not yet ruled on the motion to remand or the motion for jurisdictional discovery. If the court grants the motion to remand or limited jurisdictional discovery, the defendants could seek reconsideration. Similarly, if the court denies remand or

limited discovery, the plaintiff could seek reconsideration. Time should be built into the process to allow for any reconsideration of the remand decision or the discovery decision, either way. If the court truly is considering a balancing of the interests of the different parties, then the court should step back and look at all of the above together as a whole, not in isolation. I as the plaintiff have a right to have the remand and discovery issues resolved at this juncture before any motion to amend is required, addressed or resolved. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

to April 1, 2024 as I had originally requested in my February 15, 2024 motion, would not impact in any significant way the above totality of the balancing of interests because the court has not yet ruled on the motion to remand or motion for discovery. Moreover, the defendants can have no priority of interests with respect to any motion to dismiss that they have filed or may file, because they are not entitled to have that interest resolved prior to the complete resolution of my motion to remand and motion for discovery. To do otherwise would be to essentially put the cart before the horse.

14. Furthermore, the court should remember that in the fall of 2023, I filed several filings within the timelines set by the court in the fall of 2023, including certain motions, oppositions, stays and other motions that take precedence over any motion to dismiss.

15. I am not asking for any other accommodation other than what I originally requested in my 2-15-24 motion. The court did not grant the full request of time until April 1, 2024 but instead reduced the time by 3 weeks less than what I requested. This is to my prejudice. I was not being flippant in my request until April 1, 2024. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮I was also conservative in my request to April 1, 2024. I was not being spendthrift with that request. ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

in consideration of other obligations with other courts that will come due all at around the same timeframe.

16. NB: I have clearly told this court before that I have other court matters that I am dealing with. Naturally, given the matters I have confidentially presented to this court, it is only natural and expected that I would present the same to other courts where onerous or burdensome filings were due at or around the same time as the deadline set by this court. I have in fact done so and the result was that each court has also granted ███████████████ an extension of time for filing based on the same sensitive information I presented to this court and further those other courts also granted permanent sealing of records from all other parties and the public, consistent with what this court has also done.

17. ████████████████████████████████████████████████████████████████████████████████ had to put on hold the task of amending the complaint because it is a heavy duty tasks that requires a significant amount of mental energy, analytical thinking, legal research and careful writing involving 90 pages of the complaint. That is not a routine filing. It is arduous, taxing, burdensome, onerous, and difficult. Even the defendants themselves, consisting of teams of high powered lawyers from two major law firms in the New England region, needed several months extension to review and complete filing of their response to the complaint. My point here is that it should be self-evident that this is not a simple task that involves a two or three page filing. This is germane to my contention that the need for accommodation of time is even more pronounced and heightened under such circumstance (especially since I have only one shot to amend the complaint).

18. It should also be remembered that the events of this case involve racism and defamation based on racial bias as well as claims relating to the intimidation, harassment of the plaintiff including through use of law enforcement to create fear and threat to the plaintiff, among other things. Thus the process of amending the 90 page complaint ████████████████████████ ████████████████████████████████ ████████████████████████████████

19. NB: I am not certain how the court arrived at March 12, 2024 as a new deadline, which is about 3 weeks less time than which I had requested in terms of April 1, 2024.

20.

required filing of the motion by the current deadline of 3-12-24.

21.

22

23

24.



25.

26.

27.

28.

filing due March 12, 2024. As a result, I need additional time to prepare the necessary filing of the motion

to amend the complaint with amended complaint.

29.

30.

31. This court has said, both in the 11-30-23 hearing and in its 12-1-23 order, that if I require reasonable accommodation vis-a-vis an extension, I should let the court know. I am here informing the court that due to the above, I will need the deadline to be revised for at least until April 1, 2024.

32.

33. So, given the circumstances involved, I ask that the court allow a final extension until April 1, 2024.

34. Hence, this is a reasonable request under these extenuating circumstances, and is actually still somewhat conservative under the circumstances.

35.

the motion to amend the complaint is filed, there will likely be a flurry of resultant activity including responses and replies and/or sur-replies from the parties, as well as likely other motion practice related thereto , and also if the amendment is allowed a possible new motion to dismiss, and a resuming of other motions that were stayed, etc.

▮▮▮▮▮▮▮▮. Also, there are prior pending motions including a motion for remand and a motion for jurisdictional discovery pertaining to remand that are not yet ruled upon. Therefore, the allowance of the requested accommodation will also further allow the court adequate time to properly/carefully rule on these motions and also, allow the parties an opportunity for reconsideration if applicable, before having to turn attention to motion practice relating to any motion to amend the complaint.

36. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

### C. <u>CONCLUSION</u>

37. I ask for a ruling as soon as possible so I can know if the court granted this request in advance of the expiration of the current 3/12/24 deadline.

38. As mentioned in my 2-15-24 motion, please note that, **if granted, this will be the last request for extension on this deadline that I will make. I hereby aver to the court that I will not seek any further extension, should this request of April 1, 204 be granted**, which is a reasonable request for accommodation under the circumstances.

39. WHEREFORE, I respectfully request that this Court grant reconsideration and extend the deadline, until April 1, 2024, to file a motion to amend the complaint with amended complaint, or any other relief the Court deems proper.

SIGNED UNDER THE PAINS AND PENALTY OF PERJURY

Respectfully submitted,
<u>/s/ Andre Bisasor</u>
Andre Bisasor
T: 781-492-5675
Email: quickquantum@aol.com

February 29, 2024
Amended/Corrected: March 1, 2024