UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**PLAINTIFF'S EMERGENCY OBJECTION TO THE MAGISTRATE JUDGE'S RULING ON 3/11/24 AND REQUEST FOR EXPEDITED RULING**

1. I hereby provide this emergency objection to the 3/11/24 ruling by the magistrate judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 7.1(e)(1) and (2).

2. On 3/11/24, the clerk entered an order from the magistrate judge on the docket, denying my motion for reconsideration. See docket for text of ruling. stating:

3. Pursuant to statute, the court's standard of review for a magistrate judge's report and recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

4. I here provide a brief explanation of why the magistrate judge's ruling is unfair and wrong[1].

5. **First**, the magistrate judge has misstated the facts. She stated that **"Moreover, this court finds that the plaintiff's assertion that his personal circumstances and/or his need for an accommodation prevent him from meeting the current deadline is entirely undermined by the length and volume of his motions for an extension, for reconsideration and to seal. For all of these reasons, the plaintiff's motion for reconsideration is DENIED."**

6. But the first request for extension of this deadline was only a brief 2 page motion and a signature page with 2 sentences requesting relief. The second extension was 5 pages and a signature page. These were not lengthy by any means and for the magistrate judge to characterize it as such is simply not factual.[2] Similarly, the recent subsequent motion for reconsideration was 9 pages, which is the relevant filing in the time period at hand, and is also not lengthy by any means, especially when compared to the 90 plus pages of amended complaint and 20 pages for the motion to amend the complaint. These are not comparable.

7. Similarly, the 3 motions to seal filed has one page, with the same or similar wording repeated.

8. The magistrate judge has thus unfairly lumped together the first and second brief requests for extension into her allegation of my filing lengthy extensions and motions to seal. This is not correct, fair or true. This overstatement and exaggeration reveals bias. [NB: Similarly, by the time I filed the motion for reconsideration, it was March 1, 2024. I was required by the court to refile it on March 7, 2024.].

9. My ability to file motions to extend time is not reflective of my ability to complete amendment of a 90 page complaint which is a highly complex, arduous, time-consuming, tedious, mentally-challenging task.

10. It is thus erroneous for the magistrate judge to cite page length of the extensions filed and use it as an indictment against my request or that it portrays ability to meet a writing deadline.

11. **Second**, the magistrate judge is violating the law regarding reasonable accommodations. The judge has violated my right to have a proper reasonable accommodation. The court cites no barrier to the court being able to grant it nor any under burden to allow. The difference between March 12, 2024 and April 1, 2024 is not significantly far apart. Moreover, the court cannot ultimately deny a request for reasonable accommodation (and I believe certainly not without a proper hearing in camera). The magistrate judge appears to have elevated form over substance, ignoring the clear indications of the need for accommodation to the date requested, from my supporting documentation provided, and using a flawed basis to deny my reconsideration by using the fact that a motion for reconsideration was filed against me and using it to undermine the proof of the need for

---

[1] NB: I am writing this in a rush so I have not been able to properly proofread this document. I may not have crossed every "t" or dotted every "i". I ask for a liberal construction to this pleading and to construe my words in a light most favorable and to grant the benefit of the doubt where reasonable.

[2] The first deadline the court set was January 18, 2024 in the 11-30-23 hearing. Thereafter, I asked for an extension on January 17, 2024 and the court allowed it to February 20, 2024. I then on February 15, 2024 requested a final extension until April 1, 2024.

accommodation presented. This appears to be a draconian form of "gotcha" jurisprudence that is unfair, and further reveals bias, which type of bias (whether conscious or unconscious) is well-known/researched as being pervasive in this culture, statements made by those of certain demographics about issues like these are often minimized, trivialized, or ignored. NB: I am unable to spell that out because of confidentiality concerns. Please see sealed filings for more information on this point.

12. **Third**, the magistrate judge gave the impression that it was in my best interest to unseal the motion to seal. See interim order issued on 3-8-24.

13. Here, the court stated that **"this court determined that it was in Mr. Bisasor's best interests to circumvent the process described in LR 83.12(d)"**. She also stated: "**Notably, in the interest of reaching Mr. Bisasor's motion for reconsideration on the merits before March 12, 2024, this court fashioned its rulings to eliminate Mr. Bisasor's obligation to comply with the process set forth in the Local Rules for sealing only a portion of a document**." How was it in my best interest if the court knew it would deny my motion for reconsideration? It would only be in my best interest if the court was going to grant my motion and thus, circumventing the rules would be in my best interest. What the court was unseal the motion to seal and the deny the motion to reconsider. None of that was in my best interest. Moreover, since the court ordered that I refile the redacted motion to reconsider, it could have ordered that I refile the motion to seal by the same date of March 7, 2024, and no time would be further lost with that. This does not make sense that the magistrate judge would frame her ruling in this way if she knew that she was going to deny my motion to reconsider.

