UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**PLAINTIFF'S RE-SUBMITTED MOTION TO AMEND THE STATE COURT COMPLAINT WITH ATTACHED/ACCOMPANYING PROPOSED AMENDED COMPLAINT AND REQUEST FOR HEARING**

1. NOW COMES the Plaintiff Andre Bisasor (hereinafter "plaintiff"), and respectfully request that the court allow me, in this court, to amend the complaint filed in superior court (which complaint was filed in superior court prior to the case being removed to federal court and transferred to this court). In support of this motion, plaintiff states the following:

2. NOW COMES the Plaintiff and respectfully submits this Motion to Amend the Complaint, and in support thereof, state as follows.

## I.  RESERVATION OF RIGHTS

3. I am filing this amended complaint now, as a placeholder, protectively to preserve my rights and I am doing so by the current deadline set by the court for amendment of the complaint.

4. I hereby explicitly reserve the right to further amend the complaint pursuant to the pending motion to amend the complaint and/or pursuant to the fact that there has been no scheduling order as yet setting deadline for amendment of the complaint.

5. I did not have time to complete a fully and properly amended complaint. To do so, would require that I go through every sentence and paragraph to provide amendment of the complaint. I will need adequate further time to do so. NB: The defendants needed a total of about 90 days to prepare and file their motions to dismiss. This is a rather complex case with complex claims and the complaint is 92 pages[1].

---

[1] NB: Moreover, if the case is remanded to state court in Massachusetts, then I need the MA claims to be present in the complaint as well as the personal jurisdiction facts and points. Yet, given the case was removed and transferred to this court in NH, then I believe I may need to address claims under NH law. Until the court decides on the applicable law issue, I am not clear if I need to amend my complaint based on MA law, or NH law or both. If it is both, then the task of amendment will be that much more complex and I will need to be allowed to amend the complaint in light of such.

6. Similarly, no matter how perfect a pleading may have been when it was filed, changing circumstances and newly emerging facts often require litigants to amend or supplement pleadings after filing. I also hereby preserve all rights to amend and supplement pleadings in this case as circumstances change or as new facts emerge, or to conform to the evidence.

7. Because I am not confident that my rights will be preserved in this matter, I in the abundance of caution am taking steps to try to preserve my rights.

8. I in good faith am trying to do my best as a pro se plaintiff. I ask the court to construe my pleading liberally and try its best to discern what I am trying to accomplish.

9. I thus hereby preserve all rights waiving no rights whatsoever.

## II. SUMMARY

10. I intend to amend the complaint as follows.
    a. Add one individual defendant named Beatriz Van Meek.
    b. Add two company defendants as John Doe Company 1 and John Doe Company 2.
    c. Remove certain claims in order to narrow the issues for this case including abuse of process as well as any claim not shown in the count section of the amended complaint.
    d. Remove certain factual allegations in order to attempt to cure deficiencies in the complaint.
    e. Streamline the complaint with elimination of certain statements.
    f. Reduce the length of the complaint.

11. I commenced this action in Massachusetts state court as a pro se plaintiff. I was granted indigency status in state court. The case was removed to the Massachusetts federal court on 6/12/23. The case was then removed to the NH federal court on 7/27/23. I had fully expected to litigate this case in state court where I filed it. I did not ask for this case to be litigated in federal court.

12. This case was removed from superior court. I was blindsided by the snap removal to federal court by the defendants.

13. Given that this originally-filed state court matter is before the federal court, I need an opportunity to amend my complaint in federal court.

14. The federal court freely allows complaints to be amended at least once in the federal court.

15. There is no bar to allowing amendments to a complaint once removed to federal court. See Freemanan v. Bee Mach. Co., 319 U.S. 448 (1943)(If the federal court has jurisdiction of the removed cause and if the amendment to the complaint could have been made had the suit originated in the federal court, the fact that the federal court acquired jurisdiction by removal does not deprive it of power to allow the amendment.).

16. I have not had any chance or opportunity to amend the complaint after service of process.

17. The defendants removed to federal court and evidently expect me to stand on that complaint filed in state court. This would not be fair, just, right, equitable or proper.

18. After removal, the defendants further sought and obtained transfer to another federal court jurisdiction and they evidently still expect me to stand on the complaint filed originally in state court.. After moving through two federal courts after removal, it would simply not be fair, just, or equitable to force me to stand on the original state court complaint.

19. I have the right to amend the complaint at least once in federal court before judgment or ruling on a motion to dismiss.

20. I will be significantly prejudiced without allowance of an amendment to the complaint.

21. Moreover, there are additional acts since the filing in state court. All amendments arise out of a common nucleus of facts.

