**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Andre C. Bisasor

      v.                                Civil No. 23-cv-374-JL-TSM

Craig Donais, et al.

**<u>ORDER</u>**

Presently before the Court is pro se Plaintiff Andre Bisasor's "Emergency Motion to Waive Pacer Fees and Allow Free Access to Pacer with Request for Expedited Ruling and Stay All Proceedings Pending Resolution of This Motion" (Doc. No. 158).  In his motion, Plaintiff states that his Public Access to Court Electronic Records ("PACER") account is "disabled" due to "significant [unpaid] fees."  Plaintiff contends he is unable to pay the "burdensome" fees and restore his account.  Accordingly, Plaintiff requests that the Court waive his current outstanding balance[1] and waive all future PACER fees related to this matter.  Additionally, Plaintiff requests that the Court stay all proceedings and deadlines until the instant motion is resolved and/or his PACER account is reactivated.  For the reasons that follow, Plaintiff's motion is denied.

**I.      Background**

PACER charges user fees to cover the costs of maintaining the service.  All parties and attorneys of record in a case receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically. *Electronic Public Access Fee Schedule*, U.S. Courts, https://www.uscourts.gov/services-forms/fees/electronic-public-access-

---

[1] Plaintiff attributes some of the outstanding balance to costs incurred from a transcript of a hearing in Massachusetts Federal Court.  Plaintiff does not disclose the total amount outstanding, and it is unclear whether the charges are related to this case.

fee-schedule (last visited March 13, 2024) (hereinafter "Fee Schedule").  After this "free look," PACER charges $0.10 per page, not to exceed the fee for 30 pages ($3.00), for electronic access to any case document, docket sheet, or case-specific report.  Id. at ¶ 1. PACER fees are automatically waived for, among other things: 1- electronic access to court data or audio files via PACER until an account holder accrues charges of more than $30.00 in a quarterly billing cycle; 2- judicial opinions; and 3- viewing case information or documents at courthouse public access terminals.  Id. at ¶ 8.

In addition to the automatic fee waivers, courts have discretion to relieve a person from paying PACER charges if the court finds the individual "demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information[.]" Id. at ¶ 9.  However, "[e]xemptions from PACER user fees are uncommon." Katumbusi v. Gary, No. 2:14-cv-1534 JAM AC PS, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014); see James v. City of Omaha, No. 8:07CV121, 2007 WL 1725619, at *1 (D. Neb. June 13, 2007) ("The Judicial Conference Policy Notes further state that any such exemption should be the exception not the rule.").

## II.    Discussion

In support of his requests, Plaintiff argues that without access to PACER, he is "disadvantaged" because he cannot "research cases in federal court."  He further contends that an exemption to PACER fees is necessary to "avoid unreasonable burdens in the case."  Finally, Plaintiff states he is unable to satisfy the outstanding amount "right now," and notes that he was "granted indigency status" when he commenced the instant lawsuit in state court.[2]

---

[2] Plaintiff did not submit a financial affidavit with his motion to waive PACER fees.

Although Plaintiff originally filed this case in forma pauperis (IFP) in state court, his IFP status alone does not support a waiver of PACER fees.  See Katumbusi, 2014 WL 5698816, at *4 ("In forma pauperis status alone does not support a request to waive PACER fees.").  "Rather, a party must demonstrate that an additional exemption 'is necessary in order to avoid unreasonable burdens and to promote public access to information.'"  Oliva v. Brookwood Coram I, LLC, No. 14-CV-2513 (JMA)(AYS), 2015 WL 1966357, at *1, (quoting Fee Schedule).

Under the automatic exemptions, Plaintiff receives copies of documents and court orders filed in his case,[3] without charge, and he can access the entire PACER database, without charge, using the public access terminals in any federal courthouse.  Given this level of free access, Plaintiff "has ample opportunity to both conduct research and monitor the developments in his litigation." Oliva, 2015 WL 1966357, at *2.  Although Plaintiff states "he cannot see or review the docket in this case or review past filings in this case," his restricted access does not preclude him from filing electronically, as evidenced by his various filings on March 11 and 12.  Similarly, it does not appear that Plaintiff is not receiving his one free electronic copy, via the notice of electronic filing or notice of docket activity. "Because [Plaintiff] does not explain how that level of access is insufficient for his purposes, he falls short of establishing that the regular usage fee constitutes an unreasonable burden." Id. (citing Mallgreen v. Parties in this Petition, No. 13-cv-3360 (S.D.N.Y. Aug. 1, 2013) (slip op.) ("Without some explanation of how the automatic fee exemptions are insufficient for the Petitioner's purposes, he has failed to demonstrate that the PACER user fees are an unreasonable burden.")).

---

[3] Plaintiff was granted ECF access in Massachusetts Federal District Court on June 3, 2023, and in this court on August 21, 2023.

### III.  Conclusion

For the reasons stated above, the Court finds the waiver of PACER fees is neither appropriate nor warranted at this time.  Similarly, Plaintiff's access issues with PACER do not warrant a stay of the entire case.  Accordingly, Plaintiff's motion is DENIED.

Talesha L. Saint-Marc
United States Magistrate Judge

March 13, 2024

cc:   Andre Bisasor, pro se
Counsel of Record