UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

# PLAINTIFF'S RENEWED EMERGENCY MOTION TO EXTEND TIME UNTIL 4-1-24 TO FILE RESPONSE/OBJECTION TO THE DEFENDANTS' MOTION FOR LEAVE OF COURT TO REVIEW SEALED DOCUMENTS PURSUANT TO L.R. 83.12(B)(2)

1. I hereby submit this renewed motion to the court to allow an extension of time to file a response/objection until 4-1-24 (which is a different/shorter time extension request than the one previously requested), to the **DEFENDANTS' MOTION FOR LEAVE OF COURT TO REVIEW SEALED DOCUMENTS PURSUANT TO L.R. 83.12(B)(2)** (hereinafter "motion for leave to review sealed documents"). Grounds are as follows.
2. The main grounds for this renewed motion is that I had a competing deadline on 3-22-24 to file a substantive appellate filing in a MA appeals court case. I literally filed it just before midnight on 3-22-24 (but because it got hung up presumably because of the file size, it got sent or was registered as sent at 12am 3-23-24). See screenshot below.



3. This was a significant substantive filing that included two motions/memoranda and an appendix. It should be noted that this filing for the MA appeals court is the final appellate filing in that appeal (which appeal had been pending for several years including due to the long hiatus/stay because of the covid pandemic and was only recently resumed after stay was lifted).
4. So I needed to work on complying with that MA appeals court deadline and did so up until midnight of 3-22-24, and was unable to work on the two filings due at the same time.
5. There was no time to work on both the matter in the MA appeals court and the matter in this court.
6. Hence, I am now filing this motion seeking this extension.
7. It is my understanding that when lawyers have conflicting deadlines that fall on or around the same dates, courts usually allow that as a consideration for granting an extension of a deadline, which is the same situation I was facing , even though I am a non-lawyer. Although I tried, I was not able to finish the MA appellate filings and also complete the response that was due in this court on the same date. [NB: Please note also that as a non-lawyer, I do not have assistants or a law office to support me.].
8. Similarly, there is a motion for reconsideration that is due on 4-1-24 regarding the court's 3-6-24 order to unseal my 3-1-24 motion to seal order (i.e. to unseal another related document). That motion for reconsideration will contains similar subject matter regarding facts and law that might overlap with this objection/response to the defendants' motion to review sealed documents. Granting this motion would potentially allow consolidation of efforts in terms of any case law research or other legal research and attendant preparation. [NB: It also should be noted that I do not have access to Pacer and thus I am unable to use Pacer to review the docket filings in this case nor to review other cases that might be relevant to the issues at hand

for this objection. It will thus take more time and effort to try to engage in any case law research or other legal research as I do not otherwise have access to the legal resources that I lawyer would have.].
9. Also, please keep in mind that my objection/response will require more involved work because I have to respond to the lengthy filing of the defendants including the lengthy attachments and addressing the significance or lack thereof of such attachments. The motion for leave to review sealed documents is 18 pages in length. Moreover, it also contains sweeping prejudicial statements that I need time to properly address. It also contains false or misleading statements and/or have mischaracterized the procedural history of this case as well as the situation with pending prior cases in state court. I need to be able to refute or show the misleading or bad faith nature of such statements. This requires more time than is allotted under the rules. It also is not a simple basic endeavor such as writing a simple motion asking for an extension of time. Although the subject in general might not involve significant complexity, it is still not a simple endeavor because of the way the defendants have structured their motion and the way they sought to use lengthy exhibits.
10. Furthermore, if there are to be any replies by the defendants to my objection/response, granting this extension to be the same as the deadline (4-1-24) for the motion to reconsider the court's 3-6-24 order to unseal my 3-1-24 motion to seal will allow for the same reply/sur-reply schedule rather than have a disparate schedule related to such. This would redound to judicial economy and efficiency allowing the same related matters to be resolved at or around the same time-frame.
11. The extension until Monday 4/1/23 is requested for other reasons including:
    a. There are other multiple filings that are coming due in this court which require careful treatment and adequate time is needed to complete those. I thus have further court deadlines coming up in this court that will affect my time availability. For example, the court issued a major order on 3-21-24 (just 4 days ago), as a report and recommendation for 3 major motions that were pending before the court for some time. This court order is an 18 page report that requires significant time to process and digest. With all of the above going on, I simply need more time.
    b. The Hilliard defendants have also submitted a filing on 3-8-24. So that should be considered regarding adjustment to any deadline for response, technically speaking.
    c. I have a need for reasonable accommodation as previously explained to the court. I thus further require in this instance an accommodation in light of the issues I have raised in prior related motions and given the court's ruling on 12-1-24.
12. The short additional time for extension is reasonable and will not significantly create any delays for the court or prejudice the defendants.
13. Because of the urgency of the matter, I have styled this as an emergency motion and filed it first thing in the morning on the next business day (on Monday 3-25-24) after it was due (on Friday 3-22-24) and thus I was unable to seek, wait for or obtain concurrence on this motion given the exigency of the circumstances.
14. I ask that this emergency motion to extend time be ruled upon as soon as possible.
15. WHEREFORE, I respectfully request that this Court extend the deadline by an additional 10 days until April 1, 2024, or any other relief the Court deems proper[1]. Please also grant a pro se liberal approach to this request.

Respectfully submitted,
/s/Andre Bisasor
March 25, 2024                                                                                         Plaintiff Andre Bisasor

**CERTIFICATE OF SERVICE**
This filing is served to all parties of record via the e-filing system.
/s/Andre Bisasor
Andre Bisasor

---

[1] I have asked for an extension to 4-1-24, which is a Monday just after a weekend and it is the said date that the related motion for reconsideration of the court's 3-6-24 order to unseal my 3-1-24 motion to seal is due. It is only 10 days from the 3-22-24 date. However, although I really need the time I requested, I would rather have, say, until the end of this week Friday 3-29-24, which is only 4 days from today, rather than an outright denial. I realize that the court may think that when I ask for a certain time extension, that I at times ask for more time than I need or that is needed. I assure the court this is not case. I really do try to be conservative and measured in my request for time, often asking for less than time than I know I might need, which often has a deleterious effect on me, especially when the court further cuts the time I requested. I ask the court not to assume that I do not need the time requested and not to cut the time requested because of that assumption or perception.

2