UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____

ANDRE BISASOR,
     Plaintiff

Vs.                            CASE NO.: 1:23-CV-00374-JL

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
UPTON AND HATFIELD LLP and
MARY K. DONAIS,
       Defendants

_____

**<u>DEFENDANTS CRAIG S. DONAIS, MARY K. DONAIS AND DONAIS LAW OFFICES PLLC'S OBJECTION TO PLAINTIFF'S RE-SUBMITTED MOTION TO AMEND THE STATE COMPLAINT WITH ATTACHED/ACCOMPANYING PROPOSED AMENDED COMPLAINT AND REQUEST FOR HEARING (DOC. 159) AND PLAINTIFF'S CORRECTED RE-SUBMITTED MOTION TO AMEND THE STATE COMPLAINT WITH ATTACHED/ACCOMPANYING PROPOSED AMENDED COMPLAINT AND REQUEST FOR HEARING (DOC. 161)</u>**

## I.    <u>INTRODUCTION</u>

The Defendants Craig S. Donais, Mary K. Donais, and the Donais Law Offices PLLC (jointly the "Donais Defendants") object to ***<u>both</u>*** Plaintiff's Re-Submitted Motion to Amend the State Complaint with Attached/Accompanying Proposed Amended Complaint and Request for Hearing (Doc. 159) and Plaintiff's Corrected Re-Submitted Motion to Amend the State Complaint with Attached/Accompanying Proposed Amended Complaint and Request for Hearing (Doc. 161) ("Plaintiff's Motion")[1]. The Donais Defendants request that this Court deny the Plaintiff's Motions as Plaintiff has already amended his complaint once as a matter of right and his corrected proposed Second Amended Complaint (Doc. 161-1) ("CPSAC") violates Rule 8 and it is futile, as it fails to state a cause of action upon which relief may be granted.  Plaintiff also improperly seeks to add a new defendant to destroy diversity.  Plaintiff's Motion should be denied.

---

[1] On March 12, 2024, Plaintiff filed Doc. 159.  The next day, Plaintiff filed a "corrected" motion and a "corrected" proposed Second Amended Complaint.  (Doc. 161 and 161-1).  The Donais Defendants object to both motions. They further address the allegations in the Corrected proposed Second Amended Complaint (Doc. 161-1), as Plaintiff seeks to replace Docs. 159 and 159-1 with Docs. 161 and 161-1.

103475729

II. **BACKGROUND**

On September 26, 2023, the Donais Defendants filed their Motion to Dismiss (Doc. 70, 70-1). On November 6, 2023, Plaintiff filed his Opposition to the Donais Defendants' Motion to Dismiss. (Doc. 97.) On November 20, 2023, Plaintiff filed 12 documents, to include the [Refiled] Plaintiff's [Partial] Supplemental Opposition to Donais Defendants' Second Pre-Answer Motion to Dismiss. (Doc. 118.) On November 30, 2023, this Court conducted a case management conference. The next day, the Court issued an order, noting, in part, that "plaintiff Andre Bisasor's motion to amend his complaint (doc. 83) is denied without prejudice to being refiled in a manner that complies with the court's local rules, e.g., LR 15.1, on or before January 18, 2024."

On March 12, 2024, Plaintiff filed a Motion to Amend with his proposed Second Amended Complaint attached. (Doc. 159 and 159-1.) On March 13, 2024, Plaintiff filed his "Corrected" Motion to Amend with a corrected proposed Second Amended Complaint attached ("CPSAC") (Doc. 161 and Doc. 161-1). The CPSAC brings 13 counts against 8 defendants. Plaintiff seeks to add three defendants and one cause of action. Plaintiff's CPSAC asserts claims for defamation, libel, false light/invasion of privacy, civil rights violations, violations of M.G.L. ch. 93A, breach of fiduciary duty, breach of implied contract and breach of implied covenant of good faith and fair dealing and a violation of 42 U.S.C. §1981 against defendants Craig S. Donais and Donais Law Offices PLLC; a claim of aiding and abetting defamation against Mary Donais, Russell Hilliard and Upton & Hatfield; claims of tortious interference with advantageous relationship and intentional infliction of emotional distress against all Donais Defendants, Hilliard and Upton & Hatfield; a claim of civil conspiracy against Donais, Hilliard, Mary Donais and proposed new defendant Beatriz Van Meek; and a M.G.L. c. 176D claim against two John Doe Companies.

The CPSAC, totaling 718 paragraphs over 68 single-spaced pages, violates F.R.Civ.P. Rule 8. The CPSAC does not address the fatal issues with the claims brought against the Donais

Defendants, and it continues to fail to state a claim upon which relief may be granted.  Moreover, the additional defendants clearly are brought, at least in part, in an effort to destroy diversity.

## III.    STANDARD OF REVIEW

Rule 15 of the Federal Rules of Civil Procedure states that the Court should "freely give leave [to amend the pleadings] when justice so requires."   F.R.Civ.P. Rule 15(a)(1)-(2). However, "futility is fully sufficient to justify the denial of a motion to amend . . ."   Hatch v. Department for Children, 274 F.3d 12, 19 (1st Cir. 2001).   "If leave to amend is sought before discovery is complete and neither party has moved for summary judgment . . .," Id., then the "proposed amendment is futile only if it could not withstand a 12(b)(6) motion to dismiss." Id. (quoting Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 421 (6th Cir. 2000)).

In ruling on a F.R.Civ.P. 12(b)(6) motion, the trial court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory."   Martin v. Applied Cellular Tech., 284 F.3d 1, 6 (1st Cir. 2002).   A motion to dismiss for failure to state a claim upon which relief is proper when a complaint fails to allege "a plausible entitlement of relief."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 550 (2007).

