UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

_____
                                          )
ANDRE BISASOR,                            )
        Plaintiff,                        )
                                          )
vs.                                       )
                                          )
CRAIG S. DONAIS, RUSSELL F.               )     Case No. 1:23-cv-374-JL-TSM
HILLIARD, DONAIS LAW OFFICES              )
PLLC, UPTON AND HATFIELD LLP,             )
and MARY K. DONAIS,                       )
        Defendants.                       )
_____)

**DEFENDANTS RUSSELL F. HILLIARD'S AND UPTON & HATFIELD, LLP'S
OBJECTION TO PLAINTIFF'S RE-SUBMITTED MOTION TO AMEND THE STATE
COMPLAINT WITH ATTACHED/ACCOMPANYING PROPOSED AMENDED
COMPLAINT AND REQUEST FOR HEARING (DOC. NO. 159) AND PLAINTIFF'S
CORRECTED RE-SUBMITTED MOTION TO AMEND THE STATE COMPLAINT
WITH ATTACHED/ACCOMPANYING PROPOSED AMENDED COMPLAINT AND
REQUEST FOR HEARING (DOC. NO. 161)[1]**

Defendants Russell F. Hilliard ("Hilliard") and Upton & Hatfield, LLP ("Upton &
Hatfield") (collectively the "Defendants"), respectfully object to Plaintiff's Motions to Amend
his Complaint (Doc. nos. 159 161) on the grounds that the proposed amendment is futile. Hilliard
and Upton & Hatfield note that Plaintiff has already amended his Complaint once as a matter of
right, and both of his proposed Second Amended Complaints are futile as they fail to state a
claim upon which relief may be granted. Further, his attempts to add a Massachusetts resident to
destroy diversity are improper. Both Motions to Amend should be denied.

---

[1] On March 12, 2024, Plaintiff filed Doc. no. 159, the Motion to File a Second Amended Complaint. The next day,
Plaintiff filed a "corrected" motion and a "corrected" proposed Second Amended Complaint. (Doc. nos. 161 and
161-1) (the "Corrected Motion to Amend"). The Defendants object to both motions but as Plaintiff seeks to replace
Doc. nos. 159 and 159-1 with Doc. nos. 161 and 161-1, they address the Corrected Motion to Amend (Doc. no. 161)
but note that as to Hilliard and Upton & Hatfield, there is little change between the core allegations against them in
either proposed Second Amended Complaint.

## I.    **BACKGROUND**

This matter was transferred to this Court from the District of Massachusetts on July 28, 2023. *See* Doc. no. 62. On October 26, 2023, Hilliard and Upton & Hatfield filed a Motion to Dismiss. *See* Doc. no. 81.

Prior to removal of this matter to Federal Court, Plaintiff filed an Amended Complaint in state court. On October 27, 2023, he filed a Motion to Amend in this Court. *See* Doc. no. 83. On November 30, 2023, this Court conducted a Case Management Conference. The next day, the Court issued an order regarding various issues, but in pertinent part, noted that "plaintiff Andre Bisasor's motion to amend his complaint (doc. 83) is denied without prejudice to being refiled in a manner that complies with the court's local rules, e.g., LR 15.1, on or before January 18, 2024."[2] After several additional extensions, Plaintiff filed a Motion to Amend with a proposed Second Amended Complaint on March 12, 2024 (Doc. nos. 159 and 159-1) and followed that up with a "corrected" Motion to Amend and Proposed Second Amended Complaint (Doc. nos. 161 and 161-1). As to Hilliard and Upton & Hatfield, the Proposed Second Amended Complaint appears to drop certain claims against them (Defamation Per Se/Libel Per Se; Defamation/Libel of Private Citizen; False Light Invasion of Privacy; and Racial Harassment & Retaliation in Violation of Federal Civil Rights Statute 42 U.S.C. § 1981), while maintaining his claims of aiding and abetting defamation, tortious interference with advantageous relations, intentional infliction of emotional distress, and civil conspiracy. The Proposed Second Amended Complaint also seeks to add claims against two John Doe insurance companies for violation of M.G.L. c. 176D, and a civil conspiracy claim against proposed new defendant, Massachusetts Superior Court Assistant Clerk Beatriz Van Meek.

---

[2] The Court also stayed all briefing with respect to all Motions to Dismiss that were pending.

