UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

# EMERGENCY MOTION TO EXTEND TIME TO FILE REPLIES OR MOTION TO FILE REPLIES TO THE DEFENDANTS' OBJECTIONS TO THE MOTION TO AMEND COMPLAINT
# AND
# EMERGENCY MOTION TO EXTEND TIME TO FILE OBJECTION TO DONAIS DEFENDANTS' MOTION TO EXCEED PAGE LIMITS

1. I hereby move the court to allow an extension of time to file replies or motions to file replies (with attached proposed replies) to the defendants' objections (hereinafter "the objections") to the motion to amend complaint, and also to allow an extension of time to file objection to the Donais defendants' motion to exceed page limit[1]. Grounds are as follows.

## I. TIMING CONFLICTS

2. The defendants filed two hefty objections to the motion to amend complaint, on 3/25/24 and 3/26/24. The Donais defendants also filed a motion for leave to exceed page limits on 3/25/24 along with oversized objection.
3. First, it should be noted that my replies to the objections are due, I believe in 7 days, on Monday 4/1/24 (with respect to the Donais defendants) and Tuesday 4/2/24 (with respect to the Hilliard defendants).
4. The objection to the motion for leave to exceed page limits is due in 14 days on Wednesday 4/8/24.
5. As a result of the above timelines, there are timing conflicts that support an extension of time as follows.
   a. I have a number of court deadlines coming up in this court around the same time, as follows.
      i. I have two filings regarding sealing matters due next week by 4/1/24. These fall on the same date as the due date for the reply/motion to reply to the Donais defendants, and on a date before the due date for the reply/motion to reply to the Hilliard defendants.
      ii. I have two other motions for reconsideration (pertaining to Pacer fees and a prior motion to stay deadline to file motion to amend the complaint) due by 4/3/24 (as indicated by the court's order on 3-27-23). These are thus all due around the same timeframe, as the replies/motions to file replies to defendants' objections.
      iii. Also, on 3/21/24, the magistrate judge issued a dense 18 page report and recommendation that I have to review and digest, and a response/reconsideration or objection to that report is due by 4/4/24. I thus have to work on motions for reconsideration regarding remand or an objection to the magistrate's ruling, while dealing with the above motion to amend complaint issues.
      iv. With all of the swirl of things going on and to keep track of above, I am asking for an extension of time.
   b. Also, I need to object to the motion for leave to exceed page limits before I reply to the objections. Similarly, I need the motion for leave to exceed page limit to be resolved before I reply to the objections because otherwise I will not know how to proceed with respect to the reply to the objections, as further noted below.
      i. It should be noted that when the Donais defendants emailed me about this motion for leave to exceed page limit (which was the same day they intended to file it on 3/25/24), I pointed out to them that they are supposed to seek leave of court first, before they file any oversized objection. But they did not respond to that, ignoring my warning/reminder about this[2], and proceeded to file it anyway that same day, which was 2 days before the deadline (3/27/24) for them to do so. They could have sought leave from the court well in advance of their deadline but they sat on the motion to amend the complaint for

---

[1] NB: I was inclined at first to file two separate motions, one related to replies to the objections to the motion to amend the complaint and one related to the objection to the motion to exceed page limits, but decided to combine them because the issues are related or intertwined.

[2] See **Exhibit 1** for email exchange with the Donais defendants on 3-25-24.

the past 2 weeks, while also knowing for months that it was coming. There is no reason why a big law firm with multiple lawyers working on this case could not have sought leave of court first well in advance of the deadline. Yet, even with that aside, the Donais defendants waited until 2 days before the deadline to seek concurrence on this motion for leave to exceed page limits. And furthermore, after I reminded them of this, they still persisted[3] in filing (early before the deadline) the oversized objection, with the motion for leave to exceed page limits filed at the same time. This was evidently intended to game the court, by trying to force the court to allow the oversized objection and the attendant motion to exceed page limits (since time would have passed long before the motion to exceed page limits was resolved by the court and since I would have been forced to file a reply to the oversized objection in 7 days, long before my objection to the motion to exceed page limits was due in 14 days, and thus creating an accelerated timeline for both the reply to the oversized objection and my objection to the motion to exceed page limits). This kind of gamesmanship is procedurally unfair to me. I am now forced to deal with the motion to exceed page limits and the objection, at the same time, when I do not know if the motion to exceed page limits will be allowed. I thus intend to file a motion to strike the objection and to motion to exceed page limits, along with my objection to the motion to exceed page limit, and thus need time to also do so.

