UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

# PLAINTIFF'S RESPONSE /OBJECTION TO DEFENDANTS' MOTION FOR LEAVE OF COURT TO REVIEW SEALED DOCUMENTS PURSUANT TO L.R. 83.12(B)(2)

1. I hereby submit this OBJECTION to the defendants' motion for leave to review sealed documents.
2. Grounds are as follows.

## I. PREJUDICE FAVORS SEALING/PRIVACY INTERESTS FAVORS SEALING

3. Disclosure of the sealed documents in this instance will severely harm my privacy interests.
4. The defendants seek to unseal information that is extremely sensitive, private and confidential.
5. There are clear reputational interests here that favor sealing.
6. There will also be legal prejudice. The unsealing of the documents will affect me in future litigation as well as cause reputational harm and privacy harm.
7. The privacy interests outweigh any basis for seeking disclosure. Also, here, the harm includes impairment of relationships.
8. Because the documents the defendants seek to unseal contain personally sensitive information, including information about third-parties, this court should conclude that the documents in question are properly sealed.
9. Unsealing would also engender frivolous litigation by the defendants that would distract from the case moving forward. Also, the preservation of judicial resources also counsels against unsealing.

## II. THE COURT ALREADY REVIEWED THE DOCUMENTS AND DECIDED IT SHOULD BE SEALED AT LEVELL II

10. In the interests of allowing the free flow of information to the judge and in order to keep the court informed and updated about certain events, without having to worry about what was exposed publicly, I filed the motions to seal (pursuant to L.R. 83.12(B)(2)), which allows for the entire document to be sealed. The court allowed these motions to seal at Level II, thus allowing me to file confidential, private, sensitive information with the court unfettered by concerns about public exposure or exposure to the other side.
11. The court reviewed the motions to seal and the associated motions to extend time to file amended complaint, and granted the sealing of them. There was careful review by a judicial officer that resulted in the sealing order.
12. Moreover, if I had known that the confidentially-submitted motions to extend time were going to be unsealed, I would/could have made different decisions about what to share with the court at the time. To now go back and undo the sealings of the motions ordered by this court, would be wholly unfair. To go back and change "history" now after the fact will affect the history of the decisions being made at the time. Since the court ordered the sealing of the motions, the court should give preference to and abide by its prior decisions on sealing.
13. Under no circumstances did this court give the impression, that the records would be made public or shared with other parties after I explicitly asked the court to seal the documents at level II including from the defendants.
14. I was not given the opportunity to withdraw my motions under the applicable rule and thus I would be tremendously harmed by the court undoing the sealing it already represented to me would be sealed.
15. I have to be able to rely on the court's actions and representations and on the rules[1]. By undoing the sealing, it would engender distrust of the court system.
16. The court reviewed the material carefully and determined that the material should be sealed at level II.
17. The court should not now second-guess the decisions that I have relied upon to my detriment.

## III. THE DOCUMENTS WERE PROPERLY SEALED II / DEFENDANTS CANNOT SECOND-GUESS THE COURT

18. The United States Supreme Court has made clear that "the right to inspect and copy judicial records is not absolute," and "[e]very court has supervisory power over its own records and files." Nixon, 435 U.S. at 598. Thus,

---

[1] As a pro se plaintiff, it is important that I understand what the court is doing and why, and I should not be left in the dark on such things, as this can become the breeding ground for unfair treatment whether it is done inadvertently or otherwise.

"the decision as to access [to judicial records] is one best left to the sound discretion of the trial court." Id. at 599. Information in court records is not accessible to the public if protected by a court order.

19. The court has discretion to maintain documents under seal where privacy interests outweigh the general public interest in access to judicial records. In re Boston Herald, 321 F.3d 174, 190–91 (1st Cir. 2003). While in general there is a "strong presumption that judicial records are open to the public . . . . The right of public access to judicial records is not absolute, and 'it is within a court's discretion to curtail'" it. Murray v. Wal-Mart Stores, Inc., No. 2:15-cv-00484- DBH, 2019 U.S. Dist. LEXIS 176974, at *3 (D. Me. Oct. 11, 2019).

20. The defendants are evidently trying to second guess the court in this instance. But the rules governing the sealing of confidential documents empower the court to make determinations on level II sealing requests without review from the defendants. I followed the rules very carefully and did so in good faith with the reliance that the court would adhere to the rules of sealing. It was clear that I would only submit the protected sensitive filings if it would not be shared with anyone including the other parties. The court looked at the matter and appropriately determined that sealing was required or proper.

21. Furthermore, I provided proof to this court of the need for sealing and accommodation/extension, and the proof was sufficient not only for this court but also other courts[2].

## IV. SUBSEQUENT EVENTS HAVE OBVIATED THE INQUIRY

22. Defendants has failed to justify disclosure. The extension of time to file the amended complaint have already occurred/passed. The motion to amend the complaint with accompanying amended complaint has long been filed. The defendants have filed their objections. Given that the extension of time motions have long been resolved from weeks ago, there is no legitimate purpose for unsealing the documents at this juncture. Doing so will only serve to fuel vexatious nitpicking that will burden, annoy and prejudice me and bog down the case.

