UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**[EMERGENCY]
MOTION FOR RECONSIDERATION
OF
EMERGENCY MOTION TO WAIVE PACER FEES AND ALLOW FREE ACCESS TO PACER
WITH REQUEST FOR EXPEDITED RULING AND STAY ALL PROCEEDINGS PENDING
RESOLUTION OF THIS MOTION**

1. I hereby request that the court reconsider my request to waive fees currently owed and allow free access to the Public Access to Court Electronic Records system ("PACER") (hereinafter "motion").
2. On 3-11-24, I filed the above-mentioned mention.
3. On 3-13-24, the court denied my motion. The court did not give a reason for the denial. Consequently, I do not know the reason for the denial.
4. I now seek reconsideration on the following grounds.

## I.  RECENT LEGISLATIVE, HISTORICAL AND OTHER BACKGROUND

5. The US Supreme Court has explicitly stated that the public has a general right to have open access to court documents. But there has been significant legal controversy and consternation centering on whether open access mean equal access and on whether PACER's fee-based system constitutes free public access to court documents.
6. Even though ten cents per page, currently being charged for such access, appears to be a comparatively small amount of money, the sheer cumulation of charges over time, over the life of a case, can run up a PACER bill significantly. Having an access fee at all thus can have detrimental and deterring effects on certain users, particularly those who may not be familiar with federal court practice, or may not be computer savvy and may not know what constitutes a page, thereby inadvertently running up their PACER bill, and on those who cannot afford the bill or who are forced to choose between spending limited resources on the necessities of life versus on these imposed PACER charges.
7. PACER fees are thus a barrier to the right to full and open electronic access.
8. The issue of charging PACER fees to gain access to court dockets and court records has also been subject to controversy and debate in Congress, especially in recent history.
9. Recently, there are initiatives[1] by Congress to eliminate PACER fees for basic court records access. Several lawmakers have criticized the impact these fees have on the most vulnerable members of our society, many of whom come into contact with the legal system and are charged PACER fees, and who oftentimes are inevitably forced to incur debt in order to participate in the court system and then are blocked from further participation once they have incurred such debt. [NB: This is a draconian trap for the lesser resourced members of society].
10. For example, on December 8, 2020, during floor debate[2] on H.R. 8235 (a new bill which was currently before congress), the following statements were made:
    - Congressman Collins argued that wealth should not prohibit individuals from accessing the courts and that compelling the public to pay for access to court records constituted an unnecessary and unconscionable burden on those who are exercising their constitutional rights. Collins declared, "Transparency and accessibility should be our goal, not profits and limited access. Court records should be as easy to access as legislation is on Congress.gov. Convenient access to public records in public courthouses shouldn't be a privilege for the few who can afford it."

---

[1] These include: the Electronic Court Records Reform Act of 2018 introduced by Congressman Doug Collins of Georgia on September 6, 2018, and the most recent legislative effort to eliminate the PACER fees was the Open Courts Act of 2020, introduced as H.R. 8235 by Congressman Henry Johnson of Georgia on September 14, 2020.

[2] See 166 Cong. Rec. H7018 (daily ed. December 8, 2020) (statement of Rep. Collins).

- Co-sponsor Congressman Armstrong took the floor next and noted, "The reforms contained in the Open Courts Act are not new ideas. Advocates of judicial transparency have long supported efforts to make court records free to the public. The Open Courts Act makes long overdue, common sense reforms."
- "After years of fighting Congressional efforts to make PACER free, it is great to hear that the courts are now embracing the idea that members of the public shouldn't be gouged to access public court records," Democratic Senator Ron Wyden of Oregon, a co-sponsor of the bill, said in a statement.

11. Similarly, legal scholars and practitioners have further argued that judicial records should be made "freely available to the greatest extent possible," as Congress intended when it enacted the E-Government Act, wherein Congress declared that "each court shall make any document that is filed electronically publicly available online."

