UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**EMERGENCY MOTION FOR LEAVE TO EXCEED PAGE LIMIT FOR REPLIES TO THE DEFENDANTS' OBJECTIONS TO PLAINTIFF'S CORRECTED RE-SUBMITTED MOTION TO AMEND THE STATE COMPLAINT**

1. I hereby move this Honorable Court, pursuant to Local Rule 7.1(a)(3), for leave to exceed page limits to the same number of pages, not to exceed 25 pages, that was allowed for the Donais defendants.
2. On 3-25-24, the Donais defendants filed a motion seeking leave of court to exceed page limits (for their objection to my motion to amend the complaint with proposed amended complaint), along with an accompanying oversized objection to my motion to amend complaint, which was filed at the same time. NB: They filed their oversized objection without first obtaining leave of court to do so.
3. The Donais defendants stated in their motion to exceed page limits that "the Plaintiff's CPSAC now totals 68 single-spaced pages and contains thirteen counts for relief pled in 718 paragraphs against eight defendants. Due to the serious nature and numerous statements of purported fact that need to be addressed, the Donais Defendants request that they be allowed to exceed the 15-page limit of their objection to Plaintiff's Motions. The Donais Defendants anticipate that their objection will not exceed 25 pages."
4. On 4-1-24, the court allowed their motion to exceed page limit before I could file an objection (even though I had timely filed a motion for extension of time to object before expiration of the timer to object signaling my intent to file an objection, but the court granted the defendants' motion to exceed page limits and then thereafter denied my motion to extend time to object, as moot).
5. I now hereby ask the court for the same allowance of excess pages (not to exceed 25 pages) for my reply to their oversized objection, based largely on the same or similar grounds advanced by the Donais defendants, in addition to the further grounds outlined below.
6. First, it should be noted that the Donais defendants filed their oversized objection to my motion to amend with a total of 34 pages including 24 pages of text and a motion for leave to exceed [15] page limit by 9 pages. Thus, there are 24 pages of argument and 34 pages in total. This is voluminous for this type of objection. They should have saved the excess pages/excess argument for a new motion to dismiss as contemplated by the rules.
7. Thus, this over-sized objection requires additional space to respond to, beyond the short page limit allowed by the rules, in light of the fact that the defendants' objection exceeds the page limit by 9 pages.
8. Further, it should also be noted that the objections by the defendants contain complex arguments and are dense objections. As a pro se non-lawyer, I am not skilled in presenting legal arguments and responses in the way precise way a trained lawyer would. Because of this, I also need a little leeway in being able to try to match or counter the dense and complex arguments that they have packed into their 25 pages.
9. Also, the defendants also have used their objections to engage in the disputation of facts, which is not permitted at this stage. For example, the Donais defendants have misstated the facts regarding the underlying reason for dismissal in the related Middlesex superior court case. I have proof of my facts regarding this. But the Donais defendants also know the truth but have tried to mislead or deceive this court by omission and by deceptively spinning the truth. This disputation of facts will require discovery and resolution of the factual dispute in order to ascertain the bases for the 1-88 dismissal (without prejudice) that occurred in the related MA Middlesex superior court case.
10. Both defendants also insert new facts outside the proposed amended complaint, which again is not permitted at this stage. The defendants have also mischaracterized or outright lied about what is in the proposed amended complaint. I need additional space to address this.

11. The motion to amend the complaint is not a minor issue but a significant issue in this case. Without an amended complaint, my rights will be significantly harmed. I need a proper chance to reply to and address the defendants' objections with adequate matching amount of pages.
12. In light of the above, I am seeking to exceed page limits not to exceed 25 pages for reply to the objections, especially since the court has allowed the Donais defendants' motion to exceed page limits, with 25 pages (without even awaiting my objection to it). What is good for the goose should be juice for the gander. The same grounds used by the court to allow the Donais defendants' motion to exceed page limits should be used to allow my motion to exceed page limits.
13. This request is thus reasonable under the circumstances.
14. Please grant a pro se liberal construction to this motion.
15. I ask for a ruling as soon as possible given the time sensitivities inherent with this motion.
16. The defendants have been contacted but do not concur with this motion.
17. WHEREFORE, I request that this Honorable Court:
    A. Grant this Motion for Leave to Exceed Motion for Leave to Exceed Page Limit and
    B. Grant such other and further relief as is reasonable just.

Respectfully submitted,
/s/Andre Bisasor
April 5, 2024                                    Plaintiff Andre Bisasor

**CERTIFICATE OF SERVICE**

This filing is served to all parties of record via the e-filing system.

/s/Andre Bisasor
Andre Bisasor