UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR,
    Plaintiff

Vs.                                              CASE NO.: 1:23-CV-00374-JL

CRAIG DONAIS, RUSSELL HILLIARD,
DONAIS LAW OFFICES PLLC,
UPTON AND HATFIELD LLP and
MARY K. DONAIS,
    Defendants

## CRAIG DONAIS, DONAIS LAW OFFICES PLLC AND MARY K. DONAIS' PARTIAL OBJECTION TO PLAINTIFF'S EMERGENCY MOTION TO OBTAIN TRANSCRIPT OF 11-30-23 (DOC. 180)

Defendants, Craig Donais, Donais Law Offices PLLC and Mary K. Donais (collectively "Donais Defendants"), by and through their counsel, Morrison Mahoney LLP, respectfully submit this Partial Objection to Plaintiff's Emergency Motion to Obtain Transcript of 11-30-23 Hearing (Doc. 180), stating as follows:

1. On November 30, 2023, this Court conducted a case management conference. The next day, the Court summarized the hearing and entered an order as follows:

> On November 30, 2023, the court held a case management conference. During the conference, the court addressed several pending motions and its intended approach in ruling on them. As discussed during the conference, plaintiff Andre Bisasor's motion to amend his complaint (doc. no. 83) is denied without prejudice to being refiled in a manner that complies with the court's local rules, e.g., LR 15.1, on or before January 18, 2024. The court granted Bisasor's request for the January 18 deadline because of his assurance that it gives him sufficient time given all his circumstances and the other deadlines he faces in this and other cases. As such, no further extensions will be provided. Because an accepted amended complaint would moot the pending motions to dismiss (doc. nos. 70, 81), LR 15.1(c), further briefing on defendants' motions to dismiss and Bisasor's related motions to "declare choice of law" and to strike (doc. nos. 112, 113, 117) is stayed pending further order of the court. Bisasor's reply with respect to the motion to remand (doc. no. 84) is due on or before December 11, and

1

> Bisasor shall comply with the page limits set forth in LR 7.1(e)(1). With Bisasor's agreement, there will be no extensions to that deadline. Additionally, the parties agreed that given the court's focus on Bisasor's motion to remand and his forthcoming motion to amend, no further motions will be filed except, to the extent necessary, a motion for jurisdictional discovery related to the pending motion to remand, which is due on or before December 11.
>
> The court addressed Bisasor's motion to clarify (doc. no. 82) during the conference, so that motion is granted in that the court explained the matter to Bisasor. The motion is otherwise denied. Bisasor's motion for reasonable accommodation (doc. no. 109) is denied without prejudice. The accommodation Bisasor identified in the hearing, a standing extension of the court's filing deadlines, is not appropriate, but the court will consider reasonable extensions on a case-by-case basis when circumstances warrant, as it has done throughout this matter. Bisasor's motion to exceed the page limits (doc. no. 114) for his objection to the Donais defendants' motion to dismiss is denied as stated on the record. Bisasor's motion to stay briefing deadlines (doc. no. 111) is granted to the extent stated in this order and otherwise denied. Bisasor's motion to confirm the time allotted and agenda for the case management conference (doc. no. 131) is denied as moot.

2. Now, more than four months later, Plaintiff contends that he requires a transcript of this hearing because it somehow relates "to the replies to the defendants' objections to the motion to amend the complaint as well as in relation to the magistrate's ruling on 3-21-24, among others.

3. While the Donais Defendants do not object to Plaintiff obtaining the transcript, they do object to any request by Plaintiff that the need for the transcript is emergent or required before he can "properly present arguments" to this Court in any matter.

4. First, the hearing was a Case Management Conference, and this Court issued the above order as a result. The order is clear, and there is no need for a transcript.

5. Also, the Donais Defendants view plaintiff's request as nothing more than a delay tactic. If the motion is granted, Plaintiff no doubt will seek extensions on his several upcoming filing deadlines in this matter pending receipt of the transcript. Once the transcript is

obtained, the Donais Defendants anticipate that Plaintiff will then move to correct the transcript, as he has done previously. (See Doc. 64, wherein he filed an emergency motion to correct the transcript of the July 27, 2023 hearing and to obtain the audio recording of the hearing.)

6. Thus, while Plaintiff may obtain the transcript to any court proceeding, the Donais Defendants object insofar as Plaintiff's motion suggests that he cannot meet upcoming filing deadlines without a copy of the transcript.

7. Wherefore Craig Donais, Mary K. Donais and Donais Law Offices PLLC respectfully request that this Honorable Court:

A. To the extent Plaintiff contends that he needs the transcript on an emergency basis in order to prepare upcoming filings, deny Plaintiff's Emergency Motion to Obtain Transcript of 11-30-23 Hearing (Doc. 180); and

B. Grant such other and further relief as is equitable and just.

          Respectfully submitted,

          FOR THE DEFENDANTS,
          CRAIG DONAIS,
          DONAIS LAW OFFICES PLLC and
          MARY K. DONAIS

          By Their Attorneys,

          */s/ Linda M. Smith*

          Edwin F. Landers, Jr., #17297
          elanders@morrisonmahoney.com
          Linda M. Smith, #265038
          lsmith@morrisonmahoney.com
          Center of New Hampshire Office Tower
          650 Elm Street, Suite 201
          Manchester, NH 03101
          (603) 622-3400

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **OBJECTION** to all parties in this action by serving same via First Class U.S. mail, postage prepaid and/or electronic mail to:

| | |
|---|---|
| Andre Bisasor, Pro Se<br>679 Washington Street, Suite #8-206<br>Attleboro, MA 02703 | William Saturley, Esq.<br>Daniel R. Sonneborn, Esq.<br>Preti Flaherty<br>60 State Street, Suite 1100<br>Boston, MA 02109<br>wsaturley@preti.com<br>dsonneborn@preti.com |

Date:   April 8, 2024                    */s/ Linda M. Smith*
                                                        Linda M. Smith