UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

## ADDENDUM TO PLAINTIFF'S EMERGENCY MOTION TO CLARIFY HEARING

1. I the plaintiff provide the following addendum to the motion to clarify hearing.

2. I am concerned that Mr. Cornell's presence will serve as a distraction for me as a pro se plaintiff. I am also concerned that the effect could or may result in intimidation.

3. Mr. Cornell is a government official. It is highly unusual for him, given all the things he could be doing with his time, to take singular interest in seeking access to the hearing today in this case.

4. What if the attorney general or the police chief or the mayor or the governor suddenly out of the blue suddenly requests to attend a status hearing in this case by zoom, without warning or without courtesy to me as the plaintiff as to why this is being done? This would strike any reasonable person as very odd at the very least. It would also send off red flags that something is afoot.

5. I have asked Mr. Cornell by email several times about this and he has failed or refused to respond, thus clearly intentionally leaving me in the dark. NB: I am fairly certain that he has communicated with the defendants about his attendance and the reasons therefor.

6. Given that I am left in the dark, I further felt it now necessary to file this addendum, to give the court an understanding of where my concerns are coming from.

7. My concerns are further based on the following.

    a. The ADO is a defendant in a right to know/public access case that I filed in state court of NH and that is still pending full resolution in state court. The right to know/public access case includes but is not limited to case files pertaining to Craig Donais and a disciplinary complaint filed by a Connecticut superior court judge and Connecticut disciplinary counsel in or around 2016. The ADO and the defendants in this case (Donais and Hilliard) have been colluding or

      coordinating behind the scenes in the right to know/public access case, with respect to my accessing the prior case files of Donais. I have been seeking these files since 2020 until the present. These files are important because they likely go to show a pattern of Donais regarding certain ethical violations.

   b. I also have civil rights claims against the ADO which I have made known to the ADO, including ADA claims. The ADO is thus not a neutral party. In fact, I would assert that he is a hostile party.

8. There is some particular history with respect to Mr. Cornell, as follows

   a. In an ADO case brought by my wife against Donais, my wife raised concerns about being mistreated by Mr. Cornell and that he was biased. As a result, I later became her legal representative in order to shield my wife from such mistreatment by Mr. Cornell. I also later encountered similar problems with Mr. Cornell. Mr. Cornell was very antagonistic towards myself in the ADO case. Mr. Cornell was having one-sided conversations with Hilliard (who represented Donais). Mr. Cornell also allowed Donais/Hilliard to do and get away with certain things that further raised concerns about bias. It is also my understanding from my conversations with Mr. Cornell that he has a personal relationship with one of the defendants (Hilliard). I thus raised concerns that Mr. Cornell was biased or conflicted more than once in the ADO matter, for these and other reasons.

   b. I also, on more than one occasion, filed complaints against Mr. Cornell with the head of the ADO seeking that he be replaced or recused. I also filed an HR complaint with the NH Administrative office of the courts. I then experienced what I believe was retaliation by Mr. Cornell, and I brought this to the attention of the Head of the ADO Brian Moushegian. Eventually, Mr. Moushegian took over from Mr. Cornell in the handling of the matter towards the latter parts of the matter. Mr. Cornell was thus replaced in the ADO case, as far as I understand.

    c. Although the claims in this case are not directed at the ADO nor involve the ADO as a party, it is possible that Mr. Cornell might be called as a potential witness in this case. As a potential witness, I believe it might be improper for a witness of the kind that Mr. Cornell is or might be, to be attending the hearing at this stage, given the disproportionate power imbalances as a government official.

    d. NB: It should be noted that Mr. Cornell, at one point, suggested that I pursue a defamation case in civil court because the ADO is not the right place to pursue such a claim and that the ADO is not designed to resolve he said/she said matters, or something to that effect (I am paraphrasing from memory).

9. The bottom line, is that I am concerned why is Mr. Cornell seeking to attend via zoom, a status hearing in this case. This is not a trial proceeding at this early stage of the case. It is not even a summary judgment hearing. It is an early pretrial status hearing that is still at the motion to dismiss stage. Is Mr. Cornell interested in the procedural status of this case? the scheduling of deadlines in this case? This seems irregular and/or improper. Without any further information about this, I am thus concerned that this is intended as a distraction or as some kind of intimidation.

10. What interest does Mr. Cornell have to appear, on zoom, in this hearing? Is this a show of support for the defendants or standing in solidarity with the defendants? is this intended to send signals to the court or to curry favor with the court on behalf of the defendants? Is this to intimidate the court itself?

11. I have the right to not be intimidated or distracted in a hearing in my own case.

12. This is not an evidentiary hearing where witnesses will be called upon.

13. I will ask the court to not allow Mr. Cornell to attend the hearing today.

14. Conversely, if he attends, I would like to know what is the reason for his attending. Also, is this in his personal capacity or for the ADO?

15. NB: There is no pending case at the ADO as far as I know since the ADO complaints filed by my wife have long been closed.

16. It is signaling something that he is taking an interest to seek access to this status hearing.

17. Also, given that we all will be on zoom, Mr. Cornell's screen will be right there in my view throughout the hearing. At least in a physical hearing in the courthouse, he would have to sit in the back and not right up in front of me during the hearing.

18. Also, if he gives any facial expressions during the hearing, it could influence the court. Again, I am asserting that Mr. Cornell is not a neutral party.

19. Moreover, did he communicate with the defendants about his attending this hearing? Did the defendants reach out to him to ask him to attend the hearing?

20. NB: the defendants are well-connected and powerful members of the legal community of NH. Several judges in NH state court have had to recuse themselves for conflicts. So has the chair of the PCC committee. NH is thus not a favorable legal environment for me as a pro se non lawyer, and as an outsider to the state and because of the incestuous networks of the defendants in this case. If there is surreptitious coordination between the defendants and the ADO, then this would be another example of that incestuous connections in NH.

21. Lastly, is anyone else attending this hearing? can anyone just sign on and attend this hearing?

Respectfully submitted,<br>
/s/ Andre Bisasor<br>
Andre Bisasor<br>
April 22, 2024

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor<br>
Andre Bisasor