UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Andre C. Bisasor

    v.       Civil No. 23-cv-374-JL

Craig Donais, et al.

**O R D E R**

    Plaintiff Andre Bisasor moves for appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1). Doc. no. 110. Bisasor asserts that litigating in federal court is difficult because he is pro se and that he has medical conditions that preclude him from complying with the court's deadlines.

    Section 1915(e)(1) provides the court authority to "request an attorney to represent any person unable to afford counsel." To qualify under § 1915(e)(1), the movant must demonstrate that he is indigent <u>and</u> that such "exceptional circumstances" exist that denying counsel will likely result in "fundamental unfairness" that impairs the movant's due process rights. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); Forte v. Comm'r of Corrs., 134 F. Supp. 3d 654, 655-56 (D. Mass. Sept. 28, 2015); Porter v. Grondolsky, No. CA 12-11176-TSH, 2013 WL 321844, at *3 (D. Mass. Jan. 25, 2013). The totality of the circumstances should be considered in evaluating whether "exceptional circumstances" exist, including the movant's ability to conduct the necessary factual investigation; the complexity of the issues involved; the movant's capabilities; the movant's likelihood of success; and the movant's prior experience litigating his claims. See DesRosiers, 949 F.2d at 24; Forte, 134 F. Supp. 3d at 656.

    Bisasor does not qualify for pro bono counsel under § 1915(e)(1).[1] First, he has not proven his indigency in this court. This alone precludes the application of § 1915(e)(1).

---

[1] To be clear, under § 1915(e)(1), the court only has authority to request that an attorney volunteer to represent a litigant. E.g., Brown v. U.S. Dep't of Veterans Affairs, No. 18-cv-54-PB,

Second, even if Bisasor were to demonstrate that he is indigent, the "exceptional circumstances" necessary to warrant pro bono counsel under § 1915(e)(1) do not exist. The law and facts in this case are sufficiently straightforward that Bisasor can ably represent himself, and Bisasor has on several occasions provided lengthy accounts of both the factual and legal underpinnings of his case. The mere fact that Bisasor proceeds pro se – a challenging but not uncommon endeavor in this court – is not an "exceptional circumstance" warranting the use of scarce pro bono resources. See Aung v. Ctr. For Health Information & Analysis, No. 14-14402-PBS, 2015 WL 4638472, at *2 (D. Mass. July 31, 2015) ("[D]espite the fact that Aung is unskilled in the law and may have a difficult time proceeding pro se, this Court cannot find that exceptional circumstances exist that would warrant appointment of pro bono counsel in this case.").

Bisasor contends that his medical conditions constitute exceptional circumstances. But in the last year Bisasor has filed no less than 50 motions in this case. Many of these motions are of substantial length and include detailed legal reasoning. The volume of Bisasor's written filings undermines his claim that he is incapable of preparing necessary pleadings within reasonable timeframes. Bisasor also demonstrated that he can understand and apply this court's rules when held to them, and he has shown he can draft coherent legal arguments and pleadings within the time periods required by the court's rules.

Finally, Bisasor has extensive prior experience litigating claims. He is no stranger to the courtroom. Over the last ten years, Bisasor has brought at least 13 other lawsuits, demonstrating in many of these other cases the ability to ably present the facts underlying his claims as well as coherent legal arguments. E.g., Bisasor v. Slavenskoj, No. 1484-cv-3606 (Suffolk Cty. Sup. Ct.,

---

2019 WL 13137934, at *1 (D.N.H. Oct. 15, 2019). The court cannot require an attorney to represent Bisasor unpaid. Of course, the court's denial of Bisasor's motion under § 1915(e)(1) does not preclude Bisasor from searching for and obtaining counsel, pro bono or otherwise retained, on his own.

filed Nov. 18, 2014); Bisasor v. RAR2 Jefferson at Dedham Staton, Inc., No. 1582-cv-19 (Norfolk Cty. Sup. Ct., filed Jan. 7, 2015); Bisasor v. Ashton, No. 15-cv-13656-JGD (D. Mass., filed Oct. 15, 2015); Bisasor v. Roosevelt, No. 1684-cv-1298 (Suffolk Cty. Sup. Ct., filed Apr. 22, 2016); Bissasor v. John Flatley Co., No. 1981-cv-3513 (Middlesex Cty. Sup. Ct., filed Nov. 30, 2019); Bissasor v. Aufiero, No. 1981-cv-3780 (Middlesex Cty. Sup. Ct., filed Dec. 19, 2019); Bissasor v. Donais, No. 2081-cv-87 (Middlesex Cty. Sup. Ct., filed Jan. 9, 2020); Bisasor v. Brooks, No. 2173-cv-884 (Bristol Cty. Sup. Ct., filed Dec. 7, 2021); Anderson v. Todisco Servs. Inc., No. 2234-cv-730152 (Attleboro Dist. Ct., filed July 1, 2022); Bisasor v. Donovan, No. 22-cv-264-SE (D.N.H., filed July 19, 2022); Bisasor v. Golden, No. 2377-cv-436 (Essex Cty. Sup. Ct., filed May 8, 2023); Bisasor v. FedEx Office & Print Servs., Inc., No. 2384-cv-1189 (Suffolk Cty. Sup. Ct., filed May 19, 2023); Bisasor v. Graeme, No. 2381-cv-2467 (Middlesex Cty. Sup. Ct., filed Aug. 30, 2023).

For all of those reasons, the court finds Bisasor's assertion that he is not capable of litigating his case unpersuasive. Bisasor's motion for appointment of counsel is denied.

_____
Talesha L. Saint-Marc
United States Magistrate Judge

April 24, 2024

cc:   Andre C. Bisasor, pro se
      Counsel of Record