UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC; UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**EMERGENCY MOTION TO SEAL AND OTHER RELIEF**

1. I hereby submit this emergency motion for the following relief. Grounds are as follows.

2. It has come to my attention that the docket entry for #188 (which was sealed at level II and recently ordered to be stricken by the court) now appears publicly on the docket and contains description of confidential information regarding the attachments (i.e., descriptions containing medical information/references).

3. No medical information is supposed to be made public or shared with anyone, as it was sealed at Level II.

4. My medical information is confidential and the court should not usurp my right to determine whether I want my medical information, or references to such information, shared with the public or the defendants.

5. In this instance, the court did not even reveal the information at level I sealing, but totally unsealed publicly the references to my medical information, information that I consider private and did not want public.

6. Furthermore, the stricken entry should not disclose medical information simply because it is stricken. That is a harm to me. I would never have made the filing with those descriptions if this is the outcome. The clerk has issued notices in the past that I, when submitting filings, must provide details of the description of the attachments that accompany motions. In filing my confidential motion and the attendant confidential attachments, I followed the clerk's instructions to describe the attachments, which I labeled as confidential in the heading and the description of the attachments. When I filed these under level II seal, I fully expected that the descriptions were under level II seal. As the rules state, if there is any issue with respect to the level II sealing and the court intends to deny sealing in any respect, the matter should be returned and treated as never filed, meaning no confidential info. should be shared at all, otherwise that would defeat the purpose.

7. When I filed the recent motion for correction last week, it was clear that my intent was to protect all medical information and references at level II, including defendants. The court then ordered the filings stricken.

8. When I asked the clerk office if this was a clerk error to reveal the info in the entry, and to correct the error, I was told that the judge ordered that this information be unsealed and that I must file a motion to seal.

9. I am taken aback by the fact that I have to be dealing with this. This is the third occasion now that I have had to take time to address a problem with the court unilaterally revealing information that I intended to keep confidential, without protecting my rights under the rules and where I have to take time to get it addressed or rectified. I have the right to have my private HIPAA information protected and if I self-disclose certain information to the court under seal, the court should not be revealing that information in contravention of the rules regarding sealing, which rules provide that I have the right to determine whether I want such information made public or shared with anyone, or not.

10. I am not sure when this entry was made public but every moment it remains public, it is a harm to me. It is urgent that this be corrected promptly i.e. the references sealed at level II or removed from the entry.

11. Also, there is a problem where the clerk does not send me notice of when changes are made to the docket or when such entries are made to the docket. I did not receive notice of when the clerk entered the entry for #188 nor when the stricken entry was entered. This is a harm to me. [NB: I can't see the docket because of no access to pacer, as the court is aware.]. I also have not received the redacted motion to seal that the clerk was supposed to file in this case based on the order of the court from the 4-23-24 hearing. I ask that I be sent a copy of the redacted motion to seal that the clerk redacted.

12. Given the nature of this motion, concurrence from the defendants is not necessary (as was stated by the defendants in their filing seeking review of sealed documents in which they did not seek concurrence).

13. This is styled as an emergency because of the nature of the harm and time sensitivity of the issue involved.

14. For all these reasons, the motion should be granted or any other relief the Court deems proper.

15. I ask for a pro se liberal construction and that the court not reveal further medical information in its order.

Respectfully submitted,
/s/ Andre Bisasor

May 6, 2024                                                                                                                Andre Bisasor

CERTIFICATE OF SERVICE
I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor