UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

## **MOTION FOR SANCTIONS AGAINST THE DONAIS DEFENDANTS**

1. I the plaintiff hereby move for sanctions against the Donais defendants, and also request that the court issue a findings of fact that defendant Donais' assertion, that Donais was not served process in the Middlesex Superior Court case, is false. I thus also move for sanctions including and up to sanction of dismissal. Grounds are as follows.

## **A. DONAIS' INTENTIONAL FALSE STATEMENTS TO THIS COURT**

2. The Donais defendants, in their opposition to the motion to amend complaint, misstated the facts regarding the underlying reason for dismissal in the related Middlesex superior court case. The Donais defendants know the truth but have tried to mislead or deceive this court.

3. In particular, the Donais defendants stated in the objection, on page 7 of their opposition to the motion to amend complaint, that:

> Plaintiff alleges that the Massachusetts savings statute, M.G.L. c. 260, §32, is triggered based upon the dismissal of his Middlesex Superior Court complaint. (Doc. 161-1, ¶301.) Plaintiff is incorrect. Attached hereto as Exhibit A is the docket summary for 2081CV00087. Therein, the Middlesex Superior matter was dismissed on August 2, 2021 as "service not completed for any party by deadline review." The matter evidently was dismissed for lack of service of process, even after Plaintiff obtained several extensions of time to serve the complaint. (Ex. A.) Plaintiff's failure to serve Donais – the only defendant in the matter - with process in the Middlesex Superior Court matter is the equivalent of a voluntary discontinuance for the plaintiff's deliberate neglect to prosecute his lawsuit. In such circumstances, the savings statute does not save Plaintiff's time-barred claims. Plaintiff's failure to effectuate service of process is not by reason of an unavoidable accident or because of default or neglect by the officer to whom such process is committed.

4. However, contrary to the above assertions by the Donais defendants, I did serve Donais with service of process. Donais also lied to courts[1] previously stating that he wasn't served process.

---

[1] For example, Donais made the following statement to a Middlesex superior court judge on 11/30/21, where I was not present on an ex parte basis:

MR. DONAIS: I'm Craig Donais, although I haven't been served and so I don't have an appearance in on this case.
....
THE COURT: Okay. So, Mr. Donais, or Attorney Donais, but in this case --- you're a named defendant in a case that's not been served upon you yet.
MR. DONAIS: Correct.
...
MR. DONAIS: …I've never been served…

1

5. Such statement by Donais is false and can be proven false by the fact that a US post office postmaster has confirmed that Donais did receive service of process from me, with a certified US post office mailing sent to Donais on July 16, 2021. Because Donais was located at the time in New Hampshire, I was authorized under the long arm statute to serve process on him by mailing to him certified mail, which I did, with proof of receipt provided. A US postal service postmaster has provided written proof and mail delivery receipt, confirming that Donais received the mailing of the certified mail containing the service documents. But Donais lied to courts, more than once, averring that he was not served, and thus did not receive any mailing of the summons and complaint from me in that case. This is a bald and egregious lie.

6. One example of proof that Donais received the certified mailing from me includes the following email from the US postmaster showing the name and address of the recipient of the certified mail package being Craig Donais.



7. The below further shows proof from the US postmaster (David Labrie) of a signed receipt of the certified mail with tracking number of package I mailed to Donais at his address in NH.

**UNITED STATES POSTAL SERVICE**

August 12, 2021

Dear David Labrie:

The following is in response to your request for proof of delivery on your item with the tracking number: 9507 1067 0961 1197 2653 69.

**Item Details**

| | |
|---|---|
| Status: | Delivered, To Original Sender |
| Status Date / Time: | July 27, 2021, 2:50 pm |
| Location: | MANCHESTER, NH 03104 |
| Postal Product: | First-Class Mail® |
| Extra Services: | Certified Mail™ |

**Shipment Details**

| | |
|---|---|
| Weight: | 12.0oz |

**Recipient Signature**

| | |
|---|---|
| Signature of Recipient: | [signature] |
| Address of Recipient: | [handwritten] |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

8. This thus proves that Donais has lied. I thus have statements and documents by the US post office confirming that Donais was served process. The dismissal was thus not a failure to prosecute the case. The state court dismissed the case on a technicality, in that the proof for service was not received by the court within a certain time and the state court prematurely entered a 1-88 dismissal.

9. NB: This is what the current appeal in the MA appeals court is all about and the appeals court will likely reverse the 1-88 dismissal and remand the case to the Middlesex superior court. By the wat, this is another reason why this court should stay this case and allow the appeals court to resolve this issue, especially since the defendants have now made this a key issue to be resolved for this case. The defendants keep making big noise about the fact that there is a pending case in MA appeals court and keep using this to somehow persuade the court of whatever they next try to argue. But this cuts both ways as their emphasis on the importance of this prior state court case in MA, supports giving that prior first filed case in MA, the preference and priority, and thus this case should be stayed.

