UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

## EMERGENCY MOTION FOR CLARIFICATION ON ITEMS PERTAINING TO PLAINTIFF'S INTENT TO RENEW MOTION TO WAIVE PACER FEES AND TO RENEW MOTION FOR APPOINT OF COUNSEL AND RENEW MOTION TO OBTAIN FREE TRANSCRIPT AND ON THE SEALING OF DOCUMENTS IN SUPPORT OF INDIGENCY

1. I hereby move for clarification on the following items on expedited or emergency basis. Because of circumstances previously explained to the court under seal, I am now only able to file this motion and do so on an expedited basis.

## I.  ORDERS OF THE COURT

### A. Points Concerning Court's Order on Motion for Transcript

2. On April 9, 2024, the court issued an order on the motion for transcript:

   ENDORSED ORDER denying re 180 Motion for EMERGENCY MOTION TO OBTAIN TRANSCRIPT OF 11-30-23 HEARING. Text of Order: Plaintiff Andre Bisasor filed an "Emergency Motion to Obtain Transcript" of the court's November 30, 2023 case management conference. Doc. no. 180. The Donais defendants filed an objection (doc. no. 181), and Bisasor filed a reply (doc. no. 182). Bisasor's motion is denied. First, Local Rule 80.1 provides the procedure for obtaining a written transcript of court proceedings from the court reporter. The court reporters' fee schedule is available on this court's website, https://www.nhd.uscourts.gov/court-reporters-transcripts. Bisasor may use that procedure to obtain a transcript. Second, Bisasor asks that the court waive the court reporter's fees for obtaining the transcript on the basis of indigency. A request for a transcript at public expense in a civil case is primarily governed by 28 U.S.C. § 753(f). See Strahan v. Holmes, 686 F. Supp. 2d 129, 130 (D. Mass. 2010). And while § 753(f) enumerates limited circumstances in which the court may direct reporter fees to be paid by the public treasury, none of them apply here. See § 753(f) (listing certain circumstances in criminal proceedings, habeas corpus proceedings, and nonfrivolous appeals in "other proceedings") Barcelo v. Brown, 655 F.2d 458, 462 (1st Cir. 1981) (stating that district courts "rather clearly... lack power to direct such a payment in the absence of an appeal") see also 28 U.S.C. § 1915(c) (noting that the court may direct reporter fees to be paid by the United States if a transcript of a proceeding before a magistrate judge is required by the district court). Therefore, even assuming Bisasor's indigent status (Bisasor has not filed any financial affidavit establishing such status in this court), he is not entitled to a transcript of the November 30, 2023 case management conference at the taxpayer's expense. Bisasor may request a transcript using the procedure under Local Rule 80.1. So Ordered by US Magistrate Judge Talesha L. Saint-Marc. (ko)

3. It should be noted that I intend to seek appeal on these matters. I need the transcripts for review by the district court (i.e. to reconsider and object to magistrate ruling) and also if necessary, by the appellate

1

court/first circuit. I thus need the transcript for these reasons and thus this falls under the criteria for a free transcript to be provided.

4. It should also be noted that that I am seeking a transcript of both the 11-30-23 hearing as well as the 4-23-24 hearing, and also the upcoming hearing on 5-24-24, when it comes.

