UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

ANDRE BISASOR,

    Plaintiff,

v.

CRAIG S. DONAIS, RUSSELL F. HILLIARD, DONAIS LAW OFFICES, PLLC, UPTON & HATFIELD, LLP AND MARY K. DONAIS,

    Defendants.

Case No:1:23-cv-374-JL-TSM

### DONAIS DEFENDANTS' OBJECTION TO PLAINTIFF'S EMERGENCY MOTION FOR CLARIFICATION ON ITEMS PERTAINING TO PLAINTIFF'S INTENT TO RENEW MOTION TO WAIVE PACER FEES AND TO RENEW MOTION FOR APPOINT OF COUNSEL AND RENEW MOTION TO OBTAIN FREE TRANSCRIPT AND ON THE SEALING OF DOCUMENTS IN SUPPORT OF INDIGENCY (DOC. 201)

Defendants, Craig Donais, Donais Law Offices PLLC and Mary K. Donais (collectively "Donais Defendants"), by and through their counsel, Morrison Mahoney LLP, respectfully submit this Objection to Plaintiff's Emergency Motion for Clarification on Items Pertaining to Plaintiff's Intent to Renew Motion to Waive Pacer Fees and to Renew Motion for Appoint of Counsel and Renew Motion to Obtain Free Transcript and on the Sealing of Documents in Support of Indigency (Doc. 201), stating in support as follows:

1. On May 10, 2024, Plaintiff filed his emergency Motion for Clarification, purportedly seeking clarification on orders of this court issued on April 9, 2024 and April 10, 2024. He claims his motion raises time sensitive issues. (Doc. 201, ¶26.) The motion appears to argue for a reconsideration on three motions: Plaintiff's Emergency Motion to Obtain Transcript of 11-30-23 Hearing (Doc. 180), Plaintiff's Emergency Motion for Reconsideration of the denial

of his Motion to Waive Pacer Fees and Allow Free Access to Pacer (Doc. 178), and Plaintiff's Motion for Appointment of Counsel (Doc. 110).

2. Plaintiff begins with a recitation of his position that the referenced court orders contain incorrect and invalid assertions and unfairly referenced the history in this matter. (Doc. 201, ¶8.) He then discusses his position that the Court's reasoning is "flawed." (Doc. 201, ¶9.) Plaintiff then discusses his contention that the Court indiscriminately referenced other matters in which he has brought suit and that the court has misstated, glossed over, or mischaracterized facts. (Doc. 201, ¶¶13-16.)

3. Plaintiff next discusses the financial affidavit and proof of indigency issue, indicating that he is "not clear if the court is saying that it is futile to file any financial affidavit or proof of indigency" and he "needs clarification on whether the court is saying that it is futile for me to renew these motions…". (Doc. 201, ¶¶19, 23.) He also requests clarification on whether financial documents may be sealed. (Doc. 201, ¶26.)

4. Plaintiff essentially asks this court to advise him whether the motions he contemplates filing will be acted upon favorably.

5. The Donais Defendants suggest that Plaintiff once again is raising issues in an attempt to delay decisions in this matter. Despite a clear order more than a month ago on his motion to appoint counsel addressing both indigency *and* the requirements for appointment of counsel under 28 U.S.C. §1915(3)(1), Plaintiff has not filed a Motion to Reconsider or the intended renewed motion, but rather he has filed an Emergency Motion for Clarification. (Doc. 201, ¶21.) The Donais Defendants suspect that Plaintiff next will seek an extension of his May 13, 2024 deadline to file replies to the objections to his Motion to Amend his complaint and the

103577782

May 24, 2024 motion hearing based, in part, on his self-created outstanding "emergency" issues with respect to the appointment of counsel and pacer/transcript issues.

6. Plaintiff's Emergency Motion for Clarification on Items Pertaining to Plaintiff's Intent to Renew Motion to Waive Pacer Fees and to Renew Motion for Appoint of Counsel and Renew Motion to Obtain Free Transcript and on the Sealing of Documents in Support of Indigency should be denied.

Wherefore Craig Donais, Mary K. Donais and Donais Law Offices PLLC respectfully request that this Honorable Court:

A. Deny Plaintiff's Emergency Motion for Clarification on Items Pertaining to Plaintiff's Intent to Renew Motion to Waive Pacer Fees and to Renew Motion for Appoint of Counsel and Renew Motion to Obtain Free Transcript and on the Sealing of Documents in Support of Indigency; and

B. Grant such other and further relief as is equitable and just.

Respectfully submitted,

Craig S. Donais, Donais Law Offices, PLLC and Mary K. Donais

MORRISON MAHONEY LLP

By    /s/ *Linda M. Smith*
Edwin F. Landers, Jr., #17297
elanders@morrisonmahoney.com
Linda M. Smith, #265038
lsmith@morrisonmahoney.com
Center of New Hampshire Office Tower
650 Elm Street, Suite 201
Manchester, NH 03101

# CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served on the following persons on this date in the manner specified herein:

Electronically Served:

                                        /s/ Linda M. Smith
                                        Linda M. Smith, #265038