UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

**PLAINTIFF'S REPLY TO THE HILLIARD DEFENDANTS' OBJECTION TO PLAINTIFF'S
RE-SUBMITTED MOTION TO AMEND THE STATE COMPLAINT**

1.  I hereby file this reply to the Hilliard Defendants' Objection to Plaintiff's Motion to Amend Complaint.

## I.  INTRODUCTION

2.  First, my proposed amendment is not futile.  Second, it should be noted that the Hilliard defendants do not offer any objection to the removal of claims against them in the proposed amended complaint. It certainly is a benefit for the claims against them to be reduced and streamlined via amendment. I amended my complaint once in state court before service of process. This supports the granting of the motion.

3.  I hereby incorporate the point, facts, arguments, and authorities made in the motion to amend complaint.

## II.  SPECIFIC RESPONSES TO HILLIARD DEFENDANTS' OBJECTION

4.  NB: I below provide specific responses or rebuttals to the points and arguments made by the defendants in their objection.

5.  Contrary to Hilliard defendants' assertions in their objection, my motion to amend should not be denied for failure to state a claim upon which relief may be granted. A court may not dismiss a complaint for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claims which would entitle him to relief. The Fed.R.Civ.P. 8(a) standard contains a powerful presumption against rejecting pleadings for failure to state a claim. All that is required are sufficient allegations to put defendants fairly on notice of the claims against them. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. At this stage, the district court must resolve any ambiguities in plaintiffs' favor. Pro se complaints, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers. The court must construe the pleading liberally and must afford [pro se] plaintiff the benefit of any doubt, viewing such submissions by a more lenient standard. Haines v. Kerner, 404 U.S. 519, 520 (1972)). The court is obligated to "'make reasonable allowances to protect Pro Se litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006). The court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it]

suggests." Weixel v. Bd. of Educ., 287 F.3d 139, 146 (2d Cir. 2002). This complaint in this case has carefully laid out more than sufficient facts that indicate that the defendants are liable and that the claims against them are colorable.

6.  Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings. Thus, even if the defendants quibble with the technical form of plaintiffs' pleading, it still adequately states a claim and should not be dismissed under Rule 12(b)(6) or Fed.R.Civ.P. 8(a)(2). The Supreme Court has held the pleading standard under Fed.R.Civ.P. 8(a)(2) requires a statement that gives the defendant fair notice of what the plaintiff's claim is. This complaint in this case has done just that. To the extent that the complaint is alleged to be verbose as suggested by defendants, pro se leniency mandates the case not be dismissed on hyper-technical pleading grounds.

7.  Contrary to the Hilliard defendants' objection, the liberal standard for amendments means a liberal standard. It should be noted that the Hilliard defendants concede that there is no issue regarding delay, bad faith, or absence of due diligence. The only issue they focus on is futility. It should be similarly noted that the court had read the previously filed motion to amend the complaint and the related statements and arguments seeking amendment via my objections to the motions to dismiss and the motions to strike filed in the fall of 2023.  It would be draconian for the court to then invite me to file the proposed amended complaint, only to deny the amendment of the complaint on grounds of bad faith, delay, or lack of diligence, when it could have signaled that these were problems in the 11-23-hearing and in the 12-1-23 order.

8.  Contrary to Hilliard's assertions, the defendants cannot invoke a rule 12b motion to dismiss standard here because there has been no dismissal of any claims by the court prior to this point. The court explicitly stated that the amended complaint would moot the motion to dismiss. Thus, the court avoided ruling on the prior pending but stayed motions to dismiss in order to allow the amended complaint to be filed, with the objective or understanding that the defendants would, if they so desire, file a new motion to dismiss to the newly amended complaint.

9.  NB: The Hilliard defendants' reference to the Glassman case is inaccurate because that applied to a situation where the motion to dismiss stage had already passed and the case was at a summary judgment stage. The

assessment of futility under a rule 12b standard in Glassman was based on the filing of a motion to amend during the summary judgment stage, after discovery had been completed.

10. Contrary to Hilliard's assertions, the proposed amended complaint is not futile. First, it should be noted that it would be illogical for the court to deny amendment of the complaint, only to then revert back to the original complaint, and then upon lifting the stay on the motions to dismiss, proceed to adjudicate whether claims that the plaintiff has removed from the complaint, should then be dismissed by the court (i.e., claims which would have been self-removed if the amendment had been allowed).

11. Here, in their objection, the Hilliard defendants refer to or repeat the arguments made in their motion to dismiss. The defendants also have used their objections to engage in the disputation of facts, which is not permitted at this stage. Further, the defendants also insert new facts outside the proposed amended complaint, which again is not permitted at this stage. They also appear to unfairly regurgitate entire portions of their prior (stayed) motions to dismiss and thus the defendants appear to be trying to get their objections to the motion to amend the complaint, to be treated as motions to dismiss. They in fact argue the same points as they did pertaining to the prior complaint, evidently to confuse the court. Thus, they are trying to engage in a motion to dismiss based on the old complaint and using the objection to the motion to amend the complaint to try to get the court to reach issues that are no longer before the court in the proposed amended complaint. This is clever tricky subterfuge. The defendants have thus filed their objection, not in good faith, but simply regurgitating irrelevant swaths of their prior stayed motion to dismiss, without even correcting many of the arguments in it to take into account the changes to the new proposed complaint. This is unfair.

12. Similarly, given that the prior pending motion to dismiss is stayed, this evidently is an attempt at an end-run around the stay of the motions to dismiss; and I can't defend against this attempt at an end-run, without having a full opportunity to litigate the prior pending motions to dismiss. This is thus a procedural quagmire.

13. The court has not made any ruling on the prior stayed motions to dismiss and, in fact, the prior motions to dismiss are stayed, with a response still to be forthcoming from me to the stayed motions to dismiss once the stay is lifted; it would be unfair for the court to make its first ruling on the prior pending motion to

dismiss issues, through its ruling on a motion to amend the complaint. Ostensibly, given this maneuver by the defendants, the court cannot use these objections to resolve the motion to amend the complaint, without effectively ruling on the portions of the stayed motions to dismiss, which would be extremely unfair and prejudicial to me.

14. NB: The prior complaint is a nullity for purposes of any motion to dismiss or at/prior to the motion to dismiss stage. This means that the objections cannot address things in the prior complaint that are not in the new complaint. See also L.R. 15.1 which states: *"Effect of an Amended Complaint. When a plaintiff files an amended complaint as of right or with leave of court after the filing of a motion to dismiss for failure to state a claim, the motion to dismiss shall be automatically denied without prejudice and the defendant(s) shall respond to the amended complaint as may be appropriate under Fed. R. Civ. P. 12, within the time allowed under Fed. R. Civ. P. 15(a)."* This means that the defendants cannot use the motions to dismiss as objections to the motion to amend the complaint, and their objections to the motion to amend the complaint cannot be used as effectively motions to dismiss. The only place that motion to dismiss arguments can be proffered is in a proper response to the allowed amended complaint, which is to be filed/re-filed under Rule 12, if so desired. It is totally improper to file motion to dismiss arguments in objections to a motion to amend the complaint, as it conflates and confuses the issues and the legal standards, and results in significant prejudice to me as the plaintiff. The court cannot evaluate any such motion to dismiss type arguments without resolving the pending stayed motions related to choice of law, motion to strike, and allowing full motion practice related to the prior stayed motions to dismiss. In their objections, the defendants should have focused their arguments on the key threshold factors that go towards negating the liberal generous standard for amendments, namely timeliness, prejudice, and futility. The defendants have neglected to address these factors, except for futility, but they have misused futility in an overbroad sense to argue motion to dismiss type arguments across the board (they essentially reprinted the motion to dismiss and retitled it as an objection to the motion to amend the complaint) that now require the court to engage in a motion to dismiss analysis in order to resolve the motion to amend the complaint. But in this instance the court cannot engage in a motion to dismiss type analysis of the proposed amended complaint, without addressing the stayed motion to dismiss arguments,

and the stayed motion to dismiss cannot be addressed until the stay is lifted, and until after I am allowed to reply to the stayed motion to dismiss. Without this, it would lead to an absurd result where the court would have to take positions on prior motion to dismiss arguments as applied to the new proposed complaint, and if the court denies the motion to amend the complaint, then the court would then be left to address the same motion to dismiss arguments once again as applied to the prior complaint, but in that event the court could not consider the prior complaint with fresh eyes because it would be boxed in by positions it took on the motion to dismiss issues as applied to the new complaint. This is a topsy turvy situation and is putting the cart before the horse. I ask the court to pause and consider what I am trying to say. I may not have the exact right words to precisely describe the problem here but I trust the court can understand what it is that I am trying to get at and that ultimately the above will result in a trap for me and will be prejudicial to me. The defendants should not be allowed to game the system.

15. NB: Hilliard does not argue statute of limitations. He evidently concedes that there are no statute of limitations argument. This contradicts the Donais defendants' position.

16. Contrary to the Hilliard defendants' objection, the absolute privilege does not apply. If the allegations in the Proposed Second Amended Complaint are true (which they are true and the Hilliard defendants cannot deny or dispute this at this stage), then the absolute legal privilege does not preclude my causes of action against the Hilliard defendants. It should be noted that the Hilliard defendants here engaged in sleight of hand, by referencing the amended complaint in an ambiguous way, not making clear whether they refer to the newly proposed amended complaint or the prior amended complaint that was first amended before service of process in state court. If they intend to reference the new proposed amended complaint, then their characterization that the amended complaint *states throughout its lengthy allegations that the alleged damages caused by Hilliard arise out of his prior representation of Craig Donais in a matter regarding Bisasor,"* is false or misleading. The newly proposed amended complaint does no such thing and where the defendants cite a sentence from a paragraph in my complaint, it is taken out of context or edited and misstated. I have clearly stated that I am not seeking any claim that involves a statement to a court, to the ADO or made in a judicial proceeding. The Hilliard defendants cannot reinterpret or misinterpret my amended complaint to make it

say something that it does not say. The Hilliard defendants are responding to the first complaint, and not the second complaint, and are acting as though the things in the first complaint are in the second complaint. By doing this, they are effectively trying to deny me the chance to amend the complaint, by using the things in the first complaint as grounds to deny the motion to amend the complaint. This is tantamount to circular reasoning. My amended complaint centers on statements made to persons who are not even related to the case, to other lawyers in a non-judicial capacity or context, or in a business context, and that do not relate to the claims in this case. None of these statements can be said to even come close to being within the penumbra of any kind of immunity.  There are statements by Hilliard that are not made in the context of any representation of Donais.

17. Contrary to the Hilliard defendants' objection,  aiding and abetting defamation is a recognized claim both in MA and NH. I do not agree that the "claim is not recognized by New Hampshire courts", or that "even if it were, Plaintiff fails to state a claim". First, it should be noted that the defendants are invoking a choice of law argument. But the choice of law issue cannot be resolved here when there is a prior pending motion to declare choice of law that has been stayed and which the court stated would be addressed if the stay on the motion to dismiss was lifted. The court should allow the amendment to the complaint and then thereafter invite the defendants to file a new motion to dismiss, if they so desire and if they do, then invite the plaintiff to refile any related pending motion including the choice of law motion, etc., and then address choice of law issues as part of the adjudication of the motions to dismiss and all of the related motions that are pending but stayed as well. To address the choice of law issue now would be premature and prejudicial to me as the plaintiff.

18. Second, this is a mischaracterization.  I did allege that Hilliard had an "active role" in publication of false statements to police in August 2020. I also alleged that Hilliard "drafted, reviewed, offered revisions or edits" to an email on which Hilliard was subsequently copied.  These are, among others, substantive allegations regarding the specific role Hilliard in the defamatory acts. Defendants play words games by asserting that I needed to allege precisely which parts of the defamatory email Hilliard contributed to, in order to "make the email defamatory". This is a ridiculous standard.  The exact precision between Hilliard's

contribution and Donais' contribution in the defamatory email is not required to allege defamation. This is an extremely high or heightened pleading requirement that is not required under the law. The defendants are trying to make it impossible to plead any claim against the defendants. Hilliard was copied on an alleged defamatory email. I never said that because Hilliard was previously counsel to Donais, and is older than Donais, that somehow gives rise to liability. This is a twisting of my words.

19. Contrary to the Hilliard defendants' objection, I did allege that Hilliard knew of the "contract". I also alleged that Hilliard drafted, assisted in drafting, participated in and sanctioned the defamatory emails. I have alleged sufficient facts of an interference with a business/contractual relationship. Similarly, why are the defendants asserting that I cannot allege sufficient elements of the claim? If all I need, according to them, is to disclose the minute details of the contract, then it is certainly possibly that I could allege sufficient details about the contract. Moreover, Hilliard is not a party to the contract, so he cannot say there is no contract. This is just a matter of pleading. See Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 65 (1st Cir. 2013) ("A plaintiff cannot know everything about a defendant's potentially wrongful conduct, especially when it comes to the inner workings of a corporate or institutional defendant. Thus, our post-Twombly cases have recognized that " 'some latitude' may be appropriate where a plausible claim may be indicated 'based on what is known,' at least where ... 'some of the information needed may be in the control of [the] defendants.' " Menard, 698 F.3d at 45 (quoting Pruell, 678 F.3d at 15)".).

20. Hilliard knew of the contract. He also knew of the contract with others. Defendants have nothing to say about that, which the silence is deafening and is tantamount to an admission. This is further why the defendants know they are liable and why the insurance companies involved violated section 176D.

21. Contrary to the Hilliard defendants' objection, it is not futile to add the John Doe defendants. If the plaintiff were to file a separate lawsuit against the John Doe defendants, it would not be futile to do so. Filing a separate lawsuit would not be subject to these type of arguments. The only thing that could be done is to seek dismissal but I could not be prevented from filing the lawsuit in the first place. The court cannot find that it is futile without knowing the facts underlying the claim, and many of the facts are in the control of the defendants. It would be unfair to do so.

22. I did advance support for my belief that liability is reasonably clear. The Hilliard defendants asserts that no violation of 176D occurred because no violation occurred. This is tautological and circular as well as self-serving and one-sided. Moreover, the Hilliard defendants cannot challenge the claims against the John Doe companies. The counsel for the Hilliard defendants have stated that they do not represent the John Doe companies, will not receive legal documents or letters for the John Doe companies. See **Exhibit 1.** Thus, they cannot speak for the John Doe companies. Only the John Doe companies can speak for themselves. Counsel for the Hilliard defendants want to have it both ways. They evidently wanted to play games with identifying the name of the companies and then claim that they do not represent the John Doe companies, while at the same time trying to make defensive arguments for the John Doe companies. This is not right or fair.  We need to hear from counsel for the John Doe companies. The Hilliard defendants cannot assert that adding the John Doe companies and attendant 176D claims, are futile because liability is not reasonably clear, when the underlying facts are not disputed nor can be disputed at this stage. Similarly, even if the facts could be disputed, it cannot be disputed by counsel for the Hilliard defendants because they do not represent the John Doe companies. Here, the defendants are in possession of information that is pertinent to this issue but they play hide the ball by saying that I do not present enough information while hiding said information.

23. Contrary to the Hilliard defendants' objection, my attempt to add a Massachusetts resident is not improper and is not to "destroy diversity". The Hilliard defendants conceded that the addition of the defendants are not done with the sole purpose of destroying diversity (i.e., "furthermore, the attempts to add certain defendants are done, in part, to destroy diversity."). Even so, adding defendants to destroy diversity is not prohibited. It simply calls for further scrutiny on whether the court should allow the amendment. Diversity is only relevant to remand. The court already denied remand. So the issue is moot. The court stated that it declined to allow remand discovery in particular regarding diversity issues, because diversity is not necessary here to establish jurisdiction since federal question jurisdiction is established. The defendants cannot benefit from the court's position that diversity is not necessary and then use diversity as a basis to deny amendment.

24. Contrary to Hilliard's assertions, amendment of a complaint cannot defeat personal jurisdiction.

25. The court knew that I intended to add parties by amendment including a non-diverse party. I literally stated this in my objections to the motions to dismiss. Yet, the court made the statements it made in the 11-30-23 hearing, that I should re-file the motion to amend and proposed complaint and provide reasons for adding parties. The court thus confirmed that it was aware or was expecting that I would be adding parties, namely the insurance companies and a non-diverse party. Yet, the court told me to provide the reasons for addition. The court has been well aware that these parties would be added via amendment to the complaint.

26. Similarly, my attempts to add the John Doe defendants are not futile. I have sufficiently alleged they are Massachusetts corporations. I will be harmed by them not being added to the case. With respect to Ms. Van Meek, I have justified why I'm seeking to add her as a defendant. Beatriz Van Meek is a necessary party because she was relevant to the claims involving conspiracy with Donais to injure me. Moreover, the defendants' reference to "nearly two years after filing his initial Complaint in this matter" is misleading and stated out of context. This is not true. I did not delay. I filed my motion to amend complaint shortly after I served the first served process and promptly upon removal to federal court by the defendants including stating the intent to add parties. I could not add John Doe companies because I did not know their identities and have been seeking to uncover their identities including seeking it from the defendants who have delayed response or evaded disclosure to this day. After it became clear that it is futile to obtain the identities, did I resort to the failsafe approach of adding John Doe companies in order to preserve my rights and preserve statute of limitations. The defendants have blocked me from adding parties by blocking information that should have been provided but they have obstructed me and now they want blame for their obstruction.

27. This court does not lack jurisdiction over Ms. Van Meek. She could waive personal jurisdiction, which is waivable. Her actions could implicate the jurisdiction of this court. The court cannot deny amendment on grounds of personal jurisdiction when no such defense by the party has been advanced. See again **Exhibit 1.** Just because she is a Massachusetts resident, it does not mean that the court does not have jurisdiction over her. Moreover, the defendants told the court that it would not mount a personal jurisdiction defense in this case and that it is waived. The defendants are prohibited from raising any personal jurisdiction

defense or objection. Moreover, they cannot assert a personal jurisdiction argument for Ms. Van Meek since they do not represent Ms. Van Meek.

28. Moreover, the defendants cannot advance new defenses in an objection to a motion to amend complaint because the defendants already advanced two motions to dismiss already. It is unfair because I can only object to these new defenses in a reply to the objection. This creates a structural disadvantage for me and gives the defendants the upper hand procedurally, by severely limiting and constricting the playing field on which I can engage the defendants' new defenses.

29. Moreover, I did not allege that she is a clerk in the Massachusetts Superior Court, and I did not allege that her role as a clerk was at issue in the claim alleged. The court cannot deny amendment based on the defendants purporting new information that I did not allege. Similarly, she is not immune from suit. No claim alleged implicates any tasks performed that "are inextricably intertwined with the judicial function". Moreover, no allegations in the amended complaint implicate absolute immunity. Moreover a clerk does not automatically have absolute immunity as her actions must be at the direction of a judge; otherwise, a clerk only can have qualified immunity as an automatic presumption but such presumption is subject to factual inquiry and not automatically disposable at the motion to dismiss stage. I will be harmed by the denial of my motion to amend.

30. The charge that the proposed claims are futile because they fail to state a claim is conclusory and self-serving. The civil conspiracy claim (involving the other defendants as well as Ms. Van Meek) also does not fail to state a claim and is not futile. The defendants will not be prejudiced by the allowance of amendment as they will be free to advance a new motion to dismiss.

### III. CONCLUSION

31. I hereby request discovery and sanctions, see **Exhibit 2 & 3**, which are hereby incorporated herin. I also intend to move to strike this objection or portions of the objection, which will be forthcoming shortly after submission of this reply. See also accompanying reply to the Donais defendants' objection, which is incorporated herein by reference. See **Exhibit 4.** Please grant a pro se liberal construction and grant my request or any other relief the court deems proper.

Respectfully submitted,

_/s/ Andre Bisasor_

Andre Bisasor

May 13, 2024

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to the defendants in this case.

_/s/ Andre Bisasor_

Andre Bisasor