UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

## PLAINTIFF'S REPLY TO THE DONAIS DEFENDANTS' OBJECTION TO PLAINTIFF'S RE-SUBMITTED MOTION TO AMEND THE STATE COMPLAINT

1. I submit this reply to Donais Defendants' Objection to Plaintiff's Motion to Amend Complaint.

### I. SPECIFIC RESPONSES TO DONAIS DEFENDANTS' OBJECTION

2. My amendment doesn't "violate Rule 8" and is not "futile". I've not had any chance or opportunity to amend the complaint after service of process in state court. Defendants removed to federal court and evidently expect me to stand on that complaint filed in state court. This wouldn't be fair, just, right, equitable or proper. After removal, defendants further sought and obtained transfer to another federal court jurisdiction and yet they evidently still expect me to stand on the complaint filed originally in state court. After moving through two federal courts after removal, it would simply not be fair, just, or equitable to force me to stand on the original state court complaint. I have the right to amend the complaint at least once in federal court before judgment or ruling on a motion to dismiss. I will be significantly prejudiced without allowance of an amendment to the complaint. Moreover, there are additional acts since the filing in state court. All amendments arise out of a common nucleus of facts.

3. My proposed amended complaint does address so-called or purported fatal issues. This is an error reflecting defendants' own failure to read the amended complaint carefully or an intentional attempt to dishonestly mislead the court  It is evident Donais defendants did not take into account the changes to the proposed amended complaint. My allegations are not speculative nor unsupported. I have provided firsthand knowledge of events and acts by Donais defendants. Moreover, we are not at the stage to provide evidence to support claims. It is defendants who are engaged in bald conclusory statements.

4. It is not beyond a doubt that I can prove no set of facts in support of my claim. This argument is circuitous and tautological. The standard for allowing amendment of a complaint is a lenient one. It would be meaningless for the rules and the law to provide that amendment be allowed freely if the court then holds the amendment to a strict rule 12b criteria. For example, if plaintiff uses his right to amend as a matter of

1

right, none of defendants' arguments would matter. This shows that amendment should be freely allowed by the court where here, I had no opportunity to amend the complaint in the federal court.

5. Notwithstanding the length of my amended complaint, my claims are coherent and intelligible. Also, there is no page limit for a complaint or an amended complaint and thus I violated no page limit. Please note that a complaint can be verbose and still give fair notice of claims. The purpose behind rule 8 is not to bar verbose complaints but to address complaints that are unintelligible and undecipherable. Defendants have not asserted that my complaint is unintelligible or undecipherable. They simply wanted to get rid of my legitimate claims of the wrongs I have suffered without it going any further.

6. Rule 8(a)(1) makes no reference to facts or causes of action. Under this rule, if a plaintiff fairly notifies the defendant of the nature of the plaintiff's claim and the grounds on which he relies, the action should not be dismissed because it does so through what might be termed "conclusions of law." See Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). In Conley v. Gibson (1957), it states:

> "To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests….Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. Following the simple guide of Rule 8(f) that "all pleadings shall be so construed as to do substantial justice," we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. Cf. Maty v. Grasselli Chemical Co., 303 U. S. 197."

7. Rule 8 states in the notes: "No technical forms of pleading or motions are required." "This reflects the view that the primary function of pleadings is not to formulate the precise issues for trial but rather to give fair notice of the claims and defenses of the parties, and that particularized pleadings merely result in wasted time and effort, because claimed defects are matters of form which are subsequently corrected by amendment." Rule 8(e)(2) permits a party to state as many separate claims or defenses as he has, regardless of consistency or legal or equitable ground, and also to set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses.

8. Donais defendants fail to consider that this is not a typical simple lawsuit with one defendant and one plaintiff. This is a complex lawsuit with multiple defendants and multiple claims alleged and some are

alternate theories of claims. I cannot be hand-tied to defendants' presumptions of short and plain statements, when many issues have been consolidated into one complaint. I could have done separate complaints for the defendants but brought all related claims in one lawsuit. Further, the courts have favored resolution of all disputes between the parties in a single litigation. This is "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." Carteret, supra, at 38, citing Southern Construction Co. v. Pickard, 371 U.S. 57, 60, 83 S.Ct. 108, 110,9 L.Ed.2d 31 (1962). This supports the principles of judicial economy and efficiency.

9. Furthermore, in many instances the acts of one individual defendant is a reflection of the acts of the others individual defendants because of the relationships and/or the organizational dynamics. Discovery is needed to dig deeper into the interplay of these dynamics. Plaintiff has also alleged that defendants, to one extent or another, are working together and making decisions together.

10. Plaintiff has not failed to meet his burden of pleading as defendants suggests. Rule 8a clearly outlines the burden of pleading and it is much lighter and flexible than what defendants suggests.

11. Also, defendants complain about time spent to prepare filings but they are the ones that harmed me in the first place and they are the ones that have moved this case to two federal courts, creating their own work and time spent to do so. Furthermore, I refer to the proposed amended complaint as a placeholder because I did not have a proper chance to complete amendment of the complaint. In addition, I provided certain details for context and background, which is allowable. It would be unjust to strike the complaint. The complaint meets the purpose of a complaint, namely, to give notice of the claims and to indicate that the plaintiff is entitled to relief. The Fed.R.Civ.P. 8(a)) standard contains a powerful presumption against rejecting pleadings for failure to state a claim. All that is required are sufficient allegations to put defendants fairly on notice of the claims against them. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. At this stage, the district court must resolve any ambiguities in plaintiffs' favor. Pro se complaints, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers. The court must construe the pleading liberally and must afford [pro se] plaintiff the benefit of any doubt, viewing such submissions by a more lenient

standard. Haines v. Kerner, 404 U.S. 519, 520 (1972)). The court is obligated to "'make reasonable allowances to protect Pro Se litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006). The court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." Weixel v. Bd. of Educ., 287 F.3d 139, 146 (2d Cir. 2002). The proposed amended complaint in this case has carefully laid out more than sufficient facts that indicate that the defendants are liable and that the claims against them are colorable. Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings. Thus, even if defendants quibble with the technical form of plaintiffs' pleading, it still adequately states a claim and should not be denied amendment under Rule 12(b)(6) or Fed.R.Civ.P. 8(a). The Supreme Court has held the pleading standard under Fed.R.Civ.P. 8(a)(2) requires a statement that gives the defendant fair notice of what the plaintiff's claim is. The proposed amended complaint has done just that. To the extent that the proposed amended complaint is alleged to be verbose, pro se leniency mandates the proposed amended complaint not be denied on hyper-technical pleading grounds.

12. Contrary to Donais defendants' objection, no part of my amended complaint is time-barred. [NB: This is already refuted in the amended complaint. That the defendants reassert these meretricious defenses is tantamount to a violation of Rule 11.]. Because the Massachusetts renewal statute/savings statute applies, then there are no statute of limitations issues in this case. Yet, the defendants keep misstating the facts in order to confuse or to throw off the court. NB: Covid tolling under MA law and facts regarding the actual filing of the complaint on June 18, 2022 are other points that refute any statute of limitations argument by the defendants, as stated in the motion to amend and the proposed complaint.

13. Similarly, the complained of statements are not absolutely privileged. If the allegations in the Proposed Second Amended Complaint are true (which they are true and Donais defendants cannot deny or dispute this at this stage), then the absolute legal privilege does not or cannot preclude my causes of action against Donais defendants. I have clearly stated that I am not seeking any claim that involves a statement to a court, to the ADO or made in a judicial proceeding. Donais defendants cannot reinterpret or misinterpret

my amended complaint to make it say something that it does not say. Donais defendants are responding to the first complaint, and not the second complaint, and are acting as though the things in the first complaint are in the second complaint. By doing this, they are effectively trying to deny me the chance to amend the complaint, by using the things in the first complaint as grounds to deny the motion to amend the complaint. This is tantamount to circular reasoning. My amended complaint centers on statements made to persons who are not even related to the case, to other lawyers in a non-judicial capacity or context, or in a business context, and that do not relate to the claims in this case. None of these statements can be said to even come close to being within the penumbra of any kind of immunity. NB: There are statements by Donais that are not made in the context of any representation of Donais.

14. The characterization that the amended complaint "*states throughout its lengthy allegations that the alleged damages caused by Donais arise out of his prior representation of Craig Donais in a matter regarding Bisasor,*" is false or misleading. The newly proposed amended complaint does no such thing and where the defendants cite a sentence from a paragraph, it is taken out of context or edited and misstated.

15. Regarding count 3-invasion of privacy, I have done a lot more than recite the elements of my defamation claim. Defendants argue that I claim that "*Donais "engaged in publicity," but Plaintiff does not allege facts to demonstrate publicity, and such conclusory statements are insufficient, and the complaint fails to support an inference that any fact was publicized, i.e., communicated to the public at large. Plaintiff's proposed Count 3 does not state a cause of action for invasion of privacy.*" But defendants evidently want plaintiff to provide summary judgment evidence in an amended complaint, in order for amendment of the complaint to not be futile. This is an unheard of standard. Defendants desperately want new rules to apply to me so that they can avoid giving an answer to the charges and claims in court.

16. Similarly, aiding and abetting defamation is a recognized claim both in MA and NH. First, defendants are invoking a choice of law argument. But the choice of law issue cannot be resolved here when there is a prior pending motion to declare choice of law that has been stayed and which the court stated would be addressed if the stay on the motion to dismiss was lifted. The court should allow the amendment to the complaint and then thereafter invite defendants to file a new motion to dismiss, and then invite plaintiff to

refile any related pending motion including the choice of law motion, and then address choice of law issues as part of the motions to dismiss and all of the related motions that are pending but stayed as well. To address the choice of law issue now would be premature and prejudicial to me as plaintiff.

17. I alleged that Mary Donais told her family the defamatory statements. I alleged that Mary Donais and Hilliard had an "active role" in publication of false statements to police in August 2020. These are, among others, substantive allegations regarding the specific role of Mary Donais in the defamatory acts. Defendants play words games by asserting that I needed to allege more facts but the facts alleged are sufficient. This is not required to allege a cause of action. This is an extremely high or heightened pleading requirement that is not required under the law. Defendants are trying to make it impossible to plead any claim against the defendants.

18. Regarding Count 5-Tortious interference with advantageous relations, in my proposed Count 5, I allege that Mary Donais and the Donais Law Offices PLLC knowingly interfered with the contract along with Craig Donais, and that I had a contractual relationship with the state police/police department including the state police chief. I also pled details of Donais' knowledge of the contract and how he came to know about the contract. This claim is not nor cannot be based on absolutely privileged communications because it includes communications with others who are not police and not a judicial officer or an ADO official. In order to plead a contract interference, I am not required to disclose minute details of the contract. The date of the contract is not necessary to be pled at this stage. Again, this is a ridiculous standard. Defendants here are grabbing at straws. Why suggest that I cannot allege sufficient elements of the claim, if all I need is to disclose the minute details of the contract, since I could simply then allege sufficient details about the contract? Donais is not a party to the contract, so he cannot say there is no contract. This is just a matter of pleading. See also Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 65 (1st Cir. 2013) ("*A plaintiff cannot know everything about a defendant's potentially wrongful conduct, especially when it comes to the inner workings of a corporate or institutional defendant. Thus, our post-Twombly cases have recognized that " 'some latitude' may be appropriate where a plausible claim may be indicated 'based on what is known,' at least where ... 'some of the information needed may be in the control of [the] defendants.' " Menard, 698 F.3d at 45 (alteration in original) (quoting Pruell, 678 F.3d at 15)*".). Donais

knew of the contract with the police as well as the others mentioned in the complaint Defendants have nothing to say about the other contracts, which the silence is deafening and is tantamount to an admission. This is further why the defendants know they are liable and why the insurance companies involved violated section 176D.

19. The antislapp law does not apply. The court cannot adjudicate any reference to antislapp law in an objection to a motion to amend complaint. Moreover, the statements between Craig Donais, Mary Donais and Garrett Donais (which I alleged occurred) is not privileged spousal communications.

20. Similarly, I offered facts to support my IIED claim. They complain that I didn't plead emotional distress as distinct from my prior defamation claim. When I do so in proposed amended complaint, they complain that I did so because I read their motion to dismiss. NB: Defendants read my oppositions in MA federal court and changed the motions to dismiss in this court. So there is no point to this assertion.

21. Regarding Hilliard and Donais, the allegations are sufficient for civil conspiracy and are not absolutely privileged. If the court believes that more details are needed, then the remedy is a limited instruction on a limited further amendment or more definitive statement. Also, defendants asserted that "Plaintiff in his FAC alleged that Donais *may have* acted "alone." (Doc. 1-3, ¶803.)", but yet defendants cannot reference statements in a prior complaint as grounds for objection to the propose amended complaint, as the first complaint is a nullity with respect to the motion to amend complaint. The court cannot deny a motion to amend complaint based on something stated in the prior complaint.

22. Similarly, the proposed Count 10 does allege a fiduciary relationship that has been acquired and abused or a confidence has been reposed and betrayed, and that Donais violated an "ethical and fiduciary" obligation to avoid conflicting representation and by discussing my confidential conversations, with others. First, the legal consultation telephone conversation in 2017 is not time-barred. The defendants admit there was a fiduciary relationship. Also, I have alleged that Donais did enter into a legal consultation contract relationship and thus an attorney-client relationship with Plaintiff. It is not necessary for me to allege that Donais or his law practice represented me. Thus, Donais *owed a duty* to me as Plaintiff, and there was a fiduciary relationship. In an example of complete grabbing at straws, the defendants assert that where

Donais violated that duty owed to me, it is somehow absolutely privileged, which is absolutely ridiculous and tantamount to a bad faith defense.

23. The proposed Count 11 does not allege a contract between Donais and Plaintiff. Similarly, defendants illicitly engage in disputation of facts by asserting that "*In a blatant attempt to avoid dismissal, Plaintiff now contends that he was Donais' client…However, he clearly was not.*" The defendants then reference the original complaint again, in violation of the rules, by saying "*As he currently alleges in his FAC*". Moreover, there was a contract formed by virtue of the rules of professional conduct for lawyers, which obligate lawyers to protect the confidentiality of clients or prospective clients and impose an obligation to avoid conflict of interest with parties adverse to each other. Donais violated that obligation and expectation under the rules of conduct. Moreover, Donais undertook specific acts including giving me legal advice and reviewing case information and recommending certain actions. This further ratified the contract between the parties. That conversation stemmed, not from my call to Donais, but from Donais' call to me, after another lawyer Robert Obrien had arranged and confirmed legal services of Donais for me and my wife and after I had left a voice message for Donais asking to conduct legal services for me (and my wife). This claim cannot be denied based on futility because there is simply too much there that allows for the claim to proceed. The agreement was to provide legal advice and consultation. A contract does not have to involve full legal representation in court but can be limited and discrete to one or two conversations. In this case, the contract occurred for legal advice and consultation and the contractual expectation occurred when Donais fulfilled the legal advice and consultation services for the plaintiff in 2017. This was the common purpose for the contract with the plaintiff. I evidently have pled facts regarding the harm and damage caused by Donais' breach of contract. NB: Donais defendants admit that I called myself a "former client" in the amended complaint, which confirms that I have alleged a contractual attorney-client relationship.

24. Regarding Count 12-Section 1981, I have alleged that there was a contract. As shown above, this claim is not time barred. The legal consultation that occurred in 2017, at a minimum, satisfies the contract requirement of §1981. However, I also allege section 1981 violations based on other acts of Donais subsequent to the 2017 legal consultation events as stated in the proposed amended complaint.

25. Similarly, defendants' assertion that the claim against the malpractice carriers is futile is a clearly conclusory statement. The issue regarding whether liability is reasonably clear cannot be assumed to be in favor of the malpractice carriers because only the carriers and their counsel can assert or deny that liability to them was not reasonably clear. If there is email communications between defendants and their carriers showing that the carriers were concerned that liability is clear (but they were persuaded to hold the line in order to try to protect the reputation of defendants or because they were willing to gamble that a pro se non lawyer could prove it or know even to raise it as a claim), then this would indicate that liability was clear, despite public posturing to the contrary. I offered evidence of this including that defendants counsel avoided any denial of facts of the case in MA federal court. An established law firm wouldn't make such a mistake if there wasn't serious consideration that the facts cannot be denied and thus liability was clear.

26. Donais defendants cannot challenge the claims against the John Doe companies. Counsel for the Donais defendants have stated that they do not represent the John Doe companies, will not receive legal documents or letters for the John Doe companies. See **Exhibit 1**. Thus, they cannot speak for the John Doe companies. Only the John Doe companies can speak for themselves. Counsel for Donais defendants want to have it both ways. They evidently want to play games with identifying the name of the companies and claim that they do not represent the John Doe companies, while at the same time trying to make defensive arguments for the John Doe companies. This is not right or fair. We need to hear from counsel for the John Doe companies. Donais defendants cannot assert that adding the John Doe companies and attendant 176D claims, are futile because liability is not reasonably clear, when the underlying facts are not disputed nor can be disputed at this stage. Similarly, even if the facts could be disputed, it cannot be disputed by counsel for Donais defendants because they do not represent the John Doe companies. Here, defendants are in possession of information that is pertinent to this issue but they play hide the ball by saying that I do not present enough information while hiding said information.

27. Similarly, I do not seek to add defendants for the purpose of destroying diversity but because they are necessary parties or because subsequent acts after the filing of the complaint necessitate their addition to this case. The purpose of the amendment cannot be to defeat diversity jurisdiction because the court

already denied remand based on diversity. I was not dilatory because I have been seeking to add these parties promptly after the defendants removed to federal court a year ago, and have telling the courts that I am seeking to add these parties since a year ago. The delay has been to no fault of mine. It cannot be because I literally said I was seeking to add a non-diverse party and insurance companies since June 2023. I will be significantly injured by denying amendment. Defendants admit that the John Doe defendants do not destroy diversity. So this argument cannot apply to them. Defendants allege that adding Van Meek as a defendant is solely to destroy diversity. Other than identifying Van Meek as a party, Plaintiff mentions her only two other times. The reference to her as a non-diverse party is a reference back to prior filings where I told the court about a non-diverse party. Defendants are trying to twist my intent here. But why do defendants care? The court ruled that it has federal question jurisdiction. It should be curious to the court why this much effort to block Van Meek. The reason is that she is critical and necessary party to showing the conspiracy claim. The fact that I'm persisting in adding her as a defendant, despite the court's denial of remand by diversity, shows that I can't be doing this solely to destroy diversity. It is further not true to assert that I filed my "complaint in June of 2022", but "did not seek to add her as a party until March of 2024". I've been seeking to add her since June 2023. I've been prevented by the maneuvers of defendants and operations of the court.

28. Finally, I'll be significantly injured without Van Meek. So according to defendants, unless I add a proliferation of claims against Van Meek, then somehow the claim is not valid. This is flawed erroneous reasoning. Defendants assert that there are no facts about Van Meek's specific "job" pled. But this is quite no true. I mentioned that Van Meek conspired outside of her and in her job. The complaint does not make the job the focal point because the conspiracy also took place outside of the job. If the court believes this is a deficiency needing more information about the job, then the remedy is a limited instruction on further limited amendment, not dismissal. Defendants also engage in unsupported and unwarranted speculation, without any basis, about my reasons for not going into detail about the job. Alleging a conspiracy to injure me, does not require identification of anyone's particular job. The claim is about a conspiracy and collusion between the persons to harm and injure me. I provide facts evidencing such conspiracy by alleging that Ms.

Van Meek was fired or re-assigned once it was discovered by others, including her supervisor, of her conspiracy to harm me. If this is accepted as true, then it is strong damning factual evidence indicating guilt. I need a chance to flesh this out in court, and not be denied the chance to even assert the claim via amendment. Ms. Van Meek can then provide her response or defense to the claim at the appropriate time and forum. Van Meek, is not immune from suit.

29. Further, defendants seek to mislead this court with a reference to page 9 of their Exhibit A of their opposition to my motion to amend complaint, but that was a false reference as that pertained to whether there was communication between the judge of the MA Middlesex superior court case and Donais, or between the judge of that case and clerk staff of that case about things that may have been stated to the clerk staff by Donais. It was not about communication between Donais and clerk staff that was outside of the job or that did not reach to the judge's ears. That judge undertook no investigation of these facts, but only stated that nothing improper came to his ears. That reference is thus inapposite and has nothing to do with the claims about Van Meek in the proposed amended complaint. Moreover, the appeals court subsequently allowed plaintiff permission to further seek disclosure of communications between Donais and clerk staff, which indicated that the issue was not closed in state court. See **Exhibit 3.**

30. To the extent defendants assert that Donais didn't make plans with, nefariously interact with, or conspire with Van Meek against me, whether in or outside of her job, as a basis for their objection, then that's a factual dispute (which isn't appropriate to resolve at this stage), and supports grounds for discovery.

31. Donais defendants refer to and repeat the arguments made in their motion to dismiss. Defendants also have used their objections to engage in the disputation of facts, which is not permitted at this stage. Donais defendants have misstated the facts regarding the underlying reason for dismissal in the related Middlesex superior court case. Donais defendants know the truth but have tried to mislead or deceive this court by omission and by deceptively spinning the truth. This disputation of facts will require discovery and resolution of the factual dispute in order to ascertain the bases for the 1-88 dismissal (without prejudice) that occurred in the related Middlesex superior court case. See also accompanying reply to the Hilliard defendants' objection, which is incorporated herein by reference. See **Exhibit 4**.

## II. CONCLUSION

32. I hereby request discovery and sanctions, see **Exhibit 2 & 3**, which are hereby incorporated herein. I also intend to move to strike this objection or portions of the objection, which will be forthcoming shortly after submission of this reply. I also incorporate herein the motion to amend complaint and my related filings. Please grant a pro se liberal construction and grant my request or any other relief the court deems proper.

Respectfully submitted,<br>
/s/ Andre Bisasor<br>
Andre Bisasor

May 13, 2024

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor<br>
Andre Bisasor