UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

# [CORRECTED] PLAINTIFF'S REPLY TO THE HILLIARD DEFENDANTS' OBJECTION TO PLAINTIFF'S RE-SUBMITTED MOTION TO AMEND THE STATE COMPLAINT

1. This is a reply to Hilliard defendants' objection to my motion to amend complaint ("proposed complaint").

2. NB: I below provide specific responses or rebuttals to Hilliard defendants' objection ("objection").

3. Contrary to the objection, my proposed complaint is not futile. Also, it's noteworthy the Hilliard defendants do not offer any objection to removal of claims against them in the proposed complaint. It certainly is a benefit for the claims against them to be reduced and streamlined via amendment. Also, I amended my complaint once in state court before service of process, but not in federal court. This supports the granting of the motion.

4. Contrary to objection, my motion to amend should not be denied for failure to state a claim upon which relief may be granted. A court may not dismiss or deny a complaint for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claims which would entitle him to relief. The Fed.R.Civ.P. 8(a)) standard contains a powerful presumption against rejecting pleadings for failure to state a claim. All that is required are sufficient allegations to put defendants fairly on notice of the claims against them. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. At this stage, the district court must resolve any ambiguities in plaintiffs' favor. Pro se complaints, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers. The court must construe the pleading liberally and must afford [pro se] plaintiff the benefit of any doubt, viewing such submissions by a more lenient standard. Haines v. Kerner, 404 U.S. 519, 520 (1972)). The court is obligated to "'make reasonable allowances to protect Pro Se litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006). The court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." Weixel v. Bd. of Educ., 287 F.3d 139, 146 (2d Cir. 2002). The proposed complaint in this case has carefully laid out more than sufficient facts that indicate that defendants are liable and that the claims against them are colorable.

5. Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings. Thus, even if defendants quibble with the technical form of my pleading, it still adequately states a claim and should not be denied or dismissed under Rule 12(b)(6) or Fed.R.Civ.P. 8(a)(2). The US Supreme Court has held the pleading standard under Fed.R.Civ.P. 8(a)(2) requires a statement that gives defendant fair notice of what plaintiff's claim is. The proposed complaint in this case has done just that. To the extent that the proposed complaint is alleged to be verbose, as suggested by defendants, pro se leniency mandates the case or proposed complaint not be denied or dismissed on hyper-technical pleading grounds.

6. Contrary to the objection, the liberal standard for amendments means a liberal standard. It should be noted that the Hilliard defendants concede that there is no issue regarding delay, bad faith, or absence of due diligence. The only issue they focus on is futility. It should be similarly noted that the court has read the previously filed motion to amend the complaint and the related statements/arguments seeking amendment via my objections to the motions to dismiss and the motions to strike, all filed in the fall of 2023. It would be draconian for the court to then invite me to file the proposed amended complaint, only to deny the amendment of the complaint on grounds of bad faith, delay, or lack of diligence, when it could have signaled that these were problems in the 11-23-hearing and in the 12-1-23 order. Here, the only question is whether it is futile.

7. However, contrary to the objection, defendants cannot invoke a rule 12b motion to dismiss standard here because there has been no dismissal of any claims by the court prior to this point. The court explicitly stated that the amended complaint would moot any pending motion to dismiss. Thus, the court avoided ruling on the prior pending stayed motions to dismiss, to allow the amended complaint to be filed, with the objective or understanding that the defendants would, if they so desire, file a new motion to dismiss to the new complaint.

8. NB: The Hilliard defendants' reference to the Glassman case is inaccurate because that applied to a situation where the motion to dismiss stage had already passed and the case was at a summary judgment stage. The assessment of futility under a rule 12b standard in Glassman was based on the filing of a motion to amend during the summary judgment stage, after discovery had been completed.[1] This is not applicable here.

---

[1] See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) stating: "*Denial of a motion to file an amended complaint is reviewed for abuse of discretion. See Romani v. Shearson Lehman Hutton, 929 F.2d 875, 880 (1st Cir. 1991); Arazie v. Mullane, 2 F.3d 1456, 1464-65 (7th Cir. 1993) (noting, however, that the relevant pleading standards must be kept in mind when applying the abuse of discretion standard). Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Unless there appears to be an adequate reason for the denial of leave to amend (e.g., undue delay,*

9. Contrary to the objection, the proposed amended complaint is not futile. First, it should be noted that it would be illogical for the court to deny amendment of the complaint, only to then revert back to the original complaint, and then, upon lifting the stay on the motions to dismiss, proceed to adjudicate whether some of the claims I removed from the complaint, should then be dismissed (i.e., claims which would've been self-removed if amendment was allowed). Self-removal via amendment is judicially more efficient than dismissal.

10. Here, in their objection, the Hilliard defendants refer to or repeat some of the arguments made in their motion to dismiss. Defendants also have used their objection to engage in disputation of facts, which isn't permitted at this stage. Further, the defendants insert new facts outside the proposed complaint, which again isn't permitted at this stage. They also appear to unfairly regurgitate entire portions of their prior (stayed) motions to dismiss and thus the defendants appear to be trying to get their objections to the motion to amend the complaint, to be treated wholly as 'defacto' motions to dismiss. They in fact argue the same points as they did pertaining to the prior complaint, which threatens to confuse the court. Thus, they are trying to engage in a motion to dismiss based on the old complaint and using the objection to the motion to amend the complaint to try to get the court to reach issues that are no longer before the court in the proposed complaint. This is clever subterfuge. Defendants have thus filed their objection, not in good faith, including but not limited to simply regurgitating irrelevant swaths of their prior stayed motion to dismiss, without even correcting many of the arguments in it to take into account the changes to the new proposed complaint. This is unfair/prejudicial.

11. Similarly, given that the prior pending motion to dismiss is stayed, this is tantamount to an attempt at an end-run around the stay of the motions to dismiss; and I can't defend against this attempt at an end-run, without having a full opportunity to litigate the prior pending motions to dismiss. This is thus a procedural quagmire.

---

*bad faith, dilatory motive, futility of amendment, prejudice), we will not affirm it. Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995)."…"The Gold standard, which requires that proposed amendments have substantial merit and be supported by substantial and convincing evidence, is inapplicable for several reasons. To date, it has only been applied where the motion to amend is made after a defendant has moved for summary judgment. See e.g., Gold, 30 F.3d at 253; Torres-Matos v. St. Lawrence Garment Co., 901 F.2d 1144, 1146 (1st Cir. 1990); Cowen v. Bank United of Texas, FSB, 1995 WL 38978, \*9 (N.D. Ill.), aff'd 70 F.3d 937 (7th Cir. 1995); Carey v. Beans, 500 F. Supp. 580, 582 (E.D. Pa. 1980), aff'd, 659 F.2d 1065 (3d Cir. 1981); Artman v. International Harvester Co., 355 F. Supp. 476, 481 (W.D. Pa. 1972). In that context, a plaintiff's motion to amend is an attempt to alter the shape of the case in order to defeat summary judgment."*

See also Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) stating: *"Thereafter, the permission of the court or the consent of the opposing party is required. The default rule mandates that leave to amend is to be "freely given when justice so requires," id., unless the amendment "would be futile, or reward, inter alia, undue or intended delay." Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994). As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting. Scheduling orders, for example, typically establish a cut-off date for amendments (as was apparently the case here). Once a scheduling order is in place, the liberal default rule is replaced by the more demanding "good cause" standard of Fed.R.Civ.P. 16(b). O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154-155 (1st Cir. 2004)."*

12. The court has not made any ruling on the prior stayed motions to dismiss and, in fact, the prior motions to dismiss are stayed, with a response still to be forthcoming from me to the stayed motions to dismiss once the stay is lifted; it would be unfair for the court to make its first ruling on the prior pending motion to dismiss issues, through its ruling on a motion to amend the complaint. Ostensibly, given this maneuver by defendants, the court cannot use these objections to resolve the motion to amend the complaint, without effectively ruling on the portions of the stayed motions to dismiss, which would be extremely unfair and prejudicial to me.

13. NB: The prior complaint is a nullity for purposes of any motion to dismiss or at/prior to the motion to dismiss stage. This means that the objections cannot address things in the prior complaint that are not in the new complaint. See also L.R. 15.1 which states: *"Effect of an Amended Complaint. When a plaintiff files an amended complaint as of right or with leave of court after the filing of a motion to dismiss for failure to state a claim, the motion to dismiss shall be automatically denied without prejudice and the defendant(s) shall respond to the amended complaint as may be appropriate under Fed. R. Civ. P. 12, within the time allowed under Fed. R. Civ. P. 15(a)."* This means that defendants cannot use the motions to dismiss as objections to the motion to amend the complaint, and their objections to the motion to amend the complaint cannot be used, effectively, as motions to dismiss. The only place that motion to dismiss arguments can be proffered is in a proper response to the allowed amended complaint, which is to then be filed/re-filed under Rule 12, if so desired. It's totally improper to file motion to dismiss arguments in objections to a motion to amend the complaint, as it conflates and confuses the issues and the legal standards, and results in significant prejudice to me as plaintiff. The court cannot evaluate any such motion to dismiss type arguments without resolving the pending stayed motions related to choice of law, motions to strike, motion for discovery, and allowing full motion practice related to the prior stayed motions to dismiss including my stayed reply which has not been filed yet due to the stay. In their objection, defendants should have focused their arguments on the key threshold factors that go towards negating the liberal generous standard for amendments, namely timeliness, prejudice, and futility. The Hilliard defendants have neglected to address these factors, except for futility, but they have misused futility in an overbroad sense to argue motion to dismiss type arguments across the board (they essentially reprinted portions of the motion to dismiss and retitled it as an objection to the motion to amend the complaint) that now require the court to engage in a motion to dismiss analysis in order

to resolve the motion to amend the complaint. But in this instance the court cannot engage in a motion to dismiss type analysis of the proposed complaint, without addressing the stayed motion to dismiss arguments, and the stayed motion to dismiss cannot be addressed until the stay is lifted, and until after I'm allowed to reply to the stayed motion to dismiss as well as to the stayed objections to the several stayed pending motions that I filed in fall 2023 (including choice of law, two motions to strike, motion for limited discovery, etc.). Without this, it would lead to an absurd result where the court would have to take positions on prior motion to dismiss arguments as applied to the new proposed complaint, and if the court denies the motion to amend the complaint, then the court would then be left to address the same motion to dismiss arguments once again as applied to the prior complaint, but in that event the court could not consider the prior complaint with fresh eyes because it would be boxed in by positions it took on the motion to dismiss issues as applied to the new complaint. This is a topsy turvy situation and is putting the cart before the horse. I ask the court to pause and consider what I'm trying to say. I may not have the exact right words to precisely describe the problem here but I trust the court can understand what it is that I am trying to get at and that ultimately the above will result in a trap for me and will be prejudicial to me. Defendants should not be allowed to game the system.

14. NB: The Hilliard defendants do not argue statute of limitations. They evidently concede that there are no statute of limitations argument. This contradicts the Donais defendants' position.

15. Contrary to the objection, the absolute privilege does not apply. If the allegations in the proposed complaint are true (which they are true and the Hilliard defendants cannot deny or dispute this at this stage), then the absolute legal privilege doesn't preclude my causes of action against the Hilliard defendants. It should be noted that the Hilliard defendants here engaged in sleight of hand, by referencing the amended complaint in an ambiguous way, not making clear whether they refer to the newly proposed complaint or the prior complaint that was first amended before service of process in state court. If they intend to reference the new proposed complaint, then their characterization that the amended complaint *"states throughout its lengthy allegations that the alleged damages caused by Hilliard arise out of his prior representation of Craig Donais in a matter regarding Bisasor,"* is false or misleading. The newly proposed complaint does no such thing and where the defendants cite a sentence from a paragraph in my complaint, it is taken out of context or edited and misstated.

16. I've clearly stated that **I'm not seeking any claim that involves a statement to a court, to the ADO or made in a judicial proceeding**. The Hilliard defendants cannot reinterpret/misinterpret my proposed complaint to make it say something that it does not say. The Hilliard defendants seem to respond to the first complaint, and not the proposed complaint, and are acting as though the things in the first complaint, are in the proposed complaint. By doing this, they are effectively trying to deny me the chance to amend the complaint, by using the things in the first complaint as grounds to deny the motion to amend the complaint. This is circular reasoning. My proposed complaint also centers on statements made to family members, to colleagues, to other lawyers in a non-judicial capacity or context, or in a business context, etc. None of these statements can be said to even come close to being within the penumbra of any kind of immunity. These are statements by Hilliard not made in the context of any representation of Donais.

17. Contrary to the objection, aiding and abetting defamation is a recognized claim both in MA and NH. I do not agree that the "*claim is not recognized by New Hampshire courts*", or that "*even if it were, Plaintiff fails to state a claim*". First, it should be noted that defendants are invoking a choice of law argument. But the choice of law issue cannot be resolved here when there is a prior pending motion to declare choice of law that has been stayed and which the court stated would only be addressed if/once the stay on the motion to dismiss was lifted. The court should allow the amendment to the complaint and then invite defendants to file a new motion to dismiss, and also invite plaintiff to refile any related pending motion, including the choice of law motion, etc., and then address choice of law issues as part of the motions to dismiss and of all of the related pending/stayed motions, as well. To address the choice of law issue now would be premature and prejudicial to me as plaintiff.

18. Contrary to the objection, in count 4, I did allege that Hilliard had an "active role" in publication of false statements to police in August 2020. I literally said that in para. 462. I also alleged that Hilliard "drafted, reviewed, offered revisions or edits" to a defamatory email on which Hilliard was subsequently copied. These are, among others, substantive allegations regarding Hilliard's specific role in the defamatory acts. But defendants play words games by asserting that I need to allege precisely which parts of the defamatory email Hilliard contributed to, in order to "make the email defamatory". This is a ridiculous standard. The exact precision between Hilliard's contribution and Donais' contribution in the defamatory email is not required to

allege defamation. This is an extremely high or heightened pleading requirement that isn't required under the law. Defendants are trying to make it impossible to plead any claim against the defendants. Also, I never said that because Hilliard was previously counsel to Donais, and is older than Donais, that somehow this itself gives rise to liability. This is a twisting of my words.

19. Similarly, for count 5, I did allege that Hilliard "knew" of the contractual or advantageous relations with the police and with others who he interfered with. See para. 305, 309, 494, 496, 501-507. I alleged there was contract or advantageous relations, who it was with, and the nature of the contract. I thus alleged sufficient facts of interference with contract or advantageous relations. Similarly, why are defendants asserting that I cannot allege sufficient elements of the claim? If all I need, according to them, is to disclose the minute details of the contract, then it is certainly possibly that I could allege sufficient details about the contract. Moreover, Hilliard is not a party to the contract, so he cannot say there is no contract. This would just be a matter of a more definitive pleading. See Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 65 (1st Cir. 2013) ("*A plaintiff cannot know everything about a defendant's potentially wrongful conduct, especially when it comes to the inner workings of a corporate or institutional defendant. Thus, our post-Twombly cases have recognized that " 'some latitude' may be appropriate where a plausible claim may be indicated 'based on what is known,' at least where ... 'some of the information needed may be in the control of [the] defendants.' " Menard, 698 F.3d at 45 (quoting Pruell, 678 F.3d at 15)"*.). Hilliard knew of the contract with the police. He also knew of the contract with others mentioned in the proposed complaint. Hilliard collaborated with Donais in causing the interference. See para. 306. Defendants have nothing to say about the other contract interference nor about the advantageous relations, which silence is deafening and is a tacit admission. This further shows why the insurance carriers knew they're liable and thus violated section 176D.

20. Moreover, it isn't futile to add the John Doe defendants. If I were to file a separate lawsuit against the John Doe defendants, it wouldn't be futile to do so. Filing a separate lawsuit wouldn't be subject to these type of arguments. The only thing that could be done is to seek dismissal but I couldn't be prevented from filing the lawsuit in the first place. In fact, if amendment is denied, I could simply file a separate lawsuit. It meets judicial economy to allow this claim in, and then resolve it upon a properly filed new motion to dismiss. It shouldn't

be resolved upon an amendment motion. The court can't find that it's futile. without knowing further facts underlying the claim, and many of the facts are in the control of defendants. It would be unfair to do so.

21. I did advance support for my belief that liability is reasonably clear. The Hilliard defendants asserts that no violation of 176D occurred "because no violation occurred". This is tautological and circular, as well as self-serving and one-sided. Moreover, the Hilliard defendants can't challenge the claims against John Doe companies. Counsel for Hilliard defendants has stated that they don't represent John Doe companies, will not receive legal documents or letters for John Doe companies. See **Exhibit 1.** Thus, they cannot speak for John Doe companies. Only John Doe companies can speak for themselves. Counsel for Hilliard defendants want to have it both ways. They evidently wanted to play games with identifying the name of the companies and then claim that they do not represent the John Doe companies, while at the same time trying to make defensive arguments for John Doe companies. This is not right or fair. We need to hear from counsel for John Doe companies. The Hilliard defendants can't assert that adding John Doe companies and attendant 176D claims, are futile (i.e., because liability is not reasonably clear), when the underlying facts are not disputed nor can be disputed at this stage. Similarly, even if the facts could be disputed, it can't be disputed by counsel for Hilliard defendants because they don't represent John Doe companies. Here, defendants are in possession of info. pertinent to this issue but play hide the ball, saying that I didn't present enough info. while hiding said info.

22. Moreover, my attempt to add a Massachusetts resident is not improper and is not to "destroy diversity". The Hilliard defendants concede that addition of John Doe defendants are not done with the sole purpose of destroying diversity (i.e., "*furthermore, the attempts to add certain defendants are done, in part, to destroy diversity.*"). In fact, the Donais defendants actually plainly admit that adding them doesn't destroy diversity. Even so, adding defendants to destroy diversity isn't prohibited. It simply calls for further scrutiny on whether the court should allow amendment. Diversity is only relevant primarily for remand. But the court already denied remand. So the issue is moot. Also, the court stated that it declined to allow remand discovery, regarding diversity issues, because diversity isn't necessary here to establish jurisdiction since federal question jurisdiction is established. Defendants can't benefit from the court's position that diversity isn't necessary and then use diversity as a basis to deny amendment. Contrary to the objection, amendment here wouldn't defeat removal jurisdiction.

23. The court previously knew or was aware that I intended to add parties by amendment including a non-diverse party. I literally stated this in my various objections to the motions to dismiss, both in MA federal court as well as in this court. Yet, the court made statements in the 11-30-23 hearing, that I should re-file the motion to amend and proposed complaint and provide reasons for adding parties. The court thus confirmed that it was aware or was expecting that I would be adding parties, namely the insurance companies and a non-diverse party. Yet, the court told me to provide the reasons for addition. The court has been well aware that these parties would be added via amendment to the complaint. Similarly, my attempts to add John Doe defendants aren't futile. I've sufficiently alleged they are Massachusetts corporations (see para. 670 & 674 of proposed complaint). I'll be harmed by them not being added to the case.

24. With respect to Beatriz Van Meek ("Van Meek"), I have justified why I'm seeking to add her as a defendant. Van Meek is a necessary party because she was relevant to the claims involving conspiracy with Donais to injure me. Moreover, the defendants' reference to "*nearly two years after filing his initial Complaint in this matter*" is misleading and stated out of context. This is not true. I didn't delay. I filed my motion to amend complaint shortly after I served process in state court, and promptly upon removal to federal court by defendants, including stating my intent to add parties. Moreover, I was hindered in adding the insurance companies because I didn't know their identities and have been seeking to uncover their identities including seeking it from defendants who have evaded disclosure to this day. After it became clear that it 's futile to obtain the identities, I resorted to a failsafe approach of adding them as "John Doe" companies, to preserve my rights and preserve statute of limitations. Defendants blocked me from adding parties by blocking info. that should've been provided, but they've obstructed me and now they seek to blame me for their obstruction.

25. This court doesn't lack jurisdiction over Van Meek. It's possible she could waive personal jurisdiction, which is a waivable defense. Her actions could implicate the jurisdiction of this court. The court can't deny amendment on grounds of personal jurisdiction when no such defense by the affected party has been advanced. See again **Exhibit 1.** Just because she is a Massachusetts resident, it doesn't mean the court doesn't have jurisdiction over her. Moreover, defendants told the court that it wouldn't mount a personal jurisdiction

9

defense in this case and that it is waived. Defendants are prohibited from raising any personal jurisdiction defense. Thus, they can't assert a personal jurisdiction defense for Van Meek since they don't represent her.

26. Moreover, defendants can't advance new defenses in an objection to a motion to amend complaint because the defendants already advanced two motions to dismiss already. It's unfair because I can only object to these new defenses in a reply to the objection to amend (which has less pages to do so) rather than in an objection to a motion to dismiss. This creates a structural disadvantage for me and gives defendants the upper hand procedurally, by severely limiting the playing field on which I can engage such motion to dismiss defenses.

27. Moreover, I didn't allege that she is a clerk in the Massachusetts Superior Court. The court can't deny amendment based on defendants purporting new info. that I didn't allege. Similarly, she isn't immune from suit. No claim alleged implicates any tasks performed that "*are inextricably intertwined with the judicial function*". Moreover, no allegations in the proposed complaint implicate absolute immunity. Either way, a clerk doesn't automatically have absolute immunity, as her actions must be at the direction of a judge; otherwise, a clerk only can have qualified immunity as automatic presumption, but such presumption is subject to factual inquiry and not automatically dispositive, at the motion to dismiss stage. I'll be harmed by denial of my motion to amend.

28. The civil conspiracy claim also doesn't fail to state a claim. See para. 579-583. Also, Hilliard fraudulently misrepresented/induced me regarding settlement negotiations with other parties, to sabotage the settlement, and deceived me into fake negotiations, towards to a common tortious plan intended to injure me.

29. The charge that my proposed claims are futile because they fail to state a claim is conclusory and self-serving.

30. Defendants won't be prejudiced by amendment as they'll be free to file a new motion to dismiss.

31. Please liberally construe and grant my request or any other relief the court deems proper[2].

Respectfully submitted,<br>/s/ Andre Bisasor<br>Andre Bisasor

Date filed: May 13, 2024
Date corrected[3]: May 14, 2024

---

[2] I hereby also request discovery and sanctions as shown in **Exhibits 2 & 3**, which are incorporated herein. [NB: See also Donais defendants' objections to discovery and sanctions, which further proves the need for discovery and shows they are blatantly dodging addressing the fact that they have lied to the court]. I also intend to move to strike this objection, or portions thereof, which will be forthcoming shortly after submission of this reply. I also incorporate my motion to amend complaint + my related filings. See **Exhibit 4** for reply to Donais defendants' objection to the motion to amend complaint, which is incorporated herein by reference.

[3] In light of the clerks' notice of filing error today, this correction is made for exhibits/exhibit description, and also for errors found after further review, including typos, grammatical errors, missing words/sentences. It is made promptly the next day. Please accept this version.

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor