# EXHIBIT 2

**COPY OF FILED**
**PLAINTIFF'S MOTION FOR LIMITED DISCOVERY PERTAINING TO DEFENDANTS'**
**OBJECTIONS TO MOTION TO AMEND COMPLAINT**

UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

## PLAINTIFF'S MOTION FOR LIMITED DISCOVERY PERTAINING TO DEFENDANTS' OBJECTIONS TO MOTION TO AMEND COMPLAINT

1. NOW COMES the plaintiff and respectfully submits this motion for limited discovery pertaining to defendants' objections to plaintiff's motion to amend complaint, as follows.

2. NB: I hereby incorporate the facts, arguments and authorities contained in the motion to amend the complaint, as if fully rewritten herein. I also refute the arguments, reasoning, claims, considerations, suggestions, insinuations, pleadings, statements, conclusions, requests and relief sought in the defendants' oppositions.

### I. STANDARD FOR GRANTING LIMITED DISCOVERY AT THIS STAGE

3. The district court has the authority to allow limited discovery before a Plaintiff amends the Complaint, where "modest discovery may provide the missing link." See Menard v. CSX Transp., Inc., 698 F.3d 40, 45 (1st Cir. 2012).

4. Discovery is warranted where Plaintiff alleges "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" that supports Plaintiff's claims. See Parker v. Landry, 935 F.3d 9, 18 (1st Cir. 2019), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

5. Generally, discovery is appropriate where "a material part of the information needed is likely to be within the defendant's control." Garcia-Catalan v. United States, 734 F.3d 100 (1st Cir. 2013) (noting "it cannot reasonably be expected that the appellant, without the benefit of discovery, would have any information" about circumstances readily known to defendants), citing Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012) (highlighting "[s]moking gun proof" is "rarely available…at the pleading stage").

6. As to discovery generally, pursuant to Federal Rule of Civil Procedure 26(b), parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

1

7. Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Energy Power (Shenzhen) Co. v. Wang, No. 13-cv-11348, 2014 WL 4687784, at *2 Case 1:21-cv-11181-PBS Document 170 Filed 02/13/23 Page 4 of 26 5 (D. Mass. Sept. 17, 2014) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

8. "District courts exercise broad discretion to manage discovery matters," Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 41 (1st Cir. 2003), and "to tailor discovery narrowly," Cutter v. HealthMarkets, Inc., No. 10-cv-11488, 2011 WL 613703, at *2 (D. Mass. Feb. 10, 2011) (quoting Crawford-El v. Britton, 523 U.S. 574, 598 (1998)).

9. When exercising this discretion, courts are to be mindful of the proportionality considerations articulated in Rule 26(b)(1). Fed. R. Civ. P. 26(b)(1).

10. The threshold showing that a plaintiff must present to the district court to merit limited discovery is relatively low. See Surpitski v. Hughes-Keenan Corp., 362 F.2d 254, 255-256 (1st Cir.1966) (per curiam) (explaining that a party should be allowed to conduct limited discovery when its position is not frivolous); see generally Swiss Am. Bank, 274 F.3d at 637 ("As a general matter, discovery ... should be freely permitted .... " (quoting Edmond v. U.S. Postal Serv. Gen. Counsel, 949 F.2d 415, 425 (D.C.Cir.1991))).

11. The law authorizes discovery where there is doubt about the underlying facts. See Udeen v. Subaru of America, Inc., No. 18-17334(RBK/JS) (D.N.J. Mar. 12, 2019).

## II. SUMMARY OF ARGUMENT

12. This motion is made necessary by the scope and content of the defendants' respective oppositions to the motion to amend complaint, making it necessary to obtain additional information from the defendants in order for a fair and reasonable response to be provided by me.

2

13. In no way should this request for limited discovery be taken as an admission of any of the defendants' allegations or arguments nor should this motion be taken as a waiver of the arguments to be made in my reply to the oppositions filed by the defendants.

14. The Federal Rules of Civil Procedure, and court decisions applying and interpreting these Rules, recognize the right of the non-moving party to obtain the facts that they need to properly and fairly counter the moving party's claims through expedited and limited discovery, and to place in abeyance the court's consideration and resolution of the relevant issues, until such time as the expedited and limited discovery process is completed.

15. The allowance of this motion would accomplish leveling the playing field for the purpose, and provide the means recognized in the Federal Rules and by the courts to provide me with the facts and information I need to respond to the defendants' filings, on a fair and effective basis.

16. At a minimum, defendants' practices add further weight to the need and importance of permitting the limited discovery, as one means that would help even the playing field and make it possible for me to respond to the oppositions, on a fairer basis.

17. The court also must view the facts and all reasonable inferences therefrom in the light most favorable to the plaintiff.

### III. SCOPE OF LIMITED DISCOVERY ISSUES

18. Plaintiff and the defendants do not agree on the factual allegations relevant to the following issues.

19. The defendants have used their objections to engage in the disputation of facts, which is not permitted at this stage, as follows.

**A. Disputed Facts Regarding Applicability of Savings Statute and the Underlying Facts Relating to 1-88 Dismissal in State Court of Related Case**

20. First, the Donais defendants misstated the facts regarding the underlying reason for dismissal in the related Middlesex superior court case. I have proof of my facts regarding this. The Donais defendants know the truth but have tried to mislead or deceive this court. This disputation of facts will require

3

discovery and resolution of the factual dispute in order to ascertain the bases for the 1-88 dismissal (without prejudice) that occurred in the related MA Middlesex superior court case.

21. The defendants also insert new facts outside the proposed amended complaint including facts about proposed new defendant, Beatriz Van Meek, which again is not permitted at this stage.

22. In particular, the Donais defendants stated in the objection, on page 7, that:

> Plaintiff alleges that the Massachusetts savings statute, M.G.L. c. 260, §32, is triggered based upon the dismissal of his Middlesex Superior Court complaint. (Doc. 161-1, ¶301.) Plaintiff is incorrect. Attached hereto as Exhibit A is the docket summary for 2081CV00087. Therein, the Middlesex Superior matter was dismissed on August 2, 2021 as "service not completed for any party by deadline review." The matter evidently was dismissed for lack of service of process, even after Plaintiff obtained several extensions of time to serve the complaint. (Ex. A.) Plaintiff's failure to serve Donais – the only defendant in the matter - with process in the Middlesex Superior Court matter is the equivalent of a voluntary discontinuance for the plaintiff's deliberate neglect to prosecute his lawsuit. In such circumstances, the savings statute does not save Plaintiff's time-barred claims. Plaintiff's failure to effectuate service of process is not by reason of an unavoidable accident or because of default or neglect by the officer to whom such process is committed.

23. However, contrary to the above assertions by the Donais defendants, I did serve Donais with service of process. Donais also lied to courts[1] previously stating that he wasn't served process.

24. Such statement by Donais is false and can be proven false by the fact that a US post office postmaster has confirmed that Donais did receive service of process from me, with a certified US post office mailing sent to Donais on July 16, 2021. Because Donais was located at the time in New Hampshire, I was authorized under the long arm statute to serve process on him by mailing to him certified mail, which I did, with proof of receipt provided. A US postal service postmaster has provided written proof and mail delivery receipt, confirming that Donais received the mailing of the certified mail containing the service documents. But Donais lied to courts, more than once, averring that he was not served, and thus did

---

[1] For example, Donais made the following statement to a Middlesex superior court judge on 11/30/21, where I was not present on an ex parte basis:

MR. DONAIS: I'm Craig Donais, although I haven't been served and so I don't have an appearance in on this case.
....
THE COURT: Okay. So, Mr. Donais, or Attorney Donais, but in this case --- you're a named defendant in a case that's not been served upon you yet.
MR. DONAIS: Correct.
...
MR. DONAIS: …I've never been served…

4

not receive any mailing of the summons and complaint from me in that case. This is a bald and egregious lie.

25. One example of proof that Donais received the certified mailing from me includes the following email from the US postmaster showing the name and address of the recipient of the certified mail package being Craig Donais.



26. The below further shows proof from the US postmaster (David Labrie) of a signed receipt of the certified mail with tracking number of package I mailed to Donais at his address in NH.

5

> **UNITED STATES POSTAL SERVICE**
>
> August 12, 2021
>
> Dear David Labrie:
>
> The following is in response to your request for proof of delivery on your item with the tracking number: 9507 1067 0961 1197 2653 69.
>
> **Item Details**
> Status: Delivered, To Original Sender
> Status Date / Time: July 27, 2021, 2:50 pm
> Location: MANCHESTER, NH 03104
> Postal Product: First-Class Mail®
> Extra Services: Certified Mail™
>
> **Shipment Details**
> Weight: 12.0oz
>
> **Recipient Signature**
> Signature of Recipient: *[handwritten: Jnsh Leshn]*
> Address of Recipient: *[handwritten: RHE 401 (79)]*
>
> Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.
>
> Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.
>
> Sincerely,
> United States Postal Service®
> 475 L'Enfant Plaza SW
> Washington, D.C. 20260-0004

27. This thus proves that Donais has lied. I thus have statements and documents by the US post office confirming that Donais was served process. The dismissal was thus not a failure to prosecute the case. The state court dismissed the case on a technicality, in that the proof for service was not received by the court within a certain time and the state court prematurely entered a 1-88 dismissal.

28. NB: This is what the current appeal in the MA appeals court is all about and the appeals court will likely reverse the 1-88 dismissal and remand the case to the Middlesex superior court. By the wat, this is another reason why this court should stay this case and allow the appeals court to resolve this issue, especially since the defendants have now made this a key issue to be resolved for this case. The defendants keep making big noise about the fact that there is a pending case in MA appeals court and keep using this to somehow persuade the court of whatever they next try to argue. But this cuts both ways as their emphasis on the importance of this prior state court case in MA, supports giving that prior first filed case in MA, the preference and priority, and thus this case should be stayed.

29. Also, I did serve process on Donais before the deadline to serve process was expired.

6

30. This is thus a significant dispute of fact with respect to the assertions made by the Donais defendants in their objection. Donais asserts in his objection that I failed to serve him process. This is a lie. His only way to try to now explain this lie is to assert that the postal employee did not comply with certain requirements for service, even though the postal employee gave Donais the service of process documents and thus did serve him process. If this is Donais' defense to this blatant lie, using such a hyper-technical argument, then it further establishes that according to Donais, it was a mistake by the post employee, which would prove that the savings statute must apply. The only way to know if this is what Donais will use to explain his lie is to get Donais under oath to answer discovery. Even so, it would still be a lie because he falsely gave this court the wrong impression that he did not receive the service of process documents at all and that I "failed" serve him the documents[2].

31. Donais has made this squarely a major issue by averring that I failed to serve him, that he was not served and that this was a matter of my failure to prosecute, which is a bald lie.

32. This requires discovery as follows: Did Donais receive the service of process documents from me via the US post office/postal employee by certified mail? If so, what date stamp was on the certified mailed documents? When did Donais receive the certified mailed documents? Does Donais currently have the certified mailed documents and envelope, and did Donais preserve the certified mailed documents and envelope, and can he produce the certified mailed documents and envelope now? Why exactly is Donis saying he was not served the mailed documents? Does he assert that the postal employee did something wrong when the postal employee gave Donais the certified mailed documents? Does Donais deny that the postal employee gave him the certified mail documents? Why would the post office and postal employee say that they gave Donais or delivered to Donais the certified mailed documents that are at issue? Donais needs to come clean and answer these questions via limited discovery.

---

[2] NB: I predict that if the Donais defendjants provide a response to this motion, they will dodge and deflect from addressing this issue head on, but will obfuscate and evade the issue of Donais' intent to assert that the US postmaster made a technical error in serving the certified mail to Donais, or something to that effect, as the grounds for why service was not made on Donais.

33. These are critical questions that must be answered in order to resolve whether Donais was served the documents in question (pursuant to the long arm statute), whether the plaintiff failed to serve Donais, and thus whether the savings statute applies to refute the defendants statute of limitations defenses as asserted in their objection to the motion to amend complaint. NB: It is also predictable that the defendants will not even answer these questions in their response to this motion.

34. Therefore, in order to decide this issue, limited discovery is required and possibly even an evidentiary hearing is required (and I hereby request such a hearing). The integrity of these proceedings are at stake

35. I request, in the interests of judicial equity, that the court permits an opportunity to take limited discovery to properly defend against the defendants' oppositions to my motion to amend complaint.

36. I therefore request that discovery be allowed, without which I believe I would be deprived of proper due process, and of my right to a fair opportunity for a fair trial/proceeding.

37. I am only seeking very limited discovery. The court can narrowly tailor discovery to the proper limits. I simply ask for the minimum necessary discovery to defend my case against the defendants' oppositions and against any assertion and use of disputed facts outside of the complaint.

38. I am thus seeking limited discovery to establish necessary facts. Limited discovery is appropriate in this case, in order to gather necessary information to ensure a fair and just resolution of this issue. Limited discovery is reasonable because there are fact issues that need to be addressed, revealed, discovered, and/or established regarding the motion to amend complaint. Fact inquiry cannot be fairly or properly done without any limited discovery.

39. Limited discovery is also reasonable because defendants are contradicting facts in my motion to amend complaint and proposed amended complaint, or are seeking to dispute facts asserted or implied in my motion to amend or proposed amended complaint.

40. Limited discovery is proper. Limited discovery is relevant. Discovery is an essential tool in the pursuit of justice, particularly where access to information is paramount and a crucial issue.

41. Limited discovery is necessary to obtain the relevant documents, records, or information held by the defendants, which are crucial for the plaintiff to effectively present his case and defend his rights. The requested limited discovery is directly related to the central issues of the motion to amend the complaint. It is necessary to uncover potential evidence that may support the motion to amend complaint.

42. If the court is to be in a position to resolve the factual dispute germane to the issue of the statute of limitations governing this entire case, then the court must resolve the applicability of the Massachusetts savings statute, but that is a fact inquiry, and so the court must resolve the fact dispute in order to resolve the motion to amend complaint and the attendant objections thereto.

### B. Disputed Facts Regarding New Defendant Beatriz Van Meek

43. It should be further noted that Donais has also placed at issue the fact of whether he and Ms. Van meek conspired against me unlawfully, as follows.

44. First, I did not state that Ms. Van Meek's role in the conspiracy was in her job or her job only. I clearly stated, in one place or another in the proposed amended complaint, that the conspiracy also took place outside of her job. As defendants point out, there was no identification of Ms. Van Meek's job in the proposed amended complaint. The defendants seek to insert their speculation that her job was as Business Litigation Session (BLS) superior court assistant clerk in Massachusetts. But that wasn't the job I was referring to. Moreover, Ms. Van Meek has had other jobs other than that.

45. Either way, even if that was the job I was referring to (which it was not), then even so, given that my proposed amended complaint asserts acts outside of her job, the defendants cannot use their speculation to attempt to defeat amendment as futile, because of purported absolute immunity[3], at this stage. If that is a defense that could be asserted (which I do not concede that it is), it is for Ms. Van Meek to assert any defense herself via an answer or a motion to dismiss. Counsel for defendants do not represent Ms.

---

[3] It should be noted that absolute immunity does not apply to clerks of the Massachusetts superior court, except only when a clerk acts on or carries out the orders of a judge. On all other occasions, clerks may only invoke a qualified immunity, which can be overcome by facts showing the clerk acted outside of a judge's orders, acted in malice, or acted outside the scope of her duties, among other things. The defendants know this but have misstated the law.

Van Meek and it is improper for them to speculate as to what her defenses might be, and furthermore counsel for the Defendants cannot assert defenses on her behalf.

46. Furthermore, the defendants seek to mislead this court with a reference to page 9 of their Exhibit A of their opposition to my motion to amend complaint, but that was a false reference as that pertained to whether there was communication between the judge of the MA Middlesex superior court case and Donais, or between the judge of that case and the clerk staff of that case about things that may have been stated to the clerk staff by Donais. It was not about communication between Donais and the clerk staff that was outside of the job or that did not reach to the judge's ears. The judge undertook no investigation of these facts, but only stated that nothing improper came to his ears. That reference is thus inapposite and has nothing to do with the claims about Ms. Van Meek in the proposed amended complaint. Moreover, the MA appeals court, with respect to an appeal on this underlying state court case, subsequently allowed the plaintiff permission to further seek disclosure of the communications between Donais and clerk staff, which indicated that the issue was not closed in the state court contrary to the mistaken assumptions of the defendants (see MA appeals court docket of that case, for confirmation). Similarly, the transcript of the hearing on 11-30-21 in the Middlesex Superior Court case, where the references by the judge are being misconstrued by the defendants, clearly show that the judge in that case was not passing upon the issue of the communications between Donais and any clerk staff, whether in or out of the job. The defendants were not part of that hearing, as that hearing was impounded by the judge, and the defendants have taken the entry on the docket out of context and applied it to what it actually did not refer to. This can be further addressed in discovery.

47. To the extent the defendants assert that Donais did not make plans with, nefariously interact with, or conspire with Ms. Van Meek against me, whether in or outside of her job, as a basis for their objection, then that is a factual dispute, and gives rise to further grounds for limited discovery as follows: What interactions and communications with Ms. Van Meek did Donais have, and were there in or outside of her job? And what was the nature of such interactions and communications? Given that Donais is

evidently disputing that he made any plans or communications with Ms. Van Meek, outside of her job, then this must be resolved through discovery. NB: Donais is not permitted to dispute facts at this stage, neither in a motion to dismiss, and especially not in an objection to a motion to amend complaint.

## IV. PROPOSED PLAN FOR LIMITED DISCOVERY REQUESTED

48. The requested limited discovery is narrowly tailored to the specific information necessary for the motion to amend complaint.

49. It would not be overly burdensome or disproportionate to the nature of this dispute.

50. Allowing limited discovery will not unduly delay the proceedings or prejudice the defendants, as follows.

    a. I would be minimally satisfied with being allowed to propound 10 questions via interrogatories and 10 documents for document production upon the defendants, and to take a one hour deposition of the Donais defendants.

    b. The court can order discovery limited to 10 questions via interrogatories and 10 documents for document production, to be completed within a reasonable time from the date of ruling on this motion. Similarly, a 1 hour deposition with the defendants can be completed within a reasonable time from the date of ruling on this motion, as well.

    c. This would not unduly delay these proceedings nor create an unreasonable burden on the defendants at this juncture.

51. The above are some of the categories of the limited discovery information that I need the defendants to provide.

52. I would be minimally satisfied with the above in terms of limited discovery at this juncture. I just need a minimal opportunity to conduct very limited discovery.

53. These are critical issues to resolve before the court can look at the larger questions of this case.

54. Consequently, the issues in this case cannot be determined without factual inquiry. Thus, some discovery is required to determine or reveal those facts. NB: The matter should not be concluded on conflicting affidavits. See Rivera-Lopez v. Municipality of Dorado, 979 F.2d 885 (1992) (1st Cir.).

55. If I am not allowed to obtain any discovery at all, I will be severely disadvantaged.

56. As shown above, the requested discovery is targeted towards getting basic information relevant to the motion to amend.

## V. CONCLUSION

57. Allowance of limited discovery is in the interest of justice, as it will ensure a fair and thorough examination of the relevant facts, and contribute to the just resolution of amendment issues.

58. The court must assume my facts are true. But yet the defendants are trying to contradict certain facts in my motion to amend and/or the proposed amended complaint. The defendants cannot dispute or contradicts any of the facts that are contained in the above. The court cannot use the defendants' facts (or version of facts) as true or as facts, without some limited discovery. The court cannot take defendants' facts asserted, cited, implied, or alluded to, as true, over against or to contradict my stated facts or alluded to facts.

59. Here, for example, the defendants assert new facts in their oppositions, without any affidavit. It seems that the defendants would like the plaintiff and the court to just take their word for it, without any evidence or proof of factual assertions. This is not right. Moreover, it violates federal court rules that requires fact statements to be supported by affidavit ("The court will not hear any motion grounded upon facts, unless such facts are verified by affidavit…").

60. Fair is fair. The defendants cannot have it both ways.

61. The defendants should not be allowed to effectively "rig the game" by asserting new facts or disputing my asserted or implied facts while inoculating themselves from having to test or verify or prove their assertion of new facts or their disputation of my facts.

62. Similarly, the facts supplied by the defendants are not to be considered by the court at this stage without limited discovery. This supports the need for limited discovery in this case.

63. I need discovery pertaining to this motion to amend complaint. This must be addressed before any motion to amend can be resolved.

64. **I request a hearing on this motion.**

65. Please grant my request or grant any other relief the Court deems proper.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

May 9, 2024

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor

13