# EXHIBIT 4

**MOTION FOR SANCTIONS AGAINST THE HILLIARD DEFENDANTS**

UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

## MOTION FOR SANCTIONS AGAINST THE HILLIARD DEFENDANTS

1. I the plaintiff hereby move for sanctions against the Hilliard defendants, and also request that the court issue a findings of fact that defendant Hilliard's assertion or allegation that Hilliard was only served summons and complaint service of process documents by a United States Postal certified mail on May 11, 2023. Hilliard's reference in his filings in this case that he did not receive service documents on April 17, 2023 is false. I thus also move for sanctions including and up to sanction of dismissal. Grounds are as follows.

### I. THE NEED FOR THIS MOTION

2. This request is necessary because Hilliard has repeated this false statement in more than one filing in this court or other courts involving this case.

3. This request is also necessary in order to clarify and protect the record.

4. This request is also necessary to preserve the integrity of these proceedings.

5. This request is also necessary to hold lawyers accountable for upholding the high standards of truth and candor required by the court.

### II. BASIS FOR THIS MOTION
**A. Hilliard's Receipt of Service of Process /True Date of Service and Receipt of Original Complaint and Summons by Hilliard**

6. In his affidavit filed in Massachusetts federal court involving this transferred case, Hilliard states that he only received the summons and the amended complaint on May 11, 2023 via first class mail. This is false as shown herein.

7. The true and correct date of the service of the original complaint on the above-noted defendants is 4/14/23. The true and correct date of the receipt of the original complaint on the above-noted defendants is 4/17/23. This is further shown and proven below.

8. First, Hilliard notes in his affidavit that he received the summons and the amended complaint on 5/11/23 by regular mail only. See screenshot below.

1

## AFFIDAVIT OF RUSSELL F. HILLIARD IN SUPPORT OF MOTION TO DISMISS

I, Russell F. Hilliard, upon oath, depose and state as follows:

1. My name is Russell F. Hilliard. I am an attorney and partner with the New Hampshire law firm Upton & Hatfield, LLP. I am familiar with the allegations as asserted in the Amended Complaint filed by Andre Bisasor, a copy of which I received via regular mail only on May 11, 2023 at my home address in Portsmouth, NH.

9. It should be noted that, Upton and Hatfield has argued that it obtained service because Russell Hilliard was served and Russell Hilliard is a partner of the firm. See **page 2** of Defendants Russell F. Hilliard and Upton & Hatfield, LLP Opposition to Plaintiff's Notice of Intent to Move to Remand This Case to State Court (Document #36 in this court). See also screenshot below of Document #36 in this court.

> II. **REMOVAL WAS TIMELY**
>
> Plaintiff attempted to serve the Amended Complaint on Mr. Hilliard by regular mail, which was received by Mr. Hilliard at his home address on May 11, 2023. *See* Doc. no. 16-1 at ¶ 1. While Upton & Hatfield has never been served with the Amended Complaint, using the May 11, 2023 date that Mr. Hilliard, a partner in the firm, received the Amended Complaint as the date that Upton & Hatfield received notice of the Amended Complaint, removal on June 9, 2023 was timely. *See Novak v. Bank of New York Mellon Trust Co., NA.*, 783 F.3d 910, 911 (1st Cir. 2015) (*citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)).

10. Here, Upton & Hatfield states that "**Upton & Hatfield has never been served with the Amended Complaint**" and that it used "**the May 11, 2023 date that Mr. Hilliard, a partner in the firm, received the Amended Complaint as the date that Upton & Hatfield received notice of the Amended Complaint**."

11. Therefore, by their own admission and standard, Upton & Hatfield has averred a principle by which it can arrive at the date it received notice i.e., through Russell Hilliard as a partner in the firm, which is a limited liability partnership.

12. But based on this, Upton & Hatfield first received notice of the original complaint, when on April 17, 2023, Russell Hilliard received the original complaint, who was first served the original complaint on April 17, 2023.

13. See screenshot of sheriff's return of service with certified mail tracking number showing mailing to Russell Hilliard to the home address. See again **Exhibit 2.**

2



14. See also screenshot of USPS tracking for sheriff's certified mailing. See **Exhibit 7**.



15. Here, this is proof that the original complaint was received by Russell Hilliard on April 17, 2023. By comparing the tracking number of 9171999991703051265076 on the sheriff's return of service with certified mailing

3

addressed to Russell Hilliard's home address in Portsmouth NH, to the USPS tracking receipt with the same tracking number, it shows the mail was delivered/received on April 17, 2023 at 3.45pm at Hilliard's home in Portsmouth NH.

16. This also shows that Russell Hilliard has lied to this court, and in fact did so under oath, meaning that this is perjury. This is a critical matter. Here, you have a Sheriff who has provided testimony, via affidavit, that she placed the summons and original complaint into the mail via certified mail (with tracking) and first class mail to Russell Hilliard at his address in Portsmouth NH. Here, you also have the US post office providing a tracking receipt showing that the certified mail with tracking that was mailed by the Sheriff was received by Russell Hilliard on April 17, 2023. The affidavit of Russell Hilliard cannot defeat the affidavit of Sheriff and the receipt provided by the US post office, both of whom are disinterested parties not involved in this litigation and are duly recognized government authorities on matters related to service and mailing of service of process documents. The affidavit of the Sheriff and the tracking receipt of the US post office provides impeachment of Russell Hilliard's affidavit and of the statements made by his counsel in their pleadings to this court.

17. Either way, the evidence provided above is sufficient on its face to establish that Russell Hilliard received the summons and original complaint on April 17, 2023.

18. It should also be noted that the sheriff also averred in her return of service affidavit to the court that the sheriff's office also mailed the summons and original complaint to Russell Hilliard to his home address in Portsmouth NH **via first class mail**. See screenshot below and see again **Exhibit 2.**



19. The address listed on the above screenshot, 579 Sagamore Avenue, Unit 9, Portsmouth NH is Russell's home address. See proof by his mortgage deed filed with the registry of deeds. See screenshot below. See **Exhibit 8.**



20. Therefore, Russell Hilliard was served the original complaint and summons on April 14, 2023 and thus he also received notice of the original complaint by April 17, 2023 (if the 3 day rule for mailing is applied).

5

21. NB: I also spoke to the Sheriff and she averred that no first class mail that she mailed on April 14, 2023 (or May 8, 2023) has been returned to her, from either Donais or Hilliard. Therefore, every first class mail that was placed in the US postal mail service on April 14, 2023 and on May 8, 2023 was delivered and received by the addressees, including Russell Hilliard. Either way, mailing by US postal mail by a sheriff is valid on its face as to the date of service and date of mailing.

22. This further shows that Russell Hilliard has lied to this court under oath.

23. This leads to another key point. The sheriff also averred in her return of service affidavit to the court that the sheriff's office also mailed the summons and original complaint to Russell Hilliard to his work address at Upton & Hatfield in Portsmouth NH, via first class mail. See screenshot below and see again **Exhibit 3**.



24. Also, the 159 Middle Street address is the Upton & Hatfield's only physical office in NH. The other two addresses in Concord NH and Petersborough NH are P.O. Box addresses. This also means that the first class mail sent to Russell Hilliard at this work address was received by Russell Hilliard. See screenshot below of Upton & Hatfield's website showing their address, and see **Exhibit 9**.

6



25. Thus, there is simply no way around this fact. Russell Hilliard was served the original complaint and summons by the sheriff on April 14, 2023 and Russell Hilliard received notice of the original complaint and summons on April 17, 2023. This is confirmed by sheriff's affidavit and proof of mailing of certified mail and confirmed by tracking as well as by proof of mailing by first class mail to Russell Hilliard at his home address and to his work address at Upton & Hatfield.

26. So the service date of the original complaint has been established as April 14, 2023 and the receive date of the original complaint has been established as April 17, 2023, and thus that the original complaint was served on April 14, 2023 and received on April 17, 2023 by Russell Hilliard.

27. Hilliard has thus stated and repeated the above lie. The integrity of these proceedings is thus at stake. This allegation therefore has been alleged and repeated in more than one filings by the defendant. This cannot be allowed to stand as is.

28. NB: In determining the validity of service in state court prior to removal, the law of the state under which service was effected must be applied. See In re Pharm. Indus. Average Wholesale Price Litig., 431 F. Supp. 2d 98, 108 (D. Mass. 2006); Frankston v. Denniston, 376 F. Supp. 2d 35, 39 (D. Mass. 2005).

29. Massachusetts Rule of Civil Procedure 4(e) authorizes service by "any form of mail addressed to the person to be served and requiring a signed receipt."

7

30. Proof of service requires a receipt signed by the addressee or such other evidence of personal delivery. Failure to make proof of service, however, "does not affect the validity of the service." M.R.C.P. 4(f).

31. The Massachusetts federal court has determined that service is valid even if a defendant contends that a plaintiff's service was invalid because the plaintiff did not file a USPS return receipt for the complaint package sent, and/or the USPS package sent was returned as undeliverable, and deemed service was effective under such circumstances especially where the plaintiff employed both USPS certified mail and other mailing to the defendants' address. See *Sindi v. El-Moslimany*, CIVIL ACTION NO. 13-10798-GAO, 2 (D. Mass. Mar. 26, 2014. See In re Pharm. Indus. Average Wholesale Price Litig., 431 F. Supp. 2d 98, 108 (D. Mass. 2006); Frankston v. Denniston, 376 F. Supp. 2d 35, 39 (D. Mass. 2005).

### III. INDISPUTABLE FACTS

32. First, this statement is a statement of fact. It is either true or not true. It is not an opinion or a guess. It alleges that a certain statement was made by the plaintiffs at a specific time and in a specific place and to a specific person. Hence, it is a fact that the statement is a statement of fact.

33. Second, the statement is also relevant and material because Hilliard uses it as his central point for seeking relief. It is not a side point or peripheral statement. It is central and crucial.

34. Third, it is also intentional. The statement was made with a clear intent and objective, to assign a concrete specific act or lack thereof to me. This was not done inadvertently or by accident. It was done with full consciousness by Hilliard.

35. Fourth, the statement is verifiably and provably not true. A statement can be proven not true if it can be falsified by other facts. I have provided proof.

36. Therefore, Hilliard' statement is not true. It is not accurate. It is not factual. It is false.

37. There is simply no way around this fact.

38. Therefore, I ask that the court issue a finding of fact that comports with the above clear and indisputable set of facts.

## IV. FURTHER ARGUMENT AND SANCTIONS REQUESTED

39. Rule 11 provides that the "signature of an attorney" to any pleading "constitutes a certificate" that there is "good ground to support [the pleading]; and that it is not interposed for delay."

40. Default judgment is warranted, or such other sanctions as this Court deems just and proper.

41. Hilliard should be held to account for this blatant false statement including up to default judgment.

42. Because of the nature of the claims in this case relating to false statements in the underlying facts of the case, it adds insult to injury for Hilliard to engage in false statements to the court to try to influence the outcome and the fair administration of justice.

## V. CONCLUSION

43. I hereby request a hearing on this motion. Please grant a pro se liberal construction to this pleading. Please grant the relief requested or any other relief the court deems fair, right, just, equitable or proper.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

May 9, 2024

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor

9