UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

# [CORRECTED] PLAINTIFF'S REPLY TO THE DONAIS DEFENDANTS' OBJECTION TO PLAINTIFF'S RE-SUBMITTED MOTION TO AMEND THE STATE COMPLAINT

1. This is a reply to Donais defendants' objection to my motion to amend complaint ("proposed complaint").

2. My amendment doesn't "violate Rule 8" and is not "futile". I've not had any chance or opportunity to amend the complaint after service of process in state court. Defendants removed to federal court and then further sought/obtained transfer to another federal court, and yet they evidently still expect me to stand on the complaint filed originally in state court. After moving through two federal courts, that would simply not be fair, just, or equitable. I have the right to amend the complaint at least once in federal court before judgment or ruling on a motion to dismiss. I'll be significantly prejudiced without allowance of amendment to the complaint. Moreover, there are additional acts since filing in state court and all amendments arise out of a common nucleus of facts. Below, I provide specific responses to Donais defendants' objection ("objection").

3. Contrary to the objection, my proposed complaint does address so-called/purported fatal issues. This is an error of defendants' own failure to read the proposed complaint carefully or an intentional attempt to mislead the court. It's evident Donais defendants didn't consider all changes in the proposed complaint.

4. Contrary to the objection, my allegations are not speculative nor unsupported. I've provided firsthand knowledge of acts by Donais defendants. Also, this isn't the stage to provide evidence to support claims.

5. Contrary to the objection, it is NOT beyond a doubt that I can prove no set of facts in support of my claim. This argument is circular, and tautological. The standard for allowing amendment of a complaint is a lenient one. It would be meaningless for the rules & the law to provide that amendment be allowed freely if the court then holds amendment to a strict rigid inflexible rule 12b criteria. For e.g., if I had here used the right to amend as a matter of right, none of defendants' arguments would matter since it'd be allowed without court permission and defendants would've had to accept that. This shows that amendment should be freely allowed, especially where, as here, I had no opportunity to amend the complaint in federal court.

6. Notwithstanding the length of my proposed complaint, my claims are coherent and intelligible. Also, there is no page limit for complaints or amended complaints, and thus I violated no page limit. Please note that a complaint can be verbose and still give fair notice of claims. The purpose behind rule 8 is not necessarily to bar verbose complaints, but to address complaints that are unintelligible or undecipherable and provide no fair notice of claims. Defendants haven't asserted that my complaint is unintelligible or undecipherable.

7. Rule 8(a)(1) makes no reference to facts or causes of action. Under this rule, if a plaintiff fairly notifies the defendant of the nature of the claim and the grounds on which he relies, the action or complaint should not be dismissed or denied, because it does so through what might be termed "conclusions of law." See Conley v. Gibson , 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). In Conley, it states:

   > "To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests….Such simplified "notice pleading" is made possible by the **liberal opportunity** for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. Following the simple guide of Rule 8(f) that "all pleadings shall be so construed as to do substantial justice," we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis. The Federal Rules reject the approach that pleading is a **game of skill** in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. Cf. Maty v. Grasselli Chemical Co., 303 U. S. 197."

8. Rule 8 states in the notes: "*No technical forms of pleading or motions are required*" and that "*This reflects the view that the primary function of pleadings is not to formulate the precise issues for trial but rather to give fair notice of the claims and defenses of the parties, and that particularized pleadings merely result in wasted time and effort, because claimed defects are matters of form which are subsequently corrected by amendment.*" Rule 8(e)(2) permits "a party to state as many separate claims…as he has, regardless of consistency or legal or equitable ground, and also to set forth two or more statements of a claim…alternately or hypothetically, either in one count…or in separate counts..."

9. I also allege that defendants, to one extent or another, are working together and making decisions together, and that in many instances the acts of one defendant are the reflection of the acts of other defendants because of the relationships and/or organizational dynamics. Discovery is needed to dig deeper into the interplay of these dynamics. In addition, I provided certain details in the proposed complaint for context and background, which is allowable. It would be unjust to strike or deny the proposed complaint, which meets the purpose of a complaint, namely, to give notice of claims and to indicate plaintiff is entitled to relief. The Fed.R.Civ.P. 8(a)) standard contains a powerful presumption against rejecting pleadings for failure to state a claim. All that

is required are sufficient allegations to put defendants fairly on notice of claims against them. The issue is not whether a plaintiff will ultimately prevail but whether claimant is entitled to offer evidence to support the claims. At this stage, the district court must resolve any ambiguities in plaintiffs' favor. Pro se complaints, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers. The court must construe the pleading liberally and must afford [pro se] plaintiffs the benefit of any doubt, viewing such submissions by a more lenient standard. Haines v. Kerner, 404 U.S. 519, 520 (1972)). The court is obligated to "'make reasonable allowances to protect Pro Se litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006). The court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." Weixel v. Bd. of Educ., 287 F.3d 139, 146 (2d Cir. 2002). The proposed complaint here has carefully laid out more than sufficient facts indicating defendants are liable and the claims against them are colorable. Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings. Even if defendants quibble with the technical form of my pleading, it still adequately states a claim and shouldn't be denied amendment under Rule 12(b)(6) or Fed.R.Civ.P. 8(a). The US Supreme Court has held pleading standards under Fed.R.Civ.P. 8(a)(2) requires only a statement that gives defendants fair notice of what a plaintiff's claim is. My proposed complaint has done just that. To the extent my proposed complaint is alleged to be verbose, pro se leniency mandates that it not be denied on hyper-technical pleading grounds. NB: The Hilliard defendants have avoided this defense.

10. The Donais defendants fail to consider that this isn't a typical simple lawsuit with one defendant and one plaintiff. This is a complex lawsuit with multiple defendants and multiple claims, and some are alternate theories of claims. I can't be hand-tied to defendants' presumptions of short & plain statements, when many issues have been consolidated into one complaint. I could have done separate complaints for defendants, but instead I brought related claims in one lawsuit. Further, the courts have favored resolution of all disputes between parties, in a single litigation. This is "*to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters*." Carteret, supra, at 38, citing Southern Construction Co. v. Pickard, 371 U.S. 57, 60, 83 S.Ct. 108, 110,9 L.Ed.2d 31 (1962). This supports the principles of judicial economy and

efficiency. Rule 8a clearly outlines the burden of pleading, which is much lighter/flexible than what defendants suggests. I've not failed to meet that burden.

11. NB: Defendants complain about time spent preparing filings, but they're the ones that harmed me in the first place and the ones that moved this case to two federal courts, creating their own work and time spent to do so. Also, I refer to the proposed complaint as a placeholder because I didn't have a proper chance to complete amendment of the complaint, the circumstances for which has been elsewhere noted.

12. Contrary to Donais defendants' objection, no part of my proposed complaint is time-barred. [NB: This is already refuted in the proposed complaint. See para. 301, 701-712. That defendants keep reasserting these meretricious defenses is tantamount to a violation of Rule 11. See also **Exhibit 3**]. Because the Massachusetts renewal statute/savings statute applies, there are no statute of limitations issues in this case. Yet, defendants keep misstating the facts & law, in order to confuse or to throw off the court. NB: Covid tolling under MA law and the facts regarding the date of actual filing of the complaint on 6-18-22, are other points that undeniably refute any statute of limitations defense, as stated in the proposed complaint. See Para 703-707.

13. Contrary to the objection, the complained of statements are not absolutely privileged. If the allegations in the proposed complaint are true (which they are true and defendants can't deny or dispute this at this stage), then the absolute legal privilege doesn't or can't preclude my causes of action against Donais defendants. I clearly stated in the proposed complaint that **I'm not seeking any claim that involves a statement to a court, to the ADO or made in a judicial proceeding**. See para. 713. Donais defendants cant reinterpret/misinterpret my proposed complaint to make it say something that it doesn't say. Donais defendants seem to respond to the first complaint, not the proposed complaint, and are acting as though everything in the first complaint is in the proposed complaint. By doing this, they're effectively trying to deny me the chance to amend the complaint, by using the things in the first complaint as grounds to deny the motion to amend the complaint. This is circular reasoning. My proposed complaint also centers on statements made to family members, to colleagues, to other lawyers in a non-judicial capacity or context, or in a business context, etc. See para. 106, 248-258, 294-297, 351, 352, 371, 377, 417, 446. None of these statements can be said to even come close to

being within the penumbra of any kind of immunity. [NB: These statements by Donais weren't made in the context of any representation of Donais.].

14. Contrary to the objection, in count 3, invasion of privacy, I've done a lot more than recite elements of my defamation claim. Defendants argue that I claim that "*Donais "engaged in publicity," but Plaintiff does not allege facts to demonstrate publicity, and such conclusory statements are insufficient, and the complaint fails to support an inference that any fact was publicized, i.e., communicated to the public at large. Plaintiff's proposed Count 3 does not state a cause of action for invasion of privacy."* This is not correct. For e.g., I've pled *"widespread publication and publicity of false light disclosures, throughout the entire police department and…to other police departments in the region, causing a state wide watch/lookout by the police for the plaintiff."* See para. 429. Defendants evidently want me to provide **summary judgment evidence** in an amended complaint, in order for amendment of the complaint to not be futile. This is an unheard of standard. The defendants appear to unfairly want new rules to apply to me.

15. Contrary to the objection, in count 4, aiding & abetting defamation is a recognized claim both in MA and NH. Here, defendants invoke a choice of law argument. But the choice of law issue can't be resolved here when there is a prior pending motion to declare choice of law that has been stayed and which the court stated would be addressed only if the stay on the motion to dismiss was lifted, whereupon I can then resume filing my reply to defendants' objection to that motion, which wasn't filed yet. The court should allow amendment to the complaint and then invite defendants to file a new motion to dismiss, and then also invite plaintiff to refile any related pending motion, including the choice of law motion, and then address choice of law issues as part of the motions to dismiss, along with all the related prior pending/stayed motions as well. To address the choice of law issue now would be premature and prejudicial to me as plaintiff, without allowing my reply to defendants' objection.

16. Similarly, I alleged Mary Donais (Ms. Donais) told her family the defamatory statements (para. 468). I also alleged Ms. Donais had an "active role" in publication of false statements to the police. See para. 466-469. These are, among others, substantive allegations regarding Ms. Donais' role in the defamatory acts. Defendants play words games by asserting I need to allege more facts, but the facts alleged are sufficient.

This isn't required to allege a cause of action. This is a very heightened pleading requirement that isn't required under law. Defendants are trying to make it impossible to plead any claim against the defendants.

17. Contrary to the objection, in count 5, interference with contract or advantageous relations, I allege that Ms. Donais and Donais Law Office knowingly interfered with contract along with Craig Donais, and that I had a contractual or advantageous relationship with state police including the police chief. I also pled details of Donais' knowledge of the contract and how he came to know about the contract, who was party to it, the nature of the contract, and what I was contracted to do, etc. Also, Ms. Donais knew of the contract or advantageous relations, and collaborated, joined in on, contributed and conspired on the interference. See para. 305. This isn't based on absolutely privileged communications because it includes communications with others who aren't police, not a judicial officer or ADO official. In order to plead contract interference, I'm not required to disclose minute details of the contract. The date of the contract is not necessary to be pled at this stage. Again, this is a ridiculous standard. Defendants here are grabbing at straws. Donais isn't a party to the contract, so he can't say there is no contract. This is just a matter of pleading. See also Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 65 (1st Cir. 2013) ("*A plaintiff cannot know everything about a defendant's potentially wrongful conduct, especially when it comes to the inner workings of a corporate or institutional defendant. Thus, our post-Twombly cases have recognized that " 'some latitude' may be appropriate where a plausible claim may be indicated 'based on what is known,' at least where ... 'some of the information needed may be in the control of [the] defendants.' " Menard, 698 F.3d at 45 (alteration in original) (quoting Pruell, 678 F.3d at 15)".*). Donais knew of the contract with the police as well as with the others. Defendants are silent about the other alleged contract interference, which is a tacit admission. Also, I alleged both contract interference & interference with advantageous relations. See para. 307-309. Defendants are also silent about the advantageous relations (as well as about 93A & MCRA claims), which is a tacit admission. This shows defendants know they're liable and that §176D was violated.

18. The antislapp law doesn't apply. Moreover, the court can't adjudicate any reference to antislapp law in an objection to a motion to amend complaint. I have pending motions to strike antislapp, or for antislapp discovery, that are stayed and can't be resolved here. If the court were to resolve that here, it would be a gross

violation of fairness/due process, and tantamount to a draconian trick designed to lure me away from pursuing those motions under the guise they're stayed, and then blindside me by resolving them here.

19. Moreover, statements between Craig, Mary & Garrett Donais (which I alleged occurred and is a critical part of my allegations against Mary & Craig Donais; see para. 462) is not privileged spousal communications.

20. Similarly, I've offered facts to support my IIED claim. They complain that I didn't plead emotional distress as distinct from my prior defamation claim. But when I do so in the proposed complaint, they complain that I did so because I read their motion to dismiss. NB: Defendants read my oppositions in MA federal court and changed their motions to dismiss, in this court. So there is no point to this assertion. In fact, one reason for amendments allowed by the rules is to cure defects. This jab is simply gratuitous and pointless.

21. Regarding conspiracy with Hilliard & Donais, my allegations are sufficient for a civil conspiracy claim and aren't absolutely privileged. See para. 579-583. If the court believes more details are needed, then the remedy is instruction for a limited further amendment or more definitive statement. Also, defendants asserted that "*Plaintiff in his FAC alleged that Donais* **may have** *acted "alone." (Doc. 1-3, ¶803.)*", but yet defendants can't reference statements in a prior complaint as grounds for objection to the proposed complaint, as the first complaint is a nullity with respect to the motion to amend complaint. The court can't deny amendment based on something stated in the prior complaint. See also **Exhibit 6** for reply to Hilliard's objection.

22. Similarly, in count 10, breach of fiduciary duty, I do allege a "fiduciary relationship that has been acquired and abused or a confidence has been reposed and betrayed", and that Donais violated an "ethical and fiduciary" obligation to avoid conflicting representation and by discussing my confidential conversations, with others. See para. 600-601. I alleged that Donais did enter into a legal consultation contract relationship and thus an attorney-client relationship with me. It's not necessary for me to allege that Donais or his law practice represented me in court. Thus, Donais *owed a duty* to me as plaintiff, and there was a fiduciary relationship. In fact, Defendants essentially admit there was a fiduciary relationship. In an example of utter grabbing at straws, defendants assert that where Donais violated that duty, it's somehow absolutely privileged, which is absolutely ridiculous and a bad faith defense. The 2017 phone legal consultation is not time-barred.

23. Contrary to the objection, in count 11, I do allege a contract between Donais and me. Also, defendants illicitly engage in disputation of facts by asserting that "*In a blatant attempt to avoid dismissal, Plaintiff now contends that he was Donais' client…However, he clearly was not.*" In addition to disputing facts, defendants reference the first complaint again, in violation of the rules, by saying "*As he currently alleges in his FAC*". There was a contract formed by virtue of the rules of professional conduct for lawyers, which obligate lawyers to protect confidentiality of clients or prospective clients, and impose obligation to avoid conflict of interest with parties adverse to each other. Donais violated that obligation/expectation under the rules of conduct. Moreover, Donais undertook specific acts including giving me legal advice and reviewing case information and recommending certain actions. This ratified the contract between the parties. The 2017 conversation stemmed from Donais' call to me, after another lawyer Robert Obrien had arranged legal services of Donais for me and my wife, and after I had left a voice message for Donais asking for legal consultation services for me (and my wife). This claim can't be denied based on futility because there is simply too much there that allows for the claim to proceed. The agreement was to provide legal advice/ consultation. A contract doesn't have to involve full legal representation in court but can be limited to one conversation. The contract here occurred for legal advice/consultation and contract expectation occurred when Donais fulfilled the legal advice/consultation services for me in 2017. This was the common purpose for the contract with me. I've pled facts about the harm/damage caused by Donais' breach of contract (see para. 632-637). NB: Donais defendants admit that I called myself a "former client" in the complaint, which confirms I've alleged a contractual attorney-client relationship (see para. 618, 620, 657).

24. Regarding Count 12, §1981, I alleged that there was a contract. The 2017 legal consultation, at minimum, satisfies the §1981 contract requirement. I also alleged §1981 violations based on other acts of Donais, subsequent to 2017 legal consultation (see para. 171-180, 412, 645, 651 & 658). Also, this is not time barred.

25. Similarly, defendants' assertion that the claim against the malpractice carriers is futile is a clearly conclusory statement. The issue regarding whether liability is reasonably clear can't be simply assumed to be in favor of the carriers when only the carriers/their counsel can assert or deny that liability (to them) wasn't reasonably clear. If there are email communications between defendants and their carriers showing that the carriers were

concerned that liability is clear (but they were persuaded to hold the line in order to try to protect the reputation of defendants or because they were willing to gamble that a pro se non lawyer could prove it or know even to raise it as a claim), then this would indicate that liability was clear, despite all the public posturing by defendants to the contrary. I offered evidence of this, including that defendants counsel avoided any denial of liability or the facts of the case in MA federal court. An established law firm wouldn't make such a mistake if there wasn't serious consideration that the facts can't be denied or liability was clear.

26. Donais defendants can't challenge the claims against John Doe companies. Donais defendants' counsel has stated that they don't represent John Doe companies, and will not receive legal documents or letters for John Doe companies. See **Exhibit 1**. Thus, they can't speak for John Doe companies. Only John Doe companies can speak for themselves. Donais defendants' counsel want to have it both ways. They evidently want to play games with identifying the name of the companies, and claim that they don't represent John Doe companies, while at the same time trying to make defensive arguments for John Doe companies. This is not right or fair. We need to hear from John Doe companies' counsel. Donais defendants can't assert that adding John Doe companies, and attendant §176D claims, are futile because liability is not reasonably clear, when the underlying facts aren't disputed, nor can be disputed at this stage. Similarly, even if the facts could be disputed, it can't be disputed by Donais defendants' counsel because they don't represent John Doe companies. Here, defendants (or the carriers) are in possession of information that is pertinent to this issue but defendants play hide the ball, saying I don't present enough info. while hiding/blocking said info.

27. Contrary to the objection, I don't seek to add defendants solely for the purpose of destroying diversity, but instead because they're necessary parties or because subsequent acts after the filing of the complaint necessitate their addition to this case. The purpose of my amendment can't be to defeat diversity jurisdiction because the court already denied remand based on affirming diversity. Also, I wasn't dilatory as I've been seeking to add these parties promptly after defendants removed to federal court a year ago, and have been telling both federal courts that I'm seeking to add these parties since a year ago. The delay has been to no fault of mine. It can't be my fault because I literally said I was seeking to add a non-diverse party and insurance companies since June 2023. Moreover, defendants have blocked me from obtaining the names of John Doe

companies (see again **<u>Exhibit 1</u>**). I'll be significantly injured by denying this amendment. Defendants also admit that adding John Doe defendants don't destroy diversity, so this argument can't apply to them.

28. Defendants allege that adding Van Meek as a defendant is solely to "destroy diversity", and that other than identifying Van Meek as a party, I "mentioned her only two other times". But the reference to her as a non-diverse party is a reference back to prior filings where I told the court about a non-diverse party. Defendants are trying to twist my intent here. Yet, why do defendants even care? The court ruled that it has federal question & diversity jurisdiction. It should be curious to the court why there is this much effort to block Van Meek. The reason is that she is a critical and necessary party to showing part of the conspiracy claim and they want block that claim. The fact that I'm persisting in adding her as a defendant, despite the court's denial of remand that affirmed diversity, shows that I can't be doing this solely to destroy diversity. It is further not true to assert that I filed my *"complaint in June of 2022"*, but *"did not seek to add her as a party until March of 2024"*. I've been seeking to add her since June 2023 but I've been prevented by the maneuvers of defendants and the operations of the court. I'll be significantly injured without Van Meek. According to defendants, unless I add a proliferation of claims against Van Meek, then somehow the claim is not valid. This is flawed erroneous reasoning. Defendants assert there are no facts about Van Meek's specific "job" pled. But this is not quite true. I stated that Van Meek conspired outside of her job also. The proposed complaint doesn't make the job the focal point because the conspiracy also took place outside of the job. See para. 584. If the court believes this is a deficiency needing more info. about the job, then the remedy is a limited instruction on further limited amendment, not denial or dismissal. Defendants also engage in unsupported/unwarranted speculation, without any basis, about my reasons for not going into detail about the job. Alleging a conspiracy to injure me, doesn't require identification of anyone's particular job. The claim is about a conspiracy/collusion between the persons to harm and injure me. I provided facts evidencing such conspiracy by alleging that Van Meek was fired or re-assigned once it was discovered by others, including her supervisor, of her conspiracy to harm me. See para. 584. If this is accepted as true, then it is strong damning factual evidence indicating guilt/liability. I need a chance to flesh this out in court, and not be denied the chance to even assert the claim via amendment. Van Meek can then provide her response or defense to the

claim at the appropriate time and forum. Van Meek is not immune from suit. To the extent defendants assert that Donais didn't make plans with, nefariously interact with, or conspire with Van Meek against me, whether in or outside of her job, as a basis for their objection, then that's a factual dispute (which isn't appropriate to resolve at this stage), and supports grounds for discovery. See again **Exhibit 2.**

29. Also, defendants mislead this court with reference to page 9 of Exhibit A of their objection. That false reference pertained to suspected communications between the judge of the MA Middlesex superior court case and Donais, or between the judge and another clerk at the time, named Doug (NB: Van Meek was not a clerk in that court) of that case, about things that the judge or clerks heard from Donais. It wasn't about communication between Donais and Van Meek whatsoever. Also, the judge did no investigation of facts/allegations regarding Donais and any clerk staff, but only stated that nothing improper came to his ears. Defendants thus misconstrued the docket. It has nothing to do with claims about Van Meek in my proposed complaint. Defendants either misread or intentionally twisted the docket. Also, the appeals court subsequently allowed for motion to disclose communications with Donais and clerks. Either way, the item wasn't closed in state court, despite what defendants says. See **Exhibit 4 & 5.** See also **sealed transcript**.

30. Donais defendants either refer to or repeat arguments made in their motion to dismiss. Defendants also used their objection to engage in the fact disputes, which isn't permitted at this stage. Donais defendants misstated facts regarding underlying reasons for dismissal in related Middlesex superior court case. Donais defendants know the truth but tried to mislead or deceive this court. This fact dispute will require discovery to ascertain bases for the 1-88 dismissal (without prejudice) that occurred in related Middlesex superior court case. See also **Exhibit 6** for reply to Hilliard defendants' objection, incorporated herein by reference.

31. Please liberally construe and grant my request or any other relief the court deems proper[1].

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

Date submitted: May 13, 2024
Date corrected[2]: May 14, 2024

---

[1] I hereby also request discovery and sanctions as shown in **Exhibits 2 & 3**, which are hereby incorporated herein. [NB: See also Donais defendants' objections to discovery and sanctions, which further proves the need for discovery and shows they are blatantly dodging addressing the fact that they have lied to the court]. I also intend to move to strike this objection, or portions thereof, which will be forthcoming after filing this reply. I also incorporate my motion to amend complaint, proposed complaint & related filings.

[2] In light of the clerks' notice of filing error today, this correction is made for exhibits/exhibit description, and for errors found after review including typos, grammatical errors, missing words/sentences. It is made promptly the next day. Please accept this version.

Case 1:23-cv-00374-JL-TSM   Document 211   Filed 05/14/24   Page 12 of 12

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor
