UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**PLAINTIFF'S NOTICE OF INTENT TO FILE A MOTION FOR RECONSIDERATION OF OR OBJECTION TO THE MAGISTRATE JUDGE'S 5-16-24 ORDERS STRKING PLAINTIFF'S CORRECTED REPLIES TO THE DEFENDANTS' OBJECTIONS TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

1. I hereby provide this notice of my intent to file a motion for reconsideration or objection to the magistrate judge's orders striking the plaintiff's corrected replies to the defendants' objections to plaintiff's motion to amend the complaint, that were entered on the docket on today's date, pursuant to local rule 7.1.

2. As a preview of my upcoming motion, it should be noted that I believe that the striking of my replies is overly harsh and prejudicial, and is tantamount to an abuse of discretion by the magistrate judge, especially since I was correcting exhibit descriptions and exhibit header information, adding missing exhibits that were mentioned in the replies but inadvertently not attached, or renumbering exhibits that were previously attached but misnumbered, etc., as well as correcting typo errors, grammatical errors, missing or misplaced words, and making other errata corrections. This harms no one and simply ensures that the filing is more intelligible, among other things. As a pro se plaintiff, who has sought reasonable accommodations under the ADA related to filings, it is not unusual for me to need to do these types of corrections and these types of corrections should not be treated as though they are violative of the court rules or the court's orders, especially when this court has not said anything to prohibit this but instead has previously allowed this to happen without incident, warning or consternation. Arguably, it is a due process violation for the court to take such drastic action in light of the above.

3. Moreover, as a matter of fundamental fairness, I believe I am allowed to make corrections to a filing. I also believe this is allowed under the rules and customs of federal courts. See a federal court's website stating "**If you notice the error immediately, and can quickly prepare and file an amended or corrected version of your document, you may do so**." See example from: https://www.cacd.uscourts.gov/faq/criminal-duty-matters/what-should-i-do-if-i-discover-errors-my-e-filed-document.

4. Hence, I have been operating in good faith with the understanding that this is acceptable or accepted practice in federal court. Similarly, errata corrections are routinely accepted in federal court and by the federal appellate courts. See McDonough v. City of Portland (1st Cir. 2017). Many lawyers, including the United States attorney generals, have submitted corrected filings to make corrections to errors in their filings, throughout their careers. See United States of America v. DIRECTV Group Holdings, LLC et al, No. 2:2016cv08150 - Document 41 (C.D. Cal. 2017).

5. Moreover, in this very case, the defendants have submitted corrected filings in the past[1], and no one ever said anything about that. It has thus been understood that this is acceptable practice.

6. The magistrate judge in this case is thus treating me lesser than it would other lawyers, symbolizing bias against me as a pro se litigant.

7. Denying me the right to correct errors or make errata corrections is highly prejudicial and unfair, and is also highly irregular if not unheard of. In fact, in my review of case precedent on this, I have not found any instance where this court or any federal court struck a corrected filing or errata correction filing.

8. Either way, this court in particular has never stricken a corrected filing in this court before, even though I have done this at other times in the past in this same case. There was no warning from the court that this was a problem nor one that would warrant the drastic consequence of striking. But here when I do it here in this instance, the court suddenly for the first time finds it to be a problem that necessitates immediate striking. This comes across as a heavy-hand from the court that is unwarranted and that is punitive.

9. Similarly, how do the corrections made, harm the court or anyone, especially when they were made promptly the very next day after the first timely filing, and the same day as the clerk's notice of filing error informing me that exhibit notations were missing and should have been included. There was no delay in filing the corrections and thus did affect any timelines in the case, especially as there is no response due from the defendants.

10. Also, the court highlights the assertion that clerk's notice of filing error included a reference that NO ACTION REQUIRED. FOR INFORMATION ONLY. But the court either fails to consider or is unaware there was

---

[1] See docket entry on 6-23-23 by defendants: Amended Opposition re 14 Amended MOTION for Entry of Default AMENDED [RE-FILED] RENEWED MOTION TO ENTER DEFAULT AGAINST DEFENDANT CRAIG DONAIS AND AFFIDAVIT [WITH INCORPORATED MEMORANDUM]

an entry on the docket at the time it was first entered that did not include NO ACTION REQUIRED. FOR INFORMATION ONLY. But then another entry thereafter showed with that notation, but there was no such notation on the first entry on the docket at the time but then a second entry at the time had the notation. I do not know if it was a system error or a clerk error but there were two entries about this on the docket, one with and one without the notation, which I will show a screenshot of when I file the motion to reconsider. NB: It could also be an error on the republished docket from PACER that sometimes appear on the internet, which is what I viewed because I do not have access to PACER as stated many times before and as the court knows. The chance of there being problems with correct version of the docket stems from the fact that I am blocked out from PACER which creates a structural disadvantage for me and results in prejudice to me, which this is likely another instance of such prejudice, but the court refuses to grant relief but chides me and holds it against for not being able to afford PACER.  This indicates social-economic or class bias against indigent litigants which is further borne out by the tone and content of the judge's comments about me on this issue.

11. However, either way, it should not matter if there were two versions of the notice of error that I saw on the docket, because if even though the second version I saw indicated that no corrective action was required, it does not mean any corrective action was prohibited. In fact, I clearly made filing errors with the exhibits as the clerk noted in her notice. So, if I took the clerk's notice of filing error as a prompting or suggestion that corrective action was allowable (though not required), then why is that not reasonable or allowable. So the court would rather leave the errors as is? Moreover, there was no need for the judge to rain down fire and chide me for doing so, especially since the judge has not done so in the past for the same situation including where there was a final court ordered deadline involved (with no extensions allowed), which implied that this type of correction is permitted. It is surprising that the judge would now, out of the blue, suddenly for the first time strike my corrected filings without warning.  This is simply unfair. This shows something is wrong with this judge. It is clear as day to me and I am becoming increasingly frustrated and concerned that I am dealing with a biased judge. However, it is likely that the judge will deny this as most humans do when a bias or a blindspot is reasonably pointed out to them, as most human beings do in knee-jerk fashion, but judges are

even more likely to think they are not biased.[2]. NB: I will soon be filing a motion to recuse the magistrate judge to present evidence and argument for the need for the recusal, even though this will likely anger the judge even more and result in further retaliatory impulses.

12. Moreover, there is a hearing on the motion to amend (to which my replies apply to) in 8 days, and that court told me in the 4-23-24 hearing that I did not even have to file a reply because I am free to make any and all arguments, including arguments that I would or could make in a reply, in the hearing. If so, why strike the replies when the same or similar information can be presented at the hearing. This seems like more form over substance driven by an intent to appease the defendants, further evidencing bias or evidencing retaliatory impulse from my vocalizing concerns about the handling of the case by the magistrate judge or about bias. Either way, it is evident that this judge is becoming increasingly more hostile to the plaintiff, and that it is more and more likely than I cannot obtain a fair hearing in this court.

Respectfully submitted,
/s/Andre Bisasor
Plaintiff Andre Bisasor

May 16, 2024

**CERTIFICATE OF SERVICE**

This filing is served to all parties of record via the e-filing system.

/s/Andre Bisasor
Andre Bisasor

---

[2] It should be noted, for whatever its worth that my educational and past professional background in organizational and team management and leadership, including emotional/social intelligence and conflict resolution/negotiation training, as well as in civil rights advocacy, has allowed me some proficiency in evidenced-based bias detection. So when my concerns do not stem from a place of ignorance.