UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**EMERGENCY MOTION TO EXTEND TIME TO FILE REPLY OR MOTION TO REPLY TO THE DEFENDANTS' OBJECTIONS TO THE MOTION TO AMEND COMPLAINT**

1. I hereby move the court to extend the time to file replies or to file motions to reply to the following matters.

2. Grounds are as follows.

3. On Thursday night, just before midnight, on 5-9-24, I filed a motion for limited discovery concerning the defendants' objections to the motion to amend complaint as well as a motion for sanctions against the Donais defendants and a motion for sanctions against the Hilliard defendants. This triggered a 14 day timeline to file objections (by defendants) under local rule 7.1. This means that Thursday 5-23-24 is the deadline to do so.

4. On Monday 5-13-24, the Donais defendants hurriedly filed an objection to the motion for discovery and the motion for sanctions. This triggered a 7 day timeline to file a reply or a motion to file a reply under local rule 7.1. This means that Monday 5-20-24 is the deadline to do so (which is today).

5. On Monday 5-13-24, just before midnight, I also filed replies to the defendants' objections to the motion to amend complaint, which date was the deadline to file those replies.

6. On Tuesday 5-14-24, the clerk issued a notice of filing error regarding the replies to the defendants' objections to the motion to amend complaint.

7. On Tuesday 5-14-24, just before midnight, I filed corrected replies to the defendants' objections to the motion to amend complaint.

8. On Wednesday 5-15-24, the court struck the corrected replies to the defendants' objections to the motion to amend complaint.

9. Today, on 5-20-24, the Hilliard defendants filed an objection to the motion for sanctions against them. This triggered a 7 day timeline to file a reply or a motion to file a reply under local rule 7.1. This means that Monday 5-27-24 is the deadline to do so, which, due to the Memorial day holiday on 5-27-24, bumps over to the next business day Tuesday 5-28-24.

10. It should be noted that the Hilliard defendants have not filed an objection to the motion for discovery as yet, and the timeline to do so has not yet expired, which will not expire until after 5-23-24. However, once/if they file their objection to the motion for discovery, it will trigger another 7 day timeline for reply or motion to reply, which will fall on or before Thursday 5-30-24, depending on when the Hilliard defendants may actually file their objection to the motion for discovery.

11. However, there is a hearing on the motion to amend complaint, and the attendant filings, scheduled for Friday 5-24-24, at the end of this week. Preparation for this hearing will consume much time this week.

12. In light of the above, **I request an extension of time to file replies to all objections to the pending motion for discovery and the pending motions for sanctions, until Monday 6-3-24**. This represents a 14 day extension of time regarding the deadlines due today (5-20-24), and a 6 day extension for the deadline due Tuesday 5-28-24. I thus ask that these deadlines to be set to be the same date.

13. This is a modest/reasonable request for extension of time especially in light of my prior motions to the court pertaining to reasonable accommodations. As the court may recall, the court previously indicated that I may ask the court for extension of time on a case-by-case basis as needed. NB: I tried to see if I could meet the deadline today but am not able to do so, under the tight 7 day timeline, especially with all that went on since or around the time of the filings of the objections by the defendants last week.

14. Moreover, I need a proper chance to refute or rebut the statements of the defendants in my replies, pursuant to Local Rule 7.1.

15. Similarly, the defendants' objections demonstrates shows the need for replies. The objections show further untrue, misleading, or dishonest statements, violating the oath of the legal profession and the rules of professional conduct requiring candor with the court.

16. For example, the Donais defendants claim the Plaintiff *outlines what appears to be his evident dissatisfaction with docket entries in the Middlesex Superior Court matter1*. This is not true. I never said I was dissatisfied with the docket entries *in the Middlesex Superior Court matter*. I said that the defendants incorrectly cited or twisted what that docket says. There is a vast difference with that and the defendants know that, but yet they abuse their legal skill and training to mislead, obfuscate and further double down on the dishonesty to the court. I did not say this and the

defendants know this. This is misleading and intended to gaslight, deflect, evade, and turn it around on me, also known as DARVO tactics (i.e. "deny, attack, and reverse victim and offender"). NB: The Donais defendants assert that I said that the docket sheet is wrong. But where did I say that the docket sheet is wrong? Here, the Donais defendants again are further making false statements in order to cover up and hide their prior dishonesty, which further shows and compounds the dishonesty, rather than come clean and correct the false or misleading statements with the court. This further shows why an evidentiary hearing is necessary and why discovery is necessary, in order to get to the bottom of the matter and to ensure that the representations by the Donais defendants and their lawyers are true and in accordance with the obligations of the legal profession, and thus also why sanctions are necessary under Rule 11 or otherwise under the inherent power of the court to regulate the conduct of lawyers appearing before the court and to safeguard the integrity of the court and the proceedings before it.

17. Moreover, while the Donais defendants and their lawyers have now evidently doubled down on the denials and/or dishonesty, they are very vague in specifically addressing the facts regarding whether Donais actually received service of process. This shows they are lying. Otherwise, they would just come out and say it i.e. that Donais never received the mailing containing the service of process in question. That they remain mum on this cries out for discovery and/or for sanctions. They evidently want conclusory assertions to be accepted by the court. This is the hallmark of shady lawyers; just look at this response by them here. It's shady, dodgy, evasive, and unforthcoming. If there was no lie, they would just come out and spit it out. Why all the hiding and obfuscation? They are the ones that brought up the issue about the 1-88 dismissal and lack of service of process/failure to prosecute, yet at the same time they want to now assert that this court is not the place to look into or address the facts of the very matter that they assert as fact in this court, while also blocking, hiding and deflecting said info and lying about said info. This is totally unfair and the court should be able to see that something is definitely wrong here. The Donais defendants' obfuscation and deflection on such a serious matter makes a mockery of this court and takes for granted the integrity of this court, as if they nonchalantly assume that this court does not care about truth, integrity or facts.

18. Regarding the defendants' comments about discovery, then discovery is critical to the facts necessary to resolve an issue before the court, then the court cannot deny discovery because of a desire to speed things up. That is a denial of justice. This issue is critical to the addition of the new parties, for example. This shows the need for discovery. Moreover, the defendants admit it is a disputed fact.

19. In light of everything, I therefore request an extension until **Monday June 3, 2024 (which is just after the last weekend in May 2024)**.

20. In addition to the above-stated grounds, I am requesting extension to this date because of a few additional reasons.

21. I also have other deadlines coming due. The deadline for a motion for reconsideration of the court's 5-15-24 order striking my corrected replies is 5-29-24.

22. I have not sought or received concurrence at this time as the matter involves sanctions as a dispositive issue and this concurrence is not required. Moreover, given the past objections by the defendants, it is evident that they will not and do concur with any request for extensions of time.

23. I ask that this emergency motion be ruled upon as soon as possible.

24. WHEREFORE, I respectfully request that this Court grants the relief requested or grant any other relief the Court deems proper.

Respectfully submitted,<br>/s/Andre Bisasor<br>Plaintiff Andre Bisasor

March 20, 2024

### CERTIFICATE OF SERVICE
This filing is served to all parties of record via the e-filing system.

/s/Andre Bisasor<br>Andre Bisasor