UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

**RENEWED EMERGENCY MOTION FOR REASONABLE ACCOMMODATIONS**

1. I hereby renew my motion to the court for reasonable accommodations pursuant to the ADA, under the Rehabilitation Act, under the fourteenth amendment of the US constitution and any other applicable federal law, and in accordance with the court's own policies and procedures with respect to disability accommodations, as outlined below.

2. If necessary, I also ask for a confidential/sealed hearing on this motion (in camera) so that I can further explain my need for accommodations in more detail. In the alternative, I also ask the court to stay the proceedings, including any pending deadlines, until this matter is resolved.

3. Grounds are as follows.

4. I previously filed an ADA motion for reasonable accommodation under Level II sealing on 4-15-24 (which I also incorporate, as still under seal II, herein by reference to the extent possible as well as, as still under seal II, the other sealed motions previously filed[1]).

5. However, the court struck my 4-15-24 ADA motion[2], after seeking to require me reveal my medical information, and then construing my statement, "I would rather withdraw the motion", as a request to strike the ADA motion, but this was not my intent as I only said that as a failsafe against the court unilaterally revealing my confidential information filed under seal, which the court has done more than once in the past, and as the court was seeking to require me to do in that instance. I was desperately afraid of the prejudicial actions of the court in the past that unilaterally unsealed my private sealed information. My original intent was to have the 4-15-24 ADA motion sealed at level II. However, by the

---

[1] I ask that no confidential information from previous filings be revealed by the court in response to this motion.

[2] See doc. #188 for entry: *"Apr 15, 2024 - STRICKEN PER 4/29/2024 ENDORSED ORDER - SEALED [Confidential] Emergency Motion filed by Andre C. Bisasor. (Attachments: # 1, # 2. # 3 (ko) Modified on 4/30/2024 to strike document and add docket text (jb). Modified on 5/7/2024 to strike additional docket text per 5/7/2024 Endorsed Order(ko). (Entered: 04/15/2024)".*

court striking the ADA motion, it ostensibly struck the underlying requests for ADA accommodation and the attendant documentation attached as exhibits. There were also several ADA requests for relief made in that motion. I am concerned that by striking the ADA motion, the court was attempting to block having to deal with the ADA requests.

6.  I am filing this renewed ADA motion in the abundance of caution in order to preserve my rights and preserve and/or reiterate the ADA requests made on 4-15-24.

7.  As stated in my prior motion filed which was stricken, in which I provided supporting documentation for my request for reasonable accommodation, I request reasonable accommodation(s) to present or defend my case. I am asking for the following reasonable accommodations[3]:

a.  In general, an extension of time to file document of an additional 14 days, as a standing order to apply to any filing that I am required to make under the normal time standards under the applicable rule. NB: The court previously stated, in the 11-30-23 hearing, that the court invited to me to continually ask the court for accommodation and extensions on a case by case basis, instead of issuing a standing order. I now think that it is better for the court to issue a standing order because, not only is it burdensome to keep having to file motions for extensions of time or for accommodations on a case by case basis, but it opens the door for the defendants to cast aspersions on my motives, especially the further we get from the 11-30-23 hearing, which is not fair to me and sets up a systemic or structural disadvantage for me, and which should not occur especially in the context of reasonable accommodation situations.

b.  As a lesser important accommodation, relaxation of the formal rules required for preparing documents, including page limits and/or double spacing requirements, as editing to meet limited page limits, at times takes a lot of time. NB: The Massachusetts federal court provided this relaxation of these formal rules in this case.

---

[3] I also previously asked for appointment of counsel as an accommodation but was denied. If I had counsel appointed, I would not need such accommodations or extensions, etc.

    c.  I also ask that hearings be held in the afternoons as much as possible as part of my ADA accommodation. I also ask that hearings be held by zoom and that adequate time be allowed for me to present at any hearing. I also ask that I be allowed to present documentation by email to the court during hearings as needed to supplement my presentation to the court.

8.  I am making this request based on the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act of 1973, and the constitution/federal law. The court is required to treat seriously requests for reasonable accommodation under federal disability laws in order to avoid discriminating against those with disabilities.

9.  If necessary, I would like to have a hearing via zoom where I can explain my disabilities in person via zoom and where my need for accommodation can be properly heard.

10.  If necessary or if the court is inclined to deny this motion, I then request a hearing on this motion and for a hearing to be scheduled as soon as possible. I believe oral hearing will allow me to better explain or clarify why this motion should be granted.

11.  It would be prejudicial to my rights to not have this matter resolved before proceeding with this case as it will impact my ability to be fully effective in the prosecution or defense of my claims and/or it may impede my ability to comply with certain court rules and/or court orders, which will redound to my prejudice. Thus, in addition to the accommodations outlined above, I also ask the court to temporarily stay the proceedings until this matter is resolved and until after a hearing can be scheduled and conducted. Based on the above, a stay is appropriate. In the alternative, I ask for a stay on the motion to amend the complaint until these items are fully resolved.

12.  I ask for an urgent ruling given the time sensitivities inherent in this motion. Please grant a pro se liberal construction to this motion.

13.  In light of the prior objections by the defendants, I believe I can represent that the defendants do not concur with this motion.

14.  I request that this Court grants the relief requested or grant any other relief the Court deems proper

Respectfully submitted,

/s/ Andre Bisasor

Andre Bisasor

May 23, 2024

## CERTIFICATE OF SERVICE

This filing is served to all parties of record via the e-filing system.

/s/Andre Bisasor

Andre Bisasor