UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

# PLAINTIFF'S EXPEDITED MOTION TO STRIKE DEFENDANTS' OBJECTION TO THE MOTION TO AMEND COMPLAINT AND REQUEST FOR HEARING

1. I the plaintiff submit this motion to strike Defendants' objections to the motion to amend the complaint, (hereinafter the "objections").

2. The objections are improper, resulting in prejudice and violates the purpose and intent of an objection to a motion to amend the complaint.

3. In support of this motion to strike, I the plaintiff further state as follows:

## I.  IMPROPER TACTICS THAT HAS PREJUDICED THE PLAINTIFF

4. The defendants filed two hefty objections to the motion to amend complaint, on 3/25/24 and 3/26/24. The Donais defendants also filed a motion for leave to exceed page limits on 3/25/24 along with oversized objection.

5. Also, I object to the motion for leave to exceed page limits before I reply to the objections.

6. It should be noted that when the Donais defendants emailed me about this motion for leave to exceed page limit (which was the same day they intended to file it on 3/25/24), I pointed out to them that they are supposed to seek leave of court first, before they file any oversized objection. But they did not respond to that, ignoring my warning/reminder about this, and proceeded to file it anyway that same day, which was 2 days before the deadline (3/27/24) for them to do so.  They could have sought leave from the court well in advance of their deadline but they sat on the motion to amend the complaint for the past 2 weeks, while also knowing for months that it was coming. There is no reason why a big law firm with multiple lawyers working on this case could not have sought leave of court first well in advance of the deadline. Yet, even with that aside, the Donais defendants waited until 2 days before the deadline to seek concurrence on this motion for leave

1

to exceed page limits. And furthermore, after I reminded them of this, they still persisted in filing (early before the deadline) the oversized objection, with the motion for leave to exceed page limits filed at the same time. This was evidently intended to game the court, by trying to force the court to allow the oversized objection and the attendant motion to exceed page limits (since time would have passed long before the motion to exceed page limits was resolved by the court and since I would have been forced to file a reply to the oversized objection in 7 days, long before my objection to the motion to exceed page limits was due in 14 days, and thus creating an accelerated timeline for both the reply to the oversized objection and my objection to the motion to exceed page limits). This kind of gamesmanship was procedurally unfair to me. I was forced to deal with the motion to exceed page limits and the objection, at the same time, when I did not know if the motion to exceed page limits would be allowed. This improper maneuver by the Donais defendants was evidently intended to manipulate the court into accepting the oversized objection without first obtaining leave of court. This also forced me to have to defend against an oversized objection while opposing the motion for leave to exceed page limits and without knowing first whether the court would allow that motion. I was thus totally prejudiced by this oversized objection, and attendant violation. This tactic evidently worked because the court allowed the motion to exceed page limits before I even had a chance to object to it. Either way, the tactic itself was prejudicial and is ground to strike the motion. This is especially relevant given the harsh stance the court has taken with me, in striking my own reply filings in relation to this matter. I also preserve this argument for objection or appeal as necessary and in the abundance of caution.

7. It should be noted also that the excess pages is tantamount to an end-run around the time limit for the defendants. The Donais defendants took their prior motion to dismiss (which has been stayed) and simply resubmitted it with 24 pages, while adding a few tweaks and/or a couple of paragraphs. This is outrageous. They were required to spend the time necessary to boil their

objection down to 15 pages. They did not. They squandered their time. The excess pages of the oversized objection allows the Donais defendants to violate the time needed for a proper compliant objection to be submitted by them. In addition, their oversized objection responded, in many instances, to the wrong complaint (the prior complaint), making assertions that only applied to the original prior complaint but not the new proposed complaint. It would be unfair to require that I address such old anachronistic assertions, forcing me to defend against motion to dismiss arguments that do not apply to the new complaint. Consequently, I intend to file a motion to strike the oversized objection and the motion to exceed page limits.

8. The Donais defendants should have sought leave before filing the oversized objection as they had months to anticipate the filing of the motion to amend the complaint and had a heads-up as to what would be included in it, as stated in other filings such as my various oppositions to the motions to dismiss both in the MA federal court and in this court from last year.

9. It should also be noted that the Donais defendants filed their oversized objection to my motion to amend with a total of 34 pages including 24 pages of text and a motion for leave to exceed [15] page limit by 9 pages. Thus, there are 24 pages of argument and 34 pages in total. This is voluminous for this type of objection. They should have saved the excess pages/excess argument for a new motion to dismiss as contemplated by the rules.

10. This over-sized objection requires time to review and process, and the fact that it exceeds the page limit by 9 pages, adds further to the burden.

## II.  FURTHER BASES FOR THIS MOTION

11. Below I will provide further grounds for granting this motion.

12. Here, in their objections, the defendants refer to or repeat some of the arguments made in their motion to dismiss. Defendants also have used their objection to engage in disputation of facts, which isn't permitted at this stage. Further, the defendants insert new facts outside the proposed

complaint, which again isn't permitted at this stage. They also appear to unfairly regurgitate entire portions of their prior (stayed) motions to dismiss and thus the defendants appear to be trying to get their objections to the motion to amend the complaint, to be treated wholly as 'defacto' motions to dismiss. They in fact argue the same points as they did pertaining to the prior complaint, which threatens to confuse the court.  Thus, they are trying to engage in a motion to dismiss based on the old complaint and using the objection to the motion to amend the complaint to try to get the court to reach issues that are no longer before the court in the proposed complaint. This is clever subterfuge. Defendants have thus filed their objection, not in good faith, including but not limited to simply regurgitating irrelevant swaths of their prior stayed motion to dismiss, without even correcting many of the arguments in it to take into account the changes to the new proposed complaint. This is unfair/prejudicial.

13. The defendants cannot invoke a rule 12b motion to dismiss standard here because there has been no dismissal of any claims by the court prior to this point. The court explicitly stated that the amended complaint would moot any pending motion to dismiss. Thus, the court avoided ruling on the prior pending stayed motions to dismiss, to allow the amended complaint to be filed, with the objective or understanding that the defendants would, if they so desire, file a new motion to dismiss to the new complaint.

14. Similarly, given that the prior pending motion to dismiss is stayed, this is tantamount to an attempt at an end-run around the stay of the motions to dismiss; and I can't defend against this attempt at an end-run, without having a full opportunity to litigate the prior pending motions to dismiss. This is thus a procedural quagmire.

15. The court has not made any ruling on the prior stayed motions to dismiss and, in fact, the prior motions to dismiss are stayed, with a response still to be forthcoming from me to the stayed motions to dismiss once the stay is lifted; it would be unfair for the court to make its first ruling

on the prior pending motion to dismiss issues, through its ruling on a motion to amend the complaint. Ostensibly, given this maneuver by defendants, the court cannot use these objections to resolve the motion to amend the complaint, without effectively ruling on the portions of the stayed motions to dismiss, which would be extremely unfair and prejudicial to me.

16. NB: The prior complaint is a nullity for purposes of any motion to dismiss or at/prior to the motion to dismiss stage. This means that the objections cannot address things in the prior complaint that are not in the new complaint. See also L.R. 15.1 which states: *"Effect of an Amended Complaint. When a plaintiff files an amended complaint as of right or with leave of court after the filing of a motion to dismiss for failure to state a claim, the motion to dismiss shall be automatically denied without prejudice and the defendant(s) shall respond to the amended complaint as may be appropriate under Fed. R. Civ. P. 12, within the time allowed under Fed. R. Civ. P. 15(a)."* This means that defendants cannot use the motions to dismiss as objections to the motion to amend the complaint, and their objections to the motion to amend the complaint cannot be used, effectively, as motions to dismiss. The only place that motion to dismiss arguments can be proffered is in a proper response to the allowed amended complaint, which is to then be filed/re-filed under Rule 12, if so desired. It's totally improper to file motion to dismiss arguments in objections to a motion to amend the complaint, as it conflates and confuses the issues and the legal standards, and results in significant prejudice to me as plaintiff. The court cannot evaluate any such motion to dismiss type arguments without resolving the pending stayed motions related to choice of law, motions to strike, motion for discovery, and allowing full motion practice related to the prior stayed motions to dismiss including my stayed reply which has not been filed yet due to the stay.

17. The defendants have misused the objection, in an overbroad sense to argue motion to dismiss type arguments across the board (they essentially reprinted portions of the motion to dismiss and retitled it as an objection to the motion to amend the complaint) that now require the court to

5

engage in a motion to dismiss analysis in order to resolve the motion to amend the complaint. But in this instance the court cannot engage in a motion to dismiss type analysis of the proposed complaint, without addressing the stayed motion to dismiss arguments, and the stayed motion to dismiss cannot be addressed until the stay is lifted, and until after I'm allowed to reply to the stayed motion to dismiss as well as to the stayed objections to the several stayed pending motions that I filed in fall 2023 (including choice of law, two motions to strike, motion for limited discovery, etc.). Without this, it would lead to an absurd result where the court would have to take positions on prior motion to dismiss arguments as applied to the new proposed complaint, and if the court denies the motion to amend the complaint, then the court would then be left to address the same motion to dismiss arguments once again as applied to the prior complaint, but in that event the court could not consider the prior complaint with fresh eyes because it would be boxed in by positions it took on the motion to dismiss issues as applied to the new complaint. This is a topsy turvy situation and is putting the cart before the horse. I ask the court to pause and consider what I'm trying to say. I may not have the exact right words to precisely describe the problem here but I trust the court can understand what it is that I am trying to get at and that ultimately the above will result in a trap for me and will be prejudicial to me. Defendants should not be allowed to game the system.

18. It should be noted that the defendants here engaged in sleight of hand, by referencing the amended complaint in an ambiguous way, not making clear whether they refer to the newly proposed complaint or the prior complaint that was first amended before service of process in state court. For example, if they intend to reference the new proposed complaint, then their characterization that the amended complaint *"states throughout its lengthy allegations that the alleged damages caused by Hilliard arise out of his prior representation of Craig Donais in a matter regarding Bisasor,"* is false or misleading. The newly proposed complaint does no such thing and where the defendants cite a

sentence from a paragraph in my complaint, it is taken out of context or edited and misstated. I've clearly stated that **I'm not seeking any claim that involves a statement to a court, to the ADO or made in a judicial proceeding**. The defendants cannot reinterpret/misinterpret my proposed complaint to make it say something that it does not say. The defendants seem to respond to the first complaint, and not the proposed complaint, and are acting as though the things in the first complaint, are in the proposed complaint. By doing this, they are effectively trying to deny me the chance to amend the complaint, by using the things in the first complaint as grounds to deny the motion to amend the complaint.

19. Also, the defendants invoke a choice of law argument in their objections. But the choice of law issue can't be resolved here when there is a prior pending motion to declare choice of law that has been stayed and which the court stated would be addressed only if the stay on the motion to dismiss was lifted, whereupon I can then resume filing my reply to defendants' objection to that motion, which wasn't filed yet. The court should allow amendment to the complaint and then invite defendants to file a new motion to dismiss, and then also invite plaintiff to refile any related pending motion, including the choice of law motion, and then address choice of law issues as part of the motions to dismiss, along with all the related prior pending/stayed motions as well. To address the choice of law issue now would be premature and prejudicial to me as plaintiff, without allowing my reply to defendants' objection.

20. Also, defendants asserted that "*Plaintiff in his FAC alleged that Donais* **may have** *acted "alone." (Doc. 1-3, ¶803.)*", but yet defendants can't reference statements in a prior complaint as grounds for objection to the proposed complaint, as the first complaint is a nullity with respect to the motion to amend complaint. The court can't deny amendment based on something stated in the prior complaint.

21. NB: It should be noted that it would be illogical for the court to deny amendment of the complaint, only to then revert back to the original complaint, and then, upon lifting the stay on the motions to dismiss, proceed to adjudicate whether some of the claims I removed from the complaint, should then be dismissed (i.e., claims which would've been self-removed if amendment was allowed). Self-removal via amendment is judicially more efficient than dismissal.

22. Also, defendants mislead this court with reference to page 9 of Exhibit A of their objection. That false reference pertained to suspected communications between the judge of the MA Middlesex superior court case and Donais, or between the judge and another clerk at the time, named Doug (NB: Van Meek was not a clerk in that court) of that case, about things that the judge or clerks heard from Donais. It wasn't about communication between Donais and Van Meek whatsoever. Also, the judge did no investigation of facts/allegations regarding Donais and any clerk staff, but only stated that nothing improper came to his ears. Defendants thus misconstrued the docket. It has nothing to do with claims about Van Meek in my proposed complaint. Defendants either misread or intentionally twisted the docket. Also, the appeals court subsequently allowed for motion to disclose communications with Donais and clerks. Either way, the item wasn't closed in state court, despite what defendants says..

23. Defendants also misstated facts regarding underlying reasons for dismissal in related Middlesex superior court case. Donais defendants know the truth but tried to mislead or deceive this court.

### III. CONCLUSION

24. See **Exhibit A the corrected reply (to Donais defendants) and Exhibit B for the corrected reply (to Hilliard defendants)** for other filings to support this motion, inclusive of the two motions for sanctions attached as exhibits to the two corrected replies.

25. In the alternative, I request that the court strike the portions of the objections as referred to, or alluded to in the above.

26. I also request a hearing on this motion as I believe oral hearing will allow me to better explain or clarify why this motion should be granted. I thus ask that this matter be included in the hearing on 5-24-24 for judicial economy purposes.

27. Please grant a pro se liberal construction to this motion.

28. I **sought concurrence** from the defendants on this motion but have not received concurrence.

29. WHEREFORE, accordingly, I the plaintiff respectfully request that the Court strike the defendants' objections, or other relief the court deems reasonable, just, and proper.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

May 23, 2024

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor