UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

# [CORRECTED] PLAINTIFF'S REPLY TO THE HILLIARD DEFENDANTS' OBJECTION TO PLAINTIFF'S RE-SUBMITTED MOTION TO AMEND THE STATE COMPLAINT

1. This is a reply to Hilliard defendants' objection to my motion to amend complaint ("proposed complaint").

2. NB: I below provide specific responses or rebuttals to Hilliard defendants' objection ("objection").

3. Contrary to the objection, my proposed complaint is not futile. Also, it's noteworthy the Hilliard defendants do not offer any objection to removal of claims against them in the proposed complaint. It certainly is a benefit for the claims against them to be reduced and streamlined via amendment. Also, I amended my complaint once in state court before service of process, but not in federal court. This supports the granting of the motion.

4. Contrary to objection, my motion to amend should not be denied for failure to state a claim upon which relief may be granted. A court may not dismiss or deny a complaint for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claims which would entitle him to relief. The Fed.R.Civ.P. 8(a) standard contains a powerful presumption against rejecting pleadings for failure to state a claim. All that is required are sufficient allegations to put defendants fairly on notice of the claims against them. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. At this stage, the district court must resolve any ambiguities in plaintiffs' favor. Pro se complaints, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers. The court must construe the pleading liberally and must afford [pro se] plaintiff the benefit of any doubt, viewing such submissions by a more lenient standard. Haines v. Kerner, 404 U.S. 519, 520 (1972)). The court is obligated to "'make reasonable allowances to protect Pro Se litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006). The court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." Weixel v. Bd. of Educ., 287 F.3d 139, 146 (2d Cir. 2002). The proposed complaint in this case has carefully laid out more than sufficient facts that indicate that defendants are liable and that the claims against them are colorable.

5. Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings. Thus, even if defendants quibble with the technical form of my pleading, it still adequately states a claim and should not be denied or dismissed under Rule 12(b)(6) or Fed.R.Civ.P. 8(a)(2). The US Supreme Court has held the pleading standard under Fed.R.Civ.P. 8(a)(2) requires a statement that gives defendant fair notice of what plaintiff's claim is. The proposed complaint in this case has done just that. To the extent that the proposed complaint is alleged to be verbose, as suggested by defendants, pro se leniency mandates the case or proposed complaint not be denied or dismissed on hyper-technical pleading grounds.

6. Contrary to the objection, the liberal standard for amendments means a liberal standard. It should be noted that the Hilliard defendants concede that there is no issue regarding delay, bad faith, or absence of due diligence. The only issue they focus on is futility. It should be similarly noted that the court has read the previously filed motion to amend the complaint and the related statements/arguments seeking amendment via my objections to the motions to dismiss and the motions to strike, all filed in the fall of 2023. It would be draconian for the court to then invite me to file the proposed amended complaint, only to deny the amendment of the complaint on grounds of bad faith, delay, or lack of diligence, when it could have signaled that these were problems in the 11-23-hearing and in the 12-1-23 order. Here, the only question is whether it is futile.

7. However, contrary to the objection, defendants cannot invoke a rule 12b motion to dismiss standard here because there has been no dismissal of any claims by the court prior to this point. The court explicitly stated that the amended complaint would moot any pending motion to dismiss. Thus, the court avoided ruling on the prior pending stayed motions to dismiss, to allow the amended complaint to be filed, with the objective or understanding that the defendants would, if they so desire, file a new motion to dismiss to the new complaint.

8. NB: The Hilliard defendants' reference to the Glassman case is inaccurate because that applied to a situation where the motion to dismiss stage had already passed and the case was at a summary judgment stage. The assessment of futility under a rule 12b standard in Glassman was based on the filing of a motion to amend during the summary judgment stage, after discovery had been completed.[1] This is not applicable here.

---

[1] See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) stating: "*Denial of a motion to file an amended complaint is reviewed for abuse of discretion. See Romani v. Shearson Lehman Hutton, 929 F.2d 875, 880 (1st Cir. 1991); Arazie v. Mullane, 2 F.3d 1456, 1464-65 (7th Cir. 1993) (noting, however, that the relevant pleading standards must be kept in mind when applying the abuse of discretion standard). Rule 15(a) provides that "leave [to amend] shall be freely given when justice so requires." Unless there appears to be an adequate reason for the denial of leave to amend (e.g., undue delay,*

9.  Contrary to the objection, the proposed amended complaint is not futile. First, it should be noted that it would be illogical for the court to deny amendment of the complaint, only to then revert back to the original complaint, and then, upon lifting the stay on the motions to dismiss, proceed to adjudicate whether some of the claims I removed from the complaint, should then be dismissed (i.e., claims which would've been self-removed if amendment was allowed). Self-removal via amendment is judicially more efficient than dismissal.

10. Here, in their objection, the Hilliard defendants refer to or repeat some of the arguments made in their motion to dismiss. Defendants also have used their objection to engage in disputation of facts, which isn't permitted at this stage. Further, the defendants insert new facts outside the proposed complaint, which again isn't permitted at this stage. They also appear to unfairly regurgitate entire portions of their prior (stayed) motions to dismiss and thus the defendants appear to be trying to get their objections to the motion to amend the complaint, to be treated wholly as 'defacto' motions to dismiss. They in fact argue the same points as they did pertaining to the prior complaint, which threatens to confuse the court. Thus, they are trying to engage in a motion to dismiss based on the old complaint and using the objection to the motion to amend the complaint to try to get the court to reach issues that are no longer before the court in the proposed complaint. This is clever subterfuge. Defendants have thus filed their objection, not in good faith, including but not limited to simply regurgitating irrelevant swaths of their prior stayed motion to dismiss, without even correcting many of the arguments in it to take into account the changes to the new proposed complaint. This is unfair/prejudicial.

11. Similarly, given that the prior pending motion to dismiss is stayed, this is tantamount to an attempt at an end-run around the stay of the motions to dismiss; and I can't defend against this attempt at an end-run, without having a full opportunity to litigate the prior pending motions to dismiss. This is thus a procedural quagmire.

---

*bad faith, dilatory motive, futility of amendment, prejudice), we will not affirm it. Grant v. News Group Boston, Inc., 55 F.3d 1, 5 (1st Cir. 1995)."…"The Gold standard, which requires that proposed amendments have substantial merit and be supported by substantial and convincing evidence, is inapplicable for several reasons. To date, it has only been applied where the motion to amend is made after a defendant has moved for summary judgment. See e.g., Gold, 30 F.3d at 253; Torres-Matos v. St. Lawrence Garment Co., 901 F.2d 1144, 1146 (1st Cir. 1990); Cowen v. Bank United of Texas, FSB, 1995 WL 38978, *9 (N.D. Ill.), aff'd 70 F.3d 937 (7th Cir. 1995); Carey v. Beans, 500 F. Supp. 580, 582 (E.D. Pa. 1980), aff'd, 659 F.2d 1065 (3d Cir. 1981); Artman v. International Harvester Co., 355 F. Supp. 476, 481 (W.D. Pa. 1972). In that context, a plaintiff's motion to amend is an attempt to alter the shape of the case in order to defeat summary judgment."*

See also Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004) stating: *"Thereafter, the permission of the court or the consent of the opposing party is required. The default rule mandates that leave to amend is to be "freely given when justice so requires," id., unless the amendment "would be futile, or reward, inter alia, undue or intended delay." Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994). As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting. Scheduling orders, for example, typically establish a cut-off date for amendments (as was apparently the case here). Once a scheduling order is in place, the liberal default rule is replaced by the more demanding "good cause" standard of Fed.R.Civ.P. 16(b). O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154-155 (1st Cir. 2004)."*

12. The court has not made any ruling on the prior stayed motions to dismiss and, in fact, the prior motions to dismiss are stayed, with a response still to be forthcoming from me to the stayed motions to dismiss once the stay is lifted; it would be unfair for the court to make its first ruling on the prior pending motion to dismiss issues, through its ruling on a motion to amend the complaint. Ostensibly, given this maneuver by defendants, the court cannot use these objections to resolve the motion to amend the complaint, without effectively ruling on the portions of the stayed motions to dismiss, which would be extremely unfair and prejudicial to me.

13. NB: The prior complaint is a nullity for purposes of any motion to dismiss or at/prior to the motion to dismiss stage. This means that the objections cannot address things in the prior complaint that are not in the new complaint. See also L.R. 15.1 which states: *"Effect of an Amended Complaint. When a plaintiff files an amended complaint as of right or with leave of court after the filing of a motion to dismiss for failure to state a claim, the motion to dismiss shall be automatically denied without prejudice and the defendant(s) shall respond to the amended complaint as may be appropriate under Fed. R. Civ. P. 12, within the time allowed under Fed. R. Civ. P. 15(a)."* This means that defendants cannot use the motions to dismiss as objections to the motion to amend the complaint, and their objections to the motion to amend the complaint cannot be used, effectively, as motions to dismiss. The only place that motion to dismiss arguments can be proffered is in a proper response to the allowed amended complaint, which is to then be filed/re-filed under Rule 12, if so desired. It's totally improper to file motion to dismiss arguments in objections to a motion to amend the complaint, as it conflates and confuses the issues and the legal standards, and results in significant prejudice to me as plaintiff. The court cannot evaluate any such motion to dismiss type arguments without resolving the pending stayed motions related to choice of law, motions to strike, motion for discovery, and allowing full motion practice related to the prior stayed motions to dismiss including my stayed reply which has not been filed yet due to the stay. In their objection, defendants should have focused their arguments on the key threshold factors that go towards negating the liberal generous standard for amendments, namely timeliness, prejudice, and futility. The Hilliard defendants have neglected to address these factors, except for futility, but they have misused futility in an overbroad sense to argue motion to dismiss type arguments across the board (they essentially reprinted portions of the motion to dismiss and retitled it as an objection to the motion to amend the complaint) that now require the court to engage in a motion to dismiss analysis in order

to resolve the motion to amend the complaint. But in this instance the court cannot engage in a motion to dismiss type analysis of the proposed complaint, without addressing the stayed motion to dismiss arguments, and the stayed motion to dismiss cannot be addressed until the stay is lifted, and until after I'm allowed to reply to the stayed motion to dismiss as well as to the stayed objections to the several stayed pending motions that I filed in fall 2023 (including choice of law, two motions to strike, motion for limited discovery, etc.). Without this, it would lead to an absurd result where the court would have to take positions on prior motion to dismiss arguments as applied to the new proposed complaint, and if the court denies the motion to amend the complaint, then the court would then be left to address the same motion to dismiss arguments once again as applied to the prior complaint, but in that event the court could not consider the prior complaint with fresh eyes because it would be boxed in by positions it took on the motion to dismiss issues as applied to the new complaint. This is a topsy turvy situation and is putting the cart before the horse. I ask the court to pause and consider what I'm trying to say. I may not have the exact right words to precisely describe the problem here but I trust the court can understand what it is that I am trying to get at and that ultimately the above will result in a trap for me and will be prejudicial to me. Defendants should not be allowed to game the system.

14. NB: The Hilliard defendants do not argue statute of limitations. They evidently concede that there are no statute of limitations argument. This contradicts the Donais defendants' position.

15. Contrary to the objection, the absolute privilege does not apply. If the allegations in the proposed complaint are true (which they are true and the Hilliard defendants cannot deny or dispute this at this stage), then the absolute legal privilege doesn't preclude my causes of action against the Hilliard defendants. It should be noted that the Hilliard defendants here engaged in sleight of hand, by referencing the amended complaint in an ambiguous way, not making clear whether they refer to the newly proposed complaint or the prior complaint that was first amended before service of process in state court. If they intend to reference the new proposed complaint, then their characterization that the amended complaint *states throughout its lengthy allegations that the alleged damages caused by Hilliard arise out of his prior representation of Craig Donais in a matter regarding Bisasor,"* is false or misleading. The newly proposed complaint does no such thing and where the defendants cite a sentence from a paragraph in my complaint, it is taken out of context or edited and misstated.

16. I've clearly stated that **I'm not seeking any claim that involves a statement to a court, to the ADO or made in a judicial proceeding**. The Hilliard defendants cannot reinterpret/misinterpret my proposed complaint to make it say something that it does not say. The Hilliard defendants seem to respond to the first complaint, and not the proposed complaint, and are acting as though the things in the first complaint, are in the proposed complaint. By doing this, they are effectively trying to deny me the chance to amend the complaint, by using the things in the first complaint as grounds to deny the motion to amend the complaint. This is circular reasoning. My proposed complaint also centers on statements made to family members, to colleagues, to other lawyers in a non-judicial capacity or context, or in a business context, etc. None of these statements can be said to even come close to being within the penumbra of any kind of immunity. These are statements by Hilliard not made in the context of any representation of Donais.

17. Contrary to the objection, aiding and abetting defamation is a recognized claim both in MA and NH. I do not agree that the "*claim is not recognized by New Hampshire courts*", or that "*even if it were, Plaintiff fails to state a claim*". First, it should be noted that defendants are invoking a choice of law argument. But the choice of law issue cannot be resolved here when there is a prior pending motion to declare choice of law that has been stayed and which the court stated would only be addressed if/once the stay on the motion to dismiss was lifted. The court should allow the amendment to the complaint and then invite defendants to file a new motion to dismiss, and also invite plaintiff to refile any related pending motion, including the choice of law motion, etc., and then address choice of law issues as part of the motions to dismiss and of all of the related pending/stayed motions, as well. To address the choice of law issue now would be premature and prejudicial to me as plaintiff.

18. Contrary to the objection, in count 4, I did allege that Hilliard had an "active role" in publication of false statements to police in August 2020. I literally said that in para. 462. I also alleged that Hilliard "drafted, reviewed, offered revisions or edits" to a defamatory email on which Hilliard was subsequently copied. These are, among others, substantive allegations regarding Hilliard's specific role in the defamatory acts. But defendants play words games by asserting that I need to allege precisely which parts of the defamatory email Hilliard contributed to, in order to "make the email defamatory". This is a ridiculous standard. The exact precision between Hilliard's contribution and Donais' contribution in the defamatory email is not required to

allege defamation. This is an extremely high or heightened pleading requirement that isn't required under the law. Defendants are trying to make it impossible to plead any claim against the defendants. Also, I never said that because Hilliard was previously counsel to Donais, and is older than Donais, that somehow this itself gives rise to liability. This is a twisting of my words.

19. Similarly, for count 5, I did allege that Hilliard "knew" of the contractual or advantageous relations with the police and with others who he interfered with. See para. 305, 309, 494, 496, 501-507. I alleged there was contract or advantageous relations, who it was with, and the nature of the contract. I thus alleged sufficient facts of interference with contract or advantageous relations. Similarly, why are defendants asserting that I cannot allege sufficient elements of the claim? If all I need, according to them, is to disclose the minute details of the contract, then it is certainly possibly that I could allege sufficient details about the contract. Moreover, Hilliard is not a party to the contract, so he cannot say there is no contract. This would just be a matter of a more definitive pleading. See Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 65 (1st Cir. 2013) ("*A plaintiff cannot know everything about a defendant's potentially wrongful conduct, especially when it comes to the inner workings of a corporate or institutional defendant. Thus, our post-Twombly cases have recognized that " 'some latitude' may be appropriate where a plausible claim may be indicated 'based on what is known,' at least where ... 'some of the information needed may be in the control of [the] defendants.' " Menard, 698 F.3d at 45 (quoting Pruell, 678 F.3d at 15)*".). Hilliard knew of the contract with the police. He also knew of the contract with others mentioned in the proposed complaint. Hilliard collaborated with Donais in causing the interference. See para. 306. Defendants have nothing to say about the other contract interference nor about the advantageous relations, which silence is deafening and is a tacit admission. This further shows why the insurance carriers knew they're liable and thus violated section 176D.

20. Moreover, it isn't futile to add the John Doe defendants. If I were to file a separate lawsuit against the John Doe defendants, it wouldn't be futile to do so. Filing a separate lawsuit wouldn't be subject to these type of arguments. The only thing that could be done is to seek dismissal but I couldn't be prevented from filing the lawsuit in the first place. In fact, if amendment is denied, I could simply file a separate lawsuit. It meets judicial economy to allow this claim in, and then resolve it upon a properly filed new motion to dismiss. It shouldn't

be resolved upon an amendment motion. The court can't find that it's futile. without knowing further facts underlying the claim, and many of the facts are in the control of defendants. It would be unfair to do so.

21. I did advance support for my belief that liability is reasonably clear. The Hilliard defendants asserts that no violation of 176D occurred "because no violation occurred". This is tautological and circular, as well as self-serving and one-sided. Moreover, the Hilliard defendants can't challenge the claims against John Doe companies. Counsel for Hilliard defendants has stated that they don't represent John Doe companies, will not receive legal documents or letters for John Doe companies. See **Exhibit 1.** Thus, they cannot speak for John Doe companies. Only John Doe companies can speak for themselves. Counsel for Hilliard defendants want to have it both ways. They evidently wanted to play games with identifying the name of the companies and then claim that they do not represent the John Doe companies, while at the same time trying to make defensive arguments for John Doe companies. This is not right or fair. We need to hear from counsel for John Doe companies. The Hilliard defendants can't assert that adding John Doe companies and attendant 176D claims, are futile (i.e., because liability is not reasonably clear), when the underlying facts are not disputed nor can be disputed at this stage. Similarly, even if the facts could be disputed, it can't be disputed by counsel for Hilliard defendants because they don't represent John Doe companies. Here, defendants are in possession of info. pertinent to this issue but play hide the ball, saying that I didn't present enough info. while hiding said info.

22. Moreover, my attempt to add a Massachusetts resident is not improper and is not to "destroy diversity". The Hilliard defendants concede that addition of John Doe defendants are not done with the sole purpose of destroying diversity (i.e., "*furthermore, the attempts to add certain defendants are done, in part, to destroy diversity.*"). In fact, the Donais defendants actually plainly admit that adding them doesn't destroy diversity. Even so, adding defendants to destroy diversity isn't prohibited. It simply calls for further scrutiny on whether the court should allow amendment. Diversity is only relevant primarily for remand. But the court already denied remand. So the issue is moot. Also, the court stated that it declined to allow remand discovery, regarding diversity issues, because diversity isn't necessary here to establish jurisdiction since federal question jurisdiction is established. Defendants can't benefit from the court's position that diversity isn't necessary and then use diversity as a basis to deny amendment. Contrary to the objection, amendment here wouldn't defeat removal jurisdiction.

8

23. The court previously knew or was aware that I intended to add parties by amendment including a non-diverse party. I literally stated this in my various objections to the motions to dismiss, both in MA federal court as well as in this court. Yet, the court made statements in the 11-30-23 hearing, that I should re-file the motion to amend and proposed complaint and provide reasons for adding parties. The court thus confirmed that it was aware or was expecting that I would be adding parties, namely the insurance companies and a non-diverse party. Yet, the court told me to provide the reasons for addition. The court has been well aware that these parties would be added via amendment to the complaint. Similarly, my attempts to add John Doe defendants aren't futile. I've sufficiently alleged they are Massachusetts corporations (see para. 670 & 674 of proposed complaint). I'll be harmed by them not being added to the case.

24. With respect to Beatriz Van Meek ("Van Meek"), I have justified why I'm seeking to add her as a defendant. Van Meek is a necessary party because she was relevant to the claims involving conspiracy with Donais to injure me.  Moreover, the defendants' reference to "*nearly two years after filing his initial Complaint in this matter*" is misleading and stated out of context.  This is not true. I didn't delay. I filed my motion to amend complaint shortly after I served process in state court, and promptly upon removal to federal court by defendants, including stating my intent to add parties. Moreover, I was hindered in adding the insurance companies because I didn't know their identities and have been seeking to uncover their identities including seeking it from defendants who have evaded disclosure to this day. After it became clear that it 's futile to obtain the identities, I resorted to a failsafe approach of adding them as "John Doe" companies, to preserve my rights and preserve statute of limitations. Defendants blocked me from adding parties by blocking info. that should've been provided, but they've obstructed me and now they seek to blame me for their obstruction.

25. This court doesn't lack jurisdiction over Van Meek. It's possible she could waive personal jurisdiction, which is a waivable defense. Her actions could implicate the jurisdiction of this court. The court can't deny amendment on grounds of personal jurisdiction when no such defense by the affected party has been advanced. See again **Exhibit 1.** Just because she is a Massachusetts resident, it doesn't mean the court doesn't have jurisdiction over her. Moreover, defendants told the court that it wouldn't mount a personal jurisdiction

defense in this case and that it is waived. Defendants are prohibited from raising any personal jurisdiction defense. Thus, they can't assert a personal jurisdiction defense for Van Meek since they don't represent her.

26. Moreover, defendants can't advance new defenses in an objection to a motion to amend complaint because the defendants already advanced two motions to dismiss already. It's unfair because I can only object to these new defenses in a reply to the objection to amend (which has less pages to do so) rather than in an objection to a motion to dismiss. This creates a structural disadvantage for me and gives defendants the upper hand procedurally, by severely limiting the playing field on which I can engage such motion to dismiss defenses.

27. Moreover, I didn't allege that she is a clerk in the Massachusetts Superior Court. The court can't deny amendment based on defendants purporting new info. that I didn't allege. Similarly, she isn't immune from suit. No claim alleged implicates any tasks performed that "*are inextricably intertwined with the judicial function*". Moreover, no allegations in the proposed complaint implicate absolute immunity. Either way, a clerk doesn't automatically have absolute immunity, as her actions must be at the direction of a judge; otherwise, a clerk only can have qualified immunity as automatic presumption, but such presumption is subject to factual inquiry and not automatically dispositive, at the motion to dismiss stage. I'll be harmed by denial of my motion to amend.

28. The civil conspiracy claim also doesn't fail to state a claim. See para. 579-583. Also, Hilliard fraudulently misrepresented/induced me regarding settlement negotiations with other parties, to sabotage the settlement, and deceived me into fake negotiations, towards to a common tortious plan intended to injure me.

29. The charge that my proposed claims are futile because they fail to state a claim is conclusory and self-serving.

30. Defendants won't be prejudiced by amendment as they'll be free to file a new motion to dismiss.

31. Please liberally construe and grant my request or any other relief the court deems proper[2].

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

Date filed: May 13, 2024
Date corrected[3]: May 14, 2024

---

[2] [2] I hereby also request discovery and sanctions as shown in **Exhibits 2 & 3**, which are incorporated herein. [NB: See also Donais defendants' objections to discovery and sanctions, which further proves the need for discovery and shows they are blatantly dodging addressing the fact that they have lied to the court]. I also intend to move to strike this objection, or portions thereof, which will be forthcoming shortly after submission of this reply. I also incorporate my motion to amend complaint + my related filings. See **Exhibit 4** for reply to Donais defendants' objection to the motion to amend complaint, which is incorporated herein by reference.

[3] In light of the clerks' notice of filing error today, this correction is made for exhibits/exhibit description, and also for errors found after further review, including typos, grammatical errors, missing words/sentences. It is made promptly the next day. Please accept this version.

Case 1:23-cv-00374-JLT-TSM Document 21-92 Filed 05/14/24 Page 11 of 16

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

<u>/s/ Andre Bisasor</u>
Andre Bisasor

11

# EXHIBIT 1

**EMAILS WITH COUNSEL FOR DONAIS DEFENDANTS AND COUNSEL FOR HILLIARD DEFENDANTS SHOWING DENIAL OF REPRESENTATION OF JOHN DOE COMPANIES**

**EMAILS WITH COUNSEL FOR DONAIS DEFENDANTS**
**[SHOWING THEY DENY REPRESENTATION OF INSURANCE COMPANIES]**

## Re: Insurance Carrier Questions and Preservation Hold

From:   Andre Bisasor (quickquantum@aol.com)

To:      elanders@morrisonmahoney.com

Cc:      lsmith@morrisonmahoney.com; dsonneborn@preti.com

Date:   Monday, March 25, 2024 at 01:53 PM EDT

---

You have not answered my specific questions below.
-Andre

> On Tuesday, March 19, 2024 at 04:03:40 PM EDT, Andre Bisasor <quickquantum@aol.com> wrote:
>
>
> Ed
>
> I dont believe you actually answered my question: Can I direct to you, or can you receive, letters or legal documents from me, on behalf of the insurance carrier(s)?
>
> In other words, can you pass along letters or legal documents from me to the insurance carriers and ensure they get it?
>
> Andre Bisasor
>
>
>
> On Tuesday, March 19, 2024 at 03:58:20 PM EDT, Landers, Edwin <elanders@morrisonmahoney.com> wrote:
>
>
> Dear Mr. Bisasor,
>
>
> We are representing only the Donais defendants in this action.
>
>
> Regards,
>
> Ed
>
>
> **Edwin F. Landers, Jr.**
> Partner
>
> MORRISON MAHONEY LLP
> 250 Summer Street, Boston, MA  02210
> T (617) 439-7583 | F (617) 342-4967
> ELanders@morrisonmahoney.com | www.morrisonmahoney.com
>
> Connecticut | Massachusetts | New Hampshire | New Jersey | New York | Rhode Island | United Kingdom

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmissions, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

---

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Tuesday, March 19, 2024 3:55 PM
**To:** Landers, Edwin <ELanders@morrisonmahoney.com>
**Cc:** Smith, Linda <LSmith@morrisonmahoney.com>; Sonneborn, Daniel R. <dsonneborn@preti.com>
**Subject:** Re: Insurance Carrier Questions and Preservation Hold

> **External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.**

---

Ed,

To be clear, it sounds like you are again refusing to answer the below questions.

However, I did not ask one of the questions previously and so can you at least answer that question as follows: **Can I direct to you, or can you receive, letters or legal documents from me, on behalf of the insurance carrier(s)?**

Andre Bisasor

On Tuesday, March 19, 2024 at 03:46:48 PM EDT, Landers, Edwin <elanders@morrisonmahoney.com> wrote:

Dear Mr. Bisasor,

The Donais defendants' position remains unchanged from that conveyed to you in the attached email exchange of July 19, 2023.

Regards,

Ed

**Edwin F. Landers, Jr.**
Partner

MORRISON MAHONEY LLP
250 Summer Street, Boston, MA  02210
T (617) 439-7583 | F (617) 342-4967
ELanders@morrisonmahoney.com | www.morrisonmahoney.com

Connecticut | Massachusetts | New Hampshire | New Jersey | New York | Rhode Island | United Kingdom

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmissions, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Friday, March 15, 2024 12:15 PM
**To:** Landers, Edwin <ELanders@morrisonmahoney.com>
**Subject:** Insurance Carrier Questions and Preservation Hold

> **External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.**

Dear Ed,

I have a couple questions pertaining to this matter as follows:

1. What is the name of the insurance carrier(s) for the Donais defendants?
2. Also, what is the location and address of the insurance carrier(s)?
3. Are you insurance counsel for this insurance carrier(s)
4. Can I direct to you, or can you receive, letters or legal documents from me, on behalf of the insurance carrier(s)?
5. What is the policy limit for the policy applicable to this matter that covers the Donais defendants?

Can you please answer these questions or any of them? I may have asked some of these to you before but I am asking again here in one place.

NB: Please remember to preserve all documents, emails, correspondence and materials that are relevant to this matter including matters applicable to potential discovery, deposition and for trial.  This is a reminder of a preservation/litigation hold that applies to all defendants as well as to the insurance carrier(s).

I look forward to your reply.

Sincerely,

Andre Bisasor

Mr. Bisasor,

We agree with the position set forth by Dan. We also do not believe that any insurance coverage has any bearing on the motions before the court.

Regards,

Ed

**Edwin F. Landers, Jr.**
Partner

MORRISON MAHONEY LLP
250 Summer Street, Boston, MA 02210
T (617) 439-7583 | F (617) 342-4967
ELanders@morrisonmahoney.com | www.morrisonmahoney.com

Connecticut | Massachusetts | New Hampshire | New Jersey | New York | Rhode Island | United Kingdom

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmissions, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

---

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Wednesday, July 19, 2023 3:20 PM
**To:** Landers, Edwin <ELanders@morrisonmahoney.com>; Donovan, Ian <IDonovan@morrisonmahoney.com>; Saturley, William C. <wsaturley@preti.com>; Sonneborn, Daniel R. <DSonneborn@preti.com>
**Subject:** Re: Insurance question

**External Email from Andre Bisasor <quickquantum@aol.com>. Do not click on links, open attachments, or reply before confirming this is a valid email.**

Dan,

If you do not want to give me the name of the insurance company, can you confirm you are insurance counsel?

So are you not denying that you are insurance counsel?

I can infer that the answer to that is yes.

Andre

On Wednesday, July 19, 2023 at 03:16:02 PM EDT, Sonneborn, Daniel R. <dsonneborn@preti.com> wrote:

Mr. Bisasor,

That information will be provided to you at the time dictated by the Federal Rules of Civil Procedure and Local Rules. We see no reason to provide it sooner.

Thank you,

Dan

---

**Daniel R. Sonneborn**
Director
Preti Flaherty

---

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Wednesday, July 19, 2023 12:09 PM
**To:** Sonneborn, Daniel R. <DSonneborn@preti.com>; Edwin Landers <elanders@morrisonmahoney.com>; Ian Donovan <idonovan@morrisonmahoney.com>; Saturley, William C. <WSaturley@preti.com>
**Subject:** Insurance question

---

**Note:** *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***

---

Dear Ed, Dan, and All,

Are you of you insurance counsel for the defendants malpractice insurance carrier or any other insurance carrier that pertains to this case?

Also, could you inform me of the name of the insurance carrier(s), regardless of whether you are insurance counsel or not

Thanks

Andre

---

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

**EMAILS WITH COUNSEL FOR HILLIARD DEFENDANTS**
**[SHOWING THEY DENY REPRESENTATION OF INSURANCE COMPANIES]**

## Re: Insurance Carrier Questions and Preservation Hold

From:   Andre Bisasor (quickquantum@aol.com)

To:     dsonneborn@preti.com

Date:   Tuesday, April 2, 2024 at 03:15 PM EDT

Dan,

What prior responses are those? can you repeat those here, as I am not certain of what "responses" those are. I am only aware of one response long ago.

Also, can you at least answer this: are you able to receive letters or legal documents for or on behalf of or to pass on to the insurance carrier(s)?

Andre

> On Tuesday, April 2, 2024 at 03:10:58 PM EDT, Sonneborn, Daniel R. <dsonneborn@preti.com> wrote:
>
> Andre,
>
> My prior responses regarding these issues remains and with respect to anything else, it will be answered if/when appropriate.
>
> Thanks,
>
> Dan
>
> **Daniel R. Sonneborn**
> Director
> Preti Flaherty
>
> **From:** Andre Bisasor <quickquantum@aol.com>
> **Sent:** Monday, March 25, 2024 1:54 PM
> **To:** Sonneborn, Daniel R. <DSonneborn@preti.com>
> **Subject:** Re: Insurance Carrier Questions and Preservation Hold
>
> **Note:** *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***
>
> Dan, you have not answered my email below-
>
> Andre

Case 1:23-cv-00374-JL-TSM   Document 216-2   Filed 05/14/24   Page 22 of 67

On Friday, March 15, 2024 at 12:28:34 PM EDT, Andre Bisasor <quickquantum@aol.com> wrote:

Correction: I meant "Dear Dan"

On Friday, March 15, 2024 at 12:21:03 PM EDT, Andre Bisasor <quickquantum@aol.com> wrote:

Dear Ed,

I have a couple questions pertaining to this matter as follows:

1. What is the name of the insurance carrier(s) for the Hilliard defendants?
2. Also, what is the location and address of the insurance carrier(s)?
3. Are you insurance counsel for this insurance carrier(s)?
4. Can I direct to you, or can you receive, letters or legal documents from me, on behalf of the insurance carrier(s)?
5. What is the policy limit for the policy applicable to this matter that covers the Hilliard defendants?

Can you please answer these questions or any of them? I may have asked some of these to you before but I am asking again here in one place.

NB: Please remember to preserve all documents, emails, correspondence and materials that are relevant to this matter including matters applicable to potential discovery, deposition and for trial.  This is a reminder of a preservation/litigation hold that applies to all defendants as well as to the insurance carrier(s).

I look forward to your reply.

Sincerely,

Andre Bisasor

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at

dsonneborn@preti.com or via telephone at 617.226.3800 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

# EXHIBIT 2

**COPY OF FILED
PLAINTIFF'S MOTION FOR LIMITED DISCOVERY PERTAINING TO DEFENDANTS'
OBJECTIONS TO MOTION TO AMEND COMPLAINT**

UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

## PLAINTIFF'S MOTION FOR LIMITED DISCOVERY PERTAINING TO DEFENDANTS' OBJECTIONS TO MOTION TO AMEND COMPLAINT

1. NOW COMES the plaintiff and respectfully submits this motion for limited discovery pertaining to defendants' objections to plaintiff's motion to amend complaint, as follows.

2. NB: I hereby incorporate the facts, arguments and authorities contained in the motion to amend the complaint, as if fully rewritten herein. I also refute the arguments, reasoning, claims, considerations, suggestions, insinuations, pleadings, statements, conclusions, requests and relief sought in the defendants' oppositions.

## I.  STANDARD FOR GRANTING LIMITED DISCOVERY AT THIS STAGE

3. The district court has the authority to allow limited discovery before a Plaintiff amends the Complaint, where "modest discovery may provide the missing link." See Menard v. CSX Transp., Inc., 698 F.3d 40, 45 (1st Cir. 2012).

4. Discovery is warranted where Plaintiff alleges "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" that supports Plaintiff's claims. See Parker v. Landry, 935 F.3d 9, 18 (1st Cir. 2019), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

5. Generally, discovery is appropriate where "a material part of the information needed is likely to be within the defendant's control." Garcia-Catalan v. United States, 734 F.3d 100 (1st Cir. 2013) (noting "it cannot reasonably be expected that the appellant, without the benefit of discovery, would have any information" about circumstances readily known to defendants), citing Grajales v. P.R. Ports Auth., 682 F.3d 40, 44 (1st Cir. 2012) (highlighting "[s]moking gun proof" is "rarely available…at the pleading stage").

6. As to discovery generally, pursuant to Federal Rule of Civil Procedure 26(b), parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

1

7. Rule 26 is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Energy Power (Shenzhen) Co. v. Wang, No. 13-cv-11348, 2014 WL 4687784, at *2 Case 1:21-cv-11181-PBS Document 170 Filed 02/13/23 Page 4 of 26 5 (D. Mass. Sept. 17, 2014) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)).

8. "District courts exercise broad discretion to manage discovery matters," Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd., 333 F.3d 38, 41 (1st Cir. 2003), and "to tailor discovery narrowly," Cutter v. HealthMarkets, Inc., No. 10-cv-11488, 2011 WL 613703, at *2 (D. Mass. Feb. 10, 2011) (quoting Crawford-El v. Britton, 523 U.S. 574, 598 (1998)).

9. When exercising this discretion, courts are to be mindful of the proportionality considerations articulated in Rule 26(b)(1). Fed. R. Civ. P. 26(b)(1).

10. The threshold showing that a plaintiff must present to the district court to merit limited discovery is relatively low. See Surpitski v. Hughes-Keenan Corp., 362 F.2d 254, 255-256 (1st Cir.1966) (per curiam) (explaining that a party should be allowed to conduct limited discovery when its position is not frivolous); see generally Swiss Am. Bank, 274 F.3d at 637 ("As a general matter, discovery ... should be freely permitted .... " (quoting Edmond v. U.S. Postal Serv. Gen. Counsel, 949 F.2d 415, 425 (D.C.Cir.1991))).

11. The law authorizes discovery where there is doubt about the underlying facts. See Udeen v. Subaru of America, Inc., No. 18-17334(RBK/JS) (D.N.J. Mar. 12, 2019).

## II. SUMMARY OF ARGUMENT

12. This motion is made necessary by the scope and content of the defendants' respective oppositions to the motion to amend complaint, making it necessary to obtain additional information from the defendants in order for a fair and reasonable response to be provided by me.

13. In no way should this request for limited discovery be taken as an admission of any of the defendants' allegations or arguments nor should this motion be taken as a waiver of the arguments to be made in my reply to the oppositions filed by the defendants.

14. The Federal Rules of Civil Procedure, and court decisions applying and interpreting these Rules, recognize the right of the non-moving party to obtain the facts that they need to properly and fairly counter the moving party's claims through expedited and limited discovery, and to place in abeyance the court's consideration and resolution of the relevant issues, until such time as the expedited and limited discovery process is completed.

15. The allowance of this motion would accomplish leveling the playing field for the purpose, and provide the means recognized in the Federal Rules and by the courts to provide me with the facts and information I need to respond to the defendants' filings, on a fair and effective basis.

16. At a minimum, defendants' practices add further weight to the need and importance of permitting the limited discovery, as one means that would help even the playing field and make it possible for me to respond to the oppositions, on a fairer basis.

17. The court also must view the facts and all reasonable inferences therefrom in the light most favorable to the plaintiff.

### III. SCOPE OF LIMITED DISCOVERY ISSUES

18. Plaintiff and the defendants do not agree on the factual allegations relevant to the following issues.

19. The defendants have used their objections to engage in the disputation of facts, which is not permitted at this stage, as follows.

### A. Disputed Facts Regarding Applicability of Savings Statute and the Underlying Facts Relating to 1-88 Dismissal in State Court of Related Case

20. First, the Donais defendants misstated the facts regarding the underlying reason for dismissal in the related Middlesex superior court case. I have proof of my facts regarding this. The Donais defendants know the truth but have tried to mislead or deceive this court. This disputation of facts will require

discovery and resolution of the factual dispute in order to ascertain the bases for the 1-88 dismissal (without prejudice) that occurred in the related MA Middlesex superior court case.

21. The defendants also insert new facts outside the proposed amended complaint including facts about proposed new defendant, Beatriz Van Meek, which again is not permitted at this stage.

22. In particular, the Donais defendants stated in the objection, on page 7, that:

> Plaintiff alleges that the Massachusetts savings statute, M.G.L. c. 260, §32, is triggered based upon the dismissal of his Middlesex Superior Court complaint. (Doc. 161-1, ¶301.) Plaintiff is incorrect. Attached hereto as Exhibit A is the docket summary for 2081CV00087. Therein, the Middlesex Superior matter was dismissed on August 2, 2021 as "service not completed for any party by deadline review." The matter evidently was dismissed for lack of service of process, even after Plaintiff obtained several extensions of time to serve the complaint. (Ex. A.) Plaintiff's failure to serve Donais – the only defendant in the matter - with process in the Middlesex Superior Court matter is the equivalent of a voluntary discontinuance for the plaintiff's deliberate neglect to prosecute his lawsuit. In such circumstances, the savings statute does not save Plaintiff's time-barred claims. Plaintiff's failure to effectuate service of process is not by reason of an unavoidable accident or because of default or neglect by the officer to whom such process is committed.

23. However, contrary to the above assertions by the Donais defendants, I did serve Donais with service of process. Donais also lied to courts[1] previously stating that he wasn't served process.

24. Such statement by Donais is false and can be proven false by the fact that a US post office postmaster has confirmed that Donais did receive service of process from me, with a certified US post office mailing sent to Donais on July 16, 2021. Because Donais was located at the time in New Hampshire, I was authorized under the long arm statute to serve process on him by mailing to him certified mail, which I did, with proof of receipt provided. A US postal service postmaster has provided written proof and mail delivery receipt, confirming that Donais received the mailing of the certified mail containing the service documents. But Donais lied to courts, more than once, averring that he was not served, and thus did

---

[1] For example, Donais made the following statement to a Middlesex superior court judge on 11/30/21, where I was not present on an ex parte basis:

MR. DONAIS: I'm Craig Donais, although I haven't been served and so I don't have an appearance in on this case.
....
THE COURT: Okay. So, Mr. Donais, or Attorney Donais, but in this case --- you're a named defendant in a case that's not been served upon you yet.
MR. DONAIS: Correct.
...
MR. DONAIS: …I've never been served…

not receive any mailing of the summons and complaint from me in that case. This is a bald and egregious lie.

25. One example of proof that Donais received the certified mailing from me includes the following email from the US postmaster showing the name and address of the recipient of the certified mail package being Craig Donais.



```
-----Original Message-----
From: Labrie, David L - Manchester, NH <david.l.labrie@usps.gov>
To: Andre Bisasor <quickquantum@aol.com>
Sent: Wed, Oct 20, 2021 5:27 pm
Subject: RE: [EXTERNAL] USPS Proof of Delivery Info for 9507106709611197265369

Mail piece was forwarded based on this
```

**From:** Andre Bisasor <quickquantum@aol.com>
**Sent:** Wednesday, October 20, 2021 4:51 PM
**To:** Labrie, David L - Manchester, NH <david.l.labrie@usps.gov>
**Subject:** Re: [EXTERNAL] USPS Proof of Delivery Info for 9507106709611197265369

CAUTION: This email originated from outside USPS. **STOP and CONSIDER** before responding, clicking on links, or opening attachments.

26. The below further shows proof from the US postmaster (David Labrie) of a signed receipt of the certified mail with tracking number of package I mailed to Donais at his address in NH.

UNITED STATES
POSTAL SERVICE

August 12, 2021

Dear David Labrie:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9507 1067 0961 1197 2653 69.**

**Item Details**

| | |
|---|---|
| Status: | Delivered, To Original Sender |
| Status Date / Time: | July 27, 2021, 2:50 pm |
| Location: | MANCHESTER, NH 03104 |
| Postal Product: | First-Class Mail® |
| Extra Services: | Certified Mail™ |

**Shipment Details**

| | |
|---|---|
| Weight: | 12.0oz |

**Recipient Signature**

| | |
|---|---|
| Signature of Recipient: | *Josh Leshyn* |
| Address of Recipient: | *Rtl 401* |
| | *(T) 9* |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional
assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

27. This thus proves that Donais has lied. I thus have statements and documents by the US post office confirming that Donais was served process. The dismissal was thus not a failure to prosecute the case. The state court dismissed the case on a technicality, in that the proof for service was not received by the court within a certain time and the state court prematurely entered a 1-88 dismissal.

28. NB: This is what the current appeal in the MA appeals court is all about and the appeals court will likely reverse the 1-88 dismissal and remand the case to the Middlesex superior court. By the wat, this is another reason why this court should stay this case and allow the appeals court to resolve this issue, especially since the defendants have now made this a key issue to be resolved for this case. The defendants keep making big noise about the fact that there is a pending case in MA appeals court and keep using this to somehow persuade the court of whatever they next try to argue. But this cuts both ways as their emphasis on the importance of this prior state court case in MA, supports giving that prior first filed case in MA, the preference and priority, and thus this case should be stayed.

29. Also, I did serve process on Donais before the deadline to serve process was expired.

30. This is thus a significant dispute of fact with respect to the assertions made by the Donais defendants in their objection. Donais asserts in his objection that I failed to serve him process. This is a lie. His only way to try to now explain this lie is to assert that the postal employee did not comply with certain requirements for service, even though the postal employee gave Donais the service of process documents and thus did serve him process. If this is Donais' defense to this blatant lie, using such a hyper-technical argument, then it further establishes that according to Donais, it was a mistake by the post employee, which would prove that the savings statute must apply. The only way to know if this is what Donais will use to explain his lie is to get Donais under oath to answer discovery. Even so, it would still be a lie because he falsely gave this court the wrong impression that he did not receive the service of process documents at all and that I "failed" serve him the documents[2].

31. Donais has made this squarely a major issue by averring that I failed to serve him, that he was not served and that this was a matter of my failure to prosecute, which is a bald lie.

32. This requires discovery as follows: Did Donais receive the service of process documents from me via the US post office/postal employee by certified mail? If so, what date stamp was on the certified mailed documents? When did Donais receive the certified mailed documents? Does Donais currently have the certified mailed documents and envelope, and did Donais preserve the certified mailed documents and envelope, and can he produce the certified mailed documents and envelope now? Why exactly is Donis saying he was not served the mailed documents? Does he assert that the postal employee did something wrong when the postal employee gave Donais the certified mailed documents? Does Donais deny that the postal employee gave him the certified mail documents? Why would the post office and postal employee say that they gave Donais or delivered to Donais the certified mailed documents that are at issue? Donais needs to come clean and answer these questions via limited discovery.

---

[2] NB: I predict that if the Donais defendants provide a response to this motion, they will dodge and deflect from addressing this issue head on, but will obfuscate and evade the issue of Donais' intent to assert that the US postmaster made a technical error in serving the certified mail to Donais, or something to that effect, as the grounds for why service was not made on Donais.

33. These are critical questions that must be answered in order to resolve whether Donais was served the documents in question (pursuant to the long arm statute), whether the plaintiff failed to serve Donais, and thus whether the savings statute applies to refute the defendants statute of limitations defenses as asserted in their objection to the motion to amend complaint. NB: It is also predictable that the defendants will not even answer these questions in their response to this motion.

34. Therefore, in order to decide this issue, limited discovery is required and possibly even an evidentiary hearing is required (and I hereby request such a hearing). The integrity of these proceedings are at stake

35. I request, in the interests of judicial equity, that the court permits an opportunity to take limited discovery to properly defend against the defendants' oppositions to my motion to amend complaint.

36. I therefore request that discovery be allowed, without which I believe I would be deprived of proper due process, and of my right to a fair opportunity for a fair trial/proceeding.

37. I am only seeking very limited discovery. The court can narrowly tailor discovery to the proper limits. I simply ask for the minimum necessary discovery to defend my case against the defendants' oppositions and against any assertion and use of disputed facts outside of the complaint.

38. I am thus seeking limited discovery to establish necessary facts. Limited discovery is appropriate in this case, in order to gather necessary information to ensure a fair and just resolution of this issue. Limited discovery is reasonable because there are fact issues that need to be addressed, revealed, discovered, and/or established regarding the motion to amend complaint. Fact inquiry cannot be fairly or properly done without any limited discovery.

39. Limited discovery is also reasonable because defendants are contradicting facts in my motion to amend complaint and proposed amended complaint, or are seeking to dispute facts asserted or implied in my motion to amend or proposed amended complaint.

40. Limited discovery is proper. Limited discovery is relevant. Discovery is an essential tool in the pursuit of justice, particularly where access to information is paramount and a crucial issue.

41. Limited discovery is necessary to obtain the relevant documents, records, or information held by the defendants, which are crucial for the plaintiff to effectively present his case and defend his rights. The requested limited discovery is directly related to the central issues of the motion to amend the complaint. It is necessary to uncover potential evidence that may support the motion to amend complaint.

42. If the court is to be in a position to resolve the factual dispute germane to the issue of the statute of limitations governing this entire case, then the court must resolve the applicability of the Massachusetts savings statute, but that is a fact inquiry, and so the court must resolve the fact dispute in order to resolve the motion to amend complaint and the attendant objections thereto.

## B. Disputed Facts Regarding New Defendant Beatriz Van Meek

43. It should be further noted that Donais has also placed at issue the fact of whether he and Ms. Van meek conspired against me unlawfully, as follows.

44. First, I did not state that Ms. Van Meek's role in the conspiracy was in her job or her job only. I clearly stated, in one place or another in the proposed amended complaint, that the conspiracy also took place outside of her job. As defendants point out, there was no identification of Ms. Van Meek's job in the proposed amended complaint. The defendants seek to insert their speculation that her job was as Business Litigation Session (BLS) superior court assistant clerk in Massachusetts. But that wasn't the job I was referring to. Moreover, Ms. Van Meek has had other jobs other than that.

45. Either way, even if that was the job I was referring to (which it was not), then even so, given that my proposed amended complaint asserts acts outside of her job, the defendants cannot use their speculation to attempt to defeat amendment as futile, because of purported absolute immunity[3], at this stage. If that is a defense that could be asserted (which I do not concede that it is), it is for Ms. Van Meek to assert any defense herself via an answer or a motion to dismiss. Counsel for defendants do not represent Ms.

---

[3] It should be noted that absolute immunity does not apply to clerks of the Massachusetts superior court, except only when a clerk acts on or carries out the orders of a judge. On all other occasions, clerks may only invoke a qualified immunity, which can be overcome by facts showing the clerk acted outside of a judge's orders, acted in malice, or acted outside the scope of her duties, among other things. The defendants know this but have misstated the law.

Van Meek and it is improper for them to speculate as to what her defenses might be, and furthermore counsel for the Defendants cannot assert defenses on her behalf.

46. Furthermore, the defendants seek to mislead this court with a reference to page 9 of their Exhibit A of their opposition to my motion to amend complaint, but that was a false reference as that pertained to whether there was communication between the judge of the MA Middlesex superior court case and Donais, or between the judge of that case and the clerk staff of that case about things that may have been stated to the clerk staff by Donais. It was not about communication between Donais and the clerk staff that was outside of the job or that did not reach to the judge's ears. The judge undertook no investigation of these facts, but only stated that nothing improper came to his ears. That reference is thus inapposite and has nothing to do with the claims about Ms. Van Meek in the proposed amended complaint. Moreover, the MA appeals court, with respect to an appeal on this underlying state court case, subsequently allowed the plaintiff permission to further seek disclosure of the communications between Donais and clerk staff, which indicated that the issue was not closed in the state court contrary to the mistaken assumptions of the defendants (see MA appeals court docket of that case, for confirmation). Similarly, the transcript of the hearing on 11-30-21 in the Middlesex Superior Court case, where the references by the judge are being misconstrued by the defendants, clearly show that the judge in that case was not passing upon the issue of the communications between Donais and any clerk staff, whether in or out of the job. The defendants were not part of that hearing, as that hearing was impounded by the judge, and the defendants have taken the entry on the docket out of context and applied it to what it actually did not refer to. This can be further addressed in discovery.

47. To the extent the defendants assert that Donais did not make plans with, nefariously interact with, or conspire with Ms. Van Meek against me, whether in or outside of her job, as a basis for their objection, then that is a factual dispute, and gives rise to further grounds for limited discovery as follows: What interactions and communications with Ms. Van Meek did Donais have, and were there in or outside of her job? And what was the nature of such interactions and communications?  Given that Donais is

evidently disputing that he made any plans or communications with Ms. Van Meek, outside of her job, then this must be resolved through discovery. NB: Donais is not permitted to dispute facts at this stage, neither in a motion to dismiss, and especially not in an objection to a motion to amend complaint.

### IV. PROPOSED PLAN FOR LIMITED DISCOVERY REQUESTED

48. The requested limited discovery is narrowly tailored to the specific information necessary for the motion to amend complaint.

49. It would not be overly burdensome or disproportionate to the nature of this dispute.

50. Allowing limited discovery will not unduly delay the proceedings or prejudice the defendants, as follows.

    a. I would be minimally satisfied with being allowed to propound 10 questions via interrogatories and 10 documents for document production upon the defendants, and to take a one hour deposition of the Donais defendants.

    b. The court can order discovery limited to 10 questions via interrogatories and 10 documents for document production, to be completed within a reasonable time from the date of ruling on this motion. Similarly, a 1 hour deposition with the defendants can be completed within a reasonable time from the date of ruling on this motion, as well.

    c. This would not unduly delay these proceedings nor create an unreasonable burden on the defendants at this juncture.

51. The above are some of the categories of the limited discovery information that I need the defendants to provide.

52. I would be minimally satisfied with the above in terms of limited discovery at this juncture. I just need a minimal opportunity to conduct very limited discovery.

53. These are critical issues to resolve before the court can look at the larger questions of this case.

54. Consequently, the issues in this case cannot be determined without factual inquiry. Thus, some discovery is required to determine or reveal those facts. NB: The matter should not be concluded on conflicting affidavits. See Rivera-Lopez v. Municipality of Dorado, 979F.2d 885(1992)(1st Cir.).

55. If I am not allowed to obtain any discovery at all, I will be severely disadvantaged.

56. As shown above, the requested discovery is targeted towards getting basic information relevant to the motion to amend.

## V. CONCLUSION

57. Allowance of limited discovery is in the interest of justice, as it will ensure a fair and thorough examination of the relevant facts, and contribute to the just resolution of amendment issues.

58. The court must assume my facts are true. But yet the defendants are trying to contradict certain facts in my motion to amend and/or the proposed amended complaint. The defendants cannot dispute or contradicts any of the facts that are contained in the above. The court cannot use the defendants' facts (or version of facts) as true or as facts, without some limited discovery. The court cannot take defendants' facts asserted, cited, implied, or alluded to, as true, over against or to contradict my stated facts or alluded to facts.

59. Here, for example, the defendants assert new facts in their oppositions, without any affidavit. It seems that the defendants would like the plaintiff and the court to just take their word for it, without any evidence or proof of factual assertions. This is not right. Moreover, it violates federal court rules that requires fact statements to be supported by affidavit ("The court will not hear any motion grounded upon facts, unless such facts are verified by affidavit…").

60. Fair is fair. The defendants cannot have it both ways.

61. The defendants should not be allowed to effectively "rig the game" by asserting new facts or disputing my asserted or implied facts while inoculating themselves from having to test or verify or prove their assertion of new facts or their disputation of my facts.

62. Similarly, the facts supplied by the defendants are not to be considered by the court at this stage without limited discovery. This supports the need for limited discovery in this case.

63. I need discovery pertaining to this motion to amend complaint. This must be addressed before any motion to amend can be resolved.

64. **I request a hearing on this motion.**

65. Please grant my request or grant any other relief the Court deems proper.

Respectfully submitted,

/s/ Andre Bisasor

Andre Bisasor

May 9, 2024

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor

Andre Bisasor

# EXHIBIT 3

**COPY OF FILED**
**MOTION FOR SANCTIONS AGAINST THE DONAIS DEFENDANTS**

UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

## MOTION FOR SANCTIONS AGAINST THE DONAIS DEFENDANTS

1. I the plaintiff hereby move for sanctions against the Donais defendants, and also request that the court issue a findings of fact that defendant Donais' assertion, that Donais was not served process in the Middlesex Superior Court case, is false. I thus also move for sanctions including and up to sanction of dismissal.  Grounds are as follows.

## A.  DONAIS' INTENTIONAL FALSE STATEMENTS TO THIS COURT

2. The Donais defendants, in their opposition to the motion to amend complaint, misstated the facts regarding the underlying reason for dismissal in the related Middlesex superior court case. The Donais defendants know the truth but have tried to mislead or deceive this court.

3. In particular, the Donais defendants stated in the objection, on page 7 of their opposition to the motion to amend complaint, that:

> Plaintiff alleges that the Massachusetts savings statute, M.G.L. c. 260, §32, is triggered based upon the dismissal of his Middlesex Superior Court complaint. (Doc. 161-1, ¶301.) Plaintiff is incorrect. Attached hereto as Exhibit A is the docket summary for 2081CV00087. Therein, the Middlesex Superior matter was dismissed on August 2, 2021 as "service not completed for any party by deadline review." The matter evidently was dismissed for lack of service of process, even after Plaintiff obtained several extensions of time to serve the complaint. (Ex. A.) Plaintiff's failure to serve Donais – the only defendant in the matter - with process in the Middlesex Superior Court matter is the equivalent of a voluntary discontinuance for the plaintiff's deliberate neglect to prosecute his lawsuit. In such circumstances, the savings statute does not save Plaintiff's time-barred claims. Plaintiff's failure to effectuate service of process is not by reason of an unavoidable accident or because of default or neglect by the officer to whom such process is committed.

4. However, contrary to the above assertions by the Donais defendants, I did serve Donais with service of process. Donais also lied to courts[1] previously stating that he wasn't served process.

---

[1] For example, Donais made the following statement to a Middlesex superior court judge on 11/30/21, where I was not present on an ex parte basis:

MR. DONAIS: I'm Craig Donais, although I haven't been served and so I don't have an appearance in on this case.
....
THE COURT: Okay. So, Mr. Donais, or Attorney Donais, but in this case --- you're a named defendant in a case that's not been served upon you yet.
MR. DONAIS: Correct.
...
MR. DONAIS: …I've never been served…

1

5. Such statement by Donais is false and can be proven false by the fact that a US post office postmaster has confirmed that Donais did receive service of process from me, with a certified US post office mailing sent to Donais on July 16, 2021. Because Donais was located at the time in New Hampshire, I was authorized under the long arm statute to serve process on him by mailing to him certified mail, which I did, with proof of receipt provided. A US postal service postmaster has provided written proof and mail delivery receipt, confirming that Donais received the mailing of the certified mail containing the service documents. But Donais lied to courts, more than once, averring that he was not served, and thus did not receive any mailing of the summons and complaint from me in that case. This is a bald and egregious lie.

6. One example of proof that Donais received the certified mailing from me includes the following email from the US postmaster showing the name and address of the recipient of the certified mail package being Craig Donais.



7. The below further shows proof from the US postmaster (David Labrie) of a signed receipt of the certified mail with tracking number of package I mailed to Donais at his address in NH.

**UNITED STATES POSTAL SERVICE**

August 12, 2021

Dear David Labrie:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9507 1067 0961 1197 2653 69**.

### Item Details

| | |
|---|---|
| **Status:** | Delivered, To Original Sender |
| **Status Date / Time:** | July 27, 2021, 2:50 pm |
| **Location:** | MANCHESTER, NH 03104 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |

### Shipment Details

| | |
|---|---|
| **Weight:** | 12.0oz |

### Recipient Signature

Signature of Recipient: *[handwritten signature]*

Address of Recipient: *[handwritten address]*

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

8. This thus proves that Donais has lied. I thus have statements and documents by the US post office confirming that Donais was served process. The dismissal was thus not a failure to prosecute the case. The state court dismissed the case on a technicality, in that the proof for service was not received by the court within a certain time and the state court prematurely entered a 1-88 dismissal.

9. NB: This is what the current appeal in the MA appeals court is all about and the appeals court will likely reverse the 1-88 dismissal and remand the case to the Middlesex superior court. By the wat, this is another reason why this court should stay this case and allow the appeals court to resolve this issue, especially since the defendants have now made this a key issue to be resolved for this case. The defendants keep making big noise about the fact that there is a pending case in MA appeals court and keep using this to somehow persuade the court of whatever they next try to argue. But this cuts both ways as their emphasis on the importance of this prior state court case in MA, supports giving that prior first filed case in MA, the preference and priority, and thus this case should be stayed.

10. Also, I did serve process on Donais before the deadline to serve process was expired.

11. This is thus a significant dispute of fact with respect to the assertions made by the Donais defendants in their objection. Donais asserts in his objection that I failed to serve him process. This is a lie. His only way to try to now explain this lie is to assert that the postal employee did not comply with certain requirements for service, even though the postal employee gave Donais the service of process documents and thus did serve him process. If this is Donais' defense to this blatant lie, using such a hyper-technical argument, then it further establishes that according to Donais, it was a mistake by the post employee, which would prove that the savings statute must apply. The only way to know if this is what Donais will use to explain his lie is to get Donais under oath to answer discovery. Even so, it would still be a lie because he falsely gave this court the wrong impression that he did not receive the service of process documents at all and that I "failed" serve him the documents .

12. Donais has made this squarely a major issue by averring that I failed to serve him, that he was not served and that this was a matter of my failure to prosecute, which is a bald lie.

13. Donais received the service of process documents from me via the US post office/postal employee by certified mail. If so, what date stamp was on the certified mailed documents? When did Donais receive the certified mailed documents? Does Donais currently have the certified mailed documents and envelope, and did Donais preserve the certified mailed documents and envelope, and can he produce the certified mailed documents and envelope now?  Why exactly is Donis saying he was not served the mailed documents? Does he assert that the postal employee did something wrong when the postal employee gave Donais the certified mailed documents? Does Donais deny that the postal employee gave him the certified mail documents? Why would the post office and postal employee say that they gave Donais or delivered to Donais the certified mailed documents that are at issue? Donais needs to come clean and answer these questions.

14. These are critical questions that must be answered in order to resolve whether Donais was served the documents in question (pursuant to the long arm statute), whether the plaintiff failed to serve Donais, and

thus whether the savings statute applies to refute the defendants statute of limitations defenses as asserted in their objection to the motion to amend complaint. NB: It is also predictable that the defendants will not even answer these questions in their response to this motion.

15. Therefore, I hereby request an evidentiary hearing. The integrity of these proceedings are at stake.

16. I hereby request that the court issue a finding of fact that defendant Donais' assertion or allegation that the Donais defendants was not served summons and complaint service of process documents by a United States Postal worker by certified mail in July 2021, is false. Donais' reference, in his objection, to the failure of the plaintiff to serve such documents at all in state court is not true.

## B. THE NEED FOR THIS MOTION

17. This motion is necessary because Donais has made an intentional material false statement to this court. It is also necessary in order to clarify and protect the record. It is also necessary to preserve the integrity of these proceedings. It is also necessary to hold lawyers accountable for upholding the high standards of truth and candor required by the court.

18. This false statement is a statement of fact. The statement is also relevant and material because Donais uses it as his central point for seeking relief. It is not a side point or peripheral statement. It is central and crucial. It is also intentional. The statement was made with a clear intent and objective. This was not done inadvertently or by accident. It was done with full consciousness by Donais. The statement is verifiably and provably not true. A statement can be proven not true if it can be falsified by other facts. The plaintiffs have provided proof.

19. Therefore, Donais' statement is not true. It is not accurate. It is not factual. It is false.

20. There is simply no way around this fact.

21. Therefore, the plaintiffs ask that the court issue a finding of fact that comports with the above clear and indisputable set of facts.

22. NB: This is compounded by the fact that, after the plaintiff has showed that the statement was false, instead of correcting this false statement, Donais doubled down, reiterated and repeated this false statement in multiple filings

thereafter. This is further evidence of intent. It is also evidence of malice. And rather than coming clean in response to this motion, he will further double down.

## C. SANCTIONS

23. Donais should be held to account for this blatant false statement including up to default judgment.

24. Because of the nature of the claims in this case relating to false statements in the underlying facts of the case, it adds insult to injury for Donais to engage in false statements to the court to try to influence the outcome and the fair administration of justice.

25. Rule 11 provides that the "signature of an attorney" to any pleading "constitutes a certificate" that there is "good ground to support [the pleading]; and that it is not interposed for delay."

26. Default judgment is warranted, or such other sanctions as this Court deems just and proper.

## D. CONCLUSION

27. The plaintiff hereby request a hearing on this motion.

28. Please grant a pro se liberal construction to this pleading.

29. Please grant the relief requested or any other relief the court deems fair, right, just, equitable or proper.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

May 9, 2024

### CERTIFICATE OF SERVICE
I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor

# EXHIBIT 4

**MOTION FOR SANCTIONS AGAINST THE HILLIARD DEFENDANTS**

UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

## **MOTION FOR SANCTIONS AGAINST THE HILLIARD DEFENDANTS**

1.  I the plaintiff hereby move for sanctions against the Hilliard defendants, and also request that the court issue a findings of fact that defendant Hilliard's assertion or allegation that Hilliard was only served summons and complaint service of process documents by a United States Postal certified mail on May 11, 2023. Hilliard's reference in his filings in this case that he did not receive service documents on April 17, 2023 is false. I thus also move for sanctions including and up to sanction of dismissal.  Grounds are as follows.

## **I.  THE NEED FOR THIS MOTION**

2.  This request is necessary because Hilliard has repeated this false statement in more than one filing in this court or other courts involving this case.

3.  This request is also necessary in order to clarify and protect the record.

4.  This request is also necessary to preserve the integrity of these proceedings.

5.  This request is also necessary to hold lawyers accountable for upholding the high standards of truth and candor required by the court.

## **II. BASIS FOR THIS MOTION**

### **A. Hilliard's Receipt of Service of Process /True Date of Service and Receipt of Original Complaint and Summons by Hilliard**

6.  In his affidavit filed in Massachusetts federal court involving this transferred case, Hilliard states that he only received the summons and the amended complaint on May 11, 2023 via first class mail. This is false as shown herein.

7.  The true and correct date of the service of the original complaint on the above-noted defendants is 4/14/23. The true and correct date of the receipt of the original complaint on the above-noted defendants is 4/17/23. This is further shown and proven below.

8.  First, Hilliard notes in his affidavit that he received the summons and the amended complaint on 5/11/23 by regular mail only. See screenshot below.

1

## AFFIDAVIT OF RUSSELL F. HILLIARD IN SUPPORT OF MOTION TO DISMISS

I, Russell F. Hilliard, upon oath, depose and state as follows:

1. My name is Russell F. Hilliard. I am an attorney and partner with the New Hampshire law firm Upton & Hatfield, LLP. I am familiar with the allegations as asserted in the Amended Complaint filed by Andre Bisasor, a copy of which I received via regular mail only on May 11, 2023 at my home address in Portsmouth, NH.

9. It should be noted that, Upton and Hatfield has argued that it obtained service because Russell Hilliard was served and Russell Hilliard is a partner of the firm. See **page 2** of Defendants Russell F. Hilliard and Upton & Hatfield, LLP Opposition to Plaintiff's Notice of Intent to Move to Remand This Case to State Court (Document #36 in this court). See also screenshot below of Document #36 in this court.

> II. **REMOVAL WAS TIMELY**
>
> Plaintiff attempted to serve the Amended Complaint on Mr. Hilliard by regular mail, which was received by Mr. Hilliard at his home address on May 11, 2023. *See* Doc. no. 16-1 at ¶ 1. While Upton & Hatfield has never been served with the Amended Complaint, using the May 11, 2023 date that Mr. Hilliard, a partner in the firm, received the Amended Complaint as the date that Upton & Hatfield received notice of the Amended Complaint, removal on June 9, 2023 was timely. *See Novak v. Bank of New York Mellon Trust Co.*, NA., 783 F.3d 910, 911 (1st Cir. 2015) (*citing Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999)).

10. Here, Upton & Hatfield states that "**Upton & Hatfield has never been served with the Amended Complaint**" and that it used "**the May 11, 2023 date that Mr. Hilliard, a partner in the firm, received the Amended Complaint as the date that Upton & Hatfield received notice of the Amended Complaint**."

11. Therefore, by their own admission and standard, Upton & Hatfield has averred a principle by which it can arrive at the date it received notice i.e., through Russell Hilliard as a partner in the firm, which is a limited liability partnership.

12. But based on this, Upton & Hatfield first received notice of the original complaint, when on April 17, 2023, Russell Hilliard received the original complaint, who was first served the original complaint on April 17, 2023.

13. See screenshot of sheriff's return of service with certified mail tracking number showing mailing to Russell Hilliard to the home address. See again **Exhibit 2.**



14. See also screenshot of USPS tracking for sheriff's certified mailing. See **Exhibit 7**.



15. Here, this is proof that the original complaint was received by Russell Hilliard on April 17, 2023. By comparing

the tracking number of 9171999991703051265076 on the sheriff's return of service with certified mailing

addressed to Russell Hilliard's home address in Portsmouth NH, to the USPS tracking receipt with the same tracking number, it shows the mail was delivered/received on April 17, 2023 at 3.45pm at Hilliard's home in Portsmouth NH.

16. This also shows that Russell Hilliard has lied to this court, and in fact did so under oath, meaning that this is perjury. This is a critical matter. Here, you have a Sheriff who has provided testimony, via affidavit, that she placed the summons and original complaint into the mail via certified mail (with tracking) and first class mail to Russell Hilliard at his address in Portsmouth NH. Here, you also have the US post office providing a tracking receipt showing that the certified mail with tracking that was mailed by the Sheriff was received by Russell Hilliard on April 17, 2023. The affidavit of Russell Hilliard cannot defeat the affidavit of Sheriff and the receipt provided by the US post office, both of whom are disinterested parties not involved in this litigation and are duly recognized government authorities on matters related to service and mailing of service of process documents. The affidavit of the Sheriff and the tracking receipt of the US post office provides impeachment of Russell Hilliard's affidavit and of the statements made by his counsel in their pleadings to this court.

17. Either way, the evidence provided above is sufficient on its face to establish that Russell Hilliard received the summons and original complaint on April 17, 2023.

18. It should also be noted that the sheriff also averred in her return of service affidavit to the court that the sheriff's office also mailed the summons and original complaint to Russell Hilliard to his home address in Portsmouth NH **via first class mail**. See screenshot below and see again **Exhibit 2.**



19. The address listed on the above screenshot, 579 Sagamore Avenue, Unit 9, Portsmouth NH is Russell's home

address. See proof by his mortgage deed filed with the registry of deeds. See screenshot below. See **Exhibit 8.**



20. Therefore, Russell Hilliard was served the original complaint and summons on April 14, 2023 and thus he also

received notice of the original complaint by April 17, 2023 (if the 3 day rule for mailing is applied).

21. NB: I also spoke to the Sheriff and she averred that no first class mail that she mailed on April 14, 2023 (or May 8, 2023) has been returned to her, from either Donais or Hilliard. Therefore, every first class mail that was placed in the US postal mail service on April 14, 2023 and on May 8, 2023 was delivered and received by the addressees, including Russell Hilliard. Either way, mailing by US postal mail by a sheriff is valid on its face as to the date of service and date of mailing.

22. This further shows that Russell Hilliard has lied to this court under oath.

23. This leads to another key point. The sheriff also averred in her return of service affidavit to the court that the sheriff's office also mailed the summons and original complaint to Russell Hilliard to his work address at Upton & Hatfield in Portsmouth NH, via first class mail. See screenshot below and see again **Exhibit 3**.



24. Also, the 159 Middle Street address is the Upton & Hatfield's only physical office in NH. The other two addresses in Concord NH and Petersborough NH are P.O. Box addresses. This also means that the first class mail sent to Russell Hilliard at this work address was received by Russell Hilliard. See screenshot below of Upton & Hatfield's website showing their address, and see **Exhibit 9**.



25. Thus, there is simply no way around this fact. Russell Hilliard was served the original complaint and summons by the sheriff on April 14, 2023 and Russell Hilliard received notice of the original complaint and summons on April 17, 2023. This is confirmed by sheriff's affidavit and proof of mailing of certified mail and confirmed by tracking as well as by proof of mailing by first class mail to Russell Hilliard at his home address and to his work address at Upton & Hatfield.

26. So the service date of the original complaint has been established as April 14, 2023 and the receive date of the original complaint has been established as April 17, 2023, and thus that the original complaint was served on April 14, 2023 and received on April 17, 2023 by Russell Hilliard.

27. Hilliard has thus stated and repeated the above lie. The integrity of these proceedings is thus at stake. This allegation therefore has been alleged and repeated in more than one filings by the defendant. This cannot be allowed to stand as is.

28. NB: In determining the validity of service in state court prior to removal, the law of the state under which service was effected must be applied. See In re Pharm. Indus. Average Wholesale Price Litig., 431 F. Supp. 2d 98, 108 (D. Mass. 2006); Frankston v. Denniston, 376 F. Supp. 2d 35, 39 (D. Mass. 2005).

29. Massachusetts Rule of Civil Procedure 4(e) authorizes service by "any form of mail addressed to the person to be served and requiring a signed receipt."

30. Proof of service requires a receipt signed by the addressee or such other evidence of personal delivery. Failure to make proof of service, however, "does not affect the validity of the service." M.R.C.P. 4(f).

31. The Massachusetts federal court has determined that service is valid even if a defendant contends that a plaintiff's service was invalid because the plaintiff did not file a USPS return receipt for the complaint package sent, and/or the USPS package sent was returned as undeliverable, and deemed service was effective under such circumstances especially where the plaintiff employed both USPS certified mail and other mailing to the defendants' address. See *Sindi v. El-Moslimany*, CIVIL ACTION NO. 13-10798-GAO, 2 (D. Mass. Mar. 26, 2014. See In re Pharm. Indus. Average Wholesale Price Litig., 431 F. Supp. 2d 98, 108 (D. Mass. 2006); Frankston v. Denniston, 376 F. Supp. 2d 35, 39 (D. Mass. 2005).

### III. INDISPUTABLE FACTS

32. First, this statement is a statement of fact. It is either true or not true. It is not an opinion or a guess. It alleges that a certain statement was made by the plaintiffs at a specific time and in a specific place and to a specific person. Hence, it is a fact that the statement is a statement of fact.

33. Second, the statement is also relevant and material because Hilliard uses it as his central point for seeking relief. It is not a side point or peripheral statement. It is central and crucial.

34. Third, it is also intentional. The statement was made with a clear intent and objective, to assign a concrete specific act or lack thereof to me. This was not done inadvertently or by accident. It was done with full consciousness by Hilliard.

35. Fourth, the statement is verifiably and provably not true. A statement can be proven not true if it can be falsified by other facts. I have provided proof.

36. Therefore, Hilliard' statement is not true. It is not accurate. It is not factual. It is false.

37. There is simply no way around this fact.

38. Therefore, I ask that the court issue a finding of fact that comports with the above clear and indisputable set of facts.

## IV. FURTHER ARGUMENT AND SANCTIONS REQUESTED

39. Rule 11 provides that the "signature of an attorney" to any pleading "constitutes a certificate" that there is "good ground to support [the pleading]; and that it is not interposed for delay."

40. Default judgment is warranted, or such other sanctions as this Court deems just and proper.

41. Hilliard should be held to account for this blatant false statement including up to default judgment.

42. Because of the nature of the claims in this case relating to false statements in the underlying facts of the case, it adds insult to injury for Hilliard to engage in false statements to the court to try to influence the outcome and the fair administration of justice.

## V. CONCLUSION

43. I hereby request a hearing on this motion. Please grant a pro se liberal construction to this pleading. Please grant the relief requested or any other relief the court deems fair, right, just, equitable or proper.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

May 9, 2024

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor

9

# EXHIBIT 5

**[CORRECTED] PLAINTIFF'S REPLY TO THE DONAIS DEFENDANTS'
OBJECTION TO MOTION TO AMEND THE COMPLAINT**

**[NB: This is with written text of the reply only and is without exhibits, in
order to save total # of pages of this exhibit. See also complete reply
with exhibits, which is fully incorporated herein]**

UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

## [CORRECTED] PLAINTIFF'S REPLY TO THE DONAIS DEFENDANTS' OBJECTION TO PLAINTIFF'S RE-SUBMITTED MOTION TO AMEND THE STATE COMPLAINT

1. This is a reply to Donais defendants' objection to my motion to amend complaint ("proposed complaint").

2. My amendment doesn't "violate Rule 8" and is not "futile". I've not had any chance or opportunity to amend the complaint after service of process in state court. Defendants removed to federal court and then further sought/obtained transfer to another federal court, and yet they evidently still expect me to stand on the complaint filed originally in state court. After moving through two federal courts, that would simply not be fair, just, or equitable. I have the right to amend the complaint at least once in federal court before judgment or ruling on a motion to dismiss. I'll be significantly prejudiced without allowance of amendment to the complaint. Moreover, there are additional acts since filing in state court and all amendments arise out of a common nucleus of facts. Below, I provide specific responses to Donais defendants' objection ("objection").

3. Contrary to the objection, my proposed complaint does address so-called/purported fatal issues. This is an error of defendants' own failure to read the proposed complaint carefully or an intentional attempt to mislead the court. It's evident Donais defendants didn't consider all changes in the proposed complaint.

4. Contrary to the objection, my allegations are not speculative nor unsupported. I've provided firsthand knowledge of acts by Donais defendants. Also, this isn't the stage to provide evidence to support claims.

5. Contrary to the objection, it is NOT beyond a doubt that I can prove no set of facts in support of my claim. This argument is circular, and tautological. The standard for allowing amendment of a complaint is a lenient one. It would be meaningless for the rules & the law to provide that amendment be allowed freely if the court then holds amendment to a strict rigid inflexible rule 12b criteria. For e.g., if I had here used the right to amend as a matter of right, none of defendants' arguments would matter since it'd be allowed without court permission and defendants would've had to accept that. This shows that amendment should be freely allowed, especially where, as here, I had no opportunity to amend the complaint in federal court.

6. Notwithstanding the length of my proposed complaint, my claims are coherent and intelligible. Also, there is no page limit for complaints or amended complaints, and thus I violated no page limit. Please note that a complaint can be verbose and still give fair notice of claims. The purpose behind rule 8 is not necessarily to bar verbose complaints, but to address complaints that are unintelligible or undecipherable and provide no fair notice of claims. Defendants haven't asserted that my complaint is unintelligible or undecipherable.

7. Rule 8(a)(1) makes no reference to facts or causes of action. Under this rule, if a plaintiff fairly notifies the defendant of the nature of the claim and the grounds on which he relies, the action or complaint should not be dismissed or denied, because it does so through what might be termed "conclusions of law." See Conley v. Gibson , 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). In Conley, it states:

> "To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests….Such simplified "notice pleading" is made possible by the **liberal opportunity** for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. Following the simple guide of Rule 8(f) that "all pleadings shall be so construed as to do substantial justice," we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis. The Federal Rules reject the approach that pleading is a **game of skill** in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. Cf. Maty v. Grasselli Chemical Co., 303 U. S. 197."

8. Rule 8 states in the notes: "*No technical forms of pleading or motions are required*" and that "*This reflects the view that the primary function of pleadings is not to formulate the precise issues for trial but rather to give fair notice of the claims and defenses of the parties, and that particularized pleadings merely result in wasted time and effort, because claimed defects are matters of form which are subsequently corrected by amendment*." Rule 8(e)(2) permits "a party to state as many separate claims…as he has, regardless of consistency or legal or equitable ground, and also to set forth two or more statements of a claim…alternately or hypothetically, either in one count…or in separate counts..."

9. I also allege that defendants, to one extent or another, are working together and making decisions together, and that in many instances the acts of one defendant are the reflection of the acts of other defendants because of the relationships and/or organizational dynamics. Discovery is needed to dig deeper into the interplay of these dynamics. In addition, I provided certain details in the proposed complaint for context and background, which is allowable. It would be unjust to strike or deny the proposed complaint, which meets the purpose of a complaint, namely, to give notice of claims and to indicate plaintiff is entitled to relief. The Fed.R.Civ.P. 8(a)) standard contains a powerful presumption against rejecting pleadings for failure to state a claim. All that

is required are sufficient allegations to put defendants fairly on notice of claims against them. The issue is not whether a plaintiff will ultimately prevail but whether claimant is entitled to offer evidence to support the claims. At this stage, the district court must resolve any ambiguities in plaintiffs' favor. Pro se complaints, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers. The court must construe the pleading liberally and must afford [pro se] plaintiffs the benefit of any doubt, viewing such submissions by a more lenient standard. Haines v. Kerner, 404 U.S. 519, 520 (1972)). The court is obligated to "'make reasonable allowances to protect Pro Se litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006). The court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." Weixel v. Bd. of Educ., 287 F.3d 139, 146 (2d Cir. 2002). The proposed complaint here has carefully laid out more than sufficient facts indicating defendants are liable and the claims against them are colorable. Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings. Even if defendants quibble with the technical form of my pleading, it still adequately states a claim and shouldn't be denied amendment under Rule 12(b)(6) or Fed.R.Civ.P. 8(a). The US Supreme Court has held pleading standards under Fed.R.Civ.P. 8(a)(2) requires only a statement that gives defendants fair notice of what a plaintiff's claim is. My proposed complaint has done just that. To the extent my proposed complaint is alleged to be verbose, pro se leniency mandates that it not be denied on hyper-technical pleading grounds. NB: The Hilliard defendants have avoided this defense.

10. The Donais defendants fail to consider that this isn't a typical simple lawsuit with one defendant and one plaintiff. This is a complex lawsuit with multiple defendants and multiple claims, and some are alternate theories of claims. I can't be hand-tied to defendants' presumptions of short & plain statements, when many issues have been consolidated into one complaint. I could have done separate complaints for defendants, but instead I brought related claims in one lawsuit. Further, the courts have favored resolution of all disputes between parties, in a single litigation. This is "*to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters.*" Carteret, supra, at 38, citing Southern Construction Co. v. Pickard, 371 U.S. 57, 60, 83 S.Ct. 108, 110,9 L.Ed.2d 31 (1962). This supports the principles of judicial economy and

efficiency. Rule 8a clearly outlines the burden of pleading, which is much lighter/flexible than what defendants suggests. I've not failed to meet that burden.

11. NB: Defendants complain about time spent preparing filings, but they're the ones that harmed me in the first place and the ones that moved this case to two federal courts, creating their own work and time spent to do so. Also, I refer to the proposed complaint as a placeholder because I didn't have a proper chance to complete amendment of the complaint, the circumstances for which has been elsewhere noted.

12. Contrary to Donais defendants' objection, no part of my proposed complaint is time-barred. [NB: This is already refuted in the proposed complaint. See para. 301, 701-712. That defendants keep reasserting these meretricious defenses is tantamount to a violation of Rule 11. See also **Exhibit 3**]. Because the Massachusetts renewal statute/savings statute applies, there are no statute of limitations issues in this case. Yet, defendants keep misstating the facts & law, in order to confuse or to throw off the court. NB: Covid tolling under MA law and the facts regarding the date of actual filing of the complaint on 6-18-22, are other points that undeniably refute any statute of limitations defense, as stated in the proposed complaint. See Para 703-707.

13. Contrary to the objection, the complained of statements are not absolutely privileged. If the allegations in the proposed complaint are true (which they are true and defendants can't deny or dispute this at this stage), then the absolute legal privilege doesn't or can't preclude my causes of action against Donais defendants. I clearly stated in the proposed complaint that **I'm not seeking any claim that involves a statement to a court, to the ADO or made in a judicial proceeding**. See para. 713. Donais defendants cant reinterpret/misinterpret my proposed complaint to make it say something that it doesn't say. Donais defendants seem to respond to the first complaint, not the proposed complaint, and are acting as though everything in the first complaint is in the proposed complaint. By doing this, they're effectively trying to deny me the chance to amend the complaint, by using the things in the first complaint as grounds to deny the motion to amend the complaint. This is circular reasoning. My proposed complaint also centers on statements made to family members, to colleagues, to other lawyers in a non-judicial capacity or context, or in a business context, etc. See para. 106, 248-258, 294-297, 351, 352, 371, 377, 417, 446. None of these statements can be said to even come close to

being within the penumbra of any kind of immunity. [NB: These statements by Donais weren't made in the context of any representation of Donais.].

14. Contrary to the objection, in count 3, invasion of privacy, I've done a lot more than recite elements of my defamation claim. Defendants argue that I claim that "*Donais "engaged in publicity," but Plaintiff does not allege facts to demonstrate publicity, and such conclusory statements are insufficient, and the complaint fails to support an inference that any fact was publicized, i.e., communicated to the public at large. Plaintiff's proposed Count 3 does not state a cause of action for invasion of privacy.*" This is not correct. For e.g., I've pled *"widespread publication and publicity of false light disclosures, throughout the entire police department and…to other police departments in the region, causing a state wide watch/lookout by the police for the plaintiff.*" See para. 429. Defendants evidently want me to provide **summary judgment evidence** in an amended complaint, in order for amendment of the complaint to not be futile. This is an unheard of standard. The defendants appear to unfairly want new rules to apply to me.

15. Contrary to the objection, in count 4, aiding & abetting defamation is a recognized claim both in MA and NH. Here, defendants invoke a choice of law argument. But the choice of law issue can't be resolved here when there is a prior pending motion to declare choice of law that has been stayed and which the court stated would be addressed only if the stay on the motion to dismiss was lifted, whereupon I can then resume filing my reply to defendants' objection to that motion, which wasn't filed yet. The court should allow amendment to the complaint and then invite defendants to file a new motion to dismiss, and then also invite plaintiff to refile any related pending motion, including the choice of law motion, and then address choice of law issues as part of the motions to dismiss, along with all the related prior pending/stayed motions as well. To address the choice of law issue now would be premature and prejudicial to me as plaintiff, without allowing my reply to defendants' objection.

16. Similarly, I alleged Mary Donais (Ms. Donais) told her family the defamatory statements (para. 468). I also alleged Ms. Donais had an "active role" in publication of false statements to the police. See para. 466-469. These are, among others, substantive allegations regarding Ms. Donais' role in the defamatory acts. Defendants play words games by asserting I need to allege more facts, but the facts alleged are sufficient.

This isn't required to allege a cause of action. This is a very heightened pleading requirement that isn't required under law. Defendants are trying to make it impossible to plead any claim against the defendants.

17. Contrary to the objection, in count 5, interference with contract or advantageous relations, I allege that Ms. Donais and Donais Law Office knowingly interfered with contract along with Craig Donais, and that I had a contractual or advantageous relationship with state police including the police chief. I also pled details of Donais' knowledge of the contract and how he came to know about the contract, who was party to it, the nature of the contract, and what I was contracted to do, etc. Also, Ms. Donais knew of the contract or advantageous relations, and collaborated, joined in on, contributed and conspired on the interference. See para. 305. This isn't based on absolutely privileged communications because it includes communications with others who aren't police, not a judicial officer or ADO official. In order to plead contract interference, I'm not required to disclose minute details of the contract. The date of the contract is not necessary to be pled at this stage. Again, this is a ridiculous standard. Defendants here are grabbing at straws. Donais isn't a party to the contract, so he can't say there is no contract. This is just a matter of pleading. See also Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 65 (1st Cir. 2013) ("*A plaintiff cannot know everything about a defendant's potentially wrongful conduct, especially when it comes to the inner workings of a corporate or institutional defendant. Thus, our post-Twombly cases have recognized that " 'some latitude' may be appropriate where a plausible claim may be indicated 'based on what is known,' at least where ... 'some of the information needed may be in the control of [the] defendants.' " Menard, 698 F.3d at 45 (alteration in original) (quoting Pruell, 678 F.3d at 15)".*). Donais knew of the contract with the police as well as with the others. Defendants are silent about the other alleged contract interference, which is a tacit admission. Also, I alleged both contract interference & interference with advantageous relations. See para. 307-309. Defendants are also silent about the advantageous relations (as well as about 93A & MCRA claims), which is a tacit admission. This shows defendants know they're liable and that §176D was violated.

18. The antislapp law doesn't apply. Moreover, the court can't adjudicate any reference to antislapp law in an objection to a motion to amend complaint. I have pending motions to strike antislapp, or for antislapp discovery, that are stayed and can't be resolved here. If the court were to resolve that here, it would be a gross

violation of fairness/due process, and tantamount to a draconian trick designed to lure me away from

pursuing those motions under the guise they're stayed, and then blindside me by resolving them here.

19. Moreover, statements between Craig, Mary & Garrett Donais (which I alleged occurred and is a critical part

of my allegations against Mary & Craig Donais; see para. 462) is not privileged spousal communications.

20. Similarly, I've offered facts to support my IIED claim. They complain that I didn't plead emotional distress

as distinct from my prior defamation claim. But when I do so in the proposed complaint, they complain that

I did so because I read their motion to dismiss. NB: Defendants read my oppositions in MA federal court

and changed their motions to dismiss, in this court. So there is no point to this assertion. In fact, one reason

for amendments allowed by the rules is to cure defects. This jab is simply gratuitous and pointless.

21. Regarding conspiracy with Hilliard & Donais, my allegations are sufficient for a civil conspiracy claim and

aren't absolutely privileged. See para. 579-583. If the court believes more details are needed, then the remedy

is instruction for a limited further amendment or more definitive statement. Also, defendants asserted that

"*Plaintiff in his FAC alleged that Donais **may have** acted "alone." (Doc. 1-3, ¶803.)*", but yet defendants can't

reference statements in a prior complaint as grounds for objection to the proposed complaint, as the first

complaint is a nullity with respect to the motion to amend complaint. The court can't deny amendment based

on something stated in the prior complaint. See also **Exhibit 6** for reply to Hilliard's objection.

22. Similarly, in count 10, breach of fiduciary duty, I do allege a "fiduciary relationship that has been acquired

and abused or a confidence has been reposed and betrayed", and that Donais violated an "ethical and

fiduciary" obligation to avoid conflicting representation and by discussing my confidential conversations,

with others. See para. 600-601. I alleged that Donais did enter into a legal consultation contract relationship

and thus an attorney-client relationship with me. It's not necessary for me to allege that Donais or his law

practice represented me in court. Thus, Donais *owed a duty* to me as plaintiff, and there was a fiduciary

relationship. In fact, Defendants essentially admit there was a fiduciary relationship. In an example of utter

grabbing at straws, defendants assert that where Donais violated that duty, it's somehow absolutely privileged,

which is absolutely ridiculous and a bad faith defense. The 2017 phone legal consultation is not time-barred.

23. Contrary to the objection, in count 11, I do allege a contract between Donais and me. Also, defendants illicitly engage in disputation of facts by asserting that "*In a blatant attempt to avoid dismissal, Plaintiff now contends that he was Donais' client…However, he clearly was not.*" In addition to disputing facts, defendants reference the first complaint again, in violation of the rules, by saying "*As he currently alleges in his FAC*". There was a contract formed by virtue of the rules of professional conduct for lawyers, which obligate lawyers to protect confidentiality of clients or prospective clients, and impose obligation to avoid conflict of interest with parties adverse to each other. Donais violated that obligation/expectation under the rules of conduct. Moreover, Donais undertook specific acts including giving me legal advice and reviewing case information and recommending certain actions. This ratified the contract between the parties. The 2017 conversation stemmed from Donais' call to me, after another lawyer Robert Obrien had arranged legal services of Donais for me and my wife, and after I had left a voice message for Donais asking for legal consultation services for me (and my wife). This claim can't be denied based on futility because there is simply too much there that allows for the claim to proceed. The agreement was to provide legal advice/ consultation. A contract doesn't have to involve full legal representation in court but can be limited to one conversation. The contract here occurred for legal advice/consultation and contract expectation occurred when Donais fulfilled the legal advice/consultation services for me in 2017. This was the common purpose for the contract with me. I've pled facts about the harm/damage caused by Donais' breach of contract (see para. 632-637). NB: Donais defendants admit that I called myself a "former client" in the complaint, which confirms I've alleged a contractual attorney-client relationship (see para. 618, 620, 657).

24. Regarding Count 12, §1981, I alleged that there was a contract. The 2017 legal consultation, at minimum, satisfies the §1981 contract requirement. I also alleged §1981 violations based on other acts of Donais, subsequent to 2017 legal consultation (see para. 171-180, 412, 645, 651 & 658). Also, this is not time barred.

25. Similarly, defendants' assertion that the claim against the malpractice carriers is futile is a clearly conclusory statement. The issue regarding whether liability is reasonably clear can't be simply assumed to be in favor of the carriers when only the carriers/their counsel can assert or deny that liability (to them) wasn't reasonably clear. If there are email communications between defendants and their carriers showing that the carriers were

concerned that liability is clear (but they were persuaded to hold the line in order to try to protect the reputation of defendants or because they were willing to gamble that a pro se non lawyer could prove it or know even to raise it as a claim), then this would indicate that liability was clear, despite all the public posturing by defendants to the contrary. I offered evidence of this, including that defendants counsel avoided any denial of liability or the facts of the case in MA federal court. An established law firm wouldn't make such a mistake if there wasn't serious consideration that the facts can't be denied or liability was clear.

26.  Donais defendants can't challenge the claims against John Doe companies. Donais defendants' counsel has stated that they don't represent John Doe companies, and will not receive legal documents or letters for John Doe companies. See **Exhibit 1**. Thus, they can't speak for John Doe companies. Only John Doe companies can speak for themselves. Donais defendants' counsel want to have it both ways. They evidently want to play games with identifying the name of the companies, and claim that they don't represent John Doe companies, while at the same time trying to make defensive arguments for John Doe companies. This is not right or fair. We need to hear from John Doe companies' counsel. Donais defendants can't assert that adding John Doe companies, and attendant §176D claims, are futile because liability is not reasonably clear, when the underlying facts aren't disputed, nor can be disputed at this stage. Similarly, even if the facts could be disputed, it can't be disputed by Donais defendants' counsel because they don't represent John Doe companies. Here, defendants (or the carriers) are in possession of information that is pertinent to this issue but defendants play hide the ball, saying I don't present enough info. while hiding/blocking said info.

27.  Contrary to the objection, I don't seek to add defendants solely for the purpose of destroying diversity, but instead because they're necessary parties or because subsequent acts after the filing of the complaint necessitate their addition to this case. The purpose of my amendment can't be to defeat diversity jurisdiction because the court already denied remand based on affirming diversity. Also, I wasn't dilatory as I've been seeking to add these parties promptly after defendants removed to federal court a year ago, and have been telling both federal courts that I'm seeking to add these parties since a year ago. The delay has been to no fault of mine. It can't be my fault because I literally said I was seeking to add a non-diverse party and insurance companies since June 2023. Moreover, defendants have blocked me from obtaining the names of John Doe

companies (see again **Exhibit 1**). I'll be significantly injured by denying this amendment. Defendants also admit that adding John Doe defendants don't destroy diversity, so this argument can't apply to them.

28. Defendants allege that adding Van Meek as a defendant is solely to "destroy diversity", and that other than identifying Van Meek as a party, I "mentioned her only two other times". But the reference to her as a non-diverse party is a reference back to prior filings where I told the court about a non-diverse party. Defendants are trying to twist my intent here. Yet, why do defendants even care? The court ruled that it has federal question & diversity jurisdiction. It should be curious to the court why there is this much effort to block Van Meek. The reason is that she is a critical and necessary party to showing part of the conspiracy claim and they want block that claim. The fact that I'm persisting in adding her as a defendant, despite the court's denial of remand that affirmed diversity, shows that I can't be doing this solely to destroy diversity. It is further not true to assert that I filed my *"complaint in June of 2022"*, but *"did not seek to add her as a party until March of 2024"*. I've been seeking to add her since June 2023 but I've been prevented by the maneuvers of defendants and the operations of the court. I'll be significantly injured without Van Meek. According to defendants, unless I add a proliferation of claims against Van Meek, then somehow the claim is not valid. This is flawed erroneous reasoning. Defendants assert there are no facts about Van Meek's specific "job" pled. But this is not quite true. I stated that Van Meek conspired outside of her job also. The proposed complaint doesn't make the job the focal point because the conspiracy also took place outside of the job. See para. 584. If the court believes this is a deficiency needing more info. about the job, then the remedy is a limited instruction on further limited amendment, not denial or dismissal. Defendants also engage in unsupported/unwarranted speculation, without any basis, about my reasons for not going into detail about the job. Alleging a conspiracy to injure me, doesn't require identification of anyone's particular job. The claim is about a conspiracy/collusion between the persons to harm and injure me. I provided facts evidencing such conspiracy by alleging that Van Meek was fired or re-assigned once it was discovered by others, including her supervisor, of her conspiracy to harm me. See para. 584. If this is accepted as true, then it is strong damning factual evidence indicating guilt/liability. I need a chance to flesh this out in court, and not be denied the chance to even assert the claim via amendment. Van Meek can then provide her response or defense to the

claim at the appropriate time and forum.  Van Meek is not immune from suit. To the extent defendants assert that Donais didn't make plans with, nefariously interact with, or conspire with Van Meek against me, whether in or outside of her job, as a basis for their objection, then that's a factual dispute (which isn't appropriate to resolve at this stage), and supports grounds for discovery. See again **Exhibit 2.**

29. Also, defendants mislead this court with reference to page 9 of Exhibit A of their objection. That false reference pertained to suspected communications between the judge of the MA Middlesex superior court case and Donais, or between the judge and another clerk at the time, named Doug (NB: Van Meek was not a clerk in that court) of that case, about things that the judge or clerks heard from Donais. It wasn't about communication between Donais and Van Meek whatsoever. Also, the judge did no investigation of facts/allegations regarding Donais and any clerk staff, but only stated that nothing improper came to his ears. Defendants thus misconstrued the docket. It has nothing to do with claims about Van Meek in my proposed complaint. Defendants either misread or intentionally twisted the docket. Also, the appeals court subsequently allowed for motion to disclose communications with Donais and clerks. Either way, the item wasn't closed in state court, despite what defendants says. See **Exhibit 4 & 5.** See also **sealed transcript**.

30. Donais defendants either refer to or repeat arguments made in their motion to dismiss. Defendants also used their objection to engage in the fact disputes, which isn't permitted at this stage. Donais defendants misstated facts regarding underlying reasons for dismissal in related Middlesex superior court case. Donais defendants know the truth but tried to mislead or deceive this court. This fact dispute will require discovery to ascertain bases for the 1-88 dismissal (without prejudice) that occurred in related Middlesex superior court case. See also **Exhibit 6** for reply to Hilliard defendants' objection, incorporated herein by reference.

31. Please liberally construe and grant my request or any other relief the court deems proper[1].

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

Date submitted: May 13, 2024
Date corrected[2]: May 14, 2024

---

[1] I hereby also request discovery and sanctions as shown in **Exhibits 2 & 3**, which are hereby incorporated herein. [NB: See also Donais defendants' objections to discovery and sanctions, which further proves the need for discovery and shows they are blatantly dodging addressing the fact that they have lied to the court]. I also intend to move to strike this objection, or portions thereof, which will be forthcoming after filing this reply. I also incorporate my motion to amend complaint, proposed complaint & related filings.

[2] In light of the clerks' notice of filing error today, this correction is made for exhibits/exhibit description, and for errors found after review including typos, grammatical errors, missing words/sentences. It is made promptly the next day. Please accept this version.

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor

Andre Bisasor