UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

# **EMERGENCY MOTION TO RENEW MOTION TO WAIVE PACER FEES**

1. I hereby move to renew my motion for waiver of pacer fees, on expedited or emergency basis, as follows.

2. On April 10, 2024, the court issued an order on the motion to waive pacer fees:

   > ENDORSED ORDER denying re 178 Emergency MOTION for Reconsideration | [EMERGENCY] MOTION FOR RECONSIDERATION OF EMERGENCY MOTION TO WAIVE PACER FEES AND ALLOW FREE ACCESS TO PACER WITH REQUEST FOR EXPEDITED RULING AND STAY ALL PROCEEDINGS PENDING RESOLUTION OF THIS MOTION. Text of Order: Plaintiff Andre Bisasor moves for reconsideration (doc. no. 178) of the court's order denying his motion for a waiver of PACER fees. The motion is denied. A motion to reconsider must demonstrate that the court's order was based on a manifest error of fact or law. See LR 7.2(d); United States v. West, No. 22-cv-232-JL-TSM, 2023 WL 7181629, at *2 (D.N.H. Oct. 11, 2023), R&R approved, 2023 WL 8455024 (Dec. 6, 2023). Bisasor asserts that the court provided no rationale for denying his motion to waive PACER fees. This is incorrect because the court issued an opinion explaining its reasons. Doc. no. 160. In short, the court observed that indigent status **(which Bisasor has not established in this court in any event)** alone does not support a request to waive PACER fees, noting, for example, that the automatic fee exemptions allow Bisasor to receive one free copy of documents and court orders filed in his case without charge and that the entire PACER database can be accessed for free using the public access terminals in any federal courthouse. That Bisasor accepted but failed to pay significant PACER fees notwithstanding PACER's automatic fee exemptions does not warrant awarding him a complete fee exemption. Bisasor's motion to reconsider (doc. no. 178) is denied. So Ordered by US Magistrate Judge Talesha L. Saint-Marc. (ko)

3. NB: I previously laid out some of my response to the above in my notice of intent. See attached **Exhibit 1.** To save space, I hereby incorporate this filing as if fully repeated herein.

4. Furthermore the court stated above: "*that the automatic fee exemptions allow Bisasor to receive one free copy of documents and court orders filed in his case without charge and that the entire PACER database can be accessed for free using the public access terminals in any federal courthouse.*"

5. Yet, I mentioned to the court that I have had ongoing problems with receiving the so-called one free copy of documents. I also mentioned that I have made a reasonable accommodation request under ADA that deals with being excused from having going to the courthouse for any reason whether for hearings

1

or for viewing dockets at the public terminals and that applies to any public courthouse as well. NB: If the court would like me to go into the ADA issue, I can do so but only under seal.

6. Therefore, these points do not solve the problem for me. I continue to experience and suffer prejudice in this case including not being able to view the docket at home, like the defendants are able to, who are not forced to have to go to the courthouse to view dockets.

7. I have concurrently moved for permission to seal the financial affidavit. I am seeking permission to seal this from the public and from the defendants, at level II.

8. I intend to file a financial affidavit proving indigency in this court after the court acts upon my motion seeking permission to seal the financial affidavit. This involves private sensitive information that will be prejudicial to me if disclosed publicly. If I file proof of indigency, I would like this information to be sealed at level II. I am seeking permission first because I do not want any surprises or to be blindsided by having my information exposed unilaterally. I believe there is some precedent for sealing private financial information.

9. This is styled as an emergency because of the nature of the harm and time sensitivity of the issues involved. I need to obtain relief as soon as possible so that I can use it for time sensitive matters.

10. For all these reasons, the motion should be granted or any other relief the Court deems proper.

11. The defendants previously either opposed or did not concur with the issues of this motion, therefore I believe I can represent that the defendants do not concur. NB: I have not shared any private or confidential information with the defendants and this statement is not to be construed as such.

12. I also request a hearing on this motion as I believe oral hearing will allow me to better explain or clarify why this motion should be granted. I thus ask that this matter be included in the hearing on 5-31-24 for judicial economy purposes.

13. Please grant a pro se liberal construction to this pleading and please grant the relief requested.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

May 31, 2024

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor

# Exhibit 1

UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

# NOTICE OF CLARIFICATION AND INTENT TO RENEW MOTION TO WAIVE PACER FEES

1. I provide this clarification relating to my request to waive Pacer fees, and notice of intent to renew my motion to waive Pacer fees (or in the alternative a second motion for reconsideration) in light of the following.

2. On 4-10-24, the court issued the following order:

   ENDORSED ORDER denying re 178 Emergency MOTION for Reconsideration | [EMERGENCY] MOTION FOR RECONSIDERATION OF EMERGENCY MOTION TO WAIVE PACER FEES AND ALLOW FREE ACCESS TO PACER WITH REQUEST FOR EXPEDITED RULING AND STAY ALL PROCEEDINGS PENDING RESOLUTION OF THIS MOTION. Text of Order: Plaintiff Andre Bisasor moves for reconsideration (doc. no. 178) of the court's order denying his motion for a waiver of PACER fees. The motion is denied. A motion to reconsider must demonstrate that the court's order was based on a manifest error of fact or law. See LR 7.2(d); United States v. West, No. 22-cv-232-JL-TSM, 2023 WL 7181629, at *2 (D.N.H. Oct. 11, 2023), R&R approved, 2023 WL 8455024 (Dec. 6, 2023). **Bisasor asserts that the court provided no rationale for denying his motion to waive PACER fees. This is incorrect because the court issued an opinion explaining its reasons. Doc. no. 160.** In short, the court observed that indigent status (which Bisasor has not established in this court in any event) alone does not support a request to waive PACER fees, noting, for example, that the automatic fee exemptions allow Bisasor to receive one free copy of documents and court orders filed in his case without charge and that the entire PACER database can be accessed for free using the public access terminals in any federal courthouse. That Bisasor accepted but failed to pay significant PACER fees notwithstanding PACER's automatic fee exemptions does not warrant awarding him a complete fee exemption. Bisasor's motion to reconsider (doc. no. 178) is denied. So Ordered by US Magistrate Judge Talesha L. Saint-Marc. (ko).

3. It should be noted that I had stated in my motion for reconsideration (#178) that the court did not provide a rationale for denial of the original motion on 3-13-24. The court stated above that this was incorrect, pointing to a document #160 containing an attached PDF of the court's order.

4. It should be noted that that I did not see, receive, or read that document #160 with attached PDF of the court's order.

1

5. This is because I did not have Pacer access and could not see the docket and that there was an attached document associated with that order.[1]

6. I was notified by email from the ECF system of the court's 3-13-24 order, which email only stated that:

    > "ORDER denying [158] Emergency MOTION EMERGENCY MOTION TO WAIVE PACER FEES AND ALLOW FREE ACCESS TO PACER WITH REQUEST FOR EXPEDITED RULING AND STAY ALL PROCEEDINGS PENDING RESOLUTION OF THIS MOTION. So Ordered by US Magistrate Judge Talesha L. Saint-Marc.(jb)".

7. I did not see or know that there was an actual order attached to the text in the email because the text of the order did not say that there was an attached order nor indicated/signaled that there was further text of the order. It simply said that there was a "denying of the motion", in the text of the ECF email, which is customarily the only way, after having my Pacer access disabled, that I know or can know what this or any order says (i.e. by reading the text of the order in the ECF generated email). So if there is an order attached as a PDF document, I won't know of it, since I cannot see or review the docket, ever since my Pacer access was disabled.

8. This is another consequence to my not having Pacer access and exemplifies further how not having access is a harm to me. It appears that I have been missing attached court orders and thus I have been prejudiced as a result, further highlighting the need for waiver of fees and free access to Pacer.

9. In briefly looking at the 3-13-24 order in document #160, for the first time now, there is clearly a need for me to renew my motion. I did not know[2] the basis for the court's denial on 3-13-24 and thus did not nor could not address these bases in my motion for reconsideration.

10. For example, regarding the court's statement about receiving one free copy (i.e. *"Similarly, it does not appear that Plaintiff is not receiving his one free electronic copy, via the notice of electronic filing or notice of docket activity"*), it should be noted that I in fact had not been receiving one free copy of documents filed or entered in this case previously, including during the time that the current fees were racked

---

[1] It must have seemed strange to the court that I stated that the court did not give any reason for its denial if the court knows that there was a document #160. It must have occurred to the court that there must have been some rational explanation for my stating this, as clearly I am not an irrational person. Well, this is the rational explanation for this.

[2] It is a good thing that I filed the motion for reconsideration on this motion to waive Pacer fess, because if I had not, I would have never known or realized that there was an actual attached order providing reasons for the denial.

up. Consequently, I have had to go to the docket to get updates on the docket[3] and to read documents in the past (when I had Pacer access), which contributed to high fees being racked up.

11. I previously brought this problem/glitch with the system, to the attention of the clerk[4] some months ago, who I believe contacted the IT department, or something like that, to ensure I could get my free copy. But prior to that, I was not getting a free copy as something was wrong with the system.

12. Prior to that, I also was not getting certain ECF generated emails (which I also brought to the attention of the clerk previously) and I would only find out about filings or orders by having to constantly check the docket page online, which further incurred more charges.

13. In fact, I had to ask the clerk to send me a copy of the docket more than once, and I was told that there is a cost (0.50 per page) to being provided a copy of the docket from the clerk (except for one courtesy in early February 2024).

14. Regarding the court's statement that I could come to the federal court courthouse[5] to review docket, I previously informed the court that I cannot do so for medical-related reasons and cost reasons related to travel (i.e. I live in another state and it would involve hundreds of miles worth of travel), and these were why I sought to have the 11-30-23 hearing by zoom in this court (see my motion as Document #109 on 11-20-23 where I asked for zoom hearing as an accommodation for these reasons). This therefore was related to my request for reasonable accommodations. Hence, part of the reason for this motion to waive pacer fees is based on reasonable accommodations grounds. The court's order of denial thus ignores these reasonable accommodations grounds that has been previously provided to the court. I should not have to keep explaining my reasonable accommodation issues to the court when the court knows of it already, nor should reasons for denial, that implicate my need for accommodation, be used by the court.

15. Also, regarding one of the statements made in the 3-13-24 order of denial (i.e. "*Under the automatic exemptions, Plaintiff receives copies of documents and court orders filed in his case, without charge*"), it should be noted further that I in fact have been overcharged by the Pacer system. For example, the system recharges me every time I opened the same document that was timed out on my computer and

---

[3] Moreover, it was not clear to me that I was being charged every time I simply look at the docket or do any thing at all in Pacer that did not involve looking at an actual document itself.

[4] I have emails with the clerk about this that I can provide if necessary.

[5] The same applies to any federal courthouse in terms of the need for reasonable accommodations.

where I had to log in again. Every page that I had open, with a document viewed on Pacer, gets recharged again and again for the same viewing of documents (including those with lengthy pages and exhibits) on Pacer, and this also includes even those documents that were first viewed for the one time free view, which then gets charged upon logging in again, after timing out. I hope I am making sense here though I may not be artful in saying it. Similarly, when my computer shuts down or restarts for any reason, such as after recharging a battery that ran out of power or after the automatic restarting when there is an automatic computer system update, or for any other reason, when the system automatically relaunches all previously opened pages, if any of those relaunched pages included documents opened and viewed on Pacer, it will charge me again for those same documents. Also, if I go back to any document I already viewed (and was already charged for) for any reason, I am charged again. I did not know that I was being charged over and over again for the sane documents in this way, until recently speaking with the Pacer service center. Because of my lack of experience with the Pacer system and lack of proper understanding of how it at all works, as well as due to certain glitches with the system beyond my control (and which I had complained of all along), I have thus been overcharged in these and many other ways. This is part of the reason why the fees are so unusually high.

16. These are grounds for waiver of the fees and clearly constitutes a proper basis for the court to find that I have "demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information" and further explains how the level of access noted by the court is insufficient for my purposes, establishing that "the regular usage fee constitutes an unreasonable burden."

17. NB: The court notes that the restricted access does not preclude me from filing electronically. However, two points are noteworthy.

    a. I have had problems with filing documents electronically because of the disabling of Pacer access. Frequently, I keep getting error messages saying that I cannot access the ECF system because my PACER has been disabled. I often have to keep trying again and again to gain access in different ways, including at times trying to go back and find certain URLs in my online history, until at some point, the system allows me access to the ECF filing, which is often a function of trial and error. This is a problem especially when I am trying to file a time-sensitive filing on the due date before the deadline expires. The point here is that the defendants have no such impediment because of the disabling of Pacer. I am thus disadvantaged simply because of lack of access to Pacer.

b. That being said, the main problems that I have outlined in this document do not focus on impediment to my being able to file documents electronically, and it is not necessary for my ability to file electronically to be impeded, to establish the unreasonable burden to meet the standard for exemption.

18. To be clear, the rules and case law do provide for exemption. Although it is not to be a ubiquitous or very common thing, it does not mean there is no circumstance where exemption can be granted ever. My situation is not common or ubiquitous. I ask the court not to set the bar so high that it can never be reached and would effectively render meaningless the fact that there is a fee exemption provided for in the rules and policies of the court.

19. I intend to provide further grounds in my renewed motion.

20. Please grant a pro se liberal construction to this pleading. If the court sees fit, it can treat this as a renewed motion if it contains adequate information for the court to grant my motion (in order to expedite the matter ad save time), or it can await my filing of a renewed motion with further information.

21. NB: Given that the court stated that it assumes indigency based on filing of indigency in state court and being granted indigency status in state court, I assume that for purposes of this request that I do not need to file a separate indigency filing in this court for this motion.

Respectfully submitted,<br>/s/ Andre Bisasor<br>Andre Bisasor

April 11, 2024

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor<br>Andre Bisasor