UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

# EMERGENCY MOTION
# TO RENEW MOTION FOR APPOINTMENT OF COUNSEL

1. I hereby move to renew my motion to appoint counsel, on expedited or emergency basis, as follows.

2. On April 10, 2024, the court issued an order on the motion for appointment of counsel, as follows:

   O R D E R Plaintiff Andre Bisasor moves for appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1). Doc. no. 110. Bisasor asserts that litigating in federal court is difficult because he is pro se and that he has medical conditions that preclude him from complying with the court's deadlines. Section 1915(e)(1) provides the court authority to "request an attorney to represent any person unable to afford counsel." To qualify under § 1915(e)(1), the movant must demonstrate that he is indigent and that such "exceptional circumstances" exist that denying counsel will likely result in "fundamental unfairness" that impairs the movant's due process rights. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); Forte v. Comm'r of Corrs., 134 F. Supp. 3d 654, 655-56 (D. Mass. Sept. 28, 2015); Porter v. Grondolsky, No. CA 12-11176-TSH, 2013 WL 321844, at *3 (D. Mass. Jan. 25, 2013). The totality of the circumstances should be considered in evaluating whether "exceptional circumstances" exist, including the movant's ability to conduct the necessary factual investigation; the complexity of the issues involved; the movant's capabilities; the movant's likelihood of success; and the movant's prior experience litigating his claims. See DesRosiers, 949 F.2d at 24; Forte, 134 F. Supp. 3d at 656. Bisasor does not qualify for pro bono counsel under § 1915(e)(1).1 **First, he has not proven his indigency in this court. This alone precludes the application of § 1915(e)(1)**. [1 To be clear, under § 1915(e)(1), the court only has authority to request that an attorney volunteer to represent a litigant. E.g., Brown v. U.S. Dep't of Veterans Affairs, No. 18-cv-54-PB, 2 **Second, even if Bisasor were to demonstrate that he is indigent, the "exceptional circumstances" necessary to warrant pro bono counsel under § 1915(e)(1) do not exist**] The law and facts in this case are sufficiently straightforward that Bisasor can ably represent himself, and Bisasor has on several occasions provided lengthy accounts of both the factual and legal underpinnings of his case. The mere fact that Bisasor proceeds pro se – a challenging but not uncommon endeavor in this court – is not an "exceptional circumstance" warranting the use of scarce pro bono resources. See Aung v. Ctr. For Health Information & Analysis, No. 14-14402- PBS, 2015 WL 4638472, at *2 (D. Mass. July 31, 2015) ("[D]espite the fact that Aung is unskilled in the law and may have a difficult time proceeding pro se, this Court cannot find that exceptional circumstances exist that would warrant appointment of pro bono counsel in this case."). Bisasor contends that his medical conditions constitute exceptional circumstances. But in the last year Bisasor has filed no less than 50 motions in this case. Many of these motions are of substantial length and include detailed legal reasoning. The volume of Bisasor's written filings undermines his claim that he is incapable of preparing necessary pleadings within reasonable timeframes. Bisasor also demonstrated that he can understand and apply this court's rules when held to them, and he has shown he can draft coherent legal arguments and pleadings within the time periods required by the court's rules. Finally, Bisasor has extensive prior experience litigating claims. He is no stranger to the courtroom. Over the last ten years, Bisasor has brought at least 13 other lawsuits, demonstrating in many of these other cases the ability to ably present the facts underlying his claims as well as coherent legal arguments.

3. First, the court made certain incorrect or invalid assertions in its order, including but not limited to, the ignoring the fact my motion is based on ADA reasonable accommodation provisions of the law, not simply on "medical conditions". Also, the court made unfair references to so-called "50 motions" filed by me in this case. The court evidently has counted the motions first filed in the MA federal court before transfer to this court. Upon transfer, this court ordered that the several pending motions in that court be re-filed in this court. It is unfair to require that I refile motions in a prior court, in this court and then use that against me regarding the number of motions filed as proof that I do not need a lawyer. The count has been thus artificially inflated. This is further elucidated below.

4. It should be noted that most of the so-called 50 motions that I filed in this case were motions seeking extensions of time or ADA accommodations or relaxation of compliance with required rules, all of which contradicts the court's findings that by filing these motions it proves that I can file things on time and in compliance with the rules, and thus that I do not need a lawyer to help me and that I could do all of this by myself with no problem. Moreover, the court has chided me several times for not complying with the rules or for needing extensions and has essentially threatened to deny relief or implied other negative action if I don't meet the rules or orders. It is thus self-contradictory for the court to then say that I can meet the rules and orders just fine, when this has been a major contention in this court. Moreover, the defendants have been making this point on numerous occasions, citing that they are annoyed by my requests for extensions and accommodations. Also, in the 11-30-23 hearing, I asked the court for a standing order for extension of time as an ADA accommodation but the court denied my request and instead invited me to file as many motions for extensions as needed, promising that the court will address those and accommodate them on a cases by case basis, "as it has done in the past", the court said. Because subsequently I saw that I was being prejudiced by having to keep coming to the court with several motions, and the defendants' complaints about that, I again reiterated my request, under the ADA, for a standing order so that I do not have to keep filing extension or accommodation motions. The court again denied that ADA request and in the 4-23-24 hearing promised that I would

not be prejudiced by my needing to request extensions but then right after the next day issue this order whereby my extensions are used to prejudice me. By forcing me to keep repeating the same or similar motions for extensions or accommodations, the court set up a situation where I am forced to file the same or similar motions over and over again, which invariably adds to the number of motions that I have to file, but then the court unfairly uses the number of motions against me. This again is manifestly unfair. Similarly, this court took about 6 months to rule on the motion to appoint counsel since it was first filed in November 2023. It is totally unfair to drag out ruling on the motion on appointment of counsel, forcing me to have to file motions myself for the last 6 months, and then the court now turns around and uses that number of motions filed during the last 6 months (most of which were about extensions and accommodations of time, including reminding and reiterating the need for appointment of counsel) to assert that "see I don't need a lawyer to help me". This is totally flawed reasoning and evidently indicates an unfair bias.

5. I also filed several corrected motions of the same motions, correcting scrivener errors and other errors/corrections, which is not unusual as a pro se plaintiff. To add this to the count of motions again is unfair and flawed. Similarly, the court or the clerk has ordered that I refile certain motions for being over the page limit, etc. On top of that, several motions were motions to seal confidential motions for ADA accommodations. Other motions were motions to clarify orders or correct orders including when the court made unfair rulings or made errors in its rulings that needed to be corrected or rectified. It is unfair to put me in a position where I am forced to address these issues by motion and then turn around and say "see. you don't need a lawyer." And if I don't address these issues, then I am prejudiced.

6. I also have tried to avoid filing certain basic motions on simple clerical or administrative matters by reaching out to the clerk office by email but then the court has chided me from doing so, and threatened to have the clerks ignore my emails if I email them about simply administrative matters or something to that effect (when I asked the court to clarify if I am banned from contacting the clerk, the court has not responded to my request).

7. I could provide other examples but the bottom line is that the court evidently has set up a draconian situation for me, which feels like traps in the famous movie 'Indiana Jones and the temple of doom', where the court appears to be engaging in an unfair gotcha game, where no matter what I do, I am damned if I do and damned if I don't.

8. Another example of this is the wanton indiscriminate reference to the so-called 13 lawsuits that I filed in the past as evidence that I do not need a lawyer. Yet, 90% of those lawsuits were not litigated, did not have any opposing party enter an appearance, or were dismissed before service of process was made or were settled before service of process was made or settled before litigation actually began. None of this logically shows that I do not need a lawyer, contrary to the assertions of the court. In fact, in almost all of the lawsuits referenced by the court, I clearly needed numerous extensions of time, underscoring difficulty in prosecuting these cases by myself. Most of these cases have no actual litigation in it where I had an adversary to contend with, who for example was filing opposing motions, etc. In fact, almost all of the cases filed in 2023 have no litigation at all but only the filing of the complaint and extensions for serving process, and include dismissal due to no service of process made. This proves nothing. Simply filing a case as a pro se plaintiff does not prove that I do not need a lawyer and the court ought to know that. The court's broad indiscriminate references portrays a lack of proper diligence on the matter and evidences a superficial sense of validity, but is fundamentally flawed. This is the same meretricious approach used by the court when it superficially threw out the number 50 for the number of motions filed as evidence that I do not need a lawyer. The trajectory of most of these cases referenced show that the need for a lawyer. There were a couple of cases where actual adversarial litigation was involved, but none of which passed the motion to dismiss or summary judgment stage i.e., no case ever went to trial. Yet even these one or two cases show that I needed accommodation and extensions often, showing that I needed a lawyer. Moreover, the main case where some actual litigation was involved, the Slavenskoj case in Suffolk Superior Court, only went to the summary judgment stage and I had some limited legal help in that case. This one case does not show that I do not need a lawyer. In fact, it shows the opposite,

because I had some limited legal help in that case, and this was in a MA state court which is easier to navigate and easier with respect to the burdens of costs, and easier because access to lawyers who are able to assist with a state court case are more accessible. The opposite is true in NH and in federal court.

9. Then the court glosses over or misstates the fact of the complexity of this case by insinuating that this case is a straightforward case. This is the farthest thing from the truth of the matter. This case clearly involves highly complex claims and issues including but not limited to, defamation claims and civil rights claims (which are typically treated as complex claims), and the 5 defendants with 2 big law firms representing them have advanced highly sophisticated and complex defenses and arguments including but not limited to anti-slapp defense under MA law while also arguing that NH law applies, when it suits them. This case is by no means a straightforward case. Because of this complexity, it buttresses the need for competent counsel to be appointed.

10. Moreover, most of these cases were in MA state court which is very different than litigating in federal court. MA state court is more conscientious about pro se litigants and the rules and procedures are easier to navigate. I have stated from the beginning of this case that I never wanted to litigate in federal court, that I opposed removal to federal court by the defendants, and that federal court is more difficult to navigate and that I was unfamiliar with federal court practice. One of the reasons why I need a lawyer in this court is precisely because this is a federal court case. I have also stated that litigating in NH is particularly problematic because NH has a small plaintiff's bar and that I have not been able to find a lawyer in NH, in large part because several lawyers (as well as judges) were conflicted out of assisting me because of the defendants' reach, power and influence and connections in the legal community of NH. On top of that, as stated in my complaint, the defendants have actively sough to interfere with or block my attempts to obtain counsel in NH. All of these factors buttress the need for the appointment of counsel.

11. Also, the court has failed to consider an important point regarding the need for ADA accommodations: namely, a number of ADA or medical issues that exist today, were not necessarily applicable to much of

5

the past cases. It is error for the court to conflate everything into one without taking account when the ADA issues arose, which the ones I brought to the attention of this court only arose within the last several months. Since the ADA issues arose recently, then the analysis regarding whether I need a lawyer based on these grounds cannot be based on a time when these ADA issues were not at issue. The exceptional circumstances regarding the disability issues apply here more recently and it was error for the court to assert that these issues were present when I filed the prior lawsuits or when I filed the so-called 50 motions in this case. This is simply a manifest error of fact. The consideration of the exceptional circumstances regarding the disabilities issues must be confined to the time that I first sought disability accommodation in this court, which first occurred in November 2023 and then further new issues occurred in January 2024. The court cannot use the 50 motions before that to undercut these recent ADA issues.

12. Furthermore, the court cites 10 years but the majority of cases cited are over the last few years and the court's references to them are inapposite or out of context.

    a. Some of the cases are the same case but split into separate cases. For example, Bisasor v. RAR2 Jefferson at Dedham Staton, Inc., No. 1582-cv-19 (Norfolk Cty. Sup. Ct., filed Jan. 7, 2015) and Bisasor v. Ashton, No. 15-cv-13656-JGD (D. Mass., filed Oct. 15, 2015). NB: This case started as a summary process action and these were counteractions to that. The Ashton case was settled before it began or was served. The Jefferson case was also settled. Defending a summary process action cannot be counted here.

    b. Similarly, Bissasor v. John Flatley Co., No. 1981-cv-3513 (Middlesex Cty. Sup. Ct., filed Nov. 30, 2019); Bissasor v. Aufiero, No. 1981-cv-3780 (Middlesex Cty. Sup. Ct., filed Dec. 19, 2019) and Bissasor v. Donais, No. 2081-cv-87 (Middlesex Cty. Sup. Ct., filed Jan. 9, 2020) were all part of the same case that was also filed in NH, but split into separate cases in MA. Bissasor v. John Flatley Co., No. 1981-cv-3513 (Middlesex Cty. Sup. Ct., filed Nov. 30, 2019); Bissasor v. Aufiero, No. 1981-cv-3780 (Middlesex Cty. Sup. Ct., filed Dec. 19, 2019) were settled as part of the larger

6

Hilton Hotels settlement in NH, in which Donais backed out of at the last minute, as mentioned elsewhere, and which led to this re-filed action under the saving statute in Bristol superior court.

c. Also, the court cites cases that are cases where my wife was the plaintiff and I was later added as a supporting plaintiff. i.e. Anderson v. Todisco Servs. Inc., No. 2234-cv730152 (Attleboro Dist. Ct., filed July 1, 2022), which was settled shortly after service of process. NB: This case was in the small court of the Massachusetts district court of Attleboro.

d. Bisasor v. Roosevelt, No. 1684-cv-1298 (Suffolk Cty. Sup. Ct., filed Apr. 22, 2016) was also about my wife's case and this was settled before service of process.

e. Bisasor v. Brooks, No. 2173- cv-884 (Bristol Cty. Sup. Ct., filed Dec. 7, 2021) was also about my wife's case, which was settled before service process.

13. Furthermore, I am in no real position to be able to pursue and properly investigate crucial facts of this case as that requires skill, resources beyond my reach. The court should appoint counsel. The search for truth will be better served if both sides are represented by persons trained in the presentation of evidence and in cross-examination. In this instance, even further requires counsel because a lot of the evidence available to the factfinder is or will be conflicting testimony. The factual issues are not uncomplicated or insubstantial and thus require "the aid of experienced trial counsel to sift through a complicated record or to take testimony." "'If it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him.' The complexity of the legal issues the claim raises requires counsel and here the law is not clear, and so justice will be better served if both sides are represented by persons trained in legal analysis. This is especially so in this case as it is a civil rights case.

14. When rights of a constitutional dimension are at stake, a poor person's access to the federal courts must not be turned into an exercise in futility. Appointment of counsel is warranted here to ensure that the courts is meaningfully available to both the rich and the poor. And since the defendants will be seeking

exorbitant fees award under the antislapp statute of MA, it is even more critical that counsel be appointed.

15. Moreover, the issue here involves the quality and competence of legal representation. Because I file can file motions, are they of the quality and competence of trained lawyer where I am not at a glaring disadvantage with the power and prowess of the multiple lawyers for the defendants. This raises the question issue of the fact that there are at least 4 lawyers or more from 2 big regional law firms representing the defendants, on top of the fact that 4 out of 5 defendants are lawyers or law firms themselves. Why this much firepower set against me as the sole pro se plaintiff? This imbalance of legal firepower clearly demonstrates the need for counsel in this instance.

16. It is evident that the court wanted to force the outcome of denying my motion for appointment of counsel, often, in my view, grasping at invalid straws to make the outcome fit a predetermined result. This is buttressed by the fact that the court took 6 months to rule on this motion, even though I have been pleading with the court to rule on the motion for some time now. Then after 6 months, the court uses my words that I wrote 6 months ago in November 2023, and apply it as though I had just written it, including for example using the "50 motions" argument, anachronistically. I may not be precise or artful in what I am saying here but I trust that the gist of what I am trying to say can be discerned.

17. The one thing that the court seems to hang its hat on, is the lack of a financial affidavit. So, it seems to me that if I file a financial affidavit, I should have a fair shot at obtaining appointment of counsel either under 28 U.S.C. § 1915(e)(1) or under the similar law that pertains specifically to the appointment of counsel on disability or ADA grounds (I don't recall the exact statute but I trust the court knows what statute I am referring to) and which statute actually has a more lenient standard for granting counsel when disability or ADA accommodations concerns are involved. Please construe these words liberally and not against me [NB: The court is required by law to construe my pleadings liberally and not against me, but he court has on several occasions now construed my words narrowly, against me, or in an

unnatural manner to hurt me (see recent ruling on statement of concurrence on a motion for reasonable accommodations, etc.).

18. All the orders by this court cite or assert that there was no financial affidavit or proof of indigency proven or filed in this court, as a grounds for denial, but then the court further alluded to the sense that even if indigency were to be proven in this court, the court would still deny the motions. I am not clear if the court is saying that it is futile to file any financial affidavit or proof of indigency. This is important because if it is futile to file proof of indigency, then that may influence my course of action.

19. Consequently, I have concurrently moved for permission to seal the financial affidavit. I am seeking permission to seal this from the public and from the defendants, at level II.

20. I intend to file a financial affidavit proving indigency in this court after the court acts upon my motion seeking permission to seal the financial affidavit. This involves private sensitive information that will be prejudicial to me if disclosed publicly. If I file proof of indigency, I would like this information to be sealed at level II. I am seeking permission first because I do not want any surprises or to be blindsided by having my information exposed unilaterally. I believe there is some precedent for sealing private financial information.

21. This is styled as an emergency because of the nature of the harm and time sensitivity of the issues involved. I need to obtain relief as soon as possible so that I can use it for time sensitive matters.

22. For all these reasons, the motion should be granted or any other relief the Court deems proper.

23. The defendants previously either opposed or did not concur with the issues of this motion, therefore I believe I can represent that the defendants do not concur. NB: I have not shared any private or confidential information with the defendants and this statement is not to be construed as such.

24. I also request a hearing on this motion as I believe oral hearing will allow me to better explain or clarify why this motion should be granted. I thus ask that this matter be included in the hearing on 5-31-24 for judicial economy purposes.

25. Please grant a pro se liberal construction to this pleading and please grant the relief requested.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

May 31, 2024

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor