UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

# MOTION TO
# RENEW MOTION TO OBTAIN FREE TRANSCRIPT

1. I hereby move to renew my motion for free transcripts, as follows[1].

2. On April 9, 2024, the court issued an order on the motion for transcript:

   ENDORSED ORDER denying re 180 Motion for EMERGENCY MOTION TO OBTAIN TRANSCRIPT OF 11-30-23 HEARING. Text of Order: Plaintiff Andre Bisasor filed an "Emergency Motion to Obtain Transcript" of the court's November 30, 2023 case management conference. Doc. no. 180. The Donais defendants filed an objection (doc. no. 181), and Bisasor filed a reply (doc. no. 182). Bisasor's motion is denied. First, Local Rule 80.1 provides the procedure for obtaining a written transcript of court proceedings from the court reporter. The court reporters' fee schedule is available on this court's website, https://www.nhd.uscourts.gov/court-reporters-transcripts. Bisasor may use that procedure to obtain a transcript. Second, Bisasor asks that the court waive the court reporter's fees for obtaining the transcript on the basis of indigency. A request for a transcript at public expense in a civil case is primarily governed by 28 U.S.C. § 753(f). See Strahan v. Holmes, 686 F. Supp. 2d 129, 130 (D. Mass. 2010). And while § 753(f) enumerates limited circumstances in which the court may direct reporter fees to be paid by the public treasury, none of them apply here. See § 753(f) (listing certain circumstances in criminal proceedings, habeas corpus proceedings, and **nonfrivolous appeals in "other proceedings")** Barcelo v. Brown, 655 F.2d 458, 462 (1st Cir. 1981) (**stating that district courts "rather clearly... lack power to direct such a payment in the absence of an appeal"**) see also 28 U.S.C. § 1915(c) (noting that the court may direct reporter fees to be paid by the United States if a transcript of a proceeding before a magistrate judge is **required by the district court**). Therefore, **even assuming Bisasor's indigent status (Bisasor has not filed any financial affidavit establishing such status in this court),** he is not entitled to a transcript of the November 30, 2023 case management conference at the taxpayer's expense. Bisasor may request a transcript using the procedure under Local Rule 80.1. So Ordered by US Magistrate Judge Talesha L. Saint-Marc. (ko)

3. It should be noted that I intend to seek interlocutory appeal on these and other certain matters. These may include but is not limited to some or all of the following: the denial of appointment of counsel, the denial of waiver of pacer fees as well as the denial of remand and on certain reasonable accommodations requests that were denied or otherwise not granted or not ruled upon. Moreover, if my recently filed

---

[1] I tried filing this on Friday May 31, 2024 but was prevented by system error from doing so. I am quickly filing this now because it was already prepared and was intended to be filed on 5-31-24. See declaration of technical failure filed.

motion to stay due to prior pending state court cases[2], or my motion to strike, are denied, then I may seek interlocutory appeal on those also. However, in order to do so properly and effectively, I need the transcripts, which will provide relevant information necessary to support my request for interlocutory appeal.

4. I need the transcripts for review by either the district court, upon objection filed, and also if necessary, by the appellate court/first circuit. I thus need the transcript for these reasons and thus this falls under the criteria for a free transcript to be provided.

5. It should also be noted that I am seeking a transcript of the 11-30-23 hearing, the 4-23-24 hearing, the 5-24-24 hearing and also the upcoming hearing on 5-31-24, when it comes.

6. I have concurrently moved for permission to seal the financial affidavit. I am seeking permission to seal this from the public and from the defendants, at level II.

7. I intend to file a financial affidavit proving indigency in this court after the court acts upon my motion seeking permission to seal the financial affidavit. This involves private sensitive information that will be prejudicial to me if disclosed publicly. If I file proof of indigency, I would like this information to be sealed at level II. I am seeking permission first because I do not want any surprises or to be blindsided by having my information exposed unilaterally. I believe there is some precedent for sealing private financial information.

8. The defendants previously either opposed or did not concur with the issues of this motion, therefore I believe I can represent that the defendants do not concur. NB: I have not shared any private or confidential information with the defendants and this statement is not to be construed as such.

9. Please grant a pro se liberal construction to this pleading and please grant the relief requested.

Respectfully submitted,<br>
/s/ Andre Bisasor<br>
Andre Bisasor

May 31, 2024

---

[2] I believe that there is case law support for the proposition that a motion for stay of this nature is treated or is to be treated as motion for an injunction and is immediately appealable to the first circuit if denied.

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor
