UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,

v.

CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.

Case No.1:23-cv-00374-JL

**MOTION TO ENFORCE THE COURT'S STAY ON ALL PENDING MOTIONS, INCLUDING PLAINTIFF'S RESPONSES NOT YET FILED, THAT WERE STAYED PURSUANT TO THE COURT'S ORDER ON 12-1-23**

1. I hereby submit this motion[1] to enforce the court-ordered stay issued on 12-1-23, after and pursuant to the hearing on 11-30-23, staying all pending motions including halting plaintiff from filing any responses thereto, including the plaintiff's motion for choice of law, the plaintiff's motion to strike unpermitted defenses, the plaintiff's motion to strike antislapp motion/defense, the plaintiff's motion for limited discovery on the antislapp motion/defense, and defendants' motion to dismiss.

2. The grounds were stated during the 5-24-24 hearing and the 5-31-24 hearing.

3. This motion is to reiterate in writing the grounds and concerns expressed during the hearings.

4. The court needs to rule on the choice of law motion first before I amend the complaint, so I can know how to amend the complaint. I need to know which law governs immunity, antislapp, MCRA claim, etc.

5. There has been no dismissal of any claims by the court prior to this point. The court explicitly stated that the amended complaint would moot the motion to dismiss, if amendment is granted. Thus, the court avoided ruling on the prior pending but stayed motions to dismiss in order to allow the amended complaint to be filed, with the objective or understanding that the defendants would, if they so desire, file a new motion to dismiss to the new amended complaint if it is allowed.

6. Similarly, given that the prior pending motion to dismiss is stayed, the objection of the defendants to the motion to amend is tantamount to an attempt at an end-run around the stay of the motions to dismiss; and I can't defend against this attempt at an end-run, without having a full opportunity to litigate the prior pending motions to dismiss which are stayed. This is thus a procedural quagmire.

---

[1] I tried filing this on Friday May 31, 2024 but was prevented by system error from doing so. I am quickly filing this now because it was already prepared and was intended to be filed on 5-31-24. See declaration of technical failure filed.

7. The court has not made any ruling on the prior stayed motions to dismiss and, in fact, the prior motions to dismiss are stayed, with a response still to be forthcoming from me to the stayed motions to dismiss once the stay is lifted; it would be unfair for the court to make its first ruling on the prior pending motion to dismiss issues, through its ruling on a motion to amend the complaint. Ostensibly, given this maneuver by the defendants, the court cannot use these objections to resolve the motion to amend the complaint, without effectively ruling on the portions of the stayed motions to dismiss, which would be extremely unfair and prejudicial to me.

8. NB: The prior complaint is a nullity for purposes of any motion to dismiss or at/prior to the motion to dismiss stage. This means that the objections cannot address things in the prior complaint that are not in the new complaint.

9. The matter is already stayed. I should not have to try to do everything in one reply to the objection to the motion to amend, which cannot be done and which the replies were already submitted . I need a proper opportunity to properly brief that issue in the various replies to the various pending motions that are stayed; so that I am not prejudiced. The stay needs to be lifted first and formally so by the court with proper notice and then I can have a proper chance to respond and brief the issue at the proper time and in the proper context. Otherwise, this would be an end run around stay on the motion to dismiss. I would be prejudiced from the court ruling on issues that have not been properly litigated in the pending motion to dismiss and attendant related pending stayed motions.

10. The defendants would not be precluded or prejudiced by enforcing the stay on the motion to dismiss because the defendants will have an opportunity to make any arguments in a new motion to dismiss.

11. I said to the judge, during in the 5-31-24 hearing, that the stay is still in effect, as far I know, and the court, in effect, affirmed that the stay had not been lifted and said nothing to correct that understanding..

12. Futility just means that if amendment is granted, it still would result in dismissal; but the court cannot reach dismissal issues at this point because of the stay on the motions to dismiss, so the futility argument is itself futile. It is also futile for reasons stated in the hearing. See also Exhibit 1.

13. I did not want to inadvertently waive my rights on the issue. I did not want to violate the stay order by the court. Because the stay is not lifted, then any addressing of the motion to dismiss arguments, is a violation of the stay and the court order. Because the defendants have violated the stay, it does not mean I should follow them and do so too. The court has not lifted the stay, and if or when it does, I need proper notice that the court has lifted the stay and attendant instructions on filing the stayed replies and deadlines to do so; otherwise, it's a conflicting order and the court would contradict itself.

14. The entire grounds for futility using the motion to dismiss arguments that are pending cannot be heard at this juncture because they are stayed.

15. I have and want to preserve the right to answer in writing via replies the following:

    a. Choice of law

    b. Unpermitted defenses

    c. The motion to dismiss itself

    d. Anti-slapp motion

    e. Motion for discovery on antislapp

16. I should not be forced to fit everything that was stayed into only 10 pages of one reply to the objection to the motion to amend the complaint. The defendants are trying to railroad me to force me to have to try to do that, which is not possible and prejudices me. 10 pages double space is impossible to address 24 pages of text, and another 10 pages of exhibits, totaling 34 pages, filed by the defendant in their objection, and then fit in a reply to the choice of law, a reply to the motion to strike unpermitted defenses, and a reply to the antislapp motion and a reply to discovery on antislapp  and then a reply to the motion to dismiss itself. So am I supposed to fit 6 replies in 1 reply? That is a setup to fail. That is severely prejudicial and an abrogation of my rights and is a due process violation. There is procedural fairness and there is substantive fairness. This would violate both standards of fundamental fairness. It would reveal a failure to protect me as the plaintiff from extremely prejudicial conduct or prejudicial actions and it would result in a tainting of the cause of justice. The defendants are trying to manipulate the court into doing so, and if the court

countenances this, it would be a biased action in favor of the defendants, giving the defendants extraordinary advantage in those case and decimating any semblance of a fair or equal playing field.

17. It is not fair for the court to consider their violative arguments that violate the court's stay.

18. For example, because the court has stayed the motion for choice of law, then it is impossible to decide any issue in the motion to amend the complaint based on the illicit objections by the defendants to the motion to amend the complaint.

19. Defendants evidently think I would miss this issue as a pro se plaintiff. The Defendants have not followed the intent of the court's stay, trying to slip in the illicit arguments; and these are lawyers with years of experience, so they know what they are doing. They want the court to agree to go along with their actions. They are banking on the court not catching it or going along with it.

20. I therefore ask the court to enforce the stay on the pending stayed motions and not violate court's order on the stay or allow the defendant to violate the stay.

21. Given the nature of the motion, I believe it is not necessary to seek concurrence from the defendants and that the defendants would not concur in any event.

22. Please grant a pro se liberal construction to this pleading.

23. Please grant my request or grant any other relief the Court deems proper.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor

May 31, 2024

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor

# EXHIBIT 1

**BRIEF TABLE OF REBUTTAL TO DEFENDANTS' OBJECTIONS TO MOTION TO AMEND**

| Claim | Defense | Rebuttal to Defense | E.g. of rebuttal | E.g. of rebuttal | E.g. of rebuttal | Rebuttal Proven |
|---|---|---|---|---|---|---|
| Defamatory statements, etc. | Absolute immunity/ Absolute privilege of statements made in judicial proceeding | | Statements to Family, Adult children, friends, colleagues, non-profit boards, are not immune at all | Statements to friends who are or happen to be police are not immune at all | Statements to police made in order to set up a meeting with police and in order to try to get police understand or evaluate or to open an preliminary investigation of Donais' purported story of a crime, are not absolutely immune but conditionally immune; also the statements are not pertinent and are made in bad faith | No absolute immunity/privilege applies to these statements; no futility |
| | Time-bar | Saving statute saves all claims; in the alternative, equitable tolling/discovery rule, covid tolling, & weekend rule saves 3 yr claims, & other claims have 4yr and 6yr time limit, which are not time-barred | Donais/Hilliard hid the 2019 events from me until July 21, 2020 and I only discovered the details of what was said until the ADO produced video of the initial intake meeting Donais sought with police | | | No time bar; no futility |
| | Spousal privilege | Testimony about observations | Statements in writing or email | Statements to lawyer with family present | Statements to children/adults | No spousal privilege; no futility |
| | Antislapp | | Statements to Family, children, friends, colleagues, non-profit boards, are not petitioning | Statements to friends who are police, are not petitioning | Statements to police to try to explore initiating evaluation of Donais story, are not petitioning (1st prong of statutory analysis); but even it is petitioning, when mixed with the other non-petitioning statements that are under the defamation claim, then this invalidates the anti-slap. Similarly, again, even if it petitioning, it is devoid of factual support (2nd prong) and further, it is demonstrable that my motive was not to chill speech but to truly seek redress for the injuries suffered (3rd prong). | No petitioning activity for entire claim; no anti-slapp; no futility |