UNITED STATES DISTRICT COURT - DISTRICT OF NEW HAMPSHIRE
ANDRE BISASOR, Plaintiff,
v.
CRAIG S. DONAIS; RUSSELL F. HILLIARD; DONAIS LAW OFFICES, PLLC;
UPTON & HATFIELD, LLP; and MARY K. DONAIS, Defendants.
Case No.1:23-cv-00374-JL

## ADDENDUM/STATEMENT OF CLARIFICATION REGARDING NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)(A)(i)

1. Although not required under the rules, I would like to make the following additional statement about the notice of voluntary dismissal which is being concurrently filed with this statement, as follows.

2. In filing this notice of voluntary dismissal without prejudice, the plaintiff preserves all rights afforded by law including but not limited to pursuing first-filed cases in state courts (that were previously filed before this case was filed and removed the federal court) and which, especially the NH state court case, is at a further stage than this case but which largely have been obstructed and delayed by the bad faith maneuvers of the defendants in state court. Rather than pursue a stay of this case in this court in favor of first filed parallel state court litigation, which motion is still pending, it simply makes better sense to voluntarily dismiss this case, at this point in time.

3. Moreover, the ruling of this court on my pending motion to stay, may be appealed by either party, since a motion for stay of this nature would be treated as an injunction under Section 1291 pertaining to the federal appellate process, and would be immediately appealable both ways on an interlocutory basis whether granted or denied. This will likely spawn further satellite litigation that will tie up resources and this case. This would create hardship for me in having to expend time and resources on an appeal on this matter even if I win. Hence, it simply makes better sense to voluntarily dismiss this case, at this point in time.

4. Given that the state court proceedings have resumed and are underway, and further ahead of this case, and given the hardships of having two or more cases with the same or similar claims proceed at the same time, imposed on me as a pro se plaintiff, with ADA issues and limited resources, it simply makes better sense to voluntarily dismiss this case, at this point in time.

5. Also, instead of pursuing a motion to remand to state court via reconsideration or appeal, which motion is still pending, it simply makes better sense to voluntarily dismiss this case, at this point in time.

6.  Also, instead of pursuing a motion to recuse the magistrate judge or a motion to reassign the case to a district outside of this district, which motion is still pending, it simply makes better sense to voluntarily dismiss this case, at this point in time. Similarly, I have been in the process of contemplating filing of a judicial complaint regarding the magistrate judge in the court of appeals but have been hesitant to do so because of concern about triggering offense or reprisal from the court. I should not have to be concerned about such things. By voluntarily dismissing the case, it avoids the chance of reprisal by the court for filing a judicial complaint in the first circuit, should I still choose to do so. This judicial complaint, should I file one, would largely be for the benefit of those that come after me and for overall feedback and improvement of the court, since this case is now dismissed. NB: Also, some of the issues that I intend to raise are of a sensitive or delicate nature and may implicate things that are best raised in a confidential context as provided by the judicial complaint procedure.

7.  Also, instead of pursing motions for sanctions in this court against the defendants, including up to default, which motions are pending, it simply makes better sense to voluntarily dismiss this case, at this point in time. I reserve the right to seek accountability by the MA state bar of overseers or the NH attorney discipline office or the Federal Court attorney discipline procedures, which is perhaps the more suitable forum for addressing false or misleading statements by lawyers to the court in this case.

8.  Also, instead of pursuing appointment of counsel, which motion is still pending, it simply makes better sense to voluntarily dismiss this case, at this point in time.

9.  Also, instead of pursuing rectification/remedy of the irreparable damage done to this case due to the defendants' violation of the court's own stay on the pending motions from 11-30-23 including the motion to dismiss, motion for choice of law, motion to strike unpermitted defenses, motion for limited discovery, etc., via their objection to the motion to amend complaint, and the resultant deep structural damage to the case, it simply makes better sense to voluntarily dismiss this case, at this point in time.

10. Also, instead of pursuing further reasonable accommodations under the ADA, which motion is still pending, and given the additional ADA issues that have arisen (as also noted in the 5-31-24 hearing), as well as the urgent need to travel out of state this month for medical reasons, and instead of seeking further

extensions and accommodations, it simply makes better sense to voluntarily dismiss this case, at this point in time.

11. Also, given the problems experienced with submitting sealed filings to this court and having the confidentiality thereof protected, including those containing medical information, rather than struggling with the prospects of having sealed information unilaterally disclosed (including as it relates a pending motion regarding sealing a confidential financial affidavit), it simply makes better sense to voluntarily dismiss this case, at this point in time.

12. There is also new evidence that could be coming out in the near future, that could go to further supporting the claims in this case, due to the fact that there is a now an appeal briefing schedule set for July, 2024 regarding a NH state right-to-know matter/case regarding information that the defendants have sought to block from coming out from the ADO for the past few years, and that is currently on appeal.

13. As a further parenthetical note, it should also be noted that, due to problems with the e-filing system and the need to declare technical failure (which I filed this morning), and in seeking to attempt to file the exhibits again today, and contemplating having to explain the technical failure[1] and why the court should still accept my exhibit list as timely given the technical failure, it became clear to me that the technical problems with e-filing signifies the larger problems with the case.

14. The technical failure would not be an issue if the court had simply allowed my request, made in court on 5-31-24, to file the exhibit list on 6-3-24 (today), along with the replies to the objections to my motions for discovery and sanctions, especially since it was just the very next business day and since other related filings were due the same day on 6-3-24. It makes no logical sense for the court to insist that I must file the exhibit list by midnight on Friday night of 5-31-24, with same day notice of that deadline, when much of the day was taken up with the hearing on that day, and when all I was simply asking for was to be allowed to file it on the next business day of Monday 6-3-24.  This was eminently reasonable given that the court only

---

[1] NB: I am still having problems with uploading the exhibit list. As of this morning, I was able to file the declaration of technical failure which is a 1 page filing; however, I am not able to upload the exhibits/exhibit list. I am not sure if the problem is the large file size of the exhibits/exhibit list but I have not yet been able to solve the problem. I will likely have to try to several iterations of compressing the file or removing certain exhibits to see if that solves the problem, which will require more time to do so, which might not fix the problem at all. At this point, without the exhibit list filed, I will be prejudiced.

informed me of that deadline on 5-31-24 itself (i.e., the court only docketed the order for that deadline on 5-31-24, just prior to the hearing. Moreover, by the time the 5-31-24 hearing ended, I was mentally and physically exhausted, which the court must have been aware of. Yet, I had to still push myself to try to still prepare the exhibit list that same night though I was exhausted, which I had to work on the rest of the night and I was only able to complete it just shortly before midnight that night.

15. NB: This is because of the number of exhibits and the need to create exhibit headers and descriptions for each exhibit. This took time to do, especially for the exhibits that were to support statements I made during the 5-31-24 hearing itself that day, plus the statements made during the 5-24-24 hearing as well, and which I told the court during the 5-31-24 hearing that I wanted to wait until the 5-31-24 hearing to put everything together because I was not certain all of what I would say or get to say during the 5-31-24 hearing. This was not unreasonable given that the court only extended the 5-24-24 hearing at the end of the hearing, which ended at the close of the business on Friday evening going into the long memorial day holiday weekend, and which allowed only 3 days after the holiday before the next hearing on 5-31-24, and during which time I told the court that I would be tied up with back-to-back medical appointments, for the most part, until Friday 5-31-24. That after all of that, the court insisted that I must file all exhibits the same afternoon following the 5-31-24 hearing, even though I requested the next business day to do so, and even though I had a pending ADA motion for reasonable accommodations that addressed this kind of issue, and the need for reasonable timelines and extensions when requested or as a standing order, and yet the court still unreasonably insisted on the same day that I got notice of the deadline. This signifies recurring problematic themes in this case. I now realize that rather than expressing these and other concerns and trying to rectify these deep structural problems, it is simply better to voluntarily dismiss this case at this point.

16. In voluntarily dismissing this case, I will then have a chance to separately bring certain issues to the attention of the court of appeals via a judicial complaint, without having concern about offense and retaliation from the judge in this court. Also, because of respect for the judge, I believe it is better to pursue any judicial complaint in the protected proceeding of the first circuit, rather than hash that out here in the public forum, via motions for recusal. Again, it seems simply better to voluntarily dismiss this case at this point.

17. This is also similar to the court refusing to grant my motion asking that the court hold decisions on my discovery motion and my sanctions motions, until the deadline to reply to the objections thereto, had passed on/after 6-3-24, which further indicates the problematic handing of this case. The problems with this case, or otherwise the irregularities, shows that the case is rife with deep pervasive issues that threaten the integrity of the proceedings. As stated in the 5-31-24 hearing, the case is irreparably damaged due to the conflicting stay order of the court on the pending motions from 11-30-23. For example, because the court has stayed the motion for choice of law, then it is impossible to decide any issue in the motion to amend the complaint.

18. Although I have a strong case that I have been diligently prosecuting, and although I have made strong winning arguments to defeat the defendants' defenses as evidenced in my pleadings and via hearing, and which has had the defendants effectively on retreat, including dodging questions in the hearing and/or essentially being largely mum during the hearing, and although the court indicated that there would be other hearings on the pending motions recently filed, it seems better at this stage, given all of the above, to voluntarily dismiss the case at this juncture.

19. In light of all of the above, in the aggregate, and due to hardships experienced and that will be experienced by the plaintiff in continuing this case at this time, it simply makes better sense to voluntarily dismiss this case, at this point in time.

20. This voluntary dismissal in this instance further will redound to judicial economy as it relieves this court from having to resolve these numerous pending complicated procedural and other motions, and frees the court to focus its resources on other matters/cases, that do not have first-filed cases already proceeding in state court.

21. This is not a motion but is simply a statement or addendum to the notice of voluntary dismissal that is designed to clarify certain contextual points regarding thereto. None of the above is required for filing the voluntary dismissal and I hereby state that the above is not part of the notice of voluntary dismissal. This is a separate statement of clarification as a matter of courtesy to the court.

22. The notice of voluntary dismissal is a stand alone filing and is effective upon filing notwithstanding this clarification.

Respectfully submitted,
/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, #8-206
Attleboro, MA 02703
T: 781-492-5675
E: quickquantum@aol.com

June 3, 2024

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served to the defendants in this case.

/s/ Andre Bisasor
Andre Bisasor
679 Washington Street, #8-206
Attleboro, MA 02703
T: 781-492-5675
E: quickquantum@aol.com