14. Moreover, by delaying the ruling, it misled me into thinking that the court was going to grant the motion.

15. The magistrate judge changed the rules to harm me while making it seem it was to help me. This is misleading and bespeaks bias of a judge.

16. The magistrate judge cut the time I requested in half, which forced me to file a motion for reconsideration and then she used the motion for reconsideration against me. The magistrate judge gave me more tasks to do including refiling the motion for reconsideration, which required clarification. Then the magistrate judge then turns around and essentially holds it against me.

17. **Fourth,** the magistrate judge took 11 days to rule on my emergency motion for reconsideration, which violates her obligation to expeditiously rule on emergency motions of this nature. It also contradicts what she said in the 11-30-23 order and hearing where she said if I file a motion for accommodation in the future it will be ruled on quickly. Here, the magistrate judge ruled on my motion to reconsider 1 day before the deadline, leaving me no time to regroup after denial.

18. It is not reasonable to take 11 days to rule on an emergency motion relating to a deadline extension and issue the order one day before the deadline, denying the extension and maintaining the deadline, and thus giving me one day to regroup to try to meet the deadline. This is unfair. If the court knew that it was going to deny the reconsideration, then it should have denied it from at least a week ago. Instead the court took 6 days to first order that I refile the motion for reconsideration, and then also told me that it was in my best interest that she circumvented the rules regarding the unsealing of the attendant motion to seal. This was misleading and portrays a bias by the judge.

19. It is obvious that requesting an extension of time or reconsideration of such is a way more simpler task and that takes considerably less time and effort than amending or reworking a 90 page complaint and filing a 20 page motion to amend complaint, with it,

20. Therefore, this kind of reasoning is also erroneous, and a non-sequitur.

21. Also, this puts me into a trap. If I do not file anything seeking relief before a deadline, it will be used against and I will be damaged. If I file something seeking relief by way of extension or reconsideration of extension, then it is used against me to say "see I do not need an extension". This is a draconian approach that seeks to set traps for me as the pro se plaintiff. It is thus unfair.

22. The amended complaint and motion to amend in this instance involves numerous and various complex legal claims against multiple defendants and requires analysis of many issues. Moreover, the stakes are high given that the Donais defendants have previously been seeking dismissal with prejudice as well as an award of attorney fees.

23. I am not a trained lawyer (who is trained and practiced in these matters). I also have to make a living and work outside of litigating this case (versus a lawyer who does this for work) and I have ongoing work, family, medical and other obligations. I also have clear need for accommodation, especially for more complex tasks such as reworking/amending a 90 page complaint.

24. I struggled to write these motions for extension under the current personal circumstances I outlined in the sealed filings but they are easier than amending the complaint. Though I write these brief motions for extension, I still experience harm to do it. It is minimally done but again it is not as arduous as amending a 90 page complaint.

25. I also need to time to obtain legal counsel, which I have not been able to do, due to my personal circumstances and need for accommodation.

26. The bottom line is that I will not be able to complete the amendment of the complaint and the motion to amend the complaint by tomorrow, and requiring that I do so will result in an incomplete improper compromised filing that will not be fair. The issue is not whether I can file any old thing. The issue is do I have the proper ability to file a proper filing that allows me a fair chance at prevailing in my motion. This is what reasonable accommodations are about. For example, a person who suffers some comprising circumstance could still come to court but they would be disadvantaged if reasonable accommodations are not granted.

27. I also have a court deadline for another case but with a much simpler status report due. I promised that court that I will complete the status report task by today. I have competing deadlines here but the deadline by this court involves a substantially more complicated task, and does not compare at all to the task of the status report due in the MA appeals court. I will not be able to complete the deadline by tomorrow.

28. **Sixth,** my request is reasonable and supported by documentation. The magistrate judge also ignored my motion to appoint counsel. To this day, she has refused to rule on it. There is no stay on that motion. She has sat on that motion since November 2023. This portrays a bias and unfairness because the appointment of counsel would also address my need for accommodation, and spare me from having to be in this situation in the first instance as appointed counsel would be able to step into my shoes and proceed on my behalf. By failing to rule on this motion, the magistrate judge has effectively denied me the right to have this issue resolved.

29. **Seventh**, I am concerned that the magistrate judge harbors a bias against me, whether as a pro se party or otherwise, or whether unconsciously or otherwise. It is my understanding that the magistrate judge was a defense attorney and so it is likely that she by default sees through the eyes of the defendants, who no doubt were her colleagues when he was in private practice as recently as last year (as she was only appointed to the federal bench at the end of Summer 2023). The reasons that further support my concern for bias by the magistrate judge is as follows.

    a. The magistrate judge often gives superficial appearance of evenhandedness but her bent appears to be ultimately to favor the defendants or to lean in the favor of the defendants, thus ultimately being unfair to me. This is a nuanced or sophisticated point because such bias is seldom overt or blatant. For instance, the magistrate judge often splits the difference in ruling on my motions, between granting in part and denying in part, but often only giving a superficial granting in part which does not benefit me in terms of the substance and thus giving a misleading appearance of evenhandedness. I have seen this penchant before with other judges in other courts, who are trying to manage appearances but who ultimately are biased in favor of corporate defendants or big law attorneys. This is a sophisticated point and I trust the court can understand what I am trying to say.

    b. Also, it appears that the magistrate judge operates in a way that tries to appease the defendants. All the defendants have to do is oppose a motion by me and she will often go against me and with them, in most instances. And she gives them the benefit of the doubt at almost every turn. Also, she never says anything chiding or corrective to them about their conduct or statements but has done so with me on more than one occasion. Even during the 11-30-23 hearing[3], she never really directed any cautionary comments to the defendants but only to me, even where I called attention to certain improper/unfair conduct or statements by the defendants.

    c. The magistrate judge also often makes unnecessary jabs at me in her rulings that appear one-sided and/or gratuitous, often adopting 'hook line and sinker' the biased or skewed presentations by the defendants.

    d. As stated above, the magistrate judge also misstated the facts with respect to the length of motions for extension of the deadline for amendment that I have filed. This kind of misstatement of facts pertaining to me or what I have said has also happened before. For example, the magistrate judge in a past ruling on 11/17/23 misstated or misconstrued my words and asserted that I said that "I could not learn the court rules in 2 days", when I never said any such thing. This evidences bias. Thus, the magistrate judge has

---

[3] The magistrate judge only held a hearing in November 2023, after I raised certain concerns and filed the statement of election to not proceed with the magistrate judge.

more than once misstated the facts in an unfair way and use that to chide me or rule against me. I am concerned that I am not on a fair and level playing field.

e.  In this case, the defendants did not even file an opposition to the motion for reconsideration but yet she still denied my eminently reasonable motion backed up by documentation. The judge is apparently being unfairly and unnecessarily punitive.

f.  The bottom line is that I am not certain that the magistrate judge will be fair in the handling of this case.

30. **Eighth,** the defendants will not be prejudiced by the extension to April 1, 2024, which is only 3 weeks from now, especially since the court has not ruled on the pending motions for remand, for remand discovery and for appointment of counsel. [NB: The court has pending before it my motion to remand and motion for jurisdictional discovery pertaining to remand. In the late fall of 2023, the court indicated that this motion for remand should be resolved before any motion to amend the complaint or any motion to dismiss, etc. The current deadline set by the court (of March 12, 2024) will cause a conflation of issues where the motion to remand is pending at the same time as the motion to amend the complaint. But if the court does not have jurisdiction over the case, then it should not be requiring a motion to amend complaint in any event. Moreover, in the late fall of 2023, by way of motion, I had asked the court to appoint counsel due to indigency previously found in state court but the court has not ruled on that motion. That motion lays out the grounds for why if counsel was appointed, it would ease the burden of litigation and would reduce the need for accommodations or extensions.]

31. For the foregoing reasons, I respectfully object to the Magistrate Judge's ruling.

32. I ask the district court judge to grant extension of time for the deadline to file the amended complaint to April 1, 2024.

33. I ask that this filing be forwarded to the district court judge Joseph Laplante and I ask that this be ruled upon as soon as possible (if possible by today) given that the deadline is tomorrow.

34. I ask the district court judge to review the confidential filings under seal in order to assess de novo the grounds for my reconsideration and accommodation.

35. Please grant a pro se liberal construction to this motion to clarify. Please also rule on this expeditiously.

36. WHEREFORE, I respectfully request that this Court grants the relief requested or grant any other relief the Court deems proper.

Respectfully submitted,
/s/Andre Bisasor
Plaintiff Andre Bisasor

March 11, 2024

## CERTIFICATE OF SERVICE

This filing is served to all parties of record via the e-filing system.

/s/Andre Bisasor
Andre Bisasor

4