22. I further reserve the right to amend the complaint in accordance with Rule 16 and with respect to any future scheduling order to be done.

23. Please note that no answer has been filed by the defendants whether in superior court or in this court. No discovery has occurred whether in superior court or in this court.

24. Since no trial date has been set, the parties will have ample opportunity to engage in discovery. There is no undue prejudice. See Picker Int'l, Inc. v. Leavitt, 128 F.R.D. 3, 7-9 (D. Mass. 1989) (no undue prejudice where, inter alia, new claims are closely related to pending claims).

25. I incorporate by reference the previously filed motion to amend complaint that was filed in MA federal court as part of this refiled motion to amend complaint as well as what I filed in this court in or around the fall of 2023.

26. Due to the complex legal and factual assertions involved, I request that the court schedule oral argument on this motion.

### III. ADDITION OF NEW PARTIES/DEFENDANTS

27. Here, I seek to amend the pleading to add three new Defendants known to and associated with the original Defendants. Similarly, I seek to add a new claim and allegations based on conduct and practices by the Defendants. These include but are not limited to certain acts by the defendants that occurred after the filing of the state court complaint.

28. I also intend to add a defendant as a necessary party who is also a non-diverse party. That party is a Massachusetts citizen. This is Beatriz Van Meek, who is alleged to have been significantly involved in planning and perpetrating or aiding the acts of Craig Donais to injure the plaintiff. Thus, the Amended Complaint seeks to add one new individual Defendant that, along with the original Donais Defendant, was significantly involved in planning and perpetrating the acts to injure the plaintiff.

29. I also seek to add a new count involving those two new company defendants based on conduct and practices that these two new Defendants have engaged in. These are two additional new company Defendants, which are insurance companies that represent the Donais defendants and the Hilliard defendants.

30. I also seek to either dismiss the federal claim or to substitute out the federal claim for the equivalent state-based claim. As it stands, 99% of the claims in this case are state-based claims. There is only one federal claim under Section 1981 relating to discrimination/retaliation/harassment based on race. But this claim has an equivalent state counterpart called the Massachusetts Equal Rights Act. With that being the case, there is no reason for this case to stay in federal court because as a pro se plaintiff, I may have mixed up the federal claim for the state claim on discrimination/retaliation/harassment based on race. Equity and judicial economy demands that the case be tried, based on state law claims, in one consistent state-based forum.

31. Under 28 U.S.C. section 1447(e), if after removal a plaintiff seeks to join additional defendants whose joinder would destroy subject-matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court. Even if removal jurisdiction exists at the time the notice of removal is filed, post-removal amendments may lead the court to remand the case. Likewise, if removal was based on a federal question, the elimination of the federal question creates discretion in the court to retain, remand or dismiss supplemental state claims. (See, e.g., Glover v. Borelli's Pizza, Inc. (S.D. Cal. 2012) 886 F. Supp. 2d 1200 [remanding to state court after plaintiff eliminated federal claim through amendment]; Markham v. Home Depot USA, Inc. (C.D. Cal. Jan. 10, 2014, No. CV 13-8431-GHK (JCGx)) 2014 WL 117102, at *1 [noting prior remand after non-diverse defendants had been added].)

32. This amendment will also help to narrow the issues for litigation.

**Additional Acts Since Filing of Original Complaint**

33. Similarly, there are additional acts by the defendants that have occurred since the filing of the complaint in superior court, that I need to bring to the attention of the federal court.

34. This includes further acts that show acts of further interference with advantageous relations, acts that show conspiracy to commit torts, and acts designed to violate my civil rights. This information was not available prior to filing of the complaint in superior court.

**IV. STREAMLINING/CLARIFYING THE ALLEGATIONS IN THE COMPLAINT**

35. The Amended Complaint thus also removes certain allegations pertaining to abuse of process, civil conspiracy, malicious prosecution, etc.; this would address potential deficiencies and further clarify the nature of the relief that I seek, ultimately preserving both judicial and litigation resources.

36. A plaintiff may address any deficiency in the complaint by amending the complaint to include any necessary allegations.

37. I thus hereby allege the following either on personal knowledge or on information and belief.

38. I allege that Mary Donais actively assists Craig Donais with his law business and law practice including activities in MA. Therefore, it is alleged that Mary Donais fully aids, abets, and conspires with Craig Donais

in his acts and conduct at issue in the complaint. Hence, the acts of Craig Donais are imputed to Mary Donais, and vice versa.

39. Similarly, I allege that Donais Law Office PLLC is the alter ego of Craig Donais. Hence, the acts of Craig Donais are imputed to Donais Law Office PLLC and vice versa.

40. I also allege that Craig Donais and Mary Donais has engaged in defaming me to their family members including to their sons, and to each other and to other family in MA as well. Discovery will reveal the extent of the defamation and how widespread it is.

41. None of the above is directed at any public body or government. All defamatory acts are directed at private persons, as part of the defamatory scheme and campaign of Craig Donais and Mary Donais.

42. Also, all of the counts that apply to Craig Donais are imputed to Mary Donais and Donais Law PLLC.

43. Similarly, I also allege that both Donais and Hilliard engaged in fraudulent misrepresentations to me as it pertains to inducing me to agree to allow them to be involved in a global settlement negotiation with Hilton defendants, for which their intent was only to sabotage the settlement for the other defendants, and that they lied to me and deceived me into fake negotiation offers, which were reneged on and withdrawn at the last minute for no reason, right as the settlement paperwork was about to be finalized and signed by 20 other defendants. Again, this has nothing to do with any petitioning activity as the conduct was directed towards me.

44. I hereby allege that the Donais defendants are represented by insurance counsel for Donais' malpractice insurance and that the Hilliard defendants are represented by insurance counsel in this case. I also allege that the insurance carriers know that the liability of the defendants is clear but yet they have refused to offer prompt settlement as required under Section 176D. This fact is supported by the fact that the defendants did not challenge the complaint on the basis of failure to state a claim in their original response to the complaint. This is a tacit admission of the factual validity of my claims. I have asked counsel for the defendants for the name of the insurance carrier several times and they refuse to tell me. I told them I intend to add insurance carriers as a defendants to this case, but they still refuse and obstruct. I offered to engage in settlement with insurance carrier and insurance counsel but they have refused to engage in any

such discussion and they have even refused to tell me the name of the insurance companies. I asked defense counsel to confirm that they are insurance counsel but they refused to answer. The conduct above is a violation of Section 176D. On information and belief, the insurance carriers are citizens of MA and thus addition of them to the case would destroy diversity. Without a name, I have been obstructed in adding them as a defendant with a proper name. Thus, I hereby seek permission from the court to add them a John Doe Company 1 and John Doe Company 2, in the meantime until discovery or a court order can be had.

45. I also allege that the defamation claims, the MCRA claims, aiding/abetting and conspiracy claims, 93A claims, breach of contract and breach of fiduciary duty claims are one continuous string of events designed together to injure, retaliate, undermine, intimidate me. The Defamation claims flows out of the breach of contract and fiduciary duty/legal malpractice claim which is the genesis of this whole story, which is at core a story about a lawyer who turned against his vulnerable client and embarked on a campaign to damage and teach him a lesson using his legal skills and connection to try to crush him.

46. I also allege that the statute of limitations do not apply to the claims in this case because this case was filed in Bristol Superior Court of Massachusetts in June 2022, within one year, after a similar case was dismissed without prejudice in the Middlesex Superior Court in August 2021, due to an issue with service of process created by an agent of the United States Post Office, and thus the Massachusetts savings statute is triggered, allowing the entire Middlesex Superior Court case, as filed in Bristol Superior Court, to relate back to the original date it was filed in January 2020. Thus, all claims from the Middlesex Superior Court case were transferred through into the Bristol Superior Court case, and thus survive any statute of limitations analysis from start to finish.

## V.  LEGAL STANDARD

47. Rule 15 (a) of the Federal Rules of Civil Procedure provides that, after time for amendment as a matter of course has passed, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

48. The decision whether to grant a motion for leave to amend falls within the trial court's discretion. Sheehan v. City of Gloucester, 321 F.3d 21, 26 (1st Cir. 2003).

49. Any proposed amendment 'is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6).' Transwitch Corp. v. Galazar Networks, Inc., 377 F. Supp. 2d 284, 290 (D. Mass 2005) (quoting Hatch v. Dep't for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001)).

50. Rule 15(a) of the Federal Rules of Civil Procedure relied upon by the trial court explicitly provides that leave of court to amend "shall be freely given when justice so requires."

51. "An amended complaint supersedes the original complaint, and facts that are neither repeated nor otherwise incorporated into the amended complaint no longer bind the pleader." InterGen N.V., 344 F.3d at 145.

52. See, e.g., W. Run Student Hous. Assocs., LLC, 712 F.3d at 173 ("However, at the motion to dismiss stage, when the district court typically may not look outside the four corners of the amended complaint, the plaintiff cannot be bound by allegations in the superseded complaint."); Kelley v. Crosfield Catalysts, 135 F.3d 1202, 1205 (7th Cir. 1998) ("Any facts that Kelley had pleaded in his first two complaints were effectively nullified for 12(b)(6) purposes when he filed his Second Amended Complaint, which did not reference those facts.").

53. "Leave to amend under Rule 15 is freely given when justice so requires absent an adequate basis to deny amendment such as futility, bad faith, undue delay or a dilatory motive." Transwitch Corp, 377 F. Supp. 2d at 290.

54. The Federal Rules respecting amendments to pleadings should be given a liberal construction so that cases are decided on the merits rather than on bare pleadings. McHenry v. Ford Motor Co., 6 Cir., 269 F.2d 18.

55. Leave to amend should be freely given unless it appears to a certainty that plaintiff would not be entitled to any relief under any state of facts which could be proved in support of his claim. Kingwood Oil Co. v. Bell, 7 Cir., 204 F.2d 8, 13( "No matter how likely it may seem that a plaintiff may be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to prove it."). See Fuhrer v. Fuhrer, 292 F.2d 140, 143 (7th Cir. 1961).

56. Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

57. "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (citing Foman v. Davis, 371 U.S. 178, 182 (1962) and Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993)).

58. "In the absence of substantial or undue prejudice, denial [of a motion to amend] must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of V.I., Inc., 663 F.2d 419, 425 (3d Cir. 1981) (citing Foman, 371 U.S. at 182).

59. Given the liberal standard under Rule 15(a), "the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility." Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007).

60. There is no undue delay, bad faith, or dilatory motive by me when I filed the motion to amend the complaint in June 2023, and when I re-filed in this court based on this court's instruction to do so in September 2023 and when I now filed it again with the amended complaint based on the court's instruction to do so by the current deadline.

61. I have filed the Amended Complaint within the time allowed by the Court to file amended pleadings, and it is supported by facts and information uncovered by me and provided by Defendants.

62. Here, allowing me to file the Amended Complaint would serve justice and promote judicial efficiency.

## VI. TIMELINESS

63. The request to amend the complaint was made promptly after removal to federal court. It was thus made timely.

64. The MA federal court did not rule on the motion to amend the complaint for the time it remained in MA prior to transfer to this court. Upon transfer, this court ordered that any pending motions be re-filed in this court by a certain date. I then timely re-filed the motion to amend the complaint by the date set by the court. However, the motion to amend complaint remained pending until the 11-3023 when the magistrate judge indicated that she would allow me to re-file the motion to amend the complaint with the amended complaint. All of this was outside of my control.

65. The above procedural facts show diligence, promptness, and timeliness in my seeking to amend the complaint. This factor militates in favor of granting the motion to amend the complaint.

66. Here, my motion to amend the complaint was timely because the court has not yet entered a scheduling order setting a deadline for filing motions to amend the complaint. Further, I acted within a reasonable time after the defendants removed the case to federal court and even before the defendants filed any motion in federal court including a motion to dismiss.

## VII. NO PREJUDICE

67. First, allowing the proposed amendment of the Complaint at this time would not cause prejudice to the opposing parties.

68. "[T]he Fourth Circuit has very narrowly defined prejudice sufficient to overcome the liberal standard for granting amendments." Next Generation Group, LLC v. Sylvan Learning Centers, LLC, 2012 WL 37397 at *5 (D. Md. Jan. 5, 2012).

69. "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing," for example, an amendment "that raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendant, and is offered shortly before or during trial." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006).

70. "In determining what constitutes 'prejudice,'" the Second Circuit has considered "whether the assertion of the new claim or defense would '(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284 (2d Cir. 2000) (citing Block, 988 F.2d 988 F.2d 344, 350 (2d Cir. 1993)).

71. Here, the Defendants would not be required to expend significant additional resources. Furthermore, there will not be significant delay in the resolution of the dispute since a trial has not yet been scheduled.

72. Thus, there is no prejudice to the defendant in allowing the motion to amend the complaint.

73. Second, there will be no substantial or undue prejudice to the original Defendants. The amended complaint states no new claims or allegations against the original defendants.

74. The defendants have suffered no "lost opportunity" to respond to the allegations in the amended complaint. See 1 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary Rule 15 ("Historically, prejudice under Rule 15(a) has been equated with lost opportunity."); see also Laber, 438 F.3d at 427 (explaining that "an amendment is not prejudicial," even if it "adds an additional theory to the facts already pled," when "offered before any discovery has occurred").

75. Moreover, the issue of prejudice requires a court to focus on the hardship to the defendants if the amendment were permitted; specifically, the court has to consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." Cureton, 252 F.3d 267, 272 (3d Cir. 2001) (affirming the district court's denial of a motion to amend, made after summary judgment was directed in favor of the non-moving party, in part because "the proposed amendment would essentially force the [non-moving party] to begin litigating the case again"); cf. Cardone Indus., Inc. v. Honeywell Int'l, Inc., Civil Action No. 13-4484, 2014 U.S. Dist. LEXIS 94259, at *14-15 (E.D. Pa. July 11, 2014) (finding that no undue prejudice exists where the factual basis for the amendments were known to the nonmoving party and discovery had not yet concluded).

76. Thus, the original defendants are not prejudiced by this amendment.

## VIII. NO FUTILITY

77. Here, the proposed amendment of the complaint would not be futile. "Determining whether amendment would be futile does not involve an evaluation of the underlying merits of the case." Kolb v. ACRA Control, Ltd., 21 F. Supp. 3d 515, 522 (D. Md. 2014).

78. A proposed amendment is futile when "it is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510.

79. The amendment is not futile because it is not "clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 511 (4th Cir. 1986). The proposed amendment will allow the Court to decide the case "on the basis of the substantive rights involved rather than on technicalities." Laber, 438 F.3d at 426.

80. Through the Amended Complaint, I would join to this action as Defendants who participated in the conduct already described in the Complaint; such amendment would further justice and serve the interest of justice. The new claims arise from conduct and practices that Defendants engaged in.

81. Here, the Amended Complaint states viable claims against all Defendants.

82. "In such circumstances, 'amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory.'" Id. (quoting Hatch, 274 F.3d at 19). The court must accept as true all well pleaded facts set forth in the proposed amended complaint, and give the plaintiff the benefit of all reasonable inferences. See id. at 294; Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).

## IX. NO BAD FAITH

83. I have acted in good faith in seeking to amend the Complaint.

84. As the Fourth Circuit has recognized, bad faith "is a difficult term to define," but "[i]t may be outright lying, deceiving, playing unjustifiable hardball, slacking off, intentionally causing confusion, or stubbornly refusing to follow rules—you can imagine cases where a party just wants to cause chaos—or it might be something as mundane as noticing someone's mistake and saying nothing about it." MedCom Carolinas, 42 F.4th at 198.

85. Furthermore, the defendants have hid and continue to hide the identities of the insurance companies defendants, even after I made diligent effort to obtain their names from the defendants, forcing me to have to now add them without proper names but with Doe names as a placeholder until I can discover the names through the applicable court procedures at some point in the future. I should not be barred from adding these company defendants, when the defendants have obscured the identities of these company defendants. If anything, it is the hiding of these names from me that could be construed as not being in good faith.

## X. JUSTICE REQUIRES LEAVE TO AMEND ITS COMPLAINT

86. The Federal Rules of Civil Procedure provide that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

87. The Fourth Circuit has "often described [its] Fourth Circuit policy as one to 'liberally allow amendment,'" which "furthers a wider federal policy of—when possible—resolving cases on the merits, instead of on technicalities." United States ex rel. Nicholson v. MedCom Carolinas, Inc., 42 F.4th 185, 197 (4th Cir. 2022).

88. The Fourth Circuit has also recognized that Rule 15(a) applies to considerations of motions to amend pleadings "when the amendment seeks to add a party." Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010).

89. Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. 3 Moore, Federal Practice (2d ed. 1948), §§ 15.08, 15.10.

90. Rule 15 provides that leave to amend "shall be freely given," Fed R. Civ. P. 15(a)(2), to allow the plaintiff "every opportunity to cure a formal defect in his pleading," Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). The "general rule" is that "an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001).

91. See Foman v. Davis, 371 U.S. 178 (1962)(If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.).

92. The interests of justice will be served by granting leave to amend here.

## XI. CONCLUSION

93. I previously conferred with the defendants' counsel regarding amendment and did not obtain concurrence. Since this is a re-filed motion, seeking essentially the same relief, it is inferred that Defendants' counsel still does not concur with this motion or to the relief requested herein.

94. Accordingly, I respectfully request that the Court grant this motion.

95. I request a hearing on this motion given the complexity and nature of the issues.

96. Please grant a pro se liberal construction to this pleading. Please grant the relief requested.

97. For these reasons, I respectfully request that the Court grant me leave to file the attached Amended Complaint.

Respectfully submitted,
/s/ Andre Bisasor

March 12, 2024

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants or their counsel in this case.

/s/ Andre Bisasor
Andre Bisasor