This court need not accept as true "bald assertions" or conclusions of law.   Resolution Trust Corp. V. Driscoll, 985 F.2d 44, 48 (1st Cir.1993).   "'A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.'"   Ashcroft V. Iqbal 556 U.S. 662, citing Bell Atlantic Corp., 550 U.S. at 555.  This court may ignore "bald assertions, periphrastic circumlocutions, unsubstantiated conclusions [and] outright vituperation."   Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).   The

3

Plaintiff's Motion should be denied if, when "viewed in this manner, it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Affirmative defenses can be raised in a motion to dismiss if "facts establishing the defense [are] . . . clear on the face of the plaintiff's pleadings" (internal quotations omitted). Aldahonda-Rivera v. Parke Davis & Co., 882 F.2d 590, 591 (1st Cir.1989). The Court may consider "documents [outside the pleadings] the authenticity of which are not disputed by the parties . . . or . . . documents sufficiently referred to in the complaint." Beane v. Dana S. Beane & Co., P.C., 160 N.H. 708 (2010), citing Watterson v. Page, 987 F.2d 1, 3 (1993).

## IV.   ARGUMENT

### A.   PLAINTIFF'S CPSAC CONTINUES TO VIOLATE FEDERAL RULE OF CIVIL PROCEDURE 8

The CPSAC, like the First Amended Complaint ("FAC") (Doc. 1-3), fails to comply with F.R.Civ.P. Rule 8(a). Plaintiff's CPSAC totals 68 single-spaced pages and contains 13 counts for relief pled in 718 paragraphs against eight defendants. Plaintiff refers to this CPSAC as a "placeholder" in his motion, evidencing a clear intent to seek further amendment[2]. (Doc. 161, ¶3.) The Donais Defendants have expended considerable time and expense preparing motions to dismiss. The Donais Defendants also have reviewed proposed voluminous Amended Complaints, to include Doc. 159-1, filed on March 12, 2024 and Doc. 161-1, filed on March 13, 2024[3].

F.R.Civ.P. Rule 8(a) defines the content and structure of an acceptable pleading. "A pleading that states a claim for relief must contain: . . . (2) a short and plain statement of the

---

[2] To be clear, the Donais Defendants object to any "placeholder" pleadings.

[3] While Plaintiff alleges that Doc. 161 and Doc. 161-1 are "corrected version[s] of the filing made last night and is made to correct errors discovered after filing including typos, grammatical, syntactical errors, missing words/sentences/references and other scrivener errors" (Doc. 161, fn 1), the Donais Defendants note that Doc. 161-1 contains an additional five pages (compare Doc. 159-1), appears to have revised margins, and includes multiple additional paragraphs (e.g., an added "additional points" section at paragraphs 302-322).

claim showing that the pleader is entitled to relief . . .” F.R.Civ.P. 8(a). The purpose behind

Rule 8(a) is to “afford the opposing party fair notice of the claims asserted against him and the

grounds on which those claims rest.” Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172

(1st Cir. 1995). Plaintiff’s lengthy “details minutiae” that has “little to no bearing on the core of

the claims” alleged. Carney v. Town of Weare, 2016 WL 320128 * 4. For example, Plaintiff

begins to outline the “Parties” in section II of his complaint, utilizing nearly 50 paragraphs over

nearly five single-spaced pages. (Doc. 161-1, ¶¶53-101.) Some paragraphs are nearly a page

long. (e.g., Doc. 161-1, ¶¶109, 123, 190, 309.) Given the prolix and repetitive narrative of

events, Plaintiff’s CPSAC, like his FAC, violates Rule 8.

The Court has the inherent power to strike the complaint as unduly prolix and onerous,

and it should do so. Kalika v. Boston & Main Corporation, USDC Civil Action no. 15-14043-

GAO (Plaintiff’s 131 page and 130 exhibit “overlong”  complaint “utterly fails to comply with [

] 8(a)” and is stricken per Order dated 4/21/16); Kuehl v. Federal Deposit Ins. Corp., 8 F.3d 905,

906 (1st Cir. 1993), (Court of Appeals affirmed the dismissal under Rule 41(b) of a 43-page

amended complaint containing 36 counts pled against 30 defendants in violation of Rule 8(a));

Jackson v. Polaroid. 181 F.3d 79, 1999 WL 525956 (1st Cir. 1999) (unpublished) (affirming

district court’s dismissal of Plaintiff’s 180-page second amended complaint containing more than

350 paragraphs and more than 80 counts); Kueter v. Rancourt, 89 F.3d 823 (1st Cir. 1996)

(affirming Magistrate Judge’s dismissal of Plaintiff’s 100-page second amended complaint);

Goldstein v. Harvard University, 74 F.3d 1224 (1st Cir. 1996) (affirming district court order

dismissing Plaintiff’s 258-page complaint); Greg Beech Logistics LLC v. Skanska USA Bdg.,

Inc., 2014 WL 4656503, 5 (D. Mass., August 5, 2014) (over 122-page, 456-paragraph complaint

incorporating an affidavit with 248 pages of exhibits stricken); United States ex rel. LeBlanc v.

Raytheon Co., 1995 WL 352987, 2 (D. Mass. May 15, 1992) (205-page complaint containing

678 paragraphs and attaching 54 exhibits dismissed);   Martin v. Hunt, 28 F.R.D. 35 (D. Mass.

1961) (complaint with exhibits consisting of 47 pages and 77 paragraphs dismissed).   Here,

Defendants "already [have had to expend] considerable time and expense" preparing this

objection, motions to dismiss and reviewing two lengthy proposed Second Amended Complaints

(Doc. 159-1 and 161-1).   Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1993).   Plaintiff's Motion should be

denied, as his proposed amended complaint still fails to comply with F.R.Civ.P. Rule 8(a).

### B.   PLAINTIFF'S PROPOSED AMENDMENT IS FUTILE

As against the Donais Defendants, Plaintiff's CPSAC continues to be little more than

unsupported speculative allegations, is replete with bald assertions and conclusions of law, which

do not save his defective claims, and is futile substantially for the reasons stated in the Donais

Defendants' Motion to Dismiss (See Docs. 70, 70-1).

#### 1.   THE CPSAC IS IN PART TIME-BARRED

##### a.   To The Extent Plaintiff Relies On Any Act Prior To June 20, 2019, Plaintiff's Claims Are Time-Barred

In Massachusetts, the statute of limitations is three years on most of Plaintiff's claims, to

include the IIED claims.  M.G.L. c. 260, §§ 2A, 4; Pagliuca v. City of Boston, 35 Mass. App. Ct.

820, 822-823 (1994).  As noted below, Counts 7 and 12 are subject to a four-year statute of

limitations under Massachusetts law. M.G.L. c. 260, § 5A;  Jones v. R.R. Donnelley & Sons Co.,

541 U.S. 369, 382 (2004).  Plaintiff's claims under Massachusetts law are time-barred, and no

exception applies to save his claims.  Lijoi v. Massachusetts Bay Transportation Authority, 28

Mass. App. Ct. 926, 928 (1990) (holding the statute of limitations begins to run "when a

modicum of knowledge supplants ignorance in the mind of the claimant, or may be reasonably

103475729

imputed to" him).  Since Plaintiff had a "modicum of knowledge" at all times regarding his claims, there is no tolling of the statute of limitations under Massachusetts law.  Id.

The result is the same under New Hampshire law, where a "cause of action arises, thereby triggering the running of the three-year statute, once all the elements necessary for such a claim are present." Therrien v. Sullivan, 153 N.H. 211, 213, (2006); see also RSA 508:4, I.   When a suit is initiated more than three years after the act or omission alleged to constitute the wrongdoing, Plaintiff must prove "that an exception applies to toll the statute of limitations such that his [ ] claim would be timely filed." Furbush v. McKittrick, 149 N.H. 426, (2003).  No such exception exists here.  Plaintiff filed his complaint on June 20, 2022.  To the extent that the claims in Plaintiff's CPSAC related to acts prior to June 20, 2019 (to include statements made by Donais to the Manchester Police Department before June 20, 2019), such claims are time-barred.

Plaintiff alleges that the Massachusetts savings statute, M.G.L. c. 260, §32, is triggered based upon the dismissal of his Middlesex Superior Court complaint.  (Doc. 161-1, ¶301.) Plaintiff is incorrect.  Attached hereto as Exhibit A is the docket summary for 2081CV00087. Therein, the Middlesex Superior matter was dismissed on August 2, 2021 as "service not completed for any party by deadline review."  The matter evidently was dismissed for lack of service of process, even after Plaintiff obtained several extensions of time to serve the complaint. (Ex. A.)

Plaintiff's failure to serve Donais – the only defendant in the matter - with process in the Middlesex Superior Court matter is the equivalent of a voluntary discontinuance for the plaintiff's deliberate neglect to prosecute his lawsuit.  In such circumstances, the savings statute does not save Plaintiff's time-barred claims.  Plaintiff's failure to effectuate service of process is not by reason of an unavoidable accident or because of default or neglect by the officer to whom

103475729

such process is committed.   Plaintiff failed to prosecute his case in the Middlesex Superior Court, which the courts have recognized as a matter of substance and not a matter of form.  Jones v. Binette, 2001 WL 1136167 (1st Cir. 2001) citing Cumming v. Jacobs, 130 Mass. 419, 421 (1881) (holding that dismissal for failure to prosecute did not qualify for the imposition of G.L. c. 260 §32 to allow refiling of the case as the statute was "not intended to encourage default or negligence in the prosecution or conduct of a suit").

Additionally, the Middlesex Superior Court matter had only two parties – Plaintiff and Donais.  (Ex. A.) Therefore, the savings statute is inapplicable for any claims against the other defendants named here, i.e., Mary Donais and Donais Law Office PLLC.

### b. As Some Claims Depend Upon A Contract Or Other Consumer Relationship Between The Donais Defendants And Plaintiff, Such Claims Are Entirely Time-Barred

With respect to Counts 6 (Massachusetts Consumer Rights violation), 7 (M.G.L. c. 93A violation), 10 (breach of fiduciary duty) and 12 (violation of 42 USC §1981), each is time-barred in its entirety.  Count 10 is subject to a three-year statute as outlined above.  Counts 6, 7, and 12 are subject to a four-year statute of limitations. M.G.L. c. 260, § 5A; Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004).  As argued infra, none of these counts state a cause of action for which relief may be granted, and his CPSAC is futile.   Additionally, all four counts are entirely time-barred, as the events upon which each count is based – involving a potential consumer transaction, potential attorney/client relationship and/or potential contract between Donais and Plaintiff – all occurred in 2017.   Specifically, on January 9, 2017, Plaintiff and Donais spoke about potential representation.  Later in 2017, Donais submitted an affidavit about this communication to the Nashua District Court in another matter.   Plaintiff does not, and cannot, allege any other events that form the basis of these claims.  Any claims based upon the

103475729

events of 2017 are time-barred and futile, as Plaintiff filed his complaint on June 20, 2022, more

than five years later[4].

## 2. THE COMPLAINED OF STATEMENTS ARE ABSOLUTELY PRIVILEGED

Statements made in the course of judicial proceedings are *absolutely* privileged from civil

actions. McGranahan v. Dahar, 119 N.H. 758, 763 (1979). Specifically:

> statements made in the course of judicial proceedings are absolutely privileged
> from civil actions, provided they are pertinent to the subject of the proceeding. . . .
> The rule reflects a determination that the potential harm to an individual is far
> outweighed by the need to encourage participants in litigation, parties, attorneys,
> and witnesses, to speak freely in the course of judicial proceedings. This rule
> does not assume that all persons who participate in judicial proceedings are free
> from malice. Rather, it reflects a determination that the need to protect honest
> participants from vexatious litigation to vindicate themselves is so important that
> the law will not risk subjecting them to defamation suits merely in order that the
> occasional malicious participant may be penalized in damages. (internal citations
> omitted).

McGranahan at 763. The question of pertinence or relevance is one of law, which can properly

be decided on the pleadings on a motion to dismiss. McGranahan at 766. A statement "is

presumed relevant unless [Plaintiff] demonstrates that it was 'so palpably irrelevant to the

subject matter of the controversy that no reasonable man can doubt its irrelevancy or

impropriety.'" McGranahan at 766.

The First Circuit, citing McGranahan with approval, opined that the privilege provides

"very broad protection" and extends "to any civil claim arising from statements made in the

course of a judicial proceeding." Hugel v. Milberg, Weiss, Bershad, Hynes & Lerach, LLP, 175

F.3d 14, 16-17 (1999). In Hugel, plaintiff sued four law firms claiming defamation in

connection with statements made in a complaint. The First Circuit stated that "it clear that the

---

[4] As argued infra, the savings statute does not save this time-barred claim.

103475729

Supreme Court of New Hampshire views the privilege to extend to any civil claim arising from statements made in the course of a judicial proceeding." Hugel, 175 F.3d at 17.

The absolute privilege extends to statements made during attorney disciplinary proceedings, McGranahan at 763, and applies even though the challenged statements were not made in a courtroom. Provencher v. Buzzell-Plourde Associates, 142 N.H. 848, 854 (1998) citing Bruce v. Byrne-Stevens & Associates Eng., 113 Wash. 2d 123, 776 P.2d 666, 673 (Wash. 1989) (the "privilege or immunity is not limited to what a person may say under oath while on the witness stand. It extends to statements or communications in connection with a judicial proceeding.") In Provencher, defendants testified as expert witnesses regarding the value of the plaintiff's property at an eminent domain hearing. Plaintiff subsequently brought an action against defendants, alleging that defendants gave inaccurate appraisals while testifying. Defendants moved to dismiss on the basis of immunity. Provencher at 850. The New Hampshire Supreme Court concluded that certain communications are absolutely privileged and therefore immune from civil suit and affirmed the lower court's dismissal of plaintiff's complaint.

A plain reading of Plaintiff's CPSAC demonstrates that his claims stem from Donais' role as a litigant or respondent in various civil matters before various courts and before the ADO. As in McGranahan, there "is little question here of pertinency." McGranahan at 765. Plaintiff's post-June 20, 2019 allegations against the Donais Defendants rest upon Donais' actions as they related to the various court actions, attorney discipline proceedings and other judicial proceedings, all of which were initiated by either Plaintiff or his wife. The allegations about the supposed conduct of Donais are plainly pertinent and relevant to the underlying matters referenced in the CPSAC. The statements include the following: (a) a June 18, 2019 report to

the police about the possibility of a wiretap violation and Donais' opinion that "I wouldn't put it past them to have a recording and to have altered or doctored, the recording, because their grasp on reality is very tenuous" (Doc. 161-1, ¶107), (b) a June, 2019 email with the police about a "potential criminal issue" (Doc. 161-1, ¶187), (c) a March 2017 filing of an affidavit with the court and its republishing to the ADO, wherein Donais, according to Plaintiff, falsely accuses him of racism during their January, 2017 telephone call in connection with a grievance filed against Donais by Plaintiff's wife (Doc. 161-1, ¶¶188, 197, 230-232, 245, 607), (d) an August, 2020 report to police (Doc. 161-1, ¶¶109, 203, 462), and (e) various statements to court staff and judges and various filings regarding service of process, settlement and other matters related to the various court actions.   All are plainly pertinent to the disciplinary proceedings and/or the various court actions filed by Plaintiff.   There is an absolute litigation privilege that precludes liability based upon such actions[5].   All acts taken or statements made in connection with Donais' status as a litigant or respondent are absolutely privileged. See also <u>Lath v. Oak Brook Condominium Owners' Association</u>, 2018 WL 566825 *4.

The privilege also extends to any statements Donais made to the police. <u>McGranahan v. Dahar</u>, at 769.   The absolute privilege applies even if the statement was not made in good faith. <u>Hungerford v. Jones</u>, 988 F. Supp. 22, 27 (1997) (therapist's statements to police about plaintiff's daughter's recovery of memories of sexual assault absolutely privileged, and malice in making the statements does not deprive therapist of privilege).   In <u>Hungerford</u>, the plaintiff brought a defamation claim against his daughter's therapist for statements she made to the police and to the prosecutor.   In dismissing the defamation claim, the <u>Hungerford</u> court noted that the

---

[5] Donais Defendants take the position that New Hampshire law applies to substantive, as opposed to procedural, issues in this action.   To the extent that Plaintiff argues Massachusetts law applies, to include with respect to statements and filings in courts in Massachusetts, the result is the same.   <u>Bassichis v. Flores</u>, 490 Mass. 143, 157 (2022) (the absolute litigation privilege broadly protects not just statements, but also conduct or actions undertaken as part of or in connection with the litigation process).

"only limitation on the protection of the privilege provided by <u>McGranahan</u> requires that the statements be 'pertinent to the subject matter of the proceeding [and] the privilege does not require good faith or even an absence of malice in making the statements." <u>Hungerford,</u> at 27.

Where, as here, no criminal charges are brought as a result of the statements, "the harm suffered by the person thus accused is minimal" and the potential harm to a person's reputation is outweighed by the substantial interest of society in encouraging citizens to report suspected criminal activity." <u>McGranahan</u>, at 768.   The rule reflects a determination that the potential harm to an individual is far outweighed by the need to encourage participants in litigation, parties, attorneys, and witnesses, to speak freely in the course of judicial proceedings. "Except in extreme cases, for which malicious prosecution or abuse of process are adequate remedies, a person wrongfully accused of a crime must bear that risk, lest those who suspect wrongful activity be intimidated from speaking about it to the proper authorities for fear of becoming embroiled themselves in the hazards of interminable litigation." <u>McGranahan</u> at 769.   The Donais Defendants enjoy an absolute privilege related to the complained of conduct.  As such, Plaintiff's CPSAC is futile, and Plaintiff's Motion must be denied.

### 3.   FOR THE REASONS ABOVE AND AS OUTLINED BELOW, EACH COUNT ALLEGED BY PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UPON WHICH RELIEF MAY BE GRANTED

#### a.   <u>Count 1 Defamation per se/libel per se and Count 2 Defamation/libel of private citizen</u>

As indicated above, all of the complained of statements are privileged.  Plaintiff's Motion should be denied, as his proposed amendment is futile.

#### b.   <u>Count 3 False light invasion of privacy</u>

First, for reasons stated infra, the proposed Count 3 is futile as it is time-barred and rests upon absolutely privileged statements.  Also, New Hampshire law recognizes that the tort of

invasion of privacy "is not one tort, but a complex of four." Hamberger v. Eastman, 106 N.H. 107,110 (1964).  Those four "include: (1) intrusion upon the plaintiff's physical and mental solitude or seclusion; (2) public disclosure of private facts; (3) publicity which places the plaintiff in a false light in the public eye; [and] (4) appropriation . . . of the plaintiff's name or likeness. Id.  Each is "distinct, and based upon different [legal] elements."  Hamberger, 106 N.H. at 110.  There are no allegations whatsoever that Donais Law Offices PLLC committed any acts that would support such a cause of action.  Proposed Count 3 as against Donais Law Office PLLC is futile, and Plaintiff's Motion should be denied.

As against Donais, Plaintiff alleges that he "accused [Plaintiff] of making a recording and that the recording was illegal."  (Doc. 161-1, ¶439)  Based upon the allegations in the CPSAC, Plaintiff makes a claim under the third prong.  (Doc. 161-1, ¶429.)  Plaintiff has failed to state a claim under this count, as publicity of a fact is required (assuming that the New Hampshire Supreme Court would recognize such a cause of action).  Lewis v. Abramson, ___ F. Supp 3d ___, *7 (2023) (5/9/23 2023 WL 33220009; 2023 DNH 046), citing in part Howard v. Antilla, 294 F.3d 244, 248 (1st Cir. 2002).  "Publicity" differs from "publication."  Restatement (Second) of Torts § 652D, comment a (1977).  While 'publication' involves 'any communication by the defendant to a third person,' "[p]ublicity ... means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Karch v. BayBank FSB, 147 N.H. 525, 535 (2002);  Lovejoy v. Linehan, 161 N.H. 483, 486 (2011).

"Under § 652E of the Restatement (Second) of Torts, a defendant is liable for false light invasion of privacy if (1) the defendant 'gives *publicity* to a matter concerning [the plaintiff] that places [the plaintiff] before the public in a false light,' (2) that false light 'would be highly

offensive to a reasonable person,' and (3) the defendant 'had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.'" "[I]t is essential ... that the matter published concerning the plaintiff is not true." Id. At cmt. A. Thus, "the false light tort parallels the substantial truth rules that govern defamation." Smolla, Law of Defamation § 10:23 (2d ed. 2023).) Lewis at *7.

In his proposed Count 3, Plaintiff does little more than recite the elements and resubmits his defamation claim.  Plaintiff claims that Donais "engaged in publicity," but Plaintiff does not allege facts to demonstrate publicity.  (Doc. 161-1, ¶429).  Such conclusory statements are insufficient, and the CPSAC fails to support an inference that any fact was publicized, i.e., communicated to the public at large.  Plaintiff's proposed Count 3 does not state a cause of action for invasion of privacy.  Plaintiff's Motion should be denied.

### c.  Count 4 Aiding and abetting defamation

Plaintiff alleges that Mary Donais "encouraged, knew of, and assisted [her husband] with his defamatory emails to the police about the plaintiff."  (Doc. 161-1, ¶¶ 466, 581).  There are no other facts alleged as to Mary Donais' acts.  Plaintiff provides no substantive information, other than to label Donais' wife an aider and abettor to his supposed wrongful conduct.  This is insufficient to state a cause of action for aiding and abetting defamation. Also, the New Hampshire Supreme Court has never recognized a claim for "aiding and abetting" breach of fiduciary duty, fraud, or similar intentional tort claims. Archdiocese of San Salvador v. FM International, LLC, Civil No. 05-cv-237-JD, Opinion No. 2006 DNH 102, at *23-24 (D.N.H. Sep. 7, 2006).  Thus, even if this Court concludes that the New Hampshire Supreme Court would recognize this cause of action, proposed Count 4 is futile because it fails to allege a cognizable cause of action as a matter of law.  Plaintiff's Motion should be denied.

103475729

### d.  Count 5 Tortious interference with advantageous relations

In New Hampshire,

> "One who intentionally and improperly interferes with the performance of a contract ... between another and a third person by inducing or otherwise *causing the third person not to perform the contract,* is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract. Thus, where contractual obligations were performed, there can be no claim for tortious interference with contractual relations.

(internal citations and quotations omitted; emphasis in original.)  Tessier v. Rockefeller, 162 N.H. 324, 337 (2011).  To establish liability, Plaintiff must allege (1) an economic relationship with a third party; (2) the defendant knew of this relationship; (3) the defendant *intentionally* and *improperly* interfered with this relationship; and (4) the plaintiff was damaged by such interference." (emphasis in original)  Id., citing Hughes v. N.H. Div. of Aeronautics, 152 N.H. 30, 40–41, 871 A.2d 18 (2005).  In his proposed Count 5, Plaintiff does little more than provide recitals of the elements of the cause of action along with conclusory statements.  Plaintiff also does not allege a single fact as against Mary Donais and the Donais Law Offices PLLC upon which to base his claim.

Rather, Plaintiff, having the benefit of the Donais Defendants' motion to dismiss his FAC, now adds that he had a "contractual relationship with the state police/police department including the state police chief," but he does not provide the date of the contract, the named parties to the contract or any other information to establish that a contract existed.  (Doc. 161-1, ¶480.)  He vaguely and without substantive facts claims that Donais knew about his contractual relationship (a necessary element) because it is on his Linked-in profile. (Doc. 161-1, ¶487).  Plaintiff also bases his claims against Donais in Count 5 upon absolutely privileged communications (Doc. 161-1, ¶¶489, 492, 499) as argued above.  Stripping away bald assertions and conclusions of law, Plaintiff has failed to establish an entitlement to relief upon a theory of

tortious interference with advantageous relations.   Proposed Count 5 if futile, and Plaintiff's Motion should be denied.

### e.   Count 6 Massachusetts Consumer Rights Violation, Count 7 – Massachusetts G. L. 93A Violation and Count 13 – Massachusetts G.L. 176D Violation by John Doe Company Defendants

To the extent that there was a consumer relationship between Donais and Plaintiff, it (a) occurred in 2017 and thus is time-barred, and (b) occurred in New Hampshire, such that the Massachusetts Consumer Rights laws, G.L. 93A and G.L. 176D[6] are inapplicable.   Moreover, such claims are subject to dismissal under Massachusetts' anti-SLAPP statute.   See M.G.L. c. 231 §59H.   For the reasons set forth in the Donais Defendants' motion to dismiss, Plaintiff's CPSAC is futile as it is based on statements he claims Donais made to a variety of parties, including the Manchester, New Hampshire police, the New Hampshire ADO, and the court.[7] Donais made these statements as attempts to assert his right to petition the government and protect himself and his family.   These petitioning activities are the basis for Plaintiff's CPSAC against Defendants.   As such, applying Massachusetts law to the procedural aspect of Plaintiff's filing suit in Massachusetts, Plaintiff's CPSAC would be an impermissible suit against the Donais Defendants' petitioning activities and subject to dismissal under M.G.L. c. 231 §59H. See also the Donais Defendants' arguments made in their Memorandum of Law in Support of Motion to Dismiss, Section IV.C.5, which is incorporated herein by reference.   (Doc. 70-1, p. 14-18.)   Plaintiff's Motion should be denied.

---

[6]Count 13 pertains to two proposed defendants.   While this count does not pertain to the Donais Defendants, the analysis of Plaintiff's 93A contentions largely applies to the proposed added count as well.

[7]To the extent the Plaintiff alleges any comments or discussions between Defendant Craig Donais and Defendant Mary Donais, such statements are privileged spousal communications and cannot serve as the basis for a defamation or libel claim.   see Commonwealth v. Garcia, 476 Mass. 822 (2017); see Gallaher v. Goldstein, 402 Mass. 457 (1988); see Green v. Cosby, 160 F. Supp. 3d 341 (D. Mass. 2016).   See also, Key Bank of Maine v. Latshaw, 137 N.H. 665, 672 (1993).

103475729

**f.   Count 8 Intentional Infliction of Emotional Distress**

"New Hampshire law does not recognize a cause of action for wrongful infliction of emotional distress where the factual predicate sounds in defamation." Provencher v. CVS Pharmacy, 145 F.3d 5, 12 (1st Cir. 1998), citing DeMeo v. Goodall, 640 F.Supp. 1115, 1116 (D.N.H. 1986). Thus, emotional distress that results from harm to reputation and good name caused by the publication of defamatory statements cannot give rise to a separate action for intentional infliction of emotional distress. Rather, mental and emotional harm resulting from damage to reputation may be compensated in the form of damages for emotional distress in the defamation action. Moss v. Camp Pemigewassett, Inc., 312 F.3d 503, 510-511 (1st Cir. 2002), citing DeMeo at 1116.

Therefore, as in Moss, the IIED claim here can only be demonstrated through evidence of emotional distress purportedly caused by the Donais Defendants that is distinct from the emotional distress Plaintiff claims was caused by the allegedly defamatory statements upon which Plaintiff brought claims for libel and libel per se. While Plaintiff, having the benefit of the Defendants' motions to dismiss, now alleges that his IIED claim is "distinct" (Doc. 161-1, ¶561) from the defamation claim, he offers no facts to support this allegation. As against Mary Donais, he offers no facts whatsoever to support his allegations. Rather, Plaintiff offers bald assertions and legal conclusions. His proposed Count 8 is futile and Plaintiff's Motion should be denied.

**g.   Count 9 Civil Conspiracy**

In New Hampshire, "[a] civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful by unlawful means." Jay Edwards, Inc. v. Baker, 130 N.H. 41, 47 (1987) (quotation omitted). "Its essential elements are: (1) two or more persons (including corporations); (2) an

103475729

object to be accomplished (i.e., an unlawful object to be achieved by lawful or unlawful means or a lawful object to be achieved by unlawful means); (3) an agreement on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." Id. If a plaintiff's complaint includes "[r]eferences to conspiracy and conspiratorial conduct" but those references "are mere legal assertions, unsupported by factual content," then "the plaintiff's pleadings stand bare of those essential facts that would give rise to any cognizable legal cause of action" and "do not meet the applicable test, which requires that a plaintiff's pleadings, on their face, assert a cause of action if the claim is to survive a motion to dismiss." Id. at 47-48. *See also* Censabella v. Town of Weare, 2017 WL 3917154 *3-4 (DNH 2017)[8].

Plaintiff contends that Donais, Mary Donais, Russell Hilliard and proposed new defendant Van Meek engaged in a conspiracy to cause him harm, and Mary Donais "conspire[ed] to defame the plaintiff." (Doc. 161-1, ¶581.)  Plaintiff alleges no overt act by Van Meek or Mary Donais. As between Hilliard and Donais, the vague and conclusory allegations all relate to litigation, and any such communications between them would be absolutely privileged (even if actionable). (Doc. 161-1, ¶580.)  Plaintiff also fails to alleges facts upon which this Court may find an unlawful overt act.

Such conclusory allegations and surmise cannot substitute for sufficient facts, "are not entitled to the assumption of truth," and do not support a claim of civil conspiracy. Censabella, 2017 WL 3917154 *4 (citing Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009)). Notably, Plaintiff in his FAC alleged that Donais *may have* acted "alone." (Doc. 1-3, ¶803.) Thus, it is clear that his claims of conspiracy are *entirely speculative* and based upon no unlawful overt act.   Proposed count 9 is futile, and Plaintiff's Motion should be denied.

---

[8]New Hampshire law applies, since the events of which Plaintiff complains in his CPSAC took place almost entirely in New Hampshire.  To the extent that Plaintiff contends Massachusetts law applies, the result is the same.  (Doc. 161-1, ¶¶575-578).

103475729

### h. **Count 10 Breach of Fiduciary Duty**

Under New Hampshire law, "[a] fiduciary relationship has been defined as a comprehensive term and exists wherever influence has been acquired and abused or confidence has been reposed and betrayed." Brzica v. Trustees of Dartmouth College, 147 N.H. 443, 447 (2002) (quoting Lash v. Cheshire County Savings Bank, 124 N.H. 435, 438 (1984)). Plaintiff alleges that Donais violated an "ethical and fiduciary" obligation to avoid conflicting representation and by discussing a potential client with the police. (Doc. 161-1, ¶¶597, 601-603, 607.) To the extent Plaintiff bases his contention on his short telephone conversation in 2017, any such fiduciary obligation is time-barred.

Also, Donais never represented Plaintiff. Plaintiff does not allege that Donais or his law practice represented him[9]. Thus, Donais never *owed a duty* to Plaintiff, and there was no fiduciary relationship. In addition to being time-barred and any statement upon which the claim is made being absolutely privileged, Plaintiff fails to allege sufficient facts against Defendants to state a claim of breach of fiduciary duty upon which relief may be granted. Proposed Count 10 is futile, and Plaintiff's Motion should be denied.

### i. **Breach of implied contract and breach of implied covenant of good faith and fair dealing (Count 11)**

Proposed Count 11 fails as Plaintiff does not allege a contract, nor could he, between any Donais Defendant and Plaintiff. In a blatant attempt to avoid dismissal, Plaintiff now contends that he was Donais' client. (Doc. 161-1, ¶618.) However, he clearly was not. As he currently alleges in his FAC, Plaintiff "had a prospective attorney client relationship with Donais" and "Plaintiff and Donais had an implied contractual relationship that was implied by the confidential nature of their prospective attorney client relationship." (Doc. 1-3, ¶¶853, 855.) Indeed,

---

[9] Plaintiff does call himself a "former client" in a few paragraphs (Doc. 161-1, ¶597, 614), but otherwise refers to himself as a "prospective client." (e.g., Doc. 161-1, ¶¶ 182, 456, 551, 553, 614.)

103475729

Plaintiff's CPSAC, read as a whole, demonstrates that there was no attorney-client relationship, Donais never undertook representation of Plaintiff, and Donais never agreed to undertake any action on behalf of Plaintiff. This was made clear to Plaintiff when Donais filed an affidavit in March of 2017 related to his brief conversation with Plaintiff. There was no contract, so there can be no breach of contract.

Plaintiff also contends that Donais and his law practice, under this prospective relationship, breached the implied covenant of good faith and fair dealing. To prevail on a claim of a breach of the implied covenant, Plaintiff must allege facts to support a finding that the Donais Defendants acted in a manner that was inconsistent with the parties' agreed-upon common purpose and expectations and that the Plaintiff was harmed by the allegedly breaching party's conduct. DeVries v. St. Paul Fire and Marine Insurance Co., 716 F.2d 939, 941-944 (1st Cir. 1983); Livingston v. 18 Mile Point Drive, Ltd., 158 N.H. 619, 645 (2009). Here, Plaintiff uses the buzzwords to state this standard, but he offers no facts to support his cause of action, i.e., he claims an "agreed-upon common purpose," but Plaintiff does not state what that agreement (because there was no agreement) was or any "common purpose" to which the two agreed. Moreover, to the extent the initial call to Donais is at all actionable, it occurred on January 9, 2017, more than five years before Plaintiff filed suit. Proposed Count 11 is futile, and Plaintiff's Motion should be denied.

**j.   Count 12 Racial Harassment and Violation of Federal Civil Rights**

In Count 12, Plaintiff alleges that the Donais Defendants violated 42 U.S.C. § 1981. Such claims are subject to a 4-year statute of limitations. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004). A § 1981 claim requires the making or enforcing of a contract, and the complaint "must initially identify an impaired 'contractual relationship' § 1981(b), under

which the plaintiff has rights." (internal citations omitted) Holder v. Gienapp, 2007 WL 952039, \*2. See also Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 479-480 (2006). Here, there was no contract. To the extent Plaintiff argues that his attempt to retain Donais as counsel satisfies the contract requirement of § 1981, the claim is time-barred. The communication about possible representation occurred on January 9, 2017, more than five years before Plaintiff filed his suit on June 20, 2022. Proposed Count 12 is futile, and Plaintiff's Motion should be denied.

### k. **Count 13 Violation of c. 176D**

In Count 13, Plaintiff alleges that John Doe Company 1 and 2, as the malpractice carriers for two of the defendants, refused to offer prompt settlement in this matter even though liability is clear. (Doc. 161-1, ¶¶670-672, 676, 684.) Count 13 is futile since liability is not reasonably clear on Plaintiff's claims. Briefly, for the reasons argued infra, Plaintiff has failed to state a cause of action upon which relief can be granted, and any c. 176D claim based upon the claims against the Donais Defendants in his CPSAC are therefore futile. Plaintiff's Motion should be denied.

### C. **PLAINTIFF'S MOTION SHOULD BE DENIED INSOFAR AS PLAINTIFF IMPROPERLY SEEKS TO ADD DEFENDANTS IN AN ATTEMPT TO DESTROY DIVERSITY.**

Plaintiff's motion to amend should be denied as he seeks to add defendants for the purpose of destroying diversity. In determining whether a non-diverse party may be added, "the court must consider a number of factors: (1) the extent to which the purpose of the Amended Declaration is to defeat jurisdiction; (2) whether plaintiff has been dilatory in seeking the amendment; and (3) whether plaintiff will be significantly injured if the Amended Declaration is not allowed. Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). The First Circuit

has adopted the Hensgens factors test."   Knight v. Metlife Investors USA Ins. Co., 2008 WL 4952037.

Plaintiff seeks to add three defendants.   First, the John Doe defendants do not destroy diversity.   See 28 U.S.C. § 1441 (b)(1).   Plaintiff also seeks to add Van Meek as a defendant, clearly to destroy diversity.   Other than identifying Van Meek as a party, Plaintiff mentions her only two other times.   (Doc. 161-1, ¶¶397 and 584.)   Evidencing his clear primary purpose to destroy diversity, Plaintiff begins his allegations against Van Meek with a statement that she is a "non-diverse party."   (Doc. 161-1, ¶584.)   Plaintiff filed his complaint in June of 2022, but he did not seek to add her as a party until March of 2024.   Finally, Plaintiff will not be significantly injured without Van Meek, particularly where his claim of conspiracy fails and as Van Meek likely enjoys judicial immunity.   He proposes only one claim against Van Meek.   As argued above, the civil conspiracy claim fails to state a cause of action upon which relief can be granted. (See section IV.B.3.g above.)   Plaintiff also makes allegations about Van Meek's "job," but Plaintiff does not provide facts about her job.   (Doc. 161-1, ¶584.)   Van Meek is an Assistant Clerk in the Massachusetts Superior Court system[10].   Plaintiff likely did not include this information, as no doubt Van Meek, if served with process, would be immune from suit.   Nystedt v. Nigro, 700 F.3d 25, 30 (D. Mass. 2012).   Moreover, to the extent he contends Donais' communications with the clerk form the basis of a complaint against Van Meek, this issue has already been addressed.   (See Ex. A, p. 9, where the court addressed Plaintiff's demand for an investigation "with regard to ex-parte communications by defendant with the session clerk, clerk's office and/or me").   For these additional reasons, any claim against Van Meek is futile, and Plaintiff's Motion to Amend his Complaint should be denied.

---

[10]A simple google search confirms that she is a clerk in the Business Litigation Session of the Massachusetts Superior Court.  Moreover, see Exhibit A page 3.  Van Meek was the Assistant Clerk Magistrate involved in the Middlesex Superior Court matter which currently stands dismissed.

103475729

## V.    <u>CONCLUSION</u>

For all the foregoing reasons, Craig S. Donais, Mary K. Donais and Donais Law Offices PLLC, respectfully request that this Court:

A.    Deny Plaintiff's Re-Submitted Motion to Amend the State Complaint with Attached/Accompanying Proposed Amended Complaint and Request for Hearing (Doc. 159);

B.    Deny Plaintiff's Corrected Re-Submitted Motion to Amend the State Complaint with Attached/Accompanying Proposed Amended Complaint and Request for Hearing Plaintiff's [Corrected] Re-Filed Motion to Amend Complaint (Doc. 161); and

C.    Grant such other and further relief as is equitable and just.

Respectfully submitted,

FOR THE DEFENDANTS,
CRAIG    DONAIS,    DONAIS    LAW
OFFICES PLLC and MARY K. DONAIS

*/s/ Linda M. Smith*

Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101
(603) 622-3400

23

103475729

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **OBJECTION** to all parties in this action by serving same via electronic mail to:

Andre Bisasor, Pro Se                                    William Saturley, Esq.
679 Washington Street, Suite #8-206                      Daniel R. Sonneborn, Esq.
Attleboro, MA 02703                                      Preti Flaherty
quickquantum@aol.com                                     60 State Street, Suite 1100
                                                         Boston, MA 02109
                                                         wsaturley@preti.com
                                                         dsonneborn@preti.com


Date:   March 25, 2024                                   */s/ Linda M. Smith*
                                                         Linda M. Smith