Plaintiff's Motions to Amend should be denied because the Proposed Second Amended Complaint (in either form) continues to fail to state a claim upon which relief may be granted. Furthermore, the attempts to add certain defendants are done, in part, to destroy diversity.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that the court should freely give leave to amend "when justice so requires." That said, the liberal standard under Rule 15(a)(2) does not mean that all requests to amend will be granted. *See Manning v. Boston Med. Ctr. Corp*., 725 F.3d 34, 60-61 (1st Cir. 2013). "Instead, a district court may deny leave to amend when the request is characterized by undue delay, bad faith, futility, or the absence of due diligence on the movant's part." *Sheppard v. Houchens*, No. 15-CV-275-LM, 2016 WL 1430024, at *3 (D.N.H. Apr. 11, 2016) (quotation marks omitted).

The issue here is futility. "Where an amended complaint could not withstand a motion to dismiss, then the motion to amend should be denied as futile." *Id*. (citing *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 132 (1st Cir. 2006)). *See also Glassman v. Computervision Corp.,* 90 F.3d 617, 623 (1st Cir. 1996) (A futile amendment is one that "would fail to state a claim upon which relief could be granted."). "In assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." *Adorno v. Crowley Towing & Transp. Co.*, 443 F.3d 122, 126 (1st Cir. 2006).

Dismissal under Rule 12(b)(6) is warranted if the plaintiff's complaint fails to make factual allegations sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted). "Because a Rule 12(b)(6) motion calls for an assessment of the merits of the case at an embryonic state," facts pleaded in the complaint are viewed in "the light most favorable to the movant," and all inferences are drawn in

the plaintiff's favor. *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 38, 44 (1st Cir. 2008). The factual allegations "must be enough to raise a right to relief above the speculative level," and must assert more than a "possibility" of relief, but demonstrate that entitlement to relief is "plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 554-557 (2007). "Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 129 S. Ct. at 1949. "Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.

### III.    ARGUMENT

####    A.  Plaintiff's Proposed Amended Complaint is Futile.

As they stand in the proposed Second Amended Complaint, the claims of aiding and abetting defamation, tortious interference with advantageous relations, intentional infliction of emotional distress, and civil conspiracy that would remain against Hilliard and Upton & Hatfield continue to fail to state a claim upon which relief may be granted, and are futile for the same reasons outlined in Hilliard's and Upton & Hatfield's previously filed Motion to Dismiss (Doc. nos. 81 and 81-1).

> **1.  The Absolute Legal Privilege Protects Hilliard and Upton & Hatfield from any Claims and for any Statements Hilliard made Related to Prior Proceedings in which he Represented Craig Donais Against Bisasor.**

The Amended Complaint states throughout its lengthy allegations that the alleged damages caused by Hilliard arise out of his prior representation of Craig Donais in a matter regarding Bisasor. *See* Doc. no. 161-1, generally, and specifically ¶ 73 ("Hilliard . . . is an attorney who . . . represents Craig Donais."). Even if the allegations in the Proposed Second

Amended Complaint are true (which Hilliard and Upton & Hatfield deny), the absolute legal privilege precludes Bisasor's causes of action against Hilliard and his firm, Upton & Hatfield.

"It is well-settled in New Hampshire that 'certain communications are absolutely privileged and therefore immune from civil suit.'" *Lath v. Manchester, NH*, 2018 DNH 013 (D.N.H. 2018) (Apr. 9, 2018), quoting *Pickering v. Frink*, 123 N.H. 326, 328 119 (1983). *See also McGranahan v. Dahar*, 119 N.H. 758, 762-63 (1979). An absolute privilege is "tantamount to an immunity" and "not conditioned on the actor's good faith." *Id.* "Because an absolute privilege bars an injured party from recovering any recompense, it 'must be reserved for those situations where the public interest is so vital and apparent that it mandates complete freedom of expression without inquiry into a defendant's motives.'" *McGranahan*, 119 N.H. at 762, quoting *Supry v. Bolduc*, 112 N.H. 274, 276 (1972).

Statements made in the course of judicial proceedings are one class of communications that are absolutely privileged from liability in civil actions, if the statements are pertinent or relevant to the proceedings. *McGranahan*, 119 N.H. at 763. Whether a statement is "pertinent or relevant" is a matter of law and can be decided at this stage. *Id.* at 766.

"A statement is presumed relevant unless the person allegedly [injured] demonstrates that it was so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety.**"** *Id.* at 766 (quotation omitted); *Provencher*, 142 N.H. at 853 (parallel citations omitted). "The requirement of pertinence eliminates protection for statements made needlessly and wholly in bad faith." *McGranahan*, 119 N.H. at 763 (applying privilege to statements made in petition for interpleader). The party seeking to defeat the legal privilege bears the burden of rebutting the presumption of relevancy and "[a]ll doubts are to be resolved in favor of pertinency or relevancy." *McGranahan*, 119 N.H. at 766 (citations omitted).

If statements are made regarding potential criminal charges, but no criminal charges are brought as a result of the statements, "the harm suffered by the person thus accused is minimal" and the potential harm to a person's reputation is outweighed by the substantial interest of society in encouraging citizens to report suspected criminal activity." *Id.* at 768.

The First Circuit, in interpreting *McGranahan*, held that the privilege provides "very broad protection" and extends "to any civil claim arising from statements made in the course of a judicial proceeding." *Hugel v. Milberg, Weiss, Bershad, Hynes & Lerach, LLP*, 175 F.3d 14, 16-17 (1999). The First Circuit approvingly wrote that "it is clear that the Supreme Court of New Hampshire views the privilege to extend to any civil claim arising from statements made in the course of a judicial proceeding." *Id.* at 17.

The absolute privilege is not limited to statements made in a courtroom or in pleadings. It also extends "to both formal and informal complaints and statements to a prosecuting authority as part of the initial steps in a judicial proceeding, and as such [are] entitled to absolute immunity from an action for defamation." *McGranahan*, 119 N.H. at 770. Similarly, "[t]he same absolute immunity or privilege applies to statements made to the city or county attorney or those investigating a suspected crime." *Id.* citing *Vogel v. Gruaz*, 110 U.S. 311 (1884); *Bergman v. Hupy*, 64 Wis.2d 747 (1974). *See also Doyle v. YMCA of New Hampshire*, 2023 DNH 107 (D.N.H. 2023) (August 23, 2023).

The scope of the privilege includes statements made before suit is brought. "[P]ertinent pre-litigation communications between a witness and a litigant or attorney are absolutely privileged from civil liability if litigation was contemplated in good faith and under serious consideration by the witness, counsel, or possible party to the proceeding at the time of the

communication." *Provencher v. Buzzell-Plourde Associates*, 142 N.H. 848, 855, 711 A.2d 251, 256 (1998) (citations omitted).

The absolute privilege also extends to statements made in disciplinary board hearings. *See Reenstierna v. Currier*, 873 F.3d 359 (1st Cir. 2017) (applying absolute litigation privilege in claim against witness testifying at disciplinary board hearing before the New Hampshire Real Estate Appraisal Board and affirming dismissal of claims for violation of New Hampshire's Consumer Protection Act, defamation, and tortious interference with the appraiser's advantageous business relations).

Hilliard and Upton & Hatfield's only involvement with Bisasor is through their representation of Mr. Donais in matters involving Bisasor. Where, as here, it is indisputable that the allegations against them arise from that representation (including an attorney discipline proceeding), and Bisasor's cause of action seeks to hold the speaker (Hilliard) liable for aiding and abetting defamation and other injuries related to said statements, those statements are protected by the absolute legal privilege.

The privilege protects Hilliard and Upton & Hatfield from the exact type of claims Bisasor has filed against them. Bisasor's claims against Hilliard (and his employer, Upton & Hatfield) must all be dismissed and proposed Second Amended Complaint is futile.

## 2.   Aiding and Abetting Defamation

The claim for aiding and abetting defamation should be dismissed because such a claim is not recognized by New Hampshire Courts. *See Archdiocese of San Salvador v. FM International, LLC*, 2006 DNH 102, at *23-34 (D.N.H. Sept. 7, 2006). Even if this sort of claim were recognized, the allegations against Hilliard (and by extension, Upton & Hatfield) fail to state a claim.

Bisasor alleges that Hilliard had an "active role" in publication of false statements to police in August 2020 because, based solely on Bisasor's "information and belief", Hilliard "drafted, reviewed, offered revisions or edits" to an email on which Hilliard was subsequently copied. *See* Doc. no. 161-1 at ¶ 462. There are no substantive allegations regarding the specific role Hilliard *might* have played to make the email defamatory. Plaintiff believes that because Hilliard was copied on an alleged defamatory email, was previously counsel to Donais, and is older than Donais, that somehow gives rise to liability. *Id.* at ¶ 464. Because the claim is not recognized by New Hampshire courts, and even if it were, Plaintiff fails to state a claim, it should be dismissed and any proposed amendment to the claim is futile.

### 3. Tortious Interference with Advantageous Relations

To properly state a claim for tortious interference with advantageous relations, Bisasor needs to allege "(1) an economic relationship with a third party; (2) the defendant knew of this relationship; (3) the defendant *intentionally* and *improperly* interfered with this relationship; and (4) the plaintiff was damaged by such interference." *Tessier v. Rockefeller*, 162 N.H. 324, 337 (2011) (emphasis in original), citing *Hughes v. N.H. Div. of Aeronautics*, 152 N.H. 30, 40–41 (2005). And more specifically,

> One who intentionally and improperly interferes with the performance of a contract ... between another and a third person by inducing or otherwise *causing the third person not to perform the contract,* is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract. Thus, where contractual obligations were performed, there can be no claim for tortious interference with contractual relations.

*Tessier*, 162 N.H at 337 (emphasis in original).

The new proposed Count 5 does not cure the deficiencies with this claim against Hilliard and Upton & Hatfield. In response to their Motion to Dismiss, Bisasor now alleges that he had a "contractual relationship with the state police/police department including the state police chief."

*See* Doc. no. 161-1 at ¶ 480. Plaintiff does not provide any details regarding the contract, such as the date of it, the parties to it, or anything else of substance. Plaintiff does not allege that Hilliard knew of this "contract" but seems to suggest that Hilliard, by being copied on certain emails to the police, sanctioned such conduct he believes impacted him. *Id.* at ¶ 494. Bisasor fails to allege sufficient facts of an interference with a business/contractual relationship – let alone intentional and improper interference – to support a claim. Because Plaintiff has not – and cannot – properly allege sufficient elements of the claim, proposed Count 5 is futile.

### 4. Intentional Infliction of Emotional Distress

In *Morancy v. Morancy*, 134 N.H. 493, 495-96 (1991), the New Hampshire Supreme Court adopted the definition of intentional infliction of emotional distress contained in the Restatement of Torts § 46: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." While the tort is recognized in New Hampshire, it is not recognized where the underlying claim sounds in defamation. *Provencher v. CVS Pharmacy*, 145 F.3d 5, 12 (1st Cir. 1998), citing *DeMeo v. Goodall*, 640 F.Supp. 1115, 1116 (D.N.H. 1986). Any damages for emotional harm may be recovered in the defamation claim. *Moss v. Camp Pemigewasset, Inc.*, 312 F.3d 503, 510-511 (1st Cir. 2002), citing *DeMeo*, 640 F.Supp. at 1116.

After having the benefit of Hilliard's and Upton & Hatfield's Motion to Dismiss, Bisasor tries to allege that his claim is "distinct" from the emotional distress caused by the alleged defamatory statements. *See* Doc. 161-1 at ¶ 565. Bisasor continues to tie his emotional distress to the alleged defamatory statements but does not allege any defamatory statements made by

Hilliard. Even if he did, he offers no support for the conclusory allegation that his emotional distress is "distinct" from his other damages. Proposed Count 8 is futile.

### 5.   Civil Conspiracy

New Hampshire courts define civil conspiracy as "a combination of two or more persons by concerted action to accomplish an unlawful purpose, or to accomplish some purpose not in itself unlawful by unlawful means." *Moore v. Mortgage Electronic Registrations Systems, Inc., et al.*, 2012 DNH 021, *51 (D.N.H. January 27, 2012), quoting *Jay Edwards, Inc. v. Baker*, 130 N.H. 41, 47 (1987), quoting 15A *C.J.S. Conspiracy* § 1(1), at 596 (1967). The elements of a cause of action for civil conspiracy are "(1) two or more persons (including corporations); (2) an object to be accomplished (i.e. an unlawful object to be achieved by lawful or unlawful means or a lawful object to be achieved by unlawful means); (3) an agreement on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof." *Id.*

Plaintiff contends that Hilliard and the other defendants (including proposed new defendant Superior Court Assistant Clerk Beatriz Van Meek) engaged in a conspiracy to cause him harm. *See* Doc. 161-1, at Count 9. The allegations for this claim are severely deficient, because there are no plausible facts to suggest such a claim. The vague and conclusory allegations as to Hilliard all fail to state a claim; even if they did, they relate to litigation and are absolutely privileged. *See* Doc. no. 161-1 at ¶580. There is no unlawful "overt act" alleged by Plaintiff. Proposed Count 9 is futile.

### B.   Plaintiff has Not Sufficiently Alleged a Violation of Massachusetts General Laws Chapter 176D Against the John Doe Defendants Because no Violation Has Occurred.

Plaintiff seeks to amend his Complaint to add claims alleging violations of M.G.L. c. 176D against the Defendants' insurance companies. Aside from the fact that a Massachusetts

statute likely does not apply to this proceeding in New Hampshire, such an amendment is futile because liability is not reasonably clear, as required by the statute. As detailed above, and in the prior motions to dismiss filed both in Massachusetts and New Hampshire, Plaintiff's claims against Hilliard and Upton & Hatfield are challenged and subject to dismissal. Plaintiff has not advanced any support for his belief that liability is reasonably clear such that an insurer is liable for "failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear." *See* M.G.L. c. 176D, §3(g). Such an amendment is futile and must be denied.

### C.  Plaintiff Improperly Attempts to Destroy Diversity

Plaintiff notes that he seeks to add the John Doe insurance companies to destroy diversity. *See* 161-1 at ¶¶ 299 and 674. There can be no other reason for his attempts to add proposed new Defendant Massachusetts Superior Court Assistant Clerk Beatriz Van Meek. Clerk Van Meek is a Massachusetts resident who Plaintiff alleges is "non-diverse". *See* Doc. no. 161-1 at ¶584. The First Circuit has adopted factors set forth by the Fifth Circuit Court of Appeals when determining whether a non-diverse party may be added. *Knight v. Metlife Investors USA Ins. Co.*, 2008 WL 4952037 (1st Cir. 2008), *citing Casas Office Machs., Inc. v. Mita Copystar Am.,* 42 F.3d 668, 675 n. 8 (1st Cir. 1994). The facts to be considered are: "(1) the extent to which the purpose of the Amended Declaration is to defeat jurisdiction; (2) whether plaintiff has been dilatory in seeking the amendment; and (3) whether plaintiff will be significantly injured if the Amended Declaration is not allowed." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

The attempts to add the John Doe defendants are futile as detailed above. Moreover, Plaintiff has not sufficiently alleged they are Massachusetts corporations. He will not be harmed

by them not being added to the case because he has not come close to showing that a claim against them exists.

With respect to Clerk Van Meek, Plaintiff does not justify why he is seeking to add her as a defendant nearly two years after filing his initial Complaint in this matter. As detailed above, the civil conspiracy claim (which is the only claim directed at Clerk Van Meek) fails to state a claim and is futile. This Court likely lacks jurisdiction over Clerk Van Meek, a Massachusetts resident. Moreover, as she is clerk in the Massachusetts Superior Court, and given the allegations directed at her, she is immune from suit. *Nystedt v. Nigro*, 700 F.3d 25, 30 (1st Cir. 2012) (the "quasi-judicial immunity doctrine" provides absolute immunity for those who perform tasks that are inextricably intertwined with the judicial function; this doctrine is rooted in the wise idea that those who perform adjudicative functions require a full exemption from liability). Because no claim against Clerk Van Meek exists, Plaintiff is not harmed by the denial of his motion to amend.

Plaintiff's attempts to destroy diversity by trying to bring claims against the John Doe insurance companies and Clerk Van Meek are improper attempts to defeat diversity jurisdiction. The proposed claims are also futile because he fails to state a claim against them.

## IV.   <u>CONCLUSION</u>

Plaintiff's Complaint has been pending for nearly two years and he has not provided any reason for why another amendment of his Complaint is proper. He has improperly delayed seeking to add parties that would destroy diversity and his other proposed amendments are futile. For all the above reasons, Defendants Russell F. Hilliard and Upton & Hatfield, LLP respectfully request that this Court:

A.  Deny Plaintiff's Re-Submitted Motion to Amend the State Complaint with
    Attached/Accompanying Proposed Amended Complaint and Request for Hearing
    (Doc. no. 159);

B.  Deny Plaintiff's Corrected Re-Submitted Motion to Amend the State Complaint with
    Attached/Accompanying Proposed Amended Complaint and Request for Hearing
    Plaintiff's [Corrected] Re-Filed Motion to Amend Complaint (Doc. no. 161);

C.  Order Plaintiff to file a response to the pending Motion to Dismiss (Doc. no. 81)
    within 14 days of an Order denying the Motions to Amend; and

D.  Grant such other and further relief as is equitable and just.

                          Respectfully submitted,
                          The Defendants,
                          RUSSELL F. HILLIARD and
                          UPTON & HATFIELD, LLP,

                          By their attorneys,

Dated: March 26, 2024     /s/ Daniel R. Sonneborn
                          William C. Saturley, NH Bar #2256
                          wsaturley@preti.com
                          Daniel R. Sonneborn, NH Bar #20947
                          dsonneborn@preti.com
                          Preti Flaherty Beliveau & Pachios, PLLP
                          P.O. Box 1318
                          57 North Main Street
                          Concord, NH 03302-1318
                          T: (603) 410-1500


## CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of this document to be served via electronic filing on all counsel of record or pro se parties on March 26, 2024.

                          /s/ Daniel R. Sonneborn
                          Daniel R. Sonneborn