   ii. This improper maneuver[4] by the Donais defendants is evidently intended to manipulate the court into accepting the oversized objection without first obtaining leave of court. This also forces me to have to defend against an oversized objection while opposing the motion for leave to exceed page limits and without knowing first whether the court will allow that motion. I am thus totally prejudiced by this oversized objection, and attendant violation.

   iii. It should be noted also that the excess pages is tantamount to an end-run around the time limit for the defendants. The Donais defendants took their prior motion to dismiss (which has been stayed) and simply resubmitted it with 24 pages, while adding a few tweaks and/or a couple of paragraphs. This is outrageous. They were required to spend the time necessary to boil their objection down to 15 pages. They did not. They squandered their time. The excess pages of the oversized objection allows the Donais defendants to violate the time needed for a proper compliant objection to be submitted by them. In addition, their oversized objection responded, in many instances, to the wrong complaint (the prior complaint), making assertions that only applied to the original prior complaint but not the new proposed complaint. It would be unfair to require that I address such old anachronistic assertions, forcing me to defend against motion to dismiss arguments that do not apply to the new complaint. Consequently, I intend to file a motion to strike the oversized objection and the motion to exceed page limits.

6. I thus have to reply to the defendants' objections to my motion to amend the complaint, and also I have to work on filing my objection to the Donais defendants' motion to exceed page limits, at the same time. But the reply to the objections are due before my objection to the motion to exceed page limits which procedurally prejudices me.

---

[3] It should be noted that the Hilliard defendants also asked me to concur to a similar motion to exceed page limits, but after I pointed out the issue of the requirement of seeking leave first before filing an oversized objection (and since I did not provide concurrence but opposed), they instead filed a page-limit compliant objection the next day on 3/26/24 within the proper page limits. See **Exhibit 2** for related email from the Hilliard defendants. The Donais defendants could have done the same thing in waiting until the next day (3-26-24) to file their objection and taking the time to bring their oversized objection into compliance (as the Hilliard defendants evidently did), but the Donais defendants stubbornly refused and persisted in the filling the oversized objection the same day on 3/25/24 without first seeking leave of court to do so, thus taking this court and the rules for granted.

[4] Why is it that the Donais defendants are always seeking to play fast and loose with the rules, or to buck the system, or to push the envelope and violate the rules (including in the past filing new grounds for motion to dismiss in second successive motion to dismiss which is not permitted by rule, and including them misstating the record and making false or misleading statements to the court without fear of repercussions, including at the 11-30-23 hearing, etc.). This is another example of where I feel as though the Donais defendants' counsel feel as though they have an affinity of some kind with the magistrate judge because they appear to feel comfortable that she will not negatively react to them, chide them or sanction them for this persistent untoward conduct that prejudices me as the plaintiff, and that they will get a free pass of some sort and will not be held to account on the record by the magistrate judge. It remains to be seen whether this court will now for the first time say something to the defendants about this and about such conduct in relation to the matter raised and to be raised in my objection, reply and motion to strike.

7. The Donais defendants should have sought leave before filing the oversized objection as they had months to anticipate the filing of the motion to amend the complaint and had a heads-up as to what would be included in it, as stated in other filings such as my various oppositions to the motions to dismiss both in the MA federal court and in this court from last year.

## II.  OTHER BASES FOR THIS MOTION

8. Below I will provide some additional grounds for granting this motion. However, because of the nature of some of the grounds expressed below, I will have to give a preview of some elements of certain arguments I may make in a future objection or reply (or even a motion to strike) in order to underscore the gravity for why I need to seek extension to develop such arguments. But this is not my objection or my reply and should not be treated as such because the arguments/points are not fully or properly developed.

9. First, it should be noted that the Donais defendants filed their oversized objection to my motion to amend with a total of 34 pages including 24 pages of text and a motion for leave to exceed [15] page limit by 9 pages. Thus, there are 24 pages of argument and 34 pages in total. This is voluminous for this type of objection. They should have saved the excess pages/excess argument for a new motion to dismiss as contemplated by the rules.

10. This over-sized objection requires time to review and process, and **the fact that it exceeds the page limit by 9 pages, adds further to the burden.**

11. Further, both objections contain complex arguments. The defendants also have used their objections to engage in the disputation of facts, which is not permitted at this stage. For example, the Donais defendants have misstated the facts regarding the underlying reason for dismissal in the related Middlesex superior court case. I have proof of my facts regarding this. But the Donais defendants also know the truth but have tried to mislead or deceive this court by omission and by deceptively spinning the truth. This disputation of facts will require discovery and resolution of the factual dispute in order to ascertain the bases for the 1-88 dismissal (without prejudice) that occurred in the related MA Middlesex superior court case.

12. The defendants also insert new facts outside the proposed amended complaint, which again is not permitted at this stage. They also appear to unfairly regurgitate large entire portions of their prior (stayed) motions to dismiss and thus the defendants appear to be trying to get their objections to the motion to amend the complaint, to be treated as motions to dismiss. They in fact argue the same points as they did pertaining to the prior complaint, evidently to confuse the court.  Thus, they are trying to engage in a motion to dismiss based on the old complaint and using the objection to the motion to amend the complaint to try to get the court to reach issues that are no longer before the court in the proposed amended complaint. This is clever tricky subterfuge. The defendants have thus filed their objection, not in good faith, but simply regurgitating large irrelevant swaths of their prior stayed motion to dismiss, without even correcting many of the arguments in it to take into account the changes to the new proposed complaint. This is unfair. Thus, the defendants have mischaracterized or outright lied about what is in the proposed amended complaint.

13. Similarly, given that the prior pending motion to dismiss is stayed, this evidently is an attempt at an end-run around the stay of the motions to dismiss; and I can't defend against this attempt at an end-run, without having a full opportunity to litigate the prior pending motions to dismiss. **This is thus a procedural quagmire.**

14. The court has not made any ruling on the prior stayed motions to dismiss and, in fact, the prior motions to dismiss are stayed, with a response still to be forthcoming from me to the stayed motions to dismiss once the stay is lifted; it would be unfair for the court to make its first ruling on the prior pending motion to dismiss issues, through its ruling on a motion to amend the complaint. Ostensibly, given this maneuver by the defendants, the court cannot use these objections to resolve the motion to amend the complaint, without effectively ruling on the portions of the stayed motions to dismiss, which would be extremely unfair and prejudicial to me.

15. NB: The prior complaint is a nullity for purposes of any motion to dismiss or at/prior to the motion to dismiss stage. This means that the objections cannot address things in the prior complaint that are not in the new complaint. See also L.R. 15.1 which states: *"Effect of an Amended Complaint. When a plaintiff files an amended complaint as of right or with leave of court after the filing of a motion to dismiss for failure to state a claim, the motion to dismiss shall be automatically denied without prejudice and the defendant(s) shall respond to the amended complaint as may be appropriate under Fed. R. Civ. P. 12, within the time allowed under Fed. R. Civ. P. 15(a)."*  This means that the defendants cannot use the motions to dismiss as objections to the motion to amend the complaint, and their objections to the motion to amend the complaint cannot be used as effectively motions to dismiss. The only place that motion to dismiss

arguments can be proffered is in a proper response to the allowed amended complaint, which is to be filed/re-filed under Rule 12, if so desired. It is totally improper to file motion to dismiss arguments in objections to a motion to amend the complaint, as it conflates and confuses the issues and the legal standards, and results in significant prejudice to me as the plaintiff. The court cannot evaluate any such motion to dismiss type arguments without resolving the pending stayed motions related to choice of law, motion to strike, and allowing full motion practice related to the prior stayed motions to dismiss. In their objections, the defendants should have focused their arguments on the key threshold factors that go towards negating the liberal generous standard for amendments, namely timeliness, prejudice, and futility. The defendants have neglected to address these factors, except for futility, but they have misused futility in an overbroad sense to argue motion to dismiss type arguments across the board (they essentially reprinted the motion to dismiss and retitled it as an objection to the motion to amend the complaint) that now require the court to engage in a motion to dismiss analysis in order to resolve the motion to amend the complaint. But in this instance the court cannot engage in a motion to dismiss type analysis of the proposed amended complaint, without addressing the stayed motion to dismiss arguments, and the stayed motion to dismiss cannot be addressed until the stay is lifted, and until after I am allowed to reply to the stayed motion to dismiss. Without this, it would lead to an absurd result where the court would have to take positions on prior motion to dismiss arguments as applied to the new proposed complaint, and if the court denies the motion to amend the complaint, then the court would then be left to address the same motion to dismiss arguments once again as applied to the prior complaint, but in that event the court could not consider the prior complaint with fresh eyes because it would be boxed in by positions it took on the motion to dismiss issues as applied to the new complaint. This is a topsy turvy situation and is putting the cart before the horse. **I ask the court to pause and consider what I am trying to say**. I may not have the exact right words to precisely describe the problem here but I trust the court can understand what it is that I am trying to get at and that ultimately the above will result in a trap for me and will be prejudicial to me. The defendants should not be allowed to game the system.

16. This has created an extremely complex, nuanced, subtle situation that I need to be able study, research, and craft a careful response to. I am able to perceive the problems with this on a basic instinctual level but am unfamiliar with the precise legal arguments and case law to utilize to flesh out my perceptions and instincts on this matter, at this juncture. I thus may also need to seek (limited) legal advice, to the extent possible[5], on how to handle this situation. These issues are way too complex for a pro se nonlawyer to fully figure out on his own and exemplifies the type of scenario where not having a lawyer represent you, can be potentially detrimental to securing and preserving your legal rights and your case[6].

### III.  EXTENSION REQUESTED FOR OBJECTION TO MOTION TO EXCEED PAGE LIMIT

17. With all of the swirl of things going on and to keep track of, I am asking for an extension of time as follows.
18. The defendants' motion to exceed page limits, filed on 3-25-24, should be resolved first before reply to the over-sized objection can be done. As stated above, objection to motion to exceed page limits is due on 4-8-24.
19. Given the timing conflicts and court deadlines outlined above, I thus need an extension of time to file the objection to the motion for leave to exceed page limits (as well as an accompanying motion to strike the oversized objection, as will be further explained below).
20. I am thus requesting **21 days extension** to do so, which would land on Monday 4-29-24 (which is just after the weekend). This extension request is reasonable in light of the total circumstances.

### IV.  EXTENSION REQUESTED TO FILE REPLIES OR MOTIONS TO REPLY TO DEFENDANTS' OBJECTIONS TO THE MOTION TO AMEND COMPLAINT

21. Once the objection to the defendants' motion for leave to exceed page limits is filed, then the defendants may file a reply or motion to reply to my objection to their motion to exceed page limits, as allowed within 7 days. Presumably, this would land on Monday 5-6-24. Then time is needed for the court to issue an order (and for

---

[5] NB: As the court is aware, I am not able to afford an attorney, plus much of the private attorneys in NH small plaintiff-side bar have been conflicted out of from the case including by the proactive attempts by the defendants to block me from securing counsel as partly referenced in the complaint.

[6] I thus need time to try to figure this out and/or to also seek [limited] free legal advice or pro bono legal advice such as from the **NH pro bono lawline**, etc., (see https://www.nhbar.org/legal-services-programs/lawline/ ) which takes time to arrange, as it only is provided the second Wednesday of each month.

21. the parties to digest the order on the motion for leave to exceed page limits and/or motion to strike). Presumably, the court may take, say, a week to issue a ruling, which may land on or about Monday 5-13-24.
22. If the motion to exceed page limit is allowed, then I need time to address/reply to the objections to the motion to amend complaint thereafter. A reasonable time to file a reply at that point, after everything above has played out, is 7 to 10 days after. That would land or about Monday 5-20-24 to Wednesday 5-22-24.
23. [Conversely, if the motion to exceed is denied, then presumably the defendant would need to resubmit the objection to accord with the page limit. This is what the court did with me i.e. where back in the late fall of 2023, my oversized objection to the motion to dismiss was rejected and I was required to refile it to comply with the page limit rules, especially after strenuous objection by the defendants.].
24. In light of all of the above, and in carefully seeking to balance everything[7], I thus request until **5-22-24** to file a reply to the defendants' objections (or at least, in the alternative, until 5-20-24 as outlined above).
25. It should also be noted that there are two objections by the defendants that I have to reply to. Both contain complex arguments and are dense objections. The time I requested adequately takes into account the impact of the two hefty dense objections filed by the defendants[8], along with the other attendant issues outlined above.
26. This request is thus reasonable under the circumstances[9].
27. It should be noted that the Donais defendants, in large part, created this timing conundrum situation because they filed an over-sized objection without first seeking leave to file an oversized objection. Both defendants further added to this conundrum by using old stayed motion to dismiss arguments as an objection to the motion to amend the complaint as outlined above.
28. The motion to amend the complaint is not a minor issue but a significant issue in this case. Without an amended complaint, my rights will be significantly harmed. If the defendants can game the system and block me from an amended complaint, then they can effectively increase their odds of a quick technical win, to my prejudice, and this is likely why they are pulling out all the stops to block the amended complaint, when really they should not try to block the amended complaint at this juncture, but instead they should prepare to address it on the merits in a new motion to dismiss as envisioned by the rules. They can make their full stand on any such new motion to dismiss, rather than using tricks here to try to game the system, or to do an end-run around the rules to try to manipulate the outcome. At this point, the defendants have not denied the core facts alleged in the complaint but have made vague blanket denials that appear to be based on a generous permissive view of legal technicalities. The case should be tried on the merits of the facts of the case. The court did not default the defendants because of said principle of preference to try the case on the merits. Because of the importance of this, I need adequate time to be able to carefully prove to the court why the oversized objection should be stricken or why the motion to exceed page limits should be denied, and then to provide a proper reply to the objections to the amended complaint.
29. In addition, I may need to seek to exceed page limits myself for any reply to the objections, especially if the court allows the defendants' motion to exceed page limits. But I would not be in a position to do this, unless I first know that the court is going to grant the motion to exceed page limits. If the court denies the motion to exceed page limits, and the defendants re-file their objection within the page limits, then I may not need to

---

[7] I am not 100% certain of the best exact way to go about calculating all of this, as it entails balancing several moving timelines and thus moving targets. I may in fact have undercounted the adequate time needed. If the court discerns that this is the case, then I ask the court to apply more time as is reasonable. **The only other thing I can think of, is for the court to apply a stay on the motion to amend the complaint, and on the attendant replies and/or possible sur-replies, until the defendants' motion to exceed page limit and the related soon to be forthcoming motion to strike the oversized objection, as well any motion to exceed page limits to be filed by me (or also any related hearing that could be scheduled), are all resolved**. If the court sees this as preferable and/or more efficient, then I ask the court to do this instead.

[8] NB: I predicted previously (in my motions to extend time to file the amended complaint) that there would be a complicated flurry of activity once I file the motion to amend the complaint which would carry a complicated set of motion practice implications immediately thereafter, along with other matters that need to be resolved at the same time, and which was one of the reasons I sought extension until April 1, 2024, but which was denied (and is one reason why I will seek reconsideration of the stay of the deadline that was denied on 3/13/24).

[9] NB: I have not factored in any time for objections by defendants to my motion for leave to file replies, or any motion by defendants seeking to file sur-replies to my replies, which may add more time to the above. The overall estimate of time requested is based on a realistic appraisal of how things will likely play out, counting all of the time requirements related to it, and balancing the equities to allow adequate time, so I do not have to come back to the court for a further extension on this.

seek excess pages for my reply. But I won't be able to know this until that bridge is crossed. If I need to seek leave to exceed page limits, I will also need time to do so, and for any motion practice by the defendants related to that, to also play out. Again, with all these things swirling around, my request for extension until 5-22-24 is a reasonable measured and conservative request, and the defendants cannot be heard to complain, if in fact they will do so, since this is a situation created by their own conduct and maneuvers.
30. Finally, please keep in mind that I also have a need for reasonable accommodation as previously explained to the court. I thus further require in this instance an accommodation in light of the issues I have raised in prior related motions and given the court's ruling on 12-1-23.

## V. CONCLUSION

31. Because of the urgency of the matter[10], I have styled this as an emergency motion given that the deadlines for the replies/motions to reply to the objections are Monday 4/12/4 and Tuesday 4/2/24.
32. I ask that this emergency motion be ruled upon as soon as possible. However, if necessary, I ask the court to hold a **hearing** on this matter in order to address real time, with the parties, the timeline issues/expectations related to this matter.
33. I sought **concurrence from the defendants** but they have not concurred.
34. I respectfully request this Court grant the relief requested or other relief the Court deems proper.

Respectfully submitted,<br>/s/Andre Bisasor

March 29, 2024                                                                                       Plaintiff Andre Bisasor

**CERTIFICATE OF SERVICE**

This filing is served to all parties of record via the e-filing system.

/s/Andre Bisasor<br>Andre Bisasor

---

[10] NB: I gave the court a heads up in my motion to extend time filed on the day before yesterday that I would be filing this motion next.

# **EXHIBIT 1**

# **EXHIBIT 1**

## RE: Bisasor matter

| From: | Smith, Linda (lsmith@morrisonmahoney.com) |
|---|---|
| To: | quickquantum@aol.com; dsonneborn@preti.com |
| Cc: | elanders@morrisonmahoney.com |
| Date: | Monday, March 25, 2024 at 12:22 PM EDT |

Andre,

Given that the proposed amended complaint is 68 single-spaced pages and 718 paragraphs, we intend to move for leave to exceed the page limit due to the serious nature and numerous statements of purported fact that need to be addressed. We will seek leave to exceed the 15-page limit and indicate to the Court that the Donais Defendants anticipate that their objection will not exceed 25 pages.

We attach a copy of the motion we intend to file.

Regards,
Linda

**Linda Smith**
Partner

MORRISON MAHONEY LLP
650 Elm Street, Suite 201
Manchester, NH  03101
T (603) 518-1971 | F (603) 622-3466

LSmith@morrisonmahoney.com | www.morrisonmahoney.com

Connecticut | Massachusetts | New Hampshire | New Jersey | New York | Rhode Island | United Kingdom

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmissions, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Monday, March 25, 2024 10:56 AM
**To:** Sonneborn, Daniel R. <dsonneborn@preti.com>; Smith, Linda <LSmith@morrisonmahoney.com>
**Cc:** Landers, Edwin <ELanders@morrisonmahoney.com>
**Subject:** Re: Bisasor matter

**External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.**

Dear All,

Are you not suppose to file for leave to exceed before you file any exceeded page objection?

Can you send me the motion to exceed page limits before filing any objection, so I can see the grounds for the motion?

Andre

On Monday, March 25, 2024 at 10:23:16 AM EDT, Smith, Linda <lsmith@morrisonmahoney.com> wrote:

Andre/Dan,

We shortly will file our objection to the two motions to amend (Doc. 159 and Doc. 161). We intend to file a Motion for Leave to Exceed Page Limit along with the objection. We anticipate that our objection will be about 23-25 pages. Consistent with Local Rule 7.1.(c), we write to seek your concurrence with the relief sought, i.e., leave of court to exceed the page limit for the Donais defendants' objection to Plaintiff's Motions to Amend (Docs. 159, 159-1, 161, 161-1).

Please advise.

Regards,

Linda

**Linda Smith**
Partner
MORRISON MAHONEY LLP
650 Elm Street, Suite 201, Manchester, NH 03101
T (603) 518-1971 | F
LSmith@morrisonmahoney.com | www.morrisonmahoney.com

Connecticut | Massachusetts | New Hampshire | New Jersey | New York | Rhode Island | United Kingdom

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmissions, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

 3.25.24 Motion for Leave to Exceed Page Limit.pdf
171.6kB

# Exhibit 2

## RE: Bisasor matter

| | |
|---|---|
| From: | Sonneborn, Daniel R. (dsonneborn@preti.com) |
| To: | lsmith@morrisonmahoney.com; quickquantum@aol.com |
| Cc: | elanders@morrisonmahoney.com |
| Date: | Monday, March 25, 2024 at 10:37 AM EDT |

Linda and Andre,

I assent and request the same concurrence regarding a motion for leave to exceed page limits for my clients.

Thank you,
Dan

**Daniel R. Sonneborn**
Director
Preti**Flaherty**

**From:** Smith, Linda <LSmith@morrisonmahoney.com>
**Sent:** Monday, March 25, 2024 10:23 AM
**To:** Andre Bisasor <quickquantum@aol.com>; Sonneborn, Daniel R. <DSonneborn@preti.com>
**Cc:** Landers, Edwin <ELanders@morrisonmahoney.com>
**Subject:** Bisasor matter

**Note:** *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***

Andre/Dan,

We shortly will file our objection to the two motions to amend (Doc. 159 and Doc. 161). We intend to file a Motion for Leave to Exceed Page Limit along with the objection. We anticipate that our objection will be about 23-25 pages. Consistent with Local Rule 7.1.(c), we write to seek your concurrence with the relief sought, i.e., leave of court to exceed the page limit for the Donais defendants' objection to Plaintiff's Motions to Amend (Docs. 159, 159-1, 161, 161-1).

Please advise.

Regards,

Linda

**Linda Smith**
Partner
**MORRISON MAHONEY LLP**
650 Elm Street, Suite 201, Manchester, NH 03101
T (603) 518-1971 | F
LSmith@morrisonmahoney.com | www.morrisonmahoney.com

Connecticut | Massachusetts | New Hampshire | New Jersey | New York | Rhode Island | United Kingdom

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmissions, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.