23. The subsequent events have thus obviated the inquiry. The court should maintain sealing because the court has already resolved the extension of time to file the motion to amend the complaint. The superfluity of the sealed material being sought thus counsels against unsealing.

24. Similarly, the defendants have already reviewed a recently unsealed document (i.e., a motion to seal a motion for reconsideration I last filed on 3-1-24, that was unsealed by the court), which effectively resulted in at least a partial allowance regarding the type of relief the defendants was seeking. Because the defendants have seen that unsealed motion to seal, they have been made aware of the basis for sealing. Thus, their inquiry is moot.

## V. OTHER COURTS LOOKED AT THE SAME INFORMATION AND PROVIDED COMPLETE SEALING FROM THE PUBLIC AND THE DEFENDANTS

25. Other courts have sealed the said information from the Donais defendants, thus coming to the same conclusion as this court. Hence, there is no basis to undo the sealing. The fact that they hid this from the court proves this point that they know there is no basis for unsealing.

26. Moreover, it is obvious that I would need to inform the other courts of my special circumstance requiring accommodation/extension since if I did not do so, those courts would not know what is happening and why I have not met certain deadlines in those courts, which would be to my prejudice. NB: In the 11-30-23 hearing as well as in other prior filings, I told the court I have other litigation matters that I have to deal with, all of which impacts my ability to meet timelines when multiple court deadlines all converge around the same timeframe. By the Donais defendants providing copies of dockets of other cases, it does not add anything to the knowledge of the court. The court is well aware that I have other court cases pending.

27. It should be noted that the MA appeals court in particular reviewed the same confidential information, which those other courts granted. So the Massachusetts appeals court judges that looked at the same information that this court looked at, granted accommodation and sealed the case from other parties in those appeal cases.

28. The Donais defendants intentionally left out the docket of the Donais MA appeals court case (2021-P-0960) because it would not suit them. Instead they attached an MA appeals court docket that did not involve the Donais defendants whatsoever. Why do this? Why not attach the docket of the MA appeals court case that they are actually involved in that showed that I requested accommodation/extension there? Because that case docket shows something that they evidently want to hide from this court.

29. Here, that MA appeals court stated that: "**ORDER: The appellant's request contained in his request for reasonable accommodation filed on 1/30/24, for an enlargement of time until 3/11/24, to file a status**

---

[2] NB: An MA appeals court judge in two separate cases granted sealing and accommodation on the same grounds as this court did. It should be noted that the defendants tried to hide this from the court in bad faith.

report as detailed in this court's order of 12/7/23, is allowed. No further enlargements should be anticipated. The appellant is to note that his request for reasonable accommodation is kept confidential. Other parties are not allowed access to the request. The request is only shared with other court personnel if necessary for the accommodation. (Blake, J.) *Notice*".

30. See screenshot of docket below.

| 01/08/2024 | RE#35: The appellant is granted an enlargement of time until 1/24/24 to file a status report as detailed in this court's order of 12/7/23. *Notice |
| --- | --- |
| 01/30/2024 | Request for Reasonable Accommodation filed by Andre Bissasor has been received by the court and referred to the ADAC. |
| 02/01/2024 | ORDER: The appellant's request contained in his request for reasonable accommodation filed on 1/30/24, for an enlargement of time until 3/11/24, to file a status report as detailed in this court's order of 12/7/23, is allowed. No further enlargements should be anticipated. The appellant is to note that his request for reasonable accommodation is kept confidential. Other parties are not allowed access to the request. The request is only shared with other court personnel if necessary for the accommodation. (Blake, J.) *Notice |

As of 02/01/2024 3:15pm                                                                                                                 Top ▲

31. This is deceptive conduct. They intentionally tried to hide or obscure from this court the fact that this MA appeals court case (that they are involved in) allowed the filing to be sealed and barred them from seeing the files, just like this court has done.

## VI. THE DEFENDANTS ARE TRYING TO WRONGLY/UNFAIRLY INFLAME THE COURT

32. The defendants have asserted sweeping prejudicial statements that also contains false or misleading statements and/or have mischaracterized the procedural history of this case as well as the situation with pending prior cases in state court. I hereby refute or show the misleading or bad faith nature of such statements.

33. First, it should be noted that the malicious/vexatious intent of the defendants is clear. If they ever become aware of the protected information, they will exploit it to the maximum. They will publish it in every and any forum they can in order to harass, badger, burden, annoy and scandalize the plaintiff, under the guise of attaching documents filed in litigation. These defendants have no honor or decorum. These are extremely contentious and vexatious defendants. They cannot be trusted with the protected sensitive information.

34. Second, the speculative assertions by defendants do not contradict anything that such sealing was based on. All the defendants have really shown is that that I requested similar accommodations by other courts around the same timeframe, which only makes sense that I would do that. There is no puzzle to that as the defendants seem to want to intimate.

35. Moreover, the 3 filings they attached as Exhibit B and C relate to two NH supreme court appeals (one of which was initiated by Donais and have been stayed indefinitely by the NH supreme court pending recusal issues that resulted in 2 justices being recused so far and two others pending). Exhibit B and C also show only a basic one page filings that were routine simple filings that required no thought or effort. In fact all 3 filings in Exhibit B and C were duplicates of each other (almost verbatim) and this wording was taken from filings made last year in said appeals. This does not warrant any legitimate basis to seek to unseal the filings here and the defendants know that. This is in bad faith. I clearly have to address matters in other courts as they come up. If I do not file anything, even a simple thing, my rights will be prejudiced. Those appeals do not have any briefing scheduled or due any time soon. In fact, the two NH supreme court cases referred to are stayed indefinitely. One other appeal is on hold awaiting transcript and will be later briefed some time later this year but not anytime soon or in the next few months. None of that will affect the current deadlines that this court has set now. Thus those appeals are irrelevant to the issue here. Moreover, no one said I cannot file a simple filing. They create a straw man to shoot it down and to manipulate it to create a false contradiction or false narrative. I trust the court can see through this ploy.

36. Filing a simple one or 2 page filing in another court to request accommodation or to keep up with minimal things to preserve rights does not prove anything. I had not filed any briefing or substantive filings in any case since the initial January 18, 2024 deadline set by this court.

37. The Donais defendants evidently are trying to inflame the court with this motion and introduce foreign matters out of context in bad faith. They are not involved in that case in MA that they referenced. For example, the defendants included the docket of an MA appeals court case that was stayed for years because of Covid. It only recently resumed after a long stay. Given the surprise of the lifting of the stay, the MA appeals court had deadlines that were then immediately coming due. That appeal court also set a hearing on 1-19-24. I thus had to get the appeals court acquainted with the issues pertaining to me and thus had to seek accommodation to cancel or postpone the hearing on 1-19-24. That is the filing I made in that appeals court that the defendants appear to

refer to. But the defendants know that I was seeking accommodation/extension in that court because the docket states so. So why would the defendants to style that as though I am engaging in substantive litigation and filings in that case. To suggest that is misleading. The defendants are hoping the court does not pay attention and that it will succeed in confusing or misleading the court.

38. Also, contrary to the Donais defendants' assertion or insinuation, I received no extensions on the motion to amend the complaint in 2023. The first deadline the court set was January 18, 2024 in the 11-30-23 hearing. Thereafter, I asked for an extension on January 17, 2024 and the court allowed it to February 20, 2024. I then on February 15, 2024 requested a final extension until April 1, 2024. There were no extensions on this motion to amend the complaint prior to that. It was incorrect for the Donais defendants to state or insinuate or imply that I received extensions on this motion prior to that. The defendants are conflating the extensions on opposing the motion to dismiss in the fall of 2023 (due to the travel emergency to Florida that I had then). Yet, I met all the court's deadlines for filing opposition to the motion to dismiss in the Fall of 2023. There is no extension on the motion to dismiss. This current deadline for the motion to amend the complaint involves a different issue, not opposing the motion to dismiss. The Donais defendants are intentionally trying to mix apples and oranges in order to grasp at straws. NB: It should be noted that in the 11-30-23 hearing, it was clearly established that the defendants cannot use the out of state travel emergency situation from the Fall of 2023, to forever prohibit me from seeking extensions in the future. This was established both in the hearing and in the court's 12-1-23 order, which order stated that I have the right to seek accommodation or extensions on a cases by case basis and that the court will accommodate as is necessary it has done in the past or something to that effect. It was also established in light of the then pending motion for reasonable accommodations where the court, rather than issuing a standing order for that, invited me to return to the court as necessary on a case by case basis to seek accommodation. But the defendants are violating that finding in bad faith by acting as though the court never said that.

### VII. THE DEFENDANTS VIOLATED THE RULE OF SEEKING CONCURRENCE

39. The defendants violated the rule of seeking concurrence. The rule only excuses dispositive motions.
40. The motion is thus improper.

### VIII. CONCLUSION

41. The defendants bear the burden of justifying public disclosure in this instance. The defendants have failed to meet this burden.
42. If the court is inclined to grant the motion, then I would like to withdraw the sealed documents, which the rules provide for. I do not waive any rights whatsoever including the right to immediately seek reconsideration, to object and to appeal to an appellate court. In the event of that scenario, I ask that all sealing be maintained until I can seek and obtain full appellate relief. I ask that the court listen carefully here to what I am trying to say here. I may not be as articulate as a lawyer would be, but we ask that the court really tries to understand the intent of the words we are using to the best of my natural abilities and grant a liberal construction to my words here written (as required by the orders of the US supreme court in Haines v Kerner 1973).
43. Please grant the relief requested herein any other relief the court deems fair, right, just, equitable or proper.

Respectfully submitted,
/s/Andre Bisasor

April 1, 2024                                   Plaintiff Andre Bisasor

### CERTIFICATE OF SERVICE
This filing is served to all parties of record via the e-filing system.

/s/Andre Bisasor
Andre Bisasor