12. Such further arguments include[3]: that PACER's fees are not consistent with the original intent of providing public access to court electronic records; that the government's practice of charging exorbitant fees for court documents, which exceed the costs of providing access to those documents, is at odds with the text and history of the E-Government Act, as well as Congress's plan in passing it; the act's intention was to lower the cost of document access but that PACER fees have only gone up, even as the costs associated with providing PACER services have dropped precipitously; that those fees serve to limit the number of people who can access court records, which is problematic for another reason: It creates a system in which rich and poor do not have equal access to important government documents; that the court should require the government to charge PACER fees only to the extent necessary to provide those documents, as Congress intended; that many state courts provide this access for free, and libraries have long existed that provide free access to documents and books and that in fact, there are very few online docketing systems or court registers that charge for searches; that considering all the things the government provides without a fee, a cost-based barrier cannot be justified for self-serve public records; and that the information is needed for the public to properly participate in government, and at a minimum, there should be a threshold for free searches or for noncommercial use.

## II. LEGAL STANDARD

13. I am making a formal request for an exemption from discretionary fees for accessing the Public Access to Court Electronic Records (PACER) system.

14. This request comes under Section 9, 'Free Access and Exemptions,' of PACER's Electronic Public Access Fee Schedule (Issued in accordance with 28 U.S.C. § 1913, 1914, 1926, 1930, 1932) available at the following web address: pacer.gov/documents/epa_feesched.Pdf

15. According to the Fee Schedule-Discretionary Fee Exemptions:

> Courts may exempt certain persons or classes of persons from payment of the user access fee. Examples of individuals and groups that a court may consider exempting include: **indigents**, bankruptcy case trustees, pro bono attorneys, pro bono alternative dispute resolution neutrals, Section 501(c)(3) not-for-profit organizations, and individual researchers associated with educational institutions….In considering granting an exemption, courts must find: that those seeking an exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information…that it is limited in scope, and that it is not intended for redistribution on the internet or for commercial purposes…If the court grants an exemption: the user receiving the exemption must agree not to sell the data obtained as a result, and must not transfer any data obtained as the result of a fee exemption, unless expressly authorized by the court; and the exemption should be granted for a definite period of time, should be limited in scope, and may be revoked at the discretion of the court granting the exemption.

16. Thus, according to the Fee Schedule, "those seeking an exemption [must] have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information."

17. See also the JUDICIAL CONFERENCE POLICY NOTES on the fee schedule, which further states

> The fee schedule provides examples of users that may not be able to afford reasonable user fees (such as indigents, bankruptcy case trustees, individual researchers associated with educational institutions, 501(c)(3) not-for-profit organizations, and court-appointed pro bono attorneys), but requires those seeking an exemption to demonstrate

---

[3] See https://www.theusconstitution.org/news/out-of-pace-with-reality-pacers-flaws-run-counter-to-original-purpose-of-increasing-access-to-law/

    that an exemption is limited in scope and is necessary in order to avoid an unreasonable burden…The goal is to provide courts with guidance in evaluating a requestor's ability to pay the fee.

18. Similarly, according to the Fee Schedule, "the user receiving the exemption must agree not to sell the data obtained as a result, and must not transfer any data obtained as the result of a fee exemption, unless expressly authorized by the court; and the exemption should be granted for a definite period of time, should be limited in scope, and may be revoked at the discretion of the court granting the exemption."
19. Thus, courts are to grant waivers that are to be "limited in scope" and to be good only "for a definite period of time", with the guiding consideration that the "exemption is necessary in order to avoid unreasonable burdens". See In re Application for Exemption from Electronic Public Access Fees by Jennifer Gollan and Shane Shifflett, No. 12-16373, ECF No. 24, at 22, 24 (9th Cir.).

### III. FACTS
#### A. Class of User Eligibility

20. This matter is before the Court upon the application and request for exemption from the fees imposed by the Electronic Public Access fee schedule.
21. The court should find that I fall within the class of users listed in the fee schedule as being eligible for a fee exemption i.e., that I am applying as an indigent user, and thus accordingly, I should be exempt from the payment of fees for access via PACER to the electronic case files maintained in this court.
22. I definitely fall within the category of "users who are exempt from any charge—including **indigents**, case trustees, academic researchers, CJA attorneys, and pro bono attorneys."
23. It should be noted that I commenced this action in Massachusetts state court as a pro se plaintiff. I was granted indigency status in state court. The case was removed to the Massachusetts federal court on 6/12/23. The case was then removed to the NH federal court on 7/27/23. I had fully expected to litigate this case in state court where I filed it. I did not ask for this case to be litigated in federal court. Furthermore, in MA state court, I applied for indigency status and was granted such on more than one occasion. The allowance of the affidavit of indigency in state court indicates that I am indigent. See screenshot of docket in the state court showing finding that I was indigent.



#### B. Unreasonable Burden

24. Because of my indigency/limited resources, the discretionary fee for accessing the PACER system has proven an unreasonable burden for me, limiting my ability to obtain public access to information adequately.
25. The above highlights that there is a provision to exempt fees for eligible users who have a need. I have met that criteria. There is thus no reason or rationale to deny me the exemption.
26. I have been indicating to the court for some time that I am indigent.
27. Moreover, the fact my PACER account has been disabled and that a notable balance has accrued that I have not been able to pay for some time now, further demonstrates the need for exemption and that this presents a hardship for me.

#### C. Balance Incurred In This Court

28. I currently have no access to PACER. My PACER account has been disabled because of significant fees.
29. I owe a balance on my pacer account that is burdensome for me and that I am unable to pay, and I cannot afford the ongoing charging of fees from PACER usage in this court.

30. I ask for waiver of fees only in this court.
31. It should be noted that I contacted the PACER office/service center and was able to gather more information about my account and the protocol for obtaining a possible fee exemption, as follows.
    - The balance for PACER fees incurred in this court is $345.60.
    - There are two billing statements that are included in this balance for this court only including an October 2023 bill covering months July, August and September 2023, totaling $63.40, and a January 2024 bill covering months October, November and December 2023, totaling $282.20. See **Exhibit 1** and **Exhibit 2**.
    - My account was disabled on December 7, 2023. Thus, I have not had access to PACER for the past 4 months.
    - In order to obtain an exemption, I am to direct a fee exemption request to this court for waiver of the fees incurred in this court only.
    - I am permitted to ask this court to issue a fee exemption that is backdated to July 1, 2023, to cover the outstanding bill due from usage in this court.
    - For any fees incurred in Massachusetts district court during the same time period, I am to direct a separate fee exemption request to that court.

## IV. ARGUMENT

32. At this point, I cannot see or review the docket in this case or review past filings in this case by the parties including myself. Without access to PACER, I am and will continue to be disadvantaged.
33. Having access to the court case docket is a minimal necessity to be able to litigate this case. I should not be prevented from accessing the docket because I cannot afford the costs.
34. This incurred debt is burdensome and I should not be prevented from accessing the court docket because of this debt that was imposed on me because of I am forced to use the PACER system to participate in the litigation of this case that was removed by the defendants to this court from state court.
35. This is one of the reasons why I wanted to pursue this case, not in federal court but in state court because there are no costs to access court dockets or court records in state court. Here, I did not ask to litigate in federal court. It is unfair to force me to litigate in federal court and then impose on me pacer fees that I cannot afford, and then deny my request for waiver or exemption of said fees even though I am eligible. This also represent an unfair net extraction and transfer of wealth from me, as an indigent, to the wealthy federal court system.
36. In recognition of this, it is my understanding that the federal court has a provision or a precedent of allowing waivers of pacer fees for such litigants when requested. I am here requesting such a waiver. The court should allow this waiver in the interests of justice. Otherwise, I will be hampered and disadvantaged because of resource constraints which would make the court an unfair forum to settle disputes.
37. Moreover, it is already simply more difficult for a pro se non lawyer with little or no means, to prosecute a case in federal court. The federal court system is thus inherently hostile to such litigants. It should also be noted that, as an African-American of little resources, I have certain disadvantages in dealing with or navigating the legal system. For example, there are certain limitations on access to resources, access to information, access to certain tools and access to networks that make this more difficult for persons of color and who are of limited resources. Even Harvard Law School itself recognizes this problem where on its walls at the Weinstein Building, it states the following: a) Jonathan Swift: "Laws are like cobwebs, which may catch small flies, but let wasps and hornets break through." b) Anacharsis: "Written laws are like spiders' webs, and would catch the weak and poor, but easily be broken by the mighty and rich." c) Derek Bok (former Harvard president): "There is far too much law for those who can afford it and far too little for those who cannot.
38. Furthermore, the above disadvantage is compounded by the fact that the factual and legal issues in the case are complex, and thus I also need to be able to research cases in this court, because of the complex nature of this case, and because of the multiple parties and the types of filings made by the defendants, who often cite various published and non-published cases from this court. Thus, free access would allow me to read the cited cases of this court.
39. The bottom line is that exemption of PACER fees is necessary in this instance to avoid unreasonable burdens in the case.

40. As noted before, courts may exempt individuals, including indigents, from payment of PACER access fees in order to alleviate unreasonable burdens and to promote public access to information.

## V. REQUEST

41. I request a waiver of prior and future PACER fees to be allowed. In sum, I am requesting[4] that the Court (1) waive the balance of PACER fees, in this court only, that I have already incurred as of July 1, 2023; and (2) direct PACER to waive any future fees to be incurred in this court only.
42. I am not asking to be exempt from the payment of fees incurred in connection with other uses of the PACER system or for other courts. I am only asking for exemption limited to this court and only for usage related to this court.
43. I ask the court to back date the fee exemption to July 1, 2023 (as indicated by the PACER office).
44. I also request that the fee waiver be limited in scope to my existing PACER account (and to no other account), and for the definite period of time of 1 year, to be renewed as necessary. I do not intend to, nor will I, sell data obtained through the PACER system.
45. Additionally, I am fine with the following limitations applying to me and to be outlined in an order of the court:
    - This fee exemption applies only to me as the user and is valid only for the purposes stated above.
    - This fee exemption applies only to the electronic case files of this court that are available through the PACER system.
    - By accepting this exemption, I agree not to sell for profit any data obtained as a result of receiving this exemption.
    - This exemption is valid from the date of the court's order for a definite period of 1 year (or some other timeframe that the court finds reasonable).
    - This exemption may be revoked at the discretion of the court at any time.
    - A copy of the court's order is to be sent to the PACER Service Center.

## VI. CONCLUSION

46. In light of the foregoing, I request that the court provides the relief requested or other relief deemed right, just or proper.
47. If the court is inclined to deny this motion, then I ask the court to provide a clear rationale for denial.
48. In the event of that scenario, I also would like to preserve the right to immediately appeal to an appellate court and I ask that a stay on the case be entered and maintained until I can seek and obtain full appellate review or relief. So I request a stay until this motion is fully resolved. I thus ask the court to stay all proceedings until this matter is resolved.
49. I hereby reserve all rights without waiving any rights whatsoever thereto.
50. Please grant a pro se liberal construction to this motion.
51. I ask for a ruling as soon as possible given the time sensitivities inherent in this motion and with the issues and items referenced in this motion.
52. I previously **sought concurrence** from the defendants on this motion or on matters related to this motion including the extension of time to file this reconsideration, and the defendants have not concurred, thus I believe I can represent that the defendants do not concur.
53. WHEREFORE, I respectfully request that this Court grants the relief requested or grant any other relief the Court deems proper.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY**

Respectfully submitted,
/s/andre bisasor
Andre Bisasor

Date: April 3, 2024

---

[4] NB: I hereby aver that such free access is not intended for commercial purposes.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing will be served to the parties in this case via the court's e-filing system.

/s/andre bisasor<br>Andre Bisasor