3

10. Also, I did serve process on Donais before the deadline to serve process was expired.

11. This is thus a significant dispute of fact with respect to the assertions made by the Donais defendants in their objection. Donais asserts in his objection that I failed to serve him process. This is a lie. His only way to try to now explain this lie is to assert that the postal employee did not comply with certain requirements for service, even though the postal employee gave Donais the service of process documents and thus did serve him process. If this is Donais' defense to this blatant lie, using such a hyper-technical argument, then it further establishes that according to Donais, it was a mistake by the post employee, which would prove that the savings statute must apply. The only way to know if this is what Donais will use to explain his lie is to get Donais under oath to answer discovery. Even so, it would still be a lie because he falsely gave this court the wrong impression that he did not receive the service of process documents at all and that I "failed" serve him the documents .

12. Donais has made this squarely a major issue by averring that I failed to serve him, that he was not served and that this was a matter of my failure to prosecute, which is a bald lie.

13. Donais received the service of process documents from me via the US post office/postal employee by certified mail. If so, what date stamp was on the certified mailed documents? When did Donais receive the certified mailed documents? Does Donais currently have the certified mailed documents and envelope, and did Donais preserve the certified mailed documents and envelope, and can he produce the certified mailed documents and envelope now?  Why exactly is Donis saying he was not served the mailed documents? Does he assert that the postal employee did something wrong when the postal employee gave Donais the certified mailed documents? Does Donais deny that the postal employee gave him the certified mail documents? Why would the post office and postal employee say that they gave Donais or delivered to Donais the certified mailed documents that are at issue? Donais needs to come clean and answer these questions.

14. These are critical questions that must be answered in order to resolve whether Donais was served the documents in question (pursuant to the long arm statute), whether the plaintiff failed to serve Donais, and

thus whether the savings statute applies to refute the defendants statute of limitations defenses as asserted in their objection to the motion to amend complaint. NB: It is also predictable that the defendants will not even answer these questions in their response to this motion.

15. Therefore, I hereby request an evidentiary hearing. The integrity of these proceedings are at stake.

16. I hereby request that the court issue a finding of fact that defendant Donais' assertion or allegation that the Donais defendants was not served summons and complaint service of process documents by a United States Postal worker by certified mail in July 2021, is false. Donais' reference, in his objection, to the failure of the plaintiff to serve such documents at all in state court is not true.

### B. THE NEED FOR THIS MOTION

17. This motion is necessary because Donais has made an intentional material false statement to this court. It is also necessary in order to clarify and protect the record. It is also necessary to preserve the integrity of these proceedings. It is also necessary to hold lawyers accountable for upholding the high standards of truth and candor required by the court.

18. This false statement is a statement of fact. The statement is also relevant and material because Donais uses it as his central point for seeking relief. It is not a side point or peripheral statement. It is central and crucial. It is also intentional. The statement was made with a clear intent and objective. This was not done inadvertently or by accident. It was done with full consciousness by Donais. The statement is verifiably and provably not true. A statement can be proven not true if it can be falsified by other facts. The plaintiffs have provided proof.

19. Therefore, Donais' statement is not true. It is not accurate. It is not factual. It is false.

20. There is simply no way around this fact.

21. Therefore, the plaintiffs ask that the court issue a finding of fact that comports with the above clear and indisputable set of facts.

22. NB: This is compounded by the fact that, after the plaintiff has showed that the statement was false, instead of correcting this false statement, Donais doubled down, reiterated and repeated this false statement in multiple filings

thereafter. This is further evidence of intent. It is also evidence of malice. And rather than coming clean in response to this motion, he will further double down.

### C. SANCTIONS

23. Donais should be held to account for this blatant false statement including up to default judgment.

24. Because of the nature of the claims in this case relating to false statements in the underlying facts of the case, it adds insult to injury for Donais to engage in false statements to the court to try to influence the outcome and the fair administration of justice.

25. Rule 11 provides that the "signature of an attorney" to any pleading "constitutes a certificate" that there is "good ground to support [the pleading]; and that it is not interposed for delay."

26. Default judgment is warranted, or such other sanctions as this Court deems just and proper.

### D. CONCLUSION

27. The plaintiff hereby request a hearing on this motion.

28. Please grant a pro se liberal construction to this pleading.

29. Please grant the relief requested or any other relief the court deems fair, right, just, equitable or proper.

Respectfully submitted,<br>
/s/ Andre Bisasor<br>
Andre Bisasor

May 9, 2024

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor<br>
Andre Bisasor