### B. Points Concerning Court's Order on Motion to Waive Pacer Fees

5. On April 10, 2024, the court issued an order on the motion to waive pacer fees:

> ENDORSED ORDER denying re 178 Emergency MOTION for Reconsideration | [EMERGENCY] MOTION FOR RECONSIDERATION OF EMERGENCY MOTION TO WAIVE PACER FEES AND ALLOW FREE ACCESS TO PACER WITH REQUEST FOR EXPEDITED RULING AND STAY ALL PROCEEDINGS PENDING RESOLUTION OF THIS MOTION. Text of Order: Plaintiff Andre Bisasor moves for reconsideration (doc. no. 178) of the court's order denying his motion for a waiver of PACER fees. The motion is denied. A motion to reconsider must demonstrate that the court's order was based on a manifest error of fact or law. See LR 7.2(d); United States v. West, No. 22-cv-232-JL-TSM, 2023 WL 7181629, at *2 (D.N.H. Oct. 11, 2023), R&R approved, 2023 WL 8455024 (Dec. 6, 2023). Bisasor asserts that the court provided no rationale for denying his motion to waive PACER fees. This is incorrect because the court issued an opinion explaining its reasons. Doc. no. 160. In short, the court observed that indigent status **(which Bisasor has not established in this court in any event)** alone does not support a request to waive PACER fees, noting, for example, that the automatic fee exemptions allow Bisasor to receive one free copy of documents and court orders filed in his case without charge and that the entire PACER database can be accessed for free using the public access terminals in any federal courthouse. That Bisasor accepted but failed to pay significant PACER fees notwithstanding PACER's automatic fee exemptions does not warrant awarding him a complete fee exemption. Bisasor's motion to reconsider (doc. no. 178) is denied. So Ordered by US Magistrate Judge Talesha L. Saint-Marc. (ko)

6. NB: I previously laid out some of my response to the above in my notice of intent. See attached **Exhibit 1.** To save space, I hereby incorporate this filing as if fully repeated herein.

### C. Points Concerning Court's Order on Motion for Appointment of Counsel

7. On April 10, 2024, the court issued an order on the motion for appointment of counsel, as follows:

> O R D E R Plaintiff Andre Bisasor moves for appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1). Doc. no. 110. Bisasor asserts that litigating in federal court is difficult because he is pro se and that he has medical conditions that preclude him from complying with the court's deadlines. Section 1915(e)(1) provides the court authority to "request an attorney to represent any person unable to afford counsel." To qualify under § 1915(e)(1), the movant must demonstrate that he is indigent and that such "exceptional circumstances" exist that denying counsel will likely result in "fundamental unfairness" that impairs the movant's due process rights. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); Forte v. Comm'r of Corrs., 134 F. Supp. 3d 654, 655-56 (D. Mass. Sept. 28, 2015); Porter v. Grondolsky, No. CA 12-11176-TSH, 2013 WL 321844, at *3 (D. Mass. Jan. 25, 2013). The totality of the circumstances should be considered in evaluating whether "exceptional circumstances" exist, including the movant's ability to conduct the necessary factual investigation; the complexity of the issues involved; the movant's capabilities; the movant's likelihood of success; and the movant's prior experience litigating his claims. See DesRosiers, 949 F.2d at 24; Forte, 134 F. Supp. 3d at 656. Bisasor does not qualify for pro bono counsel under § 1915(e)(1).1 **First, he has not proven his indigency in this court. This alone precludes the application of § 1915(e)(1)**.

2

[1 To be clear, under § 1915(e)(1), the court only has authority to request that an attorney volunteer to represent a litigant. E.g., Brown v. U.S. Dep't of Veterans Affairs, No. 18-cv-54-PB, 2 **Second, even if Bisasor were to demonstrate that he is indigent, the "exceptional circumstances" necessary to warrant pro bono counsel under § 1915(e)(1) do not exist**] The law and facts in this case are sufficiently straightforward that Bisasor can ably represent himself, and Bisasor has on several occasions provided lengthy accounts of both the factual and legal underpinnings of his case. The mere fact that Bisasor proceeds pro se – a challenging but not uncommon endeavor in this court – is not an "exceptional circumstance" warranting the use of scarce pro bono resources. See Aung v. Ctr. For Health Information & Analysis, No. 14-14402- PBS, 2015 WL 4638472, at *2 (D. Mass. July 31, 2015) ("[D]espite the fact that Aung is unskilled in the law and may have a difficult time proceeding pro se, this Court cannot find that exceptional circumstances exist that would warrant appointment of pro bono counsel in this case."). Bisasor contends that his medical conditions constitute exceptional circumstances. But in the last year Bisasor has filed no less than 50 motions in this case. Many of these motions are of substantial length and include detailed legal reasoning. The volume of Bisasor's written filings undermines his claim that he is incapable of preparing necessary pleadings within reasonable timeframes. Bisasor also demonstrated that he can understand and apply this court's rules when held to them, and he has shown he can draft coherent legal arguments and pleadings within the time periods required by the court's rules. Finally, Bisasor has extensive prior experience litigating claims. He is no stranger to the courtroom. Over the last ten years, Bisasor has brought at least 13 other lawsuits, demonstrating in many of these other cases the ability to ably present the facts underlying his claims as well as coherent legal arguments.

8. First, the court made certain incorrect or invalid assertions in its order, including but not limited to, the fact my motion is based on ADA reasonable accommodation provisions of the law, not simply on "medical conditions". Also, the court made unfair references to so-called "50 motions" filed by me in this case. The court evidently has counted the motions first filed in the MA federal court before transfer to this court. Upon transfer, this court ordered that the several pending motions in that court be re-filed in this court. It is unfair to require that I refile motions in a prior court, in this court and then use that against me regarding the number of motions filed as proof that I do not need a lawyer. The count has been thus artificially inflated. This is further elucidated below.

9. It should be noted that most of the so-called 50 motions that I filed in this case were motions seeking extensions of time or ADA accommodations or relaxation of compliance with required rules, all of which contradicts the court's findings that by filing these motions it proves that I can file things on time and in compliance with the rules, and thus that I do not need a lawyer to help me and that I could do all of this by myself with no problem. Moreover, the court has chided me several times for not complying with the rules or for needing extensions and has essentially threatened to deny relief or implied other

negative action if I don't meet the rules or orders. It is thus self-contradictory for the court to then say that I can meet the rules and orders just fine, when this has been a major contention in this court. Moreover, the defendants have been making this point on numerous occasions, citing that they are annoyed by my requests for extensions and accommodations. Also, in the 11-30-23 hearing, I asked the court for a standing order for extension of time as an ADA accommodation but the court denied my request and instead invited me to file as many motions for extensions as needed, promising that the court will address those and accommodate them on a cases by case basis, "as it has done in the past", the court said. Because subsequently I saw that I was being prejudiced by having to keep coming to the court with several motions, and the defendants' complaints about that, I again reiterated my request, under the ADA, for a standing order so that I do not have to keep filing extension or accommodation motions. The court again denied that ADA request and in the 4-23-24 hearing promised that I would not be prejudiced by my needing to request extensions but then right after the next day issue this order whereby my extensions are used to prejudice me. By forcing me to keep repeating the same or similar motions for extensions or accommodations, the court set up a situation where I am forced to file the same or similar motions over and over again, which invariably adds to the number of motions that I have to file, but then the court unfairly uses the number of motions against me. This again is manifestly unfair. Similarly, this court took about 6 months to rule on the motion to appoint counsel since it was first filed in November 2023. It is totally unfair to drag out ruling on the motion on appointment of counsel, forcing me to have to file motions myself for the last 6 months, and then the court now turns around and uses that number of motions filed during the last 6 months (most of which were about extensions and accommodations of time, including reminding and reiterating the need for appointment of counsel) to assert that "see I don't need a lawyer to help me". This is totally flawed reasoning and evidently indicates an unfair bias.

10. I also filed several corrected motions of the same motions, correcting scrivener errors and other errors/corrections, which is not unusual as a pro se plaintiff. To add this to the count of motions again

is unfair and flawed. Similarly, the court or the clerk has ordered that I refile certain motions for being over the page limit, etc. On top of that, several motions were motions to seal confidential motions for ADA accommodations. Other motions were motions to clarify orders or correct orders including when the court made unfair rulings or made errors in its rulings that needed to be corrected or rectified. It is unfair to put me in a position where I am forced to address these issues by motion and then turn around and say "see. you don't need a lawyer." And if I don't address these, then I am prejudiced.

11. I also have tried to avoid filing certain basic motions on simple clerical or administrative matters by reaching out to the clerk office by email but then the court has chided me from doing so, and threatened to have the clerks ignore my emails if I email them about simply administrative matters or something to that effect (when I asked the court to clarify if I am banned from contacting the clerk, the court has not responded to my request).

12. I could provide other examples but the bottom line is that the court evidently has set up a draconian situation for me, like traps in Indiana Jones' temple of doom, where the court appears to be engaging in an unfair gotcha game, where no matter what I do, I am damned if I do and damned if I don't.

13. Another example of this is the wanton indiscriminate reference to the so-called 13 lawsuits that I filed in the past as evidence that I do not need a lawyer. Yet, 90% of those lawsuits were not litigated, did not have any opposing party enter an appearance, or were dismissed before service of process or were settled before service of process or before litigation actually began. None of this logically shows that I do not need a lawyer, contrary to the assertions of the court. In fact, in almost all of the lawsuits referenced by the court, I clearly needed numerous extensions of time, underscoring difficulty in prosecuting these cases by myself. Most of these cases have no actual litigation in it where I had an adversary to contend with, who for example was filing opposing motions, etc. In fact, almost all of the cases filed in 2023 have no litigation at all. This proves nothing. Simply filing a case as a pro se plaintiff does not prove that I do not need a lawyer and the court ought to know that. The court's broad indiscriminate references portrays a lack of proper diligence on the matter and evidences a superficial sense of validity, but is fundamentally

5

flawed. This is the same meretricious approach used by the court when it superficially threw out the number 50 for the number of motions filed as evidence that I do not need a lawyer. The trajectory of most of these cases referenced (except for a couple of cases where actual adversarial litigation was involved, none of which passed the motion to dismiss or summary judgment stage i.e., no case ever went to trial. Yet even these one or two cases show that I needed accommodation and extensions often, showing that I needed a lawyer).

14. Then the court glosses over or misstates the fact of the complexity of this case by insinuating that this case is a straightforward case. This is the farthest thing from the truth of the matter. This case clearly involves highly complex claims and issues including but not limited to, defamation claims and civil rights claims (which are typically treated as complex claims), and the 5 defendants with 2 big law firms representing them have advanced highly sophisticated and complex defenses and arguments including but not limited to anti-slapp defense under MA law while also arguing that NH law applies, when it suits them. This case is by no means a straightforward case. Because of this complexity, it buttresses the need for competent counsel to be appointed.

15. Moreover, most of these cases were in MA state court which is very different than litigating in federal court. MA state court is more conscientious about pro se litigants and the rules and procedures are easier to navigate. I have stated from the beginning of this case that I never wanted to litigate in federal court, that I opposed removal to federal court by the defendants, and that federal court is more difficult to navigate and that I was unfamiliar with federal court practice. One of the reasons why I need a lawyer in this court is precisely because this is a federal court case. I have also stated that litigating in NH is particularly problematic because NH has a small plaintiff's bar and that I have not been able to find a lawyer in NH, in large part because several lawyers (as well as judges) were conflicted out of assisting me because of the defendants' reach, power and influence and connections in the legal community of NH. On top of that, as stated in my complaint, the defendants have actively sough to interfere with or block

my attempts to obtain counsel in NH. All of these factors buttress the need for the appointment of counsel.

16. Also, the court has mischaracterized the facts and has failed to consider an important point regarding the need for ADA accommodations: namely, a number of ADA or medical issues that exist today, were not necessarily applicable to much of the past cases. It is error for the court to conflate everything into one without taking account when the ADA issues arose. Since the ADA issues arose recently, then the analysis regarding whether I need a lawyer based on these grounds cannot be based on a time when the ADA issues were not at issue. The court has thus violated my ADA rights and has violated the ADA law in so doing.

17. It is evident that the court wants to force the outcome of denying my motion for appointment of counsel, often grasping at invalid straws to make the outcome fit a predetermined result. This is buttressed by the fact that the court took 6 months to rule on this motion, even though I have been pleading with the court to rule on the motion for some time now. Then after 6 months, the court uses my words that I wrote 6 months ago in November 2023, and apply it as though I had just written it, including for example using the "50 motions" argument anachronistically. I may not be precise or artful in what I am saying here but I trust that the gist of what I am trying to say can be discerned.

18. The one thing that the court seems to hang its hat on, is the lack of a financial affidavit. So, it seems to me that if I file a financial affidavit, I should have a fair shot at obtaining appointment of counsel either under 28 U.S.C. § 1915(e)(1) or under the similar law that pertains specifically to the appointment of counsel on ADA grounds (I don't recall the exact statute but I trust the court knows what statute I am referring to) and which statute actually has a more lenient standard for granting counsel when ADA accommodations concerns are involved. Please construe these words liberally and not against me [NB: The court is required by law to construe my pleadings liberally and not against me, but he court has on several occasions now construed my words narrowly, against me, or in an unnatural manner to hurt me (see recent ruling on statement of concurrence on a motion for reasonable accommodations, etc.).

19. All the orders by this court cite or assert that there was no financial affidavit or proof of indigency proven or filed in this court, as a grounds for denial, but then the court further alluded to the sense that even if indigency were to be proven in this court, the court would still deny the motions. I am not clear if the court is saying that it is futile to file any financial affidavit or proof of indigency. This is important because if it is futile to file proof of indigency, then that may influence my course of action.

## II.  INTENT TO RENEW MOTIONS AND REQUEST FOR CLARIFICATION

20. On 4-11-24, I provided prior notice of my intent to renew my motion to waive pacer fees (Doc. 185).

21. I also intend to renew the motion to appoint counsel. I also intend to make explicit that the request is based on reasonable ADA accommodation grounds. I also intend to show that the court's findings or points used for prior denial are erroneous.

22. I also intend to renew the motion to obtain free transcript. I intend to show need for transcript based on the intent or need to seek review by the district court judge or by the first circuit.

23. However, before I do so, I need clarification on whether the court is saying that it is futile for me to renew these motions because even if I file a financial affidavit proving indigency in this court, this court will not grant any of these motions.

24. I also ask for clarification on whether the indigency documents to be provided in support of the above, such as any financial affidavit, can be sealed (upon request or otherwise automatically) from the public and from the defendants, at level II. This will involve private sensitive information that will be prejudicial to me if disclosed publicly. If I file proof of indigency, I would like this information to be sealed at level II. I am seeking clarification because I do not want any surprised or to be blindsided by having my information exposed unilaterally. Is the financial affidavit automatically sealed or should I file a motion to seal? Can this be construed as a motion to seal? NB: These defendants are particularly contentious and my private information will likely be exploited and used to oppress me.  I believe there is some precedent for sealing private financial information.

## III.  CONCLUSION

25. NB: I intend to provide further grounds in my renewed motions.

26. This is styled as an emergency because of the nature of the harm and time sensitivity of the issues involved. I need to obtain relief as soon as possible so that I can use it for time sensitive matters. I need the issues of the free transcripts, the access to pacer and appointment of counsel to be resolved urgently,
27. For all these reasons, the motion should be granted or any other relief the Court deems proper.
28. The defendants previously either opposed or did not concur with the issues of this motion, therefore I believe I can represent that the defendants do not concur. NB: I have not shared any private or confidential information with the defendants and this statement is not to be construed as such.
29. Please grant a pro se liberal construction to this pleading and please grant the relief requested.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

May 10, 2024

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor